Michael D. Braun (167416)
Marc L. Godino (182689)
BRAUN LAW GROUP, P.C.
12400 Wilshire Boulevard
Suite 920
Los Angeles, CA 90025
Tel:    (310) 442-7755
Fax:    (310) 442-7756

Roy A. Katriel *(Admitted Pro Hac Vice)*
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW
Suite 500
Washington, DC 20007
Tel:    (202) 625-4342
Fax:    (202) 625-6774

Jacqueline Sailer
Eric J. Belfi *(Admitted Pro Hac Vice)*
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016-1101
Tel:    (212) 682-1818
Fax:    (212) 682-1892

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| THOMAS WILLIAM SLATTERY, Individually, And On Behalf Of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>APPLE COMPUTER, INC.<br><br>    Defendant. | CASE NO.: C05-00037 JW<br><br>CLASS ACTION<br><br>PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT |

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\Judicial Notice Req.wpd

Dockets.Justia.com

Pursuant to Federal Rule of Evidence 201, Plaintiff Thomas William Slattery files this request for judicial notice. At the June 6, 2005 hearing, Apple's counsel suggested that any user could purchase a digital music file from iTunes and still legally play it on a non-iPod portable digital hard-drive music player by merely burning and ripping the iTunes file onto and from a CD, which would serve to remove any Digital Rights Management ("DRM") protections embedded by Apple and allow the file to be played on any competing player. At oral argument, Slattery's counsel questioned the correctness of that suggestion, and the Court questioned whether it was entitled to take judicial notice of that suggestion.

As the exhibits to this request for judicial notice show, however, Apple's counsel's representation is belied both by the explicit terms of Apple's contract with its users, and by Apple's own description of the technological constraints of the iPod and iTunes. Exhibit A to the Declaration of Marc L. Godino in Support of Plaintiff's Request for Judicial Notice in Support of His Opposition to Defendant's Motion to Dismiss Complaint ("Godino Declaration") is Apple's own iTunes contract, posted on the Apple's iTunes' website, which Apple requires all iTunes' users to execute. Through that contract, Apple explicitly forbids the precise practice suggested by Apple's counsel; namely, circumvention of the DRM code in iTunes' files through burning an re-ripping of the files to and from a compact disc. First, at paragraph 8.b. of Apple's contract, in a section entitled "Security," Apple provides that:

> Security. You understand that the Service, and products purchased through the Service, such as sound recordings and related artwork ("Products"), include a security framework using technology that protects digital information and limits your usage of Products to certain usage rules established by Apple and its licensors ("Usage Rules").

Godino Declaration Ex. A at ¶ 8.b.

Section 9.b. of the Apple iTunes contract delineates these "Usage Rules" and provides, in pertinent part, as follows:

> Use of Products. You acknowledge that Products contain security technology that limits your usage of Products to the following Usage Rules, and you agree to use Products in compliance with such Usage Rules.

Usage Rules

2

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\Judicial Notice Req.wpd

> Your use of the Products is conditioned upon your prior acceptance of the terms of this Agreement.
>
> . . .
>
> You shall be authorized to use the Products on five *Apple-authorized* devices at any time.
>
> . . .
>
> You shall be able to store Products from up to five different Accounts on *certain* devices, such as a*n iPod and iPod mini*, at a time.

Godino Declaration Ex. A at ¶ 9.b (emphasis added).

Importantly, of relevance to Apple's counsel suggestion that any user is free to circumvent Apple's iTunes DRM features by first burning an iTunes file to a CD and re-ripping it to an MP3 file, so as to erase these security features and play the file on any other player, Apple's contract explicitly forbids the practice:

> ***You agree that you will not attempt to, or encourage or assist any other person to, circumvent or modify any security technology or software that is part of the Service or used to administer the Usage Rules.***

*Id.* (emphasis added).

It is appropriate for the Court to take judicial notice of Apple's iTunes contract, which is posted on Apple's own website. See http://www.apple.com/support/itunes.legal/terms.html; *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) ("district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the Plaintiff's complaint necessarily relies."); *Neilson v. Union Bank of Calif., N.A.*, 290 F. Supp.2d 1101, 1114 (C.D. Cal. 2003) (taking judicial notice of contract between putative class members and defendants). Further, the terms of the contract are relevant to address Apple's counsel's non-evidentiary representation that no tie could possibly exist because any user is free at any time to circumvent any of Apple's DRM code, and thereby play iTunes' files on non-iPod players, by merely burning and re-ripping the file to and from a CD. The explicit terms of Apple's own contract unambiguously forbid that very practice. Thus, even if it were technologically feasible to do so, there is no *legal* option for consumers to circumvent Apple's DRM restrictions. To do so, as Apple's counsel has suggested they could, would mean being in breach of their contract with Apple.

