1  Robert A. Mittelstaedt #060359
   Caroline N. Mitchell #143124
2  Adam R. Sand #217712
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA  94104
4  Telephone:    (415) 626-3939
   Facsimile:     (415) 875-5700
5  ramittelstaedt@jonesday.com
   cnmitchell@jonesday.com
6  arsand@jonesday.com

7  Attorneys for Defendant
   APPLE COMPUTER, INC.
8
                           UNITED STATES DISTRICT COURT
9
                          NORTHERN DISTRICT OF CALIFORNIA
10

11

12 | **THOMAS WILLIAM SLATTERY,** | **Case No. C 05 00037 JW**
   | **Individually, And On Behalf Of All** |
   | **Others Similarly Situated,** | **CLASS ACTION**
13 |
   |          **Plaintiff,** | **APPLE COMPUTER, INC.'S RESPONSE**
14 |                          | **TO PLAINTIFF'S REQUEST FOR**
   |   v.                     | **JUDICIAL NOTICE**
15 |
   | **APPLE COMPUTER, INC.,**
16 |
   |          **Defendant.**
17

18

19     Slattery's post-hearing request for judicial notice of certain portions of Apple's website is

20  untimely and insufficient to defeat the motion to dismiss.  Untimely, because the arguments it

21  purports to address were set forth in the moving papers four months ago; no new argument on this

22  issue was presented at the June 3 hearing.  In any event, the belated argument based on the

23  website materials is demonstrably mistaken.  The website materials make clear that purchasers of

24  iTMS music have a right to burn an iTMS file to an unlimited numbers of CDs for personal, non-

25  commercial use.  Thus, his claim that the website materials contradict Apple's argument at the

26  hearing is wrong.  If he were right, his complaint would still fall far short of alleging a cognizable

27  tying arrangement.  That the iPod works better (or "directly") with iTMS music compared with

28

SFI-526080v2

C 05 00037 JW
APPLE'S RESP. TO REQUEST
FOR JUDICIAL NOTICE

music from competitors' online music stores, for one of the iPod's multiple uses, does not constitute unlawful tying.

### I. SLATTERY'S REQUEST IS UNTIMELY.

Slattery's complaint (par. 42) acknowledges that music from iTMS can be played on computers and CD players. His opposition brief (p. 1) likewise admits that iPods can be used without iTMS music, and iTMS music can be played without iPods. Against those admissions, as shown in Apple's motion to dismiss, the complaint does not and cannot allege the requisite tying to state an antitrust violation. Specifically, it does not allege that Apple conditions the sale of an iPod on the purchase of music from iTMS, or vice versa. With the admitted multiple, independent uses of iPods and iTMS music, no such allegation is possible.

In addition, Apple showed that the tying claim failed for the additional reason that, as acknowledged at least inferentially in the complaint, iTMS music can be played "indirectly" on competing devices, and an iPod can "indirectly" play digital music from iTMS' competitors. *See* Motion to Dismiss, p. 5, fn. 1. But as noted in Apple's moving papers, the issue of direct v. indirect use is ultimately irrelevant "given the separate availability of iPods and iTMS music and the other options for playing music from iTMS and on iPods." *Id.* Slattery's opposition brief ignored the "direct/indirect" issue. If he thought Apple's website contradicted this alternative argument, his opposition brief was the time to say so and to request judicial notice. Waiting until after the motion was argued and submitted is inappropriate.

If Slattery's request is granted, the related materials from Apple's website which are attached to the accompanying Sand Declaration and discussed below should also be judicially noticed.

### II. THE WEBSITE MATERIALS DO NOT CONTRADICT APPLE'S ARGUMENT OR EVIDENCE ANY TYING ARRANGEMENT.

Slattery does not contest that an iPod can play music downloaded from other online music stores. Rather, the issue he addresses is whether purchasers of iTMS digital music may burn that music to an audio CD, as a first step in playing the music on a device other than an iPod. He cites certain "Usage Rules," incorporated into the "Terms of Sale" for iTMS music, that he claims

supports his view that purchasers cannot do so. But by use of ellipses, he ignores the controlling usage rule on this point. The usage rule that he omits provides: "**You shall be entitled to export, burn or copy Products solely for personal, non-commercial use**." He also leaves out the rule that "You shall be authorized to burn a playlist up to seven times." (A playlist is a compilation of music files). *See* Godino Decl., submitted by plaintiff, Ex. A (emphasis added).

The consumer's authorization to burn an iTMS music file to a CD is confirmed by other statements on Apple's website. The page entitled Computer Authorization describes FairPlay as "Apple's digital rights management system that's designed to be fair to the artist, to the record companies and to you." It repeats that FairPlay allows "unlimited burning for individual songs and lets you burn playlists up to 7 times each." *See* "Computer Authorization," Sand Decl., Ex. B.

Contrary to Slattery's argument, the rule that he cites, which prohibits attempts to "circumvent or modify any security technology or software that is part of the Service or used to administer the Usage Rules," does not prohibit CD burning. As noted, unlimited CD burning for personal, non-commercial use is expressly provided, with no restrictions on how the CDs can be used thereafter. Slattery does not allege that, after CDs are burned, any "security technology or software" exists to stop users from uploading the CDs to competing portable hard drive digital players.

The chat room discussions appended as Exhs. B and C to Slattery's submissions are not authenticated as statements by Apple (Fed. Rules of Evid., Rule 901) and are inadmissible hearsay. Indeed, they appear to be statements by users in response to other user's questions. S*ee* "About Apple Discussions," Sand Decl., Ex. C. In any event, even assuming admissibility, none of the answers states that music downloaded from competing online music stores cannot be played on iPods, or that iTMS music can be played only on iPods.

### III. CONCLUSION.

Although he now argues that Apple explicitly ties iPods to iTMS music, the terms of sales not only do not support that claim, they affirmatively disprove it. Further, Slattery has pointed to no case that extends the law of tying to a situation where the allegedly wanted and unwanted

products (1) are separately available, on exactly the same terms as if they are purchased together, (2) can be used separately without the other, (3) where the only claim is that for one particular use, the two products must be used together, and (4) where indirect interoperability with competing products exists.  The first three factors are sufficient to defeat the tying claim on its face, and each is expressly alleged in the complaint—iPods were sold 18 months before iTMS was launched (¶¶ 13, 22); Slattery bought his iPod and downloaded iTMS music at different times (¶¶ 9, 14); songs from iTMS cost 99 cents with no allegation that the price is different for iPod users (¶ 14); and iTMS music can be played directly on devices other than iPods (¶ 42).  As noted in Apple's reply brief (p. 8), the fourth factor—indirect interoperability—even further removes Slattery's claim from any cognizable tying claim.

Contrary to Slattery's suggestion that this case should proceed to summary judgment or a motion for judgment on the pleadings, the motion to dismiss based on the pleadings and judicially-noticed materials is the appropriate way to dispose of this case.  *Trinko* itself was dismissed on a motion to dismiss.  Given the potentially stifling impact of litigation on the very innovation that the antitrust laws are designed to foster, a dismissal without further proceedings is particularly warranted.

Dated: June 10, 2005                                      JONES DAY

By:/s/
    Robert A. Mittelstaedt
    Counsel for Defendant
    APPLE COMPUTER, INC.