Robert A. Mittelstaedt #060359
Caroline N. Mitchell #143124
Adam R. Sand #217712
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700
ramittelstaedt@jonesday.com
cnmitchell@jonesday.com
arsand@jonesday.com

Attorneys for Defendant
APPLE COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THOMAS WILLIAM SLATTERY, Individually, And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTER, INC.,<br><br>Defendant. | Case No. C 05 00037 JW<br><br><u>CLASS ACTION</u><br><br>DEFENDANT APPLE COMPUTER, INC.'S ANSWER AND DEFENSES TO PLAINTIFF SLATTERY'S FIRST AMENDED COMPLAINT<br><br>Judge:   Honorable James Ware<br>            Courtroom 8, 4th Floor |

## ANSWER AND AFFIRMATIVE DEFENSES

NOW COMES defendant Apple Computer, Inc. ("Apple"), by its undersigned counsel, and in answer to the First Amended Complaint ("Complaint"), and with the understanding that the allegations relate to activities within the United States, states as follows:

SFI-531266v1

ANSWER & AFFIRMATIVE DEFENSES
C 05 00037

1. The allegations in Paragraph 1 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations except that Apple admits that the plaintiff purports to bring this action individually on behalf of himself and on behalf of all others similarly situated.

2. Answering the allegations in Paragraph 2, Apple admits that the plaintiff purports to bring this action on behalf of himself and on behalf of all others similarly situated, but denies that Apple has engaged in any unlawful conduct for which the plaintiff is entitled to relief.

3. Answering the allegations in Paragraph 3, Apple admits that the plaintiff purports to be proceeding under section 1 of the Sherman Act, 15 U.S.C. § 1 and purports to invoke the jurisdiction of this Court on that basis, but denies that Apple has engaged in any "illegal tying and/or bundling conduct" or that the plaintiff has any right to relief under that section.

4. Answering the allegations in Paragraph 4, Apple admits that the plaintiff purports to be proceeding under section 2 of the Sherman Act, 15 U.S.C. § 2 and purports to invoke the jurisdiction of this Court on that basis, but denies that Apple has engaged in any "monopolization of the portable hard drive digital music player market and the market for online sales of digital music" or that the plaintiff has any right to relief under that section.

5. Answering the allegations in Paragraph 5, Apple admits that the plaintiff purports to be proceeding under section 2 of the Sherman Act, 15 U.S.C. § 2 and purports to invoke the jurisdiction of this Court on that basis, but denies that Apple has engaged in any "unlawful attempted monopolization" or that the plaintiff has any right to relief under that section.

6. Answering the allegations in Paragraph 6, Apple admits that the plaintiff purports to be proceeding under California's Cartwright Act, Business and Professions Code § 16700 *et seq.* and purports to invoke the supplemental jurisdiction of this Court, but denies that Apple has violated that law or that the plaintiff has any right to relief under that law.

7. Answering the allegations in Paragraph 7, Apple admits that the plaintiff purports to be proceeding under California's unfair competition laws, Business and Professions Code

§ 17200 *et seq.* and purports to invoke the supplemental jurisdiction of this Court, but denies that Apple has violated those laws or that the plaintiff has any right to relief under those laws.

8. Answering the allegations in Paragraph 8, Apple admits that the plaintiff purports to be proceeding pursuant to the common law of monopolization, but denies that Apple has violated any such common law or that the plaintiff has any right to relief under any such common law.

9. Answering the allegations in Paragraph 9, Apple admits that the plaintiff purports to invoke the supplemental jurisdiction of this Court with respect to Count IX of the Complaint, but denies that Apple has violated any common law of monopolization or that the plaintiff has any right to relief under any such law.

10. Answering the allegations in Paragraph 10, Apple admits that it is headquartered in Cupertino, California and that it transacts business in this judicial district, but denies that it has engaged in any conduct giving rise to the Complaint in this, or any other, judicial district.

11. Answering the allegations in the first two sentences of Paragraph 11, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff is a resident of California or that he purchased music online from Apple's iTunes music store during any particular period, and therefore denies them. The remaining allegations in Paragraph 11 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the remaining allegations.

12. Apple admits the allegations in Paragraph 12, except that Apple denies that the iPod line is limited to portable hard drive digital music players.

13. Apple denies the allegations in Paragraph 13.

14. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them, except that Apple admits that consumers may acquire music in various ways, including at "brick and mortar" stores and through the Internet at online music services, that the legality of some online music services has been the subject of litigation, and that Apple offered a way for consumers to use Internet access to make online purchases of digital music in legitimate and lawful transactions.

