```
 1  Michael D. Braun (167416)
    BRAUN LAW GROUP, P.C.
 2  12400 Wilshire Blvd., Suite 920
    Los Angeles, CA 90025
 3  Tel:    (310) 442-7755
    Fax:    (310) 442-7756
 4  E-mail: service@braunlawgroup.com

 5  Roy A. Katriel (Admitted Pro Hac Vice)
    THE KATRIEL LAW FIRM, P.C.
 6  1101 30th Street, NW, Suite 500
    Washington, DC 20007
 7  Tel:    (202) 625-4342
    Fax:    (202) 625-6774
 8  E-mail: rak@katriellaw.com

 9  Brian P. Murray                                    Robert A. Mittelstaedt (060359)
    Eric J. Belfi (Admitted Pro Hac Vice)              Caroline N. Mitchell (143124)
10  MURRAY, FRANK & SAILER LLP                         Adam R. Sand (2177121)
    275 Madison Ave., Suite 801                        JONES DAY
11  New York, NY 10016-1101                            555 California Street, 26th Floor
    Tel:    (212) 682-1818                             San Francisco, CA 94104
12  Fax:    (212) 682-1892                             Tel: (415): 626-3939
    E-mail: ebelfi@murrayfrank.com                     Fax: (415) 875-5700
13                                                     E-mail: ramittelstaedt@jonesday.com

    Counsel for Plaintiff
14                                                     Counsel for Apple Computer, Inc.

15
                       UNITED STATES DISTRICT COURT
16
                      NORTHERN DISTRICT OF CALIFORNIA
17
                              SAN JOSE DIVISION
18

19
20  THOMAS WILLIAM SLATTERY,           )    CASE NO.: C05-00037 JW
    Individually, And On Behalf Of All Others )
21  Similarly Situated,                )    CLASS ACTION
                                       )
22              Plaintiff,             )    JOINT CASE MANAGEMENT
                                       )    STATEMENT AND [PROPOSED] ORDER
23       vs.                           )
                                       )    DATE:    November 14, 2005
24  APPLE COMPUTER, INC.                )   TIME:    10:00 a.m.
                                       )    CTRM:    8, 4th Floor
25              Defendant.             )
    _____)
26

27

28
```

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\CM Statement.wpd

Dockets.Justia.com

The parties to the above-entitled action jointly submit this Case Management Statement and Proposed Order, and request that the Court adopt it as its Case Management Order in this case. The parties disagree on two issues which are briefly discussed below: whether discovery before the hearing on plaintiffs' anticipated motion to certify a class should be limited to issues relevant to that motion (see par. 10a below), and whether the limits on the number of interrogatories and depositions set forth in the applicable rules should be modified (see par. 11).

**DESCRIPTION OF THE CASE**

1. This is a putative class action antitrust case brought by plaintiff Thomas W. Slattery, individually and on behalf of all others similarly situated. Slattery filed his original complaint on January 3, 2005. That complaint alleged claims for: violations of Section 1 of the Sherman Act based on Apple's alleged tying conduct in connection with its sales of its iPod portable hard-drive digital music player and online digital music files sold through its iTunes music store; unlawful monopolization and monopoly leveraging/attempted monopolization of the relevant markets for the online legal sales of digital music files and the market for portable hard-drive digital music players; and supplemental claims under the Cartwright Act, Section 17200 of California's Unfair Competition Law, common law monopolization, and unjust enrichment. The case was originally randomly assigned to Magistrate Judge Patricia V. Trumbull, but upon Slaterry's timely filing on January 5, 2005 of his Declination to Proceed Before A Magistrate Judge the case was reassigned to Judge James Ware on January 5, 2005. On February 10, 2005, Apple filed its motion to dismiss Slattery's complaint. Slaterry filed his opposition on February 28, 2005, and Apple filed its reply brief on March 7, 2005. On June 6, 2005, the Court heard oral argument on Apple's motion to dismiss the complaint. On September 9, 2005, the Court issued its written opinion and order, in which it denied in part and granted in part Apple's motion to dismiss. The Court's Order dismissed Slattery's unjust enrichment claim with prejudice, and dismissed Slattery's attempted monopolization through monopoly leveraging claims without prejudice to Slattery refiling these counts in a manner that explicitly pleaded the requisite elements for unlawful monopolization. The Court's order denied Apple's motion with respect to the remaining counts of Slattery's complaint.

