Robert A. Mittelstaedt #060359
Caroline N. Mitchell #143124
Adam R. Sand #217712
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700
ramittelstaedt@jonesday.com
cnmitchell@jonesday.com
arsand@jonesday.com

Attorneys for Defendant
APPLE COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WILLIAM SLATTERY, Individually, And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE COMPUTER, INC.,<br><br>Defendant. | Case No. C 05 00037 JW<br><br>**CLASS ACTION**<br><br>**DECLARATION OF TRACY M. STRONG IN SUPPORT OF APPLE COMPUTER, INC.'S ADMINISTRATIVE REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT**<br><br>[Redacted Version] |

I, Tracy M. Strong, declare:

1.    I am an associate in the law firm of Jones Day, located at 555 California Street, 26th Floor, San Francisco, California, 94104, a member in good standing of the State Bar of California, and one of the attorneys of record in this case for defendant. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto. I make this declaration in support of defendant's request for leave to file a motion for summary judgment.

2.    The Court's November 15, 2005 Order Following Case Management Conference requires defendant to seek leave to file a summary judgment motion if it wishes to do so before plaintiff's motion for class certification is decided. Defendant's counsel emailed plaintiff's

SFI-537965v1

C 05 00037 JW
APPLE'S REQUEST FOR LEAVE
TO FILE SUMM. JUGMT. MOT.

Dockets.Justia.com

1  counsel on February 15, 2005 asking plaintiff to stipulate that he did not oppose defendant's
2  request for leave. Plaintiff's counsel did not respond prior to the filing of this administrative
3  request for leave.
4      3.    **[Redacted]** Exhibit A is a true and correct copy of excerpts from the deposition
5  transcript of Thomas William Slattery, taken January 30, 2006.
6      4.    Attached hereto as Exhibit B is a true and correct copy of plaintiff's iTunes Music
7  Store purchase history produced by plaintiff in this litigation as SLA000031.
8      5.    Attached hereto as Exhibit C is a true and correct copy of excerpts from the
9  transcript of the hearing on defendant's motion to dismiss, held June 6, 2005.
10     I declare under penalty of perjury of the laws of California and the United States of
11 America that the foregoing is true and correct of my personal knowledge. Executed this 21st day
12 of February, 2006 at San Francisco, California.

*/s/ Tracy M. Strong*

# EXHIBIT A

[REDACTED]

# EXHIBIT B



SLA 000031

# EXHIBIT C

```
                IN THE UNITED STATES DISTRICT COURT

             FOR THE NORTHERN DISTRICT OF CALIFORNIA

                         SAN JOSE DIVISION


THOMAS WILLIAM              )   C-05-00037-JW
SLATTERY,                   )
                            )   JUNE 6, 2005
        PLAINTIFF,          )
                            )   MOTION
           V.               )
                            )   PAGES 1-34
APPLE COMPUTER, INC.,       )
                            )
        DEFENDANT.          )
_____)

              THE PROCEEDINGS WERE HELD BEFORE

         THE HONORABLE UNITED STATES DISTRICT

                    JUDGE JAMES WARE

A P P E A R A N C E S:

FOR THE PLAINTIFF:   THE KATRIEL LAW FIRM
                     BY:  ROY A. KATRIEL
                     1101 30TH STREET NW
                     SUITE 500
                     WASHINGTON, DC  20007

                     MURRAY, FRANK & SAILER
                     BY:  ERIC J. BELFI
                     275 MADISON AVENUE
                     NEW YORK, NEW YORK 10016

                     BRAUN LAW GROUP
                     BY:  MICHAEL D. BRAUN
                     12400 WILSHIRE BOULEVARD
                     SUITE 920
                     LOS ANGELES, CALIFORNIA 90025

        (APPEARANCES CONTINUED ON THE NEXT PAGE.)

OFFICIAL COURT REPORTER: IRENE RODRIGUEZ, CSR, CRR
                         CERTIFICATE NUMBER 8074
```

COPY

1

U.S. COURT REPORTERS

```
 1   IN THIS VALLEY?
 2           MR. KATRIEL: EXCEPT, AS EXHIBIT A TO OUR
 3   COMPLAINT, WHICH IS THE LAST PAGE OF THE COMPLAINT,
 4   APPLE'S OWN REPRESENTATIONS, WHICH IT MAKES TO ITS
 5   CONSUMERS, IS THAT PARAGRAPH 3, SONGS PURCHASED
 6   FROM I-TUNES MUSIC STORES ARE ENCODED USING THE AAC
 7   PROTECTED FORMAT AND CANNOT BE CONVERTED TO MP3
 8   FORMAT.  YOU CAN BURN THEM AND PLAY THEM IN AUDIO
 9   CD PLAYERS.
10           WHAT MR. MITTELSTAEDT IS NOW REPRESENTING
11   TO THE COURT IS THAT YOU CAN TAKE AN EXTRA STEP AND
12   USE THAT AUDIO CD TO CONVERT IT BACK TO ANOTHER
13   PORTABLE DIGITAL MUSIC PLAYER.  I DON'T KNOW IF
14   THAT'S TRUE OR NOT.  WE CERTAINLY ARE NOT MAKING
15   ANY ALLEGATIONS WITH RESPECT TO THAT IN THE
16   COMPLAINT BUT ASSUMING THAT WERE TRUE FOR THE
17   PURPOSES OF ARGUMENT, THAT STILL DOESN'T SOLVE THE
18   PROBLEM BECAUSE THE ARGUMENT IS THAT BASICALLY THAT
19   THERE'S A METHOD BY WHICH YOU CAN CIRCUMVENT THE
20   TIE.  OF COURSE THERE ALWAYS IS.  ASSUME THIS
21   DIDN'T EXIST.  I COULD ALWAYS SPEND MY MONEY AND
22   HIRE SOMEONE TO CRACK THE CODE AND THEN CIRCUMVENT
23   THE TIE.  NOW WHAT THEY'RE SAYING IS THAT YOU CAN
24   GO OUT AND BUY A DVD BURNER.
25           THE COURT: BUT THE TIE, THE TIE IS NOT
```

