1  Robert A. Mittelstaedt #060359
   Caroline N. Mitchell #143124
2  Adam R. Sand #217712
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
5  ramittelstaedt@jonesday.com
   cnmitchell@jonesday.com
6  arsand@jonesday.com

7  Attorneys for Defendant
   APPLE COMPUTER, INC.

8

9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12

13  **THOMAS WILLIAM SLATTERY,**          **Case No. C 05 00037 JW**
    **Individually, And On Behalf Of All**
14  **Others Similarly Situated,**         **CLASS ACTION**

15              **Plaintiff,**             **APPLE COMPUTER, INC.'S**
                                           **ADMINISTRATIVE REQUEST FOR**
16        v.                               **LEAVE TO FILE MOTION FOR**
                                           **SUMMARY JUDGMENT**
17  **APPLE COMPUTER, INC.,**
                                           **[Redacted Version]**
18              **Defendant.**

19

20

21

22        Pursuant to Civil Local Rule 7-11 and the Court's November 15, 2005 Case Management

23  Order, defendant hereby requests leave of court to file a motion for summary judgment.

24        At the November 14, 2005 Case Management Conference, the Court set a schedule for

25  briefing and hearing a motion by plaintiff to certify a class. *See* November 15, 2005 Order

26  Following Case Management Conference.[1]  The Court stated at the case management conference

27  _____
   [1]  Plaintiffs' motion to certify is due March 6; defendants' opposition April 10; with a further case
28  management conference April 17 and a hearing on the certification motion May 1.

                                                      C 05 00037 JW
   SFI-537874v1                              APPLE'S REQUEST FOR LEAVE
                                             TO FILE SUMM. JUGMT. MOT.

1    that defendant should not move for summary judgment without first obtaining leave of the Court.

2    The Case Management Order stated that defendant shall not move for summary judgment before

3    the class certification motion is decided, and that none of the dates in the order may be changed

4    without making a motion under the local rules.  At his January 30, 2006 deposition, plaintiff

5    Slattery demonstrated that the key allegations in his complaint are false.  With this new

6    information, defendant seeks leave to file a Rule 56 motion now.

7        The complaint, filed January 3, 2005, alleges that Slattery purchased music online from

8    Apple's iTunes music store during the class period (*i.e.*, April 2003 to the date of the complaint)

9    (Compl., ¶ ¶ 9, 56); that he was "forced to purchase an Apple iPod device . . ." to play that music

10   (Compl., ¶ 9); and that he "has been forced to continue purchasing online digital music files

11   solely from Apple's iTunes store . . . ."  (Compl., ¶ 9).  The first amended complaint repeated

12   these allegations.

13       These allegations are false.

14

15

16

17

18

19

20                          **[REDACTED]**

21

22

23

24

25

26

27

28

C 05 00037 JW
APPLE'S REQUEST FOR LEAVE
TO FILE SUMM. JUGMT. MOT.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**[REDACTED]**

SFI-537874v1

3

C 05 00037 JW
APPLE'S REQUEST FOR LEAVE
TO FILE SUMM. JUGMT. MOT.

1    In short, neither of Slattery's tying claims in his complaint is true. He was not forced to

2    buy an iPod by having purchased music from Apple. To the contrary, he obtained his iPod before

3    he obtained any music from Apple. And having an iPod did not force him to obtain or "continue"

4    obtaining music from Apple. Indeed, almost all of his music comes from free services or from

5    CDs that he made himself or received from others. Plus, he confirmed that music from Apple's

6    store can be played on competing devices, and *vice versa*.

7    These admissions show that Slattery's allegations are false, and they provide the

8    information that the Court was looking for at the hearing on the motion to dismiss. As the Court

9    observed to plaintiff's counsel: "But the tie . . . is not compelled then by the defendant. . . . I can

10   buy both products separately. I can subscribe to iTunes on my computer and never buy an iPod

11   and I can then listen to the music that I download and take it with me; is that correct?" Strong

12   Decl. Ex. C (1/6/05 Hrg. Tr. at 18:25-19:7). The Court concluded: "I'm inclined to grant the

13   motion but at the same time worried I should allow the complaint and wait for the inevitable

14   motion so I could have more information because I have to accept . . . the well pleaded facts as

15   true . . . and if I'm in summary judgment mode then I am going to get more information from you

16   all." *Id.* at 27:19-25. Now Slattery has provided the information demonstrating that his claims

17   should be dismissed.

18   Filing a Rule 56 motion at this time will cause no cognizable prejudice to Slattery. It is

19   for defendant's protection that class certification motions are usually heard before Rule 56

20   motions, but if a defendant is willing to give up that protection, it causes no harm to the named

21   plaintiff. *Wright v. Shock*, 742 F.2d 541, 544 (9th Cir. 1984) ("[i]t is reasonable to consider a

22   Rule 56 motion first when early resolution of a motion for summary judgment seems likely to

23   protect both parties and the court from needless and costly further litigation;" "[w]here the

24   defendant assumes the risk that summary judgment in his favor will have only stare decisis effect

25   on the members of the putative class, it is within the discretion of the district court to rule on the

26   summary judgment motion first"). Although the Court limited initial discovery to class issues,

27   Slattery's discovery rights will be protected because he can avail himself of the provisions of

28   Rule 56(f) and, if he desires to invest further in this case, he can depose any Rule 56 declarant

C 05 00037 JW
APPLE'S REQUEST FOR LEAVE
TO FILE SUMM. JUGMT. MOT.

1    before his opposition is due.  We submit that, in light of Slattery's deposition testimony, the most

2    efficient course is to determine whether his claims should be dismissed under Rule 56 before the

3    Court determines whether this action should proceed as a class action.

4

5    Dated: February 21, 2006                    JONES DAY

6

7    By: /s/ _____
                Robert A. Mittelstaedt

8    Counsel for Defendant
9    APPLE COMPUTER, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-537874v1

5

C 05 00037 JW
APPLE'S REQUEST FOR LEAVE
TO FILE SUMM. JUGMT. MOT.