| | |
|---|---|
| 1 | Michael D. Braun (167416) |
|   | BRAUN LAW GROUP, P.C. |
| 2 | 12400 Wilshire Boulevard |
|   | Suite 920 |
| 3 | Los Angeles, CA 90025 |
|   | Tel: (310) 442-7755 |
| 4 | Fax: (310) 442-7756 |
|   | E-mail: service@braunlawgroup.com |

| Roy A. Katriel *(Admitted Pro Hac Vice)* | Brian P. Murray |
| THE KATRIEL LAW FIRM, P.C. | Eric J. Belfi *(Admitted Pro Hac Vice)* |
| 1101 30th Street, NW | MURRAY, FRANK & SAILER LLP |
| Suite 500 | 275 Madison Avenue |
| Washington, DC 20007 | Suite 801 |
| Tel: (202) 625-4342 | New York, NY 10016-1101 |
| Fax: (202) 625-6774 | Tel: (212) 682-1818 |
| E-mail: rak@katriellaw.com | Fax: (212) 682-1892 |
| | Email: ebelfi@murrayfrank.com |

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| THOMAS WILLIAM SLATTERY, Individually, And On Behalf Of All Others Similarly Situated, | ) ) ) | **CASE NO.: C05-00037 JW** |
| | ) | **CLASS ACTION** |
| Plaintiff, | ) ) | **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT** |
| vs. | ) ) | |
| APPLE COMPUTER, INC. | ) ) | |
| Defendant. | ) ) | DATE: May 8, 2006 |
| _____ | ) | TIME: 9:00 a.m. |
| | | CRTM: 8, 4th floor |

---

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**CASE NO.: C05-00037 JW**
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\Reply re Mx for Leave.wpd

In its March 23, 2006 Order denying defendant's Administrative Request for Leave to File a Motion for Summary Judgment, this Court already held that, "[t]he Court finds that defendant's request for leave to file a motion for summary judgment is based purely on a challenge to plaintiff Slattery's standing. *Since this is a class action lawsuit, substitution of a proper class representative is appropriate*." March 23, 2006 Order at 2:4-6 (emphasis added). That recent ruling should have resolved the matter, as Slattery's reason for seeking leave to file an amended complaint is merely to substitute named plaintiff class representatives.[1] Despite the unambiguous mandate of the Court's ruling, Apple inexplicable persists in opposing plaintiff's motion for leave to file an amended complaint. Apple's opposition should again be rejected.

Plaintiff's opening memorandum in support of his motion for leave to file an amended complaint cited a number of authorities that had allowed the filing of an amended complaint for the purpose of substituting plaintiffs, reaching the exact same conclusion already stated by this Court in its March 23, 2006 Order. Without distinguishing any of these cases, Apple instead mistakenly relies on an out-of-jurisdiction case, *Summit Office Park, Inc. v. U.S. Steel Corp., Inc.*, 639 F.2d 1278 (5th Cir. 1981), to argue that "Rule 15 may not be invoked by a plaintiff has no valid claim." Defendant's Opposition to Motion for Leave to File Second Amended Complaint at 2:7-8. Apple's reliance on *Summit* is obviously misplaced. In *Summit*, the district court entered summary judgment against the plaintiff in light of the intervening United States Supreme Court decision in *Illinois Brick v. Illinois*, 431 U.S. 720 (1977). *See Summit*, 639 F.2d at 1279 (5th Cir. 1981). With judgment already entered against them, the *Summit* plaintiffs had no basis on which to seek to amend the complaint to plead around *Illinois Brick* because, by definition, judgment had been entered against them and the case was over. *Id*.

Here, by contrast, no judgment has ever been entered against Slattery, and the merits are very much contested. Unlike in *Summit*, Slattery seeks to amend a complaint in a case while that case is very much alive and pending. Indeed, the only adverse ruling that has been entered here has been entered against Apple when the Court denied Apple's motion to dismiss Slattery's complaint.

---

[1] Slattery also sought leave to amend for the explicit purpose of making an election of claims as previously called for by the Court. Apple does not maintain that such an election is an inappropriate reason to amend a complaint.

1

Further, unlike *Summit*, Slattery does not seek to define a new class with disparate interests to the class pleaded in the original complaint by the originally named plaintiffs. *See id*. at 1282 ("Plaintiff had no identity of interest with either the new proposed plaintiffs, or the new class named in the complaint, or their cause of action. It is clear that the new cause of action which the new proposed amended complaint attempted to insert could not benefit the original plaintiff."). In *Summit*, once the indirect purchasers were no longer valid plaintiffs in the aftermath of *Illinois Brick*, the plaintiff sought leave to amend in order to substitute in an entirely new plaintiff class comprised of direct purchasers. *Id.*; *see also id*. at 1279 ("[T]he Supreme Court decision in the cited case barred antitrust claims by indirect purchasers. In its order of dismissal the district court also struck an amended complaint which attempted to substitute for the dismissed plaintiff Summit, two direct purchasers D. G. White and S. F. Sanders, Jr., Inc. as parties plaintiff and as representatives of a new and different class of direct purchasers.").

