Robert A. Mittelstaedt #060359
Caroline N. Mitchell #143124
Adam R. Sand #217712
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700
ramittelstaedt@jonesday.com
cnmitchell@jonesday.com
arsand@jonesday.com

Attorneys for Defendant
APPLE COMPUTER, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| SOMTAI TROY CHAROENSAK and MARIANA ROSEN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>APPLE COMPUTER, INC.,<br><br>    Defendant. | Case No. C05 00037 JW<br><br>CLASS ACTION<br><br>DEFENDANT APPLE COMPUTER, INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT<br><br>Judge:   Honorable James Ware<br>            Courtroom 8, 4th Floor |

**ANSWER AND AFFIRMATIVE DEFENSES**

Now comes defendant Apple Computer, Inc. ("Apple"), by its undersigned counsel, and in answer to the Second Amended Complaint ("Complaint"), and with the understanding that the allegations relate to activities within the United States, states as follows:

1.     The allegations in Paragraph 1 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations except that Apple admits that the plaintiffs purport to bring this action individually on behalf of themselves and on behalf of all others similarly situated.

2.     Answering the allegations in Paragraph 2, Apple admits that the plaintiffs purport to be proceeding under section 1 of the Sherman Act, 15 U.S.C. § 1, and purport to invoke the jurisdiction of this Court on that basis, but denies that Apple has engaged in any "illegal tying and/or bundling conduct" or that the plaintiffs have any right to relief under that section.

3.     Answering the allegations in Paragraph 3, Apple admits that the plaintiffs purport to be proceeding under section 2 of the Sherman Act, 15 U.S.C. § 2, and purport to invoke the jurisdiction of this Court on that basis, but denies that Apple has engaged in any "monopolization of the market for online sales of digital music" or that the plaintiffs have any right to relief under that section.

4.     Answering the allegations in Paragraph 4, Apple admits that the plaintiffs purport to be proceeding under section 2 of the Sherman Act, 15 U.S.C. § 2, and purport to invoke the jurisdiction of this Court on that basis, but denies that Apple has engaged in any "unlawful attempted monopolization" or that the plaintiffs have any right to relief under that section

5.     Answering the allegations in Paragraph 5, Apple admits that the plaintiffs purport to be proceeding under California's Cartwright Act, Business and Professions Code § 16700 *et seq.* and purport to invoke the supplemental jurisdiction of this Court, but denies that Apple has violated that law or that the plaintiffs have any right to relief under that law.

6.     Answering the allegations in Paragraph 6, Apple admits that the plaintiffs purport to be proceeding under California's unfair competition laws, Business and Professions Code § 17200 *et seq.* and purport to invoke the supplemental jurisdiction of this Court, but denies that Apple has violated those laws or that the plaintiffs have any right to relief under those laws.

7.     Answering the allegations in Paragraph 7, Apple admits that the plaintiffs purport to be proceeding pursuant to the common law of monopolization and purports to invoke the

1  supplemental jurisdiction of this Court, but denies that Apple has violated any such common law
2  or that the plaintiffs have any right to relief under any such common law.

3        8.     Answering the allegations in Paragraph 8, Apple admits that it is headquartered in
4  Cupertino, California and that it transacts business in this judicial district, but denies that it has
5  engaged in any conduct giving rise to the Complaint in this, or any other, judicial district.

6        9.     Answering the allegations of Paragraph 9, Apple lacks knowledge or information
7  sufficient to form a belief as to the truth of the allegations that plaintiff Charoensak is a resident
8  of California or that he purchased music online from Apple's iTunes music store during any
9  particular period, and therefore denies them.

10        10.     Answering the allegations in the first sentence of Paragraph 10, Apple lacks
11  knowledge or information sufficient to form a belief as to the truth of the allegations that plaintiff
12  Rosen is a resident of New Jersey or that she purchased music online from Apple's iTunes music
13  store during any particular period, and therefore denies them.  Apple denies the remaining
14  allegations.

15        11.     Apple admits the allegations in Paragraph 11, except that Apple denies that the
16  iPod line is limited to portable hard drive digital music players and denies the assertion "of
17  particular significance."

18        12.     Apple denies the allegations in Paragraph 12.

19        13.     Apple lacks knowledge or information sufficient to form a belief as to the truth of
20  the allegations in Paragraph 13, and therefore denies them, except that Apple admits that
21  consumers may acquire music in various ways, including at "brick and mortar" stores and through
22  the Internet at online music services, that the legality of some online music services has been the
23  subject of litigation, and that Apple offered a way for consumers to use Internet access to make
24  online purchases of digital music in legitimate and lawful transactions.

25        14.     The allegations in Paragraph 14 are not susceptible to being answered because of
26  their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations
27  except that Apple admits that it launched the iTunes Music Store on April 28, 2003, that the
28

iTunes Music Store can be accessed through the iTunes application, which can be downloaded from Apple's web site, and that users can browse the iTunes Music Store for digital recordings.

