1  Robert A. Mittelstaedt #060359
   Caroline N. Mitchell #143124
2  Tracy M. Strong #221540
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
5  ramittelstaedt@jonesday.com
   cnmitchell@jonesday.com
6  arsand@jonesday.com

7  Attorneys for Defendant
   APPLE COMPUTER, INC.

8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10

11
   **SOMTAI TROY CHAROENSAK and**        **Case No. C 05 00037 JW**
12 **MARIANA ROSEN, individually, and**
   **on behalf of all others similarly situated,**   CLASS ACTION
13
                **Plaintiffs,**
14
        v.                                **AMENDED STIPULATION AND**
15                                         **[PROPOSED] PROTECTIVE ORDER**
   **APPLE COMPUTER, INC.,**              **REGARDING CONFIDENTIAL**
16                                         **INFORMATION**
                **Defendant.**
17

18

19         WHEREAS, in the course of discovery in this case it may be necessary for the parties or

20 third parties to disclose personal confidential information, trade secrets, proprietary or other

21 confidential commercial information; and

22         WHEREAS, the parties do not wish unreasonably to impede or burden the discovery

23 process, but also wish to assure the reasonable protection of such personal, confidential

24 information, trade secrets, proprietary or other confidential commercial information;

25         IT IS THEREFORE STIPULATED that:

26         1.      This confidentiality stipulation and protective order ("Protective Order") shall

27 govern the production and disclosure of information by or on behalf of any party or nonparty

28 through the discovery and all pretrial processes.  This Protective Order is not intended to govern

1    at trial. The parties will cooperate in establishing procedures acceptable to the Court with respect

2    to the protection of information designated as "CONFIDENTIAL" and "CONFIDENTIAL -

3    ATTORNEYS EYES ONLY" pursuant to this Protective Order at any trial and upon any appeal

4    of this case.

5        2.    For purposes of this Protective Order, "Discovery Materials" shall include

6    documents produced pursuant to Rule 34 of the Federal Rules of Civil Procedure, interrogatory

7    responses, deposition testimony, subpoenas and all other information that may be disclosed in the

8    course of discovery in this action, as well as compilations or excerpts of such materials.

9    Discovery Materials shall be used for the prosecution and defense of this action only.

10        3.    This Protective Order shall not abrogate or diminish any privilege or any

11    contractual, statutory or other legal obligation or right of any party with respect to Discovery

12    Materials.

13        4.    Any party or nonparty may identify any Discovery Materials it deems to be

14    entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, by designating

15    such Discovery Materials as "CONFIDENTIAL." Any such designation shall be made in good

16    faith. Discovery Materials so designated shall be marked "CONFIDENTIAL."

17        5.    If any party or nonparty believes that disclosure of Discovery Materials would

18    affect its competitive position or security interests in an adverse manner, that party or nonparty

19    may designate the Discovery Materials as "CONFIDENTIAL – ATTORNEYS EYES ONLY."

20    The designation of "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be limited to

21    Discovery Materials that the disclosing party believes in good faith contain extremely sensitive

22    CONFIDENTIAL information whose disclosure to another party or nonparty would create a

23    substantial risk of serious injury that could not be avoided by less restrictive means. Any such

24    designation shall be made in good faith. If a party or nonparty produces Discovery Materials that

25    it does not designate as "CONFIDENTIAL – ATTORNEYS EYES ONLY," but later wishes to

26    do so designate such Discovery Materials, it shall be entitled to do so; but the provisions of this

27    Protective Order applicable to CONFIDENTIAL – ATTORNEYS EYES ONLY Discovery

28    Materials shall not apply until and unless such designation is made. Unless otherwise ordered by

1   this Court or agreed to in writing by the party producing such information, information designated

2   CONFIDENTIAL – ATTORNEYS EYES ONLY shall not be revealed to any person except as

3   provided in this Protective Order.

4         6.    In the event that a party or nonparty makes documents available for inspection,

5   rather than delivering copies to another party, no marking need be made in advance of the initial

6   inspection.  For purposes of the initial inspection, all documents produced shall be considered as

7   marked "CONFIDENTIAL."  Thereafter, upon the inspecting party's selection of documents for

8   copying, the party producing the documents may mark the copies "CONFIDENTIAL" or

9   "CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to paragraphs 4 and 5, above.

10  Deposition transcript pages may be designated "CONFIDENTIAL"  or "CONFIDENTIAL –

11  ATTORNEYS EYES ONLY" within two weeks of receipt of the transcript, and shall be deemed

12  to have been designated "CONFIDENTIAL" in their entirety until those two weeks have elapsed.

