1   Robert A. Mittelstaedt (State Bar No. 60359)
    ramittelstaedt@jonesday.com
2   Elaine Wallace (State Bar No. 197882)
    ewallace@jonesday.com
3   Tracy M. Strong (State Bar No. 221540)
    tstrong@jonesday.com
4   JONES DAY
    555 California Street, 26th Floor
5   San Francisco, CA  94104
    Telephone:    (415) 626-3939
6   Facsimile:    (415) 875-5700

7   Attorneys for Defendant
    APPLE INC.
8

9                    UNITED STATES DISTRICT COURT

10        NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

11

12  **THE APPLE iPOD iTUNES ANTI-TRUST**        **Case No. C 05 00037 JW**
    **LITIGATION**
13                                              **CLASS ACTION**

14                                              **DEFENDANT APPLE INC.'S**
                                                **ANSWER AND DEFENSES TO**
15                                              **PLAINTIFFS' CONSOLIDATED**
                                                **COMPLAINT**
16

17

18

19

20

21

22

23

24

25

26

27

28

                                                ANSWER & AFFIRMATIVE DEFENSES
                                                Case No. C05 00037 JW

1

**ANSWER AND AFFIRMATIVE DEFENSES**

2      Now comes defendant Apple Inc. (hereinafter referred to as "Apple"), by its undersigned

3   counsel, and in answer to the Complaint, and with the understanding that the allegations relate to

4   activities within the United States, states as follows:

5      1.    Apple is without knowledge or information sufficient to form a belief as to the

6   truth of the allegations in Paragraph 1, and therefore denies them.

7      2.    The allegations in Paragraph 2 are not susceptible to being answered because of

8   their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations,

9   except that Apple admits that it operates the iTunes Store (f/k/a the iTunes Music Store), that the

10  iTunes Store can be accessed through the iTunes application, and that users may purchase and

11  download digital music and digital video files from the iTunes Store.

12     3.    Answering the allegations in Paragraph 3, Apple believes that many aspects of its

13  iTunes Store offerings make it attractive to consumers.  The allegations in the first sentence of

14  Paragraph 3 are not susceptible to being answered because of their ambiguity and because they

15  state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed

16  necessary, Apple denies the allegations in the first sentence of Paragraph 3.  Apple is without

17  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

18  Paragraph 3 and therefore denies them, except that Apple admits that consumers may buy

19  individual songs from its iTunes Store and that the iTunes Store currently offers over 3.5 million

20  songs.

21     4.    Answering the allegations in Paragraph 4, Apple believes that many aspects of its

22  iTunes Store offerings make it attractive to consumers.  Apple is without knowledge or

23  information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4,

24  which relate principally to allegations regarding consumers, and therefore denies them.

25     5.    The allegations in Paragraph 5 state conclusions of law to which no answer is

26  necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

27     6.    Answering the allegations in Paragraph 6, Apple believes that many aspects of its

28  iTunes Store offerings make it attractive to consumers.  The allegations in the first sentence of

1  Paragraph 6 are not susceptible to being answered because of their ambiguity and because they

2  state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed

3  necessary, Apple denies the allegations in the first sentence of Paragraph 6.  Apple is without

4  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

5  Paragraph 6, and therefore denies them, except that Apple admits that some television shows,

6  music videos and short films are available in digital video format and sold online.

7          7.          The allegations in Paragraph 7 state conclusions of law to which no answer is

8  necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

9          8.          Answering the allegations in Paragraph 8, Apple believes that many aspects of its

10  iPod products make them attractive to consumers.  The allegations in the first sentence of

11  Paragraph 8 are not susceptible to being answered because of their ambiguity and because they

12  state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed

13  necessary, Apple denies the allegations in the first sentence of Paragraph 8.  Apple is without

14  knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

15  Paragraph 8 which relate principally to allegations regarding consumers, and therefore denies

16  them.

17          9.          Answering the allegations in Paragraph 9, Apple admits that it sells the iPod, iPod

18  shuffle and iPod nano.  The remaining allegations in Paragraph 9 are not susceptible to being

19  answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple

20  denies the allegations.

21          10.         The allegations in Paragraph 10 state conclusions of law to which no answer is

22  necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

23          11.         The allegations in Paragraph 11 state conclusions of law to which no answer is

24  necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

25          12.         Apple is without knowledge or information sufficient to form a belief as to the

26  truth of the allegations in Paragraph 12, which relate principally to allegations regarding

27  consumers and merchants, and therefore denies them.

