| | |
|---|---|
| 1 | Robert A. Mittelstaedt #060359 |
| 2 | Tracy M. Strong #221540<br>JONES DAY |
| 3 | 555 California Street, 26th Floor<br>San Francisco, CA 94104 |
| 4 | Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700 |
| 5 | ramittelstaedt@jonesday.com<br>tstrong@jonesday.com |
| 6 | Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | Case No. C 05 00037 JW<br><br>**APPLE INC.'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF** |

SFI-566907v7

Apple's Opp. to Plfs' Mot. for Admin. Relief
C 05 00037 JW

Dockets.Justia.com

## I. INTRODUCTION.

Plaintiffs' "administrative request" for the Court to reconsider its ruling in *Charoensak* that initial discovery is limited to class issues should be denied.  As a threshold procedural matter, the expedited, abbreviated administrative request procedure is not appropriate for reconsideration or discovery matters of this type.  Substantively, plaintiffs do not make any showing that they need any merits discovery to prepare their class certification motion or that they are prejudiced in any other way by the *Charoensak* order.  Indeed, they cannot make such a showing because it is common practice to bifurcate discovery.  "Discovery on the merits of the class claim is usually deferred until it is certain that the case will be allowed to proceed as a class action." Schwarzer et al., Cal. Prac. Guide: Fed. Civ. Proc. Before Trial § 10:740 (The Rutter Group 2007).  Moreover, as a safeguard, the *Charoensak* order expressly provides that the Court will hold a status conference after defendant's opposition brief is filed for the purpose of determining if plaintiffs are entitled to any further discovery before filing their reply.  But the first step is for plaintiffs to file a consolidated class certification motion.

The premise of plaintiffs' request is the false assertion that the parties have been unable to agree on which of plaintiffs' voluminous discovery requests pertain to class issues.  That is not the case.  Pre-consolidation, there were no disputes between the *Charoensak* plaintiffs and Apple over the scope of class discovery, and the limitation to class discovery worked well for both sides. While Tucker initially disputed whether the *Charoensak* limitation should apply to her (and wasted considerable time in doing so), she eventually conceded in writing that it did.  Tucker also acknowledged during the meet-and-confer process that only three of her 22 document requests, and none of her other discovery requests, relate to class issues.  And Apple has in fact agreed to produce documents responsive to those requests.  In short, the conduct of the parties has demonstrated that limiting initial discovery to class issues is feasible.

Now, after reaching agreement on which of Tucker's discovery requests related to class issues, and after having agreed on a date for Apple's production of such documents, plaintiffs suddenly want the Court to change the underlying order and open up the case to burdensome

SFI-566907v7

2

Apple's Opp. to Plfs' Mot. for Admin. Relief
C 05 00037 JW

merits discovery, all on the false pretense that bifurcation is infeasible. That request should be denied.

## II. PROCEDURAL BACKGROUND.

Two cases – *Charoensak* and *Tucker* – are consolidated in this docket. In its November 21, 2006 case management order in *Charoensak,* this Court ordered that the "parties shall limit their discovery to class certification issues" and that "discovery in this case shall be coordinated with discovery in *Tucker*." The clear import was that the limitation on discovery imposed in the first case should equally apply in the related case. The order further provided that plaintiffs could seek additional discovery after Apple filed its opposition to plaintiffs' class certification motion or if Apple filed a summary judgment motion.

Consistent with that order, the parties in *Charoensak* engaged in class discovery, with Apple producing documents requested by plaintiffs and answering written discovery, and plaintiffs producing documents and sitting for depositions. Plaintiffs moved for class certification, and Apple deposed the economist whose declaration was submitted by plaintiffs in support of their motion. That motion was mooted when the cases were consolidated, and plaintiffs were ordered to file a consolidated complaint. The next step is for the consolidated plaintiffs to file a motion to certify the classes asserted in their consolidated complaint.

In January 2007, Tucker served a 22-paragraph document request, five interrogatories, five requests for admission and two 30(b)(6) deposition notices containing 38 deposition topics. Strong Decl. ¶ 2. Those requests covered a wide range of topics, far beyond what Charoensak had sought for class-related discovery. Tucker's requests related to market definition, market share, the Digital Millennium Copyright Act, communications with competitors, all methods of Digital Rights Management or copyright protection, Apple's licensing agreements for DRM software and copyright content, documents produced and depositions taken in other litigation, sales and market share projections, cost of manufacturing, royalty fees, and the design, manufacture and production of the iPod and related software. *Id.*

Tucker acknowledged that her discovery requests were not limited to class issues. Apple timely served objections on that ground. *Id.* ¶ 3. On April 10, after the Court consolidated

SFI-566907v7

3

Apple's Opp. to Plfs' Mot. for Admin. Relief
C 05 00037 JW

*Charoensak* and *Tucker*, Tucker conceded that "the Court's ruling in *Charoensak* limiting initial discovery to class issues applies to our requests." *Id.* ¶ 5. Tucker did so because, as her counsel put it, "the Court is likely to enter the same or similar order here." *Id.* ¶ 6. Plaintiffs also eventually acknowledged that only three of their 22 document requests arguably related to class (*i.e.*, those relating to customer complaints regarding interoperability and the number of iPods and iTunes files sold). Apple agreed to produce documents in response to those requests if possible by July 31.

Against this background, plaintiffs' assertion (p. 2) that Apple has not produced any documents is misleading at best. Not only did it produce **all** of the documents requested by Charoensak, it has agreed to produce the documents that Tucker contends relate to class issues. And those documents would have been produced months ago if Tucker had not wasted time arguing that the *Charoensak* limitation was inapplicable.

