| | |
|---|---|
| 1 | Robert A. Mittelstaedt #060359 |
| | Tracy M. Strong #221540 |
| 2 | JONES DAY |
| | 555 California Street, 26th Floor |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 626-3939 |
| 4 | Facsimile: (415) 875-5700 |
| | ramittelstaedt@jonesday.com |
| 5 | tstrong@jonesday.com |

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | **Case No. C 05 00037 JW** |
| | **DECLARATION OF TRACY STRONG IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION FOR ADMINISTRATIVE RELIEF** |

I, Tracy M. Strong, declare:

1. I am an associate in the law firm of Jones Day, located at 555 California Street, 26th Floor, San Francisco, California, 94104, a member in good standing of the State Bar of California, and one of the attorneys of record in this case for defendant. I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would competently testify thereto. I make this declaration in support of defendant's opposition to plaintiff's motion for administrative relief.

2. On January 18, 2007, plaintiff Melanie Tucker served discovery requests to defendant in *Tucker v. Apple Computer, Inc.*, No. 06-4457 JW consisting of 22 document requests, five requests for admission, five interrogatories and two Rule 30(b)(6) deposition notices on a total of 38 separate topics. Tucker's requests related to market definition, market

Decl. of Tracy M. Strong
C 05 00037 JW

1    share, the Digital Millennium Copyright Act, communications with competitors, all methods of

2    Digital Rights Management or copyright protection, Apple's licensing agreements for DRM

3    software and copyright content, documents produced and depositions taken in other litigation,

4    sales and market share projections, cost of manufacturing, royalty fees, and the design,

5    manufacture and production of the iPod and related software.  The cover letter accompanying the

6    requests acknowledged that the discovery requests were not limited to class issues.

7        3.    On January 31, 2007, Apple met and conferred by telephone with Tucker's

8    counsel regarding these requests.  During the call, Apple objected that none of the requests related

9    to class certification issues as required by the Court's November 21, 2006 order in *Charoensak v.*

10   *Apple Computer, Inc.*, No. 05-00037 JW.  Tucker's counsel agreed to send a letter specifying

11   which requests were class related and the basis for that contention.  Tucker's counsel sent no such

12   letter before Apple's responses were due.  As the deadline for Apple's responses approached,

13   Apple requested an extension to respond to the requests.  Tucker's counsel did not respond to the

14   request for an extension before the February 23, 2007 due date.  Apple served its objections to

15   Tucker's discovery on the February 23 due date.

16       4.    On February 23, 2007, after Apple's objections to the discovery were already in

17   the mail, Tucker's counsel sent a letter contending that certain discovery requests were class-

18   related but providing no reasons for their contention.  Apple heard nothing further from Tucker's

19   counsel regarding the discovery for over six weeks.

20       5.    On April 10, 2007, after the Court consolidated *Charoensak* and *Tucker*, Tucker's

21   counsel sent a meet and confer letter stating "Tucker is prepared to concede that the Court's

22   ruling in *Charoensak* limiting initial discovery to class issues applies to our requests."  On April

23   13, Apple wrote to Tucker's counsel again asking them to explain the bases for their position that

24   certain requests were class-related.  One month later, on May 14, after delays by plaintiffs'

25   counsel in setting up the meeting, the parties met and conferred by telephone.  Plaintiffs' counsel

26   was unable to present a united position on which discovery requests were class-related or why,

27   and asserted that more discovery requests than originally listed in their February 23 letter were

28   class-related.

6.      Ten days after that call, plaintiffs sent a letter purporting to agree to defer some of the requests if discovery was bifurcated. After Apple sent yet another meet and confer letter, plaintiffs' counsel sent a letter on June 8, 2007 in which they "recognize[d] that the Court is likely to enter the same or a similar order here" as the bifurcated discovery order entered in *Charoensak*. Plaintiffs' counsel conceded in their June 8, 2007 letter that only three of their 22 document requests related to class issues. In subsequent communications, Apple agreed to produce documents responsive to those requests by the end of July if possible.

7.      During the meet and confer negotiations, Apple proposed that the parties follow the procedure for bifurcated discovery outlined in this Court's November 21, 2006 order in *Charoensak*. Plaintiffs' counsel suggested raising the issue at a case management conference because they were unwilling to rely on Apple's assurance that plaintiffs would be able to obtain discovery responses after Apple filed its class certification opposition. To alleviate plaintiffs' concerns, Apple suggested that the parties simply stipulate to the bifurcated discovery procedure ordered in *Charoensak*, namely that discovery be limited to class certification issues subject to plaintiffs' right to seek additional discovery if necessary following Apple's opposition to plaintiffs' class certification motion or if Apple filed a summary judgment motion. Plaintiffs agreed with the concept but again expressed a preference for presenting it to the Court at a status conference rather than by stipulation. In the last communication by the parties, it was agreed to request a status conference for August 13. Instead, with no further communication and with no explanation, plaintiffs filed this administrative request in which they switched positions.

8.      On April 26, 2007, Apple served Tucker with essentially the same document requests it had served on the previous plaintiffs, Slattery, Charoensak and Rosen. Those plaintiffs responded to the requests as class-related discovery following the Court's bifurcation order. Unlike those plaintiffs, Tucker responded with blanket objections, refusing to produce anything, even her iPod for inspection. Following several meet-and-confer sessions, Tucker eventually backed down and agreed to produce nearly everything Apple had requested.

1  I declare under penalty of perjury of the laws of California and the United States of
2  America that the foregoing is true and correct of my personal knowledge. Executed this 12th day
3  of July, 2007 at San Francisco, California.

    /s/ Tracy M. Strong
    Tracy M. Strong