**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7             IN THE UNITED STATES DISTRICT COURT
8           FOR THE NORTHERN DISTRICT OF CALIFORNIA
9                      SAN JOSE DIVISION

10                                         NO. C 05-00037 JW
                                           C 06-04457 JW
11   The Apple iPod iTunes Antitrust Litigation
                                           **ORDER RE: PLAINTIFFS' MOTION FOR**
12                                         **ADMINISTRATIVE RELIEF**
13   _____/
14

15       Presently before the Court is Plaintiffs' Motion for Administrative Relief. (hereafter,
16   "Motion," Docket Item No. 119.) Plaintiffs contend that the Court should not extend the discovery
17   bifurcation order previously entered in Charoensak, et al. v. Apple Computer, Inc., No. C 05-00037
18   JW to the present consolidated action. (Motion at 2.) Defendant opposes Plaintiffs' motion,
19   contending, *inter alia*, that (1) Plaintiffs have sought overbroad discovery and (2) Defendant has
20   produced, or agreed to produce, all documents material to class certification. (See Apple, Inc.'s
21   Opposition to Plaintiffs' Motion for Administrative Relief, Docket Item No. 123.)
22       The Court has not yet formally addressed whether discovery should be limited prior to class
23   certification in this consolidated action. Having considered the parties' filings, the Court orders the
24   parties to limit their discovery to the following issues at this time: (1) class certification issues; (2)
25   the preliminary issues of Defendant's organizational structure and document retention policies; (3)
26
27
28

1 Plaintiffs' iPods and computer hard drives; and (4) the production of documents whose production
2 would impose only a *de minimis* burden on either party.[1]

This discovery limitation is effective through the next case management conference, which will be held after Defendant files and serves its opposition to Plaintiffs' anticipated motion for class certification. At that time, the Court will consider whether the discovery limitation should be continued and whether additional discovery should occur before Plaintiffs file their reply in support of motion for class certification.

The Court refers any further discovery disputes to Magistrate Judge Trumbull.

Dated:  July 20, 2007

JAMES WARE
United States District Judge

---

[1] These documents may include documents already produced by Defendant in European litigation, government investigations involving similar claims against Defendant, and documents and deposition transcripts produced by Defendant as a third-party litigant in the In re Napster, Inc. Copyright Litigation, No. MDL-00-1369 (MHP) (N.D. Cal.).

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bsweeney@lerachlaw.com
Brian P Murray bmurray@rabinlaw.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Gregory Steven Weston gweston@lerachlaw.com
Jacqueline  Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@lerachlaw.com
Michael David Braun service@braunlawgroup.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy A. Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Tracy  Strong tstrong@jonesday.com

**Dated:  July 20, 2007**                                    **Richard W. Wieking, Clerk**


                                                             **By:  /s/ JW Chambers**
                                                                    **Elizabeth Garcia**
                                                                    **Courtroom Deputy**

**United States District Court**
For the Northern District of California