COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
BONNY E. SWEENEY (176174)
GREGORY S. WESTON (239944)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@csgrr.com
gweston@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW |
| | CLASS ACTION |
| This Document Relates To: ALL ACTIONS. | PLAINTIFFS' OPPOSITION TO ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED |

Dockets.Justia.com

Pursuant to Local Rules 3-12(e) and 7-11(b), Plaintiffs Melanie Tucker, Somtai Troy Charoensak and Mariana Rosen ("the iPod Plaintiffs") respectfully submit this opposition to the Motion to Consider Whether Cases Should Be Related ("the Holman motion"), filed on October 12, 2007 by the named plaintiffs in the action captioned *Holman v. Apple, Inc.*, No. C 07-CV-05152-RS ("Holman").[1]

This Court should deny the request to relate the Holman action to the present action, *The Apple iPod iTunes Anti-Trust Litigation*, No. C 05-00037 JW ("iPod"). The Local Rules for the Northern District of California provide that cases should only be related when:

> (1) The actions concern substantially the same parties, property, transaction or event; and
>
> (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Civ. L.R. 3-12 (a)(1)-(2).

Neither of these requirements is met. The parties are different, and the events and transactions giving rise to the suits are not substantially the same. Indeed, the only commonality is that Holman names Apple as a defendant and relies in part on antitrust laws. The iPod Plaintiffs brought their action on behalf of a class of iPod purchasers against Apple only, while Holman seeks to represent iPhone purchasers against Apple, AT&T and 50 Doe defendants. The parties are thus not substantially the same. Further, the iPod Plaintiffs allege that Apple unlawfully obtained and maintains a monopoly in the markets for digital music players and online music and video, and tied the sale of iPods to its sales of online music and video. Holman, in contrast, alleges that Apple tied the sale of AT&T's wireless voice and data *services* to its sale of the iPhone. Given the differing factual bases of the cases, no labor would be duplicated or conflicting results would be possible if the cases were conducted before different judges. The Holman motion should be denied.

---

[1] The Holman motion was incorrectly filed in *Tucker v. Apple Computer Inc.*, No. 06-04457, contrary to this Court's March 21, 2007 Order Consolidating Related Cases; Appointing Co-Lead Counsel which designated the earlier-filed action the lead case, and also contrary to Local Rule 3-12(b), which states that related case motions must be filed in the docket of the "earliest-filed case." The Holman Plaintiffs also failed to follow Local Rule 7-11(a) by not filing a proposed order and by not filing either a stipulation or declaration explaining why a stipulation could not be obtained.

## I. THE HOLMAN ACTION INVOLVES DIFFERENT DEFENDANTS AND IS BROUGHT ON BEHALF OF A DIFFERENT CLASS

The Holman and iPod actions do not involve the same parties. The Holman action names as defendants Apple, Inc ("Apple"), AT&T Mobility LLC, and "Does 1-50, inclusive" while the iPod action names Apple as its single defendant. *See* Class Action Complaint for Damages, Injunctive Relief and Restitution, filed on October 5, 2007 ("Holman complaint"),¶¶4,5. Nor do the Holman and iPod actions involve the same or even "substantially the same" proposed plaintiff classes. Holman was filed on behalf of a class consisting of those who "bought and implemented" Apple's iPhone cellular telephone, from "June 29, 2007 to the date of judgment in this action" and "sustained damages as a result." Holman complaint, ¶63. The iPod Plaintiffs, however, seek to represent a damages class consisting of all persons who purchased an iPod directly from Apple starting on April 28, 2003, and an injunctive relief class consisting of anyone who purchased an iPod or purchased audio or video files from Apple. *See* Consolidated Complaint for Violations of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition Law, Consumer Legal Remedies Act and California Common law of Monopolization, filed April 19, 2007 ("iPod complaint"), ¶¶26, 31-32.

