# EXHIBIT B

| | |
|---|---|
| 1 | Robert A. Mittelstaedt (State Bar No. 60359) |
| | ramittelstaedt@jonesday.com |
| 2 | Adam R. Sand (State Bar No. 217712) |
| | arsand@jonesday.com |
| 3 | Tracy M. Strong (State Bar No. 221540) |
| | tstrong@jonesday.com |
| 4 | JONES DAY |
| | 555 California Street, 26th Floor |
| 5 | San Francisco, CA 94104 |
| | Telephone: (415) 626-3939 |
| 6 | Facsimile: (415) 875-5700 |
| 7 | Attorneys for Defendant |
| | APPLE INC. f/k/a Apple Computer, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **MELANIE TUCKER, on behalf of herself and all others similarly situated,** | Case No. C06 4457 JW |
| Plaintiff, | **DEFENDANT'S OBJECTIONS TO PLAINTIFF MELANIE TUCKER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT APPLE INC.** |
| v. | |
| **APPLE COMPUTER, INC., a California Corporation,** | |
| Defendant. | |

PROPOUNDING PARTY: Plaintiff Melanie Tucker

RESPONDING PARTY: Defendant Apple Inc.

SET NUMBER: One

Defendant Apple Inc. ("Apple") submits these objections to the First Set of Requests for Production served by plaintiff Melanie Tucker.

## RESERVATION OF RIGHTS

It is unclear that any response is due at this time given plaintiff's cover letter accompanying these requests stating that plaintiff would meet and confer with Apple regarding her discovery requests after the Court determines the discovery scope issue. Plaintiff has acknowledged that the Court ordered in *Charoensak* that discovery is limited to class certification issues. *See* November 21, 2006 Order Following Further Case Management Conference in *Charoensak et al. v. Apple Computer, Inc.*, No. 05-00037; Joint Case Management Statement and [Proposed] Order, filed January 17, 2007 at 5:1-4. On January 31, 2007, Plaintiff agreed to send Apple a letter identifying any requests that she contended related to class issues along with the reasons for her contention. No such letter has been forthcoming. At the same time, plaintiff has failed to respond to Apple's request for an extension for its response to the pending discovery or to acknowledge that no response was due. Thus, in an abundance of caution, Apple submits these responses, but reserves its right to amend as appropriate in the future.

## OBJECTIONS

**Argumentative:** Apple objects to this discovery as argumentative to the extent it purports to represent as fact matters that are disputed in the underlying litigation or mischaracterizes the law. By responding, Apple in no way admits the accuracy of plaintiff's characterization of either the facts or the applicable law. This objection will hereafter be referred to as the "Argumentative Objection."

**Burden:** Apple objects to the breadth and burden of this discovery in relationship to its relevance. Apple objects to the extent this discovery seeks "all" responsive information regardless of its materiality and relevance. Apple further objects to the extent producing pursuant to a "sufficient to show standard," or in an alternative form, is more reasonable under the circumstances. Apple will not produce documents or information in response to this request that exceeds the discovery that plaintiff is entitled to under the applicable statutes or rules. This objection will hereafter be referred to as the "Burden Objection."

- 2 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

**Compound:** Apple objects to the extent that this discovery violates the applicable procedural statutes or rules to the extent that it is compound, conjunctive or disjunctive, resulting in plaintiffs disguising the true amount of discovery they are taking and makes the call of the question (or questions) impossible to ascertain. Apple will treat each subpart as a separately propounded request. This objection will hereafter be referred to as the "Compound Objection."

**Confidential Information:** Apple objects to the discovery to the extent it purports to require Apple to disclose trade secrets, proprietary or other confidential commercial information, attorney-client privileged information, attorney work product or any other sensitive information. This objection will hereafter be referred to as the "Confidential Information Objection."

**Geographic Location:** Apple objects to the discovery to the extent it imposes on Apple an obligation to search for and produce materials unrelated to the geographic scope at issue in this case. For example, Apple will not produce information or documents discussing any geographic regions outside the United States. This objection will hereafter be referred to as the "Geographic Location Objection."

**Reasonable and Diligent Search Objection:** Apple objects to the discovery to the extent it is overbroad and purports to require Apple to search broadly for responsive materials from persons who will not have responsive information. Apple will conduct a reasonable and diligent search for information in their possession, custody and control. This objection will be referred to hereafter as the "Reasonable and Diligent Search Objection."

