# EXHIBIT E

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5710
ramittelstaedt@jonesday.com

April 13, 2007

REC'D APR 1 9 2007

VIA EMAIL AND MAIL

Bonny Sweeney, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 9210-3301

Re: *Apple iPod iTunes Antitrust Litigation*, Case No. 05-00037-JW

Dear Bonny:

Your April 10 letter, and its assertion that Apple is trying to avoid a duty to meet and confer about your discovery responses is erroneous and ignores the recent history in this case. You served extremely burdensome discovery requests that were not limited to class issues. We met and conferred on January 31, and you undertook to send a letter specifying which if any of the requests related to class issues and explaining the basis for your position. On Valentine's Day, you again promised to send the letter. No letter was forthcoming.

With the due date for our response fast approaching, we asked for an extension of time to respond to the discovery so that your position that merits discovery should be permitted could be resolved. Not hearing back from you, we served our objections on the due date. Your belated February 23 letter continued to dispute that discovery should be limited to class issues, despite Judge Ware's ruling to that effect in the companion case.

Shortly after, Judge Ware put the cases on hold pending decision on whether they should be consolidated. We assumed that was the reason you did not follow up on your February 23 letter. Now that the cases have been consolidated and your consolidated complaint is due next week, we think it makes sense to await filing of that complaint and then revisiting these discovery issues.

If, however, you want to proceed with a meet and confer in the meantime, it would be helpful if you set forth the bases for your position that the discovery specified in your February 23 relates to class issues, now that you concede that discovery should be so limited. For example, what do DRM licensing agreements or Apple's cost of manufacture have to do with class composition or typicality as you assert? Or the other items specified in your letter?

SFI-563445v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

      We are willing to enter into the same protective order as in *Charoensak* and to discuss the two other stipulations attached to your letter. I am out of the office until next Friday. Do you have any time available then?

Very truly yours,

Robert A. Mittelstaedt

cc: Andrew Friedman
     Roy Katriel

SFI-563445v1