# EXHIBIT F




SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

BONNY SWEENEY
BonnyS@LerachLaw.com

May 24, 2007

<u>VIA E-MAIL AND</u>
<u>FIRST CLASS MAIL</u>

Robert Mittlestaedt
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

    Re:    5/14/07 Meet and Confer Call - Summary and Follow Up

Dear Bob:

I am writing to follow-up on our May 14, 2007 meet and confer call and to communicate Plaintiffs' position on several issues we discussed.

### Protective Order

The parties agree to use the protective order agreed upon in the *Charoensak* action. Tracy Strong will send Plaintiffs' counsel a revised version of the order to sign.

### Class Certification Discovery

Defendant has continued to object to most of Plaintiffs' discovery on the grounds that it relates to merits, not class, issues. You have proposed a stepped discovery approach under which Apple will respond to "class certification discovery"; Plaintiffs will file their motion for class certification; after Defendant files its opposition a case management conference be held and Plaintiffs be allowed to resume "class issues" discovery before filing their reply in support of their class certification. On the basis of this stepped approach, Apple has proposed deferring its response to many of Plaintiffs' requests. Without conceding that bifurcation of discovery is appropriate, in the event that discovery is bifurcated and the Court approves this stepped approach to discovery, Plaintiffs agree that Apple may defer some of its responses, as set forth below.

### Requests for Production of Documents



Robert Mittlestaedt
May 24, 2007
Page 2

### Request Nos. 1-3, 12 and 14

Defendant contends that request Nos. 1-3, 12 and 14, are not relevant to class certification because Defendant does not anticipate raising the issue of market definition in its opposition to class certification. Plaintiffs therefore will defer these until Defendant files its opposition to class certification. If Defendant raises market definition issues in its opposition, Plaintiffs will demand an immediate response.

### Request Nos. 4-9, 13, 15, and 16

Plaintiffs contend that request Nos. 4-7, 9, 13, 15, and 16 are needed to show that the impact of Defendant's decisions to make its products incompatible with its competitors affected the entire class. Defendant responds that these requests are overbroad and burdensome, and requests that Plaintiffs file narrower requests, for example limiting the requests to documents that examine the impact of the requests on consumers.

Plaintiffs do not agree that these requests are overly burdensome or overboard. Nonetheless, without waiver of their right to seek this information, Plaintiffs will agree to narrow their requests for request Nos. 4, 5, 9, and 13. Please see the appendix to this letter for the original and revised versions of these requests.

Plaintiffs are not, however, able to propose narrower versions of request Nos. 6, 7, 8, 15 or 16, which are already very specific, and which Plaintiffs believe likely encompass a small number of documents.

If Defendant is unwilling to respond to these requests as is (or propose a modification), the parties are at an impasse.

### Requests No. 10 and 20

Defendant agrees to respond fully to requests No. 10 (full copies of partial spreadsheets produced in *Charoensak*) and No. 20 (consumer complaints about the lack of interoperability).

### Request No. 11

Request No. 11 seeks documents produced in European litigation and government investigations over the tying and lack of interoperability of iPod and iTMS with other music stores and DMPs. Many of these documents will be relevant to class certification, and to whatever extent any of these documents are relevant only to merits, the burden of producing materials that have already been produced will be negligible. The parties are at an impasse.



Robert Mittlestaedt
May 24, 2007
Page 3

*Request No. 19*

Defendant agrees to respond to No. 19 by producing data showing sales of each model of iPods. Plaintiffs request that Defendant respond fully to No. 19, because data showing revenue and costs are relevant to Plaintiffs' ability to show that damages can be proven on a class-wide basis, and that the impact of Defendant's conduct was felt by the entire class.

*Request No. 22*

Defendant agrees to respond to No. 22, which reads:

> All personnel charts, related personnel listings, indices or directories, organizational charts and document retention policies produced, compiled, or dated after January 1, 2000.

However, you have requested that Plaintiffs narrow the request such that it does not encompass every such document for the entire relevant period.

Plaintiffs therefore agree to limit their request to one set of personnel/organizational charts and document retention policies for each one-year period, beginning January 1, 2000, and further narrow their request to exclude organizational charts and other personnel listings dealing with the design, sale, and marketing of hardware products other than iPod; and software products other than iTunes and iTMS; and excluding organizational charts and other personnel listings for Defendant retail and online stores (other than iTMS).

