# EXHIBIT G

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

REC'D JUN 0 4 2007

Direct Number: (415) 875-5765
rstrong@jonesday.com

May 31, 2007

VIA EMAIL AND MAIL

Bonny Sweeney, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 9210-3301

    Re:    *Apple iPod iTunes Antitrust Litigation*, Case No. 05-00037-JW

Dear Bonny:

    This responds to your May 24 letter regarding discovery related to class issues.

    Your letter reflects plaintiffs' position that discovery should not be bifurcated to class issues. In *Charoensak*, however, the Court adopted the bifurcated approach. Now that *Tucker* has been consolidated with *Charoensak*, we feel strongly that the previous bifurcation order should remain in place. So contrary to your letter, it is not a matter of Apple "defer[ring]" responses; it is more accurately a matter of the discovery not being permissible, at least at this point. If no class is certified, I doubt that your clients will want to undertake the expense of deposing most knowledgeable persons on topics ranging from every aspect of the iPod, FairPlay and iTunes products to analysis of market share for each of those products to interoperability of the products.

    In setting a briefing schedule for the class motion in *Charoensak*, the Court scheduled a CMC for shortly after the due date for the opposition papers. One purpose of the CMC was to determine if plaintiffs were entitled to any discovery on issues raised in the opposition. This approach will help avoid, or at least postpone, discovery disputes. So we offered to agree to the same approach here. We also agreed not to argue that plaintiffs should have taken discovery before the opposition brief. This should fully protect plaintiffs' legitimate interests.

    You are correct that we do not anticipate raising market definition issues in our opposition. If we change our mind and you think you need discovery, the post-opposition, pre-reply CMC will be the way to raise that issue if we cannot resolve it informally.

    We disagree with your position that Requests Nos. 4-9, 13, 15 and 16 are class-related. Those requests, to illustrate, call for all documents mentioning the DMCA, DRM, or copying music files. We do not understand how these types of documents could possibly be related, let alone important, to class-wide "impact." Yes, consumers can burn music files purchased from the iTunes store, load them onto a computer and any portable device they want. But that does

SFI-565284v1

not justify requiring Apple to search for every document relating to burning/ripping, much less every document relating to the DMCA or DRM.

Regarding Request No. 11, we did not discuss this request during our May 14 call and you did not assert that this was class-related discovery in your February 23 letter. Apple objects to producing anything related to litigation or investigations in Europe, as this case is limited to the United States. Likewise, we also fail to see how the discovery that took place in *Napster* is relevant to class certification.

Your letter is incorrect regarding Request No. 22. We did not agree to produce the organizational charts and other requested documents. Those documents are not tied to class issues. We noted in our call that if the burden was de minimus, we might decide to produce rather than spend time in court on this issue. But the "narrowing" proposed in your letter imposes more than a de minimus burden.

We did agree to produce non-redacted copies of the spreadsheets marked APPLE CHAR 00059-66 in response to Request No. 10, and complaints from customers regarding interoperability in response to Request No. 20. We also agreed to produce documents sufficient to show the number of iPods purchased by quarter by model if possible in response to Request No. 19, but did not agree to provide the cost and revenue data.

Turning to the first deposition notice, you request depositions of most knowledgeable persons with respect to the organizational structure of Apple and the identity, job title and other information about everyone ranging from members of the Board of Directors to employees involved in design, production, manufacturing, marketing, sale, financial analysis, customer relations and terms of agreements relating to the iPod and iTunes. Contrary to your letter, we did not suggest or agree to provide the requested information by letter. Our position, clearly stated we thought, was that this is all premature and not related to class issues. If and when it does become relevant, we do not think a deposition would be the most productive or efficient way to identify persons to be deposed. We are willing to work with you informally when the time comes. Your assertion that these are "preliminary topics" that "must be addressed before later discovery can proceed" is not necessarily accurate, at least to the extent it implies that 30(b)(6) depositions are the appropriate vehicle. But in any event, your description concedes that the requested discovery is not class-related, which is the threshold objection.

As to Topic Nos. 5(e)-(f) of the first deposition notice, we do not anticipate opposing the class on the ground you state. If that changes, the post-opposition, pre-reply CMC will adequately protect you.

You say that you cannot defer a deposition on document retention absent confirmation that Apple is not "routinely destroying relevant and responsive documents." We hereby confirm that a document hold order has been issued, prohibiting the type of destruction to which you

refer. Please also confirm that plaintiffs and their agents are retaining their relevant documents including music files.

On the second deposition notice, despite contending in your February 23 letter that the only topics related to class certification were Topics 7 and 8 regarding market definition and market share, you now inexplicably contend that **all** of the topics are class-related **except** for Topics 7 and 8. Apple objects to the entire notice. Each topic relates only to merits issues. For example, plaintiffs do not need to know, as you contend, what chips are on the iPods and how they work for purposes of class certification.

You agreed to send us a revised Word version of the ediscovery stipulation so that we could propose an amended version. If you would kindly send the expert stipulation as well, we can propose alternative language for that one too. We have modified the caption and signature blocks for the stipulated protective order entered in *Charoensak* and attach it for your review.

Finally, please provide dates on which Ms. Tucker is available for deposition in San Francisco.

Very truly yours,

Tracy M. Strong

cc: Andrew Friedman
Roy Katriel

Enclosure