"The Apple iPod iTunes Anti-Trust Litigation"                                                                    Doc. 138

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  BONNY E. SWEENEY (176174)
   GREGORY S. WESTON (239944)
3  655 West Broadway, Suite 1900
   San Diego, CA 92101
4  Telephone: 619/231-1058
   619/231-7423 (fax)
5  bonnys@csgrr.com
   gweston@csgrr.com
6
   THE KATRIEL LAW FIRM
7  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
8  Washington, DC 20007
   Telephone: 202/625-4342
9  202/330-5593 (fax)
   rak@katriellaw.com
10
   Co-Lead Counsel for Plaintiffs
11
   [Additional counsel appear on signature page.]

12

UNITED STATES DISTRICT COURT

13

NORTHERN DISTRICT OF CALIFORNIA

14

SAN JOSE DIVISION

15

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-JW |
|  ) | <u>CLASS ACTION</u> |
| This Document Relates To: ) ) ALL ACTIONS. ) ) ) | AMENDED DECLARATION OF BONNY E. SWEENEY IN SUPPORT OF MOTION TO COMPEL DEFENDANT APPLE INC.'S PRODUCTION OF DOCUMENTS RELATING TO CLASS CERTIFICATION |
| | DATE: January 16, 2008<br>TIME: 9:30 a.m.<br>COURTROOM: 4, 5th Floor<br>JUDGE: Magistrate Judge Richard Seeborg |

Dockets.Justia.com

I, Bonny E. Sweeney, declare as follows:

I am an attorney duly licensed to practice before all of the courts of the State of California. I am a member of the law firm of Coughlin Stoia Geller Rudman & Robbins, LLP, one of the counsel of record for Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

1. On January 18, 2007, Plaintiff propounded her first set of requests for production of documents on Apple. *See* Ex. A, attached hereto.

2. On February 23, 2007, Apple responded to each of Plaintiff's discovery requests with objections. *See* Ex. B, attached hereto. Counsel for Apple further suggested that discovery initially be limited to class certification issues.

3. On February 23, 2007, in response to Apple's suggestion that discovery initially be limited to class certification issues, I sent a letter to Mr. Mittelstaedt and Ms. Strong extending Apple's response date by one week as well as identifying the requests most relevant to class certification. At the same time, Plaintiffs reserved their right to challenge any discovery bifurcation. *See* Ex. D, attached hereto.

4. On April 13, 2007, I received a letter from Apple's counsel stating that if we would like to meet and confer, Plaintiff Tucker should "set forth the bases for your position that the discovery specified . . . relates to class issues." *See* Ex. E, attached hereto.

5. During the May 14, 2007, telephonic meet and confer, counsel for Apple discussed implementing a "stepped discovery" plan. On May 24, 2007, I wrote a letter to counsel following up on the meet and confer call, and agreeing to Apple's "stepped discovery" proposal. The agreement required Apple to respond immediately to "class certification discovery," and Plaintiffs agreed to permit Apple to defer its responses to certain discovery requests pending the filing of Apple's opposition to Plaintiffs' motion for class certification. *See* Ex. F, attached hereto.

6. On May 31, 2007, I received a letter from counsel confirming its willingness to produce unredacted spreadsheets responsive to Request No. 10, but refusing to comply with the full extent of the request. Further, counsel again objected to producing cost and revenue data pursuant to Request No. 19, stating that it was not relevant to class certification. *See* Ex. G, attached hereto.

AMENDED DECLARATION OF SWEENEY IN SUPPORT OF MOTION TO COMPEL APPLE INC.'S
PRODUCTION OF DOCUMENTS RELATING TO CLASS CERTIFICATION - C-05-00037-JW         - 1 -

7. On June 8, 2007, I again offered yet another concession to Apple by agreeing to accept production of the underlying documents responsive to Request No. 10 in either electronic version agreed to in the discovery format agreement, or in their native computer file format. *See* Ex. H, attached hereto.

8. On June 15, Apple reversed its position and informed Plaintiffs that it would not produce the spreadsheets responsive to Request No. 10 without redactions. *See* Ex. C, attached hereto.

9. Following the Court's August 21, 2007 ruling on Plaintiff's Motion for Administrative Relief (*see* Ex. I), Gregory Weston sent a letter to counsel reiterating that Apple produce the responsive revenue, profit and loss statements, and related documents and explain the basis of its confidentiality objection. *See* Ex. J, attached hereto.

10. On August 28, 2007, Apple again refused to provide the outstanding documents responsive to Plaintiffs' Requests No. 10 and 19. *See* Ex. K, attached hereto.

11. On September 26, 2007, Apple refused again to provide the outstanding documents, claiming that they are "merit" based and not "class" related. Apple has never objected to their relevancy. *See* Ex. L, attached hereto.

12. Attached hereto are true and correct copies of the following:

Exhibit A: Plaintiff Melanie Tucker's First Set of Requests for Production of Documents to Defendant Apple Inc. dated January 18, 2007;

Exhibit B: Apple Inc.'s Objections to Plaintiff Melanie Tucker's First Set for Requests for Production of Documents dated February 23, 2007;

Exhibit C: Letter from Tracy Strong to Bonny Sweeney, dated June 15, 2007;

Exhibit D: Letter from Bonny Sweeney to Robert Mittlestaedt, dated February 23, 2007;

Exhibit E: Letter from Robert Mittlestaedt to Bonny Sweeney, dated April 13, 2007;

Exhibit F: Letter from Bonny Sweeney to Robert Mittlestaedt, dated May 24, 2007;

Exhibit G: Letter from Tracy Strong to Bonny Sweeney, dated May 31, 2007;

Exhibit H: Letter From Bonny Sweeney to Robert Mittlestaedt and Tracy Strong, dated June 8, 2007;

Exhibit I: *The Apple iPod iTunes Antitrust Litigation*, No. 05-cv-00037-JW, Order Regarding Plaintiffs' Motion for Administrative Relief (N.D. Cal. July 20, 2007);

Exhibit J: Letter from Gregory Weston to Tracy Strong, dated August 21, 2007;

Exhibit K: Letter from Tracy Strong to Greg Weston, dated August 28, 2007; and

Exhibit L: Letter from Tracy Strong to Greg Weston, dated September 26, 2007.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 7th day of December, 2007, at San Diego, California.

s/BONNY E. SWEENEY<br>BONNY E. SWEENEY

S:\CasesSD\Apple Tying\DEC00047575-Corrected.doc

# CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 7, 2007.

s/ BONNY E. SWEENEY
BONNY E. SWEENEY

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:BonnyS@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael David Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,tturner@csgrr.com,E_file_sd@csgrr.com

- **Gregory Steven Weston**
  gweston@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012