# EXHIBIT D

"The Apple iPod iTunes Anti-Trust Litigation"

Case 5:05-cv-00037-JW   Document 134-5   Filed 12/03/2007   Page 1 of 3

**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

BONNY SWEENEY
BonnyS@LerachLaw.com

February 23, 2007

VIA E-MAIL AND
FIRST-CLASS MAIL

Robert A. Mittelstaedt
Tracy M. Strong
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Re:   *Tucker v. Apple Computer, Inc.*, No. 06-04457-JW

Dear Bob and Tracy:

    We are willing to grant Apple a short extension to respond to Tucker's discovery requests, but not on the ground that the parties disagree as to the scope of the discovery. Although we agreed to send you a letter identifying those requests that we view as most relevant to plaintiff's class certification motion, we did not expect or condone a delay by Apple in responding to our requests. Rather, our intent was to move the process forward, by meeting and conferring on Apple's anticipated objection that our discovery requests are not limited to class certification issues. That said, we are nonetheless willing to extend Apple's response date by one week, to March 2.

    As to the scope of plaintiff's discovery, we disagree with Apple's assertion that discovery in Tucker is limited to class certification issues. We also disagree that "merits discovery" and "class certification discovery" can be effectively separated, because class and merits issues, and the discovery necessary for each, are often intertwined. Nonetheless, in the spirit of cooperation, we are writing you this letter to advise you of those requests that plaintiff views as most relevant to class certification, and as to which we request an immediate response. Nothing in this letter shall constitute an admission that any request not so identified is not related to class certification, and plaintiff reserves all rights to demand subsequently that Apple produce such information prior to class certification. Further, plaintiff reserves the right to seek additional discovery relating to class certification, including after receiving Apple's opposition to the class certification motion.

    Specifically, plaintiff Tucker views the following discovery requests as most relevant to class certification and requests that Apple respond immediately:

**Requests Relating to Class Composition or Size, and Typicality of Plaintiff's Claims** (Request Nos. 8, 10, 15-16, 19-20; First Deposition Notice, Subject Matters 5(e), (f), (i) and (j)).

655 West Broadway, Suite 1900 • San Diego, California 92101-3301 • 619.231.1058 • Fax 619.231.7423 • www.lerachlaw.com

345   61-M

**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

Robert A. Mittelstaedt
Tracy M. Strong
February 23, 2007
Page 2

These requests relate to the composition or size of the proposed class, and the typicality of Tucker's claims. There should be no debate that Apple should respond immediately to these requests.

**Requests Relating to Market Definition** (Request Nos. 1-3, 12-13; Interrogatory No. 5; First Deposition Notice, Subject Matters 5(a) and (b); Second Deposition Notice, Subject Matters 7-8.)

Although plaintiff does not contend that market definition information is necessary for plaintiff's class certification motion, plaintiff anticipates that Apple may argue in opposition that plaintiff cannot prove class-wide impact, and rely on market definitions other than the ones alleged in plaintiff's complaint.

**Preliminary Information** (Request Nos. 22, Deposition Subject Matters 1-4, 6-8). These requests, while not specifically related to class certification, should be answered now because they seek preliminary information (such as responsible personnel) and are not burdensome.

We look forward to your responses to plaintiff's discovery, and to continuing the meet and confer process. Please also send us your comments on the proposed stipulations we sent you on January 18 regarding electronic discovery, experts, and confidential information.

Very truly yours,

*[signature]*

BONNY E. SWEENEY

BES:tat

cc:   Andrew Friedman

S:\CasesSD\Apple Tying\Corres\Mittelstaedt, Strong 02-23-07.doc