# EXHIBIT H



SAN DIEGO · SAN FRANCISCO
LOS ANGELES · NEW YORK · BOCA RATON
WASHINGTON, DC · HOUSTON
PHILADELPHIA · SEATTLE

BONNY SWEENEY
BonnyS@LerachLaw.com

June 8, 2007

VIA E-MAIL AND
FIRST-CLASS MAIL

Robert A. Mittelstaedt
Tracy M. Strong
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Re:   *Tucker v. Apple Computer, Inc.*, No. 06-04457-JW

Dear Bob and Tracy:

Thank you for your letter of May 31, 2007, responding to my prior meet-and-confer letter.

**Bifurcation of Discovery**: You suggest in your letter that the *Charoensak* bifurcation order applies to all parties in the newly-consolidated case, *Apple iPod iTunes Antitrust Litigation*. While plaintiffs recognize that the Court is likely to enter the same or a similar order here, they are unwilling to defer the vast majority of their discovery solely on the basis of Apple's assurance that plaintiffs will be able to obtain additional discovery responses between the time Apple files its class certification opposition and the time plaintiffs must file their reply papers. Plaintiffs therefore propose that the parties address the discovery issues at a case management conference with Judge Ware. According to Judge Ware's calendar clerk, we could appear in front of Judge Ware on August 6th or 13th. Please let me know your availability as soon as possible.

**Protective Order**: We have signed the revised proposed protective order and enclose the original.

**Electronic Discovery Format Agreement**: Plaintiffs have attached their proposed Electronic Discovery Format Agreement.

**Discovery Requests**: Apple has confirmed that, at least at the present time, it does not anticipate raising market definition issues in its opposition to plaintiffs' motion for class certification, or arguing that changes to Apple's software licensing agreements, terms of sale agreements or terms of service agreements affect commonality or typicality. Therefore, as we discussed, if the Court bifurcates merits and class certification discovery and provides plaintiffs an opportunity to conduct additional class discovery before serving their reply papers, plaintiffs will defer document requests 1-3, 12, 14; interrogatory number 5; and 30(b)(6) deposition subject matter numbers 5(e)(f) (first notice), 7 and 8 (second notice). In addition, plaintiffs will defer document request numbers 4-9, 13, 15 and 16, and the deposition subject



Robert A. Mittelstaedt
Tracy M. Strong
June 8, 2007
Page 2

matter identified in the second notice if the Court bifurcates discovery, in response to Apple's objection that these requests are not class-related.

Apple has agreed to produce consumer complaints regarding inoperability (request number 20), but has not stated whether it will produce summaries and analysis of such complaints. Please confirm that Apple is also producing these documents. If not, the parties are at an impasse.

Apple has agreed to produce non-redacted copies of the spreadsheets marked APPLE CHAR 00059-66 (request number 10). However, plaintiffs seek not just the non-redacted versions of the pages produced to Charoensak, but any other pages, hidden fields, formulae, and workbooks that were part of those documents and would not be visible in a simple printout of the spreadsheets, even if unredacted. Plaintiffs could accept production of the documents either according to the electronic discovery format agreement they will shortly propose (which contains small modifications to the earlier version), or to the earlier proposed version of the agreement, or in native computer file format. Further, plaintiffs requested all documents used to create those spreadsheets. Apple has provided no justification for not producing the underlying documents. The parties are at an impasse.

Apple has also agreed to produce documents sufficient to show the number of iPods purchased by quarter by model (request number 19), but has refused to produce cost and revenue data. Again, this information is relevant to class certification, and even assuming bifurcation, the parties are at an impasse.

As to certain requests that are not obviously class-related, the burden on Apple of producing responsive information is far too minimal to justify deferring the discovery. See Rule 26(b)(2)(B). Plaintiffs are not willing to defer responses to request numbers 11 (documents produced in European investigations) or 22 (organizational charts). The litigation and investigations over the lack of interoperability of the iPod and iTunes with other music stores and digital music players are highly relevant to the issues in this case, and directly relate to the charges of tying, monopolization, and attempted monopolization. And because plaintiffs' limited request asks only for transcripts of depositions and documents already produced by Apple. the burden on Apple is *de minimus*. Unless Apple changes its position on request number 11, the parties are at an impasse.

While plaintiffs are willing to defer a deposition of Apple on the topics identified in plaintiffs' first 30(b)(6) deposition notice regarding the organization and management structure of Apple, they demand that Apple produce immediately documents responsive to request number 22, or a letter sufficient to show Apple's organizational structure. Request number 22, as you note, imposes only a "*de minimus*" burden on Apple, and plaintiffs have further minimized Apple's burden by narrowing their document request and by agreeing that Apple can supply organizational information by letter and production of documents rather



Robert A. Mittelstaedt
Tracy M. Strong
June 8, 2007
Page 3

than by deposition. Apple's unjustified refusal to produce responsive information is unreasonable, and the parties are at impasse.

Based upon your representation that a document hold order has been issued, prohibiting the destruction by Apple employees of relevant and responsive documents, plaintiffs will agree to defer the deposition of Apple on document retention and destruction practices and policies (subject matter numbers 6-7, first deposition notice).

**Plaintiffs' Document Retention**: Plaintiffs confirm that they (and any agents) are retaining their relevant documents, including any music files.

**Expert Stipulation**: Attached to the email version of this letter is a Word version of the draft proposed expert stipulation that we sent you previously.

**Plaintiff Tucker's Discovery Responses**: Thank you for agreeing to extend the deadline by which Tucker must respond to Apple's discovery to June 12, 2007. Given that Apple has requested that it receive all responsive documents at least two weeks prior to Ms. Tucker's deposition, I suggest that we discuss a deposition schedule and Tucker's response to Apple's requests for production after plaintiffs serve their responses and the Electronic Discovery Format Agreement is in place.

Very truly yours,

BONNY E. SWEENEY

BES:tat

Enclosure

cc: Andrew Friedman
    Roy Katriel

S:\CasesSD\Apple Tying\Corres\Mittelstaedt, Strong 06-08-07.doc

345   61-M