# EXHIBIT J

Dockets.Justia.com



**LERACH
COUGHLIN
STOIA
GELLER
RUDMAN
& ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
LOS ANGELES • NEW YORK • BOCA RATON
WASHINGTON, DC • HOUSTON
PHILADELPHIA • SEATTLE

Gregory S. Weston
GWeston@lerachlaw.com
619-744-2669

August 21, 2007

<u>DELIVERY METHOD</u>
VIA E-MAIL

Tracy Strong
JONES DAY
555 California Street
26th Floor
San Francisco, CA  94104

  Re: *Apple iPod Antitrust Litigation: 8/20/07 Document Production, Letter, and Revised Objections*

Dear Tracy:

  Yesterday I received and reviewed Apple's production of documents, and write to raise the following issues.

### Documents from other litigation and government investigations

  I did not see English translations of European litigation and government investigation documents you mentioned over the telephone that Apple would be producing. Can you estimate when these will be produced?

  Regarding the confidentiality agreements you said Apple has with other parties that cover portions of the *Napster* production and deposition transcripts, while you attempt to get the permission of these third parties, will you provide the documents and deposition transcripts that do not implicate the confidentiality agreements? I assume these are for the correspondence Apple produced between Apple and the record company parties in *Napster*, and should only be a small part of Apple's total production. In particular, the 3/3/06 motion to compel filed by Hummer Winblad includes (quoting from page 4 of the document):

  4. All documents relating to the business strategy of iTunes

  5. All documents relating to the role of iTunes in the sale and/or marketing of iPods

  6. All documents relating to the profitability of iTunes



Tracy Strong
August 21, 2007
Page 2

Documents that Apple produced in response to these requests should not implicate confidentiality agreements with third parties. Please also let me know as soon as you hear answers from these third parties, and to the extent you are unwilling to produce documents because of the agreements, please produce copies of the agreements and a log of documents withheld because of the agreements.

**Request No. 10**

Regarding Request No. 10 (Full unredacted copies including metadata of spreadsheet pages already produced with bates stamps CHAR 00059 to 00066), your revised objections are for Scope and Relevancy, Confidential Information, Burden, and Attorney Client Privilege.

Please produce a log of all documents withheld on attorney client privilege or attorney work product grounds.

Could you also explain how this request is burdensome? It would seem to me that producing redacted spreadsheet pages, which you have already done, is more of a burden than simply producing the spreadsheets without redactions.

Regarding the Scope objection, Judge Ware's July 20 order allowed non-class certification discovery when the burden of production imposed upon the party is de minimis. Again, I don't see how producing a spreadsheet you have already produced with redactions, this time without the redactions, imposes anything other than a de minimis burden upon Apple.

Could you explain what confidentiality objection you have that are not already addressed by the protective order governing all discovery in the present litigation?

**Organization Charts / Document Retention Policies**

I anticipated receiving the document hold order that Bob confirmed Apple has put in place given that it is a "document retention polic[y] produced, compiled, or dated after January 1, 2000." Would you produce all document hold orders put in place in response to the present action, the predecessor Tucker/Slattery/Charoensak actions, and the Napster Litigation?

As I mentioned over the phone, we are not willing withdraw our first 30(b)(6) deposition notice, whose subject matters concern organization structure and document retention policies, and request you let us know your client's availability for a deposition on all of the subject matters in the first deposition notice, which we served in January of this year.



Tracy Strong
August 21, 2007
Page 3

                          Very truly yours,

                          *Greg Weston*

                          GREGORY S. WESTON

GSW:kfc

S:\CasesSD\Apple Tying\Corres\Strong 082007.doc