# EXHIBIT K

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5765
tstrong@jonesday.com

August 28, 2007

<u>VIA EMAIL</u>

Greg Weston, Esq.
Lerach Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 9210-3301

Re:   <u>Apple iPod iTunes Antitrust Litigation</u>, Case No. 05-00037-JW

Dear Greg:

The following responds to your August 21, 2007 letter regarding Apple's supplemental responses and document production.

I discovered after speaking with you that Apple only has unofficial translations of drafts of the produced European documents. These translations of the drafts were created for Apple by its attorneys for discussion purposes, and include comments by the attorneys. The draft translations are thus protected by the attorney-client privilege and work product doctrine.

Regarding the *Napster* production, Apple has confidentiality obligations under its digital music agreements with the record labels preventing disclosure of the agreements and related documents and information without the labels' consent. We are attempting to obtain consent to produce this material. In the meantime, we will produce the documents that do not implicate these confidentiality obligations.

For Request No. 10, we did not supplement or revise our objections to that request, but continue to assert the previously stated objections. In particular, we continue to object that discovery of profit and loss data is not related to class certification issues and is thus not permitted under Judge Ware's July 20, 2007 order. We disagree that the July 20 order allows any "de minimus" discovery even if not class-related. The Court's description of "de minimus" in footnote one of the order includes only documents previously produced in other litigation and does not support your interpretation. In any event, Request No. 10 requires more than the mere removal of redaction tape. Instead, it seeks all profit and loss statements for iTunes for a three-year period and for all iPod models for a six-year period, and all documents "used in the production of these Documents." Bonny Sweeney also stated in a letter dated June 8, 2007 that this request seeks embedded electronic metadata (such as "other pages, hidden fields, formulae and workbooks") for documents previously produced in hard copy. Review and production of all of these documents and data creates more than a "de minimus" burden.

JONES DAY

Greg Weston
August 28, 2007
Page 2

Document hold orders created in anticipation of or during litigation are protected by the attorney-client privilege and work product doctrine.

Finally, we continue to object to producing 30(b)(6) witnesses on the topics listed in the first notice. On the organizational structure topics (1-6), it is unduly burdensome to prepare and produce for deposition several officers, directors or managers whose testimony will consist of stating the names and job duties for potentially hundreds of Apple employees in at least 22 different aspects of Apple's business. Ms. Sweeney's June 8 letter suggested that plaintiffs were willing to defer deposition on the topics in the first deposition notice if Apple produced documents responsive to Request No. 22. Apple has produced organizational charts for relevant groups within the company. Likewise, on the topics of corporate rules, policies and practices concerning document retention (7-8), Apple has already produced its corporate records retention policy. If plaintiffs require further information, it would be much more efficiently obtained informally through the meet and confer process or through interrogatories. We are willing to discuss further what additional information you are seeking and reasonable methods of obtaining it.

Very truly yours,

Tracy M. Strong

cc:  Todd Carpenter
     Bonny Sweeney
     Andrew Friedman
     Roy Katriel