1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  BONNY E. SWEENEY (176174)
   GREGORY S. WESTON (239944)
3  655 West Broadway, Suite 1900
   San Diego, CA 92101
4  Telephone: 619/231-1058
   619/231-7423 (fax)
5  bonnys@csgrr.com
   gweston@csgrr.com
6
   THE KATRIEL LAW FIRM
7  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
8  Washington, DC 20007
   Telephone: 202/625-4342
9  202/330-5593 (fax)
   rak@katriellaw.com
10
   Co-Lead Counsel for Plaintiffs
11
   [Additional counsel appear on signature page.]
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) ) | Lead Case No. C-05-00037-JW(RS)  <br> <br>CLASS ACTION <br> <br>REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DEFENDANT APPLE, INC.'S PRODUCTION OF DOCUMENTS RELATING TO CLASS CERTIFICATION <br> <br>DATE: January 16, 2008 <br>TIME: 9:30 a.m. <br>COURTROOM; 4, 5th Floor <br>JUDGE: Magistrate Judge Richard Seeborg |

## I. INTRODUCTION

In Apple's Opposition to Motion to Compel Production of Documents "Relating to Class Certification," filed December 21, 2007 ("Opposition"), Apple fails to rebut Plaintiffs' showing that the information sought by this motion is relevant to class certification, and fails to demonstrate that production of the data would impose anything other than a *de minimis* burden on Apple. For these reasons, this Court should grant Plaintiffs' motion to compel.

## II. THE FINANCIAL DATA PLAINTIFFS SEEK IN REQUESTS FOR PRODUCTION NO. 10 AND NO. 19 ARE RELEVANT TO CLASS CERTIFICATION

As Plaintiffs demonstrated in their opening papers, profit and cost data are relevant to their class certification motion, and are routinely used in antitrust class certification expert reports.[1]

In *In re Dynamic Random Access Memory (DRAM) Antitrust Litigation* ("*DRAM Antitrust*"), for example, Judge Hamilton, in certifying the class, found that "the three damage methodologies identified by [Plaintiffs' economist] – have been upheld by numerous courts." *In re Dynamic Random Access Memory Antitrust Litig.*, No. M 02-1486 PJH, 2006 U.S. Dist. LEXIS 39841, at *46 (N.D. Cal. June 5, 2006). One of those three widely recognized methodologies for proving damages – the "operating margin approach" – requires examination of the defendant's revenue and cost data. *See id.*, at *48. While plaintiffs are not required at the class certification stage to conduct a full-blown damage analysis, they must advance a "plausible methodology" and demonstrate that the evidence they intend to present at trial will rely upon common proof. *Id.*, citing *In re Bulk [Extruded]Graphite Prod. Antitrust Litig.*, Civ. No. 02-6030 (WHW), 2006 U.S. Dist. LEXIS 16619, at *44 (D.N.J. Apr. 4, 2006); *In re Industrial Diamonds Antitrust Litig.*, 167 F.R.D. 374, 384 (S.D.N.Y. 1996).

---

[1] Defendant devotes much of its Opposition to rehashing its assertion that Plaintiffs' theory is "unprecedented" and contrary to the spirit of the antitrust laws. Opposition at 1:23-2:18. Though Plaintiffs disagree with most of the statements in this portion of Defendant's Opposition and could reply in detail, it more than suffices to note that Defendant's rehashed arguments have twice already been rejected by Judge Ware. *See Slattery v. Apple Computer, Inc.*, No. C 05-00037 JW, 2005 WL 2204981 (N.D. Cal. Sept. 9, 2005); *Tucker v. Apple Computer, Inc.*, 493 F. Supp. 2d 1090 (N.D. Cal. 2006).

Plaintiffs have no data available to determine whether the operating margin methodology could be used in this case to estimate damages.[2] The cost and revenue information is solely in Apple's hands.

Request No. 19 narrowly seeks the data necessary to use the operating margin methodology for estimating damages:

> All Documents necessary to allow the calculation for each quarter since the introduction of the iPod for each model that iPod has sold, the number of iPods that have been purchased, Apple's total revenue from the sale of each iPod model and ***Apple's Cost of Manufacturing*** and cost of sale for each iPod model.

Request No. 19 (emphasis added). For these reasons, the requested data are relevant to class certification and should be produced.

Defendant states that Plaintiffs "neglect to mention" that it produced "sales information." Opposition at 4:20-24. However, Apple has steadfastly refused to produce any ***iPod cost data***, and Plaintiffs seek both cost and sales data for the various iPod models.

Apple also argues that Plaintiffs' motion should be denied because a Plaintiff in one of the two consolidated cases filed a motion for class certification without the benefit of the data Plaintiffs now seek through this motion. This argument fails as a matter of logic. The standard under the Discovery Order currently in effect is whether Plaintiffs' requests are related to class certification and/or impose a *de minimis* burden. *See generally* Order re: Plaintiffs' Motion for Administrative Relief, entered July 20, 2007 ("Discovery Order"). Both standards are met here.

