| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8<br>9<br>10 | COUGHLIN STOIA GELLER<br>  RUDMAN & ROBBINS LLP<br>BONNY E. SWEENEY (176174)<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 619/231-1058<br>619/231-7423 (fax)<br>bonnys@csgrr.com<br><br>THE KATRIEL LAW FIRM<br>ROY A. KATRIEL (*pro hac vice*)<br>1101 30th Street, N.W., Suite 500<br>Washington, DC 20007<br>Telephone: 202/625-4342<br>202/330-5593 (fax)<br>rak@katriellaw.com<br><br>Co-Lead Counsel for Plaintiffs<br><br>[Additional counsel appear on signature page.] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION )<br>)<br>)<br>――――――――――――――――――― )<br>)<br>This Document Relates To: )<br>)<br>   ALL ACTIONS. )<br>)<br>――――――――――――――――――― ) | Lead Case No. C-05-00037-JW(RS)<br><br><u>CLASS ACTION</u><br><br>DIRECT PURCHASER PLAINTIFFS'<br>RESPONSE TO THE COURT'S ORDER<br>REGARDING CONSOLIDATION<br><br>JUDGE:   Hon. James Ware<br>DATE:    May 12, 2008<br>TIME:    10:00 a.m.<br>CTRM:   8-4th Floor |

1       Plaintiffs Melanie Tucker, Somtai Troy Charoensak, and Mariana Rosen (collectively,
2 "Direct Purchaser Plaintiffs"), as plaintiffs and proposed class representatives in *The Apple iPod*
3 *iTunes Anti-Trust Litig.*, No. C-05-00037-JW (N. D. Cal.) ("*Apple Anti-Trust*"), hereby respectfully
4 respond to the Court's April 22, 2008, Order Directing All Parties to Submit Briefing re:
5 Consolidation of the Present Action with C 05-00037 ("Order"). Direct Purchaser Plaintiffs agree
6 that consolidation of *Apple Anti-Trust* with *Somers v. Apple, Inc.*, No. C-07-06507-JW (N. D. Cal.)
7 ("*Somers*"), is proper for purposes of pretrial discovery and scheduling, but oppose consolidation for
8 purposes of pleading, class certification, summary judgment and (at least at this early stage) trial.

## I. Complete Consolidation Is Not Warranted Under Rule 42(a)

Rule 42(a) authorizes consolidation of "actions . . . involv[ing] a common question of law or fact." Fed. R. Civ. P. 42(a); *see also Paxonet Commc'ns, Inc. v. Transwitch Corp.*, 303 F. Supp. 2d 1027, 1028 (N.D. Cal. 2003); *Enterprise Bank v. Saettele*, 21 F.3d 233, 235 (8th Cir. 1994). A district court "has broad discretion under this rule to consolidate cases pending in the same district." *Investors Research Co v. U.S. District Court*, 877 F.2d 777 (9th Cir. 1989). However, the court "must examine 'the special underlying facts' with 'close attention' before ordering a consolidation." *In re Repetitive Stress Injury Litig.*, 11 F.3d 368, 373 (2d Cir. 1993) (citation omitted). This involves weighing "the interest in judicial convenience against the potential for delay, confusion, and prejudice caused by consolidation." *Southwest Marine, Inc. v. Triple A Mach. Shop, Inc.*, 720 F. Supp. 805, 807 (N.D. Cal. 1989).

Here, the two actions previously consolidated as *Apple Anti-Trust* were brought on behalf of a class of direct purchasers: individuals and companies that purchased iPod portable digital music players and iTunes online digital music directly from Apple. By contrast, Somers seeks to represent a class of indirect purchasers, consumers who purchased iPod portable digital music players downstream. While there is no question the related actions share some "common questions of law or fact" as to Apple's alleged anticompetitive practices, there remain potential conflicts of law and fact between the classes of direct and indirect purchaser plaintiffs such that complete consolidation would cause delay, confusion and prejudice.

For example, indirect purchasers uniquely face the "pass-on" defense. *Illinois Brick Co. v. Illinois*, 431 U.S. 720, 730-31 (1977); *see also Campos v. Ticketmaster Corp.*, 140 F.3d 1166, 1171 (8th Cir. 1998) (applying direct purchaser rule to monopoly claims by indirect purchasers). This typically requires proof by indirect purchasers that supracompetitive prices paid by direct purchaser plaintiffs were passed-on in whole or in part to indirect purchasers. *See Sports Racing Servs. v. Sport Car Club of Am.*, 131 F.3d 874, 890 (10th Cir. 1997) (noting conflict in recovery between indirect and direct plaintiffs). Thus, the burdens and interests of indirect and direct purchasers remain distinct, eliminating any possible benefit a consolidated complaint may provide to the parties or the Court.

Accordingly, separate complaints for direct and indirect purchaser claims are the norm in consolidated federal antitrust actions. *See, e.g., In re Static Random Access Memory (SRAM) Antitrust Litig.*, MDL No. 1819, 2008 WL 426522, at *1 (N.D. Cal. Feb. 14, 2008) (separate consolidated amended complaints filed for direct and indirect purchasers); *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2008 WL 62278, at *1 (N.D. Cal. Jan. 4, 2008) (same); *In re Graphics Processing Units Antitrust Litig.*, _____ F. Supp. 2d _____, No. C 06-7417 WHA, 2007 WL 3342602, at *2 (N.D. Cal. Nov. 7, 2007) (same); *see also In re Hydrogen Peroxide Antitrust Litig.*, MDL No. 1682, 2006 WL 999955 (E.D. Pa. Apr. 11, 2006) (all antitrust actions were consolidated into multidistrict litigation, but then divided into two actions, one for direct purchasers and one for indirect purchasers).

