Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Tracy M. Strong (State Bar No. 221540)
tstrong@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **STACIE SOMERS, on behalf of herself and all others similarly situated,**<br><br>**Plaintiff,**<br><br>v.<br><br>**APPLE, INC., a California Corporation,**<br><br>**Defendant.** | Case No. C 07-6507 JW<br><br>Related Cases: No. C 05-00037 JW;<br>No. C 06-04457 JW<br><br>**APPLE'S STATEMENT IN FAVOR OF CONSOLIDATION**<br><br>Date:    May 12, 2008<br>Time:   10:00 a.m.<br>Judge:  Honorable James Ware<br>Courtroom: 8, 4th Floor |

In response to the Court order dated April 22, 2008, Defendant Apple Inc. (Apple) submits that the third related case, *Somers*, should be consolidated for all purposes with the first two cases which are already consolidated in *The Apple iPod iTunes Antitrust Litigation*, Case No. 05-00037 JW.

The *Somers* complaint is a nearly verbatim copy of the consolidated complaint. The two complaints allege the same "facts" and the same legal theories, using mostly the same wording. For injunctive relief, the two complaints seek to represent the same purported nationwide class of purchasers of an iPod or audio or video files from the iTunes Store. For damages, the two complaints seek to represent different subsets of the broader injunctive relief purported class. These actions more than satisfy the requirements of Federal Civil Procedure Rule 42(a). They not

only involve "a common question of law or fact," but virtually all of the factual and legal issues are identical. Consolidating them will unquestionably promote efficiency, convenience and judicial economy, just as consolidating the first two cases did.

**I.     BACKGROUND**

The first action, *Slattery v. Apple Computer, Inc.,* was filed in January 2005. Doc. 1, Case No. 05-00037 JW. Plaintiffs Somtai Charoensak and Mariana Rosen were substituted for Slattery in August 2006. Doc. 77, Case No. 05-00037 JW. At about the same time, Melanie Tucker filed her copycat complaint. Doc. 1, Case No. 06-04457 JW. In January 2007, this Court issued an order to show cause why those two cases should not be consolidated. Doc. 34, Case No. 06-04457 JW. In response to the order to show cause, Tucker favored consolidation over the objection of the first-filed plaintiffs. She noted that the complaints were sufficiently similar to warrant consolidation and argued that any delay to the first-filed case would be "far outweighed by the benefits of consolidation." Doc. 36-1, Case No. 06-04457 JW at 2:23.

As to the then-pending class certification motion by Charoensak and Rosen (which had been filed in January 2007), Tucker asserted that "[i]f the Court were to consolidate the cases, the plaintiffs could substitute a comprehensive class certification motion on behalf of one larger class (potentially with sub-clasees) without significant delay." *Id.* 3:5-7. By "larger class," Tucker was evidently referring to the fact that her complaint "also [sought] damages on behalf of indirect purchasers of iPods." Doc. 39, Case No. 06-04457 JW at 3:3-4. Tucker further argued that absent consolidation, "proceeding on two independent tracks would . . . result in unnecessary costs, delay and confusion," citing cases holding that "multiple class notifications is a risk to be avoided." Doc. 36-1, p. 2. Tucker concluded: "Consolidation is therefore necessary to avert potential confusion to the putative classes, avoid the waste of judicial resources and to minimize the costs of class notice." *Id.*

On March 20, 2007, the Court consolidated the cases and directed plaintiffs to file a consolidated complaint, and Charoensak's class certification motion was deemed withdrawn. Doc. 44, Case No. 06-04457 JW.

On December 31, 2007, Somers filed her complaint. Doc. 1, Case No. 07-6507 JW. It makes virtually the same allegations of fact and law as the consolidated complaint. Both complaints allege tying (Somers Compl. ¶¶ 34-46, 61-72; Cons. Compl. ¶¶ 39-59, 79-84); monopolization of the same alleged markets (Somers Compl. ¶¶ 73-84; Cons. Compl. ¶¶ 85-96); and attempted monopolization of the same markets (Somers Compl. ¶¶ 85-103; Cons. Compl. ¶¶ 97-114). Both complaints also allege the same violations of the Cartwright Act (Somers Compl. ¶¶ 104-107; Cons. Compl. ¶¶ 115-118), California's Unfair Competition Law (Somers Compl. ¶¶ 108-115; Cons. Compl. ¶¶ 119-126), the California Consumer Legal Remedies Act (Somers Compl. ¶¶ 116-124; Cons. Compl. ¶¶ 127-133), and the purported California common law of monopolization (Somers Compl. ¶¶ 125-126; Cons. Compl. ¶¶ 134-135).

Somers, as noted, seeks to represent the same class for injunctive relief as the consolidated complaint: all persons or entities in the United States that purchased an Apple iPod or any audio or video content from Apple's music store during the relevant time period. Somers Compl. ¶ 27(a); Cons. Compl. ¶ 31.[1] Somers also seeks to represent classes for damages that overlap with the damages class alleged in the consolidated complaint. Somers Compl. ¶ 27(b) (all persons or entities in the United States who purchased video content from Apple's music store or who indirectly purchased an iPod from Apple); Cons. Compl. ¶ 32 (all persons or entities in the United States who purchased an iPod directly from Apple). Both of the alleged damages classes are subsets of the broader class alleged for injunctive relief in both cases.

