COUGHLIN STOIA GELLER
　RUDMAN & ROBBINS LLP
BONNY E. SWEENEY (176174)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | CLASS ACTION |
| This Document Relates To:<br>ALL ACTIONS. | STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY RELATED TO TESTIFYING EXPERTS IN THIS MATTER |

The parties stipulate and agree as to discovery related to testifying experts in this matter as follows:

1. This stipulation and order will govern discovery related to testifying experts in this matter. To the extent that this stipulation and order imposes limitations on discovery that would otherwise be available pursuant to the Federal Rules of Civil Procedure, the parties have agreed to such limitation. Neither the terms of this stipulation and order nor the parties' agreement to them implies that any of the information exempted from discovery in this stipulation and order would otherwise be discoverable.

2. The parties will make all disclosures required by Rule 26(a)(2)(B), as modified by this stipulation and order, at the times provided in any applicable scheduling order for the service of written expert reports. To the extent that the disclosures describe or include exhibits, information or data processed or modeled by a computer at the direction of a disclosed expert in the course of forming the expert's opinions, machine readable copies of the data (including all input and output files) along with the appropriate computer program and instructions shall be produced. If data used by experts are derived from electronic data produced by any party to this action, copies of that original electronic data, in machine readable format, shall be produced, together with any programs and instructions necessary to access and use the data. No party need produce computer programs that are reasonably and readily commercially available. All electronic data, together with programs and instructions, shall be produced within five business days of the disclosure of the expert's report to the opposing party. Copies of the electronic data together with any programs and instructions, and all other materials required to be produced, shall be delivered by hand or overnight express to counsel for the opposing party.

3. The following categories of data, information, documents or materials need not be produced by any party:

   (a) drafts prepared by or for the testifying expert including without limitation drafts of expert reports, expert opinions, expert written testimony or expert work papers prepared for this litigation; preliminary calculations, computations, modeling or data runs prepared in connection with this matter; or other preliminary or draft materials prepared by, for or at the direction of an

expert witness; but any documents the expert witness relied on in rendering the expert witness's opinions in this matter, or which form the basis of summaries or tables of information relied on by the expert in rendering the expert witness's opinions in this matter (*e.g.*, surveys and instructions for surveys), shall be produced and subject to discovery;

    (b) any notes or other writings taken or prepared by or for an expert witness in connection with this matter, including correspondence or memos to or from, and notes of conversations with the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness, unless the expert witness relied on those notes or other writings in rendering the expert witness's opinions in this matter; and

    (c) any written correspondence between an expert witness retained for this litigation and the expert's assistants and/or clerical or support staff, other expert witnesses or non-testifying expert consultants, or attorneys for the party offering the testimony of such expert witness, except that facts, data or information that such an expert relied on in rendering the expert witness's opinions in this matter shall be provided. However, written engagement letters between a testifying expert retained for this litigation and attorneys for the party offering the testimony of such expert witness are not subject to this stipulation and therefore must be produced.

  4. Paragraph 3 shall apply to any data, information, documents or materials without regard to date of preparation.

  5. Nothing in paragraph 3, however, shall be construed to prevent substantive deposition questions with respect to alternative theories, methodologies, variables, data, production of documents, or assumptions that the expert may have considered in preparing his or her report.

  6. This stipulation and order should not be construed to preclude reasonable questions at deposition going to the expert's compensation, hours expended in preparing his or her report and testimony and frequency and duration of meetings with counsel.

  7. Any party proffering the testimony of an expert witness in this matter shall identify each case in which the witness has testified as an expert at trial or by deposition within the preceding four years. If the testimony or written opinions are subject to confidentiality restrictions prohibiting

their disclosure, the party proffering the testimony of the expert witness in this matter will, in good faith, attempt to secure all consents necessary to have the testimony or opinions produced in this matter. Subject to obtaining any other required consents, any party proffering the testimony of an expert witness in this matter who also proffered that person's testimony as an expert witness in a prior matter shall not withhold its consent to the production in this matter of the testimony or opinions from such expert that it proffered in the prior matter.

DATED: June ____, 2008

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
BONNY E. SWEENEY

*Bonny E. Sweeney*
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY

| | |
|---|---|
| 1 | JACQUELINE SAILER |
| 2 | 275 Madison Avenue, Suite 801<br>New York, NY 10016 |
| 3 | Telephone: 212/682-1818<br>212/682-1892 (fax) |
| 4 | GLANCY BINKOW & GOLDBERG LLP |
| 5 | MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067 |
| 6 | Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 7 | |
| 8 | Additional Counsel for Plaintiffs |
| | DATED: ~~June~~ July 3, 2008 |
| 9 | JONES DAY<br>ROBERT A. MITTELSTAEDT |

_____
ROBERT A. MITTELSTAEDT

Attorney for Defendant Apple, Inc.

\* \* \*

[~~PROPOSED~~] O R D E R

IT IS SO ORDERED.

DATED: July 11, 2008     _____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

S:\CasesSD\Apple Tying\S&O00052006.doc

STIPULATION AND [PROPOSED] ORDER REGARDING DISCOVERY RELATED
TO TESTIFYING EXPERTS IN THIS MATTER - C-05-00037-JW(RS)         - 4 -