1  Robert A. Mittelstaedt #060359
   Tracy M. Strong #221540
2  JONES DAY
   555 California Street, 26th Floor
3  San Francisco, CA 94104
   Telephone:   (415) 626-3939
4  Facsimile:   (415) 875-5700
   ramittelstaedt@jonesday.com
5  tstrong@jonesday.com

6  Attorneys for Defendant
   APPLE INC.
7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11

12 | **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | **Lead Case No. C 05 00037 JW (RS)** |
   |---|---|
13 |  | **CLASS ACTION** |
14 | ——————————————— |  |
15 | **This Document Relates to:** | **JOINT CASE MANAGEMENT STATEMENT** |
16 |    **ALL ACTIONS.** |  |
17 |  |  |
18 | **STACIE SOMERS, On Behalf of Herself and All Others Similarly Situated,** | **Case No. C-07006507-JW** |
19 |         **Plaintiff,** | **CLASS ACTION** |
20 | **vs.** |  |
21 | **APPLE, INC., a California corporation,** |  |
22 |         **Defendant.** |  |

23

24

25

26

27

28

SFI-593167v1

**JOINT CASE MANAGEMENT STATEMENT**
**C 05 00037 JW**

The parties jointly submit this Case Management Statement.

**I.    DESCRIPTION OF THE CASES**

*The Apple iPod iTunes Anti-Trust Litigation and Somers v. Apple, Inc.*, are proposed antitrust class actions brought against Apple, Inc. ("Apple" or "Defendant") alleging tying and monopoly claims involving iTunes files and iPods. Plaintiffs Melanie Tucker, Somtai Charoensak, and Mariana Rosen (collectively "Direct Plaintiffs") filed their consolidated complaint on April 17, 2007 on behalf of themselves and all other similarly situated direct purchasers of iPods. Plaintiff Stacie Somers filed her complaint on December 31, 2007 on behalf of herself and all other similarly situated indirect purchasers of iPods and iTunes files (collectively "Indirect Plaintiffs").

Both Direct and Indirect Plaintiffs allege that Apple violates Sections 1 and 2 of the Sherman Act, the Consumer Legal Remedies Act, and engages in unlawful common law monopolization by tying its iPod portable digital media player to online digital music and video files sold through its iTunes Store ("iTunes"). Direct and Indirect Plaintiffs also allege Apple has unlawfully monopolized or attempted to monopolize the markets for the online legal sales of digital music and video files and for portable digital media players.

Apple denies all material allegations.

**II.    STATUS OF THE CASES**

On May 12, 2008, the Court held a Case Management Conference with all parties and ordered discovery coordinated between the Direct and Indirect Purchaser cases. The Court set hearing dates for motions for class certification in both cases, and a further Case Management Conference for August 25, 2008, based on tentative briefing schedule in which Apple's opposition to the motion for class certification was due before that date. The purpose of the Conference was to consider whether Plaintiffs will need additional discovery prior to filing their reply brief and whether a technology tutorial would be appropriate prior to the class certification hearings. Dkt. 158. Following that conference, the Court approved stipulated briefing and hearing schedules for the Direct and Indirect Plaintiffs' motions for class certification. Dkt. 161.

1    On July 21, 2008, the parties held their first mediation session with JAMS mediators the
2    Honorable Daniel Weinstein (Ret.) and Cathy Yanni, Esq.  On the same date, the Direct
3    Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel.  On
4    August 20, 2008, the Court approved the parties' stipulation to extend the briefing and hearing
5    schedules for that motion in light of the ongoing mediation.  Dkt. 167.  Under the new schedule,
6    Apple's opposition papers are due October 17, 2008, and Direct Plaintiffs' reply is due November
7    17, 2008, with a hearing on December 15, 2008.  Indirect Plaintiffs' motion for class certification
8    is due December 1, 2008; Apple's opposition thereto is due February12, 2009; and Indirect
9    Plaintiffs' reply brief due March 30, 2009, with the hearing on April 20, 2009.
10   The Interim Case Management Conference, originally set for August 25, 2008, was
11   continued by stipulation and order to October 6, 2008.  Dkt. 167-168.  The parties now file this
12   Joint Statement to report on three matters.
13   **1.    Status of Mediation Efforts**
14   As noted, on July 21, 2008, the parties began mediation with JAMS mediators Honorable
15   Daniel Weinstein (Ret.) and Cathy Yanni, Esq.  Discussions have continued since that date but no
16   resolution has been found to date.
17   **2.    Discovery re Class Certification Motion**
18   A.    Direct Plaintiffs' Position
19   Direct Plaintiffs note that additional discovery may be need prior to the class certification
20   hearing, depending on the arguments made and evidence presented by Apple in its opposition to
21   class certification.  The Court expressly contemplated Direct Plaintiffs' need for such discovery
22   when it originally ordered discovery bifurcated.
23   While Direct Plaintiffs believe that class certification issues are narrow and do not
24   necessarily require the presentation of further evidence, Plaintiffs will be severely disadvantaged
25   if Apple attempts to introduce evidence in its opposition not previously produced to Direct
26   Plaintiffs.  Apple pressed numerous times, over Direct Plaintiffs' objections, for the discovery
27   limitations which bind the parties on this motion.  In particular, in addition to requesting that
28   discovery be bifurcated, Apple insisted that its data production be limited to exemplar data, on the

theory that exemplar data only is needed for class certification purposes. Therefore, Apple should be limited in its presentation of new evidence at class certification. To any extent Apple attempts to use previously un-produced evidence, Direct Plaintiffs may need additional discovery or additional time to respond to Apple's arguments and evidence.

