Robert A. Mittelstaedt #060359
Craig E. Stewart #129530
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700
ramittelstaedt@jonesday.com
cestewart@jonesday.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | **Case No. C 05-00037 JW**<br>**C 06-04457 JW**<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF CLASS CERTIFICATION**<br><br>**Date:** December 15, 2008<br>**Time:** 9:00 A.M.<br>**Place:** Courtroom 8, 4th Floor |

SFI-598002v1

Resp. to Class Certification Reply Mem.
C 05-00037 JW

1  As set forth in its motion for leave to file, Apple submits this memorandum to respond to new arguments asserted in plaintiffs' reply memorandum and to correct plaintiffs' misstatement regarding Apple's opposition to their section 2 claims.

### 1. Legality of burning/ripping for personal use.

Plaintiffs assert for the first time in their reply that consumers who burn a copy of their iTunes Store music and then transfer that copy to a digital player other than an iPod may be guilty of copyright infringement. Reply, p. 7. If that really were true, it would be fatal to plaintiffs' claim, which is based on the notion that consumers have the right to do just that—*i.e.*, transfer their iTunes Store music to competing players—and that Apple violated the antitrust laws because it did not ensure that they could do so easily enough.

In fact, however, it is not true that transferring music to other players is a copyright violation. The copyright laws allow copying digital music files to a CD or from a CD to another device for personal, noncommercial use. Plaintiffs' contrary suggestion relies on a law review article footnote that refers to a page from the Recording Industry Association of America's (RIAA) website that no longer exists. The RIAA website now states that it is "okay to copy music onto special Audio CD-Rs, mini-discs and digital tapes" and to "transfer[] a copy onto your computer hard drive or your portable music player" so long as it is "not for commercial purposes."[1] Moreover, plaintiffs' law review footnote cites a Ninth Circuit case that recognized the "right of consumers to make analog or digital audio recordings of copyrighted music for their private, noncommercial use." *Recording Industry Association of America v. Diamond Multimedia Sys., Inc.*, 180 F. 3d 1072, 1079 (9th Cir. 1999). The courts also recognize that it is permissible "fair use" under the copyright laws to "space-shift" legally owned copyrighted music from a CD to a computer or from a computer to a portable player. *See id.* ("The Rio merely makes copies in order to render portable, or 'space-shift,' those files that already reside on a user's hard drive."); *cf. UMG Recordings, Inc. v. MP3.com, Inc.*, 92 F. Supp. 2d 349 (S.D.N.Y.

---

[1] See http://www.riaa.com/physicalpiracy.php?content_selector=piracy_online_the_law.

1  2000) (finding that providing website users with digital copies over the internet of music the users
2  had proven they owned on CD was a permissible "space shift" constituting fair use).

3  **2.  Alleged requirement to not buy from alternative suppliers**

4  Raising another new argument, plaintiffs cite *N. Pac. Ry. Co. v. U.S.*, 356 U.S. 1, 5-6
5  (1958), for the proposition that a tie can consist of a requirement that the customer not purchase
6  the tied product from any other supplier. Reply, p. 5. This, however, is simply a re-phrasing of
7  plaintiffs' lock-in theory. Plaintiffs do not claim that Apple expressly imposed any requirement
8  that iTunes Store purchasers not buy a competing digital player. Instead, their argument is that
9  Apple's adoption of FairPlay had the effect of doing so because customers with a large iTunes
10 Store music library who want to play it portably might feel locked in to buying an iPod rather
11 than a competing player. This theory raises all of the same individual issues discussed in our
12 opposition memorandum regarding the amount of iTunes Store music an individual customer may
13 have purchased, how much of that music is encrypted with DRM, how much of it the consumer
14 wishes to play on another player and how burdensome the customer views transferring the music
15 by burning and ripping. *See* Apple Opp. Mem., pp. 16-17. Plaintiffs cannot avoid those issues by
16 relabeling their lock-*in* theory as a lock-*out* theory.

17 **3.  Coercion**

18 Plaintiffs assert that *Moore v. Jas.H. Matthews & Co.*, 550 F.2d 1207, 1217 (9th Cir.
19 1977), found a tie even though "each customer" was not "absolutely required" to buy both
20 products together. Reply, pp. 3, 4. In fact, the Ninth Circuit made clear that the tie consisted of a
21 "requirement" that purchasers of cemetery plots also purchase any grave markers or installation
22 services from or through the cemetery. *Id.* at 1212. The court did not explain its later comment
23 that the requirement may not have been "absolute" as to "each" customer, but it appears to refer
24 to the fact that, for the some of the defendant cemeteries, the requirement took the form of a
25 contractual provision that the customer obtain prior approval from the cemetery before
26 purchasing from another source (thus allowing the cemetery to impose the tie by never granting
27 approval). *See Moore v. Jas.H. Matthews & Co.*, 473 F.2d 328, 331 (9th Cir. 1973). But
28 whatever the court meant, a ruling that a required purchase of two products together constitutes a

tie even though the requirement may not have been "absolute" as to "each" customer does not help plaintiffs here, where there is no requirement at all as to any customer because the products were separately available and had separate uses for all customers.

### 4. Section 2 claims.

Plaintiffs assert that Apple has not opposed certification of plaintiffs' claims under Section 2. Reply, p. 11. That is not true. Apple's opposition separately addresses the section 2 claims and demonstrates that they may not be certified for the same reasons as the section 1 claim because (1) the sole basis for the section 2 claims is the alleged tie, thus presenting the same individual issues of coercion, and (2) the section 2 claims raise the same issues regarding impact and damages as the section 1 claim. *See* Apple Opp. Mem., p. 24.

Dated: December 2, 2008

JONES DAY

By:/s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant