1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  BONNY E. SWEENEY (176174)
   655 West Broadway, Suite 1900
3  San Diego, CA 92101
   Telephone: 619/231-1058
4  619/231-7423 (fax)
   bonnys@csgrr.com
5
   THE KATRIEL LAW FIRM
6  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
7  Washington, DC 20007
   Telephone: 202/625-4342
8  202/330-5593 (fax)
   rak@katriellaw.com
9
   Co-Lead Counsel for Plaintiffs
10
   [Additional counsel appear on signature page.]

11

12          UNITED STATES DISTRICT COURT

13          NORTHERN DISTRICT OF CALIFORNIA

14                   SAN JOSE DIVISION

15  THE APPLE IPOD ITUNES ANTI-TRUST ) Lead Case No. C-05-00037-JW(RS)
    LITIGATION                       )
16                                   ) CLASS ACTION
                                     )
17  This Document Relates To:        ) PLAINTIFFS' OPPOSITION TO
                                     ) DEFENDANTS' MOTION UNDER CIVIL
18      ALL ACTIONS.                 ) L.R. 7-3.(D) TO FILE RESPONSE TO
                                     ) PLAINTIFFS' REPLY MEMORANDUM IN
19                                     SUPPORT OF CLASS CERTIFICATION

20                                     JUDGE:   Hon. James Ware
                                       DATE:    December 15, 2008
21                                     TIME:    9:00 a.m.
                                       CTRM:    8-4th Floor

## I. INTRODUCTION

In an attempt to have the last word less than two weeks before the scheduled hearing on Plaintiffs' motion for class certification, Apple asks the Court permission to file additional briefing by disingenuously framing certain of Plaintiffs' arguments as "new" and claiming Plaintiffs have "misstated" Apple's position with respect to the Section 2 claims. Apple contends that its additional briefing "will assist the Court in evaluating the parties' arguments and will permit a more efficient presentation of the issues [at] the hearing." Apple's Mot. for Leave at 1. Quite to the contrary, Apple's "response" presents redundant merits arguments which are of no use to the Court on a motion for class certification and are entirely improper.

The filing of additional memoranda may be permitted in certain circumstances "where a valid reason for such additional briefing exists." *Hill v. England*, No. CVF05869RECTAG 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005); *see also* Civil L.R. 7-3.(d) ("[O]nce a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."). But where, as here, the moving party merely reiterates arguments made in their opening brief, additional briefing by the opposing party is not permitted. *See id.*; *see also Edwards v. Toys "R" Us*, 527 F. Supp. 2d 1197, 1205 n.31 (C.D. Cal. 2007). The arguments made by Plaintiffs in their reply brief are certainly not "new" but instead appropriately respond to arguments raised by Apple in its opposing brief and reinforce the arguments Plaintiffs made in their opening brief.

Accordingly, this Court should deny Apple's motion to file additional briefing.

## II. PLAINTIFFS DO NOT PRESENT ANY "NEW" ARGUMENTS IN THEIR REPLY BRIEF THAT WOULD NECESSITATE ADDITIONAL BRIEFING BY APPLE

In its "response" memorandum, Apple once again improperly attempts to place the merits issue of "burning and ripping" before the Court at the class certification stage. In its opposing brief, Apple repeatedly contends that "burning and ripping" presents a viable alternative to consumers who wish to purchase a competing player. *See* Apple's Opp. at 1, 2, 6, 8-11, 17. In response, Plaintiffs assert that issues concerning burning and ripping, including its legality and whether it is a viable alternative, are merits issues common to the class that do not defeat class certification. Pltf's Reply

at 7. Indeed, Apple's "response," arguing the merits of burning and ripping, demonstrates that this is in fact a merits issue common to the class. Additional briefing on this issue is thus entirely improper and unnecessary.

Apple also contends that Plaintiffs allege a "new argument, [citing] *N. Pac. Ry. Co. v. U.S.*, 356 U.S. 1, 5-6 (1958), for the proposition that a tie can consist of a requirement that the customer not purchase the tied product from any other supplier." Apple's Response at 2. This is incorrect and a complete waste of the Court's time. In their reply, Plaintiffs cited *Northern Pacific Railway* to support their argument that Apple's unremitting policy – permitting only iPod owners to directly play iTunes audio and video downloads – precludes customers from purchasing portable digital media players other than an iPod. Pltf's Reply at 5-6. Plaintiffs made this argument in their opening brief. Citing *Northern Pacific Railway*, Plaintiffs stated, "[t]here is no question here that under Apple's 'unremitting policy' of applying FairPlay to the online recordings, buyers may not exercise free choice in choosing a portable digital media player . . . ." Pltf's Open. at 16. Thus, Apple's attempt to reframe Plaintiffs' arguments in an effort to provide further briefing to the Court is not well-taken and should not be countenanced by the Court.

But, Apple takes it one step further. Failing to provide ***any*** justification, including even an effort to reframe Plaintiffs' arguments as "new," Apple simply makes its own additional arguments regarding coercion by rearguing the facts and holding of a particular case. Apple's Response at 2-3. In fact, Apple already raised these arguments in its opposing brief. *See* Apple's Opp. at 16. Accordingly, consideration of Apple's further argument regarding coercion should be denied entirely.

### III. NO ADDITIONAL EXPLANATION OF APPLE'S OPPOSITION TO PLAINTIFFS' SECTION 2 CLAIMS IS NEEDED

Nor do Plaintiffs "misstate" Apple's position with respect to certification of Plaintiffs' Section 2 claims. Plaintiffs merely contend that Apple's summary arguments do not amount to a valid opposition to class certification of these claims. Indeed, Plaintiffs stated, "[b]ecause all the elements of Plaintiffs' monopolization claims are subject to common proof, and ***because Apple has not offered any substantive argument in opposition to the motion to certify these freestanding***

*counts*, Plaintiffs' motion for class certification should also be granted with respect to their Section 2 monopoly claims." Pltf's Reply at 12 (emphasis added). Plaintiffs are free to make arguments in their reply based on their interpretation of Apple's briefing without opening the door to sur-replies. And, certainly the Court is fully capable of reading the parties briefs and understanding the arguments without officious "assistance" from Apple.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion Under Civil L.R. 7-3.(d) to File Response to Plaintiffs' Reply Memorandum in Support of Class Certification.

DATED: December 4, 2008

Respectfully submitted,

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
BONNY E. SWEENEY

　　　　s/ BONNY E. SWEENEY
　　　　　BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109

Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Apple Tying\BRF00056073.doc

# CERTIFICATE OF SERVICE

I hereby certify that on December 4, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 4, 2008.

                                   s/ BONNY E. SWEENEY
                                   BONNY E. SWEENEY

                                   COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
                                   655 West Broadway, Suite 1900
                                   San Diego, CA 92101-3301
                                   Telephone: 619/231-1058
                                   619/231-7423 (fax)

                                   E-mail: Bonnys@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael David Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Todd David Carpenter
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

Elaine A. Ryan
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012
```