IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Apple iPod iTunes Antitrust Litigation. | NO. C 05-00037 JW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AS TO COUNTS TWO, THREE, FOUR, FIVE, SIX AND SEVEN ONLY AND APPOINTING CLASS COUNSEL;** *SUA SPONTE* **ORDER RECONSIDERING DEFENDANT'S MOTION TO DISMISS COUNT ONE AND REQUIRING FURTHER BRIEFING** |

## **I. INTRODUCTION**

Plaintiffs[1] bring this putative class action against Defendant Apple Computer, Inc. ("Apple"), alleging violations of the Sherman Act, 15 U.S.C. §§ 1, *et seq.*, and related state law claims. Plaintiffs allege that Apple has committed unlawful acts in the sales of its iPod portable digital music player and online digital music files sold through its iTunes Music Store ("iTMS"), in violation of federal and state antitrust laws.

Presently before the Court is Plaintiffs' Motion for Class Certification and Appointment of Class Counsel. (hereafter, "Motion," Docket Item No. 165.) The Court conducted a hearing on December 15, 2008. Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiffs' Motion for Class Certification as to Counts Two, Three, Four, Five, Six and Seven only

---

[1] Named Plaintiffs are Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak.

and Appoints Class Counsel. *Sua sponte*, the Court has determined to reconsider the legal basis of Count One of the Consolidated Complaint and orders further briefing.

## II. BACKGROUND

A detailed outline of the factual allegations in this case may be found in the Court's December 20, 2006 Order Denying Defendant's Motion to Dismiss. (hereafter, "December 20 Order," Docket Item No. 27.)[2] The Court reviews the relevant procedural history, to the extent it implicates the present Motion.

This case is a consolidated putative class action. The original cases were Charoensak v. Apple Computer, Inc., Case No. C 05-00037 JW and Tucker v. Apple Computer, Inc., Case No. C 06-04457 JW.[3] On March 21, 2007, the Court ordered these cases consolidated, and renamed the consolidated case The Apple iPod iTunes Antitrust Litigation.[4] (Docket Item No. 106.) The Court designated The Katriel Law Firm, P.L.L.C. and Coughlin Stoia Geller Rudman & Robbins as Co-Lead Counsel, and designated Somtai Troy Charoensak, Mariana Rosen, and Melanie Tucker as Lead Plaintiffs. (Id.) On April 19, 2007, Plaintiffs filed a Consolidated Complaint for Violations of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition Law, Consumer Legal Remedies Act, and California Common Law of Monopolization. (hereafter, "Complaint," Docket Item No. 107.)

---

[2] This Order may be found in the docket for Tucker v. Apple Computer, Inc., Case No. C 06-04457 JW, which was one of the original cases now included in this consolidated action.

[3] There is a related case, Somers v. Apple Computer, Inc., Case No. C 07-06507. Somers is a putative class action, which asserts the same causes of action against Apple based on the same alleged anticompetitive conduct. The Plaintiffs in Somers, however, are iPod purchasers who did not purchase iPods directly from Apple. (See Docket Item No. 1 in 07-06507.) The present Motion for Class Certification does not purport to certify claims of the indirect purchaser Plaintiffs in Somers, and only relates to the direct purchaser claims asserted in this consolidated case.

[4] Prior to consolidation, the Court denied Apple's Motion to Dismiss the antitrust claims in Tucker case. (See December 20 Order at 16.) No other dispositive motions were filed in Tucker or in Charoensak prior to consolidation, nor have any such motions been filed in the consolidated action.

With respect to Plaintiffs' class action allegations, the Complaint alleges two classes based on the form of relief sought. (Complaint at 7.) First, the Complaint seeks an injunctive relief class, which would include "[a]ll persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who: (a) purchased an iPod from Apple or (b) purchased audio or video files" from the iTMS during the Class Period.[5] (Id. ¶ 31.) Second, the Complaint seeks a damages class, which would be composed of "[a]ll persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who purchased an iPod directly from Apple during the Class Period." (Id. ¶ 32.)

