Robert A. Mittelstaedt #060359
Tracy M. Strong #221540
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
tstrong@jonesday.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION**  _____  **This Document Relates to:**  ALL ACTIONS.  **STACIE SOMERS, On Behalf of Herself and All Others Similarly Situated,**  Plaintiff,  vs.  **APPLE, INC., a California corporation,**  Defendant. | Lead Case No. C 05-00037 JW (RS)  **CLASS ACTION**  **JOINT CASE MANAGEMENT STATEMENT**  Case No. C 07-06507 JW  **CLASS ACTION** |

The parties jointly submit this Case Management Conference Statement.

**I.    Reconsideration of Legal Basis of Tying Claim.**

The parties disagree on the appropriate method for reconsideration of the legal basis of the tying claim and whether plaintiffs should be permitted at this time to move to reconsider denial of certification of the tying claim.

**Plaintiffs' Position:**

In its order on Plaintiffs' Motion for Class Certification ("Class Certification Order"), the Court denied without prejudice certification of Plaintiffs' tying claim. In so doing, the Court expressed a willingness to reconsider its ruling on Apple's motion to dismiss Plaintiffs' tying claim, limited to the following two issues:

(1) Whether market-level coercion, as alleged by Plaintiffs, is sufficient to bring their allegations within the ambit of a Section 1 tying claim?

(2) Whether, as a matter of law, coercion can be found where there is no requirement that the tying and tied products be purchased together?

Class Certification Order, at 7.

The Court invited a motion for reconsideration by the parties. *Id.* Plaintiffs suggest the following approach to most expeditiously address the Court's fundamental concerns:

Apple and Plaintiffs simultaneously file briefs of equal length. Plaintiffs will file a motion for reconsideration of the Court's Class Certification Order with respect to their tying claim and Apple will file a motion for reconsideration of the Court's denial of Apple's motion to dismiss Plaintiffs' tying claim. The parties will then file simultaneous response briefs of equal length with no further replies. All briefs will be limited to 25 pages in length.

Plaintiffs also propose the parties file their opening motions by January 30, 2009, and response briefs by February 13, 2009, with a hearing on March 2, 2009.

Plaintiffs believe that motions for reconsideration are the correct manner in which the parties should address the limited issues raised by the Court. The Court did not invite Apple to move for summary judgment under Rule 56, nor would such a motion be appropriate at this time given that, pursuant to Apple's request that discovery be bifurcated, no merits discovery has been conducted.

**Apple's Position:**

As invited by the Court's December 15 order, Apple intends to file a motion to address the legal sufficiency of the tying claim. Apple submits that a Rule 56 motion is the most efficient way at this stage of the case to resolve the legal sufficiency of the tying claim. The prior motion

to dismiss under Rule 12(b)(6) was addressed to the Tucker complaint before a consolidated complaint was filed. The Tucker complaint admitted that the record labels required Apple to use anti-piracy software, and admitted that Tucker bought an iPod separately from iTunes Store music. The consolidated complaint, however, deleted those admissions. Thus, the appropriate way to present the issue of whether the separate availability and independent uses of iPods and iTunes Store content defeat the tying claim, and whether individual coercion is required, is a Rule 56 motion based on the admissions in plaintiffs' depositions. This is consistent with the Court's statement in the December 15 order that "given the unique facts of this case," the Court is persuaded to revisit the tying claim. Those facts are spelled out in the depositions of plaintiffs, not in the consolidated complaint.

Plaintiffs' sole objection is that merits discovery has not commenced. But no discovery will be needed to revisit the legal issues referred to in the Court's December 15 order. The pertinent facts, *e.g.,* the separate availability and independent uses of the alleged tied and tying products, and plaintiffs' admission that they voluntarily bought iPods, are contained in plaintiffs' depositions. They provide an appropriate, concrete basis for the Court to reconsider the legal basis for the tying claim.

Apple proposes filing the motion by January 19, 2009, with a hearing noticed for February 23, 2009.

