IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Apple iPod iTunes Antitrust Litigation | NO. C 05-00037 JW |
| | **ORDER VACATING CASE MANAGEMENT CONFERENCE; CLARIFYING AND CORRECTING CLASS CERTIFICATION ORDER; SETTING BRIEFING SCHEDULE** |
| _____ / | |

On January 16, 2009, the parties are scheduled to appear for a Case Management Conference. The parties timely filed a Joint Case Management Statement. (See Docket Item No. 197). The Court considers the issues raised in the parties' Joint Statement in turn.

**A.     Motion for Reconsideration**

In their Joint Statement, the parties suggest alternatives methods to deal with the Court's *sua sponte* decision to reconsider Defendant's Motion to Dismiss Plaintiffs' first cause of action for unlawful tying. (See December 22, 2008 Order at 9, hereafter, "Dec. 22 Order," Docket Item No. 196.) In its December 22 Order, however, the Court expressly stated the means by which the parties should approach reconsideration. In particular, the Court stated that a motion should be made pursuant to either Federal Rule of Civil Procedure 12(b)(6) or 12(c).[1] (Id.) Furthermore, the Court stated that two discrete legal issues would be open to reconsideration: (1) whether "market-level

---

[1] Although technically a motion for reconsideration of the Court's December 20, 2006 Order Denying Defendant's Motion to Dismiss (See Docket Item No. 27 in Case No. C 06-04457 JW), the Court suggests that Defendant frame this motion as one to dismiss for failure to state a claim or for judgment on the pleadings pursuant to Rule 12(b)(6) or 12(c), respectively.

coercion" can be the basis of a cognizable tying claim under Section 1 of the Sherman Act; and (2) whether, as a matter of law, coercion can be found where there is no requirement that the tying and tied product be purchased together. (Id.)

Accordingly, the Court sets a hearing for Defendant's anticipated Motion for Reconsideration on **March 23, 2009 at 9:00 a.m.** The parties shall confine their briefs to the two legal issues identified by the Court above. Defendant shall file and serve its motion in accordance with the Civil Local Rules of the Court.

**B.  Clarifications of Court's December 22, 2008 Order**

In addition, the parties Joint Statement represents that Defendants seek clarification or reconsideration of several items relating to the Court's December 22, 2008 Order.[2] First, the Court notes that it did certify a class as to Counts V and VI of Plaintiffs' Complaint. (See Dec. 22 Order at 13-14.) Second, in ruling on class certification, the Court considered Defendant's contentions that resellers should be excluded from the class definition. In declining to address this issue in the December 22 Order, the Court implicitly included resellers in the certified class.

Finally, the Court acknowledges that there is a material difference between definition of the class sought in Plaintiffs' Motion for Class Certification (See Docket Item No. 165 at 3) and the definition of the injunctive class certified by the Court (See Dec. 22 Order at 13). In light of the fact that Plaintiffs did not move to certify the full scope of the class granted by the Court, the Court grants Defendant's request to amend its December 22 Order. The Court strikes lines 11-15 on page 13 and replaces them with the following class definition:

> The Court certifies a Rule 23(b)(2) injunctive relief class with the following definition: All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who since April 28, 2003 purchased an iPod directly from Apple.

---

[2] The Court notes that the proper method for reconsideration or clarification is through a regularly noticed motion before the Court. See Civ. L.R. 7-9, 7-11. In this instance, however, the Court finds that it can address the issues raised by Defendant most expediently by directly addressing those issues at the present time.

2

1  **C.      Case Management Conference**

2          In light of this Order, the Court finds that the Case Management Conference scheduled for
3  January 16, 2009 is unnecessary.  Accordingly, the Court VACATES the January 16 Case
4  Management Conference.

6  Dated:  January 14, 2009

   JAMES WARE
7  United States District Judge

United States District Court
For the Northern District of California

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam Richard Sand invalidaddress@invalidaddress.com
Alreen Haeggquist alreenh@zhlaw.com
Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bonnys@csgrr.com
Brian P Murray bmurray@murrayfrank.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Craig Ellsworth Stewart cestewart@jonesday.com
Francis Joseph Balint fbalint@bffb.com
Helen I. Zeldes helenz@zhlaw.com
Jacqueline Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@csgrr.com
Michael David Braun service@braunlawgroup.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy A. Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Tracy Strong tstrong@jonesday.com

**Dated: January 14, 2009**            **Richard W. Wieking, Clerk**

                                                  **By:   /s/ JW Chambers**
                                                        **Elizabeth Garcia**
                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California