UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION, <br><br> This Document Relates To: <br><br> *Somers v. Apple, Inc.*, Case No. C 07-6507 JW, | Case No. C 07-6507 JW <br><br> [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND APPOINTING ZELDES & HAEGGQUIST, LLP AND MEHRI & SKALET PLLC AS CO-LEAD CLASS COUNSEL |

This matter came before the undersigned Honorable James Ware of the above-entitled Court upon plaintiff's motion for class certification. The Court having considered the motion and all other papers filed concerning that motion, and all other pertinent documents and pleadings filed in this action,

NOW, therefore, it is hereby ORDERED and ADJUDGED:

1. Plaintiff's motion for class certification is hereby granted.

2. The following class is hereby certified pursuant to Rule 23(b)(2) and (3) of the Federal Rules of Civil Procedure:

> All persons and entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) that from December 31, 2003 to the present ("Class Period") purchased an Apple iPod indirectly from Apple for their own use and not for resale.

3. The Court also certifies plaintiff Stacie Somers as the Class Representative. Pursuant to Fed. R. Civ. P. 23(g), the Court appoints the following law firms as Co-Lead Class Counsel: Zeldes & Haeggquist, LLP and Mehri & Skalet, PLLC.

4. This Court bases this certification and appointment order on the following findings, all of which are amply supported by plaintiff's well-pleaded allegations, Defendant's own documents, and expert testimony:

    (a) **Numerosity**. Plaintiff has demonstrated that "the class is so numerous that joinder of all members is impracticable" within the meaning of Fed. R. Civ. P. 23(a)(1).

    (b) **Commonality**. Fed. R. Civ. P 23(a)(2) requires that there be "questions of law or fact common to the class." Plaintiff has satisfied the commonality requirement here by identifying, *inter alia*, the following common questions of law and fact:

        (i) the definition of the relevant markets;

        (ii) Apple's market power within these markets;

        (iii) whether Apple monopolized and continues to monopolize the relevant markets in violation of Section 2 of the Sherman Act;

        (iv) whether Apple attempted to monopolize and continues to attempt to monopolize the relevant markets in violation of Section 2 of the Sherman Act;

(v) whether Apple's technological tie-violates Section 1 of the Sherman Act and California's Cartwright Act;

(vi) whether Defendant's conduct caused prices of iPods to be set at supracompetitive levels;

(vii) whether Defendant's conduct injured plaintiff and other members of the class and, if so, the appropriate class-wide measure of damages; and

(viii) the appropriateness of injunctive relief to restrain ongoing and future violations of the law.

(c) **Typicality**. Pursuant to Fed. R. Civ. P. 23(a)(3), plaintiff must also show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class." The same common questions identified above also serve to satisfy plaintiff's burden on typicality. The Court accordingly finds that typicality is met here because plaintiff and Class Members seek the same remedies for similar harms under the same legal theories.

(d) **Adequacy**. Pursuant to Fed. R. Civ. P. 23(a)(4), the Court finds that the "representative parties will fairly and adequately represent the [C]lass." The interests of the plaintiff are fully aligned with those of the Class, and her chosen counsel are fully capable of effectively prosecuting this litigation.

5. The Court further finds that certification is proper under Rule 23(b)(3). The common questions identified above predominate over any individualized issues concerning the allocation of damages. In other words, "[a] common nucleus of facts and potential legal remedies dominates this litigation." *Hanlon v. Chrylser Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Further, a class action is superior to a series of potentially millions of individual suits. Even if it were feasible for individual Class Members to bring suit, it would be inefficient to re-litigate the numerous common questions in case after case. Moreover, the Court is unaware of any other litigation concerning the controversy at issue herein, and the Court foresees no manageability problems that would militate against class certification.

\*   \*   \*

# **O R D E R**

Good Cause Appearing Therefore: Plaintiff's motion for class certification is granted, the class as defined above is certified, plaintiff Stacie Somers is certified as the Class Representative and the law firms of Zeldes & Haeggquist, LLP and Mehri & Skalet, PLLC are appointed Co-Lead Class Counsel.

IT IS SO ORDERED.

DATED: _____  _____
THE HONORABLE JAMES WARE
UNITED STATES DISTRICT JUDGE

Submitted by:

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST
655 West Broadway, Suite 1410
San Diego, CA 92101
Telephone: 619/955-8218
Fax: 619/342-7878
helenz@zhlaw.com
alreenh@zhlaw.com

MEHRI & SKALET, PLLC
STEVEN A. SKALET
CRAIG L. BRISKIN
1250 Connecticut Ave NW, Suite 300
Washington, DC 20036
Telephone: 202/822-5100
Fax: 202/822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

Attorneys for Plaintiff Stacie Somers


<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 23, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 23, 2009.

                                                  s/ Helen I. Zeldes
                                                HELEN I. ZELDES

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST
655 West Broadway, Suite 1410
San Diego, CA 92101
Telephone: 619/955-8218
Fax: 619/342-7878

Email Addresses: helenz@zhlaw.com
                                  alreenh@zhlaw.com

# MAILING INFORMATION FOR CASE C 07-06507

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Craig L. Briskin**
  cbriskin@findjustice.com, Pleadings@findjustice.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com, ybennett@jonesday.com

- **Tracy Strong**
  tstrong@jonesday.com, dharmon@jonesday.com

- **Elaine Wallace**
  rchavez@jonesday.com, ewallace@jonesday.com, clok@jonesday.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing).

**Steven A. Skalet**
Mehri & Skalet, PLLC
1250 Connecticut Avenue NW, Suite 300
Washington, DC 20036

**MAILING INFORMATION FOR A CASE 5:05-CV-00037-JW**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- Francis Joseph Balint, Jr
  fbalint@bffb.com

- Michael David Braun
  service@braunlawgroup.com

- Andrew S. Friedman
  rcreech@bffb.com,afriedman@bffb.com

- Roy A. Katriel
  rak@katriellaw.com,rk618@aol.com

- Thomas J. Kennedy
  tkennedy@murrayfrank.com

- Caroline Nason Mitchell
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,
  ewallace@jonesday.com

- Robert Allan Mittelstaedt
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- Brian P Murray
  bmurray@rabinlaw.com

- Jacqueline Sailer
  jsailer@murrayfrank.com

- Adam Richard Sand , Esq
  invalidaddress@invalidaddress.com

- John J. Stoia , Jr
  jstoia@csgrr.com

- Tracy Strong
  tstrong@jonesday.com,dharmon@jonesday.com

- Bonny E. Sweeney
  bonnys@csgrr.com,tturner@csgrr.com,E_file_sd@csgrr.com

- Helen I. Zeldes
  helenz@zhlaw.com

**Manual Notice List**

The following is the list of attorneys who are not on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Todd David Carpenter
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

Elaine A. Ryan
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012