# APPENDIX A

## Indirect Purchaser Standing Provisions of 19 Jurisdictions

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
| CA | Cal. Bus & Prof. Code § 16720; 16727 (specific tying provision): "It shall be unlawful for any person to lease or make a sale or contract for the sale of goods, merchandise, machinery, supplies, commodities . . . on the condition, agreement or understanding that the lessee or purchaser thereof shall not use or deal in the goods, merchandise, machinery, supplies, commodities, or services of a competitor or competitors of the lessor or seller, where the effect of such lease, sale, or contract for sale or such condition, agreement or understanding may be to substantially lessen competition or tend to create a monopoly in any line of trade or commerce in any section of the State." | Cal. Bus & Prof. Code § 17200 prohibits "any unlawful, unfair or fraudulent business act or practice. *See Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1135, 131 Cal. Rptr. 2d 29, 63 P.3d 937 (Cal. 2003) (stating that the UCL "embraces anything that can properly be called a business practice and that at the same time is forbidden by law."); *Doe v. Abbott Labs.*, 2004 U.S. Fist. LEXIS 29129 (N.D.Cal. Oct. 21, 2004). | "Though not always directly probative of the Cartwright Act drafters' intent, judicial interpretations of the Sherman Act are, nevertheless, often helpful because of the similarity in language and purpose between the federal and state statutes." *Morrison v. Viacom, Inc.*, 66 Cal.App.4th 534, 541 n.2 (1998). | Cal. Bus. & Prof. Code § 16750(a): action may be brought by |
| AZ | A.R.S. § 44-1402: "A contract, combination or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce, any part of which is within this state, is unlawful." | A.R.S. § 44-1403: "The establishment, maintenance or use of a monopoly or an attempt to establish a monopoly of trade or commerce, any part of which is within this state, by any person for the purpose of excluding competition or controlling, fixing or maintaining prices is unlawful." | A.R.S. § 44-1412: "It is the intent of the legislature that in construing this article, the courts may use as a guide interpretations given by the federal courts to comparable federal antitrust statutes." | *Bunker's Glass Company v. Pilkington, PLC*, 75 P.3d 99 (Ariz. 2003) (construing state statute to permit indirect purchasers to recover) |
| DC | D.C. Code § 28-4502. "Every | D.C. Code § 28-4503: "It shall be | D.C. Code § 28-4515: "It is the intent of the | D.C. Code § 28-4509(a): |

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
| | contract, combination in the form of a trust or otherwise, or conspiracy in restraint of trade or commerce all or any part of which is within the District of Columbia is declared to be illegal." | unlawful for any person to monopolize, attempt to monopolize, or combine or conspire with any other person or persons to monopolize any part of trade or commerce, all or any part of which is within the District of Columbia." | Council of the District of Columbia that in construing this chapter, a court of competent jurisdiction may use as a guide interpretations given by federal courts to comparable antitrust statutes." | "any indirect purchaser . . . upon proof of payment of all or any part of any overcharge . . . shall be deemed to be injured within the meaning of this Chapter." |
| FL | Fla. St. § 501.204: Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. | Fla. St. § 501.204: Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful. | Fla. St. §§ 501.202(3); 501.203(3)(a), (b); 501.204(2). | *Mack v. Bristol-Myers Squibb Co.*, 673 So. 2d 100 (Fla. Ct. App. 1996) (holding that an indirect purchaser remedy under the DUTPA "effectuates the consumer protection policies" that underlie the statute). |
| IA | Iowa Code § 553.4: "A contract, combination, or conspiracy between two or more persons shall not restrain or monopolize trade or commerce in a relevant market." | Iowa Code § 553.5: "A person shall not attempt to establish or establish, maintain, or use a monopoly of trade or commerce in a relevant market for the purpose of excluding competition or of controlling, fixing, or maintaining prices." | Iowa Code § 553.2: "This chapter shall be construed to complement and be harmonized with the applied laws of the United States which have the same or similar purpose as this chapter. This construction shall not be made in such a way as to constitute a delegation of state authority to the federal government, but shall be made to achieve uniform application of the state and federal laws prohibiting restraints of economic activity and monopolistic practices." *See also Double D Spotting Serv. V. Supervalu, Inc.*, 136 F.3d 554, 559 (8th Cir. 1998) (applying federal precedent in construing state law antitrust claims, noting harmonization provision) | *Comes v. Microsoft Corp.*, 646 N.W.2d 440, 451 (Iowa 2002); 696 N.W.2d 318 (Iowa 2005). |
| ME | 10 M.R.S. § 1101: "Every contract, combination in the form of trusts or | 10 M.R.S. § 1102: "Whoever shall monopolize or attempt to monopolize or | "Maine antitrust [law] parallels the Sherman Act." *Tri-State Rubbish, Inc. v. Waste* | 10 M.R.S. § 1004 (conferring a right of action |

