"The Apple iPod iTunes Anti-Trust Litigation"                                         Doc. 218

1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  BONNY E. SWEENEY (176174)
   655 West Broadway, Suite 1900
3  San Diego, CA  92101
   Telephone:  619/231-1058
4  619/231-7423 (fax)
   bonnys@csgrr.com
5
   THE KATRIEL LAW FIRM
6  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
7  Washington, DC  20007
   Telephone:  202/625-4342
8  202/330-5593 (fax)
   rak@katriellaw.com
9
   Co-Lead Counsel for Plaintiffs
10
   [Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | JOINT CASE MANAGEMENT STATEMENT |
| ALL ACTIONS. | |
| | Judge:  Hon. James Ware<br>Date:   June 1, 2009<br>Time:   10:00 a.m.<br>CtRm:   Courtroom 8, 4th Floor |

Dockets.Justia.com

In accordance with the Court's May 15, 2009 Order, the parties jointly submit this Case Management Conference Statement.

## I. PROPOSED CASE SCHEDULE

### A. Status of Discovery

Plaintiffs are proceeding with discovery on their monopoly, attempted monopoly and related state law claims. In light of the Court's May 15, 2009 Order granting in part defendant's motion for judgment on the pleadings, Plaintiffs are considering whether to proceed on a rule-of-reason tying claim theory and intend to have a final decision by the conference. If Plaintiffs elect to proceed with a rule-of-reason tying claim, Apple intends to promptly file a 12(c) motion to dismiss that claim as invited by the Court in its May 15 Order.

Recently, Plaintiffs served a Rule 30(b)(6) deposition notice and corresponding document requests concerning software updates and have re-served, with modifications, discovery served before the Court bifurcated certification and merits discovery. The parties have met and conferred on the scope of the 30(b)(6) deposition and Apple will begin producing responsive documents on May 27, 2009. The deposition is currently scheduled for the third week of July.

### B. Proposed Schedule

#### 1. Plaintiffs' Position

Plaintiffs propose the following schedule for motions, discovery, and trial:

    (a)    Non-expert Discovery Deadline – April 1, 2010;

    (b)    Deadline for Taking Fact-Related Depositions – 30 days after the close of non-expert discovery;

    (c)    Deadline for Filing Dispositive Motions and Corresponding Memoranda – 60 days after the close of non-expert discovery;

    (d)    Parties' Simultaneous Exchange of Expert Reports – 60 days after the close of non-expert discovery;

    (e)    Deadline for Expert Rebuttal Reports – 30 days after initial expert exchange;

    (f)    Deadline for Expert Depositions – 30 days after exchange of expert rebuttal reports;

| | | |
|---|---|---|
| 1 | (g) | Final Pretrial Order – September 1, 2010; |
| 2 | (h) | Final Pretrial Hearing – September 15, 2010; and |
| 3 | (i) | Jury Trial – October 15, 2010. |

Plaintiffs disagree with Apple that Plaintiffs should be limited to only the 30(b)(6) discovery prior to a Rule 56 motion on the subject of software updates. Such a motion is only appropriate after all evidence on the claim has been collected. The outstanding 30(b)(6) requests, however, do not reach all aspects of Apple's anticompetitive behavior. Additionally, Plaintiffs have not obtained any discovery from Apple in response to their 30(b)(6) requests and thus, are unable to determine whether additional requests or discovery methods will be necessary. Moreover, deferring all other discovery and the setting of a detailed pretrial schedule will unnecessarily delay the progress and resolution of this case. Accordingly, Plaintiffs' above proposed schedule is appropriate and will assist the parties in moving the case forward.

## 2. Apple's Position

Apple believes that setting a schedule for discovery, post-discovery motions and trial should be deferred until the disposition of Apple's anticipated dispositive motion against Plaintiffs' remaining claims. Apple intends to move against those claims under Rule 12(c) or Rule 56 on the ground the alleged conduct is not exclusionary or otherwise unlawful. Apple proposes to file its motion following the completion of Plaintiffs' requested Rule 30(b)(6) deposition on the subject of Apple's software updates to its DRM. Apple anticipates that the deposition will occur in July 2009 and thus expects to file its motion by September 1. The Court's ruling on that motion will either resolve the case or likely substantially define the issues for further discovery, motion practice or potential trial. Accordingly, Apple believes that it makes sense to defer further discovery and the setting of a detailed pretrial schedule until after the Court has ruled on the motion and it is known whether any further proceedings are necessary.

