1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  JONES DAY
   555 California Street, 26th Floor
4  San Francisco, CA  94104
   Telephone:     (415) 626-3939
5  Facsimile:      (415) 875-5700

6  Attorneys for Defendant
   APPLE INC.
7

8                     UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                           SAN JOSE DIVISION

11

12 | THE APPLE iPOD iTUNES ANTI-TRUST | **Case No. C 05-00037 JW**
   | LITIGATION.                     | **C 06-04457 JW**
13 |                                 |
14 |                                 | **DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS AS TO PLAINTIFFS' RULE OF REASON TYING CLAIM**
15 |                                 |
16 |                                 | **Date:**   October 5, 2009
   |                                 | **Time:**   9:00 A.M.
17 |                                 | **Place:**  Courtroom 8, 4th floor
18
19
20
21
22
23
24
25
26
27
28

Mot. for Jgmt. on Pldgs. as to Rule of Reason
Tying Claim, C-05-00037-JW

**TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION ................................................................................... 1

RELIEF SOUGHT ..................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................... 1

INTRODUCTION ...................................................................................................................... 1

PROCEDURAL BACKGROUND ............................................................................................ 2

ARGUMENT ............................................................................................................................. 3

I. SECTION 1 DOES NOT APPLY BECAUSE THE ALLEGED TIE DOES NOT INVOLVE ANY CONCERTED ACTION. ............................................................... 3

II. EVEN IF SECTION 1 APPLIED, PLAINTIFFS' RULE OF REASON TYING CLAIM IS INVALID AS A MATTER OF LAW. ................................................................... 4

    A. A Conditioned Sale is a Prerequisite for Any Tying Claim. ................................... 4

    B. Basic Antitrust Principles Compel Rejection of the Rule of Reason Claim on the Same Basis as the *Per Se* Claim. ................................................................... 7

    C. Even If A Tie Could Be Found When Products Are Separately Available, Plaintiffs Do Not Allege That They Were Coerced. ............................................... 8

III. FOR THE SAME REASONS, PLAINTIFFS' STATE LAW TYING ALLEGATIONS SHOULD BE DISMISSED. ................................................................ 9

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Page**

<u>Cases</u>

*Advanced Computer Servs. of Mich., Inc. v. MAI Sys. Corp.*,
   845 F. Supp. 356 (E.D.Va. 1994) .................................................................................... 5

*Cal. Computer Prods., Inc. v. Int'l Bus. Machs. Corp.*,
   613 F.2d 727 (9th Cir. 1979) ........................................................................................... 3

*Copperweld Corp. v. Indep. Tube Corp.*
   467 U.S. 752 (1984) ........................................................................................................ 3

*County of Tuolumne v. Sonora Cmty. Hosp.*,
   236 F.3d 1148 (9th Cir. 2001) ......................................................................................... 6

*Datagate, Inc. v. Hewlett-Packard Co.*,
   60 F.3d 1421 (9th Cir. 1995) ........................................................................................... 3

*Eastman Kodak Co. v. Image Tech. Servs., Inc.*,
   504 U.S. 451 (1992) .................................................................................................... 4, 6

*Foremost Pro Color, Inc. v. Eastman Kodak Co.*,
   703 F.2d 534 (9th Cir. 1983) ................................................................................... passim

*Fortner Enter., Inc. v. U.S. Steel Corp.*,
   394 U.S. 501 (1969) ........................................................................................................ 6

*ILC Peripherals Leasing Corp. v. Int'l Bus. Machs. Corp.*,
   458 F. Supp. 423 (N.D. Cal. 1978) ................................................................................. 3

*In re Larry's Apartment, L.L.C.*,
   249 F.3d 832 (9th Cir. 2001) ........................................................................................... 4

*N. Pac. Ry. Co. v. United States*
   356 U.S. 1 (1958) ........................................................................................................ 1, 4

*NCAA v. Bd. of Regents*,
   468 U.S. 85 (1984) .......................................................................................................... 6

*Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.*,
   129 S. Ct. 1109 (2009) ................................................................................................ 7, 8

*PSI Repair Servs., Inc. v. Honeywell, Inc.*,
   104 F.3d 811 (6th Cir. 1997) ........................................................................................... 6

