1  COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   655 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
   johns@csgrr.com
6  bonnys@csgrr.com
   tmerrick@csgrr.com
7
   THE KATRIEL LAW FIRM
8  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
9  Washington, DC 20007
   Telephone: 202/625-4342
10 202/330-5593 (fax)
   rak@katriellaw.com
11
   Co-Lead Counsel for Plaintiffs
12
   [Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-JW(RS) <br> <u>CLASS ACTION</u> |
| ) | |
| This Document Relates To: ) ) ALL ACTIONS. ) ) | NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS |
| | Judge: Hon. James Ware <br> Date: October 5, 2009 <br> Time: 9:00 a.m. <br> Ctrm: 8 – 4th Floor |

1  TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2        PLEASE TAKE NOTICE that on October 5, 2009 at 9:00 a.m., in Courtroom 8, 4th Floor of

3 the above-entitled Court, located at 280 South 1st Street, San Jose, California, Plaintiffs Somtai Troy

4 Charoensak, Mariana Rosen, and Melanie Tucker (collectively "Plaintiffs"), will, and hereby do,

5 respectfully move the Court to modify the injunctive relief class definition to include iTMS

6 purchasers.

7 **I.   INTRODUCTION**

8        The Court in its Order of July 17, 2009 (Dkt. No. 228) has correctly pointed out that the

9 injunctive relief class of purchasers of iPods directly from Apple certified by order dated December

10 22, 2008 (Dkt. No. 196) ("Cert. Order") is somewhat underinclusive, for it does not encompass a

11 second category of customers included in the plaintiff class alleged in the Complaint: purchasers of

12 online digital audio or video files from Apple through its iTunes Music Store ("iTMS") who have

13 not also purchased an iPod either directly from Apple or at all.  *See* Consolidated Complaint for

14 Violations of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition

15 Law, Consumer Legal Remedies Act, and California Common Law of Monopolization, filed April

16 19, 2007 ("Complaint") (Dkt. No. 107), ¶31.  Because Apple's alleged misconduct effectively limits

17 their choice of portable digital players on which to play their iTMS purchases, these purchasers share

18 with the existing injunctive relief class of iPod purchasers the same interest in: (a) enjoining Apple's

19 continued anticompetitive use of certain technological restrictions ("Fairplay") in video files as a

20 means to monopolize or attempt to monopolize the portable player market; and (b) remedying

21 Apple's past anticompetitive use of Fairplay in audio and video files by "unlocking" purchased files

22 so that they may be played on the purchaser's portable player of choice.  As shown below, all of the

23 Rule 23 prerequisites to certification of an injunctive relief class of iTMS purchasers are satisfied for

24 the same reasons as in the case of the iPod injunctive relief class.  The Court should, therefore,

25 modify the definition of the existing injunctive relief class as follows:

26     All persons or entities in the United States (excluding federal, state, and local
       government entities, Apple, its directors, officers, and members of their families)
27

28

who: (a) purchased an iPod from Apple or (b) purchased audio or video files from the iTMS since April 28, 2003.[1]

*Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 , 102 S. Ct. 2364 (1982) ("Even after a certification order is entered, the judge remained free to modify it in . . . light of subsequent development in the litigation.").

## II.    SUMMARY OF THE iTMS INJUNCTIVE RELIEF CLASS CLAIMS

Plaintiffs contend that Apple unlawfully rendered the digital audio and video files sold through iTMS incompatible with portable players other than its own iPod player, so as to use its massive market power in the former market to monopolize or attempt to monopolize the latter market. Complaint, ¶¶ 21-22, 24.[2]  "Consumers, locked into Apple's monopoly in the Online Music market, are subject to . . . unannounced, unilateral, and one-sided changes to their rights to listen to the music they purchased from Apple by Apple's enormous market power." *Id.*, ¶55.  Plaintiffs have accordingly alleged monopolization and attempted monopolization claims under Section 2 of the federal Sherman Act (Counts Two and Three) and under California's Common Law (Count Seven), and have challenged Apple's conduct under California's Unfair Competition Law (Count Five) and California's Consumer Legal Remedies Act (Count Six).

