COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@csgrr.com
bonnys@csgrr.com
tmerrick@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | CLASS ACTION |
| This Document Relates To: | NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS |
| ALL ACTIONS. | |
| | Judge:  Hon. James Ware |
| | Date:   October 5, 2009 |
| | Time:   9:00 a.m. |
| | Ctrm:  8 – 4th Floor |

1   TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          PLEASE TAKE NOTICE that on October 5, 2009 at 9:00 a.m., in Courtroom 8, 4th Floor of

3   the above-entitled Court, located at 280 South 1st Street, San Jose, California, Plaintiffs Somtai Troy

4   Charoensak, Mariana Rosen, and Melanie Tucker (collectively "Plaintiffs"), will, and hereby do,

5   respectfully move the Court to modify the injunctive relief class definition to include iTMS

6   purchasers.

7   **I.    INTRODUCTION**

8          The Court in its Order of July 17, 2009 (Dkt. No. 228) has correctly pointed out that the

9   injunctive relief class of purchasers of iPods directly from Apple certified by order dated December

10  22, 2008 (Dkt. No. 196) ("Cert. Order") is somewhat underinclusive, for it does not encompass a

11  second category of customers included in the plaintiff class alleged in the Complaint: purchasers of

12  online digital audio or video files from Apple through its iTunes Music Store ("iTMS") who have

13  not also purchased an iPod either directly from Apple or at all.  *See* Consolidated Complaint for

14  Violations of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition

15  Law, Consumer Legal Remedies Act, and California Common Law of Monopolization, filed April

16  19, 2007 ("Complaint") (Dkt. No. 107), ¶31.  Because Apple's alleged misconduct effectively limits

17  their choice of portable digital players on which to play their iTMS purchases, these purchasers share

18  with the existing injunctive relief class of iPod purchasers the same interest in: (a) enjoining Apple's

19  continued anticompetitive use of certain technological restrictions ("Fairplay") in video files as a

20  means to monopolize or attempt to monopolize the portable player market; and (b) remedying

21  Apple's past anticompetitive use of Fairplay in audio and video files by "unlocking" purchased files

22  so that they may be played on the purchaser's portable player of choice.  As shown below, all of the

23  Rule 23 prerequisites to certification of an injunctive relief class of iTMS purchasers are satisfied for

24  the same reasons as in the case of the iPod injunctive relief class.  The Court should, therefore,

25  modify the definition of the existing injunctive relief class as follows:

26          All persons or entities in the United States (excluding federal, state, and local
            government entities, Apple, its directors, officers, and members of their families)

27

28

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO
INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)                                        - 1 -

1    who: (a) purchased an iPod from Apple or (b) purchased audio or video files from the iTMS since April 28, 2003.[1]

2

3    *Gen. Telephone Co. of Sw. v. Falcon*, 457 U.S. 147, 160 , 102 S. Ct. 2364 (1982) ("Even after a

4    certification order is entered, the judge remained free to modify it in . . . light of subsequent

5    development in the litigation.").

6    **II.    SUMMARY OF THE iTMS INJUNCTIVE RELIEF CLASS CLAIMS**

7        Plaintiffs contend that Apple unlawfully rendered the digital audio and video files sold

8    through iTMS incompatible with portable players other than its own iPod player, so as to use its

9    massive market power in the former market to monopolize or attempt to monopolize the latter

10   market.  Complaint, ¶¶ 21-22, 24.[2]  "Consumers, locked into Apple's monopoly in the Online Music

11   market, are subject to . . . unannounced, unilateral, and one-sided changes to their rights to listen to

12   the music they purchased from Apple by Apple's enormous market power."  *Id.*, ¶55.  Plaintiffs have

13   accordingly alleged monopolization and attempted monopolization claims under Section 2 of the

14   federal Sherman Act (Counts Two and Three) and under California's Common Law (Count Seven),

15   and have challenged Apple's conduct under California's Unfair Competition Law (Count Five) and

16   California's Consumer Legal Remedies Act (Count Six).

17       The Court has certified an injunctive relief class of purchasers of iPods directly from Apple,

18   regardless of whether they purchased iTMS files. (Dkt. No. 198)  Although the Rule 23(b)(2)

19   injunctive relief class likely encompasses most of the customers adversely affected by Apple's

20   alleged misconduct, iTMS purchasers who did not purchase an iPod are similarly constrained in their

21   choice of portable players by Apple's actions to defeat interoperability.  If Apple's conduct is proven

22   unlawful, such iTMS purchasers would be as entitled as iPod purchasers to injunctive relief in the

23   form of: (a) removal of Fairplay from their past purchases of iTMS audio and video files; and (b) an

24   ───────────────────────

25   [1]    This definition is the same as defined in the Complaint and the Court's December 22, 2008 Certification Order.  Cert. Order at 13; Complaint, ¶31.

