1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   655 West Broadway, Suite 1900
4  San Diego, CA 92101
   Telephone: 619/231-1058
5  619/231-7423 (fax)
   johns@csgrr.com
6  bonnys@csgrr.com
   tmerrick@csgrr.com
7
   THE KATRIEL LAW FIRM
8  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
9  Washington, DC 20007
   Telephone: 202/625-4342
10 202/330-5593 (fax)
   rak@katriellaw.com
11
   Co-Lead Counsel for Plaintiffs
12
   [Additional counsel appear on signature page.]
13
                    UNITED STATES DISTRICT COURT
14
                  NORTHERN DISTRICT OF CALIFORNIA
15
                         SAN JOSE DIVISION
16
17 THE APPLE IPOD ITUNES ANTI-TRUST     )   Lead Case No. C-05-00037-JW(RS)
   LITIGATION                            )
                                         )   CLASS ACTION
18 ─────────────────────────────────    )
                                         )   PLAINTIFFS' OPPOSITION TO
19 This Document Relates To:             )   DEFENDANT'S MOTION FOR
                                         )   RECONSIDERATION OF RULE 23(b)(2)
        ALL ACTIONS.                     )   CLASS
20                                       )
21 ─────────────────────────────────
                                             Judge: Hon. James Ware
22                                           Date:  October 5, 2009
                                             Time:  9:00 a.m.
                                             Ctrm:  8 – 4th Floor
23
24
25
26
27
28

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ...................................................................................................1

II.   LEGAL STANDARD ............................................................................................1

III.   THE INJUNCTIVE RELIEF PLAINTIFFS SEEK IS NOT MOOTED BY
APPLE'S VOLUNTARY REMOVAL OF DRM FROM NEWLY PURCHASED
ITMS MUSIC FILES ............................................................................................2

IV.   CERTIFICATION OF THE RULE 23(b)(2) CLASS WAS PROPER ...........................5

  A.   Plaintiffs' Request for Both Monetary and Injunctive Relief Does Not
Defeat Certification of a 23(b)(2) Class...................................................5

  B.   Requiring Apple to Remove FairPlay from Previously Purchased iTMS
Music Files Does Not Amount to Damages .......................................10

  C.   iPod Purchasers, Like iTMS Purchasers, Are Entitled to Injunctive Relief ..........11

  D.   Any Cost Imposed by Removal of Apple's Anticompetitive Conduct is
Outweighed by the Benefit to the Class................................................13

  E.   The Certified Class Properly Includes iTMS Video Purchasers............................15

V.   CONCLUSION.....................................................................................................15

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Abeyta v. Taos,*
499 F.2d 323 (10th Cir. 1974) ...................................................................13, 14

*Allison v. Citgo Petroleum Corp.,*
151 F.3d 402 (5th Cir. 1998) ...............................................................................8

*Bautista-Perez v. Holder,*
No. C 07-4192 TEH, 2009 WL 2031759
(N.D. Cal. Jul. 9, 2009)....................................................................................7, 8

*Bolin v. Sears, Roebuck & Co.,*
231 F.3d 970 (5th Cir. 2000) ...............................................................................8

*Cargill, Inc. v. Monfort of Colo., Inc.,*
479 U.S. 104, 107 S. Ct. 484 (1986)...............................................................11, 13

*Catlin v. Wash. Energy Co.,*
791 F.2d 1343 (9th Cir. 1986) ...........................................................................10

*Daly v. Harris,*
209 F.R.D. 180 (D. Haw. 2002)............................................................................6

*Datagate, Inc. v. Hewlett-Packard Co.,*
941 F.2d 864 (9th Cir. 1991) .............................................................................11

*Dukes v. Wal-Mart, Inc.,*
509 F.3d 1168 (9th Cir. 2007) .............................................................................6

*Gen. Cinema Corp. v. Vista Distrib. Co., Inc.,*
532 F. Supp. 1244 (C.D. Cal. 1982) .....................................................................4

*In re Mercedes-Benz Antitrust Litig.,*
213 F.R.D. 180 (D.N.J. 2003)............................................................................12

*In re NASDAQ Market-Makers Antitrust Litig.,*
169 F.R.D. 493 (S.D.N.Y. 1996) ................................................................6, 7, 8

*In re New Motor Vehicles Canadian Export Antitrust Litig.,*
No. MDL 1532, 2006 WL 623591
(D. Me. Mar. 10, 2006) ......................................................................................10

*In re Warfarin Sodium Antitrust Litig.,*
214 F.3d 395 (3d Cir. 2000)...............................................................................11

*Janda v. T-Mobile, USA, Inc.,*
No. C 05-03729 JSW, 2008 WL 4847116
(N.D. Cal. Nov. 7, 2008)....................................................................................12

1

2                                                                                      **Page**

3   *Kurihara v. Best Buy Co., Inc.,*
        No. C 06-01884 MHP, 2007 WL 2501698
4       (N.D. Cal. Aug. 30, 2007)...................................................................9

5   *Labrie v. UPS Supply Chain Solutions, Inc.,*
        No. C08-3182 PJH, 2009 WL 723599
6       (N.D. Cal. Mar. 18, 2009)..................................................................4

7   *Linney v. Cellular Alaska P'ship,*
        151 F.3d 1234 (9th Cir. 1998) ........................................................5, 9
8
    *McCarthy v. Recordex Serv., Inc.,*
9       80 F.3d 842 (3d Cir. 1996)...............................................................2

10  *Molski v. Gleich,*
        318 F.3d 937 (9th Cir. 2003) .......................................................6, 7, 8
11
    *Parks v. Watson,*
12      716 F.2d 646 (9th Cir. 1983) ..........................................................11

13  *Perfect 10, Inc. v. Amazon.com, Inc.,*
        508 F.3d 1146 (9th Cir. 2007) ..........................................................4
14
    *Probe v. Teachers' Ret. Sys.,*
15      780 F.2d 776 (9th Cir. 1986) ............................................................6

16  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.,*
        442 F.3d 741 (9th Cir. 2006) ..........................................................10
17
    *Rodriguez v. Hayes,*
18      No. 08-56156    F.3d    , 2009 WL 2526622
        (9th Cir. Aug. 20, 2009)........................................................10, 12, 15
19
    *School Dist. No. 1J v. AC&S, Inc.,*
20      5 F.3d 1255 (9th Cir. 1993) .............................................................1

