Robert A. Mittelstaedt #060359
Craig E. Stewart #129530
Michael Scott #255282
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:  (415) 626-3939
Facsimile:   (415) 875-5700
ramittelstaedt@jonesday.com
cestewart@jonesday.com
michaelscott@jonesday.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | Case No.   **C 05-00037 JW**<br>**C 06-04457 JW**<br><br>**ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE** |

The parties have reached an impasse on a schedule for briefing Apple's motion to decertify the Rule 23(b)(3) class and for deposing each side's expert in connection with the motion. Accordingly, Apple requests that the Court issue an order adopting the schedule set forth herein.

In continuing the hearing on this motion from October 5 to November 9, with briefing to be completed by October 19, the Court provided a total of seven weeks for briefing and depositions of the experts relied on by the parties. Apple's proposed schedule equitably allocates the available time between plaintiffs and Apple. It gives plaintiffs **five** weeks to depose Apple's expert and file their opposition. It gives Apple **two** weeks to depose plaintiffs' expert and file its reply.

1  Rejecting this proposed schedule, plaintiffs have advised that they prefer not to file their
2  opposition before October 12. This would give plaintiffs six weeks while affording Apple only
3  one week to depose any expert used by plaintiffs in their opposition and to prepare and file its
4  reply. Worse yet, plaintiffs have proposed October 12 knowing that their anticipated expert will
5  be unavailable for deposition that week. The net effect of plaintiffs' position is that Apple will be
6  deprived of the opportunity to depose plaintiffs' expert even though plaintiffs stipulated that
7  Apple has a right to do so and even though Apple will have provided its expert for deposition.
8  Plaintiffs' position is untenable and should be rejected.

## BACKGROUND

10 Apple filed its motion to decertify the Rule 23(b)(3) class on August 31, and noticed it for
11 hearing for October 5. *See* Doc. 240. Under the Local Rules, plaintiffs' opposition was due
12 September 14. Plaintiffs did not file any opposition by that date.

13 On September 14, the parties stipulated, subject to Court approval, to continue the hearing
14 to December 21, with plaintiffs' opposition papers to be due November 9 and Apple's reply
15 papers to be due December 7. The stipulation expressed the parties' agreement that their
16 respective experts would be deposed before their briefs were due. *See* Doc. 257, ¶ 3. On that
17 basis, the deposition of Apple's expert was set for September 30. Plaintiffs agreed that, if they
18 filed a supplemental expert report, "they will make their expert available for deposition by Apple"
19 shortly after the due date for their opposition brief (which was November 9 in the stipulation).

20 Because the stipulation was not accepted by the Court on September 14, the parties timely
21 filed the other opposition and reply briefs due on that date. *See* Docs. 253; 255; 257. As noted,
22 however, plaintiffs failed to file an opposition to the motion to decertify the Rule 23 (b)(3) class.

23 On September 16, the Court continued the hearing date on the decertification motion to
24 November 9, and ordered briefing completed by October 19. *See* Doc. 258. It was left to the
25 parties to agree on how to allocate the total of seven weeks for briefing.

26 In response, Apple proposed that plaintiffs file their opposition brief by October 1 or
27 October 5 at the very latest, and offered to move up the deposition of its expert to the week of
28 September 21 if that would assist plaintiffs.

**Plaintiffs' Refusal**

Plaintiffs declined Apple's offer to advance the deposition date of Apple's expert, and refused to agree to any date for filing their opposition brief including any expert declaration before October 12. Although they asserted that their lead counsel has other commitments before then, they have not stated that all of their other attorneys of record are unavailable. Indeed, with five other law firms having appeared for plaintiffs with five lawyers actively participating in this case for plaintiffs, it would be difficult for plaintiffs to maintain that they cannot complete an opposition brief in the five weeks between August 31 and October 5.

At the same time, plaintiffs have advised that their expert will not be available for deposition between October 12 (when they say they will file their opposition papers) and October 19 (when Apple's reply brief must be filed under the Court's order).

In short, plaintiffs are seeking to backtrack on their stipulation to make their expert available for deposition before Apple's reply is due. They are insisting on seven weeks from when Apple's brief was filed which includes four weeks after the original due date for their brief.

Plaintiffs' proposal is unacceptable and unreasonable on two counts. First, it would deny Apple the opportunity to depose the expert on whom plaintiffs intend to rely for their opposition, contrary to plaintiffs' stipulation that they would present their expert for deposition before Apple's reply is due. Second, even if the expert were available, plaintiffs' proposal would give Apple only seven days to review plaintiffs' opposition and the expert report, depose the expert, and prepare its reply papers. Given the complexity of the issues that plaintiffs are likely to raise in their opposition and the time required for deposition and preparing the reply, the one week period on which plaintiffs insist is unreasonably short. This is particularly unacceptable where the Court's schedule provides a total of seven weeks for the parties to divide. Six weeks for plaintiffs and one week for Apple is inequitable by any measure, particularly where plaintiffs failed to file the brief on the date it was originally due, before the Court continued the hearing date.

**Apple's Proposed Schedule**

Apple requests that plaintiffs be ordered to file their opposition papers no later than October 5 and to make their expert available for deposition on October 9.  Indeed, given the amount of time plaintiffs have already had, an earlier due date of October 1 would not be unreasonable.  An October 5 deadline would give plaintiffs five weeks to prepare their papers, including five days after they depose Apple's expert on September 30.  And it gives Apple two weeks for its reply, including deposing plaintiffs' expert.[1]

Plaintiffs oppose this request, taking the position that the Local Rules allow the moving party only one week for reply no matter how much time the Court may provide for briefing.  In our experience, however, when the Court continues the hearing date, counsel frequently agree on some allocation of the extra time rather than the moving party taking all of it, particularly when depositions need to be scheduled at the same time.  Here, the schedule proposed by plaintiffs is unworkable for the added reason that their expert is not available for deposition if they delay filing their brief until a week before the Court-ordered date for completion of briefing.

For these reasons, Apple requests that the Court adopt the schedule set forth in the accompanying proposed order.

Dated:  September 22, 2009                    Respectfully submitted,

                                                                   Jones Day

                                                                   By: /s/ Robert A. Mittelstaedt
                                                                           Robert A. Mittelstaedt

                                                                   Counsel for Defendant
                                                                   APPLE INC.

---

[1] Under the normal 35-day hearing schedule, the opposing party has twice as long to prepare its opposition as the moving party has for its reply.  Under Apple's proposal, Apple would have slightly less than that allocation.