1 | COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
2 | JOHN J. STOIA, JR. (141757)
    BONNY E. SWEENEY (176174)
3 | THOMAS R. MERRICK (177987)
    655 West Broadway, Suite 1900
4 | San Diego, CA  92101
    Telephone:  619/231-1058
5 | 619/231-7423 (fax)
    johns@csgrr.com
6 | bonnys@csgrr.com
    tmerrick@csgrr.com
7 |
    THE KATRIEL LAW FIRM
8 | ROY A. KATRIEL (*pro hac vice*)
    1101 30th Street, N.W., Suite 500
9 | Washington, DC  20007
    Telephone:  202/625-4342
10 | 202/330-5593 (fax)
    rak@katriellaw.com
11 |
    Co-Lead Counsel for Plaintiffs
12 |
    [Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE FOR DECERTIFICATION MOTION |
| CHAROENSAK v. APPLE COMPUTER, INC., | |
| No. C-05-00037-JW | |
| TUCKER v. APPLE COMPUTER, INC., | |
| No. C-06-04457-JW | |

1    Direct Purchaser Plaintiffs oppose Apple's Administrative Motion to Set Briefing Schedule ("Administrative Motion") and request that the Court either retain the schedule set in its September 16, 2009 Order, or extend Apple's deadline to file its reply. Dkt. No. 258. Alternatively, the Court should deny Apple's decertification motion as premature without prejudice to Apple's right to bring a decertification motion at an appropriate time in the litigation, after completion of discovery.

## I.   INTRODUCTION

On August 31, 2009, without any prior notice to Direct Purchaser Plaintiffs and without any attempt to negotiate a briefing schedule, Apple filed and served its motion to decertify the damages class that this Court certified on December 22, 2008. Apple served this motion at a time when it knew that Direct Purchaser Plaintiffs were preparing, in accordance with the Court's prior orders, briefs on Apple's Motion for Reconsideration of Plaintiffs' Rule 23(b)(2) Class and Plaintiffs' Motion to Modify their Injunctive Relief Class and Response to the Court's July 17, 2009 Order as to Injunctive Relief. Dkt. Nos. 253, 236, 238. Furthermore, Apple served its motion just prior to the long Labor Day weekend. Even though Apple had had three months to prepare its response to the motion to certify the class, Apple served its decertification motion 35 days prior to the noticed hearing date, giving Direct Purchaser Plaintiffs just two weeks to depose Apple's expert, obtain a supplemental declaration from their own expert, if appropriate, and prepare an opposition brief. Notably, at the time it filed its motion, Apple contemplated having one week to prepare its reply.

In its Administrative Motion, Apple seeks unfairly to shorten the time Direct Purchaser Plaintiffs have to respond to the motion to decertify, even though Apple's counsel is well aware of the scheduling constraints on Direct Purchaser Plaintiffs' expert and counsel. Moreover, in its Administrative Motion, Apple has mischaracterized the discussions of the parties. Apple's motion is nothing less than an attempt to gain an improper advantage in this litigation. It should be denied.

Alternatively, this Court should deny Apple's decertification motion without prejudice to Apple's right to bring the motion again, at an appropriate time in the litigation. Besides being meritless, Apple's motion is also premature. Because Apple filed its decertification motion before producing any discovery materials beyond those relied upon in the prior class certification

OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE FOR
DECERTIFICATION MOTION - C-05-00037-JW(RS)                                                                 - 1 -

1  proceeding, Apple can point to no new facts, new law, or change in the status of the parties that
2  would justify decertifying the class.  Thus, Apple's decertification motion should be denied.

3        **A.**     **Apple's Decertification Motion is Meritless and Premature**

4        Apple's decertification motion is based on this Court's order denying certification of an
5  *indirect purchaser class*.  Relying solely on an expert report that is little more than excerpts from the
6  report Apple relied upon in *Somers v. Apple*, No. C 07-6507 JW (N.D. Cal.) (and which responded to
7  indirect purchaser plaintiff's expert, Dr. French), Apple now challenges, ***for the first time***, the expert
8  report of Direct Purchaser Plaintiffs' economist, Professor Roger G. Noll of Stanford University.
9  Dkt. No. 166, Ex. 1.  Notably, Apple failed to submit an expert report in support of its opposition to
10  Direct Purchaser Plaintiffs' class certification motion, even though Apple's expert, Michelle Burtis,
11  had already been retained, and had reviewed Professor Noll's report and deposition transcript.
12  Sweeney Decl.[1], ¶12; *id.*, Ex. E.

