| | |
|---|---|
| 1 | COUGHLIN STOIA GELLER <br>  RUDMAN & ROBBINS LLP |
| 2 | JOHN J. STOIA, JR. (141757) <br> BONNY E. SWEENEY (176174) |
| 3 | THOMAS R. MERRICK (177987) <br> 655 West Broadway, Suite 1900 |
| 4 | San Diego, CA  92101 <br> Telephone:  619/231-1058 |
| 5 | 619/231-7423 (fax) <br> johns@csgrr.com |
| 6 | bonnys@csgrr.com <br> tmerrick@csgrr.com |
| 7 | |
| 8 | THE KATRIEL LAW FIRM <br> ROY A. KATRIEL (*pro hac vice*) |
| 9 | 1101 30th Street, N.W., Suite 500 <br> Washington, DC  20007 |
| 10 | Telephone:  202/625-4342 <br> 202/330-5593 (fax) |
|  | rak@katriellaw.com |
| 11 | |
| 12 | Co-Lead Counsel for Plaintiffs |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
|  | <u>CLASS ACTION</u> |
| This Document Relates To: | DECLARATION OF BONNY E. SWEENEY IN SUPPORT OF OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION TO SET BRIEFING SCHEDULE FOR DECERTIFICATION MOTION |
| CHAROENSAK v. APPLE COMPUTER, INC., | |
| No. C-05-00037-JW | |
| TUCKER v. APPLE COMPUTER, INC., | |
| No. C-06-04457-JW | |

I, BONNY E. SWEENEY, declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am a member of the law firm of Coughlin Stoia Geller Rudman & Robbins, LLP, one of the counsel of record for Direct Purchaser Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2. On January 18, 2007, Direct Purchaser Plaintiff propounded her first set of requests for production of documents on Apple.

3. On February 23, 2007, Apple responded to each of Direct Purchaser Plaintiff's discovery requests with objections. Counsel for Apple further suggested that discovery initially be limited to class certification issues.

4. The parties continued to meet and confer regarding Direct Purchaser Plaintiffs' document requests. On July 20, 2007, the Court ruled that discovery should be limited to: (1) class certification issues; (2) the preliminary issues of Apple's organizational structure and document retention policies; (3) Direct Purchaser Plaintiffs' iPod and computer hard drives; and (4) documents whose production would impose only a *de minimus* burden on either party. *See* Dkt. No. 128.

5. Direct Purchaser Plaintiffs reiterated their position that cost, sales, profit, loss and revenue data were relevant to class certification issues. On September 26, 2007, Apple refused again to provide the outstanding documents, claiming that they were "merit" based and not "class" related. Apple never objected to the relevancy of the documents to the litigation. *See* Ex. A, attached hereto.

6. On December 7, 2007, Direct Purchaser Plaintiffs filed a motion to compel seeking the production of: (1) unredacted copies of spreadsheets previously produced in redacted form containing iPod profit, loss, sales and revenue data, by model, including all documents used to generate the spreadsheets; and (2) documents showing the cost of manufacture, production, and number of iPods sold and the revenue generated from the sale of these products, by model and by quarter. *See* Dkt. No. 137.

7. On December 21, 2007, Apple filed its opposition to Direct Purchaser Plaintiffs' motion to compel, again contending that Direct Purchaser Plaintiffs were not entitled to the discovery because it was not related to class certification. *See* Dkt. No. 142. Direct Purchaser Plaintiffs filed their reply on January 2, 2008. *See* Dkt. No. 147.

8. On January 16, 2008, at the scheduled hearing on Direct Purchaser Plaintiffs' motion to compel, Apple's counsel Robert A. Mittelstaedt stated to me that we should be able to reach a compromise on the requested documents. He stated that Apple would produce exemplars of the type of data available so that Direct Purchaser Plaintiffs' expert, Professor Roger G. Noll, could make a determination on the sufficiency of the data available. I tentatively agreed to this proposal, depending on the nature of the exemplars.

9. On January 30, 2008, I wrote Mr. Mittelstaedt to follow up on the production of exemplar data. Ex. B, attached hereto. In his response, Mr. Mittelstaedt stated:

> To be clear, I did not agree to, or anticipate, that we would produce that actual data beyond an exemplar of the type of data that are available. I understood that your expert wanted to know what type of data is available rather than acquiring all the data now because he does not intend to actually produce a damages study at this point. That's the compromise we reached, and I thought that met your pre-cert needs.

