# EXHIBIT A

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5765
tstrong@jonesday.com

September 26, 2007

VIA EMAIL

Greg Weston, Esq.
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA 9210-3301

REC'D SEP 27 2007

Re:   *Apple iPod iTunes Antitrust Litigation*, Case No. 05-00037-JW

Dear Greg:

The following responds to your September 14, 2007 letter regarding discovery issues.

Enclosed is a privilege log of all documents withheld to date. Also enclosed (larger than nine megabytes) is a further set of documents in response to Request No. 22 (Bates numbered Apple AIIA 00002426-2876) and documents from the Napster production that are not covered by the confidentiality provisions with the record labels (Bates numbered Apple AIIA 00002877-3213). Please note that the Napster production documents are designated Confidential Attorneys' Eyes Only. Our production of the documents in response to Request No. 22 is taking longer than expected but we will continue to provide responsive documents on a rolling basis.

Regarding the confidentiality obligations with the record labels, Apple's contract with each label contains a provision that requires Apple to obtain the label's written consent before disclosing the terms of the agreement or any information obtained during the negotiation of the agreement or as a result of the relationship conducted pursuant to the agreement. Because there are third party privacy rights involved, the protective order in this case is not sufficient to allow production. Apple is working to obtain each label's consent. We do not anticipate any withholding of consent but it is taking time to obtain consents.

On Request No. 10, as we previously stated, the production of profit and loss statements is not related to class certification issues and is thus not required under Judge Ware's July 20, 2007 order. We disagree that any merits-based discovery is allowed simply because plaintiffs contend it is "de minimus." That would circumvent the limit on discovery to class-related issues.

We would like to reach some accommodation on the 30(b)(6) issue and have a proposal for you to consider. If plaintiffs' purpose is to obtain information to help identify potential deponents, taking a 30(b)(6) deposition on the topics in your notice is certainly not an appropriate way to gain that information. Plus, many of the topics have no relevancy, such as the manner by which a member of the Board of Directors attained that position. Indeed, if the

SFI-570271v2

Case 4:05-cv-00037-YGR   Document 261-1   Filed 09/23/09   Page 3 of 3
Case 5:05-cv-00037-JW   Document 143-2   Filed 12/03/2007   Page 3 of 3

JONES DAY

Greg Weston
September 26, 2007
Page 2

identity of Board members (which is another topic in the notice) had any relevancy to this case and if your purpose were anything other than harassment, you could easily get that information off of Apple's website. Judge Ware's order limited discovery to "preliminary issues of Defendant's organizational structure." The order does not prescribe the method of discovery, and at this stage "preliminary" information is more appropriately obtained through informal discovery or formal interrogatories before delving into an expensive deposition process with multiple deponents on topics of limited relevance. Moreover, the deposition notice goes beyond simple organizational structure to seek job descriptions and identification of every employee that may have touched any aspect of the iPod or iTunes business for seven years. With that as background, our proposal is that you set forth as precisely as you can what type of organizational information you want, and we will consider providing it to you by informal letter or formal interrogatory response. Again, if as you say your purpose is to identify potential deponents, this will be the most expeditious way to do so. Your letter says you would want some follow-up or clarification. Again, just let us know what information you want, and we will consider providing it.

Finally, we have provided you with Apple's document retention policies. For this litigation, Apple is currently retaining all forms of hard copy documents and all forms of electronic information such as e-mails, instant messaging (such as iChat) transcripts and voicemail messages, to the extent they fall within the substantive topics in the document hold orders. We will consider providing you with a list of those substantive topics subject to your proposed stipulation that such disclosure does not constitute a waiver of any privilege or work product protection.

Very truly yours,

Tracy M. Strong

cc:   Todd Carpenter
      Bonny Sweeney
      Andrew Friedman
      Roy Katriel

SFI-570271v2