# EXHIBIT G

## Bonny Sweeney

**From:** Bonny Sweeney
**Sent:** Monday, September 21, 2009 12:00 PM
**To:** 'Robert A Mittelstaedt'
**Subject:** RE: Schedule

No. October 12 is bad enough, given my other commitments, and earlier is impossible (I fly to Vermont the day after the Burtis deposition; back to San Jose on October 4th for the hearing on the 5th, and on the same day back to New York for preparation and two days of hearings on motions to dismiss and class certification in the EDNY). I did, however, find out Roger Noll's schedule. He is out of town the week of October 12th. Although we do not think Apple is entitled to another open-ended deposition of Noll, we had intended, if we submit a supplemental declaration, to make him available for a limited deposition (limited to new material, and a half-day should suffice). If you want to ask the Court to permit Apple until October 23 or later to file its reply brief so it can fit in a deposition of Noll (on either October 19, 20, or 21, half-day only, and limited to new material) we will not oppose.

**From:** Robert A Mittelstaedt [mailto:ramittelstaedt@JonesDay.com]
**Sent:** Monday, September 21, 2009 9:37 AM
**To:** Bonny Sweeney
**Subject:** RE: Schedule

Do you have any flexibility in an earlier date? This becomes a particular problem if you are going to use Noll and we need to factor in time for a dep. Any sense of likelihood of your using him?

Robert A. Mittelstaedt
JONES DAY
San Francisco, California
T: (415) 875-5710
F: (415) 875-5700
E-mail: ramittelstaedt@jonesday.com
www.jonesday.com

---

"Bonny Sweeney" <BonnyS@csgrr.com>

09/21/2009 09:23 AM

To "Robert A Mittelstaedt" <ramittelstaedt@JonesDay.com>
cc
Subject RE: Schedule

Bob,
I appreciate that. I agree we shouldn't let this interfere with our good working relationship.

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
```

9/22/2009

```
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

---

**From:** Robert A Mittelstaedt [mailto:ramittelstaedt@JonesDay.com]
**Sent:** Saturday, September 19, 2009 2:59 PM
**To:** Bonny Sweeney
**Subject:** RE: Schedule

Bonny: I understand your position, and will advise the court that you oppose filing your opposition before October 12. I write to respond to only one point in your email. I did not intend to be discourteous in filing the motion under the local rules. As you will recall, we were willing to extend your time to respond and in fact stipulated to it. It's just that the court did not give us as much time as we asked for. So now that issue is how to divide the time that the court gave us. Again, I understand that we have a difference of opinion on how to split it. But I don't want this to interfere with the good working relationship we have developed.

Robert A. Mittelstaedt
JONES DAY
San Francisco, California
T: (415) 875-5710
F: (415) 875-5700
E-mail: ramittelstaedt@jonesday.com
www.jonesday.com

"Bonny Sweeney" <BonnyS@csgrr.com>

09/18/2009 05:06 PM

To "Robert A Mittelstaedt" <ramittelstaedt@JonesDay.com>
cc
Subject RE: Schedule

Bob,

As I explained in our telephone conversation, plaintiffs cannot agree to any further shortening of the time to file their opposition. Aside from our expert being unavailable now to prepare a supplemental report, I have long-scheduled hearings and personal travel (in addition to taking the Burtis deposition and preparing for the hearing in this case on October 5) between now and October 5 that prevent me from working on the brief.

Regarding the principles that can be derived from the local rules, I note that Apple filed its decertification motion on the assumption that it would be briefed and heard in accordance with the local rules. Apple served it on plaintiffs on August 31, and noticed it for hearing 35 days later, on October 5. Under the local rules, movant has one week after service of the opposition to prepare its reply. Since that's what you contemplated in August, I do not understand why

that does not work for you now. And since we will not be deposing your expert until September 30, plaintiffs derive no undue advantage from the fact that you served your brief more than 35 days before the new hearing date.

I also note for the record that, contrary to customary and courteous practice, you never consulted me before filing your decertification motion to negotiate a briefing and hearing schedule. Instead, you filed your motion just before the long Labor Day weekend, at a time when we had several other briefs to prepare in this case. Now, when you know that my expert is unavailable and I am unavailable, you seek to actually shorten our opposition time in order to lengthen your reply time. That is hardly fair. I cannot agree to your proposal, as it would unduly prejudice plaintiffs.

I understand you will be seeking relief from the Court. Please inform the Court in your filing that plaintiffs oppose your request.

Regards,
Bonny

```
NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges. Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.
```

---

**From:** Robert A Mittelstaedt [mailto:ramittelstaedt @JonesDay.com]
**Sent:** Friday, September 18, 2009 3:51 PM
**To:** Bonny Sweeney
**Subject:** Schedule

I checked. And for once I was right. Under the local rules, an opposition brief is due 21 days before the hearing, and a reply brief 14 days. So with the court having ordered all briefing done by October 19--which is 21 days before the hearing--the local rules don't work. The principle that can be derived from the local rules, though, is that of the five week normal interval between motion and hearing, the opposing party gets twice as long as the replying party--two weeks v. one week. Here, we have a total of 7 weeks for briefing. If you got only twice as long as Apple, your brief would be due around September 30. That's the day you are deposing our expert, though, so I am willing to give you some time after that to adjust or add to your brief. If your brief is due October 5, that gives you five weeks total including five days after the deposition. And it gives us only two weeks. I can't agree to anything less than that and I probably should ask for October 1. This is still a favorable splitting of the time for you.

Another option would be to move up Burtis' deposition to next week but I understand that doesn't work for you.

So please let me know if you will agree to serve your brief October 5, and to produce Noll on October 10, 11 or 12. Not to rattle sabers but absent agreement I will need to ask the court to set those dates.

Robert A. Mittelstaedt
JONES DAY
San Francisco, California
T: (415) 875-5710
F: (415) 875-5700

9/22/2009

E-mail: ramittelstaedt@jonesday.com
www.jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

9/22/2009