Robert A. Mittelstaedt #060359
Craig E. Stewart #129530
Michael Scott #255282
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
cestewart@jonesday.com
michaelscott@jonesday.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Case No. C 05-00037 JW<br>C 06-04457 JW<br><br>**REPLY IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION AND OBJECTION TO PLAINTIFFS' OPPOSITION** |
|---|---|

**Amended Proposed Brief Schedule**

Seeking to explain their refusal to file their opposition brief before October 12, plaintiffs assert that their lead counsel is busy starting October 2. But they offer no reason why they cannot file their opposition by October 2. That would be 18 days after their opposition brief was originally due on September 14 (before the hearing date was continued); and 42 days after Apple's motion was filed. That is more than sufficient time. It would also permit Apple to depose plaintiffs' expert and then to file its reply by October 19 as ordered by the Court. According to plaintiffs, their expert is unavailable from October 7 to 19. (Sweeny Decl. ¶ 17.)

Accordingly, Apple requests the Court to order plaintiffs to file their opposition on October 1 and to make their expert available for deposition on October 6. This schedule will

SFI-619667v1

REPLY RE ADMINISTRATIVE MOTION TO SET
BRIEFING SCHEDULE
C 05 00037 JW, C-06-04457 JW

provide plaintiffs sufficient time to file their opposition papers, and it will permit Apple to review those papers, depose plaintiffs' expert, and file its reply by October 19.

Alternatively, if plaintiffs file their opposition on October 12, Apple requests that the Court permit Apple to file its reply on October 26. This will allow Apple to depose plaintiffs' expert on October 19 when plaintiffs' expert is available for deposition. (Sweeny Decl. ¶ 17.) This will result in the completion of briefing two weeks before the November 9 hearing rather than three weeks as the Court ordered. (Doc. 258.) Plaintiffs do not oppose this modification. (Doc. 260 at 4:26-28.)

**Plaintiffs' Opposition To Apple's Decertification Motion Is Improper And Without Merit.**

Plaintiffs' attempt to sidestep the scheduling issue by arguing the merits of Apple's motion to decertify is improper and based on a false premise. As Apple showed in its motion (Dkt. 240, pp. 6-7), this Court has the broad discretion to revisit its class certification at any time, even without any changed circumstances. But if changed circumstances were required, the Court's ruling that the indirect purchasers' economist had failed to show a reliable, common method for proving injury and damages is more than ample reason to re-evaluate class certification in this case, in which plaintiffs' expert is relying on the same basic methodologies the Court rejected in the indirect purchaser case.

Plaintiffs are incorrect in blaming Apple for their expert's decision not to conduct the statistical analyses that he proposes. As shown by the e-mail exchange submitted by plaintiffs, the parties agreed that Apple would produce exemplar data because plaintiffs advised that their expert was not going to prepare a damage study and thus did not need data beyond the exemplar data provided. Just as Dr. French did in the indirect purchaser case, plaintiffs elected to have their expert make only "unspecified proposals as to how he might be able to prove damages" without "develop[ing] a model or work[ing] with any data in the context of this case." (Dkt. 80 (Somers), p. 12.) Their tactical decision does not excuse them from the requirements of Rule 23, any more than it did the indirect purchaser plaintiffs. And it certainly provides no basis for the current position that this Court lacks the power to decide Apple's motion to decertify or that

1  Apple should be denied a reasonable opportunity to depose their expert and prepare its reply
2  memorandum on that motion.
3       For the foregoing reasons, Apple requests that the Court adopt the schedule set forth in the
4  accompanying proposed order.

Dated: September 25, 2009         Respectfully submitted,

Jones Day

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant
APPLE INC.