COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@csgrr.com
bonnys@csgrr.com
tmerrick@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-JW(RS) |
| ) | **CLASS ACTION** |
| This Document Relates To: ) ) | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS |
| ALL ACTIONS. ) ) ) | |
| | Judge: Hon. James Ware<br>Date: November 23, 2009<br>Time: 9:00 a.m.<br>CTRM: 8-4th Floor |

**REDACTED**

# TABLE OF CONTENTS

Page

I. INTRODUCTION ..................................................................................................1

II. PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF IS NOT MOOT ..............2

III. PLAINTIFFS HAVE MET THEIR BURDEN TO SATISFY RULE 23'S REQUIREMENTS ..................................................................................................3

    A. Apple's Attack on Typicality Fails ...........................................................3

    B. Apple's Attack on Adequacy Fails ............................................................5

    C. Apple's Attack on Antitrust Injury Fails .................................................5

    D. Apple's Claim that "the Labels Made Me Do It" Is Irrelevant .............6

    E. Apple's Assertion that the Injunctive Relief Would Be an "Expensive Give-Away" Is Without Merit ...............................................7

    F. Apple's Argument that the Injunctive Relief Sought Is "More Akin" to Money Damages Similarly Fails ...............................................8

    G. Apple's Encryption of iTS Video Files Has Never Ceased ....................8

IV. CONCLUSION ......................................................................................................9

# TABLE OF AUTHORITIES

Page

**CASES**

*Amchem Prods., Inc. v. Windsor,*
 521 U.S. 591, 117 S. Ct. 2231 (1997) ..................................................................................4

*Bates v. UPS, Inc.,*
 511 F.3d 974 (9th Cir. 2007) ................................................................................................6

*Brewer v. Salyer,*
 No. CV F 06-1324 AWI DLB, 2009 WL 2019923
 (E.D. Cal. Jul. 8, 2009) ........................................................................................................2

*Cal. v. Am. Stores Co.,*
 495 U.S. 271, 110 S. Ct. 1853 (1990) ..................................................................................2

*Chimielseki v. City Prods. Corp.,*
 71 F.R.D. 118 (W.D. Mo. 1976) ..........................................................................................6

*Eisen v. Carlisle & Jacquelin,*
 391 F.2d 555 (2d Cir. 1968) .................................................................................................4

*Forbush v. J.C. Penny Co., Inc.,*
 994 F.2d 1101 (5th Cir. 1993) .............................................................................................2

*Hanlon v. Chrysler Corp.,*
 150 F.3d 1011 (9th Cir. 1998) .........................................................................................4, 6

*Image Tech. Servs., Inc. v. Eastman Kodak Co.,*
 125 F.3d 1195 (9th Cir. 1997) .............................................................................................4

*Image Tech. Servs., Inc. v. Eastman Kodak Co.,*
 903 F.2d 612 (9th Cir. 1990) ...............................................................................................7

*In re Mego Fin. Corp. Sec. Litig.,*
 213 F.3d 454 (9th Cir. 2000) ...............................................................................................4

*Moeller v. Taco Bell Corp.,*
 No. C 02-5849 MJJ, 2004 WL 5669683
 (N.D. Cal. Dec. 7, 2004) ......................................................................................................2

*Rodriguez v. Hayes,*
 578 F.3d 1032 (9th Cir. 2009) .........................................................................................3, 4

*Simpson v. Fireman's Fund Ins. Co.,*
 231 F.R.D. 391 (N.D. Cal. 2005) .........................................................................................6

*United States v. Paramount Pictures,*
 334 U.S. 131, 68 S. Ct. 915 (1948) ......................................................................................2

*Walters v. Reno,*
 145 F.3d 1032 (9th Cir. 1998) .............................................................................................6

Page

**RULES**

Federal Rules of Civil Procedure
    Rule 23 ......................................................................................................3, 4
    Rule 23(a).....................................................................................................1
    Rule 23(a)(3)................................................................................................4
    Rule 23(b)(2).........................................................................................*passim*
    Rule 23(b)(3)................................................................................................4
    Rule 23(c)(1)(C)..........................................................................................2

**SECONDARY AUTHORITIES**

5 James W. Moore, *Moore's Federal Practice*
    §23.25(2)(b)(iii) ..........................................................................................4

Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure*
    §1775 (3d ed. 2005) ....................................................................................5

