1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  Michael Scott #255282
   michaelscott@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:     (415) 626-3939
6  Facsimile:     (415) 875-5700

7  Attorneys for Defendant
   APPLE INC.
8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11                          SAN JOSE DIVISION

12

13  **THE APPLE iPod tunes ANTI-TRUST**    Case No.  C 05-00037 JW
    **LITIGATION**                                   C 06-04457 JW
14

15
                                            **DECLARATION OF DAVID C. KIERNAN**
16                                          **IN SUPPORT OF  REPLY ON MOTION**
                                            **FOR DECERTIFICATION OF RULE**
17                                          **23(B)(3) CLASS**

18

19

20
        I, David C. Kiernan, declare as follows:
21
        1.     I am one of the counsel of record for defendant Apple Inc. in this action.  I have
22
   personal knowledge of the facts set forth herein and, if called as a witness, I could and would
23
   testify competently thereto.
24
        2.     To my knowledge and from a review of our files, the brief filed by plaintiffs on
25
   September 23, 2009 (Doc. 260) was the first time that plaintiffs have suggested that they wanted
26
   or needed anything more from Apple to give Dr. Noll for purposes of their motion for class
27
   certification.
28

SFI-623206v1                                                          Kiernan Declaration
                                                                      C 05 00037 JEW, C 06-04457 JW

3. In an October 13, 2009 letter, plaintiffs' counsel stated that "Apple [had] refused to produce" documents that Dr. Noll needed "to provide a damages analysis." Even then, plaintiffs did not contend that Dr. Noll actually intended to conduct a damages analysis at this time regardless of how much data he might have. In response, on October 16, 2009, I asked plaintiffs' counsel, Thomas Merrick, to identify the specific information plaintiffs needed for Dr. Noll and the specific document requests to which it was responsive. On October 21, 2009, I sent another letter to Mr. Merrick asking him "to identify what information [plaintiffs] seek for Dr. Noll and the specific document requests they are responsive to." Mr. Merrick's response to the first letter was non-specific, and I have not received a response to my follow-up letter.

4. Plaintiffs have not asked for most of the information that Dr. Noll now claims that he would need to conduct his analyses. Dr. Noll testified at deposition that he needs, among other things, wholesale transaction data, model specific incremental costs, technical specifications of iPods, and Apple's pricing strategy. Deposition of Roger Noll, taken in this matter on October 27, 2009 ("Noll Dep. II") 13:6-25, 15:15-22, 18:10-15, 26:25, 31:24-32:4, 33:20-37:23, 139:7-19 (attached as Ex. 1). Plaintiffs have not asked for this information. (Plaintiffs' Amended Requests For Production attached as Ex. 2.)

5. With respect to wholesale transaction data, Dr. Noll clarified that he needs data for each individual sales transaction. Ex. 1, 34:19-37:23; *see also id.* 13:6-25, 18:10-15. Plaintiffs have not asked for individual transaction data. Instead, they asked for sales information only on a quarterly basis, which Apple has produced.

6. Plaintiffs' other accusations about discovery are inaccurate. The timing of Apple's production has been due to the scope of Plaintiffs' discovery requests. Plaintiffs served discovery that was overbroad, burdensome, and sought information that was not relevant to the claims and defenses in this case. For example, plaintiffs requested all documents related to every single software update to iPod or iTunes regardless of whether those updates had any bearing on plaintiffs' claims. After providing Plaintiffs with a sample of updates and meeting and conferring several times, the parties were able to reach agreement on the scope of that discovery.

7. Apple has provided plaintiffs with a list of the custodians most likely to possess

1 the documents that plaintiffs seek along with suggested search terms to identify potentially responsive documents. Over the past few months, the parties have negotiated the scope of that list. Nevertheless, the search terms are highly overinclusive. Indeed, only about 10% of the documents that included the search terms are responsive to plaintiffs' requests. Currently, fifteen attorneys are reviewing Apple documents for responsiveness, privilege, and production.

8. Apple has produced most of the documents that were the subject of plaintiffs' motion to compel. On September 29, 2009, Apple produced "[f]ull copies of the spreadsheets for which excerpts were produced to Somtai Troy Charoensak and marked APPLE CHAR 00059 through APPLE CHAR 00066," and on October 8, 2009, Apple produced "[a]ll Documents necessary to allow the calculation for each quarter since the introduction of the iPod for each model that iPod [sic] has sold, the number of iPods that have been purchased, Apple's total revenue from the sale of each iPod model and Apple's Cost of Manufacturing and cost of sale for each iPod model." Apple did not provide "cost of sales" on the ground that the term was vague and ambiguous.

9. Attached hereto as Exhibit 1 is a true and correct copy of transcript excerpts of the deposition of Roger Noll, taken in this matter on October 27, 2009 ("Noll Dep. II").

10. Attached hereto as Exhibit 2 is a true and correct copy of Plaintiffs' Amended First Set of Requests for Production of Documents to Defendant Apple, Inc.

11. Attached hereto as Exhibit 3 is a true and correct copy of transcript excerpts of the deposition of Roger Noll, taken in this matter on September 19, 2008.

12. Attached hereto as Exhibit 4 is a true and correct copy of transcript excerpts of the deposition of Michelle Burtis, taken in this matter on September 30, 2009.

13. Attached hereto as Exhibit 5 is a true and correct copy of the Declaration of Roger G. Noll in *In re Flash Memory Antitrust Litigation*, No. C07-0086 SBA (N.D. Cal.), dated July 21, 2009.

14. Attached hereto as Exhibit 6 is a true and correct copy of "MP3 Flash Memory Demand Soars Past Expectations," printed from http://www.instat.com/rh/mm/fm9907 ta_summary.htm on November 8, 2009.

1   15.   Attached hereto as Exhibit 7 is a true and correct copy of a report summary of "Worldwide PMP/MP3 Player Shipments Plateau as Market Succumbs to Competition From Emerging Connected Device Segments," printed from http://www.instat.com/mp/09/IN0904511ID_Mktg_Pkt.pdf on November 8, 2009.

16.   Attached hereto as Exhibit 8 is a true and correct copy of an excerpt from Steven Levy, The Perfect Thing (Simon & Schuster 2006).

17.   Attached hereto as Exhibit 9 is a true and correct copy of Eric M. Olson et al., *Stay Cool*, Marketing Management Vol. 14, No. 5, p. 14 (2005).

18.   Attached hereto as Exhibit 10 is a true and correct copy of Alexander E. Reppel et al., *The iPod Phenomenon*, 9/16/07 Journal of Product and Brand Management 4239 (2007).

19.   Attached hereto as Exhibit 11 is a true and correct copy of Henry Norr, *Apple's iPod has its charms*, SFGate.com, Oct. 29, 2001.

20.   Attached hereto as Exhibit 12 is a true and correct copy of Jason Dedrick et al., Who profits from innovation in global value chains?, Industrial and Corporate Change 1 (Oxford Univ. Press 2009).

21.   Attached hereto as Exhibit 13 is a true and correct copy of the Reply Declaration of Roger G. Noll in *In re Flash Memory Antitrust Litigation*, No. C07-0086 SBA (N.D. Cal.), dated September 22, 2009.

Dated: November 9, 2009

Respectfully submitted,

Jones Day

By: /s/ David C. Kiernan
    David C. Kiernan

Counsel for Defendant
APPLE INC.

SFI-623206v1

- 4 -

Kiernan Declaration
C 05 00037 JW, C 06-04457 JW