COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@csgrr.com
bonnys@csgrr.com
tmerrick@csgrr.com
proach@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) <br><br> CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | DECLARATION OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL FURTHER RESPONSE FROM DEFENDANT APPLE, INC. <br><br> Judge: Magistrate Richard Seeborg <br> Date:  February 10, 2010 <br> Time:  9:30 a.m. <br> Ctrm:  4 – 5th Floor |

**REDACTED**

I, PAULA M. ROACH, hereby declare as follows:

1. I am an attorney licensed to practice before all of the state and federal courts of the State of California. I am an associate at the law firm Coughlin Stoia Geller Rudman & Robbins, LLP, one of the counsel of record for Plaintiffs in the above-entitled action. I have personal knowledge of the matters stated herein and, if called upon, I could and would competently testify thereto.

2. Prior to consolidation, in early 2006, Plaintiffs Somtai Charoensak and Mariana Rosen propounded their first set of requests for production of documents and first set of interrogatories on Apple. In response, Apple objected that the requests were beyond the scope of class certification. Accordingly, Apple only produced terms of sale agreements, redacted iTunes Store ("iTS") profits and loss statements and iPod sales spreadsheets.

3. Similarly, on January 18, 2007, Plaintiff Melanie Tucker propounded her first set of requests for production of documents, first set of requests for admissions, and first set of interrogatories. Apple also objected to these requests, contending that Plaintiff Tucker should be limited to class certification discovery.

4. Following the Court's August 21, 2007 ruling limiting discovery, Plaintiffs narrowed their discovery requests and continued to meet and confer with Apple. Apple again refused to provide responsive information, claiming that the information was merits based and not "class" related. *See* Exs. 1-3, attached hereto.

5. Accordingly, Apple produced a limited universe of documents prior to class certification in the consolidated action including, customer complaints through the middle of 2007, documents previously produced in related litigation, organizational charts, and three exemplars of financial data. The majority of Apple's production consisted of customer complaints, totaling over 83,000 pages.

6. After certification, Plaintiffs served a Rule 30(b)(6) deposition notice with document requests on April 9, 2009, concerning software updates. Ex. 7, attached hereto.

DECLARATION OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
FURTHER RESPONSE FROM DEFENDANT APPLE, INC - C-05-00037-JW(RS)                - 1 -

7. On May 6, 2009, the parties met and conferred concerning the 30(b)(6) requests. Apple proposed producing a summary list of software updates to assist Plaintiffs in narrowing their requests. Plaintiffs agreed to this proposal.

8. Plaintiffs served their amended first set of requests for production ("Amended Document Requests"), amended first set of interrogatories ("Amended Interrogatories"), and amended first set of requests for admission ("Amended RFAs") (collectively, "Amended Discovery Requests") on May 22, 2009. Exs. 8-10, attached hereto.

9. On May 27, 2009, Apple produced a ███████████████████████. Ex. 11, attached hereto. Apple's counsel attached a cover letter to the summary list explaining the purpose of the list as intended to assist Plaintiffs in narrowing their 30(b)(6) requests. *See id.*

10. On June 18, 2009, Plaintiffs met and conferred with Apple explaining that the summary list of software updates was useless. *See* Ex. 35, attached hereto. Instead of relying on the list, Plaintiffs proposed Apple produce documents responsive to particular requests. *Id.*

11. The parties met and conferred on July 2, 2009 and Apple's counsel, David Kiernan, stated that he was meeting with his client to find out what type of responsive information was available.

12. On July 8, 2009, the parties met and conferred telephonically once again concerning the 30(b)(6) requests. During that call, Apple stated that unless an Apple employee could be located with knowledge of the relevant software updates, the parties would have to agree on search terms and custodians for document production. Apple agreed to make an initial proposal of terms and custodians.

13. Apple also stated that it would provide Plaintiffs an update on the relevant software updates on July 13, 2009. On July 9, 2009, Apple's counsel, David Kiernan, called Plaintiffs' counsel and stated that he would call on July 14, 2009, with an update. Mr. Kiernan never called with an update.

14. On July 20, 2009, Mr. Kiernan stated again that he would call the next day with an update on the relevant software updates. He once again never called.

