Robert A. Mittelstaedt #060359
Craig E. Stewart #129530
Michael Scott #255282
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700
ramittelstaedt@jonesday.com
cestewart@jonesday.com
michaelscott@jonesday.com

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | **Case No.   C 05-00037 JW (HRL)**<br>**C 06-04457 JW (HRL)**<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE HEARING ON PLAINTIFFS' MOTION TO COMPEL** |

Having dismissed the tying claims that were the core of the complaint, this Court has requested plaintiffs to file an amended complaint so that it may determine if plaintiffs can state a basis for a monopoly claim independent of the dismissed tying claims. Plaintiffs' amended complaint is due January 25, to which Apple intends to file a dispositive motion. A case management conference will be held on February 22 to discuss whether any further discovery is appropriate in light of the Court's order and dispositive motions.

In conflict with the Court's approach, plaintiffs have now moved to compel the production of information in response to document requests and interrogatories based on the original complaint, the crux of which has now been dismissed. That motion is set for hearing six days before the February 22 case management conference.

Admin. Mot. To Continue Hearing
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

Dockets.Justia.com

Apple submits that the more efficient schedule is to defer the hearing on the motion to compel until the district court determines the sufficiency of the anticipated, pared-back amended complaint or at least until the February 22 case management conference is held and the district court determines what further discovery, if any, is appropriate and the schedule for any such discovery.

## BACKGROUND

### Dismissal of plaintiffs' tying claim

As the district court has summarized:

> The gravamen of the Complaint is that Apple has created a DRM-mediated link between iTunes music and iPods which allows iPod owners to play back their iTunes music purchases with fewer intermediate steps than required for consumers who own a digital music player manufactured by one of Apple's competitors, and that Apple refuses to license the DRM technology to its competitors.

Dkt. 274, pp. 3-4.

Based on this central allegation, plaintiffs asserted claims for illegal tying under section 1 of the Sherman Act and monopolization and attempted monopolization under section 2 of the Sherman Act. As the district court observed, plaintiffs are "realleging as a section 2 claim" the same asserted technological tie they asserted as the basis for their section 1 tying claim. Dkt. No. 302 (11/23/09 Tr.), p. 11.

On May 15, 2009, the district court dismissed the *per se* tying theory. Dkt. 213. On October 30, 2009, the district court dismissed the rule of reason tying theory, which eliminated the tying claim altogether. Dkt. 274. The district court held that plaintiffs' tying claim "is not viable" because the only alleged restraint is the "technological relationship between iTunes and iPod." The district court concluded: "The increased convenience of using the two products together due to technological compatibility does not constitute anticompetitive conduct under either *per se* or rule of reason analysis." Dkt. 274, pp. 9-10 (citing *Foremost Pro Color, Inc. v. Eastman Kodak Co.*, 703 F.2d 534 (9th Cir. 1983)).

**Order That Plaintiffs File An Amended Complaint**

In light of these rulings, the district court *sua sponte* took up the question whether plaintiffs have "state[d] a basis for a monopoly claim independent from the tying claims." Dkt. 303, p. 7. Observing that it had ruled that the alleged initial technological relationships between Apple's products are not anticompetitive, the district court directed plaintiffs to amend their complaint to "clarify what actions they allege Apple took to maintain monopoly power beyond" those relationships. *Id.* at 2. The district court instructed that the amended complaint must "not depend upon allegations of tying as the anticompetitive conduct [supporting the] monopoly claims." *Id.* at 11. Plaintiffs are to file the amended complaint by January 25. If plaintiffs do not file an amended complaint, the district court directed Apple to file by February 1 a motion for judgment on the pleadings. If plaintiffs file an amended complaint, the district court did not specify a date by which a dispositive motion must be filed, thereby leaving that issue to the relevant rules of civil procedure.

Finally, the district court set a case management conference for February 22 and ordered the parties to submit a joint case management statement that "shall include, among other things, the parties' proposed schedule for any further discovery in light of this Order and any further dispositive motions." *Id.* at 12.

