"The Apple iPod iTunes Anti-Trust Litigation" Doc. 311

| | |
|---|---|
| 1 | Robert A. Mittelstaedt  #60359 |
|   | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart  #129530 |
|   | cestewart@jonesday.com |
| 3 | Michael Scott #255282 |
|   | michaelscott@jonesday.com |
| 4 | JONES DAY |
|   | 555 California Street, 26th Floor |
| 5 | San Francisco, CA  94104 |
|   | Telephone:     (415) 626-3939 |
| 6 | Facsimile:      (415) 875-5700 |
| 7 | Attorneys for Defendant |
|   | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPod tunes ANTI-TRUST LITIGATION** | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF DAVID C. KIERNAN IN SUPPORT OF APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE HEARING ON PLAINTIFFS' MOTION TO COMPEL** |

I, David C. Kiernan, declare as follows:

1.  I am one of the counsel of record for defendant Apple Inc. in this action.  I have personal knowledge of the facts set forth herein and, if called as a witness, I could and would testify competently thereto.

2.  On January 25 and 26, I left voice mail messages for Tom Merrick, counsel for plaintiffs.  After not hearing from him, I sent him an e-mail asking plaintiffs to continue the hearing on their motion until after plaintiffs have filed their amended complaint.  (*See* Ex. A attached.)  On January 13, plaintiffs refused Apple's request.  (*See* Ex. B attached.)

SFI-627902v1

Kiernan Declaration
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

1       3.      Plaintiffs failed to meet and confer about their motion to compel.  Indeed, Apple
2  had no warning that plaintiffs intended to file the motion.  Over the last few months, the parties
3  have met and conferred over the scope of discovery as issues arose.  Plaintiffs never stated to
4  Apple that they would seek court intervention if Apple was unable to produce a category of
5  information by a certain date.  Indeed, plaintiffs' last correspondence to Apple simply requested
6  further clarification regarding what documents were being searched and responses regarding
7  certain custodians.  (See Ex. 18 to Roach Decl.)
8       4.      Contrary to plaintiffs' accusations, Apple has not "refused" to produce the
9  requested information.  Aside from Interrogatory No. 5 and Document Request No. 24 relating to
10 customer complaints to which Apple has objected and as to which it has offered to meet and
11 confer, Apple has been in the process of producing at great expense information that is the subject
12 of the motion to compel.  The timing of Apple's production is a result of the broad scope of the
13 requests, the ongoing meet and confer process to limit that scope, the necessary time to obtain
14 information and review it for responsiveness and privilege, and time expended on the extensive
15 briefing in this case.
16      5.      Plaintiffs served discovery that was overbroad, burdensome, and sought
17 information that was not relevant to the claims and defenses in this case.  For example, plaintiffs'
18 document requests attached to a deposition notice asked for all documents related to every single
19 software update to iPod or iTunes regardless of whether those updates had any bearing on
20 plaintiffs' claims.  After providing Plaintiffs with a sample of updates and meeting and conferring
21 several times, the parties were able to reach agreement on the scope of that discovery.
22 Specifically, the parties agreed that Apple would produce (1) documents that relate to software
23 updates that address conduct by competitors or hackers that permitted direct playback of
24 protected iTS files on a non-iPod and/or permit direct playback of non-iTS files on an iPod;
25 (2) organizational charts that reflected the Apple employees responsible for such software
26 updates; (3) documents that relate to Apple's response to Real Network's introduction and release
27 of Real Harmony in 2004; and (4) communications with record labels regarding the foregoing
28 updates and Apple's response to Real Harmony.  In addition, the parties agreed to continue the

1 deposition until the foregoing documents had been produced.

2   6. Apple has focused its efforts on producing the documents described in the preceding paragraph and believes that it will complete such production in February. In addition, Apple has produced all documents responsive to plaintiffs' Rule 34 Document Request Nos. 10, 23, 26, 28-30, subject to Apple's objections and as limited by agreement of the parties.

  7. With respect to the remaining document requests to which Apple agreed to produce documents, the parties agreed that Apple would collect, process, and produce ESI from files and/or folders identified by certain agreed-upon custodians. Apple provided plaintiffs with a list of the custodians most likely to possess the documents, along with suggested search terms to identify potentially responsive documents. Over the past few months, the parties have negotiated the scope of that list. Nevertheless, the search terms are highly overinclusive. Indeed, only about 10% of the documents that included the search terms are responsive to plaintiffs' requests. Apple has had fifteen attorneys reviewing documents for responsiveness, privilege, and production at an enormous expense.

  8. Finally, Apple answered in full Interrogatory Nos. 4, 6-8. With respect to Interrogatory Nos. 1-3, Apple explained that it does not maintain the information in the form requested by plaintiffs. Apple is investigating what alternative information is available.

  I declare under penalty of perjury that the foregoing is true and correct. Executed on the 15th day of January, 2010 at San Francisco, California.

            /s/ David C. Kiernan
              David C. Kiernan