# EXHIBIT B



**COUGHLIN STOIA GELLER RUDMAN & ROBBINS** LLP

SAN DIEGO • SAN FRANCISCO
NEW YORK • BOCA RATON
WASHINGTON, DC • ATLANTA
LOS ANGELES • PHILADELPHIA

Thomas R. Merrick
TMerrick@csgrr.com

January 13, 2010

VIA E-MAIL & U.S. MAIL

David C. Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

Re:   *The Apple iPod iTunes Anti-Trust Litigation*,
      No. C-05-00037-JW (N.D. Cal.)

Dear David:

This letter is in response to your email of yesterday requesting that plaintiffs take their motion to compel off calendar and regarding the timing of Apple's production of documents and witnesses in response to plaintiffs' 30(b)(6) deposition notice.

First, with regard to Apple's offer to produce all documents and witnesses pursuant to plaintiffs' April 9, 2009 notice, please advise of a specific date Apple proposes to complete full production. We can discuss the scheduling of the deposition as soon as Apple completes production. Plaintiffs will obviously need sufficient time to review and analyze the production in advance of the deposition. If Apple makes a full production, plaintiffs' motion to compel would be moot with regard to those requests. However, until that time, we see no reason to take it off calendar.

With regard to other discovery issues, plaintiffs disagree with your characterization of the procedural posture of the case. First, the motion to compel is not premature. All of the discovery at issue has been outstanding for months and we have engaged in exhaustive, if somewhat fruitless, meet and confer efforts.

Second, the Court's order decertifying the class does not somehow act as a stay on discovery or change the nature of plaintiffs' monopoly-related claims. The Court is simply inviting plaintiffs to more clearly allege facts in support of their Section 2 claims in light of the Court's dismissal of the tying claims. Plaintiffs' core allegations will not change.



David C. Kiernan
January 13, 2010
Page 2

      Finally, the fact that the Court has not imposed a schedule in the case does not mean that Apple can simply refuse to produce discovery until it determines the procedural posture of the case is to its liking. In fact, that really is the fundamental disagreement that the parties appear to have and why it was necessary for plaintiffs to move to compel "Apple to produce documents more quickly." It is clear that, absent Court Order, Apple has no intention of abiding by its discovery obligations. For that reason alone, plaintiffs are justified in leaving the motion to compel on calendar.

Very truly yours,

THOMAS R. MERRICK

TRM:hsb

cc:  Bonny Sweeney (via email)
      Paula Roach (via email)
      Robert A. Mittelstaedt (via email)
      Michael T. Scott (via email)

478588_1