COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@csgrr.com
bonnys@csgrr.com
tmerrick@csgrr.com
proach@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE HEARING ON PLAINTIFFS' MOTION TO COMPEL |
| ALL ACTIONS. | |

Through its Administrative Motion to Continue the Hearing on Plaintiffs' Motion to Compel ("Apple's Motion"), Apple, Inc. ("Apple") seeks, yet again, to delay the production of relevant discovery in this litigation which has been pending for almost five years.[1] Despite the Court's December 21, 2009 Order *sua sponte* decertifying Plaintiffs' monopoly claims ("Decertification Order"), Plaintiffs' claims have not been dismissed, the Court has clearly indicated time and time again that discovery is open, and there is no reason to further delay what progress has been made to date with regard to discovery. The current motion to compel seeks production of a narrow set of documents and responses to four interrogatories concerning issues of, *inter alia*, Apple's software updates, market definition, market power, and damages, all of which are relevant to Plaintiffs' monopoly claims. These requests were served over nine months ago when only Plaintiffs' monopoly claims were certified. If Plaintiffs elect to amend their complaint to clarify their monopoly claims per the Court's Decertification Order, the substance of these claims will not change. Thus, even with an amended complaint, the outstanding discovery is still relevant.

Plaintiffs have spent the last nine months diligently pushing Apple to produce relevant information and documents and have been met time and time again with tactical delay. Nothing but additional delay will be served by continuing the hearing on Plaintiffs' motion to compel until after the scheduled February 22, 2010 case management conference. Moreover, if Plaintiffs are forced to wait through another round of motions to dismiss and class certification briefing as Apple suggests (*see* Apple's Motion at 4), they will be highly prejudiced and will be forced to engage in duplicative efforts to obtain the current discovery.

Accordingly, Plaintiffs respectfully request that the Court deny Apple's Motion.

---

[1] Apple completed its filing of this motion on Friday, January 15, 2010 at 4:09 p.m., knowing that the ECF system was entirely offline from 5:00 p.m. that same day until Monday, January 18 at 12:00 p.m., a federal holiday. Due to a filing in another case, Plaintiffs' counsel was unable to access this motion and its supporting papers until Monday afternoon. Thus, Plaintiffs' counsel had one day to respond instead of the four days permitted under the Local Rules. *See* Local Rule 7-11(b).

I.      **The Court's December 21, 2009 Order**

On December 21, 2009, the Court *sua sponte* vacated its Order certifying Rule 23(b)(2) and 23(b)(3) classes "to give consideration to class definitions based on clearly stated monopoly claims delineating what anticompetitive conduct Apple is alleged to have engaged in and when it allegedly took place." Decertification Order at 11.  The Court invited Plaintiffs to file an amended complaint or, if Plaintiffs declined to do so, for Apple to file a motion for judgment on the pleadings.  The Court did not dismiss Plaintiffs' claims.

Instead, the Court merely requested that Plaintiffs re-plead their allegations so that the monopoly claims were clear, separate and apart from any claims of tying which the Court had previously dismissed.  As the Court recognized:

> [T]he [current] monopoly claims interweave allegations that there were technological ties between Apple products when they were first introduced to the market (which, without more, is not anticompetitive conduct) and allegations that Apple made technological modifications to its products for the express purpose of maintaining monopoly power (which could support a monopoly claim).

*Id.* at 2.  Thus, Plaintiffs do not intend to allege different claims but instead will simply clarify their "allegations that Apple made technological modifications to its products for the express purpose of maintaining monopoly power." *See id.*  Plaintiffs will do this in light of the Court's previous Orders regarding tying and class certification.  However, the general essence of their claims, that Apple took assertive action through the use of software updates intended to prevent competition in the relevant markets, will not change.

II.     **Plaintiffs Will Be Prejudiced if Not Permitted to Go Forward with Their Pending Motion to Compel**

Through this motion, Apple contends that Plaintiffs' pending motion to compel should be continued until after the scheduled case management conference.  However, as Apple explains, it really seeks to stay discovery all together until "at a minimum" the Court makes a decision on the sufficiency of the allegations in Plaintiffs' amended complaint.  Apple's Motion at 4.  As is evident from Apple's conduct throughout the course of this litigation, their current motion is yet another attempt to delay discovery and its inevitable production of relevant information.  Apple should not be able to continue to hold-up this process.

Over the course of nine months, Plaintiffs have met and conferred with Apple concerning the pending requests *over three dozen times*.[2]  Plaintiffs' requests were drafted and served to gain information relevant to Plaintiffs' monopoly claims.  Indeed, when Plaintiffs served the requests that are the subject of the pending motion to compel in April and May of 2009, only the certified monopoly claims were at issue.  Thus, the discovery requests were aimed specifically at those claims.  For example, the outstanding Rule 30(b)(6) requests all concern Apple's software updates, an affirmative technological modification, that were intended to maintain Apple's monopoly power in the relevant markets.  Additionally, several of Plaintiffs' Amended Document Requests concern questions of market definition and market power, both of which are relevant to Plaintiffs' monopoly claims.

