1  Robert A. Mittelstaedt #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:   (415) 626-3939
7  Facsimile:   (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.
9
                  UNITED STATES DISTRICT COURT
10
                  NORTHERN DISTRICT OF CALIFORNIA
11
                  SAN JOSE DIVISION
12

13
14 THE APPLE iPOD iTUNES ANTI-TRUST      Case No.  C 05-00037 JW
   LITIGATION.                                     C 06-04457 JW
15
                                         **DEFENDANT'S RESPONSE TO
16                                       PLAINTIFFS' ADMINISTRATIVE
                                         MOTION TO SEAL**
17
                                         **Date:**   February 10, 2010
18                                       **Time:**   9:30 A.M.
                                         **Place:**  Courtroom 2, 5th floor
19

20 **I.   INTRODUCTION**

21         Pursuant to Local Rule 79-5(c) and (d), Apple supports Plaintiffs' Administrative Motion

22 to File Under Seal (Dkt. 304), specifically the portions of the Motion to Compel and Roach

23 Declaration which refer to information that Apple designated as "Confidential—Attorneys Eyes

24 Only" under the Stipulation and Protective Order Regarding Confidential Information

25 ("Protective Order") entered June 13, 2007 (Document No. 112).

26         Pursuant to Local Rule 79-5, Apple files this Response and the accompanying declaration

27 in support of a narrowly tailored order authorizing sealing those documents, on the grounds that

28 there is good cause to protect the confidentiality of that information.  The proposed sealing order

is based on the Protective Order in this action and proof that particularized injury to defendant will result if the sensitive information is publicly released.

## II.  STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III.  ARGUMENT

### A.  There is Good Cause to Support Filing Under Seal.

Apple has designated the documents containing the information as "Confidential-Attorneys' Eyes Only" under the Protective Order. The accompanying declaration establishes good cause to permit filing under seal. It establishes that Apple itself treats the information at issue as confidential within its own organization. *See* Declaration of Eddy Cue in Support of Defendant's Response to Plaintiffs' Administrative Motion to Seal, ¶¶2-8. Moreover, disclosure of the redacted contents of these documents would cause Apple to suffer injury. *See Id*.

## IV.  CONCLUSION

Defendant respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion to Compel Further Response From Defendant Apple Inc. and Exhibits 11, 17, 22, 23, 24, 27, 30, 35 to the Roach Declaration Pursuant to Local Rule 79-5(b)-(c).

Dated: January 22, 2010          JONES DAY

By: /s/ David Kiernan
    David Kiernan

Attorneys for Defendant
APPLE INC.

SFI-623760v1