IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| The Apple iPod iTunes Antitrust Litigation | NO. C 05-00037 JW<br>NO. C 07-06507 JW |
| _____/ | **ORDER VACATING CASE MANAGEMENT CONFERENCE; DENYING AS PREMATURE INDIRECT PURCHASER ACTION PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |
| Stacie Somers, | |
| Plaintiff, | |
| v. | |
| Apple, Inc. | |
| Defendant. | |
| _____/ | |

This case is scheduled for a Case Management Conference on February 22, 2010. Pursuant to the Federal Rules of Civil Procedure and Local Rules of this Court, the parties conferred and duly submitted a Joint Case Management Statement. (hereafter, "Statement," Docket Item No. 323.)

**A.      Direct Purchaser Action**

Pursuant to the Court's request, Direct Purchaser Action Plaintiffs filed an Amended Consolidated Complaint on January 26, 2010. (See Docket Item No. 322.) Defendant's responsive pleading is due February 22, 2010, and Defendant represents that it will file a dispositive motion by that date with a hearing date noticed for April 26, 2010. (Statement at 1.) In light of Defendant's anticipated dispositive motion, the Court finds good cause to VACATE the Case Management Conference pending consideration of that motion.

Dockets.Justia.com

In their Statement, the parties bring to the Court's attention an ongoing discovery dispute. Defendant asks the Court to stay certain discovery until after its dispositive Motion is decided. (Statement at 6.) The Court declines Defendant's request. As the Court has already made clear in its prior Orders in this case and its statement on the record at the November 23, 2009 hearing on the parties' various class certification motions, Plaintiffs may proceed with discovery at this time. The parties shall bring any discovery disputes before Judge Lloyd. The Court declines to interfere with Judge Lloyd's decisions regarding the briefing and hearing schedule for Plaintiffs' motion to compel.

**B.     Indirect Purchaser Action**

In its December 29, 2009 Order,[1] the Court ordered the Indirect Purchaser Action Plaintiff to show cause, if any, why her case should not be dismissed since the basis for a separate action, namely, indirect purchasers of iPods, is no longer viable in light of the Court's denial of certification of the damages class. The Court stated that once the Direct Purchaser Plaintiffs amend their pleadings to add remedies also sought by the Indirect Purchaser Plaintiff, it appears that the Indirect Purchaser Action will become unnecessary. (Id. at 11-12.) On February 1, 2010, the Indirect Purchaser Action Plaintiff filed a Response to the Court's Order to Show Cause. (See Docket Item No. 91.) On February 12, 2010, the Indirect Purchaser Action Plaintiff filed a Motion for Leave to File a First Amended Complaint. (hereafter, "Motion for Leave," Docket Item No. 92.)

In light of the pending Order to Show Cause re Dismissal, the Court finds that consideration of the Motion for Leave would be premature at this time. Accordingly, the Court DENIES the Indirect Purchaser Action Plaintiff's Motion for Leave to File a First Amended Complaint without prejudice to her ability to revive the Motion if the Court determines that the two cases should remain separate actions.

At the **April 26, 2010** hearing, the Court will also address its Order to Show Cause. On or before **March 19, 2010**, Defendant shall file its Reply to the Indirect Purchaser Plaintiff's Response to the Order to Show Cause.

---

[1] (Order Decertifying Classes Without Prejudice to Being Renewed; Inviting Further Motions, Docket Item No. 303.)

**C.** **Conclusion**

The Court VACATES the Case Management Conference scheduled for February 22, 2010. In its Order addressing Defendant's anticipated dispositive motion, the Court will set a further Case Management Conference, if necessary.

Dated: February 17, 2010

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alreen Haeggquist alreenh@zhlaw.com
Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bonnys@csgrr.com
Brian P Murray bmurray@murrayfrank.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Craig Ellsworth Stewart cestewart@jonesday.com
David Craig Kiernan dkiernan@jonesday.com
Elaine A. Ryan eryan@bffb.com
Francis Joseph Balint fbalint@bffb.com
Helen I. Zeldes helenz@zhlaw.com
Jacqueline Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@csgrr.com
Michael D Braun service@braunlawgroup.com
Michael D. Braun service@braunlawgroup.com
Michael Tedder Scott michaelscott@jonesday.com
Paula Michelle Roach proach@csgrr.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy A. Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Thomas Robert Merrick tmerrick@csgrr.com
Todd David Carpenter tcarpenter@bffb.com

**Dated: February 17, 2010**                    **Richard W. Wieking, Clerk**

                                                **By:    /s/ JW Chambers**
                                                       **Elizabeth Garcia**
                                                       **Courtroom Deputy**