| | |
|---|---|
| 1 | Robert A. Mittelstaedt  #60359 |
| | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart  #129530 |
| | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
| | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
| | michaelscott@jonesday.com |
| 5 | JONES DAY |
| | 555 California Street, 26th Floor |
| 6 | San Francisco, CA  94104 |
| | Telephone:     (415) 626-3939 |
| 7 | Facsimile:      (415) 875-5700 |
| 8 | Attorneys for Defendant |
| | APPLE INC. |
| 9 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | | Case No. C 05-00037 JW (HRL) |
| | | C 06-04457 JW (HRL) |
| | | **APPLE'S ADMINISTRATIVE MOTION TO SEAL** |

## I.     INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), defendant Apple Inc. ("Apple") requests that the Court order the Clerk of the Court to file under seal Apple's Motion to Dismiss or, Alternatively, for Summary Judgment, and the Declaration of Jeffrey Robbin in support thereof, specifically the portions of that motion and declaration which refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112). Apple files this motion and the accompanying declaration in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are compelling reasons to protect the confidentiality of that information.  The proposed sealing order is based on

1  the Protective Order and proof that particularized injury to Apple will result if the sensitive
2  information is publicly released.

## II. STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

## III. ARGUMENT

### A. There Are Compelling Reasons To Support Filing Under Seal.

Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" the declaration of Jeffrey Robbin and the documents attached thereto, which are referred to in Apple's Motion to Dismiss. As established by the accompanying declaration, compelling reasons justify filing the declaration and documents under seal.

The declaration and documents contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology, confidential contract terms, and confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and details of FairPlay. Apple keeps this information highly confidential and does not disclose it to the public.

FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. Information regarding FairPlay is non-public, proprietary information from a public company that

1  should remain confidential.  Harm to Apple, including potential use of the information by hackers
2  attempting to circumvent FairPlay, would result from the public disclosure of the information.
3       Apple's contracts with record labels, which include some details of the DRM used by
4  Apple and contain highly sensitive commercial information, are kept highly confidential in accord
5  with the contracts' confidentiality provisions.  Similarly, Apple's communications with the record
6  labels regarding the distribution of music through the iTunes Store and details of FairPlay are
7  kept highly confidential and have not been disclosed outside of Apple except to plaintiffs
8  pursuant to the Protective Order.  This information is non-public information from a public
9  company that should remain confidential.  Harm to Apple would result from the public disclosure
10 of this information.  For example, the disclosure of confidential contract terms and
11 communications regarding those terms would adversely impact Apple's bargaining position in
12 future dealings with current and potential business partners.

## IV.    CONCLUSION

     Apple respectfully requests that this Court grant its Administrative Motion to File Under Seal Apple's Motion to Dismiss or, Alternatively, for Summary Judgment, and the Declaration of Jeffrey Robbin in support thereof.

Dated: February 22, 2010          Jones Day

By:   /s/ Michael Scott
      Michael Scott

Attorneys for Defendant
APPLE INC.