Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan  #215335
dkiernan@jonesday.com
Michael Scott  #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPod tunes ANTI-TRUST LITIGATION** | **Case No. C 05-00037 JW (HRL)**<br>**C 06-04457 JW (HRL)**<br><br>**DECLARATION OF DAVID C. KIERNAN IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Magistrate Judge Howard R. Lloyd<br><br>Date:  March 23, 2010<br>Time: 9:00 a.m.<br>Courtroom 2, 5th Floor |

I, David C. Kiernan, declare as follows:

1.  I am one of the counsel of record for defendant Apple Inc. ("Apple") in this action. Part of my responsibilities for the defense of this case includes supervising the document review and production process. I, and others at my direction, have gathered information to calculate the estimated fees, costs, and expenses related to Apple's document review and production of customer inquiries.

SFI-627902v1

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

**Discovery Process**

2. Since merits discovery opened in June 2009, Apple has attempted to engage in a cooperative process with plaintiffs. It has met and conferred numerous times over the scope of plaintiffs' discovery, Apple's responses, and the status of production, and believed that it had resolved all discovery disputes aside from plaintiffs' request for additional customer inquiries.

3. Plaintiffs' assertion that Apple has deliberately delayed producing documents is untrue. Aside from Document Request No. 24 relating to customer inquiries to which Apple has objected, Apple has been in the process of reviewing and producing documents requested by plaintiffs. Notably, Apple has produced all documents responsive to plaintiffs' amended Rule 34 Document Request Nos. 10, 23, 26, 28-30, subject to Apple's objections and as limited by agreement of the parties. The timing of Apple's production is a result of the broad scope of the requests, the ongoing meet and confer process to limit that scope, the necessary time to obtain information and review it for responsiveness, confidentiality, and privilege, and time expended on the extensive briefing in this case.

4. Plaintiffs served discovery that was overbroad, burdensome, and sought information that was not relevant to the claims and defenses in this case. The parties met and conferred many times over several months to narrow the scope of plaintiffs' discovery.

5. For example, plaintiffs' document requests attached to their 30(b)(6) deposition notice asked for all documents related to every single software update to iPod or iTunes regardless of whether those updates had any bearing on plaintiffs' claims. After providing plaintiffs with a sample of updates and meeting and conferring several times, the parties were able to reach agreement on the scope of that discovery. Specifically, the parties agreed that Apple would produce (i) documents that relate to updates to FairPlay, if any, that addressed conduct by competitors or hackers that permitted direct playback of protected iTS files on a non-iPod or permitted direct playback of non-iTS files on an iPod; (ii) documents, to the extent they exist, sufficient to identify such software updates; (iii) documents that relate to Apple's response, if any, to RealNetworks introduction and release of Harmony in 2004; and (iv) communications with the record labels regarding the foregoing updates and Apple's response to RealNetworks

SFI-627902v1

- 2 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

1  Harmony. In addition, the parties agreed to continue the deposition until the foregoing
2  documents had been produced.

3        6.      To minimize the burden of production and to get plaintiffs what they wanted as
4  quickly as possible, Apple proposed running keywords against documents identified by certain
5  agreed-upon custodians to identify potentially relevant material. Any documents that contained a
6  keyword would then be reviewed for responsiveness, confidentiality, and privilege, and
7  nonprivileged, responsive documents would be produced. Plaintiffs agreed to this proposal. The
8  negotiation over the custodians and keywords has been an ongoing process. Ultimately, the
9  parties agreed that, for the 30(b)(6) document requests, certain keywords ("30(b)(6) keywords")
10  would be run against data collected from 17 custodians. For the Rule 34 document requests, a
11  different set of keywords ("Rule 34 keywords") tailored to those requests would be run against
12  the seventeen 30(b)(6) custodians plus ten additional custodians.

13        7.      Since September 2009, Apple has focused on producing documents requested in
14  connection with the 30(b)(6) deposition notice so that the parties can schedule that deposition.
15  Plaintiffs' counsel, Thomas R. Merrick, informed me that plaintiffs do not want to schedule the
16  deposition until they receive all documents relating to the 30(b)(6) notice. To date, Apple has
17  reviewed over one million pages of documents that were identified by the 30(b)(6) search terms
18  and produced the majority of the responsive documents. The remaining responsive, non-
19  privileged documents are in the final stages of review before production. Apple anticipates
20  producing these documents on or before March 15, 2010.

