# EXHIBIT 1

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@csgrr.com
bonnys@csgrr.com
tmerrick@csgrr.com
proach@csgrr.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | <u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS |

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Somtai Charoensak, Mariana Rosen, and Melanie Tucker, by and through their undersigned counsel, request Defendant Apple, Inc. ("Apple" or "Defendant"), to produce and permit their counsel to inspect and copy the following documents which are in Apple's possession, custody or control within 30 days of the date of service of these requests, at the law offices of Coughlin Stoia Gellar Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101.

## I.  DEFINITIONS

The following definitions apply to each of the requests set forth herein and are deemed to be incorporated in each of said requests:

1. "You" or "your" refers to Apple.

2. "Apple" means defendant Apple, Inc. and any of its predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of its present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

3. "Communication(s)" refers to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, e-mail, instant messages, voicemail, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The term "communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, press, publicity or trade releases.

4. "Concerning" shall mean constituting, analyzing, discussing, evaluating, estimating, measuring evidencing, reflecting, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or request. Requests for "documents concerning" any subject matter include documents concerning communication regarding that subject matter.

5. "Content provider(s)" means a provider of digital audio and/or video files that contracts with Apple to resell the digital audio and/or video files through the iTunes Store.

6. "Digital audio file" means a computer file containing audio data, regardless of format, including without limitation, AAC, FLAC, MP3, Real Audio, WAV and WMA, and which can be played on a computer or portable digital media player.

7. "Digital video file" means a computer file containing video data, regardless of format, that can be played on a computer or portable digital media player.

8. "DRM" refers to digital rights management software and technology, including Apple's FairPlay.

9. "Document(s)" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mail, compact discs, CD-ROMs, magnetic tape, videotape, magnetic or optical disks, floppy disks, PowerPoint or other presentation software systems, metadata belonging to any electronic document, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

10. "Hewlett-Packard" means Hewlett-Packard Company and any of its predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of its present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

11. "Interoperability" refers to the ability of digital audio and video files purchased from the iTunes Store to be directly played on a portable digital media player other than iPod and for iPods to directly play digital audio and video files purchased from an online store other than the iTunes Store.

12. "iPod" refers to all portable digital media players manufactured by Apple, including, but not limited to, all generations of iPod, iPod Touch, iPod Photo, iPod Mini, iPod Nano, and iPod Shuffle, which were released during the relevant time period.

13. "iTunes Store" means Apple's online store, formally known as the iTunes Music Store, through which Apple sells digital audio and video files.

14. "Motorola" means Motorola, Inc. and any of its predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of its present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

15. "Online store" relates to any place on the internet from which digital audio and/or video files may be purchased and downloaded.

16. "Portable digital media player" means any device that can be easily transported, weighs less than 12 ounces, is capable of playing a digital audio file, can store more than 150 audio files assuming an average file size of 3.0 MB, but does not employ external media such as compact discs, cartridges, cassettes, or compact flash cards.

II. **INSTRUCTIONS**

1. Words used in the plural include the singular, and words used in the singular include the plural.

2.   The words "and" and "or" shall be used interchangeably and interpreted in the most inclusive manner possible.

3.   All documents shall be produced in the order they are kept in the ordinary course of business, and shall be produced in their original folders, binders, covers or containers, or facsimile thereof.

4.   These requests relate to all documents which are in your possession, custody or control.

5.   You shall produce the original of each document described below or if the original is not in your custody, then a copy thereof, and in any event, all non-identical copies which differ from the original or from the other copies produced for any reason, including, but not limited to, the making of notes thereon.

6.   If production of documents is withheld on the ground of privilege, as to each such withheld document provide the following information no later than the first date on which documents are produced:

    (a)   which privilege is claimed;

    (b)   a precise statement of the facts upon which said claim of privilege is based;

    (c)   the following information describing each purportedly privileged document:

        (i)   its nature (*e.g.*, agreement, letter, memorandum, tape, etc.);

        (ii)   the date it was prepared;

        (iii)   the date it bears;

        (iv)   the date it was sent;

        (v)   the date it was received;

        (vi)   the identity of the person preparing it;

        (vii)   the identity of the person sending it;

        (viii)   the identity of each person to whom it was sent or was to have been sent, including all addressees and all recipients of copies;

        (ix)   a statement as to whom each identified person represented or purported to represent at all relevant times; and

        (x)    a description of the place where each copy of that document is kept, including the title or description of the file in which said document may be found and the location of such file.

7. Documents shall be produced in such fashion as to identify the department, branch or office in whose possession they were located and, where applicable, the natural person in whose possession they were found and the business address of each document's custodian(s).

8. Whenever a document is not produced in full or is produced in redacted form, so indicate on the document and state with particularity the reason or reasons it is not being produced in full and describe with particularity those portions of the document which are not being produced.

