1  COUGHLIN STOIA GELLER
       RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   PAULA M. ROACH (254142)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6  johns@csgrr.com
   bonnys@csgrr.com
7  tmerrick@csgrr.com
   proach@csgrr.com
8
   THE KATRIEL LAW FIRM
9  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
10 Washington, DC  20007
   Telephone: 202/625-4342
11 202/330-5593 (fax)
   rak@katriellaw.com
12
   Co-Lead Counsel for Plaintiffs
13

14                     UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                          SAN JOSE DIVISION

17
   THE APPLE IPOD ITUNES ANTI-TRUST    )   Lead Case No. C-05-00037-JW(HRL)
18 LITIGATION                          )
   _____ )   CLASS ACTION
19                                      )
   This Document Relates To:           )   DECLARATION OF PAULA M. ROACH
20                                      )   PURSUANT TO RULE 56(f) OF THE
       ALL ACTIONS.                     )   FEDERAL RULES OF CIVIL PROCEDURE
21 _____ )   IN SUPPORT OF PLAINTIFFS'
                                            OPPOSITION TO APPLE'S MOTION TO
22                                          DISMISS OR, ALTERNATIVELY, FOR
                                            SUMMARY JUDGMENT
23
                                            Judge:      Hon. James Ware
24                                          Date:       April 26, 2010
                                            Time:       9:00 am
25                                          Location:   8, 4th Floor

26                              **REDACTED**

27

28

1    I, PAULA M. ROACH, declare as follows:

2    1.    I am an attorney duly licensed to practice before all of the courts of the State of

3    California. I am an associate at the law firm of Coughlin Stoia Geller Rudman & Robbins LLP, Co-

4    Lead Counsel for Plaintiffs in this action. I make this declaration on personal knowledge pursuant to

5    Rule 56(f) of the Federal Rules of Civil Procedure to set forth discovery Plaintiffs need in order to

6    fully respond to Apple's motion for summary judgment, should this Court be inclined to rule on that

7    motion.

8    2.    I have personal knowledge of the procedural history of this action, the scope of

9    discovery Plaintiffs require in order to fully respond to Apple's summary judgment motion, the

10   reasons this discovery is necessary, and the detriment Plaintiffs will suffer if they are not permitted

11   to complete such discovery prior to a determination of Apple's motion.

12   **I.    INTRODUCTION**

13   3.    Plaintiffs believe that the evidence submitted is more than sufficient for this Court to

14   deny Apple's motion in its entirety. Nevertheless, should the Court be inclined to grant any part of

15   Apple's motion, Plaintiffs respectfully request the right to take certain discovery to further oppose

16   Apple's motion.

17   4.    Plaintiffs currently lack an adequate factual record on which to base a fair and

18   effective response to Apple's summary judgment motion. As set forth below and in Plaintiffs'

19   opposition to Apple's motion, Plaintiffs need discovery on: (1) Apple's negotiations and contracts

20   with all record labels; (2) Apple's intention to not license FairPlay; (3) the nature of Apple's

21   agreements with Hewlett Packard ("HP") and Motorola concerning the use of iTunes on non-Apple

22   products; (4) the technical aspects of Apple's software updates that disabled Harmony; (5) the

23   technical aspects of Harmony; (6) software updates that affected competitors' attempts to achieve

24   interoperability; (7) "hacks"; and (8) whether the alleged software programs intended to create

25   interoperability violated the Digital Millennium Copyright Act ("DMCA"). Despite Plaintiffs'

26   efforts to diligently pursue discovery on these matters, Plaintiffs have yet to receive complete

27

28

511280_1

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO
PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-
00037-JW(HRL)                                                                                      - 1 -

1   discovery from Apple. Still, Apple asks this Court to dispose of the related allegations on an

2   incomplete factual record.

3   **II.    PROCEDURAL BACKGROUND**

4          5.    On December 22, 2008, the Court certified a plaintiff Class of iPod purchasers and

5   their monopoly claims. Dkt. No. 196. Certification of the plaintiff Class triggered the beginning of

6   merits discovery. Accordingly, Plaintiffs began pursuing discovery on their monopoly claims.

7          6.    On August 31, 2009, Apple moved for decertification of Plaintiffs' Rule 23(b)(3)

8   damages class and reconsideration of the Rule 23(b)(2) injunctive relief class. Dkt. Nos. 240, 244.

9   The Court heard oral argument on these and Plaintiffs' related motions on November 23, 2009. Dkt.

10  No. 301. During that hearing, the Court invited a Rule 12(b)(6) motion by Apple but made clear that

11  discovery would remain open. *See* Ex. A, attached hereto ("This is not a Securities Litigation

12  Reform Act case where you can't go ahead with discovery while these things are going on and as far

13  as I'm concerned discovery is open and if you need help from the Court getting the information you

14  need, resort to that process."). Accordingly, Plaintiffs continued to serve discovery on Apple and

15  third parties and filed a motion to compel. *See* Dkt. No. 306.

