# EXHIBIT B

4-9p

| | |
|---|---|
| 1 | COUGHLIN STOIA GELLER <br> RUDMAN & ROBBINS LLP |
| 2 | BONNY E. SWEENEY (176174) <br> 655 West Broadway, Suite 1900 |
| 3 | San Diego, CA 92101 <br> Telephone: 619/231-1058 |
| 4 | 619/231-7423 (fax) <br> bonnys@csgrr.com |
| 5 | |
| 6 | THE KATRIEL LAW FIRM <br> ROY A. KATRIEL (*pro hac vice*) |
| 7 | 1101 30th Street, N.W., Suite 500 <br> Washington, DC 20007 |
| 8 | Telephone: 202/625-4342 <br> 202/330-5593 (fax) |
| | rak@katriellaw.com |
| 9 | |
| 10 | Co-Lead Counsel for Plaintiffs |
| 11 | [Additional counsel appear on signature page.] |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | CLASS ACTION |
| This Document Relates To: <br><br> ALL ACTIONS. | PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPOSITION AND RULE 34 REQUEST FOR DOCUMENTS TO DEFENDANT APPLE, INC. REGARDING SOFTWARE UPDATES |

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiffs, through their attorneys, will take the deposition of the corporate designee(s) of defendant Apple, Inc. ("Apple" or "Defendant") on May 27, 2009, at 10:00 a.m. at the offices of Coughlin Stoia Geller Rudman & Robbins LLP, 100 Pine Street, 26th Floor, San Francisco, California 94111, or at another location mutually agreed upon by the parties. The deposition will be before a person authorized by law to administer oaths and will continue from one day to the next, excluding Sundays and holidays, until the examination is completed.

Defendant is hereby notified of its duty to designate and produce for deposition one or more (if necessary) of its officers, directors, managing agents, employees, or other persons who consent to testify on its behalf as to all matters known or reasonably available to defendant concerning the matters set forth below in Section IV. Each such designee produced to so testify has an affirmative duty to have first reviewed all documents, reports and other matters known or reasonably known or available to defendant, along with familiarizing themselves with all potential witnesses known or reasonably available (not just current employees) to provide informed, binding answers at the deposition.

Plaintiffs request that Defendant provide notice of the names of the individuals to be produced for deposition at least 10 days prior to commencement of the deposition, setting forth the matters on which each person will testify.

The deposition will be recorded using the stenographic method, through the instant visual display of testimony, and the deposition will be recorded by audio and videotape technology. The deposition will be taken in accordance with and for all purposes permissible under the Federal Rules of Civil Procedure.

PLEASE TAKE FURTHER NOTICE that pursuant to Fed. R. Civ. P. 34, Plaintiffs request that Defendant produce copies or permit Plaintiffs to inspect and copy originals of the documents set forth below in Section V that are in the possession, custody or control of Defendant or its officers, agents, employees, attorneys or any and all persons acting on its behalf within 30 days of service of the requests for production. Plaintiffs request that the documents be made available for inspection at

1. the office of Coughlin Stoia Geller Rudman & Robbins LLP, 655 West Broadway, Suite 1900, San Diego, California 92101, unless such other date or place is mutually agreed upon by counsel for the parties.

## I. DEFINITIONS

1. "You" or "Your" refers to Apple.

2. "Apple" means defendant Apple, Inc. and any of its predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of its present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

3. "Communication(s)" refers to any exchange of information by any means of transmission, sending or receipt of information of any kind by or through any means including, but not limited to, speech, writings, documents, language (machine, foreign or otherwise) of any kind, computer electronics or electronic data, electronic mail ("e-mail"), instant messages, voicemail, sound, radio or video signals, telecommunication, telephone, teletype, facsimile, telegram, microfilm, microfiche, photographic film of all types or other media of any kind. The term "communication" also includes, without limitation, all inquiries, discussions, conversations, correspondence, negotiations, agreements, understandings, meetings, notices, requests, responses, demands, complaints, or press, publicity or trade releases.

4. "Concerning" shall mean constituting, analyzing, discussing, evaluating, estimating, measuring, evidencing, reflecting, incorporating, effecting, including, or otherwise pertaining or relating, either directly or indirectly, or being in any way logically or factually connected with the subject matter of the inquiry or Request.

5. "Digital Audio File" means a computer file containing audio data, regardless of format, including without limitation, AAC, FLAC, MP3, Real Audio, WAV and WMA, that can be played on a computer or other device that utilizes computer software (*e.g.*, a Digital Music Player).

