# EXHIBIT D

1  COUGHLIN STOIA GELLER
      RUDMAN & ROBBINS LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   PAULA M. ROACH (254142)
4  655 West Broadway, Suite 1900
   San Diego, CA 92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6  johns@csgrr.com
   bonnys@csgrr.com
7  tmerrick@csgrr.com
   proach@csgrr.com
8
   THE KATRIEL LAW FIRM
9  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
10 Washington, DC 20007
   Telephone: 202/625-4342
11 202/330-5593 (fax)
   rak@katriellaw.com
12
   Co-Lead Counsel for Plaintiffs
13
   [Additional counsel appear on signature page.]

14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(RS) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE, INC. |
| ALL ACTIONS. | |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiffs Somtai Charoensak, Mariana Rosen, and Melanie Tucker, individually and on behalf of all others similarly situated, by and through their undersigned counsel, hereby request that Defendant Apple, Inc. ("Apple") respond to the following interrogatories within 30 days of the date hereof.

## I. DEFINITIONS

The following definitions apply to each of the interrogatories set forth herein and are deemed to be incorporated in each of said interrogatories:

1. "You," "your," "yourself" or "defendant" means Apple, Inc.

2. "Apple" means defendant Apple, Inc. and any of its predecessors, successors, parents, subsidiaries, affiliates, segments, divisions, operating units or business lines (foreign and domestic), any of its present or former officers, directors, administrators, agents, employees, investigators, accountants, attorneys and all other persons acting or purporting to act on its behalf.

3. "Affirmative defense" means the specific affirmative defenses identified by Apple in its Answer and Defenses to Plaintiffs' Consolidated Complaint (Dkt. No. 110), filed June 6, 2007.

4. "Content provider(s)" means any provider of digital audio and/or video files that contracts or contracted with Apple for resale of the digital audio and/or video files through the iTunes Store.

5. "Consolidated Complaint" means the Consolidated Complaint (Dkt. No. 107), filed April 19, 2007.

6. "DRM" means digital rights management software and technology.

7. "FairPlay" means Apple's proprietary digital rights management technology.

8. "iTunes Store" means Apple's online music store, formally known as the iTunes Music Store, through which Apple sells digital audio and video files.

9. "Online music store" means any place on the internet from which digital audio and/or video files may be purchased and downloaded.

10. "iPod" refers to the portable digital media players manufactured by Apple, including, but not limited to, all generations of iPod, iPod Touch, iPod Photo, iPod Mini, iPod Nano, and iPod Shuffle, that were released during the Relevant Time Period.

11. "Portable digital media player" means any device that can be easily transported, is capable of playing a digital audio file, but does not employ external media such as compact discs, cartridges, cassettes, or compact flash cards.

12. "Digital audio file" means a computer file regardless of format, that can be played on a computer or portable digital media player.

13. "Digital video file" means a computer file containing video data, regardless of format, that can be played on a computer or portable digital media player.

14. "Document(s)" is intended to be interpreted in the broadest possible sense and includes, but is not limited to, all electronic data and all communications which are stored or retrievable or recorded in any manner and also includes, without limitation, any writing or other record of information or images, including, but not limited to, print, handwriting, photographs, film, recordings, memoranda, books, records, accounts, ledgers, vouchers, invoices, drafts, bills, charge slips, letters, e-mail, compact discs, CD-ROMs, magnetic tape, videotape, magnetic or optical disks, floppy disks, PowerPoint or other presentation software systems, metadata belonging to any electronic document, telegrams, mailgrams, correspondence, notes and minutes of meetings, conversations or telephone calls, resolutions, interoffice memoranda, work papers, reports, projects, tabulations, studies, surveys, legal complaints and other pleadings, affidavits, interrogatories, legal briefs, legal motions, judgments, designs, drawings, schematics, maps, manuals, models, notebooks, contracts, agreements, diaries, telephone records, desk calendars, appointment books, circulars, charts, transcripts, news releases, trade releases, advertisements, press books, teletype messages, licenses, financial statements, stenographers' notebooks, punchcards, computer printouts and data, telecopier or facsimile transmissions and printouts, letters of credit, stock certificates and securities. The term "document" also includes preliminary drafts or revisions or copies of any such document if the copy is in any way different from the original, now in your possession, custody or control, or in the possession, custody or control of your advisors, agents, employees, servants, representatives, trustees, counsel or other persons acting or purporting to act on your behalf.

15. The phrase "burning and ripping" is used herein in the same manner as used at page 1 of Apple's Memorandum in Opposition to Motion for Class Certification (Dkt. No. 177), filed October 17, 2008.

16. "Terms of Service agreements" refers to the agreements between Apple and purchasers of digital audio and/or video files from the iTunes Store that states the terms governing use of the iTunes Store.

## II. INSTRUCTIONS

1. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, these interrogatories are continuing in nature so that if, after answering, you acquire additional responsive knowledge or information, Plaintiffs direct that you serve supplemental answers upon Plaintiffs within seven days after acquiring such additional knowledge or information.

