Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**<br><br>**Date:**     April 26, 2010<br>**Time:**     9:00 A.M.<br>**Place:**    Courtroom 8, 4th floor |

**I.    INTRODUCTION**

Pursuant to Local Rule 79-5(c) and (d), Apple supports Plaintiffs' Administrative Motion to File Under Seal (Dkt. 343) the redacted portions of Plaintiffs' Memorandum in Opposition to Apple's Motion to Dismiss, the redacted portions of the Roach, and Exhibits 2, 3, 4, 5, 7, and 9 to the Merrick Declaration, which refer to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Document No. 112).

Apple files this motion and the accompanying declaration of Eddy Cue in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are

compelling reasons to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II.   STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

## III.   ARGUMENT

### A.   **There Are Compelling Reasons To Support Filing Under Seal.**

Exhibits 2, 3, 4, 5, 7, and 9 to the Merrick Declaration and the redacted portions of the Roach Declaration and plaintiffs' brief contain highly confidential and commercially sensitive business information, including confidential contract terms, confidential communications between Apple and record labels, and confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology. Apple keeps this information highly confidential and has designated exhibits 2, 3, 4, 5, 7, and 9 "Confidential-Attorneys Eyes Only."

Apple's agreements with record labels and HP (exhibits 2, 3, and 7 to the Merrick declaration) are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. This information is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of this highly confidential information. For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.

In addition to highly sensitive commercial information, exhibits 2 and 3 include information regarding the manner in which FairPlay protects music sold through the iTunes Store. FairPlay is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the information.

Exhibits 4 and 5 are internal Apple e-mails containing highly confidential and commercially sensitive business information, including discussions regarding potential public comments regarding RealNetworks' Harmony technology and updates to FairPlay to stop a hack. This information is non-public information that has been kept highly confidential and has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of this information. Exhibit 4 was previously filed under seal. See Dkt. 280, 291.

Exhibit 9 is an internal Apple email regarding updates to iTunes and FairPlay, which is kept highly confidential and has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. As discussed above, disclosure of the details of FairPlay would cause harm to Apple.

Apple also seeks an order sealing the redacted portions of the Roach Declaration and plaintiffs' brief. The redacted portions of the Roach Declaration refer to exhibits 4 and 5 to the Merrick Declaration, which are discussed above. Plaintiffs' brief also refers to the exhibits to the Merrick Declaration, as well as portions of Apple's Motion To Dismiss and the Robbin Declaration in support thereof, previously filed under seal (See Dkt. 340).

**IV.     CONCLUSION**

Apple respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 29, 2010 | Jones Day |
| 3 | | By:   /s/ Michael Scott |
| 4 | |       Michael Scott |
| 5 | | Attorneys for Defendant APPLE INC. |
| 6 | SFI-637122v2 | |

Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05-00037 JW (HRL); C 06-04457 JW (HRL)

- 4 -