1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan  #215335
   dkiernan@jonesday.com
4  Michael T. Scott  #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 626-3939
7  Facsimile:      (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION.

Case No. C 05-00037 JW (HRL)
C 06-04457 JW (HRL)

**APPLE'S ADMINISTRATIVE MOTION TO SEAL**

I.    INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), defendant Apple Inc. ("Apple") requests that the Court order the Clerk of the Court to file under seal Apple's Reply in Support of Motion to Dismiss or, Alternatively, for Summary Judgment, and the Declaration of David Kiernan in support thereof, specifically the portions of that motion and declaration which refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112), and which the Court previously sealed in Apple's Motion to Dismiss and the declaration of Jeffrey Robbin in support thereof.  *See* Dkt. 340.

Apple files this motion in support of a narrowly tailored order authorizing sealing those

documents, on the grounds that there are compelling reasons to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II.    STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

## III.    ARGUMENT

### A.    There Are Compelling Reasons To Support Filing Under Seal.

Apple previously moved to seal the declaration of Jeffrey Robbin in Support of Motion to Dismiss or, Alternatively, for Summary Judgment and the documents attached thereto, and Apple's Motion to Dismiss, which referred to the Robbin declaration. Both documents were ordered sealed on March 12, 2010. Dkt. 340. Apple now moves to seal the portions of its Reply and the Kiernan Declaration that refer to this information. As established by the Robbin declaration filed in support of the motion to seal (Dkt. 328), compelling reasons justify filing this information under seal. The redacted portions contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology, confidential contract terms, and confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and details of FairPlay. Apple keeps this information highly confidential and does not disclose it to the public.

FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of

information regarding its operation and maintenance.  Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters.  Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential.  Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information.

Apple's contracts with record labels, which include some details of the DRM used by Apple and contain highly sensitive commercial information, are kept highly confidential in accord with the contracts' confidentiality provisions.  Similarly, Apple's communications with the record labels regarding the distribution of music through the iTunes Store and details of FairPlay are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order.  This information is non-public information from a public company that should remain confidential.  Harm to Apple would result from the public disclosure of this information.  For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.

## IV.    CONCLUSION

Apple respectfully requests that this Court grant its Administrative Motion to File Under Seal Apple's Reply in Support of Motion to Dismiss or, Alternatively, for Summary Judgment, and the Declaration of David Kiernan in support thereof.

Dated: April 12, 2010                              Jones Day


                                                  By:    /s/ Michael Scott
                                                         Michael Scott

                                                  Attorneys for Defendant
                                                  APPLE INC.

SFI-638305v1