1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   PAULA M. ROACH (254142)
4  655 West Broadway, Suite 1900
   San Diego, CA 92101
5  Telephone: 619/231-1058
   619/231-7423 (fax)
6  johns@rgrdlaw.com
   bonnys@rgrdlaw.com
7  tmerrick@rgrdlaw.com
   proach@rgrdlaw.com
8
   THE KATRIEL LAW FIRM
9  ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
10 Washington, DC 20007
   Telephone: 202/625-4342
11 202/330-5593 (fax)
   rak@katriellaw.com
12
   Co-Lead Counsel for Plaintiffs
13
   [Additional counsel appear on signature page.]
14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
                          SAN JOSE DIVISION
17

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ADDITIONAL DISCOVERY PURSUANT TO RULE 56(f) |
| ALL ACTIONS. | Judge: Hon. James Ware<br>Date: May 10, 2010<br>Time: 9:00 am<br>Location: 8, 4th Floor |

                            **REDACTED**

520779_1

Plaintiffs submit this reply memorandum in support of their motion for additional discovery pursuant to Federal Rules of Civil Procedure, Rule 56(f).

## I. SUPREME COURT AND NINTH CIRCUIT PRECEDENT FAVOR ADDITIONAL DISCOVERY

"'Federal Rule of Civil Procedure 56(f) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence.'" *Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). Apple asks this Court to ignore the intended purpose of Rule 56(f) and grant its alternative motion for summary judgment without affording Plaintiffs the opportunity to complete discovery bearing directly on Apple's motion.[1]

While Rule 56(f) is permissive in nature, "the Supreme Court has restated the rule as requiring, rather than merely permitting, discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l, Inc. v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001) (emphasis added) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 n.5 (1986)). Denial of a Rule 56(f) motion "is especially inappropriate where the material sought is also the subject of outstanding discovery requests." *VISA Int'l Servs. Ass'n v. Bankcard Holders of Am.*, 784 F.2d 1472, 1475 (9th Cir. 1986).

Accordingly, where, as here, the party seeking Rule 56(f) discovery has: (1) specifically identified the necessary discovery; (2) demonstrated that such discovery is essential to oppose a

---

[1] Plaintiffs have not sought to apply "a more lenient standard" under Rule 56(f) as Apple claims. *See* Apple's Reply in Support of Motion to Dismiss or, Alternatively, for Summary Judgment ("Apple's Reply") at 13. Despite Apple's attempts to distinguish the standards set forth in *Barovich Assocs., Inc. v. Aura Sys., Inc.*, No. 96-55779, 1998 WL 10747 (9th Cir. Jan. 8, 1998), *Barovich* is consistent with the law followed by the Ninth Circuit today. *See id.*, at *2 (requiring plaintiff to identify the information sought with "specificity" and demonstrate "that the discovery sought exists"). While a party seeking discovery pursuant to Rule 56(f) must "make clear what information is sought and how it would preclude summary judgment," *Garrett v. San Francisco*, 818 F.2d 1515, 1518 (9th Cir. 1987), the information need only be "'potentially favorable.'" *Clark v. Cap. Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1178 (9th Cir. 2006); *see also VISA*, 784 F.2d at 1475 ("The courts which have denied a Rule 56(f) application for lack of sufficient showing to support further discovery appear to have done so where it was clear that the evidence sought was almost certainly nonexistent or was the object of pure speculation.").

summary judgment motion; and (3) the discovery needed is responsive to *outstanding* discovery requests, the request should be granted.

## II. PLAINTIFFS HAVE DILIGENTLY PURSUED THE DISCOVERY THAT IS ESSENTIAL TO THEIR OPPOSITION

Most of the discovery Plaintiffs seek in order to adequately respond to Apple's motion for summary judgment is responsive to requests served prior to Apple's filing. While this action has been pending for over four years, it was not until October of 2009 that Plaintiffs received Apple's first substantive production of merits-related discovery. Declaration of Paula M. Roach Pursuant to Rule 56(f) of the Federal Rules of Civil Procedure in Support of Plaintiffs' Opposition to Apple's Motion to Dismiss or, Alternatively, For Summary Judgment ("Roach Decl."), ¶11. These documents relate to Plaintiffs' Rule 30(b)(6) deposition notice and related document requests concerning Apple's use of software and firmware updates. *Id.*, ¶¶10, 11. Through these requests, Plaintiffs sought discovery related to Apple's use of iTunes software and iPod firmware updates, Apple's policies and procedures concerning such updates, the genesis of each update, and the unintended and intended effects of each update. *See id.*, Ex. B.

