1  Robert A. Mittelstaedt #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 626-3939
7  Facsimile:     (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.

9
10                       UNITED STATES DISTRICT COURT
11                      NORTHERN DISTRICT OF CALIFORNIA
12                              SAN JOSE DIVISION
13

14  THE APPLE iPOD iTUNES ANTI-TRUST          Case No.  C 05-00037 JW (HRL)
    LITIGATION.                                         C 06-04457 JW (HRL)
15
                                              **DEFENDANT'S RESPONSE TO
16                                            PLAINTIFFS' ADMINISTRATIVE
                                              MOTION TO SEAL**
17
                                              Date:    May 10, 2010
18                                            Time:    9:00 A.M.
                                              Place:   Courtroom 8, 4th floor
19

20  **I.     INTRODUCTION**

21         Pursuant to Local Rule 79-5(c) and (d), Apple supports Plaintiffs' Administrative Motion

22  to File Under Seal (Dkt. 364) the redacted portions of Plaintiffs' Reply In Support Of Their

23  Motion For Additional Discovery Pursuant To Rule 56(f) ("Reply") and the Merrick Declaration

24  in support thereof, specifically the portions of that motion and declaration which refer to

25  information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation

26  and Protective Order Regarding Confidential Information ("Protective Order") entered June 13,

27  2007 (Document No. 112), and which the Court previously sealed in Apple's Motion to Dismiss

28  and the declaration of Jeffrey Robbin in support thereof.  *See* Dkt. 340.

Apple files this response and the accompanying declaration in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there is good cause to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II.     STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III.    ARGUMENT

### A.     There Is Good Cause To Support Filing Under Seal.

Apple previously moved to seal descriptions of updates to its FairPlay technology in the declaration of Jeffrey Robbin in Support of Motion to Dismiss or, Alternatively, for Summary Judgment and the documents attached thereto, and Apple's Motion to Dismiss, which referred to the Robbin declaration. Dkt. 327. Both documents were ordered sealed on March 12, 2010. Dkt. 340. Apple now moves to seal the redacted portions of Plaintiffs' Reply and the Merrick Declaration that refer to this information. (Declaration of Michael Scott, ¶ 2.) As established by the Robbin declaration filed in support of the motion to seal (Dkt. 328), compelling reasons justify filing this information under seal. The redacted portions contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology. (Robbin Decl. (Dkt 328), ¶ 3; Scott Decl., ¶ 2). Apple keeps this information highly confidential, does not disclose it to the public, and has designated it "Confidential-Attorneys Eyes Only." *Id.*

FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it.  The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance.  Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters.  Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential.  Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information.  (Robbin Decl., ¶ 3.)

## IV.   CONCLUSION

Apple respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal.

Dated: May 3, 2010                                       Jones Day

                                                          By:   /s/ Michael Scott
                                                                Michael Scott

                                                          Attorneys for Defendant
                                                          APPLE INC.

SFI-640537v1