ROBBINS GELLER RUDMAN
 & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | JOINT CASE MANAGEMENT STATEMENT |
| ALL ACTIONS. | Case No. C-07-6507 JW |
| STACIE SOMERS, On Behalf of Herself and All Others Similarly Situated, | <u>CLASS ACTION</u> |
| Plaintiff, | |
| vs. | |
| APPLE, INC., a California corporation, Defendant. | JUDGE: Hon. James Ware<br>DATE:  July 19, 2010<br>TIME:  10:00 a.m.<br>CTRM:  8, 4th Floor |

571253_1

In accordance with the Court's June 29, 2010 Order, the parties jointly submit this Case Management Conference Statement.

## I. PROPOSED CASE SCHEDULE

### A. Direct Plaintiffs' Position

Direct Plaintiffs propose the following schedule for motions, discovery, and trial:

| | |
|---|---|
| Direct Plaintiffs' Renewed Motion for Class Certification | November 15, 2010 |
| Apple's Opposition to Direct Plaintiffs' Renewed Motion for Class Certification | November 29, 2010 |
| Direct Plaintiffs' Reply in Support of Renewed Motion for Class Certification | December 6, 2010 |
| Hearing on Direct Plaintiffs' Renewed Motion for Class Certification | December 20, 2010, at 9:00 a.m. (or a date convenient for the Court) |
| Close of Non-Expert Discovery | January 24, 2011 |
| Deadline for Taking Fact-Related Depositions | 30 days after the close of non-expert discovery |
| Deadline for Filing Dispositive Motions and Corresponding Memoranda | 60 days after the close of non-expert discovery |
| Parties' Simultaneous Exchange of Expert Reports | 60 days after close of non-expert discovery |
| Deadline for Expert Rebuttal Reports | 30 days after initial exchange |
| Deadline for Expert Depositions | 30 days after exchange of expert rebuttal reports |
| Final Pretrial Order | May 2, 2011 |
| Final Pretrial Hearing | May 16, 2011, at 11:00 am |
| Jury Trial | June 14, 2011 (or a date convenient for the Court) |

### B. Indirect Plaintiff's Position

At this juncture, the Somers case is in a different procedural posture from that of the Direct Plaintiffs. Plaintiff Somers has just filed her Amended Complaint, and Defendant has not yet responded. Contrary to Apple's assertion, these cases are not virtually identical. As the Court recognized in its June 29, 2010 Order, Somers seeks to represent a different class of purchasers and seeks different forms of relief. This will require different and additional discovery.

1  Accordingly, Plaintiff proposes unitary discovery, with all discovery scheduled to be completed by April 20, 2011 and Plaintiff's class certification motions filed by May 23, 2011.

**C.  Apple's Position**

Plaintiffs' proposal is unrealistic and inefficient. It ignores that this Court did not deny Apple's Rule 56 motion on the merits. Rather, the Court ruled that the motion was premature pending completion of the discovery identified in plaintiffs' Rule 56(f) application. Dkt. 377, p.15. Apple is confident that that discovery will show that its software updates, designed to stop hacks that stripped the DRM protection required by the music copyright holders, were entirely legitimate and that plaintiffs' challenge to those updates is without merit. In addition, the updates were product improvements and thus under the Ninth Circuit's recent *Tyco* decision cannot give rise to Section 2 liability. Moreover, Apple had no antitrust duty to deal with RealNetworks. The schedule proposed by Apple, as set forth below, allows ample time for the Rule 56(f) discovery, followed by a renewed Rule 56 motion as contemplated by the Court's order. That is the efficient way to resolve this case.

Plaintiffs' proposal also ignores the enormous scope of discovery that plaintiffs seek over and above the Rule 56(f) discovery. Plaintiffs' schedule does not begin to allow enough time for Apple to comply with whatever portions of those discovery demands are appropriate– all of which will be mooted if the renewed Rule 56 motion is granted. Plaintiffs seek, among other things, information regarding the relevant antitrust product markets for iPods and iTunes Store music; costs, profits and market share of iPods and iTS; confidential royalty and licensing fees; communications with competitors; customer inquiries; confidential information about costs to develop and maintain Apple's DRM; transactional data for iPod sales to wholesalers and resellers including quantities, dates of sale and prices for almost a decade; highly confidential iPod pricing strategies; costs related to iTS; components costs for iPods; and the like.

