Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | **Case No. C 05 00037 JW** <br><br> **CLASS ACTION** <br><br> **DEFENDANT APPLE INC.'S ANSWER AND DEFENSES TO PLAINTIFFS' AMENDED CONSOLIDATED COMPLAINT** |

**ANSWER AND AFFIRMATIVE DEFENSES**

Now comes defendant Apple Inc. ("Apple"), by its undersigned counsel, and in answer to the Amended Complaint, and with the understanding that the allegations relate to activities within the United States, states as follows:

1. Answering the allegations in Paragraph 1, Apple admits that plaintiffs purport to bring this action on behalf of themselves and others. Apple denies that plaintiffs have established or can establish the prerequisites to certification or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

2. The allegations in Paragraph 2 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

3. The allegations in Paragraph 3 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that Apple previously sold music on the iTunes Store (formerly known as the iTunes Music Store) that was protected by Apple's proprietary digital rights management ("DRM") technology named FairPlay.

4. The allegations in Paragraph 4 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

5. The allegations in Paragraph 5 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

6. Answering the allegations of the first two sentences of Paragraph 6, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that Somtai Troy Charoensak has purchased an iPod and audio downloads from Apple. Apple denies the remaining allegations in Paragraph 6.

1          7.      Answering the allegations of the first two sentences of Paragraph 7, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that Mariana Rosen has purchased an iPod and audio downloads from Apple.  Apple denies the remaining allegations in Paragraph 7.

           8.      Answering the allegations of the first two sentences of Paragraph 8, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that Melanie Tucker has purchased an iPod and audio downloads from Apple.  Apple denies the remaining allegations in Paragraph 8.

           9.      Answering the allegations in Paragraph 9, Apple admits the allegations in the first sentence.  The remaining allegations in Paragraph 9 are not susceptible to being answered because of their ambiguity.  To the extent that an answer is deemed necessary, Apple's  publicly disclosed revenue and profit data speak for themselves, and no further disclosure is appropriate for this answer.  On that basis, Apple denies the remaining allegations.

           10.     Answering the allegations in Paragraph 10, Apple admits that plaintiffs purport to invoke jurisdiction of this Court under 15 U.S.C. §§ 15 and 26, and 28 U.S.C. §§ 1331 and 1337.

           11.     Answering the allegations of Paragraph 11, Apple admits that it is headquartered in Cupertino, California and that it transacts business in this judicial district, but Apple denies that it has engaged in any conduct giving rise to this Amended Complaint in this, or any other, judicial district.  Apple denies the remaining allegations in Paragraph 11.

           12.     The allegations in Paragraph 12 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is deemed necessary, Apple denies the allegations.

           13.     The allegations in Paragraph 13 state conclusions of law to which no answer is necessary.  To the extent an answer is deemed necessary, Apple denies the allegations.

           14.     Answering the allegations in Paragraph 14, Apple believes that many aspects of its iTunes Store offerings make it attractive to consumers.  The allegations in the first two sentences of Paragraph 14 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary.  To the extent that an answer is

deemed necessary, Apple denies the allegations in the first sentence of Paragraph 14. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14 and therefore denies them, except that Apple admits that consumers may buy individual songs from its iTunes Store and that the iTunes Store currently offers over 13 million songs.

15. Answering the allegations in Paragraph 15, Apple believes that many aspects of its iTunes Store offerings make it attractive to consumers. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 15 and therefore denies them.

16. The allegations in Paragraph 16 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that it operates the iTunes Store (f/k/a the iTunes Music Store), that the iTunes Store can be accessed through the iTunes application, and that users may purchase and download digital music and digital video files from the iTunes Store.

17. The allegations in Paragraph 17 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that Apple's iTunes Store offers digital music files.

18. Answering the allegations in Paragraph 18, Apple denies the first sentence and that it has engaged in any illegal anticompetitive behavior. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, which relate principally to allegations regarding consumers and merchants, and therefore denies them.

20. The allegations in Paragraph 20 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that consumers may purchase individuals songs from the iTunes

1 | Store and that the Recording Industry Association of America's website stated that manufacturers shipped 705.4 million CD album units and 2.8 million CD single units in 2005.

