Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan  #215335
dkiernan@jonesday.com
Michael T. Scott  #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC

** E-filed November 29, 2010 **

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTITRUST LITIGATION | Case No. C 05 00037 JW<br><br>STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING SUPPLEMENT TO STIPULATED PROTECTIVE ORDER |

   WHEREAS, on June 13, 2007, the Court entered the Stipulated Protective Order (the "Protective Order") submitted by the parties;

   WHEREAS, in the course of discovery it may be necessary for parties or nonparties to disclose "Source Code Material" as defined below; and

   WHEREAS, the parties wish to assure the reasonable protection of such "Source Code Material";

   WHEREAS, the parties, through undersigned counsel, stipulate and agree to supplement the Protective Order as follows:

   ///

IT IS THEREFORE STIPULATED that:

1. The Protective Order remains in full force and effect except as herein supplemented.

2. Even where not specifically stated, the protections of the Protective Order are intended to benefit both parties to the action and nonparties alike.

3. Before a party may use non-party documents subject to the Protective Order or this Supplement at trial or on any appeal, the party must confer with the producing non-party and confirm that the procedures established under Paragraph 1 of the Protective Order are acceptable to the non-party with respect to the protection afforded the non-party's documents. Should those procedures not be acceptable to the non-party, then the parties and relevant non-party must meet and confer in good faith to establish reasonable protections for the non-party's documents at trial or on appeal.

4. Regarding Paragraph 7(e), the parties planning to use at deposition a document produced by a non-party and designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" agree to provide notice 24 hours in advance of the deposition to the relevant non-party. The party and relevant non-party agree to work in good faith to resolve any potential issues regarding the use of such documents. The party may not use the document(s) designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" in the deposition until a resolution is reached. Nothing in the Protective Order or this Addendum shall prevent or restrict a party from using a document produced by a non-party and designated as "CONFIDENTIAL – ATTORNEYS EYES ONLY" at a deposition (i) of a witness who prepared, sent or received such document or (ii) of a witness designated as an expert witness for the purpose of this action.

5. For purposes of this Order, "Source Code Material" means source code, scripts, assembly, source code listings, object code, object code listings, descriptions of source code or object code, information from which source code could be derived, and Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip. "Source Code Material" includes human-readable programming language text that defines software, firmware, or electronic hardware descriptions, including without

limitation computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, other translator or other data processing module.  By way of example, "Source Code Material" includes, but is not limited to, files containing code written in "C", "C++", assembler, VHDL, Verilog, digital signal processor (DSP) programming languages or other interpreted or compiled programming languages.  "Source Code Material" further includes "include files," "header files," "make" files, "link" files, "script files," change logs, and other human-readable text files used in the generation and/or building of software directly executed on one or more microprocessors, microcontrollers, DSPs or any other circuitry.

      6. If a party or non-party believes Discovery Material (as defined in Paragraph 2 of the Protective Order) includes Source Code Material, that party or non-party may designate the Discovery Material as "RESTRICTED CONFIDENTIAL SOURCE CODE."  If a party or non-party produces Discovery Material that includes Source Code Material that it did not designate RESTRICTED CONFIDENTIAL SOURCE CODE but later wishes to so designate, it shall be entitled to do so, provided that the party or non-party provides notice to the receiving party.

      7. Any disputes regarding designation of Discovery Material as "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be governed by Paragraph 10 of the Protective Order.

      8. Unless otherwise ordered by this Court or agreed to in writing by the producing party or non-party, Discovery Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be used by the parties only in the litigation of this action, shall not be used for any other purpose (including without limitation any other litigation, patent prosecution or acquisition, or any business or competitive purpose or function), and shall not be revealed to any person except as provided by this Supplement.  Receiving party agrees not to generate object or executable code from the Source Code Material.

