Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTITRUST LITIGATION** | Case No.  C 05-00037-JW (HRL)<br><br>[CLASS ACTION]<br><br>**DECLARATION OF DAVID C. KIERNAN IN SUPPORT OF APPLE INC.'S MOTION FOR PROTECTIVE ORDER PREVENTING THE DEPOSITION OF STEVE JOBS**<br><br>Date: January 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 5th Floor<br>**Honorable Howard Lloyd** |

1   I, David C. Kiernan, under penalty of perjury, declare as follows:

2   1.   I am an attorney with the law firm of Jones Day, counsel of record for Defendant Apple Inc. I am an active, licensed member of the State Bar of California. I submit this declaration based on personal knowledge.

3   2.   Attached as **Exhibit 1** to this declaration is a true and accurate copy of portions of Apple Inc.'s ("Apple's) Form 10-K for the fiscal year ended September 25, 2010.

4   3.   Attached as **Exhibit 2** to this declaration is a true and accurate copy of a listing of the Top Grossing Animated Movies of all time, available at http://www.bukisa.com/articles/305786_the-top-grossing-animated-movies. Exhibit 2 reports that 6 of the top 10 grossing animated movies of all time were produced by Pixar, alone or in combination with The Walt Disney Company.

5   4.   Attached as **Exhibit 3** to this declaration is a true and accurate copy of the biography page of Steve Jobs found on The Walt Disney Company's website. The biography page indicates that Mr. Jobs is a director of The Walt Disney Company.

6   5.   On November 3, 2010, Plaintiffs raised the issue of taking the deposition of Mr. Jobs for the first time. Attached as **Exhibit 4** to this declaration is a true and accurate copy of a November 3, 2010 email from Plaintiffs' Counsel, Paula Roach to me conveying Plaintiffs' request to depose Mr. Jobs.

7   6.   The parties engaged in a series of meet-and-confer discussions in November 2010, in which Apple raised its concerns that the deposition of Mr. Jobs was improper and unnecessary. Attached as **Exhibit 5** to this declaration is a true and accurate copy of a November 22, 2010 email exchange between Plaintiffs' Counsel, Xan Bernay, and myself reflecting the initial discussions regarding Mr. Jobs's deposition. Attached as **Exhibit 6** to this declaration is a true and accurate copy of a letter I sent to Plaintiffs' Counsel, Xan Bernay, on November 12, 2010, expressing and summarizing some of Apple's concerns.

8   7.   Attached as **Exhibit 7** to this declaration is a true and accurate copy of a November 16, 2010, letter sent to me by Plaintiffs' counsel, Xan Bernay, regarding the requested deposition of Mr. Jobs.

8. In the course of the parties meet-and-confer efforts, I explained that Plaintiffs have already obtained documents, and would soon depose those Apple witnesses with firsthand knowledge, regarding the limited issues remaining in the case. In fact, to date Apple has produced over one million pages of documents, including documents describing Fairplay updates. Apple also produced source code for FairPlay and the updates thereto. The documents describe, in both highly technical detail and general terms, FairPlay's architecture and technology used by Apple's engineers.

9. Also in the course of the parties meet-and-confer efforts, I identified to Plaintiffs the Apple employees with firsthand knowledge of the facts relating to Apple's decision to implement updates to FairPlay. **Exhibit 6** to this declaration identifies three Apple employees with firsthand knowledge regarding Apple's FairPlay updates.

