| | | |
|---|---|---|
| Subject: | RE: AIIA: Mr. Farrugia's deposition 📎 | 11/22/2010 05:41 PM |
| From: | David Kiernan | |
| | Extension: 3-5745 | |
| To: | Xan Bernay | |
| Cc: | "Paula Roach" | |

    With respect to Mr. Jobs' deposition, your characterization of our meet and confer is inaccurate. On November 5, we did not discuss scheduling. Instead, we discussed whether a deposition would go forward at all. This was the first time we had discussed plaintiffs taking his deposition. After we expressed our respective positions, we agreed to resume our discussion on November 9 after I had a chance to discuss plaintiffs' position with Apple and after you had a chance to look at documents and think about the issue about which he would testify. At no time did you request a date for his deposition or indicate that you would unilaterally pick one without Apple's input. Instead, you indicated that plaintiffs would likely file a motion to compel if the parties reached an impasse.

    Nevertheless, about 15 minutes before our November 9th call, plaintiffs served a notice unilaterally setting November 30 for the deposition. During our call on November 9, we did not discuss scheduling a mutually convenient time. Rather, we continued our discussion whether the deposition was appropriate or necessary given the other depositions. Finally, during our call on November 16, I explained to you that Apple was reconsidering its position and asked for other dates later in December. We did not agree on November 30. To avoid any doubt on this, there is no deposition scheduled for November 30. As I indicated below, Apple is closed this week. Monday is the earliest I will know about whether Apple will agree to one of the suggested dates or whether it will move for a protective order, which Apple will file by December 3.

David C. Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Phone (415) 875-5745
Fax (415) 875-5700

| "Xan Bernay" | David - We can do December 8 for Mr.. Ferrugi... | 11/22/2010 01:22:30 PM |
|---|---|---|

| | |
|---|---|
| From: | "Xan Bernay" <XanB@rgrdlaw.com> |
| To: | "David Kiernan" <dkiernan@JonesDay.com> |
| Cc: | "Paula Roach" <proach@rgrdlaw.com> |
| Date: | 11/22/2010 01:22 PM |
| Subject: | RE: AIIA: Mr. Farrugia's deposition |

David -
We can do December 8 for Mr.. Ferrugia's deposition. We will send an amended notice.

Let's discuss the 30(b)(6) timing issue tomorrow during our call. I agree that we can work something out.

On the deposition of Mr. Jobs, a few points.

Plaintiffs did in fact meet and confer with you in good faith regarding Mr. Jobs' deposition. We originally requested Mr. Jobs' deposition an email from Paula on November 3 and discussed the issue in a call that Friday, November 5. Apple provided no potential deposition dates.

Plaintiffs then sent the deposition notice on November 9 just before our call that same day and mindful of Mr. Jobs' busy schedule set the deposition for three weeks hence. During our call of November 9 we again discussed scheduling the deposition of Steve Jobs. Again, no potential dates were provided by you.

In my November 16 letter I provided several additional dates, including weekend dates, that could work after receiving your letter of November 12 which "continues our meet and confer process" and requested that I take the deposition off calendar. At this point we believe we have more than met our obligations under the Local Rules.

We believe the November 30 date is effective, however we are still willing to move the date if Apple can provide one, so that your motion to be filed on December 3 could be timely.

Thanks,

Xan

---

**From:** David Kiernan [mailto:dkiernan@JonesDay.com]
**Sent:** Monday, November 22, 2010 10:36 AM
**To:** Xan Bernay
**Cc:** Paula Roach
**Subject:** RE: AIIA: Mr. Farrugia's deposition

Thanks, I'll keep my eye out for it.

    With respect to Mr. Jobs' deposition, we disagree that the deposition is on calendar for November 30. The parties never agreed to that date.  Under the local rules, plaintiffs were required to meet and confer about a date before serving the notice, which is particularly true and necessary for selecting a date for the deposition of the CEO of a major company.  Since plaintiffs unilaterally selected November 30 without meeting and conferring on a date, the current notice is ineffective.  In any event, that date will not work for us, which is why I asked for other dates which you proposed in your November 16 letter.  Among other reasons, we're still meeting and conferring with you over whether the deposition will go forward, including reconsidering our position in light of the points raised in your November 16 letter and the scope and timing of any deposition.  Moreover, November 30 is immediately following this week's holiday (Apple is closed November 22 through 26).  We recognize that discovery closes December 20 and have been working with you with that in mind.  In light of the deadline, if we reach an impasse over the deposition, we'll file a motion for a protective order on December 3.

    With respect to the time limits for the corporate designees also being deposed in their corporate capacities, we cannot agree in advance that plaintiffs may depose each of the deponents for a total of nine hours.  The parties have set forth their respective positions and should work in good faith to avoid any problems.  We'll schedule nine hours to allow for additional time should plaintiffs reasonably believe that such time is necessary.  However, Apple reserves the right to object to providing additional time if plaintiffs have not conducted the deposition in good faith to complete it in seven hours.  I'm confident we'll be able to resolve any issues.

    I'll be in and out today, but checking email and voice mail.


David C. Kiernan

Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Phone (415) 875-5745
Fax (415) 875-5700

| | |
|---|---|
| From: | "Xan Bernay" <XanB@rgrdlaw.com> |
| To: | "David Kiernan" <dkiernan@JonesDay.com>, "Paula Roach" <proach@rgrdlaw.com> |
| Date: | 11/19/2010 04:17 PM |
| Subject: | RE: AIIA: Mr. Farrugia's deposition |

We are working on this. I hope to have an answer for you on Monday or even later today. I can tentatively say one of those days will work for us.

Will you be getting back to us regarding Mr.. Jobs' proposed deposition ?  As of now, the November 30th day remains the scheduled date for the deposition because we have not heard from you on the other dates we proposed or received word that you will be seeking a protective order.

Also, we requested you get back to us today regarding our proposal on time limits for the depositions of those people being deposed as both corporate designees and in their personal capacity. Will you be doing so?

Thanks
Xan


**From:** David Kiernan [mailto:dkiernan@JonesDay.com]
**Sent:** Friday, November 19, 2010 12:22 PM
**To:** Xan Bernay; Paula Roach
**Subject:** AIIA: Mr. Farrugia's deposition
**Importance:** High

Xan & Paula: Mr. Farrugia has to reschedule the deposition due to a non-work related issue.  He's available on December 8 and may be able to do the 7th.  Please let me know whether either of those dates work.



David C. Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104

Phone (415) 875-5745
Fax (415) 875-5700

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========