**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Alexandra S. Bernay
XanB@rgrdlaw.com

November 16, 2010

VIA EMAIL & U.S. MAIL

David C. Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

      Re:   *The Apple iPod iTunes Antitrust Litigation,*
              No. C-05-00037-JW (N.D. Cal.)

Dear David:

      I write in response to your letter of November 12, 2010 regarding plaintiffs' Notice of Deposition for Steve Jobs. While we are willing to work with you to negotiate a different day for the deposition prior to the close of fact discovery, we are not willing to completely remove the deposition from the calendar. We propose any of the following dates for Mr. Jobs' deposition: December 13, 14, 15, 16 or 17. We could also potentially have the deposition on a weekend day as well.

      As we discussed during telephone calls on November 5 and November 9, plaintiffs believe Mr. Jobs possesses relevant first-hand information regarding the issues raised in the litigation and, based on the documents produced to date, is an important fact witness. As you know, Rule 26(b)(1) of the Federal Rules of Civil Procedure allows parties to obtain evidence, regarding any matter, not privileged, which is relevant to the claim or defense of any party.

      Plaintiffs here have explained that Mr. Jobs, as a hands-on CEO, was intimately involved in issues related to Apple's efforts to monopolize the online music and portable music player markets. I also explained that Mr. Jobs wrote certain emails regarding market share and issues related to licensing of FairPlay among other documents which plaintiffs wish to questions Mr. Jobs about. Although your letter seeks to marginalize the import of these issues, matters related to whether or not Apple would or would not consider licensing FairPlay are relevant to plaintiffs' claims that Apple successfully monopolized the online music and portable music player markets and took specific steps to maintain those monopolies. The relevance of Mr. Jobs' knowledge of these issues is evident. In part, plaintiffs seek to depose Mr. Jobs regarding emails he drafted and documents he received and commented on. Other witnesses certainly are not in a position to testify regarding these documents because, among



**Robbins Geller**
**Rudman & Dowd LLP**

David C. Kiernan
November 16, 2010
Page 2

other reasons, those other witnesses did not write the documents. Apple is well aware of the documents it has produced to date and plaintiffs need not, as you requested, identify by Bates number the documents it seeks to use in questioning a witness.

Apple is free to file a motion for a protective order if it wishes. As you are aware, a party seeking to obtain a protective order must make a "particularized showing of good cause" as to why the discovery should not take place. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211-12 (9th Cir. 2002). While courts are sometimes willing to protect high-level corporate officers from depositions where the officer has *no first-hand knowledge* of the facts of the case, this is simply not the situation here. *See Kennedy v. Jackson Nat. Life Ins. Co.*, 2010 U.S. Dist. LEXIS 47866 (N.D. Cal. April 22, 2010) (allowing deposition of CEO where the CEO may have relevant personal knowledge regarding the facts of the case).

Plaintiffs urge Apple to reconsider its position and work with plaintiffs on a mutually agreeable date for the deposition of Mr. Jobs.

Very truly yours,

ALEXANDRA S. BERNAY

ASB:jpk

586956_1