# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 875-5745
dkiernan@jonesday.com

November 15, 2010

<u>VIA OVERNIGHT DELIVERY</u>

Alexandra Senya Bernay
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re:   <u>Apple iPod iTunes Antitrust Litigation, Case Nos. C 05-00037 JW; C 06-04457 JW.</u>

Dear Xan:

This letter follows our discussion regarding the 30(b)(6) deposition of Apple regarding software updates. I have set forth below the 30(b)(6) topics and the witnesses Apple has designated to testify with respect to each topic:

1.   A general overview of how updates to FairPlay were developed, distributed, and implemented.

   (a)   David Heller (iTunes 6.0 and earlier)

   (b)   Augustin Farrugia (post iTunes 6.0)

2.   Updates that affected RealNetworks' Harmony.

   (a)   Updates to FairPlay included in iTunes 4.7 that had the effect of disrupting RealNetworks' Harmony, including Apple's knowledge regarding how the updates affected RealNetworks' Harmony

      (i)   David Heller

   (b)   Whether other updates to FairPlay affected later versions of RealNetworks' Harmony and, if any did so, a general overview of such updates and Apple's knowledge regarding how such updates disrupted RealNetworks' Harmony.

      (i)   David Heller (iTunes 6.0 and earlier)

      (ii)  Augustin Farrugia (post iTunes 6.0)

**JONES DAY**

Alexandra Senya Bernay
November 15, 2010
Page 2

3.  Whether Apple issued any updates that prevented the playback of non-iTS digital audio files on iPods and, to the extent that it did, a general description of such updates.

    (a) David Heller (iTunes 6.0 and earlier)

    (b) Augustin Farrugia (post iTunes 6.0)

4.  A general overview of updates issued to address programs that stripped or otherwise circumvented the content protection on iTS files (e.g., programs from the Hymn Project) and how those updates were distributed or otherwise implemented.

    (a) David Heller (iTunes 6.0 and earlier)

    (b) Augustin Farrugia (post iTunes 6.0)

5.  Communications with the content providers regarding Apple's updates to FairPlay.

    (a) Jeff Robbin

6.  A general overview of the relationship between iPod firmware and iTunes software.

    (a) David Heller

As we have discussed, each of the witnesses listed above has personal knowledge regarding the topics for which he has been designated and will be in a position to obtain such other information as is reasonably available to Apple. Moreover, Mr. Robbin also has personal knowledge with respect to many of these topics (in addition to topic 5). Because the 30(b)(6) topics substantially overlap with the witnesses' personal knowledge, Apple objects to producing any of these deponents for more than seven hours. We believe plaintiffs will have more than ample opportunity to obtain the information they seek during the single deposition day, and there truly is no reason to burden any of these witnesses with a second day to cover topics plaintiffs already will have covered.

To avoid motion practice regarding the duration of the depositions, we propose that the parties agree that each witness will sit for one combined deposition (i.e., one deposition during which plaintiffs will depose the witness in his individual capacity and 30(b)(6) capacity) on the following dates: Mr. Robbin on December 3, Mr. Heller on December 9, and Mr. Farrugia on December 15. Plaintiffs will attempt in good faith to complete both the individual and 30(b)(6) portions of the depositions within seven hours. If after seven hours plaintiffs reasonably believe that they need additional time to complete either the individual or 30(b)(6) portion of the deposition, the plaintiffs may request that the deposition continue on that day for a limited amount of time to complete the deposition. In no event, however, shall the depositions extend beyond nine hours. Further, Apple reserves the right to refuse to provide the additional amount

**JONES DAY**

Alexandra Senya Bernay
November 15, 2010
Page 3

of time if Apple believes that plaintiffs have not conducted a particular deposition in a manner designed in good faith to complete the deposition in seven hours; if the parties cannot reach an agreement during a particular deposition, plaintiffs will reserve their right to seek to compel two hours of additional testimony.

Sincerely,

David Kiernan

SFI-654826v1