| Subject: | **Re: Steve Jobs Deposition** 📄 | |
|---|---|---|
| From: | David Kiernan | 12/09/2010 11:07 AM |
| | Extension:  3-5745 | |
| To: | Xan Bernay | |

Xan:

There is no gambit; we were suggesting a sensible schedule in light of the remaining depositions and cut off date.  And we weren't trying to be unfair.  We picked a date for the opposition after Christmas in light of the holidays and to accommodate vacation schedules.  It was our first proposal--I asked for your thoughts.  We also disagree with your characterization regarding the timing of setting another date for the deposition should it be ordered.  You recognized that plaintiffs' interest are protected so long as the deposition is taken before your opposition to Apple's motion for summary judgment is due in February, and the Court abviously has authority to permit the deposition to be taken after the cutoff in these circumstances.

In any event, we'll file the motion for protective order today.  We'll also put in the CMC Apple's request to extend the fact discovery cut-off for the limited purpose of taking the deposition of Steve Jobs should his deposition be ordered by the Court and note that plaintiffs do not oppose.  I'm in all day if you want to discuss.  All the best, David

David C. Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, California 94104
Phone (415) 875-5745
Fax (415) 875-5700

| "Xan Bernay" | David | 12/09/2010 07:40:16 AM |
|---|---|---|

| From: | "Xan Bernay" <XanB@rgrdlaw.com> |
|---|---|
| To: | <dkiernan@jonesday.com> |
| Date: | 12/09/2010 07:40 AM |
| Subject: | Steve Jobs Deposition |

David

I write regarding your email of December 8, 2010.

First, we are surprised by your latest suggestion regarding the deposition of Mr. Jobs considering the parties had already agreed that Apple would either move for a protective order on December 9, 2010 or would move the Court on December 9, 2010, for an Order seeking a new date, outside the discovery cut off, which plaintiffs would not oppose, for the deposition.  This latest gambit by Apple is contrary to those prior agreements between counsel.

Plaintiffs still believe that a deposition of Mr. Jobs is necessary and can assure you this opinion will not change after the other scheduled depositions.  As we have stated on several occasions, Mr. Jobs has personal knowledge regarding a number of issues central to the litigation and the discovery record bears this out.  He drafted numerous

documents in the production, including documents related to Real Networks.  Further, as Mr. Robbin testified, Mr. Jobs was one of the people at Apple involved in the early contract negotiations with the record labels.  He is plainly a proper deponent.

At this stage, we suggest Apple live up to its previous agreement and either move for a protective order on December 9, 2010 or move to change the date to another specific date outside the discovery cut off.  As I told Bob, and can reconfirm here, plaintiffs would not oppose a motion to change the date of the deposition.  If defendants seek to move Mr. Jobs' deposition to a date outside the Court-ordered cut-off date, this must also occur by the 9th and would have to be decided by the Court prior to December 17, 2010 so that the original December 20, 2010 deposition date would not be lost should the Court be unable to timely consider Apple's motion for a new date.

Frankly, your suggested briefing schedule is patently unfair to plaintiffs and we are surprised you would suggest such an obviously biased schedule, particularly where we already had agreement regarding how potential motion practice would unfold.  Under your proposal Apple would be allowed to hold up a properly noticed deposition and force plaintiffs to draft their brief during the Christmas week.  This is simply unworkable, not to mention unfair.

If Apple does not file either a protective order or move to change the date of the deposition to a date certain as previously agreed, plaintiffs will continue to plan on holding Mr. Jobs' deposition on December 20, 2010 as noticed.

Very Truly Yours,

Xan

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========