Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Michael T. Scott (State Bar No. 255282)
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION**<br><br>**This Document Relates To All Matters** | Case No. C-05-00037-JW (HRL)<br>C-06-04457 JW (HRL)<br>C-07-06507 JW (HRL)<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: December 20, 2010<br>Time: 9:00 a.m.<br>Courtroom 8, 4th Floor |

In accord with the Court's July 22, 2010 Order, the parties jointly submit this Case Management Statement.

**I.   PLEADINGS AND DISPOSITIVE MOTIONS**

**A.   Direct Purchaser Action**

On October 28, 2010, the Court set the following briefing schedule for Defendant's renewed Rule 56 motion and Plaintiffs' Renewed Motion for Class Certification:

(1) Defendant's Opening Rule 56 Brief and Plaintiffs' Motion for Class Certification shall be filed on or before January 17, 2011;

1    (2) Plaintiffs' Opposition to Defendant's Rule 56 Brief and Apple's Opposition to
2 Plaintiffs' Motion for Class Certification shall be filed on or before February 28, 2011;
3    (3) Defendant's Reply Brief in Support of its Rule 56 Motion and Plaintiffs' Reply in
4 support of their Motion for Class Certification shall be filed on or before March 28, 2011;
5    (4) The Court will conduct a hearing on both motions on April 18, 2011 at 9 a.m.
6 **B.   Indirect Purchaser Action**
7    On September 13, 2010, Defendant moved to dismiss Indirect Purchaser Plaintiff's
8 amended complaint. The Court's August 11, 2010 Order set the hearing for December 20, 2010.
9    The parties agree that plaintiff will not file a renewed motion for class certification until
10 after the Court decides Defendant's Motion To Dismiss plaintiff's Amended Complaint.
11 **II.   DISCOVERY**
12 **A.   Direct Purchaser Action**
13    Fact Discovery ends on December 20, 2010.
14    <u>Defendant's Request To Extend Fact Discovery For Limited Purpose</u>
15    Defendant requests that the fact discovery cut-off be extended to allow Direct Purchaser
16 Plaintiffs to take the deposition of Apple's Chief Executive Officer, Steve Jobs, if Defendant's
17 motion for a protective order is denied. Direct Purchaser Plaintiffs do not oppose Defendant's
18 request.
19    The deposition was noticed for December 20, 2010 to allow the parties time to meet and
20 confer regarding the deposition with the parties agreeing that Defendant would file a motion for
21 protective order by December 9, 2010. On December 9, 2010, Defendant filed the motion with
22 Judge Lloyd seeking an order preventing the deposition on the grounds that Mr. Jobs does not
23 have unique, non-repetitive, firsthand knowledge about issues relevant to this action that is
24 unavailable from other, less burdensome sources. Pursuant to the Federal Rules, the deposition is
25 off calendar while the motion is pending. *See* Fed. R. Civ. Proc. 37(d) and 1993 Notes
26 thereto; *Societe Civile Succession Guino v. Renoir*, 2008 WL 5157719 *2 (9th Cir. 2008).
27    Subject to this Court's approval, should Judge Lloyd deny Apple's motion for a protective
28 order, the parties will agree upon a date for the deposition that is convenient for the witness and

counsel before Direct Purchaser Plaintiffs' opposition to Defendant's motion for summary judgment is due.

<u>Plaintiffs' Position</u>

Plaintiffs will oppose Apple's motion for a protective order and will request the Court decide the motion on an expedited basis. Based on the documents produced to date, plaintiffs will demonstrate that Mr. Jobs possesses relevant first-hand knowledge regarding issues critical to plaintiffs' case that are properly the subject of deposition testimony. Plaintiffs do not object to potentially scheduling Mr. Jobs' deposition for a date after the discovery cut off should the Court deny defendant's motion. However, plaintiffs are concerned about losing the already noticed deposition date without a ruling by the Court on the protective order. Therefore, plaintiffs previously asked defendants to agree to hold the December 20, 2010 date should the Court not rule by December 17, 2010. No agreement was reached on this point.

**B.     Indirect Purchaser Action**

In accord with this Court's July 22, 2010 Order, discovery shall not commence until the Court addresses Defendant's Motion to Dismiss the Amended Complaint.

Dated: December 10, 2010              Jones Day

                                      By: /s/
                                          Robert A. Mittelstaedt

                                      Counsel for Defendant
                                      APPLE INC.

Dated: December 10, 2010              Coughlin Stoia Geller Rudman & Robbins LLP

                                      By: /s/
                                          Paula Roach

                                      Counsel for Direct Purchaser Plaintiffs

Dated: December 10, 2010              Zeldes & Haeggquist, LLP

                                      By: /s/
                                          Helen I. Zeldes

                                      Counsel for Plaintiff Stacie Somers