
ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE INC.'S MOTION FOR A PROTECTIVE ORDER PREVENTING THE DEPOSITION OF STEVE JOBS |
| | JUDGE: Hon. Howard R. Lloyd<br>DATE: January 18, 2011<br>TIME: 10:00 a.m.<br>CTRM: 2 – Fifth Floor |

[REDACTED]

589726_1

I, ALEXANDRA S. BERNAY, hereby declare as follows:

1. I am an attorney duly licensed to practice before all of the courts of the state of California. I am associated with the law firm of Robbins Geller Rudman & Dowd LLP, Co-Lead Class Counsel of record for Plaintiffs Melanie Tucker, Mariana Rosen and Somtai Troy Charoensak in this action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2. On November 3, 2010, Paula M. Roach, an associate at my firm, sent Apple's counsel an email informing counsel that Plaintiffs planned to notice the depositions of Patrice Gautier and Steve Jobs. Ms. Roach suggested discussing scheduling on Friday, November 5, 2010 for these depositions along with other depositions that were previously noticed.

3. On November 5, 2010, I participated in a conference call with Apple's counsel in which the scheduling of Mr. Jobs' deposition was discussed. At that time, Apple's counsel did not provide dates for the deposition. During the call I explained that Plaintiffs had reviewed documents written by Mr. Jobs that indicated he had important information relevant to Plaintiffs' claims.

4. On November 9, 2010, counsel for Plaintiffs sent a deposition notice to Apple for Mr. Jobs' deposition with a date of November 30, 2010. Ex. 14, attached hereto. That same day, the parties again met telephonically to discuss discovery related matters, including the deposition of Mr. Jobs. Plaintiffs explained that Mr. Jobs drafted numerous emails that were relevant to the action and that he was a proper deponent. Apple's counsel did not specifically object to the deposition, but stated that they would consider it.

5. On November 12, 2010, Plaintiffs received a letter from Apple's counsel continuing the meet and confer process. Defendant asked that the deposition be taken off calendar for November 30, 2010 and stated that it was Apple's position that the deposition was "unnecessary." ████████████████████████████████████████████████████████████████ Apple's counsel also requested Bates numbers of the documents Plaintiffs wished to question Mr. Jobs regarding.

6. On November 16, 2010, I wrote back to Apple's counsel. In that letter, Plaintiffs suggested a number of potential dates for Mr. Jobs' deposition and again reiterated that Mr. Jobs

589726_1

DEC. OF ALEXANDRA S. BERNAY ISO PLTFS' OPPOSITION TO APPLE INC.'S MOTION FOR A PROTECTIVE ORDER PREVENTING THE DEPOSITION OF STEVE JOBS - C-05-00037-JW(HRL) - 1 -

1  possesses relevant first-hand information regarding issues raised in the litigation. ▮▮▮
2  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
3  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
4  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
5  ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
6  ▮▮▮▮▮▮▮ Plaintiffs declined to provide Bates numbers of the documents they wished to use at
7  Mr. Jobs' deposition.
8      7.   On November 19, 2010, I emailed Apple's counsel asking Apple to get back to
9  Plaintiffs regarding Mr. Jobs' proposed deposition. I explained that the November 30, 2010 day was
10 the operative date as Apple had not contacted Plaintiffs with other suggested dates nor told Plaintiffs
11 that a protective order would be sought.
12     8.   On November 22, 2010, Apple's counsel emailed me and stated that Apple believed
13 the parties were still meeting and conferring regarding the deposition and that Apple would file a
14 motion for a protective order, if necessary, by December 3, 2010.
15     9.   The parties had another telephonic meeting on November 23, 2010, and at that time
16 Plaintiffs agreed to re-notice the deposition of Mr. Jobs for December 20, 2010 to give the parties
17 additional time to discuss scheduling. Apple agreed that it would either file a motion for a protective
18 order by December 3, 2010 or would move the Court for an order rescheduling the deposition to a
19 mutually convenient time.
20     10.  On December 3, 2010 counsel for Apple and counsel for Plaintiffs discussed the
21 deposition of Mr. Jobs during a break at the deposition of Jeffrey Robbin. At that time, Plaintiffs
22 again explained why they believed the deposition was necessary. The parties agreed that any motion
23 for a protective order would be filed by December 9, 2010. Counsel for Apple agreed that they
24 would either file a protective order or would request the Court extend the discovery cut-off in a
25 limited way so that Mr. Jobs' schedule could be accommodated. Plaintiffs agreed that they would
26 not oppose any such motion for an extension.
27     11.  On December 8, 2010, I received an email from Apple's counsel requesting that the
28 parties agree to a briefing schedule for a motion for protective order "should one become necessary."

