# EXHIBIT 1
# [Filed Under Seal]

# EXHIBIT 2
# [Filed Under Seal]

# EXHIBIT 3
# [Filed Under Seal]

# EXHIBIT 4
# [Filed Under Seal]

# EXHIBIT 5

# Apple Accuses RealNetworks of Hacking

## RealNetworks reaffirms commitment to Harmony software that extends tunes to any player.

By Jim Dalrymple
Jul 30, 2004 11:00 AM

Apple has issued a statement accusing RealNetworks of hacker-like tactics for its Harmony technology, which will allow content from Real's music store to be played on Apple's IPod.

RealNetworks announced earlier this week that its updated software will let songs downloaded from its own music store be played on a variety of devices. The company quickly shot back to Apple's rebuke, saying it has done nothing wrong, and reaffirming its commitment to developing Harmony.

"We are stunned that RealNetworks has adopted the tactics and ethics of a hacker to break into the IPod, and we are investigating the implications of their actions under the DMCA and other laws, says Apple's statement. "We strongly caution Real and their customers that when we update our IPod software from time to time it is highly likely that Real's Harmony technology will cease to work with current and future IPods.

For its part, Real Networks says customers have welcomed the introduction of Harmony.

"Consumers, and not Apple, should be the ones choosing what music goes on their IPod," Real Networks says in a statement to MacCentral.

## A Legal Matter?

Apple's statement says the company will investigate the implications of RealNetwork's actions under the Digital Millennium Copyright Act. But representatives of RealNetworks say they are following well-established tradition of fully legal independent developed paths to achieve compatibility.

"There is ample and clear precedent for this activity, for instance the first IBM compatible PCs from Compaq," RealNetworks says in its statement. "Harmony creates a way to lock content from Real's music store in a way that is compatible with the IPod, Windows Media DRM devices, and Helix DRM devices. Harmony technology does not remove or disable any digital rights management system. Apple has suggested that new laws such as the DMCA are relevant to this dispute. In fact, the DMCA is not designed to prevent the creation of new methods of locking content and explicitly allows the creation of interoperable software."

Jupiter Research Senior Analyst Joe Wilcox is cautious about commenting on legal issues, but notes that Apple has other ways to deal with RealNetworks.

"I assume Real wouldn't have taken the risk without confidence there would be no legal consequences," Wilcox says. "However, there are always technological consequences.

Real reiterates its commitment to Harmony "and to giving millions of consumers who own portable music devices, including the Apple IPod, choice and compatibility."

# EXHIBIT 6
# [Filed Under Seal]

# EXHIBIT 7
# [Filed Under Seal]

# EXHIBIT 8
# [Filed Under Seal]

# EXHIBIT 9
# [Filed Under Seal]

# EXHIBIT 10
# [Filed Under Seal]

# EXHIBIT 11
# [Filed Under Seal]

# EXHIBIT 12



UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PT TECHNOLOGIES,   )
     Plaintiff(s),  ) Case No. C 98-01804 PJH (MEJ)
         )
         ) ORDER DENYING DEFENDANT
vs.       ) APPLE'S MOTION FOR A
         ) PROTECTIVE ORDER
APPLE COMPUTER, et al.,  )
         )
     Defendant(s).  )
_____)

On December 7, 2000, a discovery hearing was held before the Honorable Maria-Elena James regarding Defendant Apple's motion filed October 31, 2000, for a protective order regarding Steve Jobs.

Defendant Apple seeks a protective order pursuant to Federal Rule of Civil Procedure 26 (c) regarding the deposition of Steve Jobs, CEO of Apple and Pixar. Federal Rule of Procedure 26(c) provides that for good cause shown a Court make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

Defendant Apple seeks a protective order on essentially three grounds (1) it would be an undue burden for Mr. Jobs to submit to the deposition due to his position as CEO of two companies; (2) Mr. Jobs has no knowledge regarding the Plaintiff and Defendant Umax; and (3) Fred Anderson is the most knowledgeable person about Apple's licensing program.

