Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan  #215335
dkiernan@jonesday.com
Michael Scott  #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION TO SEAL**<br><br>**Judge**:  Honorable Howard R. Lloyd<br>**Date**:    January 18, 2011<br>**Time:**   10:00 a.m.<br>**Place:**   Courtroom 2-5th Floor |

**I.    INTRODUCTION**

Pursuant to Local Rule 79-5, Apple supports Plaintiffs' Amended Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Apple Inc.'s Motion for Protective Order Preventing Deposition of Steve Jobs (Dkt. 404), Portions of the Bernay Declaration and Exhibits 1-4 and 6-11 Pursuant to Local Rule 79-5(b) and (c) (Dkt. 402), specifically the portions of that Opposition and Declaration that refer to information that Apple designated as "Confidential—

1 Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential

2 Information ("Protective Order") entered June 13, 2009 (Dkt. 112), and which the Court

3 previously sealed in Apple's Motion to Dismiss and the declaration of Jeffrey Robbin in support

4 thereof.  Dkt. 340.

5 Apple files this response and the accompanying Declaration of Eddy Cue in Support of

6 Defendant's Response to Plaintiffs' Amended Administrative Motion to File Under Seal ("Cue

7 Declaration" or "Cue Decl.") in support of a narrowly tailored order authorizing sealing those

8 documents, on the grounds that there is good cause to protect the confidentiality of that

9 information.  The proposed sealing order is based on the Protective Order in this action and proof

10 that particularized injury to defendant will result if the sensitive information is publicly released.

## II.   STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c).  Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III.   ARGUMENT

### A.   There is Good Cause to Support Filing under Seal.

The Cue Declaration establishes good cause to permit filing under seal.  It establishes that the redacted portions of Plaintiffs' Opposition to Apple's Motion for Protective Order Preventing the Deposition of Steve Jobs (Dkt. 404) and the Bernay Declaration (Dkt. 405) contain highly confidential and sensitive information that must be kept confidential in order to avoid causing substantial harm to Apple.  *See* Cue Decl., ¶ 3-9.

The redacted information specifically relates to (1) sensitive contract terms and communications with record labels; (2) updates to Apple's FairPlay digital rights management technology; and (3) decisions by Apple employees regarding Apple's business strategy.  *See* Cue

Decl., ¶ 3.

### 1. The Redacted Information Includes Sensitive Contract Terms and Highly Confidential Communications with Record Labels.

The redacted portions of pages 4 and 10-11 of Plaintiffs' Opposition to Apple Inc.'s Motion for Protective Order (Dkt. 404) and Exhibits 1 and 6-7 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information regarding sensitive contract terms and communications with record labels. *See* Cue Decl., ¶ 4.

The redacted contract terms and communications with record labels are highly confidential and should not be publicly disclosed. *See* Cue Decl., ¶ 5. Apple's contracts with record labels are subject to confidentiality provisions and were produced to plaintiffs pursuant to the Protective Order. *Id.* Similarly, Apple's communications with the record labels contain highly confidential, commercially sensitive business information and were produced to plaintiffs pursuant to the Protective Order. *Id.* The public disclosure of this highly confidential information would cause substantial harm to Apple. *Id.*

### 2. The Redactions Include Highly Confidential Information Regarding Updates to FairPlay.

The redactions on Pages 4-8 of Plaintiffs' Opposition to Apple Inc.'s Motion for Protective Order (Dkt. 404) and Page 1 and Exhibits 2, 4, 5, 6,7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) include highly confidential and commercially sensitive business information, including information regarding updates to Apple's FairPlay digital rights management technology. *See* Cue Decl., ¶ 6.

The redacted information regarding updates to FairPlay is highly confidential and should not be publicly disclosed. *See* Cue Decl., ¶ 7. FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. *Id.* The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. *Id.* Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. *Id.* The public disclosure of this highly confidential

information would cause substantial harm to Apple. *Id.*

For these reasons, the Court has previously granted Apple's motions to file under seal information relating to updates to FairPlay. On March 12, 2010, the Court issued an order to seal descriptions of updates to FairPlay in the declaration of Jeffrey Robbin in support of Apple's Motion to Dismiss or Alternatively, for Summary Judgment and the documents attached thereto, and Apple's Motion to Dismiss (Dkt. 340). The Court also granted motions to seal similar information in Plaintiffs' Opposition (Dkt. 353) and Apple's Reply (Dkt. 361).

### 3. The Redactions Include Highly Confidential and Commercially Sensitive Information Relating to Key Business Decisions at Apple.

The redactions on Pages i, 1, 3, 6-9, and 11-12 of Plaintiffs' Opposition to Apple Inc.'s Motion for Protective Order (Dkt. 404) and Page 2 and Exhibits 2, 4, 5, 6,7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information relating to business decisions or strategies at Apple. *See* Cue Decl., ¶ 8.

The redacted information relating to business decisions and strategy is highly confidential and should not be publicly disclosed. *See* Cue Decl., ¶ 9. The information was produced to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's business strategies would put Apple at a significant business disadvantage.

## IV. CONCLUSION

Defendant respectfully requests that this Court grant Plaintiffs' Amended Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Apple Inc.'s Motion for the Protective Order Preventing the Deposition of Steve Jobs, Portions of the Bernay Declaration and Exhibits 1-4 and 6-11 Pursuant to Local Rule 79-5(b) and (c).

1  Dated: December 23, 2010                    Jones Day

3                                              By: /s/Michael Scott
                                                   Michael Scott

                                               Attorneys for Defendant
                                               APPLE INC.