Robert A. Mittelstaedt #060359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION** | Lead Case No. C-05-0037-JW (HRL)<br><br>[CLASS ACTION]<br><br>**DEFENDANT APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION**<br><br>Judge:     Honorable Howard R. Lloyd<br>Date:      February 1, 2011<br>Time:      10:00 a.m.<br>Place:     Courtroom 2, 5th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLEASE TAKE NOTICE that on February 1, 2011, at 10:00 a.m. before the Honorable Howard Lloyd, Courtroom 2, Fifth Floor, in the United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, Defendant Apple Inc. (Apple) will and hereby does move this Court under Federal Rule of Civil Procedure 37(a) to compel Plaintiffs to respond to interrogatories and produce documents responsive to Apple's First Interrogatories and First Requests for Production of Documents.

Apple seeks an order compelling Plaintiffs to:

1.      Provide complete verified responses to Apple's First Interrogatories, Nos. 1–16 and 22, based on information currently known to them within seven days following the Order on this motion and to serve any supplemental responses based on documents recently produced by Apple that Plaintiffs had not reviewed as of the close of discovery no later than February 21, 2010;

2.      Provide complete verified responses to Apple's First Interrogatories, Nos. 17 and 21, no later than seven days following the Order on this motion;

3.      Commence producing documents in response to Apple's First Requests for Production of Documents, Nos. 1 and 2, within seven days following the Order on this motion and to complete the production no later than February 21, 2010; and

4.      Produce documents in response to Apple's First Request for Production of Documents, No. 6, no later than seven days following the Order on this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs failed to provide substantive answers to 20 of the 22 interrogatories or to produce documents in response to three document requests.  This discovery asks Plaintiffs to state all facts and produce all documents that support the core contentions in the amended complaint. By failing to respond, Plaintiffs not only ignored their discovery obligations, but also prejudiced Apple's ability to evaluate additional grounds for its motion for summary judgment due on January 17, 2011.

Plaintiffs do not contend that the discovery is improper or that they are not required to

1    provide complete responses. Indeed, they have agreed to supplement and provide complete

2    answers to all of the outstanding discovery. But they refuse to provide responses for another

3    three months, until some time in March 2011, for 18 of the 22 interrogatories and two of the

4    document requests.[1] Specifically, Plaintiffs seek to delay their complete responses to

5    Interrogatory Nos. 1-16, 18 and 22 and Requests for Production 1 and 2 until some unspecified

6    date before March 28, 2011, when Apple's reply in support of its motion for summary judgment

7    is due. Apple needs a firm date for those answers to allow it to evaluate that discovery, which

8    may support Apple's motion or provide other grounds for summary judgment. There is also no

9    reason why Plaintiffs need three months to answer this discovery. Accordingly, Apple seeks an

10    order compelling production of the information based on information currently known to them

11    within seven days following the Order on this motion and to serve any supplemental responses

12    based on documents recently produced by Apple that Plaintiffs had not reviewed as of the close

13    of discovery no later than February 21, 2010. This gives Plaintiffs a full two months after the

14    close of discovery to supplement their responses with information from the recently produced

15    documents.

16        Plaintiffs have agreed to provide responses to Interrogatory Nos. 17 and 21 and Request

17    for Production No. 6 sufficiently before Apple's motion for summary judgment is due. Apple

18    seeks an order compelling Plaintiffs to produce those responses within seven days following the

19    Order on this motion should Plaintiffs fail to fulfill their promise.

20    **I.    <u>BACKGROUND</u>**

21        Plaintiffs in this putative class action are three individuals who bought iPods from Apple

22    and music from Apple's iTunes Store. They contend that, with the success of the iTunes Store

23    and iPods, Apple obtained monopolies in the sale of digital music and devices that play the

24    music. In light of rulings by Judge Ware, however, Plaintiffs no longer contend that the alleged

25    monopolies were unlawfully obtained. Instead, they contend only that the alleged monopolies

26

27    ───────────────
    [1] In addition to seeking an order regarding the timing of the promised responses, Apple
    files this motion to preserve its right to move to compel should Plaintiffs' responses prove to be
    incomplete. Under Local Rule 37-3, all motions to compel must be filed by December 27, 2010
28    (seven days after the close of discovery).

