1   Robert A. Mittelstaedt #60359
    ramittelstaedt@jonesday.com
2   Craig E. Stewart #129530
    cestewart@jonesday.com
3   David C. Kiernan #215335
    dkiernan@jonesday.com
4   Michael T. Scott #255282
    michaelscott@jonesday.com
5   JONES DAY
    555 California Street, 26th Floor
6   San Francisco, CA 94104
    Telephone: (415) 626-3939
7   Facsimile: (415) 875-5700
8
9   Attorneys for Defendant APPLE INC.

10
11                    **UNITED STATES DISTRICT COURT**

12                   **NORTHERN DISTRICT OF CALIFORNIA**

                          **SAN JOSE DIVISION**
13

14
    **THE APPLE iPOD iTUNES**          Case No.  C 05-00037-JW (HRL)
15  **ANTITRUST LITIGATION**
                                       [CLASS ACTION]
16
                                       **DECLARATION OF DAVID C. KIERNAN**
17                                     **IN SUPPORT OF APPLE INC.'S MOTION**
                                       **TO COMPEL**
18
                                       Judge: Honorable Howard R. Lloyd
19                                     Date:   February 1, 2011
                                       Time:  10:00 a.m.
20                                     Place:  Courtroom 2, 5th Floor
21
22
23
24
25
26
27
28
                                                      DECL. OF DAVID C. KIERNAN ISO APPLE'S
                                                                       MOT. TO COMPEL.,
                                                              CASE NO. C 05-00037-JW (HRL)

I, David C. Kiernan, under penalty of perjury, declare as follows:

1.    I am an attorney with the law firm of Jones Day, counsel of record for Defendant Apple Inc.  I am an active, licensed member of the State Bar of California.  I make this declaration in support of Apple's Motion to Compel Responses to Interrogatories and Requests for Production.  I submit this declaration based on personal knowledge.

2.    During discovery, Plaintiffs served sweeping discovery requests, including requests for nearly every document that had anything to do with updates to Apple's DRM, interoperability of Apple's products with competitors' products, and sales, costs, forecasts, and market share of each iPod model and the iTunes Store over a nine-year period.  Apple produced approximately 102,000 documents in response to these and other document requests.  In addition, Plaintiffs took several depositions of Apple employees in their individual capacities as well as 30(b)(6) depositions of Apple regarding the challenged updates and pricing strategy and market research for iPods and the iTunes Store.  Plaintiffs also served third-party discovery on the major record labels that own the copyrights to the music offered on the iTunes Store, RealNetworks, and others.

3.    On October 27, 2010, Apple served Plaintiffs with 22 interrogatories and six requests for production of documents.  The interrogatories asked for facts supporting four categories of contentions in the complaint:  Apple's alleged exclusionary conduct (Nos. 1-6, 10-11, 18-19 and 22); the alleged relevant antitrust product markets (Nos. 7-9 and 12); alleged damages (Nos. 13-16); and plaintiffs' use of Apple's music and iPods (Nos. 17, 20-21).  The six document requests sought documents relating to their contentions and their denial of companion requests for admissions.

4.    During a telephone conversation regarding outstanding discovery issues, Plaintiffs' counsel, Paula Roach, asked for a two week extension to respond to Apple's interrogatories.  I asked whether the responses would be substantive rather than mere objections.  She said yes.  On that understanding, I agreed to the two week extension.

5.    The parties have had a series of meet-and-confer discussions regarding the outstanding discovery.  As reflected in the attached correspondence, Plaintiffs justified their

failure to respond to Interrogatory Nos. 1-16, 18, and 22 on the ground that they needed more time to review Apple's recent production of documents.  In addition, Plaintiffs' counsel explained that they did not provide answers to some interrogatories, like Interrogatory 17, because counsel still needed to get the required information from the named Plaintiffs.  Apple proposed that Plaintiffs respond with the information it had and supplement those responses after Plaintiffs had completed their review of Apple's documents.  Plaintiffs rejected the proposal. Attached as **Exhibit A** to this declaration is a true and accurate copy of a December 20, 2010 letter sent by Michael Scott, counsel for Apple, to Bonny E. Sweeney, counsel for Plaintiffs, seeking responses to the outstanding discovery.  Attached as **Exhibit B** to this declaration is a true and accurate copy of a December 21, 2010 letter from Alexandra S. Bernay, counsel for Plaintiffs, to Michael Scott in which Plaintiffs agreed to supplement their responses to Apple's interrogatories "in time for Apple to make use of those answers in its reply in support of its anticipated motion for summary judgment."  Attached as **Exhibit C** to this declaration is a true and accurate copy of emails exchanged between the parties regarding the outstanding discovery.

