# Exhibit A

# JONES DAY

555 CALIFORNIA STREET · 26TH FLOOR · SAN FRANCISCO. CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 · FACSIMILE: 415-875-5700

Direct Number: (415) 875-5874
michaelscott@jonesday.com

JP010581                    December 20, 2010
Our Ref.: 825624-605002

Via U.S. Mail and E-Mail

Bonny E. Sweeney
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

Re: Plaintiffs' Responses to Apple's Discovery Requests

Bonny:

This letter regards plaintiffs' responses to Apple's October 27, 2010 discovery requests.

**Interrogatories**:

Apple granted plaintiffs a two-week extension of the deadline for plaintiffs' interrogatory responses with the understanding that plaintiffs would provide substantive responses. Plaintiffs' responses instead repeatedly recycle an objection regarding the volume of Apple's document production, making no effort to answer, even in part, 19 of the 21 interrogatories.

In response to requests that plaintiffs identify facts that they contend support their position, plaintiffs claim that the request seeks information that is equally available to Apple. That is incorrect. Apple cannot know which facts plaintiffs contend support their claims, and therefore asks that plaintiffs amend their responses to identify those facts.

Plaintiffs response to Interrogatory 17 is particularly unreasonable. The request calls for the identification of each software program, including those named in plaintiffs' own complaint, that plaintiffs have used to make iTS-purchased music interoperable with a non-Apple device. In response, plaintiffs object that the information is equally available to Apple, irrelevant, and not reasonable calculated to lead to the discovery of admissible evidence.

Information regarding software programs used by plaintiffs is not in Apple's possession. Moreover, plaintiffs' objection that the requested information is irrelevant is baseless. Plaintiffs' claims against Apple regard alleged software updates denying consumers the ability to use such programs. Whether or not plaintiffs have in fact used the programs, and if so, which ones they have used, is relevant to these claims. Apple requests that plaintiffs amend their response to Interrogatory 17 right away.

JONES DAY

Bonny E. Sweeney
December 20, 2010
Page 2

Interrogatory 21 calls for the sources of music on plaintiffs' portable digital media players and the percentage of music from the identified sources. Plaintiffs identified the sources of their music but did not indicate the percentage of music from those sources and offered no explanation for their failure to do so. Please amend these responses as well.

### Requests for Production of Documents:

Plaintiffs object to Request for Production of Documents numbers 1, 2, and 6 on the puzzling grounds that discovery is ongoing. Though plaintiffs agreed to produce documents in response to other requests—despite the ongoing nature of discovery—they did not agree to produce documents in response to requests 1, 2, and 6. Essentially, plaintiffs have refused to fulfill their duty to provide responsive documents because the deadline for doing so has not passed. That is nonsensical and flies in the face of the requirements of the Federal Rules. Please produce documents responsive to these requests, or confirm that plaintiffs have no such documents, by the close of discovery on Monday, December 20.

### Requests for Admission

Plaintiffs state in their complaint that "songs purchased from iTS that were encoded with FairPlay were incapable of being played by Portable Digital Media Players other than iPod," and that programs like Hymn permitted consumers to play that music on other players. Nonetheless, plaintiffs denied Requests for Admission numbers 4, 5, and 6 that such programs removed or otherwise circumvented FairPlay. Given the language in the complaint, those denials are untenable. Apple requests that plaintiffs explain their denials of these requests or amend their responses to them.

Please provide a response to this letter no later than Tuesday, December 21. If plaintiffs fail to fulfill their obligation to answer these requests, Apple will move to compel.

Thank you,

Michael T. Scott

# Exhibit B

# Robbins Geller
# Rudman & Dowd LLP

| | | | |
|---|---|---|---|
| Atlanta | Melville | Philadelphia | San Francisco |
| Boca Raton | New York | San Diego | Washington, DC |

Alexandra S. Bernay
XanB@rgrdlaw.com

December 21, 2010

<u>VIA EMAIL AND U.S. MAIL</u>

Michael T. Scott
Jones Day
555 California St., 26th Floor
San Francisco, CA 94101

  Re: *The Apple iPod iTunes Anti-Trust Litigation*
    No. C-05-00037-JW (N.D. Cal.)

Dear Michael:

  I write regarding your letter of December 20, 2010 to Bonny Sweeney concerning Plaintiffs' responses to certain discovery propounded by Apple.

  As you are aware, Apple has produced massive quantities of documents over the last four weeks. Indeed, even today Plaintiffs received in the mail additional CDs containing documents. Additionally, materials necessary for expert analysis were received by counsel for Plaintiffs late last night.

  This late production of critical documents has hamstrung Plaintiffs and has made responding to certain of Apple's discovery requests impossible at this time. As courts recognize, frequently a party will not be able to provide useful answers to contention interrogatories until all discovery is completed. *See In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328 (N.D. Cal. 1985) (denying motion to compel responses to contention interrogatories and laying out standards for such discovery). Rule 33(c) permits contention interrogatories under certain circumstances, "but permits a court to defer an answer 'until after discovery has been completed or until a pretrial conference or other later time.'" *Manual for Complex Litigation* (Fourth) §11.462 (quoting Fed. R. Civ. P 33(c)).

  Moreover, as is the case here, contention interrogatories that seek information directed at matters equally available to the proponents' own statements and conduct, may be particularly ill suited to responses at any time.

590826_1

655 West Broadway, Suite 1900  San Diego, CA 92101  Tel 619 231 1058  Fax 619 231 7423  rgrdlaw.com

**Robbins Geller
Rudman & Dowd** LLP

Michael T. Scott
December 21, 2010
Page 2

Plaintiffs are diligently reviewing the more than one million pages produced by Apple over the past few weeks and will be in a better position to respond to certain of Apple's contention interrogatories in due course. Some of the interrogatories, such as interrogatory Number 17, call for information from the named plaintiffs. We intend to provide more detailed answers to those interrogatories shortly and will include verifications at that time. We intend to supplement our responses, where appropriate, in time for Apple to make use of those answers in its reply in support of its upcoming motion for summary judgment. We believe this strikes a proper balance under the Federal Rules of Civil Procedure and obviates Apple's claimed need to move to compel.

As to Plaintiffs' responses to Apple's requests for production of documents, you complain that Plaintiffs have improperly answered. This is not so. Plaintiffs' objections are well founded. Additionally, many of the documents responsive to Apple's requests are based on Apple's interrogatories. As such, because those documents are either only just being produced or are in Apple's possession, custody or control, or equally available to Apple, Plaintiffs' responses at this time to Requests 1, 2 and 6 are proper.

Plaintiffs are generally available to discuss these issues prior to the Christmas holiday. Please contact me should you have any questions.

Very truly yours,

ALEXANDRA S. BERNAY

ASB:jpk

# Exhibit C

| Subject: | Re: Apple iPod iTunes Antitrust Litigation | |
|---|---|---|
| From: | Robert A Mittelstaedt | 12/23/2010 02:41 PM |
| To: | Xan Bernay, Michael Scott | |
| Cc: | "Paula Roach", David Kiernan | |

Absent a satisfactory resolution, we plan to move to compel this Monday. For those rogs you intend to answer, please identify the rogs and the date you will provide complete answers. Same for the RFPs you intend to comply with fully.

I can confer by phone anytime tomorrow morning. Please tell me what time works for you. It would be helpful to have the information requested above by then. Thanks.

--------------------

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

--------------------

**From:** "Xan Bernay" [XanB@rgrdlaw.com]
**Sent:** 12/23/2010 02:33 PM PST
**To:** Michael Scott
**Cc:** "Paula Roach" <proach@rgrdlaw.com>; Robert Mittelstaedt; David Kiernan
**Subject:** RE: Apple iPod iTunes Antitrust Litigation

I write in response to your email of December 22, 2010 regarding discovery. As I previously explained in my December 21, 2010 letter, certain of defendant Apple's interrogatories can not be answered at this time because of the massive volume of documents produced by Apple over the past few weeks. Frequently a party will not be able to provide useful answers to contention interrogatories until all discovery is completed. *See In re Convergent Tech. Sec. Litig.* , 108 F.R.D. 328 (N.D. Cal. 1985) (denying motion to compel responses to contention interrogatories and laying out standards for such discovery). Your email seems to suggest plaintiffs be forced to partially and incompletely answer these contention interrogatories and supplement at a later time. This is an inefficient process and one that is unnecessary. As Fed. R. Civ. P. 33 states, " the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

As I also previously stated, plaintiffs are endeavoring to provide you with answers to certain interrogatories, including number 17, which relate to the named plaintiffs. As you are aware, the holidays are upon us and we are working diligently to provide this information to you. As I previously stated, we intend to provide more detailed answers to those interrogatories shortly and will include verifications at that time. I expect that we will be able to answer these plaintiff specific interrogatories very soon.

Plaintiffs have not refused to produce documents in response to Apple's requests for production number 1, 2 and 6. Instead, plaintiffs have objected to those requests and explained why, at this time, plaintiffs are unable to respond to those requests.

A meet and confer on these points, rather than a flurry of letters back and forth with unilateral demands from Apple, would be more productive. As I stated in my previous letter, plaintiffs are generally available to discuss these issues. Please feel free to contact me with any questions.
Happy Holidays,
Xan


**From:** Michael Scott [mailto:michaelscott@jonesday.com]
**Sent:** Wednesday, December 22, 2010 12:16 PM
**To:** Xan Bernay
**Cc:** Paula Roach; Robert A Mittelstaedt; David Kiernan
**Subject:** Apple iPod iTunes Antitrust Litigation


Xan,

This email responds to your letter to me dated December 21, 2010, dealing with plaintiffs' failure to answer Apple's interrogatories. As to plaintiffs' failure to address, even in part, 19 of 21 interrogatories, you claim that the volume of Apple's recent productions has made it impossible to answer them and say that plaintiffs intend to "supplement" their non-responses in time for Apple to rely on them in its reply in support of its anticipated motion for summary judgment. That is insufficient. Apple began producing documents over a year ago, and plaintiffs have relied on documents produced since then in their pleadings and depositions. Plaintiffs must answer Apple's interrogatories now with available information, and were granted a two-week extension to do just that. Please respond to these interrogatories right away. Plaintiffs can supplement those responses later as may be appropriate. Moreover, a proposal to respond prior to the due date for Apple's reply--rather than its motion for summary judgment--is unacceptable.

You also write that plaintiffs intend to respond to some interrogatories such as number 17, but that they require information from the named plaintiffs. The interrogatories were served on October 27, and again, plaintiffs were given an extra two weeks during which they could have collected this information. In all, plaintiffs have had almost two months to do so, and your letter does not explain why they have not. Please respond to these interrogatories immediately.

