Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING DEFENDANT'S MOTION TO COMPEL** |

Defendant Apple Inc. requests that the Court shorten the time for briefing and hearing Defendant's Motion To Compel Responses To Interrogatories and Document Requests that was filed contemporaneously herewith.  Specifically, Apple requests that the hearing be held on January 18, 2011, the same day that Apple's motion for a protective order (Dkt. 396) is scheduled to be heard before this Court.  Apple proposes that Plaintiffs' opposition be filed by January 6, 2011 and that Apple's reply be filed by January 11, 2011.  Plaintiffs do not consent to Apple's request for a shortened schedule.  Declaration of David C. Kiernan In Support Of Defendant's Administrative Motion To Shorten Time For Briefing And Hearing Defendant's Motion To

Compel ("Kiernan Decl."), ¶ 2, Ex. A.

Plaintiffs are seeking to avoid their obligation to provide basic discovery about their contentions. On October 27, 2010, Apple served interrogatories and document requests that asked Plaintiffs to state all facts and produce all documents that support the core contentions in the amended complaint. Despite a two week extension to respond, Plaintiffs failed to provide substantive answers to 20 of the 22 interrogatories, including interrogatories asking for facts supporting their contentions regarding Apple's alleged exclusionary conduct, the alleged relevant antitrust product markets, Plaintiffs' alleged damages, and Plaintiffs' use of Apple's music and iPods. Plaintiffs also failed to produce documents in response to three document requests. Instead, they recycled boilerplate objections that they withdrew during the meet and confer process. Kiernan Decl. ¶ 3. Discovery closed on December 20, 2010. (Dkt. 384.)

Plaintiffs have now agreed to supplement and provide complete responses to all of the outstanding discovery. Kiernan Decl. ¶ 4. Their only complaint is that they say they need more time to provide responses, as much as three months for the majority of the outstanding requests, despite the January 17, 2011 deadline for Apple's renewed Rule 56 motion and Plaintiffs' motion for class certification.

Plaintiffs' only argument in support of a three month delay is their need for time to review documents produced by Apple. But Plaintiffs offer no reason why they could not provide any other information in their possession, including the information on which their allegations were originally based or any other information received and reviewed by them since they filed their complaint. By refusing to agree to shorten time, Plaintiffs are simply trying to buy yet more time. They offer no reason why the 10 days offered by Apple for Plaintiffs to draft their opposition to the Motion to Compel is insufficient.

## CONCLUSION

Apple respectfully requests that this Court grant its request to shorten time on the briefing and hearing on Apple's Motion to Compel.

| | | |
|---|---|---|
| 1 | Dated: December 27, 2010 | Jones Day |
| 2 | | |
| 3 | | By: /s/David C. Kiernan |
| 4 | | David C. Kiernan |
| 5 | | Attorneys for Defendant<br>APPLE INC. |

7  SFI-657838v2

- 3 -  Defendant's Administrative Motion to Shorten Time
C 05-00037 JW (HRL)