ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-JW(HRL) <u>CLASS ACTION</u> |
| ) This Document Relates To: ) ) ALL ACTIONS. ) ) | PLAINTIFFS' OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR BRIEFING AND HEARING DEFENDANT'S MOTION TO COMPEL |

591345_1

Defendant Apple Inc. provides no basis for its Motion to Shorten Time for Plaintiffs' opposition and hearing on its motion to compel responses to contention interrogatories and accompanying requests for production. As Apple acknowledges in both its Motion to Shorten Time and Motion to Compel, the dispute remaining between the parties is the timing of Plaintiffs' responses. Apple fails, however, to inform the Court that the dispute exists because Plaintiffs are unable to provide a substantive response to Apple's contention requests given Apple's large dump of documents in the last month of discovery. *See* Declaration of Paula M. Roach in Support of Plaintiffs' Opposition to Defendant's Administrative Motion to Shorten Time for Briefing and Hearing Defendant's Motion to Compel ("Roach Decl."), ¶¶3-5. Between November 15, 2010, and December 21, 2010, the close of fact discovery, Apple produced 1,606,951 pages of documents plus data needed by Plaintiffs' experts. *Id.*, ¶3. This dwarfs Apple's production of a mere 97,316 pages of documents in the previous three years of ongoing discovery leading up to the date Apple's contention requests were served. *Id.* Plaintiffs have also taken six depositions of fact witnesses over the last month. *Id.*

As Plaintiffs have explained to Apple, Plaintiffs will respond to Apple's contention interrogatories and related document requests after they have had an opportunity to review the documents recently produced by Apple and take any additional depositions.[1] *Id.*, ¶¶4, 5. Because Plaintiffs have already agreed to provide such responses well in advance of the deadline for Apple to file its reply in support of its motion for summary judgment, Apple cannot show any prejudice. *A fortiorari*, Apple cannot show any prejudice will result from briefing and hearing the motion in the ordinary course. Even if this Court granted Apple's motion to shorten time, the hearing date would

---

[1] Many of the contention interrogatories that are the subject of Apple's underlying motion to compel also require expert analysis. Compelling Plaintiffs to provide partial responses to contention requests before review and analysis of this production is completed defeats the purpose of contention discovery. *See In re Convergent Tech. Sec. Litig.*, 108 F.R.D. 328, 338-40 (N.D. Cal. 1985) (denying motion to compel responses to contention interrogatories and laying out standards for such discovery); Moore's, *Manual for Complex Litigation* (*Fourth*) §11.461 (noting that Rule 33(c) permits contention interrogatories, "but permits a court to defer an answer 'until after designated discovery has been completed or until a pretrial conference or other later time'").

1  be January 18, 2011, one day after Apple must file its motion for summary judgment. *Id.*, ¶7. Apple
2  cannot, therefore, claim any prejudice.

3  If Apple's Motion to Shorten Time is granted, Plaintiffs will be forced to brief an opposition
4  to the Motion to Compel over the holiday while Plaintiffs are reviewing Apple's massive production
5  and also briefing their Motion for Class Certification (due to be filed on January 17, 2010). *Id.*, ¶8.
6  Shortening Plaintiffs' time to respond serves no other purpose than to prejudice Plaintiffs and reward
7  Apple for its bad conduct. If Apple wanted full responses to its contention interrogatories sooner, it
8  could have complied with its discovery obligation months ago, as most of the over 1,000,000 pages
9  of late document production was in response to requests that were served on Apple in 2009. *Id.*, ¶¶3,
10 8.

11 The current hearing date of February 1, 2011, allows Plaintiffs adequate time to brief their
12 opposition to Apple's motion, review Apple's large document production, and brief their Motion for
13 Class Certification. Any shortened schedule will severely prejudice Plaintiffs. Additionally, hearing
14 Apple's motion on January 18, 2011, as suggested by Apple, will not provide any added efficiencies
15 because Apple's Motion for Protective Order is entirely unrelated to its Motion to Compel and
16 Apple's Motion for Summary Judgment will have already been filed. Moreover, as Apple's counsel
17 is located in San Francisco and has offices in Palo Alto, requiring Apple to attend an additional
18 hearing in San Jose imposes no hardship on Apple.

19 Plaintiffs therefore respectfully request that this Court deny Apple's Motion to Shorten Time
20 for Briefing and Hearing of its Motion to Compel.

21 DATED: December 30, 2010               ROBBINS GELLER RUDMAN
                                             & DOWD LLP
22                                         JOHN J. STOIA, JR.
                                           BONNY E. SWEENEY
23                                         THOMAS R. MERRICK
                                           ALEXANDRA S. BERNAY
24                                         PAULA M. ROACH

25

26                                                  s/ Paula M. Roach
                                                   PAULA M. ROACH
27

28

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY  10016
Telephone:  212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2010, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 30, 2010.

    s/ Paula M. Roach
    PAULA M. ROACH

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:proach@rgrdlaw.com

591345_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`