Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

## I.     INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), defendant Apple Inc. ("Apple") requests that the Court order the Clerk of the Court to file under seal portions of Apple's Reply in Support of its Motion For Protective Order Preventing the Deposition of Steve Jobs ("Reply") and the Declaration of David Kiernan in support thereof ("Kiernan Declaration"). The Reply and Kiernan Declaration contain, refer to or reveal information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2009 (Dkt. 112). Such information has been previously filed under seal in this case. *See* Dkt. 361, 353, and 340.

1  Additionally, the Reply cites to and characterizes material that is the subject of Plaintiffs' pending
2  Administrative Motion to Seal, Docket No. 406, relating to Plaintiffs' Opposition to Apple Inc.'s
3  Motion for Protective Order Preventing the Deposition of Steve Jobs and the Declaration of
4  Alexandra S. Bernay in Support of Plaintiffs' Opposition to Apple Inc.'s Motion for Protective
5  Order Preventing Deposition of Steve Jobs.

6  Apple files this motion and the accompanying Declaration of Michael Scott in Support of
7  Apple's Administrative Motion to Seal ("Scott Declaration") in support of a narrowly tailored
8  order authorizing sealing those documents, on the grounds that there is good cause to protect the
9  confidentiality of that information. The proposed sealing order is based on the Protective Order
10 in this action and proof that particularized injury to Apple will result if the sensitive information
11 is publicly released.

12 **II.   STANDARD**

13 Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit
14 sealing of court documents to protect "a trade secret or other confidential research, development,
15 or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has
16 "carved out an exception to the presumption of access to judicial records for a sealed discovery
17 document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231
18 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana*
19 *v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

20 **III.  ARGUMENT**

21     **A.   There is Good Cause to Support Filing under Seal.**

22 The information that Apple now moves to file under seal falls within the scope of
23 Plaintiffs' pending Administrative Motion to File Under Seal (Dkt. 406), Defendant's Response
24 to Plaintiffs' Amended Administrative Motion to File Under Seal (Dkt. 408), and the Declaration
25 of Eddy Cue in support thereof (Dkt. 409) ("Cue Declaration"). The Scott Declaration and the
26 Cue Declaration establish good cause to permit filing under seal. They establish that the redacted
27 portions of Apple's Reply and the Kiernan Declaration contain highly confidential and sensitive
28 information that must be kept confidential in order to avoid causing substantial harm to Apple.

*See* Scott Decl., ¶ 4; Cue Decl., ¶ 3-9.

The redacted information specifically relates to sensitive contract terms, communications with record labels, and decisions by Apple employees regarding Apple's business strategy. *See* Scott Decl., ¶ 4; Cue Decl., ¶ 3.

### 1. The Redacted Information Includes Sensitive Contract Terms and Highly Confidential Communications with Record Labels.

The redacted portions of pages 2, 4, 6, and 7 of the Reply and exhibits 1 and 2 of the Kiernan Declaration contain highly confidential and commercially sensitive business information, including information regarding sensitive contract terms and communications with record labels. *See* Scott Decl., ¶ 4; Cue Decl., ¶ 4.

The redacted contract terms and communications with record labels are highly confidential and should not be publicly disclosed. *See* Scott Decl., ¶ 4; Cue Decl., ¶ 5. Apple's contracts with record labels are subject to confidentiality provisions and were produced to Plaintiffs pursuant to the Protective Order. *Id.* Similarly, Apple's communications with the record labels contain highly confidential, commercially sensitive business information and were produced to Plaintiffs pursuant to the Protective Order. *Id.* The public disclosure of this highly confidential information would cause substantial harm to Apple. *Id.*

### 2. The Redactions Include Highly Confidential and Commercially Sensitive Information Relating to Key Business Decisions at Apple.

The redactions on pages 2-4 and 6-9 of the Reply and exhibits 3 and 4 of the Kiernan Declaration contain highly confidential and commercially sensitive business information, including information relating to business decisions or strategies at Apple. *See* Scott Decl., ¶ 4; Cue Decl., ¶ 8.

The redacted information relating to business decisions and strategy is highly confidential and should not be publicly disclosed. *See* Scott Decl., ¶ 4; Cue Decl., ¶ 9. The information was produced to Plaintiffs pursuant to the Protective Order. The information produced to Plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents.

The public disclosure of information regarding Apple's business strategies would put Apple at a significant business disadvantage.

### IV. CONCLUSION

Defendant respectfully requests that this Court grant Apple's Administrative Motion to Seal.

Dated: January 4, 2011

Jones Day

By: /s/ Michael Scott
    Michael Scott

Attorneys for Defendant
APPLE INC.

SFI-658267v2