Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTITRUST LITIGATION** | Case No. C 05-00037-JW (HRL)<br><br>[CLASS ACTION]<br><br>**DECLARATION OF DAVID C. KIERNAN IN SUPPORT OF APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER PREVENTING THE DEPOSITION OF STEVE JOBS**<br><br>Date: January 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 5th Floor<br>**Honorable Howard Lloyd**<br><br>[FILED UNDER SEAL] |

I, David C. Kiernan, under penalty of perjury, declare as follows:

1. I am an attorney with the law firm of Jones Day, counsel of record for Defendant Apple Inc. I am an active, licensed member of the State Bar of California. I submit this declaration based on personal knowledge.

2. Attached as **Exhibit 1** to this declaration is a true and accurate copy of portions of the transcript of the deposition of Jeffrey L. Robbin conducted on December 3, 2010.

3. Attached as **Exhibit 2** to this declaration is a true and accurate copy of portions of the transcript of the deposition of Eddy Cue conducted December 17, 2010.

4. The Declaration of Alexandra Bernay, Docket No. 405, ("Bernay Declaration") identified and attached an email dated July 25, 2004 (Exhibit 2 thereto) as to which Plaintiffs wish to examine Mr. Jobs. Plaintiffs have already examined Apple's Eddy Cue pursuant to Federal Rule of Civil Procedure 30(b)(1) and 30(b)(6) regarding that same email chain. Attached as **Exhibit 3** to this declaration is a true and accurate copy of the email chain used as an exhibit during the deposition of Eddy Cue (and marked as Exhibit 64 to that deposition).

5. The Bernay Declaration also identified and attached an email dated May 31, 2005 (Exhibit 3 thereto) as to which Plaintiffs wish to examine Mr. Jobs. Plaintiffs have already examined Apple's Eddy Cue pursuant to Federal Rule of Civil Procedure 30(b)(1) and 30(b)(6) regarding that same email chain. Attached as **Exhibit 4** to this declaration is a true and accurate copy of the email chain used as an exhibit during the deposition of Eddy Cue (and marked as Exhibit 67 to that deposition).

6. I am very familiar with the discovery sought by Plaintiffs from Apple and third parties. Although Plaintiffs have subpoenaed various record labels in the course of discovery to seek the production of documents in those record labels' possession, Plaintiffs did not subpoena any record labels for deposition testimony.

7. In the course of discovery, Plaintiffs served two deposition notices of Apple Inc. pursuant to Federal Rule of Civil Procedure 30(b)(6). Plaintiffs did not identify a topic pursuant to Rule 30(b)(6) regarding Apple's decision not to license FairPlay. Additionally, Plaintiffs identified only one 30(b)(6) topic that related to record labels, namely "Communications with the

content providers regarding Apple's updates to FairPlay."

8. Plaintiffs Opposition to Apple's Motion for Protective Order, Docket No. 404, states that Plaintiffs "reminded Apple's attorneys that Apple had produced several key documents written by or sent to Mr. Jobs." (Opposition at 6 n.4.) Despite Apple requesting that Plaintiffs identify any Bates numbers of documents they believed reflected Mr. Jobs having unique, firsthand knowledge, Plaintiffs' Opposition is the first time Plaintiffs specifically identified any documents they believed supported their request for Mr. Jobs's deposition.

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. This declaration was executed on January 4, 2011, in San Francisco, California.

/s/ *David C. Kiernan*
David C. Kiernan

# Exhibit 1
# [Filed Under Seal]

# Exhibit 2
# [Filed Under Seal]

# Exhibit 3
# [Filed Under Seal]

Case 4:05-cv-00037-YGR   Document 420   Filed 01/04/11   Page 6 of 7

# Exhibit 4
# [Filed Under Seal]