ROBBINS GELLER RUDMAN
    & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' MOTION REGARDING SCHEDULE FOR CLASS CERTIFICATION AND DEPOSITIONS |
| ALL ACTIONS. | |
| | JUDGE: Hon. James Ware |
| | DATE: TBD |
| | TIME: 9:00 a.m. |
| | CTRM: 8, 4th FLOOR |

[REDACTED]

592560_1

1  TO:  ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2  PLEASE TAKE NOTICE that on a date to be determined by the Court, before the Honorable James Ware, at 9:00 a.m., in Courtroom 8, 4th Floor, direct purchaser plaintiffs Melanie Tucker, Mariana Rosen and Somtai Troy Charoensak ("Plaintiffs") hereby move this Court for an order modifying the class certification schedule in order to permit Plaintiffs and their experts a fair opportunity to review and analyze the massive volume – more than a million pages – of documents and data compilations produced by Apple during the final two weeks of discovery to enable them to incorporate that analysis into their motion for class certification and supporting documents. Plaintiffs also ask the Court to extend the deadline for depositions until February 18, 2011. Specifically, the Parties request the Court to modify the schedule as follows:

| | |
|---|---|
| Deadline for completion of depositions | February 18, 2011 |
| Plaintiffs' Motion in Support of Class Certification: | March 14, 2011 (currently January 17, 2011) |
| Apple's Opposition to Motion for Class Certification: | April 25, 2011 (currently February 28, 2011) |
| Plaintiffs' Reply in Support of Motion for Class Certification: | May 23, 2011 (currently March 28, 2011) |
| Hearing: | To be Determined (currently April 18, 2011) |

This proposed schedule extends class certification eight weeks beyond the schedule ordered by the Court on October 28, 2010, while preserving the briefing intervals specified by the Court. Dkt. No. 392. In Plaintiffs' view, this adjustment is a necessity if Plaintiffs and their experts are to complete their review and analysis of documents and data unavailable to them until just days before the close of discovery. The requested schedule adjustment does not affect the dates set by the Court relating to Apple's anticipated motion for summary judgment.

By this motion Plaintiffs also seek to modify the discovery schedule in light of the Court's recent denial without prejudice of the stipulation seeking to extend the deadline for taking depositions. On January 4, 2011 the Court denied without prejudice the parties original Stipulation Extending Deadline for Taking Depositions and directed that the parties provide a specific time line

as to how much time is needed to complete the remaining depositions. The parties have been unable to agree on a joint proposal regarding extending the deadline for taking depositions or extending the class certification deadlines.[1] However, Plaintiffs believe, based on the facts detailed herein that a short extension is necessary. Good cause exists to extend the deadline for taking depositions based on the fact that Apple produced, in the last two weeks of the discovery period a large volume of documents in response to Plaintiffs' requests, including financial information and data and continues to do so. Additionally, Apple supplemented its initial disclosures by adding the names of several witnesses that the parties previously agreed from whom documents would be obtained with the areas of knowledge about the matters at issue in Plaintiffs' complaint on December 13, 2010. Plaintiffs took depositions of Apple's witnesses, including witnesses for whom additional documents were recently produced, in a good faith effort to complete fact discovery by December 20, 2010. Plaintiffs took the deposition of Apple's Rule 30(b)(6) witness on cost and pricing of iPods, Mark Donnelly, on December 20, 2010, despite having received relevant cost and price information only days before and with some cost information not yet produced. As to depositions, the relief Plaintiffs seek is narrow. Plaintiffs ask the Court to grant the following relief :

To the extent that Plaintiffs discover, upon review, that they reasonably need to examine Apple witnesses whether or not previously deposed about documents recently produced by Apple, such depositions will be completed by February 18, 2011. The parties will promptly present any dispute regarding these depositions to the Magistrate Judge prior to February 18, 2011; and, if the parties are unable to resolve the issue, will promptly present any remaining dispute to the Court.

