Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 JW |
| | CLASS ACTION |
| This Document Related To:<br>ALL ACTIONS | **APPLE'S OPPOSITION TO MOTION RE SCHEDULING, AND CROSS-MOTION TO EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION** |
| | Judge:   Honorable James Ware<br>Date:     To Be Determined<br>Time:    9:00 a.m.<br>Place:   Courtroom 8, 4th Floor |

## INTRODUCTION

Defendant Apple Inc. (Apple) hereby opposes Plaintiffs' motion to extend the deadline for depositions by two months, from December 20, 2010, to February 18, 2011.  Plaintiffs do not identify even a single deposition that that they actually wish to take based on any documents produced last month, much less attempt to show good cause for doing so.  Nor do Plaintiffs show

1  good cause for their request to extend the deadline for their class certification motion. However,
2  Apple does not object to that extension if Plaintiffs are held to their written representation during
3  the meet-and-confer process that their expert will use the additional time to conduct a regression
4  analysis to determine whether he can actually discern any class-wide price impact from the
5  alleged antitrust violation. In their motion, Plaintiffs try to retreat from that representation,
6  offering only the vague, inadequate explanation that the expert wants time to "analyze" and
7  "incorporate" data into his report. Finally, Apple moves to extend the deadline for filing its
8  renewed Rule 56 motion for one month in light of its pending motion to compel Plaintiffs to
9  answer contention interrogatories and to the extent, if any, that Plaintiffs' motion is granted.
10  Plaintiffs have advised that they object to this request.

11  By advocating a one-sided extension, Plaintiffs are seeking an unfair tactical advantage.
12  Under the existing schedule put in place by this Court, Apple's renewed Rule 56 motion was to be
13  filed after the close of fact discovery. That sequencing would avoid the possibility of another
14  Rule 56(f) petition by Plaintiffs. However, by demanding the right to take (unidentified)
15  depositions until February 18 while insisting that Apple files its motion on January 17, Plaintiffs
16  would reverse the timing sequence ordered by the Court. Compounding that problem, Plaintiffs
17  refuse to provide answers to basic contention interrogatories until March 2011. Apple's motion
18  to compel on this point is set for hearing before Magistrate Judge Lloyd on February 1, 2011.

19  **BACKGROUND**
20  **A.   Court-Ordered Existing Deadlines.**
21  Last year, the Court set a deadline of December 20, 2010 for the close of fact discovery,
22  with Apple's renewed Rule 56 motion and Plaintiffs' renewed class certification motion both due
23  on January 17, 2011. Doc. 384, p. 1; Doc. 392, p. 2. Plaintiffs had requested that their class
24  motion not be due until June 6, 2011 (Doc. 391, p. 2), most likely due to their expert's schedule.
25  The Court declined Plaintiffs' request. Doc. 392, p. 2.
26  **B.   Discovery is Complete Except for Two Pending Motions by Apple.**
27  Since those deadlines were set, the parties engaged in good faith efforts to complete fact
28  discovery by December 20. Doc. 401, p. 1. Apple completed its document production, and

1  Plaintiffs took two Rule 30(b)(6) depositions of Apple and five individual depositions of Apple
2  employees.  Pending before Magistrate Judge Lloyd are two discovery motions by Apple, set for
3  hearing on January 18 and February 1, 2011, including a motion for a protective order against
4  taking an "apex" deposition and a motion to compel Plaintiffs to answer contention
5  interrogatories.  Docs. 396 and 410.  The motion to compel was necessary because, despite a two-
6  week extension to December 16, 2010, Plaintiffs refuse to answer basic contention interrogatories
7  calling for any facts supporting their claims until some unspecified time before Apple's reply
8  brief on its Rule 56 motion is due in March.  Doc. 410, p. 2.
9       Given the volume of documents and data requested by Plaintiffs and produced by Apple
10 in December 2010, the parties agreed that, after Plaintiffs completed their review of those
11 materials, they would to meet and confer as to whether Plaintiffs believed they needed to examine
12 Apple witnesses (whether or not previously deposed) about recently produced documents.  On
13 December 17, 2010, the parties submitted a stipulation and proposed order to that effect.  Doc.
14 401.  Apple's willingness to agree to that stipulation belies Plaintiffs' attribution of ill motives to
15 Apple, as does Apple's willingness to respond to Plaintiffs' questions about data produced by
16 Apple.  On January 4, 2011, the Court denied the stipulation without prejudice because it did not
17 contain a deadline for completing depositions.  Doc. 416.  As of now, Plaintiffs have not
18 identified any additional deposition they propose to take, confirming Apple's view that no further
19 depositions are warranted.
20         **C.     The Parties' Meet and Confer Re Extending Dates.**
21         Last week, counsel for the parties conferred on a possible joint motion regarding
22 scheduling.  Plaintiffs represented that their experts needed until March 2011 to prepare and run a
23 regression analysis to test the adequacy of their proposed methodology of showing whether or not
24 any increase in iPod prices could be attributed to the alleged wrongdoing.   As stated in Plaintiffs'
25 January 5 letter, their experts wanted the additional time
26     "to analyze Apple data [so] that they could formulate and estimate a regression
27     equation to test the feasibility of the before-and-after methodology. . . . Such an
28     equation would examine the relationship between Apple's wholesale iPod prices

