Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.  C 05-00037 JW (HRL)<br><br>CLASS ACTION<br><br>**DECLARATION OF ROBERT A. MITTELSTAEDT IN SUPPORT OF APPLE INC.'S OPPOSITION TO MOTION RE SCHEDULING AND CROSS–MOTION TO EXTEND TIME FOR RENEWED RULE 56 MOTION**<br><br>**Judge**: Honorable James Ware<br>**Date**:   TBD<br>**Time:**  9:00 a.m.<br>**Place:**  Courtroom 8, 4th Floor |

1. I am counsel of record for defendant Apple, Inc., (Apple) and make this declaration with respect to Apple's opposition to Plaintiffs' motion re scheduling and Apple's cross motion to extend time for its renewed Rule 56 motion. The facts stated in this declaration are true and based upon my own personal knowledge and, if called to testify to them, I would competently do so.

SFI-658737v1

Decl of R. Mittelstaedt ISO Opp
Case No. C05-00037 JW (HRL)

1  2. Last week, I conferred with counsel for Plaintiffs, Ms. Sweeney, on a possible joint scheduling motion. In support of their request for two more months for their class certification motion, Plaintiffs represented that their experts needed the time to prepare and run a regression analysis to test the adequacy of their proposed methodology of showing whether or not any increase in iPod prices could be attributed to the alleged wrongdoing. Plaintiffs wrote on January 5 that, even though they interpreted the law as not requiring a regression analysis at the class certification stage, their experts wanted the additional time to do so, *i.e.,*

> "to analyze Apple data [so] that they could formulate and estimate a regression equation to test the feasibility of the before-and-after methodology. . . . Such an equation would examine the relationship between Apple's wholesale iPod prices and Apple's DRM policies . . ., while accounting for differences in the technical specifications of iPod models . . ., differences in the manufacturing or component costs for each model, differences among buyers . . ., etc."

Plaintiffs repeated that their experts needed the requested two month to "to conduct a regression analysis."

3. Plaintiffs' draft of the proposed joint motion omitted this representation that they needed the extension to formulate, estimate and conduct a regression analysis. When I raised the issue with Ms. Sweeney, she wrote on January 7 that Plaintiffs' position "has been consistent throughout our meet and confer process."

4. Apple has been informally answering Plaintiffs' questions about how to read and interpret certain data compilations and other questions about documents. For example, Plaintiffs asked last week about interpreting financial data and what "silhouette" advertising meant, to which Apple promptly responded.

Executed this 10th day of January, 2011, in San Francisco, California.

　　　/s/Robert A. Mittelstaedt　　　　

Robert A. Mittelstaedt

SFI-658737v1

- 2 -

Decl of R. Mittelstaedt ISO Opp
Case No. C05-00037 JW (HRL)