1  ROBBINS GELLER RUDMAN
     & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC 20007
   Telephone: 202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                         SAN JOSE DIVISION
18
   THE APPLE IPOD ITUNES ANTI-TRUST  )  Lead Case No. C-05-00037-JW(HRL)
19 LITIGATION                        )
                                     )  CLASS ACTION
20 ───────────────────────────────── )
                                     )  PLAINTIFFS' REPLY IN SUPPORT OF
21 This Document Relates To:         )  MOTION RE SCHEDULING AND
                                     )  OPPOSITION TO APPLE'S CROSS-
22     ALL ACTIONS.                  )  MOTION TO EXTEND TIME FOR
   ───────────────────────────────── )  APPLE'S RENEWED RULE 56 MOTION
23
                                        Judge:   Hon. James Ware
24                                      DATE:    TBD
                                        TIME:    9:00 a.m.
25                                      CTRM:    8, 4th floor
26
27
28

592980_1

## I.    INTRODUCTION

Apple has demonstrated no reason why the filing of its motion for summary judgment should be delayed and its arguments opposing Plaintiffs' motion regarding scheduling are baseless.  Any claimed prejudice to Apple (and there is none) in submitting its renewed motion for summary judgment on January 17, 2011, is wholly due to Apple's own decision to delay the vast majority of its document and data production until the last month of discovery.  Apple previously agreed with Plaintiffs regarding a stipulation on deposition discovery, which was submitted to the Court, and had no issues with a proposed joint stipulation regarding extending class certification deadlines.  Apple's tactical decision at the eleventh hour to make the extension of both the class certification and deposition schedules contingent on the Court's extension of the summary judgment schedule, and the distortion of the record in support, is nothing less than sharp practices.

In an effort to set the record straight without further burdening the Court, Plaintiffs' reply in support of extending the schedule for class certification and the taking of depositions and opposition to Apple's motion to extend the summary judgment schedule are set forth below.

## II.    PLAINTIFFS' MOTION TO EXTEND THE CLASS CERTIFICATION AND DEPOSITION SCHEDULE SHOULD BE GRANTED

### A.    Plaintiffs Demonstrated Good Cause that the Class Certification Deadlines Should be Extended

As detailed in their brief filed on January 7, 2011, Plaintiffs have provided good cause to extend the deadline for filing their renewed class certification motion based on Apple's massive and last-minute production of documents and data.  *See* Dkt. No. 432.  As Plaintiffs explained, Apple produced much of the data and documents required for Plaintiffs' expert damages analysis at the very end of (and now even after the close of) the December 20, 2010 discovery cut-off.  As Plaintiffs previously detailed, between November 15 and December 20, 2010, Apple produced 1,493,245 pages of documents as compared to the 113,706 pages of documents produced in the previous three years of class and merits discovery.  *See* Declaration of Bonny E. Sweeney in Support of Motion Regarding Scheduling and Opposition to Apple's Cross-Motion to Extend Time for Apple's Renewed Rule 56 Motion, filed concurrently ("Sweeney Decl."), ¶2.  Most of the 1.4 million pages of documents were responsive to document requests Plaintiffs served on Apple in 2009.  *Id.*  Apple

1   also produced nearly all of the data required by Plaintiffs' experts in the last month that was

2   similarly in response to requests served on Apple in 2009.  *Id.*  As a result, Plaintiffs' counsel and

3   experts have not yet been able to complete their review of Apple's production, much less conduct the

4   kind of analysis contemplated for Plaintiffs' class certification expert report.

5       The parties had been working cooperatively toward a joint agreement regarding class

6   certification deadlines and had been meeting and conferring extensively.  A series of emails and

7   letters were exchanged and telephone conferences took place.  *Id.*, ¶3.  Additionally, drafts of a

8   proposed stipulation were passed between the parties over the course of several days.  *Id.*

9   Agreement between the parties only broke down because, at the last minute, Apple sought to include

10  for the first time an extension for summary judgment briefing in the proposed joint stipulation.

11  *Id.*, ¶6.  At 12:30 in the afternoon on the date the parties intended on filing the stipulation, Apple's

12  counsel proposed new language that would add a month to the schedule for summary judgment.

