ROBBINS GELLER RUDMAN
 & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION )<br>)<br>)<br>)<br>This Document Relates To: )<br>)<br>ALL ACTIONS. )<br>) | Lead Case No. C-05-00037-JW(HRL)<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF BONNY E. SWEENEY IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION RE SCHEDULING AND OPPOSITION TO APPLE'S CROSS-MOTION TO EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION<br><br>Judge:    Hon. James Ware<br>DATE:    TBD<br>TIME:    9:00 a.m.<br>CTRM:    8, 4th Floor |

593068_1

I, BONNY E. SWEENEY, hereby declare as follows:

1.  I am an attorney duly licensed to practice before all of the courts of the state of California. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, Co-Lead Class Counsel of record for Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak ("Plaintiffs') in this action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2.  As Plaintiffs explained, Apple produced much of the data and documents required for the Plaintiffs' expert damages analysis at the very end of (and now even after the close of) the December 20, 2010 discovery cut-off. As Plaintiffs previously detailed, between November 15, 2010 and December 20, 2010, Apple produced 1,493,245 pages of documents as compared to the 113,706 pages of documents produced in the previous three years of class and merits discovery. Most of the 1.4 million pages of documents were responsive to document requests Plaintiffs served on Apple in 2009. Apple also produced nearly all of the data required by Plaintiffs' experts in the last month that was similarly in response to requests served on Apple in 2009. In fact, Apple produced data as recently as January 8, 2011. As a result, Plaintiffs' counsel and experts have not yet been able to complete their review of Apple's production, much less conduct the kind of analysis contemplated for Plaintiffs' class certification expert report.

3.  The parties had been working cooperatively toward a joint agreement regarding class certification deadlines and had been meeting and conferring extensively. A series of emails and letters were exchanged between the parties and telephone conferences took place between Plaintiffs' counsel and Apple's counsel. Additionally, drafts of a proposed stipulation were passed between the parties over course of several days.

4.  On December 30, 2010, I sent a meet and confer letter to Apple's counsel Robert Mittelsteadt, Plaintiffs concerning the status of discovery and Plaintiffs' inability to analyze the discovery recently produced. Ex. 1 at 1 (attached hereto). I stated that "plaintiffs are not required, in order to meet their burden under Rule 23, to conduct any regression analysis or prepare any damages study at this stage in the litigation." *Id.* "Rather, plaintiffs are only required to 'put forth a

593068_1

DEC OF BES SIO PLTFS' REPLY ISO MOTION RE SCHEDULING AND OPPO TO APPLE'S CROSS-MOTION TO EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL) - 1 -

methodology that "there is a way to prove a class-wide measure of [impact] through generalized proof.'" *Id.* (citing case law).

5. Nonetheless, Plaintiffs explained that an extension of the class certification schedule was necessary to sufficiently analyze the data recently produced by Apple to formulate and estimate a regression equation to test the feasibility of the before-and-after methodology. *Id.*, at 2. As explained, the late data production does not allow Plaintiffs' experts to fully conduct this analysis in time for the current January 17 due date of Plaintiffs' class certification motion.

6. Apple agreed to an extension of the class certification schedule. It was not until 12:30 p.m. on the day the parties intended on filing the joint stipulation that Apple sought to include for the first time an extension for summary judgment briefing in the proposed joint stipulation. Apple's counsel proposed new language that would add a month to the schedule for summary judgment. Plaintiffs did not agree with this reasoning and explained that such an extension was not warranted.

7. On January 6, 2011, Plaintiffs proposed to Apple a new joint stipulation that included a set date for all depositions to be concluded in response to the Court's denial without prejudice of the parties joint stipulation filed on December 17, 2010. Plaintiffs took the following depositions: Jeffrey Robbin in his personal capacity and as a 30(b)(6) witness on December 3, 2010; Augustin Farrugia in his personal capacity and as a 30(b)(6) witness on December 8, 2010; David Heller in his personal capacity and as a 30(b)(6) witness on December 15, 2010; Art Rangel in his personal capacity and as a 30(b)(6) witness on December 17, 2010; and Eddy Cue in his personal capacity and as a 30(b)(6) witness on December 17, 2010. As to each of these deponents, Apple produced documents from the custodial file or documents from or to the witness or from both sources after the deposition was concluded. Additionally, Plaintiffs took the deposition of Apple's Rule 30(b)(6) witness, Mark Donnelly, on cost and pricing of iPods, on December 20, 2010, despite having received relevant cost and price information only days before and with some cost information produced as late as last week.

593068_1

DEC OF BES SIO PLTFS' REPLY ISO MOTION RE SCHEDULING AND OPPO TO APPLE'S CROSS-MOTION TO EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL)                - 2 -

8. Instead of proposing alternative dates or responding otherwise, Apple sought to make this stipulation similarly contingent on an extension for Apple's renewed motion for summary judgment. Plaintiffs disagreed.

9. Attached is a true and correct copy of the following document:

Exhibit 1:   Letter dated December 30, 2010, from Bonny E. Sweeney to Robert A. Mittelstaedt.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of January, 2011, at San Diego, California.

                                            s/ Bonny E. Sweeney
                                           BONNY E. SWEENEY

593068_1

DEC OF BES SIO PLTFS' REPLY ISO MOTION RE SCHEDULING AND OPPO TO APPLE'S CROSS-MOTION TO EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION - C-05-00037-JW(HRL) - 3 -

CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 11, 2011.

      s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       bonnys@rgrdlaw.com

593068_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)