```
 1  Robert A. Mittelstaedt  #60359
    ramittelstaedt@jonesday.com
 2  Craig E. Stewart  #129530
    cestewart@jonesday.com
 3  David C. Kiernan #215335
    dkiernan@jonesday.com
 4  Michael T. Scott #255282
    michaelscott@jonesday.com
 5  JONES DAY
    555 California Street, 26th Floor
 6  San Francisco, CA  94104
    Telephone:    (415) 626-3939
 7  Facsimile:    (415) 875-5700

 8  Attorneys for Defendant
    APPLE INC.
 9
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 JW (HRL) |
| | CLASS ACTION |
| This Document Related To:<br>ALL ACTIONS | **APPLE'S REPLY IN SUPPORT OF ITS CROSS-MOTION TO EXTEND TIME FOR APPLE'S RENEWED RULE 56 MOTION** |
| | Judge:   Honorable James Ware<br>Date:    To Be Determined<br>Time:    9:00 a.m.<br>Place:   Courtroom 8, 4th Floor |

Plaintiffs' opposition (Doc. 444), filed today, fails to address the main reason for Apple's cross-motion to extend the time for its renewed Rule 56 motion. Plaintiffs offer no reason why the sequencing in the Court's current schedule—with Apple's motion being due after the close of fact discovery—should not be maintained. Thus, if Plaintiffs' motion to extend the deadline for

depositions is extended to February 18 (a motion for which no good cause has been demonstrated), the date for Apple's renewed Rule 56 motion should be moved until after that date.

In addition, Apple's requested extension makes sense because Plaintiffs have failed to answer basic contention interrogatories, and Apple's motion to compel is set for hearing for February 1. On this point, Plaintiffs say that they expect that Magistrate Judge Lloyd will deny the motion and permit Plaintiffs to delay their interrogatory responses until March, so long as they are served before Apple's reply brief on its Rule 56 motion is due. Plaintiffs, however, have not told either this Court or Magistrate Judge Lloyd why they are unable to state, now, the facts known to them on which their key allegations are supposedly based. That information is much more useful if provided before Apple files its opening brief.

Plaintiffs charge Apple's counsel with "sharp practices" for requesting that extensions be reciprocal. Plaintiffs do not say what is wrong with reciprocal extensions. And they miss the point that Apple requested an extension to February 28 for its Rule 56 motion as a result of Plaintiffs' proposal to extend the deposition deadline to February 18.

Finally, Plaintiffs misstate the reason why the attempt at a joint motion failed. Apple declined to proceed with a joint motion when Plaintiffs changed their position on whether their expert would in fact conduct a regression analysis if permitted more time. Their December 30, 2010 letter stated that their expert needed additional time "to analyze Apple data [so] **that they could formulate and estimate a regression equation** to test the feasibility of the before-and-after methodology." They added that "[s]uch an equation would examine the relationship" between identified variables, and that the expert would "run" and "conduct" the regression. *See* Doc. 445 (Sweeney Decl.), Ex. A, p. 2 including second heading.[1] Although Plaintiffs claim consistency, they do not dispute that their draft joint motion and their actual motion omitted the bolded phrase and the references to "run[ning]" or "conduct[ing]" the regression analysis. Even now, they are hedging by using the undefined term "estimate" and denying any commitment "to

---

[1] Plaintiffs are correct as to the date of the letter. The undersigned's declaration used the "auto-filled" date when the e-mail attachment was printed. Plaintiffs do not contend that the date affects the substance of the parties' dispute.

conduct a regression analysis." Doc. 444, p. 4, l. 4. That was a principal reason why the parties could not agree on a joint motion.

Dated: January 12, 2011

Respectfully submitted,

Jones Day

By: /s/ Robert A. Mittelstaedt
    Robert A. Mittelstaedt

Counsel for Defendant