Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan  #215335
dkiernan@jonesday.com
Michael Scott  #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION.<br><br>This Document Related To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

**I.      INTRODUCTION**

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), defendant Apple Inc. ("Apple") requests that the Court order that portions of (1) Apple's Response to Plaintiffs' Supplemental Memorandum Regarding Apple Inc.'s Motion for Protective Order ("Apple's Response") and (2) the Declaration of David C. Kiernan in Support of Apple's Response to Plaintiffs' Supplemental Memorandum Regarding Apple Inc.'s Motion for Protective Order ("Kiernan Declaration") be filed under seal. Apple's Response and the exhibits to the Kiernan Declaration contain, refer to or reveal documents and other information that Apple designated as "Confidential—Attorneys

Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2009 (Dkt. 112).

Moreover, on January 11, 2011, this Court issued its Order Granting Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Supplemental Memorandum in Further Support of Their Opposition to Apple, Inc.'s Motion for Protective Order and Exhibits 1-12 to the Declaration of Paula M. Roach in Support Thereof Pursuant to Local Rule 79-5(b) and (c). (Dkt. 406). This Motion to Seal seeks an order sealing the descriptions and copies of the materials and exhibits already ordered sealed by the Court. Accordingly, for this Court's prior order to have effect, this Motion to Seal should also be granted.

Apple files this motion and the accompanying Declaration of Michael Scott in Support of Apple's Administrative Motion to Seal ("Scott Declaration" or "Scott Decl.") in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there is good cause to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order in this action and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II.   ARGUMENT

### A.   Standard for Sealing Documents Related to a Non-Dispositive Motion

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). A party need only establish that good cause exists to justify sealing of materials submitted in support of a non-dispositive motion.

### B.   There is Good Cause to Support Filing under Seal.

As established by the Scott Declaration, the redacted portions of Apple's Response and exhibits 1-4 of the Kiernan Declaration contain highly confidential and sensitive information that

must be kept confidential in order to avoid causing substantial harm to Apple. *See* Scott Decl., ¶¶ 2-6. The redacted information specifically relates to sensitive contract terms, communications with record labels, and decisions by Apple employees regarding Apple's business strategy. *Id.*

### 1. This Court Has Previously Ordered Sealed the Content of the Materials That are the Subject of this Motion to Seal

The information that Apple now moves to file under seal contains, refers to or reveals documents and other information that that this Court has previously ordered should be sealed. *See* Scott Decl., ¶¶ 2-3. Accordingly, for this Court's prior order to have effect, this Motion to Seal should also be granted.

### 2. The Redacted Information Includes Sensitive Contract Terms and Highly Confidential Communications with Record Labels.

Portions of the redactions to pages 2-4 of Apple's Response and exhibits 3-4 of the Kiernan Declaration contain highly confidential and commercially sensitive business information, including information regarding sensitive contract terms and communications with record labels. *See* Scott Decl., ¶ 5. The redacted contract terms and communications with record labels are highly confidential and should not be publicly disclosed. *Id.* Apple's contracts with record labels are subject to confidentiality provisions and were produced to Plaintiffs pursuant to the Protective Order. *Id.* Similarly, Apple's communications with the record labels contain highly confidential, commercially sensitive business information and were produced to Plaintiffs pursuant to the Protective Order. *Id.* The public disclosure of this highly confidential information would cause substantial harm to Apple. *Id.*

### 3. The Redactions Include Highly Confidential and Commercially Sensitive Information Relating to Key Business Decisions at Apple.

Portions of the redactions to pages 2-4 of the Apple's Response and exhibits 1-4 of the Kiernan Declaration contain highly confidential and commercially sensitive business information, including information relating to business decisions or strategies at Apple. *See* Scott Decl., ¶ 6. The redacted information relating to business decisions and strategy is highly confidential and should not be publicly disclosed. *Id.* The information was produced to Plaintiffs pursuant to the

Protective Order.  The information produced to Plaintiffs is non-public information from a public company that should remain confidential.  Harm to Apple would result from the public disclosure of the redacted information contained in these documents.  The public disclosure of information regarding Apple's business strategies would put Apple at a significant business disadvantage.

### III.     CONCLUSION

Defendant respectfully requests that this Court grant Apple's Administrative Motion to Seal.

Dated: January 12, 2011                           Jones Day


                                                  By:  /s/ Michael Scott
                                                       Michael Scott

                                                  Attorneys for Defendant
                                                  APPLE INC.