Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION**<br><br>This Document Related To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037-JW (HRL)<br><br>[CLASS ACTION]<br><br>**APPLE INC.'S MOTION FOR LEAVE TO FILE RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING APPLE INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>Date: January 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 2, 5th Floor<br>**Honorable Howard Lloyd** |

1  PLEASE TAKE NOTICE that defendant Apple Inc. ("Apple") will and hereby does move
2  this Court for leave to file: (1) Apple's Response to Plaintiffs' Supplemental Memorandum
3  Regarding Apple Inc.'s Motion for Protective Order ("Apple's Response") and (2) the
4  Declaration of David C. Kiernan In Support of Apple Inc.'s Response to Plaintiffs' Supplemental
5  Memorandum Regarding Apple's Motion for Protective Order ("Kiernan Declaration"). The
6  hearing is set for Tuesday, January 18, 2011, at 10:00 a.m. before the Honorable Howard Lloyd,
7  Courtroom 2, Fifth Floor, in the United States District Court for the Northern District of
8  California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, or as soon thereafter as
9  the parties may be heard.

## I.   MEMORANDUM IN SUPPORT

On January 11, 2011, this Court granted Plaintiffs' Motion for Leave to File Additional Evidence in Support of their Opposition to Apple's Motion for Protective Order. Plaintiffs' Motion for Leave argued that Plaintiffs "were unable" to review certain documents produced by Apple on December 20 before they filed their Opposition to Apple's Motion for Protective Order, Docket No. 404, later that same day. But Plaintiffs *chose* to file their opposition before reviewing Apple's production of documents. By rule, Plaintiffs' opposition was due on December 28, 2010—twenty-one days prior to the January 18, 2011 hearing date—not December 20. *See* L.R. 7-3(a). Plaintiffs elected to file their opposition eight days before the deadline, on December 20, even though they knew that Apple had just produced the documents that are the subject of this motion for leave. ("Kiernan Declaration, ¶ 2.) It is not true that Plaintiffs were "unable" to review these documents before filing their opposition. Rather, Plaintiffs' failure to address these documents in their opposition was solely the result of a strategic decision not to review these documents and to file their opposition early.

Now that Plaintiffs have been permitted leave to file additional evidence in opposition to Apple's Motion for Protective Order, fairness requires that Apple be permitted to respond to that evidence and explain how none of the cited documents is relevant to the remaining issue in this case or justifies requiring that Mr. Jobs be deposed.

**II.     CONCLUSION**

Apple respectfully requests that the Court grant this motion for leave to file: (1) Apple's Response and (2) the Kiernan Declaration.

Dated: January 13, 2011

By:     /s/ David C. Kiernan
       David C. Kiernan

JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104

Attorneys for Defendant APPLE INC.