Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant APPLE INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTITRUST LITIGATION** | Case No. C 05-00037-JW (HRL)<br><br>[CLASS ACTION]<br><br>**APPLE INC.'S RESPONSE TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM REGARDING APPLE INC.'S MOTION FOR PROTECTIVE ORDER**<br><br>Date:   January 18, 2011<br>Time:   10:00 a.m.<br>Place:  Courtroom 2, 5th Floor<br>**Honorable Howard Lloyd** |

## I. THE DOCUMENTS PLAINTIFFS CITE DO NOT ESTABLISH THAT MR. JOBS POSSESSES UNIQUE, FIRSTHAND KNOWLEDGE OF RELEVANT FACTS

Plaintiffs apparently scoured Apple's recent production for any document authored by Mr. Jobs on any subject relating to music. They found only 12 documents, each of which Plaintiffs claim was produced by Apple for the first time on December 20 (and for that reason, according to Plaintiffs, could not be addressed previously in their opposition). Plaintiffs are incorrect. Half of the exhibits Plaintiffs identify were produced by Apple, in either identical or substantially similar form, well before Plaintiffs filed their opposition. (Declaration of David C. Kiernan In Support of Apple Inc.'s (1) Motion for Leave to File Response to Plaintiffs' Supplemental Memorandum Regarding Apple's Motion for Protective Order and (2) Response to Plaintiffs' Supplemental Memorandum Regarding Apple's Motion for Protective Order, ("Kiernan Declaration"), ¶¶ 4-10.) Indeed, Plaintiffs examined Eddy Cue, Apple's Vice President of Internet Services, regarding three of these documents during his December 17, 2010 deposition. Plaintiffs do not suggest that Mr. Cue was unable to answer any questions about these documents. (*Id.*, ¶¶ 8-10, Ex. 1-3.) Plaintiffs offer no explanation why these exhibits—which were available to Plaintiffs well before they filed their opposition on December 20—were not addressed in that opposition but now, according to Plaintiffs, require Mr. Jobs's deposition. In fact, none of these exhibits is relevant to the remaining issue, which is likely why Plaintiffs chose not to address them previously in their opposition.

Plaintiffs make no attempt to demonstrate that any of the documents they identify are relevant to the narrow issues remaining in this case. It is undisputed that Plaintiffs bear the burden to establish the relevance of the testimony they would seek from Mr. Jobs. *See* Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (holding that the party seeking discovery bears the burden of establishing its relevance). Plaintiffs' Supplemental Memorandum makes no effort to meet that burden and, instead, leaves the Court to guess why the twelve exhibits appended to the Declaration of Paula Roach, Docket No. 426-2, warrant Mr. Jobs's deposition.

The exhibits Plaintiffs cite are not relevant to the narrow issue in this case—whether Apple attempted to maintain a monopoly in the alleged audio download and portable music player markets by issuing updates to its proprietary digital rights management software, FairPlay, that supposedly served no legitimate business purpose. None of the exhibits Plaintiffs cite relates to Apple's updates and none warrants Mr. Jobs's deposition, as discussed below:

- **Exhibit 1**: Two exact copies of this document were previously produced to Plaintiffs in November 2010. (Kiernan Declaration, ¶ 5.) ███████

- **Exhibit 2**: The entirety of this email was previously produced to Plaintiffs in November 2010 as part of a separate email chain. (Kiernan Declaration, ¶ 6.) ███████ (*See id.*)

- **Exhibit 3**: ███████ Plaintiffs, thus, can provide no reason why this exhibit warrants leave to file a supplemental brief. In any event, for the reasons stated in Apple's

Reply, this essay does not entitle Plaintiffs to depose Mr. Jobs. (*See* Apple's Reply at 6:10-7:6.)

- **Exhibit 4:** ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
(Kiernan Declaration, ¶ 8; Ex. 1.) Any testimony by Mr. Jobs would be duplicative and, as explained in Apple's Reply, irrelevant. (*See* Apple's Reply at 6:10-7:6.)

- **Exhibit 5:** The entirety of this email was previously produced to Plaintiffs in November 2010 as part of a separate email chain. (Kiernan Declaration, ¶ 9.) Indeed, Plaintiffs already examined Mr. Cue regarding this email. (*Id.*, Ex. 2.) Plaintiffs do not contend that Mr. Cue was unable to answer any of their questions regarding this e-mail. ███████████████████████████████████████████
███████████████████████████ (*See* Apple's Reply at 6:10-7:6.)

- **Exhibit 6:** An exact copy of this email was previously produced to Plaintiffs in November 2010. (Kiernan Declaration, ¶ 10.) Indeed, Plaintiffs used that email as an exhibit in Mr. Cue's deposition. (*Id.*, Ex. 3.) ███████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████ (*See* Apple's Reply at 6:10-7:6.)

- **Exhibit 7:** ███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████ (*See* Apple's Reply at 6:10-7:6.)

1
2
- **Exhibit 8:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

3   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Nor do Plaintiffs make any showing that the
4   information contained in this exhibit is relevant to Plaintiffs' narrow claims.

5
- **Exhibit 9:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
6
7
8
9
10
11
12   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ (*Id.* at 7:17-20.)

13
- **Exhibit 10:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
14
15   ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Plaintiffs do not attempt to demonstrate the relevance of
16   this e-mail, let alone that Mr. Jobs has unique knowledge.

17
- **Exhibits 11-12:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
18
19
20   ▓▓▓▓▓▓▓▓▓▓▓ Plaintiffs offer no basis for the relevance of this email or the
21   record label's press release, much less the relevance of any possible testimony that
22   could be obtained from Mr. Jobs on this issue.

23   **II.   CONCLUSION**
24       Plaintiffs have failed to demonstrate that any of the materials identified in their
25   Supplemental Memorandum is relevant to the narrow issue remaining in this case. In fact, none
26   of the cited documents warrants requiring Mr. Jobs to appear for a deposition. As a result,
27   Apple's Motion for Protective Order should be granted.
28

APPLE'S RESP. TO PLS.' SUPPL. MEMO. RE
PROTECTIVE ORDER
CASE NO. C 05-00037-JW (HRL)

| | |
|---|---|
| Dated: January 13, 2011 | By:  /s/ David C. Kiernan<br>         David C. Kiernan<br><br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br><br>Attorneys for Defendant APPLE INC. |