Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

**I.     INTRODUCTION**

Pursuant to Local Rule 79-5, Apple supports Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions and Portions of the Declaration of Alexandra S. Bernay In Support Thereof (Dkt. 434, "Administrative Motion"), specifically the portions of the Motion Regarding Schedule (Dkt. 432) and Bernay Declaration (Dkt. 433) that refer to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2009 (Dkt. 112).

1   Apple files this response and the accompanying Declaration of Mark Buckley in Support of
2   Apple Inc.'s Response to Plaintiffs' Administrative Motion to File Under Seal ("Buckley
3   Declaration" or "Buckley Decl.") in support of a narrowly tailored order authorizing sealing those
4   documents, on the grounds that there is good cause to protect the confidentiality of that
5   information.  The proposed sealing order is based on the Protective Order in this action and proof
6   that particularized injury to defendant will result if the sensitive information is publicly released.
7   The Court has previously sealed similar information in this case.  *See* Dkt. 184.
8       Apple does not assert that exhibits 7 or 9 should be filed under seal.

9   **II.    STANDARD**

10      Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit
11  sealing of court documents to protect "a trade secret or other confidential research, development,
12  or commercial information."  Fed. R. Civ. P. 26(c).  Based on this authority, the Ninth Circuit has
13  "carved out an exception to the presumption of access to judicial records for a sealed discovery
14  document [attached] to a non-dispositive motion."  *Navarro v. Eskanos & Adler*, No. C-06 02231
15  WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana
16  v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

17  **III.   ARGUMENT**

18      **A.    There is Good Cause to Support Filing under Seal.**

19      The Buckley Declaration establishes good cause to permit filing under seal.  It establishes
20  that the redacted portions of Plaintiffs' Motion Regarding Schedule and the Bernay Declaration
21  contain highly confidential and sensitive information that must be kept confidential in order to
22  avoid causing substantial harm to Apple.  *See* Buckley Decl., ¶ 2-3.
23      The redacted information specifically relates to data regarding transactions between Apple
24  and iPod resellers.  *See* Buckley Decl., ¶ 2.

25          **1.    The Redacted Information Includes Descriptions of Sensitive Data
26                  Regarding Transactions with iPod Resellers.**

27      The redacted portions of Plaintiffs' Motion Regarding Schedule and the Bernay
28  Declaration in support thereof contain highly confidential and commercially sensitive business

1  information, including descriptions of data regarding transactions between Apple and iPod
2  resellers.  *See* Buckley Decl., ¶ 2.
3  　　　The redacted information is highly confidential and should not be publicly disclosed.  *See*
4  Buckley Decl., ¶ 3.  The information was produced to Plaintiffs pursuant to the Protective Order.
5  *Id*.  The information produced to Plaintiffs is non-public information that should remain
6  confidential.  Harm to Apple would result from the public disclosure of the redacted information
7  contained in these documents.  The public disclosure of information regarding Apple's business
8  strategies would put Apple at a business disadvantage.  *Id*.

**IV.   CONCLUSION**

　　　Defendant respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Motion to File Under Seal Portions of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions and Portions of the Declaration of Alexandra S. Bernay In Support Thereof.

Dated: January 11, 2011                                         Jones Day


                                                                By: /s/Michael Scott
                                                                      Michael Scott

                                                                Attorneys for Defendant
                                                                APPLE INC.