Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) <br> [CLASS ACTION] <br><br> **APPLE'S ADMINISTRATIVE MOTION TO SEAL** |

## I.     INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple") requests that the Court permit Apple to file under seal the portions of Apple's Renewed Motion for Summary Judgment ("Motion") that refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112).  In addition, Apple seeks permission to file under seal the Declarations of Jeffrey Robbin, Augustin Farrugia, John Kelly, and David Kiernan filed in support of Apple's Renewed Motion For Summary Judgment, all of which contain information that Apple designated "Confidential—Attorneys Eyes Only" under the Protective Order.

Apple's Administrative Motion to Seal
C 05-00037 JW (HRL); C 06-04457 JW (HRL)

The Court previously sealed similar information in relation to Apple's Motion to Dismiss or, Alternatively, for Summary Judgment. Dkt. 340. Apple files this motion and the accompanying Declaration of Jeffrey Robbin and David C. Kiernan in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are compelling reasons to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized harm to Apple will result if the sensitive information is publicly released.

## II.  STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

## III.  ARGUMENT

### A.  There Are Compelling Reasons To Support Filing Under Seal.

Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" the Declarations of Jeffrey Robbin, Augustin Farrugia, and John Kelly and the documents attached thereto and certain documents attached to the Declaration of David C. Kiernan. These Declarations and documents are referred to and/or quoted in Apple's Motion for Summary Judgment. As established by the accompanying declarations, compelling reasons justify filing the declarations and documents and the redacted portions of the Motion under seal.

The Declarations and documents contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology; updates to that technology; third-party technology used to protect or improve FairPlay; inquiries Apple received from customers that reflect personal

information of the customers and confidential, proprietary information regarding how Apple responds to such inquiries; confidential contract terms; and confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and Apple's FairPlay DRM technology.  Apple keeps this information highly confidential and does not disclose it to the public.  *See* Declaration of Jeffrey Robbin in Support of Apple's Administrative Motion to Seal, ¶ 2; *See* Declaration of David Kiernan in Support of Apple's Renewed Motion for Summary Judgment, ¶ 7.

FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it.  The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance.  Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters.  Information regarding FairPlay and third-party technology intended to increase FairPlay efficacy is non-public information that should remain confidential.  Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information.  *See* Declaration of Jeffrey Robbin in Support of Apple's Administrative Motion to Seal, ¶ 3.  The Court previously sealed similar information in relation to Apple's Motion to Dismiss or, Alternatively, for Summary Judgment.  Dkt. 340.

Apple's contracts with record labels, which include some details of the DRM used by Apple and contain highly sensitive commercial information, are kept highly confidential in accord with the contracts' confidentiality provisions.  Similarly, Apple's communications with the record labels regarding the distribution of music through the iTunes Store and details of FairPlay are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order.  This information is non-public information that should remain confidential.  Harm to Apple would result from the public disclosure of this information.  For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.  *See* Declaration of Jeffrey Robbin in Support of Apple's Administrative Motion to Seal, ¶ 4.  The Court previously sealed similar information in relation to Apple's

1  Motion to Dismiss or, Alternatively, for Summary Judgment.  Dkt. 340.

2        Customer inquiries and Apple's responses are kept highly confidential and have been
3  disclosed to Plaintiffs pursuant to the Protective Order.  Among other things, the inquiries reflect
4  personal information of the customers and confidential, proprietary information regarding how
5  Apple tracks and responds to such inquiries.  This information is non-public information that
6  should remain confidential.  Harm would result from the public disclosure of this highly
7  confidential information.  *See* Declaration of David Kiernan in Support of Apple's Renewed
8  Motion for Summary Judgment, ¶ 7.

## IV. CONCLUSION

      Apple respectfully requests that this Court grant its Administrative Motion to Seal portions of Apple's Renewed Motion for Summary Judgment, and the Declarations of Jeffrey Robbin, Augustin Farrugia, John Kelly, and certain exhibits to the Declaration of David Kiernan in support thereof.

Dated: January 18, 2011                        Jones Day

By:   /s/ Michael Scott
      Michael Scott

Attorneys for Defendant
APPLE INC.

SFI-659378v2