1                    STATES DISTRICT COURT

2              NORTHERN DISTRICT OF CALIFORNIA

3

4  STACIE SOMERS, on Behalf of    )
   Herself and All Others         )
5  Similarly Situated,            )
                                  )
6                 Plaintiff,      )  Case No.: CV 07 6507
                                  )                HRL
7  -vs-                           )
                                  )
8  APPLE, INC., a California      )
   Corporation,                   )
9                                 )
                  Defendant.      )
10 _____ )

11

12

13

14           DEPOSITION of GARY L. FRENCH, Ph.D.,

15      taken on behalf of Defendants at 555

16      California Street, 26th Floor, San

17      Francisco, California, on Friday, April

18      3, 2009, commencing at 10:09 a.m.

19      before LINDA VACCAREZZA, CRP, RPR, CLR,

20      CSR NO. 10201

21

22

23

24

25

                              2

Gary L. French, Ph.D.

BARKLEY
Court Reporters

10:10  1                    GARY L. FRENCH,

10:10  2          having been duly sworn, by the Certified

10:10  3    Shorthand Reporter, was examined and testified as

10:10  4                       follows:

10:10  5                     EXAMINATION

10:10  6    BY MR. MITTELSTAEDT:

10:10  7          Q    Okay.  If you'd state your full name for

10:10  8    the record, please.

10:10  9          A    Gary Leslie French.

10:10 10          Q    As I read your report, your opinion is

10:10 11    that there are two approaches for demonstrating

10:10 12    common proof of impact on the indirect

10:10 13    purchasers:  One is to show impact on the direct

10:10 14    purchasers, and then show that they passed on

10:10 15    some or all of the overcharge to indirect

10:10 16    purchasers.  And the other is to estimate the

10:10 17    overcharge directly at the retail level.

10:10 18          Do I have that right?

10:10 19          A    Yes.

10:10 20          Q    In this case, have you actually

10:11 21    undertaken either of those approaches?

10:11 22          A    No.  Not at the class certification

10:11 23    stage, no.

10:11 24          Q    In any other case, have you ever

10:11 25    actually done either approach, as opposed to just

                              6

Gary L. French, Ph.D.

BARKLEY
Court Reporters

02:27 1    purposely to extend that market power, or to maintain

02:27 2    it, it's not necessarily illegal, is my understanding.

02:27 3        Q    Do you have any understanding of why Apple

02:27 4    used DRM?

02:27 5        A    Yeah.  Everybody uses the DRM.

02:27 6        Q    And any understanding of why?

02:27 7        A    Yeah.  They want to prevent piracy.

02:27 8        Q    And is it your understanding that the record

02:27 9    labels, the people who own the music, require the

02:27 10   lawful on-line storage to use DRM, at least at the

02:27 11   start, up until recently?

02:27 12       A    Well, it's my understanding that it came

02:27 13   about because, originally, people were doing it

02:27 14   without DRM and people avoided paying for the music.

02:27 15   And the record labels, rightfully, didn't like their

02:27 16   copyrighted products being given away.  And so,

02:27 17   therefore, they would have wanted, anyway, the seller

02:27 18   -- those sellers shut down the free ones, and any

02:27 19   legitimate ones, that is people who pay a price and

02:28 20   pay them a royalty, to somehow protect their

02:28 21   intellectual property rights.  And I think DRMs came

02:28 22   into play to do that.

02:28 23       Q    And do you think that concern on the part of

02:28 24   the record labels is a legitimate business concern?

02:28 25       A    Sure.

126

Gary L. French, Ph.D.

BARKLEY
Court Reporters

02:28  1       Q    Do you have any problem with the labels

02:28  2  requiring the music stores to use DRM to prevent

02:28  3  piracy?

02:28  4       A    I don't know that they do, but I'm sure they

02:28  5  are happy about it and would want them to.

02:28  6       Q    Legitimately?

02:28  7       A    Yeah.

02:28  8       Q    Do you agree that the I-Tunes Music Store was

02:28  9  a technological advance at the time it was launched?

02:28 10       A    Unless I'm mistaken, I think it was the first

02:28 11  one of its kind.  So, yes, it was, if I'm correct that

02:28 12  it was the very first one.

02:28 13            Now, if there was one that pre-dated it but

02:28 14  just for some reason wasn't successful, maybe not.

02:29 15  But I thought it was the first one.

02:29 16       Q    Have you made any study of what DRM

02:29 17  competitors used, either at that time or shortly after

02:29 18  that?

02:29 19       A    What DRM competitors?

02:29 20       Q    No.  What DRM was used by other music stores,

02:29 21  competing music stores?

02:29 22       A    I don't know if I remember all the technical

02:29 23  names.  But there are other -- there are other DRM

02:29 24  software, other than FairPlay, that people use.  In

02:29 25  fact, FairPlay is proprietary to Apple, as I

127

Gary L. French, Ph.D.

BARKLEY
Court Reporters

DEPOSITION OFFICER'S CERTIFICATE

STATE OF CALIFORNIA )
                    ) ss.
COUNTY OF  SONOMA   )

I,  LINDA VACCAREZZA  , hereby certify:

I am a duly qualified Certified Shorthand Reporter in the State of California, holder of Certificate Number CSR  10201  issued by the Court Reporter's Board of California and which is in full force and effect.  (Fed. R. Civ. P. 28(a).)

I am authorized to administer oaths or affirmations pursuant to California Code of Civil Procedure, Section 2093(b) and prior to being examined, the witness was first duly sworn by me.  (Fed. R. Civ. P. 28(a), 30(f)(1).)

I am not a relative or employee or attorney or counsel of any of the parties, nor am I a relative or employee of such attorney or counsel, nor am I financially interested in this action.  (Fed. R. Civ. P. 28.)

I am the deposition officer that stenographically recorded the testimony in the foregoing deposition and the foregoing transcript is a true record

/ / /

197

BARKLEY
Court Reporters

1  of the testimony given by the witness.  (Fed. R. Civ. P.

2  30(f)(1).)

3       Before completion of the deposition, review of

4  the transcript [xx] was [  ] was not requested.  If

5  requested, any changes made by the deponent (and

6  provided to the reporter) during the period allowed, are

7  appended hereto.  (Fed. R. Civ. P. 30(e).)

8  Dated:   04/06/09      ,

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

198

BARKLEY
Court Reporters