ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS MELANIE TUCKER, MARIANA ROSEN, AND SOMTAI TROY CHAROENSAK'S MEMORANDUM IN OPPOSITION TO DEFENDANT APPLE INC.'S MOTION TO COMPEL RESPONSES TO INTERROGATORIES AND REQUESTS FOR PRODUCTION |
| | JUDGE: Hon. Howard R. Lloyd<br>DATE: February 1, 2011<br>TIME: 10:00 a.m.<br>CTRM: 2, 5th Floor |

[REDACTED]

593112_1

Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak ("Plaintiffs") respectfully submit this memorandum in opposition to defendant Apple Inc.'s ("Apple") motion to compel.

## I. INTRODUCTION

Apple's discovery requests at issue are classic "contention" requests that courts have repeatedly held are improper until discovery is completed. As Plaintiffs have only recently received more than 90% of Apple's entire document production in response to requests that were served more than a year ago, Apple's demand that Plaintiffs provide all facts that underlie the ultimate legal questions at issue in this litigation is improper. Plaintiffs do not resist providing responses; rather Plaintiffs will answer the contention discovery at the appropriate time – after they have had a fair opportunity to properly review with their experts the discovery dumped on them in the closing days of the discovery period.

Apple's motion to compel simply ignores the case law supporting Plaintiffs and wrongly accuses Plaintiffs of stonewalling. However, it was Apple that was in control of the pace of its discovery production and thus, Plaintiffs' ability to respond to the contention requests. Even if Plaintiffs were forced, contrary to case law, to provide partial responses to the interrogatories and requests for production, they would not be received by Apple in time for use in its motion for summary judgment. Apple fails to show any prejudice it would suffer should it have to wait for a short period of time to receive answers to its contention requests and thus, its motion should be denied.

## II. RELEVANT PROCEDURAL HISTORY

Between October 27, 2010, the date Apple served its contention requests, and December 20, 2010, the close of fact discovery, Apple produced 1,509,635 pages of documents plus data needed by Plaintiffs' and their experts. *See* Declaration of Alexandra S. Bernay in Support of Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak's Memorandum in Opposition to Defendant Apple Inc.'s Motion to Compel Responses to Interrogatories and Requests for Production, filed concurrently ("Bernay Decl."), ¶2. This dwarfs Apple's production of a mere 97,316 pages of

593112_1

PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-JW(HRL) - 1 -

documents in the previous three years of ongoing discovery leading up to the date Apple's contention requests were served. *Id.*, ¶3.

On October 27, 2010, Apple served 22 sweeping contention interrogatories and six requests for production of documents. The interrogatories at issue are plainly contention interrogatories, seeking "all facts" Plaintiffs claim support various contentions in the complaint, including Apple's exclusionary conduct (Interrogatory Nos. 1-6, 10-11, 18-19 and 22), the relevant market for antitrust purposes (Interrogatory Nos. 7-9 and 12), damages (Interrogatory Nos. 13-16) and Plaintiffs' use of music purchased though iTunes and use of iPods (Interrogatory Nos. 17, 20-21). *See* Dkt. No. 411 (Declaration of David C. Kiernan in Support of Apple Inc.'s Motion to Compel), Exhibit D. The document requests at issue seek documents directly related to the contention interrogatories as well as documents supporting Plaintiffs' responses to specific requests for admission. As documents from Apple began to pour in, Plaintiffs sought a two-week extension. On November 29, 2010 Plaintiffs served their responses to Apple's requests for production and requests for admissions, lodging objections and answering those requests for production and admissions that they were in a position to answer. Bernay Decl., ¶4. On December 16, 2010 Plaintiffs served their responses to Apple's interrogatories, lodging objections and answering those interrogatories that they were in a position to answer. *Id.* Several meet and confers followed Plaintiffs' responses to the discovery. *Id.* During those meet and confer sessions, Plaintiffs repeatedly stressed that they could not presently answer many of the contention interrogatories because the material needed to properly answer was not available to Plaintiffs. *Id.* Apple moved to compel on December 27, 2010 and the hearing date for the motion is set for February 1, 2011, several weeks after Apple's motion for summary judgment is due.[1]

---

[1] Apple moved to shorten the time for briefing this motion, seeking to have this motion heard on January 18, 2011, a day after defendant's summary judgment brief is due to be filed. Thus even under Apple's shortened time table, responses could not be used in Apple's summary judgment brief. The Court denied Apple's motion on January 6, 2011. Dkt. No. 421.

PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-JW(HRL)                - 2 -

During several meet and confers, Plaintiffs explained to Apple that they will respond to Apple's contention interrogatories and related requests for production after they have had an opportunity to review the documents recently produced by Apple and take any additional depositions necessitated by the late production of documents. *Id.*, ¶5. Because Plaintiffs have already agreed to provide such responses well in advance of the deadline for Apple to file its reply in support of its motion for summary judgment, Apple cannot show any prejudice.

## III.  ARGUMENT

The Federal Rules of Civil Procedure permit a "court to defer an answer [to contention discovery] 'until after designated discovery has been completed or until a pretrial conference or other later time.'" *Manual for Complex Litigation* (Fourth) §11.461 (2004) (quoting Fed. R. Civ. P 33(c)). The burden is on Apple, as the propounding party, to demonstrate "plausible grounds for believing that securing early answers to its contention questions will materially advance the goals of the Federal Rules of Civil Procedure." *In re Convergent Techs. Sec. Litig.*, 108 F.R.D. 328, 338-40 (N.D. Cal. 1985). "A party seeking early answers to contention interrogatories cannot meet its burden of justification by vague or speculative statements about what might happen if the interrogatories were answered." *Id.*

Apple cannot meet this burden. It has presented no specific or plausible grounds for believing that early answers to its contention discovery will materially advance the goals of the Federal Rules of Civil Procedure. Indeed, Apple has presented no justifiable reason why Plaintiffs must answer these requests now when Plaintiffs have already committed to answering the requests and have been inundated with late production which must be reviewed before answers can be provided. *In re Wells Fargo Residential Mortg. Lending Discrimination Litig.*, No. C 08-1930 MMC(JL) 2009 U.S. Dist. LEXIS 130344 (N.D. Cal. Mar. 3, 2009), is directly on point. In that case, as here, plaintiffs did not refuse to answer contention interrogatories propounded by defendants, instead, the plaintiffs needed certain data from defendants "to give to their experts for statistical analysis before they can answer." *Id.* at *21. In holding that the interrogatories need not be answered immediately, the Court held, "[n]either Fed. R. Civ. P. 33(a)(2) nor applicable case law

593112_1

PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-JW(HRL)

- 3 -

requires Plaintiffs to answer the contention interrogatories until Wells Fargo has produced the information necessary for them to do so." *Id.* And the Court held that defendants had "the burden of showing how an early response to its contention interrogatories assists the goals of discovery, that is, to significantly narrow the issues." *Id.* (citing *Convergent Techs.*, 108 F.R.D. at 338); *see also In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815 at *6 (N.D. Cal. Dec. 11, 2008) (denying defendants' motion to compel answers to contention interrogatories seeking "all facts" of two "major issues" in the antitrust case before discovery was complete). (citation omitted).

As the Honorable Wayne D. Brazil of the Northern District of California held in the seminal case *Convergent Techs.*, "[t]he Court will be especially vigilant in its evaluation of proffered justifications [for early contention requests] when a complaint is not facially infirm and when defendants appear to have control over or adequate access to much of the evidence relevant to their alleged misconduct." *Convergent Techs.*, 108 F.R.D. at 339. Here, where Plaintiffs' complaint has already been upheld and Apple plainly controls much of the evidence Plaintiffs will use to prove their case, Apple's claimed need for immediate production should be viewed skeptically.

Plaintiffs intend to provide complete answers to Apple's discovery requests. In fact, Plaintiffs have repeatedly told Apple that they will respond these requests. Bernay Decl., ¶¶4-5. Apple, however, insists that partial answers be given prior to Plaintiffs having a chance to review the massive document production that was dumped on them in the closing weeks of discovery and prior to consultation with Plaintiffs' experts regarding the discovery.

