1
2
3
4
5
6
7
8
9
10
11
12                          UNITED STATES DISTRICT COURT
13                         NORTHERN DISTRICT OF CALIFORNIA
14                                 SAN JOSE DIVISION

15  THE APPLE IPOD ITUNES ANTI-TRUST     )   Lead Case No. C-05-00037-JW(HRL)
    LITIGATION                           )
16                                       )   CLASS ACTION
                                         )
17  This Document Relates To:            )   [PROPOSED] ORDER GRANTING
                                         )   PLAINTIFFS' MOTION FOR CLASS
18      ALL ACTIONS.                     )   CERTIFICATION AND APPOINTING
                                         )   ROBBINS GELLER RUDMAN & DOWD
19                                           LLP AS LEAD CLASS COUNSEL
20
21
22
23
24
25
26
27
28

593730_1

This matter came before the Honorable James Ware of the above-entitled Court upon Plaintiffs' renewed motion for class certification. The Court having considered the renewed motion and all other papers filed concerning that renewed motion, and all other pertinent documents and pleadings filed in this action,

NOW, therefore, it is hereby ORDERED and ADJUDGED:

1. Plaintiffs' renewed motion for class certification is hereby granted.

2. The following class is hereby certified pursuant to Rule 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure:

> All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who purchased an iPod directly from Apple between October 1, 2004 and March 31, 2009.

3. The Court also certifies Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak as Class Representatives. Pursuant to Rule 23(g) of the Federal Rules of Civil Procedure, the Court appoints the law firm of Robbins Geller Rudman & Dowd LLP as Lead Class Counsel.

4. This Court bases this certification and appointment order on the following findings, all of which are amply supported by Plaintiffs' well-pleaded allegations, Defendant Apple Inc.'s own documents, and expert testimony:

(a) *Numerosity*. Plaintiffs have demonstrated that "the class is so numerous that joinder of all members is impracticable" within the meaning of Rule 23(a)(1).

(b) *Commonality*. Rule 23(a)(2) requires that there be "questions of law or fact common to the class." Plaintiffs have satisfied the commonality requirement here by identifying, inter alia, the following common questions of law and fact:

(i) the definition of the relevant markets;

593730_1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTING ROBBINS GELLER RUDMAN & DOWD LLP AS LEAD CLASS COUNSEL - C-05-00037-JW(HRL)                                                                                              - 1 -

1              (ii)       Apple's market power within these markets;

2              (iii)      whether Apple maintained its monopolies of the relevant markets in violation of Section 2;

3              (iv)      whether Apple attempted to maintain its monopolies the relevant markets in violation of Section 2 of the Sherman Antitrust Act, 15 U.S. C. §2;

4              (v)       whether Defendant's conduct caused prices of iPods to be set at supracompetitive levels; and

5              (vi)      whether Defendant's conduct injured Plaintiffs and other members of the class and, if so, the appropriate class-wide measure of damages.

           (c)     *Typicality*.  Pursuant to Rule 23(a)(3), Plaintiffs must also show that "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  The same common questions identified above also serve to satisfy Plaintiffs' burden on typicality.  The Court accordingly finds that typicality is met here because Plaintiffs and Class Members seek the same remedies for similar harms under the same legal theories.

           (d)     *Adequacy*.  Pursuant to Rule 23(a)(4), the Court finds that the "representative parties will fairly and adequately protect the interests of the class."  The interests of the Plaintiffs are fully aligned with those of the Class, and their chosen counsel are fully capable of effectively prosecuting this litigation.

     5.     The Court further finds that certification is proper under Rule 23(b)(3).  The common questions identified above predominate over any individualized issues concerning the allocation of damages.  In other words, "[a] common nucleus of facts and potential legal remedies dominates this litigation." *Hanlon v. Chrylser Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  Further, a class action is superior to a series of potentially millions of individual suits.  Even if it were feasible for individual Class Members to bring suit, it would be inefficient to re-litigate the numerous common

593730_1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTING ROBBINS GELLER RUDMAN & DOWD LLP AS LEAD CLASS COUNSEL - C-05-00037-JW(HRL) - 2 -

1  questions in case after case. Moreover, the Court is unaware of any other litigation concerning the

2  controversy at issue herein, and the Court foresees no manageability problems that would militate

3  against class certification.

4        IT IS SO ORDERED.

5  DATED: _____    _____
                                                  THE HONORABLE JAMES WARE

6                                                    UNITED STATES DISTRICT JUDGE

7  Submitted by:

8  ROBBINS GELLER RUDMAN
    & DOWD LLP
9  JOHN J. STOIA, JR.
   BONNY E. SWEENEY
10  THOMAS R. MERRICK
   ALEXANDRA S. BERNAY
11  PAULA M. ROACH
   655 West Broadway, Suite 1900
12  San Diego, CA 92101
   Telephone: 619/231-1058
13  619/231-7423 (fax)

14  THE KATRIEL LAW FIRM
   ROY A. KATRIEL
15  1101 30th Street, N.W., Suite 500
   Washington, DC 20007
16  Telephone: 202/625-4342
   202/330-5593 (fax)
17
   Co-Lead Counsel for Plaintiffs
18
   BONNETT, FAIRBOURN, FRIEDMAN
19    & BALINT, P.C.
   ANDREW S. FRIEDMAN
20  FRANCIS J. BALINT, JR.
   ELAINE A. RYAN
21  TODD D. CARPENTER
   2901 N. Central Avenue, Suite 1000
22  Phoenix, AZ 85012
   Telephone: 602/274-1100
23  602/274-1199 (fax)

24  BRAUN LAW GROUP, P.C.
   MICHAEL D. BRAUN
25  10680 West Pico Blvd., Suite 280
   Los Angeles, CA 90064
26  Telephone: 310/836-6000
   310/836-6010 (fax)
27
   MURRAY, FRANK & SAILER LLP
28  BRIAN P. MURRAY

593730_1

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTING ROBBINS GELLER RUDMAN & DOWD LLP AS LEAD CLASS COUNSEL - C-05-00037-JW(HRL)       - 3 -

| | |
|---|---|
| 1 | JACQUELINE SAILER |
| 2 | 275 Madison Avenue, Suite 801<br>New York, NY 10016 |
| 3 | Telephone: 212/682-1818<br>212/682-1892 (fax) |
| 4 | GLANCY BINKOW & GOLDBERG LLP |
| 5 | MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311 |
| 6 | Los Angeles, CA 90067<br>Telephone: 310/201-9150 |
| 7 | 310/201-9160 (fax) |
| 8 | Additional Counsel for Plaintiffs |

[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTING ROBBINS GELLER RUDMAN & DOWD LLP AS LEAD CLASS COUNSEL - C-05-00037-JW(HRL)

- 4 -

593730_1