ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) ) | Lead Case No. C-05-00037-JW(HRL) |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) | DECLARATION OF PAULA M. ROACH IN |
| ALL ACTIONS. | ) ) ) ) | SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF LEAD CLASS COUNSEL |
| | | JUDGE:      Hon. James Ware DATE:       April 18, 2011 TIME:       9:00 a.m. CTRM;      8, 4th Floor |

593763_1

1     I, PAULA M. ROACH, hereby declare as follows:

2     1.     I am an attorney duly licensed to practice before all of the courts of the state of

3     California.  I am associated with the law firm of Robbins Geller Rudman & Dowd LLP, Co-Lead

4     Class Counsel of record for Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak

5     ("Plaintiffs") in this action.  I have personal knowledge of the matters stated herein, and, if called

6     upon, I could and would competently testify thereto.

7     2.     Plaintiffs have been engaged in full merits discovery since December 22, 2008, when

8     the court first granted Plaintiffs' motion for class certification.  *See* Dkt. No. 196.  Shortly thereafter,

9     Plaintiffs served a Rule 30(b)(6) deposition notice with document requests concerning software

10    updates.  From May to August 2009, the parties met and conferred several times regarding the scope

11    of the requests for production and appropriate search terms and custodians whose files would be

12    searched.  In September 2009, the parties agreed on a final list of search terms and custodians.

13    Apple began producing documents concerning software updates in October 2009.  Between October

14    2009 and May 2010, Apple produced 4,235 pages of documents in 16 separate productions.  These

15    productions were made on a rolling basis and sometimes included as few as 144 pages.

16    3.     Plaintiffs also served amended requests for production of documents, amended

17    requests for admission, and amended interrogatories on May 22, 2009.  These were originally served

18    in 2007 prior to the Court bifurcating class and merits discovery.  Apple represented that some of the

19    relevant documents were pulled from custodial files in 2007.  In September 2009, the parties agreed

20    on search terms and custodians to pull the remaining responsive documents. On November 11, 2009,

21    Apple represented in a meet and confer letter to Plaintiffs that it had "fifteen lawyers reviewing

22    documents for responsiveness and privilege and have started producing documents on a rolling

23    basis."

24    4.     On December 21, 2009, the court *sua sponte* decertified the plaintiff Class and invited

25    Plaintiffs to amend their complaint so as to more clearly delineate their Section 2 monopoly claims

26    separate and apart from their previously dismissed Section 1 tying claims.  Dkt. No. 303.

27    5.     Plaintiffs served their second set of requests for production of documents and second

28    set of interrogatories on December 29, 2009.  Many of these requests sought data required for

1   Plaintiffs' expert's liability and damages analysis.  Apple took the position that because Plaintiffs

2   were amending their complaint, discovery should be stayed.  Apple refused to produce documents

3   until that decision was made.  On January 26, 2010, Plaintiffs filed their amended consolidated

4   complaint.  On February 18, 2010, the Court directed to the parties that discovery was open and

5   reaffirmed that "Plaintiffs may proceed with discovery at this time."  Dkt. No. 324 at 2.

6        6.    On February 22, 2010, Apple filed its motion to dismiss and alternative motion for

7   summary judgment.  Dkt. No. 329.  Apple once again argued that discovery should be bifurcated and

8   only production relevant to its motion for summary judgment should be produced.  Plaintiffs

9   aggressively rejected this argument but ultimately agreed that Apple should focus production on

10  discovery that was necessary for Plaintiffs to respond to Apple's motion.  Apple began producing

11  documents again on March 11, 2010, its first production since January 19, 2010.  Apple continued to

12  produce documents on a rolling basis through May 2010, the vast majority of which were relevant to

13  the document requests on software updates that were served in April 2009 along with Plaintiffs' Rule

14  30(b)(6) deposition notice.

15       7.    On June 29, 2010, the Court denied Apple's motion to dismiss in part, denied Apple's

16  motion for summary judgment as premature, and granted Plaintiffs' Rule 56(f) motion.

