Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

**I.     INTRODUCTION**

Pursuant to Local Rule 79-5, Apple supports Plaintiffs' Administrative Motion to File Under Seal portions of Plaintiffs' Motion for Class Certification and the Noll declaration in support thereof, and exhibits 1-17, 19-29, and 31 to the Sweeney declaration in support thereof (Dkt. 475, "Administrative Motion"), specifically the portions of the Motion for Class Certification (Dkt. 477) and Noll declaration (Dkt. 479) and exhibits to the Sweeney declaration (Dkt. 478) that refer to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information

1  ("Protective Order") entered June 13, 2009 (Dkt. 112).

2  Apple files this response and the accompanying declarations of Mark Buckley and
3  Michael Scott in support of a narrowly tailored order authorizing sealing those documents, on the
4  grounds that there is good cause to protect the confidentiality of that information. The proposed
5  sealing order is based on the Protective Order in this action and proof that particularized injury to
6  defendant will result if the sensitive information is publicly released. Similar information has
7  been previously sealed in this case. *See* Scott Decl. ¶ 3. For the Court's convenience, the Scott
8  declaration attaches declarations in support of previous motions to file under seal, which establish
9  the sealability of such information.

## II.  STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III.  ARGUMENT

### A.  There is Good Cause to Support Filing under Seal.

The Buckley and Scott declarations establish good cause to permit filing under seal. They establish that the redacted portions of Plaintiffs' Motion for Class Certification and the Noll declaration, and the redacted exhibits to the Sweeney declaration, contain highly confidential and sensitive information that must be kept confidential in order to avoid causing harm to Apple. *See* Buckley Decl. ¶¶ 2-3; Scott Decl. Exs. 1-7.

The redacted information specifically relates to iTunes Store and iPod sales, pricing, and costs; confidential details of Apple's FairPlay digital rights management (DRM) technology; updates to that technology; third-party technology used to protect or improve FairPlay; sensitive contract terms and communications with record labels and other Apple business partners;

1  confidential market research; and decisions by Apple employees regarding Apple's business
2  strategy.  *See* Buckley Decl. ¶ 2; Scott Decl. ¶ 2.

3  The redacted information regarding iPod and iTunes sales and pricing (including sales and
4  pricing strategy), costs associated with the sale of music through the iTunes Store, costs
5  associated with the manufacturing and sale of iPods, reseller pricing and advertising programs, is
6  highly confidential and commercially sensitive business information.  The information was
7  produced to plaintiffs pursuant to the Protective Order and should remain confidential.  The
8  public disclosure of this information would put Apple at a business disadvantage. *See* Buckley
9  Decl. ¶ 3; Scott Decl. Exs. 1, 3 and 7.  Similar information has been previously sealed in this case
10 in relation to Apple's Motion for Reconsideration of Rule 23(b)(2) Class and Plaintiffs' Motion to
11 Compel.  Dkt. 247, 336.

12 FairPlay's technology is a highly protected trade secret, and Apple uses physical and
13 electronic controls to protect it.  The efficacy of FairPlay is dependent on the confidentiality of
14 information regarding its operation and maintenance.  Only a few Apple employees have access
15 to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters.
16 Information regarding FairPlay, including information regarding updates to FairPlay and third-
17 party technology intended to increase FairPlay efficacy, is kept highly confidential and was
18 produced to plaintiffs pursuant to the Protective Order.  This information is non-public
19 information that should remain confidential.  Harm to Apple, including potential use of the
20 information by hackers attempting to circumvent FairPlay, would result from the public
21 disclosure of the information.  *See* Scott Decl. Ex. 4.  Similar information has been previously
22 sealed in this case in relation to Apple's Motion to Dismiss or, Alternatively, for Summary
23 Judgment.  Dkt. 340.

24 Apple's contracts with the record labels, Motorola, and Hewlett Packard, which contain
25 highly sensitive commercial information, are kept highly confidential in accord with the
26 contracts' confidentiality provisions.  Similarly, Apple's communications with the record labels
27 regarding the distribution of music through the iTunes Store and details of FairPlay, and Apple's
28 communications with Motorola and Hewlett Packard, are kept highly confidential and were

1  produced to plaintiffs pursuant to the Protective Order. This information is non-public
2  information that should remain confidential. Harm to Apple would result from the public
3  disclosure of this information. For example, the disclosure of confidential contract terms and
4  communications regarding those terms would adversely impact Apple's bargaining position in
5  future dealings with current and potential business partners. *See* Scott Decl. Exs. 4 and 5.
6  Similar information has been previously sealed in this case in relation to Apple's Motion to
7  Dismiss or, Alternatively, Motion for Summary Judgment and Plaintiffs' Opposition to Apple's
8  Motion to Dismiss. Dkt. 340, 353.

9  Information regarding Apple business decisions or strategy, including iPod and iTunes
10 pricing decisions, discussions regarding potential public comments regarding RealNetworks'
11 Harmony technology, licensing discussions, and other business decisions or strategies at Apple, is
12 highly confidential and commercially sensitive business information. This information is non-
13 public information that should remain confidential. The information was produced to Plaintiffs
14 pursuant to the Protective Order. Harm to Apple would result from the public disclosure of the
15 redacted information contained in these documents. The public disclosure of information
16 regarding Apple's business strategies would put Apple at a business disadvantage. *See* Scott
17 Decl. Exs. 2 and 6. Similar information has been previously sealed in this case in relation to
18 Plaintiffs' Reply in Support of Their Motion to Modify Injunctive Relief Class and Plaintiffs'
19 Opposition to Apple's Motion for Protective Order. Dkt. 291, 422.

20 Market research conducted by Apple or on Apple's behalf, including information
21 regarding iPod or iTunes market share and consumer purchasing decisions, is highly confidential
22 and commercially sensitive business information. Third-party research (e.g., research from NPD)
23 is subject to confidentiality provisions in contracts between Apple and the third-party market
24 research providers. This information is non-public information that should remain confidential.
25 The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple
26 would result from the public disclosure of such information. *See* Scott Decl. Ex. 3. Similar
27 information has been previously sealed in this case in relation to Apple's Opposition to Class
28 Certification and Plaintiffs' Motion to Compel. Dkt. 184, 336.

## IV. CONCLUSION

Defendant respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal portions of Plaintiffs' Motion for Class Certification and the Noll declaration in support thereof, and exhibits 1-17, 19-29, and 31 to the Sweeney declaration in support thereof.

Dated: January 25, 2011           Jones Day


                                  By: /s/Michael Scott
                                      Michael Scott

                                  Attorneys for Defendant
                                  APPLE INC.