# Exhibit 3

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

I, Eddy Cue, declare as follows:

1. I am Vice President, Internet Services at Apple Inc ("Apple"). I have held this position since August 2008. I have had responsibility for the iTunes Store since 2003. I make this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File Under Seal (Doc. 304). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

1  2. Exhibits 23 (Request For Admission Nos. 3-4), 24 and 35 to the Declaration of
2  Paula M. Roach in Support of Plaintiffs' Motion to Compel Further Response from Defendant
3  Apple Inc. ("Roach Declaration") include highly confidential and commercially sensitive
4  business information, including sensitive contract terms and communications between Apple and
5  record labels regarding iTunes Store music sales.

6  3. Apple's practices are that such information is to be kept highly confidential and
7  must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality
8  provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the
9  Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007
10 ("Protective Order," Doc. 112). Similarly, Apple's communications with the record labels are
11 kept highly confidential and have not been disclosed outside of Apple except to plaintiffs
12 pursuant to the Protective Order. The information produced to plaintiffs is non-public
13 information from a public company that should remain confidential. Harm to Apple would result
14 from the public disclosure of the redacted highly confidential information contained in these
15 documents.

16 4. Pages 8-9 and 16-19 of Plaintiffs' Motion to Compel (Doc. 306), page 4 of the
17 Roach Declaration, and Exhibits 22 (Interrogatory Nos. 1-5), 24, and 30 to the Roach Declaration
18 contain highly confidential and commercially sensitive business information, including
19 information regarding Apple Inc.'s payment of royalties and/or licensing fees required to
20 manufacture and/or sell its products.

21 5. Exhibits 22 (Interrogatory Nos. 7-8) and 23 (Request For Admission Nos. 1-2, 5-
22 6) to the Roach Declaration include highly confidential and commercially sensitive business
23 information, including information regarding iPod and iTunes sales in the United States, iPod
24 manufacturing costs, and reseller pricing and advertising programs.

25 6. Apple's practices are that the information described in paragraphs 4 and 5 above is
26 to be kept highly confidential and must not be publicly disclosed. The information has not been
27 disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information
28 produced to plaintiffs is non-public information from a public company that should remain

1  confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of iPod or iTunes sales figures, iPod manufacturing costs, features of Apple's reseller pricing and advertising programs, or information regarding Apple's payment of royalties and/or licensing fees would put Apple at a significant business disadvantage.

7. Exhibit 22 (Interrogatory No. 6) to the Roach Declaration includes highly confidential and commercially sensitive research, including methodology and possible limitations. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. The information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in this document.

8. Page 2 of the Roach Declaration and Exhibits 11, 30, and 35 attached thereto contain highly confidential and commercially sensitive business information, including descriptions of software updates. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. This information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the disclosure of the highly confidential information regarding software updates to the public.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 22 day of January, 2010 in New York, New York.

/s/ Eddy Cue
Eddy Cue

I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to General Order No. 45.

|   |   |
|---|---|
| 1 | /s/ David Kiernan |
| 2 | David Kiernan |

SFI-628146v5

- 4 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)