# Exhibit 6

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>Judge: Honorable Howard R. Lloyd<br>Date: January 18, 2011<br>Time: 10:00 a.m.<br>Place: Courtroom 2-5th Floor |

I, Eddy Cue, declare as follows:

1. I am Vice President, Internet Services at Apple Inc. ("Apple"). I have held this position since August 2008. I have had responsibility for the iTunes Store since 2003.

2. I submit this declaration in support of Defendant's Response to Plaintiffs'

- 1 -

Decl. ISO Dependent's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05 00037 JW (HRL)

1  Amended Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Apple
2  Inc.'s Motion for Protective Order Preventing Deposition of Steve Jobs, Portions of the Bernay
3  Declaration and Exhibits 1-4 and 6-11 Pursuant to Local Rule 79-5(b) and (c) ("Administrative
4  Motion"). The facts stated in this declaration are true and based upon my own personal
5  knowledge, and if called to testify to them, I would competently do so.

6      3.    The relief requested in the Administrative Motion is necessary and narrowly
7  tailored to protect Apple's highly confidential and commercially sensitive business information.
8  The redacted portions of the Plaintiffs' Opposition (Dkt. 404) and the Bernay Declaration (Dkt.
9  405) contain highly confidential and sensitive information that must be kept confidential in order
10 to avoid causing substantial harm to Apple. The redactions specifically relate to (1) sensitive
11 contract terms and communications with record labels; (2) updates to Apple's FairPlay digital
12 rights management technology; and (3) business decisions and strategy at Apple.

13     4.    Pages 4 and 10-11 of Plaintiffs' Opposition (Dkt. 404) and Exhibits 1 and 6-7 to
14 the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive
15 business information, including information regarding sensitive contract terms and
16 communications with record labels.

17     5.    Apple's practices are that such information is to be kept highly confidential and
18 must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality
19 provisions and were produced to plaintiffs pursuant to the Stipulation and Protective Order
20 Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112).
21 Similarly, Apple's communications with the record labels contain highly confidential,
22 commercially sensitive business information and were produced plaintiffs pursuant to the
23 Protective Order. The public disclosure of this highly confidential information would cause
24 substantial harm to Apple.

25     6.    Pages 4-8 of Plaintiffs' Opposition (Dkt. 404) and Page 1 and Exhibits 2, 4, 5, 6, 7,
26 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and
27 commercially sensitive business information, including information regarding updates to Apple's
28 FairPlay DRM technology.

7. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. The public disclosure of this highly confidential information would cause substantial harm to Apple.

8. Pages i, 1, 3, 6-9, and 11-12 of Plaintiffs' Opposition (Dkt. 404) and Page 2 and Exhibits 2, 4, 5, 6, 7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information relating to business decisions and strategy at Apple.

9. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. The information was produced to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's business decisions and strategies would put Apple at a significant business disadvantage.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 22nd day of December, 2010 in Cupertino, California.

*/s/ Eddy Cue*
Eddy Cue

SFI-657739v1

Decl. ISO Defendant's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05 00037 JW (HRL)

- 3 -