1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan  #215335
   dkiernan@jonesday.com
4  Michael T. Scott  #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 626-3939
7  Facsimile:     (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                           SAN JOSE DIVISION

13

14  THE APPLE iPOD iTUNES ANTI-TRUST          Case No. C 05-00037 JW (HRL)
    LITIGATION.                               [CLASS ACTION]
15

16                                            APPLE'S ADMINISTRATIVE
                                              MOTION TO SEAL
17

18

19  **I.     INTRODUCTION**

20         Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple")

21  requests that the Court permit Apple to file under seal the portions of Apple's Opposition to

22  Renewed Motion for Class Certification ("Opposition") that refer to information that Apple

23  designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order

24  Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112).  In

25  addition, Apple seeks permission to file under seal portions of the Expert Report of Dr. Michelle

26  M. Burtis ("Burtis Report") and the exhibits to the Declaration of David C. Kiernan ("Kiernan

27  Declaration") filed in support of Apple's Opposition, which contain information that Apple

28  designated "Confidential—Attorneys Eyes Only" under the Protective Order.

1    Apple files this motion and the accompanying Declaration of Michael Scott in support of
2    a narrowly tailored order authorizing sealing those documents, on the grounds that there is good
3    cause to protect the confidentiality of that information. The proposed sealing order is based on
4    the Protective Order and proof that particularized injury to Apple will result if the sensitive
5    information is publicly released.

6    **II.     STANDARD**

7    Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit
8    sealing of court documents to protect "a trade secret or other confidential research, development,
9    or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has
10   "carved out an exception to the presumption of access to judicial records for a sealed discovery
11   document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231
12   WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana*
13   *v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

14   **III.    ARGUMENT**

15   **A.      <u>There Is Good Cause To Support Filing Under Seal</u>.**

16   Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes
17   Only" certain documents and information attached to or contained in Apple's Opposition, the
18   Burtis Report, and the Kiernan Declaration. As established by the accompanying declarations,
19   there is good cause to permit filing the redacted portions of these documents under seal.

20   Apple's Opposition, the Burtis Report, and the Kiernan Declaration contain highly
21   confidential and commercially sensitive business information, including information regarding
22   Apple's sales of iPods to iPod resellers, Apple's iPod pricing decisions, and Apple's business
23   strategy and decisions.

24   Information regarding Apple's pricing strategy and practices is highly confidential and
25   commercially sensitive business information. This information is non-public information that
26   should remain confidential. The information was produced to Plaintiffs pursuant to the Protective
27   Order. Harm to Apple would result from the public disclosure of the redacted information
28   contained in these documents. The public disclosure of information regarding Apple's pricing

1  strategy and practices would put Apple at a business disadvantage. *See* Scott Decl. Ex. 1, ¶¶ 2-3.

2  Information regarding Apple's sales of iPods to iPod resellers is also highly confidential
3  and commercially sensitive business information. This information is non-public information that
4  should remain confidential. *See* Scott Decl. Ex. 2, ¶¶ 2-3. The information was produced to
5  Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public
6  disclosure of the redacted information contained in these documents. The public disclosure of
7  information regarding Apple's sales of iPods to iPod resellers would put Apple at a business
8  disadvantage. Similar information has been previously sealed in this case in relation to Apple's
9  previous Memorandum in Opposition to Class Certification. Dkt. 184.

10  Information regarding Apple business decisions and strategy is highly confidential and
11  should not be publicly disclosed. *See* Scott Decl. Ex. 3, ¶ 9. The information was produced to
12  plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public
13  information from a public company that should remain confidential. Harm to Apple would result
14  from the public disclosure of the redacted information contained in these documents. The public
15  disclosure of information regarding Apple's business strategies would put Apple at a significant
16  business disadvantage. Similar information has been previously sealed in this case in relation to
17  Plaintiffs' Opposition to Apple's Motion for Protective Order. Dkt. 422.

18  **IV.   CONCLUSION**

19  Apple respectfully requests that this Court grant its Administrative Motion to Seal
20  portions of Apple's Opposition to Renewed Motion for Class Certification and the Expert Report
21  of Dr. Michelle M. Burtis in support thereof and the exhibits to the Declaration of David C.
22  Kiernan in support thereof.

23  Dated: February 28, 2011                                   Jones Day

24

25                                                              By:   /s/ Michael T. Scott
26                                                                    Michael T. Scott

27                                                              Attorneys for Defendant
                                                                APPLE INC.
28