**\*\* E-filed March 21, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | No. C05-00037 JW (HRL) |
| | **ORDER GRANTING IN PART AND DENYING IN PART APPLE, INC.'S MOTION FOR A PROTECTIVE ORDER** |
| | **[Re: Docket No. 396]** |

## BACKGROUND

With its iPod and through its iTunes Store, Apple, Inc. ("Apple") has become a leading provider of, among other things, portable digital music players and digital music files. Prior to early 2009, ostensibly in order to prevent consumers from making unauthorized copies of the digital music files sold from its iTunes Store (and at the requirement of the recording companies), Apple encoded its digital music files with its proprietary digital rights management ("DRM") software called FairPlay.[1] FairPlay only allowed digital music files purchased from the iTunes Store to be played directly on iPods; the files could not be played directly on digital music players made by other manufacturers. FairPlay also prevented digital music files sold at other companies' online music stores from being played on iPods. In sum, because of FairPlay, customers of the iTunes

---

[1] By the end of March 2009, all digital music files sold on the iTunes Stores were sold without DRM.

Store needed an iPod to directly play digital music files they downloaded from the iTunes Store, and owners of an iPod could not buy digital music files from other online music stores and play them on their iPods.

Plaintiffs in this class action are purchasers of iPods and of digital music files from the iTunes Store who allege that Apple unlawfully maintained duel monopolies in the markets for portable digital media players and digital audio downloads by using pretextual updates to its FairPlay DRM and other software that were intended to, and had the effect of, excluding competitors from these markets. See Docket No. 322 ("Amended Consolidated Complaint"). This is important because a threshold liability issue is whether the software updates were product improvements or not. Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp., LP, 592 F.3d 991, 1000-01 (9th Cir. 2010). If they were improvements, Plaintiffs' claim will fail. Id.

Plaintiffs' claim is highlighted by a series of events stemming from a mid-2004 announcement by RealNetworks, a competitor in the digital music market, that digital music files sold from RealNetworks's online store could be played on iPods (the "July 26, 2004 RealNetworks Announcement"). Apparently, RealNetworks figured out how to convert its own DRM to be interoperable with iPods. To do this, RealNetworks used technology known as Harmony. Shortly after Apple learned of this, it issued its own announcement stating that when it updates its iPod and FairPlay software, it would be highly unlikely that digital music files purchased from RealNetworks's online store would continue to be playable on iPods (the "July 29, 2004 Apple Announcement"). Indeed, when Apple's updates to the software were released in October 2004 and users were forced to update their iTunes applications and iPods, the digital music files from RealNetworks's online store were no longer interoperable with Apple's iPods.

Plaintiffs now want to depose Apple's CEO, Steve Jobs, about their claim. Apple, in turn, filed the instant motion for a protective order preventing his deposition. Docket No. 396 ("Motion"). Plaintiffs opposed the motion, and oral argument was heard on March 15, 2011.

## LEGAL STANDARD

"A party seeking to prevent a deposition carries a heavy burden to show why discovery should be denied." Websidestory, Inc. v. Netratings, Inc., C06cv408, 2007 WL 1120567, at *2 (S.D.

Cal. Apr. 6, 2007). When a party seeks the deposition of a high-level executive (a so-called "apex" deposition), the court may exercise its discretion under the federal rules to limit discovery. See id.; FED. R. CIV. P. 26(b)(1)-(b)(2). In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods. Websidestory, Inc., 2007 WL 1120567 at *2. Absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition. Id. Additionally, "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." Id. A claimed lack of knowledge, by itself, is insufficient to preclude a deposition. Id. "Moreover, the fact that the apex witness has a busy schedule is simply not a basis for foreclosing otherwise proper discovery." Id.

## DISCUSSION

In their opposition and supplemental statement, Plaintiffs argue that Jobs has unique first-hand, non-repetitive knowledge of certain facts at issue in the case. Docket Nos. 404 ("Opp'n"), 426 ("Supplemental Statement").

Plaintiffs first seek to depose Jobs on Apple's initial decision to implement its own DRM (Fairplay), but Apple points out that the operative complaint in this action (the Amended Consolidated Complaint) involves only claims related to Apple's software updates. Indeed, in previous rulings, Judge Ware dismissed Plaintiffs' antitrust claims based on Apple's initial decision to use Fairplay and on the technological compatibility of digital music files purchased from the iTunes Store and the iPod. Docket Nos. 274, 303. Apple's decision in this regard, then, is not relevant to this action. Accordingly, the Court grants Apple's motion as to this topic.

