| | |
|---|---|
| 1 | Robert A. Mittelstaedt  #60359 |
|   | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart  #129530 |
|   | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
|   | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
|   | michaelscott@jonesday.com |
| 5 | JONES DAY |
|   | 555 California Street, 26th Floor |
| 6 | San Francisco, CA  94104 |
|   | Telephone:      (415) 626-3939 |
| 7 | Facsimile:       (415) 875-5700 |
| 8 | Attorneys for Defendant |
|   | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) |
| | [CLASS ACTION] |
| | **APPLE'S ADMINISTRATIVE MOTION TO SEAL** |

**I.   INTRODUCTION**

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple") requests that the Court permit Apple to file under seal the portions of Apple's Reply In Support of its Motion for Summary Judgment ("Reply") that refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112).  In addition, Apple seeks permission to file under seal exhibits to the Declaration of Michael Scott ("Scott Declaration") filed in support of Apple's Reply, which contain information that Apple designated "Confidential—Attorneys Eyes Only" under the Protective Order.

The Court previously sealed similar information in relation to Apple's Motion to Dismiss

or, Alternatively, for Summary Judgment and Apple's Motion for Summary Judgment. Dkt. 340, 524. Apple files this motion and the accompanying Declaration of David C. Kiernan ("Kiernan Declaration") in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are compelling reasons to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized harm to Apple will result if the sensitive information is publicly released.

**II.     STANDARD**

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

**III.    ARGUMENT**

    **A.     There Are Compelling Reasons To Support Filing Under Seal.**

Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" portions of its Reply and exhibits to the Scott Declaration. As established by the accompanying Kiernan Declaration, compelling reasons justify filing the redacted portions of the Reply and the exhibits to the Scott Declaration under seal.

The redacted portions of the Reply and exhibits to the Scott Declaration contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology; updates to that technology; inquiries Apple received from customers that reflect personal information of the customers and confidential, proprietary information regarding how Apple responds to such inquiries; confidential contract terms; confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and Apple's FairPlay DRM

1  technology, and confidential market research.  Apple keeps this information highly confidential
2  and does not disclose it to the public.  *See* Kiernan Declaration ¶ 2.
3        FairPlay's technology is a highly protected trade secret, and Apple uses physical and
4  electronic controls to protect it.  The efficacy of FairPlay is dependent on the confidentiality of
5  information regarding its operation and maintenance.  Only a few Apple employees have access
6  to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters.
7  Information regarding FairPlay and third-party technology intended to increase FairPlay efficacy
8  is non-public information that should remain confidential.  Harm to Apple, including potential use
9  of the information by hackers attempting to circumvent FairPlay, would result from the public
10 disclosure of the information.  *See* Kiernan Declaration, Exs. 1-2.  The Court previously sealed
11 similar information in relation to Apple's Motion to Dismiss or, Alternatively, for Summary
12 Judgment.  Dkt. 340.
13       Apple's contracts with record labels, which include some details of the DRM used by
14 Apple and contain highly sensitive commercial information, are kept highly confidential in accord
15 with the contracts' confidentiality provisions.  Similarly, Apple's communications with the record
16 labels regarding the distribution of music through the iTunes Store and details of FairPlay are
17 kept highly confidential and have not been disclosed outside of Apple except to plaintiffs
18 pursuant to the Protective Order.  This information is non-public information that should remain
19 confidential.  Harm to Apple would result from the public disclosure of this information.  For
20 example, the disclosure of confidential contract terms and communications regarding those terms
21 would adversely impact Apple's bargaining position in future dealings with current and potential
22 business partners.  *See* Kiernan Declaration, Exs. 1-2.  The Court previously sealed similar
23 information in relation to Apple's Motion to Dismiss or, Alternatively, for Summary Judgment.
24 Dkt. 340.
25       Customer inquiries and Apple's responses are kept highly confidential and have been
26 disclosed to Plaintiffs pursuant to the Protective Order.  Among other things, the inquiries reflect
27 personal information of the customers and confidential, proprietary information regarding how
28 Apple tracks and responds to such inquiries.  This information is non-public information that

should remain confidential. Harm would result from the public disclosure of this highly confidential information. *See* Kiernan Declaration, ¶ 4. The Court previously sealed similar information in relation to Apple's Motion for Summary Judgment. Dkt. 524.

iTunes Store sales and market research conducted by Apple or on Apple's behalf, including information regarding iTunes market share, is highly confidential and commercially sensitive business information. Third-party research is subject to confidentiality provisions in contracts between Apple and the third-party market research providers. This information is non-public information that should remain confidential. The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of such information. *See* Kiernan Declaration, Ex. 2. Similar information has been previously sealed in this case in relation to Apple's Opposition to Class Certification and Plaintiffs' Motion to Compel. Dkt. 184, 336.

## IV.   CONCLUSION

Apple respectfully requests that this Court grant its Administrative Motion to Seal portions of Apple's Reply in Support of its Motion for Summary Judgment, and the exhibits to the Declaration of Michael Scott in support thereof.

Dated: March 28, 2011                    Jones Day

                                          By:   /s/ David C. Kiernan
                                                David C. Kiernan

                                          Attorneys for Defendant
                                          APPLE INC.

SFI-666477v1