ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' MOTION TO EXCLUDE THE OPINIONS OF DEFENDANT'S EXPERT, DR. MICHELLE M. BURTIS, Ph.D. |
| ALL ACTIONS. | |
| | JUDGE: Hon. James Ware |
| | DATE: May 2, 2011 |
| | TIME: 9:00 a.m. |
| | CTRM: 8, 4th Floor |

**REDACTED**

615782_1

## I. INTRODUCTION

Defendant Apple supports its opposition to Plaintiffs' renewed motion for class certification with the Expert Report of Dr. Michelle M. Burtis, Ph.D., ("Burtis Report") that provides no analysis of the data Apple has produced about iPod sales, costs and prices, offers opinions that do not rely upon accepted sources in antitrust economics and ignores the analysis of transaction prices contained in the Declaration of Roger G. Noll ("Noll Decl."), dated January 18, 2011. Dr. Burtis offers no meaningful insight regarding any topic relevant to class certification or damages. Instead, she merely asserts, with no support, that Professor Noll's proposed methodology for determining impact and estimating damages on a class-wide basis will not work. This is her *only* opinion. Dr. Burtis's unsupported assertion fails to meet the test for admissibility of expert testimony and is refuted by the Noll Decl. as well as the Reply Declaration of Roger G. Noll ("Noll Reply Decl."), in which Professor Noll demonstrates the feasibility of the regression analysis that Dr. Burtis contends is impossible. *See* Noll Reply Decl. at 34-39. Because Dr. Burtis's opinion would be unhelpful to the trier of fact and merely seeks to put an expert's imprimatur on Apple's legal arguments, it should be excluded.

### A. Standards of Admissibility of Expert Opinion

Federal Rule of Evidence 702, which governs the admissibility of expert evidence, requires the trial court to examine the sufficiency of data or studies underlying an expert's opinion. In particular it states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

*Id.* The trial court acts as a gatekeeper to the admission of expert scientific testimony, and must "ensure that any and all scientific testimony or evidence admitted is not only relevant but reliable." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 580, 589, 113 S. Ct. 2786 (1993).

In the Ninth Circuit, "[t]he general test regarding the admissibility of expert testimony is whether the jury can receive 'appreciable help' from such testimony." *United States v. Gwaltney*,

790 F.2d 1378, 1381 (9th Cir. 1986); *see also In re Apollo Grp. Inc. Sec. Litig.*, 527 F. Supp. 2d 957, 961 (D. Ariz. 2007) ("As articulated in [Fed. R. Evid.] 702, expert testimony is relevant if it assists the trier of fact in understanding evidence or in determining a fact in issue.") (citing *Daubert*, 509 U.S. at 591); *Mukhtar v. Cal. State Univ.*, No. 01-15565, 2002 U.S. App. LEXIS 27934, at *22 & n.7 (9th Cir. Aug. 7, 2002).

Additionally, expert opinions must "bring to the jury more than the lawyers can offer in argument." *In re Air Crash Disaster at New Orleans*, 795 F.2d 1230, 1233 (5th Cir. 1986); *see also Dukes v. State*, 428 F. Supp. 2d 1298, 1315 (N.D. Ga. 2006) (The conclusions asserted by the expert in question were excluded under Rule 702 as "no different from that which Plaintiff's lawyers will argue during their closing statements. [The expert's] stamp of approval on the Plaintiff's contentions does nothing to advance a material aspect of Plaintiff's case. . . . [C]ontributes nothing to assist the jury . . . [and] is not relevant . . . ."), *aff'd*, 212 F. App'x 916 (11th Cir. 2006).

Here, because Dr. Burtis's opinions are merely naked conclusions unsupported by any discernable analysis and only serve to parrot Defendant's legal arguments, the opinions provide no meaningful assistance to the trier of fact and should be excluded.

**B.   Dr. Burtis's Conclusions Are Unsupported by Any Evidence or Analysis**

Dr. Burtis's opinions are not supported by any evidence. Throughout her 44-paragraph report, Dr. Burtis claims Plaintiffs' expert Professor Noll's reasonable and well-accepted methodologies for determining class-wide impact and damages, a set of methodologies that ***have now been shown to work***, "will not work." Burtis Report at 11, 14, 15. Rather than supporting these sweeping statements with any reference to accepted academic literature, economic analysis or studies or facts from the record, she simply states her conclusion.[1] Not surprisingly, at deposition Dr. Burtis admitted that she reviewed almost no new documents other than Professor Noll's

---

[1]   The Burtis Report is bereft of citation to data sets, internal Apple documents, the proposed class representatives' depositions or other material that is highly relevant to an analysis of the issues on this motion. Instead, Dr. Burtis cites only to news articles, ▮▮▮▮▮▮▮▮▮▮, a few isolated references to Apple depositions and Apple employee declarations, a small number of SEC filings and references to Professor Noll's Declaration.

