1   ROBBINS GELLER RUDMAN
        & DOWD LLP
2   JOHN J. STOIA, JR. (141757)
    BONNY E. SWEENEY (176174)
3   THOMAS R. MERRICK (177987)
    ALEXANDRA S. BERNAY (211068)
4   CARMEN A. MEDICI (248417)
    655 West Broadway, Suite 1900
5   San Diego, CA 92101
    Telephone: 619/231-1058
6   619/231-7423 (fax)
    johns@rgrdlaw.com
7   bonnys@rgrdlaw.com
    tmerrick@rgrdlaw.com
8   xanb@rgrdlaw.com
    cmedici@rgrdlaw.com
9
    THE KATRIEL LAW FIRM
10  ROY A. KATRIEL (*pro hac vice*)
    1101 30th Street, N.W., Suite 500
11  Washington, DC 20007
    Telephone: 202/625-4342
12  202/330-5593 (fax)
    rak@katriellaw.com
13
    Co-Lead Counsel for Plaintiffs
14

15                  UNITED STATES DISTRICT COURT

16                  NORTHERN DISTRICT OF CALIFORNIA

17                          SAN JOSE DIVISION

18
    THE APPLE IPOD ITUNES ANTI-TRUST      )   Lead Case No. C-05-00037-JW(HRL)
19  LITIGATION                            )
                                          )   CLASS ACTION
20  ─────────────────────────────────     )
                                          )   DECLARATION OF ALEXANDRA S.
21  This Document Relates To:             )   BERNAY IN SUPPORT OF PLAINTIFFS'
                                          )   MOTION TO COMPEL PRODUCTION OF
22      ALL ACTIONS.                      )   DATA
    ─────────────────────────────────     )
23                                            JUDGE:   Hon. Howard R. Lloyd
                                              DATE:    May 3, 2011
24                                            TIME:    10:00 a.m.
                                              CTRM:    2, 5th Floor
25
                            **REDACTED**
26

27

28

615790_1

I, ALEXANDRA S. BERNAY, hereby declare as follows:

1.      I am an attorney duly licensed to practice before all of the courts of the State of California. I am an associate at the law firm Robbins Geller Rudman & Dowd LLP, Co-Lead Class Counsel of record for Plaintiffs Melanie Tucker, Mariana Rosen and Somtai Troy Charoensak (collectively "Plaintiffs") in this action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify thereto.

2.      During the final two months of the fact-discovery period in this action, defendant ███████████████████████████████████████████. Part of that production ██████████████████████████████████████████, part of the data necessary for Plaintiffs' experts to be able to conduct their analysis regarding damages and antitrust impact in this action.

3.      Because a great deal of the materials received by Apple were produced just before and after the discovery cut-off, the parties agreed that Apple would work with Plaintiffs to resolve questions and issues regarding the data as they came up.

4.      Apple first produced ████████████████████████████████ ████████████████████████████████████████████████ ███████████ From the end of December 2010 to the present, Plaintiffs have regularly contacted Apple with questions regarding the meaning of certain items in the various data sets produced and made requests concerning the absence of needed material in the data, as well as other matters as they have come up. During that time, Apple provided some written responses and also produced some corrected data. I have found no record of Apple telling Plaintiffs the material was in archives until January 4, 2011.

5.      In early February 2010, Plaintiffs sought to wrap up the remaining issues surrounding the data and, on February 10, 2011, sent Apple's counsel a list of the critical items that remained to be either produced or explained. The items on the list had been raised in previous correspondence.

6.      One item on the list was a ████████████████████████████ ████████████████████████████████████████████████ █████████████

615790_1

DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF DATA - C-05-00037-JW(HRL)                          - 1 -

7.     Plaintiffs followed up several times with Apple's counsel regarding the outstanding data issues between February 10, 2011 and March 3, 2011, including a phone call on February 14, 2011. Apple's counsel committed to providing an estimate of costs and explanation of the burden of producing the requested ███████████ during the phone call between the parties.

