Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>[CLASS ACTION]<br><br>**APPLE'S OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION**<br><br>DATE:         APRIL 18, 2011<br>TIME:          9:00 A.M.<br>COURTROOM:  8, 4TH FLOOR |

Pursuant to Local Rule 7.3(d)(1), Apple files the following objections to the Reply Declaration of Roger C. Noll (the "Noll Reply Declaration") and the Declaration of Alexandra S. Bernay ("Bernay Reply Declaration") filed March 28, 2011 in support of Plaintiffs' reply in support of their renewed motion for class certification.

**Noll Reply Declaration**

1. The Noll Reply Declaration, including especially the purported results of the

1  "preliminary regression analyses" (pp. 34-39 and Exhibits 2 & 3), does not purport to be based on personal knowledge of the declarant. Fed. R. Evid. 602; *Pacheco v. Homecomings Fin., LLC*, No. C 08-3002 JF (HRL), 2010 WL 2629887, at \*\*3-6 (N.D. Cal. June 29, 2010).

2. The Noll Reply Declaration, including especially the purported results of the "preliminary regression analyses" (pp. 34-39 and Exhibits 2 & 3), is new material that is inappropriate for a reply declaration and should be stricken on that ground. *Pacquiao v. Mayweather*, 2010 WL 3271961 at \*1 (D. Nev. 2010) (granting motion to strike because "the court cannot consider new evidence provided in a reply when the other party does not have an opportunity to respond to the evidence"); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper.").

3. To the extent that the Noll Reply Declaration (e.g., pp. 34-39 and Exhibits 2 & 3) purports to set forth the results of a "preliminary regression analysis" of iPod prices, it lacks foundation and any indicia of reliability. Fed. R. Civil. Proc. 26(a)(2)(B) (expert declaration must set forth the basis and reasons for each opinion and set forth the facts or data considered by the witness in forming them); Fed. R. Evid. 702 (expert declaration must be reliable, based on sufficient facts, principles, and methodology); *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993) (expert may not rely on mere conclusions, but must provide foundation of and bases for each of his opinions).

4. The Noll Reply Declaration describes the "preliminary regression analysis" in conclusory and cryptic terms and provides an insufficient basis to determine how it was performed or to test its reliability. *Dukes v. Georgia*, 428 F. Supp. 2d 1298, 1309 (N.D. Ga. 2006) ("[P]resenting a summary of a proffered expert's testimony in the form of conclusory statements devoid of factual or analytical support is simply not enough to carry the proponent's burden."). The conclusory nature of the reported results is particularly critical because the results are, on their face, inconsistent internally and inconsistent with Plaintiffs' theory. For example, Professor Noll and Plaintiffs theorize and allege that the lawful existence of the iTunes Store increased demand for iPods and therefore increased their price. From the cryptic results reported by

- 2 -

Apple's Objections To Reply Evid.
C 05-00037 JW (HRL); C 06-04457 JW (HRL)

1  Professor Noll, however, his regression indicates that the effect of the iTunes Store on iPod prices was a negative $49. Although this result is reported in Exhibit 3, the Noll Reply Declaration itself ignores that result and its significance.

5. Apple has noticed the deposition of Professor Noll for April 7, 2011, and served a subpoena seeking all materials relied on in connection with the Noll Reply Declaration. Apple reserves the right to supplement or revise these objections after Plaintiffs produce the materials relied on by Professor Noll, including the materials used in performing the regression analyses, and after Professor Noll is deposed.

**Bernay Reply Declaration**

1. The Bernay Reply Declaration is not based on personal knowledge and thus is inadmissible. Fed. R. Evid. 602; *Pacheco*, 2010 WL 2629887, at **3-6. Ms. Bernay concedes that she did not become "personally involved" in "discovery matters" until October 2010. Moreover, in preparing the declaration, she claims to have read correspondence and talked to others, further demonstrating her lack of personal knowledge.[1] In short, the statements regarding any events or facts that allegedly occurred before October 2010 and any other statements that lack requisite foundation are inadmissible, including paragraphs 4-12 and 14-17.

2. In addition, most of the paragraphs in the Bernay Reply Declaration contain hearsay or hearsay within hearsay without requisite foundation for an exception to the hearsay rule. For example, the Bernay Reply Declaration concedes (¶ 3) that it is based on and otherwise relays information from "correspondence, including emails between counsel," "telephone calls and email correspondence with Paula Roach," and conversations "with other attorneys working on the case." Hearsay not subject to an exception is inadmissible. Fed. R. Evid. 802; *Pacheco*, 2010 WL 2629887, at **3-6. Likewise, hearsay within hearsay must be excluded unless it falls within an exception. Fed. R. Evid. 805. The Bernay Reply Declaration provides no foundation to show that any exception applies. Accordingly, the Bernay Reply Declaration, including

---

[1] Notably, Plaintiffs chose not to submit a reply declaration from Ms. Roach, who Ms. Bernay claims had personal knowledge, despite the fact that Ms. Bernay allegedly (¶ 3) had various phone calls and email correspondence with Ms. Roach about the Bernay Reply Declaration.

paragraphs 4-12 and 14-17, is inadmissible to the extent that it is based on or relays hearsay or hearsay within hearsay. *Pacheco*, 2010 WL 2629887, at **3-6.

3. Finally, the Bernay Reply Declaration attempts to prove the contents of documents, including correspondence and emails, by purporting to summarize and/or quote their contents in violation of the best evidence rule. Fed. R. Evid. 1002; *Wang v. Chinese Daily News, Inc.*, 435 F. Supp. 2d 1042, 1065 (C.D. Cal. 2006) (sustaining best evidence objection where party used testimony to try to prove the contents of documents). Indeed, the declaration does not attach any correspondence that it purports to summarize or quote or any of Apple's responses thereto. And by failing to attach the relevant correspondence and responses, the declaration provides an inaccurate picture of the discovery process and Apple's ongoing good faith efforts to produce information in response to Plaintiffs' voluminous discovery requests. This is precisely why the best evidence rule prohibits such testimony. Accordingly, the Bernay Reply Declaration is inadmissible, including paragraphs 4-12 and 14-28. *Pacheco*, 2010 WL 2629887, at **3-6.

Dated: April 4, 2011

Jones Day

By:   /s/ Robert A. Mittelstaedt
     Robert A. Mittelstaedt

Attorneys for Defendant
APPLE INC.

SFI-667231v2

- 4 -

Apple's Objections To Reply Evid.
C 05-00037 JW (HRL); C 06-04457 JW (HRL)