ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) ) This Document Relates To: ) ) ALL ACTIONS. ) ) | Lead Case No. C-05-00037-JW(HRL)<br><br>CLASS ACTION<br><br>PLAINTIFFS' OPPOSITION TO APPLE'S OBJECTIONS TO PLAINTIFFS' EVIDENCE FILED IN SUPPORT OF REPLY IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION<br><br>JUDGE:    Hon. James Ware<br>DATE:     April 18, 2011<br>TIME:     9:00 a.m.<br>CTRM:     8, 4th Floor |

617226_1

## I. INTRODUCTION

Defendant Apple's Objections to Plaintiffs' Evidence Filed in Support of Reply in Support of Plaintiffs' Renewed Motion for Class Certification ("Objections") is an improper attempt to strike relevant, admissible evidence. The Objections fail for several reasons. First, the Objections wrongly claim the Reply Declaration of Professor Roger G. Noll ("Noll Reply Declaration"), submitted in support of renewed class certification, is not based on personal knowledge, contains new information and "lacks foundation and any indicia of reliability," among other supposed failings. Objections, ¶3. This is nonsense. The Noll Reply Declaration plainly states the material is based on Professor Noll's personal knowledge and describes, in painstaking detail, how the preliminary regression analysis was performed. Critically, an expert need not rely solely on matters within his or her personal knowledge in forming opinions. Fed. R. Evid. 702. Moreover, the only reason the preliminary regression was not provided in Professor Noll's opening report is that Apple refused to provide the data necessary to run even the preliminary regression until after Professor Noll's opening report was submitted. As Apple has insisted on deposing Professor Noll for a third time on April 7, 2011, and in fact did so, these arguments carry even less weight. Second, Apple makes a number of challenges to the Declaration of Alexandra S. Bernay in Support of Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification ("Bernay Declaration"). These challenges are meritless. The vast majority of the Bernay Declaration is based on the declarant's personal knowledge and any other interpretation does not comport with reality.

## II. PROFESSOR NOLL'S DECLARATION IS PROPERLY BEFORE THE COURT

Apple makes a number of strained arguments in its Objections to the Noll Reply Declaration. Apple argues the results of Professor Noll's preliminary regression analyses do not purport to be based on personal knowledge, that the material in the Noll Reply Declaration is "new material," that the preliminary regression analysis "lacks foundation and the indicia of reliability" and that Apple finds Professor Noll's results "conclusory and cryptic." Objections, ¶¶2-4. Apparently Apple hopes if it throws enough mud, some will stick, but each of the Objections are improper.

Professor Noll's Reply Declaration makes clear that the opinions expressed in the declaration are his. He swears that the material in the report is true to the best of his knowledge and explains throughout the Noll Reply Declaration the work that he did, including a detailed explanation of the preliminary regression that was run. *See, e.g.*, Noll Reply Declaration at 1-2 (summarizing work done), *id.* at 34-40 (describing preliminary regression). There is simply no basis to claim the Noll Reply Declaration or any part of it, including the preliminary regression, is not based on personal knowledge. Moreover, an expert may rely on data that is not within his personal knowledge when forming his opinion. *See* Fed. R. Evid. 702; *IMA N. Am., Inc. v. Maryln Nutraceuticals, Inc.*, No. CV-06-344-PHX-LOA, 2008 U.S. Dist. LEXIS 109623, at *16 (D. Ariz. Oct. 17, 2008).[1] An expert may plainly "rely on the opinions of non-testifying experts as a foundation for the opinions within the testifying expert's field of expertise." *Villagomes v. Lab Corp. of Am.*, No. 2:08-cv-00387-RLH-GWF, 2010 U.S. Dist. LEXIS 124185, at *12 (D. Nev. Nov. 8, 2010).

Apple next claims that "new material" in the Noll Reply Declaration must be stricken. This is not the case. Objections, ¶2. First, any new material in the Noll Reply Declaration is included in the reply only because Apple refused to turn over the data necessary to run Professor Noll's preliminary regression analysis until after Professor Noll's Initial Declaration was submitted or is directly in response to material raised by Apple's expert, Dr. Michelle Burtis in her report. Apple should not be rewarded for their discovery shenanigans, some of which are currently the subject of a motion to compel pending before Magistrate Judge Howard R. Lloyd. In fact, not only did Apple refuse to turn over the data necessary to run a preliminary regression until after the deadline for Professor Noll to file his Initial Declaration, it further refused to produce requested, necessary data until April 1, 2011, days after Plaintiffs' reply to class certification was due and Professor Noll's Reply Declaration was submitted. The data was produced only after Plaintiffs filed a motion to compel.

