Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan  #215335
dkiernan@jonesday.com
Michael T. Scott  #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**[CLASS ACTION]**<br><br>**APPLE'S ADMINISTRATIVE MOTION TO SEAL** |

### I.     INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple") requests that the Court permit Apple to file under seal the portions of Apple's Opposition to Motion to Exclude the Opinions of Defendant's Expert, Dr. Michelle M. Burtis, Ph.D ("Opposition") that refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112).  In addition, Apple seeks permission to file under seal portions of the Report of Dr. Michelle M. Burtis in support thereof ("Burtis Report") and exhibits to the Declaration of David Kiernan in support thereof ("Kiernan Declaration") which contain information that Apple designated "Confidential—Attorneys Eyes

Only" under the Protective Order.

Apple files this motion and the accompanying Declaration of Michael Scott in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there is good cause to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II.   STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III.   ARGUMENT

### A.   There Is Good Cause To Support Filing Under Seal.

Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" certain documents and information attached to or contained in Apple's Opposition, the Burtis Report, and the Kiernan Declaration. As established by the accompanying declarations, there is good cause to permit filing the redacted portions of these documents under seal.

Apple's Opposition, the Burtis Report, and the Kiernan Declaration contain highly confidential and commercially sensitive business information, including information regarding Apple's sales of iPods to iPod resellers, Apple's iPod pricing decisions, and iTunes Store sales and market share.

Information regarding Apple's pricing strategy and practices is highly confidential and commercially sensitive business information. This information is non-public information that should remain confidential. The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of the redacted information

contained in these documents. The public disclosure of information regarding Apple's pricing strategy and practices would put Apple at a business disadvantage. *See* Scott Decl., Ex 1. Similar information has been previously sealed in this case in relation to Apple's Memorandum in Opposition to Class Certification. Dkt. 526.

Information regarding Apple's sales of iPods to iPod resellers is also highly confidential and commercially sensitive business information. This information is non-public information that should remain confidential. *See* Scott Decl., Ex. 2. The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's sales of iPods to iPod resellers would put Apple at a business disadvantage. Similar information has been previously sealed in this case in relation to Apple's Memorandum in Opposition to Class Certification. Dkt. 526.

iTunes Store sales and market research conducted by Apple or on Apple's behalf, including information regarding iTunes market share, is highly confidential and commercially sensitive business information. Third-party research is subject to confidentiality provisions in contracts between Apple and the third-party market research providers. This information is non-public information that should remain confidential. The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of such information. See Scott Decl., Ex. 3. Similar information has been previously sealed in this case in relation to Apple's Opposition to Class Certification and Plaintiffs' Motion to Compel. Dkt. 184, 336.

/ / /

/ / /

/ / /

1  **IV.    CONCLUSION**

2  Apple respectfully requests that this Court grant its Administrative Motion to Seal portions of Apple's Opposition to Motion to Exclude the Opinions of Defendant's Expert, Dr. Michelle M. Burtis, Ph.D, portions of the Expert Report of Dr. Michelle M. Burtis in support thereof, and exhibits to the Declaration of David Kiernan in support thereof.

Dated: April 11, 2011                              Jones Day

                                                              By:    /s/ Michael T. Scott
                                                                      Michael T. Scott

                                                               Attorneys for Defendant
                                                               APPLE INC.

SFI-672513v1