| | |
|---|---|
| 1 | Robert A. Mittelstaedt  #60359 |
|   | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart  #129530 |
|   | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
|   | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
|   | michaelscott@jonesday.com |
| 5 | JONES DAY |
|   | 555 California Street, 26th Floor |
| 6 | San Francisco, CA  94104 |
|   | Telephone:     (415) 626-3939 |
| 7 | Facsimile:      (415) 875-5700 |
| 8 | Attorneys for Defendant |
|   | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.     C 05-00037 JW (HRL) |
| | [Class Action] |
| This Document Relates To: | **APPLE'S SUPPLEMENTAL OBJECTIONS TO REPLY DECLARATION OF ROGER C. NOLL AND SUPPLEMENTAL OPPOSITION TO CLASS CERTIFICATION MOTION** |
| ALL ACTIONS | |
| | Date:       April 18, 2011 |
| | Time:       9:00 a.m. |
| | Courtroom: 8, 4th Floor |

On April 4, 2011, Apple filed its objections (Doc. 572) to the Reply Declaration of Roger C. Noll (Doc. 551) filed on March 28, 2001 with Plaintiffs' class certification reply papers. In those reply papers, Plaintiffs argued that Professor Noll had run a "working regression analysis" that "demonstrates that impact and damages can be proven by relying on common proof." Doc. 550, pp. 2, 8. Apple objected to Professor Noll's purported analysis on the ground, among others, that Professor Noll's regression lacks foundation and any indicia of reliability. Doc. 572, pp. 2-3. Apple now submits these supplemental objections and opposition in light of Professor Noll's testimony at his deposition on April 7, 2011. At that deposition, Professor Noll confirmed the validity of Apple's objection by admitting that his regression model does not work and is not reliable.

Professor Noll's testimony is addressed more fully in Apple's opposition to Plaintiffs' motion to exclude the opinion of Michelle Burtis and in the supporting declaration of Michelle Burtis, which Apple is filing today. As those documents describe, Professor Noll admitted:

- His regression is not a workable, valid damages model: "I do not regard this as a damage model." Noll Dep. at 90.[1] "I am not here to defend as the final damages equation that which I have done because it's obviously incomplete." *Id.* at 110.

- He does not know whether his model contains specification errors—*i.e.*, errors in constructing the model that could bias the results. When asked whether there is a "factor that's been excluded from this regression that leads to the wrong answer," he admitted "I don't know that. That's why I wouldn't offer this as a damages model." *Id.* at 91. He conceded that his model is "not proof that this is the right specification." *Id.* at 92.

- His model does not account for such things as Apple's pricing strategy. *Id.* at 185 ("Q. Does your current regression in your reply report account for the fact that Apple changed its retail prices and wholesale prices, list prices infrequently? A. No, that's why it's not a damage model.").

---

[1] The cited pages from the Noll deposition are found in Exhibit 1 to the Kiernan Declaration submitted in support of Apple's opposition to the motion to exclude.

- The results of his model may reflect a "spurious correlation"—*i.e.*, attributing to the launch of Harmony a price change that was actually caused by another factor. *Id.* at 87-89.

- He thus cannot draw any "causal inferences from that regression" (*id.* at 90), including any inference on the pivotal question for which Plaintiffs offer his testimony—*i.e.*, whether Apple's software update that shut down Harmony caused any change in the price of iPods. As he summarized, "I cannot rule out anything based on the regression I have because I'm not relying on it for anything." *Id.* at 130-131.

In short, Professor Noll has admitted that, rather than producing a reliable model, he has simply taken a set of data, input it into an incorrectly specified computer model and produced unreliable results that are not probative on any relevant issue. For this reason, as well as the other reasons stated in Apple's previously filed objections, the Court should exclude Noll's reply declaration and give his purported regression no weight.

Alternatively, should the Court not exclude Noll's reply declaration, Apple respectfully requests that the Court consider in connection with Plaintiffs' motion for class certification the memorandum and supporting Burtis Declaration that Apple is filing today in opposition to Plaintiffs' motion to exclude the opinion of Dr. Burtis.

Dated: April 11, 2011

JONES DAY

By: /s/ Robert A. Mittelstaedt
     Robert A. Mittelstaedt

Attorneys for Defendant
APPLE INC.

SFI-672476v1