Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255288
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>[CLASS ACTION]<br><br>**APPLE INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

## I. INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), defendant Apple Inc. ("Apple") requests that the Court order the Clerk of the Court to file under seal portions of Apple's Opposition to Plaintiff's Motion to Compel ("Opposition") and the Declaration of David C. Kiernan in support thereof ("Kiernan Declaration"). The Opposition and Kiernan Declaration contain, refer to or reveal information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2009 (Dkt. 112). Such information has been previously

filed under seal in this case. *See* Dkt. 526.

Apple files this motion and the accompanying Declaration of Michael Scott in Support of Apple's Administrative Motion to Seal ("Scott Declaration") in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there is good cause to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order in this action and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II. STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III. ARGUMENT

### A. **There is Good Cause to Support Filing under Seal.**

1. Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" certain information in Apple's Opposition and the Kiernan Declaration. As established by the accompanying Scott Declaration, there is good cause to permit filing the redacted portions of these documents under seal.

2. Apple's Opposition and the Kiernan Declaration contain highly confidential and commercially sensitive business information, including information regarding Apple's sales of iPods to iPod resellers and the maintenance of iPod reseller transaction data.

3. Information regarding Apple's sales of iPods to iPod resellers, including information relating to the maintenance of iPod reseller transaction data, is highly confidential and commercially sensitive business information. This information is non-public information that should remain confidential. See Scott Decl., Ex. 1. The information was produced to Plaintiffs

pursuant to the Protective Order. Harm to Apple would result from the public disclosure of the redacted information contained in these documents, including putting Apple at a business disadvantage. Similar information has been previously sealed in this case in relation to Apple's Memorandum in Opposition to Class Certification. Dkt. 526.

**II. CONCLUSION**

Apple respectfully requests that this Court grant Apple's Administrative Motion to Seal.

Dated: April 12, 2011

Jones Day

By: /s/Michael T. Scott
Michael T. Scott

Attorneys for Defendant
APPLE INC.

SFI-673614v1