Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Michael Scott (State Bar No. 255282)
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Case No. C-05-00037-JW (HRL)<br>C-06-04457 JW (HRL)<br><br>**APPLE'S OPPOSITION TO MOTION TO COMPEL**<br><br>Magistrate Judge Howard R. Lloyd<br><br>Date:  May 3, 2011<br>Time: 9:00 a.m.<br>Courtroom 2, 5th Floor |

As demonstrated below and in the accompanying Kiernan Declaration, Apple has produced the data requested in Plaintiffs' motion to compel. Accordingly, Plaintiffs' motion should be denied as moot.[1]

On December 29, 2009, Plaintiffs requested "transaction data between Apple and wholesalers and resellers of iPods, including the quantity of iPods sold, the date the iPods were

---

[1] Apple disagrees with Plaintiffs' characterization of the discovery history and the standards that Plaintiffs must satisfy at the class certification stage, which is the subject of extensive briefing before Judge Ware. Because the motion is now moot, Apple will not address those issues.

sold, the model number of iPods, and the price from October 2001 to the present."[2] Declaration of David C. Kiernan ("Kiernan Decl."), Ex. 1. Apple objected to the scope of the request and to the extent that complying with the request would impose an undue burden on Apple. *Id.* After meeting and conferring over scope, the parties agreed in the fall of 2010 that Apple would produce, to the extent available, "dollar and unit sales, and price, by transaction, for each iPod model SKU, to each wholesale/reseller customer, from 2001 to 2010." *Id.*, at Ex. 2.

Before the close of discovery, Apple produced reseller transaction data for the period August 14, 2002 – December 2010, ███████████████████████████████████████ ███████████████████████████████████████. *Id.* ¶ 3.[3] Apple informed Plaintiffs that it believed that the data for the October 2001 – August 2002 period existed only in archives—that is, it did not reside in Apple's active systems. Bernay Decl. at ¶ 4. Contrary to Plaintiffs' assertions (p. 5), Apple gave specific details about the difficulty and costs of restoring and retrieving data from archives. Kiernan Decl. ¶ 7. ███████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████. *Id.* Apple continued to search for a less burdensome means to

---

[2] Contrary to Plaintiffs' assertion (p. 2), the request at issue on this motion has not previously been the subject of a motion to compel. The "primary document request" seeking reseller transaction is Request No. 55 of Plaintiffs' Second Set of Requests For Production. That request was served in December 2009. Kiernan Decl. xxx. The document request Plaintiffs reference—Request No. 19 of Tucker's First Set of Requests for Production of Documents—was served in 2007 and sought quarterly data, not transactional data. *Id.* After the underlying cases were consolidated, Plaintiffs reserved Request No. 19 along with Request No. 55. Kiernan Decl. at xxx. Oddly, Plaintiffs admit on page 4 that they sought reseller transaction data in December 2009, which is when they served their document request.

[3]  *Id.*

obtain the data and to determine if other data existed that would satisfy the purported needs of Plaintiffs' expert. *Id.* ¶¶ 3-5.[4]

In early March 2011, Plaintiffs threatened to move to compel production of data for the earlier period. Apple explained that it believed that such a motion was premature given that Apple was trying to locate an alternative source of the data and was working cooperatively with Plaintiffs to consider other solutions. Apple also reiterated its position that restoring the data from archives was not justified in light of the costs, which could exceed several hundreds of thousands of dollars, and in light of all of the other data Apple had produced regarding sales to resellers. On March 25, 2011, in response to another threat to move to compel, Apple explained that it was still examining other possible sources of data. *Id.* ¶ 4.

Instead of waiting for a response, Plaintiffs filed their motion to compel, which seeks reseller transaction data for the period October 2001 – August 2002 with the same 15 fields that were previously produced for the August 14, 2002 – December 2010 period. After continuing to look for a solution, Apple was able to extract the requested data from a source without having to resort to archives. *Id.* ¶ 5. On April 1, 2011, Apple produced the requested data. However, it turned out that the dataset included some duplicate records and some of the transactions were missing certain fields. *Id.* ¶ 6. On April 11, 2011, Apple sent a new dataset that eliminated the duplicates and provided all the data requested by Plaintiffs' motion to compel; *i.e.*, reseller transaction data for the period October 2001 – August 2002 with the same 15 fields that were previously produced for the August 14, 2002 – December 2010 period. *Id.* In light of this production, Apple has asked Plaintiffs to take the motion off calendar but has not received a response. *Id.*

Accordingly, Plaintiffs' motion to compel is now moot and should be withdrawn. As noted, Plaintiffs have not articulated any reason for refusing to withdraw the motion.

---

[4] Apple did this despite the fact that Plaintiffs time to file a motion to compel had long since passed under the Local Rules.

## CONCLUSION

Because Apple has produced the materials requested by Plaintiffs' motion to compel, the motion should be denied as moot.

Dated: April 12, 2011

Jones Day

By: /s/David C. Kiernan
David C. Kiernan

Counsel for Defendant
APPLE INC.

SFI-671422v1