Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPod tunes ANTI-TRUST LITIGATION | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF DAVID C. KIERNAN IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL**<br><br>Magistrate Judge Howard R. Lloyd<br><br>Date: May 3, 2011<br>Time: 9:00 a.m.<br>Courtroom 2, 5th Floor |

I, David C. Kiernan, declare as follows:

1.  I am a partner of Jones Day, counsel of record for Defendant Apple Inc. I am an active, licensed member of the State Bar of California. I make this declaration in support of Apple's Opposition to Plaintiffs' Motion to Compel. Part of my responsibilities for the defense of this case includes supervising the document review and production process. The following is based on my personal knowledge.

2. On December 29, 2009, Plaintiffs requested "transaction data between Apple and wholesalers and resellers of iPods, including the quantity of iPods sold, the date the iPods were sold, the model number of iPods, and the price from October 2001 to the present."[1] *See* Exhibit 1. Apple objected to the scope of the request and to the extent that complying with the request would impose an undue burden on Apple. *Id.* After meeting and conferring over scope, the parties agreed in the fall of 2010 that Apple would produce, to the extent available, "dollar and unit sales, and price, by transaction, for each iPod model SKU, to each wholesale/reseller customer, from 2001 to 2010." *See* Exhibit 2.

3. Before the close of discovery, on behalf of Apple, I sent Plaintiffs' counsel reseller transaction data for the period August 14, 2002 – December 2010 ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌[2] I advised Plaintiffs' counsel that Apple believed that the data for the October 2001 – August 2002 period existed only in archives—that is, it did not reside in Apple's active systems. *See also* Bernay Decl. at ¶ 4. Nevertheless, I worked with Apple to search for a less burdensome means to obtain the data and to determine if other data existed that would satisfy the purported needs of Plaintiffs' expert. *Id.*

---

[1] Contrary to Plaintiffs' assertion (p. 2), the request at issue on this motion has not previously been the subject of a motion to compel. The "primary document request" seeking reseller transaction is Request No. 55 of Plaintiffs' Second Set of Requests For Production. That request was served in December 2009. The document request Plaintiffs reference—Request No. 19 of Tucker's First Set of Requests for Production of Documents—was served in 2007 and sought quarterly data, not transactional data. *Id.* After the underlying cases were consolidated, Plaintiffs reserved Request No. 19 along with Request No. 55. Notably, Apple produced the document responsive to Request No. 19 (the document that showed, on a quarterly basis, for each iPod model sold, the number of units sold, the total revenue from the sales, and the cost of manufacturing) in October 2009 and produced an updated document with updated numbers in December 2010.

[2] 

- 2 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

1    4.    In early March 2011, Plaintiffs threatened to move to compel production of data for the October 2001 – August 2002 period. I explained to Plaintiffs' counsel that such a motion was premature given that Apple was continuing to look for alternative sources of data and that it was working cooperatively with Plaintiffs in analyzing other solutions. I also reiterated Apple's position that restoring the data from archives was not justified in light of the enormous costs of restoration, which could exceed several hundreds of thousands of dollars, and in light of all of the other data Apple had produced regarding sales to resellers. Exhibit 3, pp. 1-3. On March 25, 2011, in response to yet another threat to move to compel, I sent an email explaining that Apple was still "examining another possible source of the data" that is "not in archives." In addition, I expressed that, "In light of the estimated costs to restore the data, which would exceed several hundreds of thousands of dollars, the parties should continue to examine whether the data is truly necessary and to explore alternatives especially given the data that has been produced."

5.    After continuing to look for a solution, on March 31, 2010, Apple was able to extract the reseller transaction data with the same 15 fields from a source without having to resort to archives. On April 1, 2011, on behalf of Apple, I sent Plaintiffs' counsel the reseller transaction data with the same 15 fields as the previously produced data. On the same day, in an effort to save the parties the costs of additional briefing, I asked Plaintiffs to withdraw their motion as moot. Plaintiffs' counsel responded that Plaintiffs' experts were reviewing the data and that Plaintiffs' counsel could not agree to take the motion off calendar. She provided no further explanation.

6.    However, it turned out that the dataset produced on April 1, 2011 included some duplicate records and some of the transactions were missing certain fields. Apple immediately addressed these issues. And on April 11, 2011, I sent a new dataset that eliminated the duplicate records and provided all the data requested by Plaintiffs' motion to compel; *i.e.*, reseller transaction data for the period October 2001 – August 2002 with the same 15 fields that were previously produced for the August 14, 2002 – December 2010 period. On the same day, I left a voicemail for Plaintiffs' counsel asking that Plaintiffs agree to withdraw the motion to compel as moot. Plaintiffs' counsel has not returned my call.

- 3 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

7. Contrary to Plaintiffs' assertions (p. 5), I gave specific details about the cost of restoring data from archives. [redacted]

8. Exhibit 1 is a true and correct copy of Plaintiffs' second set of request for production of documents.

9. Exhibit 2 is a true and correct copy of a letter dated September 20, 2010 from Paula Roach to David C. Kiernan.

10. Exhibit 3 is a true and correct copy of an email string dated March 11, 2011 between David Kiernan and Plaintiffs' counsel.

- 4 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)

I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct. Executed on the 12th day of April, 2011 at San Francisco, California.

/s/ David C. Kiernan

David C. Kiernan

SFI-674025v1

- 5 -

Kiernan Decl. ISO Defendant's
Opposition To Motion To Compel
C 05 00037 JW (HRL), C-06-04457 JW (HRL)