EXHIBIT 1

Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Michael T. Scott (State Bar No. 255282)
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION.** | **Case No. C-05-00037-JW (HRL) C-06-04457 JW (HRL)** |
| | **DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Pursuant to Federal Rule of Civil Procedure 34, Apple Inc. ("Apple") hereby responds and objects to Plaintiffs' Second Set of Requests for Production of Documents ("Document Requests") served December 29, 2010.

## GENERAL OBJECTIONS

Apple asserts the following General Objections. Each individual response is subject to, and is limited in accordance with, the following General Objections.

1.      Apple objects to each Document Request on the ground that each is premature in light of the Court's December 21, 2009 order and the case management conference scheduled for February 22, 2010, when the Court will determine the scope of any further discovery. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach

1    agreement on what, if any, documents are to be provided.  Apple will refer to this objection as the

2    "Premature Objection."

3        2.    In any further production, Apple will conduct a diligent search of its files that is

4    reasonable under the circumstances, and it will produce non-privileged documents in its

5    possession, custody and control, if any, in accordance with its responses to each individually-

6    numbered Document Request.

7        3.    No admission of any kind is to be implied or inferred from these responses.  The

8    fact that any Document Request has been responded to is not an admission or concession of the

9    existence of any facts set forth or assumed by such Document Request or that the response

10    constitutes evidence of any fact set forth or assumed.  Moreover, any agreement to produce

11    documents responsive to a particular Document Request does not imply that responsive

12    documents exist.

13        4.    Apple objects to the "Definitions," "Instructions," and each Document Request to

14    the extent that they seek to impose obligations beyond those imposed by the Federal Rules of

15    Civil Procedure, Local Rules of this Court or any order entered by the Court in this action.

16        5.    Apple objects to each Document Request to the extent that it calls for documents

17    or information protected by the attorney-client privilege, the attorney work product doctrine, the

18    joint defense privilege, the common interest doctrine or any other applicable privilege or doctrine.

19    No such documents or information will be produced, and any inadvertent production shall not be

20    deemed a waiver of any privilege or protection.  Apple will refer to this objection as the

21    "Privilege Objection."

22        6.    Apple objects to this discovery to the extent it purports to require Apple to disclose

23    trade secrets, proprietary information, other confidential commercial information or sensitive

24    information.  This objection will hereafter be referred to as the "Confidential Information

25    Objection."

26        7.    Apple objects to this discovery to the extent that the terms used are so amorphous

27    and overbroad that they either make the Document Request, if literally read, so overbroad and

28    burdensome as to be unreasonable and beyond the bounds of relevance and/or make it difficult for

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1  Apple to ascertain what information plaintiff is seeking.  This objection will hereafter be referred

2  to as the "Vague and Ambiguous Objection."

3      8.      Apple objects to each Document Request to the extent the scope of the Document

4  Request is overbroad and burdensome.  This occurs when the Document Request seeks

5  documents that are not reasonably calculated to lead to the discovery of admissible evidence or

6  where the burden of producing the requested documents far outweighs their relevance to the

7  claims or defenses or the benefit to plaintiff.  Apple further objects to each Document Request to

8  the extent that it requests "all" documents ever created, sent to, received or used by Apple

9  regardless of their materiality and relevance, as such requests are overbroad and unduly

10  burdensome.  In any production, Apple will produce non-privileged documents located after

11  searching custodian files mostly likely to contain a substantial number of relevant documents.

12  This objection will hereafter be referred to as the "Burden Objection."

13      9.      Apple objects to the burden associated with producing "all" documents when in

14  many instances documents "sufficient to show" representative, responsive information will

15  mitigate any undue burden and costs a request would otherwise impose on Apple.  Apple is

16  prepared to meet-and-confer to agree on the aspects of these requests that can be satisfied by a

17  "sufficient to show" production.  Apple will refer to this objection as the "'Sufficient to Show'

18  Objection."  Apple's production, if any, will be on a "Sufficient to Show" basis wherever this

19  objection is made, unless the parties agree otherwise.

20      10.     By responding to an Document Request with a defined term, Apple is not by

21  implication agreeing with any such definition.

22      11.     Apple objects to the definition of "Apple" as overbroad and ambiguous.

23  Defendants will interpret "Apple" to be a reference to Apple Inc. and its relevant U.S. activities.

24      12.     Apple objects to the definition of "Communications" as overbroad and

25  burdensome, especially to the extent it seeks to incorporate communications in which neither

26  Apple nor its agents participated and that are available to plaintiffs through other means.

27      13.     Apple objects to the definition of "Concerning" as overbroad and burdensome.

