Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**[CLASS ACTION]**<br><br>**APPLE'S ADMINISTRATIVE MOTION TO SEAL** |

**I.    INTRODUCTION**

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple") requests that the Court permit Apple to file under seal Exhibit 1 to the Supplemental Declaration of David C. Kiernan in Support of Apple's Opposition to Plaintiffs' Motion to Exclude the Opinions of Apple's Expert, Dr. Michelle M. Burtis, Ph.D ("Supplemental Kiernan Declaration"), which contains information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (Dkt. 112).

Apple files this motion and the accompanying Declaration of Michael Scott ("Scott Declaration") in support of a narrowly tailored order authorizing sealing those documents, on the

grounds that there is good cause to protect the confidentiality of that information. The proposed sealing order is based on the Protective Order and proof that particularized injury to Apple will result if the sensitive information is publicly released.

## II.   STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed discovery document [attached] to a non-dispositive motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

## III.   ARGUMENT

### A.   There Is Good Cause To Support Filing Under Seal.

Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" certain information contained in Exhibit 1 to the Supplemental Kiernan Declaration. As established by the accompanying declarations, there is good cause to permit filing Exhibit 1 under seal. Exhibit 1 contains highly confidential and commercially sensitive business information, including information regarding Apple's sales of iPods to iPod resellers, Apple's iPod pricing decisions, and iTunes Store sales and market share.

Information regarding Apple's pricing strategy and practices is highly confidential and commercially sensitive business information. This information is non-public information that should remain confidential. The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's pricing strategy and practices would put Apple at a business disadvantage. *See* Scott Decl., Ex 1. Identical information has been previously sealed in this case in relation to Apple's Opposition to Plaintiffs' Motion To Exclude the Opinions of Defendant's Expert, Dr. Michelle Mr. Burtis, Ph.D. Dkt. 592.

1   Information regarding Apple's sales of iPods to iPod resellers is also highly confidential
2   and commercially sensitive business information.  This information is non-public information that
3   should remain confidential.  *See* Scott Decl., Ex. 2.  The information was produced to Plaintiffs
4   pursuant to the Protective Order.  Harm to Apple would result from the public disclosure of the
5   redacted information contained in these documents.  The public disclosure of information
6   regarding Apple's sales of iPods to iPod resellers would put Apple at a business disadvantage.
7   Identical information has been previously sealed in this case in relation to Apple's Opposition to
8   Plaintiffs' Motion To Exclude the Opinions of Defendant's Expert, Dr. Michelle Mr. Burtis,
9   Ph.D.  Dkt. 592.

10   iTunes Store sales and market research conducted by Apple or on Apple's behalf,
11   including information regarding iTunes market share, is highly confidential and commercially
12   sensitive business information.  Third-party research is subject to confidentiality provisions in
13   contracts between Apple and the third-party market research providers.  This information is non-
14   public information that should remain confidential.  The information was produced to Plaintiffs
15   pursuant to the Protective Order.  Harm to Apple would result from the public disclosure of such
16   information. See Scott Decl., Ex. 3.  Identical information has been previously sealed in this case
17   in relation to Apple's Opposition to Plaintiffs' Motion To Exclude the Opinions of Defendant's
18   Expert, Dr. Michelle Mr. Burtis, Ph.D.  Dkt. 592.

## IV.  CONCLUSION

Apple respectfully requests that this Court grant its Administrative Motion to Seal Exhibit 1 to the Supplemental Declaration of David C. Kiernan in Support of Apple's Opposition to Motion to Exclude the Opinions of Defendant's Expert, Dr. Michelle M. Burtis, Ph.D.

Dated: April 15, 2011               Jones Day

                                    By:   /s/ Michael T. Scott
                                          Michael T. Scott

                                    Attorneys for Defendant
                                    APPLE INC.

SFI-678166v1