# EXHIBIT 1

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Mark Buckley, declare as follows:

1. I am a Financial Analyst at Apple Inc. ("Apple"). I have held this position since August 15, 2005. I submit this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 475, "Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information. Plaintiffs' Motion for Class

- 1 -

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

1. Certification (Dkt. 477) and the Sweeney (Dkt. 478) and Noll (Dkt. 479) declarations in support thereof contain highly confidential information regarding iPod and iTunes Store pricing, including pricing strategy and information considered by Apple when setting iPod and iTunes Store prices; information regarding costs of manufacturing and selling iPods and costs associated with the sale of music through the iTunes Store; and information regarding Apple's margins on iPod and iTunes Store sales.

3. Apple's practices are that such information is kept highly confidential and is not disclosed to the public. This information was produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). The public disclosure of information regarding Apple's pricing decisions and iPod and iTunes Store costs would put Apple at a business disadvantage.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 25 day of January, 2011 in Cupertino, California.

*Mark Buckley*
Mark Buckley

SFI-659999v1

- 2 -

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

# EXHIBIT 2

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Mark Buckley, declare as follows:

1. I am a Financial Analyst at Apple Inc. ("Apple"). I have held this position since August 15, 2005. I submit this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 434, "Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information. The redacted portions of pages 5

- 1 -

1 and 6 of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions (Dkt. 432) and page 2 of the Bernay Declaration in support thereof (Dkt. 433) contain confidential descriptions of data regarding Apple's transactions with iPod resellers that must be kept confidential in order to avoid causing substantial harm to Apple.

3. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Data regarding Apple's transactions with iPod resellers was produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). The public disclosure of this highly confidential information would cause substantial harm to Apple.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 13 day of January, 2011 in Cupertino, California.

*[signature]*
Mark Buckley

SFI-658673v1

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
- 2 -
C 05 00037 JW (HRL)

# EXHIBIT 3

| | |
|---|---|
| 1 | Robert A. Mittelstaedt  #60359 |
| | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart  #129530 |
| | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
| | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
| | michaelscott@jonesday.com |
| 5 | JONES DAY |
| | 555 California Street, 26th Floor |
| 6 | San Francisco, CA  94104 |
| | Telephone:     (415) 626-3939 |
| 7 | Facsimile:      (415) 875-5700 |
| 8 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

I, Eddy Cue, declare as follows:

    1.    I am Vice President, Internet Services at Apple Inc ("Apple").  I have held this position since August 2008.  I have had responsibility for the iTunes Store since 2003.  I make this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File Under Seal (Doc. 304).  The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

- 1 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

  2.  Exhibits 23 (Request For Admission Nos. 3-4), 24 and 35 to the Declaration of Paula M. Roach in Support of Plaintiffs' Motion to Compel Further Response from Defendant Apple Inc. ("Roach Declaration") include highly confidential and commercially sensitive business information, including sensitive contract terms and communications between Apple and record labels regarding iTunes Store music sales.

  3.  Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112). Similarly, Apple's communications with the record labels are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted highly confidential information contained in these documents.

  4.  Pages 8-9 and 16-19 of Plaintiffs' Motion to Compel (Doc. 306), page 4 of the Roach Declaration, and Exhibits 22 (Interrogatory Nos. 1-5), 24, and 30 to the Roach Declaration contain highly confidential and commercially sensitive business information, including information regarding Apple Inc.'s payment of royalties and/or licensing fees required to manufacture and/or sell its products.

  5.  Exhibits 22 (Interrogatory Nos. 7-8) and 23 (Request For Admission Nos. 1-2, 5-6) to the Roach Declaration include highly confidential and commercially sensitive business information, including information regarding iPod and iTunes sales in the United States, iPod manufacturing costs, and reseller pricing and advertising programs.

  6.  Apple's practices are that the information described in paragraphs 4 and 5 above is to be kept highly confidential and must not be publicly disclosed. The information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain

- 2 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1 confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of iPod or iTunes sales figures, iPod manufacturing costs, features of Apple's reseller pricing and advertising programs, or information regarding Apple's payment of royalties and/or licensing fees would put Apple at a significant business disadvantage.

7. Exhibit 22 (Interrogatory No. 6) to the Roach Declaration includes highly confidential and commercially sensitive research, including methodology and possible limitations. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. The information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in this document.

8. Page 2 of the Roach Declaration and Exhibits 11, 30, and 35 attached thereto contain highly confidential and commercially sensitive business information, including descriptions of software updates. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. This information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the disclosure of the highly confidential information regarding software updates to the public.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 22 day of January, 2010 in New York, New York.

\_\_\_\_/s/ Eddy Cue_____
Eddy Cue

I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to General Order No. 45.

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

- 3 -

                                                                                      ____/s/ David Kiernan_____
                                                                                             David Kiernan

SFI-628146v5

- 4 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)