ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION )<br>)<br>)<br>) | Lead Case No. C-05-00037-JW(HRL)<br><br><u>CLASS ACTION</u> |
| This Document Relates To:<br><br>ALL ACTIONS. )<br>)<br>)<br>)<br>) | PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DR. MICHELLE M. BURTIS, Ph.D. |
| | JUDGE: Hon. James Ware<br>DATE: TBD<br>TIME: TBD<br>CTRM: 8, 4th Floor |

619020_1

1  TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2  PLEASE TAKE NOTICE that as soon as the Court's schedule allows, in Courtroom 8, 4th Floor, of the above-captioned Court located at 280 South First Street, San Jose, California 95113, before the Honorable James Ware, Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak (collectively, "Plaintiffs") will and hereby do through undersigned counsel, move the Court for an order striking the supplemental expert report of Dr. Michelle M. Burtis, Ph.D.

## I.   MEMORANDUM OF POINTS AND AUTHORITIES

On April 11, 2011, purportedly in opposition to Plaintiffs' motion to exclude the declaration of Apple's expert, Dr. Michelle M. Burtis, Ph.D., Apple submitted a new, supplemental expert report in support of its opposition to class certification. This new, supplemental expert report is improper and must be stricken. On October 28, 2010, this Court signed an Order setting forth the schedule for certain matters in this action. Dkt. No. 392. That October 28, 2010 scheduling Order provided that briefing on Plaintiffs' motion for class certification would be complete on March 28, 2011. Apple has flouted this deadline by submitting a 15-page expert report, with detailed exhibits and more than 40 footnotes, that plainly addresses class-certification matters and does not respond to Plaintiffs' motion to exclude. Apple should not be allowed to submit this lengthy new report nearly two weeks after briefing on class certification is over and just a week before the hearing on the motion is scheduled. This back-door attempt by Apple to link this new report to its opposition to Plaintiffs' pending motion to exclude Dr. Burtis is unavailing. Apple has cavalierly ignored the Court's Order and has provided no justification or explanation for its outrageous conduct.

Plaintiffs will be unfairly prejudiced if this motion to strike is not granted. At a minimum, Plaintiffs must be given a full and fair opportunity to depose Dr. Burtis regarding her new report and exhibits. Additionally, matters raised in the new, supplemental report should not be considered by the Court in deciding Plaintiffs' motion for class certification.[1]

---

[1]  Plaintiffs expect Apple will seek to justify its misconduct by claiming that it had to file an additional expert report to counter the preliminary regression analysis Professor Noll set forth in his March 28, 2011 report. This argument fails for two reasons. First, Apple's own discovery misconduct is the sole reason Professor Noll's report submitted January 18, 2011, did not contain a

Apple's gambit is contrary to the law in this Circuit. As the court in *Plumley v. Mockett,* No. CV 04-2868-GHK (Ex), 2010 U.S. Dist. LEXIS 57254 (C.D. Cal. May 26, 2010), recently explained, "Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this 'does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . .'" *Id.* at *6 (quoting *Beller ex. rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)). To allow this "pattern of behavior 'would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines.'" *Id.* (quoting *Beller*, 221 F.R.D. at 701-02).[2]

Here, Apple's actions are especially egregious. It provides no explanation for its attempted end-around the Court's scheduling Order and instead it seeks to pull one over on the Court and opposing counsel by submitting the new, supplemental report by Dr. Burtis as an attachment to its opposition to Plaintiffs' motion to exclude the opinions of Dr. Burtis. *See* Dkt. No. 580. While the new, supplemental report states on the cover sheet that it is in support of Apple's opposition to Plaintiffs' motion to exclude (which would still be improper) the report is exclusively concerned with Apple's arguments related to class certification.

The fact that Dr. Burtis's report, submitted February 28, 2011, in conjunction with Apple's opposition to Plaintiffs' motion for class certification, was so obviously devoid of detail does not excuse or ameliorate the problem here. Plaintiffs moved to exclude Dr. Burtis's February 28, 2011

---

preliminary regression analysis. Apple's failure to produce data critical to Plaintiffs' expert is the subject of a pending motion to compel (Dkt. Nos. 556, 589) and has been an ongoing and serious issue in this litigation. Second, as Plaintiffs have repeatedly explained, a full-blown damage analysis is not required at class certification. *See* Dkt. No. 550, Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification, at 3-5. Thus, Dr. Burtis' analysis at this point in the case is unnecessary, regardless of the context.

[2] *See also Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744-45 (Fed. Cir. 1997) (exclusion justified where party fails to provide adequate explanation for failure to timely provide expert disclosure in accordance with scheduling order).

report precisely because it failed to provide any basis for the opinions expressed in the report. Apple's transparent last-ditch effort to try to cure the infirmities in Dr. Burtis's February 28, 2011 report by submitting an entirely new report with its opposition is pure gamesmanship and highlights why Dr. Burtis's original declaration should be excluded.

A number of courts in the Ninth Circuit, in deciding whether to impose Rule 37(c)(1)'s exclusion of evidence sanction, follow the five factors laid out in *Wendt v. Host International, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). These same factors are used by courts in the Ninth Circuit in considering whether to strike an untimely expert report. *AZ Holding, L.L.C. v. Frederick*, No. CV-08-0276-PHX-LOA, 2009 U.S. Dist. LEXIS 74515 (D. Ariz. Aug. 10, 2009). Those factors instruct the court to consider the following: (1) the public's interest in expeditious resolution of litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* at *15. A finding of willfulness or bad faith is not required in order to impose the exclusion of evidence sanction. *CCR/AG Showcase Phase I Owner, L.L.C. v. UA Theatre Circuit, Inc.*, No. 2:08-cv-00984-RCJ-GWF, 2010 U.S. Dist. LEXIS 56137 (D. Nev. May 13, 2010).

