1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  CARMEN A. MEDICI (248417)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   cmedici@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC  20007
   Telephone:  202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                        SAN JOSE DIVISION
18

| 19 | THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-JW(HRL) |
|---|---|---|---|
| 20 | | ) ) | CLASS ACTION |
| 21 | This Document Relates To: | ) ) ) | PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF |
| 22 | ALL ACTIONS. | ) ) ) | DR. MICHELLE M. BURTIS, Ph.D. |

23                                      JUDGE:    Hon. James Ware
                                        DATE:     TBD
24                                      TIME:     TBD
                                        CTRM:     8, 4th Floor
25

26

27

28

619020_1

1  TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2          PLEASE TAKE NOTICE that as soon as the Court's schedule allows, in Courtroom 8, 4th

3  Floor, of the above-captioned Court located at 280 South First Street, San Jose, California 95113,

4  before the Honorable James Ware, Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy

5  Charoensak (collectively, "Plaintiffs") will and hereby do through undersigned counsel, move the

6  Court for an order striking the supplemental expert report of Dr. Michelle M. Burtis, Ph.D.

7  **I.      MEMORANDUM OF POINTS AND AUTHORITIES**

8          On April 11, 2011, purportedly in opposition to Plaintiffs' motion to exclude the declaration

9  of Apple's expert, Dr. Michelle M. Burtis, Ph.D., Apple submitted a new, supplemental expert report

10  in support of its opposition to class certification.  This new, supplemental expert report is improper

11  and must be stricken.  On October 28, 2010, this Court signed an Order setting forth the schedule for

12  certain matters in this action.  Dkt. No. 392.  That October 28, 2010 scheduling Order provided that

13  briefing on Plaintiffs' motion for class certification would be complete on March 28, 2011.  Apple

14  has flouted this deadline by submitting a 15-page expert report, with detailed exhibits and more than

15  40 footnotes, that plainly addresses class-certification matters and does not respond to Plaintiffs'

16  motion to exclude.  Apple should not be allowed to submit this lengthy new report nearly two weeks

17  after briefing on class certification is over and just a week before the hearing on the motion is

18  scheduled.  This back-door attempt by Apple to link this new report to its opposition to Plaintiffs'

19  pending motion to exclude Dr. Burtis is unavailing.  Apple has cavalierly ignored the Court's Order

20  and has provided no justification or explanation for its outrageous conduct.

21          Plaintiffs will be unfairly prejudiced if this motion to strike is not granted.  At a minimum,

22  Plaintiffs must be given a full and fair opportunity to depose Dr. Burtis regarding her new report and

23  exhibits.  Additionally, matters raised in the new, supplemental report should not be considered by

24  the Court in deciding Plaintiffs' motion for class certification.[1]

25  _____

26  [1]     Plaintiffs expect Apple will seek to justify its misconduct by claiming that it had to file an
additional expert report to counter the preliminary regression analysis Professor Noll set forth in his
27  March 28, 2011 report.  This argument fails for two reasons.  First, Apple's own discovery
misconduct is the sole reason Professor Noll's report submitted January 18, 2011, did not contain a

28

1       Apple's gambit is contrary to the law in this Circuit.  As the court in *Plumley v. Mockett,* No.

2   CV 04-2868-GHK (Ex), 2010 U.S. Dist. LEXIS 57254 (C.D. Cal. May 26, 2010), recently

3   explained, "Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon

4   information later acquired, this 'does not give license to sandbag one's opponent with claims and

5   issues which should have been included in the expert witness' report (indeed, the lawsuit from the

6   outset).  To rule otherwise would create a system where preliminary reports could be followed by

7   supplementary reports and there would be no finality to expert reports . . . .'"  *Id.* at \*6 (quoting

8   *Beller ex. rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)).  To allow this "pattern

9   of behavior 'would surely circumvent the full disclosure requirement implicit in Rule 26 and would

10  interfere with the Court's ability to set case management deadlines.'"  *Id.* (quoting *Beller*, 221

11  F.R.D. at 701-02).[2]

12      Here, Apple's actions are especially egregious.  It provides no explanation for its attempted

13  end-around the Court's scheduling Order and instead it seeks to pull one over on the Court and

14  opposing counsel by submitting the new, supplemental report by Dr. Burtis as an attachment to its

15  opposition to Plaintiffs' motion to exclude the opinions of Dr. Burtis.  *See* Dkt. No. 580.  While the

16  new, supplemental report states on the cover sheet that it is in support of Apple's opposition to

17  Plaintiffs' motion to exclude (which would still be improper) the report is exclusively concerned

18  with Apple's arguments related to class certification.

