ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFFS' OPPOSITION TO APPLE'S SUPPLEMENTAL OBJECTIONS TO REPLY DECLARATION OF ROGER G. NOLL AND SUPPLEMENTAL OPPOSITION TO CLASS CERTIFICATION MOTION |
| ALL ACTIONS. | |

JUDGE:   Hon. James Ware
DATE:    TBD
TIME:    TBD
CTRM:  8, 4th Floor

**[REDACTED]**

619210_1

1    On April 11, 2011, Apple submitted "supplemental objections" and a "supplemental

2    opposition to Plaintiffs' class certification motion."[1] These "supplemental objections" follow

3    another set of objections Apple already filed on April 4, 2011, which should also be rejected by the

4    Court.[2] At bottom, these "supplemental objections" are merely additional argument by Apple based

5    on a few irrelevant, out-of-context sound bites from Professor Roger G. Noll's April 7, 2011

6    deposition.[3] Apple's blatant mischaracterizations of Professor Noll's testimony serve only to

7    highlight its desperate efforts to avoid the inescapable conclusion that this case is well-suited for

8    class certification.

9    Apple's submission is inappropriate and should be rejected for two reasons. First, Apple's

10    brief is inaccurate, misleading, and when viewed in context, is not supported by Professor Noll's

11    testimony or his most recent report. Second, the objections violate Local Rule 7-3(d)(1) in that they

12    constitute additional argument on class certification and exceed the five-page limit.

13    I.    APPLE'S OUT-OF-CONTEXT QUOTES ARE MISLEADING

14    Apple uses quotes presented in five bullet points, that are taken out of context and

15    mischaracterized, to support its request that the Court "exclude Noll's reply declaration and give his

16    purported regression no weight." Dkt. No. 582 at 3. Apple's attempt to file a motion to exclude

17    without giving Plaintiffs the opportunity to respond should not be considered by the Court. Apart

18    from this half-hearted *Daubert* motion masquerading in the form of "supplemental objections,"

19    Apple's quotes are shockingly deceptive or completely immaterial or both, and thus should be

20    summarily rejected.

---

22    [1]    Dkt. No. 582, Apple's Supplemental Objections to Reply Declaration of Roger G. Noll and
23    Supplemental Opposition to Class Certification Motion.

24    [2]    *See* Dkt. No. 575, Plaintiffs' Opposition to Apple's Objection to Plaintiffs' Evidence Filed in
       Support of Reply in Support of Plaintiffs' Renewed Motion for Class Certification.

25    [3]    Apple also attempts to use L.R. 7-3(d)(1) as a hook to file its untimely submission of ***another***
26    expert report by Dr. Burtis. Dkt. No. 582 at 2. This is improper under L.R. 7-3(d)(1) as Dr. Burtis's
       new report is plainly further argument on the class certification motion and exceeds five pages. *See*
27    *also* Dkt. No. 605, Plaintiffs' Motion to Strike the Supplemental Expert Report of Dr. Michelle M.
       Burtis Ph.D.

28

1    Despite Apple's mischaracterizations and out-of-context quotes, Professor Noll has in fact

2    implemented a working preliminary regression analysis which clearly satisfies the requirements of

3    an expert report at the class-certification stage: "The high degree of explanation of these regressions

4    and the plausibility of the coefficients, notwithstanding the remaining problems with the underlying

5    data, demonstrate that the standard approaches to calculating damages on a class-wide basis that

6    were outlined in my previous expert reports are feasible in this case."[4]  Apple's "supplemental

7    objections" are all directed at a full-blown merits analysis and simply do not address class issues.

8    Apple's first bullet point and accompanying quote criticize Professor Noll for not presenting

9    a "workable" or complete damages regression analysis. Dkt. No. 582 at 2. No such thing is required

10   at class certification.[5]  All that is required of expert testimony at this stage is that it confirms that

11   generally accepted economic methodologies are available to demonstrate impact and to reasonably

12   calculate damages on a class-wide basis.[6]  In order to certify a class, Plaintiffs need only advance a

13   plausible methodology to demonstrate that antitrust injury can be proven on a class-wide basis.[7] "'It

14   _____

15   [4]    All references to "Ex." are to the exhibits attached to the Declaration of Carmen A. Medici in
     Support of Plaintiffs' Opposition to Apple's Supplemental Objections to Reply Declaration of Roger
16   G. Noll and Supplemental Opposition to Class Certification Motion ("Medici Decl."), filed
     concurrently. *See* Ex. 1, Noll Reply Decl. at 39.

