ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Lead Case No. C-05-00037-JW(HRL) <br><br> CLASS ACTION <br><br> REPLY MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO EXCLUDE THE OPINIONS OF DEFENDANT'S EXPERT, DR. MICHELLE M. BURTIS, Ph.D. |
|---|---|---|
| This Document Relates To: <br><br> ALL ACTIONS. | | |

JUDGE:  Hon. James Ware
DATE:   May 2, 2011
TIME:   9:00 a.m.
CTRM:   8, 4th Floor

**[REDACTED]**

619238_1

## I. INTRODUCTION

In opposition to Plaintiffs' Motion to Exclude the Opinions of Defendant's Expert Dr. Michelle M. Burtis, Ph.D. ("Motion to Exclude" or "Pltfs' Mem.") (Dkt. No. 554), Apple glaringly fails to respond to the issues Plaintiffs raised in their motion. Instead, Apple attempts to use the opposition to back-door a supplemental report of Dr. Burtis in opposition to Plaintiffs' motion for class certification, and provides yet another set of objections to Plaintiffs' expert's opinions on the eve of the Court's scheduled hearing.[1] For the reasons set forth below and in Plaintiffs' Notice of Motion and Motion to Strike the Supplemental Expert Report of Dr. Michelle M. Burtis, Ph.D. ("Motion to Strike") (Dkt. No. 605), and Plaintiffs' Opposition to Apple's Supplemental Objections to Reply Declaration of Roger G. Noll and Supplemental Opposition to Class Certification Motion ("Opposition to Supplemental Objections") (Dkt. No. 608), filed on April 15, 2011, Apple's additional attacks on Professor Noll's opinions are unavailing, and completely irrelevant to the issues raised in Plaintiffs' Motion to Exclude.

## II. ARGUMENT

### A. Apple Does Not Rebut Dr. Burtis's Complete Lack of Preparation, Evidentiary Basis for Her Opinions, or Analysis

Plaintiffs based their motion to exclude Dr. Burtis's opinions largely on two grounds. First, in preparing her opinions, Dr. Burtis did not review the enormous quantity of information available to her from Apple or the information Professor Noll relied upon. Pltfs' Mem. at 3. Second, she did not opine on whether many of the legal issues in Plaintiffs' class certification motion could be proven through methods common to the class. Apple has rebutted neither basis of Plaintiffs' motion. *Id.* at 4.

As Plaintiffs noted in their opening brief, in preparing her February 28, 2011 report, it is undisputed that Dr. Burtis

---

[1] These are in addition to: Apple's Opposition to Renewed Motion for Class Certificaiton (Dkt. Nos. 512, 529), Expert Report of Dr. Michelle M. Burtis (Dkt. No. 511), Apple's Objections to Plaintiffs' Evidence Filed in Support of Plaintiffs' Renewed Motion for Class Certification (Dkt. No. 572) and Apple's Supplemental Objections to Reply Declaration of Roger C. Noll and Supplemental Opposition to Class Certification (Dkt. No. 582).

did not did not review ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, and she did not analyze in any way the databases produced by Apple. *Id.* She did not read the deposition transcripts of any of the named Plaintiffs in this case. [Dkt. No. 555, Declaration of Alexandra S. Bernay in Support of Plaintiffs' Motion to Exclude the Opinions of Defendant's Expert Dr. Michelle M. Burtis, Ph.D. ("Bernay Decl.")], Ex. 1 (Burtis Depo. at 27:14-16). She also admitted she did not review the documents identified by Professor Noll in the Appendix to his report in reaching her conclusions. *Id.*, Ex. 1 (Burtis Depo. at 30:2-33:16; 46:9-17). She further professed that she was unfamiliar with documents that demonstrate Plaintiffs' theory of liability in the case. *Id.* Critically, Dr. Burtis attempted no regression analysis, and performed no empirical analysis at all to test Professor Noll's proposed methodologies. *Id.*, Ex. 1 (Burtis Depo. at 35:6-11); *see generally id.*, Ex. 1 (Burtis Depo. 35:11-36:22). In fact, nobody working at Dr. Burtis' direction conducted any detailed analysis of the data sets in Professor Noll's report. *Id.*, Ex. 1 (Burtis Depo. at 33:11-16). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Bernay Decl., Ex. 1 (Burtis Depo. at 46:4-12). Nor did she conduct any analysis of whether and the extent to which Apple's share of the digital audio market changed during the time period that Harmony was working. *Id.*, Ex. 1 (Burtis Depo. at 117-21-118:3). Pltfs' Mem. at 3.[2]

