ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-JW(HRL) <br> <u>CLASS ACTION</u> |
| ) <br> This Document Relates To: ) ) <br> ALL ACTIONS. ) ) | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF DATA <br><br> JUDGE: Hon. Howard R. Lloyd <br> DATE: May 3, 2011 <br> TIME: 10:00 a.m. <br> CTRM: 2, 5th Floor |

**[REDACTED]**

619586_1

## I. INTRODUCTION

After months of delay, and only after Plaintiffs' motion to compel was filed, did Apple appear to produce the data that is the subject of Plaintiffs' motion to compel. This data was produced after the deadline for filing Plaintiffs' expert report in support of class certification despite the fact that Apple has known *for years* that this data is important for Plaintiffs' expert to use in his report. Because this data was produced only after Plaintiffs filed a motion to compel and because Apple has no legitimate excuse for its delay, Rule 37 of the Federal Rules of Civil Procedure requires Apple to pay Plaintiffs' costs incurred in writing the motion to compel.

On April 1, 2011, just days after Plaintiffs went through the time and expense of filing a motion to compel, Apple suddenly found a source for ▬▬▬▬▬▬▬▬▬▬ that had been the subject of repeated and extensive requests. *See* Declaration of Alexandra S. Bernay in Support of Plaintiffs' Reply Memorandum in Support of Motion to Compel Production of Data ("Reply Bernay Declaration") filed concurrently, ¶6. In fact, as Apple admits in its opposition, the data produced on April 1, 2011, was still incomplete and corrected data had to be produced April 11, 2011. *See* Apple's Opposition to Motion to Compel ("Def.'s Mem.") at 3.

Though Apple contends Plaintiffs' motion is moot, it is not for two independent reasons: First, Apple still has not answered all the questions necessary to make the data useful for Plaintiffs' experts; and second, Plaintiffs are entitled to costs.

Apple's unwarranted delay and needless foot-dragging is precisely the type of conduct Rule 37 is meant to deter. Under Rule 37(a)(5)(A):

> If the motion [to compel] is granted–*or if the disclosure or requested discovery is provided after the motion was filed–the court must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to *pay the movant's reasonable expenses incurred in making the motion, including attorney's fees*.[1]

---

[1] Plaintiffs are not required to detail fees and expenses from their opening motion to compel in that motion. "[B]ecause Rule 37(a)(5)(A) provides for attorneys' fees and expenses 'incurred in making the motion [to compel],' it would be impossible to include the requested amount in the notice of motion to compel." *ATM Express, Inc. v. ATM Express, Inc.*, No. 07cv1293-L(RBB), 2008 U.S. Dist. LEXIS 94924, at *4-*5 (S.D. Cal. Nov. 21, 2008).

619586_1    PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PRODUCTION OF
DATA - C-05-00037-JW(HRL)                                                                                              - 1 -

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).

## II. HISTORY OF DATA ISSUES

As detailed extensively in the Reply Bernay Declaration, Plaintiffs sought ▌▌▌▌▌ ▌▌▌▌▌ for years in this case. *See* Reply Bernay Declaration, ¶¶3, 5. Finally, in mid-December 2010, ▌▌▌▌▌▌▌▌▌▌▌▌▌▌▌. *See* Dkt. Nos. 557, 590, Declaration of Alexandra S. Bernay in Support of Plaintiffs' Motion to Compel Production of Data ("Bernay Declaration"), ¶4. This data had a number of errors, which were corrected on January 6, 2011. *Id.* Additionally, this data was missing transactions for the period October 2001 through August 2002. *Id.*, ¶6. Apple told Plaintiffs in early January 2011 that this data might reside in archives. *Id.*, ¶4. Since February 2011 Plaintiffs have worked tirelessly to get data for the earlier period. Plaintiffs sent more than ten emails and had numerous meet and confers with Apple regarding the earlier period data. *See id.*, ¶¶5-15. In fact, Plaintiffs specifically held off filing an already-drafted motion to compel based on Apple's indication that perhaps the data requested existed in other, non-archived databases. *Id.*, ¶12. Plaintiffs sought repeatedly to get updates following this indication from Apple that the data might be available from a non-archived source, but heard nothing for more than a week. *Id.*, ¶13. Of course, at the same time, the March 28, 2011 deadline for Plaintiffs' expert report was drawing near. Further emails followed and nothing was heard from Apple until April 1, 2011, **three days after** Plaintiffs filed their reply memorandum in support of class certification, the report of Professor Roger G. Noll and the motion to compel. Reply Bernay Declaration, ¶6. This data had, as Apple admits, certain issues that needed to be corrected. *See* Def.'s Mem. at 3. Corrected data was received April 11, 2011. *Id.* Plaintiffs still have questions regarding certain issues with the data and have followed up with Apple regarding those issues. Reply Bernay Declaration, ¶6.

The timing of Apple's production, just days after Plaintiffs' filings were due, coupled with the deliberate and dilatory tactics of Apple, including the repeated failure to respond to multiple emails requesting a status report as well as vague claims of burden, demonstrate Apple has no justifications contemplated under Rule 37 and must pay Plaintiffs' costs, including attorneys' fees related to the motion to compel. Indeed, these facts evince "strong scents of noncompliance and evasive conduct. Plaintiff continually requested information and Defendants did not provide it,

forcing Plaintiff to expend time and money filing motions. Only after Plaintiff filed motions did Defendants produce these documents. This is exactly the type of behavior contemplated by Rule 37's fee-shifting provision." *Lorillard Tobacco Co. v. Elston Self Serv. Wholesale Groceries*, 259 F.R.D. 323, 328 (N.D. Ill. 2009).

### III.  RELIEF REQUESTED

Plaintiffs here submit contemporaneous billing and expense records detailing the reasonable time spent drafting and filing the motion to compel. These records demonstrate that attorney Alexandra Bernay spent eight hours drafting the motion to compel and supporting declaration. Reply Bernay Declaration, ¶7, Ex. 1. Ms. Bernay bills at $550.00 per hour. *Id.*, ¶7. Copy costs and attorney service fees are also detailed in the Bernay Reply Declaration. *Id.*, ¶8, Ex. 2. These figures are reasonable and should be awarded. This is so because "litigation is costly for both sides, and when a party is compelled to waste time seeking to compel disclosures which should have been forthcoming, the law provides that sanctions ***shall*** be imposed to reimburse the innocent party when the defaulting party has not interposed a justifiable reason for not timely responding." *Villalpando v. Citrus Heights Police Dep't*, No. CIV S-08-2130 LKK GGH, 2009 U.S. Dist. LEXIS 130548, at *5-*6 (E.D. Cal. July 6, 2009) (emphasis in original).

### IV.  CONCLUSION

For the foregoing reasons, Plaintiffs request an order compelling Apple to respond to questions regarding the newly produced data and to pay Plaintiffs' reasonable costs associated with the filing of the motion to compel, including attorneys' fees.

DATED: April 19, 2011                    Respectfully submitted,

                                                        ROBBINS GELLER RUDMAN
                                                          &DOWD LLP
                                                        JOHN J. STOIA, JR.
                                                        BONNY E. SWEENEY
                                                        THOMAS R. MERRICK
                                                        ALEXANDRA S. BERNAY
                                                        CARMEN A. MEDICI

                                                                     s/ Alexandra S. Bernay
                                                        ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 19, 2011.

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: xanb@rgrdlaw.com

619586_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,pjohnson@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)