\*\* E-filed May 6, 2011 \*\*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION, | No. C05-00037 JW (HRL) |
| | **ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DATA AND DENYING PLAINTIFFS' REQUEST FOR FEES AND COSTS** |
| _____/ | [Re: Docket No. 556] |

Plaintiffs in this class action are purchasers of Apple, Inc.'s ("Apple") iPods and of digital music files from Apple's iTunes Store who allege that Apple unlawfully maintained duel monopolies in the markets for portable digital media players and digital audio downloads by using pretextual updates to its FairPlay DRM and other software that were intended to, and had the effect of, excluding competitors from these markets. See Docket No. 322.

On March 29, 2011, Plaintiffs filed a motion to compel the production of certain reseller data. Docket No. 556. The parties had been negotiating over the production of this data for some time. See id. at 4-5. On April 1, 2011, Apple produced the requested data. Docket No. 585 at 3. It produced corrected data on April 11, 2011. Id.

At oral argument, the parties agreed that Apple has produced the data at issue in Plaintiffs' motion to compel. Apple also represented that Plaintiffs' questions about that data, to the extent they have any, will be answered promptly, and the Court expects as much. Thus, Plaintiffs' motion to compel the production of data is DENIED as moot.

In their reply brief, though, Plaintiffs' say that, under Federal Rule of Civil Procedure 37, they are entitled to their reasonable expenses incurred in making their motion. Docket No. 613 at 1-2. Rule 37 states:

> If [a] motion is granted — or if the disclosure or requested discovery is provided after the motion was filed — the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

In addition to the fact that Plaintiffs' request for fees and costs was raised for the first time in their reply brief,[1] Plaintiffs' request will not be granted because Apple's failure to produce the data sooner appears to be substantially justified. At the motion hearing, Apple plausibly explained that it believed that the data sought by Plaintiffs only existed in a location from which it would have been extremely costly to extract. In order to avoid unnecessary expense, Apple looked for the data in other locations from which extraction would be cheaper. After Plaintiffs' filed their motion to compel, Apple located the data in such a location, and produced it forthwith. Plaintiffs suggest that Apple purposefully delayed its search for improper reasons, but this suggestion is unpersuasively conclusory. Plaintiffs' request for attorney's fees and costs is DENIED.

**IT IS SO ORDERED.**

Dated: May 6, 2011

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] This District's civil local rules require that when, in connection with a dispute about disclosure or discovery, a party moves for an award of attorney fees or other form of sanction under Rule 37, the motion must be separately filed and noticed for hearing in accordance with Civil Local Rule 7-2. See Civ. L.R. 7-8, 37-4. Plaintiffs did not adhere to these rules, which deprived Apple of an opportunity to present its side of the story until the motion hearing.

**C05-00037 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Alexandra Senya Bernay | xanb@rgrdlaw.com |
| Alreen Haeggquist | alreenh@zhlaw.com, judyj@zhlaw.com |
| Andrew S. Friedman | afriedman@bffb.com, khonecker@bffb.com, rcreech@bffb.com |
| Bonny E. Sweeney | bonnys@rgrdlaw.com, christinas@rgrdlaw.com, E_file_sd@rgrdlaw.com |
| Brian P Murray | bmurray@murrayfrank.com |
| Carmen Anthony Medici | cmedici@rgrdlaw.com, slandry@rgrdlaw.com |
| Caroline Nason Mitchell | cnmitchell@jonesday.com, ewallace@jonesday.com, mlandsborough@jonesday.com |
| Craig Ellsworth Stewart | cestewart@jonesday.com, mlandsborough@jonesday.com |
| David Craig Kiernan | dkiernan@jonesday.com, lwong@jonesday.com |
| Elaine A. Ryan | eryan@bffb.com, nserden@bffb.com |
| Francis Joseph Balint, Jr | fbalint@bffb.com |
| George A. Riley | griley@omm.com, cchiu@omm.com, lperez@omm.com |
| Helen I. Zeldes | helenz@zhlaw.com |
| Jacqueline Sailer | jsailer@murrayfrank.com |
| John J. Stoia , Jr | jstoia@rgrdlaw.com |
| Michael D Braun | service@braunlawgroup.com |
| Michael D. Braun | service@braunlawgroup.com, clc@braunlawgroup.com |
| Michael Tedder Scott | michaelscott@jonesday.com, amhoward@jonesday.com |
| Robert Allan Mittelstaedt | ramittelstaedt@jonesday.com, mlandsborough@jonesday.com |
| Roy Arie Katriel | rak@katriellaw.com, rk618@aol.com |
| Thomas J. Kennedy | tkennedy@murrayfrank.com |
| Thomas Robert Merrick | tmerrick@rgrdlaw.com, e_file_sd@rgrdlaw.com, e_file_sf@rgrdlaw.com |
| Todd David Carpenter | tcarpenter@bffb.com, pjohnson@bffb.com, rcreech@bffb.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

3