Pages 1 - 14

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Howard R. Lloyd, Magistrate Judge

```
                              )
                              )
 "The Apple iPod iTunes Anti- )   No. C05-00037 JW
 Trust Litigation."           )
                              )
                              )
                              )
                              )
                              )
                              )
_____   )
```

San Jose, California
Tuesday, May 3, 2011

**TRANSCRIPT OF PROCEEDINGS OF THE OFFICIAL ELECTRONIC SOUND
RECORDING**

**APPEARANCES:**

For Plaintiff:

    Robbins Geller Rudman and Dowd LLP
    655 W Broadway, Suite 1900
    San Diego, CA 92101
    **BY: ALEXANDRA SENYA BERNAY (via telephone)
    ATTORNEY AT LAW**

For Defendant:

    Jones Day
    555 California Street, 26th Floor
    San Francisco, CA 94104
    **BY: DAVID CRAIG KIERNAN (via telephone)
    ATTORNEY AT LAW**

Transcribed By:    Stacy Wegner
    Transcriber
    smwtyping@yahoo.com
    (859) 539-2802

1  Tuesday, May 3, 2011                                    10:08 a.m.

2

3            THE COURT:  Okay.  Apple iPod iTunes Anti-Trust

4  Litigation.  Do we have anybody on the phone?

5            THE CLERK:  Yes.

6            THE COURT:  We do?

7            THE CLERK:  (Inaudible).

8            THE COURT:  Where are they?

9            MS. BERNAY:  Good morning, Your Honor.

10           THE COURT:  Ah.

11           MS. BERNAY:  Alexandra Bernay for Plaintiff.

12           MR. KIERNAN:  And David Kiernan for Defendant,

13  Apple.

14           THE COURT:  Hi, Ms. Bernay.  Hi, Mr. Kiernan.

15           Mr. Kiernan, I can barely hear you.  Speak louder

16  or do something with your phone.

17           MR. KIERNAN:  How is this, Your Honor?

18           THE COURT:  That's -- that's better.  That's

19  better.  And listen, I really hate doing these telephone

20  conference calls, although, I'm the one that let you --

21  suggested it to let you save the trip, but don't interrupt

22  when someone else is talking because the net result is that I

23  would not be able to hear either one of you.

24           This is a motion to compel production of data.  I

25  am told that both sides agree that the data has been

1  produced, and we're here today because of some leftover

2  issues, one being the Plaintiff's cost of bring the motion on

3  the theory that -- that they shouldn't have had to bring the

4  motion if Apple had acted with more promptness.

5           And the other issue is that or -- or issue or

6  issues -- appears to be that the Plaintiff needs -- needs, or

7  at least needed at the time the motion was filed, responses

8  to certain questions on how to use or apply or interpret the

9  data, which was produced by Apple.

10           Let's take the second first.  Ms. Bernay, have your

11  questions been answered?

12      **MS. BERNAY:**  Well, just yesterday, in fact, we

13  received an additional, I believe, what we're referring to as

14  a corrected production, and it was a very large multi-file --

15  I think there were over two million individual entries.

16           So I think it would be too hasty to say that we've

17  received responses to our questions, since we have now

18  received this large corrected database, and we got that

19  yesterday.

20           So I -- I believe that we still have -- will have a

21  number of questions as soon as our experts are able to look

22  over that data.

23      **THE COURT:**  So yesterday you got two million more

24  documents; is that what you're telling me?

25      **MS. BERNAY:**  Well, I believe what it is is actually

1  a corrected --

2          **THE COURT:**  Oh.

3          **MS. BERNAY:**  -- database that includes sort of all

4  of our previous quest -- questions, and it has data going

5  back from October 2001 to 2010, but frankly, at this point, I

6  -- I don't know what is completely encompassed.  I do know

7  that there's, I believe, two million different transactions

8  that -- or data points that are on these massive Excel

9  spreadsheets.

10         **THE COURT:**  All right.  So you're telling me that

11 since you just received this data yesterday, your expert has

12 not yet had time to digest it or to assess whether or not

13 it's in a form what -- that he or she can use; is that --

14         **MS. BERNAY:**  That's --

15         **THE COURT:**  -- correct?

16         **MS. BERNAY:**  That's exactly right, Your Honor.

17         **THE COURT:**  So why am I here this morning talking

18 to you people?

