ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. C-05-00037-JW(HRL)<br><br>CLASS ACTION<br><br>SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFFS' RENEWED MOTION FOR CLASS CERTIFICATION AND RESPONSE TO COURT'S MAY 19, 2011 ORDER<br><br>JUDGE: Chief Judge James Ware<br>DATE: June 27, 2011<br>TIME: 9:00 a.m.<br>CTRM: 5 – 17th Floor |

627193_2

I.     INTRODUCTION

In the Court's May 19, 2011 Order, the Court requested further briefing regarding two issues related to Plaintiffs' class certification motion.[1] The Court asked the parties to file simultaneous supplemental briefs addressing "how the class should be defined and the length of the class period in light of the Court's ruling on Defendant's Motion for Summary Judgment." *Id.* at 15. The Court made clear in its ruling that "[b]ecause . . . there is a genuine issue of fact as to whether Plaintiffs can state a claim under the Sherman Act for iTunes 7.0, the Court's earlier findings that Plaintiffs' proposed class satisfies the requirements of Rule 23(a) and 23(b)(3) still stand."[2]

In accordance with the Court's May 19, 2011 and December 22, 2008 Orders, Plaintiffs propose the following class definition:

> **All persons or entities, including resellers, in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who purchased an iPod directly from Apple between September 12, 2006 and March 31, 2009 ("Class Period").**

A.     Class Definition

As Plaintiffs explained in their Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification ("Reply Mem."), the class properly includes all direct purchasers of iPods, including resellers.[3] Dkt. No. 566. As the Court has previously stated: "[T]he Court

---

[1] Dkt. No. 627 (Order Granting in Part and Denying in Part Defendant's Motion for Summary Judgment; Denying as Premature Plaintiffs' Motion for Class Certification ("May 19, 2011 Order")).

[2] *Id.* at 14 (citing Dkt. No. 196 (Order Granting Plaintiffs' Motion for Class Certification as to Count's Two, Three, Four, Five, Six and Seven Only and Appointing Class Counsel *Sua Sponte* Order Reconsidering Defendant's Motion to Dismiss Count One and Requiring Further Briefing ("December 22, 2008 Order") at 4-13)).

[3] Plaintiffs believe they have demonstrated that the named class representatives can properly represent all class members, including resellers. If the Court finds, however, that only a reseller can represent the resellers in the proposed class, a reseller can intervene in the action. *Wambheim v. J.C. Penney Co.*, No. C-75-2486-WTS, 1977 U.S. Dist. LEXIS 13852 (N.D. Cal. Sept. 22, 1977) (granting motion to intervene to represent subclass of workers). Plaintiffs Melanie Tucker and Mariana Rosen purchased iPods after September 12, 2006 and plainly have standing.

considered Defendant's contentions that resellers should be excluded from the class definition" and "included resellers in the certified class."[4]

As Plaintiffs detailed in their Reply Mem., resellers have always been included in the direct purchaser class definition.[5] Although Apple argued in opposition that Plaintiffs somehow waived the right to include resellers in the class definition, Apple's argument was unsupported and contrary to the clear record in this case. Reply Mem. at 10. Plaintiffs' expert, Professor Roger G. Noll, addressed in detail both kinds of direct purchasers in his January 18, 2011 declaration.[6] Plaintiffs have also diligently sought discovery as to resellers throughout the litigation.[7] Even Apple's expert acknowledged the class includes resellers.[8] Moreover, because Plaintiffs allege damages based on an overcharge theory, everyone, including resellers, who purchased an iPod from Apple was damaged by Apple's anticompetitive conduct.[9] *See* Reply Mem. at 12.

---

[4] Dkt. No. 198 (Order Vacating Case Management Conference; Clarifying and Correcting Class Certification Order; Setting Briefing Schedule ("January 15, 2009 Order") at 2).

[5] *See also* Dkt. No. 532 (Plaintiffs' Notice of Motion and Renewed Motion for Class Certification and Appointment of Lead Class Counsel); Dkt. No. 534 (Declaration of Bonny E. Sweeney in Support of Plaintiffs' Notice of Motion and Renewed Motion for Class Certification and Appointment of Lead Class Counsel).

[6] *See, e.g.*, Dkt. No. 535 (Declaration of Roger G. Noll ("Noll Decl.") at 14-17) (discussing data issues with regard to resellers); *id.* at 69-70 (addressing damages methodology for resellers).

[7] Dkt. No. 568 (Declaration of Alexandra S. Bernay in Support of Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification ("Bernay Decl.")), ¶¶8, 17-28.

[8] Dkt. No. 530 at 2-3 (Expert Report of Dr. Michelle M. Burtis); Dkt. No. 569 (Declaration of Carmen A. Medici in Support of Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification ("Medici Decl."), Ex. 1 at 46:18-25 (Burtis Depo.)).

