Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | Lead Case No. C 05-00037 JW (HRL) |
| | [CLASS ACTION] |
| This Document Relates To: | **APPLE'S REQUEST FOR LEAVE AND SUPPLEMENTAL BRIEF RE *WAL-MART STORES INC. V. DUKES*** |
| ALL ACTIONS | Date:     June 27, 2011<br>Time:    9:00 a.m.<br>Place:   Courtroom 5, 17th Floor |

1    Apple respectfully requests leave of Court to submit this supplemental brief addressing
2    the Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, No. 10-277 (June 20, 2011) as it
3    relates to Plaintiffs' pending motion for class certification.  Because *Wal-Mart* is the latest
4    Supreme Court pronouncement on the standards for class certification, Apple believes the Court
5    will benefit from this short brief outlining its effect on the issues raised by Plaintiffs' motion.
6         *Wal-Mart* buttresses Apple's opposition to class certification in several critical respects:
7         First, the Supreme Court made clear that, contrary to Plaintiffs' assertions here (Doc. 550,
8    p. 3), no presumption exists in favor of class certification.  The Court reiterated that a "class
9    action is an exception to the usual rule that litigation is conducted by and on behalf of the
10   individual named parties only." Op. at 8.  Thus, a "party seeking class certification must affirma-
11   tively demonstrate his compliance with" Rule 23 with "convincing proof." *Id*. at 10, 19.
12   "[A]ctual, not presumed, conformance with Rule 23(a) remains . . . indispensable." *Id*. (internal
13   quotation marks omitted).
14        Second, district courts must inquire into the merits of the plaintiff's claim when necessary
15   to determine whether the requirements of Rule 23 are met.  The "rigorous analysis" that courts are
16   required to conduct under Rule 23 "frequently will entail some overlap with the merits of the
17   plaintiff's underlying claim.  That cannot be helped." *Id*.  Thus, where a securities fraud plaintiff
18   relies on the "fraud-on-the-market" presumption to avoid individual reliance issues, the plaintiff
19   must prove at the class certification stage that the shares were traded on an efficient market, even
20   though that is a merits issue that the plaintiff would have to prove at trial. *Id*. at 11 n.6.  Similarly,
21   in this case, because Plaintiffs rely on purported econometric models to prove that class-wide
22   injury exists, they must prove at the class certification stage that those models are valid and will
23   work in the circumstances here, even though that is a matter they will also have to prove on the
24   merits at trial.
25        Third, a plaintiff cannot discharge its burden to justify class treatment by relying on expert
26   testimony that is inconclusive or does not bear on the relevant issues. *Id*. at 13-14.  Thus, the
27   Supreme Court "disregard[ed]" the testimony of the plaintiffs' sociology expert, who had
28   conducted a "social framework analysis" and opined that Wal-Mart has a corporate culture that

1 made it "vulnerable" to gender bias. *Id.* at 13-14. The Court found that this testimony was
2 insufficient because the expert admitted that he "could not determine with any specificity" the
3 degree to which bias played a role in Wal-Mart's employment decisions. *Id*. The expert
4 conceded that "he could not calculate whether 0.5 percent or 95 percent of the employment
5 decisions at Wal-Mart might be determined by stereotyped thinking." *Id.* at 13. The Supreme
6 Court concluded that testimony did "nothing to advance respondents' case" because it failed to
7 answer the essential question on which class certification depended—*i.e.*, whether discrimination
8 could be shown on a common basis.

Similarly, the Court rejected the plaintiffs' reliance on statistical regression analyses because the analyses addressed pay and promotion disparities only at the national and regional levels, and thus did not show whether disparities existed at individual stores, let alone that they were the product of unlawful discrimination. *Id.* at 16-17. These rulings effectively rejected lower court holdings, relied on by plaintiffs here (*e.g.*, Doc. 550, p. 4), that plaintiffs at class certification have only a "limited burden," that district courts are not permitted to resolve a "battle of experts," and that a plaintiffs' expert's proposed methods must be accepted unless they are "so insubstantial as to amount to no method at all."

Based on these rulings, the Supreme Court reversed the Ninth Circuit and held that plaintiffs failed to discharge their burden of providing "convincing proof of a companywide discriminatory pay and promotion policy" and thus failed to establish the "existence of any common question" as required by Rule 23(a)(2). Op. at 19. The dissent criticized the majority for conducting that inquiry under the (a)(2) commonality requirement rather than under the (b)(3) predominance standard. But whether analyzed under (a)(2) or (b)(3), the Court made clear that "convincing proof" rather than an expert's inconclusive say-so is required.

The Supreme Court's ruling applies to Plaintiffs' expert testimony here. Neither Plaintiffs nor their expert Roger Noll have offered any evidence, let alone "convincing proof," that the only alleged exclusionary act left in this case, iTunes 7.0, had any impact on iPod prices. The only regression Dr. Noll has attempted to run was with respect to the alleged effect of iTunes 4.7, which the Court has since ruled was lawful. Dr. Noll has performed no analysis of the

- 2 -

Supp. Br. re *Wal-Mart*
C 05-00037 JW (HRL)

1    alleged impact, if any, of iTunes 7.0 on iPod prices. And even as to the regression he previously
2    ran, Dr. Noll admitted that it is not a workable, valid damages model: "I do not regard this as a
3    damage model." Doc. 595, Ex. 1 (Noll Dep. at 90). "I am not here to defend as the final damages
4    equation that which I have done because it's obviously incomplete." *Id.* at 110. He does not
5    know whether his model contains specification errors and admits that it may reflect a "spurious
6    correlation." *Id*. at 87-89, 91-92. He thus cannot draw any "causal inferences from that
7    regression" (*id.* at 90), including any inference on the pivotal question for which Plaintiffs offer
8    his testimony—*i.e.*, whether Apple's software updates caused any change in the price of iPods.
9    As he summarized, "I cannot rule out anything based on the regression I have because I'm not
10   relying on it for anything." *Id.* at 130-131. In short, Plaintiffs have presented nothing to show
11   whether or the degree to which iTunes 4.7 impacted iPod prices. And they have not even tried to
12   do so with respect to iTunes 7.0.

13        In *Wal-Mart,* the Court found that because the expert could not say whether a high or low
14   percent of employment decisions might be discriminatory, "we can safely disregard what he has
15   to say. It is worlds apart from 'significant proof' that Wal-mart 'operated under a general policy
16   of discrimination.'" *Id.* at 14. Even more so here, Dr. Noll's testimony that he is "not relying" on
17   his regression analysis "for anything" fails to carry Plaintiffs' burden of showing that a workable
18   classwide method exists to determine the key elements of impact and damages. Indeed, as shown
19   in Apple's June 6 brief (Doc. 633), Plaintiffs have failed to make any showing of when the
20   alleged impact or damages began or ended.

21        Given Plaintiffs' failure of proof, their motion for class certification should be denied.
22   Alternatively, this matter should be set for an evidentiary hearing, as conducted in the *Somers*
23   case (*Somers* Docs. 61, 73), to determine whether Plaintiffs have demonstrated "in fact" by
24   "convincing proof" (*Wal-Mart*, Op. at 10, 19) that the requirements of Rule 23 are met.

Dated: June 22, 2011

JONES DAY

By:/s/ Robert A. Mittelstaedt
 Robert A. Mittelstaedt

Counsel for Defendant APPLE INC.

SFI-701161v1

- 4 -

Supp. Br. re *Wal-Mart*
C 05-00037 JW (HRL)