IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| The Apple iPod iTunes Antitrust Litigation | NO. C 05-00037 JW |
| | **ORDER REQUIRING FURTHER SUPPLEMENTAL BRIEFING** |
| _____/ | |

A hearing on Plaintiffs' Motion for Class Certification in this case is scheduled for June 27, 2011. On May 19, 2011, the Court denied Plaintiffs' Motion for Class Certification as premature.[1] The Court explained that it lacked information necessary to certify the class, and accordingly, the Court ordered further briefing to address the issues of how the class should be defined and the length of the class period. (Id. at 14-15.) On June 6, 2011, the parties filed supplemental briefs to address those issues.[2] However, in their supplemental briefs, neither party provided a sufficient definition of

---

[1] (Order Granting in part and Denying in part Defendant's Motion for Summary Judgment; Denying as Premature Plaintiffs' Motion for Class Certification, hereafter, "May 19 Order," Docket Item No. 627.)

[2] (See Supplemental Brief in Support of Plaintiffs' Renewed Motion for Class Certification and Response to Court's May 19, 2011 Order, hereafter, "Plaintiffs' Brief," Docket Item No. 629; Apple's Supplemental Brief Re Class Certification, hereafter, "Defendant's Brief," Docket Item No. 633.) In addition, on June 22, 2011, Defendant filed a Request for Leave and Supplemental Brief Re Wal-Mart Stores Inc. v. Dukes, contending that the Supreme Court's June 20, 2011 decision in Dukes has a significant effect on Plaintiffs' Motion for Class Certification. (See Docket Item No. 638.)

the class. Thus, the Court finds that it would benefit from further supplemental briefing on these issues as well as new issues that would potentially impact the class that the Court has identified.

Accordingly, on or before **June 23, 2011**, the parties shall file simultaneous supplemental briefs addressing: (1) the specific definition of the products at issue in the class period, namely whether the class consists of purchasers of all iPod products (e.g., iPod Shuffle, iPod Nano, etc.); (2) the geographic scope of the class; and (3) the effect of the Supreme Court's decision in Dukes on Plaintiffs' Motion for Class Certification.

The hearing on the Motion for Class Certification remains set for **June 27, 2011 at 9 a.m.**

Dated: June 22, 2011

_____
JAMES WARE
United States District Chief Judge

2

**United States District Court**
For the Northern District of California

1 | **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alexandra Senya Bernay xanb@rgrdlaw.com
Alreen Haeggquist alreenh@zhlaw.com
Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bonnys@rgrdlaw.com
Brian P Murray bmurray@murrayfrank.com
Carmen Anthony Medici cmedici@rgrdlaw.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Craig Ellsworth Stewart cestewart@jonesday.com
David Craig Kiernan dkiernan@jonesday.com
Elaine A. Ryan eryan@bffb.com
Francis Joseph Balint fbalint@bffb.com
George A. Riley griley@omm.com
Helen I. Zeldes helenz@zhlaw.com
Jacqueline Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@rgrdlaw.com
Michael D Braun service@braunlawgroup.com
Michael D. Braun service@braunlawgroup.com
Michael Tedder Scott michaelscott@jonesday.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy Arie Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Thomas Robert Merrick tmerrick@rgrdlaw.com
Todd David Carpenter tcarpenter@bffb.com

**Dated:  June 22, 2011**                                **Richard W. Wieking, Clerk**

**By:     /s/ JW Chambers**
        **Susan Imbriani**
        **Courtroom Deputy**