1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:    (415) 626-3939
6  Facsimile:    (415) 875-5700

7  Attorneys for Defendant

8  APPLE INC.

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12

13  | **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | Lead Case No.  C 05-00037 JW [CLASS ACTION] |
    |---|---|
14  | | |
15  | ——————————————————— | **ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 REGARDING SEVEN MOTIONS RENOTICED BY PLAINTIFFS** |
16  | **This Document Relates To:**        ALL ACTIONS | |
17  | | DATE: No hearing |
18  | | DEPT.  9 |
19

20

21       Pursuant to Civil Local Rule 7-11, Apple files this motion to simplify this Court's

22  consideration of the class certification motion.  The specific relief sought is set forth on page 3.

23       On October 13, pursuant to this Court's "Order Requiring Parties to Renotice Pending

24  Motions" (Doc. 680), Plaintiffs moved to renotice their January 18, 2011 motion for class

25  certification and six related motions, and to set them all for hearing on November 28, 2011.

26  Plaintiffs also listed 32 other pleadings (including motions to strike, declarations, objections and

27  oppositions to objections) relevant to their renoticed motions.

28       The seven renoticed motions, and most of the 32 other pleadings, are out-of-date given

1    this Court's subsequent rulings.  The January class certification motion predates this Court's June
2    ruling on summary judgment which dismissed all but one claim.  *See* Doc. 627.   For that reason,
3    the January class certification motion was based principally on the claim that iTunes 4.7 was
4    anticompetitive and sought a class that Plaintiffs no longer seek to represent.  *See* Doc. 477, pp. 1
5    (definition of class), 8-10 (discussion of 4.7).  Plaintiffs' opening and reply expert declarations
6    also focused on iTunes 4.7.  *See* Docs. 488, 551.   Neither the motion nor the expert declarations
7    mentioned the September 2006 iTunes 7.0 update, which is the subject of the only claim
8    remaining in the case.  Nor do the six other renoticed motions pertain to iTunes 7.0.  Instead, they
9    object to or seek to exclude expert declarations that deal with iTunes 4.7 and that are superseded
10   by the expert reports filed by Plaintiffs since the May summary judgment ruling and the expert
11   report that Apple will file on November 14, as ordered by the Court.  *See* Doc. 672.

12        Thus, all seven motions that Plaintiffs now seek to renotice pertain to claims no longer in
13   this case.  The same is true of most of the 32 other pleadings referenced by Plaintiffs.  They do
14   not mention, much less focus on, whether a class can be certified for the remaining iTunes 7.0
15   claim.

16        In short, the record that Plaintiffs have "renoticed" is both over- and under-inclusive.
17   **Over-inclusive**, because it focuses on claims that have been dismissed, a class that Plaintiffs no
18   longer seek to represent, and superseded expert reports.  **Under-inclusive**, because none of the
19   briefing addresses whether Plaintiffs' expert report filed last month is a sufficient basis for
20   certifying any part of the class requested by Plaintiffs.  And, of course, none of the briefing
21   addresses Apple's upcoming supplemental expert report.

22        For these reasons, it is inefficient for Plaintiffs to ask the Court to sift through all of those
23   largely outdated pleadings, extracting whatever arguments might still be relevant from the
24   inoperative ones and determining which motions have been mooted.  Instead of renoticing this
25   record in bulk, Apple suggests two options that will simplify and expedite resolution of the
26   certification motion:
27        1) Plaintiffs should promptly file a revised motion to certify the class they now seek to
28           represent, based on their expert's new declaration.  Apple will file an opposition brief on

      November 14, the same date that its expert's supplemental report is due. Plaintiffs will reply on November 21. The motion will then be ready for hearing on December 5 – only a week later than the renoticed date picked by Plaintiffs – or as soon thereafter as the Court's calendar permit.

2) Or, on November 21, one week after Apple's new expert report is due, the parties can file simultaneous briefs, limited to 10-15 pages, addressing how the new expert reports ordered by the Court affect the class certification motion. Plaintiffs should also be required to show why the six other motions they ask to renotice are not moot.

      In Apple's view, the first option is preferable. It will avoid the need for the parties and the Court to wade through the 39 pleadings to determine what, if anything, is still operative and still needs to be decided. In this important respect, the first option will expedite the Court's consideration of class certification. The second option will also help to some extent focus on the matters that are truly in dispute but still will require consideration of the under- and over-inclusive pleadings that Plaintiffs seek to renotice. That is why Apple believes that the first option is most efficient.

      Finally, Apple requests that the Court hold an evidentiary hearing and hear first-hand the experts offered by both sides, as it did in the companion *Somers* case. *See Somers* Doc. 80 (finding after evidentiary hearing that Dr. Burtis' testimony was "far more persuasive" than Plaintiff's expert and "highlight[ed] the Court's reservations about the adequacy of Plaintiffs' proposed method of determining class damages"). Given the serious defects in Professor Noll's previous declaration (as outlined in Apple's supplemental briefs, Docs. 633 and 663) and in his September supplemental report (which has not been the subject of briefing), Apple submits that an evidentiary hearing will be useful in demonstrating the inadequacy of Plaintiffs' proposed methodology. An evidentiary hearing will enable the Court to conduct the "rigorous analysis" of whether Plaintiffs have met their burden under Rule 23, including expert testimony and regression analyses. *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011).

      A proposed form of order is submitted herewith.

| | | |
|---|---|---|
| 1 | Dated: October 14, 2011 | Respectfully submitted, |
| 2 | | Jones Day |
| 4 | | By: /s/ Robert A. Mittelstaedt |
| | |      Robert A. Mittelstaedt |
| 6 | | Counsel for Defendant |