ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. C-05-00037-JW<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' OPPOSITION TO APPLE'S ADMINISTRATIVE MOTION PURSUANT TO CIVIL LOCAL RULE 7-11 REGARDING SEVEN MOTIONS RENOTICED BY PLAINTIFFS<br><br>JUDGE:  Hon. Chief Judge James Ware<br>DATE:  N/A<br>TIME:  N/A<br>CTRM:  9, 19th Floor |

659263_1

1. Apple's October 14, 2011 Motion must be denied.

2. Far from "simplify[ing]" the Court's consideration of the class certification motion, as Apple claims, the proposed "relief" adds another round of needless briefing as well as a proposed evidentiary hearing, neither of which are necessary to the Court's consideration of class certification in this matter. Dkt. No. 687 (Administrative Motion Pursuant to Civil Local Rule 7-11 Regarding Seven Motions Renoticed by Plaintiffs) at 1. Because the Court has an ample, indeed voluminous, record upon which to base its class-certification decision, Plaintiffs respectfully request the Court deny Apple's motion and instead grant Plaintiffs' October 13, 2011 motion re-noticing class certification-related motions as was called for by the Court's September 27, 2011 Order. Dkt. No. 680 (Order Requiring Parties to Renotice Pending Motions).

Apple's arguments for burdening the Court and the parties with yet another round of briefing and an evidentiary hearing are unpersuasive and serve only to advance Apple's agenda which is to delay a decision on class certification for as long as possible. Neither the Court nor the parties will benefit from this wasteful exercise.

As the Court is aware, the parties have submitted numerous briefs and expert reports related to class certification.[1] And despite Apple's contentions that nothing related to iTunes 7.0 is before the Court, the Court has before it substantial and detailed declarations as well as extensive briefing from both sides specifically addressing Plaintiffs' remaining claims related to iTunes 7.0. In fact, in response to the Court's June 27, 2011 Order, Plaintiffs filed a Supplemental Declaration by Plaintiffs' Expert, Roger Noll, stating that Professor Noll can show antitrust impact and a methodology for measuring damages in accordance with the Court's May 19, 2011 Order limiting Plaintiffs' claims to iTunes 7.0.[2] Apple then filed a detailed, substantive response to this Declaration on July 22, 2011. Dkt No. 663 (Apple's Response to Professor Noll's July 18 Declaration). In

---

[1] On October 13, 2011, Plaintiffs filed a Notice re-noticing motions related to class certification based on the Court's September 27, 2011 Order. In that Notice, Plaintiffs re-noticed seven motions and then listed, for the Court's convenience, all pending filings related to class certification.

[2] See Dkt. No. 660 (Supplemental Declaration of Roger G. Noll (Redacted)).

1  addition to Apple's response to Professor Noll's iTunes 7.0 declaration, Apple also filed a Supplemental Report from its expert, Dr. Michelle M. Burtis, dated July 22, 2011, which also addresses iTunes 7.0. Dkt. No. 665 (Supplemental Report of Dr. Michelle M. Burtis).

Both parties then submitted yet more supplemental briefing – at Apple's urging – regarding the impact, if any, on the proposed class following the United States Supreme Court's decision in *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 180 L. Ed 2d 374 (2011). Those briefs too dealt exclusively with issues related to the propriety of certification of a class limited to claims related to iTunes. 7.0.[3]

Additionally, the Court has before it Professor Noll's Second Supplemental Declaration on Class Certification, filed on September 23, 2011. Dkt No. 679. This latest declaration further details Plaintiffs' ability to show impact and damages on a class-wide basis as to both resellers and those who purchased from Apple stores or online portals. And, like the July 18, 2011 Declaration, the Second Supplemental Declaration deals *only* with the remaining claims in this case, *i.e.*, iTunes 7.0. Apple is scheduled to file a response on November 14, 2011 and Plaintiffs assume that Apple will make arguments similar to those it has in the past, namely, that in its view, no class can ever be certified in this matter. The last thing this case needs is yet another round of briefing.

Apple's claim that the pleadings are stale or "largely outdated" is untrue. Dkt. No. 687 at 2. The basic legal framework supporting certification in this class remains the same.[4] When the contours of the case changed following the Court's summary judgment ruling, the parties were both afforded ample opportunities to discuss the impact of those changes both via expert reports and briefing. Plaintiffs have demonstrated, repeatedly, that certification is proper here and have provided detailed and extensive materials to back up that assertion. Apple's latest tactic serves only to delay.

---

[3] Dkt. No. 644 (Plaintiffs' Response to the Court's June 22, 2011 Order Requiring Further Supplemental Briefing); Dkt. No. 646 (Apple's Further Supplemental Brief Re Class Certification).

