IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| The Apple iPod iTunes Antitrust Litigation | NO. C 05-00037 JW |
| | **ORDER GRANTING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION** |
| _____/ | |

Plaintiffs[1] bring this class action against Defendant Apple Computer, Inc. ("Apple"), alleging violations of the Sherman Act, 15 U.S.C. § 2, and related state law claims. Plaintiffs allege that Apple has committed unlawful acts in issuing software updates for its iPod, in violation of federal and state antitrust laws.

Presently before the Court is Plaintiffs' Motion for Class Certification.[2] The Court conducted a hearing on June 27, 2011.[3] Based on the papers submitted to date and oral argument, the Court GRANTS Plaintiffs' Motion for Class Certification.

---

[1] Named Plaintiffs are Somtai Troy Charoensak, Mariana Rosen and Melanie Tucker.

[2] (Plaintiffs' Notice of Motion and Renewed Motion for Class Certification and Appointment of Lead Counsel, hereafter, "Motion," Docket Item No. 477 (filed under seal).)

[3] After the hearing on June 27, 2011, the Court ordered supplemental briefings and expert reports on the issue of damages calculation and gave the parties a few weeks to complete and submit these additional materials. (hereafter, "June 27 Order," Docket Item No. 650.) In response to the Court's June 27 Order, the parties requested additional time. (See Docket Item No. 661.) On August 2, 2011, the Court denied the parties' Stipulation. (See Docket Item No. 672 at 1.) Instead, the Court ordered: (1) Plaintiffs to file their Supplemental Expert Report on or before September 23, 2011; and (2) Defendant to file a Supplemental Rebuttal Expert Report on or before November 14, 2011. (Id. at 1-2.)

**A.     Background**

A detailed account of the earlier procedural history in this case may be found in the Court's December 20, 2006 Order Denying Defendant's Motion to Dismiss[4] and in the Court's December 22, 2008 Order Granting Plaintiffs' Motion for Class Certification.[5] The Court reviews the procedural history relevant to the present Motion.

This case is a consolidated putative class action. The original cases were <u>Charoensak v. Apple Computer, Inc.</u>, No. C 05-00037 JW, and <u>Tucker v. Apple Computer, Inc.</u>, No. C 06-04457 JW. On March 21, 2007, the Court ordered these cases consolidated, and renamed the consolidated case <u>The Apple iPod iTunes Antitrust Litigation</u>.[6] (Docket Item No. 106.) The Court designated The Katriel Law Firm, P.L.L.C. and Coughlin Stoia Geller Rudman & Robbins as Co-Lead Counsel, and designated Somtai Troy Charoensak, Mariana Rosen and Melanie Tucker as Lead Plaintiffs. (<u>Id.</u> at 1.) On April 19, 2007, Plaintiffs filed a Consolidated Complaint for Violations of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition Law, Consumer Legal Remedies Act, and California Common Law of Monopolization. (Docket Item No. 107.)

On December 22, 2008, the Court granted Plaintiffs' Motion for Class Certification as to all but one of Plaintiffs' counts. (December 22 Order at 13-14.) As to the remaining count, which stated a claim for Unlawful Tying in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1, the Court denied certification without prejudice pending further proceedings in the case. (<u>Id.</u> at 13.) On

---

[4] (hereafter, "December 20 Order.") This Order may be found as Docket Item No. 27 in the docket for <u>Tucker v. Apple Computer, Inc.</u>, No. C 06-04457 JW, which was one of the original cases now included in this consolidated action. It may also be found as <u>Tucker v. Apple Computer, Inc.</u>, 493 F. Supp. 2d 1090 (N.D. Cal. 2006).

[5] (Order Granting Plaintiffs' Motion for Class Certification as to Counts Two, Three, Four, Five, Six, and Seven Only and Appointing Class Counsel; *Sua Sponte* Order Reconsidering Defendant's Motion to Dismiss Count One and Requiring Further Briefing, hereafter, "December 22 Order," Docket Item No. 196.)

[6] Prior to consolidation, the Court denied Apple's Motion to Dismiss the antitrust claims in <u>Tucker</u> case. (<u>See</u> December 20 Order at 16.) No other dispositive motions were filed in <u>Tucker</u> or in <u>Charoensak</u> prior to consolidation.

