ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | JOINT PROPOSAL REGARDING NOTICE PLAN |
| ALL ACTIONS. | |

674909_2

## I. INTRODUCTION

On November 22, 2011, the Court granted Plaintiffs' motion for class certification and directed that, on or before December 9, 2011, the parties file a proposed form of class notice and joint proposal for dissemination of the notice for approval by the Court.[1]

Accordingly, the parties jointly propose the following process for dissemination of the class notice.

## II. ADMINISTRATOR

To facilitate the notice process, Plaintiffs have retained Rust Consulting, Inc. ("Administrator"), an experienced and highly qualified notice administrator, to assist and provide professional guidance in the implementation of the notice program.

## III. FORM OF NOTICE

The parties jointly submit:[2] (1) a proposed summary notice for publication ("Summary Notice"), attached as Exhibit 1; (2) a proposed Notice of Pendency of Class Action to be emailed to those prospective Class Members for whom the parties have email addresses ("Notice"), attached as Exhibit 2; and (3) a proposed long-form notice to be published on a website ("Long-Form Notice"), attached as Exhibit 3.[3] The notices define the Class and describe the nature of the action and the binding effect of a later Class judgment on Class Members. In addition, the notices inform the Class Members that, if they do not want to be a Class Member and wish to retain their right to pursue their own independent action at their own expense and appear through their own counsel, they can request to be excluded from the Class. They can do so by mailing a letter to the Administrator setting forth their name and address and requesting exclusion. Any requests for exclusion from Class Members

---

[1] The Court subsequently changed the due date to January 9, 2012, following the parties' request for an extension. Dkt. No. 696.

[2] All references to "Exhibit" are to the exhibits attached to the Declaration of Alexandra S. Bernay in Support of Joint Proposal Regarding Notice Plan, filed concurrently.

[3] The parties are working on securing a domain name, but have not yet reached an agreement on a website name. The parties expect to come to agreement shortly and will inform the Court of the agreed-upon domain name.

shall be postmarked via U.S. mail, no later than 75 days after the last day on which the Notice is to be disseminated.

## IV. TIMING OF DISSEMINATION OF NOTICE

Apple has proposed that dissemination of Notice be deferred until after the Ninth Circuit rules on Apple's Rule 23(f) petition for interlocutory review of this Court's November 22, 2011 class-certification decision. Because the Ninth Circuit could reverse or modify the certification decision, Apple believes that deferring the dissemination of notices "will avoid the possibility of the Class receiving two conflicting Notices," thereby serving the public interest by avoiding "the risk of significantly confusing the class consumers." *In re Apple & ATTM Antitrust Litig.*, No. 5:07-cv-05152-JW, slip. op. at 6 (N.D. Cal. Sept. 15, 2010), attached as Exhibit 4. As in *ATTM*, "neither Plaintiffs nor the class will be significantly harmed by a short delay." *Id.* Indeed, Class Members may benefit by avoiding the confusion that conflicting notices would cause.

Plaintiffs do not object to the deferral.

## V. PROPOSED NOTICE PROCESS

The parties propose that individual notice be disseminated to potential Class Members via email and publication.

Apple maintains email addresses for customers who provided them when they purchased iPods directly from Apple through its online and retail stores and when they registered their iPods with Apple. Apple also maintains contact information for resellers who purchased iPods directly from Apple during the Class Period. If the Court approves the Notice Plan, Apple will provide approximately 4.9 million email addresses, plus additional contact information for the resellers, for customers who purchased iPods directly from Apple during the Class Period. The email addresses and other contact information will be designated as Confidential under the Protective Order previously entered into in this case. Class Counsel will provide the email addresses and contact information to the third-party Administrator, which it will use solely for the purposes of disseminating the Notice. The Administrator has signed Attachment A to the Protective Order and given its assurance that it will comply with the provisions of the Protective Order. Notice will be disseminated to the Class within 30 days after the Court of Appeals' denial of Apple's 23(f) petition

or affirmance of this Court's November 22, 2011 class certification Order becomes final or after this Court approves the notice form and plan, whichever is later.

In addition to the direct Notice detailed above, notice will also be disseminated through publication. The Administrator shall cause to be published the Summary Notice in *Entertainment Weekly* and *Wired* as a means of reaching prospective Class Members not receiving individual Notice.

The Administrator shall establish a website, to make available to Class Members the following information: (1) the Order granting class certification; (2) Plaintiffs' Complaint; (3) Defendant's Answer; and (4) the Notice and Long-Form Notice and other such documents as the parties may agree or the Court shall require.

The Administrator shall also establish a toll-free telephone number for Class Members to call if they have questions or to request copies of the Class notices or other documents. The Administrator shall provide staff to answer the telephone, respond to ministerial matters such as requests for copies of the notices and direct any substantive questions to Class Counsel.