3

As if the foregoing explicit contractual prohibition were not enough to cast doubt on Apple's counsel's suggestion, Apple's own website also raises doubts about whether it is even technologically possible to play an iTunes file on a non-iPod player (or play a non-iTunes file on an iPod player). Specifically, Exhibit B to the Godino Declaration is a posting from Apple's own website's discussion forum, where Apple's customers post questions and obtain responses about various aspects of the iPod and iTunes. Exhibit B to the Godino Declaration is a posting containing the following consumer question and answer from Apple's forum:

> Q: I purchased music from another online store. Why won't it play in iTunes?
>
> A: Every online music store, including iTunes uses a different means of Digital Rights Management (DRM). To play these files as downloaded, you will need to use the player required by the download service.
>
> Q: Can I convert it so it plays in iTunes?
>
> A: The threads discussing the removal of DRM from purchased files is discouraged by the moderators here. Please check with the site you downloaded from for directions or restrictions?
>
> Q: *Can I put them in my iPod?*
>
> A: *No, the iPod cannot currently decode DRM from other sites.*

Godino Declaration Ex. B (emphasis added).

Exhibit C to the Godino Declaration is yet another post on Apple's own website discussion forum. It provides Apple's answer to the reverse scenario (i.e. the compatibility between iTunes' music files and players other than the iPod). The question and answer session on Apple's website is as follows:

> Q: Can I use iTunes and the music store with a device other than an iPod?
>
> A: Under Windows, *the only portable device that is supported by iTunes is the iPod. Currently, no other device will synch with iTunes or is capable of playing protected AAC filed that the iTunes Music store utilizes.*

Godino Declaration Ex. C (emphasis added).

Exhibits B and C to the Godino Declaration, which are part of Apple's own website, are properly the subject of judicial notice. *See Francis Kenny Family Trust v. World Savings Bank FSB*, 2005 WL 106792, at *1, n.1, (N.D. Cal. Jan 19, 2005) ("At defendants' request, this order finds this outline and other material posted on plaintiffs' website to be proper matter for judicial notice."). These exhibits demonstrate that Apple, itself, represents that compatibility between iTunes and non-iPod devices (and between iPod players and non-iTunes digital music files) is not technologically feasible. In any event, as Exhibit A to the Godino Declaration demonstrates, even if the circumvention posited by Apple's counsel were technologically achievable, Apple contractually forbids implementation of that circumvention because its iTunes contract's terms prohibit user "circumvent[ion] or modif[ication]" of Apple's DRM code so as to have iTunes song files play on non-Apple players (and vice-versa)[1].

All of these judicially noticeable matters fatally undermine Apple's representations during the June 6th hearing that any consumer may freely and simply circumvent any Apple DRM restriction, thereby avoiding a tie. At the very least, this material, which was not offered to the Court by Apple or its counsel, raises sufficient factual questions to preclude dismissal of Slattery's complaint. Moreover, in light of these newly produced facts, the Court should refrain from taking judicial notice (as urged by Apple) that any iTunes file can be readily and legally copied onto a CD and then re-ripped for play on any non-iPod player. We respectfully submit that in light of these newly submitted judicially noticeable facts, the proper course is to have both parties submit, with the benefit of discovery, their requisite evidence on these and all other pertinent points either at a future summary judgment motion or a motion for judgment on the pleadings.

///

///

///

---

[1] Inclusion of this prohibition as in Apple's contract makes the alleged tie an explicit one, as opposed to merely a technologically implicit tie.

5

## CONCLUSION

For the foregoing reasons, Plaintiff's Request for Judicial Notice should be granted, and Apple's Motion to Dismiss Plaintiff's Complaint should be denied.

Dated: June 6, 2005

Michael D. Braun
Marc L. Godino
BRAUN LAW GROUP, P.C.

By:    S/ MARC L. GODINO
Marc L. Godino
12400 Wilshire Boulevard
Suite 920
Los Angeles, CA 90025
Tel:    (310) 442-7755
Fax:    (310) 442-7756

Roy A. Katriel
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW
Suite 500
Washington, DC 20007
Tel:    (202) 625-4342
Fax:    (202) 625-6774

Jacqueline Sailer
Eric J. Belfi
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016-1101
Tel:    (212) 682-1818
Fax:    (212) 682-1892

**Attorneys for Plaintiff**

6

PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\Judicial Notice Req.wpd

# PROOF OF SERVICE

STATE OF CALIFORNIA     )
                        )ss.:
COUNTY OF LOS ANGELES   )

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 920, Los Angeles, CA 90025.

On June 6, 2005, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Marc L. Godino, I filed and served the document(s) described as:

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

The ECF System is designed to send an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

Eric J. Belfi, Esq.                                          ebelfi@murrayfrank.com

**Attorney for Plaintiff**

Adam Richard Sand, Esq.                                      arsand@jonesday.com
                                                             mlandsborough@jonesday.com
                                                             cyip@jonesday.com

**Attorney for Defendant**

On June 6, 2005, I served the document(s) described as:

**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Roy A. Katriel, Esq.
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW
Suite 500
Washington, DC 20007
Tel:   (202) 625-4342
Fax:   (202) 625-6774

Jacqueline Sailer, Esq.
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016
Tel:   (212) 682-1818
Fax:   (212) 682-1892

**Attorneys for Plaintiff**

I served the above document(s) as follows:

BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**jcarlos@law.stanford.edu**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on June 6, 2005, at Los Angeles, California 90025.

                                                      S/ LEITZA MOLINAR
                                                      Leitza Molinar