15. The allegations in Paragraph 15 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations except that Apple admits that it launched the iTunes Music Store on April 28, 2003, that the iTunes Music Store can be accessed through the iTunes application, which can be downloaded from Apple's web site, and that users can browse the iTunes Music Store for digital recordings.

16. Answering the allegations in Paragraph 16, Apple admits that consumers may choose to purchase digital music files from the iTunes Music Store, that the current price is $0.99 per individual song, and that the files are downloaded to a computer where they may be stored. Apple denies the remaining allegations in Paragraph 16.

17. Apple denies the allegations in Paragraph 17.

18. The allegations in Paragraph 18 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that consumers may purchase individuals songs from the iTunes Music Store, that they can create customized playlists, and that the current price per individual song is $0.99.

19. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them, except that Apple admits that its online music service provides an outlet for independent artists and music labels.

20. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore denies them.

21. Apple denies the allegations in Paragraph 21.

22. The allegations in Paragraph 22 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations except that Apple admits that statements on the iTunes Music Store web pages speak for themselves and that, on November 5, 2003, Steve Jobs made the following statement: "…SoundScan just released their

data today and last week the iTunes Music Store had an …over eighty percent market share for all legally downloaded music …."

23. The allegations in Paragraph 23 are not susceptible to being answered because they state a conclusion of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 23, except that Apple admits that other online music services exist.

24. Apple denies the allegations in Paragraph 24, except that Apple admits that portable hard drive digital music players are portable devices that enable users to listen to digital audio recordings that do not use compact discs, cassette tapes, or cartridges, and that it has been manufacturing, marketing, selling, and shipping a line of portable digital music players known as the "iPod" since approximately November 2001.

25. The allegations in Paragraph 25 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 25, except that Apple admits that one use to which a digital audio file can be put is to play that digital audio file on a portable hard drive digital music player.

26. The allegations in Paragraph 26 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 26, except that Apple admits that other portable hard drive digital music player manufacturers exist and that in October 2004, Apple stated in substance that iPod's share of MP3 players was 65%, or 92% of just hard drive players, and that Apple was offering consumers a choice of digital music players.

27. Apple denies the allegations in Paragraph 27.

28. Apple denies the allegations in Paragraph 28.

29. The allegations in Paragraph 29 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

30. The allegations in Paragraph 30 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

31. The allegations in Paragraph 31 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 31 except that Apple admits that analog signals are converted to digital signals using a converter.

32. The allegations in Paragraph 32 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 32, except that Apple admits that file compression technology is used to compress digital audio files.

33. The allegations in Paragraph 33 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 33, except that Apple admits that digital audio devices use digital to analog converters to convert digital signals into analog signals.

34. The allegations in Paragraph 34 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 34, except that Apple admits that MPEG-1, Layer III, known more commonly as "MP3," is a popular form of digital audio compression.

35. Apple admits the allegations in Paragraph 35.

36. The allegations in Paragraph 36 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 36 based on information and belief, except that Apple admits that portable digital music players support various formats.

37. The allegations in Paragraph 37 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 37, except that Apple admits that: AAC stands for "Advanced Audio Coding;" AAC, part of the MPEG-2 Standard, is an audio codec developed by a group of companies

including Dolby and others; and that as compared with MP3, AAC is capable of providing higher quality results with smaller file sizes.

38. The allegations in Paragraph 38 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 38 based on information and belief, except that Apple admits that the iPod is a portable digital music player capable of playing AAC music files and that other portable digital music players are capable of playing AAC music files and files that have been converted to MP3 format.

39. The allegations in Paragraph 39 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies them.

40. The allegations in Paragraph 40 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

41. The allegations in Paragraph 41 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

42. The allegations in Paragraph 42 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

43. The allegations in Paragraph 43 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 43, except that Apple admits that statements on iTMS web pages speak for themselves.

44. The allegations in Paragraph 44 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 44, except that Apple admits that statements on iTMS web pages speak for themselves and that customers can play music purchased from iTunes Music Store on a computer or CD player.

45. The allegations in Paragraph 45 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

46. The allegations in Paragraph 46 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 46, except that Apple admits that it has not licensed its FairPlay DRM.

47. The allegations in Paragraph 47 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

48. The allegations in Paragraph 48 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 48, except that Apple admits that it has not licensed FairPlay.

49. The allegations in Paragraph 49 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and therefore denies them.

50. The allegations in Paragraph 50 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 50 based on information and belief, except that Apple admits that RealNetworks made a public announcement on July 26, 2004.

51. Apple denies the allegations in Paragraph 51, except that Apple admits that it made a public statement on July 29, 2004 that included the words quoted in Paragraph 51.