2

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\CM Statement.wpd

1  On September 23, 2005 Slaterry filed his First Amended Complaint. Counts I and II of Slattery's First Amended Complaint ("FAC") allege that Apple violated Section 1 of the Sherman Act through unlawful bundling or tying of music files sold through its iTunes music store to its iPod portable hard-drive digital music player, and vice-versa. Counts II and IV of the FAC allege that Apple has unlawfully monopolized the relevant markets for the sale of legal online digital music files and for portable hard-drive digital music players, respectively. Counts V and VI allege claims against Apple for attempted monopolization of the same relevant markets as are alleged in Counts III and IV of the FAC. Counts VII through IX of the FAC allege supplemental state law claims under the Cartwright Act, Section 17200 of California's Unfair Competition Law, and the common law of monopolization. On October 18, 2005, Apple filed and served its Answer and Affirmative Defenses to the FAC. On October 18, 2005, counsel for plaintiff and Apple held a telephonic meet and confer session to discuss their respective proposals for this Joint Case Management Statement.

2.  The principal factual issues which the parties dispute include: the definitions of the relevant market(s) applicable to this action; whether Apple improperly attained and maintained market power in the relevant market(s); whether Slattery and the putative class members were coerced into buying an iPod or subscribing to iTunes online music store; whether Apple engaged in any exclusionary conduct; whether Apple's alleged anticompetitive conduct has caused Slattery and the putative class members to sustain any harm or injury to their business and/or property, and if so, the measure of damages, if any, suffered by Slattery and the putative class members.

3.  The principal legal issues which the parties dispute include: whether this action may proceed as a class action under Federal Rule of Civil Procedure 23 and, if so, the proper class definition; whether plaintiff can prove legally cognizable relevant market definitions; whether plaintiffs' characterization of Apple's alleged market power is legally correct; whether Apple's alleged conduct is unlawful under the Sherman Act, California state law, and the common law of monopolization; whether Apple's alleged conduct is the proximate cause of any harm allegedly suffered by plaintiff and the putative class; the proper measure of damages, if any; whether Slattery and/or the putative class is entitled to injunctive relief against Apple.

4. There are presently no other factual issues (e.g. service of process, personal jurisdiction, subject matter jurisdiction or venue) which remain unresolved.

5. All parties to the complaint have been served.

6. No joinder of additional parties is intended or planned by the parties at this time.

7. The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

## ALTERNATIVE DISPUTE RESOLUTION

8. The parties have not filed a Stipulation and Proposed Order Selecting and ADR process and the parties believe that it is premature to select such a process at this time.

## DISCLOSURES

9. The parties stipulate and agree that their respective due dates for their initial disclosures of documents shall be deferred to coincide with each party's deadline for responding to the other's First Set of Requests for the Production of Documents and Things, provided, however, that no later than December 20, 2005, the parties shall serve the names and, if known, the addresses and telephone numbers of individuals most likely to have discoverable information relevant to the disputed facts alleged with particularity in the pleadings, and shall identify the subjects of the information for each individual listed.

## DISCOVERY AND SCHEDULING PLAN

10. Subject to Court approval, the parties agree to the following discovery and pretrial scheduling plan:

   a. Plaintiff shall file and serve its class certification motion no later than March 6, 2005; Apple shall file and serve its opposition to the motion for class certification no later than April 10, 2005; and, plaintiff shall file and serve its reply brief in support of the motion for class certification no later than May 1, 2005. Subject to Court availability, the hearing on the motion for class certification shall be held on May 15, 2005. The parties further agree that should they submit any declarations or affidavits in support of their class certification briefing papers, they will make such affiants or declarants available for deposition by the opposing party sufficiently in advance of the next briefing deadline.