18

```
 1   ONE THAT IS COMPELLED THEN BY THE DEFENDANT IN THIS
 2   CASE.
 3           IN OTHER WORDS, I CAN BUY BOTH PRODUCTS
 4   SEPARATELY.  I CAN SUBSCRIBE TO I-TUNES ON MY
 5   COMPUTER AND NEVER BUY AN IPOD AND I CAN THEN
 6   LISTEN TO THE MUSIC THAT I DOWNLOAD AND I CAN TAKE
 7   IT WITH ME; IS THAT CORRECT?
 8           MR. KATRIEL:  NOT UNLESS YOU MAKE AN
 9   EXTRA PURCHASE AND THAT'S THE POINT.  YOU HAVE TO
10   SPEND ANOTHER HUNDRED.
11           THE COURT:  WHAT OTHER PURCHASE DO I HAVE
12   TO MAKE?
13           MR. KATRIEL:  YOU HAVE TO BUY A DVD
14   BURNER.
15           THE COURT:  IT WON'T DO IT ON A CD?
16           MR. KATRIEL:  WELL, A CD BURNER.
17           THE COURT:  BUT THAT'S ALL PART OF MY
18   COMPUTER EQUIPMENT.
19           MR. KATRIEL:  BUT THERE'S A COST
20   ASSOCIATED WITH THAT.
21           THE COURT:  THAT'S WHY I ASK WHETHER OR
22   NOT THE COMPUTER IS AN IMPORTANT INGREDIENT.  BOTH
23   PRODUCTS NEED A COMPUTER, IT'S JUST A QUESTION OF
24   WHAT DEVICES ARE IN THE COMPUTER.  YOU'RE TELLING
25   ME YOU NEED A COMPUTER WITH CERTAIN DEVICES IN
```

1    MR. KATRIEL: WELL, IN A SENSE THAT'S
2 CORRECT BUT I WOULD SHARPEN IT THIS WAY. THE,
3 THE -- HOW MUCH DO YOU HAVE TO SPEND TO BE ABLE TO
4 GET AROUND THE TIE IS THE WAY WE LOOK AT IT.
5    YOUR HONOR GAVE THE EXAMPLE OF THE
6 PHOTOCOPIER MACHINE FOR KEY LOCK IN THE SERVICE.
7 SO YOU CAN'T DO IT. SO YOU'RE COERCED BECAUSE YOU
8 CAN'T DO IT UNLESS YOU HAVE THE KEY FROM THE
9 MANUFACTURER.
10    BUT I WOULD IMAGINE THAT YOU COULD HIRE
11 SOMEBODY TO CRACK THAT KEY AND THE QUESTION IS IF
12 YOU HAVE TO HIRE SOMEONE FOR $10,000 TO UNLOCK THAT
13 WITH THAT KEY, IS IT A TIE? HOW MUCH DO YOU HAVE
14 TO SPEND? BECAUSE THE POINT THE MARKET REALITIES
15 IS THAT YOU WON'T SPEND IT. HERE THE REALITIES IS
16 THAT. YOU'RE NOT GOING TO BUY A $49 CD BURNER TO
17 BUY A .49 SONG.
18    THE COURT: NOW, LET ME ASK ONE QUESTION,
19 I'M INCLINED TO GRANT THE MOTION BUT AT THE SAME
20 TIME WORRIED I SHOULD ALLOW YOUR COMPLAINT AND WAIT
21 FOR THE INEVITABLE MOTION SO I COULD HAVE MORE
22 INFORMATION BECAUSE I HAVE TO ACCEPT, AS I SAID,
23 THE WELL PLEADED FACTS AS TRUE FOR PURPOSES OF THIS
24 MOTION AND IF I'M IN SUMMARY JUDGMENT MODE THEN I
25 AM GOING TO GET MORE INFORMATION FROM YOU ALL.

1  Robert A. Mittelstaedt #060359
   Caroline N. Mitchell #143124
2  Adam R. Sand #217712
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:   (415) 626-3939
   Facsimile:   (415) 875-5700
5  ramittelstaedt@jonesday.com
   cnmitchell@jonesday.com
6  arsand@jonesday.com

7  Attorneys for Defendant
   APPLE COMPUTER, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| THOMAS WILLIAM SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, | Case No. C 05 00037 JW |
|---|---|
| Plaintiff, | CLASS ACTION |
| v. | [PROPOSED] ORDER GRANTING APPLE COMPUTER, INC.'S ADMINISTRATIVE REQUEST FOR LEAVE TO FILE MOTION FOR SUMMARY JUDGMENT |
| APPLE COMPUTER, INC., | |
| Defendant. | |

IT IS HEREBY ORDERED that defendant may file a motion for summary judgment at any time.

Dated: _____     _____
                            Hon. James Ware

SFI-537872v1

C 05 00037 JW
[PROPOSED] ORDER.