Here, by contrast, the newly proposed plaintiffs have the exact same identity and interest as Slattery, and the sole reason for Slattery being forced to give up his status as the putative class representative is due to a conflict of interest brought about by his personal circumstance as a criminal defense attorney that would prevent him from providing the discovery requested by Apple in this case. *Summit*, therefore, has no application to this case.

Lastly, Apple contends that the proper course here is to enter judgment pursuant to Rule 41. Yet, at the same time, it is undisputed that Apple has never filed a Rule 41 motion, nor has plaintiff stipulated to a Rule 41 dismissal. *See* Fed. R. Civ. P. 41 (dismissal under rule is available either by stipulation or upon court order entered after motion of party). In any event, Apple does not dispute that the ultimate outcome would be precisely the same, regardless of whether a Rule 41 dismissal was entered as opposed to granting Slattery's leave to amend. The reason, as set forth in plaintiff's moving papers, is straightforward—even if Slattery's motion to amend were denied, and his case dismissed, then newly proposed plaintiffs could always file their brand new complaint without reference to Slattery's pending action. There is, therefore, no point to Apple's pending opposition.

# **CONCLUSION**

For the foregoing reasons, plaintiff's motion for leave to file an amended complaint should be granted, and the proposed amended complaint should be deemed filed as of the date the motion for leave was filed.

Dated: April 24, 2006

            Michael D. Braun
            BRAUN LAW GROUP, P.C.

By: <u>S/ MICHAEL D. BRAUN</u>
     Michael D. Braun
     12400 Wilshire Boulevard
     Suite 920
     Los Angeles, CA 90025
     Tel:   (310) 442-7755
     Fax:  (310) 442-7756

Roy A. Katriel
THE KATRIEL LAW FIRM, P.C.
1101 30th Street, NW
Suite 500
Washington, DC 20007
Tel:   (202) 625-4342
Fax:  (202) 625-6774

Brian P. Murray
Eric J. Belfi
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016-1101
Tel:   (212) 682-1818
Fax:  (212) 682-1892

**Attorneys for Plaintiff**

3

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**CASE NO.: C05-00037 JW**
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\Reply re Mx for Leave.wpd

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )ss.:
COUNTY OF LOS ANGELES    )

I am employed in the county of Los Angeles, State of California, I am over the age of 18 and not a party to the within action; my business address is 12400 Wilshire Boulevard, Suite 920, Los Angeles, CA 90025.

On April 24, 2006, using the Northern District of California's Electronic Case Filing System, with the ECF ID registered to Michael D. Braun, I filed and served the document(s) described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

The ECF System is designed to send an e-mail message to all parties in the case, which constitutes service. According to the ECF/PACER system, for this case, the parties served are as follows:

| | |
|---|---|
| Eric J. Belfi, Esq. | ebelfi@murrayfrank.com |
| Roy A. Katriel, Esq. | rak@katriellaw.com |

**Attorneys for Plaintiff**

| | |
|---|---|
| Caroline N. Mitchell, Esq. | cnmitchell@jonesday.com |
| | mlandsborough@jonesday.com |
| | cyip@jonesday.com |
| Robert A. Mittelstaedt, Esq. | ramittelstaedt@jonesday.com |
| | ybennett@jonesday.com |
| | arsand@jonesday.com |
| Adam Richard Sand , Esq. | arsand@jonesday.com |

**Attorneys for Defendant**

On April 24, 2006, I served the document(s) described as:

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

by placing a true copy(ies) thereof enclosed in a sealed envelope(s) addressed as follows:

///

///

///

4

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**
**CASE NO.: C05-00037 JW**
\\Fileserver\shareddocs\BLG\APPLE\PLD-WPD\Reply re Mx for Leave.wpd

Jacqueline Sailer, Esq.
MURRAY, FRANK & SAILER LLP
275 Madison Avenue
Suite 801
New York, NY 10016
Tel:    (212) 682-1818
Fax:    (212) 682-1892

**Attorneys for Plaintiff**

I served the above document(s) as follows:

BY MAIL. I am familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in an affidavit.

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

I further declare under penalty of perjury under the laws of the United States that the above is true and correct.

Executed on April 24, 2006, at Los Angeles, California 90025.

                                                                 s/ LEITZA MOLINAR
                                                                   Leitza Molinar