15. Answering the allegations in Paragraph 15, Apple admits that consumers may choose to purchase digital music files from the iTunes Music Store, that the current price is $0.99 per individual song, and that the files are downloaded to a computer where they may be stored. Apple denies the remaining allegations in Paragraph 15.

16. Apple denies the allegations in Paragraph 16.

17. The allegations in Paragraph 17 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that consumers may purchase individuals songs from the iTunes Music Store, that they can create customized playlists, and that the current price per individual song is $0.99.

18. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 and therefore denies them, except that Apple admits that its online music service provides an outlet for independent artists and music labels.

19. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore denies them.

20. Apple denies the allegations in Paragraph 20.

21. The allegations in Paragraph 21 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations except that Apple admits that statements on the iTunes Music Store web pages speak for themselves and that, on November 5, 2003, Steve Jobs made the following statement: "…SoundScan just released their data today and last week the iTunes Music Store had an …over eighty percent market share for all legally downloaded music …."

22. The allegations in Paragraph 22 are not susceptible to being answered because they state a conclusion of law to which no answer is necessary. To the extent that an answer is

1  deemed necessary, Apple denies the allegations in Paragraph 22, except that Apple admits that
2  other online music services exist.

3      23.    Apple denies the allegations in Paragraph 23, except that Apple admits that
4  portable hard drive digital music players are portable devices that enable users to listen to digital
5  audio recordings that do not use compact discs, cassette tapes, or cartridges, and that it has been
6  manufacturing, marketing, selling, and shipping a line of portable digital music players known as
7  the "iPod" since approximately November 2001.

8      24.    The allegations in Paragraph 24 are not susceptible to being answered because of
9  their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations,
10 except that Apple admits that one use to which a digital audio file can be put is to play that digital
11 audio file on a portable hard drive digital music player.

12     25.    The allegations in Paragraph 25 are not susceptible to being answered because of
13 their ambiguity and because they state conclusions of law to which no answer is necessary. To
14 the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 25,
15 except that Apple believes that it sells the best-selling portable hard drive digital music player and
16 admits that other portable hard drive digital music player manufacturers exist.

17     26.    Apple denies the allegations in Paragraph 26.
18     27.    Apple denies the allegations in Paragraph 27.

19     28.    The allegations in Paragraph 28 are not susceptible to being answered because of
20 their ambiguity and because they state conclusions of law to which no answer is necessary. To
21 the extent that an answer is deemed necessary, Apple denies them.

22     29.    The allegations in Paragraph 29 are not susceptible to being answered because of
23 their ambiguity and because they state conclusions of law to which no answer is necessary. To
24 the extent that an answer is deemed necessary, Apple denies them.

25     30.    The allegations in Paragraph 30 are not susceptible to being answered because of
26 their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations
27 in Paragraph 30 except that Apple admits that analog signals are converted to digital signals using
28 a converter.

1   31.   The allegations in Paragraph 31 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 31, except that Apple admits that file compression technology is used to compress digital audio files.

32.   The allegations in Paragraph 32 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 32, except that Apple admits that digital audio devices use digital to analog converters to convert digital signals into analog signals.

33.   The allegations in Paragraph 33 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 33, except that Apple admits that MPEG-1, Layer III, known more commonly as "MP3," is a popular form of digital audio compression.

34.   Apple admits the allegations in Paragraph 34.

35.   The allegations in Paragraph 35 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 35 based on information and belief, except that Apple admits that portable digital music players support various formats.

36.   The allegations in Paragraph 36 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 36, except that Apple admits that: AAC stands for "Advanced Audio Coding;" AAC, part of the MPEG-2 Standard, is an audio codec developed by a group of companies including Dolby and others; and that as compared with MP3, AAC is capable of providing higher quality results with smaller file sizes.

37.   The allegations in Paragraph 37 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 37 based on information and belief, except that Apple admits that the iPod is a portable digital music player capable of playing AAC music files and that other portable digital

1  music players are capable of playing AAC music files and files that have been converted to MP3
2  format.

3      38.    The allegations in Paragraph 38 are not susceptible to being answered because of
4  their ambiguity. To the extent that an answer is deemed necessary, Apple denies them.

5      39.    The allegations in Paragraph 39 are not susceptible to being answered because of
6  their ambiguity and because they state conclusions of law to which no answer is necessary. To
7  the extent that an answer is deemed necessary, Apple denies them.

8      40.    The allegations in Paragraph 40 are not susceptible to being answered because of
9  their ambiguity and because they state conclusions of law to which no answer is necessary. To
10  the extent that an answer is deemed necessary, Apple denies them.

11      41.    The allegations in Paragraph 41 are not susceptible to being answered because of
12  their ambiguity and because they state conclusions of law to which no answer is necessary. To
13  the extent that an answer is deemed necessary, Apple denies them.

14      42.    The allegations in Paragraph 42 are not susceptible to being answered because of
15  their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations
16  in Paragraph 42, except that Apple admits that statements on iTMS web pages speak for
17  themselves.

18      43.    The allegations in Paragraph 43 are not susceptible to being answered because of
19  their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations
20  in Paragraph 43, except that Apple admits that statements on iTMS web pages speak for
21  themselves and that customers can play music purchased from iTunes Music Store on a computer
22  or CD player.