13  Testimony may also be designated on the record of any deposition as "CONFIDENTIAL" or

14  "CONFIDENTIAL – ATTORNEYS EYES ONLY."

15        7.    Access to Discovery Materials designated "CONFIDENTIAL" or

16  "CONFIDENTIAL – ATTORNEYS EYES ONLY" shall be restricted  in accordance with the

17  following provisions:

18        (a)    "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

19      ONLY" Discovery Materials and all information extracted from them shall be used solely

20      for the purposes of prosecuting or defending this action, and for no other purposes.

21      Discovery Materials designated "CONFIDENTIAL" may be disclosed to the parties to

22      this litigation.

23        (b)    Counsel for each party shall restrict access to "CONFIDENTIAL –

24      ATTORNEYS EYES ONLY" Discovery Materials produced by any other party or

25      nonparty by limiting the dissemination of such material to attorneys representing the

26      parties in this lawsuit, including in-house counsel for a party ("Counsel of Record").  Any

27      and all further disclosure of "CONFIDENTIAL – ATTORNEYS EYES ONLY"

28

Discovery Materials shall be governed by the provisions of subparagraphs (c) - (g) and paragraphs 8 and 10, below.

(c)    No copies, extracts or summaries of any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials shall be made except by or on behalf of Counsel of Record; and such copies, extracts or summaries shall also be designated and treated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials and shall not be delivered or exhibited to any persons except as provided by this Protective Order.

(d)    Counsel of Record may allow access to "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by another party to consultants, including consultants designated to testify as expert witnesses, provided:

(1)    such experts and consultants are not (i) current directors, officers or employees of any competitor of the producing party or (ii) experts or consultants for any competitor of the producing party in a matter involving competitive decisionmaking.  As used in this Protective Order, "competitive decisionmaking" shall mean activities, association and relationship with a competitor that are such to involve advice and participation in any or all of the competitor's decisions (pricing, product design, etc.) made in light of similar or corresponding information about a competitor;

(2)    such experts and consultants shall not be permitted to provide advice, analysis, or recommendations to a competitor of the producing party on a matter involving competitive decisionmaking while the above-entitled litigation is pending, absent consent of the producing party, until at least twelve (12) months after the conclusion of this litigation.  Consent of the producing party shall not be withheld absent compelling grounds;

(3)    that any such expert or consultant shall first be provided with a copy of this Protective Order and shall execute an undertaking in the form annexed hereto as Exhibit A.  Consultants and experts are hereby specifically advised that their written

1    work product which contains or discloses the substance of "CONFIDENTIAL" and

2    "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials is subject to all

3    the provisions of this Protective Order.  Counsel of Record disclosing

4    "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery

5    Materials to consultants shall be responsible for obtaining the executed undertaking in

6    advance of such disclosure and also shall retain the original executed copy of said

7    undertaking;

8              (4)    that before receiving or having access to Discovery Materials

9    designated "CONFIDENTIAL – ATTORNEYS EYES ONLY," such experts and

10   consultants shall execute a Declaration in the form attached as Exhibit B.  Counsel of

11   Record disclosing "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery

12   Materials to consultants shall be responsible for obtaining the executed undertaking in

13   advance of such disclosure and also shall retain the original executed copy of said

14   undertaking;

15             (5)    if at any time a person designated to receive "CONFIDENTIAL –

16   ATTORNEYS EYES ONLY" Discovery Materials intends to take on responsibility for

17   competitive decisionmaking, he or she may seek leave of this Court to be released from

18   the terms of this Protective Order.

19        (e)    During depositions, Counsel of Record may question any witness about

20   "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery

21   Materials.  Any "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

22   ONLY" document so referred to may be marked as an exhibit, but no such

23   'CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" document,

24   or any portion thereof, shall be attached to any publicly-available deposition or other

25   transcript without the written consent of the party that designated the document as

26   "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY."  Portions of

27   deposition transcripts designated "CONFIDENTIAL" and "CONFIDENTIAL –

28   ATTORNEYS EYES ONLY" shall be so marked and "CONFIDENTIAL" and

"CONFIDENTIAL – ATTORNEYS EYES ONLY" portions, including exhibits consisting of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" documents, shall be bound under seal separately form the non-confidential portions of the transcript.

(f)    In the event that any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials are attached to, or quoted or summarized in, any pleadings, motion papers or other papers filed with this Court or any other court and said "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials would be disclosed in any way therein, such Discovery Materials, pleadings or papers shall be submitted to the Court with a request to file under seal in accordance with this Court's Civil Local Rule 79-5.  Copies of such documents containing information subject to this Protective Order that are served on counsel for the parties shall be similarly identified and shall be maintained as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" as described herein.