28

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1      13.    Answering the allegations in Paragraph 13, Apple denies that it has engaged in any

2   illegal anticompetitive behavior, including tying or anything else.  Apple is without knowledge or

3   information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13,

4   and therefore denies them.

5      14.    The allegations in Paragraph 14 are not susceptible to being answered because of

6   their ambiguity.  To the extent that an answer is deemed necessary, Apple is without knowledge

7   or information sufficient to form a belief as to the truth of the allegations and therefore denies

8   them, except that Apple admits that consumers may purchase individuals songs from the iTunes

9   Store and that the Recording Industry Association of America's website stated that manufacturers

10  shipped 705.4 million CD album units and 2.8 million CD single units in 2005.

11     15.    The allegations in Paragraph 15 are not susceptible to being answered because of

12  their ambiguity.  To the extent that an answer is deemed necessary, Apple is without knowledge

13  or information sufficient to form a belief as to the truth of the allegations and therefore denies

14  them, except that Apple admits that consumers may purchase individual songs from the iTunes

15  Store, that they can create customized playlists and that the current price of an individual song

16  from the iTunes Store is $0.99 or $1.29.

17     16.    Apple is without knowledge or information sufficient to form a belief as to the

18  truth of the allegations in Paragraph 16 and therefore denies them, except that Apple admits that

19  its online music service provides an outlet for independent artists and music labels.

20     17.    Apple is without knowledge or information sufficient to form a belief as to the

21  truth of the allegations in Paragraph 17 and therefore denies them.

22     18.    Apple denies the allegations in Paragraph 18.

23     19.    Apple is without knowledge or information sufficient to form a belief as to the

24  truth of the allegations in Paragraph 19 and therefore denies them, except that Apple admits that

25  the iTunes Store sells television shows for $1.99 per episode, offers Season Passes for a season of

26  some television shows, makes some television shows available shortly after they are first

27  broadcast, and sells music videos for $1.99.

28

20.    The allegations in Paragraph 20 state conclusions of law to which no answer is necessary.  To the extent an answer is deemed necessary, Apple denies the allegations.

21.    The allegations in Paragraph 21 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that at a November 5, 2003 financial analyst meeting, Steve Jobs' response, in part, to a question included the phrase ". . . we are working with the Microsoft of music stores . . . ."

22.    The allegations in Paragraph 22 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

23.    The allegations in Paragraph 23 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

24.    The allegations in Paragraph 24 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

25.    Answering the allegations in Paragraph 25, Apple admits the allegations in the first sentence.  The remaining allegations in Paragraph 25 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple's publicly disclosed revenue and profit data speak for themselves, and no further disclosure is appropriate for this answer.  On that basis, Apple denies the remaining allegations.

26.    Answering the allegations of Paragraph 26, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

27.    Answering the allegations of Paragraph 27, Apple admits that plaintiff purports to invoke jurisdiction of this Court under 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331 and 1337.

28.    Answering the allegations of Paragraph 28, Apple admits that it is headquartered in Cupertino, California and that it transacts business in this judicial district, but Apple denies that

1    it has engaged in any conduct giving rise to this Complaint in this, or any other, judicial district.

2    Apple denies the remaining allegations in Paragraph 28.

3           29.     The allegations in Paragraph 29 are not susceptible to being answered because of

4    their ambiguity and because they state conclusions of law to which no answer is necessary.  To

5    the extent that an answer is deemed necessary, Apple denies the allegations.

6           30.     Answering the allegations in Paragraph 30, Apple admits that plaintiffs purport to

7    bring this action on behalf of themselves and others.  Apple denies that plaintiffs have established

8    or can establish the prerequisites to certification and/or maintenance of the alleged classes

9    pursuant to Rule 23 of the Federal Rules of Civil Procedure.

10           31.     Answering the allegations in Paragraph 31, Apple denies that plaintiffs have

11    established or can establish the prerequisites to certification and/or maintenance of the alleged

12    class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

13           32.     Answering the allegations in Paragraph 32, Apple denies that plaintiffs have

14    established or can establish the prerequisites to certification and/or maintenance of the alleged

15    class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

16           33.     Apple denies the allegations in Paragraph 33.

17           34.     Apple denies the allegations in Paragraph 34.

18           35.     Apple denies the allegations in Paragraph 35.

19           36.     Apple denies the allegations in Paragraph 36.

20           37.     Apple lacks knowledge or information sufficient to form a belief as to the truth of

21    the allegations in Paragraph 37, and therefore denies them.