Plaintiffs' discussion about Apple's discovery to plaintiff Tucker is also misleading. In fact, Apple served Tucker with essentially the same document requests it had served on the previous plaintiffs, Slattery, Charoensak and Rosen. Unlike those plaintiffs, however, Tucker responded with blanket objections, refusing to produce anything, even her iPod for inspection. It took several meet-and-confer sessions before Tucker eventually backed down and agreed to produce nearly everything Apple had requested. Strong Decl. ¶ 8.

In short, Tucker has no basis to blame Apple for any discovery delay. Her counsel has taken up inordinate time first debating whether the *Charoensak* discovery approach applied here and then resisting the very discovery that the other plaintiffs provided to Apple without dispute. Indeed, Tucker's attempt to open up merits discovery before moving to certify a class would only ensure further delay, as well as impose extraordinary, potentially unnecessary discovery burdens.

### III. AN ADMINISTRATIVE REQUEST IS NOT THE APPROPRIATE VEHICLE FOR RESOLVING DISCOVERY DISPUTES OR SEEKING RECONSIDERATION.

The expedited administrative request procedure is reserved for "miscellaneous administrative matters, not otherwise governed by a federal statute, Federal or local rule or standing order of the assigned judge. . . . [*e.g.*] matters such as motions to exceed otherwise

SFI-566907v7

Apple's Opp. to Plfs' Mot. for Admin. Relief
C 05 00037 JW

4

1  applicable page limitations or motions to file documents under seal." Civ. L.R. 7-11(a).  The
2  ministerial nature of these matters is reflected in the Rule's provision for determination without
3  hearing after the opposition is filed.  *Id.* 7-11(c).

4        Opening up merits discovery before plaintiffs move to certify a class, and asking the Court
5  to reconsider a prior decision, are not administrative matters.  Federal and local rules govern those
6  issues.  Bifurcation of discovery is a case management issue properly addressed in a case
7  management conference (Civ. L.R. 16-10) or by noticed motion.  Indeed, it was at a case
8  management conference that this Court ordered bifurcated discovery which plaintiffs are seeking
9  to revisit.  Local Rule 7-11 cannot be used to request "clarification" of an earlier court order.
10  *Spieler v. Mt. Diablo Unified School Dist.*, Slip Copy, 2007 WL 1795701, at *3 (N.D. Cal. June
11  20, 2007) (declining to reconsider a prior order on administrative request brought under Rule 7-11
12  and holding that "motions to exceed otherwise applicable page limitations or motions to file
13  documents under seal, for example, are brought under Rule 7-11, not motions seeking amendment
14  or clarification").

15  **IV.**    **NO BASIS EXISTS TO ALTER THE COURT'S DECISION TO LIMIT INITIAL**
16        **DISCOVERY TO CLASS-RELATED ISSUES.**

17        The only reason offered by plaintiffs for revisiting this issue is the feigned "unfeasibility"
18  of separating class and merits discovery.  As noted, however, Apple and the *Charoensak* plaintiffs
19  have had no difficulty or dispute in this regard.  Even Tucker agrees that only three of her requests
20  pertain to class issues.  Tucker's real concern is not with the feasibility of separating class from
21  merits issues but with the underlying order itself – an order she already agreed applied equally to
22  the consolidated cases.  Now that the parties have agreed on the scope of class discovery, it simply
23  makes no sense for Tucker to try to undo the basic premise that initial discovery should be limited
24  to class issues.

25        The rationale for limiting discovery to class issues that led the Court to do so seven months
26  ago continues to apply today.  As noted above, bifurcation is the well-accepted approach in cases
27  filed as class actions.  That is because the scope of merits discovery can be greatly impacted by
28  whether a class is certified.  If plaintiffs are intent on taking merits discovery, they should have

moved to certify a class after filing their consolidated complaint rather than spending their time trying to get discovery unrelated to class issues.

## V. NEITHER OF PLAINTIFFS' PROPOSED ORDERS IS CORRECT.

Of the two proposed orders submitted by plaintiffs, the first expressly states that the *Charoensak* order shall not apply here. That proposed order should be rejected for the reasons stated above. As for the alternative order, plaintiffs engage in sleight-of-hand by suggesting that the Court should sign the alternative order if it decides to adhere to its bifurcated discovery ruling in *Charoensak*. That alternative order does not reconfirm that order. Instead, it would modify it by requiring Apple respond to discovery on so-called "preliminary" issues like organizational structure, and discovery that would impose a purported *de minimus* burden like documents produced by Apple in other litigation. Plaintiffs offer no justification for this expansion. Notably, they do not contend that this discovery relates to class certification or is a prerequisite to filing their class certification motion. Nor do they suggest that they will be prejudiced in any way by limiting themselves to class-related discovery at this point. Indeed, as noted, the Court's *Charoensak* order expressly provides plaintiffs with an opportunity to seek further discovery if necessary following Apple's opposition filing or if Apple files for summary judgment. In all events, as noted above, the expedited administrative request procedure is not intended to be used for motions to reconsider or discovery matters.

In sum, plaintiffs' request should be denied on procedural and/or substantive grounds, as stated in Apple's proposed order submitted herewith.

Dated: July 12, 2007                                JONES DAY

                                                    By:/s/ Robert A. Mittelstaedt
                                                         Robert A. Mittelstaedt
                                                    Counsel for Defendant APPLE INC.