## II. THE HOLMAN AND IPOD ACTIONS INVOLVE DIFFERENT QUESTIONS OF LAW AND FACT

The iPod Plaintiffs allege that Apple unlawfully tied iPods to digital media downloads. The iPod action does not, in contrast to Holman, include any claims of conspiracy. *See*, Holman complaint, ¶¶20,34,38-44. The iPod claims were upheld twice by this Court in two orders denying Apple's motions to dismiss.[2]

By contrast, Holman centers around claims that Apple conspired with AT&T to force iPhone purchases to only utilize their iPhones on AT&T's cellular telephone network by use of technological locks, and that Apple and AT&T retaliated against consumers who broke these locks. *See* Holman complaint ¶¶35, 44-57. Thus, given the different factual predicates of even the antitrust

---

[2] *See Slattery v. Apple Computer, Inc.*, No. C05-0037, 2005 WL 2204981 (N.D. Cal. Sept. 9, 2005); *Tucker v. Apple Computer, Inc.*, 493 F. Supp. 2d 1090 (N.D. Cal. 2007).

claims in the Holman and iPod actions, no risk of inconsistent adjudication is possible, as Local Rule 3.12 requires before cases can be related.

Further, the Holman action seeks damages using novel common law tort theories. The fifth claim for relief in Holman is for "Computer Trespass/Trespass to Chattels" and seeks "direct and consequential damages" of "no less than $200 million" and "punitive damages in an amount of no less than $600 million." Holman complaint, ¶101, Prayer ¶¶2,3,5. In its sixth claim for relief Holman seeks an accounting of all improper earnings. *Id*, ¶¶103-105. No such claims for similar relief are sought by the iPod Plaintiffs. Indeed, Holman's counsel admitted in a press release that its '"computer trespass"' punitive damage claim is a "relatively new theory."[3]

## III. RELATING THE IPOD AND HOLMAN ACTIONS WOULD UNFAIRLY DELAY AND COMPLICATE THE IPOD ACTION

If the Holman action is related to any other pending case, it is not the iPod action, but *Li v. Apple Inc.*, No. C 07 04005 LDW ETB, filed on September 24, 2007 in the Eastern District of New York and asserting similar antitrust claims against Apple and AT&T on behalf of another iPhone purchaser. Given that there are now iPhone antitrust cases pending against AT&T, Inc. and Apple in more than one judicial district, these cases will likely be subject to motions for transfer and consolidation before the Judicial Panel on Multidistrict Litigation. If the iPod action is related to the Holman action litigation, the iPod Plaintiffs justifiably fear they will be forced to file opposition motions and then travel to argue before Judicial Panel on Multidistrict Litigation against motions to transfer and consolidate the iPod action before the Panel's hearing on the iPhone Multidistrict Litigation. Far from preventing a duplication of labor and expense, relating the iPod and Holman actions would very likely needlessly impose additional labor burdens and expenses on the iPod Plaintiffs, and might even disrupt the iPod litigation by causing it to be stayed and/or transferred to another judicial district.

---

[3] *See* "Apple and AT&T Sued for $1.2 Billion Over iPhone" Press Release dated October 10, 2007, available at http://www.appleclassaction.net.

## IV. CONCLUSION

For the foregoing reasons, the iPod Plaintiffs respectfully request the Court decline to order that the Holman and iPod actions be related.

DATED: October 15, 2007

Respectfully submitted,

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
BONNY E. SWEENEY
GREGORY S. WESTON

s/BONNY E. SWEENEY
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016

Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Apple Tying\MOT00046424.doc

CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2007.

s/BONNY E. SWEENEY
BONNY E. SWEENEY

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:bonnys@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael David Braun**
  service@braunlawgroup.com
- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com
- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com
- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com
- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com
- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com
- **Brian P Murray**
  bmurray@rabinlaw.com
- **Jacqueline Sailer**
  jsailer@murrayfrank.com
- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com
- **John J. Stoia , Jr**
  jstoia@csgrr.com
- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com
- **Bonny E. Sweeney**
  bonnys@csgrr.com,tturner@csgrr.com,E_file_sd@csgrr.com
- **Gregory Steven Weston**
  gweston@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into

your word processing program in order to create notices or labels for these recipients.

**Francis Joseph Balint , Jr**
Bonnett Fairbourn Friedman & Balint, P.C
2901 North Central Avenue
Suite 1000
Phoenix, AZ 85012-3311

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012