**Scope and Relevancy:** Apple objects to this discovery to the extent the scope of the requests for which plaintiff seeks responsive material is overbroad, burdensome and oppressive. This occurs when the discovery seeks information that is not reasonably calculated to lead to the discovery of admissible evidence or where the burden of producing the requested material far outweighs the benefit to plaintiff of its production. Apple further objects to the extent the discovery requests do not relate to class certification issues, based on this Court's November 21, 2006 Order Following Further Case Management Conference in *Charoensak et al. v. Apple Computer, Inc.*, No. 05-00037, which applies to this related case. By providing information or documents responsive to these discovery requests, Apple is not waiving its right to rely on that

- 3 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

Order or agreeing that this discovery relates to class certification issues. This objection will hereafter be referred to as the "Scope and Relevancy Objection."

**Time Period:** Apple objects to this discovery to the extent that the time period for which plaintiffs ask Apple to respond is overbroad and burdensome. When Apple agrees to respond, but asserts this objection, Apple will respond for the time period from April 28, 2003 to the present, unless it is clear from the substance of a request that a shorter period will suffice (e.g., if a request relates to events that did not happen until 2005, Apple will search for documents or information beginning in 2005, not 2004). This objection will hereafter be referred to as the "Time Period Objection."

**Vague and Ambiguous:** Apple objects to this discovery to the extent that the terms used are so amorphous and overbroad that they either make the breadth of the request if literally read so overbroad and burdensome as to be unreasonable and beyond the bounds of relevance and/or they make it difficult for Apple to ascertain, with specificity sufficient to allow defendant to conduct a search, what materials plaintiff is seeking. This objection will hereafter be referred to as the "Vague and Ambiguous Objection."

## RESPONSES TO REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

All Documents Concerning or mentioning the market for Apple iPods.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Confidential Information, Vague and Ambiguous and Burden objections.

**REQUEST FOR PRODUCTION NO. 2:**

All Documents Concerning or mentioning the market for video files purchased from Apple's iTunes Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Confidential Information, Vague and Ambiguous and Burden objections.

- 4 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents Concerning or mentioning the market for audio files purchased from Apple's iTunes Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Confidential Information, Vague and Ambiguous and Burden objections.

**REQUEST FOR PRODUCTION NO. 4:**

All Documents concerning or mentioning the Digital Millennium Copyright Act.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Confidential Information, Vague and Ambiguous, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 5:**

All documents Concerning or mentioning DRM or other digital media files or copy protection methods other then FairPlay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Confidential Information, Vague and Ambiguous, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 6:**

All Communications between you and Microsoft Corporation Concerning or mentioning licensing or royalty agreements and/or payments Concerning media formats, including audio, image, and video file formats, and all Communications with Microsoft Corporation concerning Digital Music Players and/or DRM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Confidential Information, Vague and Ambiguous, Compound, Reasonable and Diligent Search and Burden objections.

- 5 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF MELANIE TUCKER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT APPLE INC.

**REQUEST FOR PRODUCTION NO. 7:**

All Communications between you and RealNetworks, Inc; Archos S.A.; the companies over the class period that have controlled Rio (including D&M Holdings U.S., Inc); and Creative Technologies Ltd., and memos Concerning analyzing, discussing or answering these communications.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 8:**

All Documents and correspondence Concerning agreements to license DRM software methods, or other DRM related intellectual property, including the agreements themselves and Concerning any request by any company to license Apple's FairPlay DRM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Confidential Information, Compound, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 9:**

All Documents Concerning exporting, copying, burning, transferring, converting or "ripping" of audio files from one audio format to another. For example, the conversion of AAC Files to MP3 files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Confidential Information, Compound, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 10:**

Full copies of the spreadsheets for which excerpts were produced to Somtai Troy Charoensak and marked APPLE CHAR 00059 through APPLE CHAR 00066 and all Documents

- 6 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

used in the production of these Documents, including but not limited to all Profit and Loss Statements for all iPod models.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Confidential Information and Burden objections. Apple further objects to the extent any documents are protected by the attorney-client privilege.