**Interrogatory No. 5**

Given that Defendant does not intend to raise the issue of market definition in its opposition to class certification, Plaintiffs agree to defer this request in the event that discovery is bifurcated without prejudice to their right to seek this discovery later.

**Plaintiffs' First 30(b)(6) Deposition Notice**

*Subject Matter Nos. 1 to 4*

Defendant contends that Subject Matter Nos. 1 to 4, relating to the organization and management structure of Apple, is burdensome and not related to class issues.

Plaintiffs' position is that these requests are not burdensome, and are standard preliminary topics that must be addressed before later discovery can proceed, and that there is no reason to delay.



Defendants suggest that some of these subjects can be better addressed in writing, and request that Defendants submit a letter responding to the information requests contained in the notice. Plaintiffs agree to this suggestion.

### Subject Matter Nos. 5-6

Subject Matter Nos. 5(a)-(d), (g)-(j) and No. 6 are again preliminary matters, asking not for information about iPod and digital music/video, but rather the identity of the persons with authority and responsibility over these areas of Defendant's business. To the extent that Defendant produces documents in response to Plaintiffs' narrowed RFP No. 22 that allow Plaintiffs to determine the identity and job responsibility of these persons, Plaintiffs agree to defer their request that Defendant produce a witness to testify regarding Subject Matter Nos. 5(a)-(d), (g)-(j) and No. 6.

If Defendant will confirm to Plaintiffs that it does not intend to oppose class certification on the grounds that changes to Defendant's various Software License Agreements, Terms of Sale, and Terms of Service affect commonality and/or typicality, then Plaintiffs agree to defer their request that Defendant produce a witness to testify regarding Subject Matter No. 5(e)-(f).

### Subject Matter Nos. 6-7

Subject Matter Nos. 7 and 8 concern Apple's document retention and destruction practices and policies.

On December 21, 2006, I requested that you take steps to ensure that "Apple employees who may create, receive, or use discoverable e-mails, voice mail messages, and instant messages are saving all of this information," and also requested that you confirm in writing that Apple is preserving this information.

I did not receive a confirmation from you that Apple was preserving this information. I again ask for this.

Given that you have not confirmed that Apple employees are not routinely destroying relevant and responsive documents, Plaintiffs cannot defer this request. Plaintiffs request that even as we continue to meet and confer regarding Subject Matter Nos. 1 to 6, a deposition concerning only Subject Matter Nos. 7 and 8 be scheduled as soon as possible, ideally in the next three weeks, during which myself or one of my colleagues will be available any weekday for a deposition at a location of Defendant's choosing.


Robert Mittlestaedt
May 24, 2007
Page 5

### Plaintiffs' Second 30(b)(6) Deposition Notice

There is a typo on page 5 of the notice, in Subject Matter No. 3: "SigmaTel STMP3550" should be replaced with "AAC."

Because Defendant does not anticipate raising the issue of market definition in its opposition to class certification, Plaintiffs defer their request that Apple produce a witness to testify regarding Subject Matter Nos. 7 and 8.

Defendant indicated during the call it intends to oppose class certification on the grounds that individual purchasers of a tied product purportedly must show their purchase was as a result of being individually coerced. Plaintiffs thus will need to depose witnesses on the subject matters in the second notice, with the exception of 7 and 8 as discussed above. For example, Plaintiffs alleged, based on product specification sheets obtained from iPod component part manufacturers, that Apple coerced each class members by crippling "system-on-a-chip" components. Thus Plaintiffs must know which chips are on which iPods and details on their technical capabilities (Subject Matter Nos. 4-6).

### Deposition of Plaintiff Melanie Tucker

Plaintiffs will produce Tucker for deposition only once.

Defendant proposes that Melanie Tucker's deposition be held July 12, 13, 16, 17, 25, or 26. Plaintiffs will confer with Tucker to see her availability these dates.

Defendant indicated, in a April 26, 2007 telephone call between Tracy Strong and Greg Weston, that Defendant would be willing to hold the deposition in either San Francisco or San Diego. Tucker chooses to have the deposition in San Diego.

### Expert Stipulation

Defendant will not agree to the expert stipulation proposed by Plaintiffs but agrees experts' internal drafts need not be produced. Plaintiffs request that Defendant propose a stipulation.

Very truly yours,

*Greg Weston* for *Bonny Sweeney*

Bonny E. Sweeney

BES:amc
Attachment