---

[2] Plaintiffs do, however, have some data that could be used to model the other two damages methodologies approved by Judge Hamilton in *DRAM Antitrust* and by numerous other courts – the "before/after" methodology, which compares prices during the period of anticompetitive conduct to prices in effect either prior to or after the anticompetitive conduct period, and the "yardstick" approach, which compares pricing trends in the subject market to pricing trends in a comparable market not affected by anticompetitive conduct. *DRAM Antitrust*, 2006 U.S. Dist. LEXIS 39841, at *48. While plaintiffs do not possess all of the transactional data necessary to conduct a final analysis under either of these alternative approaches (and are not required to at class certification), some of this data is available from public sources or has been produced by Apple.

1  **III.    THE *DE MINIMIS* BURDEN OF PRODUCTION PROVIDES A SECOND
          AND INDEPENDENTLY SUFFICIENT BASIS FOR COMPELLING
2        PRODUCTION OF THE UNREDACTED SPREADSHEETS AND THE
          IPOD DATA THAT DEFENDANT ADMITS IT COMPILES "IN ITS
3        ORDINARY COURSE OF BUSINESS"**

4   Judge Ware's Discovery Order also allows "the production of documents whose production

5   would impose only a *de minimis* burden on either party." *Id.* at 2:1-2  Apple does not dispute that

6   simply providing unredacted copies of spreadsheets it has already produced in redacted form

7   imposes anything other than a *de minimis* burden.  Thus production of these spreadsheets should be

8   compelled.

9   Regarding the iPod data, Defendant provided a declaration of one of its employees stating

10  that "[i]n its ordinary course of business" it "analyzes the financial performance of the iPod on a

11  worldwide . . . basis" and that producing United States revenue and cost data would take only "two

12  to three days." *See* Declaration of Charles Lancaster in Support of Apple's Opposition to Motion to

13  Compel Production of Documents Relating to Class Certification, filed December 21, 2007

14  ("Lancaster Decl.") at 2:8-9.

15  Plaintiffs submit that production requiring only "two to three days" would, in Judge Ware's

16  words, "impose only a *de minimis* burden" on Defendant. *Id.*; Discovery Order at 2:1-2.  However,

17  Plaintiffs did not ask for United States data, they simply requested:

18  > All Documents necessary to allow the calculation for each quarter since the
   > introduction of the iPod for each model that iPod has sold, the number of iPods that
19 > have been purchased, Apple's total revenue from the sale of each iPod model and
   > Apple's Cost of Manufacturing and cost of sale for each iPod model.
20
Request No. 19.
21
While production of data broken down by region might be helpful, the words "United States"
22
appear nowhere in any of Plaintiffs' requests for production of documents, much less the request at
23
issue. Given Mr. Lancaster's admission, that "[i]n its ordinary course of business, Apple analyzes
24
the financial performance of the iPod on a worldwide rather than a regional basis" (Lancaster Decl.,
25
at 2:8-9),  production of the financial data Plaintiffs request, in the form that it presently exists,
26
would certainly impose no more than a "a *de minimis* burden" on Defendant. Discovery Order at
27
2:1-2.
28

Reply in Support of Plaintiffs' Motion to Compel Defendant Apple, Inc.'s Production of
Documents Relating to Class Certification - C-05-00037-JW(RS)                                    - 3 -

## IV. CONCLUSION

The financial data Plaintiffs seek is discoverable under Judge Ware's recent Discovery Order both on the basis of its clear relevancy to class certification, and independently on the grounds that it would "impose only a *de minimis* burden" on Defendant. Discovery Order at 2:1-2. For the foregoing reasons, Plaintiffs' motion to compel should be granted.

DATED: January 2, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
BONNY E. SWEENEY
GREGORY S. WESTON


s/ BONNY E. SWEENEY
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

| | |
|---|---|
| 1 | |
| 2 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY |
| 3 | JACQUELINE SAILER<br>275 Madison Avenue, Suite 801 |
| 4 | New York, NY 10016<br>Telephone: 212/682-1818 |
| 5 | 212/682-1892 (fax) |
| 6 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 7 | 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067 |
| 8 | Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 9 | Additional Counsel for Plaintiffs |
| 10 | S:\CasesSD\Apple Tying\RES00048157.doc |

Reply in Support of Plaintiffs' Motion to Compel Defendant Apple, Inc.'s Production of
Documents Relating to Class Certification - C-05-00037-JW(RS) - 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 2, 2008.

s/ BONNY E. SWEENEY
BONNY E. SWEENEY
COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: BonnyS@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael David Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@rabinlaw.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,tturner@csgrr.com,E_file_sd@csgrr.com

- **Gregory Steven Weston**
  gweston@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012