Additionally, as a practical matter, Direct Purchaser Plaintiffs previously defeated motions to dismiss in *Tucker v. Apple Computer, Inc.*, 493 F. Supp. 2d 1090 (N. D. Cal. 2006), and in *Slattery v. Apple Computer, Inc.*, No. C 05-00037 JW, 2005 WL 2204981 (N. D. Cal. Sept. 9, 2005).[1] Direct Purchaser Plaintiffs would be prejudiced if forced to face the motion to dismiss stage again through the filing of an amended complaint consolidating direct and indirect purchaser claims.

---

[1] Plaintiff Slattery withdrew his claims and was replaced as a class representative by Somtai Troy Charoensak and Mariana Rosen.

1    For similar reasons, Direct Purchaser Plaintiffs also contend consolidation is improper at the
2    class certification stage.  Issues of injury and damages for direct and indirect purchasers remain
3    unique and require separate briefing.  Direct and indirect purchaser classes may also confront unique
4    defenses.

5    Furthermore, Direct Purchaser Plaintiffs do not want to further delay class certification.
6    Direct Purchaser Plaintiffs are set to file their class certification brief in May 2008, whereas the
7    *Somers* action has a current class certification date of November 3, 2008.  There is no reason to
8    delay Direct Purchaser class certification.  Nor is there any benefit to the Court in doing so; to the
9    contrary, it is more likely that class certification issues decided in *Apple Anti-Trust* would actually
10   aid the Court in deciding issues in the *Somers* action.

11   Similarly, while the issue may be premature at this stage, Direct Purchaser Plaintiffs at this
12   point also believe a consolidated trial would be improper and unwarranted.  "Although,
13   consolidation may enhance judicial efficiency, 'considerations of convenience and economy must
14   yield to a paramount concern for a fair and impartial trial.'"  *Repetitive Stress Injury Litig.*, 11 F.3d
15   at 373.  Where major conflicts exist, the court should avoid consolidation of the actions.  *See* Fed. R.
16   Civ. P. 42(b); *see also Manual Complex Litigation* (Fourth) §11.631 (2004) ("*MCL* 4th").  Indeed,
17   presentation of direct and indirect purchasers' injury and damages before one jury may create the
18   suggestion that Direct Purchaser Plaintiffs suffered no actual harm because they were able to pass-on
19   any illegal overcharge to indirect purchasers.  *See Illinois Brick*, 431 U.S. at 735.

20   Still, to avoid prejudice the Court may consolidate only common issues for trial and sever
21   non-common issues, such as causation and damages, for separate resolution.  *MCL* 4th §11.631.
22   Perhaps as the parties move closer to trial in the respective actions, some benefit from limited
23   consolidation on certain common issues may become apparent.  But for now, in order to avoid
24   confusion with the jury and prejudice to both direct and indirect purchaser classes, the unique factual
25   and legal issues raised in the separate actions should not be consolidated for trial.

26
27
28

## II. Consolidation Is Warranted Under Rule 42(a) For Purposes of Scheduling and Pretrial Discovery

On the other hand, Direct Purchaser Plaintiffs agree that consolidation is appropriate for scheduling and pretrial discovery. Doing so would advance the ultimate purpose of consolidation under Rule 42 – avoiding unnecessary duplication in discovery or procedure without prejudicing the parties. *In re Prudential Sec. Inc. Ltd. P'ships Litig.*, 158 F.R.D 562, 571 (S.D.N.Y. 1994) (purpose of consolidation is to streamline and economize pretrial proceedings as to avoid duplication and effort). As discussed above, the focus of both actions will be the common conduct of Apple giving rise to the antitrust tying and monopoly claims. Much of the discovery already served in *Apple Anti-Trust* would be equally applicable to the *Somers* action. Continued coordination of pretrial discovery should save time and expense for all parties.

## III. Conclusion

Direct Purchaser Plaintiffs therefore respectfully request that any consolidation of *Apple Anti-Trust* and *Somers* be limited at this time to pretrial discovery and scheduling. The *Apple Anti-Trust* action should otherwise continue separately with respect to class certification, summary judgment, and (for now) trial.

DATED: May 2, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
BONNY E. SWEENEY


    s/ BONNY E. SWEENEY
    BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA  90025
Telephone:  310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY  10016
Telephone:  212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Apple Tying\BRF00051006.doc

# CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 2, 2008.

s/ BONNY E. SWEENEY
BONNY E. SWEENEY

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:Bonnys@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael David Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,tturner@csgrr.com,E_file_sd@csgrr.com

- **Helen I. Zeldes**
  helenz@zeldeslaw.com,hzeldes@yahoo.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012


Alreen Haeggquist
Haeggquist Law Group
501 West Broadway, Suite A-276
San Diego, CA 92101

Helen I. Zeldes
Law Office of Helen Zeldes
249 S. Highway 101, #370
Solana Beach, CA 92075

Steven A. Skalet
Craig L. Briskin
Mehri & Skalet, PLLC
1250 Connecticut Ave. NW, Suite 300
Washington, DC 20036