In January 2008, the parties stipulated that, under Civil Local Rule 3-12, *Somers* and the consolidated docket "concern substantially the same parties, property, transaction or event; and [i]t appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Doc. 151-2, Case No. 05-00037 JW. On February 15, 2008, the Court determined that *Somers* was a related case to the consolidated cases. Doc. 12, Case No. 07-6507 JW.

No class certification motion is pending in the consolidated cases or in *Somers*.

---

[1] The alleged time period in *Somers* is December 31, 2003 through trial. The alleged time period in the consolidated actions is April 23, 2003 through trial.

1  **II.     *SOMERS* SHOULD BE CONSOLIDATED.**

2       Under Rule 42(a), "[w]hen actions involving a common question of law or fact are
3  pending before the court, . . . it may order all the actions consolidated." The court has "broad
4  discretion under this rule to consolidate cases pending in the same district." *In re Apple &
5  AT&TM Antitrust Litigation,* No. 07-05152 JW, 2008 WL 1766761, at *1 (N.D.Cal. Apr. 15,
6  2008) (citation omitted). The purpose of consolidation is to promote judicial economy and
7  convenience, and "to avoid the unnecessary costs and delays that would ensue from proceeding
8  separately with claims or issues sharing common aspects of law or fact." *Miller v. Ventro Corp.*,
9  No. 01-1287, 2001 WL 34497752, at * 2 (N.D. Cal. Nov. 28, 2001) (citations omitted).

10      For the same reasons that the Court consolidated the first two cases, this third case should
11 likewise be consolidated. It would be wasteful and inefficient for the Court to decide discovery
12 matters, class certification, summary judgment or conduct trials separately in these virtually
13 identical cases that allege the same antitrust and state law violations on behalf of the same
14 purported classes.

15      This case in fact presents a stronger basis for consolidation. When Tucker argued in favor
16 of consolidation with the Charoensak/Rosen action, Charoensak and Rosen had already filed a
17 class certification motion and thus argued that consolidation would delay that motion. Here, to
18 the contrary, no motions are pending and the cases are essentially at the same procedural stage:
19 the pleadings are settled and class certification discovery is proceeding pursuant to the parties'
20 stipulation that discovery in the consolidated docket shall apply in *Somers*. During the meet-and-
21 confer after this Court's order to submit briefing on consolidation, Tucker expressed concern that
22 her **anticipated** class certification motion might be delayed by consolidation. But, as Tucker
23 recognized last year when the shoe was on the other foot, that concern is insufficient to defeat
24 consolidation even where, as there, the motion was already filed. As Tucker argued, the potential
25 delay to the earlier plaintiffs does not outweigh the value of consolidation including the value of
26 filing a single joint motion for class certification. Although Tucker says she plans to file one
27 soon, **two years** have elapsed since Tucker filed her complaint yet no class motion has been filed.

28

Accordingly, she can hardly complain about deferring her not-yet filed class motion for a few more months until Somers is ready to join her in that effort.

Nor should the fact that Somers is suing, in part, on behalf of indirect purchasers of iPods defeat consolidation. Last year, when Tucker's complaint sought to represent indirect purchasers, she argued that both direct and indirect purchasers should be included in a consolidated class certification motion because "[d]ividing direct and indirect classes is certainly an 'unnecessary procedural barrier.'" Doc. 39, Case No. 06-04457 JW, at 3:10-11. She was correct because most of the reasons for denying class treatment are the same for both direct and indirect purchasers. For example, given the non-contractual nature of the tying claim, the question of whether a consumer voluntarily bought an iPod because of its superior quality rather than being forced to do so because the consumer had bought music from Apple's music store requires an individual-by-individual analysis. *See, e.g., Ungar v. Dunkin' Donuts of America, Inc.*, 531 F.2d 1211 (3d Cir. 1976); 5 *Moore's Federal Practice* § 23.45[5][c] (3d ed. 2006) ("In the absence of a common contractual provision, proof of a tie-in is an individual question, and individual questions will predominate."). Indirect purchasers face additional obstacles to be sure. *See e.g., In re Graphics Processing Units Antitrust* Litigation, 527 F. Supp. 2d 1011, 1027-28 (N.D. Cal. 2007). But that can be dealt with in the context of a consolidated class motion, as Tucker recognized last year. Moreover, although the consolidated complaint (unlike Tucker's previous complaint) does not appear to seek an indirect purchaser class for damages, it does seek to represent a class of all iPod purchasers, direct and indirect, for purposes of injunctive relief. This is a further reason why the differences between the alleged damages classes, all of which are encompassed by the broader alleged injunctive relief class, should not defeat consolidation.

## III. CONCLUSION

For the foregoing reasons, this action should be consolidated with *The Apple iPod iTunes Antitrust Litigation* for all purposes.

Dated: May 2, 2008           JONES DAY

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Attorneys for Defendant
APPLE INC.

SFI-582802v2