B. Indirect Plaintiffs' Position

The Indirect Plaintiffs were not official participants in the mediation discussion that took place at JAMS San Francisco in July, but they were invited to the table and did attend the mediation. As such, the Indirect Plaintiffs, like the Direct Plaintiffs, were asked to delay active litigation of their case pending the mediation at JAMS. In a good faith attempt to resolve this matter early on, Indirect Plaintiffs agreed to Defendant's request. Because Indirect Plaintiffs understand that mediation talks are currently stalled, Indirect Plaintiffs have begun to actively litigate the matter towards class certification. However, the Indirect Plaintiffs will need additional discovery prior to filing their motion for class certification.

C. Apple's Position

The foregoing discussion by plaintiffs is unnecessary and premature. Apple's opposition to the Direct Plaintiffs' class certification motion is due on October 17, 2008. If, upon review of that opposition, plaintiffs believe that they need additional discovery or time to prepare their reply, Apple has already agreed to meet and confer promptly and, if agreement cannot be reached, any disagreement may be presented to the Court at that point. Nothing further is needed at this point, and plaintiffs are not requesting anything further.

**3. Technology Tutorial**

At the May 12, 2008 Case Management Conference, the Court discussed the possibility of a technology tutorial. In its May 14, 2008 Case Management Order, the Court asked the parties to address at this Interim Case Management Conference whether a technology tutorial would be appropriate before the hearing on class certification.

**A. Direct and Indirect Plaintiffs' position:** Direct and Indirect Plaintiffs do not believe that a technology tutorial is necessary or would be helpful to the Court for purposes of class certification. Apple patronizingly insists that Plaintiffs (and their expert) do not "understand

how the technology works" and that somehow Plaintiffs' alleged lack of knowledge is determinative on class certification. To say the least, Plaintiffs strongly disagree with Apple's mischaracterization. It is clear from the depositions taken by Apple that what Apple means when it argues that Plaintiffs' are technologically deficient is that Plaintiffs *disagree* with Apple over the time and complexity involved in class members "ripping and burning" a song from iTunes to a CD and on whether the technology involved is anticompetitive. Such a debate is not a technologically complicated issue requiring a tutorial by Apple on class certification issues, rather a merits debate on whether Apple's conduct is *ultimately* deemed to be anticompetitive. The issues on class certification are very straightforward and do not turn on the merits of Plaintiffs' claim that the technology involved is anticompetitive. Allowing Apple to stage a technology tutorial would raise issues beyond those properly heard at the class certification stage and would only serve to further delay the Court's ruling on Direct Plaintiffs' Motion for Class Certification.

**B.     Apple's position:** Apple continues to believe that this case is absolutely without legal or factual support, and that plaintiffs simply do not understand how the technology works -- all of which was vividly confirmed by the deposition of plaintiffs' economist, Roger Noll, taken last Friday. It was for that reason that Apple raised the possibility of a technology tutorial at the previous status conference. At a minimum, as part of the hearing on the class certification motion, Apple believes a demonstration of the products at issue will be useful to the Court. It will be directly relevant to issues raised by plaintiffs' class certification motion in which they continue to allege – inaccurately and contrary to their own testimony and their experts' testimony – that music from Apple's online digital store cannot be played on iPod competitors. For this purpose, we request that the Court schedule the hearing on the class certification motion separately from the Court's regular motion calendar, and set aside additional time for the hearing.

Dated: September 26, 2008                            JONES DAY

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant
APPLE INC.

| | | |
|---|---|---|
| 1 | Dated: September 26, 2008 | COUGHLIN STOIA GELLER RUDMAN & ROBBINS LLP |
| 2 | | BONNY E. SWEENEY |

By: /s/ Bonny E. Sweeney
    Bonny E. Sweeney

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

SFI-593167v1

6

**JOINT CASE MANAGEMENT STATEMENT**
**C 05 00037 JW**

| | |
|---|---|
| | GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs |
| Dated: September 26, 2008 | ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST

By: /s/ Helen I. Zeldes
    Helen I. Zeldes

655 West Broadway, Suite 1410
San Diego, CA 92101
Telephone: 619/955-8212
619/342-7878 (fax)

MEHRI & SKALET, PLLC
STEVEN A. SKALET
CRAIG L. BRISKIN
1250 Connecticut Ave. NW, Suite 300
Washington, DC 20036
Telephone: 202/822-5100
202/822-4997 (fax)

Attorneys for Plaintiff Stacie Somers |