The Complaint asserts seven Counts. Although each Count realleges and incorporates other Counts, the Court treats them as stating separate legal claims as follows: Count One – Unlawful Tying in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1; Count Two – Monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; Count Three – Attempted Monopolization in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2; Count Four – violation of the Cartwright Act, Cal. Bus. & Prof. Code §§ 16270, *et seq.*; Count Five – violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.*; Count Six violation of the Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.*; and Count Seven common law monopolization of business practices.

Presently before the Court is Plaintiffs' Motion for Class Certification.

## III. STANDARDS

The decision to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; Doninger v. Pacific Northwest Bell, Inc., 564 F.3d 1304, 1309 (9th Cir. 1977). The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one

---

[5] The Class Period is defined as April 28, 2003 through the conclusion of any trial in this matter. (Complaint ¶ 26.)

requirement of Rule 23(b) have been met. Dukes v. Wal-Mart, Inc., 509 F.3d 1168, 1176 (9th Cir. 2007) (citing Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended, 273 F.3d 1266 (9th Cir. 2001)). A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has met its burden. General Telephone Co. of the Southwest v. Falcon, 457 U.S. 147, 158-61 (1982).

In reviewing a motion for class certification, the court generally is bound to take the substantive allegations of the complaint as true. In re Coordinated Pretrial Proceedings in Petroleum Products Antitrust Litig., 691 F.2d 1335, 1342 (9th Cir. 1982) (citing Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir.1 975)).

## IV. DISCUSSION

Plaintiffs seek to simultaneously certify an injunctive class under Rule 23(b)(2) and a damages class under Rule 23(b)(3). (Motion at 9-11.) Defendant contends that Plaintiffs have not met their burden of showing the elements of commonality, typicality, and adequacy of representation under Rule 23(a). (Corrected Copy of Unredacted Memorandum in Opposition to Motion for Class Certification at 12, hereafter, "Opposition," Docket Item No. 185.)

The Court first evaluates whether Plaintiffs have met each of the requirements of Rule 23(a). The Court will then turn to each of the putative classes under Rule 23(b).

### A.     Rule 23(a) Certification

Rule 23(a) provides four requirements that must be satisfied for class certification: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a). These requirements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation, respectively. See Hanlon v. Chrysler Corp., 150 F.3d 1011, 1019 (9th Cir. 1998) (citing Amchem Products, Inc. v. Windsor, 521 U.S. 591 (1997)).

4

The Court considers each factor in turn.

**1. Numerosity**

Plaintiffs contend that they satisfy the numerosity requirement of Rule 23(a). (Motion at 6.) Defendants do not expressly challenge certification on this ground.[6]

"The prerequisite of numerosity is discharged if 'the class is so large that joinder of all members is impracticable.'" Hanlon, 150 F.3d at 1019. A class of one thousand members "clearly satisfies the numerosity requirement." Sullivan v. Chase Inv. Servs., Inc., 79 F.R.D. 246, 257 (N.D. Cal. 1978).

In this case, Plaintiffs' proposed class includes "all persons or entities in the United States . . . who since April 28, 2003 purchased an iPod directly from Apple." (Motion at 3.) It is undisputed that Apple sold over 100 million iPods worldwide between fiscal years 2005-07. (Declaration of Bonny Sweeney in Support of Motion to Certify Class and Appoint Class Counsel, Ex. 2, hereafter, "Sweeney Decl.," Docket Item No. 166.) Given that the volume of relevant purchasers during the Class Period is undisputedly in the millions, the Court finds that Plaintiffs have satisfied the numerosity requirement of Rule 23(a). (See Opposition at 11.)

**2. Commonality**

Plaintiffs contend that the commonality requirement of Rule 23(a) is met because there are questions of law and fact common the proposed classes. (Amended Motion at 11.) Defendant contends that any liability must be assessed on an individualized basis and that therefore, there is no commonality upon which to base class certification. (Opposition at 12.)