Apple opposes plaintiffs' proposal for simultaneous briefing on a motion by plaintiffs to reconsider denial of a tying class. The Court did not invite any such motion. It would be inefficient, unnecessary and repetitive of previous briefing. If on reconsideration the tying claim is dismissed, there would be no need to consider class certification of that claim, and thus no need for the further briefing plaintiffs now propose. If on the other hand the tying claim survives, the Court can then apply the previous briefing on the class certification motion or invite further briefing on specific issues if the Court believes that anything further is needed. This approach is consistent with the Court's December 15 order:

> "Since resolution of this [tying] issue will affect whether individualized proof is required and thus whether the commonality requirement can be satisfied with respect to the

tying claim, the Court denies certification without prejudice
with respect [to the tying claims] pending further proceedings."

**II.   Other Issues Raised by Apple.**

Apple raises the following additional issues related to the class certification decision. The parties' respective positions are set forth below.

**Apple's Position:**

**A.   Counts V and VI – non-antitrust claims under California law.**

Apple seeks clarification that the Court did **not** certify any class with respect to the non-antitrust claims in Counts V and VI of the consolidated complaint. Count V is under the California Unfair Competition Law, Bus. & Prof. Code section 17200. It alleges, *inter alia*, that Apple has "deceived" those consumers "who reasonably believed" that iTunes Store music and video were "compatible" with any "standard" portable music player. Cons. Cmplt. ¶ 123. Count VI is under the California Consumer Legal Remedies Act, Cal. Civil Code section 1750. It alleges, *inter alia*, that Apple "unconscionably exploits" unequal bargaining position.

Plaintiffs did not seek certification of the non-antitrust claims in either of those Counts, presumably to simplify their motion and to avoid the individual questions inherent in litigating what individual consumers believed or did not believe about compatibility and whether individual consumers relied on any such belief in buying an iPod. Plaintiffs' motion for class certification was expressly limited to their federal antitrust law claims and their California Cartwright Act claim, *i.e.,* Counts I, II, III and IV. *See e.g.,* Motion For Class Certification, Doc. 165, p. 1 ("Plaintiffs respectfully seek certification of their claims that . . . Apple violated antitrust laws . . . ). The only reference in their briefing to anything other than the federal antitrust laws claims is a six-line paragraph under the heading "Plaintiffs' State Law Claims" on the last page of their brief. That paragraph refers exclusively to plaintiffs' Cartwright Act claims. *Id.,* p. 24.

The Court's December 15 order stated: "**To the extent** certification is sought with respect to Counts Four, Five, Six and Seven, since these Counts incorporate Counts Two and Three [the actual and attempted monopolization claims] by reference, the Court GRANTS certification with

respect to Counts Four, Five, Six and Seven." Doc. 196, p. 13 (emphasis added).

Because plaintiffs did not seek certification of any claims in Counts Five and Six and because in any event the non-disclosure claim was not based on the claims in Counts Two and Three, we read the Order to mean that no such claim is certified for class treatment. In their response below, plaintiffs concede that the non-disclosure and unconscionability claims are not antitrust claims and further that they did not move to certify the non-antitrust claims in those two counts.

**B.    Injunctive relief class:**

In their motion for class certification, plaintiffs expressly limited their request to a class of iPod purchasers since April 28, 2003. Doc. 165, p. 3 ("Plaintiffs respectfully seek certification of the following class: 'All persons or entities in the United States . . . who since April 28, 2003 purchased an iPod directly from Apple.'"). They did not include purchasers of iTunes Store music or video. Thus, defendants' opposition did not address the issues that would be raised by including iTunes Store purchasers in a class. In its certification order, the Court reverted to the allegations of the complaint that included iTunes music/video purchasers in the injunctive relief class definition (Doc. 107, ¶ 31), notwithstanding the narrower scope of class requested in plaintiffs' motion. The appropriate resolution, Apple respectfully submits, is to revise the December 15 order to limit the class definition to that proposed by plaintiffs in their motion, *i.e.* iPod purchasers.

**C.    Resellers:**

In their certification motion, plaintiffs did not specifically contend that resellers like Wal-Mart, Best Buy and Target should be included in their class definition, as opposed to individual end-user consumers like themselves. In opposition, in an abundance of caution, Apple separately addressed (pp. 22-24) the issue of whether resellers should be included in the purported class, and identified several reasons why they should not be. In reply, plaintiffs separately addressed the issue of resellers as well, concluding that if Apple is correct that resellers were in a different position than end-user consumers, "the remedy would be to narrow the direct purchaser class" by, *inter alia*, excluding the "relatively few resellers" rather than declining to certify any class.