2

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
|  | otherwise, or conspiracy, in restraint of trade or commerce in this State is declared to be illegal." | combine or conspire with any other person or persons to monopolize any part of the trade or commerce of this State shall be guilty of a Class C crime." | *Mgmnt., Inc.*, 875 F. Supp. 8, 14 (D. Me. 1994). | on "[a]ny person, including the State or any political subdivision of the State, injured directly or indirectly in its business or property . . ." |
| MA | Mass. Gen. Laws Ch. 93A §§ 9, 11; *Ciardi v. F. Hoffmann-La Roche, Ltd.*, 762 N.E.2d 303, 312 & n.18 (Mass. 2002) (stating that indirect purchasers could bring claims for price-fixing or other anticompetitive conduct under Section 9). | Mass. Gen. Laws Ch. 93A §§ 9, 11; *Ciardi v. F. Hoffmann-La Roche, Ltd.*, 762 N.E.2d 303, 312 & n.18 (Mass. 2002) (stating that indirect purchasers could bring claims for price-fixing or other anticompetitive conduct under Section 9). | Mass. Gen. Laws Ch. 93A § 2(b) (consumer statutes construed in harmony with FTC Act); Ch. 93 § 12 (antitrust act to be construed in harmony with comparable federal law). | *Ciardi v. F. Hoffmann-La Roche, Ltd.*, 762 N.E.2d 303, 312 & n.18 (Mass. 2002). |
| MI | Mich. Comp. Laws § 445.772. "A contract, combination, or conspiracy between 2 or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful." | Mich. Comp. Laws § 445.773: "The establishment, maintenance, or use of a monopoly, or any attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding or limiting competition or controlling, fixing, or maintaining prices, is unlawful. | "The Michigan antitrust laws were patterned after the Sherman Anti-Trust Act, 15 USC § 1 *et seq.*" *ETT Ambulance Serv. Corp. v. Rockford Ambulance*, 516 N.W.2d 498, 500 (Mich. App. 1994). | Mich. Comp. Laws § 445.778(2): allows person "injured directly or indirectly in his or her business or property" to bring action for damages. |
| MN | Minn. Stat. § 325D.51: "A contract, combination, or conspiracy between two or more persons in unreasonable restraint of trade or commerce is unlawful." *See also* Minn. Stat. § 325D.53 (illegalizing all other contracts, combinations or conspiracies "for the purpose or with the effect of affecting, fixing, controlling or maintaining the market price, rate, or fee of any commodity or service"). | Minn. Stat. § 325D.52: The establishment, maintenance, or use of, or any attempt to establish, maintain, or use monopoly power over any part of trade or commerce by any person or persons for the purpose of affecting competition or controlling, fixing, or maintaining prices is unlawful. | Minnesota antitrust law is generally interpreted consistently with federal antitrust law. *Lorix v. Crompton Corp.*, 736 N.W.2d 619, 627 (Minn. 2007). | Minn. Stat. § 325D.57: allows person "injured directly or indirectly by a violation" to bring action for damages. |