If the Court were to set a schedule now, Apple believes that the Plaintiffs' proposed schedule is objectionable and should be revised in the following respects: (1) the deadline for dispositive motions should be after the close of all discovery (including experts), rather than after the close of fact discovery, (2) the exchange of expert reports should be staggered (Plaintiffs' reports, Apple's

reports, Plaintiffs' rebuttal reports) rather than simultaneous, and (3) the dates for the final pretrial order and hearing should be triggered beginning at least 90 days from the date on which the dispositive motions are resolved.

### C. Discovery Limitations

The parties agree to coordinate with each other to identify, schedule, and examine witnesses at deposition. The parties agree to work in good faith to determine the schedule of depositions going forward. For good cause shown, the parties may move the Court and seek additional depositions from the Court should they believe in good faith that an additional deposition may provide necessary.

#### 1. Specific Limits Proposed by Plaintiffs

Plaintiffs propose that the limits on the number of depositions imposed by the Federal Rules of Civil Procedure shall not apply to this matter, subject to the limitations set forth by the Court. Plaintiffs request permission to take 20 depositions. Plaintiffs intend to take a number of depositions pursuant to Fed. R. Civ. P. 30(b)(6) and propose that any 30(b)(6) deposition not count within their 20 deposition proposal. Plaintiffs have already served one 30(b)(6) deposition notice concerning software updates and it is unclear at this time how many deponents will be designated. Additionally, Plaintiffs are likely to depose current and former officers and management personnel of Apple.

#### 2. Specific Limits Proposed by Apple

The Court should limit Plaintiffs to 15 days of deposition, including 30(b)(6) depositions. As Plaintiffs note, they have already served a 30(b)(6) deposition concerning software updates. 30(b)(6) depositions are very onerous on defendants and there is no basis to exclude them from the normal limitations on deposition discovery. Apple's proposal gives Plaintiffs substantially more than the number of deposition days allowed by the Federal Rules and is sufficient.

## II. CLASS NOTICE

With the benefit of the Court's May 15, 2009 ruling on Apple's Rule 12(c) motion with respect to Plaintiffs' tying claim, Plaintiffs are now preparing the substantive content of the class notice and notice plan, which will be submitted to the Court. From discussions at a prior case management conference, Plaintiffs understand that the Court prefers a joint class notice, notifying

| | |
|---|---|
| 1 | direct and indirect purchaser classes of the pending litigation in the same notice, in order to avoid |
| 2 | confusion. Plaintiffs agree that a joint notice is appropriate. Accordingly, Plaintiffs will wait for the |
| 3 | indirect purchaser class certification order and will, as appropriate, consult with counsel for the |
| 4 | indirect purchaser Plaintiffs on the notice content and notice plan. Apple concurs that a decision |
| 5 | about the content of the class notice should be deferred at this time. |

DATED: May 22, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
BONNY E. SWEENEY

      s/ Bonny E. Sweeney
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801

| | |
|---|---|
| | New York, NY 10016<br>Telephone: 212/682-1818<br>212/682-1892 (fax)<br><br>GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: 310/201-9150<br>310/201-9160 (fax)<br><br>Additional Counsel for Plaintiffs |
| DATED: May 22, 2009 | JONES DAY<br>ROBERT A. MITTELSTAEDT<br>CAROLINE M. MITCHELL<br>TRACY STRONG<br><br>      s/ Robert A. Mittelstaedt<br>   ROBERT A. MITTELSTAEDT<br><br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: 415/626-3939<br>415/875-5700 (fax)<br><br>Attorneys for Defendant, Apple, Inc. |

S:\CasesSD\Apple Tying\CMS00059535.doc

# CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 22, 2009.

                                 s/ Bonny E. Sweeney
                                 BONNY E. SWEENEY

                                 COUGHLIN STOIA GELLER
                                       RUDMAN & ROBBINS LLP
                                 655 West Broadway, Suite 1900
                                 San Diego, CA 92101-3301
                                 Telephone: 619/231-1058
                                 619/231-7423 (fax)
                                 E-mail:Bonnys@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,juliew@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  tstrong@jonesday.com,dharmon@jonesday.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Todd David Carpenter
```
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

```
Elaine A. Ryan
```
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012