*Response of Carolina, Inc. v. Leasco Response, Inc.*,
   537 F.2d 1307 (5th Cir. 1976) ......................................................................................... 4

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Transamerica Computer Co. v. Int'l Bus. Machs. Corp.*,
   698 F.2d 1377 (9th Cir. 1983)........................................................................................... 3

*U.S. Healthcare, Inc. v. Healthsource, Inc.*,
   986 F.2d 589 (1st Cir. 1993) ............................................................................................. 6

*Verizon Commc'n, Inc. v. Law Offices of Curtis V. Trinko, LLP*
   540 U.S. 398 (2004) ..................................................................................................... 7, 8

**Error! No table of authorities entries found.**Other Authorities

3A P. Areeda, H. Hovenkamp & E. Elhauge, *Antitrust Law*, ¶ 776c, at p. 254 (2d ed. 2004) ........ 3

9 P. Areeda & H. Hovenkamp, *Antitrust Law* ¶ 1730, at p. 351 (2d ed. 2004) ............................... 6

9 P. Areeda & H. Hovenkamp, *Antitrust Law,* ¶ 1720a, at p. 220 (2d ed. 2004)............................. 7

Rules

Federal Rules of Civil Procedure
   Rule 12(c).......................................................................................................................... 3

1 **NOTICE OF MOTION AND MOTION**

2     PLEASE TAKE NOTICE that on October 5, 2009, at 9 A.M., or as soon thereafter as the

3 matter may be heard, defendant Apple Inc. will bring on for hearing this motion for judgment on

4 the pleadings on plaintiffs' claims of unlawful tying under the rule of reason as asserted in Counts

5 One and Four of the Consolidated Complaint and, to the extent they also assert a claim for

6 unlawful tying, Counts Five and Six.

7 **RELIEF SOUGHT**

8     Judgment on the pleadings in defendant's favor on plaintiffs' claims of unlawful tying

9 under the rule of reason as asserted in Counts One and Four of the Consolidated Complaint and,

10 to the extent they also assert a claim for unlawful tying, Counts Five and Six.

11 **MEMORANDUM OF POINTS AND AUTHORITIES**

12 **INTRODUCTION**

13     Plaintiffs' rule of reason tying claim should be dismissed for the same reason their *per se*

14 claim was dismissed. The threshold requirement of any tying claim, whether under the *per se* or

15 rule of reason test, is that the seller refused to sell the products at issue separately. "[W]here the

16 buyer is free to take either product by itself there is no tying problem." *N. Pac. Ry. Co. v. United*

17 *States*, 356 U.S. 1, 6 n.4 (1958). This Court dismissed plaintiffs' *per se* tying claim because this

18 threshold requirement is not met. As this Court explained, here "the tying and tied products are

19 separately available." Dkt. 80 (No. 07-06507), p. 5. This fact of separate availability defeats any

20 tying claim, whether under the *per se* or rule of reason test. Either way, the requisite threshold

21 element is missing.

22     Dismissal is also required for two additional reasons. First, section 1 of the Sherman Act

23 requires concerted action. But no concerted action exists here. All that exists is Apple's own

24 unilateral decision as to how to design its own products, not an agreement with anyone else.

25     Second, plaintiffs were not coerced into buying an iPod within the meaning of tying law.

26 They do not claim they were forced to buy an iPod by the alleged enhanced utility of using

27 iTunes Store content with iPods. And it is not enough for them to allege that other, unidentified

28 persons might have been.

- 1 -

Mot. for Jgmt. on Pldgs. as to Rule of Reason
Tying Claim, C-05-00037-JW

The common thread in each ground for dismissal is the principle that tying law was never intended to regulate the degree to which one company's products should interoperate with another company's products. Any such regulation would be contrary to the basic premise of antitrust law that innovation and invention is fostered when companies compete against each other to develop their own products as they see fit, without any obligation to design them to work equally well with competitor's products. To protect this right to innovate, tying law is limited to the circumstance in which the seller refuses to sell one product without the other. Because that is not alleged here, no tying claim exists at all, under the *per se* test or the rule of reason.