The Court has certified an injunctive relief class of purchasers of iPods directly from Apple, regardless of whether they purchased iTMS files. (Dkt. No. 198)  Although the Rule 23(b)(2) injunctive relief class likely encompasses most of the customers adversely affected by Apple's alleged misconduct, iTMS purchasers who did not purchase an iPod are similarly constrained in their choice of portable players by Apple's actions to defeat interoperability.  If Apple's conduct is proven unlawful, such iTMS purchasers would be as entitled as iPod purchasers to injunctive relief in the form of: (a) removal of Fairplay from their past purchases of iTMS audio and video files; and (b) an

---

[1] This definition is the same as defined in the Complaint and the Court's December 22, 2008 Certification Order.  Cert. Order at 13; Complaint, ¶31.

[2] Plaintiffs' Section 1 rule of reason tying claim is currently before the Court on Apple's Rule 12(c) motion for judgment on the pleadings.  Should the Court deny that motion, Plaintiffs intend to seek class-wide relief for that claim as well.

order prohibiting Apple from imposing Fairplay or other technological restrictions impeding interoperability on future purchases of iTMS audio and video files.[3]

## III. LEGAL ARGUMENT

The decision to certify a class is committed to the discretion of the court within the guidelines of Rule 23. Cert. Order at 3. Plaintiffs bear the burden of establishing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) have been met. *Id.* at 3-4.

### A.   The Requirements of Rule 23(a) Are Met

#### 1.   Numerosity

Numerosity is satisfied if the proposed class is such that joinder of all members is "impracticable." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). Apple has sold over 5 billion digital music files from April 28, 2003 to present. *See* Press Release, Apple, *iTunes Store Tops Over Five Billion Songs Sold* (June 19, 2008) (available at http://www.apple.com/library/2008/06/19itunes.html). In February 2008, Apple announced that it had over 50 million iTMS customers. *See* Press Release, Apple, *Apple iTunes Now Number Two Music Retailer in the U.S.* (Feb. 26, 2008) (available at http://apple.com/pr/library/2008/02/26itunes.html). As with the iPod injunctive relief class, here there is no basis for Apple to contest, or for the Court to doubt, numerosity. Cert. Order at 5.

#### 2.   Commonality

Recognizing that the commonality requirement is to be "construed permissively," the Court in certifying the iPod injunctive relief class found the requirement satisfied as to Plaintiffs' monopoly and attempted monopoly claims because for each claim Plaintiff will be required to prove the existence of the relevant markets, Apple's willful acquisition of maintenance of monopoly power within those markets and anticompetitive injury – all questions surrounding Apple's behavior

---

[3] While Apple is currently selling iTMS music files without Fairplay, if Plaintiffs succeed in this litigation they will seek injunctive relief prohibiting Apple from once again using FairPlay or other technological restrictions to limit iTMS interoperability with non-iPod portable devices.

deemed "undoubtedly common to the class." Cert. Order at 5, 7-8. The proposed iTMS injunctive relief class raises the same common issues of market definition, market power and antitrust injury.

### 3. Typicality

Typicality requires that the claims and defenses of the representative parties be "reasonably co-extensive with those of absent class members; they need not be substantially identical." Cert. Order at 8 (quoting *Hanlon*, 150 F.3d at 1020). Here, again, typicality is as readily satisfied as in the iPod injunctive relief class, because all three named Plaintiffs purchased online digital audio and video files directly from Apple.[4] Ex. 1, Deposition of Somtai Charoensak, taken January 12, 2007 at 22:1-3; Ex. 2, Deposition of Mariana Rosen, taken January 24, 2007 at 27:14-15; Ex. 3, Deposition of Melanie Tucker, taken October 26, 2007 at 77:24-78:10. In no way is the iTMS injunctive relief claim premised on conduct unique to any particular Plaintiff, and all have been injured by the same alleged course of conduct by Apple in imposing the challenged technological restrictions on the iTMS purchases. Cert. Order at 8-9.