26   [2]    Plaintiffs' Section 1 rule of reason tying claim is currently before the Court on Apple's Rule
27   12(c) motion for judgment on the pleadings.  Should the Court deny that motion, Plaintiffs intend to seek class-wide relief for that claim as well.

28

1  order prohibiting Apple from imposing Fairplay or other technological restrictions impeding

2  interoperability on future purchases of iTMS audio and video files.[3]

3  **III.     LEGAL ARGUMENT**

4          The decision to certify a class is committed to the discretion of the court within the

5  guidelines of Rule 23.  Cert. Order at 3.  Plaintiffs bear the burden of establishing that each of the

6  four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) have been met.

7  *Id.* at 3-4.

8          **A.     The Requirements of Rule 23(a) Are Met**

9                  **1.     Numerosity**

10         Numerosity is satisfied if the proposed class is such that joinder of all members is

11  "impracticable."  *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998).  Apple has sold

12  over 5 billion digital music files from April 28, 2003 to present.  *See* Press Release, Apple, *iTunes*

13  *Store   Tops   Over   Five   Billion   Songs   Sold*  (June   19,   2008)   (available   at

14  http://www.apple.com/library/2008/06/19itunes.html).  In February 2008, Apple announced that it

15  had over 50 million iTMS customers.  *See* Press Release, Apple, *Apple iTunes Now Number Two*

16  *Music Retailer in the U.S.* (Feb. 26, 2008) (available at  http://apple.com/pr/library/2008/02/

17  26itunes.html).  As with the iPod injunctive relief class, here there is no basis for Apple to contest, or

18  for the Court to doubt, numerosity.  Cert. Order at 5.

19                 **2.     Commonality**

20         Recognizing that the commonality requirement is to be "construed permissively," the Court

21  in certifying the iPod injunctive relief class found the requirement satisfied as to Plaintiffs'

22  monopoly and attempted monopoly claims because for each claim Plaintiff will be required to prove

23  the existence of the relevant markets, Apple's willful acquisition of maintenance of monopoly power

24  within those markets and anticompetitive injury – all questions surrounding Apple's behavior

25  _____

26  [3]      While Apple is currently selling iTMS music files without Fairplay, if Plaintiffs succeed in
27  this litigation they will seek injunctive relief prohibiting Apple from once again using FairPlay or
    other technological restrictions to limit iTMS interoperability with non-iPod portable devices.

28

1    deemed "undoubtedly common to the class."  Cert. Order at 5, 7-8.  The proposed iTMS injunctive

2    relief class raises the same common issues of market definition, market power and antitrust injury.

3                            **3.    Typicality**

4            Typicality requires that the claims and defenses of the representative parties be "reasonably

5    co-extensive with those of absent class members; they need not be substantially identical."

6    Cert. Order at 8 (quoting *Hanlon*, 150 F.3d at 1020).  Here, again, typicality is as readily satisfied as

7    in the iPod injunctive relief class, because all three named Plaintiffs purchased online digital audio

8    and video files directly from Apple.[4]  Ex. 1, Deposition of Somtai Charoensak, taken January 12,

9    2007 at 22:1-3; Ex. 2, Deposition of Mariana Rosen, taken January 24, 2007 at 27:14-15; Ex. 3,

10   Deposition of Melanie Tucker, taken October 26, 2007 at 77:24-78:10.  In no way is the iTMS

11   injunctive relief claim premised on conduct unique to any particular Plaintiff, and all have been

12   injured by the same alleged course of conduct by Apple in imposing the challenged technological

13   restrictions on the iTMS purchases.  Cert. Order at 8-9.

14                           **4.    Adequate Representation**

15           In certifying the iPod injunctive relief class, the Court found that Plaintiffs had retained

16   competent counsel, participated extensively in the discovery process, and lacked any conflict of

17   interest with absent class members.  Cert. Order at 9.  These requirements are necessarily satisfied as

18   to the iTMS injunctive relief class as well, involving as they do the same class representatives and

19   the same class counsel.

20       **B.    The Requirements of Rule 23(b)(2) Are Met**

21           As with the iPod injunctive relief class, Plaintiffs "seek a determination of Defendant's

22   liability, followed by injunctive relief to prohibit [Apple] from restricting the interoperability

23   between iTMS media purchases and non-iPod portable digital media players."  Cert. Order at 10;

24   Complaint, ¶58. As the Court previously recognized, assuming that Plaintiffs are able to establish

25   _____

26   [4]      All references to "Ex." and "Exs." are to the Declaration of Thomas R. Merrick in Support of
     Plaintiffs' Motion to Modify Injunctive Relief Class Definition to Include iTMS Purchasers, filed
27   concurrently.

28

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO
INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)                                        - 4 -

1    liability for Apple's restrictive technology practices, injunctive relief would be appropriate to halt

2    the practices and "unlock" the media already purchased from iTMS so that it may be played on non-

3    iPod portable players.  Cert. Order at 10.