21  *Sepulveda v. Wal-Mart Stores, Inc.,*
        237 F.R.D. 229 (C.D. Cal. 2006) .......................................................9
22
    *Shook v. Bd. of Cty. Comm'rs of Cty. of El Paso,*
23      543 F.3d 597 (10th Cir. 2008) ..........................................................2

24  *United States v. Oregon State Med. Soc'y,*
        343 U.S. 326, 72 S. Ct. 690 (1952).....................................................4
25
    *United States v. W.T. Grant Co.,*
26      345 U.S. 629, 73 S. Ct. 894 (1953).....................................................3

27  *Walters v. Reno,*
        145 F.3d 1032 (9th Cir. 1998) .........................................................10
28

Page

*Wren v. RGIS Inventory Specialists*,
    256 F.R.D. 180 (N.D. Cal. 2009) ......................................................................................9

*Zenith Radio Corp. v. Hazeltine Research, Inc.*,
    395 U.S. 100, 89 S. Ct. 1562 (1969) ...............................................................................11

*Zinser, v. Accufix Research Inst., Inc.*,
    253 F.3d 1180 (9th Cir. 2001) ...........................................................................................6

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
    §26 ...................................................................................................................................14

Federal Rules of Civil Procedure
    Rule 23 ..........................................................................................................................6, 8
    Rule 23(b)(2) ...........................................................................................................*passim*
    Rule 54(b) ........................................................................................................................1

United States District Court of Northern District of California
    Local Rule 7-9(b) ...........................................................................................................1, 2
    Local Rule 7-9(c) ......................................................................................................2, 5, 15

**SECONDARY AUTHORITIES**

Philip J. Weiser, *Regulating Interoperability: Lessons from AT&T, Microsoft, and
    Beyond*, 76 Antitrust L.J. 271 (2009) ...............................................................................2

1   Plaintiffs Somtai Troy Charoensak, Mariana Rosen, and Melanie Tucker (collectively

2   "Plaintiffs") respectfully submit this memorandum in opposition to Defendant Apple, Inc.'s

3   ("Apple" or "Defendant") Motion for Reconsideration of Rule 23(b)(2) Class, (Dkt. No. 245)

4   ("Def's Motion").

5   **I.      INTRODUCTION**

6   In its July 17, 2009 Order Directing Parties to Submit Further Briefing (Dkt. No. 228)

7   ("Order"), the Court requested additional briefing concerning Plaintiffs' certified injunctive relief

8   Class.   Specifically, the Court sought briefing regarding: (1) the intersection of claims being

9   asserted by the direct purchasers in this case and the indirect purchasers in *Somers v. Apple, Inc.*, No.

10  07-cv-6507 JW (N.D. Cal.); (2) the class definition; and (3) the form of injunctive relief sought.

11  Order at 2-3.  Plaintiffs filed a response to the Court's questions (Dkt. No. 238), as well as this

12  motion to modify the injunctive relief class to include purchasers of iTunes Store ("iTMS") files

13  (Dkt. No. 236).  Apple filed this motion for reconsideration.

14  Through this motion Apple asks the Court to decertify the injunctive relief Class.  Apple's

15  motion however fails to identify new facts or law or a single individual issue which would

16  necessitate decertification.  Instead, Apple reargues contentions already considered by the Court in

17  opposition for class certification and raises several red herrings in an effort to distract the Court from

18  the relevant issues.  Importantly, Apple fails to demonstrate either how its voluntary removal of

19  FairPlay from newly purchased iTMS music files defeats Plaintiffs' claim for injunctive relief, or

20  why the Class is not entitled to injunctive relief.  For the reasons stated below, Apple's motion for

21  reconsideration of the Court's December 22, 2008 order certifying an injunctive relief class should

22  be denied.

23  **II.     LEGAL STANDARD**

24  Any order by the district court which does not terminate the action may be reconsidered

25  under Fed. R. Civ. P. 54(b).  "Reconsideration is appropriate if the district court:  (1) is presented

26  with newly discovered evidence, (2) committed clear error or the initial decision was manifestly

27  unjust, or (3) if there is an intervening change in controlling law."  *School Dist. No. 1J v. AC&S,*

28  *Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Similarly, Local Rule 7-9(b) permits reconsideration of a

1   court's order only if:   (1) a material difference in fact or law exists from that which was presented to

2   the court before entry of the original order; (2) there has been an emergence of new material facts or

3   a change of law; or (3) there was a manifest failure by the court to consider material facts or

4   dispositive legal arguments.  L.R. 7-9(b).  Motions for reconsideration shall not repeat arguments

5   made in conjunction with the Court's original order.  L.R. 7-9(c).

6   **III.  THE INJUNCTIVE RELIEF PLAINTIFFS SEEK IS NOT MOOTED BY**
       **APPLE'S VOLUNTARY REMOVAL OF DRM FROM NEWLY**
7      **PURCHASED ITMS MUSIC FILES**

8          Apple suggests that its removal of FairPlay from newly-purchased iTMS music files since the

9   Court's certification of the injunctive relief Class is a "new" fact providing basis for reconsideration.

10  *See* Def's Motion at 7.  However, Apple fails to demonstrate that this "new" fact moots Plaintiffs'

11  claim for injunctive relief.  Although Plaintiffs are not required at this stage to identify all aspects of

12  relief they will seek if they prevail on the merits (*see Shook v. Bd. of Cty. Comm'rs of Cty. of El*

13  *Paso*, 543 F.3d 597, 605-06 (10th Cir. 2008)), Plaintiffs seek a broader range of injunctive relief than

14  simply having Apple remove FairPlay on a going-forward basis.  *See* Def's Motion at 7 (stating that

15  Plaintiffs only "asserted that injunctive relief was proper to force Apple to stop selling iTS content

16  that cannot be played on competing players").  In fact, in their motion for class certification,

17  Plaintiffs sought to enjoin Apple from:  (a) rendering online digital audio and video recordings sold

18  through the iTMS inoperable with portable players other than iPod; and (b) to "unlock" the iTMS

19  recordings previously purchased so that they may be played on portable players other than iPods.[1]

20  Class Cert. Motion at 10.  Neither form of requested injunctive relief is mooted by Apple now selling

21  DRM-free music.[2]

22

23

24  [1]      *See* Notice of Motion and Motion for Class Certification and Appointment of Class Counsel, (Dkt. No. 165), ("Class Cert. Motion").