13        Apple's motion is utterly meritless.  It does not even attempt to meet the standards for
14  decertification, which are well-established in the Ninth Circuit.  To justify decertification, a
15  defendant must raise some new controlling law or facts to support its argument that the initial class
16  determination was in error.  *Church v. Consol. Freigthtways, Inc.*, 137 F.R.D. 297, 303 (N.D. Cal.
17  1991) ("'nothing would appear to prevent a court from modifying or reversing a decision on "similar
18  situations" at a later time in an action, as new facts emerge'"); *O'Connor v. Boeing N. Am., Inc.*, 197
19  F.R.D. 404, 410 (C.D. Cal. 2000) ("Sometimes, however, developments in the litigation, such as the
20  discovery of new facts or changes in the parties or in the substantive or procedural law, will
21  necessitate reconsideration of the earlier order and the granting or denial of certification or
22  redefinition of the class.") (quoting *Cook v. Rockwell Int'l Corp.*, 181 F.R.D. 473 (D. Colo. 1998)).
23  This is why decertification motions are filed ***after discovery is completed***.  *See, e.g.*, *Gerlach v.*
24  *Wells Fargo & Co.*, No. C 05-0585 CW, 2006 WL 824652, at *2 (N.D. Cal. Mar. 28, 2006); *see also*
25  *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1154 (S.D. Cal. 2007) (defendant must

---

[1]    *See* Declaration of Bonny E. Sweeney in Support of Opposition to Apple's Administrative Motion to Set Briefing Schedule for Decertification Motion ("Sweeney Decl."), filed currently.

OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE FOR
DECERTIFICATION MOTION - C-05-00037-JW(RS)      - 2 -

1  meet a "heavy burden"). *See also Barner v. Harvey*, No. 95 C 3316, 2000 WL 1369636, at *2 (N.D. Ill. Sept. 15, 2000); 7 Charles R. Wright & Arthur R. Miller, *Federal Practice & Procedure*, §1785.4 (2009); *Kramer v. Scientific Control Corp.*, 67 F.R.D. 98, 99 (E.D. Pa. 1975) ("proponents of revocation or modification of a class-action Order should, at a minimum, show some newly discovered facts or law in support of their desired action").

Yet, Apple can point to no new facts, no changes in the status of the parties, and no new law. Rather, Apple is having second thoughts about its previous tactical decisions. In short, Apple wants a "do-over." This is not permitted under Rule 23.

Furthermore, Apple and its expert base the decertification motion on the argument that Direct Purchaser Plaintiffs and their expert have not yet conducted the statistical analyses proposed by Professor Noll in his report. Dkt. No. 240 at 7; Dkt. No. 241, ¶8. This argument is disingenuous in the extreme. As the Court may recall, at Apple's request and over Direct Purchaser Plaintiffs' objection, the Court bifurcated discovery. Accordingly, Direct Purchaser Plaintiffs modified their initial discovery requests. Even as to this limited discovery Apple objected to every single request on the grounds that it was not relevant to class certification (*see* Sweeney Decl., ¶¶2, 3), and Direct Purchaser Plaintiffs were forced to file a motion to compel. Dkt. No. 137. Apple took the position that Direct Purchaser Plaintiffs were not entitled, among other things, to discovery of the data that Professor Noll would need to conduct the statistical analyses described in his report, because such information was not, according to Apple, relevant to class certification. Sweeney Decl., ¶¶5, 7. Just prior to the hearing on the motion to compel, Apple proposed resolving the dispute through a compromise. Ultimately, Direct Purchaser Plaintiffs agreed that Apple could produce ***exemplars*** of the requested data, as opposed to all of the data, so that Professor Noll could make a determination whether the data, when it was eventually produced, would suffice. Direct Purchaser Plaintiffs agreed to this compromise because Apple's counsel, orally and in writing, stated his agreement with the legal principle that, at the class certification stage, Direct Purchaser Plaintiff is not required to have completed its damages study, but rather is required to show that Direct Purchaser Plaintiffs can rely on common evidence to show class-wide impact. *See In re Dynamic Random Access Memory*

1  *(DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2006 WL 1530166, at *8-*9 (N.D. Cal. 2006).  As
2  Apple's counsel said:

3  > To be clear, I did not agree to, or anticipate, that we would produce the actual data beyond an exemplar of the type of data that are available.  I understood that your expert wanted to know what type of data is available rather than acquiring all the data now because he does not intend to actually produce a damage study at this point.  ***That's the compromise we reached, and I thought that met your pre-cert needs***.

6  Sweeney Decl., Ex. C (emphasis added).

7  Now, in an abrupt and transparently self-serving about-face, Apple urges this Court to
8  decertify the damages class on the grounds that Direct Purchaser Plaintiffs have not yet completed
9  the relevant statistical analyses necessary to prove the merits determination of impact.

10  Further, Apple continues to drag its feet on discovery.  Immediately after the discovery stay
11  was lifted, Direct Purchaser Plaintiffs renewed their request for the data that Apple had previously
12  refused to produce.  *Id.*, ¶15.  To date, Apple has not produced a single document or a single witness.
13  *Id.*, ¶¶14, 15.  Direct Purchaser Plaintiffs have informed Apple that they will seek relief from
14  Magistrate Richard Seeborg if Apple does not respond by September 25.  *Id.*, Ex. F.