*See* Ex. C, attached hereto.

10. To be sure, on February 1, 2008, Mr. Mittelstaedt produced an exemplar of data and reiterated his understanding that Professor Noll was not going to run an actual damages study at this stage and so exemplar data was sufficient. *See* Ex. D, attached hereto.

11. Direct Purchaser Plaintiffs filed their Motion for Class Certification and Appointment of Class Counsel on July 21, 2008. Dkt. No. 165. Professor Noll submitted a declaration in support of Direct Purchaser Plaintiffs' motion. Dkt. No. 166, Ex. 1.

12. Professor Noll was deposed on September 19, 2008. Apple retained its expert Dr. Michelle Burtis "within a couple months" before Professor Noll's deposition. *See* Ex. E, attached hereto.

13. Apple filed its Opposition to Direct Purchaser Plaintiffs' Motion for Class Certification on October 17, 2008. Dkt. No. 177. Apple's opposition was not supported by a

1  declaration from Dr. Burtis or any other expert. The Court granted Direct Purchaser Plaintiffs'
2  motion in part on December 22, 2008. Dkt. No. 196.

3  14.  On April 9, 2009, Direct Purchaser Plaintiffs served a Rule 30(b)(6) deposition notice
4  and related document requests. The parties have met and conferred several times with regard to
5  these requests. Apple has not produced a single document or witness to date.

6  15.  On May 22, 2009, Direct Purchaser Plaintiffs served their amended first set of
7  requests for production of documents, interrogatories, and request for admission. Apple served its
8  responses and objections on July 20, 2009, July 21, 2009, and July 24, 2009, respectively. The
9  parties have met and conferred several times with regard to Apple's responses and Apple has yet to
10 produce a single document.

11 16.  On September 22, 2009, Direct Purchaser Plaintiffs requested that Apple respond to
12 several outstanding requests by September 25, 2009. *See* Ex. F, attached hereto.

13 17.  I have communicated with Direct Purchaser Plaintiffs' expert, Professor Noll, and he
14 is traveling and unavailable much of September and October. He is out of town October 7 through
15 15, 2009 but is available for deposition on October 19 or 20, 2009.

16 18.  While it is true, as Apple notes, that the Direct Purchaser Plaintiffs are represented by
17 several lawyers, I argued the class certification motion, defended Professor Noll's deposition, have
18 been working with Professor Noll, and will be deposing Apple's expert. I have several previously
19 scheduled hearings in the beginning of October, as well as long-scheduled personal travel that
20 hampers my ability to participate in preparing the opposition to Apple's brief by October 5, 2009.
21 Specifically, I will be deposing Apple's expert in San Francisco on September 30, 2009. The
22 following day I travel to Vermont for "parents' weekend" at the college where my son is a freshman.
23 On October 4, 2009 I travel to San Jose for the October 5, 2009 hearing in this case. That same day,
24 after the hearing, I fly to New York to prepare for and argue motions scheduled for hearing in the
25 Eastern District of New York on October 7 and 8, 2009.

26 19.  Near the end of the day on Friday, September 18, 2009, Mr. Mittelstaedt called me to
27 request that Direct Purchaser Plaintiffs' file their opposition by October 5, 2009. I explained that
28

1  scheduling conflicts did not permit an earlier filing.  This position was reiterated several times over
2  email.  *See* Ex. G, attached hereto.
3       20.    Shortly after learning that Professor Noll was traveling and unavailable the week of
4  October 12, 2009, I informed Mr. Mittelstaedt.  *See* Ex. G at 1.  Due to Professor Noll's
5  unavailability, Direct Purchaser Plaintiffs agreed not to oppose any request by Apple to file its reply
6  on October 23, 2009 or later.  *See* Ex. G at 1.
7       I declare under penalty of perjury under the laws of the United States that the foregoing is
8  true and correct.  Executed this 23rd day of September, 2009, at San Diego, California.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

S:\CasesSD\Apple Tying\DEC00061938.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 23, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on September 23, 2009.

    s/ Bonny E. Sweeney
BONNY E. SWEENEY

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:bonnys@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**

    invalidaddress@invalidaddress.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,proach@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Todd David Carpenter
Bonnett, Fairbourn, Friedman, & Balint
2901 N. Central Avenue
Suite 1000
Phoenix, AZ 85012
```