## I. INTRODUCTION

Plaintiffs seek to modify the definition of the existing Rule 23(b)(2) injunctive relief Class to ensure that all consumers aggrieved by Apple's alleged anticompetitive conduct will benefit from Plaintiffs' efforts to require Apple's removal of FairPlay from all audio and video digital files sold through Apple's market dominant iTunes Music Store ("iTS") – encryption that prevents the playing of those files on portable players other than Apple's iPod. The currently defined injunctive Class is limited to direct purchasers of iPods from Apple ("iPod Purchasers"). However, Apple's "FairPlay" encryption also adversely affects iTS purchasers who have not purchased an iPod or who purchased their iPod from someone other than Apple (collectively, "iTS Purchasers"). Plaintiffs' Motion to Modify Injunctive Relief Class Definition to Include iTMS Purchasers ("Plaintiffs' Motion") succinctly demonstrated that each of the Rule 23(a) and 23(b)(2) requirements deemed by the Court satisfied with respect to the certified injunctive relief class of iPod Purchasers is equally satisfied with respect to iTS Purchasers.

Apple's opposition[1] is an exercise in distraction. Apple fails to show that including iTS Purchasers in the injunctive Class undermines numerosity, commonality, typicality or adequacy. Nor does Apple demonstrate that, should Plaintiffs prevail on the merits of their antitrust claims, injunctive relief requiring removal of the "FairPlay" lock-in at Apple's cost would be inappropriate or unwarranted as to iTS Purchasers. Instead, Apple makes a merits argument that the need for *any* injunctive relief has been mooted because Apple in April 2009 (many years into this litigation), stopped encrypting its iTS *audio* files with "FairPlay." Def's Opp. at 1. But, as discussed below and in Plaintiffs' Motion, injunctive relief remains necessary for all consumers saddled with "FairPlay" encrypted audio and video files purchased through iTS. Therefore, the Rule 23(b)(2) injunctive

---

[1] *See* Defendant's Opposition to Plaintiffs' Motion to Modify Injunctive Relief Class Definition to Include iTMS Purchasers ("Def's Opp.").

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY
INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-
JW(RS)                                                                    - 1 -

relief class definition certified by the Court should be modified to encompass both iTS Purchasers and iPod Purchasers.[2]

## II. PLAINTIFFS' CLAIM FOR INJUNCTIVE RELIEF IS NOT MOOT

As addressed at length in Plaintiffs' Response to the Court's July 17, 2009 Order as to Injunctive Relief Sought,[3] Apple's 2009 decision to cease encrypting newly sold iTS audio files with "FairPlay" does not moot the need for injunctive relief intended to remedy its past misconduct. The mission of devising an appropriate remedy "does not end with enjoining continuance of the unlawful restraints . . . . Its function includes undoing what the [unlawful conduct] achieved." *United States v. Paramount Pictures*, 334 U.S. 131, 171, 68 S. Ct. 915 (1948); *see also Cal. v. Am. Stores Co.*, 495 U.S. 271, 283, 110 S. Ct. 1853 (1990) (scope of relief available to private party under Clayton Act §16 is not limited to prohibitory injunctions). Here, Plaintiffs have consistently sought injunctive relief requiring Apple to remove the "FairPlay" encryption from previously sold iTS audio files (as well as from all video files, which Apple has never stopped encrypting). CC,[4] ¶58; Dkt. No. 165 at 9. Plaintiffs are not merely seeking protection against the possibility of Apple's **reinstituting** "FairPlay." Def's Opp. at 4 (misciting Plaintiffs' Motion at 5, wherein Plaintiffs in fact specifically contend that Apple "continues to charge [iTS] purchasers to remove ["Fairplay"] from earlier purchased audio files"). Appropriate injunctive relief is not limited to enjoining future conduct.

---

[2] Apple does not dispute the Court's authority to modify the class definition at this time. Rule 23(c)(1)(C) of the Federal Rules of Civil Procedure permits modification of a class certification order any time before final judgment. Fed. R. Civ. P. 23(c)(1)(C). The Court retains broad power to modify the definition of the class if it believes the definition is inadequate. *Moeller v. Taco Bell Corp.*, No. C 02-5849 MJJ, 2004 WL 5669683, at *1 (N.D. Cal. Dec. 7, 2004). Such modification may be initiated by either party or the Court to expand or limit the certified class as defined. *See, e.g., Brewer v. Salyer*, No. CV F 06-1324 AWI DLB, 2009 WL 2019923 (E.D. Cal. Jul. 8, 2009) (plaintiff seeking to modify certified class to include members within a broader date range); *see generally Forbush v. J.C. Penny Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1993) ("District courts retain substantial discretion in managing their cases and . . . may of course take measures, such as redefining the class and creating sub-classes, to resolve [] dispute[s] with fairness and efficiency.").

[3] *See* Dkt. No. 238

[4] *See* Consolidated Complaint for Violation of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition Law, Consumer Legal Remedies Act, and California Common Law of Monopolization ("CC").