DECLARATION OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
FURTHER RESPONSE FROM DEFENDANT APPLE, INC - C-05-00037-JW(RS)                - 2 -

15. After several extensions by Plaintiffs, Apple served its responses and objections to Plaintiffs' Amended Document Requests on July 20, 2009. *See* Ex. 21, attached hereto. Apple served its responses and objections to the Amended Interrogatories on July 21, 2009. *See* Ex. 22, attached hereto. Apple served its responses and objections to the Amended RFAs on July 24, 2009. *See* Ex. 23, attached hereto.

16. On July 31, 2009, the parties met and conferred again concerning the 30(b)(6) requests. *See* Ex. 13, attached hereto. The parties agreed Apple would produce documents concerning: (1) software updates that affected competitors' attempts to achieve interoperability; and (2) "hacks." *See id.* Apple also agreed to produce documents "sufficient to identify the software updates referred to in categories (1) and (2)." Ex. 14, attached hereto. Apple promised to propose search terms and custodians by the end of August 2009. Apple's counsel also stated that Apple was willing to produce responsive information to Interrogatories 1-3 once it could determine how information was kept.

17. Plaintiffs responded by letter to Apple's responses and objections to the Amended Discovery Requests on August 10, 2009. *See* Ex. 24, attached hereto. Plaintiffs clarified the scope of their requests and sought additional information on Apple's objections, including facts in support of its burden claims. *See id.*

18. On August 12, 2009, Apple proposed a list of custodians and search terms for the 30(b)(6) document production. *See* Ex. 14, attached hereto. Apple stated that it would run the proposed search terms "against ESI created, modified, sent, or received on or after April 1, 2002 through the date of collections of the custodians' data, which occurred in 2007." *Id.*

19. On April 13, 2009, Plaintiffs met and conferred telephonically with Apple to confirm that Apple would search for and produce responsive documents beyond 2007.

20. On August 20, 2009, the parties met and conferred telephonically concerning the 30(b)(6) documents requests and the Amended Discovery Requests. Apple's counsel stated that he would propose a list of custodians and search terms for the Amended Documents Requests by August 27, 2009 and would produce responsive documents to the 30(b)(6) requests at the end of August or early September. *See* Ex. 25, attached hereto. Apple's counsel also stated that Apple was

DECLARATION OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
FURTHER RESPONSE FROM DEFENDANT APPLE, INC - C-05-00037-JW(RS)     - 3 -

willing to produce responsive information to Interrogatory Nos. 1-3 once it could determine how information was kept. ████████████████████████████████████████████████████████████████████

21. On August 27, 2009, Apple's counsel, Mr. Kiernan, revised his originally proposed search terms for the 30(b)(6) document production. *See* Ex. 15, attached hereto. Mr. Kiernan justified the revision by stating that the original terms "brought back approximately 50-75 boxes of documents" and the more narrowed terms "brought back a more manageable number of approximately 15-20 boxes of documents." Ex. 15, attached hereto. Mr. Kiernan also emailed Plaintiffs to inform them that he would propose a list of custodians and keywords for the Amended Document Requests by September 2 or 3. *See* Ex. 26, attached hereto.

22. Plaintiffs immediately responded on September 1, 2009, and expressed concern with Apple's arbitrary limit of search terms. *See* Ex. 16, attached hereto. Plaintiffs also proposed additional search terms based on public information concerning software updates that affected competitors. *Id.*

23. On September 1, 2009, Plaintiffs followed up on several outstanding discovery requests by letter including whether Apple's production of supplemental customer complaints, its response to Interrogatory No. 5 and its proposal of search terms and custodians for the Amended Document Requests. *See* Ex. 16, attached hereto.

24. Again, on September 9, 2009, Apple's counsel, Mr. Kiernan, called Plaintiffs' counsel and stated that Apple would not meet its previously promised date of production for the 30(b)(6) request of early September. Mr. Kiernan stated that because of heavy briefing in the case and "a snafu with the document review tool" it would not begin rolling production for the 30(b)(6) requests until the end of September. *See* Ex. 17, attached hereto. Mr. Kiernan also stated that he would propose search terms and custodians for the Amended Document Requests by September 15 instead of the originally promised date of September 2 or 3.