**Plaintiffs' Motion to Compel**

Disregarding this Order, plaintiffs have filed a motion seeking to compel Apple to respond within thirty days to all of plaintiffs' previously served discovery requests. All of the requests at issue were served in April and May 2009 based on the allegations of plaintiffs' original consolidated complaint filed in 2007, which included the now-dismissed tying allegations that the district court has held cannot be used as the basis for a monopolization claim.

Believing that it is premature to be determining the scope and timing of further discovery while the threshold sufficiency of plaintiffs' allegations is still at issue, Apple asked plaintiffs to continue the hearing on their motion until after plaintiffs have filed their amended complaint. Declaration of David C. Kiernan ¶ 2. Plaintiffs refused Apple's request. Kiernan Decl. ¶ 2.

**ARGUMENT**

This motion is limited to whether the motion to compel should be deferred until plaintiffs amend their complaint and the Court holds the February 22 CMC to determine what, if any, further discovery is warranted. It makes little sense for the Magistrate Judge to hear a motion to compel responses to discovery requests that are based on the mostly dismissed original complaint, and to do so one week before the CMC. At that CMC, Apple intends to argue that discovery should be stayed pending determination whether the amended complaint is sufficient or, at a minimum, that it should be limited to anything needed by plaintiffs to respond to defendants' anticipated dispositive motion.

If the district court agrees that a stay is appropriate given its recent orders and the questions those orders raise as to the scope and viability of plaintiffs' remaining claims, the present motion to compel will be moot. Indeed, any time expended in briefing or considering the motion will have been wasted, as the scope and timing of any discovery will depend on which, if any, portion of plaintiffs' amended complaint survives Apple's motion – which will not be known until the district court rules on that motion.

Moreover, plaintiffs will not be prejudiced by a continuance. The hearing is currently set for February 16. If the district court concludes at the February 22 CMC that discovery should go forward, plaintiffs' motion to compel can be rescheduled and resolved without causing any significant delay. A short postponement will not cause plaintiffs any injury, even on the erroneous assumption that their motion to compel has any merit.[1]

In refusing to agree to the requested continuance, plaintiffs did not point to any prejudice. Instead, they asserted that a continuance is unnecessary because their "core allegations will not

---

[1] In fact, the motion to compel has no merit. Plaintiffs failed to meet and confer about the motion before filing it. And contrary to plaintiffs' accusations, Apple has not "refused" to produce the requested information. Aside from one interrogatory and the customer complaints to which Apple has objected and offered to meet and confer, Apple has been producing at great expense information that is the subject of the motion to compel. Indeed, Apple has had fifteen attorneys reviewing documents for responsiveness, privilege, and production. The timing of Apple's production is a result of the broad scope of the requests, the ongoing meet and confer process to limit that scope, the necessary time to obtain information and review it for responsiveness and privilege, and time expended on the extensive briefing in this case. Kiernan Decl. ¶¶ 3-8.

1  change" when they file their amended complaint. That assertion assumes, however, that those
2  "core allegations" are sufficient to state a claim and will withstand Apple's dispositive motion.
3  Given the district court's recent rulings dismissing most of plaintiffs' claim, and raising at least a
4  question regarding the rest, the validity of plaintiffs' claims may not simply be assumed.
5  Moreover, plaintiffs' assertion that their claims will survive is, at best, an argument against
6  Apple's anticipated stay request. It is not a reason for denying the short continuance of the
7  motion to compel to permit the stay issue to be resolved.

For these reasons, Apple requests that the Court continue the hearing on the motion to compel at least until resolution by the district court of Apple's request that discovery be stayed.

Dated: January 15, 2010

Respectfully submitted,

By: /s/ Robert A. Mittelstaedt
Robert A. Mittelstaedt

Counsel for Defendant
APPLE INC.

SFI-627894v2