Apple has successfully stalled production by continually rescinding promises to produce and providing empty assurances that it is looking into the manner in which certain information is kept.  *See* Plaintiffs' Motion to Compel Further Response from Apple, Inc. ("Motion to Compel") at 16-18.  Indeed, through this motion, Apple once again makes the same hollow statement that it "is investigating what alternative information is available" with regard to Plaintiffs' interrogatories, which it first made more than six months ago in its original objections.  *See* Declaration of David C. Kiernan in Support of Apple Inc.'s Administrative Motion to Continue the Hearing on Plaintiffs' Motion to Compel ("Kiernan Decl.") at 3; *see also* Motion to Compel at 17.  If discovery is stayed as Apple suggests, Plaintiffs will be forced to start the laborious meet and confer process all over again and revisit discovery issues that could be resolved immediately.

---

[2]     This is directly contrary to Apple's contention that Plaintiffs did not meet and confer prior to filing their motion to compel.

PLAINTIFFS' RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE
HEARING ON PLAINTIFFS' MOTION TO COMPEL - C-05-00037-JW(HRL)                                              - 3 -

1  Accordingly, because the pending requests are relevant even if Plaintiffs seek to amend their
2 complaint and Plaintiffs will be prejudiced by further delay if their Motion to Compel is continued or
3 discovery is stayed, Apple's motion should be denied in its entirety.

4 DATED: January 19, 2010               Respectfully submitted,

5                                       COUGHLIN STOIA GELLER
                                          RUDMAN & ROBBINS LLP
6                                       JOHN J. STOIA, JR.
                                        BONNY E. SWEENEY
7                                       THOMAS R. MERRICK
                                        PAULA M. ROACH
8

9                                                s/ Paula M. Roach
10                                              PAULA M. ROACH

11                                      655 West Broadway, Suite 1900
                                        San Diego, CA 92101
12                                      Telephone: 619/231-1058
                                        619/231-7423 (fax)
13
                                        THE KATRIEL LAW FIRM
14                                      ROY A. KATRIEL
                                        1101 30th Street, N.W., Suite 500
15                                      Washington, DC 20007
                                        Telephone: 202/625-4342
16                                      202/330-5593 (fax)

17                                      Co-Lead Counsel for Plaintiffs

18                                      BONNETT, FAIRBOURN, FRIEDMAN
                                          & BALINT, P.C.
19                                      ANDREW S. FRIEDMAN
                                        FRANCIS J. BALINT, JR.
20                                      ELAINE A. RYAN
                                        TODD D. CARPENTER
21                                      2901 N. Central Avenue, Suite 1000
                                        Phoenix, AZ 85012
22                                      Telephone: 602/274-1100
                                        602/274-1199 (fax)
23
                                        BRAUN LAW GROUP, P.C.
24                                      MICHAEL D. BRAUN
                                        12304 Santa Monica Blvd., Suite 109
25                                      Los Angeles, CA 90025
                                        Telephone: 310/442-7755
26                                      310/442-7756 (fax)

27

28

PLAINTIFFS' RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE
HEARING ON PLAINTIFFS' MOTION TO COMPEL - C-05-00037-JW(HRL)                          - 4 -

|   |   |
|---|---|
| 1 |   |
| 2 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY<br>JACQUELINE SAILER |
| 3 | 275 Madison Avenue, Suite 801<br>New York, NY  10016 |
| 4 | Telephone:  212/682-1818<br>212/682-1892 (fax) |
| 5 |   |
| 6 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 7 | 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067<br>Telephone:  310/201-9150 |
| 8 | 310/201-9160 (fax) |
| 9 | Additional Counsel for Plaintiffs |

I:\DeeM\Apple Tying-Rsp to Cont of MTC.doc

PLAINTIFFS' RESPONSE TO APPLE INC.'S ADMINISTRATIVE MOTION TO CONTINUE THE
HEARING ON PLAINTIFFS' MOTION TO COMPEL - C-05-00037-JW(HRL)                           - 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on January 19, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 19, 2010.

    s/ PAULA M. ROACH
PAULA M. ROACH

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:  proach@csgrr.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com,valdajani@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@csgrr.com

- **Elaine A. Ryan**

- eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Adam Richard Sand , Esq**
  invalidaddress@invalidaddress.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,gwayte@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Tracy Strong**
  invalidaddress@invalidaddress.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,proach@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)