21        8.      The parties did not reach agreement on search terms and custodians until the Fall
22  of 2009. Although Apple collected potentially relevant documents in 2007, it still had to run the
23  30(b)(6) and Rule 34 keywords against those documents and review them for responsiveness,
24  confidentiality, and privilege. Moreover, at the insistence of plaintiffs, Apple also had to collect
25  documents that were generated after the 2007 initial collection, which added significant time to
26  the process.

27        9.      Plaintiffs failed to meet and confer or give any warning to Apple about their
28

SFI-627902v1

- 3 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

1  motion to compel.[1]  Indeed, plaintiffs never stated to Apple that they would seek court

2  intervention if Apple were unable to produce a category of information by a certain date.

3  Plaintiffs' last correspondence to Apple simply requested further clarification regarding which

4  documents were being searched and responses regarding certain custodians.  Roach Decl., Ex. 18.

5      10.   On February 19, 2010, plaintiffs' counsel left me a voice mail requesting to meet

6  and confer regarding their motion.  This was the first communication I received seeking to meet

7  and confer over the motion.  Ultimately, the parties were able to reach agreement regarding all of

8  the items that are the subject of plaintiffs' motion except for production of additional customer

9  inquiries.  Plaintiffs agreed to take such items off calendar.

**Customer Inquiries**

11      11.   Plaintiffs' counsel, Paula Roach, asserted that plaintiffs need customer inquiries

12  from June 1, 2007 through March 31, 2009 in addition to the previously produced inquires from

13  April 2003 through June 2007 to demonstrate that consumers purchased products from

14  competitors that they were then unable to use with the iPod or iTS files due to software updates.[2]

15  In other words, plaintiffs allegedly need the inquiries to show that updates to FairPlay had the

16  effect of preventing complete interoperability—i.e., preventing music from iTS from playing

17  directly on non-iPods and preventing non-iTS music from playing directly on iPods.

18      12.   According to the Declaration of Beth Kellerman, there are approximately 220,000

19  customer inquiries that would need to be reviewed to determine if they relate to plaintiffs'

20  requests.  Each inquiry must be reviewed to determine whether it is responsive to plaintiffs'

21  request.  Indeed, based on the experience reviewing customer inquiries collected in 2007, a

22  significant percentage of customer inquiries are likely to be nonresponsive and will not relate to

23  the plaintiffs' claims whatsoever.

24      13.   Any meaningful review of documents by an attorney takes time and due care.

---

[1] For example, with respect to Interrogatory No. 5, on August 20, 2005, plaintiffs' counsel Thomas Merrick told me that plaintiffs did not know which consumer electronic products they were interested in and agreed to attempt to narrow the interrogatory.  *See also* Roach Decl., Ex. 25.  Plaintiffs never followed up before filing their motion to compel.

[2] During the meet and confer process, plaintiffs' counsel dropped the two arguments in the plaintiffs' motion to compel in light of their amended complaint.

SFI-627902v1

- 4 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

1  Based on my years of experience managing large document reviews, I have found, and can
2  estimate in good faith, that a reviewer of documents can review an average of 200 - 500
3  documents a day, for an eight hour period per day.  The customer inquiries contain personal
4  information that must be redacted before production, which will lower the review rate.  Assuming
5  a rate of review of 300 inquiries within an eight hour day, the review would require an estimated
6  6,000 hours of review time at a cost exceeding $350,000.

7      14.  Apple tried to reach a compromise with plaintiffs by offering to review a sample
8  of the 220,000 customer inquiries.  Plaintiffs rejected that proposal.

9      15.  Exhibit 1 is a true and correct copy of plaintiffs' second set of request for
10 production of documents.  Exhibit 2 is a true and correct copy of plaintiffs' second set of
11 interrogatories.

12 I declare under penalty of perjury that the foregoing is true and correct.  Executed on the
13 2nd day of March, 2010 at San Francisco, California.

/s/ David C. Kiernan
David C. Kiernan

SFI-627902v1

- 5 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)