9. If a document responsive to these requests was at any time in your possession, custody or control but is no longer available for production, as to each such document state the following information:

    (a)    whether the document is missing or lost;

    (b)    whether the document has been destroyed;

    (c)    whether the document has been transferred or delivered to another person and, if so, at whose request;

    (d)    whether the document has been otherwise disposed of; and

    (e)    the circumstances surrounding the disposition of the document and the date of its disposition.

10. These document requests are deemed continuing and any documents or information secured after the service of your responses, which would have been included in the responses had they been known or available at the time of the response, must be supplied in supplemental responses as required by the Federal Rules of Civil Procedure.

### III. RELEVANT TIME PERIOD

Unless otherwise indicated, these requests relate to the period between January 1, 2000 and the present (the "Relevant Time Period"). Your responses should reflect information for the entire Relevant Time Period. Where your responses relate to only a portion of the Relevant Time Period, indicate the date or dates to which your response relates.

## IV. REQUESTS

REQUEST FOR PRODUCTION NO. 31:

All communications between Apple and content providers concerning Apple's licensing of FairPlay.

REQUEST FOR PRODUCTION NO. 32:

All contracts with content providers concerning the sale of digital audio and/or video files through the iTunes Store.

REQUEST FOR PRODUCTION NO. 33:

All documents constituting, reflecting, or commenting upon negotiations between Apple and content providers concerning the sale of digital audio and/or video files on the iTunes Store, including, but not limited to, all contracts, all contract amendments, and all drafts of contracts.

REQUEST FOR PRODUCTION NO. 34:

All communications between Apple and content providers concerning the use of DRM.

REQUEST FOR PRODUCTION NO. 35:

All communications between Apple and content providers concerning interoperability.

REQUEST FOR PRODUCTION NO. 36:

All communications between Apple and content providers concerning Apple's development of FairPlay.

REQUEST FOR PRODUCTION NO. 37:

All documents, including internal communications or presentations, discussing or contemplating Apple's development of FairPlay for use on digital audio or video files sold through the iTunes Store.

REQUEST FOR PRODUCTION NO. 38:

All documents constituting or commenting upon Apple's contracts with Hewlett-Packard for the sale of iPods and for use of iTunes on Hewlett-Packard computers, including all final contracts, all drafts of such contracts, all documents reflecting contract negotiations, all communications between Apple and Hewlett-Packard regarding such contracts, and all documents reflecting internal Apple discussions concerning such contracts.

REQUEST FOR PRODUCTION NO. 39:

All documents constituting or commenting upon Apple's contracts with Motorola for the sale of Motorola mobile phones capable of directly transferring digital audio files purchased through the iTunes Store, including all final contracts, all drafts of such contracts, all documents reflecting contract negotiations, all communications between Apple and Motorola regarding such contracts, and all documents reflecting internal Apple discussions concerning such contracts.

REQUEST FOR PRODUCTION NO. 40:

All documents concerning the transfer of digital audio or video files directly from iTunes to Motorola mobile phones.

REQUEST FOR PRODUCTION NO. 41:

All reports, presentations, studies, polls, surveys or any other marketing analysis or research, whether conducted by Apple or by a third party, concerning iPod owners and their use of the iTunes Store, including, but not limited to, unredacted versions of Exhibits 1 and 2 to the Arthur Rangel declaration filed in support of Apple's opposition to Plaintiffs' motion for class certification.

REQUEST FOR PRODUCTION NO. 42:

All reports, presentations, studies, polls, surveys or any other marketing analysis or research, whether conducted by Apple or a third party, concerning consumer use of the iTunes Store or any other music store.

REQUEST FOR PRODUCTION NO. 43:

All reports, presentations, studies, polls, surveys or any other marketing analysis or research, whether conducted by Apple or a third party, concerning consumer use of portable digital music players other than iPod.

REQUEST FOR PRODUCTION NO. 44:

All reports, evaluations, and/or presentations, whether conducted by Apple or a third party, that Apple uses as support for its public statements regarding the market share of iPods.

REQUEST FOR PRODUCTION NO. 45:

All reports, evaluations, and/or presentations, whether conducted by Apple or a third party, that Apple uses as support for its public statements regarding the market share of the iTunes Store.

REQUEST FOR PRODUCTION NO. 46:

All drafts of and communications regarding Steve Jobs' Thoughts on Music released on February 6, 2007 and found at http://www.apple.com/hotnews/thoughtsonmusic/.

REQUEST FOR PRODUCTION NO. 47:

All documents supporting Apple's response to Interrogatory No. 6, including communications with NPD.

REQUEST FOR PRODUCTION NO. 48:

Documents sufficient to show Apple's costs of developing and maintaining FairPlay for each quarter beginning when Apple first incurred costs to the present.

REQUEST FOR PRODUCTION NO. 49:

Documents sufficient to show Apple's costs of developing and maintaining the iTunes Store for each quarter beginning when Apple first incurred costs to the present.

REQUEST FOR PRODUCTION NO. 50:

Documents sufficient to show Apple's costs of advertising the iTunes Store for each quarter beginning when Apple first incurred costs to the present.