16         7.    On December 21, 2009, the Court *sua sponte* decertified the plaintiff Class and

17  invited Plaintiffs to amend their complaint so as to more clearly delineate their Section 2 monopoly

18  claims separate and apart from their previously dismissed Section 1 tying claims. Following the

19  Court's direction, Plaintiffs filed their Amended Consolidated Complaint ("Amended Complaint")

20  on January 25, 2010, and re-asserted their monopoly and related state and common law claims. Dkt.

21  No. 322.

22         8.    Apple filed its current motion concerning Plaintiffs' Amended Complaint on

23  February 22, 2010. Dkt. No. 332.

24  **III.   PLAINTIFFS HAVE DILIGENTLY SOUGHT THE DISCOVERY
         NECESSARY TO RESPOND TO APPLE'S MOTION FOR SUMMARY**
25       **JUDGMENT**

26         9.    Plaintiffs have met their burden of diligently pursuing the discovery necessary to

27  respond to the instant motion for summary judgment and are now entitled to the discovery under

28

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO
PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-
00037-JW(HRL)                                                                      - 2 -

Rule 56(f) of the Federal Rules of Civil Procedure. *See Barovich Assocs. v. Aura Sys., Inc.*, No. 96-55778, 1998 WL 10747, at *1 (9th Cir. Jan. 9, 1998).[1] From the period shortly after the Court granted Plaintiffs' motion for certification to the present, Plaintiffs have served discovery and diligently met and conferred with Apple to obtain discovery necessary to oppose any summary judgment motion.

10. On April 9, 2009, Plaintiffs served a Rule 30(b)(6) deposition notice and related document requests concerning Apple's use of software updates to exclude competition. Ex. B, attached hereto. From May 2009 through the end of July 2009, the parties met and conferred several times concerning the scope and relevance of these requests. On July 31, 2009, the parties agreed that Apple would begin producing documents responsive to: (1) software updates that affected competitors' attempts to achieve interoperability; and (2) "hacks." Plaintiffs reserved their right to obtain full production on all of their Rule 30(b)(6) requests once this production was completed. The parties met and conferred further concerning search terms and a list of custodians whose files would be searched.

11. On October 15, 2009, Apple produced its first installment of documents responsive to the Rule 30(b)(6) requests. Plaintiffs received eight more installments of responsive documents between October 22, 2009 and March 22, 2010. Apple's last installment of documents responsive to the 30(b)(6) requests was received on the day Plaintiffs' opposition to Apple's current motion for summary judgment was filed. Plaintiffs are in the process of reviewing the documents for preparation of the related Rule 30(b)(6) deposition. Apple has indicated that it will proffer one witness for deposition. The parties are in the process of negotiating a deposition date for some time in April 2010, or as soon as possible thereafter.

12. In addition to the Rule 30(b)(6) requests relating to Apple's software updates, Plaintiffs also sought discovery concerning all elements of their monopoly claims. On May 22, 2009, Plaintiffs served amended first set of requests for production of documents, amended first set

---

[1] Plaintiffs cite to *Barovich* pursuant to Ninth Circuit Rule 36-3.

511280_1

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-00037-JW(HRL)                                                                 - 3 -

of interrogatories, and amended first set of requests for admission.  These requests related to definitions of the relevant markets, Apple's monopoly power in the relevant markets, Apple's response to competition in the relevant markets, Apple's use of FairPlay or other DRM, and damages. The parties met and conferred several times over the course of four months concerning the scope and relevancy of these requests.  On September 25, 2009, the parties agreed to search terms and custodians for production of documents responsive to these requests.  Apple provided minimal production including only updated organizational charts, revenue and sales charts, and limited documents concerning Apple's assessment of relevant markets and licensing of FairPlay.  According to Apple, the additional production was delayed because it continued to focus its production on documents responsive to the Rule 30(b)(6) requests regarding software updates.

13.     On December 28, 2009, Plaintiffs served a second set of requests for production of documents and second set of interrogatories. Exs. C, D, attached hereto.  These requests focused on questions of market definition, Apple's monopoly power, Apple's negotiations and contracts with the record labels, Apple's relationships with Motorola and HP for use of iTunes on non-Apple products, the effect of burning and ripping on the audio quality of music files, Apple's response to RealNetworks, and Apple's communications with the record labels concerning Apple's use of FairPlay, interoperability, and licensing of FairPlay.   Plaintiffs also moved to compel further response from Apple on January 5, 2010 with regard to their first set of requests for production of documents and interrogatories. Dkt. No. 306.  Additionally, Plaintiffs served the major record labels with subpoenas seeking *inter alia* their contracts and negotiations with Apple related to iTS and their reactions to RealNetworks and other Apple competitors.