6. "Digital Video File" means a computer file containing video data, regardless of format, that can be played on a computer or Portable Digital Media Player.

PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPO AND RULE 34 REQUEST FOR DOCUMENTS TO DEF APPLE, INC. RE SOFTWARE UPDATES - C-05-00037-JW(RS) - 2 -

7. "Document(s)" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mail, compact discs, CD-ROMs, magnetic tape, videotape, magnetic or optical disks, floppy disks, PowerPoint or other presentation software systems, metadata belonging to any electronic document, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

8. "DRM" refers to digital rights management software and technology, including Apple's FairPlay.

9. "iPod" refers to all portable digital media players manufactured by Apple, including but not limited to, all generations of iPod, iPod Touch, iPod Photo, iPod Mini, iPod Nano and iPod Shuffle, which were released during the Relevant Time Period.

10. "iPod Software" means the software application on an iPod used to download and playback digital audio and video files obtained from online music stores.

PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPO AND RULE 34 REQUEST FOR DOCUMENTS TO DEF APPLE, INC. RE SOFTWARE UPDATES - C-05-00037-JW(RS)

- 3 -

11. "iTunes Software" means the computer software application used to playback digital audio and video files on a Mac OS or Windows operating system.

12. "iTunes Store" means Apple's online store through which Apple sells digital audio and video files to consumers.

13. "Labels" means BMG Music, EMI Recorded Music Holdings, Inc., Sony Music, UMB Recordings, Inc., and Warner Music Inc. and any of their predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of their present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on their behalf.

14. "Meeting" means the contemporaneous presence of any natural persons, whether in person or by teleconferencing, video conferencing, via the internet or a company intranet, or otherwise, whether or not such presence was by chance or pre-arrangement, and whether or not the meeting was formal or informal or occurred in connection with some other activity.

15. "Online Music Store" relates to any place on the internet from which digital audio or video files may be purchased and downloaded.

16. "Portable Digital Media Player" means any device that can be easily transported, weighs less than 12 ounces, is capable of playing a digital audio file and/or digital video file, and can store more than 150 music files assuming an average file size of 3.0 megabytes, but does not employ external media such as compact discs, cartridges, cassettes or compact flash cards.

17. "Security Issue" is intended to have the same meaning as is used by Apple on its "Apple security updates" webpage, found at http://support.apple.com/kb/HT1222?viewlocale=en_US.

18. "Software Update" means any change, upgrade, release and/or patch provided by Apple for iTunes software or iPod software.

## II. INSTRUCTIONS

1. Whenever a reference to a business appears, the reference shall mean the business entity, its affiliated companies, partnerships, divisions, subdivisions, directors, employees, agents, clients or other representatives of affiliated third parties.

2. Privilege/Redaction Log. If any documents are within the scope of any request for production but are not being produced or are being produced with portions redacted, pursuant to any claim of privilege or confidentiality:

    (a) state the nature of the privilege claimed (*i.e.*, attorney-client, work-product, etc.);

    (b) state the name of the defendant claiming the privilege and the name of the attorney, if any, with respect to whom the privilege is claimed;

    (c) state the facts upon which you rely as the basis for claiming any privilege as to the specific information or document; and

    (d) state the name of such document; identify the type of document (*i.e.*, letter, memo, etc.); set forth the subject matter thereof; identify the person who prepared it and each person (if any) who signed it; identify each person to whom it was directed, circulated or shown; and identify each person now in possession of the document. If any document is produced in redacted form, the word "redacted" is to be placed in the redacted section of the document.

3. The documents to be produced pursuant to these requests specifically embrace, in addition to documents within your possession, custody or control, documents within the possession, custody or control of any of your agents, representatives, or attorneys. Such documents also embrace originals, and identical copies (whether different from the original because of notes made thereon or otherwise) of the documents described in the requests.

4. Destruction Log. In the event that any document called for by the requests has been destroyed or discarded, that document is to be identified by stating:

    (a) the nature of the document;

    (b) any addressor or addressee;

(c)     any indicated or blind copies;

(d)     the document's date, subject matter, number of pages, and attachments or appendices;

        (e)     all persons to whom the document was distributed, shown or explained;

        (f)     its date of destruction or discard, manner of destruction or discard; and

        (g)     the persons authorizing or carrying out such destruction or discard.

    5.  The following requests are continuing in nature and in the event you become aware of or acquire additional information relating or referring thereto, such additional information is to be promptly produced.