2. If at any time after answering these interrogatories you determine that an answer you provided was false, you must immediately notify Plaintiffs' counsel and provide amended answers as soon as reasonably possible.

3. If you refuse to respond to any of the interrogatories based on a claim of privilege pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, you must provide a statement of the claim of privilege and all facts relief upon in support of that claim, including the parties involved, any dates involved, the relevant subject matter of the privileged material, any documents supporting the privileged information, including the dates, authors, recipients, title and subject matter, and present location of any documents involved. In the case of attorney work-product privilege, you must also identify the litigation for which the work-product was prepared.

4. If you answer any interrogatory by reference to business records pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, identify such records by Bates number and the name of your employee certifying the documents as business records for purposes of answering the interrogatory.

## III. RELEVANT TIME PERIOD

Unless otherwise indicated, these interrogatories relate to the period between January 1, 2000 and the present (the "Relevant Time Period"). Your responses should reflect information for the

entire Relevant Time Period. Where your responses relate to only a portion of the Relevant Time Period, indicate the date or dates to which your response relates.

### IV. INTERROGATORIES

INTERROGATORY NO. 9:

Identify all geographic markets in which you sell iPods and state all factors used to define and segregate those geographic markets.

INTERROGATORY NO. 10:

For each model of iPod, specify each product that you consider competes with that iPod model.

INTERROGATORY NO. 11:

State each product that you consider competes with the digital audio and/or video files purchased through the iTunes Store.

INTERROGATORY NO. 12:

For each quarter during the relevant time period, state your market share in the portable digital media player market, the digital audio file market, and the digital video file market and describe the methods used to measure that market share.

INTERROGATORY NO. 13:

State all facts upon which your denial of paragraph 18 of the Consolidated Complaint is based, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identify all documents that support your denial.

INTERROGATORY NO. 14:

State all facts upon which your denial of paragraph 54 of the Consolidated Complaint is based, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identify all documents that support your denial.

INTERROGATORY NO. 15:

State all facts upon which your denial of paragraph 76 of the Consolidated Complaint is based, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identify all documents that support your denial.

INTERROGATORY NO. 16:

Do you contend that any content provider required that you implement FairPlay on all digital audio and/or video files sold through the iTunes Store? If so, state all facts upon which you base your response including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support your response.

INTERROGATORY NO. 17:

Do you contend that implementing FairPlay was the least restrictive means by which you could protect the intellectual property rights associated with the digital audio and/or video files sold by you through the iTunes Store? If so, state all facts upon which you base your response including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support your response.

INTERROGATORY NO. 18:

Do you contend that the process of "burning and ripping" does not effect the quality of the digital audio files sold through the iTunes Store? If so state all facts upon which you base your response including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support your response.

INTERROGATORY NO. 19:

Do you contend that the process of "burning and ripping" to eliminate Fairplay from digital audio files has been permitted under the Terms of Service agreements throughout the entire relevant time period? If so, state all facts upon which you base your response, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support your response.

INTERROGATORY NO. 20:

With respect to your fourth affirmative defense wherein you allege, "[t]he plaintiffs and/or others claimed to be members of the putative class have not suffered and will not suffer any injury that is cognizable under the antitrust laws," state all facts upon which this defense is based, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support those facts.

INTERROGATORY NO. 21:

With respect to your fifth affirmative defense in which you state, "[t]he activities of Apple alleged in the Complaint do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities," state all facts upon which your defense is based, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support those facts.

INTERROGATORY NO. 22:

With respect to your sixth affirmative defense in which you state, "Defendant Apple has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition. Apple has not acted with the purpose or intent to suppress or restrain competition," state all facts upon which your defense is based, including, but not limited to, identifying all persons by name and address who have knowledge of those facts and identifying all documents that support those facts.

DATED: December 29, 2009

COUGHLIN STOIA GELLER
 RUDMAN & ROBBINS LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
PAULA M. ROACH

*/s/ Paula Roach*
PAULA M. ROACH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

|   |   |
|---|---|
| 1 | BONNETT, FAIRBOURN, FRIEDMAN |
| 2 | & BALINT, P.C. |
|   | ANDREW S. FRIEDMAN |
| 3 | FRANCIS J. BALINT, JR. |
|   | ELAINE A. RYAN |
| 4 | TODD D. CARPENTER |

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

S:\CasesSD\Apple Tying\secy\ROGS00063687.doc

## DECLARATION OF SERVICE BY ELECTRONIC MAIL AND U.S. MAIL

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on December 29, 2009, declarant served the PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE, INC. via Electronic Mail to the parties listed on the attached Service List.

3. That on December 29, 2009, declarant served the PLAINTIFFS' SECOND SET OF INTERROGATORIES TO DEFENDANT APPLE, INC. by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

4. That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 29th day of December, 2009, at San Diego, California.

_____
SHONDA L. LANDRY