Contrary to Apple's counsel's representations, the parties initially agreed that Apple would produce a subset of documents responsive to the Rule 30(b)(6) requests. Roach Decl., ¶10; *Cf.* Declaration of David C. Kiernan in Support of Apple's Reply in Support of Motion to Dismiss or, Alternatively, for Summary Judgment ("Kiernan Decl."), ¶2. This subset was intended to allow Plaintiffs to evaluate what other relevant, responsive information was likely available. Plaintiffs did not agree that this was all Apple had to produce. *See id.*, ¶2. Instead, Plaintiffs expressly reserved their rights on two separate occasions to seek full discovery of the documents identified in their 30(b)(6) notice once Apple's production of the subset was complete. *See* Declaration of Thomas R. Merrick in Support of Plaintiffs' Request for Additional Discovery Pursuant to Rule 56(f), filed concurrently ("Merrick Decl."), Ex. A at 1; *id.*, Ex. B; Roach Decl., ¶10.

In total, Apple has produced just over 1,000 documents as part of the initial subset of responsive documents. Kiernan Decl., ¶2. On March 22, 2010 – the day Plaintiffs' opposition to Apple's motion for summary judgment was due – Apple produced what it represented was the last

1  production related to the subset of requests. *Id.*, ¶17. However, just a few days ago, on April 22,
2  Apple produced an additional 147 pages of documents responsive to the Rule 30(b)(6) requests.
3  Merrick Decl., ¶6. It is unclear when Apple's Rule 30(b)(6) related production will be completed.
4  As discussed more fully below, Plaintiffs have reviewed Apple's production to date and requested
5  additional documents responsive to the requests that directly relate to the factual issues in dispute.
6  Merrick Decl., ¶7.

7  Additionally, most of the other relevant information was requested by Plaintiffs on December
8  28, 2009. *See* Roach Decl., ¶13. Plaintiffs sought discovery related to, *inter alia*, Apple's
9  negotiations and contracts with the record labels, Apple's business relationships with Hewlett
10 Packard and Motorola, and Apple's response to RealNetworks. *Id.*, ¶¶18-24. However, after the
11 Court decertified the plaintiff class in December of 2009, Apple took the position that merits
12 discovery was no longer open and refused, for two months, to produce discovery responsive to these
13 requests. *See* Roach Decl., ¶14. Even after the Court reiterated that discovery was open (*see* Dkt.
14 No. 324 at 2), Apple made no effort to produce information responsive to these requests until
15 Plaintiffs specified which categories of information were immediately necessary to respond to
16 Apple's motion for summary judgment. Merrick Decl., ¶4. Thus, it was by no fault of Plaintiffs that
17 discovery on these issues has been delayed.

18 In fact it was not until ***April 5, 2010***, that Apple began producing documents responsive to
19 Plaintiffs' second set of requests. *Id.*, ¶8. Apple produced nine additional amendments to the
20 original contracts with the major labels and on April 8, 2010, produced two contracts with Motorola.
21 *Id.* Although Apple has agreed to produce the discovery responsive to Plaintiffs' remaining requests
22 as laid out in their supporting Rule 56(f) declaration (*see* Roach Decl., ¶15), it has yet to do so.
23 Plaintiffs have met and conferred with Apple concerning the remaining requests and Apple has
24 promised production would be complete by the end of May. Merrick Decl., ¶5.

25 Accordingly, Plaintiffs have been diligent in seeking discovery and should be permitted to
26 obtain the requested discovery in order to respond fully to Apple's motion.

27
28

## III. PLAINTIFFS HAVE SPECIFIED THE INFORMATION ESSENTIAL TO THEIR OPPOSITION

In their Rule 56(f) request and supporting declaration, Plaintiffs specifically identified precisely what information is necessary to oppose Apple's motion and, as discussed above, even sought most of this information prior to Apple's filing. However, Apple now asks that this Court rule on its summary judgment motion without providing Plaintiffs with the necessary discovery requested. *See* Apple's Reply at 12-13.

In its motion for summary judgment, Apple argues that the software and firmware "updates" that disabled the interoperability developed by RealNetworks and potentially other competitors were not anti-competitive. This argument rests on five factual premises: (1) Apple issued the relevant updates in response to illegal "hacks"; (2) the record labels required Apple to issue these updates; (3) the updates just "happened" to disable Harmony; (4) Apple's updates were product improvements; and (5) Apple would have had to disclose secretive and potentially harmful information to RealNetworks to keep Harmony going. *See* Apple's Motion to Dismiss or, Alternatively, for Summary Judgment ("Apple's Motion") at 10-16. Plaintiffs have demonstrated that they are entitled to discovery on all of these factual premises in order to adequately oppose Apple's motion. *See* Roach Decl., ¶4; Plaintiffs' Memorandum in Opposition to Apple's Motion to Dismiss or, Alternatively, for Summary Judgment ("Opposition") at 23.