Plaintiffs did not claim that they needed any of this additional information to respond to the Rule 56 motion. Before forcing Apple to incur the burden of time and expense in responding to this discovery – discovery that does not bear on the renewed Rule 56 motion – the Rule 56(f) discovery should be completed and Apple's renewed motion should be decided. That Rule 56(f) discovery, by itself, imposes a greater burden and expense than discovery in most cases.

Nor does plaintiffs' unrealistically expedited schedule allow sufficient time to brief class certification or to depose any economist whom plaintiffs may use to support their class motions. The previous class briefing and expert analysis was focused on plaintiffs' now-dismissed tying claims that challenged Apple's use of its own proprietary DRM technology. Plaintiffs' only remaining claim is focused solely on software updates. In Apple's view, it will be impossible for any economist to claim that software updates had any impact on iPod prices (which is plaintiffs' damage theory), much less to isolate and quantify any such impact. Certainly, the economist's report previously submitted by plaintiffs does not purport to perform any such analysis.

Plaintiffs also improperly attempt to shorten the time to trial by compressing expert discovery. This is not a case where simultaneous disclosure of expert reports is appropriate. Given the novel and changing nature of plaintiffs' claims, plaintiffs' experts should be required to state their opinions first, and Apple's experts can then respond. In short, sequential disclosure of expert reports is appropriate, not the simultaneous disclosure provided for by plaintiffs' schedule.

Based on these considerations – including the scope of Rule 56(f) discovery sought by plaintiffs – Apple proposes the following schedule:

**Rule 56(f) Discovery And Renewed Rule 56 Motion**

| December 1, 2010: | Completion of Rule 56(f) discovery. |
| January 10, 2011: | Apple's renewed Rule 56 motion. |
| February 17, 2011: | Plaintiffs' opposition. |
| March 17, 2011: | Apple's reply. |
| March 21, 2011: | Hearing on renewed Rule 56 motion. |

**Remaining Discovery**

The remaining discovery (which plaintiffs concede is not relevant to the deferred Rule 56 motion and will not be relevant to the renewed Rule 56 motion) should occur after the renewed Rule 56 motion is decided. Accordingly, Apple proposes that the deadline for document production beyond the Rule 56(f) discovery should be six months after the decision on the renewed Rule 56 motion, with fact depositions to be completed one month later.

**Class certification discovery and briefing**

For the reasons noted above, class certification proceedings should be deferred until Apple's renewed Rule 56 motion is decided. But whenever the class certification briefing occurs, the schedule should provide time for Apple to depose declarants used to support the motions and, given the anticipated complexities of the motions, 30 days after the declarants' depositions for Apple to file its opposition briefs. Plaintiffs' proposed schedule would give them four months to prepare their class certification motions but restrict Apple to only two weeks to depose plaintiffs' economists and prepare its oppositions to the directs' and indirect's simultaneously-filed motions. Two weeks is simply not enough time to do all of that work, particularly when plaintiffs say they need four months to prepare the motions to which Apple will be responding.

**Expert discovery**

Plaintiffs' proposed schedule would give them four months to prepare their class certification motion but restrict Apple to only two weeks to depose plaintiffs' economist and prepare its opposition to the plaintiffs' motion. Not only do they propose simultaneous exchange of reports but they propose only 30 days for rebuttal reports and contemplate that experts will be deposed after rebuttal reports, not before. Plaintiffs also propose that experts be deposed after the pretrial conference and less than one month before trial. And they leave no time for motions to exclude experts from testifying at trial. In a case of this magnitude, that is unreasonable.

Apple proposes the following schedule for expert discovery:

<u>30 days after end of fact discovery</u>: Plaintiffs designate experts and serve Rule 26 reports, and produce experts for depositions within 45 days.

<u>60 days after plaintiff's designations</u>: Apple designates experts and serves Rule 26 reports, and produces experts for depositions within 45 days.