21. The allegations in Paragraph 21 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them, except that Apple admits that consumers may purchase individual songs from the iTunes Store and that they can create customized playlists.

22. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies them, except that Apple admits that its online music service provides an outlet for independent artists and music labels.

23. Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 and therefore denies them.

24. Apple denies the allegations in Paragraph 24.

25. Answering the allegations in Paragraph 25, Apple believes that many aspects of its iPod products make them attractive to consumers. The allegations in the first sentence of Paragraph 25 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in the first sentence of Paragraph 25. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 which relate principally to allegations regarding consumers, and therefore denies them.

26. Answering the allegations in Paragraph 26, Apple admits that it sold various generations of the iPod Classic, iPod shuffle, iPod nano, iPod mini, and iPod touch. The remaining allegations are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the remaining allegations.

27. The allegations in Paragraph 27 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

28. Answering the allegations in Paragraph 28, Apple denies the first sentence and that it has engaged in any illegal anticompetitive behavior. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies them.

29. The allegations in Paragraph 29 state conclusions of law to which no answer is necessary. To the extent that an answer is necessary, Apple denies the allegations.

30. Answering the allegations in Paragraph 30, Apple admits that plaintiffs purport to bring this action on behalf of themselves and others. Apple denies that plaintiffs have established or can establish the prerequisites to certification and/or maintenance of the alleged classes pursuant to Rule 23 of the Federal Rules of Civil Procedure.

31. Answering the allegations in Paragraph 31, Apple denies that plaintiffs have established or can establish the prerequisites to certification or maintenance of the alleged class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

32. Apple denies the allegations in Paragraph 32.

33. Apple denies the allegations in Paragraph 33.

34. Apple denies the allegations in Paragraph 34.

35. Apple denies the allegations in Paragraph 35.

36. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and therefore denies them.

37. The allegations in Paragraph 37 state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary Apple denies the allegations.

38. Answering the allegations in Paragraph 38, Apple admits that it introduced the iTunes Software application on January 9, 2001 and that iTunes may be used, among other things, to play and organize digital media files on a user's computer, import content from audio CDs, and transfer content onto blank audio CDs or portable digital devices. Apple denies the remaining allegations in Paragraph 38.

39. Answering the allegations in Paragraph 39, Apple denies the first sentence, except that Apple admits that it announced the iPod on October 23, 2001. The remaining allegations in

Paragraph 39 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations.

40. Answering the allegations of Paragraph 40, Apple admits that Apple introduced the iTunes Music Store (now the iTunes Store) on April 28, 2003, which at that time offered over 200,000 songs at $0.99 per song, and now offers over 13,000,000 songs. The iTunes Store can be accessed only through the iTunes Software application. Apple also introduced the third generation iPod and released a new version of the iTunes Software application on April 28, 2003. Apple denies the remaining allegations.

41. The allegations in Paragraph 41 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations.

42. Answering the allegations of Paragraph 42, Apple admits that the major record labels (Sony, BMG, EMI, Warner, and Universal) required that Apple use an encryption-based "security solution" approved by the labels to enforce content usage rules that limited copying and transfer of the music files distributed through Apple's iTunes Store. To comply with this requirement, Apple developed its FairPlay digital rights management (DRM) technology. The remaining allegations in Paragraph 42 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations.

43. The allegations in Paragraph 43 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 43, except that Apple admits that Apple has not licensed FairPlay.

44. Apple denies the allegations in Paragraph 44.

45. The allegations in Paragraph 45 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

46. The allegations in Paragraph 46 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

47. The allegations in Paragraph 47 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that the quoted language was attributed to Josh Bernoff in a January 31, 2007 *Business Week* article.

48. The allegations in Paragraph 48 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations.

49. The allegations in Paragraph 49 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 49, except that Apple admits that it has not licensed FairPlay.

50. The allegations in Paragraph 50 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

51. The allegations in Paragraph 51 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 51 except that Apple states that its publicly disclosed revenue and profit data speak for themselves.