      9. The following procedures shall be followed in connection with access to and the production and disclosure of Discovery Material designated RESTRICTED CONFIDENTIAL SOURCE CODE:

      (a) Access to and disclosure of Discovery Material designated RESTRICTED CONFIDENTIAL SOURCE CODE shall be restricted to:

   (i) outside attorneys representing the parties in this action ("Outside Counsel") and employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

   (ii) outside consultants or experts, including consultants or experts designated as expert witnesses ("Outside Experts") and their employees, retained solely for the purpose of this litigation and subject to the provisions, limitations, and requirements set forth in Paragraphs 7(d)(1)-(d)(5) of the Protective Order, and provided that (a) such Outside Expert has completed the undertakings in the forms attached hereto as Exhibits A & B and (b) no unresolved objections to such disclosure exists after proper notice has been given to all parties as set forth in Paragraph 9(b) below;

   (iii) any court reporter, stenographer or videographer retained to record testimony taken in this action; and

   (iv) the Court and its staff.

  (b) Before disclosing Discovery Material designated RESTRICTED CONFIDENTIAL SOURCE CODE or giving access to the "Source Code Computer" (defined below) to an Outside Expert, such Outside Expert must complete the undertakings in the forms attached hereto as Exhibits A & B.  In addition, the party seeking to disclose shall provide the producing party or non-party (i) the undertakings in the forms attached hereto as Exhibits A & B completed by such Outside Expert, (ii) the name of the Outside Expert, (iii) the present employer and title of the Outside Expert, and (iv) a current curriculum vitae of the Outside Expert that includes the identification of any individual or entity with or for whom the Outside Expert is employed or to whom the Outside Expert provides consulting services.  During the pendency of the action, including all appeals, the party seeking to disclose shall provide written notice of any change with respect to the Outside Expert's involvement in the design, development, operation or patenting of the technology areas related to the Source Code Material or the acquisition of intellectual property assets relating to such areas.  The party seeking to disclose the Source Code Material shall provide such other information regarding the person's professional activities reasonably requested by the producing party or non-party for it to evaluate whether good cause

exists to object to the disclosure. Within ten (10) days of receipt of the disclosure of the proposed Outside Expert, the producing party or non-party may object in writing to the proposed Outside Expert for good cause. In the absence of an objection at the end of the ten (10) day period, the Outside Expert shall be deemed approved under this Protective Order. There shall be no disclosure of Source Code Material to any expert or consultant prior to expiration of this ten (10) day period. If the producing party or non-party objects within such ten (10) day period, the parties agree to confer via telephone or in person within seven (7) days following the objection and attempt in good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may seek relief from the Court. The objecting party shall have the burden of justifying the objection. No disclosure shall occur until all such objections are resolved by agreement or Court order. For purposes of this section, "good cause" shall include an objectively reasonable concern that the person will, advertently or inadvertently, use or disclose the material in a way or ways that are inconsistent with the provisions contained in this Order.

(c) Access to a party's or non-party's Source Code Material shall be provided in a private, locked room at the office of its outside counsel or any other location mutually agreed by the affected parties on a secured, "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), and intranet or the Internet) as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any Source Code Material outside or away from the computer on which the Source Code Material is provided for inspection (the "Source Code Computer"). The producing party or non-party shall provide the receiving party with information explaining how to start, log on to, and operate the Source Code Computer.

(i) The Source Code Computer will be made available for inspection between the hours of 8 a.m. and 6 p.m. on business days (i.e., weekdays that are not Federal holidays). However, upon reasonable notice from the receiving party, the producing party or non-party shall make reasonable efforts to accommodate the receiving party's request for access to the Source Code Computer outside of normal business hours. A list of names of persons who will view the Source Code Computer will be provided to the producing party or non-party in

conjunction with any written (including email) notice requesting inspection.  All persons viewing Source Code Computer shall, each day they view Source Code Computer, sign a log that will include the names of persons who enter the locked room to view the Source Code Computer and when they enter and depart.  Unless otherwise agreed in advance by the parties in writing, following each day on which inspection is done under this Order, the receiving party's Outside Counsel and/or Outside Experts shall remove all notes, documents, and all other materials from the room.  The producing party or non-party shall not be responsible for any other items left in the room following each inspection session.