10. Moreover, I identified the Apple employees who would be designated to provide testimony in response to Plaintiffs' notice of deposition of Apple pursuant to Rule 30(b)(6) on the topics relating to Apple's FairPlay software updates. Attached as **Exhibit 8** to this declaration is a true and accurate copy of a November 15, 2010, letter sent to me by Plaintiffs' counsel, Xan Bernay, identifying the Apple witnesses who have been designated to provide testimony in response to the topics identified in Plaintiffs' Notice of Deposition Pursuant to Federal Rule of Civil Procedure 30(b)(6). In that letter, Apple agreed to make its witnesses with firsthand knowledge regarding FairPlay's updates available for full-day depositions, and even agreed to allow Plaintiffs to take up to nine hours of testimony per witness to give Plaintiffs adequate time with each witness. Those witnesses are:

- Jeffrey Robbin: Mr. Robbin is Apple's Vice President of iTunes who has firsthand knowledge regarding development of the iPod, iTunes client, and the iTunes Store, updates to iTunes, updates to FairPlay included in iTunes 4.7 that are the focus of the amended complaint, and communications with the various record labels regarding security breaches and updates to FairPlay. Mr. Robbin was designated by Apple to provide testimony in response to Plaintiffs' 30(b)(6) topics relating to communications with content providers regarding Apple's updates to FairPlay.

- Augustin Farrugia: Mr. Farrugia is Apple's Senior Director of DRM Technologies with responsibilities for FairPlay engineering, design, and development. Mr. Farrugia was designated by Apple to provide testimony in response to Plaintiffs' 30(b)(6) topics relating to the updates made to FairPlay

- 2 -

DECL. OF DAVID C. KIERNAN ISO APPLE'S
MOT. FOR PROT. ORDER RE JOBS DEP.,
CASE NO. C 05-00037-JW (HRL)

in the iTunes versions following version 6.0.

- <u>Dave Heller</u>.  Mr. Heller is Apple's Director of iTunes Client Engineering and was responsible for FairPlay engineering and development prior to the hiring of Augustin Farrugia.  He has firsthand knowledge regarding updates to iTunes and updates to FairPlay included in iTunes 4.7 that are the focus of the amended complaint.  Mr. Heller was designated by Apple to provide testimony in response to Plaintiffs' 30(b)(6) topics relating to the relationship between iPod firmware and iTunes software and updates made to FairPlay in iTunes versions 6.0 and earlier.

11.  The parties' meet-and-confer efforts were unsuccessful.  Plaintiffs scheduled the depositions of the Apple employees identified as having firsthand knowledge of the facts at issue for December 3, 8 and 15.  But without waiting to exhaust those witnesses' knowledge of the relevant issues, Plaintiffs continued to insist on Mr. Jobs's deposition.

12.  The depositions of Messrs. Robbin and Farrugia have now concluded.  These witnesses were prepared and responded fully to Plaintiffs' questions.  Plaintiffs opted not to take the full nine hours with either of these witnesses.  Plaintiffs have not identified any information they solicited from Apple's 30(b)(6) designees that they could not obtain because such information is uniquely known to Mr. Jobs.

13.  The deposition of Apple's third 30(b)(6) designee, Mr. Heller, is scheduled for December 15.  I had proposed to Plaintiffs that this motion for protective order be filed, if at all, after the deposition of Mr. Heller was concluded.  As I explained, Plaintiffs would then be in a better position to evaluate whether they still believed they need Mr. Jobs's deposition, or whether, as Apple believes, any testimony that Mr. Jobs could provide would be duplicative of the testimony of Apple's other employees.  Attached as **Exhibit 9** to this declaration is a true and accurate copy of a December 8, 2010 email I sent to Plaintiffs' counsel regarding the proposed schedule for the filing of this motion for protective order.

14.  Plaintiffs rejected the proposed schedule and instead insisted that if Apple is to file a motion for protective order, it must do so by December 9.  Attached as **Exhibit 10** to this declaration is a true and accurate copy of a December 9, 2010 email I received from Plaintiffs' counsel, and my response thereto, regarding the proposed schedule for the filing of this motion for protective order.

1

2  I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true
3  and correct.  This declaration was executed on December 9, 2010, in San Francisco, California.

4

5
                                                                                          /s/ *David C. Kiernan*
6                                                                                            David C. Kiernan

7

8  SFI-656656v1

9

10

... (lines 11–28 blank)