589726_1   DEC. OF ALEXANDRA S. BERNAY ISO PLTFS' OPPOSITION TO APPLE INC.'S MOTION FOR A
PROTECTIVE ORDER PREVENTING THE DEPOSITION OF STEVE JOBS - C-05-00037-JW(HRL)   - 2 -

1  Apple stated that it still believed Mr. Jobs' deposition was unnecessary and that once Plaintiffs
2  complete the depositions of Augustin Farrugia and Dave Heller they will recognize that Mr. Jobs'
3  deposition will be unnecessary. Apple proposed that if Plaintiffs should continue to insist on taking
4  Mr. Jobs' deposition, Apple will file any motion for protective order on December 17, 2010,
5  Plaintiffs' opposition would be filed on December 31, 2010 and Apple's reply would be filed on
6  January 11, 2011. Apple also stated that should its motion be unsuccessful, the parties would work
7  out a convenient date for Mr. Jobs deposition.

8      12.    I returned Apple's counsel's email the same day and requested that Apple abide by its
9  previous agreement to file a motion for protective order on December 9, 2010, if one was necessary.
10 I once again reiterated that Mr. Jobs was a proper deponent because he has personal knowledge
11 regarding a number of issues central to the litigation and this would not change after the other
12 scheduled depositions. I also informed Apple's counsel that the suggested briefing schedule was
13 unfair to Plaintiffs given the upcoming holiday and discovery cut-off.

14     13.    The next day, on December 9, 2010, Apple's counsel wrote back and stated that
15 Apple would file its motion for protective order that same day.

16     14.    Before November 15, 2010, Apple had produced less than 150,000 pages of
17 documents even though most of the discovery requests to which the documents are responsive were
18 served in 2009. In the last four weeks, Apple has produced more than one million pages of
19 documents. And while some of that volume may be due to formatting issues, Plaintiffs have not yet
20 had an opportunity to review the entire production.

21     15.    Attached hereto are true and correct copies of the following documents:

| | |
|---|---|
| Exhibit 1: | Apple_AIIA00090405-07 **[filed under seal]**; |
| Exhibit 2: | Apple_AIIA_00090441-43 **[filed under seal]**; |
| Exhibit 3: | Apple_AIIA00099408-09 **[filed under seal]**; |
| Exhibit 4: | Apple_AIIA00093875-76 **[filed under seal]**; |
| Exhibit 5: | Jim Dalrymple, *Apple Accuses RealNetworks of Hacking*, PCWorld.com (July 30, 2004); |
| Exhibit 6: | Relevant excerpts from the deposition of Jeffrey L. Robbin, taken December 3, 2010 **[filed under seal]**; |

| | | |
|---|---|---|
| 1 | Exhibit 7: | Relevant excerpts from the deposition transcript of Eddy Cue, taken December 17, 2010 **[filed under seal]**; |
| 2 | Exhibit 8: | Apple_AIIA00320482-84 **[filed under seal]**; |
| 3 | Exhibit 9: | Apple_AIIA00093477-80 **[filed under seal]**; |
| 4 | Exhibit 10: | Apple_AIIA00098491-93 **[filed under seal]**; |
| 5 | Exhibit 11: | Apple_AIIA00098511-12 **[filed under seal]**; |
| 6 | Exhibit 12: | *PT Technologies v. Apple Computer*, No. 98-cv-01804 Order Denying Defendant Apple's Motion for a Protective Order (N.D. Cal. Dec. 7, 2000); |
| 7-8 | Exhibit 13: | *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation*, No. 1:05-md-1720-JG-JO, Order Denying Motion for Protective Order (E.D.N.Y. Sept. 16, 2008); |
| 9 | Exhibit 14: | Plaintiffs' Notice of Deposition of Steve Jobs, dated November 9, 2010; and |
| 10-11 | Exhibit 15: | Plaintiffs' Amended Notice of Deposition of Steve Jobs, dated November 24, 2010. |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 20th day of December, 2010, at San Diego California.

                                                    s/ Alexandra S. Bernay
                                                  ALEXANDRA S. BERNAY

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 20, 2010.

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:   xanb@rgrdlaw.com

589726_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)