A set forth in Judge Armstrong's Order of April 21, 2000:

1

Powertools has brought this action alleging violations of federal and state antitrust laws and other state statutes, as well as common law claims against Apple Computer, Inc., Umax Computer Corporation and Umax Data Systems, Inc. Powertools alleges that the defendants conspired to prevent it from selling its X-Factor and X-Force computers in the commercial desktop publishing computer market and the commercial Macintosh compatible desktop publishing computer marker by blocking its supply of the products it needed to compete in those markets....Powertools claims that it entered into an OEM Agreement with defendant Umax Data Systems under which it was entitled to purchase certain products, but that, under pressure from defendants Apple and UCC, UDS breached that contract and refused to supply Powertools with any products. In addition, Powertools alleges that Apple and UCC defamed and libeled Powertools.

Judge Armstrong's April 21, 2000, Order further stated that "[a]t a minimum, there are disputed issues of fact as to (a) whether Apple used its intellectual property rights as a pretext for preventing Powertools from competing in the relevant markets, (b) the reasons for and circumstances surrounding Umax Data Systems, Inc.'s failure to sell products to Powertools."

Plaintiff claims that Mr. Jobs has personal knowledge regarding the subject matter of the action and that he is in fact a percipient witness to the events that give rise to Plaintiff's antitrust claims.

The Court finds the case before it distinguishable from those cases cited by Defendant Apple in support of its motion. Here, Plaintiff has filed, among other claims, an antitrust claim against Defendant Apple. Steve Jobs attests that he is not "the most knowledgeable about the Apple licensing program, or the factors leading to the eventual end of that program." Steve Jobs does not say that he does not have relevant information regarding the decision to terminate the Apple licensing program. Fred Anderson's declaration does not say that he was the decision maker with respect to the termination of the Apple licensing program. While the Court does not doubt that Fred Anderson may have relevant information regarding the claims made by Plaintiff, the Court finds Defendant Apple has not established that Steve Jobs does not have unique and highly relevant information to the claims at bar, that Fred Anderson does not have. In particular, the deposition testimony of Gil Amelio and Michael Bordelon, conveys to this Court evidence that Mr. Jobs had a unique role with respect to Apple's licensing program.

2

See Plaintiff's Oppos. Exhibits B and C. The fact that Steve Jobs may not have personal knowledge regarding Powertools itself, does not negate relevant information that Steve Jobs may have about the claims at bar.

Moreover, the Court does not find that the burden on Steve Jobs and Apple or Pixar, outweighs need for Mr. Jobs' deposition to take place in this action. Based on the nature of the action and Plaintiff's argument at the hearing, the Court finds that written deposition questions would not provide Plaintiff with the opportunity to assess Mr. Jobs testimony as a percipient witness.

Accordingly, the Court finds that Defendant Apple has not presented to the Court good cause within the meaning of Federal Rule 26 to grant Defendant Apple's motion for a protective order. While Defendant Apple has not requested, the Court does find good cause to order the deposition of Steve Jobs to be conducted at a place and time of his designation within the next 45 days in order to alleviate the burden on him and the two companies which he is CEO. The deposition testimony shall last no longer than three hours.

IT IS SO ORDERED.

DATED: December 7, 2000

MARIA-ELENA JAMES
United States Magistrate Judge

3

# UNITED STATES DISTRICT COURT
### for the Northern District of California

### * * CERTIFICATE OF SERVICE * *

I, the Undersigned, Hereby, Certify That I Am an Employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 7, 2000, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Richard W. Wieking, Clerk
By: Brenda Tolbert

Leonard B. Simon
Sharon T. Maier
Michael A. Bowse
Milberg Weiss Bershad Hynes & Lerach LLP
600 W Broadway, Suite 1800
One America Plaza
San Diego, CA 92101

Daniel H. Bryne
Ford Dennison & Bryne
98 San Jacinto Blvd, Suite 2000
Austin, TX 78701

Peter E. Ferraro
Peter E. Ferraro Law Offices
715 West 23rd Street, Suite E
Austin, TX 78705

Kimberly C. Epstein
Milberg Weiss Bershad Hynes & Lerach
100 Pine St, Suite 2600
San Francisco, CA 94111

///
///

Patrick Lynch
Mark A. Samuels
George A. Riley
Robert Vanderet
O'Melveny & Myers
400 So Hope Street, Suite 1060
Los Angeles, CA 90071

Peter J. Engstrom
Bruce H. Jackson
Baker & McKenzie
Two Embarcadero Center, 24th Floor
San Francisco, CA 94111