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1   were unlawfully maintained when Apple issued updates to its digital rights management

2   technology (DRM), which was used at the behest of the music owners to prevent piracy.

3          The original Complaint was filed on January 3, 2005, with a Consolidated Amended

4   Complaint filed on May 19, 2007.  Plaintiffs filed a narrower amended complaint in January

5   2010, which challenges only Apple's DRM updates.  Fact discovery ended on December 20,

6   2010.  (Dkt. 384.)  Apple's motion for summary judgment and Plaintiffs' motion for class

7   certification are both due on January 17, 2011, with oppositions due February 28, 2011 and

8   replies March 28, 2011.  (Dkt. 392.)

9          During discovery, Plaintiffs served sweeping discovery, including requests for nearly

10  every document that had anything to do with updates to Apple's DRM, interoperability of

11  Apple's products with competitors' products, and sales, costs, forecasts, and market share of each

12  iPod model and the iTunes Store over a nine-year period.  Apple produced approximately

13  102,000 documents.  Plaintiffs took several depositions of Apple employees in their individual

14  capacities as well as 30(b)(6) depositions of Apple regarding the challenged updates, pricing

15  strategy and market research for iPods and the iTunes Store.  Plaintiffs also served third-party

16  discovery on the major record labels that own the copyrights to the music offered on the iTunes

17  Store, RealNetworks, and others.  Declaration of David C. Kiernan In Support Of Defendant

18  Apple's Motion To Compel ¶ 2 ("Kiernan Decl.").

19         On October 27, 2010, Apple served Plaintiffs with 22 interrogatories and six requests for

20  production of documents.  The interrogatories asked for facts supporting four categories of

21  contentions in the complaint: Apple's alleged exclusionary conduct (Nos. 1-6, 10-11, 18-19 and

22  22); the alleged relevant antitrust product markets (Nos. 7-9 and 12); alleged damages (Nos. 13-

23  16); and Plaintiffs' use of Apple's music and iPods (Nos. 17, 20-21).  The six document requests

24  sought documents relating to their contentions and their denial of companion requests for

25  admissions.  *Id.* ¶ 3; *see also id.* ¶¶ 11-12, Exs. D and E.

26         Plaintiffs requested and obtained a two-week extension to respond with the understanding

27  that the responses would be substantive.  Kiernan Decl. ¶ 4.  On December 16, 2010, however,

28  Plaintiffs responded with identical boilerplate, blanket objections to 19 of the 22 interrogatories.

1   Kiernan Decl. ¶ 11, Ex. D.  They also refused to produce three of the six categories of requested

2   documents, relying again on boilerplate objections.  *Id.* ¶ 12, Ex. E.  The objections ranged from

3   "unduly burdensome" to "premature."

4       As the result of a series of meet-and-confer discussions (*Id.*, ¶ 5, Ex. A-C), Plaintiffs

5   eventually agreed to supplement and provide complete responses to all of the outstanding

6   discovery.  *Id.* ¶ 6.  The only remaining dispute is when they will provide those responses.[2]

7   Specifically, with respect to Interrogatory Nos. 1-16, 18 and 22 and Requests for Production Nos.

8   1 and 2, Plaintiffs refuse to provide complete responses until some time before March 28, 2011

9   and refuse to provide a specific date for their responses.  *Id.* ¶ 7.  Plaintiffs claim that they need

10  three additional months to allow them time to review Apple's production and incorporate their

11  findings in the responses.  *Id.* ¶¶ 5-7, 9.