6.     On December 24, 2010, I discussed the outstanding discovery with Plaintiffs' counsel, Alexandra Bernay.  During the call, the parties resolved various objections except for the timing of Plaintiffs' responses.  As a result of the call, Plaintiffs agreed to provide complete responses to the outstanding discovery.  Ms. Bernay did not say that Plaintiffs would not respond to any particular discovery request based on Plaintiffs objections.  Moreover, Ms. Bernay did not raise burden as an objection to any of the discovery.  I explained that Apple would still file a motion to compel due to the dispute over timing and to preserve its right to move to compel given that such motions must be filed by December 27, 2010.

7.     Specifically, with respect to Interrogatory Nos. 1-16, 18 and 22, Ms. Bernay represented that Plaintiffs will provide complete responses some time before March 28, 2011, the due date for Apple's reply in support of its motion for summary judgment.  She would not give a specific date for when Apple could expect the responses.  Plaintiffs' only basis for not providing responses sooner is that they purportedly need three additional months to review the documents and draft the responses.  In an effort to reach a compromise, I reiterated Apple's proposal that

1    Plaintiffs respond now with the information available to it from the depositions, Apple's

2    documents they had reviewed to date, and third-party discovery, and supplement those responses

3    with any additional information before Apple's reply brief is due so that it can address the

4    supplemental responses.  Plaintiffs rejected that proposal.

5           8.      With respect to Interrogatory No. 17 and Request for Production No. 6, Ms.

6    Bernay explained that she could not commit to a concrete date because she was in the process of

7    obtaining answers from Plaintiffs.  However, Plaintiffs will provide complete responses "soon"

8    and sufficiently in advance of Apple's motion for summary judgment, which is due on January

9    17, 2010.  We also discussed Interrogatory No. 21, which calls for the sources of music on

10   Plaintiffs' portable digital media players and the percentage of music from the identified sources.

11   Unlike the other plaintiffs, Ms. Tucker failed to state the percentage of music from those sources.

12   Ms. Bernay explained that Ms. Tucker does not know the breakdown of the sources of music.  As

13   a compromise, Ms. Bernay agreed that Ms. Tucker will supplement her response with the total

14   number of tracks in her iTunes library and sources of those tracks.  As with Interrogatory No. 17,

15   she will provide that response sufficiently in advance of Apple's motion for summary judgment.

16          9.      With respect to Requests for Production Nos. 1 and 2, Ms. Bernay stated that

17   Plaintiffs believe that the terms "tend to support" and "tend to refute" are vague and ambiguous.

18   I clarified that these terms should be read to request Plaintiffs to produce all documents that

19   support or refute Plaintiffs' answers to interrogatories and denials of the requests for admissions.

20   Ms. Bernay accepted that clarification and said that Plaintiffs will produce the documents by the

21   due date for Apple's reply, explaining that Plaintiffs will not know what documents are

22   responsive until they answer the interrogatories.

23         10.     On December 27, 2010, hours before Apple intended to file its motion, Plaintiffs'

24   counsel stated that they continue to object to certain unspecified discovery requests on various

25   grounds, including burden.  Plaintiffs have not said that they are refusing to provide answers

26   based on burden or any other objection.  **Exhibit F** is a true and correct copy of a December 27,

27   2010 email exchange between the parties.  This was the first time during the meet and confer

28   process that Plaintiffs raised burden as an objection to producing information.

DECL. OF DAVID C. KIERNAN ISO APPLE'S
MOT. TO COMPEL.,
CASE NO. C 05-00037-JW (HRL)

1        11.    **Exhibit D** is a true and correct copy of Plaintiffs' Responses to Defendant Apple

2    Inc.'s First Interrogatories.

3        12.    **Exhibit E** is a true and correct copy of Plaintiffs' Responses to Defendant Apple

4    Inc.'s First Requests for Production of Documents.

5        I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true

6    and correct.  This declaration was executed on December 27, 2010, in Lincoln, Nebraska.

7

8                                          /s/ David C. Kiernan
                                          David C. Kiernan

9    SFI-657639v1

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECL. OF DAVID C. KIERNAN ISO APPLE'S
MOT. TO COMPEL.,
CASE NO. C 05-00037-JW (HRL)