Plaintiffs have refused to produce documents in response to requests for production numbers 1, 2, and 6, claiming that discovery is ongoing. Rather than address the points in my December 20 letter, you write that "plaintiff's objections are well founded." That is not so, for reasons I've already noted. You also write that "many of the documents responsive to Apple's requests are based on Apple's interrogatories. As such, because those documents are either only just being produced or are in Apple's possession, custody or control, or equally available to Apple, Plaintiffs' responses at this time to Requests 1, 2 and 6 are proper." Please confirm that plaintiffs have no non-privileged documents in their possession, custody, or control that are responsive to these requests other than what Apple has produced. If they do, please produce them. Plaintiffs may supplement their production if necessary. Finally, this objection does not apply to request for production 6, which calls for documents relating to the hacks named in the complaint. Please confirm that plaintiffs have no non-privileged documents responsive to this request or produce such documents.

Absent a satisfactory resolution, Apple intends to move to compel on Monday.


Sincerely,
Mike Scott

Michael Scott
Jones Day

555 California St., 26th floor
San Francisco, CA 94104
(415) 875-5874 (phone)
(415) 963-6855 (fax)

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges. Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.

# Exhibit D

1 | ROBBINS GELLER RUDMAN
& DOWD LLP
2 | JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
3 | THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
4 | PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
5 | San Diego, CA 92101
Telephone: 619/231-1058
6 | 619/231-7423 (fax)
johns@rgrdlaw.com
7 | bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
8 | xanb@rgrdlaw.com
proach@rgrdlaw.com
9 |
THE KATRIEL LAW FIRM
10 | ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
11 | Washington, DC 20007
Telephone: 202/625-4342
12 | 202/330-5593 (fax)
rak@katriellaw.com
13 |
Co-Lead Counsel for Plaintiffs
14 |
[Additional counsel appear on signature page.]
15 |
UNITED STATES DISTRICT COURT
16 |
NORTHERN DISTRICT OF CALIFORNIA
17 |
SAN JOSE DIVISION
18 |

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
| ALL ACTIONS. | |

PROPOUNDING PARTY:  APPLE INC.

RESPONDING PARTY:  SOMTAI TROY CHAROENSAK

SET NO.:  ONE

590179_1

1       Plaintiff, by and through his attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2  Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3  Interrogatories ("Interrogatories").

4  **I.    PRELIMINARY STATEMENT**

5       Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6  completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7  Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8  Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.  No expert

9  discovery has been conducted.  Accordingly, the responses herein given are without prejudice to

10  Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11  and/or to add to, modify or to otherwise change or amend the responses herein. The information set

12  forth below is true and correct to the best knowledge of Plaintiff at this particular time.  Plaintiff

13  expressly reserves his right to supplemental these responses as additional information is forthcoming

14  in the discovery process.

15  **II.    GENERAL OBJECTIONS**

16       Plaintiff asserts the following General Objections and hereby incorporates them into each

17  individual response below.

18       1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19  that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20  otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21       2.    Plaintiff objects to this discovery to the extent it calls for information that is protected

22  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23  privilege.

24       3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25  unduly burdensome.

26       4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27  they are vague or ambiguous.

28

1    5.    Plaintiff objects to the Interrogatories to the extent the information requested is
2  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3    6.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient
4  particularity the information sought.

5    7.    Plaintiff objects to the Interrogatories to the extent they seek information that is
6  improper or request that Plaintiff provides, under oath, information or contentions not within
7  Plaintiff's personal knowledge.

8    8.    Plaintiff objects to the Interrogatories to the extent they seek information equally
9  available to Apple or information that originated from Apple's possession, custody or control.

10    9.    Plaintiff also objects to the extent the Interrogatories seek information that is
11  ascertainable only through expert discovery, which is not completed, and/or calls for a legal
12  conclusion.

13    10.    To the extent Plaintiff provides a response to the Interrogatories, such response shall
14  not constitute waiver of any objection to the Interrogatories.  Plaintiff also expressly reserves his
15  right to object to the introduction of any response to these Interrogatories or any portion thereof into
16  evidence.

17  **III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

18    In addition to the General Objections, above, Plaintiff has set forth the following Specific
19  Objections.  By setting forth such Specific Objections, Plaintiff does not limit or restrict the General
20  Objections.  Plaintiff reserves his right to supplement his responses.

21  INTERROGATORY NO. 1:

22    Please identify all facts that YOU contend support your position that Apple has "used its
23  dominant market position in the markets for Audio Downloads and Portable Digital Media Players to
24  stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the
25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 1:

27    Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
28  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

590179_1    PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                              - 2 -

1 ‖ conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
2 ‖ Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3 ‖ respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4 ‖ information that is equally available to Apple or information that originated from Apple's
5 ‖ possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
6 ‖ premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7 ‖ has not completed discovery, has not completed expert analysis and has not completed preparation
8 ‖ for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9 ‖ identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10 ‖ months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11 ‖ of documents in the last three weeks of discovery.

12 ‖ INTERROGATORY NO. 2:

13 ‖     Please identify all facts that YOU contend support your position that "Apple engaged in
14 ‖ systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media
15 ‖ Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16 ‖ RESPONSE TO INTERROGATORY NO. 2:

17 ‖     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
18 ‖ burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
19 ‖ conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
20 ‖ Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
21 ‖ respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
22 ‖ information that is equally available to Apple or information that originated from Apple's
23 ‖ possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
24 ‖ premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
25 ‖ has not completed discovery, has not completed expert analysis and has not completed preparation
26 ‖ for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
27 ‖ identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 3:

4      Please identify all facts that YOU contend support your position that "In the process, Apple

5  deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6  Media Player Market," as alleged in paragraph 2 of the Complaint.

7  RESPONSE TO INTERROGATORY NO. 3:

8      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

11  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13  information that is equally available to Apple or information that originated from Apple's

14  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

15  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16  has not completed discovery, has not completed expert analysis and has not completed preparation

17  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20  of documents in the last three weeks of discovery.

21  INTERROGATORY NO. 4:

22      Please identify all facts that YOU contend support your position that "Apple used unneeded

23  technological restrictions in conjunction with software updates to suppress new products that

24  threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 4:

27      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1   conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4   information that is equally available to Apple or information that originated from Apple's

5   possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7   has not completed discovery, has not completed expert analysis and has not completed preparation

8   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  <u>INTERROGATORY NO. 5</u>:

13      Please identify all facts that YOU contend support your position that "Apple initially gained

14  its monopoly power through the use of proprietary software on Audio Downloads purchased from

15  Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the

16  Complaint.

17  <u>RESPONSE TO INTERROGATORY NO. 5</u>:

18      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

19  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

20  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

21  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

22  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

23  information that is equally available to Apple or information that originated from Apple's

24  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

25  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

26  has not completed discovery, has not completed expert analysis and has not completed preparation

27  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

28  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

1 | months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2 | of documents in the last three weeks of discovery.

3 | INTERROGATORY NO. 6:

4 |     Please identify all facts that YOU contend support your position that "When competitors

5 | attempted to enter either market by selling products compatible with Apple's market-leading iPod or

6 | iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph

7 | 4 of the Complaint.

8 | RESPONSE TO INTERROGATORY NO. 6:

9 |     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

10 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

11 | conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

12 | Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

13 | respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

14 | information that is equally available to Apple or information that originated from Apple's

15 | possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

16 | premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

17 | has not completed discovery, has not completed expert analysis and has not completed preparation

18 | for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

19 | identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

20 | months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

21 | of documents in the last three weeks of discovery.

22 | INTERROGATORY NO. 7:

23 |     Please identify all facts that YOU contend support your position that "Consumers and

24 | merchants have come to recognize the Audio Download Market as a separate and distinct market

25 | from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26 | RESPONSE TO INTERROGATORY NO. 7:

27 |     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 8:

13       Please identify all facts that YOU contend support your position that "Barriers to entry in the

14  Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15  RESPONSE TO INTERROGATORY NO. 8:

16       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

17  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

18  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

19  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

20  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

21  information that is equally available to Apple or information that originated from Apple's

22  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

23  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

24  has not completed discovery, has not completed expert analysis and has not completed preparation

25  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

26  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

27  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

28  of documents in the last three weeks of discovery.

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                                                    - 7 -

1  INTERROGATORY NO. 9:

2      Please identify all facts that YOU contend support your position that "Barriers to entry in the

3  Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4  RESPONSE TO INTERROGATORY NO. 9:

5      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10 information that is equally available to Apple or information that originated from Apple's

11 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13 has not completed discovery, has not completed expert analysis and has not completed preparation

14 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17 of documents in the last three weeks of discovery.

18 INTERROGATORY NO. 10:

19     Please identify all facts that YOU contend support your position that "But for Apple's

20 anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21 competing manufacturers of Portable Digital Media Players because it would have expanded the

22 consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23 RESPONSE TO INTERROGATORY NO. 10:

24     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1   information that is equally available to Apple or information that originated from Apple's
2   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4   has not completed discovery, has not completed expert analysis and has not completed preparation
5   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8   of documents in the last three weeks of discovery.

9   INTERROGATORY NO. 11:

10      Please identify all facts that YOU contend support your position that "Apple also issued
11  several software updates intended to prevent Audio Downloads purchased from iTS from being
12  played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13  RESPONSE TO INTERROGATORY NO. 11:

14      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
15  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
16  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
17  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
18  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
19  information that is equally available to Apple or information that originated from Apple's
20  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
21  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
22  has not completed discovery, has not completed expert analysis and has not completed preparation
23  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
24  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
25  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
26  of documents in the last three weeks of discovery.

27
28

1  INTERROGATORY NO. 12:

2      Please identify all facts that YOU contend support the position that cellular telephones that
3  store and play digital music files – including but not limited to "smartphones" – do or do not
4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
10  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
11  information that is equally available to Apple or information that originated from Apple's
12  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
13  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
14  has not completed discovery, has not completed expert analysis and has not completed preparation
15  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
16  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
17  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
18  of documents in the last three weeks of discovery.

19  INTERROGATORY NO. 13:

20      Please identify all facts that YOU contend support the position that "As a direct result of
21  Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid
22  supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 13:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
26  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                      - 10 -

1 information that is equally available to Apple or information that originated from Apple's
2 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4 has not completed discovery, has not completed expert analysis and has not completed preparation
5 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8 of documents in the last three weeks of discovery.

9 INTERROGATORY NO. 14:

10      Please state the amount that Plaintiffs and members of the Class would have paid but for
11 Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12 RESPONSE TO INTERROGATORY NO. 14:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
14 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
15 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
16 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
17 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
18 information that is equally available to Apple or information that originated from Apple's
19 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
20 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
21 has not completed discovery, has not completed expert analysis and has not completed preparation
22 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
23 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
24 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
25 of documents in the last three weeks of discovery.

26
27
28

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                      - 11 -

Case 4:05-cv-00037-YGR    Document 411-1    Filed 12/27/10    Page 24 of 92

1  INTERROGATORY NO. 15:

2      Please identify all facts that YOU contend support your position that "Apple's prices for
3  iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged
4  in paragraph 92 of the Complaint.