---

[1] The parties had been negotiating for several days the language for joint stipulations regarding both class certification deadlines and extending the deadline for depositions. Multiple drafts went back and forth and it was not until Friday after 12:30 p.m. that defendant Apple - for the first time - insisted on including a proposed extension of summary judgment briefing if the stipulations were to be filed. Plaintiffs explained that no good cause was shown for such an extension and Apple refused to sign on to the previously discussed stipulations without the addition. Declaration of Alexandra S. Bernay in Support of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions (Bernay Decl."), ¶2.

## I. MEMORANDUM IN SUPPORT OF MOTION

Plaintiffs acknowledge their burden under Rule 23 to "put forth a methodology [showing that] 'there is a way to prove a class-wide measure of [impact] through generalized proof.'" *Pecover v. Elec. Arts, Inc.*, No. 3:08-cv-02820-VRW, slip op. at 47 (N.D. Cal. Dec. 21, 2010) (Walker, J.) (quoting *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 583, 604 (N.D. Cal. 2010) (quoting *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 256 F.R.D. 82, 100 (D. Conn. 2009)). Plaintiffs are not required to conduct any regression analysis or prepare any damages study at this stage of the litigation. Rather, Plaintiffs must "offer a methodology that is generally accepted." *In re Carbon Black Antitrust Litig.*, No. Civ. A. 03-10191-DPW, MDL No. 1543, 2005 WL 102966, at *20 (D. Mass. Jan. 18, 2005) (quoting *In re Linerboard Antitrust Litig.*, 203 F.R.D. 197, 217-18 (E.D. Pa. 2001) *aff'd*, 305 F.3d 145 (3d Cir. 2002)).

As explained earlier in the two reports previously submitted by Plaintiffs in support of class certification, Plaintiffs' expert Professor Roger Noll will use one or more of three generally accepted methodologies to calculate damages and demonstrate that the challenged conduct impacted all members of the class: the before-and-after, yardstick, or mark-up methodology.[2] Each of these methodologies has already been determined to be valid means of proving damages on a class-wide basis by this Court and other courts in this district. *See* Dkt. No. 196 (order certifying class, filed Dec. 22, 2008) at 7-8; Dkt. No. 303 (order decertifying classes, filed Dec. 21, 2009) at 2 n.6; *In re Static Random Access (SRAM) Antitrust Litig.*, No. C 07-01819 CW, 2008 WL 4447592, at *6-*7 (N.D. Cal. Sept. 29, 2008) (certifying class based on Professor Noll's proposed use of either a before-and-after, yardstick or mark-up methodology for calculating damages); *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2006 WL 1530166, at *10 (N.D. Cal. June 5, 2006) (same).

Plaintiffs and no doubt the Court contemplated that by the time Plaintiffs filed their motion and report in support of class certification, their experts would have had sufficient time to analyze

---

[2] Plaintiffs allege that supracompetitive prices for iPods is only one of the ways in which Apple's conduct has caused anticompetitive harm in the relevant markets.

the pertinent Apple data to test the suitability of the proposed damages methodologies. *See, e.g.,* Dkt. No. 270 (Reply Declaration of Roger G. Noll, dated Oct. 19, 2009 ) at 17 (explaining that it is not "reasonable or even possible to show the equation that will be used to calculate damages and to prove that estimating that equation is feasible before discovery of transaction records, costs and documents pertaining to price policies is complete"). However, because important documents were produced at the end of discovery, just before the holidays, they have not had an opportunity to do so.

## II. APPLE PRODUCED CRITICAL DOCUMENTS AND DATA AT THE VERY CLOSE OF DISCOVERY

Apple produced much of the data and documents required for the foregoing Plaintiffs' expert damages analysis at the very end of (and now even after the close of) the December 20, 2010, close of the discovery period. Specifically:

By November 15, 2010, Apple had produced 113,706 pages of documents. But then between November 15 and December 20, 2010, Apple produced another 1,493,245 pages of documents. Bernay Decl., ¶3. Most of these documents were responsive to document requests Plaintiffs served in 2009. Bernay Decl., ¶6. As a result, Plaintiffs' counsel and experts have not yet been able to complete their review of Apple's production, much less conduct the kind of analysis contemplated for Plaintiffs' class certification expert report.