1  and Apple's DRM policies . . ., while accounting for differences in the technical
2  specifications of iPod models . . ., differences in the manufacturing or component
3  costs for each model, differences among buyers . . ., etc."
4 Mittelstaedt Decl., Ex. 1.  Plaintiffs repeated that their experts needed the time to "to
5 conduct a regression analysis." *Id.*

6       This commitment to conduct a regression analysis as part of their class motion was a
7 significant concession because, when Plaintiffs moved in 2009 for class certification, their expert
8 only speculated that a regression analysis would work.  Doc.175, pp. 21-22.  Plaintiffs'
9 concession is consistent with case law requiring that the expert must "conduct [a] meaningful
10 economic analysis" of proposed benchmarks to show that "a workable damage formula"
11 exists. *Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Group L.P.*, 247 F.R.D. 156, 177
12 (C.D. Cal. 2007).

13       Based on Plaintiffs' representation that their expert would actually conduct a regression
14 analysis, Apple agreed to submit a joint motion requesting the additional time.  In Apple's view,
15 the attempt by Plaintiffs' expert would fail and thereby demonstrate that a class should not be
16 certified.  This is especially true given the narrowness of Plaintiffs' remaining liability theory.
17 They will need to show that the inability of RealNetworks' music to play directly on iPods in
18 October 2004 actually resulted in a higher price for iPods than would have otherwise existed.  It
19 is counterintuitive that reducing sources of music that could be played on an iPod would increase
20 demand for iPod and thereby result in a higher price.

21       Perhaps recognizing these problems, Plaintiffs reneged on this critical premise of the
22 proposed joint motion.  Mittelstaedt Decl., ¶ 3.  Their motion, like their last draft of the proposed
23 joint motion, deletes their prior commitment to conduct a regression analysis.  *Id.*   Plaintiffs
24 refused to offer any explanation for their significant change in position, claiming contrary to the
25 written record that they had been "consistent" all along.  *Id.*

26       In addition to withdrawing this critical *quid pro quo*, Plaintiffs also refused to agree to a
27 one month extension for Apple's renewed Rule 56 motion.  During the meet-and-confer,
28 Plaintiffs proposed February 18 as the date by which any additional depositions would be

completed. Based on that date, Apple proposed February 28 as the date for its renewed Rule 56 motion. Apple's rationale was that, as the Court's schedule envisioned, the discovery record should be complete before Apple renews its Rule 56 motion to avoid any further claim for discovery under Rule 56(f).

February 28 is also a sensible date in light of the two discovery motions pending before Magistrate Judge Lloyd, which are set for January 18 and February 1. The February 1 motion seeks to compel Plaintiffs to answer basic contention interrogatories and to set forth the facts supporting their claims. The answers were due, by agreement, on December 16. Doc. 410, p. 3. But on that date Plaintiffs refused to provide any answers, and are now asking Magistrate Judge Lloyd to permit them to postpone providing substantive answers until March.[1]

## ARGUMENT

### I. PLAINTIFFS HAVE FAILED TO SHOW GOOD CAUSE TO EXTEND THE DEADLINE FOR DEPOSITIONS.

Plaintiffs do not contend that they actually need or want to take any additional depositions. They simply want the option to do so should they decide, over the next month after receiving Apple's renewed Rule 56 motion, that they would like more depositions. That does not constitute good cause, particularly because they now have had sufficient time to review the documents produced by Apple. They complain about the volume but ignore that they are the ones who demanded the documents and that few of the documents relate to the narrow remaining claim in this case. Apple agreed on December 17 to meet and confer with Plaintiffs if they believed that they needed additional depositions in light of recently produced documents. To date, however, Plaintiffs have not identified any depositions to be taken.

If Plaintiffs assert in their reply brief that they actually need to take specific depositions, it will be a transparent effort to justify their unnecessary request. This is even truer because, as Plaintiffs acknowledge, Apple has been informally answering Plaintiffs' questions about how to

---

[1] Contrary to Plaintiffs' suggestion (p. 2, fn.1), the parties' efforts at a joint motion failed when Plaintiffs sought to retreat from their commitment that their expert was going to run a regression analysis and when they sought to extend the time for depositions without extending the time for Apple's renewed Rule 56 motion. Plaintiffs do not mention either point.