13  Plaintiffs did not agree with this reasoning and explained that such an extension was not warranted.

14  *Id.*

15      Critically, and contrary to Apple's representation in its opposition regarding scheduling and

16  cross-motion to renew their Rule 56 motion, Plaintiffs have never represented that their experts

17  needed until March 2011 to "prepare and run a regression analysis to test the adequacy of their

18  proposed methodology of showing whether or not any increase in iPod prices could be attributed to

19  the alleged wrongdoing."  *See* Dkt. No. 437 at 3.  Apple takes quotes out of context from

20  correspondence they fail to attach for the Court's review and use ellipses in an improper attempt to

21  mold Plaintiffs' words into a version that fits Apple's story.[1]  In fact, as demonstrated by the

22  correspondence, Plaintiffs have been completely consistent in what they believe is their burden at

23  class certification.  That is, that "plaintiffs are not required, in order to meet their burden under Rule

24  23, to conduct any regression analysis or prepare any damages study at this stage in the litigation."

25

26  [1]   In Apple's brief and in the Declaration of Robert Mittelstaedt, Apple purports to cite to
    correspondence dated January 5, 2011.  No such correspondence exists on that date.  Rather, Apple
27  has confirmed they are referring to a letter dated December 30, 2010, attached hereto as Exhibit 1 to
    the Sweeney Declaration.

28

PLTFS' REPLY ISO MOTION RE SCHEDULING & OPPOSITION TO APPLE'S CROSS-MOTION TO
EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL)          - 2 -

1    Sweeney Decl., Ex. 1 at 1.  "Rather, plaintiffs are only required to 'put forth a methodology that

2    "there is a way to prove a class-wide measure of [impact] through generalized proof.'" *Id.* (citing

3    case law).

4           There has never been a commitment by Plaintiffs to conduct a regression analysis as part of

5    their class certification motion because no such regression analysis is required under Rule 23.

6    Apple's cobbling together of words from meet and confer letters does not make this so.  As Plaintiffs

7    put forth in their motion to seek an extension of the schedule, Plaintiffs intend, if given more time, to

8    sufficiently analyze the data produced by Apple to formulate and estimate a regression equation to

9    test the feasibility of the before-and-after methodology.  *Id.*, Ex. 1 at 2.  As explained, the late data

10   production does not allow Plaintiffs' experts to fully conduct this analysis in time for the current

11   January 17, 2011 due date of Plaintiffs' class certification motion.  Thus, Plaintiffs' motion for an

12   extension is warranted.

13          1.      **Plaintiffs Demonstrate Good Cause Exists to Extend the
                    Deposition Schedule**

14

15          On December 17, 2010, the parties filed a joint stipulation with the Court regarding

16   depositions.  *See* Dkt. No. 401.  On December 4, 2011, the court denied the motion without prejudice

17   based on the lack of a time line for the end of discovery.  *See* Dkt. No. 416.  Accordingly, on January

18   6, 2011, Plaintiffs proposed to Apple a new joint stipulation that included a set date for all

19   depositions to be concluded.   Sweeney Decl., ¶7.   Instead of proposing alternative dates or

20   responding otherwise, Apple sought to make this stipulation similarly contingent on an extension for

21   Apple's renewed motion for summary judgment. *Id.*, ¶8.  Apple objects to the reasonable extension

22   sought by Plaintiffs to re-open depositions of witnesses:  Jeffrey Robbin in his personal capacity and

23   as a 30(b)(6) witness on December 3, 2010; Augustin Farrugia in his personal capacity and as a

24   30(b)(6) witness on December 8, 2010; David Heller in his personal capacity and as a 30(b)(6)

25   witness on December 15, 2010; Art Rangel in his personal capacity and as a 30(b)(6) witness on

26   December 17, 2010; and Eddy Cue in his personal capacity and as a 30(b)(6) witness on December

27   17, 2010.

28

1   As to each of these deponents, Apple produced documents from the custodial file, or
2   documents from or to the witness, or from both sources after the deposition was concluded.  *Id.*
3   While Apple now claims Plaintiffs have had sufficient time to review the documents produced by
4   Apple, this plainly does not account for the thousands of documents produced after the depositions,
5   listed above, which Plaintiffs could not have questioned the witnesses about as they did not have the
6   documents.  Plaintiffs took those depositions in a good faith effort to complete fact discovery by
7   December 20, 2010 and were prejudiced by Apple's late document production.

8   Additionally, Plaintiffs took the deposition of Apple's Rule 30(b)(6) witness, Mark Donnelly,
9   on cost and pricing of iPods, on December 20, 2010, despite having received relevant cost and price
10  information only days before and with some cost information produced as late as last week.

11  While Apple has been providing some answers to various questions Plaintiffs have posed
12  regarding recently produced documents and data, this is no substitute for live witness testimony
13  given under oath.  Apple admits that it is "informally answering" Plaintiffs' questions, thus making
14  clear that Apple may not necessarily view its answers as binding.  *See* Dkt. No. 437 at 5.