Providing incomplete and partial answers that may change dramatically is an inefficient and needless exercise, particularly when Apple has not provided any concrete reason why Plaintiffs should be forced to answer these contention interrogatories at this stage of the litigation. Responding now, without reviewing and assessing the relevant documents, would force Plaintiffs into the unfair position of allowing Apple to use against them interrogatory responses that are incomplete and potentially incorrect. *See, e.g., Wleklinski v. Targus, Inc.*, No. SACV 05-1143 CJC, 2007 U.S. Dist. LEXIS 97624, *13 (C.D. Cal. March 13, 2007) (holding party bound by initial

593112_1

PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-JW(HRL)
- 4 -

1  interrogatory responses and forbidding party from materially changing its interrogatory responses
2  after receiving a summary judgment motion).
3       Plaintiffs are still reviewing corrected data received last week and additional data production
4  from Apple needed to answer some of the requests, received as recently as three days ago. Bernay
5  Decl., ¶6. ███████████████████████████████████
6  ████████████████████████████████████████████████
7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 ████████████████████████████████████████████████
12 ████████████████████████████████████████████████
13 ██████████████████████████████ The information in this
14 database alone is critical to Plaintiffs ability to answer interrogatory Nos. 13, 14, 15 and 16. On
15 Wednesday, January 5, 2011, Apple provided what purports to be the missing data, but Plaintiffs'
16 experts have not yet been able to determine whether all missing information for that database has
17 been provided. *Id.*
18      Additionally, on January 8, 2011, Apple produced ████████████████████
19 ████████. *Id.*, ¶8. Plaintiffs' experts have not yet had time to review this data. Other data provided
20 in the closing days of discovery is similarly being evaluated so that answers can be provided to
21 Apple's other contention interrogatories.
22     **A.**   **Interrogatory Nos. 17, 20 and 21 and Request for Production No. 6**
23      As of January 11, 2011, Plaintiff Melanie Tucker has provided supplemental responses to
24 Interrogatory Nos. 17, 20 and 21. Bernay Decl., ¶9. As responses to those interrogatories have now
25 been provided, any dispute regarding those discovery requests should now be moot. Plaintiffs are
26 endeavoring to get additional information regarding Interrogatory No. 17 from Plaintiffs Mariana
27 Rosen and Somtai Troy Charoensak and expect to have that information soon. Plaintiffs have also
28

593112_1

PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION
TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-
JW(HRL)   - 5 -

1  provided a response to Request for Production No. 6 on January 11, 2011. *Id.* This response should
2  moot Apple's motion as to that request.

### IV.  CONCLUSION

As detailed above, Plaintiffs have been hamstrung in their ability to respond to Apple's contention discovery requests by Apple's late – and continuing – production of data and documents. Because Apple has failed to demonstrate that early answers to these contention requests must be received prior to Plaintiffs having a fair opportunity to review the voluminous materials dumped on Plaintiffs in the closing days of discovery, Apple's motion to compel must be denied.

DATED: January 11, 2011                Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH


             s/ Bonny E. Sweeney
             BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone: 602/274-1100
602/274-1199 (fax)

593112_1  PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION
TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-
JW(HRL)  - 6 -

|   |   |
|---|---|
| 1 | |
| 2 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN |
| 3 | 10680 West Pico Blvd., Suite 280<br>Los Angeles, CA 90064<br>Telephone: 310/836-6000 |
| 4 | 310/836-6010 (fax) |
| 5 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY |
| 6 | JACQUELINE SAILER<br>275 Madison Avenue, Suite 801 |
| 7 | New York, NY 10016<br>Telephone: 212/682-1818 |
| 8 | 212/682-1892 (fax) |
| 9 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 10 | 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067 |
| 11 | Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 12 | |
| 13 | Additional Counsel for Plaintiffs |

593112_1

PLTFS MELANIE TUCKER, MARIANA ROSEN, & SOMTAI TROY CHAROENSAK'S MEMO IN OPPOSITION TO DEF APPLE INC.'S MTC RESPONSES TO ROGS & REQUESTS FOR PRODUCTION - C-05-00037-JW(HRL)

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 11, 2011.

    s/ Bonny E. Sweeney
    BONNY E. SWEENEY

    ROBBINS GELLER RUDMAN
              & DOWD LLP
    655 West Broadway, Suite 1900
    San Diego, CA 92101-3301
    Telephone: 619/231-1058
    619/231-7423 (fax)

    E-mail:    bonnys@rgrdlaw.com

593112_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)