17       8.    Plaintiffs continued to meet and confer regarding the scope of Plaintiffs' outstanding

18  discovery requests and Apple continued producing documents on a rolling basis.  As of November

19  15 , 2010, Apple had produced at total of 113,706 pages of documents.  This is the total number of

20  documents produced during the entire period between the filing of the first complaint in 2005 and

21  November 15, 2010.  Between November 15 and December 20, 2010, the close of fact discovery,

22  Apple produced another 1,493,245 pages of documents.

23       9.    Additionally, Apple produced much of the data and documents required for expert

24  damages analysis, at the very end of the discovery period despite the fact that such materials were

25  responsive to requests served in December 2009.  Included among the documents produced by Apple

26  in the final days of discovery are the data compilations Plaintiffs' experts need to assess their

27  proposed damages methodologies.  For example:  on December 16, 2010, Apple produced data and

28  documents on iPod prices and changes over time, iPod forecast data, policies and procedures for

DEC OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF LEAD CLASS COUNSEL - C-05-00037-JW(HRL)        - 2 -

1  setting iPod prices, and additional reseller data; on December 17, 2010, Apple produced additional

2  iPod cost information; and on December 20, 2010, the last day of discovery, Apple began production

3  of data on the cost of manufacturing iPods and completed that production on January 8, 2011.

4        10.     Apple also produced a large database of reseller transaction data on December 14,

5  2010.  This data was originally requested by Plaintiffs on December 29, 2009.  The database

6  contained several errors and thus Plaintiffs' experts were not able to make use of the data.  On

7  January 5, 2011, Apple provided corrected information for the database.

8        11.     On December 20, 2010, Plaintiffs took the deposition of Apple's 30(b)(6) witness on

9  iPod pricing, iPod costs, the cost of updating FairPlay, and the costs of licensing FairPlay.  Plaintiffs

10  took this deposition in good faith without having had the opportunity to review the data produced in

11  the days leading up to the deposition and without having all of the data that was eventually

12  produced.  The parties therefore, agreed that Apple will answer written questions from Plaintiffs'

13  experts regarding the data.  Plaintiffs have submitted several questions on December 21, 23 and 30,

14  2010, and January 6 and 13 2011.  Apple has provided some responses and states that it is in the

15  process of responding to the remaining questions.

16        12.     Plaintiffs also took the depositions of Jeffrey Robbin on December 3, 2010; Augustin

17  Farrugia on December 8, 2010; Dave Heller on December 15, 2010; Eddy Cue on December 17,

18  2010; and Art Rangel on December 17, 2010.  Each deponent was designated as a 30(b)(6) witness

19  as to at least one topic and was also deposed in his personal capacity.  As to each of these deponents,

20  Apple produced documents from their custodial file or documents from or to the witness or from

21  both sources after the deposition was concluded.  Plaintiffs therefore, reserved their right to seek

22  additional deposition testimony from these witnesses.

23       I declare under penalty of perjury under the laws of the United States of America that the

24  foregoing is true and correct.  Executed this 18th day of January, 2011, at San Diego, California.

25                     s/ Paula M. Roach

26                     PAULA M. ROACH

27

28

DEC OF PAULA M. ROACH IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS
CERTIFICATION AND APPOINTMENT OF LEAD CLASS COUNSEL - C-05-00037-JW(HRL)   - 3 -

1

<u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on January 18, 2011, I authorized the electronic filing of the foregoing

3 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4 the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on January 18, 2011.

9                                           s/ Paula M. Roach
                                        PAULA M. ROACH

10
                                        ROBBINS GELLER RUDMAN

11                                            & DOWD LLP
                                        655 West Broadway, Suite 1900

12                                        San Diego, CA  92101-3301
                                        Telephone:  619/231-1058

13                                        619/231-7423 (fax)

14                                        E-mail:        proach@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Paula Michelle Roach**
  proach@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com,proach@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)