Plaintiffs next seek to depose Jobs about Apple's decision not license FairPlay to any other companies. As explained above, however, Judge Ware's has already ruled that it was lawful for Apple to use its own proprietary DRM software and to choose not to license it to anyone else. Docket Nos. 274, 303. In other words, Apple's decision whether or not to license Fairplay is not relevant to this action. Accordingly, Apple's motion will be granted as to this topic as well.

Plaintiffs also seek to depose Jobs about Apple's decisions related to RealNetworks's Harmony technology, which created interoperability between digital music files purchased on RealNetwork's online store and iPods. Upon consideration of the parties' arguments, declarations, and documents submitted (most of which were filed under seal), the Court finds that Jobs has unique, non-repetitive, firsthand knowledge about (a) the July 26, 2004 RealNetworks Announcement, (b) the July 29, 2004 Apple Announcement in response thereto, and (c) Apple's software updates in October 2004 that rendered the RealNetworks's digital music files once again inoperable with iPods.[2] Apple's motion is denied as to these limited topics.

## CONCLUSION

Based on the foregoing, the Court GRANTS IN PART and DENIES IN PART Apple's motion. Plaintiffs may depose Jobs for a total of two hours, and the deposition shall be limited to the topics of (a) the July 26, 2004 RealNetworks Announcement, (b) the July 29, 2004 Apple Announcement in response thereto, and (c) Apple's software updates in October 2004 that rendered the RealNetworks's digital music files once again inoperable with iPods.

**IT IS SO ORDERED.**

Dated: March 21, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[2] That other Apple employees may have unique, non-repetitive, firsthand knowledge about these announcements does not preclude Jobs from having such knowledge as well. "The mere fact . . . that other witnesses may be able to testify as to what occurred at a particular time or place does not mean that a high-level corporate officer's testimony would be 'repetitive.' Indeed, it is not uncommon for different witnesses to an event to have differing recollections of what occurred." First Nat'l Mortg. Co. v. Fed. Realty Inv. Trust, No. C03-02013 RMW (RS), 2007 U.S. Dist. LEXIS 88625, at *6 (N.D. Cal. Nov. 19, 2007). This is especially true given that, absent extraordinary circumstances, it is very unusual for a court to prohibit the taking of a deposition. Websidestory, Inc., 2007 WL 1120567 at *2. Additionally, "when a witness has personal knowledge of facts relevant to the lawsuit, even a corporate president or CEO is subject to deposition." Id.

**United States District Court**
For the Northern District of California

**C05-00037 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Alexandra Senya Bernay | xanb@rgrdlaw.com |
| Alreen Haeggquist | alreenh@zhlaw.com, judyj@zhlaw.com |
| Andrew S. Friedman | afriedman@bffb.com, khonecker@bffb.com, rcreech@bffb.com |
| Bonny E. Sweeney | bonnys@rgrdlaw.com, christinas@rgrdlaw.com, E_file_sd@rgrdlaw.com |
| Brian P Murray | bmurray@murrayfrank.com |
| Carmen Anthony Medici | cmedici@rgrdlaw.com, slandry@rgrdlaw.com |
| Caroline Nason Mitchell | cnmitchell@jonesday.com, ewallace@jonesday.com, mlandsborough@jonesday.com |
| Craig Ellsworth Stewart | cestewart@jonesday.com, mlandsborough@jonesday.com |
| David Craig Kiernan | dkiernan@jonesday.com, lwong@jonesday.com |
| Elaine A. Ryan | eryan@bffb.com, pjohnson@bffb.com |
| Francis Joseph Balint , Jr | fbalint@bffb.com |
| George A. Riley | griley@omm.com, cchiu@omm.com, lperez@omm.com |
| Helen I. Zeldes | helenz@zhlaw.com |
| Jacqueline Sailer | jsailer@murrayfrank.com |
| John J. Stoia , Jr | jstoia@rgrdlaw.com |
| Michael D Braun | service@braunlawgroup.com |
| Michael D. Braun | service@braunlawgroup.com, clc@braunlawgroup.com |
| Michael Tedder Scott | michaelscott@jonesday.com, amhoward@jonesday.com |
| Robert Allan Mittelstaedt | ramittelstaedt@jonesday.com, ybennett@jonesday.com |
| Roy Arie Katriel | rak@katriellaw.com, rk618@aol.com |
| Thomas J. Kennedy | tkennedy@murrayfrank.com |
| Thomas Robert Merrick | tmerrick@rgrdlaw.com, e_file_sd@rgrdlaw.com, e_file_sf@rgrdlaw.com |
| Todd David Carpenter | tcarpenter@bffb.com, pjohnson@bffb.com, rcreech@bffb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**