Declaration submitted in support of Plaintiffs' motion for class certification. *See* Declaration of Alexandra S. Bernay in Support of Plaintiffs' Motion to Exclude the Opinions of Defendant's Expert, Dr. Michelle M. Burtis, Ph.D. ("Bernay Decl."), Ex. 1 (Burtis Depo. at 9:13-10:11); Burtis Report, Ex. A. She herself did not review ███████████████████████████████ ████████████████████████████, and she did not analyze in any way the databases produced by Apple. *Id.* She did not read the deposition transcripts of any of the named Plaintiffs in this case. Bernay Decl., Ex. 1 (Burtis Depo. at 27:14-16). She also admitted she did not review the documents identified by Professor Noll in the Appendix to his report in reaching her conclusions. *Id.*, Ex. 1 (Burtis Depo. at 30:2-33:16; 46:9-17). She further professed that she was unfamiliar with documents that demonstrate Plaintiffs' theory of liability in the case. *Id.* Critically, Dr. Burtis attempted no regression analysis, and performed no empirical analysis at all to test Professor Noll's proposed methodologies. *Id.*, Ex. 1 (Burtis Depo. at 35:6-11); *see generally id.*, Ex. 1 (Burtis Depo. 35:11-36:22). In fact, nobody working at Dr. Burtis's direction conducted any detailed analysis of the data sets in Professor Noll's report. *Id.*, Ex. 1 (Burtis Depo. at 33:11-16).[2] Nor did she conduct any analysis of whether and the extent to which Apple's share of the digital audio market changed during the time period that Harmony was working. *Id.*, Ex. 1 (Burtis Depo. at 117-21-118:3). These obvious and critical failings demonstrate that Dr. Burtis's report is unreliable and unhelpful to the trier of fact.

Dr. Burtis also failed to provide *any* opinion on many of the issues critical to Plaintiffs' motion for class certification. She testified that she was not offering an opinion as to whether proof of the appropriate market definition is common to all class members; whether proof regarding Apple's relative share of the market for portable digital media players would be common to all class members; whether proof regarding the existence of barriers to entry in the market for portable digital media players would be common to all class members; whether proof regarding the existence of

---

[2] ████████████████████████████████████████████████████████████████ Bernay Decl., Ex. 1 (Burtis Depo. at 46:4-12). ████████████████████████████ *Id.*, Ex. 1 (Burtis Depo. at 46:15-17).

barriers to entry in the market for audio downloads would be common to all class members; whether proof regarding the costs Apple incurred to maintain technical incompatibility with competing products would be common to all class members; whether proof of whether Apple was justified in creating and maintaining technical compatibility because Apple's products "worked better" together than with competitors' products would be common to all class members; or whether proof regarding whether Apple was contractually obligated to disable the interoperability created by RealNetworks' Harmony would be common to all class members. *Id.*, Ex. 1 (Burtis Depo. at 98:5-100:18); *compare* Noll Decl. at 28-67.

Failure to conduct independent analysis is a grounds to exclude expert opinion in antitrust cases. *See Stein v. Pac. Bell*, No. C 00-2915 SI, 2007 U.S. Dist. LEXIS 19193, at *34 (N.D. Cal. Mar. 19, 2007) (striking expert opinion where "Wilson [the expert] admitted that he did not engage in any independent fact-finding to reach his conclusions"). Reliable testimony must be grounded in the methods and procedures of science and signify something beyond "subjective belief or unsupported speculation." *Daubert*, 509 U.S. at 590. Dr. Burtis admits that she conducted no independent evaluation of the evidence or of Professor Noll's proposed methodologies.

In addition to Dr. Burtis's failure to conduct any economic analysis of her own, Dr. Burtis wrongly claimed Professor Noll had conceded that the initial technological tie between iPods and iTunes was not anticompetitive, when simple reference to Professor Noll's report reveals only that Professor Noll cited to the Court's holding dismissing tying claims. Noll Decl., 5 n.1. Professor Noll was merely reporting what he understood the Court's orders to encompass and no "concessions" were made by him. At deposition, Dr. Burtis was forced to confront this distortion. Bernay Decl., Ex. 1 (Burtis Depo. at 102:15-105:12).

Considering the absence of any analysis underlying the Burtis Report, it is no surprise that Dr. Burtis's conclusions were soundly disproven by Professor Noll. Exclusion of her opinions in these circumstances is proper.

## II. CONCLUSION

Dr. Burtis's only opinion, a conclusory statement that finds no support in the record or economic literature, is that Professor Noll's methodology "will not work." Burtis Report at 11, 14,

15. Without conducting any analysis of Apple's sales and cost data or even reviewing those materials, Dr. Burtis's analysis cannot be helpful to the trier of fact. Here, Dr. Burtis did not perform any meaningful analysis that could help the trier of fact. For these reasons, her opinion must be excluded.

DATED: March 28, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
CARMEN A. MEDICI


       s/ Bonny E. Sweeney
      BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

615782_1

PLAINTIFFS' MOTION TO EXCLUDE THE OPINIONS OF DEFENDANT'S EXPERT, DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL) - 5 -

| | |
|---|---|
| 1 | |
| 2 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280<br>Los Angeles, CA 90064<br>Telephone: 310/836-6000<br>310/836-6010 (fax) |
| 3 | |
| 4 | |
| 5 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY<br>JACQUELINE SAILER<br>275 Madison Avenue, Suite 801<br>New York, NY 10016<br>Telephone: 212/682-1818<br>212/682-1892 (fax) |
| 6 | |
| 7 | |
| 8 | |
| 9 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067<br>Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 10 | |
| 11 | |
| 12 | |
| 13 | Additional Counsel for Plaintiffs |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

615782_1

PLAINTIFFS' MOTION TO EXCLUDE THE OPINIONS OF DEFENDANT'S EXPERT, DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL)                                                                                      - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 28, 2011.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    bonnys@rgrdlaw.com

615782_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)