8.     Between February 17, 2011 and March 3, 2011, Plaintiffs' counsel repeatedly sent emails seeking an update on the data. On March 7, 2011, Plaintiffs' counsel sent another email to Apple's counsel again following up on the data issues which stated if Apple could not "provide full responses by Thursday [March 10, 2011], plaintiffs will file a motion to compel responses on Friday [March 11, 2011]."

9.     On March 10, 2011, Apple's counsel provided answers to a number of the outstanding questions and produced some requested data. ███████████████ Instead, counsel suggested setting up another call to discuss the issue. Apple's counsel further stated that he ██████████ ████████████████████████████████ Despite Plaintiffs' explanation that the data was necessary for their experts, Apple suggested Plaintiffs use previously-produced data, saying it was "sufficient." Plaintiffs again explained that in order to perform an econometric analysis, their experts needed the data.

10.     On March 10, 2011, Apple's counsel sent an email containing answers to a number of the outstanding data questions. I replied and again asked whether Apple intended to produce the requested ██████ by March 11, 2011.

11.     On March 11, 2011, I again wrote to Apple's counsel. I stated that Plaintiffs were still planning to file a motion to compel because Plaintiffs had not received the production nor any detail concerning the burden of producing ██████. I asked counsel for Apple to let me know by noon whether the ████████████████ would be produced. Apple asked to have until 2:00 p.m. to respond and I agreed. At 2:06 p.m., Apple's counsel wrote a lengthy email again claiming burden, but again failing to provide details of the costs of producing

1  the data other than claiming "based on prior experience, the costs could run into the several hundreds

2  of thousands of dollars and perhaps much higher."

3        12.    The parties had further back-and-forth communications and Apple counsel indicated

4  ████████████████████████████████████████████████. Based in large

5  part on this statement, Plaintiffs held off filing their motion to compel on March 11, 2011. On

6  March 15, 2011, Plaintiffs again provided additional detail to Apple which further explained why

7  data previously produced by Apple was not sufficient for Plaintiffs' expert and why the earlier

8  period data was important.

9        13.    I wrote again to follow up with Apple's counsel on March 16, 2011, March 18, 2011,

10  March 21, 2011 and March 22, 2011. On March 22, 2011, Apple finally responded and agreed to set

11  up a call March 23, 2011 to discuss ████████████████. During the call Apple's counsel

12  ████████████████████████████████████████████████

13  ██████████████

14        14.    On Thursday, March 24, 2011, I again wrote to Apple's counsel reminding him that

15  he committed to getting back to Plaintiffs regarding ████████████████████

16  ████████████████████. On Friday, March 25, 2001, Apple responded that it was

17  ████████████████████████████ and asked a number of

18  questions regarding the data. I responded to Apple's questions within a half hour. I explained that

19  Plaintiffs had been working with Apple for many months in an effort to get the data from Apple. I

20  further explained Plaintiffs' position that many of the issues regarding data would have been

21  resolved much sooner if Apple had not waited until on and after the close of discovery to provide

22  relevant data to Plaintiffs. Plaintiffs again told Apple that motion practice may be necessary. In

23  addition to ██████████████████ that had been previously requested, counsel

24  for Apple stated that ████████████████████████

25  He further stated that he would "have an answer Monday whether data exists."

26

27

28

DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF DATA - C-05-00037-JW(HRL)           - 3 -

1        15.    As of 11:30 p.m., on March 28, 2011, Apple's counsel has neither responded to the

2    March 24-25 series of emails referred to in ¶14, above, nor produced ███████████

3    ████████████████████

4        I declare under penalty of perjury under the laws of the United States of America that the

5    foregoing is true and correct.  Executed this 28th day of March, 2011, at San Diego, California.

6

7                                       s/ Alexandra S Bernay
                                   ALEXANDRA S. BERNAY

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

615790_1    DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF PLAINTIFFS' MOTION TO
COMPEL PRODUCTION OF DATA - C-05-00037-JW(HRL)    - 4 -

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 28, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on March 28, 2011.

<u>s/ Alexandra S. Bernay</u>
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      xanb@rgrdlaw.com

615790_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,ybennett@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)