---

[1] Apple's case citation is, unsurprisingly, not about expert testimony at all. *Pacheco v. Homecomings Fin., LLC*, No. C 08-3002 JF(HRL), 2010 WL 2629887, at *3-*6 (N.D. Cal. June 29, 2010) deals explicitly with lay testimony.

Apple also claims Professor Noll's Reply Declaration "lacks foundation and any indicia of reliability." Objections, ¶3. Nonsense. The Noll Reply Declaration, like the other declarations submitted by Professor Noll in this case, provides a detailed and highly descriptive basis for each opinion offered. The materials considered, the methods used and Professor Noll's analyses are spelled out in exacting and painstaking detail.[2]

Finally, Apple claims the Noll Reply Declaration describes the preliminary regression analysis in "conclusory and cryptic terms." Objections, ¶4. Plaintiffs have provided Apple all of the underlying data Professor Noll relied on as well as detailed descriptions of the formulas and all variables used in the preliminary regression analysis. In fact, Plaintiffs have provided Apple the full data set used in the regression, two SAS scripts used in forming the regression and all the output files describing in detail the results. Additional explanatory data was also turned over. This full disclosure enables Apple to replicate Professor Noll's results. Apple has all of this information and deposed Professor Noll *for a third time* in this case on April 7, 2011. Apple has had ample opportunity to clarify Professor Noll's purportedly "cryptic" analysis.[3]

None of Apple's scattershot objections should be sustained. The Noll Reply Declaration and associated exhibits are properly before the Court.

## III. THE BERNAY DECLARATION IS PROPERLY BEFORE THE COURT

Apple also objects to a number of paragraphs in the Bernay Declaration. The Objections are plainly misplaced. First, simple reference to the Bernay Declaration reveals that despite Apple's claim, the vast majority of the paragraphs in the Bernay Declaration are based on the first-hand knowledge of the declarant. *See* Bernay Decl., ¶¶1-5, 12-28. Moreover, a number of the paragraphs objected to by Apple simply list the counts of documents produced in discovery. Bernay Decl., ¶¶7, 8, 9, 11, 14, 16. These paragraphs too are based on the declarant's review of the document

---

[2] Notably, Apple never previously moved to strike Professor Noll's earlier declarations on any grounds.

[3] Apple never bothered to depose Professor Noll after his opening declaration was submitted on January 18, 2011.

1 production log and are properly before the Court.  Apple also complains that copies of quoted

2 documents are not included.  As Apple well knows, it has been the uniform practice in this litigation

3 not to submit correspondence between counsel in declarations.[4]  All correspondence cited in the

4 Bernay Declaration are attached to the Declaration of Alexandra S. Bernay in Support of Plaintiffs'

5 Opposition to Apple's Objections to Plaintiffs' Evidence Filed in Support of Reply in Support of

6 Plaintiffs' Renewed Motion for Class Certification, filed concurrently, to assuage Apple's claimed

7 concerns.  Additionally, Plaintiffs here submit the Declaration of Ms. Paula Roach which should lay

8 to rest Apple's other objections to the Bernay Declaration.

DATED:  April 11, 2011               Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
CARMEN A. MEDICI


             s/ Alexandra S. Bernay
        ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

---

[4] In fact, Magistrate Lloyd's rules specifically discourage counsel from submitting counsel's discovery correspondence.  U.S.D.C., Northern District of California, Magistrate Judge Howard R. Lloyd Standing Order Re: Initial Case Management and Discovery Disputes, ¶6.

| | |
|---|---|
| 1 | |
| 2 | BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C. |
| 3 | ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR. |
| 4 | ELAINE A. RYAN<br>TODD D. CARPENTER |
| 5 | 2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012 |
| 6 | Telephone:  602/274-1100<br>602/274-1199 (fax) |
| 7 | BRAUN LAW GROUP, P.C. |
| 8 | MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280 |
| 9 | Los Angeles, CA  90064<br>Telephone:  310/836-6000 |
| 10 | 310/836-6010 (fax) |
| 11 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY |
| 12 | JACQUELINE SAILER<br>275 Madison Avenue, Suite 801 |
| 13 | New York, NY  10016<br>Telephone:  212/682-1818 |
| 14 | 212/682-1892 (fax) |
| 15 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 16 | 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067 |
| 17 | Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 18 | Additional Counsel for Plaintiffs |

CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 11, 2011.

    s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:    xanb@rgrdlaw.com

617226_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)