28  Apple will interpret "concerning" to have its ordinary, common sense meaning.

14.    Apple objects to the definition of "Content Provider" to the extent that it includes video content providers as overbroad, unduly burdensome, oppressive, and seeking information that is not relevant to the claims or defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence. Apple will interpret "Content Provider" to mean digital music content provider.

15.    Apple objects to the definition of "Digital audio file" as overbroad, unduly burdensome, and oppressive. Apple further objects to the definition to the extent it seeks information that is not relevant to the claims or defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence. Apple will interpret "Digital audio file" to mean digital music files.

16.    Apple objects to the definition of "Documents" and "Electronic data" as overbroad and burdensome. Subject to its objections, Apple will interpret "Documents" and "Electronic data" to have the same meaning as the reference to "documents" and "electronically stored information," respectively, set forth in Federal Rule of Civil Procedure 34.

17.    Apple objects to each Document Request to the extent "Documents" is defined to include electronically stored information or "Electronic data" without a reasonable limitation as to scope of custodians, location of data, date, file type, and search terms. Apple will meet and confer with plaintiffs to determine a cost-effective method of identifying and producing electronically stored information, including without limitation the use of search terms and deduplication and reasonable limitations as to custodians, location of data, date, and file type. Apple will produce electronically stored information pursuant to the terms of the Stipulation and Order Governing Electronic Discovery Formats entered in this action. Apple will refer to this as the "E-Discovery Objection."

18.    Apple objects to the definition of "Hewlett-Packard" as overbroad, unduly burdensome, oppressive, vague and ambiguous. Apple will interpret "Hewlett-Packard" to mean Hewlett-Packard Company.

19.    Apple objects to the definition of "Motorola" as overbroad, unduly burdensome, oppressive, vague and ambiguous. Apple will interpret "Motorola" to mean Motorola, Inc.

**RELEVANT TIME PERIOD**

Apple objects to the "Relevant Time Period" defined by plaintiffs as overbroad, unduly burdensome, and oppressive, and seeking documents that are not relevant to the claims or defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence. Apple will treat the relevant time period as April 28, 2003 through March 31, 2009.

**SPECIFIC RESPONSES TO DOCUMENT REQUESTS**

**REQUEST FOR PRODUCTION NO. 31:**

All communications between Apple and content providers concerning Apple's licensing of FairPlay.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 31:**

Apple asserts the Premature, Burden, E-Discovery and Confidential Information Objections. Apple objects to the term "concerning" as vague, ambiguous, overbroad, and unduly burdensome. Apple further objects to the extent that it calls for information relating to video content providers, as such information is not relevant to the allegations in the Amended Consolidated Complaint. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

**REQUEST FOR PRODUCTION NO. 32:**

All contracts with content providers concerning the sale of digital audio and/or video files through the iTunes Store.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 32:**

Apple asserts the Premature and Confidential Information Objections. Apple objects to the term "concerning" as vague, ambiguous, overbroad, and unduly burdensome. Apple objects that documents relating to video content provides or video files are not relevant to the allegations in the Amended Consolidated Complaint. Apple objects to the extent that that Apple has already produced documents responsive to this Document Request. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

1    **REQUEST FOR PRODUCTION NO. 33:**

2        All documents constituting, reflecting, or commenting upon negotiations between Apple

3    and content providers concerning the sale of digital audio and/or video files on the iTunes Store,

4    including, but not limited to, all contracts, all contract amendments, and all drafts of contracts.

5    **RESPONSE TO REQUEST FOR PRODUCTION NO. 33:**

6        Apple asserts the Premature, Vague and Ambiguous, Burden, E-Discovery, Confidential

7    Information, and Privilege Objections. Apple objects to the term "concerning" as vague,

8    ambiguous, overbroad, and unduly burdensome. Apple objects that documents relating to video

9    content providers or video files are not relevant to the allegations in the Amended Consolidated

10   Complaint. Apple objects to the extent that Apple has already produced documents responsive to

11   this Document Request. After the case management conference, Apple will meet and confer with

12   plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

13   **REQUEST FOR PRODUCTION NO. 34:**

14       All communications between Apple and content providers concerning the use of DRM.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 34:**

16       Apple asserts the Premature, Burden, E-Discovery, and Confidential Information

17   Objections. Apple objects to the term "concerning" as vague, ambiguous, overbroad, and unduly

18   burdensome. Apple further objects to the extent that it calls for information relating to video

19   content providers, as such information is not relevant to the allegations in the Amended

20   Consolidated Complaint. After the case management conference, Apple will meet and confer

21   with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

22   **REQUEST FOR PRODUCTION NO. 35:**

23       All communications between Apple and content providers concerning interoperability.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 35:**

25       Apple asserts the Premature, Burden, E-Discovery, Confidential Information, and Vague

26   and Ambiguous Objections. Apple objects to the term "concerning" as vague, ambiguous,

27   overbroad, and unduly burdensome. Apple further objects to the extent that it calls for

28   information relating to video content providers, as such information is not relevant to the

1    allegations in the Amended Consolidated Complaint. After the case management conference,

2    Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any,

3    documents are to be provided.