Here, each of the *Wendt* factors support exclusion, particularly the second and third factors, the risk of prejudice factor and the court's need to manage its docket. Plaintiffs will be severely prejudiced if the new material in Dr. Burtis's untimely report is considered. It is unfair and inappropriate for Apple as the non-moving party to have the last word. This is particularly so here where Apple has submitted a completely new expert report containing specific calculations and economic models that Plaintiffs and their experts are unable to test. This factor weighs heavily in favor of exclusion. Additionally, Apple's flouting of the Court's scheduling Order demonstrates the second *Wendt* factor is met because surely a party's purposeful disregard of the Court's need to manage its docket satisfies this factor. The fourth factor, which considers the public policy favoring merits-based decisions, also supports exclusion because if Plaintiffs are unable to question Dr. Burtis to delve into the basis for her new opinions, the case will not be decided on its merits, but instead may hinge on a one-sided presentation of evidence Plaintiffs have not been entitled to explore with Apple's expert. The first *Wendt* factor, which accounts for the public's interest in expeditious

1  resolution of litigation is either neutral or inapplicable in this case which has been pending for
2  several years.  Likewise, the fifth factor supports Plaintiffs as there are no less drastic sanctions
3  which would fairly maintain the Court's current scheduling Order.  All of the *Wendt* factors favor
4  exclusion of the new, supplemental report by Dr. Burtis.  *See Lindner v. Meadow Gold Dairies, Inc.*,
5  249 F.R.D. 625, 642 (D. Haw. 2008) (striking untimely report where majority of the *Wendt* factors
6  favor exclusion, including delay and prejudice).  In *Lindner*, despite finding that less drastic
7  sanctions (such as payment of attorneys' fees) were available, the court struck the untimely expert
8  report, holding that the majority of factors weighed in favor of exclusion.  Here, a less drastic
9  sanction, such as allowing Plaintiffs to depose Dr. Burtis and respond to her new report may serve as
10  a less drastic sanction than full exclusion, although in this case, where the conduct is so egregious,
11  exclusion should be granted.  Moreover, given the timing of the Court's hearing on Plaintiffs'
12  motion for class certification, this option is not available.

13  Under any standard, the submission of this new, supplemental report is improper and should
14  be stricken from the record.  *See Storage Tech. Corp. v. Cisco Sys.*, No. C 00-1176 SI, 2001 U.S.
15  Dist. LEXIS 25876, at *10-*11 (N.D. Cal. Nov. 27, 2001) (striking submission of untimely expert
16  report where opposing party claimed the late submission prevented it from being able to properly
17  respond to it); *see also O'Connor v. Boeing N. Am., Inc.*, No. CV 97-1554 DT (RCx), 2005 U.S.
18  Dist. LEXIS 46233, at *34-*35 (C.D. Cal. Sept. 12, 2005) ("To permit these reports into evidence
19  would improperly widen the trial issues at the eleventh hour, and would unduly prejudice [the party]
20  in preparing for trial. Moreover, the new opinions appear based on information that was available to
21  these experts at the time of their initial Rule 26 disclosures").[3]

22  In sum, Apple should not be rewarded for its failure to file a timely expert report in this
23  matter.  Consideration of the untimely new report by Dr. Burtis would prejudice Plaintiffs and
24  provide Apple an unfair and improper litigation advantage.  Plaintiffs' motion to strike must be

---

[3]  Apple has made no showing, nor could they, that any good cause exists to allow submission of the new, supplemental report by Dr. Burtis. *Cf. Vnus Med. Techs. Inc. v. Biolitec*, No. C 08-3129 MMC (JL), 2010 U.S. Dist. LEXIS 70555 (N.D. Cal. June 29, 2010) (denying motion to strike late report where good cause specifically demonstrated and no prejudice shown).

1  granted.  Should the Court determine not to strike the new, supplemental report by Dr. Burtis,
2  Plaintiffs request an opportunity to depose Dr. Burtis and a chance to respond to the new material in
3  the new, supplemental report.

4  DATED:  April 15, 2011

    ROBBINS GELLER RUDMAN
      & DOWD LLP
    JOHN J. STOIA, JR.
    BONNY E. SWEENEY
    THOMAS R. MERRICK
    ALEXANDRA S. BERNAY
    CARMEN A. MEDICI


    s/ Alexandra S. Bernay
    ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
Telephone:  602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801

619020_1   PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT
REPORT OF DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL)                                                                     - 5 -

| | |
|---|---|
| 1 | New York, NY  10016 |
| 2 | Telephone:  212/682-1818<br>212/682-1892 (fax) |
| 3 | GLANCY BINKOW & GOLDBERG LLP |
| 4 | MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311 |
| 5 | Los Angeles, CA  90067<br>Telephone:  310/201-9150 |
| 6 | 310/201-9160 (fax) |
| 7 | Additional Counsel for Plaintiffs |

619020_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL) - 6 -

CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 15, 2011.

 s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      xanb@rgrdlaw.com

619020_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

# Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`