19      The fact that Dr. Burtis's report, submitted February 28, 2011, in conjunction with Apple's

20  opposition to Plaintiffs' motion for class certification, was so obviously devoid of detail does not

21  excuse or ameliorate the problem here.  Plaintiffs moved to exclude Dr. Burtis's February 28, 2011

22

23  preliminary regression analysis.  Apple's failure to produce data critical to Plaintiffs' expert is the
    subject of a pending motion to compel (Dkt. Nos. 556, 589) and has been an ongoing and serious
24  issue in this litigation.  Second, as Plaintiffs have repeatedly explained, a full-blown damage analysis
    is not required at class certification.  *See* Dkt. No. 550,  Reply Memorandum in Support of Plaintiffs'
25  Renewed Motion for Class Certification, at 3-5.  Thus, Dr. Burtis' analysis at this point in the case is
    unnecessary, regardless of the context.

26  [2]    *See also Trilogy Commc'ns, Inc. v. Times Fiber Commc'ns, Inc.*, 109 F.3d 739, 744-45
27  (Fed. Cir. 1997) (exclusion justified where party fails to provide adequate explanation for failure to
    timely provide expert disclosure in accordance with scheduling order).

28

1   report precisely because it failed to provide any basis for the opinions expressed in the report.

2   Apple's transparent last-ditch effort to try to cure the infirmities in Dr. Burtis's February 28, 2011

3   report by submitting an entirely new report with its opposition is pure gamesmanship and highlights

4   why Dr. Burtis's original declaration should be excluded.

5           A number of courts in the Ninth Circuit, in deciding whether to impose Rule 37(c)(1)'s

6   exclusion of evidence sanction, follow the five factors laid out in *Wendt v. Host International, Inc.*,

7   125 F.3d 806, 814 (9th Cir. 1997).  These same factors are used by courts in the Ninth Circuit in

8   considering whether to strike an untimely expert report. *AZ Holding, L.L.C. v. Frederick*, No. CV-

9   08-0276-PHX-LOA, 2009 U.S. Dist. LEXIS 74515 (D. Ariz. Aug. 10, 2009).  Those factors instruct

10  the court to consider the following: (1) the public's interest in expeditious resolution of

11  litigation:  (2) the court's need to manage its docket; (3) the risk of prejudice to the other parties; (4)

12  the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

13  sanctions. *Id.* at *15.  A finding of willfulness or bad faith is not required in order to impose the

14  exclusion of evidence sanction. *CCR/AG Showcase Phase I Owner, L.L.C. v. UA Theatre Circuit,*

15  *Inc.*, No. 2:08-cv-00984-RCJ-GWF, 2010 U.S. Dist. LEXIS 56137 (D. Nev. May 13, 2010).

16          Here, each of the *Wendt* factors support exclusion, particularly the second and third factors,

17  the risk of prejudice factor and the court's need to manage its docket.  Plaintiffs will be severely

18  prejudiced if the new material in Dr. Burtis's untimely report is considered.  It is unfair and

19  inappropriate for Apple as the non-moving party to have the last word.  This is particularly so here

20  where Apple has submitted a completely new expert report containing specific calculations and

21  economic models that Plaintiffs and their experts are unable to test.  This factor weighs heavily in

22  favor of exclusion.  Additionally, Apple's flouting of the Court's scheduling Order demonstrates the

23  second *Wendt* factor is met because surely a party's purposeful disregard of the Court's need to

24  manage its docket satisfies this factor.  The fourth factor, which considers the public policy favoring

25  merits-based decisions, also supports exclusion because if Plaintiffs are unable to question Dr. Burtis

26  to delve into the basis for her new opinions, the case will not be decided on its merits, but instead

27  may hinge on a one-sided presentation of evidence Plaintiffs have not been entitled to explore with

28  Apple's expert.  The first *Wendt* factor, which accounts for the public's interest in expeditious

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT
REPORT OF DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL)          - 3 -

1  resolution of litigation is either neutral or inapplicable in this case which has been pending for

2  several years.  Likewise, the fifth factor supports Plaintiffs as there are no less drastic sanctions

3  which would fairly maintain the Court's current scheduling Order.  All of the *Wendt* factors favor

4  exclusion of the new, supplemental report by Dr. Burtis.  *See Lindner v. Meadow Gold Dairies, Inc.*,

5  249 F.R.D. 625, 642 (D. Haw. 2008) (striking untimely report where majority of the *Wendt* factors

6  favor exclusion, including delay and prejudice).  In *Lindner*, despite finding that less drastic

7  sanctions (such as payment of attorneys' fees) were available, the court struck the untimely expert

8  report, holding that the majority of factors weighed in favor of exclusion.  Here, a less drastic

9  sanction, such as allowing Plaintiffs to depose Dr. Burtis and respond to her new report may serve as

10  a less drastic sanction than full exclusion, although in this case, where the conduct is so egregious,

11  exclusion should be granted.  Moreover, given the timing of the Court's hearing on Plaintiffs'

12  motion for class certification, this option is not available.