17
     [5]    Besides the fact that a full damages analysis is not required at the class-certification stage,
18   Apple knows that its conduct prevented Plaintiffs from completing a full regression analysis. The
     data necessary for Professor Noll to complete his regression are currently the subject of a motion to
19   compel. Dkt. No. 556, Plaintiffs' Notice of Motion and Motion to Compel Production of Data.
     Apple's dilatory tactics in avoiding the production of this data and in delaying the production of the
20   entire data set required for Professor Noll's analyses are detailed in a declaration supporting the
     motion to compel, in Professor Noll's report, and in declarations by attorneys Paula M. Roach, dated
21   April 8, 2011 and Alexandra S. Bernay, dated April 11, 2011. *See generally* Dkt. No. 557,
     Declaration of Alexandra S. Bernay in Support of Plaintiffs' Motion to Compel Production of Data.

22
     [6]    *In re Static Randon Access Memory (SRAM) Antitrust Litig.*, 264 F.R.D. 603, 612 (N.D. Cal.
23   2009); *In re Live Concert Antitrust Litig.*, 247 F.R.D. 98, 136 (C.D. Cal. 2007); *In re Dynamic
     Random Access Memory (DRAM) Antitrust Litig.*, No. M 02-1486 PJH, 2006 WL 1530166, *8-*9
24   (N.D. Cal. June 5, 2006); *Estate of Garrison*, No. CV 95-8328 RMT, 1996 WL 407849, *4 (C.D.
     Cal. June 25, 1996). *See also generally* Dkt. No. 486, Notice of Motion and Plaintiffs' Renewed
25   Motion for Class Certification and Appointment of Lead Class Counsel, at 19-22; Dkt. No. 550,
     Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification at 3-5
26   ("Professor Noll goes far beyond a 'mere . . . promise' and instead 'describes' a 'concrete, workable
     formula,'" all the law requires at the class certification stage.) (citations omitted ).

27   [7]    *Id.*

28

PLTFS' OPPO TO APPLE'S SUPP OBJECTIONS TO REPLY DEC OF ROGER G. NOLL AND
SUPPLEMENTAL OPPOSITION TO CLASS CERTIFICATION MOTION - C-05-00037-JW(HRL)        - 2 -

1  is not necessary that plaintiffs show that their expert's methods will work with certainty at [the class

2  certification stage]. Rather, plaintiffs' burden is to present the court with a likely method for

3  determining class damages.'"[8] As Professor Noll has demonstrated, in detail, the evidence common

4  to all plaintiffs exists, and with that evidence a workable regression method for calculating damages

5  can be implemented.[9]

6      In the third bullet point, Apple alleges that Professor Noll ███████████████████

7  ██████████████████ Dkt. No. 582 at 2. Even a casual glance at any of Professor Noll's

8  reports or his testimony makes obvious that he devoted a great deal of time ██████████

9  █████████.[10] The quote Apple uses to support this falsehood is taken completely out of

10  context. *Id.* All it "proves" is that ████████████████████████████████████

11  ███████████████████████████████████████████████████.

12  In any event, ████████████████████████████████, wrote about

13  it in his report[11] and answered numerous questions about its implementation in his preliminary

14  regression model at his deposition.[12]

---

16  [8]     *In re Tableware Antitrust Litig.*, 241 F.R.D. 644, 652 (N.D. Cal. 2007); *accord Live Concert*,
17  247 F.R.D. at 110 ("[A] district court is not permitted to discount the testimony of a plaintiff expert
    merely because the defendant has challenged some aspect of the expert's opinion.").

18  [9]     *See* Ex. 2, Noll Tr. at 113:3-11 ("Remember these are all issues about what's the best way to
19  estimate a damage equation if you have complete information and enough time to estimate it. My
    purpose here is to demonstrate that a common formula for explaining prices is feasible."); *see also*
    Ex. 1, Noll Reply Decl. at 28-39; Noll Reply Decl., Exhibits 2-3.

20  [10]    *See, e.g.*, Ex. 1, Noll Reply Decl. at 15 ███████████████████████████████
21  ███████████████████████████████████████████ (citing Noll Report
22  at 45); Ex. 2, Noll Tr. at 84:14-85:1 ████████████████████████████████████

25  █████████████; *see also generally* Ex. 2, Noll Tr. at 84-111; Ex. 1, Noll
    Reply Decl. at 24-39.

26  [11]    *See* Ex. 1, Noll Reply Decl. at 21-22.

27  [12]    *See* Ex. 2, Noll Tr. at 99:17-109:3.

1    Apple's second, fourth and fifth bullet points are irrelevant. While they are not accurate

2    characterizations of Professor Noll's testimony in context, they also do not attack the suitability of

3    his preliminary regression for class certification purposes and should not be considered as

4    "supplemental objections."