In its Opposition, Apple only tangentially touches on two of these key flaws in Dr. Burtis's preparation. *See* Apple's Opposition to Motion to Exclude the Opinions of Defendant's Expert, Dr. Michelle M. Burtis, Ph.D. ("Def.'s Mem." or "Opposition") (Dkt. No. 580) at 8. First, Apple weakly argues that "she or her staff reviewed relevant documents." *Id.* In fact, the deposition testimony Apple relies on says otherwise. In response to questions regarding whether she reviewed any of the documents or data that Plaintiffs' experts relied on Dr. Burtis testified:

> A. ... I asked somebody to go through and look at them to see if there was anything in there of – you know, that was relevant or important to what I was doing.
>
> Q. And who was that somebody?
>
> A. That was Shiv.
>
> Q. And did he, in turn, recommend that you read any of those Noll materials?
>
> A. Not specifically, but – no, I don't really remem – I mean, I remember us talking about it. I think there's – there were some data somewhere that I remember us talking about, but there was nothing – there was nothing specific, no.

Bernay Decl., Ex. 1 at 30:22-31:9.

---

[2] Unless otherwise noted citations are omitted and emphasis is added.

The only other asserted flaw in Dr. Burtis's preparation that Apple even half-heartedly responds to is that Dr. Burtis ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████. Pltfs' Mem. at 3. All Apple can argue in response is that Dr. Burtis noted a slight dip in Apple's share price during Harmony's successful introductory promotion. Def.'s Mem. at 8. Apple's share price has little to do with an econometric analysis of changes in the digital audio market attributed to Harmony.

Other than those two exceedingly weak arguments, Apple does not – because it cannot – rebut the fact that Dr. Burtis's preparatory work in developing her opinions was so scant as to be virtually nonexistent. On this basis alone, Plaintiffs' motion should be granted.

Expert testimony is only admissible "if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, *and* (3) the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702. Given the paucity of Dr. Burtis's knowledge of the facts and data underlying the case and Professor Noll's opinions, her opinions are not "based upon sufficient facts or data," which could not have been applied "reliably to the facts of the case." *Id.* They should be excluded.

**B. Apple Concedes Numerous Common Issues with Regard to Class Certification**

Likewise, Apple affirmatively concedes that Dr. Burtis provided no opinions to rebut Professor Noll's about issues crucial to the class certification analysis, including:

> whether proof of the appropriate market definition is common to all class members; whether proof regarding Apple's relative share of the market for portable digital media players would be common to all class members; whether proof regarding the existence of barriers to entry in the market for portable digital media players would be common to all class members; whether proof regarding the existence of barriers to entry in the market for audio downloads would be common to all class members; whether proof regarding the costs Apple incurred to maintain technical incompatibility with competing products would be common to all class members; whether proof of whether Apple was justified in creating and maintaining technical compatibility because Apple's products "worked better" together than with competitors' products would be common to all class members; or whether proof regarding whether Apple was contractually obligated to disable the interoperability created by RealNetworks' Harmony would be common to all class members.

Pltfs' Mem. at 3-4.

Apple's only response is that Dr. Burtis was not required to opine on all issues. Def.'s Mem. at 9. While true in theory, it points out that Professor Noll's opinions as to all of these issues have not been rebutted and are thus conceded by Apple.[3] *Wofford v. Bonilla*, No. CIV-07-013-KEW, 2008 U.S. Dist. LEXIS 45833, at *2 (E.D. Okla. June 10, 2008) (granting motion to exclude where expert's qualifications were not challenged).