19         **MS. BERNAY:**  You're here this morning because we

20 were forced to file this motion because Apple had continually

21 delayed producing this data.  In fact, we've been asking for

22 this data since December of 2009.

23         And under the rules, we believe, that 37(a)(5)

24 requires that if requested discovery is produced after the

25 motion is filed, a court must require the party whose conduct

1    necessitated the motion to pay the Movant's responsible

2    expenses incurred in making the motion.

3             **THE COURT:**  I --

4             **MS. BERNAY:**  And --

5             **THE COURT:**  I'm aware -- I'm aware of that rule.

6    There are some exceptions.  There are some provisos, as well,

7    which I'm sure Apple would say apply.  Mr. Kiernan --

8             **MR. KIERNAN:**  Yes.

9             **THE COURT:**  -- why yesterday does a corrected

10   database get produced, which is suggested that something had

11   been produced earlier, which wasn't correct?

12            **MR. KIERNAN:**  Yes, Your Honor.  And if -- if I can

13   take a moment to clarify the data and what the subject of the

14   motion to compel was?

15            The motion to compel filed by Plaintiff sought

16   transaction data for the 2001 to 2002 period.  Apple produced

17   that data first on April 1st, 2011, when it discovered the

18   data in an alternative source.

19            Plaintiffs had questions with respect to that file

20   that I produced on the -- April 1st.  I produced a corrected

21   file on April 11, 2011.

22            Plaintiffs sent me an email with three questions

23   regarding that data set, covering 44 transactions out of

24   approximately 10,000 transactions.

25            I responded three days later with an email that

1    answered each one of those questions, and also stated to

2    Plaintiff's counsel in the email, "Based on the below, there

3    are no issues with respect to the revised October 1 to

4    September 2002 data set that I had produced on April 11th."

5    And again, Your Honor, that is the data that was the subject

6    of the motion to compel.

7            Since April 17th, 2011, Plaintiffs have not sent me

8    or called me or contacted me with any questions, concerns or

9    other issues with respect to the October 2001 to September

10   2002 data set that Apple produced on -- on April 11.  And I -

11   - we believe, Your Honor, that's because there are no issues

12   with that data.

13           Now, Plaintiffs had questions -- and this is where

14   the confusion is with respect to what Ms. Bernay was

15   describing.  Plaintiffs had questions with respect to the

16   reseller transaction data covering the time period September

17   2002 to the present.

18           That data set was not the subject of the motion to

19   compel, but let -- put that aside for the moment.  We

20   produced that data, for example, before the discovery

21   deadline.  And then we produced a revised data set in, I

22   think, the first or second week of January.

23           Plaintiff's expert had various questions with

24   respect to the data, and rather than going through each

25   transaction and answering the questions, I asked Apple to

1  repull the transaction data for that -- what is it -- six- or

2  seven-year period to resolve all outstanding questions.

3     Yesterday I provided that updated file.  It's a

4  file that answers, you know, questions with respect to

5  transactions to non-resellers and duplicate records.  It

6  basically revised the data that was produced in January.  But

7  again, Your Honor, that data set was not the subject of the

8  motion to compel.

9     But Apple has been, throughout this process, worked

10  cooperatively with Plaintiff's experts when they've had

11  questions about the data interpretations.  We've received the

12  questions -- I might add, over 100 questions.  I think it's

13  now over a 150 questions with respect to various data sets

14  that Apple produced in this case, and Apple continues to

15  provide answers to Plaintiffs, specifically to their experts.

16     So that's the -- what the data was yesterday was

17  not data that was subject to the motion to compel.  It was

18  the data set that had been previously produced that

19  Plaintiff's experts had questions about.

20     **THE COURT**:  All right.  Well, Mr. Kiernan -- Mr.

21  Kiernan, I'm not really too concerned at this point in the

22  litigation and at this point in this motion about whether or

23  not technically the -- the items that were of interest to the

24  Plaintiffs were the subject of the motion.

25     I'm just interested really in -- in -- in getting

1  the matter resolved in a way that the Plaintiffs get what

2  they're legitimately --

3      **MR. KIERNAN:**  Yes.

4      **THE COURT:**  -- entitled to have, and that Apple

5  isn't stonewalling them or hiding the ball and is -- and is

6  cooperating to give the Plaintiffs what they're reasonably

7  entitled to have, and -- and -- and that's all I care about.