[9] *See also* Noll Decl.; Dkt. No. 567 (Reply Declaration of Roger G. Noll); Bernay Decl.; Medici Decl.

Apple's other arguments regarding resellers were also not well taken. Reply Mem. at 11. Apple wrongly argued that resellers were not "similarly situated" to retail purchasers because resellers do not pay retail prices.[10] However, Apple's own internal documents show that the wholesale price resellers pay is based on retail prices. *Id.* at 22 (resellers' wholesale price is "set at varying discounts from Apple's retail price"). Therefore, if the retail price was impacted by Apple's monopoly maintenance scheme, the resellers also automatically paid more for their wholesale price. *See also* Noll Reply Decl. at 27.

Apple's claim that resellers could actually have benefited from higher retail prices has also been thoroughly rebutted. Reply Mem. at 11. As Plaintiffs explained, under settled federal antitrust law, a "pass-on" or "otherwise benefited" defense is barred. *See Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 489, 88 S. Ct. 2224 (1968) (disallowing "pass on" defense; "[a]s long as the seller continues to charge the illegal price, he takes from the buyer more than the law allows"). Apple's other arguments regarding resellers related to typicality and supposed conflicts suffered from similar flaws. *See* Reply Mem. at 12-14. Apple points to nothing that would cause the Court to disturb its earlier ruling that resellers are naturally included in the class. January 15, 2009 Order at 2.

In sum, nothing substantive has changed with regard to the class definition. The Court's Order finding that a genuine issue of material fact exists as to Plaintiffs' antitrust claims related to iTunes 7.0 does not change the composition of the direct purchaser class.

**B.   Class Period**

As Apple's internal documents reveal, iTunes 7.0 was released to the public on September 12, 2006.[11] This date, in line with the Court's May 19, 2011 Order, properly serves as the starting date for the Class Period. "The relevant time, often referred to as the 'class period,' is, for example, the period during which members of the proposed class incurred the claimed injury." *Manual for*

---

[10]   Dkt. No. 529 at 21-23 (Apple's Opposition to Renewed Motion for Class Certification).

[11]   Dkt. No. 539 (Declaration of Bonny E. Sweeney in Support of Plaintiffs' Memorandum in Opposition to Apple's Motion for Summary Judgment, Ex. 36 (chart listing release dates)).

*Complex Litigation* (Fourth) §21.222.  Therefore, the Class Period for the proposed class should run from the iTunes 7.0 release date, September 12, 2006 through March 31, 2009.

| | |
|---|---|
| DATED:  June 6, 2011 | Respectfully submitted, |
| | ROBBINS GELLER RUDMAN<br>    & DOWD LLP<br>JOHN J. STOIA, JR.<br>BONNY E. SWEENEY<br>THOMAS R. MERRICK<br>ALEXANDRA S. BERNAY<br>CARMEN A. MEDICI |
| | <u>        s/ Bonny E. Sweeney                 </u><br>BONNY E. SWEENEY |
| | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) |
| | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL<br>1101 30th Street, N.W., Suite 500<br>Washington, DC  20007<br>Telephone:  202/625-4342<br>202/330-5593 (fax) |
| | Co-Lead Counsel for Plaintiffs |
| | BONNETT, FAIRBOURN, FRIEDMAN<br>    & BALINT, P.C.<br>ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR.<br>ELAINE A. RYAN<br>TODD D. CARPENTER<br>2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012<br>Telephone:  602/274-1100<br>602/274-1199 (fax) |
| | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280<br>Los Angeles, CA  90064<br>Telephone:  310/836-6000<br>310/836-6010 (fax) |

| | |
|---|---|
| 1 | |
| 2 | MURRAY, FRANK & SAILER LLP<br>BRIAN P. MURRAY |
| 3 | JACQUELINE SAILER<br>275 Madison Avenue, Suite 801 |
| 4 | New York, NY 10016<br>Telephone: 212/682-1818 |
| 5 | 212/682-1892 (fax) |
| 6 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 7 | 1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA 90067 |
| 8 | Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 9 | Additional Counsel for Plaintiffs |

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on June 6, 2011.

      s/ Bonny E. Sweeney
      BONNY E. SWEENEY

      ROBBINS GELLER RUDMAN
           & DOWD LLP
      655 West Broadway, Suite 1900
      San Diego, CA 92101-3301
      Telephone: 619/231-1058
      619/231-7423 (fax)

      E-mail:      bonnys@rgrdlaw.com

627193_2

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com,ewallace@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**

eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  michaelscott@jonesday.com,amhoward@jonesday.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)