[4] In fact, the basic legal framework supporting class certification has not changed since the Court originally granted class certification in this matter. The same legal principles apply to the case now as it did on December 22, 2008, when the Court originally certified classes for Plaintiffs' Section 2 claims. Then, the Court held common evidence would be used to prove Plaintiffs' claims. *See* Dkt. No. 196 (Order Granting Plaintiffs' Motion for Class Certification). The Court specifically

Adding to the problems with Apple's motion, the proposed schedule is unreasonable and extremely biased. Under Apple's "first option" Apple proposes Plaintiffs file an entirely new certification motion by October 24, 2011. Dkt. No. 687 at 2-3. That is a mere four days after the instant brief is due. Should the Court agree to Apple's wasteful and unnecessary additional briefing and evidentiary hearing, Plaintiffs request the parties meet and confer to come up with a workable schedule.[5]

DATED: October 20, 2011                    Respectfully submitted,

                                                ROBBINS GELLER RUDMAN
                                                  & DOWD LLP
                                                JOHN J. STOIA, JR.
                                                BONNY E. SWEENEY
                                                THOMAS R. MERRICK
                                                ALEXANDRA S. BERNAY
                                                CARMEN A. MEDICI

                                                                 s/ Alexandra S. Bernay
                                                ALEXANDRA S. BERNAY

---

found Plaintiffs' claims were subject to common proof (*id*. at 8) and found the predominance requirement satisfied by the "numerous common questions of law and fact involving [Apple]'s allegedly anticompetitive conduct." *Id*. at 12. Finally, the Court held that a class action was "the superior method to adjudicate Plaintiffs' claims." *Id*. After the Court dismissed Plaintiffs' tying claims, it decertified the class. The Court made clear, however, in its decertification order (Dkt. No. 303) that it was not decertifying the classes on the grounds raised by Apple in its motion to decertify:

> [T]his decertification is not dependent on the grounds raised by Defendant in its Motion to decertify, namely, that Plaintiffs' expert, Dr. Roger G. Noll's, report provides an inadequate method for proving common impact on the class to meet the predominance requirement of Rule 23(b)(3). The Court rejects Defendant's contention and decertifies the Rule 23(b)(3) without prejudice and only in order to ensure that a proper class would be defined in light of this Order.

Dkt. No. 303 at 2 n.6.

[5]     Apple's proposed Order also seeks to have Plaintiffs file, by October 20, 2011, a brief demonstrating why the motions they re-noticed following the Court's September 27, 2011 Order "are not moot and why they should be re-noticed." Dkt. No. 687-1 ((Proposed) Order Regarding Plaintiffs' Request to Re-notice Class Certification and Other Motions). This proposed brief, referenced nowhere in Apple's motion, is nonsensical and, as demonstrated by the declaration filed by Apple's counsel, was not proposed to Plaintiffs in advance of Apple's filing. *See* Dkt. No. 688 (Declaration of David Kiernan in Support of Apple's Administrative Motion Regarding Seven Motions Renoticed by Plaintiffs). Plaintiffs' response to the instant motion is due October 20, 2011. By this proposal Apple seeks to force Plaintiffs to file another brief on the same day as the response to the instant brief is due. This is insupportable and patently unfair.

|   |   |
|---|---|
| 1 |   |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058<br>619/231-7423 (fax) |
| 3 |   |
| 4 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL<br>1101 30th Street, N.W., Suite 500<br>Washington, DC  20007<br>Telephone:  202/625-4342<br>202/330-5593 (fax) |
| 5 |   |
| 6 |   |
| 7 | Co-Lead Counsel for Plaintiffs |
| 8 |   |
| 9 | BONNETT, FAIRBOURN, FRIEDMAN<br>  & BALINT, P.C.<br>ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR.<br>ELAINE A. RYAN<br>TODD D. CARPENTER<br>2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012<br>Telephone:  602/274-1100<br>602/274-1199 (fax) |
| 10 |   |
| 11 |   |
| 12 |   |
| 13 |   |
| 14 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280<br>Los Angeles, CA  90064<br>Telephone:  310/836-6000<br>310/836-6010 (fax) |
| 15 |   |
| 16 |   |
| 17 |   |
| 18 | MURRAY FRANK LLP<br>BRIAN P. MURRAY<br>275 Madison Avenue, Suite 801<br>New York, NY  10016<br>Telephone:  212/682-1818<br>212/682-1892 (fax) |
| 19 |   |
| 20 |   |
| 21 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG<br>1801 Avenue of the Stars, Suite 311<br>Los Angeles, CA  90067<br>Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 22 |   |
| 23 |   |
| 24 | Additional Counsel for Plaintiffs |
| 25 |   |
| 26 |   |
| 27 |   |
| 28 |   |

CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2011, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 20, 2011.

    s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       xanb@rgrdlaw.com

659263_1

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P. Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**

- eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  invalidaddress@invalidaddress.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`