December 21, 2009, the Court *sua sponte* decertified the classes it had previously certified.[7] In its December 21 Order, the Court explained that the technological interoperability between iPods and media sold through Apple's iTS did not constitute unlawful tying under the Sherman Act. (Id. at 2.) The Court stated that Plaintiffs' monopoly claims "interweave[d] allegations that there were technological ties between Apple products when they were first introduced to the market," which by itself does not constitute anticompetitive conduct, and "allegations that Apple made technological modifications to its products for the express purpose of maintaining monopoly power," which could support a monopoly claim. (Id.) The Court invited Plaintiffs to submit an Amended Consolidated Complaint "that does not depend upon allegations of tying as the anticompetitive conduct upon which they base their monopoly claims." (Id. at 3.)

On January 26, 2010, Plaintiffs filed an Amended Consolidated Complaint.[8] On January 18, 2011, Defendant filed a Motion for Summary Judgment. (See Docket Item No. 473.) On May 19, 2011, the Court granted in part and denied in part Defendant's Motion for Summary Judgment.[9] While the Court granted Defendant summary judgment on Plaintiffs' antitrust claims relating to Defendant's introduction of iTunes 4.7, the Court denied Defendant summary judgment on Plaintiffs' antitrust claims relating to Defendant's introduction of iTunes 7.0. (Id. at 11-13.) In its May 19 Order, the Court also denied Plaintiffs' Motion for Class Certification as premature. (Id. at 14.) The Court explained that it lacked information necessary to certify the class, and accordingly, the Court ordered further briefing to address the issues of how the class should be defined and the

---

[7] (See Order Decertifying Classes Without Prejudice to Being Renewed; Inviting Further Motions at 2, hereafter, "December 21 Order," Docket Item No. 303.)

[8] (Amended Consolidated Complaint for Violations of Sherman Antitrust Act, Clayton Act, Cartwright Act, California Unfair Competition Law, Consumers Legal Remedies Act, and California Common Law of Monopolization, Docket Item No. 322.)

[9] (Order Granting in part and Denying in part Defendant's Motion for Summary Judgment; Denying as Premature Plaintiffs' Motion for Class Certification, hereafter, "May 19 Order," Docket Item No. 627.)

length of the class period. (Id. at 14-15.) On June 6, 2011, the parties filed supplemental briefs to address those issues.[10]

On June 22, 2011, the Court ordered further supplemental briefing to have the parties address the specific definition of the products at issue in the class period, the geographic scope of the class, and the effect of the Supreme Court's June 20, 2011 decision in Wal-Mart Stores, Inc. v. Dukes[11] on Plaintiffs' Motion for Class Certification. (See Docket Item No. 639.) On June 23, 2011, both parties filed further supplemental briefs to address those issues.[12] On August 2, 2011, the Court granted both parties time to file supplemental expert reports.[13] Pursuant to the Court's August 2 Order, on September 23, 2011 and November 14, 2011, the parties filed their supplemental expert reports.[14]

Presently before the Court is Plaintiffs' Motion for Class Certification.

**B.    Standards**

The decision to certify a class is committed to the discretion of the district court within the guidelines of Federal Rule of Civil Procedure 23. See Fed. R. Civ. P. 23; Doninger v. Pac. Nw. Bell, Inc., 564 F.3d 1304, 1309 (9th Cir. 1977). The party seeking class certification bears the burden of establishing that each of the four requirements of Rule 23(a) and at least one requirement of Rule

---

[10] (See Supplemental Brief in Support of Plaintiffs' Renewed Motion for Class Certification and Response to Court's May 19, 2011 Order, hereafter, "Plaintiffs' Brief," Docket Item No. 629; Apple's Supplemental Brief Re Class Certification, hereafter, "Defendant's Brief," Docket Item No. 633.)

[11] 131 S. Ct. 2541 (2011).

[12] (See Plaintiffs' Response to the Court's June 22, 2011 Order Requiring Further Supplemental Briefing, hereafter, "Plaintiffs' Further Brief," Docket Item No. 644; Apple's Further Supplemental Brief Re Class Certification, hereafter, "Defendant's Further Brief," Docket Item No. 646.)

[13] (See Order Denying Stipulation; Setting Schedule for Submission of Supplemental Expert Reports, hereafter, "August 2 Order," Docket Item No. 672.)

[14] (Second Supplemental Declaration of Roger G. Noll on Class Certification, hereafter, "Supplemental Noll Decl.," Docket Item No. 679 (filed under seal); Second Supplemental Report of Dr. Michelle M. Burtis, hereafter, "Supplemental Burtis Decl.," Docket Item No. 692 (filed under seal).)