## VI. THE PROPOSED NOTICE PLAN AND FORM OF NOTICE MEETS THE REQUIREMENTS OF RULE 23

### A. The Proposed Class Notice Provides for the Best Notice Practicable Under the Circumstances

Rule 23 requires the "best notice that is practicable under the circumstances." Fed. R. Civ. P. 23(c)(2)(B). The notice should be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994) (quoting *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S. Ct. 652 (1950)). "There is no one 'right way' to provide notice as contemplated under Rule 23(e)." *In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, No. 4:03-MD-015, 2004 WL 3671053, at *8-*9 (W.D. Mo. Apr. 20, 2004) (citations omitted). Notice plans are not expected to reach every class member; Rule 23 requires the best notice 'practicable,' not perfect notice. Fed. R. Civ. P. 23(c)(2)(B). "Due process does not require actual notice, but rather a good faith effort to provide actual notice." *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 177 F.R.D. 216, 231 (D.N.J. 1997). As described in detail above, the proposed

notice plan comprised of direct Notice supplemented by publication notice will reach a wide number of Class Members.

### B. Each Identified Class Member For Whom the Parties Have an Email Address Will be Sent Notice

The notice program provides that Apple will work with Class Counsel and the notice Administrator to cause the Notice to be sent by email to each identifiable Class Member by sending the Notice to the Class Member's last known email address in the customer databases of Apple. The Notice will consist of a summary of the Long-Form Notice and a link to an official website, where the entire Long-Form Notice and other documents related to the case may be viewed and printed by Class Members as detailed, above, in §A. The Notice has been designed to minimize the chances that it could be blocked by spam filters. For example, the Notice will not include an attachment of the Long-Form Notice because such notices are known to sometimes trigger spam filters. Instead, the Notice will direct the recipient to the official website for complete information. The notice program provides that in the event a Notice is returned to the sender because it could not be delivered ("bounced back"), the parties may, if it is deemed useful, resend the Notice.

Similar programs for notice by email rather than regular first-class mail have been accepted in other cases by courts throughout the country. *See, e.g.*, *In re Classmates.com Consol. Litig.*, No. C 09-45 RAJ, slip. op. (W.D. Wash. Apr. 19, 2010) (Order attached hereto as Exhibit 5); *Cho v. Seagate Tech. (US) Holdings, Inc.*, No. CGC 06-453195, slip. op. (San Francisco Super. Ct. Mar. 1, 2010) (attached hereto as Exhibit 6); and *Barker v. Skype, Inc.*, No. 2:09-cv-01364-RSM, slip. op. (W.D. Wash. Nov. 17, 2009) (attached hereto as Exhibit 7).[4] In the specific circumstances of this case, because iPod users are likely heavy technology users, email is likely to be a more efficient

---

[4] *See also Browning v. Yahoo! Inc.,* No. C04-01463-HRL, 2007 WL 4105971, at *4 (N.D. Cal. Nov. 16, 2007) (citing *Lundell v. Dell, Inc.*, No. C05-3970, 2006 WL 3507938, at *1 (N.D. Cal. Dec. 5, 2006) (approving notice by e-mail); *Browning v. Yahoo! Inc.*, No. C04-01463-HRL, 2006 WL 3826714, at *8-*9 (N.D. Cal. Dec. 27, 2006); *see also Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 58 (2008); *Farinella v. PayPal, Inc.*, 611 F. Supp. 2d 250, 256 (E.D.N.Y. 2009) (e-mail notice sent to more than 2.2 million PayPal users).

means of communicating with Class Members than regular first-class mail. As to Resellers, the notice plan calls for email and mail notice to these Members of the Class.

### C. Resellers Will Receive Notice Via U.S. Mail and Email

Apple has provided the contact information it has maintained for the resellers who purchased iPods directly from Apple during the Class Period. This information includes physical mailing addresses, and for most, email addresses of the contact at each Reseller. In order to ensure the best practicable notice of the Reseller Members of the Class, notice to these entities will be via U.S. mail and email.

### D. Notice Will Also Be Provided Through Print Media

As noted, the Administrator will cause the Summary Notice to published in *Entertainment Weekly* and *Wired* as a means of reaching prospective Class Members not receiving Notice. *Entertainment Weekly* is a weekly magazine and online periodical that covers all aspects of pop culture and entertainment including movies, television, music, books and new media. The magazine is "the leading consumer brand for entertainment and pop culture." *See* http://www.ew.com/ew/static/advertising/pdfs/EW_2011MedaiKit.pdf. It has won more than 100 photography, design and editorial awards, including the 2010 Ad Age Media Vanguard Award for Best Magazine App with a Purpose as well the 2010 MIN Best of the Web Awards, the 2010 MIN Integrated Marketing Awards, Multiple Magazine Title Program and the 2009 Folio Magazine Awards for Consumer, Entertainment, Full Issue (6/27/2008). *Id.*

*Wired* is a monthly magazine and online periodical that covers "how ideas and innovation are changing the world" and "the future of business, culture, innovation and science." *See* www.wired.com/services/press/center/about. "AdWeek named WIRED to its 2011 Hot List and made WIRED its first-ever "Magazine of the Decade" in 2010. It was named to Advertising Age's A-List in 2010, received three National Magazine Awards for general excellence in 2005, 2007, and 2009, and was nominated for a National Magazine Award for Magazine of the Year in 2011." It was also "named 2009's Best Magazine Website by AdWeek, Best News, Business & Finance Website in 2009 by MPA Digital, and was a 2011 National Magazine Award for Digital Media 'General Excellence' finalist." *Id.*

The Summary Notice will be published in *Entertainment Weekly* and *Wired* within 10 days after completion of the emailing program described above. The Administrator will oversee publication of the Summary Notice and will certify to the Court that publication occurred.