52. Apple denies the allegations in Paragraph 52.

53. The allegations in Paragraph 53 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is

1  deemed necessary, Apple denies the allegations in Paragraph 53, except that Apple admits that restrictions are necessary for the songs sold through iTMS.

54. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55. Apple denies the allegations in Paragraph 55.

56. The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

57. The allegations in Paragraph 57 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

58. Answering the allegations in Paragraph 58, Apple admits that the plaintiff purports to bring this action on behalf of himself and others. Apple denies that the plaintiff has established or can establish the prerequisites to certification and/or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

59. Apple denies the allegations in Paragraph 59.

60. Apple denies the allegations in Paragraph 60, except that Apple admits that the plaintiff purports to raise claims against Apple.

61. Apple denies the allegations in Paragraph 61.

62. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies them.

63. Apple denies the allegations in Paragraph 63.

**COUNT I**

64. Paragraph 64, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

65. Apple denies the allegations in Paragraph 65.

66. Apple denies the allegations in Paragraph 66.

67. Apple denies the allegations in Paragraph 67.

68. Apple denies the allegations in Paragraph 68.

69. Apple denies the allegations in Paragraph 69.

70. Apple denies the allegations in Paragraph 70.

## COUNT II

71. Paragraph 71, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

72. Apple denies the allegations in Paragraph 72.

73. Apple denies the allegations in Paragraph 73.

74. Apple denies the allegations in Paragraph 74.

75. Apple denies the allegations in Paragraph 75.

76. Apple denies the allegations in Paragraph 76.

77. Apple denies the allegations in Paragraph 77.

## COUNT III

78. Paragraph 78, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

79. Apple denies the allegations in Paragraph 79.

80. Apple denies the allegations in Paragraph 80, except that Apple admits that a number of competing legal online sellers of digital music files exist.

81. Apple denies the allegations in Paragraph 81.

82. Apple denies the allegations in Paragraph 82.

## COUNT IV

83. Paragraph 83, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

84. Apple denies the allegations in Paragraph 84.

85. Apple denies the allegations in Paragraph 85, except that Apple admits that a number of competing manufacturers and models of portable hard drive digital music players exist.

86. Apple denies the allegations in Paragraph 86.

87. Apple denies the allegations in Paragraph 87.

## COUNT V

88. Paragraph 88, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

89. Apple denies the allegations in Paragraph 89.

90. Apple denies the allegations in Paragraph 90.

91. Apple denies the allegations in Paragraph 91.

92. Apple denies the allegations in Paragraph 92.

## COUNT VI

93. Paragraph 93, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

94. Apple denies the allegations in Paragraph 94.

95. Apple denies the allegations in Paragraph 95.

96. Apple denies the allegations in Paragraph 96.

97. Apple denies the allegations in Paragraph 97.

## COUNT VII

98. Paragraph 98, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

99. Apple denies the allegations in Paragraph 99.

100. Apple denies the allegations in Paragraph 100.

## COUNT VIII

101. Paragraph 101, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

102. Apple denies the allegations in Paragraph 102.

103. Apple denies the allegations in Paragraph 103.

104. Apple denies the allegations in Paragraph 104.

## COUNT IX

105. Paragraph 105, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

106. Apple denies the allegations in Paragraph 106.

107. Apple denies the allegations in Paragraph 107.

## AFFIRMATIVE DEFENSES

Apple sets forth below its affirmative defenses. Each defense is asserted as to all claims against Apple. By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiff. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiffs' allegations.

Apple reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to it.

As separate and distinct affirmative defenses, Apple alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class lack standing to assert their claims and/or to seek some or all of the requested relief.

### THIRD AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class have sustained no injury in fact or damages caused by any act or omission of Apple.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiff and/or others claimed to be members of the putative class have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

### FIFTH AFFIRMATIVE DEFENSE

The activities of Apple alleged in the Complaint do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Apple has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition. Apple has not acted with the purpose or intent to suppress or restrain competition.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

### TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, because the alleges damages sought are too speculative and uncertain.

WHEREFORE, defendant Apple respectfully requests that this Court:

1. Enter judgment against the plaintiff and in favor of Apple;
2. Dismiss the Complaint in its entirety, with prejudice;
3. Decline to award the requested relief;

//
//
//

4. Award Apple its costs and reasonable attorneys' fees incurred in this action; and

5. Grant such other and further relief as the Court may deem just and proper.

Dated: October 18, 2005

Respectfully submitted,

JONES DAY

By: /s/
Robert A. Mittelstaedt

Counsel for Defendant
APPLE COMPUTER, INC.