4

1  The parties disagree on the scope of discovery that should be permitted before class
2  certification. Defendant believes that discovery should be limited to issues pertinent to class
3  certification. Plaintiff opposes bifurcating discovery into class and merits discovery separately. In
4  defendant's view, the class issues can readily be separated from merits issues, because class issues
5  focus, for example, on how plaintiff plans to prove on a class-wide basis that all iTMS subscribers
6  were coerced to buy an iPod, and vice versa, whereas the merits issue is whether plaintiff will
7  ultimately prevail on his claims. Defendant submits that limiting discovery to class issues at this
8  time will lead to the efficient disposition of this action, and that the burden and waste of time and
9  money in pursuing merits discovery at this time outweighs plaintiff's concern that he might have to
10 depose some of defendant's witnesses twice, once on class issues and later on liability issues (the
11 burden of which would fall more heavily on defendant in any event). Plaintiff disagrees, believing
12 that bifurcating discovery by restricting initial discovery solely to class issues will lead to mini-trials
13 and discovery disputes that will likely necessitate repeated Court intervention and cause undue
14 delay, as the parties are likely to dispute what discovery requests and responses properly fall within
15 the class or merits category. Plaintiff believes that drawing a bright line distinction between class
16 and merits discovery is particularly unfeasible in an antitrust case, where issues of class and merits
17 are often intertwined and overlapping. Further, plaintiff maintains that bifurcating discovery into
18 class and merits may result in some deponents being called to deposition twice, as their first
19 deposition will be limited to class issues only, and they will only be subject to inquiry on the merits
20 of the case once the second discovery phase has begun. For all of these reasons, plaintiff believes
21 that discovery should not be bifurcated, but should proceed in a single phase as per the scope
22 allowed under Federal Rule of Civil Procedure 26.

23      b.     All discovery, except expert discovery, shall close two months after the Court
24 issues its written Order on plaintiff's motion for class certification.

25      c.     Plaintiff shall serve its opening Rule 26(a)(2) expert disclosures no later than
26 30 days after the close of fact discovery and make its experts available on request for deposition 20
27 days after disclosure. Defendant shall serve its opposition Rule 26(a)(2) expert disclosures no later
28 than 30 days after plaintiff has served its expert disclosures and make its experts available on

5

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\CM Statement.wpd

request for deposition 10 days after disclosure. Plaintiff shall serve any rebuttal expert disclosures no later than 21 days after being served with defendant's opposition expert disclosures.

        d.      The deadline for the parties to depose the other party's proffered expert witnesses shall be thirty (30) days from the date of plaintiff's submission of its rebuttal expert disclosures.

        e.      The deadline for filing dispositive motions shall be forty-five (45) days after the close of expert discovery (as set forth in paragraph d *supra*). Defendant reserves the right to file dispositive motions before that date; plaintiff intends to oppose the filing of any summary judgment motion before class certification is decided. Oppositions to the dispositive motions shall be filed no later than thirty (30) days after the filing of the dispositive motions, and replies shall be due no later than twenty-one (21) days after the filing of the opposition briefs. Subject to Court availability, the hearing on the parties' dispositive motions shall be held fourteen (14) days after the filing of the reply briefs, or as soon thereafter as is practicable under the Court's schedule. The parties further agree that should they use any declarations or affidavits in support of their dispositive motion briefing papers, they will make such affiants or declarants available for deposition by the opposing party sufficiently in advance of the next briefing deadline.