23      44.    The allegations in Paragraph 44 are not susceptible to being answered because of
24  their ambiguity and because they state conclusions of law to which no answer is necessary. To
25  the extent that an answer is deemed necessary, Apple denies them.

26      45.    The allegations in Paragraph 45 are not susceptible to being answered because of
27  their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations
28  in Paragraph 45, except that Apple admits that it has not licensed its FairPlay DRM.

46. The allegations in Paragraph 46 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

47. The allegations in Paragraph 47 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 47, except that Apple admits that it has not licensed FairPlay.

48. The allegations in Paragraph 48 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and therefore denies them.

49. The allegations in Paragraph 49 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 49 based on information and belief, except that Apple admits that RealNetworks made a public announcement on July 26, 2004.

50. Apple denies the allegations in Paragraph 50, except that Apple admits that it made a public statement on July 29, 2004 that included the words quoted in Paragraph 50.

51. Apple denies the allegations in Paragraph 51.

52. The allegations in Paragraph 52 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 52, except that Apple admits that restrictions are necessary for the songs sold through iTMS.

53. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

54. Apple denies the allegations in Paragraph 54.

1  55. The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

56. The allegations in Paragraph 56 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies them.

57. Answering the allegations in Paragraph 57, Apple admits that the plaintiffs purport to bring this action on behalf of themselves and others. Apple denies that the plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

58. Apple denies the allegations in Paragraph 58.

59. Apple denies the allegations in Paragraph 59, except that Apple admits that the plaintiffs purport to raise claims against Apple.

60. Apple denies the allegations in Paragraph 60.

61. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

62. Apple denies the allegations in Paragraph 62.

**COUNT I**

63. Paragraph 63, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

64. Apple denies the allegations in Paragraph 64.

65. Apple denies the allegations in Paragraph 65.

66. Apple denies the allegations in Paragraph 66.

67. Apple denies the allegations in Paragraph 67.

68. Apple denies the allegations in Paragraph 68.

69. Apple denies the allegations in Paragraph 69.

## COUNT II

70. Paragraph 70, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

71. Apple denies the allegations in Paragraph 71.

72. Apple denies the allegations in Paragraph 72, except that Apple admits that a number of competing legal online sellers of digital music files exist.

73. Apple denies the allegations in Paragraph 73.

74. Apple denies the allegations in Paragraph 74.

## COUNT III

75. Paragraph 75, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

76. Apple denies the allegations in Paragraph 76.

77. Apple denies the allegations in Paragraph 77.

78. Apple denies the allegations in Paragraph 78.

79. Apple denies the allegations in Paragraph 79.

## COUNT IV

80. Paragraph 80, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

81. Apple denies the allegations in Paragraph 81.

82. Apple denies the allegations in Paragraph 82.

83. Apple denies the allegations in Paragraph 83.

84. Apple denies the allegations in Paragraph 84.

## COUNT V

85. Paragraph 85, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

86. Apple denies the allegations in Paragraph 86.

87. Apple denies the allegations in Paragraph 87.

## COUNT VI

88. Paragraph 88, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

89. Apple denies the allegations in Paragraph 89.

90. Apple denies the allegations in Paragraph 90.

91. Apple denies the allegations in Paragraph 91.

## COUNT VII

92. Paragraph 92, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission or denial.

93. Apple denies the allegations in Paragraph 93.

94. Apple denies the allegations in Paragraph 94.

## AFFIRMATIVE DEFENSES

Apple sets forth below its affirmative defenses. Each defense is asserted as to all claims against Apple. By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiffs' allegations.

Apple reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to it.

As separate and distinct affirmative defenses, Apple alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class lack standing to assert their claims and/or to seek some or all of the requested relief.

### THIRD AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class have sustained no injury in fact or damages caused by any act or omission of Apple.

### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

### FIFTH AFFIRMATIVE DEFENSE

The activities of Apple alleged in the Complaint do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

### SIXTH AFFIRMATIVE DEFENSE

Defendant Apple has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition. Apple has not acted with the purpose or intent to suppress or restrain competition.

### SEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrine of unclean hands.

### NINTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

1

## TENTH AFFIRMATIVE DEFENSE

2    The claims of the plaintiffs and/or others claimed to be members of the putative class are

3    barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

4    WHEREFORE, defendant Apple respectfully requests that this Court:

5    1.    Enter judgment against the plaintiffs and in favor of Apple;

6    2.    Dismiss the Complaint in its entirety, with prejudice;

7    3.    Decline to award the requested relief;

8    4.    Award Apple its costs and reasonable attorneys' fees incurred in this action; and

9    5.    Grant such other and further relief as the Court may deem just and proper.

10

11    Dated: November 2, 2006                    Respectfully submitted,

12                                                JONES DAY

13

14                                                By: /s/
                                                      Robert A. Mittelstaedt

15                                                Counsel for Defendant
16                                                APPLE COMPUTER, INC.

17

18

19

20

21

22

23

24

25

26

27

28

SFI-556787v2