(g)    Any pleadings, motion papers or other papers not filed under seal shall have deleted therefrom all "CONFIDENTIAL" Discovery Materials and all portions of such pleadings or papers that would disclose the substance of "CONFIDENTIAL" Discovery Materials, provided, however, that any "CONFIDENTIAL" Discovery Materials served upon Counsel of Record need not have said materials deleted therefrom.

8.    Should Counsel of Record for any party wish to disclose any "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials produced by another party to a person not authorized by this Protective Order to review such "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery Materials, said counsel shall first provide counsel for the producing party with a short statement of the reason for the proposed disclosure and the name, address and business or professional affiliation and title (e. g., officer, director, etc.) of such person, by written notice, delivered by hand or by fax, at least ten days prior to the proposed disclosure.  If counsel for the producing party objects to the disclosure within said ten-day period, then the party requesting consent shall not proceed with the proposed disclosures,

1  the parties shall engage in good faith efforts to resolve the matter informally and, if those efforts

2  should fail, the party requesting consent may file with this Court an application or motion seeking

3  authorization to make the proposed disclosure pursuant to paragraph 10 below.

4        9.     The disclosure of any Discovery Materials pursuant to the terms of this Protective

5  Order is not intended to be and shall not be construed as a waiver of any right or a relinquishment

6  of any confidentiality claim as to said Discovery Materials or as a waiver of any claim that the

7  information disclosed is a trade secret or is proprietary.

8        10.    If any dispute arises concerning whether information designated as

9  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" should in fact be

10  considered "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" for

11  purposes of this Protective Order, then the parties shall try first to resolve such dispute in good

12  faith on an informal basis.  If the dispute cannot be so resolved, the party who has objected to the

13  designation of the information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS

14  EYES ONLY" shall give written notice that such informal attempts have failed.  After the party's

15  receipt of such notice, the objecting party may file a motion asking the Court to resolve the issue.

16  On such motion, the party asserting confidentiality shall have the burden of proving that the

17  "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" information:  (a)

18  constitutes a trade secret or other confidential research, development, or commercial information

19  within the meaning of Rule 26(c)(7) of the Federal Rules of Civil Procedure or (b) is otherwise

20  entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure.  Prior to the

21  determination of such motion, the disputed information shall be treated by the parties as

22  "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."  If such motion is

23  granted and five days have passed after entry of an order granting the motion, then the party may

24  proceed with the proposed disclosure.

25        11.    Upon final resolution of this litigation, including any appellate proceedings or

26  expiration of the time allowed therefore:

27        (a)    Unless otherwise agreed, counsel for each party shall return all Discovery

28  Materials marked "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES

1  ONLY" received hereunder, including all copies thereof, to counsel for the party or nonparty

2  that produced said materials.  Counsel for each party shall also destroy all extracts or

3  summaries of "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY"

4  Discovery Materials or documents containing such material.  Certification of such destruction,

5  under penalty of perjury, is to be made in writing to counsel for the party who produced such

6  "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" Discovery

7  Materials; and

8  　　　　　(b)　　　The Clerk of the Court shall maintain under seal any documents that have

9  been sealed by the Court, subject to Civil Local Rule 79-5(f) and any further order of the

10  Court.

11  　　　12.　　Nothing contained in this Protective Order shall preclude any party or nonparty

12  from seeking or obtaining, upon an appropriate showing, additional protection with respect to any

13  documents, information, or other Discovery Materials or trade secrets.  Nothing contained herein

14  relieves any party of its obligation to respond to discovery.

15  　　　13.　　The Court may modify this Protective Order at any time or consider any dispute

16  which may arise hereunder upon motion of any of the parties.

17  //

18  //

19  //

20

21

22

23

24

25

26

27

28

14.   This Protective Order shall remain in effect for the duration of the action unless terminated by stipulation or pursuant to Court order. Insofar as they restrict the disclosure, treatment, or use of information subject to this Protective Order, the provisions of this Protective Order shall continue to be binding after the termination of this action, unless the Court orders otherwise.

It is hereby STIPULATED:

Dated: _12/19_____, 2006

_____
Roy A. Katriel
THE KATRIEL LAW FIRM
1101 30th Street, NW
Suite 500
Washington, DC 20007

Counsel for Plaintiffs


Dated: _12/21_____, 2006

_____
Robert A. Mittelstaedt
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Counsel for Defendant
APPLE COMPUTER, INC.


## ORDER

The parties having stipulated to the foregoing and good cause appearing, IT IS SO ORDERED.

Dated: _____, 2006

_____
The Honorable Patricia V. Trumbull
United States Magistrate Judge