22           38.     The allegations in Paragraph 38 state conclusions of law to which no answer is

23    necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

24           39.     The allegations in Paragraph 39 are not susceptible to being answered because of

25    their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations.

26           40.     Answering the allegations of Paragraph 40, Apple is informed and believes that the

27    online digital music stores listed in this paragraph use WMA protected format and Apple lacks

28

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    knowledge or information sufficient to form a belief as to the truth of the remaining allegations in

2    Paragraph 40, and therefore denies them.

3         41.       Answering the allegations in Paragraph 41, Apple admits that the iTunes Store

4    sells music in AAC, some of which is protected by FairPlay DRM.  Apple denies the remaining

5    allegations.

6         42.       Apple denies the allegations in Paragraph 42.

7         43.       The allegations in Paragraph 43 are not susceptible to being answered because of

8    their ambiguity and because they state conclusions of law to which no answer is necessary.  To

9    the extent that an answer is deemed necessary, Apple denies the allegations.

10        44.       The allegations in Paragraph 44 are not susceptible to being answered because of

11    their ambiguity and because they state conclusions of law to which no answer is necessary.  To

12    the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple

13    admits that the quoted language was attributed to Josh Bernoff in a January 31, 2007 *Business*

14    *Week* article.

15        45.       The allegations in Paragraph 45 are not susceptible to being answered because of

16    their ambiguity.  To the extent that an answer is deemed necessary, Apple denies the allegations.

17        46.       Answering the allegations in Paragraph 46, Apple admits that the iPod uses parts

18    manufactured by third parties and that it has used the Portal Player System-On-A-Chip in some

19    versions of its iPod.  Apple denies that it deliberately designed the iPod's software so that it

20    would only play protected AAC.  The remaining allegations in Paragraph 46 are not susceptible

21    to being answered because of their ambiguity.  To the extent that an answer to those allegations is

22    deemed necessary, Apple denies them.

23        47.       Apple denies the allegations in Paragraph 47.

24        48.       Answering the allegations in Paragraph 48, Apple admits that it has used the

25    SigmaTel STMP3550 in the iPod Shuffle.  Apple lacks knowledge or information sufficient to

26    form a belief as to whether every Digital Music Player other than the iPod that contains the

27    SigmaTel STMP3550 plays WMA files, and therefore denies that allegation.  Apple denies that it

28    prevents the iPod Shuffle from playing WMA files.  The remaining allegations in Paragraph 48

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    are not susceptible to being answered because of their ambiguity.  To the extent that an answer to

2    those allegations is deemed necessary, Apple denies them.

3            49.      Apple lacks knowledge or information sufficient to form a belief as to the truth of

4    the allegations in Paragraph 49, and therefore denies them.

5            50.      The allegations in Paragraph 50 are not susceptible to being answered because of

6    their ambiguity and because they state conclusions of law to which no answer is necessary.  To

7    the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 50,

8    except that Apple admits that it has not licensed FairPlay.

9            51.      The allegations in Paragraph 51 are not susceptible to being answered because of

10   their ambiguity and because they state conclusions of law to which no answer is necessary.  To

11   the extent that an answer is deemed necessary, Apple is without knowledge or information

12   sufficient to form a belief as to the truth of the allegations in Paragraph 51 and therefore denies

13   them.

14           52.      The allegations in Paragraph 52 are not susceptible to being answered because of

15   their ambiguity and because they state conclusions of law to which no answer is necessary.  To

16   the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 52 based

17   on information and belief, except that Apple admits that RealNetworks made a public

18   announcement on July 26, 2004.

19           53.      Apple denies the allegations in Paragraph 53, except that Apple admits that it

20   made a public statement on July 29, 2004 that included the words quoted in Paragraph 53.

21           54.      Apple denies the allegations in Paragraph 54.

22           55.      Apple denies the allegations in Paragraph 55.

23           56.      The allegations in Paragraph 56 are not susceptible to being answered because

24   they state a conclusion of law to which no answer is necessary.  To the extent that an answer is

25   deemed necessary, Apple denies the allegations.

26           57.      Apple denies the allegations in Paragraph 57, except that Apple admits that Steve

27   Jobs' "Thoughts on Music" web posting contained the quoted language in answer to the question

28   "Why would the big four music companies agree to let Apple and others distribute their music

1  without using DRM systems to protect it?  The simplest answer is because DRMs haven't

2  worked, and may never work, to halt music piracy.  Though the big four music companies require

3  that all their music sold online be protected with DRMs, these same music companies continue to

4  sell billions of CDs a year which contain completely unprotected music.  That's right!  No DRM

5  system was ever developed for the CD, so all the music distributed on CDs can be easily

6  uploaded to the Internet, then (illegally) downloaded and played on any computer or player."