**REQUEST FOR PRODUCTION NO. 11:**

All Documents and answers Apple produced, and all transcripts of depositions taken in litigation or investigations involving the iPod, iTunes and/or iTunes Store brought by the governments of France, Germany, Norway, Sweden, Finland, Denmark, the United Kingdom, the European Union/European Commission, the French consumer rights organization UFC Que Choisir and as a Third Party to the *In re Napster, inc. Copyright Litigation*, No. C MDL-00-1369-MHP (N.D. Cal.).

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 12:**

All Documents that identify, describe or refer to any actual, prior or potential competitor of Apple iPod and audio and video files sold by iTMS.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 13:**

All Documents analyzing, describing, estimating or projecting the past, present, future or projected market share of:

    i) iPod;

- 7 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

        ii)    online music files;

        iii)   online video files; and

        iv)   music software, including but not limited to iTunes and Garage Band.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 14:**

All Documents analyzing, describing, estimating or projecting your sales of:

        i)    the iPod;

        ii)   online music files; or

        iii)  the online video files.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Confidential Information, Compound, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 15:**

All Documents concerning the actual or potential impact on your iPod and/or iTunes music and video market shares, sales or profits resulting from the introduction, modification, changes to the terms of use for, changes to the pricing, employment or maintenance of FairPlay DRM.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 16:**

All Documents Concerning the actual or potential impact on your iPod and/or iTunes music and video market shares, sales or profits resulting from any restriction or limitation on the

- 8 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

compatibility of files protected by Apple's FairPlay DRM with other file formats or any Digital Music Player other than iPod.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 17:**

All Documents reflecting or constituting any internal communications concerning:

    i)    the licensing or sharing of FairPlay DRM;

    ii)    the compatibility (or lack thereof) of files protected by Apple's FairPlay DRM with other file formats or any Portable Digital Music Player other than iPod; and

    iii)    The actual, anticipated or potential entry into the market(s) of any actual or potential competitor of the iPod, the iTMS or iTunes Software.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 18:**

All Documents analyzing, describing, estimating or projecting the impact on your iPod and/or iTunes music and video market shares or sales resulting from:

    i)    the licensing of Apple's FairPlay DRM to third parties;

    ii)    any measures that would make iPods interoperable with music files protected by means other than Apple's FairPlay DRM; or

    iii)    any measures that would make music purchased from the iTMS interoperable with any Digital Music Player other than iPod.

- 9 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF MELANIE TUCKER'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT APPLE INC.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Confidential Information, Compound, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 19:**

All Documents necessary to allow the calculation for each quarter since the introduction of the iPod for each model that iPod has Apple sold, the number of iPods that have been purchased, Apple's total revenue from the sale of each iPod model and Apple's Cost of Manufacturing and cost of sale for each iPod model.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 19:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 20:**

All complaints and other correspondence from individuals Apple has received regarding the lack of interoperability of iTunes audio and video files with non-Apple Digital Music Players, the iPod and non-Apple music and video file formats Concerning FairPlay DRM and any summaries or analysis of such complaints.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 21:**

All Documents Concerning RealNetworks Harmony Technology, which according to RealNetworks press release entitled "RealNetworks Introduces Harmony Enabling Consumers to Buy Digital Music that Plays on All Popular Devices" dated July 26, 2004: "[E]nable[s] consumers to securely transfer purchased music to every popular secure music device" and "frees

- 10 -

DEFENDANT'S OBJECTIONS TO PLAINTIFF
MELANIE TUCKER'S FIRST SET OF REQUESTS FOR
PRODUCTION TO DEFENDANT APPLE INC.

consumers from the limitation of being locked into a specific portable device when they buy digital music."

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21:**

Subject to its Reservation of Rights, Apple asserts the Argumentative, Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Confidential Information, Compound, Reasonable and Diligent Search and Burden objections.

**REQUEST FOR PRODUCTION NO. 22:**

All personnel charts, related personnel listing, indices or directories, organizational charts and document retention policies produced, compiled, or dated after January 1, 2000.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:**

Subject to its Reservation of Rights, Apple asserts the Scope and Relevancy, Geographic Location, Time Period, Vague and Ambiguous, Compound, Confidential Information, Reasonable and Diligent Search and Burden objections.

Dated: February 23, 2007

Jones Day

By: _____
Tracy M. Strong

Counsel for Defendant
APPLE INC. f/k/a Apple Computer, Inc.

SFI-561294v1