Rule 23(a)(2) requires that class certification be predicated on "questions of law or fact common to the class." This requirement "has been construed permissively. All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal

---

[6] Federal Rule of Civil Procedure 23(c) "imposes an independent duty on the district court to determine by order that the requirements of Rule 23(a) are met regardless of the defendant's admissions." Davis v. Hutchins, 321 F.3d 641, 649 (7th Cir. 2003).

1 remedies within the class." Hanlon, 150 F.3d at 1019. In particular, Defendant contends that the
2 commonality element cannot be met because the "coercion" that is elemental to a tying claim is a
3 factual determination that must be made on an individualized basis. (Opposition at 15.) The Court
4 will give separate consideration to Defendant's objection to certifying a class with respect to the
5 tying claim.

                              **a.      Commonality: Tying Claim**

7 In reviewing a motion for class certification, the court may look beyond the pleadings to
8 determine whether the requirements of Rule 23 have been met. Hanon v. Dataproducts Corp., 976
9 F.2d 497, 509 (9th Cir. 1992) (citation omitted). In fact, "courts are not only at liberty to but must
10 consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even
11 [if] the evidence may also relate to the underlying merits of the case." Dukes, 509 F.3d at 1178 n.2
12 (internal quotations and citation omitted).

13 Plaintiffs' tying claim is alleged in Count One of the Consolidated Complaint. To succeed
14 on this claim, Plaintiffs will be required to establish each of the relevant markets they allege in their
15 Complaint. Eastman Kodak Co. v. Image Technical Services, Inc., 504 U.S. 451, 481 (1992).
16 Plaintiffs will then have to show that Apple possesses market power in each of those markets. Id.
17 Both of these threshold issues are complex factual inquiries that do not depend in any way upon
18 individualized proof. For example, whether an "online music market" exists, and whether Apple has
19 power in that market, are broad questions that exist independently of each individual Plaintiff. If
20 each Plaintiff were forced to proceed individually on their antitrust claims, each would have to prove
21 market and market power as the foundational elements of their cases. As such, questions of market
22 definition, market share, and market power are common to all members of the proposed class.

23 In addition, Plaintiffs will have to prove a tie between iPods and products sold through the
24 iTMS. The question of the tie itself relates to Apple's use of technological restraints to limit
25 consumers' ability to play music and videos purchased at the iTMS on any portable digital music
26 device other than the iPod. Plaintiffs will also have to prove the substantiality of the volume of

6

1 commerce affected in the tied product market. (See December 20 Order at 6.) Apple's use of
2 technological restrictions and the amount of commerce affected by these restrictions are both
3 questions that do not require individual proof.

4 An implicit requirement in the elements of a tying claim is that the seller of the tying product
5 has "force[d] the buyer into the purchase of the tied product." Jefferson Parish Hosp. Dist. No. 2 v.
6 Hyde, 466 U.S. 2, 12 (1984). Previously, in its December 20 Order, the Count ruled that "there is no
7 requirement that individual purchaser plaintiffs must allege coercion at the individual level, rather
8 than at the market level, to state a Section 1 tying claim." (December 20 Order at 7.) The Court has
9 been persuaded, given the unique facts of this case, to give closer scrutiny to whether such market-
10 level coercion, as alleged by Plaintiffs, is sufficient to bring their allegations within the ambit of a
11 Section 1 tying claim. In addition to whether market-level coercion can be the basis of a cognizable
12 tying claim, the Court has been persuaded to consider whether, as a matter of law, coercion can be
13 found where there is no requirement that the tying and tied products be purchased together. In this
14 case, products sold through the iTMS and iPods are sold separately by Defendant, without any
15 requirement that they be purchased together. Rather, Defendant's products are allegedly
16 unnecessarily restricted on a technological basis, such that they have enhanced utility if both
17 products are purchased. In light of these concerns, the Court invites the parties to move under Rule
18 12(b) or (c) for reconsideration of the legal basis of Plaintiffs' tying claim.

19 Since resolution of this issue will affect whether individualized proof is required and thus
20 whether the commonality requirement can be satisfied with respect to the tying claim, the Court
21 denies certification without prejudice with respect pending further proceedings.