Doc. 188, p. 15.

The Court's December 15 order did not specifically refer to the resellers or to the separate arguments raised by the parties with respect to the resellers. Thus, Apple requests clarification as to whether they are included in the certified class. For reasons set forth previously, Apple's position is that they should not be included.

**Plaintiffs' Position:**

### A. Count V and VI.

Plaintiffs expressly moved for certification of their antitrust claims, which are in fact incorporated into their California statutory claims in Count V and Count VI. *See* Complaint, ¶¶121, 131. Specifically, with respect to Count V, Plaintiffs alleged "Apple's actions are unlawful and unfair because it has violated, *inter alia*, the Sherman Antitrust Act. . . ." *Id.* at ¶121. And, with respect to Count VI, Plaintiffs alleged "Apple is a monopolist . . . [and] [t]he unnecessary technological restrictions it places on its products offer no benefit to consumers while preventing them from using . . . a competitor's Digital Music Player or online store." *Id.* at ¶131. The Court accordingly properly certified Plaintiffs' statutory claims under Counts V and VI for class-wide resolution because they are premised on the alleged antitrust violations.

### B. Resellers.

Plaintiffs' proposed class definition encompassed all direct purchasers of iPods, including those direct purchasers who happened to be iPod resellers. As Apple concedes, the parties fully briefed Apple's contention that resellers be denied the opportunity to decide for themselves whether to remain in the proposed class. The Court properly rejected any such summary exclusion from the class, and no further briefing on the issue is required.

### III. Issues That Plaintiffs Raise.

Plaintiffs raise the following issues related to the class certification decision.

**Plaintiffs' position:**

### A. Class Notice

Plaintiffs intend shortly to file a motion for approval of form and manner of dissemination of class notice so that, upon resolution of the pending class certification issues class notice can

promptly be disseminated.  In preparation, Plaintiffs have requested that Apple provide Plaintiffs with information regarding customer lists, including email addresses available for class members.

### B. Issues Related to Discovery

As discussed above, the Court previously bifurcated discovery pending certification of Plaintiffs' claims.  In light of the Court's Class Certification Order certifying, among other claims, Plaintiffs' independent monopoly and attempted monopoly claims, Plaintiffs shall now renew their merits discovery.

**Apple's position:**

Apple agrees with plaintiffs that notice is premature at this point.  Apple is considering plaintiffs' recent request regarding customer lists, and will consider any discovery requests once they are served.

Dated: January 6, 2009

JONES DAY

By:/s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant
APPLE INC.

Dated: January 6, 2009

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
BONNY E. SWEENEY

By: /s/ Bonny E. Sweeney
    Bonny E. Sweeney

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

| | |
|---|---|
| 1 | Co-Lead Counsel for Plaintiffs |
| 2 | |
| | BONNETT, FAIRBOURN, FRIEDMAN |
| 3 | & BALINT, P.C. |
| | ANDREW S. FRIEDMAN |
| 4 | FRANCIS J. BALINT, JR. |
| | ELAINE A. RYAN |
| 5 | TODD D. CARPENTER |
| | 2901 N. Central Avenue, Suite 1000 |
| 6 | Phoenix, AZ 85012 |
| | Telephone: 602/274-1100 |
| 7 | 602/274-1199 (fax) |
| 8 | |
| | BRAUN LAW GROUP, P.C. |
| 9 | MICHAEL D. BRAUN |
| | 12304 Santa Monica Blvd., Suite 109 |
| 10 | Los Angeles, CA 90025 |
| | Telephone: 310/442-7755 |
| 11 | 310/442-7756 (fax) |
| 12 | |
| | MURRAY, FRANK & SAILER LLP |
| 13 | BRIAN P. MURRAY |
| | JACQUELINE SAILER |
| 14 | 275 Madison Avenue, Suite 801 |
| | New York, NY 10016 |
| 15 | Telephone: 212/682-1818 |
| | 212/682-1892 (fax) |
| 16 | |
| 17 | GLANCY BINKOW & GOLDBERG LLP |
| | MICHAEL GOLDBERG |
| 18 | 1801 Avenue of the Stars, Suite 311 |
| | Los Angeles, CA 90067 |
| 19 | Telephone: 310/201-9150 |
| | 310/201-9160 (fax) |
| 20 | |