3

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
| NE | Neb. Rev. Stat. § 59-801: "Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce, within this state, is hereby declared to be illegal. Every person who shall make any such contract or engage in any such combination or conspiracy shall be deemed guilty of a Class IV felony." | Neb. Rev. Stat. § 59-802: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce, within this state, shall be deemed guilty of a Class IV felony." | Neb. Rev. Stat. § 59-829: "When any provision of sections 59-801 to 59-831 and sections 84-211 to 84-214 or any provision of Chapter 59 is the same as or similar to the language of a federal antitrust law, the courts of this state in construing such sections or chapter shall follow the construction given to the federal law by the federal courts." | Neb. Rev. Stat. § 59-821: allows action "whether such injured person dealt directly or indirectly with the defendant . . ." |
| NV | Nev. Rev. Stat. § 598A.060(1)(d): "1. Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and it is unlawful to conduct any part of any such activity in this state . . . (d) Tying arrangements, consisting of contracts in which the seller or lessor conditions the sale or lease of commodities or services on the purchase or leasing of another commodity or service." | Nev. Rev. Stat. § 598A.060(1)(e): "1. Every activity enumerated in this subsection constitutes a contract, combination or conspiracy in restraint of trade, and it is unlawful to conduct any part of any such activity in this state . . . (e) Monopolization of trade or commerce in this state, including, without limitation, attempting to monopolize or otherwise combining or conspiring to monopolize trade or commerce in this state." | Nev. Rev. Stat. § 598A.050: "The provisions of this chapter shall be construed in harmony with prevailing judicial interpretations of the federal antitrust statutes." | Nev. Rev. Stat. § 589A.210(2): grants right to bring damages action to "any person injured or damaged directly or indirectly." |
| NM | N.M. Stat. Ann. § 57-1-1: "Every contract, agreement, combination or conspiracy in restraint of trade or commerce, any part of which trade or commerce is within this state, is unlawful." | N.M. Stat. § 57-1-2. Monopolies: "It is hereby declared to be unlawful for any person to monopolize or attempt to monopolize, or combine or conspire with any other person or persons to monopolize, trade or commerce, any part of which trade or commerce is within this state." | N.M. Stat. § 57-1-15: "Unless otherwise provided in the Antitrust Act, the Antitrust Act shall be construed in harmony with judicial interpretations of the federal antitrust laws. This construction shall be made to achieve uniform application of the state and federal laws prohibiting restraints of trade and monopolistic practices." | N.M. Stat. § 57-1-3(A)(2) & (C). |
| NC | N.C. Gen. Stat. § 75-2: "Any act, contract, combination in the form of trust, or conspiracy in restraint of trade or commerce which violates | N.C. Gen. Stat. § 75-2.1:  "It is unlawful for any person to monopolize, or attempt to monopolize, or combine or conspire with any other person or | Proof of conduct violative of Sherman Act is sufficient to establish violation of state law. *ITCO Corp. v. Michelin Tire Corp.*, 722 F.2d 42 (4th Cir. 1983). | *Hyde v. Abbot Labs.*, 473 S.E.2d 680 (N.C. App. 1996): indirect purchasers may sustain antitrust injury |

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
| | the principles of the common law is hereby declared to be in violation of G.S. 75-1." | persons to monopolize, any part of trade or commerce in the State of North Carolina." | | entitling them to treble damages under North Carolina statute. |
| ND | N.D. Cent. Code § 51-08.1-02: "A contract, combination, or conspiracy between two or more persons in restraint of, or to monopolize, trade or commerce in a relevant market is unlawful." | N.D. Cent. Code § 51-08.1-03: "The establishment, maintenance, or use of a monopoly, or an attempt to establish a monopoly, of trade or commerce in a relevant market by any person, for the purpose of excluding competition or controlling, fixing, or maintaining prices, is unlawful." | *See* North Dakota Attorney General Opinion 81-35 (April 2, 1981) (stating that North Dakota relies on federal case law interpreting the Sherman Act in the absence of North Dakota case law). | N.D. Cent. Code § 51-08.1-08(3): the fact that plaintiff "has not dealt directly with the defendant does not bar recovery" of damages. |
| SD | S.D. Codified Laws § 37-1-3.1: "A contract, combination, or conspiracy between two or more persons in restraint of trade or commerce any part of which is within this state is unlawful." | S.D. Codified Laws § 37-1-3.2: "The monopolization by any person, or an attempt to monopolize, or combine, or conspire with any other person or persons, to monopolize any of the trade or commerce within this state shall be unlawful." | S.D. Codified Laws § 37-1-22: "It is the intent of the Legislature that in construing this chapter, the courts may use as a guide interpretations given by the federal or state courts to comparable antitrust statutes." | S.D. Codified Laws § 37-1-33: "No provision of this chapter may deny any person who is injured directly or indirectly in his business or property by a violation of this chapter the right to sue for and obtain any relief afforded under [the statute]." |
| TN | Tenn. Code Ann. § 47-25-101: "All arrangements, contracts, agreements, trusts, or combinations between persons or corporations made with a view to lessen, or which tend to lessen, full and free competition in the importation or sale of articles imported into this state, or in the manufacture or sale of articles of domestic growth or of domestic raw material, and all arrangements, contracts, agreements, trusts, or combinations between persons or corporations | Tenn. Code Ann. § 47-25-102: "Any arrangements, contracts, and agreements that may be made by any corporation or person, or by and between its agents and subagents . . . are declared to be against public policy, unlawful, and void." | *See State ex rel. Leech v. Levi Strauss & Co.*, 1980 WL 4696, *2 n.2 (Tenn. Ch. Ct. Sept. 25, 1980) ("The State anti-trust statute passed in 1891 is quite similar to the Sherman Anti-Trust Act passed by Congress in 1890. 15 U.S.C. § 1. Authorities which define the character of private damage suits under the federal anti-trust statutes, particularly the Sherman Act, are most persuasive."). | *Freeman Industries LLC v. Eastman Chemical Co.*, 172 S.W.3d 512, 519-20 (Tenn. 2005) (dismissing the concern of duplicative recovery, and noting that direct purchasers often do not sue and pass on the overcharge to consumers). |