## PROCEDURAL BACKGROUND

In its May 15 order, the Court granted judgment on the ground that "existing antitrust doctrine" does not extend *per se* tying law to conduct that "merely limits consumers' 'free choice' in their purchase of complementary products." Dkt. 213, p. 9. The Court observed that plaintiffs do not allege "that there was any form of express conditioning" of the sale of iTunes Store content on the purchase of an iPods. *Id.* at 8. Nor do plaintiffs allege anything suggesting that "purchasing an iPod is a necessary incident of purchasing iTunes music, or vice versa" or that the products are "ever even sold on a packaged basis." *Id.* Thus, the Court concluded that the "most relevant model for liability is that of the technological tie, as recognized by the Ninth Circuit in" *Foremost Pro Color, Inc. v. Eastman Kodak Co.*, 703 F.2d 534, 540 (9th Cir. 1983). Dkt. 213, p. 8. But the Ninth Circuit in *Foremost* rejected *per se* liability for such an alleged tie, and "this Court is not aware of any case where *per se* tying liability was found on the basis of a technological tie." *Id.* Thus, "as a matter of law, there can be no per se tying liability where the tying and tied products are separately available, and where the only allegation is that there is a technological interrelationship between the two products that may induce purchasers of one to purchase the other." Dkt. 80 (No. 07-06507), p. 5.

Having thus disposed of the *per se* tying claim, the Court observed that the parties had not separately briefed liability under the rule of reason. The Court accordingly invited Apple, should plaintiffs seek to proceed on a rule of reason theory, "to file another Rule 12(c) motion so that the parties will have an opportunity to fully brief the issue." Dkt. 213, p. 10.

**ARGUMENT**

I.  **SECTION 1 DOES NOT APPLY BECAUSE THE ALLEGED TIE DOES NOT INVOLVE ANY CONCERTED ACTION.**

The Court's May 15 order did not reach the question, raised in our earlier Rule 12(c) motion (Dkt. 200, pp. 4-5), whether plaintiffs have alleged the concerted action required to state a section 1 claim. However, the Court's observation that this case involves at best a technological tie, and not any form of express conditioning, makes clear that concerted action is absent.

Section 1 of the Sherman Act applies only in the presence of "a contract, combination . . . or conspiracy between separate entities." *Copperweld Corp. v. Indep. Tube Corp.*, 467 U.S. 752, 768 (1984) (internal quotation marks omitted) (quoting 15 U.S.C. § 1). Some courts have held that an expressly conditioned sale satisfies the concerted action requirement of section 1 because it is an "agreement" between the buyer and seller to buy the products together. *E.g., Datagate, Inc. v. Hewlett-Packard Co.*, 60 F.3d 1421, 1427 (9th Cir. 1995) ("[T]he 'contract' requirement is satisfied in tie-in cases by the coerced *sales contract* for the tied item.") (emphasis in original). An alleged technological tie, however, involves only the unilateral decision by a company as to how it will design its products. The "conduct of a single firm" is not governed by section 1; it "is governed by § 2 alone." *Copperweld*, 467 U.S. at 767. For that reason, the leading antitrust treatise states that, in the case of a technological tie, "neither a § 1 'agreement' nor a Clayton § 3 'condition or understanding' is involved, so any incremental liability that attaches to tying claims does not apply here." 3A P. Areeda, H. Hovenkamp & E. Elhauge, *Antitrust Law*, ¶ 776c, at p. 254 (2d ed. 2004).

We are not aware of any authority—and plaintiffs have cited none—holding that an alleged technological tie is actionable under section 1. Most of the cases asserting that a company has designed complementary products in such a way that they are incompatible with competitors' products are brought under section 2, which governs single firm conduct.[1] In the few cases in

---

[1]  *See, e.g., Transamerica Computer Co. v. Int'l Bus. Machs. Corp.*, 698 F.2d 1377 (9th Cir. 1983); *Cal. Computer Prods., Inc. v. Int'l Bus. Machs. Corp.*, 613 F.2d 727 (9th Cir. 1979); *ILC Peripherals Leasing Corp. v. Int'l Bus. Machs. Corp.*, 458 F. Supp. 423 (N.D. Cal. 1978).