### 4. Adequate Representation

In certifying the iPod injunctive relief class, the Court found that Plaintiffs had retained competent counsel, participated extensively in the discovery process, and lacked any conflict of interest with absent class members. Cert. Order at 9. These requirements are necessarily satisfied as to the iTMS injunctive relief class as well, involving as they do the same class representatives and the same class counsel.

### B. The Requirements of Rule 23(b)(2) Are Met

As with the iPod injunctive relief class, Plaintiffs "seek a determination of Defendant's liability, followed by injunctive relief to prohibit [Apple] from restricting the interoperability between iTMS media purchases and non-iPod portable digital media players." Cert. Order at 10; Complaint, ¶58. As the Court previously recognized, assuming that Plaintiffs are able to establish

---

[4] All references to "Ex." and "Exs." are to the Declaration of Thomas R. Merrick in Support of Plaintiffs' Motion to Modify Injunctive Relief Class Definition to Include iTMS Purchasers, filed concurrently.

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO
INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)                                          - 4 -

liability for Apple's restrictive technology practices, injunctive relief would be appropriate to halt the practices and "unlock" the media already purchased from iTMS so that it may be played on non-iPod portable players.  Cert. Order at 10.

Furthermore, the Court rejected Apple's contention that the existence of a money damages class somehow precluded the certification of an injunctive relief class under Rule 23(b)(2), a proposition the Ninth Circuit has similarly repeatedly rebuffed.  Cert. Order at 10-11 (citing *Probe v. State Teachers' Retirement Sys.*, 780 F.2d 776, 780 n.3 (9th Cir. 1986); *Molski v. Gleich*, 318 F.3d 937, 949-50 (9th Cir. 2003)).  Plaintiffs do not assert any money damages claim based on iTMS purchases.  Complaint, ¶32 (damages class limited to iPod purchasers).[5]  Plaintiffs' "'first and foremost goal'" (Cert. Order at 11) remains bringing an end to Apple's restrictive technology practices (Complaint, ¶58) – a goal already partially accomplished when Apple in 2009 ceased adding DRM to all iTMS music files.  However, Apple continues: (a) to charge iTMS purchasers to remove the DRM from earlier purchased audio files; and (b) to maintain all interoperability restrictions on its current sales of iTMS video files.  Further, Apple could at any time re-impose DRM on iTMS music files, or add other technological restrictions limiting interoperability.  The need for class-wide injunctive relief from Apple's anticompetitive technological restrictions remains, and that need extends to those iTMS purchasers who have not purchased an iPod.  *See* §II, Direct Purchaser Plaintiffs' Memorandum in Response to Court's July 17, 2009 Order as to Injunctive Relief Sought, filed concurrently.

---

[5] Accordingly, Plaintiffs do not seek any modification the class of direct iPod purchasers certified by the Court under Rule 23(b)(3).  Cert. Order at 13.

## IV. CONCLUSION

The proposed iTMS injunctive relief class is no less certifiable than the existing iPod injunctive relief class. Plaintiffs' Motion to modify the injunctive relief class definition to include iTMS purchasers who have not purchased an iPod is therefore well-taken, and should be granted.

DATED: August 31, 2009

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK


             s/ Thomas R. Merrick             
THOMAS R. MERRICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA  90025
Telephone:  310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO
INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)    - 6 -

|   |   |
|---|---|
| 1 | New York, NY  10016 |
| 2 | Telephone:  212/682-1818<br>212/682-1892 (fax) |
| 3 | GLANCY BINKOW & GOLDBERG LLP |
| 4 | MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311 |
| 5 | Los Angeles, CA  90067<br>Telephone:  310/201-9150 |
|   | 310/201-9160 (fax) |
| 6 | Additional Counsel for Plaintiffs |

S:\CasesSD\Apple Tying\BRF00061388.doc

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)                                                                                          - 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on August 31, 2009.

  s/ Thomas R. Merrick
THOMAS R. MERRICK

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  tmerrick@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Michael Tedder Scott**

  michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Todd David Carpenter
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

Elaine A. Ryan
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012
```