4           Furthermore, the Court rejected Apple's contention that the existence of a money damages

5    class somehow precluded the certification of an injunctive relief class under Rule 23(b)(2), a

6    proposition the Ninth Circuit has similarly repeatedly rebuffed.  Cert. Order at 10-11 (citing *Probe v.*

7    *State Teachers' Retirement Sys.*, 780 F.2d 776, 780 n.3 (9th Cir. 1986); *Molski v. Gleich*, 318 F.3d

8    937, 949-50 (9th Cir. 2003)).  Plaintiffs do not assert any money damages claim based on iTMS

9    purchases.  Complaint, ¶32 (damages class limited to iPod purchasers).[5]  Plaintiffs' "'first and

10   foremost goal'" (Cert. Order at 11) remains bringing an end to Apple's restrictive technology

11   practices (Complaint, ¶58) – a goal already partially accomplished when Apple in 2009 ceased

12   adding DRM to all iTMS music files.  However, Apple continues: (a) to charge iTMS purchasers to

13   remove the DRM from earlier purchased audio files; and (b) to maintain all interoperability

14   restrictions on its current sales of iTMS video files.  Further, Apple could at any time re-impose

15   DRM on iTMS music files, or add other technological restrictions limiting interoperability.  The

16   need for class-wide injunctive relief from Apple's anticompetitive technological restrictions remains,

17   and that need extends to those iTMS purchasers who have not purchased an iPod.  *See* §II, Direct

18   Purchaser Plaintiffs' Memorandum in Response to Court's July 17, 2009 Order as to Injunctive

19   Relief Sought, filed concurrently.

20

21

22

23

24

25

26   _____

27   [5]      Accordingly, Plaintiffs do not seek any modification the class of direct iPod purchasers
     certified by the Court under Rule 23(b)(3).  Cert. Order at 13.

28

1    **IV.     CONCLUSION**

2           The proposed iTMS injunctive relief class is no less certifiable than the existing iPod

3    injunctive relief class.  Plaintiffs' Motion to modify the injunctive relief class definition to include

4    iTMS purchasers who have not purchased an iPod is therefore well-taken, and should be granted.

5    DATED:  August 31, 2009                    COUGHLIN STOIA GELLER
                                                  RUDMAN & ROBBINS LLP
6                                               JOHN J. STOIA, JR.
                                                BONNY E. SWEENEY
7                                               THOMAS R. MERRICK

8

9                                                        s/ Thomas R. Merrick
                                                THOMAS R. MERRICK
10

11                                              655 West Broadway, Suite 1900
                                                San Diego, CA  92101
12                                              Telephone:  619/231-1058
                                                619/231-7423 (fax)

13                                              THE KATRIEL LAW FIRM
                                                ROY A. KATRIEL
14                                              1101 30th Street, N.W., Suite 500
                                                Washington, DC  20007
15                                              Telephone:  202/625-4342
                                                202/330-5593 (fax)
16
                                                Co-Lead Counsel for Plaintiffs
17
                                                BONNETT, FAIRBOURN, FRIEDMAN
18                                                & BALINT, P.C.
                                                ANDREW S. FRIEDMAN
19                                              FRANCIS J. BALINT, JR.
                                                ELAINE A. RYAN
20                                              TODD D. CARPENTER
                                                2901 N. Central Avenue, Suite 1000
21                                              Phoenix, AZ  85012
                                                Telephone:  602/274-1100
22                                              602/274-1199 (fax)

23                                              BRAUN LAW GROUP, P.C.
                                                MICHAEL D. BRAUN
24                                              12304 Santa Monica Blvd., Suite 109
                                                Los Angeles, CA  90025
25                                              Telephone:  310/442-7755
                                                310/442-7756 (fax)
26
                                                MURRAY, FRANK & SAILER LLP
27                                              BRIAN P. MURRAY
                                                JACQUELINE SAILER
28                                              275 Madison Avenue, Suite 801

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO
INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)                                    - 6 -

1
                  New York, NY  10016
                  Telephone:  212/682-1818
2
                  212/682-1892 (fax)

3
                  GLANCY BINKOW & GOLDBERG LLP
                  MICHAEL GOLDBERG
4
                  1801 Avenue of the Stars, Suite 311
                  Los Angeles, CA  90067
5
                  Telephone:  310/201-9150
                  310/201-9160 (fax)
6

7
                  Additional Counsel for Plaintiffs

S:\CasesSD\Apple Tying\BRF00061388.doc

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO
INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)          - 7 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 31, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on August 31, 2009.

                                        s/ Thomas R. Merrick
                                       THOMAS R. MERRICK

                                       COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
                                       655 West Broadway, Suite 1900
                                       San Diego, CA  92101-3301
                                       Telephone:  619/231-1058
                                       619/231-7423 (fax)

                                       E-mail:  tmerrick@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Michael Tedder Scott**

michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012