25  [2]      While Plaintiffs have identified viable injunctive relief should they prevail on the merits, this
26  is certainly not the only feasible injunctive relief.  Indeed, courts are encouraged to be creative in
    cases such as this which seek to create interoperability among products.  *See* Philip J. Weiser,
    *Regulating Interoperability: Lessons from AT&T, Microsoft, and Beyond*, 76 Antitrust L.J. 271, 293
27  (2009) ("[I]t is incumbent on enforcers and courts to utilize increased creativity as to what
    institutional strategies can enable behavioral remedies to succeed."); *see also McCarthy v. Recordex*
28

1   While Apple now sells iTMS music files without FairPlay, **billions** of previously purchased

2   music files still contain the restriction, making them unusable for direct playback on any other

3   portable media device than an iPod.  *See* Press Release, Apple, *iTunes Store Tops Over Five Billion*

4   *Songs Sold* (Jun. 19, 2008) (available at http://www.apple.com/pr/library/2008/06/19itunes.html).

5   Consumers who have purchased these files are still required to purchase an iPod for direct playback

6   on a portable digital media player.  Additionally, if their current iPod breaks or is lost, they are still

7   forced to purchase another iPod to play their previously-purchased files because iPods are still the

8   only portable digital media players which can directly play iTMS FairPlay-encrypted files.[3]  CC,

9   ¶44.  The only option these Class members currently have is to pay Apple an additional $0.30 a song

10  or 30% of the purchase price of the album.  *See* Press Release, Apple, *Changes Coming to the iTunes*

11  *Store* (Jan. 6, 2009) (available at http://www.apple.com/pr/library/2009/01/06itunes.html).  These

12  fees are in addition to the $0.99 per song and $9.99 per album they already paid Apple in the first

13  place.  *See* Press Release, Apple, *Apple Launches the iTunes Music Store*, (April 28, 2003) (available

14  at http://www.apple.com/pr/library/2003/apr/28musicstore.html).  Even Apple admits this is a steep

15  price to pay.  *See* Def's Motion at 13.

16  Additionally, all video files sold through iTMS remain encrypted and are thus, inoperable

17  with competing players.  To the extent a purchaser may be able to play newly purchased iTMS

18  music files on a competing portable player, he or she is still forced to use an iPod for playback of all

19  iTMS video files or previously purchased iTMS music files.  And, again, this restriction still exists

20  on **billions** of songs.

21  Moreover, even if Apple could demonstrate that it has ceased acting anticompetitively

22  entirely, it could not meet the heavy burden necessary to demonstrate that its voluntary cessation of

23  allegedly anticompetitive conduct will not recur in the future.  *See United States v. W.T. Grant Co.*,

24  _____

25  *Serv., Inc.*, 80 F.3d 842, 856 (3d Cir. 1996) ("injunctive remedy [under Clayton Act] is a more
    flexible and adaptable tool for enforcing the antitrust laws than the damage remedy").

26  [3]   Consolidated Complaint for Violations of Sherman Antitrust Act, Clayton Act, Cartwright
    Act, California Unfair Competition Law, Consumer Legal Remedies Act, and California Common

27  Law of Monopolization, (Dkt. No. 107), ("CC").

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF RULE
23(B)(2) CLASS - C-05-00037-JW(RS)                                                    - 3 -

1  345 U.S. 629, 633, 73 S. Ct. 894 (1953) ("""the case may nevertheless be moot if the defendant can

2  demonstrate that 'there is no reasonable expectation that the wrong will be repeated."  The burden is

3  a heavy one."); *see also United States v. Oregon State Med. Soc'y*, 343 U.S. 326, 333, 72 S. Ct. 690

4  (1952) ("When defendants are shown to have settled into a continuing practice . . . violative of

5  antitrust laws, courts will not assume that it has been abandoned without clear proof.").  The

6  language in the current Terms of Service permits Apple to "impose new or additional rules, policies,

7  terms, or conditions" at any time, there is no guarantee that Apple will not impose a similar

8  restriction in the future should it believe it is in its competitive advantage to do so.  *See* iTMS Terms

9  of Service, ¶21, available at http://www.apple.com/legal/itunes/us/terms.html#SERVICE (last visited

10  September 13, 2009).  Without injunctive relief, Apple is free to impose similar technological

11  restrictions in the future.

12      Apple continues to use FairPlay on preexisting iTMS music files and all iTMS video files.  It

13  has also continued its practice of updating its software to maintain the "lock" between iTMS files

14  and iPods.[4]  *See, e.g.*, Ian Paul, *iTunes 9 Breaks Palm Pre Sync (Again)*, (Sep. 10, 2009) (available

15  at http://www.pcworld.com/article/171729/itunes_9_breaks_palm_pre_sync_again.html).  Apple's

16  voluntary removal of FairPlay from some files is simply not sufficient to cure its anticompetitive

17  practices.  *See, e.g.*, CC, ¶¶51-55; *see also Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1176

18  n.16 (9th Cir. 2007) (injunctive relief available even after conduct ended "because Amazon.com has

19  not established 'that the allegedly wrongful behavior cannot reasonably be expected to recur'"); *see*

20  *also Gen. Cinema Corp. v. Vista Distrib. Co., Inc.*, 532 F. Supp. 1244, 1275 n.13 (C.D. Cal. 1982)

21  (sufficient threat of injury demonstrated where Defendant vehemently denied that its past conduct

22

23

24

25

26  [4]    Plaintiffs are conducting discovery now on Apple's updates.  The fact that merits discovery is
    continuing reveals the impropriety of this motion.  *See Labrie v. UPS Supply Chain Solutions, Inc.*,
27  No. C08-3182 PJH, 2009 WL 723599, at *4-*5 (N.D. Cal. Mar. 18, 2009) (reconsideration of
    certified class is improper before merits discovery).

28

1   was anticompetitive despite Defendant's current cessation of the practice); Response to July 17,

2   2009 Order[5]; July 17, 2009 Order, at 3-4.