15  **B.     Apple's Proposed Schedule Is Unfair to Direct Purchaser Plaintiffs**

16  As Direct Purchaser Plaintiffs' counsel has already explained to counsel for Apple, Direct
17  Purchaser Plaintiffs' expert is traveling and unavailable much of September and October, and lead
18  counsel's travel and hearing scheduling make a further shortening of the schedule exceedingly
19  difficult.  *Id.*, Ex. G.  While it is true, as Apple notes, that the Direct Purchaser Plaintiffs are
20  represented by several lawyers, Ms. Sweeney argued the class certification motion, defended
21  Professor Noll's deposition, has been working with Professor Noll, and will be deposing Apple's
22  expert.  *Id.*, ¶18.  It is therefore appropriate to permit Ms. Sweeney to participate in the preparation
23  of a response.

24  Furthermore, after counsel learned that Professor Noll was traveling and unavailable during
25  the week of October 12, 2009 (the week Apple would be preparing its reply brief, and so would need
26  to take his deposition), counsel so informed Apple.  Because of Professor Noll's unavailability,
27  Direct Purchaser Plaintiffs' counsel agreed not to oppose any request by Apple to file its reply on
28  October 23, 2009 or later.  *Id.*, Ex. G at 1.  Thus, Apple's assertion that  Direct Purchaser Plaintiffs

have "backtracked" on their agreement to produce Professor Noll is demonstrably false. Rather, counsel have made every attempt reasonably to accommodate Apple's and the Court's schedule.

Apple argues that one week is insufficient for Apple to prepare its reply because of "the complexity of the issues." However, Apple originally filed its decertification motion on the assumption that it would prepare its reply in one week. Apple served and filed its motion on August 31, 2009 and noticed it for hearing 35 days later, on October 5, 2009. Under the Local Rules, Apple would have had one week after service of Direct Purchaser Plaintiffs' opposition to prepare its reply. As Apple originally contemplated preparing its reply brief within one week, there is no reason it cannot do so now. Further, Apple will not be prejudiced by the fact that it served its brief more than 35 days before the new hearing date, because Direct Purchaser Plaintiffs' counsel is unable to depose Apple's expert until September 30, 2009.

Finally, this scheduling difficulty has arisen because Apple failed to consult Direct Purchaser Plaintiffs' counsel about a briefing schedule prior to filing its decertification motion, in contravention of usual and courteous practice in this District. Instead, it filed the motion just before the long Labor Day weekend, at a time when Direct Purchaser Plaintiffs had several other briefs to prepare in this case. Under these circumstances it would be unfair and unduly prejudicial to Direct Purchaser Plaintiffs to shorten their time to prepare an opposition in order to lengthen Apple's time in which to prepare a reply.

For the foregoing reasons, Direct Purchaser Plaintiffs respectfully request that the Court deny Apple's Administrative Motion. Alternatively, they request that the Court deny Apple's decertification motion without prejudice to its right to renew its motion at an appropriate time, after the completion of discovery.

DATED: September 23, 2009

Respectfully submitted,
COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK

s/ Bonny E. Sweeney
BONNY E. SWEENEY

OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE FOR
DECERTIFICATION MOTION - C-05-00037-JW(RS) - 5 -

| | |
|---|---|
|1| |
|2| 655 West Broadway, Suite 1900<br>San Diego, CA  92101|
|3| Telephone:  619/231-1058<br>619/231-7423 (fax)|
|4| |
|5| THE KATRIEL LAW FIRM<br>ROY A. KATRIEL|
| | 1101 30th Street, N.W., Suite 500|
|6| Washington, DC  20007|
| | Telephone:  202/625-4342|
|7| 202/330-5593 (fax)|
|8| Co-Lead Counsel for Plaintiffs|
|9| BONNETT, FAIRBOURN, FRIEDMAN<br>   & BALINT, P.C.|
|10| ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR.|
|11| ELAINE A. RYAN<br>TODD D. CARPENTER|
|12| 2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012|
|13| Telephone:  602/274-1100<br>602/274-1199 (fax)|
|14| |
|15| BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN|
|16| 12304 Santa Monica Blvd., Suite 109<br>Los Angeles, CA  90025|
| | Telephone:  310/442-7755|
|17| 310/442-7756 (fax)|
|18| MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY|
|19| JACQUELINE SAILER|
| | 275 Madison Avenue, Suite 801|
|20| New York, NY  10016|
| | Telephone:  212/682-1818|
|21| 212/682-1892 (fax)|
|22| GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG|
|23| 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067|
|24| Telephone:  310/201-9150<br>310/201-9160 (fax)|
|25| |
| | Additional Counsel for Plaintiffs|
|26| |
| S:\CasesSD\Apple Tying\BRF00061860.doc | |
|27| |
|28| |

OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE FOR
DECERTIFICATION MOTION - C-05-00037-JW(RS) - 6 -

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2009.

    s/ Bonny E. Sweeney
BONNY E. SWEENEY
COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:Bonnys@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**

- **Michael Tedder Scott**
  michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,proach@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Todd David Carpenter
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012
```

Also at the top of the page: "invalidaddress@invalidaddress.com"