In this regard, Apple concedes that it is currently charging iTS Purchasers 30 cents a song to *remove* the very "FairPlay" encryption that Apple unlawfully placed on the iTS audio files in the first place. *See* Def's Opp. at 10 (admitting that Apple charges 30 cents per file to replace the encrypted file with an unencrypted file). This concession illustrates both the continued need for *and* feasibility of the injunctive relief sought by Plaintiffs. It confirms in particular: (a) that "FairPlay" is such a significant constraint that Apple can charge nearly 30% of the original file price to remove it from previously purchased iTS music files; and (b) that Apple can do so virtually instantaneously and inexpensively (if not costlessly) by swapping the encrypted and unencrypted files. Plainly, Apple's removal of "FairPlay" from music files in 2009 does not moot the need for a Court order requiring the removal of "FairPlay" from all previously sold iTS files at no cost to Class members.

### III. PLAINTIFFS HAVE MET THEIR BURDEN TO SATISFY RULE 23'S REQUIREMENTS

Contrary to Apple's assertion, Plaintiffs have not "avoid[ed]" any requirement under Rule 23. Def's Opp. at 4. Plaintiffs' Motion demonstrated that each Rule 23 requirement is logically satisfied as to the iTS Purchasers by Plaintiffs' earlier showing with respect to the injunctive relief class of iPod Purchasers. Each argument by Apple against including iTS Purchasers in the injunctive relief class falls harmlessly off the mark.

#### A. Apple's Attack on Typicality Fails

Apple makes a specious argument that the named Plaintiffs are somehow not typical of the iTS Purchasers because the Plaintiffs also purchased an iPod directly from Apple. Def's Opp. at 5-6. That is a distinction without a difference. Typicality is "'"satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability."'" *Rodriguez v. Hayes*, 578 F.3d 1032, 1049 (9th Cir. 2009) (citations omitted). The claims asserted by Plaintiffs and iTS Purchasers certainly arises out of the *same course of alleged misconduct* (Apple's encryption of the audio and video files) and is unquestionably premised on the *same theory of liability* (violations of the Sherman Act). Plaintiffs and iTS Purchasers accordingly share a common alleged injury (encryption constraining choice in

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)
- 3 -

use of portable digital media players) that would be remedied by the same injunctive relief (elimination of Apple's anticompetitive restraint on interoperability at no cost to the purchaser).

The fact that some members of the class (*i.e.*, those who also purchased iPods) may be entitled to further, monetary relief as a part of the Rule 23(b)(3) class is certainly not unusual. *Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 125 F.3d 1195 (9th Cir. 1997) (awarding both injunctive ***and*** monetary relief for monopoly claims). Nor does it undermine the typicality analysis for purposes of the Rule 23(b)(2) class. All Class members here have a shared interest in obtaining equitable relief from Apple's "FairPlay" encryption, whether or not an additional monetary loss was also incurred by purchasing an overpriced iPod. *See In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462-63 (9th Cir. 2000) (allowing early purchasers to pursue equitable claims by "piggy back[ing]" on late purchasers' claims, which included monetary relief). Rule 23(a)(3)'s "permissive" standard for typicality requires only that the representative's claims be "reasonably co-extensive" with those of absent class members; they need not be "substantially identical.'" *Rodriguez*, 578 F.3d at 1049 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998)). The injunctive claim asserted by both iPod Purchasers and iTS Purchasers for removal of the "FairPlay" is "sufficiently cohesive" to warrant adjudication by representation under Rule 23. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623, 117 S. Ct. 2231 (1997).[5]

Apple argues that some iTS Purchasers may, for whatever reason, be content with the "FairPlay" encryption and not desire the injunctive relief sought by Plaintiffs. Def's Opp. at 6-7. This argument is consistently rejected as a bar to certification of an injunctive relief class under Rule 23(b)(2). *See* 5 James W. Moore, *Moore's Federal Practice* §23.25(2)(b)(iii) at 23-121–22 (Matthew Bender 3d ed.) ("a court will not refuse to certify a class solely because some of the class members prefer to leave their rights unremedied"); *see, e.g., Eisen v. Carlisle & Jacquelin*, 391 F.2d

---

[5] Apple's typicality argument is premised in part on the mistaken notion that iTS Purchasers and iPod Purchasers would somehow form two distinct injunctive classes. Def's Opp. at 5-6 (referring to a "proposed new class"). To the contrary, the existing class would be expanded to include iTS purchasers, and the only question is whether Plaintiffs are a typical and adequate representative for the single class as a whole. They are.