25. On September 22, 2009, Plaintiffs wrote Apple again and requested immediate response to the 30(b)(6) requests and Amended Document Requests. *See* Ex. 17, attached hereto.

Apple responded by letter on September 25, 2009, stating that it was not the cause of delay in production. *See* Ex. 27, attached hereto. Apple also provided a list of search terms and custodians for the Amended Document Requests, produced updated organizational charts, and promised to produce responses to several outstanding discovery requests. *See id.*

26. The parties met and conferred telephonically on October 2, 2009, concerning the Amended Discovery Requests. During the call, Apple stated that it was still analyzing whether supplemental customer complaints would be produced and what type of information could be produced in response to Interrogatories 1-3.

27. On October 13, 2009, Plaintiffs followed up with Apple by letter and again requested immediate response to the Amended Document Requests. *See* Ex. 28, attached hereto.

28. Apple produced an installment of documents on October 15, 2009. This production consisted of 35 unique documents.

29. On October 21, 2009, Apple wrote Plaintiffs and stated that it would produce a second installment of documents in the next few days and would continue to produce documents on a rolling basis. *See* Ex. 29, attached hereto. Apple also stated that it was "in the process of supplementing responses to Interrogatories 1-3. *See id.*

30. Again, on October 22, 2009, Apple produced a second round of documents consisting of 132 unique documents. Both productions were primarily responsive to Plaintiffs' 30(b)(6) document requests.

31. On October 28, 2009, Plaintiffs wrote Apple and requested, *inter alia*, an immediate response to Interrogatories 1-3. *See* Ex. 30, attached hereto.

32. Apple produced a third installment of document on November 5. In total, 80 unique documents were produced, the vast majority of which were responsive to the 30(b)(6) requests only.

33. On November 11, 2009, Apple responded to Plaintiffs' October 28 letter and stated that it had "fifteen lawyers reviewing documents for responsiveness and privilege and have started producing documents on a rolling basis." *See* Ex. 31, attached hereto. Apple again stated that it was investigating the costs of producing supplemental customer complaints and that it continues to work on obtaining information responsive to Interrogatories 1-3. *See id.*

34. Plaintiffs wrote Apple again on November 25, 2009, to seek an update on production. *See* Ex. 18, attached hereto.

35. Apple made two more installments of documents on December 7 and 18, 2009, responsive to the 30(b)(6) requests. The December 7 production included 125 unique documents and the December 18 production included 93 unique documents.

36. On December 14, Apple responded to Plaintiffs' November 25 letter. Apple stated that it had collected documents in 2007 and is in the process of updating them.

37. To date, Plaintiffs have received, at most, 465 unique documents, all of which are emails and email attachments. Additionally, in response to Plaintiffs' Amended Document Requests, Apple has produced 20 pages of updated organizational charts, five pages of revenue and sales charts previously produced in redacted form, six pages of sales spreadsheets, and an extremely limited number of documents concerning markets and licensing of FairPlay.

38. Attached are true and correct copies of the following exhibits:

| | |
|---|---|
| Exhibit 1 | Plaintiff Melanie Tucker's First Set of Requests for Production of Documents to Defendant Apple, Inc., dated January 18, 2007; |
| Exhibit 2 | Plaintiff Melanie Tucker's First Set of Requests for Admission to Defendant Apple, Inc., dated January 18, 2007; |
| Exhibit 3 | Plaintiff Melanie Tucker's First Set of Interrogatories to Defendant Apple, Inc., dated January 18, 2007; |
| Exhibit 4 | Defendant's Objections to Plaintiff Melanie Tucker's First Set of Requests for Production to Defendant Apple, Inc., dated February 23, 2007; |
| Exhibit 5 | Defendant's Objections to Plaintiff Melanie Tucker's First Set of Requests for Admission to Defendant Apple, Inc., dated February 23, 2007; |
| Exhibit 6 | Defendant's Objections to Plaintiff Melanie Tucker's First Set of Interrogatories to Defendant Apple, Inc., dated February 23, 2007; |
| Exhibit 7 | Plaintiffs' Rule 30(b)(6) Notice of Videotaped Deposition and Rule 34 Request for Documents to Defendant Apple, Inc. Regarding Software Updates, dated April 9, 2009; |
| Exhibit 8 | Plaintiffs' Amended First Set of Requests for Production of Documents to Defendant Apple, Inc., dated May 22, 2009; |
| Exhibit 9 | Plaintiffs' Amended First Set of Interrogatories to Defendant |