REQUEST FOR PRODUCTION NO. 51:

Unredacted versions of all documents produced and transcripts of testimony given by Apple in *In the Matter of Mechanical and Digital Phonorecord Delivery Rate Adjustment Proceeding*, before the Copyright Royalty Board.

REQUEST FOR PRODUCTION NO. 52:

Documents sufficient to show, for each quarter since iPod was first sold, the revenue and costs of iPod on a model by model basis.

REQUEST FOR PRODUCTION NO. 53:

Documents sufficient to show, for each quarter since iPod was first sold, the component costs of iPod on a model by model basis.

REQUEST FOR PRODUCTION NO. 54:

Documents sufficient to show the costs to Apple of creating and issuing software updates intended, in whole or in part, to maintain a lack of interoperability.

**REQUEST FOR PRODUCTION NO. 55:**

All transaction data between Apple and wholesalers and resellers of iPods, including the quantity of iPods sold, the date the iPods were sold, the model number of iPods, and the price, from October 2001 to the present.

**REQUEST FOR PRODUCTION NO. 56:**

All contracts between Apple and wholesalers and resellers of iPods for the sale of iPods, from October 2001 to the present.

**REQUEST FOR PRODUCTION NO. 57:**

Documents sufficient to show, for each quarter since the opening of the iTunes Store, the number of digital audio files available on the iTunes Store.

**REQUEST FOR PRODUCTION NO. 58:**

Documents sufficient to show, for each quarter since the opening of the iTunes Store, the number of digital video files available on the iTunes Store.

**REQUEST FOR PRODUCTION NO. 59:**

All documents analyzing, describing, or comparing the features, functionality, and design of each iPod model sold by Apple since October 2001, including, but not limited to, capacity, weight, size (including thickness, length, width), design, screen-size, ability to display or store video or photos, ability to send and receive e-mail, ability to access the internet, battery life, color, multi-touch interface, operating system, and software capabilities.

**REQUEST FOR PRODUCTION NO. 60:**

All documents analyzing or comparing the features, functionality, and design of each iPod model sold by Apple since October 2001 with the features, functionality, and design of any product with which iPod competes.

**REQUEST FOR PRODUCTION NO. 61:**

All documents concerning, discussing, analyzing and/or describing Apple's pricing strategies or policies for iPods.

1 | REQUEST FOR PRODUCTION NO. 62:

2 | Documents sufficient to show, for each model of iPod, the prices at which Apple sold those

3 | iPods to persons other than resellers, distributors, or wholesalers.

4 | REQUEST FOR PRODUCTION NO. 63:

5 | All marketing studies, whether conducted by Apple or a third party, regarding products with

6 | which the iPod competes.

7 | REQUEST FOR PRODUCTION NO. 64:

8 | All marketing studies, whether conducted by Apple or a third party, regarding products with

9 | which the iTunes Store competes.

10 | REQUEST FOR PRODUCTION NO. 65:

11 | All documents analyzing, discussing or concerning the effects of burning and ripping on the

12 | quality of digital audio files.

13 | REQUEST FOR PRODUCTION NO. 66:

14 | All documents analyzing, discussing or concerning the effects of FairPlay on the quality of

15 | digital audio files sold on the iTunes Store.

16 | REQUEST FOR PRODUCTION NO. 67:

17 | All documents identified by Apple in response to interrogatories served by Plaintiffs.

18 | DATED: December 29, 2009

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
PAULA M. ROACH

*/s/ Paula Roach*

PAULA M. ROACH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

|   |   |
|---|---|
| 1 |   |
| 2 | THE KATRIEL LAW FIRM |
|   | ROY A. KATRIEL |
|   | 1101 30th Street, N.W., Suite 500 |
| 3 | Washington, DC 20007 |
|   | Telephone: 202/625-4342 |
| 4 | 202/330-5593 (fax) |

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Apple Tying\secy\REQ 00063416.doc

|    |                                                                                            |
|----|--------------------------------------------------------------------------------------------|
| 1  | <u>DECLARATION OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL</u>                             |
| 2  | I, the undersigned, declare:                                                               |

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on December 29, 2009, declarant served the PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS via Electronic Mail to the parties listed on the attached Service List.

3. That on December 29, 2009, declarant served the PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December, 2009, at San Diego, California.

_____
SHONDA L. LANDRY

APPLE TYING
Service List - 12/29/2009  (06-0171)
Page 1 of 1

### Counsel For Defendant(s)

Robert A. Mittelstaedt
Craig E. Stewart
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
   415/626-3939
   415/875-5700(Fax)

### Counsel For Plaintiff(s)

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
   602/274-1100
   602/274-1199(Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
   310/836-6000
   310/836-6010(Fax)

John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423(Fax)

Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
   212/907-0700
   212/818-0477(Fax)

Jacqueline Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892(Fax)

Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC  20007
   202/625-4342
   866/373-4023(Fax)