14.     However, after the Court's December 21, 2009 decertification Order, Apple took the position that discovery was no longer open and thus, refused to produce discovery responsive to Plaintiffs' first or second sets of discovery requests until after this motion was decided.  On February 18, 2010, the Court directed the parties that discovery was open and reaffirmed that "Plaintiffs may proceed with discovery at this time." Dkt. No. 324 at 2.

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-00037-JW(HRL)                                                                                          - 4 -

15.     The parties subsequently resolved the issues related to Plaintiffs' motion to compel on their first set of document requests and interrogatories.  The parties also met and conferred and were able to agree that Apple would focus its production efforts on completing the Rule 30(b)(6) production on software updates and those requests Plaintiffs identified as being necessary for adequate response to Apple's motion for summary judgment.  Those topics include discovery related to: (1) Apple's response to RealNetworks; (2) Apple's negotiations and contracts with all record labels that provided content on iTS; (3) the effect of burning and ripping on sound quality; (4) communications with the record labels concerning Apple's use of FairPlay, interoperability, and licensing FairPlay; (5) Apple's relationships with HP and Motorola concerning the use of iTunes on non-Apple products; (6) Apple's costs of issuing the software updates; and (7) drafts related to Steve Jobs' article "Thoughts on Music." Ex. C, (Request for Production ("RFP") Nos. 31-35, 38-40, 46, 54, 65); Ex. D, (Interrogatory Nos. 14-16, 18-19). Apple also agreed to produce certain documents related to market definition and monopoly power to the extent that these documents are readily accessible.  Apple has not begun production of these documents nor has it indicated how long production will take.

## IV.     DISCOVERY IS BOTH NECESSARY AND RELEVANT TO THE COURT'S DETERMINATION OF APPLE'S MOTION FOR SUMMARY JUDGMENT

16.     To date, Plaintiffs have only received documents related to their Rule 30(b)(6) requests concerning software updates but have yet to complete review of the documents produced or take the deposition.   Still, Apple seeks to dispose of Plaintiffs' claims concerning Apple's willful conduct related to its use of software updates and in doing so, Apple makes several arguments concerning its contracts with the record labels who provided content on iTS, the technical aspects of its software updates, the technical aspects of certain conduct of competitors, and Apple's inability to cooperate with competitors.

17.     As an initial matter, Plaintiffs should be permitted time to review the Rule 30(b)(6) document production that was recently completed on March 22, 2010, determine whether additional related discovery will be necessary, and take the Rule 30(b)(6) deposition concerning Apple's use of

511280_1

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-00037-JW(HRL)                                                                              - 5 -

1    software updates.   Apple's use of software updates is central to Plaintiffs' claims and Apple's

2    motion for summary judgment.  Amended Complaint, ¶¶52-67, filed Jan. 26, 2010; Apple's Motion

3    to Dismiss or, Alternatively, for Summary Judgment ("Apple's Motion") at 10-19.  Apple contends

4    that RealNetworks' use of Harmony made Apple's products less secure, Apple would be required to

5    cooperate with RealNetworks in order to not disable Harmony, and the alleged software programs

6    intended to create interoperability were illegal hacks into FairPlay.  *Id.*  The Rule 30(b)(6) deposition

7    and related discovery will assist Plaintiffs in responding more fully to these arguments.  It will also

8    likely reveal additional sources of information that will likewise need to be evaluated.

9           18.     Plaintiffs are also entitled to production related to RFP Nos. 31-35, 38-40, 46, 54, 65

10   from their Second Set of Requests for Production of Documents and Interrogatory Nos. 14-16 of

11   their Second Set of Interrogatories.  RFP Nos. 31-35 and Interrogatory No. 16 relate to Apple's

12   contracts and communications with the record labels that sold content through the iTS.  Apple

13   contends that the record labels required ████████████████████

14   ██████ Apple to issue the relevant software updates pursuant to contract.  Apple's Motion at 3, 13.

15   ████████████████████████████████████

16   ████████████████████████████████████

17   ████████████████████████████████████

18   ████████████████████████████████████

19   ████████████████████████████████████

20   ████████████████ Further discovery on Apple's communications with the record labels is

21   precisely the type of information Plaintiffs would like to uncover in order to respond to Apple's

22   motion.

23          19.     Additionally, Plaintiffs have yet to obtain any discovery related to Apple's contracts

24   and negotiations with the non-major record labels.  Public information obtained by Plaintiffs

25   suggests that at least some of the record labels that sold music through iTS did not require DRM

26   protection and thus, it was Apple's decision to apply such restrictions.  *See* Merrick Decl., Ex. 6.