## III. RELEVANT TIME PERIOD

All subject matters and requests herein refer to the Relevant Time Period from April 1, 2003 to the present, unless otherwise specifically indicated, and shall include all documents and information that relate to such period even though prepared or published outside of the Relevant Time Period.

## IV. SUBJECT MATTERS

Pursuant to Fed. R. Civ. P. 30(b)(6), Apple shall designate and produce for deposition one or more officer(s), director(s), managing agent(s), or other person(s) to testify on its behalf, regarding the following matters:

    1.  The genesis, form, content, terms, and substance of each software update.

    2.  Apple's policies, procedures, and/or guidelines concerning the genesis, form, content, and substance of software updates.

    3.  The processes used by Apple to create and distribute software updates.

    4.  The manner and extent to which each software update was described or otherwise communicated to those asked to accept it.

    5.  The intended and unintended effects of each software update.

    6.  Apple's intended purpose of each software update.

PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPO AND RULE 34 REQUEST FOR DOCUMENTS TO DEF APPLE, INC. RE SOFTWARE UPDATES - C-05-00037-JW(RS)

- 6 -

7. The organizational structure and/or relationship of Apple and its consultants or other persons who proposed, originated, developed, managed, created, memorialized or otherwise contributed to the generation of each software update.

8. Apple's policies, procedures, and protocols concerning the development and distribution of software updates intended to address security issues with iTunes and iPod software.

9. All communications regarding security issues with iTunes and iPod software for which a software update was issued.

10. Apple's investigation into security issues concerning iTunes and iPod software.

11. All software updates created and implemented as a result of a security issue.

12. The nature and extent of Apple's response to Real Network's introduction of Real Harmony in 2004.

13. The nature and extent of any labels concerning each software update.

## V. DOCUMENT REQUESTS

1. All documents and communications that discuss, describe, explain, address, consider, analyze, summarize or otherwise memorialize the form, content, substance, or nature of each software update.

2. All documents and communications that discuss, describe, explain, address, analyze, summarize or otherwise memorialize the effects of each software update.

3. All documents and communications that discuss or otherwise memorialize the effects of any software update on a competitor.

4. All notes, minutes or other memorialization of any meeting attended by Apple at which reference was made to the nature, purpose or effect of any software update.

5. All documents and communications which propose, describe, explain, address, analyze, or otherwise relate to Apple's response to Real Network's introduction of Real Harmony in 2004.

6. All documents and communications which propose, describe, explain, address, analyze, or otherwise relate to Apple's response to security issues with iTunes and iPod Software.

PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPO AND RULE 34 REQUEST FOR DOCUMENTS TO DEF APPLE, INC. RE SOFTWARE UPDATES - C-05-00037-JW(RS)

- 7 -

7. All communications between Apple and the labels concerning software updates.

8. All documents which depict or otherwise memorialize the organizational relationship of all Apple employees or consultants who propose, originate, develop, manage, create, or otherwise contribute to the generation of each update.

DATED: April 9, 2009

COUGHLIN STOIA GELLER
RUDMAN & ROBBINS LLP
BONNY E. SWEENEY

*/s/ Bonny E. Sweeney*
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818

PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPO AND RULE 34
REQUEST FOR DOCUMENTS TO DEF APPLE, INC. RE SOFTWARE UPDATES -
C-05-00037-JW(RS) - 8 -

| | |
|---|---|
| 1 | 212/682-1892 (fax) |
| 2 | GLANCY BINKOW & GOLDBERG LLP |
| | MICHAEL GOLDBERG |
| 3 | 1801 Avenue of the Stars, Suite 311 |
| | Los Angeles, CA 90067 |
| 4 | Telephone: 310/201-9150 |
| | 310/201-9160 (fax) |
| 5 | |
| 6 | Additional Counsel for Plaintiffs |

S:\CasesSD\Apple Tying\NOT00056692.doc

PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPO AND RULE 34
REQUEST FOR DOCUMENTS TO DEF APPLE, INC. RE SOFTWARE UPDATES -
C-05-00037-JW(RS)                                                                                              - 9 -

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on April 9, 2009, declarant served the PLAINTIFFS' RULE 30(B)(6) NOTICE OF VIDEOTAPED DEPOSITION AND RULE 34 REQUEST FOR DOCUMENTS TO DEFENDANT APPLE, INC. REGARDING SOFTWARE UPDATES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 9th day of April, 2009, at San Diego, California.

_____
SHONDA L. LANDRY