### A. Apple's Claim that It Issued the Relevant Updates in Response to Illegal "Hacks"

Apple claims that it issued the relevant updates in response to "hacks," or illegal reverse engineering, to FairPlay that violated of the Digital Management Copyright Act ("DMCA"). Apple's Motion at 10. However, whether the programs violated the DMCA is itself a factual issue for which Plaintiffs require discovery to adequately respond. For example, as Plaintiffs explained in their Opposition, such reverse engineering does not violate the DMCA where it enables interoperability. Opposition at 17. If the "hacks" were intended for this purpose, then Apple's contention that they were illegal would not stand. Thus, Plaintiffs are entitled to discovery to determine "whether the alleged software programs intended to create interoperability violated the DMCA." Roach Decl., ¶¶4, 26.

In order to determine how the programs worked and, thus, whether they indeed violated the DMCA or were, for example, intended to create interoperability, Plaintiffs have requested that Apple produce source code and other technical information concerning the manner in which Apple updated FairPlay to stop the "hacks." Merrick Decl., ¶7. Plaintiffs requested these documents in their original Rule 30(b)(6) requests served in April 2009. Apple has stated at this time that it is not willing to produce this information, but the parties continue to meet and confer on the issue. *Id.* Plaintiffs may be required to move to compel.

### B. Apple's Claim that the Record Labels Required Apple to Issue the Relevant Updates

Apple also claims that the record labels required Apple to issue the relevant updates. In December of 2009, Plaintiffs sought complete production concerning communications with all record labels to determine which, if any, aspects of the updates were required by the labels and which were created on Apple's own accord. *See* Roach Decl., ¶¶18, 19. If this information reveals that Apple issued the relevant updates (or relevant portions of the updates) on its own and not pursuant to any contractual requirements with the labels, then Apple's factual contention will be rebutted. *See* Opposition at 11. Apple has produced additional contracts with the major record labels, but no additional communications. Merrick Decl., ¶8. Plaintiffs are entitled to complete discovery on this issue before the Court makes a dispositive ruling.

Moreover, Apple has yet to produce contracts and negotiations with content providers other than the major labels (*i.e.*, Sony, BMG, EMI, Universal and Warner), which documents were also requested by Plaintiffs in December of 2009. Roach Decl., ¶19. Apple claims that these contracts and communications are irrelevant because Apple had a contractual obligation to the other labels to update FairPlay. Apple Reply at 5. However, Apple issued updates to FairPlay for all music sold on iTS and not just the music sold by Sony, BMG, EMI, Universal and Warner. If the contracts and communications with the other content providers reveal that Apple was not required to have any DRM on the music files sold by the content providers in the first place, and thus was not required to update the DRM, then this would rebut Apple's contention that it was ***required*** to update the DRM on all music. *See* Roach Decl., ¶19. Accordingly, Plaintiffs are entitled to this information.

1 ▮▮▮
2 ▮▮▮
3 ▮▮▮ Apple's Motion at 11. To
4 rebut this contention, Plaintiffs need discovery concerning the different technical aspects of the
5 relevant updates ▮▮▮
6 ▮▮▮ Roach Decl., ¶¶4, 26. ▮▮▮
7 ▮▮▮
8 ▮▮▮
9 ▮▮▮
10 ▮▮▮ Thus, discovery on all of these facets is necessary.
11     Plaintiffs sought this discovery in ***April, 2009*** in conjunction with their Rule 30(b)(6)
12 document requests. *See* Roach Decl., ¶10. ▮▮▮
13 ▮▮▮
14 ▮▮▮ Accordingly, Plaintiffs
15 have requested, pursuant to their Rule 30(b)(6) document requests, information concerning Apple's
16 understanding of how Harmony works technically; specifications, design documents and diagrams
17 regarding those changes in FairPlay that broke Harmony; documents that describe the relationship
18 between iTunes software updates and iPod firmware updates; documents that indicate how certain of
19 Apple's observations concerning Harmony affected the FairPlay redesign; source code related to
20 iTunes software updates 4.6 and 4.7; and source code related to iTunes software updates (other than
21 4.6 and 4.7) and iPod firmware updates that addressed "hacks." *See* Merrick Decl., ¶7, *id.*, Ex. C;
22 *see also* Roach Decl., ¶¶4, 26.
23     The parties met and conferred on these requests on April 22, 2010. Merrick Decl., ¶7.
24 Apple's counsel stated that it may be willing to produce some technical information related to the
25 FairPlay redesign in iTunes 4.7. *Id.* Plaintiffs requested a greater scope of documents and have
26 proposed this production to Apple. *Id.* If Apple does not agree to production, Plaintiffs will need to
27 move to compel as this information is necessary to adequately oppose Apple's Motion.
28





13    Nonetheless, Plaintiffs are entitled to this discovery before the Court can decide whether a
14 factual dispute exists.