<u>60 days after Apple's designations</u>: Plaintiffs designate rebuttal experts and serve Rule 26 reports, and produces rebuttal experts for depositions within 30 days.

**Dispositive motions**

Plaintiffs' schedule is also unrealistic in proposing that final dispositive motions in both the direct and indirect cases be filed March 28, 2011 (60 days after January 24, 2011). Under plaintiffs'

1  schedule, that is the same day that expert discovery would commence. The final dispositive
2  motions, which will be based on all discovery (fact and expert), should be due after completion of all
3  fact and expert discovery, not before expert discovery as plaintiffs contemplate. Moreover,
4  plaintiffs' schedule would mean that trial occurs less than three months after the initial briefs of the
5  dispositive motions are filed. That does not allow enough time for the parties to brief the motions
6  and for the Court to decide them before the parties engage in final pretrial preparations. The process
7  of designating depositions and exhibits, filing motions in limine, submitting jury instructions and the
8  like should occur after the final dispositive motions are decided, not before as plaintiffs contemplate.

Apple proposes that the deadline for dispositive motions should be 60 days after the end of expert discovery.

**Motions in limine**

Apple proposes that motions in limine, including those directed at experts, be filed 60 days after the final dispositive motions are decided, with 30 days for oppositions and 30 days for replies.

**Apple's proposed schedule summary**

| December 1, 2010: | Completion of Rule 56(f) discovery. |
| January 10, 2011: | Apple's renewed Rule 56 motion. |
| February 17, 2011: | Plaintiffs' opposition. |
| March 17, 2011: | Apple's reply. |
| March 21, 2011: | Hearing on renewed Rule 56 motion. |

<u>6 months after ruling on Rule 56 motion</u>: End of remaining document and written fact discovery (if necessary). Fact depositions conclude one month later.

<u>30 days after end of fact discovery</u>: Plaintiffs designate experts and serve Rule 26 reports, and produce experts for depositions within 45 days.

<u>60 days after plaintiff's designations</u>: Apple designates experts and serves Rule 26 reports, and produces experts for depositions within 45 days.

<u>60 days after Apple's designations</u>: Plaintiffs designate rebuttal experts and serve Rule 26 reports, and produces rebuttal experts for depositions within 30 days.

<u>60 days after end of expert discovery</u>: Deadline for dispositive motions.

1    60 days after decision on dispositive motions: Deadline for motions in limine. Oppositions
2 due 30 days later. Replies due 30 days after oppositions.

### D. Direct Plaintiffs' Response to Apple's Position

In its June 29, 2010 Order, the Court requested that the parties submit a proposed schedule. In response, Apple has submitted a brief that essentially re-argues, yet again, Apple's position on the substance of the lawsuit. Direct Plaintiffs' position on those issues has been made clear on numerous occasions and Direct Plaintiffs will not take up Apple's challenge and submit a brief instead of a proposed schedule.

Direct Plaintiffs' proposed schedule seeks to move the case forward on the merits in an expeditious manner. Direct Plaintiffs do not agree with Apple's position that it should be allowed to file serial summary judgment motions going forward as it has in the past. Nor do they agree that Apple should be granted a *de facto* stay on all discovery other than that identified by plaintiffs in their Rule 56(f) motion.

The class certification briefing dates proposed by Direct Plaintiffs are per the Local Rules for the Northern District of California. Class certification has already been briefed **twice** in this case, and Apple has extensively deposed their economist expert, Dr. Roger Noll twice, for seven hours each time. His testimony was not limited to tying issues or in any other way. They anticipate that the issues raised in their renewed motions for class certification will be substantially similar to those already briefed. Additional time is therefore not warranted.

A simultaneous exchange of experts is more efficient and fair. There is no legitimate reason to stage the reports other than to give Apple's experts the benefit of tailoring their reports to Direct Plaintiffs. Under Direct Plaintiffs' proposed schedule, Apple's and Direct Plaintiffs' experts will have the opportunity to respond to each other's reports on equal footing. Direct Plaintiffs are, however, willing to compromise on the timing of merits experts' reports.