52. Apple denies the allegations in Paragraph 52.

53. The allegations in the first two sentences in Paragraph 53 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations in the first two sentences in Paragraph 53, except that Apple admits that, on or about July 26, 2004, RealNetworks announced its Harmony technology, claiming that Harmony would allow users to buy music from RealNetworks' online store and play it on an iPod. Apple is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies them.

54. The allegations in Paragraph 54 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To

the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 54 based on information and belief, except that Apple admits that RealNetworks sold audio downloads for as low as 49 cents per track for a limited time.

55. The allegations in Paragraph 55 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

56. The allegations in Paragraph 56 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56 and therefore denies them.

57. The allegations in Paragraph 57 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 and therefore denies them.

58. The allegations in Paragraph 58 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that the quoted language was attributed to Forrester Research.

59. Apple denies the allegations in Paragraph 59, except that Apple admits that it made a public statement on July 29, 2004 that included the words quoted in Paragraph 59.

60. The allegations in Paragraph 60 are not susceptible to being answered because of their ambiguity. To the extent that an answer is necessary, Apple denies the allegations in Paragraph 60.

61. The allegations in Paragraph 61 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 61,

1 and therefore denies them, except that Apple admits that the quoted language appears in an August 2005 RealNetworks SEC filing.

62. The allegations in Paragraph 62 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

63. The allegations in Paragraph 63 are not susceptible to being answered because of their ambiguity. To the extent that an answer is necessary, Apple denies the allegations in Paragraph 63.

64. The allegations in Paragraph 64 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that, in 2005, JHymn was released, which stripped the content protection from songs purchased from the iTunes Store, allowing users to copy songs and give those copies to others without restriction.

65. The allegations in Paragraph 65 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that it released updates to its FairPlay technology to, among other things, stop JHymn and other hacks that circumvented the content protection required by the labels on music purchased from the iTunes Store and further admits that, in October 2005, Apple released iTunes 6.0, which included, among other things, updates to FairPlay technology designed to stop such hacks.

66. The allegations in Paragraph 66 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that, in September 2006, it released iTunes 7.0, which among other things included updates to FairPlay technology designed to stop hacks that circumvented the content protection required by the labels on music purchased from the iTunes Store.

67. The allegations in Paragraph 67 are not susceptible to being answered because of their ambiguity. To the extent that an answer is necessary, Apple denies the allegations in Paragraph 67, except that Apple admits that Steve Jobs' "Thoughts on Music" web posting

1 contained the quoted language in answer to the question "Why would the big four music 2 companies agree to let Apple and others distribute their music without using DRM systems to 3 protect it? The simplest answer is because DRMs haven't worked, and may never work, to halt 4 music piracy. Though the big four music companies require that all their music sold online be 5 protected with DRMs, these same music companies continue to sell billions of CDs a year which 6 contain completely unprotected music. That's right! No DRM system was ever developed for 7 the CD, so all the music distributed on CDs can be easily uploaded to the Internet, then (illegally) 8 downloaded and played on any computer or player."

9 68. The allegations in Paragraph 68 are not susceptible to being answered because of 10 their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, 11 except that Apple admits that, starting on April 2, 2007, Apple distributed EMI's music without 12 DRM and that the quoted text was attributed to Eric Nicoli, CEO of EMI Group.

13 69. The allegations in Paragraph 69 are not susceptible to being answered because of 14 their ambiguity. To the extent that an answer is deemed necessary, Apple is without knowledge 15 or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and 16 therefore denies them.

17 70. The allegations in Paragraph 70 are not susceptible to being answered because of 18 their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations, 19 except that Apple admits that, on January 6, 2009, Apple announced that it would begin selling 20 music from the major labels and thousands of independent labels in Apple's higher quality, 21 DRM-free iTunes Plus format, that customers could upgrade their previously purchased music to 22 the iTunes Plus format for 30 cents per song or 30 percent of the album price, and that since April 23 2009, all iTunes Store music has been in iTunes Plus format.

24 71. The allegations in Paragraph 71 are not susceptible to being answered because of 25 their ambiguity and because they state conclusions of law to which no answer is necessary. To 26 the extent that an answer is deemed necessary, Apple denies the allegations.