    (ii) The producing party or non-party shall make available Source Code Material in the form in which it is kept in the ordinary course of the producing party's or non-party's business.  The producing party or non-party shall install tools that are sufficient for viewing and searching the code produced, on the platform produced, if such tools exist and are currently used in the ordinary course of the producing party's or non-party's business.  The receiving party's Outside Counsel or Outside Experts may request that additional software tools for viewing and searching Source Code Material (commercial or proprietary) be installed on the Source Code Computer for the review of the Source Code Material subject to the approval of the producing party or non-party.  The receiving party must provide the producing party or non-party with the CD or DVD containing such software tool(s) at least five (5) business days in advance of the date upon which the receiving party wishes to have the additional software tools available for use on the Source Code Computer.

    (iii) In order to verify that its source code has not later been altered, the producing party or non-party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

    (iv) The receiving party's Outside Counsel or Experts shall be entitled to take notes (such as copying function names) relating to the Source Code Material but may not copy the Source Code into the notes.  The producing party or non-party shall make available software on the Source Code Computer for note-taking and shall permit printing of such notes.  No other computer is permitted in the private room with the Source Code Computer.

     (v)  No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein. The producing party or non-party shall make available a printer with commercially reasonable printing speeds for on-site printing during inspection of the Source Code Material. The receiving party's Outside Counsel or Outside Expert may print portions of the Source Code Material only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party, to prepare internal work product materials, or to prepare other necessary case materials such as testifying expert reports, consulting expert written analyses, and related drafts and correspondences. The receiving party's Outside Counsel or Outside Expert shall print only such portions as are reasonably necessary for the purposes for which any part of the Source Code is printed at the time; i.e., the receiving party's Outside Counsel or Outside Expert shall not print portions of Source Code Material in order to review such material elsewhere in the first instance as an alternative to reviewing the material on the Source Code Computer. The printed pages shall constitute part of the Source Code Material produced by the producing party or non-party. Upon printing any such portions of Source Code Material, the printed pages shall be collected by the producing party. The producing party shall bates number and label the material RESTRICTED CONFIDENTIAL SOURCE CODE any pages printed by the receiving party. Within five (5) business days, the producing party or non-party shall then provide one copy set of such pages to the receiving party's Outside Counsel or notify the receiving party's Outside Counsel that it objects that the printed portions are excessive or not reasonably necessary for this litigation. If, after meeting and conferring, the parties cannot resolve the objection, the receiving party may seek relief from the Court.

     (vi)  Other than as provided in Paragraphs 9(c)(iv)-(v) above, the receiving party will not copy, remove, or otherwise transfer any Source Code Material from the Source Code Computer including, without limitation, copying, removing, or transferring the Source Code Material onto any other computers or peripheral equipment. The receiving party

will not transmit any Source Code Material in any way from the producing party's facilities or the offices of its outside counsel of record.

(d)     To the extent a producing party or non-party produces Source Code Material or portions of Source Code Material in a document instead of on the Source Code Computer, either (1) the entire document will be stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE" or (2) those pages containing quoted Source Code Material will be separately stamped and treated as "RESTRICTED CONFIDENTIAL SOURCE CODE."

(e)     The receiving party's Outside Counsel and Outside Experts shall be permitted to make a reasonable number of printouts and photocopies of Source Code Material to be used only in the litigation of this action and for no other purpose, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL SOURCE CODE."  However, the receiving party's Outside Counsel and Outside Experts may have no more than five (5) copies of any portions of the Source Code Material received from a producing party or non-party at any one time, not including copies attached to Court filings or used at depositions.  The receiving party's Outside Counsel and Outside Expert shall maintain a log of all such files that are printed or photocopied, which shall include the names of the reviewers and/or recipients of paper copies and locations where the paper copies are stored.  A copy of the log must be made available for inspection by the producing party or non-party upon request.