5

EXHIBIT 13

**U.S. District Court**
**Eastern District of New York (Brooklyn)**
**CIVIL DOCKET FOR CASE #: 1:05-md-01720-JG -JO**

| | |
|---|---|
| In re Payment Card Interchange Fee and Merchant Discount Antitrust Litigation | Date Filed: 10/20/2005 |
| | Jury Demand: Both |
| Assigned to: Judge John Gleeson | Nature of Suit: 410 Anti-Trust |
| Referred to: Magistrate Judge James Orenstein | Jurisdiction: Federal Question |
| Member case: (View Member Case) | |
| Cause: 15:1 Antitrust Litigation | |

| | |
|---|---|
| 09/16/2008 | ORDER denying 1075 Motion for Protective Order -- The Chase defendants' application for a protective order precluding the deposition of JPMorgan Chase & Co. Chairman and Chief Executive Officer, James L. Dimon, is denied. Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C)(i), the Chase defendants failed to demonstrate that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive[.]" Fed. R. Civ. P. 26(b)(2)(C)(i). With respect to the burden on the deponent, the movants make the implicit but untenable assertion that no deposition burden at all may be imposed on Mr. Dimon, apparently due his status as Chief Executive Officer, absent an affirmative showing of need by the plaintiffs. See DE 1075 at 2 ("There is no reason for burdening Mr. Dimon's extremely demanding schedule with a deposition in this case."). That is not the law, *see General Star Indemnity Co. v. Platinum Indemnity Ltd.*, 210 F.R.D. 80, 83 (S.D.N.Y. 2002) ("high ranking corporate executives are not automatically given special treatment which excuses them from being deposed") (quoting *Kuwait Airways Corp. v. American Security Bank, N.A.*, 1987 WL 11994, at *4 (D.D.C. May 26, 1987)); *see also CBS, Inc. v. Ahern*, 102 F.R.D. 820, 822 (S.D.N.Y. 1984) ("the fact that the witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery"), and the movants have done nothing to show that Mr. Dimon's schedule is any more demanding than the schedules of the many other witnesses and attorneys participating in this litigation. Ordered by Magistrate Judge James Orenstein on September 16, 2008. (Kochendorfer, Kate) (Entered: 09/16/2008) |

EXHIBIT 14

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
  BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
  ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
  655 West Broadway, Suite 1900
5  San Diego, CA 92101
  Telephone: 619/231-1058
6  619/231-7423 (fax)
  johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
  tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
  proach@rgrdlaw.com
9
  THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
  1101 30th Street, N.W., Suite 500
11 Washington, DC 20007
  Telephone: 202/625-4342
12 202/330-5593 (fax)
  rak@katriellaw.com
13
  Co-Lead Counsel for Plaintiffs
14
  [Additional counsel appear on signature page.]
15
              UNITED STATES DISTRICT COURT
16
             NORTHERN DISTRICT OF CALIFORNIA
17
                 SAN JOSE DIVISION
18

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' NOTICE OF DEPOSITION OF STEVE JOBS |
| ALL ACTIONS. | |

19

20

21

22

23

24

25

26

27

28

585950_1

1    PLEASE TAKE NOTICE pursuant to Rules 26 and 30(b)(1) of the Federal Rules of Civil

2  Procedure, plaintiffs, by their attorneys, will take the deposition of Steve Jobs at 9:30 a.m., or

3  thereafter, on November 30, 2010, at Robbins Geller Rudman & Dowd LLP, Post Montgomery

4  Center, One Montgomery Street, Suite 1800, San Francisco, CA 94104. The deposition will be

5  before a person authorized by law to administer oaths and will continue from one day to the next,

6  excluding Sundays and holidays, until the examination is completed.

7    PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by using the

8  stenographic method, through the instant visual display of testimony and by audio and videotaped

9  means.

10  DATED: November 9, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH

*Paula Roach*

PAULA M. ROACH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY  10016
Telephone:  212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

<u>DECLARATION OF SERVICE BY MAIL AND EMAIL</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on November 9, 2010, declarant served the **PLAINTIFFS' NOTICE OF DEPOSITION OF STEVE JOBS** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

4.      Also on November 9, 2010, I served the attached **PLAINTIFFS' NOTICE OF DEPOSITION OF STEVE JOBS** on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 9, 2010, at San Diego, California.