12      With respect to Interrogatory Nos. 17 and 21 and Request for Production No. 6, although

13  Plaintiffs offered to provide complete responses "soon" and in advance of Apple's motion for

14  summary judgment, which is due January 17, 2010, they refuse to commit to a specific date.  *Id.* ¶

15  8.  With respect to Interrogatory No. 21, Plaintiff Melanie Tucker has agreed to supplement her

16  response with the total number of tracks in her iTunes library and the sources of those tracks, but

17  again refusing to provide a date certain for her supplemental response.  *Id.*. ¶8

18      Apple's position is that Plaintiffs should answer the interrogatories, without further delay,

19  based on information presently available to them including, for example, the information that led

20  them to make these allegations six years ago and any information subsequently obtained by them.

21  If they need additional time to review documents recently produced by Apple, they can

22  supplement their responses.  But their purported inability to review **all** the documents produced

23  by Apple should not relieve them of their obligation to answer the interrogatories based on

24  whatever information is now known to them.  This is especially true because the interrogatories

25  relate to allegations made by Plaintiffs years ago.

26

27      _____

    [2] Although Plaintiffs raised burden as an objection in their discovery responses, they did
28  not raise it during the meet and confer process until three hours before Apple planned on filing its
    motion to compel.  Kiernan ¶ 6, 10.  Plaintiffs, however, have not said that they are refusing to
    provide answers based on that or any other objection. *Id.*

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

## II.    REQUESTS AT ISSUE

Pursuant to Civil Local Rule 37-2, Apple sets forth Apple's First Set of Interrogatories and First Requests for Production of Documents, along with Plaintiffs' responses.  Plaintiffs' responses to Interrogatories Nos. 1 through 18 and 22 are identical.  So to save space Apple does not repeat the responses.

### INTERROGATORIES

**NO. 1:**  Please identify all facts that YOU contend support your position that Apple has "used its dominant market position in the markets for Audio Downloads and Portable Digital Media Players to stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the Complaint.

**RESPONSE:**

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks information that is equally available to Apple or information that originated from Apple's possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case, has not completed discovery, has not completed expert analysis and has not completed preparation for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages of documents in the last three weeks of discovery.

**NO. 2:**  Please identify all facts that YOU contend support your position that "Apple engaged in systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

**RESPONSE:**  Same as No. 1.

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1    **NO. 3:**  Please identify all facts that YOU contend support your position that "In the process,

2    Apple deprived consumers of choice and innovation in the Audio Download Market and Portable

3    Digital Media Player Market," as alleged in paragraph 2 of the Complaint.

4    **RESPONSE:**  Same as No. 1.

5    **NO. 4:**  Please identify all facts that YOU contend support your position that "Apple used

6    unneeded technological restrictions in conjunction with software updates to suppress new

7    products that threatened its monopoly power in the relevant product markets," as alleged in

8    paragraph 2 of the Complaint.

9    **RESPONSE**:  Same as No. 1.

10   **NO. 5**:  Please identify all facts that YOU contend support your position that "Apple initially

11   gained its monopoly power through the use of proprietary software on Audio Downloads

12   purchased from Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in

13   paragraph 3 of the Complaint.

14   **RESPONSE:**  Same as No. 1.

15   **NO. 6:**  Please identify all facts that YOU contend support your position that "When competitors

16   attempted to enter either market by selling products compatible with Apple's market-leading iPod

17   or iTS files, Apple promptly issued software updates to end the compatibility," as alleged in

18   paragraph 4 of the Complaint.

19   **RESPONSE**: Same as No. 1.

20   **NO. 7:**  Please identify all facts that YOU contend support your position that "Consumers and

21   merchants have come to recognize the Audio Download Market as a separate and distinct market

22   from the market for music CDs," as alleged in paragraph 19 of the Complaint.

23   **RESPONSE:**  Same as No. 1.

24   **NO. 8:**  Please identify all facts that YOU contend support your position that "Barriers to entry in

25   the Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

26   **RESPONSE:**  Same as No. 1.

27   **NO. 9:**  Please identify all facts that YOU contend support your position that "Barriers to entry in

28   the Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1   **RESPONSE:**  Same as No. 1.

2   **NO. 10:**  Please identify all facts that YOU contend support your position that "But for Apple's

3   anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

4   competing manufacturers of Portable Digital Media Players because it would have expanded the

5   consumer base for iTS," as alleged in paragraph 50 of the Complaint.