5  RESPONSE TO INTERROGATORY NO. 15:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
10  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
11  information that is equally available to Apple or information that originated from Apple's
12  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
13  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
14  has not completed discovery, has not completed expert analysis and has not completed preparation
15  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
16  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
17  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
18  of documents in the last three weeks of discovery.

19  INTERROGATORY NO. 16:

20      Please state the amount that Plaintiffs and members of the Class would have paid but for
21  Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22  RESPONSE TO INTERROGATORY NO. 16:

23      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
24  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
25  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
26  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
27  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
28  information that is equally available to Apple or information that originated from Apple's

590179_1  PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 12 -

1   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3   has not completed discovery, has not completed expert analysis and has not completed preparation

4   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7   of documents in the last three weeks of discovery.

8   INTERROGATORY NO. 17:

9       Please identify each software program, including, without limitation, those referred to in

10  paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11  interoperable with any device not manufactured by Apple.

12  RESPONSE TO INTERROGATORY NO. 17:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is

15  equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

16  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17  INTERROGATORY NO. 18:

18      If your response to Request for Admission No. 7 was anything other than an unqualified

19  admission, please identify all facts that YOU contend support YOUR response to Request for

20  Admission No. 7.

21  RESPONSE TO INTERROGATORY NO. 18:

22      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  INTERROGATORY NO. 19:

8       If your response to Request for Admission No. 7 was anything other than an unqualified

9  admission, please identify all facts that YOU contend support YOUR response to Request for

10 Admission No. 7.

11 RESPONSE TO INTERROGATORY NO. 19:

12      This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates his

13 response to Interrogatory No. 18 above.

14 INTERROGATORY NO. 20:

15      Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16 PLAYER that YOU have purchased or used.

17 RESPONSE TO INTERROGATORY NO. 20:

18      Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19 compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20 Plaintiff objects to identifying all portable digital media players that he has ever "purchased," to the

21 extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22 being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23 admissible evidence.

24      Subject to and without waiver of any of the foregoing Specific Objections and General

25 Objections, Plaintiff responds as follows:

26      Plaintiff purchased a 20GB Apple iPod.

27

28

1  INTERROGATORY NO. 21:

2       For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3  No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4  the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5  music.

6  RESPONSE TO INTERROGATORY NO. 21:

7       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8  burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9  evidence. Plaintiff objects to the extent this request requires him to identify the sources of music on

10 portable digital media players that are not in his possession and/or portable digital media players that

11 he has never used.

12      Subject to and without waiver of any of the foregoing Specific Objections and General

13 Objections, Plaintiff responds as follows:

14      Approximately 80% of Plaintiff's music collection is from his CD collection, some of which

15 he has burned onto his library. The remaining estimated 20% comes from iTS purchases. Plaintiff

16 also made a one-time single purchase of a music file from a legal online MP3 music store, whose

17 name he does not recall.

18 INTERROGATORY NO. 22:

19      Please identify all facts that YOU contend support your position that the software programs

20 referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

21 Media Players other than the iPod.

22 RESPONSE TO INTERROGATORY NO. 22:

23      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28 information that is equally available to Apple or information that originated from Apple's

1  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3  has not completed discovery, has not completed expert analysis and has not completed preparation

4  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7  of documents in the last three weeks of discovery.

8  DATED: December 16, 2010              ROBBINS GELLER RUDMAN
                                         & DOWD LLP
9                                        JOHN J. STOIA, JR.
                                         BONNY E. SWEENEY
10                                       THOMAS R. MERRICK
                                         ALEXANDRA S. BERNAY
11                                       PAULA M. ROACH

12

13                                               BONNY E. SWEENEY

14

15                                       655 West Broadway, Suite 1900
                                         San Diego, CA  92101
16                                       Telephone: 619/231-1058
                                         619/231-7423 (fax)

17                                       THE KATRIEL LAW FIRM
                                         ROY A. KATRIEL
18                                       1101 30th Street, N.W., Suite 500
                                         Washington, DC  20007
19                                       Telephone: 202/625-4342
                                         202/330-5593 (fax)

20
                                         Co-Lead Counsel for Plaintiffs
21
                                         BONNETT, FAIRBOURN, FRIEDMAN
22                                       & BALINT, P.C.
                                         ANDREW S. FRIEDMAN
23                                       FRANCIS J. BALINT, JR.
                                         ELAINE A. RYAN
24                                       TODD D. CARPENTER
                                         2901 N. Central Avenue, Suite 1000
25                                       Phoenix, AZ  85012
                                         Telephone: 602/274-1100
26                                       602/274-1199 (fax)

27                                       BRAUN LAW GROUP, P.C.
                                         MICHAEL D. BRAUN
28                                       10680 West Pico Blvd., Suite 280

1    Los Angeles, CA  90064
Telephone: 310/836-6000

2    310/836-6010 (fax)

3    MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY

4    JACQUELINE SAILER
275 Madison Avenue, Suite 801

5    New York, NY  10016
Telephone: 212/682-1818

6    212/682-1892 (fax)

7    GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG

8    1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067

9    Telephone: 310/201-9150
310/201-9160 (fax)

10

    Additional Counsel for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)    - 17 -

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC 20007
   Telephone: 202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                  UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                         SAN JOSE DIVISION
18
   THE APPLE IPOD ITUNES ANTI-TRUST  )   Lead Case No. C-05-00037-JW(HRL)
19 LITIGATION                        )
                                     )   CLASS ACTION
20 ─────────────────────────────────  )
                                     )   PLAINTIFF MARIANA ROSEN'S
21 This Document Relates To:         )   RESPONSE TO DEFENDANT APPLE
                                     )   INC.'S FIRST INTERROGATORIES
22    ALL ACTIONS.                   )
   ─────────────────────────────────  )
23
   PROPOUNDING PARTY:  APPLE INC.
24
   RESPONDING PARTY:   MARIANA ROSEN
25
   SET NO.:            ONE
26

27

28

590180_1

1    Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2  Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3  Interrogatories ("Interrogatories").

4  **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6  completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7  Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8  Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.  No expert

9  discovery has been conducted.  Accordingly, the responses herein given are without prejudice to

10  Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11  and/or to add to, modify or to otherwise change or amend the responses herein.  The information set

12  forth below is true and correct to the best knowledge of Plaintiff at this particular time.  Plaintiff

13  expressly reserves her right to supplemental these responses as additional information is forthcoming

14  in the discovery process.

15  **II.    GENERAL OBJECTIONS**

16    Plaintiff asserts the following General Objections and hereby incorporates them into each

17  individual response below.

18    1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19  that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20  otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21    2.    Plaintiff objects to this discovery to the extent it calls for information that is protected

22  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23  privilege.

24    3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25  unduly burdensome.

26    4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27  they are vague or ambiguous.

28

1    5.    Plaintiff objects to the Interrogatories to the extent the information requested is
2  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3    6.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient
4  particularity the information sought.

5    7.    Plaintiff objects to the Interrogatories to the extent they seek information that is
6  improper or request that Plaintiff provides, under oath, information or contentions not within
7  Plaintiff's personal knowledge.

8    8.    Plaintiff objects to the Interrogatories to the extent they seek information equally
9  available to Apple or information that originated from Apple's possession, custody or control.

10    9.    Plaintiff also objects to the extent the Interrogatories seek information that is
11  ascertainable only through expert discovery, which is not completed, and/or calls for a legal
12  conclusion.

13    10.    To the extent Plaintiff provides a response to the Interrogatories, such response shall
14  not constitute waiver of any objection to the Interrogatories.  Plaintiff also expressly reserves her
15  right to object to the introduction of any response to these Interrogatories or any portion thereof into
16  evidence.

17  **III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

18    In addition to the General Objections, above, Plaintiff has set forth the following Specific
19  Objections.  By setting forth such Specific Objections, Plaintiff does not limit or restrict the General
20  Objections.  Plaintiff reserves her right to supplement her responses.

21  INTERROGATORY NO. 1:

22    Please identify all facts that YOU contend support your position that Apple has "used its
23  dominant market position in the markets for Audio Downloads and Portable Digital Media Players to
24  stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the
25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 1:

27    Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
28  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 2:

13       Please identify all facts that YOU contend support your position that "Apple engaged in

14  systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

15  Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16  RESPONSE TO INTERROGATORY NO. 2:

17       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

19  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

20  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

21  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

22  information that is equally available to Apple or information that originated from Apple's

23  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

24  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

25  has not completed discovery, has not completed expert analysis and has not completed preparation

26  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

27  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

1 | months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2 | of documents in the last three weeks of discovery.

3 | INTERROGATORY NO. 3:

4 |     Please identify all facts that YOU contend support your position that "In the process, Apple

5 | deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6 | Media Player Market," as alleged in paragraph 2 of the Complaint.

7 | RESPONSE TO INTERROGATORY NO. 3:

8 |     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10 | conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

11 | Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12 | respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13 | information that is equally available to Apple or information that originated from Apple's

14 | possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

15 | premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16 | has not completed discovery, has not completed expert analysis and has not completed preparation

17 | for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18 | identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19 | months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20 | of documents in the last three weeks of discovery.

21 | INTERROGATORY NO. 4:

22 |     Please identify all facts that YOU contend support your position that "Apple used unneeded

23 | technological restrictions in conjunction with software updates to suppress new products that

24 | threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25 | Complaint.

26 | RESPONSE TO INTERROGATORY NO. 4:

27 |     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 5:

13      Please identify all facts that YOU contend support your position that "Apple initially gained

14  its monopoly power through the use of proprietary software on Audio Downloads purchased from

15  Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the

16  Complaint.

17  RESPONSE TO INTERROGATORY NO. 5:

18      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

19  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

20  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

21  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

22  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

23  information that is equally available to Apple or information that originated from Apple's

24  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

25  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

26  has not completed discovery, has not completed expert analysis and has not completed preparation

27  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

28  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                        - 5 -

1 │ months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
2 │ of documents in the last three weeks of discovery.

3 │ INTERROGATORY NO. 6:

4 │     Please identify all facts that YOU contend support your position that "When competitors
5 │ attempted to enter either market by selling products compatible with Apple's market-leading iPod or
6 │ iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph
7 │ 4 of the Complaint.

8 │ RESPONSE TO INTERROGATORY NO. 6:

9 │     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
10 │ burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
11 │ conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
12 │ Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
13 │ respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
14 │ information that is equally available to Apple or information that originated from Apple's
15 │ possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
16 │ premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
17 │ has not completed discovery, has not completed expert analysis and has not completed preparation
18 │ for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
19 │ identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
20 │ months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
21 │ of documents in the last three weeks of discovery.