Included among the documents produced by Apple in the final days of discovery are the data compilations Plaintiffs' experts need to assess their proposed damages methodologies. For example, on December 16, 2010, Apple produced data on iPod prices and changes over time, iPod Forecast data, and additional Reseller data; on December 17, 2010, Apple produced additional iPod cost information; and on December 20, 2010, the last day of discovery, Apple began production of data on the cost of manufacturing iPods, data which is still being produced. Bernay Decl., ¶4.

### III. MUCH WORK REMAINS BEFORE THE DATA RECENTLY PRODUCED BY APPLE CAN BE USED BY PLAINTIFFS' EXPERTS

Although Plaintiffs believe that Apple has now produced much of the requested documents and data,[3] Plaintiffs' experts cannot feasibly analyze the data and incorporate that production into a report by January 17, 2011. That is because: (1) there appear to be gaps in the data already produced; (2) some data have not been produced at all; (3) some data were produced in a non-usable format and must be re-produced or re-formatted; and (4) Apple has not yet answered certain questions that must be answered before Plaintiffs' experts can begin analyzing the data. For example:

On December 14, 2010, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[3] Because Plaintiffs have not yet completed their review of the late production, they cannot determine what documents or categories of documents are missing.

1 ▉
2 ▉
3 ▉
4 ▉
5 ▉
6 ▉
7 ▉

Plaintiffs have begun the process of asking questions about this database as well as the iPod and iTunes data produced in spreadsheet format and some of the other documents Apple produced at the tail-end of discovery. Apple has said it believes that it will have answers to most of Plaintiffs' questions by January 7, 2011 and has produced data over the last week. However, 10 days thereafter is plainly not sufficient time for Plaintiffs' experts to analyze the data and incorporate it into a report in support of class certification.

## IV. AN EXTENSION OF THE DEADLINE FOR DEPOSITIONS IS REQUIRED

Good cause also exists to extend the deadline for taking depositions based on the fact that Apple produced, in the last two weeks of the discovery period, a large volume of documents in response to various requests by Plaintiffs, including financial information and data and continues to do so. Hundreds of documents written by or to or from the deponents' custodial files were produced on or after the date of the depositions Plaintiffs took between December 3, 2010 and December 17, 2010. Bernay Decl., ¶8. Plaintiffs took those depositions in a good faith effort to complete fact discovery by December 20, 2010. Additionally, Plaintiffs took the deposition of Apple's Rule 30(b)(6) witness on cost and pricing of iPods, Mark Donnelly, on December 20, 2010, despite having received relevant cost and price information only days before and with some cost information not yet produced.

Additionally, Apple supplemented its initial disclosures by adding the names of several witnesses that the parties previously agreed from whom documents would be obtained with the areas of knowledge about the matters at issue in Plaintiffs' complaint on December 13, 2010. Because

592560_1 | PLAINTIFFS' MOTION REGARDING SCHEDULE FOR CLASS CERTIFICATION AND DEPOSITIONS - C-05-00037-JW(HRL)    - 6 -

1  Plaintiffs have demonstrated good cause exists to extend the deadline for taking depositions, and
2  because Plaintiffs have provided a clear end date in line with the Court's prior Order, the extension
3  should be granted.

## V. CONCLUSION

If Plaintiffs and their experts are to complete their review and analysis of documents and data unavailable to them until just days before the close of discovery, this extension in the class certification schedule is necessary. Additionally, because of the late document production, including many documents from the files of the witnesses were produced after their depositions, the narrow relief in terms of the adjustment to the class certification schedule and deposition schedule should be granted.

DATED: January 7, 2011

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH

             s/ Bonny E. Sweeney
             BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 7, 2011.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:       bonnys@rgrdlaw.com

592560_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)