1  read and interpret certain data compilations and other questions about documents.  Mittelstaedt
2  Decl., ¶ 4.  For example, Plaintiffs asked last week not only about interpreting financial data but
3  also what references to "silhouette" advertising meant, to which Apple promptly responded.
4  Apple's willingness to do so further undermines Plaintiffs' assertion that they might need more
5  depositions in the future.  This also answers Plaintiffs' complaint that they deposed Apple's
6  witness on cost and pricing of iPods without having reviewed some cost information.  Apple has
7  agreed to answer Plaintiffs' questions about that information informally, and Plaintiffs do not
8  contend that that process is insufficient.
9     Finally, contrary to Plaintiffs' assertion (p. 2), Apple's supplemental initial disclosures
10 provide no reason to extend the time for depositions.  As Plaintiffs acknowledge, the supplement
11 simply conformed the initial disclosures to the previously-agreed list of document custodians.  So
12 Plaintiffs were aware of their identity long before the December 20 deadline.  Even now,
13 Plaintiffs do not claim that they actually want to depose any of those individuals.

14 **II.    PLAINTIFFS HAVE FAILED TO SHOW GOOD CAUSE TO EXTEND THE**
15 **        DEADLINE FOR THEIR CLASS CERTIFICATION MOTION.**

16    Nor do Plaintiffs show good cause to delay their renewed class certification motion.  They
17 simply assert, in conclusory form and without any declaration by their expert, that they need more
18 time to "analyze the data and incorporate that production into a report."  If their expert intends to
19 do no more than he did last time, it is unclear why he would need more time.  As noted, Apple
20 was willing to agree to an extension (subject to Court approval) based on Plaintiffs' written
21 representations that the expert was going to conduct a regression analysis.  This was based on
22 Apple's belief that, if the expert actually attempted to run a regression (as opposed to simply
23 proclaiming that he could do so, which is all that he did last time), he would be forced to admit
24 that he could not show that the inability of RealNetworks music to play directly on iPods had any
25 discernible effect on iPod pricing.
26    If Plaintiffs are not given an extension, they likely will seek to excuse their expert's
27 failure to succeed in performing a regression analysis by claiming that he did not have sufficient
28 time.  To head off that argument, Apple would agree to the extension requested by Plaintiffs on

1  the condition that Plaintiffs are held to their written commitment that their expert will actually

2  attempt to conduct a regression analysis as described in their January 5, 2011 letter.  If, however,

3  Plaintiffs refuse to abide by the commitment even if the Court grants the requested extension,

4  they should say so now, and the requested extension should be denied on the ground that

5  Plaintiffs have failed to show that they need two more months to do whatever they plan to do with

6  the data.  If the expert simply plans to list the types of data available, he certainly does not need

7  two more months to do that.

8  **III.    GOOD CAUSE EXISTS TO PERMIT APPLE TO FILE ITS RENEWED RULE 56**
9  **         MOTION ON FEBRUARY 28, 2011.**

10  Good cause supports Apple's request to defer its renewed Rule 56 motion from January 17

11  to February 28.  The existing Court-ordered schedule provides, quite logically, that fact discovery

12  will be concluded before Apple renews its Rule 56 motion.  But Plaintiffs have failed to provide

13  answers to basic contention interrogatories.  Those answers were due, by agreement and after an

14  extension, on December 16, 2010.  The interrogatories asked for such basic information as the

15  facts supporting Plaintiffs' allegation that "Apple used unneeded technological restrictions in

16  conjunction with software updates to suppress new products that threatened its monopoly power

17  in the relevant product markets" (as alleged in paragraph 2 of the Complaint) and that "When

18  competitors attempted to enter either market by selling products compatible with Apple's market-

19  leading iPod or iTS files, Apple promptly issued software updates to end the compatibility" (as

20  alleged in paragraph 4 of the Complaint).   Doc. 410, p. 6 (Interr. Nos. 4 and 6).   Answers to

21  those interrogatories will enable Apple to focus its Rule 56 motion on the facts that Plaintiffs

22  contend support their central allegations.  Apple's motion to compel is set for hearing on February

23  1.  Apple's position is that Plaintiffs' argument that they are unable to state "all" such facts until

24  they completed a review of Apple's documents does not justify their refusal to state "any" facts

25  including those on which they have based these allegations for the last several years.

26  Moreover, although Apple does not believe that Plaintiffs have shown any basis to take

27  any further depositions, if they are given additional time for depositions, that would be an

28  additional reason to defer Apple's motion.  It is in the interests of all parties and the Court to

1 | avoid another Rule 56(f) claim by Plaintiffs. The best way to do so is to ensure that discovery is
2 | complete before Apple's motion is filed.

4 | Dated: January 10, 2011                    Respectfully submitted,

5 |                                             Jones Day

7 |                                             By: /s/ Robert A. Mittelstaedt
  |                                                  Robert A. Mittelstaedt

8 |                                             Counsel for Defendant

10 | SFI-658622v2