15  Additionally, Apple supplemented its initial disclosures by adding the names of several
16  witnesses that the parties previously agreed from whom documents would be obtained with the areas
17  of knowledge about the matters at issue in Plaintiffs' complaint on December 13, 2010.  Contrary to
18  Apple's suggestion, Plaintiffs should not be penalized by Apple's late supplementation.

19  **2.    Apple Fails to Demonstrate Prejudice in Filing Its Motion For
        Summary Judgment on January 17, 2011 and thus Its Cross-
20      Motion Should be Denied**

21  In support of its position and without explanation, Apple only claims that it must have
22  Plaintiffs' responses to its contention interrogatories before it can submit its Rule 56 motion.  *See*
23  Dkt. No. 437 at 7.  This however completely ignores the fact that the information Plaintiffs require to
24  answer those premature and sweeping requests has been in Apple's control, 90% of which was only
25  produced to Plaintiffs in the final weeks of discovery.  In fact, Apple produced data as recently as
26  January 8, 2011.  Sweeney Decl., ¶2.  Plaintiffs and their experts have been unable to analyze the
27  documents and data sufficiently to provide answers that Apple demands now.  Apple's motion to
28  compel these responses on an earlier schedule than what Plaintiffs' have proposed is currently

592980_1

PLTFS' REPLY ISO MOTION RE SCHEDULING & OPPOSITION TO APPLE'S CROSS-MOTION TO
EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL)          - 4 -

1  pending before Judge Lloyd and Plaintiffs expect that motion will be denied as they have agreed to

2  provide responses in time for Apple's reply in support of its motion for summary judgment.

3       Because Apple has failed to show any good cause for extending the deadline for its summary

4  judgment motion to be filed, its cross-motion should be denied.

5  DATED:  January 11, 2011                    Respectfully submitted,

6                                              ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
7                                              JOHN J. STOIA, JR.
                                               BONNY E. SWEENEY
8                                              THOMAS R. MERRICK
                                               ALEXANDRA S. BERNAY
9                                              PAULA M. ROACH

10

11                                                        s/ Bonny E. Sweeney
                                               ───────────────────────────────
                                                        BONNY E. SWEENEY
12

13                                             655 West Broadway, Suite 1900
                                               San Diego, CA  92101
14                                             Telephone:  619/231-1058
                                               619/231-7423 (fax)

15                                             THE KATRIEL LAW FIRM
                                               ROY A. KATRIEL
16                                             1101 30th Street, N.W., Suite 500
                                               Washington, DC  20007
17                                             Telephone:  202/625-4342
                                               202/330-5593 (fax)

18
                                               Co-Lead Counsel for Plaintiffs
19

20                                             BONNETT, FAIRBOURN, FRIEDMAN
                                                 & BALINT, P.C.
21                                             ANDREW S. FRIEDMAN
                                               FRANCIS J. BALINT, JR.
22                                             ELAINE A. RYAN
                                               TODD D. CARPENTER
23                                             2901 N. Central Avenue, Suite 1000
                                               Phoenix, AZ  85012
24                                             Telephone:  602/274-1100
                                               602/274-1199 (fax)

25                                             BRAUN LAW GROUP, P.C.
                                               MICHAEL D. BRAUN
26                                             10680 West Pico Blvd., Suite 280
                                               Los Angeles, CA  90064
27                                             Telephone:  310/836-6000
                                               310/836-6010 (fax)

28

PLTFS' REPLY ISO MOTION RE SCHEDULING & OPPOSITION TO APPLE'S CROSS-MOTION TO
EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL)                - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

PLTFS' REPLY ISO MOTION RE SCHEDULING & OPPOSITION TO APPLE'S CROSS-MOTION TO
EXINTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL)     - 6 -

1

<u>CERTIFICATE OF SERVICE</u>

2          I hereby certify that on January 11, 2011, I authorized the electronic filing of the foregoing

3   with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4   the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5   caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6   CM/ECF participants indicated on the attached Manual Notice List.

7          I certify under penalty of perjury under the laws of the United States of America that the

8   foregoing is true and correct.  Executed on January 11, 2011.

9                                              s/ Bonny E. Sweeney
                                           BONNY E. SWEENEY
10

11                                           ROBBINS GELLER RUDMAN
                                                & DOWD LLP
12                                           655 West Broadway, Suite 1900
                                           San Diego, CA  92101-3301
13                                           Telephone:  619/231-1058
                                           619/231-7423 (fax)
14
                                           E-mail:      bonnys@rgrdlaw.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)