4    **REQUEST FOR PRODUCTION NO. 36:**

5        All communications between Apple and content providers concerning Apple's

6    development of FairPlay.

7    **RESPONSE TO REQUEST FOR PRODUCTION NO. 36:**

8        Apple asserts the Premature, Burden, Confidential Information and E-Discovery

9    Objections. Apple objects to the term "concerning" and the phrase "development of FairPlay" as

10   vague, ambiguous, overbroad, and unduly burdensome. Apple objects to this Document Request

11   on the ground that the development of FairPlay is not relevant to the claims or defenses in this

12   action or not reasonably calculated to lead to the discovery of admissible evidence. Apple further

13   objects to the extent that it calls for information relating to video content providers, as such

14   information is not relevant to the allegations in the Amended Consolidated Complaint. After the

15   case management conference, Apple will meet and confer with plaintiffs to attempt to reach

16   agreement on what, if any, documents are to be provided.

17   **REQUEST FOR PRODUCTION NO. 37:**

18       All documents, including internal communications or presentations, discussing or

19   contemplating Apple's development of FairPlay for use on digital audio or video files sold

20   through the iTunes Store.

21   **RESPONSE TO REQUEST FOR PRODUCTION NO. 37:**

22       Apple asserts the Premature, Burden, Confidential Information, Privilege, Vague and

23   Ambiguous and E-Discovery Objections. Apple objects to the terms "contemplating" and

24   "development" as vague, ambiguous, overbroad, and unduly burdensome. Apple objects on the

25   ground that the development of FairPlay is not relevant to the claims or defenses in this action or

26   not reasonably calculated to lead to the discovery of admissible evidence. Apple objects that

27   documents relating to video files are not relevant to the allegations in the Amended Consolidated

28   Complaint. After the case management conference, Apple will meet and confer with plaintiffs to

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1    attempt to reach agreement on what, if any, documents are to be provided.

2    **REQUEST FOR PRODUCTION NO. 38:**

3    　　　All documents constituting or commenting upon Apple's contracts with Hewlett-Packard

4    for the sale of iPods and for use of iTunes on Hewlett-Packard computers, including all final

5    contracts, all drafts of such contracts, all documents reflecting contract negotiations, all

6    communications between Apple and Hewlett-Packard regarding such contracts, and all

7    documents reflecting internal Apple discussions concerning such contracts.

8    **RESPONSE TO REQUEST FOR PRODUCTION NO. 38:**

9    　　　Apple asserts the Premature, Burden, Confidential Information, Privilege, and E-

10   Discovery Objections. Apple objects to the extent that this Document Request seeks documents

11   that are not relevant to the claims or defenses in this action or not reasonably calculated to lead to

12   the discovery of admissible evidence and that any such relevance is far outweighed by the burden

13   of locating, collecting, processing, reviewing, and producing such documents. Apple objects to

14   the terms "regarding" and "concerning" as vague, ambiguous, overbroad, and unduly

15   burdensome. After the case management conference, Apple will meet and confer with plaintiffs

16   to attempt to reach agreement on what, if any, documents are to be provided.

17   **REQUEST FOR PRODUCTION NO. 39:**

18   　　　All documents constituting or commenting upon Apple's contracts with Motorola for the

19   sale of Motorola mobile phones capable of directly transferring digital audio files purchased

20   through the iTunes Store, including all final contracts, all drafts of such contracts, all documents

21   reflecting contract negotiations, all communications between Apple and Motorola regarding such

22   contracts, and all documents reflecting internal Apple discussions concerning such contracts.

23   **RESPONSE TO REQUEST FOR PRODUCTION NO. 39:**

24   　　　Apple asserts the Premature, Burden, Confidential Information, Privilege, and E-

25   Discovery Objections. Apple objects to the extent that this Document Request seeks documents

26   that are not relevant to the claims or defenses in this action or not reasonably calculated to lead to

27   the discovery of admissible evidence and that any such relevance is far outweighed by the burden

28   of locating, collecting, processing, reviewing, and producing such documents. Apple objects to

1  the terms "regarding" and "concerning" as vague, ambiguous, overbroad, and unduly

2  burdensome. After the case management conference, Apple will meet and confer with plaintiffs

3  to attempt to reach agreement on what, if any, documents are to be provided.