13      Under any standard, the submission of this new, supplemental report is improper and should

14  be stricken from the record.  *See Storage Tech. Corp. v. Cisco Sys.*, No. C 00-1176 SI, 2001 U.S.

15  Dist. LEXIS 25876, at *10-*11 (N.D. Cal. Nov. 27, 2001) (striking submission of untimely expert

16  report where opposing party claimed the late submission prevented it from being able to properly

17  respond to it); *see also O'Connor v. Boeing N. Am., Inc.*, No. CV 97-1554 DT (RCx), 2005 U.S.

18  Dist. LEXIS 46233, at *34-*35 (C.D. Cal. Sept. 12, 2005) ("To permit these reports into evidence

19  would improperly widen the trial issues at the eleventh hour, and would unduly prejudice [the party]

20  in preparing for trial. Moreover, the new opinions appear based on information that was available to

21  these experts at the time of their initial Rule 26 disclosures").[3]

22      In sum, Apple should not be rewarded for its failure to file a timely expert report in this

23  matter.  Consideration of the untimely new report by Dr. Burtis would prejudice Plaintiffs and

24  provide Apple an unfair and improper litigation advantage.  Plaintiffs' motion to strike must be

25

26  [3]    Apple has made no showing, nor could they, that any good cause exists to allow submission
    of the new, supplemental report by Dr. Burtis. *Cf. Vnus Med. Techs. Inc. v. Biolitec*, No. C 08-3129

27  MMC (JL), 2010 U.S. Dist. LEXIS 70555 (N.D. Cal. June 29, 2010) (denying motion to strike late
    report where good cause specifically demonstrated and no prejudice shown).

28

1  granted.  Should the Court determine not to strike the new, supplemental report by Dr. Burtis,

2  Plaintiffs request an opportunity to depose Dr. Burtis and a chance to respond to the new material in

3  the new, supplemental report.

4  DATED:  April 15, 2011                   ROBBINS GELLER RUDMAN
                                              & DOWD LLP
5                                           JOHN J. STOIA, JR.
                                            BONNY E. SWEENEY
6                                           THOMAS R. MERRICK
                                            ALEXANDRA S. BERNAY
7                                           CARMEN A. MEDICI

8

9                                                 s/ Alexandra S. Bernay
                                            ALEXANDRA S. BERNAY
10
                                            655 West Broadway, Suite 1900
11                                          San Diego, CA  92101
                                            Telephone:  619/231-1058
12                                          619/231-7423 (fax)

13                                          THE KATRIEL LAW FIRM
                                            ROY A. KATRIEL
14                                          1101 30th Street, N.W., Suite 500
                                            Washington, DC  20007
15                                          Telephone:  202/625-4342
                                            202/330-5593 (fax)
16
                                            Co-Lead Counsel for Plaintiffs
17
                                            BONNETT, FAIRBOURN, FRIEDMAN
18                                            & BALINT, P.C.
                                            ANDREW S. FRIEDMAN
19                                          FRANCIS J. BALINT, JR.
                                            ELAINE A. RYAN
20                                          TODD D. CARPENTER
                                            2901 N. Central Avenue, Suite 1000
21                                          Phoenix, AZ  85012
                                            Telephone:  602/274-1100
22                                          602/274-1199 (fax)

23                                          BRAUN LAW GROUP, P.C.
                                            MICHAEL D. BRAUN
24                                          10680 West Pico Blvd., Suite 280
                                            Los Angeles, CA  90064
25                                          Telephone:  310/836-6000
                                            310/836-6010 (fax)
26
                                            MURRAY, FRANK & SAILER LLP
27                                          BRIAN P. MURRAY
                                            JACQUELINE SAILER
28                                          275 Madison Avenue, Suite 801

619020_1    PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT
            REPORT OF DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL)              - 5 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

New York, NY  10016
Telephone:  212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE THE SUPPLEMENTAL EXPERT
REPORT OF DR. MICHELLE M. BURTIS, Ph.D. - C-05-00037-JW(HRL)                           - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on April 15, 2011.

 s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:        xanb@rgrdlaw.com

619020_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)