5    In the second, fourth and fifth bullet points, Apple cherry-picks quotes from pages 87

6    through 92 of Professor Noll's deposition and equivocally alleges that he "does not know whether

7    his model contains specification errors . . . that *could* bias the results" (bullet 2), "the results of his

8    model *may* reflect a 'spurious correlation'" (bullet 4) and that Professor Noll "thus cannot draw 'any

9    causal inferences from that regression'" (bullet 5). Dkt. No. 582 at 2-3. These quotes however,

10   when put in the context of the surrounding questioning, stand for a far more limited and different

11   proposition than what Apple cites them for. Put simply, from pages 83 through 96 of his deposition,

12   Professor Noll showed that he took a variety of price changes into consideration, including those

13   price changes near the time Harmony was released.[13] Then, in response to a number of questions,

14   Professor Noll testified that a change in circumstances surrounding a price change could affect his

15   model's inputs, which in turn could affect the model's outputs.[14] Finally, Apple's counsel asks

16   Professor Noll if mistakenly interpreting an input could affect the output of a model, and Professor

17   Noll agreed it could.[15] This is the actual meaning of Professor Noll's testimony from pages 83

18   through 96. There is simply no basis in this testimony to exclude Professor Noll's opinions

19   regarding class certification.

20

21   _____

22   [13]    Ex. 2, Noll Tr. at 83:25-85:1 ████████████████████████████

23   ████████████████████████████████████████████████████████████████

24   ████████████████████████████████████████████████████████████████

25   █████████████████████████████ A: "Of course . . . ."); *see generally id.* at 89:11-94:6.

26   [14]    *See* Ex. 2, Noll Tr. 85:2-89:10.

27   [15]    *See* Ex. 2, Noll Tr. at 88:18-96:6.

28

## II.    APPLE'S OBJECTIONS VIOLATE LOCAL RULE 7-3(d)(1)

The Court must also reject Apple's brief under Local Rule 7-3(d)(1).  Local Rule 7-3(d)(1) reads:  "If new evidence has been submitted in the reply, the opposing party may file within 7 days after the reply is filed, an Objection to Reply Evidence . . . which may not include further argument on the motion."

First, Apple's brief constitutes "further argument" on class certification, which was already fully briefed according to the Court's briefing schedule.[16]  By objecting to Professor Noll's testimony regarding his report, Apple is just extending its class certification briefing without giving Plaintiffs a chance to respond.  This flies in the face of the rule and clearly is "further argument on the motion" that should be ignored by the Court.  L.R. 7-3(d)(1).  Second, the combined total of Apple's objections and supplemental objections "exceeds five pages" in violation of the rule.  *Id.*

## III.    CONCLUSION

As Professor Noll made clear at his deposition, his model was intended to "answer[] an assertion that Dr. Burtis made and [Apple] made in [Apple's] opposition brief in which [Apple] said these regressions can't be done.  And this is proof they can be done."[17]  Apple's purported "supplemental objections" are directed towards a full-blown merits analysis rather than class certification, and taken alone are so inaccurate that they have the effect to mislead the Court.

Because of this and the other above reasons, the Court should reject Apple's Objections to Plaintiffs' Evidence Filed in Support of Reply in Support of Plaintiffs' Renewed Motion for Class Certification (Dkt. No. 572) and Apple's Supplemental Objections.

---

[16]    *See* Dkt. No. 392, Stipulation and Order Rescheduling Direct Plaintiffs' Motion for Class Certification and Defendant's Motion for Summary Judgment, at 2 ("Reply Briefs for both [the summary judgment and class certification motions] shall be filed on or before March 28, 2011."); *see also* Dkt. No. 605.

[17]    *See* Ex. 2, Noll Tr. at 94:1-5.

1    DATED: April 15, 2011

                                         Respectfully submitted,

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
CARMEN A. MEDICI


                     s/ Carmen A. Medici
                     CARMEN A. MEDICI

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

PLTFS' OPPO TO APPLE'S SUPP OBJECTIONS TO REPLY DEC OF ROGER G. NOLL AND
SUPPLEMENTAL OPPOSITION TO CLASS CERTIFICATION MOTION - C-05-00037-JW(HRL)    - 6 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

PLTFS' OPPO TO APPLE'S SUPP OBJECTIONS TO REPLY DEC OF ROGER G. NOLL AND
SUPPLEMENTAL OPPOSITION TO CLASS CERTIFICATION MOTION - C-05-00037-JW(HRL)     - 7 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 15, 2011.

s/ Carmen A. Medici
CARMEN A. MEDICI

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:        cmedici@rgrdlaw.com

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)