### C. Dr. Burtis's Qualifications Alone, Without a Review of the Pertinent Facts, Data, and Documents Are Irrelevant

Apple argues that Plaintiffs "do not challenge Dr. Burtis' expertise." Def.'s Mem. at 7. This ignores the grounds for Plaintiffs' challenge of Dr. Burtis's opinion and is thus, irrelevant. The fact that Dr. Burtis has a Ph.D. in economics and has had her opinions accepted in other federal courts[4] adds no weight whatsoever to whether her opinions should be admitted in this case.[5] Plaintiffs' basis for moving to exclude her testimony is that she has not shown any evidence of having adequately prepared to provide an opinion, other than simply reading Professor Noll's declaration and saying, in a vacuum, that what he proposes cannot be done. Even a highly qualified expert who opines without "sufficient facts or data" to allow for an informed opinion, should have that opinion rejected by the Court under the standard of Rule 702. Fed. R. Evid. 702.

---

[3] Given the number of critical issues Plaintiffs have thus shown are common to the class, certification should clearly be granted.

[4] Apple's repeated citation to Dr. Burtis's opinion in the indirect purchaser action is both irrelevant and telling. Def.'s Mem. at 3-4. Try as it might, Apple cannot tar Professor Noll with a report in a different case, by a completely different expert, based on a different legal theory, and an inherently different damages model. This tactic was unsuccessful in Apple's earlier motion to decertify and is no more persuasive this time.

[5] Apple certainly does not appear to be arguing that Professor Noll's far superior academic achievement and much more substantial experience in providing opinions in federal court and other settings means that his opinion should be given greater weight.

### D. Apple's Additional Attacks on Professor Noll's Opinions Are Irrelevant to Plaintiffs' Motion to Exclude Dr. Burtis and Are Unavailing

Since Apple is forced to concede the points Plaintiffs assert in support of their motion to exclude, it spends most of its "Opposition" trying to insert into the record further argument in support of its opposition to Plaintiffs' Motion for Class Certification.

As stated more fully in the Motion to Strike (Dkt. No. 605), incorporated herein by reference, Apple attempts to cure the fact that it filed a baseless expert report by submitting another expert report purportedly under the guise of opposing Plaintiffs' motion to exclude. This is clearly improper. *See Plumley v. Mockett*, No. CV 04-2868-GHK (Ex), 2010 U.S. Dist. LEXIS 57254, at *6 (C.D. Cal. May 26, 2010) ("Although Rule 26(e) obliges a party to 'supplement or correct' its disclosures upon information later acquired, this 'does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset). To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . .'"); *see also id.* (To allow this "pattern of behavior 'would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines.'").

Apple is clearly submitting this supplemental expert report in support of its opposition to class certification, giving it the last word, in direct contravention of the Court's scheduling order for class certification. Plaintiffs have had no opportunity to examine Dr. Burtis on her opinions or their bases, or for Plaintiffs' experts to evaluate them and respond. For the reasons set forth in the Motion to Strike, the Expert Report of Dr. Michelle M. Burtis in Support of Apple, Inc.'s Opposition to Plaintiffs' Motion to Exclude ("Burtis Supplemental Report") (Dkt. No. 580-1) should be excluded as well.

Apple will likely argue that it was justified in filing an additional expert report to counter the preliminary regression analysis Professor Noll set forth in his March 28, 2011 report. This argument fails for two reasons. First, Professor Noll's declaration, submitted January 18, 2011, did not contain a complete preliminary regression analysis solely due to Apple's own discovery misconduct. *See,*

*e.g.*, Dkt. No. 488, Declaration of Roger G. Noll at 14-19. Apple's failure to produce data critical to Plaintiffs' experts is the subject of a pending motion to compel (Dkt. Nos. 556, 589) and has been an ongoing and serious issue in this litigation.[6] Second, as Plaintiffs have repeatedly explained, a full-blown damage analysis is not required at class certification. *See* Dkt. Nos. 550, 566, Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification at 3-5; *see also* Dkt. Nos. 486, 532, Plaintiffs' Notice of Motion and Renewed Motion for Class Certification and Appointment of Lead Class Counsel at 18-21. Thus, Dr. Burtis's analysis at this point in the case is unnecessary, regardless of the context, and at any rate, has no bearing on Plaintiffs' motion to exclude that is at issue here.