8      And it strikes me that this is a motion that could

9  have been avoided.

10     **MR. KIERNAN:**  Well, Your Honor, we had -- and I

11  agree with that.  We continue to believe that the motion was

12  premature.  It was unnecessary.  We continued to work with

13  Plaintiffs responding to hun -- over -- like I said, over a

14  hundred questions with respect to the data that was produced

15  in the matter, and we continue to do so.

16     One thing -- I won't spend much -- much time on

17  this, but to put it in context, the data that's being

18  produced is -- is maintained in a relational database, one of

19  the largest SAP systems in the country.  It runs on the

20  largest IBM server available.  There are terabytes upon

21  terabytes of data.  It is very difficult to extract data from

22  these systems.

23     And notably, the data itself is not maintained for

24  litigation purposes.  It's maintained for business purposes.

25  And I raise that because one cannot just press a button to

1    produce the data requested by Plaintiffs.

2            It requires a lot of engineering time to come up

3    with the appropriate scripts to search and collect the data.

4    And then once the data is collected, extracted, produced,

5    there will be questions regarding what various fields are,

6    and there may be issues as there were in this case.  We

7    recognize that.

8            I think Plaintiff's expert -- during his

9    deposition, he said he recognized that.  And Apple, since day

10   one, has continued to cooperate to answer those questions and

11   issues, and we believe we've -- we've done so, whether it's

12   that first year data or the data that we produced yesterday.

13           And if Plaintiffs have additional questions with

14   respect to that data, we continue to be open and happy to

15   answer those questions and resolve any issues with respect to

16   any of those fields.

17           **THE COURT:**  Well, that's extremely important for me

18   to hear, Mr. Kiernan, because as Ms. Bernay indicates, she

19   doesn't yet know whether her expert is going to have further

20   questions about this amended or corrected or altered or

21   different --

22           **MR. KIERNAN:**  Yeah.

23           **THE COURT:**  -- data -- database that was produced

24   yesterday.  And I -- I want to urge you to make sure that any

25   responsible question is answered promptly and informally.

1    And if you two can't work out any further issues

2  that arise, I want you to do the following:  I want you to

3  have lead counsel, lead counsel for both sides meet in person

4  and attempt to work out any differences.

5    And if they cannot, I want them to submit a joint -

6  - underlined joint -- letter to the Court, not to exceed

7  three pages, telling the Court what the problem is, and I

8  will decide what to do next.

9    **MS. BERNAY:**  And Your Honor, if -- if I might, we

10  have some concerns just regarding the previous history.

11    When we had tried to, you know, wrap up some of the

12  questions regarding the earlier period data, Apple in fact,

13  told us we were abusing their goodwill, and in fact, a number

14  of questions were never answered that were posed.  So you

15  know, we do have some concerns.

16    You know, this data was actually produced after our

17  motion -- our reply in support of class certification and

18  after our expert's report were -- was due.  And that's really

19  where a -- a lot of the tension comes here.

20    You know, three days -- we'd been asking for it

21  more than a dozen times going back just to February of -- of

22  this year, more than a dozen requests where there were no

23  responses from Apple, and then three days after our motion

24  was filed, you know, Apple suddenly able to just find the

25  data.

1    And while they have been somewhat responsive in

2  certain cases, I am concerned, since I do have a previous

3  email basically saying they weren't going to answer any more

4  questions.

5    **MR. KIERNAN:**  Well --

6    **THE COURT:**  Well, you've just heard Mr. Kiernan say

7  they are, and you just heard me say I'm extremely interested

8  that they do.  And I also outlined a procedure for you to

9  follow if, indeed, they don't.

10    **MS. BERNAY:**  Okay.

11    **THE COURT:**  Is there anything else?

12    **MR. KIERNAN:**  Your Honor, the only remaining issue,

13  unless it has been decided, is an opportunity to respond to

14  the request for the attorneys' fees.

15    **THE COURT:**  Go ahead and do that.

16    **MR. KIERNAN:**  Yeah.  As an initial matter, the

17  request itself was improper because it was not pursuant to

18  Rule 30 -- Local Rule 37-4, set forth in a separate motion,

19  and therefore, in -- instead was included in a reply brief,

20  thus depriving Apple the opportunity to respond in writing to

21  the request for sanctions.