4

23(b) have been met. See Zinser v. Accufix Research Inst., Inc., 253 F.3d 1180, 1186 (9th Cir. 2001), amended, 273 F.3d 1266 (9th Cir. 2001). A district court may certify a class only if, after "rigorous analysis," it determines that the party seeking certification has met its burden. Gen. Tel. Co. of the Southwest v. Falcon, 457 U.S. 147, 158-61 (1982).

In reviewing a motion for class certification, the court generally is bound to take the substantive allegations of the complaint as true. In re Coordinated Pretrial Proceedings in Petroleum Prods. Antitrust Litig., 691 F.2d 1335, 1342 (9th Cir. 1982) (citing Blackie v. Barrack, 524 F.2d 891, 901 (9th Cir. 1975)). However, the court may look beyond the pleadings to determine whether the requirements of Rule 23 have been met. Hanon v. Dataproducts Corp., 976 F.2d 497, 509 (9th Cir. 1992) (citation omitted). In fact, courts are "at liberty to consider evidence which goes to the requirements of Rule 23 [at the class certification stage] even [if] the evidence may also relate to the underlying merits of the case." Id. A trial court's "rigorous analysis" under Rule 23 will frequently "entail some overlap with the merits of the plaintiff's underlying claim." Dukes, 131 S. Ct. at 2551.

**C.  Discussion**

Plaintiffs seek to certify a damages class under Rule 23(b)(3), seeking damages for the supracompetitive price paid for iPods as a result of Defendant's alleged anticompetitive conduct. (Motion at 1, 16.) Defendant contends that: (1) Plaintiffs fail to demonstrate a class-wide method of proving impact and damages; and (2) Plaintiffs have also failed to carry their burden to show that resellers may properly be included in the Class.[15]

As discussed previously, the Court earlier certified classes in this case under both Rule 23(b)(2) and Rule 23(b)(3). (See December 22 Order.) The Court later *sua sponte* decertified those classes without prejudice. (See December 21 Order.) However, the Court only decertified the classes in order to reexamine Plaintiffs' Sherman Act claims. (Id. at 2-3, 10-11.) Because the Court, in its May 19 Order, found that Plaintiffs state a claim under the Sherman Act as to iTunes 7.0, the Court's earlier findings that Plaintiffs' proposed class satisfies the requirements of Rule

---

[15] (Apple's Opposition to Renewed Motion for Class Certification at 8-21, hereafter, "Opp'n," Docket Item No. 512 (filed under seal).)

23(a) and 23(b)(3) still stand. (See December 22 Order at 4-13.) Thus, the Court need only consider class issues that are challenged on this round of certification.

### 1. Impact and Damages

Plaintiffs contend that they have provided sufficient expert testimony to show that antitrust impact may be demonstrated, and damages may be calculated, through generally accepted economic methodologies. (Motion at 19-22.) Defendant responds that the methods proposed by Plaintiffs' expert are inadequate to establish impact and damages on a class-wide basis. (Opp'n at 8-21.)

During the class certification stage, "the court must simply determine whether plaintiffs have made a sufficient showing that the evidence they intend to present concerning antitrust impact will be made using generalized proof common to the class and that these common issues will predominate." In re Dynamic Random Access Memory (DRAM) Antitrust Litig., No. M 02-1486 PJH, 2006 WL 1530166, at *9 (N.D. Cal. June 5, 2006). "The court cannot weigh in on the merits of plaintiffs' substantive arguments, and must avoid engaging in a battle of expert testimony." Id. During the class certification stage, plaintiffs need not supply a "precise damage formula," but must simply offer a proposed method for determining damages that is not "so insubstantial as to amount to no method at all." In re Online DVD Rental Antitrust Litig., No. M 09-2029 PJH, 2010 WL 5396064, at * 11 (N.D. Cal. Dec. 23, 2010).

Here, the Court has previously found that Plaintiffs have provided an adequate method for proving common impact on the class. (See December 21 Order at 2 n.6.) Although the parties dispute in their Supplemental Expert Reports whether Plaintiffs can prove impact and damages with a class-wide method in light of the Court's May 19 Order granting partial summary judgment to Defendant,[16] the Court finds that Plaintiffs have demonstrated that it can be done. (See Supplemental Noll Decl.) Plaintiffs have proposed three specific methodologies[17] which, upon

---

[16] (See, e.g., Supplemental Burtis Decl. at 1-4.)

[17] (See Class Certification Motion at 21; Declaration of Roger G. Noll at 68-84, Docket Item No. 488 (filed under seal).)