### E. Notice Will Be Posted on a Designated Website

An official website will feature copies of important case documents including the Long-Form Notice, the Notice, the Court's Order granting class certification and other documents the parties agree to post or that the Court requires be posted. The documents will be available for Class Members to review and print. The website will be available until at least one-year after settlement or conclusion of trial in this action. No material may be posted to the website without Apple and Plaintiffs' joint agreement. The website will also feature a toll-free number Class Members may call if they have questions.

### F. The Proposed Form of Class Notice Adequately Informs Class Members of Their Rights in This Litigation

Class notice must "clearly and concisely state in plain, easily understood language" the nature of the action; the class definition; the class claims, issues, or defenses; that the class member may appear through counsel; that the court will exclude from the class any member who requests exclusion; the time and manner for requesting exclusion or for raising objections; and the binding effect of a later class judgment on class members. *See* Fed. R. Civ. P. 23(c)(2)(B). As detailed above, the email and Long-Form Notices proposed here comply with each of these requirements.

The parties respectfully request that the Court approve the proposed forms of notice, and direct that Notice be disseminated as proposed.

DATED: January 9, 2012                    Respectfully submitted,

                                                    ROBBINS GELLER RUDMAN
                                                       & DOWD LLP
                                                    JOHN J. STOIA, JR.
                                                    BONNY E. SWEENEY
                                                    THOMAS R. MERRICK
                                                    ALEXANDRA S. BERNAY
                                                    CARMEN A. MEDICI

                                                                   s/ Alexandra S. Bernay
                                                    ALEXANDRA S. BERNAY

| | |
|---|---|
| 1 | |
| 2 | 655 West Broadway, Suite 1900<br>San Diego, CA  92101 |
| 3 | Telephone:  619/231-1058<br>619/231-7423 (fax) |
| 4 | Class Counsel for Plaintiffs |
| 5 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL |
| 6 | 1101 30th Street, N.W., Suite 500<br>Washington, DC  20007 |
| 7 | Telephone:  202/625-4342<br>202/330-5593 (fax) |
| 8 | |
| 9 | BONNETT, FAIRBOURN, FRIEDMAN<br>  & BALINT, P.C. |
| 10 | ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR.<br>ELAINE A. RYAN |
| 11 | TODD D. CARPENTER |
| 12 | 2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012 |
| 13 | Telephone:  602/274-1100<br>602/274-1199 (fax) |
| 14 | BRAUN LAW GROUP, P.C. |
| 15 | MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280 |
| 16 | Los Angeles, CA  90064<br>Telephone:  310/836-6000 |
| 17 | 310/836-6010 (fax) |
| 18 | MURRAY FRANK LLP<br>BRIAN P. MURRAY |
| 19 | 275 Madison Avenue, Suite 801<br>New York, NY  10016 |
| 20 | Telephone:  212/682-1818<br>212/682-1892 (fax) |
| 21 | GLANCY BINKOW & GOLDBERG LLP |
| 22 | MICHAEL GOLDBERG<br>1925 Century Park East, Suite 2100 |
| 23 | Los Angeles, CA  90067<br>Telephone:  310/201-9150 |
| 24 | 310/201-9160 (fax) |
| 25 | Additional Counsel for Plaintiffs |
| 26 | |
| 27 | |
| 28 | |

DATED: January 9, 2012

JONES DAY
ROBERT A. MITTELSTAEDT
CRAIG E. STEWART
DAVID C. KIERNAN
MICHAEL T. SCOTT

      s/ David C. Kiernan
      DAVID C. KIERNAN

555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: 415/626-3939
415/875-5700 (fax)

Attorneys for Defendant Apple Inc.

### ECF CERTIFICATION

The filing attorney attests that she has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: January 9, 2012      By:    s/ Alexandra S. Bernay
                                                      ALEXANDRA S. BERNAY

## CERTIFICATE OF SERVICE

I hereby certify that on January 9, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on January 9, 2012.

    s/ Alexandra S. Bernay
    ALEXANDRA S. BERNAY

    ROBBINS GELLER RUDMAN
         & DOWD LLP
    655 West Broadway, Suite 1900
    San Diego, CA  92101-3301
    Telephone:  619/231-1058
    619/231-7423 (fax)

    E-mail:      xanb@rgrdlaw.com

674909_2

# Mailing Information for a Case 5:05-cv-00037-JW

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com

- **Brian P. Murray**
  bmurray@murrayfrank.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**

eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com,carolyn.ernser@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **John J. Stoia , Jr**
  jstoia@rgrdlaw.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,christinas@rgrdlaw.com,E_file_sd@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`