11.     Plaintiff proposes that, other than expert depositions, the parties shall be limited to fifteen depositions each prior to the motion for class certification, and an additional fifteen depositions each after the motion for class certification is filed; that the parties shall be limited to 100 interrogatories each; and that any party, for good cause, may move the Court for an extension of the foregoing discovery limits. Defendant submits that no good cause exists at this point to extend the provisions of Rule 30 which limit parties to ten depositions or the provisions of Rule 33 which limit the parties to twenty-five interrogatories.

///

///

///

6

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\CM Statement.wpd

## TRIAL SCHEDULE

12. The parties request that a trial be set to commence sixty (60) days after the Court has issued its written ruling on the parties' dispositive motions.

13. Plaintiff expects that the trial will last for approximately eight weeks; defendant estimates four weeks.

Dated: October 31, 2005

By: S/ ROY A. KATRIEL

Roy A. Katriel
THE KATRIEL LAW FIRM, P.C.

Roy A. Katriel
1101 30th Street, NW, Suite 500
Washington, DC 20007
Tel:    (202) 625-4342
Fax:   (202) 625-6774
E-mail: rak@katriellaw.com

Michael D. Braun
BRAUN LAW GROUP, P.C.
12400 Wilshire Blvd., Suite 920
Los Angeles, CA 90025
Tel:    (310) 442-7755
Fax:   (310) 442-7756
E-mail: service@braunlawgroup.com

Brian P. Murray
Eric J. Belfi
MURRAY, FRANK & SAILER LLP
275 Madison Ave., Suite 801
New York, NY 10016-1101
Tel:    (212) 682-1818
Fax:   (212) 682-1892
E-mail: ebelfi@murrayfrank.com

**Counsel for Plaintiff**

Dated: October 31, 2005

Robert A. Mittelstaedt
JONES DAY

By: S/ ROBERT A. MITTELSTAEDT

Robert A. Mittelstaedt
555 California Street, 26th Floor
San Francisco, CA 94104
Tel: (415): 626-3939
Fax: (415) 875-5700
E-mail: ramittelstaedt@jonesday.com

**Counsel for Apple Computer, Inc.**

**CASE MANAGEMENT [PROPOSED] ORDER**

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

**IT IS SO ORDERED.**

Dated:_____, 2005

                                          _____
                                          Hon. James Ware
                                          United States District Judge

8

JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER
CASE NO.: C05-00037 JW
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\CM Statement.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA       )
                          )ss.:
COUNTY OF LOS ANGELES     )

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 920, Los Angeles, CA 90025.

On October 31, 2005, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Michael D. Braun, I filed and served the document(s) described as:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

The ECF System is designed to send an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Eric J. Belfi, Esq. | ebelfi@murrayfrank.com |
| Roy A. Katriel, Esq. | rak@katriellaw.com |

**Counsel for Plaintiff**

| | |
|---|---|
| Caroline N. Mitchell, Esq. | cnmitchell@jonesday.com |
| | mlandsborough@jonesday.com |
| | cyip@jonesday.com |
| Robert A. Mittelstaedt, Esq. | ramittelstaedt@jonesday.com |
| | ybennett@jonesday.com |
| | arsand@jonesday.com |
| Adam Richard Sand, Esq. | arsand@jonesday.com |

**Counsel for Defendant**

On October 31, 2005, I served the document(s) described as:

**JOINT CASE MANAGEMENT STATEMENT AND [PROPOSED] ORDER**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

Brian P. Murray, Esq.
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016
Tel:  (212) 682-1818
Fax:  (212) 682-1892

**Attorneys for Plaintiff**

1  I served the above document(s) as follows:

2  BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I further declare, pursuant to Civil L.R. 23-2, that on the date hereof I served a copy of the above-listed document(s) on the Securities Class Action Clearinghouse by electronic mail through the following electronic mail address provided by the Securities Class Action Clearinghouse:

**jcarlos@law.stanford.edu**

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on October 31, 2005, at Los Angeles, California 90025.


S/ LEITZA MOLINAR
Leitza Molinar