7         58.    The allegations in Paragraph 58 are not susceptible to being answered because of

8  their ambiguity and because they state conclusions of law to which no answer is necessary.  To

9  the extent that an answer is deemed necessary, Apple denies the allegations.

10        59.    The allegations in Paragraph 59 are not susceptible to being answered because

11  they state a conclusion of law to which no answer is necessary.  To the extent that an answer is

12  deemed necessary, Apple denies the allegations.

13        60.    Answering the allegations in Paragraph 60, Apple admits that a consumer

14  association in France filed a lawsuit in connection with allegations that the iPod is exclusively

15  compatible with music purchased from the iTunes Store and vice versa.  Apple denies the

16  remaining allegations.

17        61.    Answering the allegations in the first sentence of Paragraph 61, Apple denies the

18  allegations except that Apple admits that the French Parliament approved a law affording legal

19  protection to DRM (Digital Rights Management).  Answering the allegations in the second and

20  third sentences of Paragraph 61, Apple lacks knowledge or information sufficient to form a belief

21  as to the truth of the allegations and therefore denies them.  Answering the allegations in the

22  fourth sentence of Paragraph 61, Apple admits that it made a comment about "state sponsored

23  piracy" in relation to one of the earlier versions of the law.  Apple denies the remaining

24  allegations in Paragraph 61.

25        62.    Apple lacks knowledge or information sufficient to form a belief as to the truth of

26  the allegations in Paragraph 62, and therefore denies them.

27        63.    The allegations in Paragraph 63 are not susceptible to being answered because of

28  their ambiguity and because they state conclusions of law to which no answer is necessary.  To

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple

2    admits that the Office of the Norwegian Consumer Ombudsman sent a letter to Apple asking

3    questions about the use of DRM.

4           64.     Apple denies the allegations in Paragraph 64.

5           65.     Apple denies the allegations in Paragraph 65.

6           66.     Apple denies the allegations in Paragraph 66.

7           67.     Answering the allegations in Paragraph 67, Apple admits that the quoted language

8    was attributed to European Union Consumer Affairs Commissioner Kuneva in news articles.

9    Apple denies the remaining allegations.

10         68.     Apple denies the allegations in Paragraph 68.

11         69.     Answering the allegations in Paragraph 69, Apple admits that the European

12   Commission is investigating why iTunes Store prices vary across the European Economic Area

13   (EEA).  Apple denies the remaining allegations.

14         70.     Answering the allegations in Paragraph 70, Apple admits that the European

15   Commission issued a press release regarding the "Statement of Objections" it sent to Apple, that

16   the press release contained the quoted language and that the press release also stated that the

17   Statement of Objections "is not about Apple's use of its proprietary Digital Rights Management

18   (DRM) to control usage rights for downloads from the iTunes on-line store."  Apple denies the

19   remaining allegations.

20         71.     Answering the allegations in Paragraph 71, Apple denies the allegations except

21   that Apple admits that it announced on April 2, 2007 that the iTunes Store would offer DRM-free

22   songs from the EMI label at higher quality 256 kbps AAC encoding for $1.29 per song, that

23   iTunes customers could upgrade previous purchases of EMI songs to the higher quality DRM-free

24   versions for $0.30 per song and that the entire EMI library would still be available with DRM at

25   the 128 kbps AAC encoding.

26         72.     The allegations in Paragraph 72 are not susceptible to being answered because of

27   their ambiguity and because they state conclusions of law to which no answer is necessary.  To

28   the extent that an answer is deemed necessary, Apple denies the allegations.

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    73.    The allegations in Paragraph 73 are not susceptible to being answered because of

2    their ambiguity and because they state conclusions of law to which no answer is necessary.  To

3    the extent that an answer is deemed necessary, Apple denies the allegations.

4    74.    The allegations in Paragraph 74 are not susceptible to being answered because of

5    their ambiguity and because they state conclusions of law to which no answer is necessary.  To

6    the extent that an answer is deemed necessary, Apple denies the allegations.

7    75.    Apple denies the allegations in paragraph 75.

8    76.    Apple denies the allegations in paragraph 76.