22 **b. Commonality: Monopoly and Attempted Monopoly Claims**

23 The coercion requirement inherent in the tying claim is not present in the monopoly and
24 attempted monopoly claims. In addition to the market and market power questions discussed above,
25 to succeed on a monopolization claim, Plaintiffs will be required to demonstrate Apple's willful
26 acquisition or maintenance of monopoly power, along with anticompetitive injury. Cost

27
28  7

1 Management Servs. v. Washington Natural Gas, 99 F.3d 937, 949 (9th Cir. 1996.) Questions surrounding the willfulness of Apple's behavior are undoubtedly common to the class, as are questions of antitrust injury, especially if the injury alleged is that Apple uniformly charged consumers supracompetitive prices based on its purported monopoly position. Similar issues surrounding the intentionality of Apple's actions and antitrust injury will be integral to Plaintiffs' success on their attempted monopolization claim. See Paladin Assocs., Inc. v. Montana Power Co., 328 F.3d 1145, 1159 (9th Cir. 2003).

Accordingly, the Court finds that common questions of law and fact predominate over individual questions as to Plaintiffs' monopolization and attempted monopolization causes of action. Plaintiffs have therefore fulfilled the commonality requirement of Rule 23(a).

### 3. Typicality

Plaintiffs contend that they have satisfied the typicality requirement because all three named Plaintiffs purchased iPods directly from Apple, allege the same antitrust claims on behalf of themselves and every member of the proposed class, and seek relief for the same alleged injury. (Motion at 7.) Defendant contends that the need for individualized proof of antitrust injury prevents the named Plaintiffs' claims from being typical of those of the class as a whole. (Opposition at 12.)

Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed. R. Civ. P. 23(a)(3). Like the commonality requirement, the typicality requirement is permissive: "representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." Hanlon, 150 F.3d at 1020. The test is whether "other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." Hanon, 976 F.2d at 508.

Each of the antitrust causes of action asserted in this case are based on domestic iPod purchases directly from Apple, and relate to the same allegedly anticompetitive conduct associated with the iPod and the iTMS. Given that the named Plaintiffs allege antitrust injury based on exactly

1  this type of iPod purchase, their claims are sufficiently co-extensive with those of absent class
2  members to satisfy the typicality requirement of Rule 23(a).
3  Accordingly, the Court finds that Plaintiffs have met the typicality requirement of Rule
4  23(a).

### 4. Adequacy of Representation

The named Plaintiffs contend that they will adequately represent the proposed class because there are no identifiable conflicts of interest and because the named Plaintiffs and their counsel are motivated advocates in the overall goal of class-wide relief. (Motion at 8-9.)

The fourth predicate for class certification is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Two factors are considered when determining the adequacy of representation: "(1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" Hanlon, 150 F.3d at 1020.

In this case, there is no evidence that either the named Plaintiffs or their counsel have any conflicts of interest with absent class members. Each of the named Plaintiffs individually seek relief for the same type of injury arising out of the same alleged conduct, as they seek for the overall class. In addition, Plaintiffs have submitted evidence that they have retained experienced counsel to represent them in this antitrust class action litigation. (See Sweeney Decl., Exs. 3-4.) The named Plaintiffs have also participated extensively in the discovery process, having each given depositions and having each provided a large amount of documentary evidence to Defendant. (Sweeney Decl. ¶¶ 3-4.)

Accordingly, the Court finds that Plaintiffs and their counsel adequately represent the proposed class under Rule 23(a).

The Court finds that with respect to Counts Two and Three, Plaintiffs have met all four requirements - numerosity, commonality, typicality, and adequate representation - such that class certification is proper under Rule 23(a).

**B.    Rule 23(b) Certification**

Plaintiffs move for hybrid certification of a Rule 23(b)(2) class on the issue of injunctive and declaratory relief, and a Rule 23(b)(3) class on the issue of monetary relief. (Motion at 9-11.)