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
| | designed, or which tend, to advance, reduce, or control the price or the cost to the producer or the consumer of any such product or article, are declared to be against public policy, unlawful, and void." | | | |
| VT | 9 V.S.A. § 2453(a) ("Practices prohibited; antitrust and consumer fraud"): Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful. | 9 V.S.A. § 2453(a) ("Practices prohibited; antitrust and consumer fraud"): Unfair methods of competition in commerce, and unfair or deceptive acts or practices in commerce, are hereby declared unlawful. | 9 V.S.A. § 2453(b): "It is the intent of the legislature that in construing subsection (a) of this section, the courts of this state will be guided by the construction of similar terms contained in Section 5(a)(1) of the Federal Trade Commission Act as from time to time amended by the Federal Trade Commission and the courts of the United States." | 9 V.S.A. § 2465(b): "In any action for damages or injury sustained as a result of any violation of state antitrust laws, pursuant to section 2453 of this title, the fact that the state, any public agency, political subdivision or any other person has not dealt directly with a defendant shall not bar or otherwise limit recovery." *See also* Elkins v. Microsoft Corp. (2002) 174 Vt. 328, 817 A.2d 9. |
| WV | W. Va. Code § 47-18-3(a): Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce in this State shall be unlawful. | W. Va. Code § 47-18-4: "The establishment, maintenance or use of a monopoly or an attempt to establish a monopoly of trade or commerce, any part of which is within this State, by any persons for the purpose of excluding competition or controlling, fixing or maintaining prices is unlawful." | W. Va. Code § 47-18-16: "This article shall be construed liberally and in harmony with ruling judicial interpretations of comparable federal antitrust statutes. | W. Va. Code St. R. § 142-9-1.1 ("The purpose of this rule is to allow persons who are indirectly injured by violations of the West Virginia Antitrust Act to maintain an action for damages . . ..") |
| WI | Wis. Stat. § 133.03(1): "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce is illegal. Every person who makes any contract or engages in any | Wis. Stat. § 133.03(2): "Every person who monopolizes, or attempts to monopolize, or combines or conspires with any other person or persons to monopolize any part of trade or commerce is guilty of a Class H felony . . | Wisconsin's antitrust provisions were intended to parallel Sections 1 and 2 of the Sherman Act. *Grams v. Boss*, 294 N.W. 473, 480 (Wis. 1980). | Wis. Stat. § 133, 18(1)(a). |

| State | Section 1 Analogue | Section 2 Analogue | Relationship To Federal Law | Indirect Purchaser Standing |
|---|---|---|---|---|
| | combination or conspiracy in restraint of trade or commerce is guilty of a Class H felony . . .." | .." | | |