1  which such an arrangement was challenged under section 1 (including *Foremost Pro*), the claim

2  was rejected on other grounds, thus eliminating the need for the court to consider or rule on

3  whether the concerted action was satisfied.[2] "Questions which merely lurk in the record, neither

4  brought to the attention of the court nor ruled upon, are not to be considered as having [been] so

5  decided as to constitute precedents." *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 839 (9th Cir.

6  2001) (quoting *Webster v. Fall*, 266 U.S. 507, 511 (1925)).

## II. EVEN IF SECTION 1 APPLIED, PLAINTIFFS' RULE OF REASON TYING CLAIM IS INVALID AS A MATTER OF LAW.

### A. A Conditioned Sale is a Prerequisite for Any Tying Claim.

This Court's rejection of plaintiffs' *per se* tying claim applies equally to the rule of reason claim. The Court relied on *Foremost Pro*, which it found provided the most relevant model for addressing the tie alleged here. *Foremost Pro*, in turn, rested on the Ninth Circuit's conclusion that the plaintiff had not alleged the required coercion because the defendant had not conditioned the sale of the tying product on purchase of the tied product:

> In the absence of an allegation that the purchase of the alleged tied product was required as a condition of sale of the alleged tying products, rather than as a perquisite to practical and effective use of the tying products, Foremost's complaint failed to plead the coercion essential to a *per se* unlawful tying arrangement.

*Foremost Pro*, 703 F.2d at 542.

The Ninth Circuit referred to the *per se* claim because no rule of reason claim was asserted. 703 F.2d at 541. But the same analysis applies to a rule of reason claim. The requirement that the seller condition the sale of the tying product on purchase of the tied product is a fundamental requirement of all tying claims, not just *per se* claims. *See, e.g., N. Pac. Ry.,* 356 U.S. at 5-6 (describing threshold requirement); *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 461 (1992) (same). Absent a conditioned sale, there is no tying arrangement at all to be evaluated under any test. *See, e.g., Advanced Computer Servs. of Mich., Inc. v. MAI Sys.*

---

[2] *Foremost Pro*, 703 F.2d at 542; *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307 (5th Cir. 1976).

*Corp.*, 845 F. Supp. 356, 369 (E.D.Va. 1994) ("Because plaintiffs cannot show that the licensing of MAl software was expressly or implicitly conditioned upon the purchase of [the allegedly tied product], they fail to raise a genuine issue of material fact regarding the presence of a tying arrangement. Accordingly, plaintiffs cannot maintain a *per se* or rule of reason tying claim.").

The present case presents an even stronger case than *Foremost Pro* for finding that the threshold requirement of a conditioned sale has not been met. In *Foremost Pro*, Kodak's film could not be used at all without Kodak's processing chemicals and equipment, and yet the Ninth Circuit still found that the threshold requirement of a conditioned sale was unmet. Here, plaintiffs do not—and cannot—allege that an iPod is necessary to use iTunes Store content. To the contrary, plaintiffs admit that iTunes Store content can be played on computers (Dkt. 77 (¶¶ 40, 43, 54)) and that iTunes Store music can be burned to a CD that can be played just as any music CD can be played, including on home or car stereos, boom boxes and portable CD players. *Id*. (¶¶ 42, 43).[3] As this Court ruled, "nothing in [plaintiffs'] allegations suggests that purchasing an iPod is a necessary incident of purchasing iTunes music, or vice versa." Dkt. 213, p. 8. Thus, even more than in *Foremost Pro*, where no use at all could be made of one product without the other, the necessary threshold requirement for a tying claim is absent here.