3       Class members remain "locked-in" to using an iPod for direct playback of their previously

4   purchased iTMS music files and all video files and thus, injunctive relief remains necessary and

5   appropriate.

6   **IV.   CERTIFICATION OF THE RULE 23(b)(2) CLASS WAS PROPER**

7       Apple also raises several arguments that the Court has already considered in the briefing

8   regarding certification of the injunctive relief Class.  Without any new law to cite, Apple seems to

9   suggest that the Court did not adequately consider its arguments in its opposition to class

10  certification.   There is simply no reason to revisit them.   However, considered again, these

11  arguments fail once more.  Moreover, Apple's contentions that Plaintiffs' requested injunctive relief

12  amounts to damages and the burden imposed on Apple by the injunctive relief is too great are merits

13  contentions considered and rejected previously by the Court.  Finally, Plaintiffs have adequately

14  demonstrated that the Class of iPod purchasers and iTMS purchaser (as newly defined) are entitled

15  to injunctive relief.[6]

16      **A.   Plaintiffs' Request for Both Monetary and Injunctive Relief Does Not
             Defeat Certification of a 23(b)(2) Class**
17

18      Citing the same case law as in its opposition to class certification, Apple reargues that

19  certification of a Rule 23(b)(2) class is inappropriate because Plaintiffs also allege monetary

20  damages.   Def's Motion at 8-9;  *see* Apple's Memorandum in Opposition to Motion for Class

21  Certification, (Dkt. No. 181), at 24.  Not only is this improper on a motion for reconsideration (*see*

22  L.R. 7-9(c)), it is an insufficient basis to defeat class certification under Rule 23(b)(2).  *Linney v.*

23  *Cellular Alaska P'ship*, 151 F.3d 1234, 1240 n.3 (9th Cir. 1998) (holding that "'class actions

24  ────────────────

    [5]      Direct Purchaser Plaintiffs' Memorandum in Response to Court's July 17, 2009 Order as to

25  Injunctive Relief Sought, (Dkt. No. 238), ("Response to July 17, 2009 Order").

26  [6]      The injunctive relief Class as defined in Plaintiffs' motion to modify is defined as:  All
    persons or entities in the United States (excluding federal, state, and local government entities,

27  Apple, its directors, officers, and members of their families) who:  (a) purchased an iPod from Apple
    or (b) purchased audio or video files from the iTMS since April 28, 2003.  (Dkt. No. 236).

28

1   certified under Rule 23(b)(2) are not limited to actions requesting only injunctive relief or

2   declaratory relief, but may include cases that also seek monetary damages'") (quoting *Probe v.*

3   *Teachers' Ret. Sys.*, 780 F.2d 776, 780 (9th Cir. 1986)).  Indeed, courts routinely certify injunctive

4   relief classes where monetary damages are also alleged.  *See, e.g.*, *In re NASDAQ Market-Makers*

5   *Antitrust Litig.*, 169 F.R.D. 493, 517 (S.D.N.Y. 1996) (pursuit of antitrust damages under the

6   Sherman Act alone is insufficient to defeat certification of Rule 23(b)(2)); *see also Daly v. Harris*,

7   209 F.R.D. 180, 200 (D. Haw. 2002) ("punitive and treble damages do not render the monetary

8   component predominant").

9          Certification under Rule 23(b)(2) is unsuitable only when "the appropriate final relief relates

10  exclusively or predominately to money damages."  Fed. R. Civ. P. 23, Adv. Comm. Notes on 1966

11  Amend.  The Ninth Circuit has refused to adopt a bright-line test to determine predominance because

12  such a rule "would nullify the discretion vested in the district courts through Rule 23."  *Molski v.*

13  *Gleich*, 318 F.3d 937, 950 (9th Cir. 2003).  Instead, the Ninth Circuit has stated that certification of a

14  23(b)(2) class remains proper even in the absence of monetary relief, where "'reasonable plaintiffs

15  would bring the suit to obtain'" injunctive relief, and such injunctive relief "'would be both

16  necessary and appropriate [if] the plaintiffs . . . succeed on the merits.'"  *Dukes v. Wal-Mart, Inc.*,

17  509 F.3d 1168, 1187-88 (9th Cir. 2007) (quoting *Molski*, 318 F.3d at 950 n.15).  This is a fact

18  specific inquiry.[7]  *Molski*, 318 F.3d at 950.

19         Here, if Plaintiffs succeed on the merits, the injunctive relief sought is necessary.  Plaintiffs'

20  injunctive relief Class as modified consists of both iPod purchases and purchasers of iTMS files.

21

22  ───────────────

    [7]       Both *Molski* and *Zinser, v. Accufix Research Inst., Inc.*, 253 F.3d 1180 (9th Cir. 2001), cited

23  by Apple, actually support Plaintiffs' position.  In *Molski*, the court affirmed certification of a
    23(b)(2) class finding that injunctive relief was predominant because defendant "acted in a manner

24  generally applicable to the class."  *Molski*, 318 F.3d at 950.  The same is true here; Apple imposed
    the identical technological restriction on all iPods and iTMS purchases. CC, ¶¶41, 42, 74.  In *Zinser*,

25  the court affirmed denial of certification of a 23(b)(2) class for medical monitoring where plaintiffs
    sought a reserve fund for past and future damages and compensation for future medical treatment, as

26  well as research into alternative methods of treatment for plaintiffs.  *Zinser*, 253 F.3d at 1196.  The
    court found that this research was merely incidental to damages.  *Id.*  By contrast here, Plaintiffs

27  seek removal of the anticompetitive conduct that caused their injury and not merely inquiry into how
    plaintiffs can be remedied.  CC, Prayer for Relief.

28

    PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF RULE
    23(B)(2) CLASS - C-05-00037-JW(RS)                                                           - 6 -

1    Plaintiffs allege that Apple engaged in anticompetitive conduct by encrypting iTMS files with

2    FairPlay in order to restrict consumer choice in the purchase of portable digital media players.  CC,

3    ¶¶41, 42.  Plaintiffs allege further that Apple continues to issue software updates that foreclose

4    competition in the markets for portable digital media players and downloaded audio and video files.