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-JW(RS)

- 4 -

555, 562 (2d Cir. 1968) (certifying class in antitrust action because "all members of the class including those who would otherwise prefer to abide by the status quo, will be helped if the rates are found to be excessive").

### B. Apple's Attack on Adequacy Fails

Apple suggests that Plaintiffs are not adequate representatives – not because of any substantial conflict going to the heart of their case against Apple, but because iTS Purchasers were not included in the proposed class definition when Plaintiffs initially moved for class certification. Def's Opp. at 2-3. Apple's suggestion that Plaintiffs' initial request to certify a class of iPod Purchasers was somehow "a recognition that . . . only those consumers who allegedly were forced to buy an iPod or otherwise paid an overcharge for an iPod were injured" is absurd. Def's Opp. at 3. Plaintiffs have throughout this litigation consistently asserted injury in the form of a "lock-in" that precludes the use of a portable player other than an iPod for direct playback of iTS files. CC, ¶¶21, 22, 42. Plaintiffs have *never* conceded that iTS Purchasers "were not injured." Def's Opp. at 3. To the contrary, iTS Purchasers were, like Plaintiffs, injured by Apple's allegedly unlawful anticompetitive conduct in deliberately rending the iTS audio and video files inoperable with portable players other than its own iPod. iTS Purchasers are being added to supplement, not to "salvage," the certified injunctive relief class.

### C. Apple's Attack on Antitrust Injury Fails

Apple concedes that it is currently charging purchasers 30 cents a file to remove the "FairPlay" encryption from previously purchased iTS music files, completely undermining its characterization of that constraint as merely "conjectural" and "hypothetical." Def's Opp. at 9. The constraint is real, and injunctive relief to remove it on behalf of a Rule 23(b)(2) class is entirely appropriate even if, as Apple speculates, there are some members of the proposed modified class who may never use a portable player because they have not already purchased an iPod. Def's Opp. at 9. The presence of some potentially unaffected class members is no ground to deny Rule 23(b)(2) certification. See 7AA Charles A. Wright, Arthur R. Miller, & Mary K. Kane, *Federal Practice and Procedure* §1775 at 50 (3d ed. 2005) ("All the class members need not be aggrieved by or desire to

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY
INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-
JW(RS)                                                                           - 5 -

challenge the defendant's conduct in order for some of them to seek relief under Rule 23(b)(2).") (citing, among other authorities, *Walters v. Reno*, 145 F.3d 1032, 1047 (9th Cir. 1998)); *see, e.g.*, *Hanlon*, 150 F.3d at 1020 (class seeking to obtain a defect-free rear liftgate included car owners whose latches remained operable); *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005) (plaintiff's action to enjoin defendant's policy of denying medical benefits to certain terminated employees certified under Rule 23(b)(2) on behalf of a class of both terminated and current employees, as all shared common interest in determining the validity of the company policy). There is, therefore, no need to identify and cull any supposedly "content" or "perfectly satisfied" member of the injunctive class who "doesn't want" the injunctive relief sought by Plaintiffs in order to certify the class under Rule 23(b)(2). Def's Opp. at 9-10.[6]

Apple seems to be demanding that Plaintiffs prove the standing of each iTS member of the injunctive relief class to secure antitrust relief – a requirement that does not exist under Rule 23(b)(2). *See Bates v. UPS, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (in class action where only liability and injunctive relief was sought, "standing is satisfied if at least one named plaintiff meets the requirements"); *Simpson v. Fireman's Fund Ins. Co.*, 231 F.R.D. 391, 396 (N.D. Cal. 2005) ("In a class action, the question of whether the plaintiff may be allowed to present claims on behalf of others does not depend on the standing of the absent class members, but on an assessment of typicality and adequacy of representation of the named plaintiff.").

### D. Apple's Claim that "the Labels Made Me Do It" Is Irrelevant

Apple persists in asking the Court to conclusively accept its factual defense that the music labels, not Apple, were the reason that Apple encrypted its iTS music files to render them inoperable with any make of portable player other than Apple's iPod. Def's Opp. at 4 ("Apple's use of DRM

---

[6] Apple cites *Chimielseki v. City Prods. Corp.*, 71 F.R.D. 118, 157 (W.D. Mo. 1976), for the proposition that "to certify a class under Rule 23(b)(2), all or substantially all of the class members must face that threat." Def's Opp. at 9. But that is precisely the situation here: all iTS Purchasers have by definition received "FairPlay" encrypted iTS audio or video files. The injury is the technological constraint – which exists independent of any given class member's desire to remedy that injury.