|  |  |
|---|---|
|  | Apple, Inc., dated May 22, 2009; |
| Exhibit 10 | Plaintiffs' Amended First Set of Requests for Admission to Defendant Apple, Inc., dated May 22, 2009; |
| Exhibit 11 | Letter from Mittestaedt to Sweeney, dated May 27, 2009 **(redacted)**; |
| Exhibit 12 | Email from Merrick to Kiernan, dated July 20, 2009; |
| Exhibit 13 | Email from Kiernan to Roach, dated August 3, 2009; |
| Exhibit 14 | Email from Kiernan to Merrick, dated August 12, 2009; |
| Exhibit 15 | Email from Kiernan to Merrick and Roach, dated August 27, 2009; |
| Exhibit 16 | Letter from Merrick to Kiernan, dated September 1, 2009; |
| Exhibit 17 | Letter from Merrick to Kiernan, dated September 22, 2009; |
| Exhibit 18 | Letter from Roach to Kiernan, dated November 25, 2009 **(redacted)**; |
| Exhibit 19 | Email from Scott to Roach, dated December 2, 2009; |
| Exhibit 20 | Letter from Kiernan to Roach, dated December 14, 2009; |
| Exhibit 21 | Defendant Apple Inc.'s Response to Plaintiffs' Amended First Set of Requests for Production of Documents, dated July 20, 2009; |
| Exhibit 22 | Defendant Apple Inc.'s Objections and Answers to Plaintiffs' Amended First Set of Interrogatories, dated July 21, 2009 **(redacted)**; |
| Exhibit 23 | Defendant Apple Inc.'s Objections and Responses to Plaintiffs' Amended First Set of Requests for Admission, dated July 24, 2009 **(redacted)**; |
| Exhibit 24 | Letter from Merrick to Kiernan, dated August 10, 2009 **(redacted)**; |
| Exhibit 25 | Letter from Merrick to Kiernan, dated August 24, 2009; |
| Exhibit 26 | Email from Kiernan to Merrick and Roach, dated August 27, 2009; |
| Exhibit 27 | Letter from Kiernan to Merrick, dated September 25, 2009 **(redacted)**; |
| Exhibit 28 | Letter from Merrick to Kiernan, dated October 13, 2009; |
| Exhibit 29 | Letter from Kiernan to Merrick, dated October 21, 2009; |
| Exhibit 30 | Letter from Merrick to Kiernan, dated October 28, 2009 **(redacted)**; |
| Exhibit 31 | Letter from Kiernan to Merrick, dated November 11, 2009; |

DECLARATION OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL
FURTHER RESPONSE FROM DEFENDANT APPLE, INC - C-05-00037-JW(RS)                    - 7 -

| | | |
|---|---|---|
| 1 | Exhibit 32 | Letter from Strong to Weston, dated August 28, 2007; |
| 2 | Exhibit 33 | Letter from Strong to Weston, dated September 26, 2007; |
| 3 | Exhibit 34 | Relevant Excerpts from the Hearing Transcript, dated November 23, 2009; and |
| 4-5 | Exhibit 35 | Letter from Merrick to Mittlestaedt, dated June 18, 2009 **(redacted)**. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 5th day of January, 2010, at San Diego, California.

                                                   s/ Paula M. Roach
                                                   PAULA M. ROACH

S:\CasesSD\Apple Tying\secy\DEC 00063877_redacted.doc

# CERTIFICATE OF SERVICE

I hereby certify that on January 5, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 5, 2010.

    s/ PAULA M. ROACH
    PAULA M. ROACH

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)
E-mail: proach@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@csgrr.com

- **Elaine A. Ryan**

eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,proach@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`