27

28
DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO
PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-
00037-JW(HRL)                                                                        - 6 -

1  Further, Plaintiffs have yet to obtain full discovery related to the contract negotiations with the

2  record labels and their communications regarding Apple's use of FairPlay.

3       20.    RFP Nos. 38 through 40 relate to Apple's relationships with HP and Motorola

4  concerning the use of iTunes software on HP computers and Motorola cell phones, non-Apple

5  products. Apple contends that cooperation with RealNetworks would have been impossible because

6  sharing sensitive technological information would have made Apple's products less secure.

7  However, Apple's previous relationships with HP and Motorola suggest that such cooperation was

8  possible and would not have been detrimental to Apple's security.  Plaintiffs are entitled to this

9  discovery.

10       21.    RFP No. 46 seeks production of all drafts of Steve Jobs' article titled "Thoughts on

11  Music."  In this article Mr. Jobs discusses the requirements of the record labels to use DRM and

12  issue software updates, as well as the impossibility of licensing FairPlay or otherwise working with

13  competitors. Accordingly, this information is relevant to Apple's motion and may provide important

14  evidence to rebut Apple's claims.

15       22.    RFP No. 54 requests documents related to the costs of issuing software updates. This

16  is relevant to whether Apple elected to expend significant money issuing software updates in order to

17  maintain its monopolies and take supracompetitive profits on iPods in the long run.

18       23.    Interrogatory Nos. 14 and 15 relate to Apple's response to RealNetworks and its

19  contention that it did not harm competition in the relevant markets.  This information goes to the

20  heart of Apple's instant motion and thus, Plaintiffs are entitled to discover it.

21       24.    Interrogatory Nos. 18 and 19 and RFP No. 65 relate to the effect of burning and

22  ripping on the sound quality of the music files and whether burning and ripping was permitted at all

23  under the iTS customer terms of service agreements.  In its motion for summary judgment, Apple

24  claims that interoperability was not an issue because purchasers of iTS music could download their

25  music onto a non-iPod with "a few additional steps." *See* Apple's Motion at 9.

26

27

28

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO
PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-
00037-JW(HRL)                                   - 7 -

25.     Further, Plaintiffs should be permitted to obtain discovery from the record labels through the subpoenas served on December 11, 2009.  Plaintiffs have met and conferred with the labels and are in the process of agreeing to production.

26.     In addition, Plaintiffs should be given time to seek discovery related to the technical aspects of certain of Apple's software updates as well as the technical aspects of RealNetworks' Harmony.  In particular, Plaintiffs will need to determine *inter alia* what aspects of the relevant software updates addressed RealNetworks and when they were designed, whether RealNetworks' use of Harmony made FairPlay less secure, whether Apple would need to cooperate with RealNetworks in order to not break Harmony, and whether the alleged software programs intended to achieve interoperability violated the DMCA.  In addition to obtaining discovery from Apple, Plaintiffs will likely have to consult with technical experts to properly evaluate Apple's claims.  This is information central to Apple's current motion and would be appropriately sought in conjunction with Plaintiffs' Rule 30(b)(6) deposition.

27.     Upon completion of the relevant discovery production, Plaintiffs also intend to take the deposition of Jeffrey Robbin concerning the issues raised in his declaration filed in support of Apple's motion.

28.     Attached hereto are true and correct copies of the following documents:

Exhibit A:     Relevant Excerpt from the November 23, 2009 Hearing;

Exhibit B:     Plaintiffs' Rule 30(b)(6) Notice of Videotaped Deposition and Rule 34 Request for Documents to Defendant Apple, Inc. Regarding Software Updates, dated April 9, 2009;

Exhibit C:     Plaintiffs' Second Set of Requests for Production of Documents, dated December 29, 2009; and

Exhibit D:     Plaintiffs' Second Set of Interrogatories to Defendant Apple Inc., dated December 29, 2009.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 22nd day of March, 2010, at San Diego, California.

s/ Paula M. Roach
PAULA M. ROACH

511280_1

DEC OF PMR PURSUANT TO RULE 56(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE ISO PLTFS' OPPO TO APPLE'S MTD OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT - C-05-00037-JW(HRL)

- 8 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 22, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 22, 2010.

<u>s/ Paula M. Roach</u>
PAULA M. ROACH

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)
E-mail:proach@csgrr.com

511280_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@csgrr.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@csgrr.com

- **Elaine A. Ryan**

eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@csgrr.com

- **Bonny E. Sweeney**
  bonnys@csgrr.com,proach@csgrr.com,E_file_sd@csgrr.com,christinas@csgrr.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)