15    **D.    Apple's Claim that the Updates Were Product Improvements**

16    Apple also asserts that the updates were product improvements. Apple's Motion at 13-14;
17 Apple's Reply at 7. In support, Apple contends that the updates helped ensure that Apple remained
18 in compliance with its contractual obligations to the labels. *Id.*; Apple's Motion at 13. First, this
19 contention presumes that the updates were only issued in response to the record labels' requests to
20 stop "hacks." As Plaintiffs' evidence in their Opposition indicates, the record labels did not require
21 Apple to issue updates to address Harmony. *See* Opposition at 11. Thus, if the updates targeted
22 Harmony, at least in part, then Apple's contention that the updates were product improvements will
23 be rebutted. Accordingly, Plaintiffs are entitled to discovery on this issue sought in conjunction with
24 Plaintiffs' Rule 30(b)(6) document requests. *See* Roach Decl., ¶26.

25    Additionally, as discussed above and in Plaintiffs' Rule 56(f) motion, Plaintiffs sought
26 production of Apple's communications and contracts with the record labels in December of 2009.
27 *See* Roach Decl., ¶¶18, 19. If this discovery reveals that the record labels did not communicate to
28 Apple that other relevant software updates were required, then Apple's contention will be rebutted.

Moreover, Apple has not provided any evidence to support its contention that Harmony made FairPlay less secure. *See* Opposition at 12. If discovery concerning the technical aspects of Harmony and FairPlay contradict Apple's contentions then Apple's Motion must be denied. *Id.* Plaintiffs are entitled to this discovery – requested in conjunction with their Rule 30(b)(6) requests – before the Court can determine if a factual dispute exists. *See* Merrick Decl., ¶7.

### E. Apple's Claim that It Would Have Had to Disclose Secret and Potentially Harmful Information to RealNetworks

Finally, Apple claims that Harmony could only continue to work if Apple disclosed highly confidential information to RealNetworks that was potentially harmful to Apple. Apple's Motion at 14; Apple's Reply at 8. As Plaintiffs previously stated, discovery concerning Apple's business relationships with Hewlett Packard and Motorola are necessary because such discovery will reveal information concerning the type of information Apple shared with competitors and the level of cooperation required. *See* Opposition at 13; Roach Decl., ¶¶20, 26.

Indeed, Apple's belated production of documents responsive to Plaintiffs' December 2009 requests, has revealed additional information that supports Plaintiffs' position. For example, Apple's contracts with Motorola, produced by Apple just a few weeks ago, on April 8, 2010, suggest two things: (1) Apple was engaged in cooperative agreements with competitors that encouraged use of Apple's products; and (2) the level of cooperation Apple claims would be necessary to keep RealNetworks going is grossly overstated. *See* Merrick Decl., ¶9. ■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■ Accordingly, Plaintiffs are entitled to full discovery on this issue.

### IV. CONCLUSION

For the reasons stated above and in Plaintiffs' request for Rule 56(f) discovery and supporting declaration, if the Court is inclined to hear Apple's Motion for summary judgment at this

time, then the Court should permit Plaintiffs to obtain additional discovery pursuant to Rule 56(f) in order to adequately oppose Apple's Motion.

DATED: April 26, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
PAULA M. ROACH

s/ Bonny E. Sweeney
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
12304 Santa Monica Blvd., Suite 109
Los Angeles, CA 90025
Telephone: 310/442-7755
310/442-7756 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ADDITIONAL DISCOVERY
PURSUANT TO RULE 56(f) - C-05-00037-JW(HRL) - 9 -

Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

520779_1

PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR ADDITIONAL DISCOVERY
PURSUANT TO RULE 56(f) - C-05-00037-JW(HRL)                                      - 10 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 26, 2010.

           s/ Bonny E. Sweeney
           BONNY E. SWEENEY

           ROBBINS GELLER RUDMAN
             & DOWD LLP
           655 West Broadway, Suite 1900
           San Diego, CA 92101-3301
           Telephone: 619/231-1058
           619/231-7423 (fax)

           E-mail:    bonnys@rgrdlaw.com

# Mailing Information for a Case 5:05-cv-00037-JW

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy A. Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**

  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`