Finally, Direct Plaintiffs believe that they have allowed adequate time for dispositive motions but are willing to compromise on the scheduling and would defer to the Court on the timing and management of motions in limine and other pre-trial matters.

## II. CONSOLIDATION

### A. Direct and Indirect Plaintiffs' Position

Plaintiffs agree that continued coordination of the Direct and Indirect actions is appropriate to further the interests of judicial economy. However, they do not believe consolidation of the cases for all purposes would be necessary or beneficial.

### B. Apple's Position:

Apple submits that the two actions should be consolidated for all purposes, including discovery, class certification, summary judgment, and trial. Consolidation will "avoid the unnecessary costs and delays that would ensue from proceeding separately with claims or issues sharing common aspects of law or fact." *Miller v. Ventro Corp.*, No. 01-1287, 2001 WL 34497752, at * 2 (N.D. Cal. Nov. 28, 2001); Fed. R. Civ. P. 42(a). Here, the Indirect Purchaser's proposed amended complaint is nearly identical to the Direct Purchaser's amended complaint. *Compare* Indirect Purchaser Proposed Am. Compl. Dkt. 92-1 to Direct Purchasers' Am. Compl. Dkt. 322. The complaints are based on the same core facts and legal theories. Indeed, the Indirect Purchaser's amended monopolization claims are the same as the Direct Purchasers' monopolization claims, namely, that Apple's updates to FairPlay were purportedly anticompetitive.[1] The Indirect Purchaser also wants to represent a 23(b)(2) or (b)(3) class of iTS music and video purchasers, a group she admits "overlaps" with the direct iPod purchasers whom the Direct Purchasers seek to represent.

---

[1] *Compare* Indirect Purchaser Dkt. 92-1, ¶¶67-72, 77-80, 99-104 ("Defendant took anticompetitive action against RealNetworks, the Hymn Project, and John Lech Johansen…."); ¶¶67-72, 77-80 (identifying "software updates" as the anticompetitive action); ¶¶107, 115 ("Through the anticompetitive use of software updates described herein…."); ¶¶119, 127 (same "software updates" are the basis of her claim of attempted monopolization claims) *with* Direct Purchasers' Dkt. 322, ¶5 ("Apple's use of software updates . . . constitutes a violation of United States and California antitrust law."); ¶¶52-67 ("Apple's Anticompetitive Use Of Software Updates"); ¶¶91, 97 ("[t]hrough the anticompetitive use of software updates described herein"); ¶¶101, 108 (same conduct is basis of their claim of attempted monopolization).

1 | Dkt. 91, pp. 1, 3. Multiple trials on essentially the same claims with the same facts against the same
2 | defendant serves no useful purpose, is inefficient, and prejudices Apple by requiring it to defend
3 | itself twice and face potential contradictory outcomes.

DATED:  July 9, 2010

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
PAULA M. ROACH


          s/ Bonny E. Sweeney
           BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Direct Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER

|   |   |   |
|---|---|---|
| 1 | | 275 Madison Avenue, Suite 801 |
| 2 | | New York, NY 10016 |
| | | Telephone: 212/682-1818 |
| | | 212/682-1892 (fax) |

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

DATED: July 9, 2010                JONES DAY
                                   ROBERT A. MITTELSTAEDT


                                        s/ Robert A. Mittelstaedt
                                   ROBERT A. MITTELSTAEDT

555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415/626-3939
415/875-5700 (fax)

Attorneys for Defendant Apple, Inc.

DATED: July 9, 2010                MEHRI & SKALET, PLLC
                                   STEVEN A. SKALET
                                   CRAIG L. BRISKIN


                                        s/ Craig L. Briskin
                                   CRAIG L. BRISKIN

1250 Connecticut Ave. NW, Suite 300
Washington, DC 20036
Telephone: 202/822-5100
202/822-4997 (fax)

ZELDES & HAEGGQUIST, LLP
HELEN I. ZELDES
ALREEN HAEGGQUIST
655 West Broadway, Suite 1410
San Diego, CA 92101
Telephone: 619/955-8212
619/342-7878 (fax)

Attorneys for Plaintiff Indirect Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on July 9, 2010.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:bonnys@rgrdlaw.com

571253_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**

- eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)