72. The allegations in Paragraph 72 are not susceptible to being answered because of their ambiguity. To the extent that an answer is necessary, Apple denies the allegations in Paragraph 72.

73. Answering the allegations in the first sentence of Paragraph 73, Apple denies the allegations except that Apple admits that the French Parliament approved a law affording legal protection to DRM (Digital Rights Management). Answering the allegations in the second and third sentences of Paragraph 73, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them. Answering the allegations in the fourth sentence of Paragraph 73, Apple admits that it made a comment about "state sponsored piracy" in relation to one of the earlier versions of the law. Apple denies the remaining allegations in Paragraph 73.

74. The allegations in Paragraph 74 are not susceptible to being answered because of their ambiguity. To the extent that an answer is necessary, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 and therefore denies them.

75. The allegations in Paragraph 75 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations, except that Apple admits that the Office of the Norwegian Consumer Ombudsman sent a letter to Apple asking questions about the use of DRM.

76. Answering the allegations in Paragraph 76, Apple admits that the quoted language was attributed to Dutch Consumer Ombudsman Ewald van Kouwen in news articles. Apple denies the remaining allegations.

77. Answering the allegations in Paragraph 77, Apple admits that the quoted language was attributed to European Union Consumer Affairs Commissioner Kuneva in news articles. Apple denies the remaining allegations.

78. Apple denies the allegations in the first two sentences of Paragraph 78. Answering the allegations in the third sentence of Paragraph 78, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

79. Answering the allegations in Paragraph 79, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

80. Answering the allegations in Paragraph 80, Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations and therefore denies them.

81. The allegations in Paragraph 81 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

82. The allegations in Paragraph 82 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

83. The allegations in Paragraph 83 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

84. The allegations in Paragraph 84 are not susceptible to being answered because of their ambiguity and because they state conclusions of law to which no answer is necessary. To the extent that an answer is deemed necessary, Apple denies the allegations.

85. The allegations in Paragraph 85 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 85.

86. The allegations in Paragraph 86 are not susceptible to being answered because of their ambiguity. To the extent that an answer is deemed necessary, Apple denies the allegations in Paragraph 86.

87. The allegations in Paragraph 87 are not susceptible to being answered because they state conclusions of law to which no answer is necessary. As to the allegations of the NAND spot market, Apple lacks knowledge or information sufficient to form a belief as to the truth of

the allegations and therefore denies them. To the extent that an answer is deemed necessary to any additional portions of the paragraph, Apple denies the allegations. The current retail prices at which Apple sells its products are stated on the Apple website located at www.apple.com.

88. Apple denies the allegations in Paragraph 88.

## COUNT I

89. Paragraph 89, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

90. Apple denies the allegations in Paragraph 90.

91. Apple denies the allegations in Paragraph 91.

92. Apple denies the allegations in Paragraph 92.

93. Apple denies the allegations in Paragraph 93.

94. Apple denies the allegations in Paragraph 94.

95. Paragraph 95, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

96. Apple denies the allegations in Paragraph 96.

97. Apple denies the allegations in Paragraph 97.

98. Apple denies the allegations in Paragraph 98.

99. Apple denies the allegations in Paragraph 99.

## COUNT II

100. Paragraph 100, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

101. Apple denies the allegations in Paragraph 101.

102. Apple denies the allegations in Paragraph 102.

103. Apple denies the allegations in Paragraph 103.

104. Apple denies the allegations in Paragraph 104.

105. Apple denies the allegations in Paragraph 105.

106. Paragraph 106, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

1     107.    Apple denies the allegations in Paragraph 107.

2     108.    Apple denies the allegations in Paragraph 108.

3     109.    Apple denies the allegations in Paragraph 109.

4     110.    Apple denies the allegations in Paragraph 110.

5     111.    Apple denies the allegations in Paragraph 111.

**COUNT III**

7    112.    In its June 29, 2010 Order, the Court dismissed the claims in Count III, and for that reason Paragraph 112 requires neither dismissal nor denial.

9    113.    In its June 29, 2010 Order, the Court dismissed the claims in Count III, and for that reason Paragraph 113 requires neither dismissal nor denial.