(f)     Discovery Materials designated "RESTRICTED CONFIDENTIAL SOURCE CODE" must be stored and maintained at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  Printouts or photocopies of "RESTRICTED CONFIDENTIAL SOURCE CODE" shall be stored in a secured locked area in the offices of such Outside Counsel or Outside Experts that prevents duplication of or unauthorized access to the Source Code Material, including, without limitation, storing the Source Code Material in a locked room or cabinet at all times when it is not in use.  Copies of the printouts or photocopies may also temporarily kept at: (i) the Court for any proceeding(s) relating to the "RESTRICTED CONFIDENTIAL SOURCE CODE," for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the "RESTRICTED

1  CONFIDENTIAL SOURCE CODE" are taken, for the dates associated with the deposition(s);
2  and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies
3  (e.g., a hotel prior to a Court proceeding or deposition).
4        (g)   All paper copies of Source Code Material shall be destroyed in a timely
5  manner if they are no longer in use (e.g., at the conclusion of a deposition) pursuant to Paragraph
6  11 below.
7        (h)   Copies of Source Code Material that are marked as deposition exhibits
8  shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the
9  deposition record will identify the exhibit by its production numbers.
10       (i)   Except as provided in this sub-paragraph, absent express written
11 permission from the producing party or non-party, the receiving party's Outside Counsel or
12 Outside Expert may not create electronic images, or any other images, or make electronic copies,
13 of the Source Code Material from any paper copy of Source Code Material for use in any manner
14 (including by way of example only, the receiving party's Outside Counsel or Outside Expert may
15 not scan the Source Code Material to a PDF or photograph the code), except in the preparation of
16 trial or hearing exhibits. If a party reasonably believes that it needs to include a portion of Source
17 Code Material as part of a trial or hearing exhibit, the exhibit shall be marked as "RESTRICTED
18 " and shall at all times be limited solely to individuals who are expressly authorized to view
19 Source Code Material under the provisions of this Order unless and until the parties have met and
20 conferred about the use of that trial or hearing exhibit in the presence of individuals who are not
21 authorized to view Source Code Material.  Source Code Material may not be transported or
22 transmitted electronically over a network of any kind, including a LAN, an intranet, or the
23 Internet.
24       (j)   Images or copies of Source Code Material shall not be included in
25 correspondence between the parties (references to production numbers shall be used instead), and
26 shall be omitted from pleadings and other papers whenever possible.  If a party reasonably
27 believes that it needs to submit a portion of Source Code Material as part of a filing with the
28 Court, the Source Code Material shall be filed under seal pursuant to the Local Rules of the

1  Northern District of California.  In no case however may a Party submit more Source Code
2  Material as part of a filing with the Court than is necessary to argue the precise point that the
3  Source Code Material supports, and any Source Code Material that is included on the pages
4  submitted but which is not required to argue the precise point that the Source Code Material
5  supports shall be redacted.  The receiving party shall maintain a log of all such electronic copies
6  of any portion of Source Code Material in its possession or in the possession of its retained
7  consultants, including the names of the reviewers and/or recipients of any such electronic copies,
8  and the locations where the electronic copies are stored. Additionally, any such electronic copies
9  must be labeled "RESTRICTED CONFIDENTIAL SOURCE CODE" as provided for in this
10 Order.

11       10.    Absent the written consent of the producing party or non-party, any attorney
12 representing a party, whether in-house or outside counsel, and any person permitted to receive
13 "RESTRICTED CONFIDENTIAL SOURCE CODE," who obtains, receives, has access to, or
14 otherwise learns, in whole or in part, the other party's or non-party's "RESTRICTED
15 CONFIDENTIAL SOURCE CODE" shall not prepare, prosecute, draft, edit, revise, supervise, or
16 assist in the preparation or prosecution of any patent application, reexamination, specifications,
17 claims, and/or responses to office actions pertaining to the field of invention relating to the
18 "RESTRICTED CONFIDENTIAL SOURCE CODE" before any foreign or domestic agency,
19 including the United States Patent and Trademark Office, during the pendency of this Action and
20 for two years after its conclusion, including all appeals.  To ensure compliance with this
21 prohibition, the receiving party or individual shall create an "Ethical Wall" between those persons
22 with access to "RESTRICTED CONFIDENTIAL SOURCE CODE" and any individuals who
23 prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application,
24 specifications, claims, and/or responses to office actions pertaining to the field of invention
25 relating to the "RESTRICTED CONFIDENTIAL SOURCE CODE."