TRACY L. CULLEN

585950_1

APPLE TYING

Service List - 11/9/2010    (06-0171)

Page 1 of 1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
  415/626-3939
  415/875-5700 (Fax)


**Counsel For Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
  602/274-1100
  602/274-1199 (Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
  310/836-6000
  310/836-6010 (Fax)


Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
  212/907-0700
  212/818-0477 (Fax)

Jacqueline  Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
  212/682-1818
  212/682-1892 (Fax)


John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423 (Fax)

Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC  20007
  202/625-4342
  866/373-4023 (Fax)

EXHIBIT 15

1  ROBBINS GELLER RUDMAN
       & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC  20007
   Telephone:  202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                 UNITED STATES DISTRICT COURT
16
                NORTHERN DISTRICT OF CALIFORNIA
17
                      SAN JOSE DIVISION
18
   THE APPLE IPOD ITUNES ANTI-TRUST       )   Lead Case No. C-05-00037-JW(HRL)
19 LITIGATION                             )
                                          )   CLASS ACTION
20 _____)
                                          )   PLAINTIFFS' AMENDED NOTICE OF
21 This Document Relates To:              )   DEPOSITION OF STEVE JOBS
                                          )
22        ALL ACTIONS.                    )
   _____)
23

24

25

26

27

28

1    PLEASE TAKE NOTICE pursuant to Rules 26 and 30(b)(1) of the Federal Rules of Civil

2  Procedure, plaintiffs, by their attorneys, will take the deposition of Steve Jobs at 9:30 a.m., or

3  thereafter, on December 20, 2010, at the offices of Jones Day, 1755 Embarcadero Road, Palo Alto,

4  California 94303. The deposition will be before a person authorized by law to administer oaths and

5  will continue from one day to the next, excluding Sundays and holidays, until the examination is

6  completed.

7    PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by using the

8  stenographic method, through the instant visual display of testimony and by audio and videotaped

9  means.

10  DATED: November 24, 2010            ROBBINS GELLER RUDMAN
                                          & DOWD LLP
11                                       JOHN J. STOIA, JR.
                                         BONNY E. SWEENEY
12                                       THOMAS R. MERRICK
                                         ALEXANDRA S. BERNAY
13                                       PAULA M. ROACH

14

15                                              _Paula Roach_____
                                                    PAULA M. ROACH
16
                                         655 West Broadway, Suite 1900
17                                       San Diego, CA 92101
                                         Telephone: 619/231-1058
18                                       619/231-7423 (fax)

19                                       THE KATRIEL LAW FIRM
                                         ROY A. KATRIEL
20                                       1101 30th Street, N.W., Suite 500
                                         Washington, DC 20007
21                                       Telephone: 202/625-4342
                                         202/330-5593 (fax)
22
                                         Co-Lead Counsel for Plaintiffs
23
                                         BONNETT, FAIRBOURN, FRIEDMAN
24                                        & BALINT, P.C.
                                         ANDREW S. FRIEDMAN
25                                       FRANCIS J. BALINT, JR.
                                         ELAINE A. RYAN
26                                       TODD D. CARPENTER
                                         2901 N. Central Avenue, Suite 1000
27                                       Phoenix, AZ 85012
                                         Telephone: 602/274-1100
28                                       602/274-1199 (fax)

1

2
BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280

3
Los Angeles, CA 90064
Telephone: 310/836-6000

4
310/836-6010 (fax)

5
MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY

6
JACQUELINE SAILER
275 Madison Avenue, Suite 801

7
New York, NY 10016
Telephone: 212/682-1818

8
212/682-1892 (fax)

9
GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG

10
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067

11
Telephone: 310/201-9150
310/201-9160 (fax)

12
Additional Counsel for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE BY MAIL AND EMAIL

I, the undersigned, declare:

1.     That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.     That on November 24, 2010, declarant served the **PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF STEVE JOBS** by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.     That there is a regular communication by mail between the place of mailing and the places so addressed.

4.     Also on November 24, 2010, I served the attached **PLAINTIFFS' AMENDED NOTICE OF DEPOSITION OF STEVE JOBS** on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS**:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on November 24, 2010, at San Diego, California.



TRACY L. CULLEN

APPLE TYING
Service List - 11/24/2010  (06-0171)
Page 1 of  1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
  415/626-3939
  415/875-5700 (Fax)

**Counsel For Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
  602/274-1100
  602/274-1199 (Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
  310/836-6000
  310/836-6010 (Fax)

Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
  212/907-0700
  212/818-0477 (Fax)

Jacqueline  Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
  212/682-1818
  212/682-1892 (Fax)

John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423 (Fax)

Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC  20007
  202/625-4342
  866/373-4023 (Fax)