6   **RESPONSE:**  Same as No. 1.

7   **NO. 11:**  Please identify all facts that YOU contend support your position that "Apple also issued

8   several software updates intended to prevent Audio Downloads purchased from iTS from being

9   played on competing Portable Digital Media Players," as alleged in paragraph 63 of the

10  Complaint.

11  **RESPONSE:**  Same as No. 1.

12  **NO. 12:**  Please identify all facts that YOU contend support the position that cellular telephones

13  that store and play digital music files -- including but not limited to "smartphones" -- do or do not

14  compete with Portable Digital Media Players.

15  **RESPONSE:**  Same as No. 1.

16  **NO. 13:**  Please identify all facts that YOU contend support the position that "As a direct result of

17  Apple's anticompetitive use of software updates, Plaintiffs and members of the Class paid

18  supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

19  **RESPONSE:**  Same as No. 1.

20  **NO. 14:**  Please state the amount that Plaintiffs and members of the Class would have paid but for

21  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

22  **RESPONSE:**  Same as No. 1.

23  **NO. 15:**  Please identify all facts that YOU contend support your position that "Apple's prices for

24  iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as

25  alleged in paragraph 92 of the Complaint.

26  **RESPONSE:**  Same as No. 1.

27  **NO. 16:**  Please state the amount that Plaintiffs and members of the Class would have paid but for

28  Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

**RESPONSE:**  Same as No. 1.

**NO. 17:**  Please identify each software program, including, without limitation, those referred to in paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS interoperable with any device not manufactured by Apple.

**RESPONSE:**  Same as No. 1.

**NO. 18:**  If your response to Request for Admission No. 7 was anything other than an unqualified admission, please identify all facts that YOU contend support YOUR response to Request for Admission No. 7.[3]

**RESPONSE:**  Same as No. 1.

**NO. 21:**  For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of music.

**RESPONSE:**

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome, compound, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects to the extent this request requires him [her] to identify the sources of music on portable digital media players that are not in his [her] possession and/or portable digital media players that he [she] has never used.

Subject to and without waiver of any of the foregoing Specific Objections and General Objections, Plaintiff responds as follows:

[Charoensak]  Approximately 80% of Plaintiff's music collection is from his CD collection, some of which he has burned onto his library.  The remaining estimated 20% comes from iTS purchases.  Plaintiff also made a one-time single purchase of a music file from a legal online MP3 music store, whose name he does not recall.

[Rosen]  Plaintiff's music comes from two sources: her physical CD collections, some of

---

[3] RFA No. 7: "Admit that Apple has a right to update FairPlay to prevent the use of JHymn, QTFairUse, PlayFair, or similar programs to remove FairPlay from music purchased from ITS."  Each plaintiff denied this request.

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1 which she has downloaded into her iTunes library, and her music purchases from the iTS. Her

2 best estimate is that she has a 50-50 ratio of music from these two sources.

3      [Tucker] Plaintiff has music from both the iTS and CDs in her online music library and

4 her portable digital media players.

5 **NO. 22:** Please identify all facts that YOU contend support your position that the software

6 programs referred to in paragraphs 64-66 of the Complaint made iTS files interoperable with

7 Portable Digital Media Players other than the iPod.

8 **RESPONSE:** Same as No. 1.

9                                    **REQUESTS FOR PRODUCTION**

10 **NO. 1:** All documents that tend to support, tend to refute, or otherwise relate to YOUR answers

11 to Apple's First Interrogatories.

12 **RESPONSE:**

13      Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

14 objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff

15 further objects to the extent this request seeks documents that are in Apple's possession, custody

16 or control, or equally available to Apple. Plaintiff also objects that this request is premature

17 because discovery is ongoing.

18 **NO. 2:** All documents that tend to support, tend to refute, or otherwise relate to YOUR answers

19 to Apple's First Requests for Admission.

20 **RESPONSE:**

21      Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

22 objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff

23 further objects to the extent this request seeks documents that are in Apple's possession, custody

24 or control, or equally available to Apple. Plaintiff also objects that this request is premature

25 because discovery is ongoing.