22 │ INTERROGATORY NO. 7:

23 │     Please identify all facts that YOU contend support your position that "Consumers and
24 │ merchants have come to recognize the Audio Download Market as a separate and distinct market
25 │ from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26 │ RESPONSE TO INTERROGATORY NO. 7:

27 │     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
28 │ burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 8:

13        Please identify all facts that YOU contend support your position that "Barriers to entry in the

14  Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15  RESPONSE TO INTERROGATORY NO. 8:

16        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

17  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

18  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

19  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

20  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

21  information that is equally available to Apple or information that originated from Apple's

22  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

23  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

24  has not completed discovery, has not completed expert analysis and has not completed preparation

25  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

26  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

27  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

28  of documents in the last three weeks of discovery.

1  INTERROGATORY NO. 9:

2      Please identify all facts that YOU contend support your position that "Barriers to entry in the

3  Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4  RESPONSE TO INTERROGATORY NO. 9:

5      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

8  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10  information that is equally available to Apple or information that originated from Apple's

11  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

12  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13  has not completed discovery, has not completed expert analysis and has not completed preparation

14  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17  of documents in the last three weeks of discovery.

18  INTERROGATORY NO. 10:

19      Please identify all facts that YOU contend support your position that "But for Apple's

20  anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21  competing manufacturers of Portable Digital Media Players because it would have expanded the

22  consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 10:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1   information that is equally available to Apple or information that originated from Apple's
2   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4   has not completed discovery, has not completed expert analysis and has not completed preparation
5   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8   of documents in the last three weeks of discovery.

9   INTERROGATORY NO. 11:

10      Please identify all facts that YOU contend support your position that "Apple also issued
11  several software updates intended to prevent Audio Downloads purchased from iTS from being
12  played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13  RESPONSE TO INTERROGATORY NO. 11:

14      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
15  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
16  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
17  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
18  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
19  information that is equally available to Apple or information that originated from Apple's
20  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
21  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
22  has not completed discovery, has not completed expert analysis and has not completed preparation
23  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
24  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
25  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
26  of documents in the last three weeks of discovery.

27

28

1    INTERROGATORY NO. 12:

2          Please identify all facts that YOU contend support the position that cellular telephones that

3    store and play digital music files – including but not limited to "smartphones" – do or do not

4    compete with Portable Digital Media Players.

5    RESPONSE TO INTERROGATORY NO. 12:

6          Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11   information that is equally available to Apple or information that originated from Apple's

12   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14   has not completed discovery, has not completed expert analysis and has not completed preparation

15   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18   of documents in the last three weeks of discovery.

19   INTERROGATORY NO. 13:

20         Please identify all facts that YOU contend support the position that "As a direct result of

21   Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22   supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23   RESPONSE TO INTERROGATORY NO. 13:

24         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1   information that is equally available to Apple or information that originated from Apple's
2   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4   has not completed discovery, has not completed expert analysis and has not completed preparation
5   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8   of documents in the last three weeks of discovery.

9   INTERROGATORY NO. 14:

10  Please state the amount that Plaintiffs and members of the Class would have paid but for
11  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12  RESPONSE TO INTERROGATORY NO. 14:

13  Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
14  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
15  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
16  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
17  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
18  information that is equally available to Apple or information that originated from Apple's
19  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
20  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
21  has not completed discovery, has not completed expert analysis and has not completed preparation
22  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
23  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
24  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
25  of documents in the last three weeks of discovery.

26

27

28

1    INTERROGATORY NO. 15:

2    Please identify all facts that YOU contend support your position that "Apple's prices for
3    iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged
4    in paragraph 92 of the Complaint.

5    RESPONSE TO INTERROGATORY NO. 15:

6    Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
7    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
8    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
9    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
10   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
11   information that is equally available to Apple or information that originated from Apple's
12   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
13   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
14   has not completed discovery, has not completed expert analysis and has not completed preparation
15   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
16   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
17   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
18   of documents in the last three weeks of discovery.

19   INTERROGATORY NO. 16:

20   Please state the amount that Plaintiffs and members of the Class would have paid but for
21   Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22   RESPONSE TO INTERROGATORY NO. 16:

23   Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
24   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
25   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
26   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
27   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
28   information that is equally available to Apple or information that originated from Apple's

1  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3  has not completed discovery, has not completed expert analysis and has not completed preparation

4  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7  of documents in the last three weeks of discovery.

8  INTERROGATORY NO. 17:

9      Please identify each software program, including, without limitation, those referred to in

10  paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11  interoperable with any device not manufactured by Apple.

12  RESPONSE TO INTERROGATORY NO. 17:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is

15  equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

16  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17  INTERROGATORY NO. 18:

18      If your response to Request for Admission No. 7 was anything other than an unqualified

19  admission, please identify all facts that YOU contend support YOUR response to Request for

20  Admission No. 7.

21  RESPONSE TO INTERROGATORY NO. 18:

22      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 13 -

1 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2 has not completed discovery, has not completed expert analysis and has not completed preparation

3 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6 of documents in the last three weeks of discovery.

7 INTERROGATORY NO. 19:

8     If your response to Request for Admission No. 7 was anything other than an unqualified

9 admission, please identify all facts that YOU contend support YOUR response to Request for

10 Admission No. 7.

11 RESPONSE TO INTERROGATORY NO. 19:

12     This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates her

13 response to Interrogatory No. 18 above.

14 INTERROGATORY NO. 20:

15     Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16 PLAYER that YOU have purchased or used.

17 RESPONSE TO INTERROGATORY NO. 20:

18     Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19 compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20 Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the

21 extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22 being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23 admissible evidence.

24     Subject to and without waiver of any of the foregoing Specific Objections and General

25 Objections, Plaintiff responds as follows:

26     Plaintiff has purchased a 15GB iPod, and a 30GB video iPod for her own use. She also

27 purchased an iPod Mini as a present for her sister. She has not purchased any other MP3 players.

28

1  INTERROGATORY NO. 21:

2        For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3  No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4  the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5  music.

6  RESPONSE TO INTERROGATORY NO. 21:

7        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8  burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9  evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on

10  portable digital media players that are not in her possession and/or portable digital media players that

11  she has never used.

12        Subject to and without waiver of any of the foregoing Specific Objections and General

13  Objections, Plaintiff responds as follows:

14        Plaintiff's music comes from two sources: her physical CD collections, some of which she

15  has downloaded onto her iTunes library; and, her music purchases from the iTS. Her best estimate is

16  that she has a 50-50 ratio of music from these two sources.

17  INTERROGATORY NO. 22:

18        Please identify all facts that YOU contend support your position that the software programs

19  referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

20  Media Players other than the iPod.

21  RESPONSE TO INTERROGATORY NO. 22:

22        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)         - 15 -

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  DATED: December 16, 2010                     ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
8                                               JOHN J. STOIA, JR.
                                                BONNY E. SWEENEY
9                                               THOMAS R. MERRICK
                                                ALEXANDRA S. BERNAY
10                                              PAULA M. ROACH

11

12                                                   BONNY E. SWEENEY

13

14                                              655 West Broadway, Suite 1900
                                                San Diego, CA 92101
15                                              Telephone: 619/231-1058
                                                619/231-7423 (fax)

16                                              THE KATRIEL LAW FIRM
                                                ROY A. KATRIEL
17                                              1101 30th Street, N.W., Suite 500
                                                Washington, DC 20007
18                                              Telephone: 202/625-4342
                                                202/330-5593 (fax)
19
                                                Co-Lead Counsel for Plaintiffs
20
                                                BONNETT, FAIRBOURN, FRIEDMAN
21                                                & BALINT, P.C.
                                                ANDREW S. FRIEDMAN
22                                              FRANCIS J. BALINT, JR.
                                                ELAINE A. RYAN
23                                              TODD D. CARPENTER
                                                2901 N. Central Avenue, Suite 1000
24                                              Phoenix, AZ 85012
                                                Telephone: 602/274-1100
25                                              602/274-1199 (fax)

26

27

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 16 -

1

2     BRAUN LAW GROUP, P.C.
      MICHAEL D. BRAUN
3     10680 West Pico Blvd., Suite 280
      Los Angeles, CA 90064
4     Telephone: 310/836-6000
      310/836-6010 (fax)

5     MURRAY, FRANK & SAILER LLP
      BRIAN P. MURRAY
6     JACQUELINE SAILER
      275 Madison Avenue, Suite 801
7     New York, NY 10016
      Telephone: 212/682-1818
8     212/682-1892 (fax)

9     GLANCY BINKOW & GOLDBERG LLP
      MICHAEL GOLDBERG
10    1801 Avenue of the Stars, Suite 311
      Los Angeles, CA 90067
11    Telephone: 310/201-9150
      310/201-9160 (fax)

12    Additional Counsel for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 17 -

1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC  20007
   Telephone: 202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
            UNITED STATES DISTRICT COURT
16
            NORTHERN DISTRICT OF CALIFORNIA
17
                SAN JOSE DIVISION
18

| | | |
|---|---|---|
| 19 | THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-JW(HRL) |
| 20 | _____ | ) ) ) | CLASS ACTION |
| 21 | This Document Relates To: | ) ) ) | PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
| 22 | ALL ACTIONS.  _____ | ) ) ) | |

23
   PROPOUNDING PARTY:   APPLE INC.
24
   RESPONDING PARTY:   MELANIE TUCKER
25
   SET NO.:          ONE
26

27

28

1    Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2  Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3  Interrogatories ("Interrogatories").

4  **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6  completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7  Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8  Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.  No expert

9  discovery has been conducted.  Accordingly, the responses herein given are without prejudice to

10  Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11  and/or to add to, modify or to otherwise change or amend the responses herein. The information set

12  forth below is true and correct to the best knowledge of Plaintiff at this particular time.  Plaintiff

13  expressly reserves her right to supplemental these responses as additional information is forthcoming

14  in the discovery process.

15  **II.    GENERAL OBJECTIONS**

16    Plaintiff asserts the following General Objections and hereby incorporates them into each

17  individual response below.

18    1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19  that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20  otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21    2.    Plaintiff objects to this discovery to the extent it calls for information that is protected

22  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23  privilege.

24    3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25  unduly burdensome.

26    4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27  they are vague or ambiguous.

28

1       5.      Plaintiff objects to the Interrogatories to the extent the information requested is
2   neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3       6.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient
4   particularity the information sought.

5       7.      Plaintiff objects to the Interrogatories to the extent they seek information that is
6   improper or request that Plaintiff provides, under oath, information or contentions not within
7   Plaintiff's personal knowledge.

8       8.      Plaintiff objects to the Interrogatories to the extent they seek information equally
9   available to Apple or information that originated from Apple's possession, custody or control.

10      9.      Plaintiff also objects to the extent the Interrogatories seek information that is
11  ascertainable only through expert discovery, which is not completed, and/or calls for a legal
12  conclusion.

13      10.     To the extent Plaintiff provides a response to the Interrogatories, such response shall
14  not constitute waiver of any objection to the Interrogatories. Plaintiff also expressly reserves her
15  right to object to the introduction of any response to these Interrogatories or any portion thereof into
16  evidence.

17  **III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

18      In addition to the General Objections, above, Plaintiff has set forth the following Specific
19  Objections. By setting forth such Specific Objections, Plaintiff does not limit or restrict the General
20  Objections. Plaintiff reserves her right to supplement her responses.