4  **REQUEST FOR PRODUCTION NO. 40:**

5      All documents concerning the transfer of digital audio or video files directly from iTunes

6  to Motorola mobile phones.

7  **RESPONSE TO REQUEST FOR PRODUCTION NO. 40:**

8      Apple asserts the Premature, Burden, Confidential Information, Privilege, Sufficient to

9  Show, and E-Discovery Objections. Apple objects to the term "concerning" as vague,

10  ambiguous, overbroad, and unduly burdensome. Apple objects to the extent that this Document

11  Request seeks documents that are not relevant to the claims or defenses in this action or not

12  reasonably calculated to lead to the discovery of admissible evidence and that any such relevance

13  is far outweighed by the burden of locating, collecting, processing, reviewing, and producing such

14  documents. Apple objects that documents relating to video files are not relevant to the allegations

15  in the Amended Consolidated Complaint. After the case management conference, Apple will

16  meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be

17  provided.

18  **REQUEST FOR PRODUCTION NO. 41:**

19      All reports, presentations, studies, polls, surveys or any other marketing analysis or

20  research, whether conducted by Apple or by a third party, concerning iPod owners and their use

21  of the iTunes Store, including, but not limited to, unredacted versions of Exhibits 1 and 2 to the

22  Arthur Rangel declaration filed in support of Apple's opposition to Plaintiffs' motion for class

23  certification.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 41:**

25      Apple asserts the Premature, Privilege, Burden, Confidential Information, Vague and

26  Ambiguous, Sufficient to Show, and E-Discovery Objections. Apple objects to the extent that

27  this Document Request seeks reports, presentations, studies, polls, surveys or any other marketing

28  analysis or research discussing use that is not relevant to the claims or defenses in this action or

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1   not reasonably calculated to lead to the discovery of admissible evidence. Apple objects to the

2   term "concerning" as vague, ambiguous, overbroad, and unduly burdensome. After the case

3   management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement

4   on what, if any, documents are to be provided.

5   **REQUEST FOR PRODUCTION NO. 42:**

6        All reports, presentations, studies, polls, surveys or any other marketing analysis or

7   research, whether conducted by Apple or by a third party, concerning consumer use of the iTunes

8   Store or any other music store.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 42:**

10       Apple asserts the Premature, Burden, Confidential Information, Vague and Ambiguous,

11  Sufficient to Show and E-Discovery Objections. Apple objects to the extent that this Document

12  Request seeks reports, presentations, studies, polls, surveys or any other marketing analysis or

13  research discussing use that is not relevant to the claims or defenses in this action or not

14  reasonably calculated to lead to the discovery of admissible evidence. Apple objects to the term

15  "concerning" as vague, ambiguous, overbroad, and unduly burdensome. After the case

16  management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement

17  on what, if any, documents are to be provided.

18  **REQUEST FOR PRODUCTION NO. 43:**

19       All reports, presentations, studies, polls, surveys or any other marketing analysis or

20  research, whether conducted by Apple or by a third party, concerning consumer use of portable

21  digital music players other than iPod.

22  **RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

23       Apple asserts the Premature, Burden, Confidential Information, Vague and Ambiguous,

24  Sufficient to Show and E-Discovery Objections. Apple objects to the extent that this Document

25  Request seeks reports, presentations, studies, polls, surveys or any other marketing analysis or

26  research discussing use that is not relevant to the claims or defenses in this action or not

27  reasonably calculated to lead to the discovery of admissible evidence. Apple objects to the term

28  "concerning" as vague, ambiguous, overbroad, and unduly burdensome. After the case

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1   management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement

2   on what, if any, documents are to be provided.

3   **REQUEST FOR PRODUCTION NO. 44:**

4        All reports, evaluations, and/or presentations, whether conducted by Apple or a third

5   party, that Apple uses as support for its public statements regarding the market share of iPods.