In both its Opposition and the Burtis Supplemental Report, Apple also uses out-of-context and misleading sound bites from Professor Noll's deposition. Def.'s Mem. at 1, 2, 10-11; *see also* Burtis Supplemental Report at 2 n.5-n.6, 4 n.11-n.18 (where Dr. Burtis attacks Professor Noll for not submitting a complete damages regression analysis despite knowing that Professor Noll only intended- and did -prove that a regression analysis could be done). Dkt. No. 609, Ex. 2 at 94:1-5; Dkt. Nos. 551, 567, Reply Declaration of Roger G. Noll at 39); Burtis Supplemental Report at 3 & n.8-n.10 (where Dr. Burtis uses quotes that show Professor Noll has not finished his final regression as evidence a regression is not possible). Plaintiffs thoroughly rebut these quotes in their Opposition to Supplemental Objections (Dkt. No. 608), incorporated by reference herewith. At any rate, none of Apple's cherry-picked proof texts is relevant to whether Dr. Burtis's opinions are adequately supported by her review of any facts, data or documents from this litigation – the only matter at issue in this motion.

---

[6] *See* Dkt. No. 567 at 29-34; Dkt. No. 609, Declaration of Carmen A. Medici in Support of Plaintiffs' Opposition to Apple's Supplemental Objections to Reply Declaration of Roger G. Noll and Supplemental Opposition to Class Certification Motion, Ex. 2 at 9:16-23. Apple's dilatory tactics are further detailed in the Declaration of Alexandra S. Bernay in Support of Plaintiffs' Motion to Compel Production of Data, pending before the Court (Dkt. No. 557).

### III. CONCLUSION

Apple does not effectively challenge the grounds for Plaintiffs' motion to exclude Dr. Burtis's opinions. It cannot show that she adequately prepared for her report by familiarizing herself with the documents and data that Apple could have easily provided her, and that Professor Noll relied on in forming his opinions. Apple's attempt to cure this insufficiency by slipping in an 11th-hour Burtis "Supplemental" Report, purportedly in opposition to this motion, but actually in support of its class certification opposition, is both procedurally and tactically incorrect. Plaintiffs cannot test Dr. Burtis's "new and improved" opinions either through deposition or through supplemental briefing and expert analysis. Apple's sound bites to undermine Professor Noll's opinions are likewise misleading, unavailing and irrelevant to this motion to exclude Dr. Burtis's opinions. For the reasons stated herein and in Plaintiffs' earlier-filed Motion to Strike and Opposition to Supplemental Objections, Plaintiffs' Motion to Exclude should be granted.

DATED: April 17, 2011

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
CARMEN A. MEDICI


            s/ Thomas R. Merrick
THOMAS R. MERRICK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

| | |
|---|---|
| 1 | ANDREW S. FRIEDMAN |
| | FRANCIS J. BALINT, JR. |
| 2 | ELAINE A. RYAN |
| | TODD D. CARPENTER |
| 3 | 2901 N. Central Avenue, Suite 1000 |
| | Phoenix, AZ 85012 |
| 4 | Telephone: 602/274-1100 |
| | 602/274-1199 (fax) |
| 5 | |
| | BRAUN LAW GROUP, P.C. |
| 6 | MICHAEL D. BRAUN |
| | 10680 West Pico Blvd., Suite 280 |
| 7 | Los Angeles, CA 90064 |
| | Telephone: 310/836-6000 |
| 8 | 310/836-6010 (fax) |
| 9 | MURRAY, FRANK & SAILER LLP |
| | BRIAN P. MURRAY |
| 10 | JACQUELINE SAILER |
| | 275 Madison Avenue, Suite 801 |
| 11 | New York, NY 10016 |
| | Telephone: 212/682-1818 |
| 12 | 212/682-1892 (fax) |
| 13 | GLANCY BINKOW & GOLDBERG LLP |
| | MICHAEL GOLDBERG |
| 14 | 1801 Avenue of the Stars, Suite 311 |
| | Los Angeles, CA 90067 |
| 15 | Telephone: 310/201-9150 |
| | 310/201-9160 (fax) |
| 16 | |
| | Additional Counsel for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 17, 2011.

                 s/ Thomas R. Merrick
                 THOMAS R. MERRICK

ROBBINS GELLER RUDMAN
         & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:      tmerrick@rgrdlaw.com

619238_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**

bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)