22    On that ground alone, it should be denied, but

23  putting that -- the -- the -- technical filing aside for the

24  moment, we do believe that the provisos of Rule 37 do apply

25  here.  That the motion was unnecessary and that there was

1    justification for the inability to produce the data before

2    the motion was filed.

3            First, as I noted before, the motion was

4    unnecessary because the parties were meeting and conferring

5    over finding an alternative source of data instead of being

6    required to go to archives, which would have cost several

7    hundreds of thousands of dollars, and that was right up until

8    Plaintiffs filed their motion to compel.

9            Had Plaintiffs held off on filing the motion to

10   compel, just three days later we discovered the data and we

11   produced the data.  Right before they filed, I explained to

12   Ms. Bernay that we were still invest -- investigating

13   alternative sources for that reseller transaction data.

14            In addition, with respect to being unable to

15   produce beforehand, Your Honor, Apple had believed that the

16   data for that first year only existed in archives, yet they

17   continued to look.  They discovered the data.  The moment

18   they discovered it, they produced it to the other side.

19            And then finally, Your Honor, as I explained, Apple

20   has been cooperating with Plaintiffs throughout the discovery

21   period and after the discovery period to answer questions

22   with respect to the data, to look for data that the experts

23   believe that they need, despite the fact that we are now four

24   months after the discovery period.

25            We have continued on a -- each time that they have

1    requested questions about the data that has been produced,

2    we've provided those answer.  We've spent a lot of time, a

3    lot of money providing those answers to -- to Plaintiffs.

4         And on those grounds, we believe that the request

5    for attorneys' fees are unwarranted and should be denied.

6         **THE COURT:**  Ms. Bernay, you can get the last word

7    on that.  Go ahead.

8         **MS. BERNAY:**  Thank you, Your Honor.  First, I would

9    like to explain regarding the procedural issue that

10   Plaintiffs are, in fact, not required to detail fees and

11   expenses from their opening motion to compel in that motion.

12        And that's because, of course, the Rule provides

13   for attorneys' fees and expenses actually incurred in making

14   the motion to compel.  Therefore, it would be impossible to

15   include the requested amount in the notice of the motion to

16   compel.

17        And there's a number of cases just on -- on that

18   point.  That we wouldn't have known how many hours, for

19   example, it would have taken me to write the motion in the

20   opening motion.  So that would address that point.

21        And then secondly, regarding, you know, Apple's

22   sort of (inaudible) justifications here.  In fact, we filed

23   the motion really after trying to work with Apple repeatedly.

24   We actually had a motion ready to go on March 10th.  Apple

25   asked us to hold off.  They were still looking.  We got very

1  few responses from them.  We were told vaguely that the --

2  the data may reside in archives, and on and on we waited and

3  waited.

4          I sent just in March alone, I believe, over seven

5  requests for a follow-up.  And once Apple, of course, knew

6  that we were running out of time and our brief had to be

7  filed, it was only after that that we actually received the

8  data.  And so it just doesn't seem like there's any -- there

9  was never any explanation regarding the specific amounts of

10 burden that were required.

11         And so we believe that none of the exceptions in

12 Rule 37(a)(5) apply.  They just have not shown that there was

13 a substantial justification.  Instead, they've just provided

14 various excuses.

15         So for those reasons, we believe that our

16 responsible request for attorneys' fees in this matter are --

17 are proper.

18         **THE COURT:**  All right.  I'm going to take the

19 matter under submission.  You'll get an order, hopefully, in

20 a few days.

21         **MS. BERNAY:**  Thank you very much, Your Honor.

22         **THE COURT:**  You're welcome.

23         **MR. KIERNAN:**  Thank you, Your Honor.

24         **THE COURT:**  Okay.  You're welcome.

25         (Proceedings adjourned at 10:27 a.m.)

**CERTIFICATE OF TRANSCRIBER**

I certify that the foregoing is a true and correct transcript, to the best of my ability, of the above pages of the official electronic sound recording provided to me by the U. S. District Court, Northern District of California, of the proceedings taken on the date and time previously stated in the above matter.

I further certify that I am neither counsel for, related to, nor employed by any of the parties to the action in which this hearing was taken; and, further, that I am not financially nor otherwise interested in the outcome of the action.

_____    5/11/11

Signature of Transcriber    Date