6

review, are sufficient to establish their method for determining damages at this stage. See In re Online DVD Rental Antitrust Litig., 2010 WL 5396064, at *11.

Accordingly, the Court finds that Plaintiffs have adequately demonstrated class-wide methods of proving impact and damages.

**2.    Resellers**

Defendant contends that the class should be limited to end-user consumers and should exclude resellers, on the ground that resellers are not situated similarly to end-users insofar as resellers benefit from higher retail prices.[18] (Opp'n at 21-24.) Plaintiffs respond that: (1) the Court has already considered and rejected this argument; and (2) they can represent all direct purchasers, including resellers.[19]

In its January 15, 2009 Order, the Court stated that "in ruling on class certification, the Court considered Defendant's contentions that resellers should be excluded from the class definition."[20] The Court expressly stated that by "declining to address this issue in [its Class Certification Order]," it had "implicitly included resellers in the certified class." (Id.) Thus, the Court has already found that resellers are properly included in the certified class.

Further, the Court finds that Defendant's contention that resellers are differently situated from end-users insofar as they "benefit from higher retail prices" is misguided. (Opp'n at 22.) As a matter of antitrust law, "when a seller overcharges a buyer . . . the fact that the buyer raises the price for its own product, thereby passing on the overcharge to its customers and avoiding a loss in profit, has no bearing on the issue of whether the buyer has suffered an injury and thus has the right to recover damages from the seller." Meijer, Inc. v. Abbott Labs., 251 F.R.D. 431, 433 (N.D. Cal.

---

[18] Defendant defines the term "reseller" to include a variety of vendors, including "large electronic stores" such as Best Buy and Circuit City, "retail stores" such as Target, "discount warehouses" such as Costco, and other stores and on-line retailers. (Opp'n at 22.)

[19] (Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification at 10-14, Docket Item No. 550 (filed under seal).)

[20] (See Order Vacating Case Management Conference; Clarifying and Correcting Class Certification Order; Setting Briefing Schedule at 2, Docket Item No. 198.)

7

2008) (citing <u>Hanover Shoe, Inc. v. United Shoe Mach. Corp.</u>, 392 U.S. 481, 489-92 (1968)). Thus, because "all class members have the right to pursue overcharge damages, they have the same incentive to do so, and there is no conflict among class members allegedly harmed by the same antitrust violation." <u>Id.</u> at 435 (citation omitted).

Accordingly, the Court finds that Plaintiffs can represent all direct purchasers, including resellers.

**D.     Conclusion**

The Court GRANTS Plaintiffs' Motion for Class Certification.[21] The Court certifies Plaintiffs' class as follows:

/

//

---

[21] Because the Court grants Plaintiffs' Motion for Class Certification, the Court DENIES as moot Plaintiffs' Request for Leave to File Brief Response to Apple's Objections to Plaintiffs' Evidence Filed in Support of Reply in Support of Plaintiffs' Renewed Motion for Class Certification, Docket Item No. 573. For the same reason, the Court DENIES as moot the following: (1) Defendant's Motion for Leave to File Supplemental Objections to Reply Declaration of Roger C. Noll and Supplemental Opposition to Class Certification Motion, Docket Item No. 579; (2) Plaintiffs' Notice of Motion and Motion for Leave to File Plaintiffs' Motion to Strike the Supplemental Expert Report of Dr. Michelle M. Burtis, Ph.D., Docket Item No. 604; (3) Plaintiffs' Notice of Motion and Motion to Strike the Supplemental Expert Report of Dr. Michelle M. Burtis, Ph.D., Docket Item No. 605; and (4) Plaintiffs' Notice of Motion and Motion for Leave to File Plaintiffs' Opposition to Apple's Supplemental Objections to Reply Declaration of Roger G. Noll and Supplemental Opposition to Class Certification Motion, Docket Item No. 607.