9    77.    The allegations in Paragraph 77 are not susceptible to being answered because

10   they state conclusions of law to which no answer is necessary.  As to the allegations of the NAND

11   spot market, Apple lacks knowledge or information sufficient to form a belief as to the truth of

12   the allegations and therefore denies them.  To the extent that an answer is deemed necessary to

13   any additional portions of the paragraph, Apple denies the allegations.  The current retail prices at

14   which Apple sells its products are stated on the Apple website located at www.apple.com.

15   78.    Apple denies the allegations in Paragraph 78.

16                                **COUNT I**

17   79.    Paragraph 79, which purports to incorporate by reference all of the allegations of

18   the Complaint, requires neither admission nor denial.

19   80.    Apple denies the allegations in Paragraph 80.

20   81.    Apple denies the allegations in Paragraph 81.

21   82.    Apple denies the allegations in Paragraph 82.

22   83.    Apple denies the allegations in Paragraph 83.

23   84.    Apple denies the allegations in Paragraph 84.

24                                **COUNT II**

25   85.    Paragraph 85, which purports to incorporate by reference all of the allegations of

26   the Complaint, requires neither admission nor denial.

27   86.    Apple denies the allegations in Paragraph 86.

28   87.    Apple denies the allegations in Paragraph 87.

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    88.    Apple denies the allegations in Paragraph 88.

2    89.    Paragraph 89, which purports to incorporate by reference all of the allegations of

3    the Complaint, requires neither admission nor denial.

4    90.    Apple denies the allegations in Paragraph 90.

5    91.    Apple denies the allegations in Paragraph 91.

6    92.    Apple denies the allegations in Paragraph 92.

7    93.    Paragraph 93, which purports to incorporate by reference all of the allegations of

8    the Complaint, requires neither admission nor denial.

9    94.    Apple denies the allegations in Paragraph 94.

10   95.    Apple denies the allegations in Paragraph 95.

11   96.    Apple denies the allegations in Paragraph 96.

12                                  **COUNT III**

13   97.    Paragraph 97, which purports to incorporate by reference all of the allegations of

14   the Complaint, requires neither admission nor denial.

15   98.    Apple denies the allegations in Paragraph 98.

16   99.    Apple denies the allegations in Paragraph 99.

17   100.   Apple denies the allegations in Paragraph 100.

18   101.   Apple denies the allegations in Paragraph 101.

19   102.   Apple denies the allegations in Paragraph 102.

20   103.   Paragraph 103, which purports to incorporate by reference all of the allegations of

21   the Complaint, requires neither admission nor denial.

22   104.   Apple denies the allegations in Paragraph 104.

23   105.   Apple denies the allegations in Paragraph 105.

24   106.   Apple denies the allegations in Paragraph 106.

25   107.   Apple denies the allegations in Paragraph 107.

26   108.   Apple denies the allegations in Paragraph 108.

27   109.   Paragraph 109, which purports to incorporate by reference all of the allegations of

28   the Complaint, requires neither admission nor denial.

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    110.    Apple denies the allegations in Paragraph 110.

2    111.    Apple denies the allegations in Paragraph 111.

3    112.    Apple denies the allegations in Paragraph 112.

4    113.    Apple denies the allegations in Paragraph 113.

5    114.    Apple denies the allegations in Paragraph 114.

6                                    **COUNT IV**

7    115.    Paragraph 115, which purports to incorporate by reference all of the allegations of

8    the Complaint, requires neither admission nor denial.

9    116.    Apple denies the allegations in Paragraph 116.

10    117.    Apple denies the allegations in Paragraph 117.

11    118.    Apple denies the allegations in Paragraph 118.

12                                    **COUNT V**

13    119.    Paragraph 119, which purports to incorporate by reference all of the allegations of

14    the Complaint, requires neither admission nor denial.

15    120.    Apple denies the allegations in Paragraph 120.

16    121.    Apple denies the allegations in Paragraph 121.

17    122.    Apple denies the allegations in Paragraph 122.

18    123.    Apple denies the allegations in Paragraph 123.

19    124.    Apple denies the allegations in Paragraph 124.

20    125.    Apple denies the allegations in Paragraph 125.

21    126.    Apple denies the allegations in Paragraph 126.

22                                    **COUNT VI**

23    127.    Paragraph 127, which purports to incorporate by reference all of the allegations of

24    the Complaint, requires neither admission nor denial.

25    128.    Answering the allegations of Paragraph 128, Apple lacks knowledge or

26    information sufficient to form a belief as to the truth of the allegations and therefore denies them.