In addition to meeting the requirements under Rule 23(a), class action plaintiffs must also establish that one or more of the grounds for maintaining the suit as a class action are met under Rule 23(b): (1) there is a risk of substantial prejudice from separate actions; (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) common questions of law or fact predominate and the class action is superior to other available methods of adjudication. Fed. R. Civ. P. 23(b). In class actions certified under Rule 23(b)(1) or (b)(2), class members do not have mandatory rights to exclude themselves from the judgment by opting out of the class. See Molski v. Gleich, 318 F.3d 937, 947 (9th Cir. 2003). Such mandatory opt out rights automatically attach to Rule 23(b)(3) classes only. Id.; Fed. R. Civ. P. 23(c)(2)(B).

**1.    Rule 23(b)(2) Certification**

Plaintiffs move for certification under Rule 23(b)(2), and seek a determination of Defendant's liability, followed by injunctive relief to prohibit Defendant from restricting interoperability between iTMS media purchases and non-iPod portable digital media players. (Motion at 9.) Defendant contends that Rule 23(b)(2) certification is inappropriate because Plaintiffs' claims for monetary relief are not incidental to the equitable relief sought by Plaintiffs. (Opposition at 24.)

Certification under Rule 23(b)(2) requires that "the party opposing the class has acted . . . on grounds that apply generally to the class." Fed. R. Civ. P. 23(b)(2). "Class actions certified under Rule 23(b)(2) are not limited to actions requesting only injunctive relief or declaratory relief, but may include cases that also seek monetary damages." Probe v. State Teachers' Retirement Sys., 780 F.2d 776, 780 n.3 (9th Cir. 1986). In order for certification to be proper under Rule 23(b)(2), however, injunctive and declaratory relief must predominate over monetary relief. Molski, 318 F.3d at 949-50.

10

In this case, Plaintiffs allege that Defendant acted on grounds that apply generally to the proposed class by uniformly restricting consumers' use of iTMS-purchased media to Defendant's iPod product. (See Motion at 9.) The injunctive relief sought by Plaintiffs to remedy this conduct would also be appropriate to the class as a whole. Plaintiffs seek to enjoin Defendant from maintaining its restrictive technology practices in the future and seek to compel Defendant to "unlock" media already purchased from the iTMS so that it may be played on non-iPod digital media players. (Id.) Assuming that Plaintiffs are able to establish liability for Defendant's restrictive technology practices, the Court finds that injunctive relief would be appropriate to prevent Defendant from continuing to employ those practices against Plaintiffs and against future Apple consumers.

With respect to Defendant's contention that injunctive relief does not predominate over monetary relief, the Court must focus "on the language of Rule 23(b)(2) and the intent of the plaintiffs in bringing the suit." Molski, 318 F.3d at 950. In this case, Plaintiffs contend that their "first and foremost goal" is to bring an end to Defendant's restrictive technology practices. (Motion at 9.) As discussed above, these practices "generally apply" to all members of the proposed class within the meaning of Rule 23(b)(2). Although it is true that Plaintiffs also seek monetary relief, the Court finds that such monetary relief is secondary in nature to Plaintiffs' broader desire to force Defendant to make iTMS-purchased media interoperable with a variety of portable digital media players. See id. at 950 n.14.

Accordingly, class certification is proper under Rule 23(b)(2).

**2.     Rule 23(b)(3) Certification**

Plaintiffs contend that certification is also proper under Rule 23(b)(3) because (1) common questions of law and fact predominate over individual issues and (2) a class action is a superior method of adjudicating this dispute. (Motion at 11-23). Defendant contends that Rule 23(b)(3) certification is inappropriate because individualized proof of injury is required, thus defeating

Plaintiffs' claims of predominance. (Opposition at 3.) Defendant does not expressly challenge Rule 23(b)(3) certification on superiority grounds.

Certification under Rule 23(b)(3) requires that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). "When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis." Hanlon, 150 F.3d at 1022. In order to determine whether a class action is superior to individual action, "courts consider the interests of the individual members in controlling their own litigation, the desirability of concentrating the litigation in the particular forum, and the manageability of the class action." Hunt v. Check Recovery Systems, Inc., 241 F.R.D. 505, 514 (N.D. Cal. 2007) (citing Amchem, 521 U.S. at 615).