To the extent any difference exists between the *per se* and rule of reason tests for whether conditioned sales are unlawful, the difference relates not to the threshold requirement of a conditioned sale but only to whether proof of actual anticompetitive effect is needed. The *per se* test is triggered by a showing of market power and that the conditioned sale affected a substantial

---

[3] Although not key to this motion, iTunes Store music can also be played on competing portable digital players by burning the music to a CD. That is why plaintiffs allege only that an iPod is required if consumers wish to "play their [iTunes Store] music **directly** on a Digital Music Player." Dkt. 107, ¶ 43 (emphasis added). For their admissions that the music can be played "indirectly" on competing devices, s*ee* Dkt. 175, pp. 8-9. Moreover, it is undisputed that the record labels that own the music required Apple and the other online music stores to use anti-piracy digital rights management software, and that Apple chose to develop its own software rather than design its products using Microsoft's software. *See* Tucker Complaint, Dkt. 1, No. 06-04457 JW, ¶¶ 33-34; Dkt. 107, ¶¶ 40-41. More recently, the record labels have removed the DRM requirement, starting with EMI in 2007 and now extending to all the labels. As a result, iTunes Store music is now sold entirely DRM-free.

volume of commerce. *See e.g., Eastman Kodak*, 504 U.S. at 462; *Fortner Enter., Inc. v. U.S. Steel Corp.*, 394 U.S. 495, 499-500 (1969) (describing market power and effect on substantial volume of commerce as necessary to "bring into play the doctrine of per se illegality"). Absent those elements, a conditioned sale is judged under the rule of reason, which requires proof of actual anti-competitive effect. *See County of Tuolumne v. Sonora Cmty. Hosp.,* 236 F.3d 1148, 1158 (9th Cir. 2001). However, given the similarity of the two formulations—market power/substantial effect on commerce and actual anti-competitive effect—the two tests "have, in effect, merged in recent years." *PSI Repair Servs., Inc. v. Honeywell, Inc.*, 104 F.3d 811, 813 n.2 (6th Cir. 1997).[4]

In any event, neither this Court nor *Foremost Pro* rejected the *per se* claim for lack of market power or substantial effect on commerce. Instead, both courts ruled that the alleged tie did not exist at all because the products were separately available. These rulings apply equally here. In rejecting plaintiffs' *per se* claim, this Court observed that it "is not aware of any case where *per se* tying liability was found on the basis of a technological tie." Dkt. 213, p. 8. Plaintiffs have likewise cited no case (and we are aware of none) in which an alleged technological tie was found unlawful under the rule of reason. Even more fundamentally, plaintiffs have cited no case in which an arrangement of the kind alleged here—in which neither product is required for use of the other—was found to establish the threshold requirement of a tie. Tying law is simply inapplicable in this circumstance.

---

[4] *See also U.S. Healthcare, Inc. v. Healthsource, Inc.*, 986 F.2d 589, 593 n.2 (1st Cir. 1993) (observing that *per se* rule in tying is only a "'quasi' per se" test); 9 P. Areeda & H. Hovenkamp, *Antitrust Law* ¶ 1730, at p. 351 (2d ed. 2004) ("The per se rule against tying is a peculiar one that differs dramatically from the usual per se rule against, for example, horizontal price fixing."). This is different from other areas of antitrust, in which *per se* treatment generally means the conduct at issue is unlawful whether or not the defendant has market power. *See, e.g., NCAA v. Bd. of Regents*, 468 U.S. 85, 109-10 (1984) ("As a matter of law, the absence of proof of market power does not justify a naked restriction on price or output.").

### B. Basic Antitrust Principles Compel Rejection of the Rule of Reason Claim on the Same Basis as the *Per Se* Claim.

In its earlier Rule 12(c) motion (Dkt. 200, pp. 7-11), Apple outlined the antitrust principles that counsel against expanding tying law to cover product design decisions of the kind challenged here. Among other things,

- Companies that develop innovative technologies have no general antitrust duty to license those technologies or otherwise "share the source of their advantage" with their competitors. *Verizon Commc'n, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407-08 (2004).

- Tying law must be applied in a manner that recognizes that "most tie-ins benefit competition, even when the defendant has tying product power." 9 P. Areeda & H. Hovenkamp, *Antitrust Law,* ¶ 1720a, at p. 220 (2d ed. 2004).

- Antitrust rules must be clear enough that they provide meaningful guidance to companies as to what behavior is lawful and what is not. *Pac. Bell Tel. Co. v. Linkline Commc'ns, Inc.,* 129 S. Ct. 1109, 1120-21 (2009).

- The courts should not impose antitrust duties that leave "no safe harbor" for companies that seek to avoid liability. *Id.* at 1121.