5    *Id.*, ¶¶51-55.  If Plaintiffs are successful in proving that this conduct is in fact anticompetitive and

6    illegal, injunctive relief is necessary to remedy Apple's current use of FairPlay on video files and

7    previously purchased music files, imposition of similar technological restrictions in the future, and

8    release of software updates intended to maintain the "lock."

9            Additionally, Apple's anticompetitive conduct is ongoing such that, even in the absence of

10   monetary recovery, a reasonable purchaser of an iPod or iTMS files would bring this suit to enjoin

11   Apple.  *See* Def's Motion at 8.  Apple concedes that the requested injunctive relief, removing

12   FairPlay from pre-existing music files, is extremely valuable to Class members.  *Id.* at 13.  Without

13   such relief, class members are forced to pay additional fees to Apple for removal of FairPlay from

14   these music files and have no option with regard to their video files.  The injunctive relief is indeed

15   valuable and thus, reasonable Plaintiffs would seek such relief.

16           The same was true in *Bautista-Perez v. Holder*, No. C 07-4192 TEH, 2009 WL 2031759

17   (N.D. Cal. Jul. 9, 2009).  There Plaintiffs alleged the Department of Justice and Homeland Security

18   charged fees in excess of the statutory maximum for registration for "Temporary Protected Status."

19   *Id.* at *1.  Plaintiffs sought injunctive relief to end the overcharge practice and monetary relief in the

20   amount of the excessive fees.  *Id.*  The court found certification of a 23(b)(2) class appropriate

21   despite the claim for monetary damages because injunctive relief would be necessary to prevent

22   Defendant from illegally collecting excessive fees in the future.  *Id.* at *11.  The court also found that

23   even if monetary relief were not available, a reasonable Plaintiff would bring a claim for injunctive

24   relief because the alleged illegal conduct was ongoing.  *Id.*

25           Similarly, in *NASDAQ*, Plaintiffs alleged Defendants, market-makers on the NASDAQ

26   exchange, acted anticompetitively to fix spreads on class members' securities.  *NASDAQ*, 169 F.R.D.

27   at 502.  Plaintiffs alleged further that Defendants continued to act anticompetitively and thus, if not

28   enjoined would continue to injure members of the class.  *Id.* at 516.  The court certified an injunctive

1  relief class despite Plaintiffs' claim for monetary damages, and found that in the event Plaintiffs

2  were able to prove Defendant violated the Sherman Act, injunctive relief would "be necessary to

3  ensure that [class members] are not harmed in the future by Defendants' anticompetitive conduct."

4  *Id.* at 517.

5  As in *Bautista* and *NASDAQ*, Plaintiffs here have demonstrated that, if they succeed on the

6  merits, injunctive relief will be necessary and appropriate because Apple's anticompetitive conduct

7  of imposing FairPlay on previously purchased music files and all video files is continuing.  Without

8  injunctive relief, injury to Plaintiffs and the Class will continue.  Moreover, Plaintiffs have

9  demonstrated that in the absence of monetary recovery, reasonable Plaintiffs would file suit for

10 injunctive relief because without court intervention, purchasers are only able to remove FairPlay

11 from previously-purchased music files at a substantial monetary cost and their video files remain

12 locked.

13 Apple also suggests that Plaintiffs are attempting to "shoehorn" their damages action into the

14 Rule 23(b)(2) framework.  Def's Motion at 8-9 (citing *Bolin v. Sears, Roebuck & Co.*, 231 F.3d 970,

15 976 (5th Cir. 2000)).  However *Bolin* is inapposite.  In *Bolin*, the district court certified a 23(b)(2)

16 class of bankrupt debtors alleging illegal post-bankruptcy collection practices by Sears under several

17 causes of action.  *Id.* at 972.  The Fifth Circuit found that where monetary damages and injunctive

18 relief for each cause of action are intermingled, certification under 23(b)(2) only is inappropriate

19 because it denies class members notice and the opportunity to opt-out afforded by certification under

20 23(b)(3).  *Id.* at 976.  In holding that certification under 23(b)(2) was an abuse of discretion, the

21 court remanded for determination of whether certification would be appropriate under 23(b)(3) or a

22 "modified class" under both 23(b)(2) and (b)(3).  *Id.* at 979.  The same concerns do not arise here. [8]

23 _____

24 [8]     Moreover, the court in *Bolin* relied heavily on *Allison v. Citgo Petroleum Corp.*, 151 F.3d

25 402 (5th Cir. 1998) which the Ninth Circuit expressly declined to follow.  *See Molski*, 318 F.3d at
   949 ("we refuse to adopt the approach set forth in *Allison*").  The *Allison* court adopted a bright-line

26 test requiring all non-incidental damages to be considered predominant for purposes of Rule
   23(b)(2).  *Allison*, 151 F.3d at 413-15.  By contrast, the Ninth Circuit in *Molski* adopted a fact

27 specific inquiry that permits for discretion vested in the district courts by Rule 23.  *Molski*, 318 F.3d
   at 949-50.

28

1   A damages Class of iPod purchasers has been certified and that Class will receive notice and the

2   opportunity to opt out.  *See* Class Cert. Order, at 13.

3          Additionally, a 23(b)(2) Class of iPod and iTMS purchasers is particularly suitable given

4   Apple's uniform conduct across the Class. Fed. R. Civ. P. 23(b)(2) ("A class action may be

5   maintained if . . . the party opposing the class has acted or refused to act on grounds that apply

6   generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate

7   respecting the class as a whole."); *see also Linney*, 151 F.3d at 1240 n.3 (affirming certification of

8   23(b)(2) class where Defendant's conduct was uniform to the class).  Thus, any injunctive relief

9   would be common to the Class.