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY
INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-
JW(RS)                                                                                          - 6 -

was previously required by the record labels for Apple to sell music online."). However, as previously argued, DRM and interoperability are *not* mutually exclusive concepts. *See* Dkt. No. 165 at 14. The music labels in fact *supported* both DRM *and* interoperability. *See, e.g.*, Declaration of Thomas R. Merrick in Support of Plaintiffs' Reply Memorandum in Support of Their Motion to Modify Injunctive Relief Class Definition to Include iTMS Purchasers, filed concurrently, Ex. 1 **REDACTED**; *see* Dkt. No. 166, Ex. 15, Warner Music Group F1Q07 Earnings Call Feb. 8, 2007 available at http://seekingalpha.com/article/26496-warner-music-group-f1q07-qtr-end-12-31-06-earnings-call-transcript (Warner Music Group Chairman and CEO advocating label support for interoperability while preserving DRM). Ultimately, it is for the fact-finder to decide whether Apple used the labels' DRM requirement as a pretext to limit the buyer's choice in portable digital media player, through its "FairPlay" encryption installed with the real goal of precluding interoperability. *See Image Tech. Servs., Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 620 (9th Cir. 1990) (legitimacy of business justifications proffered for anticompetitive conduct presented triable issues of fact).

### E. Apple's Assertion that the Injunctive Relief Would Be an "Expensive Give-Away" Is Without Merit

Apple's assertion that the requested injunctive relief would not warrant the "enormous[] cost" of relief to Apple simply begs the equitable question to be resolved by the Court on the merits for the entire Rule 23(b)(2) class. Def's Opp. at 1 ("giving away DRM-free files to iTS customers would impose an enormous cost on Apple"); *but see* Dkt. No. 253 at 13-14. Apple offers no evidence of expense, nor has any discovery been conducted into this merits issue. If anything, Apple's concession that the "lock-in" can be remedied by simply swapping encrypted and unencrypted files supports Plaintiffs' contention that the injunctive relief they seek is in fact extremely inexpensive and highly cost-effective.

### F. Apple's Argument that the Injunctive Relief Sought Is "More Akin" to Money Damages Similarly Fails

Apple erroneously contends that at least part of the injunctive relief sought by Plaintiffs (removal of the "FairPlay" lock-in) is "essentially" a claim for money damages. Def's Opp. at 11; *but see* Dkt. No. 253 at 10-11. Again, to the contrary, Apple's concession that, for a price, it will swap encrypted for unencrypted iTS music files shows that effective relief is feasible by a means other than money damages.

### G. Apple's Encryption of iTS Video Files Has Never Ceased

None of Apple's mootness arguments apply to its continued sale of "FairPlay" encrypted iTS *video* files to restrict portable playback to Apple's own iPod. Instead, Apple unilaterally declares that "no basis exists to believe that any customer has sufficient video purchases to have become locked into buying iPods" – an utterly unsupported factual assertion that cannot be credited, especially prior to any substantive discovery, as a grounds to deny class certification. Def's Opp. at 11. Indeed, if anything, no basis exists to believe the opposite: that the purchaser of any number of video files would prefer that the video files *be encrypted* so as to foreclose choice in the selection of portable digital media players. As with iTS audio file purchasers, injury occurs upon purchase of the encrypted video file from iTS. Plaintiffs need not prove that every member of the proposed class who purchased the encrypted files desires relief from the constraint.

## IV. CONCLUSION

Plaintiffs have demonstrated that each requirement for certification of a class under Rule 23(b)(2) is no less satisfied for iTS Purchasers than for the existing class of iPod Purchasers. Plaintiffs' motion to modify the class definition to include iTS Purchasers therefore should be granted.

DATED: November 9, 2009

Respectfully submitted,

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK


       s/ Thomas R. Merrick
THOMAS R. MERRICK

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY
INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-
JW(RS) - 9 -

|  |  |
|---|---|
| 1 | |
| 2 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY<br>JACQUELINE SAILER |
| 3 | 275 Madison Avenue, Suite 801<br>New York, NY 10016 |
| 4 | Telephone: 212/682-1818<br>212/682-1892 (fax) |
| 5 | |
| 6 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 7 | 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: 310/201-9150 |
| 8 | 310/201-9160 (fax) |
| 9 | Additional Counsel for Plaintiffs |

S:\CasesSD\Apple Tying\BRF 00062823_Redacted.doc

PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF THEIR MOTION TO MODIFY
INJUNCTIVE RELIEF CLASS DEFINITION TO INCLUDE iTMS PURCHASERS - C-05-00037-
JW(RS)                                                                                                         - 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 9, 2009.

        s/ Thomas R. Merrick
        THOMAS R. MERRICK

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:tmerrick@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**

jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,proach@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`