11    114.    In its June 29, 2010 Order, the Court dismissed the claims in Count III, and for that reason Paragraph 114 requires neither dismissal nor denial.

**COUNT IV**

14    115.    Paragraph 115, which purports to incorporate by reference all of the allegations of the Complaint, requires neither admission nor denial.

16    116.    Apple denies the allegations in Paragraph 116.

17    117.    Apple denies the allegations in Paragraph 117.

18    118.    Apple denies the allegations in Paragraph 118.

19    119.    Apple denies the allegations in Paragraph 119.

20    120.    Apple denies the allegations in Paragraph 120.

**COUNT V**

22    121.    In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 121 requires neither dismissal nor denial.

24    122.    In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 122 requires neither dismissal nor denial.

26    123.    In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 123 requires neither dismissal nor denial.

1  124. In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 124 requires neither dismissal nor denial.

125. In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 125 requires neither dismissal nor denial.

126. In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 126 requires neither dismissal nor denial.

127. In its June 29, 2010 Order, the Court dismissed the claims in Count V, and for that reason Paragraph 127 requires neither dismissal nor denial.

## COUNT VI

128. In its June 29, 2010 Order, the Court dismissed the claims in Count VI, and for that reason Paragraph 128 requires neither dismissal nor denial.

129. In its June 29, 2010 Order, the Court dismissed the claims in Count VI, and for that reason Paragraph 129 requires neither dismissal nor denial.

## PRESERVATION OF CLAIMS FOR APPEAL

130. Paragraph 130, which purports to incorporate by reference all of the allegations of the April 19, 2007 Consolidated Complaint, requires neither admission nor denial.

## AFFIRMATIVE DEFENSES

Apple sets forth below its affirmative defenses. Each defense is asserted as to all claims against Apple. By setting forth these affirmative defenses, Apple does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the plaintiffs. Moreover, nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the plaintiffs' allegations.

Apple reserves the right to amend or supplement its affirmative defenses and raise counterclaims as additional facts concerning its defenses become known to it.

As separate and distinct affirmative defenses, Apple alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

#### SECOND AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class lack standing to assert their claims and/or to seek some or all of the requested relief.

#### THIRD AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class have sustained no injury in fact or damages caused by any act or omission of Apple.

#### FOURTH AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class have not suffered and will not suffer any injury that is cognizable under the antitrust laws.

#### FIFTH AFFIRMATIVE DEFENSE

The activities of Apple alleged in the Complaint do not give rise to antitrust liability because they did not result in adverse effects on competition or, in the alternative, any such effects were outweighed by the pro-competitive benefits of the activities.

#### SIXTH AFFIRMATIVE DEFENSE

Defendant Apple has at all times and in all relevant manners acted reasonably, as necessary to serve legitimate business purposes, in furtherance of trade, in good faith, and with the purpose and effect of promoting, encouraging, or increasing competition. Apple has not acted with the purpose or intent to suppress or restrain competition.

#### SEVENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, by the applicable statutes of limitations and/or the doctrine of laches.

#### EIGHTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrine of unclean hands.

#### NINTH AFFIRMATIVE DEFENSE

The claims of the plaintiff and/or others claimed to be members of the putative class are barred, in whole or in part, under the doctrines of waiver and/or estoppel.

#### TENTH AFFIRMATIVE DEFENSE

The claims of the plaintiffs and/or others claimed to be members of the putative class are barred, in whole or in part, because the alleged damages sought are too speculative and uncertain.

### ELEVENTH AFFIRMATIVE DEFENSE

The plaintiffs and/or others claimed to be members of the putative class have failed to mitigate their damages, if any.

WHEREFORE, defendant Apple respectfully requests that this Court:

1. Enter judgment against the plaintiffs and in favor of Apple;
2. Dismiss the Complaint in its entirety, with prejudice;
3. Decline to award the requested relief;
4. Award Apple its costs and reasonable attorneys' fees incurred in this action; and
5. Grant such other and further relief as the Court may deem just and proper.

Dated: July 30, 2010              Respectfully submitted,

                                  Jones Day


                                  By: /s/ David Kiernan
                                      David Kiernan

                                  Counsel for Defendant
                                  APPLE INC.

SFI-645188v6