26       11.    Not later than ninety (90) days after the final disposition of this litigation,
27 including all appeals, counsel for each party shall return all Discovery Materials marked
28 "RESTRICTED CONFIDENTIAL SOURCE CODE" received hereunder, including all copies

thereof, to counsel for the party or non-party that produced said materials.  All persons, including Outside Counsel and Outside Experts, who received "RESTRICTED CONFIDENTIAL SOURCE CODE" shall destroy all extracts or summaries of "RESTRICTED CONFIDENTIAL SOURCE CODE" Discovery Materials or documents containing such material.  Certification of such destruction, under penalty of perjury, is to be made in writing to counsel for the party or non-party who produced such Discovery Materials.  The certification shall identify the materials destroyed, the identity of the individual who destroyed the materials, the date on which the materials were destroyed, and the mechanism used to permanently destroy the materials.

12. Exhibits A and B to the Protective Order shall be replaced with Exhibits A and B hereto.

13. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of the Protective Order and this Supplement.

It is hereby **STIPULATED**:

Dated: November 11, 2010     Robbins, Geller, Rudman & Dowd LLP

By: /s/ Bonny E. Sweeney
    Bonny E. Sweeney

Counsel for Direct Purchaser Plaintiff

Dated: November 11, 2010     Jones Day

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant Apple Inc.

Dated: November 29, 2010     IT IS SO ORDERED.

HOWARD R. LLOYD
United States Magistrate Judge

11     Supplement to Stipulated Protective Order
       C 05 00037 JW

# EXHIBIT A

**AGREEMENT TO BE BOUND BY THE STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION**

I, _____, hereby acknowledge that I have read the Stipulation and Protective Order Regarding Confidential Information, and the Supplement to Stipulated Protective Order, entered into on behalf of the parties to *The Apple iPod iTunes Antitrust Litigation*, Case No. C05-00037 JW, filed in the United States District Court, Northern District of California. I understand the provisions prohibiting the disclosure of confidential information for any purpose or in any manner not connected with the prosecution or defense of this action and agree to be bound by all provisions of these documents.

Date: _____   Signature: _____

Print Full Name and Address:_____

# EXHIBIT B

## DECLARATION OF UNDERTAKING AND COMPLIANCE

I, _____, declare:

1. My address is _____.

2. My present employer is _____.

3. My present occupation and job title are _____ _____.

4. I have received a copy of the Protective Order Regarding Confidential Information, and the Supplement to Stipulated Protective Order, entered into on behalf of the parties to *The Apple iPod iTunes Antitrust Litigation*, Case No. C05-00037 JW, filed in the United States District Court, Northern District of California.  I have carefully read and understand the provisions of these documents and agree that I will comply with all provisions contained therein.

5. I am not involved in "competitive decisionmaking" for any party in the above-entitled action, as that term is defined in the Protective Order.  I agree that if I intend at any time to take on responsibility for competitive decisionmaking, I will seek leave of Court to be released from this Protective Order.

6. I agree not to prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of invention relating to the RESTRICTED CONFIDENTIAL SOURCE CODE on behalf of the receiving party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for two years after its conclusion, including any appeals.

7. I agree not to generate object or executable code from materials designated RESTRICTED CONFIDENTIAL SOURCE CODE.

8. I submit to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcement of the Protective Order, and fully understand that violation of the Protective Order is punishable by contempt of Court.

9. I will hold in confidence, and will not disclose to anyone not qualified under the

Protective Order, any Discovery Materials disclosed to me that are designated "Confidential", "Confidential – Attorneys Eyes Only", or "Restricted Confidential Source Code" or any words, summaries or abstracts thereof.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

    Executed this _____ day of _____, _____, at
_____.

_____       _____
        (Print Name)                                                                          (Signature)