26

27

28

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1    **NO. 6:**  All documents that reflect, refer, or relate to any of the "software programs" referred to in

2    paragraphs 64 through 66 of the Complaint, including, without limitation, JHymn, QTFairUse,

3    and PlayFair.

4    **RESPONSE:**

5        Plaintiff objects that this request is overly broad, unduly burdensome, and vague.  Plaintiff

6    further objects to the extent this request seeks documents that are in Apple's possession, custody

7    or control, or equally available to Apple.  Plaintiff also objects that this request is premature

8    because discovery is ongoing.  Plaintiff further objects to the extent this request seeks documents

9    protected by the attorney-client privilege or work-product doctrine.

10    **III.    ARGUMENT**

11        **A.    Legal Standard**

12        "Generally, the purpose of discovery is to remove surprise from trial preparation so the

13    parties can obtain evidence necessary to evaluate and resolve their dispute."  *The Walt Disney Co.*

14    *v. DeFabiis*, 168 F.R.D. 281, 283 (C.D. Cal. 1996).  "The party who resists discovery has the

15    burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and

16    supporting its objections."  *Duran v. Cisco Sys., Inc.*, 258 F.R.D. 375, 378 (C.D. Cal. 2009).

17    Given the liberal treatment accorded the discovery rules, the Ninth Circuit has determined that

18    district courts "should guard against unnecessarily restricting the parties' access to discovery."

19    *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 232 (9th Cir. 1979).

20        **B.    Interrogatories Nos. 1–18, 21 and 22**

21        Rule 33 of the Federal Rules of Civil Procedure allows a party to serve written

22    interrogatories that "relate to any matter that may be inquired into under Rule 26(b)."  Fed. R.

23    Civ. P. 33(a)(2).  The interrogatories ask Plaintiffs to state the facts they contend support specific

24    contentions made in the amended complaint.  Plaintiffs did not object to the relevancy of this

25    information.  For example, the first category of interrogatories seek the facts that Plaintiffs

26    contend support their core allegations that Apple engaged in exclusionary conduct, "us[ing]

27    unneeded technological restrictions in conjunction with software updates to suppress new

28

SFI-657741v4

- 10 -

products." *See* Interrog. No. 4; *see also* Nos. 1-3, 6, 10-11, 18 and 22.[4]  The second category

calls for the facts that Plaintiffs contend support their product market definitions.  *See* Interrog.

Nos. 7-9 and 12.  The third category calls for information supporting Plaintiffs' various

contentions about damages.  *See* Interrog. Nos. 13-16.  The fourth category calls for information

about Plaintiffs' use of Apple's music, iPods, and software programs, including those named in

the complaint, that Plaintiffs have used to make iTS-purchased music interoperable with a non-

Apple device.  *See* Interrog. Nos. 17 and 21.[5]

If Plaintiffs have no facts supporting their contentions based on the discovery or

otherwise, they should say so.  And if they had any facts when they made those allegations when

they filed their complaint or amended complaint, or if they have obtained any supporting facts

since then, they should have no trouble disclosing those facts now.

But Plaintiffs chose not to answer, even in part, 19 of the 22 interrogatories.  Instead, to

buy time, Plaintiffs asserted unsupported, boilerplate objections that they had dropped during the

meet and confer process.  Hours before Apple intended to file its motion, however, Plaintiffs'

counsel stated that they continue to object to certain unspecified discovery requests on various

grounds, including burden.  Kiernan Decl. ¶ 10.  Plaintiffs have not said that they are refusing to

provide answers based on that or any other objection.  *Id.*; *see also id.* ¶ 6.  Nor could they: none

of the objections is supported or well-founded.  For example, Plaintiffs provided no explanation

or support for its burden objection.  Such unsubstantiated objections are routinely overruled.

---

[4] Interrogatory No. 18 calls for the facts supporting the response to Request for Admission No. 7, where Plaintiffs denied that Apple had a right to update its DRM to block software programs, including the ones identified in the amended complaint, that circumvented the DRM and facilitated piracy.  Interrogatory No. 22 calls for the facts supporting Plaintiffs' contention that such software programs made iTunes Store music files interoperable with non-iPod portable media players.