21  INTERROGATORY NO. 1:

22      Please identify all facts that YOU contend support your position that Apple has "used its
23  dominant market position in the markets for Audio Downloads and Portable Digital Media Players to
24  stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the
25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 1:

27      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 2 -

1   conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4   information that is equally available to Apple or information that originated from Apple's

5   possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7   has not completed discovery, has not completed expert analysis and has not completed preparation

8   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  <u>INTERROGATORY NO. 2</u>:

13      Please identify all facts that YOU contend support your position that "Apple engaged in

14  systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

15  Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16  <u>RESPONSE TO INTERROGATORY NO. 2</u>:

17      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

19  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

20  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

21  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

22  information that is equally available to Apple or information that originated from Apple's

23  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

24  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

25  has not completed discovery, has not completed expert analysis and has not completed preparation

26  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

27  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 3:

4       Please identify all facts that YOU contend support your position that "In the process, Apple

5  deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6  Media Player Market," as alleged in paragraph 2 of the Complaint.

7  RESPONSE TO INTERROGATORY NO. 3:

8       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

11 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13 information that is equally available to Apple or information that originated from Apple's

14 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

15 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16 has not completed discovery, has not completed expert analysis and has not completed preparation

17 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20 of documents in the last three weeks of discovery.

21 INTERROGATORY NO. 4:

22      Please identify all facts that YOU contend support your position that "Apple used unneeded

23 technological restrictions in conjunction with software updates to suppress new products that

24 threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25 Complaint.

26 RESPONSE TO INTERROGATORY NO. 4:

27      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
2    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3    respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4    information that is equally available to Apple or information that originated from Apple's
5    possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
6    premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7    has not completed discovery, has not completed expert analysis and has not completed preparation
8    for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9    identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11   of documents in the last three weeks of discovery.

12   INTERROGATORY NO. 5:

13          Please identify all facts that YOU contend support your position that "Apple initially gained
14   its monopoly power through the use of proprietary software on Audio Downloads purchased from
15   Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the
16   Complaint.

17   RESPONSE TO INTERROGATORY NO. 5:

18          Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
19   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
20   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
21   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
22   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
23   information that is equally available to Apple or information that originated from Apple's
24   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
25   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
26   has not completed discovery, has not completed expert analysis and has not completed preparation
27   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
28   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                        - 5 -

1 || months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
2 || of documents in the last three weeks of discovery.

3 || INTERROGATORY NO. 6:

4 ||         Please identify all facts that YOU contend support your position that "When competitors
5 || attempted to enter either market by selling products compatible with Apple's market-leading iPod or
6 || iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph
7 || 4 of the Complaint.

8 || RESPONSE TO INTERROGATORY NO. 6:

9 ||         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
10 || burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
11 || conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
12 || Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
13 || respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
14 || information that is equally available to Apple or information that originated from Apple's
15 || possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
16 || premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
17 || has not completed discovery, has not completed expert analysis and has not completed preparation
18 || for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
19 || identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
20 || months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
21 || of documents in the last three weeks of discovery.

22 || INTERROGATORY NO. 7:

23 ||         Please identify all facts that YOU contend support your position that "Consumers and
24 || merchants have come to recognize the Audio Download Market as a separate and distinct market
25 || from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26 || RESPONSE TO INTERROGATORY NO. 7:

27 ||         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
28 || burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1 │ conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
2 │ Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3 │ respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4 │ information that is equally available to Apple or information that originated from Apple's
5 │ possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
6 │ premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7 │ has not completed discovery, has not completed expert analysis and has not completed preparation
8 │ for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9 │ identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10 │ months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11 │ of documents in the last three weeks of discovery.

12 │ INTERROGATORY NO. 8:

13 │         Please identify all facts that YOU contend support your position that "Barriers to entry in the
14 │ Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15 │ RESPONSE TO INTERROGATORY NO. 8:

16 │         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
17 │ burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
18 │ conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
19 │ Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
20 │ respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
21 │ information that is equally available to Apple or information that originated from Apple's
22 │ possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
23 │ premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
24 │ has not completed discovery, has not completed expert analysis and has not completed preparation
25 │ for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
26 │ identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
27 │ months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
28 │ of documents in the last three weeks of discovery.

1  INTERROGATORY NO. 9:

2      Please identify all facts that YOU contend support your position that "Barriers to entry in the

3  Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4  RESPONSE TO INTERROGATORY NO. 9:

5      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10  information that is equally available to Apple or information that originated from Apple's

11  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13  has not completed discovery, has not completed expert analysis and has not completed preparation

14  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17  of documents in the last three weeks of discovery.

18  INTERROGATORY NO. 10:

19      Please identify all facts that YOU contend support your position that "But for Apple's

20  anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21  competing manufacturers of Portable Digital Media Players because it would have expanded the

22  consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 10:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 8 -

1    information that is equally available to Apple or information that originated from Apple's
2    possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3    premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4    has not completed discovery, has not completed expert analysis and has not completed preparation
5    for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6    identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7    months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8    of documents in the last three weeks of discovery.

9    <u>INTERROGATORY NO. 11</u>:

10        Please identify all facts that YOU contend support your position that "Apple also issued
11   several software updates intended to prevent Audio Downloads purchased from iTS from being
12   played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13   <u>RESPONSE TO INTERROGATORY NO. 11</u>:

14        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
15   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
16   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
17   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
18   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
19   information that is equally available to Apple or information that originated from Apple's
20   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
21   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
22   has not completed discovery, has not completed expert analysis and has not completed preparation
23   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
24   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
25   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
26   of documents in the last three weeks of discovery.

27
28

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 9 -

1  INTERROGATORY NO. 12:

2      Please identify all facts that YOU contend support the position that cellular telephones that

3  store and play digital music files – including but not limited to "smartphones" – do or do not

4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10  respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

11  information that is equally available to Apple or information that originated from Apple's

12  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

13  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14  has not completed discovery, has not completed expert analysis and has not completed preparation

15  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18  of documents in the last three weeks of discovery.

19  INTERROGATORY NO. 13:

20      Please identify all facts that YOU contend support the position that "As a direct result of

21  Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22  supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 13:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

1  information that is equally available to Apple or information that originated from Apple's

2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4  has not completed discovery, has not completed expert analysis and has not completed preparation

5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 14:

10       Please state the amount that Plaintiffs and members of the Class would have paid but for

11  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12  RESPONSE TO INTERROGATORY NO. 14:

13       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

15  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

16  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

17  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

18  information that is equally available to Apple or information that originated from Apple's

19  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

20  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

21  has not completed discovery, has not completed expert analysis and has not completed preparation

22  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

23  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

24  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

25  of documents in the last three weeks of discovery.

26

27

28

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                         - 11 -

1 | INTERROGATORY NO. 15:

2      Please identify all facts that YOU contend support your position that "Apple's prices for

3 | iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged

4 | in paragraph 92 of the Complaint.

5 | RESPONSE TO INTERROGATORY NO. 15:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8 | conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9 | Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10 | respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11 | information that is equally available to Apple or information that originated from Apple's

12 | possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13 | premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14 | has not completed discovery, has not completed expert analysis and has not completed preparation

15 | for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16 | identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17 | months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18 | of documents in the last three weeks of discovery.

19 | INTERROGATORY NO. 16:

20      Please state the amount that Plaintiffs and members of the Class would have paid but for

21 | Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22 | RESPONSE TO INTERROGATORY NO. 16:

23      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25 | conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26 | Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27 | respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28 | information that is equally available to Apple or information that originated from Apple's

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)        - 12 -

1  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3  has not completed discovery, has not completed expert analysis and has not completed preparation

4  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7  of documents in the last three weeks of discovery.

8  INTERROGATORY NO. 17:

9       Please identify each software program, including, without limitation, those referred to in

10  paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11  interoperable with any device not manufactured by Apple.

12  RESPONSE TO INTERROGATORY NO. 17:

13       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is

15  equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

16  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17  INTERROGATORY NO. 18:

18       If your response to Request for Admission No. 7 was anything other than an unqualified

19  admission, please identify all facts that YOU contend support YOUR response to Request for

20  Admission No. 7.

21  RESPONSE TO INTERROGATORY NO. 18:

22       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)      - 13 -

1    premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2    has not completed discovery, has not completed expert analysis and has not completed preparation

3    for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4    identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5    months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6    of documents in the last three weeks of discovery.

7    INTERROGATORY NO. 19:

8        If your response to Request for Admission No. 7 was anything other than an unqualified

9    admission, please identify all facts that YOU contend support YOUR response to Request for

10    Admission No. 7.

11    RESPONSE TO INTERROGATORY NO. 19:

12        This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates her

13    response to Interrogatory No. 18 above.

14    INTERROGATORY NO. 20:

15        Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16    PLAYER that YOU have purchased or used.

17    RESPONSE TO INTERROGATORY NO. 20:

18        Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19    compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20    Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the

21    extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22    being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23    admissible evidence.

24        Subject to and without waiver of any of the foregoing Specific Objections and General

25    Objections, Plaintiff responds as follows:

26        Plaintiff purchased a 20GB iPod and an iPod video from Apple.

27

28

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 14 -

1  INTERROGATORY NO. 21:

2      For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3  No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4  the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5  music.

6  RESPONSE TO INTERROGATORY NO. 21:

7      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8  burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9  evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on

10 portable digital media players that are not in her possession and/or portable digital media players that

11 she has never used.

12     Subject to and without waiver of any of the foregoing Specific Objections and General

13 Objections, Plaintiff responds as follows:

14     Plaintiff has music from both the iTS and CDs in her online music library and her portable

15 digital media players.

16 INTERROGATORY NO. 22:

17     Please identify all facts that YOU contend support your position that the software programs

18 referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

19 Media Players other than the iPod.

20 RESPONSE TO INTERROGATORY NO. 22:

21     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

22 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

23 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

24 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

25 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

26 information that is equally available to Apple or information that originated from Apple's

27 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

28 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

1  has not completed discovery, has not completed expert analysis and has not completed preparation

2  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

3  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

4  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

5  of documents in the last three weeks of discovery.