6   **RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

7        Apple asserts the Premature, Burden, Confidential Information, Sufficient to Show and E-

8   Discovery Objections.  Apple objects to the term "regarding" as vague, ambiguous, overbroad,

9   and unduly burdensome.  After the case management conference, Apple will meet and confer

10  with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

11  **REQUEST FOR PRODUCTION NO. 45:**

12       All reports, evaluations, and/or presentations, whether conducted by Apple or a third

13  party, that Apple uses as support for its public statements regarding the market share of the

14  iTunes Store.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

16       Apple asserts the Premature, Burden, Confidential Information, Sufficient to Show and E-

17  Discovery Objections.  Apple objects to the terms "regarding" and "evaluations" as vague,

18  ambiguous, overbroad, and unduly burdensome.  After the case management conference, Apple

19  will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are

20  to be provided.

21  **REQUEST FOR PRODUCTION NO. 46:**

22       All drafts of and communications regarding Steve Jobs' Thoughts on Music released on

23  February 6, 2007 and found at http://www.apple.com/hotnews/thoughtsonmusic/.

24  **RESPONSE TO REQUEST FOR PRODUCTION NO. 46:**

25       Apple asserts the Premature, Burden, Confidential Information, Privilege and E-Discovery

26  Objections.  Apple objects to the term "regarding" as vague, ambiguous, overbroad, and unduly

27  burdensome.  After the case management conference, Apple will meet and confer with plaintiffs

28  to attempt to reach agreement on what, if any, documents are to be provided.

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

**REQUEST FOR PRODUCTION NO. 47:**

All documents supporting Apple's response to Interrogatory No. 6, including communications with NPD.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Apple asserts the Premature, Burden, Confidential Information, Privilege, Sufficient to Show and E-Discovery Objections. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

**REQUEST FOR PRODUCTION NO. 48:**

Documents sufficient to show Apple's costs of developing and maintaining FairPlay for each quarter beginning when Apple first incurred costs to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 48:**

Apple asserts the Premature, Burden, Confidential Information and E-Discovery Objections. Apple objects to the terms "developing" and "maintaining" as vague, ambiguous, overbroad, and unduly burdensome. Apple objects to the extent that this Document Request seeks documents that are not relevant to the claims or defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence and that any such relevance is far outweighed by the burden of locating, collecting, processing, reviewing, and producing such documents. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

**REQUEST FOR PRODUCTION NO. 49:**

Documents sufficient to show Apple's costs of developing and maintaining the iTunes Store for each quarter beginning when Apple first incurred costs to the present.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 49:**

Apple asserts the Premature, Burden, Confidential Information, Vague and Ambiguous and E-Discovery Objections. Apple objects to the terms "developing" and "maintaining" as vague, ambiguous, overbroad, and unduly burdensome. Apple objects to the extent that this Document Request seeks documents that are not relevant to the claims or defenses in this action

1   or not reasonably calculated to lead to the discovery of admissible evidence and that any such

2   relevance is far outweighed by the burden of locating, collecting, processing, reviewing, and

3   producing such documents. After the case management conference, Apple will meet and confer

4   with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

5   **REQUEST FOR PRODUCTION NO. 50:**

6        Documents sufficient to show Apple's costs of advertising the iTunes Store for each

7   quarter beginning when Apple first incurred costs to the present

8   **RESPONSE TO REQUEST FOR PRODUCTION NO. 50:**

9        Apple asserts the Premature, Burden, Confidential Information, Vague and Ambiguous

10   and E-Discovery Objections. Apple objects to the extent that this Document Request seeks

11   documents that are not relevant to the claims or defenses in this action or not reasonably

12   calculated to lead to the discovery of admissible evidence and that any such relevance is far

13   outweighed by the burden of locating, collecting, processing, reviewing, and producing such

14   documents. After the case management conference, Apple will meet and confer with plaintiffs to

15   attempt to reach agreement on what, if any, documents are to be provided.

16   **REQUEST FOR PRODUCTION NO. 51:**

17        Unredacted versions of all documents produced and transcripts of testimony given by

18   Apple in *In the Matter of Mechanical and Digital Phonorecord Delivery Rate Adjustment*

19   *Proceeding*, before the Copyright Royalty Board.

20   **RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

21        Apple asserts the Premature, Privilege, and Confidential Information Objections. Apple

22   objects to the extent that this Document Request seeks documents that are not relevant to the

23   claims or defenses in this action or not reasonably calculated to lead to the discovery of

24   admissible evidence. After the case management conference, Apple will meet and confer with

25   plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

26   **REQUEST FOR PRODUCTION NO. 52:**

27        Documents sufficient to show, for each quarter since iPod was first sold, the revenue and

28   costs of iPod on a model by model basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 52:**

Apple asserts the Premature, Vague and Ambiguous and Confidential Information Objections. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