8

All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who purchased an iPod directly from Apple between September 12, 2006[22] and March 31, 2009[23] ("Class Period"). The specific models of iPods covered by the Class Definition are as follows[24]:

I. iPod Standard, Classic, Special Models
   iPod (5th generation) 30 GB
   iPod (5th generation) 80 GB
   iPod U2 Special Edition 30 GB
   iPod Classic 120 GB
   iPod Classic 80 GB
   iPod Classic 160 GB
   iPod (5th generation) 60 GB

II. iPod shuffle Models
   iPod shuffle (2nd generation) 1 GB
   iPod shuffle (2nd generation) 2 GB
   iPod shuffle (3rd generation) 4 GB
   iPod shuffle (1st generation) 1 GB
   iPod shuffle 512 MB

III. iPod touch Models
   iPod touch 8 GB
   iPod touch 16 GB
   iPod touch 32 GB
   iPod touch (2nd generation) 8 GB
   iPod touch (2nd generation) 16 GB
   iPod touch (2nd generation) 32 GB

IV. iPod nano Models
   iPod nano (2nd generation) 2 GB
   iPod nano (2nd generation) 4 GB
   iPod nano (2nd generation) 8 GB
   iPod nano (3rd generation) 4 GB

---

[22] Plaintiffs contend that the Class Period should begin on September 12, 2006 because that is the date on which iTunes 7.0 was released to the public, and because the Court's May 19 Order found that Plaintiffs had stated an antitrust claim with regard to the release of iTunes 7.0. (Plaintiffs' Brief at 3-4.) Defendant responds that Plaintiffs have not offered sufficient evidence to show a class-wide method of proving impact and damages for a period beginning with the introduction of iTunes 7.0 in September 2006. (Defendant's Brief at 2-5.) However, as discussed previously, in its December 22 Order the Court certified a Rule 23(b)(3) damages class beginning in April 2003. (December 22 Order at 13.) Thus, the Court has already determined that Plaintiffs have shown a class-wide method of proving impact and damages during the Class Period.

[23] Plaintiffs contend that the Class Period should end on March 31, 2009, because Defendant was able to "maintain its supracompetitive pricing" of the iPod "until at least March 31, 2009," when it "began selling its full catalog of music" without FairPlay, its DRM-encryption system. (See Motion at 8-9.)

[24] (See Declaration of Bonny E. Sweeney in Support of Plaintiffs' Response to the Court's June 22, 2011 Order Requiring Further Supplemental Briefing, Ex. A, Docket Item No. 645-1.)

9

    iPod nano (3rd generation) 8 GB
    iPod nano (4th generation) 4 GB (Apple retail sales only during the class period.)
    iPod nano (4th generation) 8 GB
    iPod nano (4th generation) 16 GB
    iPod nano (1st generation) 1 GB
    iPod nano (1st generation) 2 GB
    iPod nano (1st generation) 4GB

  The Court names Robbins Geller Rudman & Dowd LLP as Class Counsel.[25]

  On or before **December 9, 2011**, the parties shall file a proposed form of class notice and a joint proposal for dissemination of notice for the Court's approval.

Dated: November 22, 2011

                  JAMES WARE
                  United States District Chief Judge

---

[25] In its December 22 Order, the Court named the Robbins Geller firm and the Katriel Law Firm as "Co-Lead Class Counsel." (See December 22 Order at 13.) In their Motion for Class Certification, Plaintiffs contend that "Robbins Geller now moves separately for Lead Class Counsel and has given notice to The Katriel Law Firm." (Motion at 24 n.18.) Accordingly, the Court now names Robbins Geller as Class Counsel.

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Alexandra Senya Bernay xanb@rgrdlaw.com
Alreen Haeggquist alreenh@zhlaw.com
Andrew S. Friedman afriedman@bffb.com
Bonny E. Sweeney bonnys@rgrdlaw.com
Brian P Murray bmurray@murrayfrank.com
Carmen Anthony Medici cmedici@rgrdlaw.com
Caroline Nason Mitchell cnmitchell@jonesday.com
Craig Ellsworth Stewart cestewart@jonesday.com
David Craig Kiernan dkiernan@jonesday.com
Elaine A. Ryan eryan@bffb.com
Francis Joseph Balint fbalint@bffb.com
George A. Riley griley@omm.com
Helen I. Zeldes helenz@zhlaw.com
Jacqueline Sailer jsailer@murrayfrank.com
John J. Stoia jstoia@rgrdlaw.com
Michael D Braun service@braunlawgroup.com
Michael Tedder Scott michaelscott@jonesday.com
Robert Allan Mittelstaedt ramittelstaedt@jonesday.com
Roy Arie Katriel rak@katriellaw.com
Thomas J. Kennedy tkennedy@murrayfrank.com
Thomas Robert Merrick tmerrick@rgrdlaw.com
Todd David Carpenter tcarpenter@bffb.com

**Dated:  November 22, 2011**                               **Richard W. Wieking, Clerk**

                                                            **By:     /s/ JW Chambers          **
                                                                 **Susan Imbriani**
                                                                 **Courtroom Deputy**