27    129.    Apple admits that Melanie Tucker sent a letter to Apple on July 7, 2006, but denies

28    the remaining allegations in Paragraph 129.

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

- 13 -

1    130.    Apple denies the allegations in Paragraph 130.

2    131.    Apple denies the allegations in Paragraph 131, except that Apple admits that its

3    current stock market capitalization is over 80 billion dollars.

4    132.    Apple denies the allegations in Paragraph 132.

5    133.    Apple denies the allegations in Paragraph 133.

6    **COUNT VII**

7    134.    Paragraph 134, which purports to incorporate by reference all of the allegations of

8    the Complaint, requires neither admission nor denial.

9    135.    Apple denies the allegations in Paragraph 135.

10    **AFFIRMATIVE DEFENSES**

11    Apple sets forth below its affirmative defenses.  Each defense is asserted as to all claims

12    against Apple.  By setting forth these affirmative defenses, Apple does not assume the burden of

13    proving any fact, issue, or element of a cause of action where such burden properly belongs to the

14    plaintiffs.  Moreover, nothing stated herein is intended or shall be construed as an admission that

15    any particular issue or subject matter is relevant to the plaintiffs' allegations.

16    Apple reserves the right to amend or supplement its affirmative defenses and raise

17    counterclaims as additional facts concerning its defenses become known to it.

18    As separate and distinct affirmative defenses, Apple alleges as follows:

19    FIRST AFFIRMATIVE DEFENSE

20    The Complaint, in whole or in part, fails to state a claim upon which relief may be

21    granted.

22    SECOND AFFIRMATIVE DEFENSE

23    The plaintiffs and/or others claimed to be members of the putative class lack standing to

24    assert their claims and/or to seek some or all of the requested relief.

25    THIRD AFFIRMATIVE DEFENSE

26    The plaintiffs and/or others claimed to be members of the putative class have sustained no

27    injury in fact or damages caused by any act or omission of Apple.

28

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

- 14 -

1

## FOURTH AFFIRMATIVE DEFENSE

2      The plaintiffs and/or others claimed to be members of the putative class have not suffered

3   and will not suffer any injury that is cognizable under the antitrust laws.

4

## FIFTH AFFIRMATIVE DEFENSE

5      The activities of Apple alleged in the Complaint do not give rise to antitrust liability

6   because they did not result in adverse effects on competition or, in the alternative, any such

7   effects were outweighed by the pro-competitive benefits of the activities.

8

## SIXTH AFFIRMATIVE DEFENSE

9      Defendant Apple has at all times and in all relevant manners acted reasonably, as

10  necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with

11  the purpose and effect of promoting, encouraging, or increasing competition. Apple has not acted

12  with the purpose or intent to suppress or restrain competition.

13

## SEVENTH AFFIRMATIVE DEFENSE

14     The claims of the plaintiffs and/or others claimed to be members of the putative class are

15  barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

16

## EIGHTH AFFIRMATIVE DEFENSE

17     The claims of the plaintiffs and/or others claimed to be members of the putative class are

18  barred, in whole or in part, under the doctrine of unclean hands.

19

## NINTH AFFIRMATIVE DEFENSE

20     The claims of the plaintiff and/or others claimed to be members of the putative class are

21  barred, in whole or in part, under the doctrines of waiver and/or estoppel.

22

## TENTH AFFIRMATIVE DEFENSE

23     The claims of the plaintiffs and/or others claimed to be members of the putative class are

24  barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

25

## ELEVENTH AFFIRMATIVE DEFENSE

26     The plaintiffs and/or others claimed to be members of the putative class have failed to

27  mitigate their damages, if any.

28

ANSWER & AFFIRMATIVE DEFENSES
Case No. C05 00037 JW

1    WHEREFORE, defendant Apple respectfully requests that this Court:

2    1.    Enter judgment against the plaintiffs and in favor of Apple;

3    2.    Dismiss the Complaint in its entirety, with prejudice;

4    3.    Decline to award the requested relief;

5    4.    Award Apple its costs and reasonable attorneys' fees incurred in this action; and

6    5.    Grant such other and further relief as the Court may deem just and proper.

7

Dated: June 6, 2007                                        Respectfully submitted,

8
                                                          Jones Day
9

10

                                                          By: /s/ Tracy M. Strong
11                                                            Tracy M. Strong

12                                                        Counsel for Defendant
                                                          APPLE INC.
13

14    SFI-563824v1

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                          ANSWER & AFFIRMATIVE DEFENSES
                                                          Case No. C05 00037 JW
                              - 16 -