Here, as discussed in Section A.2, *supra*, the Court has found that there are numerous common questions of law and fact involving Defendant's allegedly anticompetitive conduct. Accordingly, the Court finds that Plaintiffs have met the predominance requirement of Rule 23(b)(3).

The Court also finds that a class action is the superior method to adjudicate Plaintiffs' claims. This is a case that involves potentially millions of class members, each of whom may have suffered damages as a result of Defendant's standardized conduct. Given that an individual Plaintiff's recovery in this case would likely be no more than several hundred dollars, which is the cost of an iPod, there would be little incentive for an individual iPod purchaser to take on a factually complex antitrust case such as this one. See Hunt, 241 F.R.D. at 515 (where the size of individual damage claims is small "there is little incentive to sue individually"). Based on Plaintiffs' theory, however, damages would likely be limited to whatever supracompetitive premium Defendant had charged for iPods relative to a competitive market price. The lack of financial incentives to pursue

this antitrust litigation on an individualized basis supports use of a class action as the superior method to resolve this dispute.

As a general matter, this case involves a single Defendant, which is alleged to have committed a variety of antitrust violations, resulting in injury to a vast number of consumers. In light of the extent of common issues confronting Plaintiffs and the overall desire for consistent judgments, taken together with the individually small amounts of damages at issue in this case, judicial economy warrants consolidating all of Plaintiffs' claims into a single class action.

Accordingly, the Court finds that class certification is proper under Rule 23(b)(3).

## V. CONCLUSION

The Court GRANTS Plaintiffs' Motion for Class Certification as to Counts Two and Three and certifies Plaintiffs' classes for injunctive and declaratory relief under Rule 23(b)(2) and for actual damages under Rule 23(b)(3) as follows:

(1) The Court certifies a Rule 23(b)(2) injunctive relief class with the following definition: All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who: (a) purchased an iPod from Apple or (b) purchased audio or video files from the iTMS since April 28, 2003.

(2) The Court certifies a Rule 23(b)(3) damages class with the following definition: All persons or entities in the United States (excluding federal, state, and local government entities, Apple, its directors, officers, and members of their families) who since April 28, 2003, purchased an iPod directly from Apple.

(3) The Court names as Co-Lead Class Counsel Coughlin Stoia Geller Rudman & Robbins, LLP and the Katriel Law Firm.

The Court denies certification with respect to Count One without prejudice pending further proceedings in the case. To the extent certification is sought with respect to Counts Four, Five, Six and Seven, since these Counts incorporate Counts Two and Three by reference, the Court GRANTS

13

certification with respect to Counts Four, Five, Six and Seven. The Court, however, DENIES certification as to these Counts to the extent they incorporate Count One by reference, without prejudice pending further proceedings in the case.

The parties shall appear for a Case Management Conference on **January 16, 2009 at 10 a.m.** On or before **January 6, 2009**, the parties shall file a Joint Case Management Statement. The Statement shall include the parties' proposed schedule for advancing the action in light of this Order. Specifically, the parties shall propose a schedule for addressing the issues raised by the Court regarding Plaintiffs' tying claim.

Dated: December 22, 2008

JAMES WARE
United States District Judge

14

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Richard Sand invalidaddress@invalidaddress.com
Alreen Haeggquist alreenh@zhlaw.com
Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bonnys@csgrr.com
Brian P Murray bmurray@murrayfrank.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Craig Ellsworth Stewart cestewart@jonesday.com
Francis Joseph Balint fbalint@bffb.com
Helen I. Zeldes helenz@zhlaw.com
Jacqueline Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@csgrr.com
Michael David Braun service@braunlawgroup.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy A. Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Tracy Strong tstrong@jonesday.com

**Dated: December 22, 2008**            **Richard W. Wieking, Clerk**

           **By:   /s/ JW Chambers**
                  **Elizabeth Garcia**
                  **Courtroom Deputy**