- The rules must be administratively workable, so that courts can "adequately and reasonably supervise" them. *Id.* (internal quotation marks omitted).

- Antitrust rules must not chill the very innovation that the antitrust laws were designed to foster. *Trinko,* 540 U.S. at 407-08.

Whether evaluated using the *per se* test for tying claims or the largely indistinguishable rule of reason test, extending tying law to business decisions that might encourage consumers to purchase two products but that do not rise to the level of a refusal to sell the products separately would run afoul of each of these principles. Under either test, companies would have no way to know the point at which the enhanced utility of their products together would give rise to a tying claim and potential treble damages liability. Nor are courts well equipped to make such determinations. Similarly, because liability could not be avoided under plaintiffs' theory simply

1 by offering the two products separately (Apple already does that), companies like Apple would
2 have no readily available safe harbor to avoid liability. Indeed, plaintiffs appear to be arguing
3 that Apple could avoid liability only by doing whatever was necessary to ensure that competitors'
4 products interoperate with Apple's products as well as Apple's products interoperate with each
5 other. A first step in doing so would be to deal with competitors, which the antitrust laws
6 emphatically do not require. *Linkline*, 129 S. Ct. at 1118-19; *Trinko*, 540 U.S. at 407-09. If tying
7 law were applied in this circumstance, the "development and introduction of those new
8 technologies so essential to the continued progress of our economy" (*Foremost Pro*, 703 F.2d at
9 543) would be deterred.

10 Tying law was adopted to address the perceived evil of a seller refusing to sell one
11 product without the buyer agreeing to take another product along with it. It was never intended to
12 require that companies design their products to be equally interoperable with their competitors'
13 products. Because that is equally true whether the *per se* rule applies or the rule of reason, this
14 motion should be granted.

15 **C. Even If A Tie Could Be Found When Products Are Separately Available,**
16 **Plaintiffs Do Not Allege That They Were Coerced.**

17 Apple's earlier Rule 12(c) motion also demonstrated that, even if a tie could be found
18 based on the alleged "enhanced utility" for one particular use (which this Court correctly
19 rejected), these plaintiffs still would not have a tying claim because they do not allege that they
20 were forced by that utility or anything else to buy an iPod. This lack of individual coercion is an
21 independent ground for granting judgment on the pleadings that also applies equally to plaintiffs'
22 rule of reason claim.

23 In granting Apple's motion as to the *per se* claim, the Court found it unnecessary to reach
24 this issue. Dkt. 213, p. 10. The Court likewise need not reach it on this motion if the Court
25 concludes, as demonstrated above, that *Foremost Pro* and this Court's ruling on Apple's previous
26 motion apply equally to plaintiffs' rule of reason claim.

27 In the event, however, the Court declines to resolve this motion on the basis of the
28 arguments above, Apple urges the Court to grant the motion on the ground that plaintiffs have not

- 8 -

Mot. for Jgmt. on Pldgs. as to Rule of Reason
Tying Claim, C-05-00037-JW

shown that they were coerced. Because that issue was briefed extensively by both sides in connection with the prior motion, Apple will not repeat that briefing here but respectfully refers to its earlier memoranda. Dkt. 200, pp. 11-16.; Dkt. 211, pp. 8-12.

### III. FOR THE SAME REASONS, PLAINTIFFS' STATE LAW TYING ALLEGATIONS SHOULD BE DISMISSED.

In granting Apple's earlier motion, the Court recognized that, to the extent plaintiffs' state law claims are based on alleged unlawful tying, those claims are governed by the same standards as the federal law tying claims and must be dismissed on the same basis as the federal claims. Dkt. 213, p. 9 n.5; *see also* Dkt. 200, pp. 15-16. In addition to granting judgment on plaintiffs' federal rule of reason tying claim, the Court should accordingly dismiss Count Four of plaintiffs' complaint, which asserts a tying claim under the Cartwright Act, and likewise dismiss Counts Five and Six to the extent they also assert a claim for unlawful tying.

### CONCLUSION

For these reasons, judgment on the pleadings on the tying claims should be granted.

Dated: August 3, 2009

Respectfully submitted,

Jones Day

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant
APPLE INC.

SFI-614828v4