10          Apple's other authority is similarly unhelpful.  *See* Def's Motion at 8-9.  *Wren v. RGIS*

11   *Inventory Specialists*, 256 F.R.D. 180 (N.D. Cal. 2009) and *Sepulveda v. Wal-Mart Stores, Inc.*, 237

12   F.R.D. 229 (C.D. Cal. 2006), both employment cases, involved former and current employees who

13   brought suit seeking recovery of unpaid wages and injunctive relief for violations of federal and state

14   labor laws.  *Wren*, 256 F.R.D. at 184-85; *Sepulveda*, 237 F.R.D. at 232.  Both courts found that

15   certification under 23(b)(2) was inappropriate because the named Plaintiffs were former employees

16   who did not have standing to obtain injunctive relief.  *Wren*, 256 F.R.D. at 211; *Sepulveda*, 237

17   F.R.D. at 246.  "In the employment context, courts routinely deny class certification under Rule

18   23(b)(2) where the named Plaintiff is a former employee and therefore will not benefit from the

19   requested injunctive relief."  *Kurihara v. Best Buy Co., Inc.*, No. C 06-01884 MHP, 2007 WL

20   2501698, at *8 (N.D. Cal. Aug. 30, 2007).  By contrast, here, Class members have purchased an

21   iPod and iTMS files containing FairPlay and thus would be entitled to injunctive relief to remove

22   FairPlay encryption from ***all*** iTMS files.[9]  *See* Merrick Decl., Ex. 1 at 22:1-3 (Deposition of Somtai

23   Charoensak, taken January 12, 2007); Merrick Decl., Ex. 2 at 27:14-15 (Deposition of Mariana

24   Rosen, taken January 24, 2007); Merrick Decl., Ex. 3 at 77:24-78:10 (Deposition of Melanie Tucker,

25   taken October 26, 2007).  Additionally, as discussed above, Class members would be entitled to

26   ───────────────

27   [9]     *See* Declaration of Thomas R. Merrick in Support of Plaintiffs' Opposition to Defendant's
        Motion for Reconsideration of Rule 23(b)(2) Class, filed concurrently ("Merrick Decl.").

28

1   injunctive relief to prevent Apple from issuing software updates or imposing restrictions in the future

2   that are intended to restrict consumer choice in portable digital media players.

3          Plaintiffs need not demonstrate, as Apple contends, that the injunctive relief would benefit

4   every member of the Class.  Def's Motion at 8; *see Rodriguez v. Hayes*, No. 08-56156, __ F.3d __ ,

5   2009 WL 2526622, at *13 (9th Cir. Aug. 20, 2009) (23(b)(2) does not require the court "to examine

6   the viability or bases of class members' claims for declaratory and injunctive relief, but only to look

7   at whether class members seek uniform relief from a practice applicable to all of them"); *Walters v.

8   Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998) ("It is sufficient if class members complain of a pattern or

9   practice that is generally applicable to the class as a whole.  Even if some class members have not

10  been injured by the challenged practice, a class may nevertheless be appropriate.").  Because Apple's

11  anticompetitive conduct is common to the Class as a whole, certification under 23(b)(2) was

12  appropriate.

13          **B.      Requiring Apple to Remove FairPlay from Previously Purchased
                       iTMS Music Files Does Not Amount to Damages**

14

15          Apple contends that because it charges purchasers for the "DRM-free" version of music files

16  they purchased with FairPlay encryption, Class members would be receiving "free" music if

17  FairPlay is removed from these files at no charge.  Def's Motion at 7, 9.  This argument completely

18  misses the point of this litigation and the purpose of injunctive relief.

19          In order to obtain injunctive relief, Plaintiffs must first demonstrate a violation of the antitrust

20  laws.  *Catlin v. Wash. Energy Co.*, 791 F.2d 1343, 1350 (9th Cir. 1986).  Plaintiffs must also

21  demonstrate that Defendant's illegal conduct is continuing.  *See Reyn's Pasta Bella, LLC v. Visa

22  USA, Inc.*, 442 F.3d 741, 749 (9th Cir. 2006) (allegations of continuing harm and continuing acts

23  required for injunctive relief under Clayton Act).  If Plaintiffs are successful on the merits, then the

24  injunctive relief will seek to terminate Defendant's ongoing anticompetitive conduct and to end the

25  continuing or threatened harm.  *See In re New Motor Vehicles Canadian Export Antitrust Litig.*, No.

26  MDL 1532, 2006 WL 623591, at *7 (D. Me. Mar. 10, 2006) ("If the Plaintiffs succeed in proving

27  that Defendants' conduct violates the antitrust laws, and that the violation threatened or threatens

28  loss or damages and is likely to continue, then injunctive relief is appropriate, and appropriate to the

1  class as a whole."); *see also Datagate, Inc. v. Hewlett-Packard Co.*, 941 F.2d 864, 869-70 (9th Cir.

2  1991) (injunctive relief is appropriate to address a threat of injury to Plaintiff).

3          Here, Plaintiffs must first prove that Apple's use of FairPlay and software updates are

4  anticompetitive and illegal.  CC, ¶¶41, 42, 51-55.  If Plaintiffs are successful on the merits, then the

5  injunctive relief will focus on ending Apple's ongoing use of FairPlay on previously purchased

6  iTMS music files and all video files and protecting Class members from injury in the future.  This

7  includes complete removal of FairPlay (the anticompetitive conduct) from Class members ***previously***

8  ***purchased*** files.  There is no reason why Class members should be required to pay Apple for this

9  relief.  *See* Def's Motion at 9.  If Plaintiffs are successful on the merits, Apple should be required to

10 cease its anticompetitive conduct entirely, at no additional cost to Plaintiffs and Class members. [10]

11 *See In re Warfarin Sodium Antitrust Litig.*, 214 F.3d 395, 402 (3d Cir. 2000) ("Unless enjoined,

12 [Defendant's] unlawful conduct will continue unchecked and the class will continue to bear the

13 financial brunt of the antitrust violations.").

14     **C.     iPod Purchasers, Like iTMS Purchasers, Are Entitled to Injunctive**
                **Relief**

15
16          Apple contends that iPod purchasers are not entitled to injunctive relief because it is

    speculative whether they would be harmed in the future.  Def's Mem. at 10.  While Section 4 of the
17
    Clayton Act requires proof of loss, Section 16 requires only a threat of loss.  *Cargill, Inc. v. Monfort*
18
    *of Colo., Inc.*, 479 U.S. 104, 109-111, 107 S. Ct. 484 (1986).  To be entitled to injunctive relief under
19
    Section 16 a Plaintiff need only demonstrate "a significant threat of injury from [a] . . . violation of
20
    the antitrust laws. . . ."  *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 130, 89 S. Ct.
21
    1562 (1969); *Parks v. Watson*, 716 F.2d 646, 662 (9th Cir. 1983).
22
            Here, an injunctive relief Class made up of both iPod purchasers and iTMS purchasers, can
23
    demonstrate a significant threat of injury as a result of Apple's continuing anticompetitive conduct.
24
    As discussed above, Apple acts anticompetitively by continuing to impose FairPlay restrictions on
25

26  _____

27  [10]     Plaintiffs do not seek, as a part of the injunctive relief class, reimbursement for previously
    purchased "upgrades" of iTMS files.  *See* Def's Motion at 9.
28

1  previously purchased iTMS music files and all video files, and by issuing software updates which

2  restrict consumer choice in portable digital media players. *See* discussion *supra*, §IV.A.  Without

3  court intervention Apple is free to continue to impose these restrictions on Plaintiffs requiring

4  continued use of an iPod for direct playback of their existing iTMS purchases.  Thus, Plaintiffs,

5  purchasers of both iPods and iTMS files containing FairPlay encryption remain locked into use of an

6  iPod indefinitely until the FairPlay encryption is removed.