[5] Interrogatory No. 17, for example, calls for the identification of each software program, including those named in the complaint, that Plaintiffs have used to make iTS-purchased music interoperable with a non-Apple device.  Stonewalling, Plaintiffs make the same objections as to the other interrogatories.  But, as with the other interrogatories, the interrogatory is plainly relevant—it goes to whether Plaintiffs have standing to complain about the alleged disabling of a particular software hack; to alleged damages; and to whether Plaintiffs have any first-hand knowledge about how the software hacks worked or didn't work.  Plaintiffs claim that software updates denied consumers the ability to use the software hacks.  Whether or not Plaintiffs in fact used those hacks and, if so, which ones is relevant to their claims.  And, as with the other interrogatories, information regarding software programs used by Plaintiffs is not available to Apple, equally or otherwise.

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1  *Silicon Labs Integration, Inc. v. Melman*, No. C08-04030 RMW (HRL), 2010 WL 4588887 at *2

2  (N.D. Cal. Nov. 3, 2010) (J. Lloyd) (overruling burdensome objection on the ground that,

3  "although defendant argues that production of his emails in native format would be unduly

4  burdensome and expensive, he has not substantiated his assertions with any declarations"); *El-*

5  *Shaddai v. Wheeler*, No. Civ. 5-06-1898 FCD EFB P, 2009 WL 301824, at *2 (E.D.Cal. Feb. 05,

6  2009) ("[F]ederal courts reject claims of burdensomeness which are not supported by a specific,

7  detailed showing, usually by affidavit, of why weighing the need for discovery against the burden

8  it will impose permits the conclusion that the court should not allow it."); *Micron Tech., Inc. v.*

9  *Tessera, Inc.*, No. C06-80093 JW (HRL), 2006 WL 1646132, (N.D. Cal. June 14, 2006) (J.

10  Lloyd) ("Bald statements of counsel that a subpoena is unduly burdensome, unsupported by

11  affidavits or evidence, are unhelpful.").  Plaintiffs' objection that Apple already knows the facts

12  that support Plaintiffs' claims is evasive, and ignores that the request is for the facts that Plaintiffs

13  contend support their allegations.  Plaintiffs' objection that they can avoid their own discovery

14  obligations because Apple purportedly had not fully complied with discovery obligations is

15  similarly without merit.  "A party may not excuse its failure to comply with discovery obligations

16  by claiming that its opposing party is similarly delinquent." *Fresenius Med. Care Holding, Inc. v.*

17  *Baxter Intern., Inc.*, 224 F.R.D. 644, 653 (N.D. Cal. 2004).  Moreover, Plaintiffs failed to identify

18  any discovery with which Apple had failed to comply.  Plaintiffs' other unsupported objections

19  fare no better.  "Such unexplained and unsupported boilerplate objections are improper." *Duran*,

20  258 F.R.D. at 379.[6]

21       As noted, Plaintiffs have agreed to provide complete, verified responses to all of the

22  outstanding interrogatories.  The only dispute remaining after the meet and confer process is

23  when they will provide their complete responses.

24                    1.      Interrogatory Nos. 1-16, 18 and 22

_____

25       [6] *See also McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th
   Cir. 1990) (stating that "to say an interrogatory was overly broad, burdensome, oppressive, and
26  irrelevant was not adequate to voice a successful objection to an interrogatory") (internal citations
   and quotations omitted); *A. Farber & Partners, Inc.*, 234 F.R.D. 186, 188 (C.D. Cal. 2006)
27  (noting that "general or boilerplate objections such as 'overly burdensome and harassing' are
   improper—especially when a party fails to submit any evidentiary declarations supporting such
28  objections").