6  DATED: December 16, 2010                    ROBBINS GELLER RUDMAN
                                                & DOWD LLP
7                                              JOHN J. STOIA, JR.
                                               BONNY E. SWEENEY
8                                              THOMAS R. MERRICK
                                               ALEXANDRA S. BERNAY
9                                              PAULA M. ROACH

10

11                                                   BONNY E. SWEENEY

12

13                                             655 West Broadway, Suite 1900
                                               San Diego, CA 92101
14                                             Telephone: 619/231-1058
                                               619/231-7423 (fax)

15                                             THE KATRIEL LAW FIRM
                                               ROY A. KATRIEL
16                                             1101 30th Street, N.W., Suite 500
                                               Washington, DC 20007
17                                             Telephone: 202/625-4342
                                               202/330-5593 (fax)

18
                                               Co-Lead Counsel for Plaintiffs
19
                                               BONNETT, FAIRBOURN, FRIEDMAN
20                                               & BALINT, P.C.
                                               ANDREW S. FRIEDMAN
21                                             FRANCIS J. BALINT, JR.
                                               ELAINE A. RYAN
22                                             TODD D. CARPENTER
                                               2901 N. Central Avenue, Suite 1000
23                                             Phoenix, AZ 85012
                                               Telephone: 602/274-1100
24                                             602/274-1199 (fax)

25                                             BRAUN LAW GROUP, P.C.
                                               MICHAEL D. BRAUN
26                                             10680 West Pico Blvd., Suite 280
                                               Los Angeles, CA 90064
27                                             Telephone: 310/836-6000
                                               310/836-6010 (fax)

28

586092_1   PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
           INTERROGATORIES - C-05-00037-JW(HRL)                                    - 16 -

1

2       MURRAY, FRANK & SAILER LLP
        BRIAN P. MURRAY
3       JACQUELINE SAILER
        275 Madison Avenue, Suite 801
4       New York, NY 10016
        Telephone: 212/682-1818
5       212/682-1892 (fax)

6       GLANCY BINKOW & GOLDBERG LLP
        MICHAEL GOLDBERG
7       1801 Avenue of the Stars, Suite 311
        Los Angeles, CA 90067
8       Telephone: 310/201-9150
        310/201-9160 (fax)

9       Additional Counsel for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit E

1 | ROBBINS GELLER RUDMAN
   | & DOWD LLP
2 | JOHN J. STOIA, JR. (141757)
   | BONNY E. SWEENEY (176174)
3 | THOMAS R. MERRICK (177987)
   | ALEXANDRA S. BERNAY (211068)
4 | PAULA M. ROACH (254142)
   | 655 West Broadway, Suite 1900
5 | San Diego, CA  92101
   | Telephone: 619/231-1058
6 | 619/231-7423 (fax)
   | johns@rgrdlaw.com
7 | bonnys@rgrdlaw.com
   | tmerrick@rgrdlaw.com
8 | xanb@rgrdlaw.com
   | proach@rgrdlaw.com
9 |
   | THE KATRIEL LAW FIRM
10 | ROY A. KATRIEL (*pro hac vice*)
   | 1101 30th Street, N.W., Suite 500
11 | Washington, DC  20007
   | Telephone: 202/625-4342
12 | 202/330-5593 (fax)
   | rak@katriellaw.com
13 |
   | Co-Lead Counsel for Plaintiffs
14 |
   | [Additional counsel appear on signature page.]
15 |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) ) ) | Lead Case No. C-05-00037-JW(HRL) |
|---|---|---|
| | | CLASS ACTION |
| This Document Relates To: | ) ) ) ) ) ) | PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS |
| ALL ACTIONS. | | |

PROPOUNDING PARTY:   APPLE INC.

RESPONDING PARTY:   SOMTAI TROY CHAROENSAK

SET NUMBER:   ONE

588288_1

1        Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Somtai Troy

2  Charoensak ("Plaintiff") hereby responds and objects to Defendant Apple Inc.'s First Requests for

3  Production of Documents ("RFPs"), dated October 27, 2010.

4  **I.     PRELIMINARY STATEMENT**

5        Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6  completed discovery and has not completed preparation for trial. Plaintiff is still in the process of

7  reviewing hundreds of thousands of pages of documents produced by Defendant Apple in the last

8  few weeks. Accordingly, the responses herein given are without prejudice to Plaintiff's right to

9  produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to,

10  modify or to otherwise change or amend the responses herein. The information set forth below is

11  true and correct to the best of Plaintiff's knowledge at this particular time. Plaintiff expressly

12  reserves the right to supplement these responses as additional information is forthcoming in the

13  discovery process.

14  **II.    GENERAL OBJECTIONS**

15      1.    Plaintiff asserts the following general objections and hereby incorporates them into

16  each individual response below.

17      2.    Plaintiff objects to the "Definitions," "Instructions," and each RFP to the extent that

18  they purport to impose any obligations on Plaintiff that are not imposed by law, or that are otherwise

19  inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

20      3.    Plaintiff objects to this discovery to the extent it calls for information that is protected

21  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

22  privilege.

23      4.    Plaintiff objects to the RFPs to the extent that the requests are overly broad and

24  unduly burdensome.

25      5.    Plaintiff objects to the "Definitions," "Instructions," and RFPs to the extent that they

26  are vague or ambiguous.

27      6.    Plaintiff objects to the RFPs to the extent the information requested is neither relevant

28  nor reasonably calculated to lead to the discovery of admissible evidence.

1    7.    Plaintiff objects to the RFPs to the extent they fail to state with sufficient particularity
2  the documents sought.

3    8.    Plaintiff objects to the RFPs to the extent they seek information that is improper or
4  request that Plaintiff provides documents not within Plaintiff's possession, custody or control.

5    9.    Plaintiff objects to the RFPs to the extent they seek documents equally available to
6  Defendant Apple or documents that originated from Defendant Apple's possession, custody or
7  control.

8    10.    Plaintiffs also objects to the extent the RFPs seek information that is ascertainable
9  only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10    11.    To the extent Plaintiff provides a response to the RFPs, such response shall not
11  constitute waiver of any objection to the request. Plaintiff also expressly reserves his right to object
12  to the introduction of any response to these RFPs or any portion thereof into evidence.

13    12.    Plaintiff objects to the definition of "OTHERS" as overly broad and unduly
14  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15  **III.    RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

16  REQUEST FOR PRODUCTION NO. 1:

17    All documents that tend to support, tend to refute, or otherwise relate to YOUR answers to
18  Apple's First Interrogatories.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

20    Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff
21  objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff
22  further objects to the extent this request seeks documents that are in Apple's possession, custody or
23  control, or equally available to Apple. Plaintiff also objects that this request is premature because
24  discovery is ongoing.

25  REQUEST FOR PRODUCTION NO. 2:

26    All documents that tend to support, tend to refute, or otherwise relate to YOUR answers to
27  Apple's First Requests for Admission.

28

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)        - 2 -

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

2       Plaintiff objects that this request is overly broad, unduly burdensome, and vague.  Plaintiff

3   objects to the phrases "tend to support" and "tend to refute" as undefined and vague.  Plaintiff

4   further objects to the extent this request seeks documents that are in Apple's possession, custody or

5   control, or equally available to Apple.  Plaintiff also objects that this request is premature because

6   discovery is ongoing.

7   REQUEST FOR PRODUCTION NO. 3:

8       All documents that YOU have obtained from any source, including from non-parties, that

9   relate in any way to this litigation.

10  RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

11      Plaintiff objects that this request is overly broad, unduly burdensome, and vague.  Plaintiff

12  objects to the phrase "any source" as overly broad and unduly burdensome.  Plaintiff also objects to

13  the extent this request seeks documents protected by the attorney-client privilege or work-product

14  doctrine.  Plaintiff further objects to the extent this request seeks documents that originated from

15  Apple's possession, custody, or control, or are equally available to Apple from public sources.

16      Subject to and without waiving these objections and the General Objections, Plaintiff will

17  produce, subject to the current Stipulation and Order Governing Electronic Discovery, all documents

18  not already produced to Defendant Apple that were obtained by subpoena from third parties.

19  REQUEST FOR PRODUCTION NO. 4:

20      All witness statements that YOU have obtained that relate in any way to this litigation.

21  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

22      Plaintiff objects that this request is overly broad, unduly burdensome, and vague.  Plaintiff

23  also objects to the extent this request seeks documents protected by the attorney-client privilege or

24  work-product doctrine.  Plaintiff further objects that this request is not reasonably calculated to lead

25  to the discovery of admissible evidence.

26      Subject to and without waiving these objections and the General Objections, Plaintiff will

27  produce all documents, to the extent they exist, not subject to attorney-client privilege or the work-

28  product doctrine.

1  REQUEST FOR PRODUCTION NO. 5:

2        All notes of interviews or other communications that YOU have had with any person that

3  relate in any way to this litigation.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

5        Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

6  also objects to the extent this request seeks documents protected by the attorney-client privilege or

7  work-product doctrine. Plaintiff further objects that this request is not reasonably calculated to lead

8  to the discovery of admissible evidence.

9        Subject to and without waiving these objections and the General Objections, Plaintiff will

10  produce all documents, to the extent they exist, not subject to attorney-client privilege or the work-

11  product doctrine.

12  REQUEST FOR PRODUCTION NO. 6:

13        All documents that reflect, refer, or relate to any of the "software programs" referred to in

14  paragraphs 64 through 66 of the Complaint, including, without limitation, JHymn, QTFairUse, and

15  PlayFair.

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

17        Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

18  further objects to the extent this request seeks documents that are in Apple's possession, custody or

19  control, or equally available to Apple. Plaintiff also objects that this request is premature because

20  discovery is ongoing. Plaintiff further objects to the extent this request seeks documents protected

21  by the attorney-client privilege or work-product doctrine.

22

23

24

25

26

27

28

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)                    - 4 -

1    DATED: November 29, 2010          ROBBINS GELLER RUDMAN
                                          & DOWD LLP
2                                      JOHN J. STOIA, JR.
                                       BONNY E. SWEENEY
3                                      THOMAS R. MERRICK
                                       ALEXANDRA S. BERNAY
4                                      PAULA M. ROACH

5

6                                      _____
                                                PAULA M. ROACH
7
                                       655 West Broadway, Suite 1900
8                                      San Diego, CA 92101
                                       Telephone: 619/231-1058
9                                      619/231-7423 (fax)

10                                     THE KATRIEL LAW FIRM
                                       ROY A. KATRIEL
11                                     1101 30th Street, N.W., Suite 500
                                       Washington, DC 20007
12                                     Telephone: 202/625-4342
                                       202/330-5593 (fax)
13
                                       Co-Lead Counsel for Plaintiffs
14
                                       BONNETT, FAIRBOURN, FRIEDMAN
15                                        & BALINT, P.C.
                                       ANDREW S. FRIEDMAN
16                                     FRANCIS J. BALINT, JR.
                                       ELAINE A. RYAN
17                                     TODD D. CARPENTER
                                       2901 N. Central Avenue, Suite 1000
18                                     Phoenix, AZ 85012
                                       Telephone: 602/274-1100
19                                     602/274-1199 (fax)

20                                     BRAUN LAW GROUP, P.C.
                                       MICHAEL D. BRAUN
21                                     10680 West Pico Blvd., Suite 280
                                       Los Angeles, CA 90064
22                                     Telephone: 310/836-6000
                                       310/836-6010 (fax)
23
                                       MURRAY, FRANK & SAILER LLP
24                                     BRIAN P. MURRAY
                                       JACQUELINE SAILER
25                                     275 Madison Avenue, Suite 801
                                       New York, NY 10016
26                                     Telephone: 212/682-1818
                                       212/682-1892 (fax)
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