**REQUEST FOR PRODUCTION NO. 53:**

Documents sufficient to show, for each quarter since iPod was first sold, the component costs of iPod on a model by model basis.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 53:**

Apple asserts the Premature, Confidential Information and Burden Objections. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

**REQUEST FOR PRODUCTION NO. 54:**

Documents sufficient to show the costs to Apple of creating and issuing software updates intended, in whole or in part, to maintain a lack of interoperability.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 54:**

Apple asserts the Premature, Burden, Vague and Ambiguous and Confidential Information Objections. Apple objects to the terms "creating," and "issuing" as vague, ambiguous, overbroad, and unduly burdensome. Apple objects to the extent that this Document Request seeks documents that are not relevant to the claims or defenses in this action or not reasonably calculated to lead to the discovery of admissible evidence and that any such relevance is far outweighed by the burden of locating, collecting, processing, reviewing, and producing such documents. After the case management conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

**REQUEST FOR PRODUCTION NO. 55:**

All transaction data between Apple and wholesalers and resellers of iPods, including the quantity of iPods sold, the date the iPods were sold, the model number of iPods, and the price, from October 2001 to the present.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 55:**

2    Apple asserts the Premature, Burden, Confidential Information, Vague and Ambiguous,

3 Sufficient To Show, and E-Discovery Objections. Apple objects to the terms "wholesalers,"

4 "resellers," and "transaction data" as vague, ambiguous, overbroad, and unduly burdensome.

5 Apple objects to the extent that this Document Request seeks documents that are not relevant to

6 the claims or defenses in this action or not reasonably calculated to lead to the discovery of

7 admissible evidence and that any such relevance is far outweighed by the burden of locating,

8 collecting, processing, reviewing, and producing such documents. After the case management

9 conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if

10 any, documents are to be provided.

11 **REQUEST FOR PRODUCTION NO. 56:**

12    All contracts between Apple and wholesalers and resellers of iPods for the sale of iPods,

13 from October 2001 to the present.

14 **RESPONSE TO REQUEST FOR PRODUCTION NO. 56:**

15    Apple asserts the Premature, Burden and Confidential Information Objections. Apple

16 objects to the terms "resellers" and "wholesalers" as vague, ambiguous, overbroad, and unduly

17 burdensome. Apple objects to the extent that this Document Request seeks documents that are

18 not relevant to the claims or defenses in this action or not reasonably calculated to lead to the

19 discovery of admissible evidence. After the case management conference, Apple will meet and

20 confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be

21 provided.

22 **REQUEST FOR PRODUCTION NO. 57:**

23    Documents sufficient to show, for each quarter since the opening of the iTunes Store, the

24 number of digital audio files available on the iTunes Store.

25 **RESPONSE TO REQUEST FOR PRODUCTION NO. 57:**

26    Apple asserts the Premature, Burden and Confidential Information Objections. After the

27 case management conference, Apple will meet and confer with plaintiffs to attempt to reach

28 agreement on what, if any, documents are to be provided.

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1  **REQUEST FOR PRODUCTION NO. 58:**

2  Documents sufficient to show, for each quarter since the opening of the iTunes Store, the

3  number of digital video files available on the iTunes Store.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 58:**

5  Apple asserts the Premature, Burden and Confidential Information Objections. Apple

6  objects that documents relating to video files are not relevant to the allegations in the Amended

7  Consolidated Complaint. After the case management conference, Apple will meet and confer

8  with plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

9  **REQUEST FOR PRODUCTION NO. 59:**

10  All documents analyzing, describing, or comparing the features, functionality, and design

11  of each iPod model sold by Apple since October 2001, including, but not limited to, capacity,

12  weight, size (including thickness, length, width), design, screen-size, ability to display or store

13  video or photos, ability to send and receive e-mail, ability to access the internet, battery life,

14  color, multi-touch interface, operating system, and software capabilities.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 59:**

16  Apple asserts the Premature, Privilege, Burden, Confidential Information, Vague and

17  Ambiguous, Sufficient To Show, and E-Discovery Objections. Apple objects to the terms

18  "features," "functionality" and "design" as vague, ambiguous, overbroad, and unduly

19  burdensome. Apple objects to the extent that this Document Request seeks documents that are

20  publicly available. After the case management conference, Apple will meet and confer with

21  plaintiffs to attempt to reach agreement on what, if any, documents are to be provided.

22  **REQUEST FOR PRODUCTION NO. 60:**

23  All documents analyzing or comparing the features, functionality, and design of each iPod

24  model sold by Apple since October 2001 with the features, functionality, and design of any

25  product with which iPod competes.