7        Apple contends that Plaintiffs are not entitled to injunctive relief because whether they would

8  purchase an iPod in the future is speculative.  Def's Motion at 10.  In contrast to *In re Mercedes-*

9  *Benz Antitrust Litig.*, 213 F.R.D. 180, 186 (D.N.J. 2003), where Plaintiffs sought injunctive relief for

10  a wrong that occurred at the time of purchase of the product, here, Plaintiffs seek injunctive relief for

11  conduct that is ongoing because Plaintiffs own iTMS music files which are still encrypted with

12  FairPlay.[11]  Thus, it is not speculative whether Plaintiffs will purchase an iPod in the future because

13  they own FairPlay encrypted music files which cannot be played unless they own an iPod.

14        Plaintiffs are not required to demonstrate that every iPod owner will benefit from the

15  injunctive relief.  Indeed, Rule 23(b)(2) does not require the Court "to examine the viability or bases

16  of class members' claims for declaratory and injunctive relief, but only to look at whether class

17  members seek uniform relief from a practice applicable to all of them.  As [the Ninth Circuit has]

18  previously stated, 'it is sufficient to meet the requirements of Rule 23(b)(2) that 'class members

19  complain of a pattern or practice that is generally applicable to the class as a whole.'"  *Rodriguez*,

20  2009 WL 2526622, at *13.  Whether each class member would ultimately benefit from the requested

21  relief is irrelevant so long as all Class members seek identical relief from a single practice.  *Id.*  As

22  discussed above, Plaintiffs have demonstrated that Apple's anticompetitive conduct of imposing

23

24

---

25  [11]      The same is true for *Janda v. T-Mobile, USA, Inc.*, No. C 05-03729 JSW, 2008 WL 4847116,

26  at *4 (N.D. Cal. Nov. 7, 2008), also cited by Apple.  Def's Motion at 10.  In *Janda*, plaintiffs sought
to enjoin defendant's billing practices for a product they no longer owned.  *Id.*  Here, Plaintiffs still

27  own the relevant products for which Apple continues to impose its allegedly anticompetitive
technological restrictions.

28

1   technological restrictions on iTMS files and iPods was common to the Class and any injunctive relief

2   addressing this conduct would be uniform to the Class.

3       Nor are Plaintiffs required to demonstrate that they are the most effective Class

4   representatives from among those that have suffered loss. Def's Motion at 11. Because injunctive

5   relief does not pose the same threat of multiplicity of suits or duplicative recoveries that a damages

6   claim does, the Court need not consider those dangers in making its determination that Plaintiffs are

7   entitled to injunctive relief. *See Cargill*, 479 U.S. at 111 n.6 ("because standing under §16 raises no

8   threat of multiple suits or duplicative recoveries, some of the factors other than antitrust injury that

9   are appropriate to a determination of standing under §4 are not relevant under §16").

10       **D.**    **Any Cost Imposed by Removal of Apple's Anticompetitive Conduct is Outweighed by the Benefit to the Class**

11       Apple also makes the absurd argument that should Plaintiffs succeed in demonstrating that

12   Apple's conduct is anticompetitive, Apple should not be required to cease acting anticompetitively

13   because it would be too expensive. *See* Def's Motion at 13. Apple suggests that even if it is found

14   to be acting in violation of federal antitrust laws, Plaintiffs and Class members should continue to

15   incur the cost of its illegal conduct.

16       Citing *Abeyta v. Taos*, 499 F.2d 323, 328 (10th Cir. 1974), Apple argues that the benefit

17   injunctive relief may provide to Class members that requires Apple to provide free upgrades is

18   outweighed by the cost to Apple. Def's Motion at 13. First, this misstates the relief sought. As

19   discussed above, Plaintiffs do not seek "free" upgrades – they seek removal of FairPlay from their

20   video files and previously purchased music files. Plaintiffs also seek to enjoin Apple from imposing

21   similar restrictions in the future and from issuing software updates designed to restrict consumer

22   choice in portable digital media players and foreclose competition. Class Cert. Motion at 10. The

23   fact that Apple currently charges purchasers an additional fee to obtain files free from Apple's

24   anticompetitive conduct more clearly demonstrates the need for relief and certainly does not support

25   allowing Apple to continue its illegal conduct.

26       Additionally, *Abeyta* is distinguishable. In *Abeyta*, Plaintiff, a former police officer, filed suit

27   against the city seeking reinstatement and back wages. *Abeyta*, 499 F.2d at 325. After being

28

1    discharged by the police chief, Plaintiff appealed, the town council held a hearing and subsequently

2    voted in favor of termination.  *Id.*  Plaintiff contended that the hearing did not afford him due process

3    because the voting process was improperly conducted.  *Id.* at 328.  In affirming the trial court's

4    holding that, even though the vote was procedurally improper, equitable relief was still

5    inappropriate, the court held that equitable relief in the form of reinstatement and back wages would

6    impose a significant burden on the city "whose actions were in good faith."  *Id.*

7             The same is not true here.  If Plaintiffs succeed on the merits in demonstrating that Apple

8    acted anticompetitively, it cannot also be said that Apple acted in good faith.  In contrast to the city's

9    unintentional procedural mistake, Plaintiffs allege that Apple's conduct is intentional and is designed

10   to restrict consumer choice in portable digital media players, foreclose competition, and obtain and