Plaintiffs say they need three months to answer Interrogatory Nos. 1-16, 18 and 22 in light of documents recently produced by Apple.  But Plaintiffs offer no justification for their failure to provide the facts, if any, that supported their allegations when made six years ago or in the amended complaint almost a year ago.  Nor do they justify their refusal to provide any facts that they have obtained since then, whether from their own investigation, from third parties, from depositions of Apple employees, from Apple's documents reviewed by Plaintiffs before the close of discovery, including those reviewed in connection with briefing and depositions, or from elsewhere.  Moreover, Plaintiffs' proposal to defer any substantive response until some unspecified date before Apple's reply in support of its Rule 56 motion unfairly prejudices Apple's ability to evaluate that discovery for use in support of the motion.  Accordingly, Apple requests an order compelling production of verified responses to Interrogatory Nos. 1-16, 18 and 22 based on information currently known to them within seven days following the Order on this motion.  In addition, Apple requests an order compelling Plaintiffs to serve any supplemental responses based on documents recently produced by Apple that Plaintiffs had not reviewed as of the close of discovery no later than February 21, 2010.  This gives Plaintiffs three months after the original responses were due and two months after the close of discovery to supplement their answers.

2.     Interrogatory Nos. 17 and 21

Plaintiffs agreed to provide complete, verified responses to Interrogatory Nos. 17 and 21 sufficiently in advance of Apple's motion for summary judgment, which is due on January 17, 2010.[7]  If Plaintiffs live up to their promise, Apple will withdraw its motion to compel with respect to these two interrogatories.  However, should Plaintiffs fail to do so, Apple seeks an Order compelling a complete verified response no later than seven days after entry of an Order on this motion.

**C.     <u>Motion to Compel Production of Documents, Nos. 1, 2, and 6</u>**

The first two requests seek documents that support, refute or relate to Plaintiffs' answers

---

[7] Interrogatory No. 21 calls for the sources of music on Plaintiffs' portable digital media players and the percentage of music from the identified sources.  Unlike the other Plaintiffs, Plaintiff Melanie Tucker failed to state the percentage of music from those sources.  She has agreed to supplement her response with the total number of tracks in her iTunes library and sources of those tracks.  Kiernan Decl. ¶ 8.

1  to interrogatories and denials of the requests for admissions.  As discussed above, Plaintiffs'

2  unexplained and unsupported objections are without merit.  *Duran*, 258 F.R.D. at 379.  And

3  Plaintiffs are required to produce responsive documents in their possession, custody, or control,

4  "regardless of whether [they believe Apple] already has those documents." *Walt Disney Co.*, 168

5  F.R.D. at 284.

6          During the meet and confer process, Plaintiffs agreed to produce all non-privileged

7  documents that support, refute or relate to Plaintiffs' answers to interrogatories and denials of the

8  requests for admissions.[8]  However, Plaintiffs say they will not produce the documents until some

9  time before Apple's Rule 56 reply is due.  Plaintiffs should produce now all documents that

10  support or refute the contentions that are the subject of the interrogatories and that support or

11  refute Plaintiffs' denials of requests for admissions.  They can supplement that production with

12  additional documents they deem responsive while drafting their responses to the interrogatories

13  and no later than February 21, 2011.

14          The other request, No. 6, seeks documents relating to the software programs that Plaintiffs

15  rely on in their complaint.  Plaintiffs have agreed to produce responsive, non-privileged

16  documents or confirm that none exist sufficiently in advance of Apple's motion for summary

17  judgment.

18  **IV.    <u>CONCLUSION</u>**

19          For these reasons, the motion to compel should be granted.

20

21

22

23

24

25

26

27

---

28  [8] Plaintiffs only dispute was over the use of the terms "tend to support" and "tend to refute."  Apple clarified that these terms should be read to request Plaintiffs to produce all documents that support or refute Plaintiffs' answers.  Kiernan Decl. ¶ 9.

SFI-657741v4

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)

1

Dated: December 27, 2010                    Respectfully submitted,

2

Jones Day

3

4

By: /s/David C. Kiernan

5

David C. Kiernan

6

Counsel for Defendant
APPLE INC.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SFI-657741v4

- 15 -

Defendant Apple's Motion To Compel
C-05-0037-JW (HRL)