588288_1

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)                                - 6 -

1   ROBBINS GELLER RUDMAN
&amp; DOWD LLP
2   JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
3   THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
4   PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
5   San Diego, CA  92101
Telephone:  619/231-1058
6   619/231-7423 (fax)
johns@rgrdlaw.com
7   bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
8   xanb@rgrdlaw.com
proach@rgrdlaw.com
9
THE KATRIEL LAW FIRM
10  ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
11  Washington, DC  20007
Telephone: 202/625-4342
12  202/330-5593 (fax)
rak@katriellaw.com
13
Co-Lead Counsel for Plaintiffs
14
[Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                          SAN JOSE DIVISION
18

| 19 | THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-JW(HRL) |
| --- | --- | --- | --- |
| 20 | | ) | CLASS ACTION |
| 21 | This Document Relates To: | ) ) ) | PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS |
| 22 | ALL ACTIONS. | ) ) | |

23

24  PROPOUNDING PARTY:   APPLE INC.

25  RESPONDING PARTY:    MARIANA ROSEN

26  SET NUMBER:          ONE

27

28

588280_1

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Mariana Rosen

2  ("Plaintiff") hereby responds and objects to Defendant Apple Inc.'s First Requests for Production of

3  Documents ("RFPs"), dated October 27, 2010.

4  **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6  completed discovery and has not completed preparation for trial. Plaintiff is still in the process of

7  reviewing hundreds of thousands of pages of documents produced by Defendant Apple in the last

8  few weeks. Accordingly, the responses herein given are without prejudice to Plaintiff's right to

9  produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to,

10  modify or to otherwise change or amend the responses herein. The information set forth below is

11  true and correct to the best of Plaintiff's knowledge at this particular time. Plaintiff expressly

12  reserves the right to supplement these responses as additional information is forthcoming in the

13  discovery process.

14  **II.    GENERAL OBJECTIONS**

15    1.    Plaintiff asserts the following general objections and hereby incorporates them into

16  each individual response below.

17    2.    Plaintiff objects to the "Definitions," "Instructions," and each RFP to the extent that

18  they purport to impose any obligations on Plaintiff that are not imposed by law, or that are otherwise

19  inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

20    3.    Plaintiff objects to this discovery to the extent it calls for information that is protected

21  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

22  privilege.

23    4.    Plaintiff objects to the RFPs to the extent that the requests are overly broad and

24  unduly burdensome.

25    5.    Plaintiff objects to the "Definitions," "Instructions," and RFPs to the extent that they

26  are vague or ambiguous.

27    6.    Plaintiff objects to the RFPs to the extent the information requested is neither relevant

28  nor reasonably calculated to lead to the discovery of admissible evidence.

1      7.     Plaintiff objects to the RFPs to the extent they fail to state with sufficient particularity

2 the documents sought.

3      8.     Plaintiff objects to the RFPs to the extent they seek information that is improper or

4 request that Plaintiff provides documents not within Plaintiff's possession, custody or control.

5      9.     Plaintiff objects to the RFPs to the extent they seek documents equally available to

6 Defendant Apple or documents that originated from Defendant Apple's possession, custody or

7 control.

8      10.    Plaintiffs also objects to the extent the RFPs seek information that is ascertainable

9 only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10      11.    To the extent Plaintiff provides a response to the RFPs, such response shall not

11 constitute waiver of any objection to the request. Plaintiff also expressly reserves her right to object

12 to the introduction of any response to these RFPs or any portion thereof into evidence.

13      12.    Plaintiff objects to the definition of "OTHERS" as overly broad and unduly

14 burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15 **III.**    **RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

16 REQUEST FOR PRODUCTION NO. 1:

17      All documents that tend to support, tend to refute, or otherwise relate to YOUR answers to

18 Apple's First Interrogatories.

19 RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

20      Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

21 objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff

22 further objects to the extent this request seeks documents that are in Apple's possession, custody or

23 control, or equally available to Apple. Plaintiff also objects that this request is premature because

24 discovery is ongoing.

25 REQUEST FOR PRODUCTION NO. 2:

26      All documents that tend to support, tend to refute, or otherwise relate to YOUR answers to

27 Apple's First Requests for Admission.

28

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

2       Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

3   objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff

4   further objects to the extent this request seeks documents that are in Apple's possession, custody or

5   control, or equally available to Apple. Plaintiff also objects that this request is premature because

6   discovery is ongoing.

7   REQUEST FOR PRODUCTION NO. 3:

8       All documents that YOU have obtained from any source, including from non-parties, that

9   relate in any way to this litigation.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

11       Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

12   objects to the phrase "any source" as overly broad and unduly burdensome. Plaintiff also objects to

13   the extent this request seeks documents protected by the attorney-client privilege or work-product

14   doctrine. Plaintiff further objects to the extent this request seeks documents that originated from

15   Apple's possession, custody, or control, or are equally available to Apple from public sources.

16       Subject to and without waiving these objections and the General Objections, Plaintiff will

17   produce, subject to the current Stipulation and Order Governing Electronic Discovery, all documents

18   not already produced to Defendant Apple that were obtained by subpoena from third parties.

19   REQUEST FOR PRODUCTION NO. 4:

20       All witness statements that YOU have obtained that relate in any way to this litigation.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

22       Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

23   also objects to the extent this request seeks documents protected by the attorney-client privilege or

24   work-product doctrine. Plaintiff further objects that this request is not reasonably calculated to lead

25   to the discovery of admissible evidence.

26       Subject to and without waiving these objections and the General Objections, Plaintiff will

27   produce all documents, to the extent they exist, not subject to attorney-client privilege or the work-

28   product doctrine.

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)    - 3 -

1  REQUEST FOR PRODUCTION NO. 5:

2       All notes of interviews or other communications that YOU have had with any person that

3  relate in any way to this litigation.

4  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

5       Plaintiff objects that this request is overly broad, unduly burdensome, and vague.  Plaintiff

6  also objects to the extent this request seeks documents protected by the attorney-client privilege or

7  work-product doctrine.  Plaintiff further objects that this request is not reasonably calculated to lead

8  to the discovery of admissible evidence.

9       Subject to and without waiving these objections and the General Objections, Plaintiff will

10 produce all documents, to the extent they exist, not subject to attorney-client privilege or the work-

11 product doctrine.

12 REQUEST FOR PRODUCTION NO. 6:

13      All documents that reflect, refer, or relate to any of the "software programs" referred to in

14 paragraphs 64 through 66 of the Complaint, including, without limitation, JHymn, QTFairUse, and

15 PlayFair.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

17      Plaintiff objects that this request is overly broad, unduly burdensome, and vague.  Plaintiff

18 further objects to the extent this request seeks documents that are in Apple's possession, custody or

19 control, or equally available to Apple.  Plaintiff also objects that this request is premature because

20 discovery is ongoing.  Plaintiff further objects to the extent this request seeks documents protected

21 by the attorney-client privilege or work-product doctrine.

22

23

24

25

26

27

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)                                    - 4 -

1 | DATED: November 29, 2010

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
& DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH


PAULA M. ROACH

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

1

2

3

4

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

5

Additional Counsel for Plaintiffs

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC 20007
   Telephone: 202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                   UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN JOSE DIVISION
18
19 THE APPLE IPOD ITUNES ANTI-TRUST    )  Lead Case No. C-05-00037-JW(HRL)
   LITIGATION                          )
                                       )  CLASS ACTION
20 ─────────────────────────────────   )
                                       )  PLAINTIFF MELANIE TUCKER'S
21 This Document Relates To:           )  RESPONSE TO DEFENDANT APPLE
                                       )  INC.'S FIRST REQUESTS FOR
      ALL ACTIONS.                     )  PRODUCTION OF DOCUMENTS
22 ─────────────────────────────────   )
23
24 PROPOUNDING PARTY:    APPLE INC.
25 RESPONDING PARTY:     MELANIE TUCKER
26 SET NUMBER:           ONE
27
28

   586090_1

1    Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff Melanie Tucker

2 ("Plaintiff") hereby responds and objects to Defendant Apple Inc.'s First Requests for Production of

3 Documents ("RFPs"), dated October 27, 2010.

4 **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6 completed discovery and has not completed preparation for trial.  Plaintiff is still in the process of

7 reviewing hundreds of thousands of pages of documents produced by Defendant Apple in the last

8 few weeks.  Accordingly, the responses herein given are without prejudice to Plaintiff's right to

9 produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to,

10 modify or to otherwise change or amend the responses herein.  The information set forth below is

11 true and correct to the best of Plaintiff's knowledge at this particular time.  Plaintiff expressly

12 reserves the right to supplement these responses as additional information is forthcoming in the

13 discovery process.

14 **II.    GENERAL OBJECTIONS**

15    1.    Plaintiff asserts the following general objections and hereby incorporates them into

16 each individual response below.

17    2.    Plaintiff objects to the "Definitions," "Instructions," and each RFP to the extent that

18 they purport to impose any obligations on Plaintiff that are not imposed by law, or that are otherwise

19 inconsistent with Rule 34 of the Federal Rules of Civil Procedure.

20    3.    Plaintiff objects to this discovery to the extent it calls for information that is protected

21 by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

22 privilege.

23    4.    Plaintiff objects to the RFPs to the extent that the requests are overly broad and

24 unduly burdensome.

25    5.    Plaintiff objects to the "Definitions," "Instructions," and RFPs to the extent that they

26 are vague or ambiguous.

27    6.    Plaintiff objects to the RFPs to the extent the information requested is neither relevant

28 nor reasonably calculated to lead to the discovery of admissible evidence.

1    7.    Plaintiff objects to the RFPs to the extent they fail to state with sufficient particularity

2  the documents sought.

3    8.    Plaintiff objects to the RFPs to the extent they seek information that is improper or

4  request that Plaintiff provides documents not within Plaintiff's possession, custody or control.

5    9.    Plaintiff objects to the RFPs to the extent they seek documents equally available to

6  Defendant Apple or documents that originated from Defendant Apple's possession, custody or

7  control.

8    10.    Plaintiffs also objects to the extent the RFPs seek information that is ascertainable

9  only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10    11.    To the extent Plaintiff provides a response to the RFPs, such response shall not

11  constitute waiver of any objection to the request. Plaintiff also expressly reserves her right to object

12  to the introduction of any response to these RFPs or any portion thereof into evidence.

13    12.    Plaintiff objects to the definition of "OTHERS" as overly broad and unduly

14  burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

15  **III.    RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS**

16  REQUEST FOR PRODUCTION NO. 1:

17    All documents that tend to support, tend to refute, or otherwise relate to YOUR answers to

18  Apple's First Interrogatories.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

20    Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

21  objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff

22  further objects to the extent this request seeks documents that are in Apple's possession, custody or

23  control, or equally available to Apple. Plaintiff also objects that this request is premature because

24  discovery is ongoing.