26  **RESPONSE TO REQUEST FOR PRODUCTION NO. 60:**

27  Apple asserts the Premature, Privilege, Burden, Confidential Information, Vague and

28  Ambiguous, Sufficient To Show, and E-Discovery Objections. Apple objects to the extent that

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1    this Document Request seeks documents that are publicly available. Apple objects to the terms

2    "features," "functionality" and "design" as vague, ambiguous, overbroad, and unduly

3    burdensome. Apple objects to this Document Request as overbroad and unduly burdensome to

4    the extent it seeks documents relating to products that "compete" or "competed" with a specific

5    iPod model over a nearly ten year period and to the extent that it purports to include products that

6    may not be known or readily identifiable by Apple. Apple further objects to this Document

7    Request to the extent that it requests a legal or expert opinion or conclusion relating to what

8    products comprise the relevant antitrust product market. Such a request is premature, as the scope

9    of the relevant market will be the subject of expert discovery. After the case management

10   conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if

11   any, documents are to be provided.

12   **REQUEST FOR PRODUCTION NO. 61:**

13        All documents concerning, discussing, analyzing and/or describing Apple's pricing

14   strategies or policies for iPods.

15   **RESPONSE TO REQUEST FOR PRODUCTION NO. 61:**

16        Apple asserts the Premature, Burden, Confidential Information, Vague and Ambiguous,

17   Privilege, Sufficient To Show, and E-Discovery Objections. Apple objects to the terms

18   "strategies," "policies" and "concerning" as vague, ambiguous, overbroad, and unduly

19   burdensome. After the case management conference, Apple will meet and confer with plaintiffs

20   to attempt to reach agreement on what, if any, documents are to be provided.

21   **REQUEST FOR PRODUCTION NO. 62:**

22        Documents sufficient to show, for each model of iPod, the prices at which Apple sold

23   those iPods to persons other than resellers, distributors, or wholesalers.

24   **RESPONSE TO REQUEST FOR PRODUCTION NO. 62:**

25        Apple asserts the Premature and Burden Objections. Apple objects to the terms

26   "resellers," "distributors" and "wholesalers" as vague, ambiguous, overbroad, and unduly

27   burdensome. After the case management conference, Apple will meet and confer with plaintiffs

28   to attempt to reach agreement on what, if any, documents are to be provided.

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1  **REQUEST FOR PRODUCTION NO. 63:**

2      All marketing studies, whether conducted by Apple or a third party, regarding products

3  with which the iPod competes.

4  **RESPONSE TO REQUEST FOR PRODUCTION NO. 63:**

5      Apple asserts the Premature, Burden, Confidential Information, Sufficient To Show, and

6  E-Discovery Objections.  Apple objects to the term "regarding" as vague, ambiguous, overbroad,

7  and unduly burdensome.  Apple objects to this Document Request as overbroad and unduly

8  burdensome to the extent it seeks documents relating to each product that "competes" or

9  "competed" with a specific iPod model over a nearly ten year period and to the extent that it

10  purports to include products that may not be known or readily identifiable by Apple.  Apple

11  further objects to this Document Request to the extent that it requests a legal or expert opinion or

12  conclusion relating to what products comprise the relevant antitrust product market.  Such a

13  request is premature, as the scope of the relevant market will be the subject of expert discovery.

14  After the case management conference, Apple will meet and confer with plaintiffs to attempt to

15  reach agreement on what, if any, documents are to be provided.

16  **REQUEST FOR PRODUCTION NO. 64:**

17      All marketing studies, whether conducted by Apple or a third party, regarding products

18  with which the iTunes Store competes.

19  **RESPONSE TO REQUEST FOR PRODUCTION NO. 64:**

20      Apple asserts the Premature, Sufficient To Show, Burden, Confidential Information,

21  Possession and E-Discovery Objections.  Apple objects to the term "regarding" as vague,

22  ambiguous, overbroad, and unduly burdensome.  Apple objects to this Document Request as

23  overbroad and unduly burdensome to the extent it seeks documents relating to each product

24  "competes" or "competed" with iTunes Store and to the extent that it purports to include products

25  that may not be known or readily identifiable by Apple.  Apple further objects to this Document

26  Request to the extent that it requests a legal or expert opinion or conclusion relating to what

27  products comprise the relevant antitrust product market.  Such a request is premature, as the scope

28  of the relevant market will be the subject of expert discovery.  After the case management

DEF'S RESPONSE TO PLTFS' SECOND SET
OF RFPs C-05-0037-JW (HRL)

1    conference, Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if

2    any, documents are to be provided.