11   maintain monopoly power.  Thus, any burden of imposing equitable relief would squarely fall on

12   Apple, not customers who have already paid Apple for their downloads.

13            Apple also contends that even if Plaintiffs can demonstrate at this stage that the injunctive

14   relief is appropriate, which they have, Plaintiffs are still required to demonstrate the injunctive relief

15   would have an effect on the price of iPods.  Def's Motion at 13-14.  Apple argues that Plaintiffs

16   cannot do this because they have not proposed a method susceptible to common proof.  *Id.*  This is

17   an incorrect statement of the law.  Under Section 16 of the Clayton Act, Plaintiffs are only required

18   to demonstrate injury as a result of Apple's antitrust violation.  *See* 15 U.S.C. §26 ("Any

19   person . . . shall be entitled to sue for and have injunctive relief . . . against threatened loss or damage

20   by a violation of the antitrust laws . . . .").  If Plaintiffs are able to prove their choice in portable

21   digital media players was restricted because of Apple's use of FairPlay on iTMS files, they will be

22   entitled to injunctive relief.  Moreover, at the class certification stage, Plaintiffs have demonstrated

23   through their expert that methods common to the Class can be used to demonstrate injury on a

24   classwide basis.[12]  *See* Class Cert. Sweeney Decl., Ex. 1 at 34-47.

25

26   _____

27   [12]      *See* Declaration of Bonny E. Sweeney in Support of Plaintiffs' Motion for Class Certification
     and Appointment of Class Counsel, (Dkt. No. 166), ("Class Cert. Sweeney Decl.").

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF RULE
23(B)(2) CLASS - C-05-00037-JW(RS)                                              - 14 -

1    Moreover, if Apple genuinely believed a common method was not available to demonstrate

2    injury to the Class, it should have raised it in its opposition to Plaintiffs' motion for class

3    certification.  *See* L.R. 7-9(c).  To the extent Apple previously raised this argument, the Court

4    considered it and rejected it.  Apple presents no new facts or law and thus, presentation of this

5    argument here is entirely improper.

6    **E.    The Certified Class Properly Includes iTMS Video Purchasers**

7    The injunctive relief Class appropriately includes purchasers of iTMS video files.  As

8    discussed above and as alleged in the Complaint, all video files purchased on iTMS are encrypted

9    with the same FairPlay restriction. CC, ¶24.  This conduct is generally applicable across the Class

10   and thus, injunctive relief is particularly appropriate.  *See Rodriguez*, 2009 WL 2526622, at *13

11   (requirements of 23(b)(2) met where Plaintiffs complain of a pattern or practice that is generally

12   applicable to the class as a whole).  Indeed, the very practice complained of with regard to iTMS

13   music files, application of FairPlay restrictions, is the same practice complained of with regard to

14   iTMS video files. CC, ¶24.  Any injunctive relief would be uniformly applied to any Class member

15   who purchased video files.  It is not necessary that all Class members would be entitled to this relief.

16   *Rodriguez*, 2009 WL 2526622, at *13.

17   **V.    CONCLUSION**

18   For the reasons stated above, Defendant's Motion for Reconsideration of Rule 23(b)(2) Class

19   should be denied.

20   DATED:  September 14, 2009              COUGHLIN STOIA GELLER
                                              RUDMAN & ROBBINS LLP
21                                          JOHN J. STOIA, JR.
                                            BONNY E. SWEENEY
22                                          THOMAS R. MERRICK

23

24                                              s/ Thomas R. Merrick
                                            THOMAS R. MERRICK

25
                                            655 West Broadway, Suite 1900
26                                          San Diego, CA  92101
                                            Telephone:  619/231-1058
27                                          619/231-7423 (fax)

28

1

2   THE KATRIEL LAW FIRM
    ROY A. KATRIEL
3   1101 30th Street, N.W., Suite 500
    Washington, DC  20007
4   Telephone:  202/625-4342
    202/330-5593 (fax)

5   Co-Lead Counsel for Plaintiffs

6   BONNETT, FAIRBOURN, FRIEDMAN
       & BALINT, P.C.
7   ANDREW S. FRIEDMAN
    FRANCIS J. BALINT, JR.
8   ELAINE A. RYAN
    TODD D. CARPENTER
9   2901 N. Central Avenue, Suite 1000
    Phoenix, AZ  85012
10  Telephone:  602/274-1100
    602/274-1199 (fax)
11
    BRAUN LAW GROUP, P.C.
12  MICHAEL D. BRAUN
    12304 Santa Monica Blvd., Suite 109
13  Los Angeles, CA  90025
    Telephone:  310/442-7755
14  310/442-7756 (fax)

15  MURRAY, FRANK & SAILER LLP
    BRIAN P. MURRAY
16  JACQUELINE SAILER
    275 Madison Avenue, Suite 801
17  New York, NY  10016
    Telephone:  212/682-1818
18  212/682-1892 (fax)

19  GLANCY BINKOW & GOLDBERG LLP
    MICHAEL GOLDBERG
20  1801 Avenue of the Stars, Suite 311
    Los Angeles, CA  90067
21  Telephone:  310/201-9150
    310/201-9160 (fax)
22
    Additional Counsel for Plaintiffs
23
    S:\CasesSD\Apple Tying\BRF00061719.doc
24

25

26

27

28

PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF RULE
23(B)(2) CLASS - C-05-00037-JW(RS)                                      - 16 -

1

<u>CERTIFICATE OF SERVICE</u>

2

I hereby certify that on September 14, 2009, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail

4

addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have

5

mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF

6

participants indicated on the attached Manual Notice List.

7

I certify under penalty of perjury under the laws of the United States of America that the

8

foregoing is true and correct.  Executed on September 14, 2009.

9

10

  s/ Thomas R. Merrick                  
THOMAS R. MERRICK

11

COUGHLIN STOIA GELLER
     RUDMAN & ROBBINS LLP

12

655 West Broadway, Suite 1900

13

San Diego, CA  92101-3301
Telephone:  619/231-1058

14

619/231-7423 (fax)

15

E-mail:tmerrick@csgrr.com

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Michael Tedder Scott**

michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

**Todd David Carpenter**
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012

**Elaine A. Ryan**
Bonnett Fairbourn Friedman & Balint, P.C
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012