25  REQUEST FOR PRODUCTION NO. 2:

26    All documents that tend to support, tend to refute, or otherwise relate to YOUR answers to

27  Apple's First Requests for Admission.

28

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)    - 2 -

1   RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

2       Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

3 objects to the phrases "tend to support" and "tend to refute" as undefined and vague. Plaintiff

4 further objects to the extent this request seeks documents that are in Apple's possession, custody or

5 control, or equally available to Apple. Plaintiff also objects that this request is premature because

6 discovery is ongoing.

7   REQUEST FOR PRODUCTION NO. 3:

8       All documents that YOU have obtained from any source, including from non-parties, that

9 relate in any way to this litigation.

10   RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

11       Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

12 objects to the phrase "any source" as overly broad and unduly burdensome. Plaintiff also objects to

13 the extent this request seeks documents protected by the attorney-client privilege or work-product

14 doctrine. Plaintiff further objects to the extent this request seeks documents that originated from

15 Apple's possession, custody, or control, or are equally available to Apple from public sources.

16       Subject to and without waiving these objections and the General Objections, Plaintiff will

17 produce, subject to the current Stipulation and Order Governing Electronic Discovery, all documents

18 not already produced to Defendant Apple that were obtained by subpoena from third parties.

19   REQUEST FOR PRODUCTION NO. 4:

20       All witness statements that YOU have obtained that relate in any way to this litigation.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

22       Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff

23 also objects to the extent this request seeks documents protected by the attorney-client privilege or

24 work-product doctrine. Plaintiff further objects that this request is not reasonably calculated to lead

25 to the discovery of admissible evidence.

26       Subject to and without waiving these objections and the General Objections, Plaintiff will

27 produce all documents, to the extent they exist, not subject to attorney-client privilege or the work-

28 product doctrine.

1 REQUEST FOR PRODUCTION NO. 5:

2        All notes of interviews or other communications that YOU have had with any person that
3 relate in any way to this litigation.

4 RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

5        Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff
6 also objects to the extent this request seeks documents protected by the attorney-client privilege or
7 work-product doctrine. Plaintiff further objects that this request is not reasonably calculated to lead
8 to the discovery of admissible evidence.

9        Subject to and without waiving these objections and the General Objections, Plaintiff will
10 produce all documents, to the extent they exist, not subject to attorney-client privilege or the work-
11 product doctrine.

12 REQUEST FOR PRODUCTION NO. 6:

13        All documents that reflect, refer, or relate to any of the "software programs" referred to in
14 paragraphs 64 through 66 of the Complaint, including, without limitation, JHymn, QTFairUse, and
15 PlayFair.

16 RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

17        Plaintiff objects that this request is overly broad, unduly burdensome, and vague. Plaintiff
18 further objects to the extent this request seeks documents that are in Apple's possession, custody or
19 control, or equally available to Apple. Plaintiff also objects that this request is premature because
20 discovery is ongoing. Plaintiff further objects to the extent this request seeks documents protected
21 by the attorney-client privilege or work-product doctrine.

22

23

24

25

26

27

28

1  DATED: November 29, 2010

2

3

4

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH

5

6

_Paula Roach_

PAULA M. ROACH

7

8

9

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

10

11

12

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

13

14

Co-Lead Counsel for Plaintiffs

15

16

17

18

19

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

20

21

22

23

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

24

25

26

27

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

28

586090_1

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS - C-05-00037-JW(HRL)                          - 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

# Exhibit F

| Subject: | Re: Apple iPod iTunes Antitrust Litigation | |
|----------|---------------------------------------------|--|
| From: | Robert A Mittelstaedt | 12/27/2010 03:06 PM |
| To: | Xan Bernay | |
| Cc: | David Kiernan, Michael Scott, "Paula Roach", "Bonny Sweeney" | |

My understanding from david was that the only objection is the timing of your answers. If you are refusing in addition to ever answering some of the discovery requests, please identify them so we can include in today's motion to compel.

-------------------

This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.

-------------------

**From:** "Xan Bernay" [XanB@rgrdlaw.com]
**Sent:** 12/27/2010 02:47 PM PST
**To:** Robert Mittelstaedt
**Cc:** David Kiernan; Michael Scott; "Paula Roach" <proach@rgrdlaw.com>; "Bonny Sweeney" <BonnyS@rgrdlaw.com>
**Subject:** RE: Apple iPod iTunes Antitrust Litigation

During our call on the 24th, David and I reached certain agreements, but it is not wholly accurate that the remaining dispute is only as to timing. Plaintiffs continue to object to certain of the discovery requests on various grounds, including burden and Apple's late production of a tremendous number of documents, as we have stated in our responses and in a number of communications.

I committed to David that plaintiffs would, as to Interrogatory 21, find out from the named plaintiffs the total number of songs they currently have on their iPods. We will be asking the plaintiffs for this information right away and hope to have an answer shortly now that David was able to clarify for me what information would be responsive to this interrogatory. I also committed to following up on Interrogatory 17 with the named plaintiffs. I expect to have this information very soon.

As we have stated repeatedly, plaintiffs do not believe piecemeal responses to Apple's contention interrogatories are proper or required under the Federal Rules. Again, due to the massive volume of documents produced by defendant Apple at the end of the discovery period, plaintiffs are unable to fully respond to many of Apple's contention interrogatories.

As we stated in a prior communications and I told David on the 24th, we plan to supplement our responses in time for use in Apple's reply in support of summary judgment.

-----Original Message-----
From: Robert A Mittelstaedt [mailto:ramittelstaedt@JonesDay.com]
Sent: Mon 12/27/2010 9:04 AM
To: Xan Bernay
Cc: David Kiernan; Michael Scott; Paula Roach
Subject: RE: Apple iPod iTunes Antitrust Litigation

Xan: I understand from David that Plaintiffs have now agreed to provide complete, substantive answers and that the remaining dispute is over timing. My suggestion is that, without further delay, Plaintiffs provide answers based on currently available information including, for example, the information on which the allegations were initially made and any further information obtained and already reviewed by plaintiffs, and that you supplement based on review of the documents recently produced by defendants.

Robert A. Mittelstaedt
JONES DAY
San Francisco, California
T: (415) 875-5710
F: (415) 875-5700
E-mail: ramittelstaedt@jonesday.com
www.jonesday.com

From:   "Xan Bernay" <XanB@rgrdlaw.com>
To:     "Michael Scott" <michaelscott@jonesday.com>
Cc:     "Paula Roach" <proach@rgrdlaw.com>, "Robert A Mittelstaedt" <ramittelstaedt@JonesDay.com>, "David Kiernan" <dkiernan@JonesDay.com>
Date:   12/23/2010 02:33 PM
Subject:    RE: Apple iPod iTunes Antitrust Litigation

---

I write in response to your email of December 22, 2010 regarding discovery. As I previously explained in my December 21, 2010 letter, certain of defendant Apple's interrogatories can not be answered at this time because of the massive volume of documents produced by Apple over the past few weeks. Frequently a party will not be able to provide useful answers to contention interrogatories until all discovery is completed. See In re Convergent Tech. Sec. Litig., 108 F.R.D. 328 (N.D. Cal. 1985) (denying motion to compel responses to contention interrogatories and laying out standards for such discovery). Your email seems to suggest plaintiffs be forced to partially and incompletely answer these contention interrogatories and supplement at a later time. This is an inefficient process and one that is unnecessary. As Fed. R. Civ. P. 33 states, " the court may order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time."

As I also previously stated, plaintiffs are endeavoring to provide you with answers to certain interrogatories, including number 17, which relate to the named plaintiffs. As you are aware, the holidays are upon us and we are working diligently to provide this information to you. As I previously stated, we intend to provide more detailed answers to those interrogatories shortly and will include verifications at that time. I expect that we will be able to answer these plaintiff specific interrogatories very soon.

Plaintiffs have not refused to produce documents in response to Apple's requests for production number 1, 2 and 6. Instead, plaintiffs have objected to those requests and explained why, at this time, plaintiffs are unable to respond to those requests.

A meet and confer on these points, rather than a flurry of letters back and forth with unilateral demands from Apple, would be more productive. As I stated in my previous letter, plaintiffs are generally available to discuss these issues. Please feel free to contact me with any questions.
Happy Holidays,

Xan

---

From: Michael Scott [mailto:michaelscott@jonesday.com <mailto:michaelscott@jonesday.com> ]
Sent: Wednesday, December 22, 2010 12:16 PM
To: Xan Bernay
Cc: Paula Roach; Robert A Mittelstaedt; David Kiernan
Subject: Apple iPod iTunes Antitrust Litigation

Xan,

This email responds to your letter to me dated December 21, 2010, dealing with plaintiffs' failure to answer Apple's interrogatories. As to plaintiffs' failure to address, even in part, 19 of 21 interrogatories, you claim that the volume of Apple's recent productions has made it impossible to answer them and say that plaintiffs intend to "supplement" their non-responses in time for Apple to rely on them in its reply in support of its anticipated motion for summary judgment. That is insufficient. Apple began producing documents over a year ago, and plaintiffs have relied on documents produced since then in their pleadings and depositions. Plaintiffs must answer Apple's interrogatories now with available information, and were granted a two-week extension to do just that. Please respond to these interrogatories right away. Plaintiffs can supplement those responses later as may be appropriate. Moreover, a proposal to respond prior to the due date for Apple's reply--rather than its motion for summary judgment--is unacceptable.

You also write that plaintiffs intend to respond to some interrogatories such as number 17, but that they require information from the named plaintiffs. The interrogatories were served on October 27, and again, plaintiffs were given an extra two weeks during which they could have collected this information. In all, plaintiffs have had almost two months to do so, and your letter does not explain why they have not. Please respond to these interrogatories immediately.

Plaintiffs have refused to produce documents in response to requests for production numbers 1, 2, and 6, claiming that discovery is ongoing. Rather than address the points in my December 20 letter, you write that "plaintiff's objections are well founded." That is not so, for reasons I've already noted. You also write that "many of the documents responsive to Apple's requests are based on Apple's interrogatories. As such, because those documents are either only just being produced or are in Apple's possession, custody or control, or equally available to Apple, Plaintiffs' responses at this time to Requests 1, 2 and 6 are proper." Please confirm that plaintiffs have no non-privileged documents in their possession, custody, or control that are responsive to these requests other than what Apple has produced. If they do, please produce them. Plaintiffs may supplement their production if necessary. Finally, this objection does not apply to request for production 6, which calls for documents relating to the hacks named in the complaint. Please confirm that plaintiffs have no non-privileged documents responsive to this request or produce such documents.

Absent a satisfactory resolution, Apple intends to move to compel on Monday.

Sincerely,
Mike Scott

Michael Scott
Jones Day
555 California St., 26th floor
San Francisco, CA  94104
(415) 875-5874 (phone)
(415) 963-6855 (fax)

========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
=========


NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges. Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by
attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
========