3    **REQUEST FOR PRODUCTION NO. 65:**

4        All documents analyzing, discussing or concerning the effects of burning and ripping on

5    the quality of digital audio files.

6    **RESPONSE TO REQUEST FOR PRODUCTION NO. 65:**

7        Apple asserts the Premature, Burden, Confidential Information, Privilege, Sufficient to

8    Show, and E-Discovery Objections.  Apple objects to the terms "concerning" and "quality" as

9    vague, ambiguous, overbroad, and unduly burdensome.  After the case management conference,

10    Apple will meet and confer with plaintiffs to attempt to reach agreement on what, if any,

11    documents are to be provided.

12    **REQUEST FOR PRODUCTION NO. 66:**

13        All documents analyzing, discussing or concerning the effects of FairPlay on the quality

14    of digital audio files sold on the iTunes Store.

15    **RESPONSE TO REQUEST FOR PRODUCTION NO. 66:**

16        Apple asserts the Premature, Burden, Confidential Information, Privilege, Sufficient to

17    Show, and E-Discovery Objections.  Apple objects to the term "concerning" as vague,

18    ambiguous, overbroad, and unduly burdensome.  After the case management conference, Apple

19    will meet and confer with plaintiffs to attempt to reach agreement on what, if any, documents are

20    to be provided.

21    **REQUEST FOR PRODUCTION NO. 67:**

22        All documents identified by Apple in response to interrogatories served by Plaintiffs.

23    **RESPONSE TO REQUEST FOR PRODUCTION NO. 67:**

24        Apple asserts the Premature, Privilege, Burden, Confidential Information, Sufficient To

25    Show, and E-Discovery Objections.  After the case management conference, Apple will meet and

26    confer with plaintiffs to attempt to reach agreement on what, if any, documents are to be

27    provided.

28

Dated: February 1, 2010

Jones Day

By: _____
        David C. Kiernan

Counsel for Defendant
APPLE INC.

## PROOF OF SERVICE

I, Lillian Wong, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On February 1, 2010, I served a copy of the within document(s):

**DEFENDANT'S RESPONSE TO PLAINTIFFS' SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a agent for delivery.

☐     by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐     by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

SEE ATTACHED SERVICE LIST

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on February 1, 2010, at San Francisco, California.

Lillian Wong

1

<u>**SERVICE LIST**</u>

2

**Attorneys for Plaintiffs:**

3

Bonny E. Sweeney
Thomas R. Merrick
Coughlin Stoia Geller Rudman & Robbins LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
T:  (619) 231-1058
F:  (619) 231-7423
bonnys@csgrr.com
tmerrick@csgrr.com

Roy A. Katriel
The Katriel Law Firm, P.C.
1101 30th Street, NW, Suite 500
Washington, DC  20007
T:  (202) 625-4342
rak@katriellaw.com

4

5

6

7

8

Andrew S. Friedman
Francis J. Balint, Jr.
Elaine A. Ryan
Todd D. Carpenter
Bonnett Fairbourn Friedman & Balint PC
2901 North Central Avenue, Suite 1000
Phoenix, AZ  85012
T:  (602) 274-1100
F:  (602) 274-1199
afriedman@bffb.com
fbalint@bffb.com
eryan@bffb.com
tcarpenter@bffb.com

Michael D. Braun
Braun Law Group
10680 West Pico Boulevard, Suite 280
Los Angeles, CA  90064
T:  (310) 836-6000
F:  (310) 836-6010
mdb@braunlawgroup.com

9

10

11

12

13

14

15

Brian P. Murray
Jacqueline Sailer
Murray Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY 10016
T:  (212) 682-1818
F:  (212) 682-1892
bmurray@murrayfrank.com
jsailer@murrayfrank.com

Marc Godino
Glancy Binkow & Goldberg LLP
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
T:  (310) 201-9150
F:  (310) 201-9160
mgodino@glancylaw.com

16

17

18

19

20

21

**Attorneys for Plaintiff Stacie Somers:**

22

Helen I. Zeldes
Alreen Haeggquist
Zeldes & Haeggquist LLP
625 Broadway, Suite 906
San Diego, CA 92101
T:  (619) 434-0024
F:  (619) 342-7878
helenz@zhlaw.com
alreenh@zhlaw.com

Steven A. Skalet
Craig L. Briskin
Mehri & Skalet PLLC
1250 Connecticut Ave., NW, Suite 300
Washington, DC 20036
T:  (202) 822-5100
F:  (202) 822-4997
sskalet@findjustice.com
cbriskin@findjustice.com

23

24

25

26

27

28