# EXHIBIT 1

# If You Purchased an Apple iPod Directly from Apple Inc. Between September 12, 2006 and March 31, 2009

You could be affected by a class-action lawsuit against Apple Inc. The Court ordered this notice, allowed the case to proceed as a class action on behalf of a "Class," and has appointed attorneys as Class Counsel. The Court has not decided that Apple did anything wrong. Apple has not been ordered to pay any money. There has been no settlement. There is no money available now and no guarantee that there will be.

### What is this case about?

The lawsuit claims that Apple violated state and federal laws by issuing certain software updates in 2006 for its iPods that prevented iPods from playing songs not purchased from iTunes and that these updates caused prices for iPods to be higher than they would have been. Apple denies it did anything wrong and asserts that the updates improved its products, were good for consumers, and had no effect on iPod prices. The lawyers for the Class will have to prove their claims in Court.

### Are you included?

You are a member of the Class if you purchased an iPod directly from Apple (through an Apple retail store or Apple online store or as a reseller) between September 12, 2006 and March 31, 2009. A list of included iPods is available at **[WEBSITE]**

### What are your options?

To stay in the Class, you do not have to do anything now. If you do, you will be bound by the Court's orders and will lose any right you may have to sue Apple over the claims in this case. If you do not want to be a Class Member or to be bound by what the Court does and want to keep any rights you may have to sue Apple over the claims in this case, you need to exclude yourself. To be excluded, you must send a letter to **[ADDRESS]** that includes your name, address and a request to be excluded from *In re Apple iPod iTunes Antitrust Litigation*, 05cv00037 (N.D. Cal). If excluded, you cannot get money or benefits that Plaintiffs may obtain if any are awarded. The deadline to exclude yourself is **[MONTH 00, 2012]**.

### Where to get more information?

This notice is only a summary. For more information visit the website or call the toll-free number listed below.

---

**For more information: [1-800-000-0000]**
**www.[XXXXXXXXXXXXXX].com**

EXHIBIT 2

United States District Court
for the Northern District of California

*In re Apple iPod iTunes Antitrust Litigation*,
Case No. C 05-00037 JW

# NOTICE OF PENDENCY OF CLASS ACTION

TO:    ALL PERSONS OR ENTITIES IN THE UNITED STATES WHO PURCHASED ONE OF THE LISTED IPOD MODELS DIRECTLY FROM APPLE BETWEEN SEPTEMBER 12, 2006 AND MARCH 31, 2009 (THE "CLASS").

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS LITIGATION.

This Notice has been sent to you pursuant to an Order of the United States District Court for the Northern District of California.  The purpose of this Notice is to inform you that you have been identified as a potential member of the Class described above so that you can decide whether to remain a Class Member or to exclude yourself or your company from the Class.  If you want to stay in this Class Action, you need not do anything now, and you will be bound by the Court's rulings in the lawsuit.  If you do not want to participate in this Class Action or have your rights affected by it, you must request exclusion as described in this notice by [**Month xx, 2012**].

*This is not a solicitation from a lawyer.*

This Notice is not an expression of any opinion by the Court about the merits of any of the claims or defenses asserted by any party to this litigation.  The Court has not decided whether Defendant Apple Inc. ("Apple") has done anything wrong.  Apple has not been ordered to pay any money.  There has been no settlement.

## I.    SUMMARY OF THE LITIGATION

Apple sells iPods directly to customers through its online and retail stores and directly to Apple authorized resellers.  The lawsuit claims that Apple violated federal and state laws by issuing software updates in 2006 for its iPod that prevented iPods from playing songs not purchased on iTunes.  The lawsuit claims that the software updates caused iPod prices to be higher than they otherwise would have been.  Apple denies that it did anything wrong and asserts that the software updates challenged by Plaintiffs improved its products, were good for consumers, and had no effect on iPod prices.  The Court has not yet decided whether Plaintiffs or Apple is correct.

On November 22, 2010, the Court allowed the case to proceed as a class action for all persons and entities that purchased certain iPod models between September 12, 2006 and March 31, 2009.  The specific models of iPods covered by the Class Definition can be found at [**WEBSITE**].

The Court appointed Plaintiffs as Class representatives, appointed Robbins Geller Rudman & Dowd LLP as Class Counsel, and directed that this Notice be sent to potential Class Members informing them of the pending litigation.

## II.    EXAMINATION OF PAPERS

This Notice is just a summary and does not describe all of the details of the litigation. For more details about the matters discussed in this Notice, you may desire to review certain documents related to the litigation. Several documents, including the Complaint, Apple's Answer to the Complaint and the Court's Order certifying the class are available for review at [**INSERT WEBSITE LINK**]. The documents filed in the case may also be inspected during business hours at the office of the Clerk of the United States District Court for the Northern District of California, San Francisco Division, 450 Golden Gate Avenue, San Francisco, CA 94102, or by visiting the Court's Public Access to Court Electronic Records ("PACER") website at https://ecf.cand.uscourts.gov/cand/index.html.

Additional information can also be obtained from the Notice Administrator, Rust Consulting, Inc. by calling [**PHONE NUMBER**].

## III.    TO REQUEST EXCLUSION FROM THE LITIGATION

You have to decide whether to stay in the Class or ask to be excluded by [**DATE**].

You do not need to do anything to be a member of the Class and to participate in any recovery the Plaintiffs may obtain for the Class and you will not incur any cost for doing so. As a Class Member, you will be represented by Plaintiffs and Class Counsel. However, if you choose, you may enter an appearance through your own counsel, at your expense. If you remain a member of the Class, you may not be permitted to pursue an individual action against Apple regarding the subject matter of this litigation.

If you do not want to remain a Class Member, if you do not want to be bound by what the Court does, or if you want to retain your right to pursue your own independent action against Apple for the claims in this case at your own expense, you must ask to be excluded from this Class Action. To ask to be excluded (which is the same as removing yourself from the Class or "opting-out"), you must send an "Exclusion Request" in the form of a letter sent by mail, to the Notice Administrator at [**INSERT ADDRESS**] stating that you want to be excluded from *In re Apple iPod iTunes Antitrust Litigation*. Your "Exclusion Request" should include your name and address. To be valid, your letter asking to be excluded from the Class must be signed and postmarked no later than [**DATE**].

- 2 -

If you properly submit a timely request to be excluded from the Class, you will not be bound by what the Court does and will not be eligible to receive any benefits that Plaintiffs may ultimately obtain in the case through judgment or settlement.  You will, however, retain whatever legal rights you may have against Apple with regard to the claims that are the subject of this litigation.

**DO NOT CALL THE COURT OR THE CLERK'S OFFICE
REGARDING THIS NOTICE.**

BY ORDER OF THE COURT.

Dated: _____
Honorable Chief Judge James Ware
United States District Court
for the Northern District of California

675837_1

# EXHIBIT 3

<u>United States District Court for the Northern District of California</u>

# If you purchased one of the listed iPod models directly from Apple between September 12, 2006 and March 31, 2009, a class-action lawsuit may affect your rights.

*A court authorized this notice. This is not a solicitation from a lawyer.*

- Apple Inc. ("Apple") sells iPods directly to customers through its online and retail stores and directly to Apple authorized resellers. A lawsuit has been filed against Apple claiming that software updates Apple issued in 2006 for its iPod caused iPod prices to be higher than they otherwise would have been. Apple denies that the software updates had any effect on iPod prices. The Court has not yet decided whether Plaintiffs or Apple is correct. Apple has not been ordered to pay any money. There has been no settlement.

- The Court has allowed the lawsuit to proceed as a class action on behalf of all entities or persons who purchased certain iPod models between September 12, 2006 and March 31, 2009. The specific models ("Designated Apple iPods") are listed below at pages 3-4.

- The Court has not decided whether Apple has in fact violated the law. The sole purpose of this notice is to inform you of the lawsuit so that you can make an informed decision as to whether you should remain in or opt out of this class action. There is no money available now, and no guarantee that there will be. However, your legal rights are affected, and you have a choice to make now:

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT | |
|---|---|
| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of sharing in any recovery (monetary or otherwise) that may come from a trial or a settlement. But you give up any right you may have to sue Apple separately about the same legal claims in this lawsuit, and you will be bound by the outcome of this case. |
| **ASK TO BE EXCLUDED** | **Get out of this lawsuit. Get no benefits from it. Keep rights.**<br><br>If you ask to be excluded you will not be bound by what the Court does in this case and will keep any right you might have to sue Apple separately about the same legal claims in this lawsuit. |

|  | If a recovery is later awarded in this case, you would not share in that recovery. |
|---|---|

- Your options are explained in more detail in this notice.  To be excluded, you must act before **[DATE]**.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**........................................................................... PAGES 2-3
    1.    What is this lawsuit about?
    2.    Why is this a class action?

**WHO IS IN THE CLASS**........................................................................ PAGES 3-4
    3.    Who is included in the Class?
    4.    What if I'm still not sure if I am included in the Class?

**THE CLAIMS IN THE LAWSUIT** .......................................................... PAGE 4
    5.    What are Plaintiffs asking for?
    6.    Is there any money available now?

**YOUR RIGHTS AND OPTIONS**............................................................ PAGE 5
    7.    What happens if I do nothing at all?
    8.    Why would I ask to be excluded?
    9.    How do I ask the Court to exclude me from the Class?

**THE LAWYERS REPRESENTING YOU** ............................................... PAGE 5
    10.    Do I have a lawyer in this case?
    11.    How will the lawyers be paid?

**GETTING MORE INFORMATION**.......................................................... PAGE 6
    12.    Where can I get more information?

### BASIC INFORMATION

**1.  What is this lawsuit about?**

The lawsuit claims that Apple violated federal and state laws by issuing software updates in 2006 for its iPod that prevented iPods from playing songs not purchased on iTunes.  The lawsuit claims that the software updates caused iPod prices to be higher than they otherwise would have been.  Apple denies that it did anything wrong and asserts that the software updates challenged by Plaintiffs improved its products, were good for consumers, and had no effect on iPod prices.

675861_1

The Court in charge of the case is the United States District Court for the Northern District of California, and the case is known as *In re Apple iPod iTunes Antitrust Litigation*, 05cv00037 - JW. The people who sued are called Plaintiffs, and Apple is called the Defendant.

The Court has not yet decided whether Plaintiffs or Apple is correct.

## 2.  Why is this a class action?

Three individuals who bought iPods have sued Apple seeking to recover money for themselves and other people who bought iPods.  On November 22, 2011, the Court allowed the case to proceed as a class action for all persons and entities that purchased one of the iPod models, listed below, directly from Apple between September 12, 2006 and March 31, 2009.  All these people are a Class or Class Members.  The Court will resolve the issues in the case for all Class Members, except for those who choose to exclude themselves from the Class.  United States District Court Chief Judge James Ware is in charge of this class action.

More information about why the Court is allowing this lawsuit to be a class action is in the Order Granting Plaintiffs' Motion for Class Certification available at **[WEBSITE]**.

### WHO IS IN THE CLASS?

## 3.  Who is included in the Class?

The Court decided that everyone who fits the following description is a Class Member: All persons or entities in the United States (excluding federal, state and local governmental entities, Apple, its directors, officers and members of their families) who purchased one of the iPod models listed below directly from Apple between September 12, 2006 and March 31, 2009 ("Class Period").

A list of iPod models covered by the Class Definition are as follows:

- iPod Standard, Classic, Special Models

  iPod (5th generation) 30 GB
  iPod (5th generation) 80 GB
  iPod U2 Special Edition 30 GB
  iPod Classic 120 GB
  iPod Classic 80 GB
  iPod Classic 160 GB
  iPod (5th generation) 60 GB

- iPod shuffle Models

  iPod shuffle (2nd generation) 1 GB
  iPod shuffle (2nd generation) 2 GB
  iPod shuffle (3rd generation) 4 GB
  iPod shuffle (1st generation) 1 GB
  iPod shuffle 512 MB

675861_1

- iPod touch Models

  iPod touch 8 GB
  iPod touch 16 GB
  iPod touch 32 GB
  iPod touch (2nd generation) 8 GB
  iPod touch (2nd generation) 16 GB
  iPod touch (2nd generation) 32 GB

- iPod nano Models

  iPod nano (2nd generation) 2 GB
  iPod nano (2nd generation) 4 GB
  iPod nano (2nd generation) 8 GB
  iPod nano (3rd generation) 4 GB
  iPod nano (3rd generation) 8 GB
  iPod nano (4th generation) 4 GB
    (Apple retail sales only during the class period).
  iPod nano (4th generation) 8 GB
  iPod nano (4th generation) 16 GB
  iPod nano (1st generation) 1 GB
  iPod nano (1st generation) 2 GB
  iPod nano (1st generation) 4 GB

**4.  What if I'm still not sure if I am included in the Class?**

If you are still not sure whether you are included, you can get more information at **[WEBSITE]**, or get free help by calling or writing the lawyers in this case, at the phone number or address listed in Question 12.

## THE CLAIMS IN THE LAWSUIT

**5.  What are Plaintiffs asking for?**

Plaintiffs are seeking to recover money for themselves and the Class based on Plaintiffs' claim that Apple's software updates violated federal and state antitrust laws and caused iPod prices to be higher than they otherwise would have been.  Apple claims that Plaintiffs should recover no money because it has not violated the law and the software updates challenged by Plaintiffs improved its products, were good for consumers, and did not increase iPod prices.

**6.  Is there any money available now?**

No money is available now because the Court has not yet decided whether Apple has done anything wrong, and the two sides have not settled the case.  There is no guarantee that any money will ever be available.  If it is, you will be notified about your rights regarding any recovery.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class or ask to be excluded before the trial, and you have to decide this prior to **[DATE]**.

### 7.  What happens if I do nothing at all?

If you do not do anything now you will remain a member of the Class.  If you stay in the Class and the Plaintiffs obtain benefits, either as a result of a trial or a settlement, you will be notified about how to seek a share of those benefits (or how to ask to be excluded from any settlement).  If you do nothing, you will be bound by the Court's orders and will lose any right you may have to sue Apple over the claims in this case.  You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in the class action, including any judgment against Plaintiffs and in favor of Apple.

### 8.  Why would I ask to be excluded?

If you would like to pursue your own lawsuit or claim against Apple for the claims in this case, do not want to be bound by what the Court does in this case, or if you simply do not want to be part of the Class pursuing claims against Apple, you need to ask to be excluded from the Class.  If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you will not be legally bound by the Court's judgments in this class action, and will keep any right you may have to later sue Apple for the claims being made in the case.  If you exclude yourself you also will not get any benefits from this lawsuit if there are any.

### 9.  How do I ask the Court to exclude me from the Class?

To ask to be excluded, you must send an "Exclusion Request" in the form of a letter sent by mail to **[ADDRESS]**, stating that you want to be excluded from *In re Apple iPod iTunes Antitrust Litigation*. Your "Exclusion Request" should include your name and address.  To be valid, your letter asking to be excluded from the Class must be signed and postmarked no later than **[DATE]**.

## THE LAWYERS REPRESENTING YOU

### 10.  Do I have a lawyer in this case?

The Court has appointed Robbins Geller Rudman & Dowd LLP as Class Counsel in this case.  The Court has determined that Robbins Geller Rudman & Dowd LLP is qualified to represent you and all other Class Members.  You will not be charged for these lawyers. The lawyers handling the case are experienced in handling similar cases.  More information about the law firm is available at www.rgrdlaw.com.

### 11.  How will the lawyers be paid?

If Class Counsel recovers any money for the Class, they will ask the Court for payment of their fees and reimbursement of their litigation costs. You will not have to pay these fees and expenses out of

your own pocket. If the Court grants Class Counsel's request, the fees and expenses will be deducted from any money obtained for the Class or paid separately by Apple.

## GETTING MORE INFORMATION

**12.  Where can I get more information?**

If you want more detailed information, you may visit the website **[WEBSITE]**, where you will find the Court's Order Granting Plaintiffs' Motion for Class Certification and other case-related documents.

<u>Class Counsel</u>:
Bonny E. Sweeney
Thomas R. Merrick
Alexandra S. Bernay
Carmen A. Medici
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
Telephone:  619/231-1058

<u>Counsel for Defendant Apple</u>:

Robert A. Mittelstaedt
Craig E. Stewart
David C. Kiernan
JONES DAY
555 California Street
26th Floor
San Francisco, CA 94104
Telephone:  415/626-3939

EXHIBIT 4

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7               FOR THE NORTHERN DISTRICT OF CALIFORNIA

8                            SAN JOSE DIVISION

9   In Re. Apple & ATTM Antitrust Litigation        NO. C 07-05152 JW

10                                                   **ORDER GRANTING DEFENDANTS'**
                                                     **MOTION TO STAY PROCEEDINGS**

11

12   _____/

13                          **I.  INTRODUCTION**

14        Plaintiffs[1] bring this putative nationwide class action against Apple, Inc. ("Apple") and

15   AT&T Mobility, LLC ("ATTM"), alleging, *inter alia*, monopolization in violation of Section 2 of

16   the Sherman Act.  Plaintiffs allege that: (1) Apple and ATTM secretly agreed to technologically

17   restrict voice and data service for iPhones in the aftermarket to force customers to continue their

18   services for five years, three years more than the two-year contract that the consumers agreed to; and

19   (2) Apple monopolized the aftermarket for third party software applications for the iPhone, and

20   caused the iPhone to become unusable if it detected that a customer had "unlocked" their phones.

21        Presently before the Court is Defendant Apple's Motion to Stay the Proceedings.[2]  The Court

22   finds it appropriate to take the Motion under submission without oral argument.  See Civ. L.R. 7-

23   1(b).  Based on the papers submitted to date, the Court GRANTS Defendants' Motion to Stay.

24

25

26        _____

         [1]  Plaintiffs are Herbert H. Kliegerman, Paul Holman, Lucy Rivello, Timothy P. Smith,
27   Michael G. Lee, Dennis V. Macasaddu, Mark G. Morikawa, Vincent Scotti, and Scott Sesso.

28        [2]  (hereafter, "Motion," Docket Item No. 472).  Defendant ATTM filed a Joinder in Apple's
     Motion to Stay.  (Docket Item No. 477.)

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

## II. BACKGROUND

A detailed description of the factual allegations of this case can be found in the Court's October 1, 2008 Order Denying Defendant ATTM's Motion to Compel Arbitration and to Dismiss; Denying Defendant ATTM's Motion to Stay Discovery; Granting in Part and Denying in Part Defendant Apple's Motion to Dismiss.[3]

The Court reviews the procedural history to the extent it is relevant to the present Motion. On October 5, 2007, Plaintiffs Paul Holman and Lucy Rivello filed a Class Action Complaint. (Docket Item No. 1.) In 2007 and 2008, the Court consolidated and related several other cases alleging similar facts and legal claims. (Docket Item Nos. 34, 35, 86, 100.) On June 4, 2008, Plaintiffs filed a Revised Consolidated Amended Class Action Complaint, which is the operative Complaint.[4] In its October 1, 2008 Order, the Court denied Defendant ATTM's Motion to Compel Arbitration and granted in part and denied in part Defendant Apple's Motion to Dismiss. The Court dismissed only the unfair and deceptive trade practices claims. (See October Order.)

On February 12, 2010, Apple filed a Motion for Summary Judgment on Plaintiffs' claims for violation of the Magnuson-Moss Warranty Act, trespass to chattels, violation of the Computer Fraud and Abuse Act, and violation of California Penal Code § 502. (Docket Item No. 265.) Plaintiffs filed a Motion for Class Certification. (Docket Item No. 289.) On July 8, 2010, the Court issued an Order as to both Motions. (Docket Item No. 466.) Specifically, the Court granted Defendant

---

[3] (hereafter, "October Order," Docket Item No. 144.)

[4] (hereafter, "Amended Complaint," Docket Item No. 109.) The Amended Complaint alleges the following ten causes of action: (1) Unlawful Monopolization of the Applications Aftermarket in Violation of Sherman Act § 2 (against Apple); (2) Attempted Monopolization of the Applications Aftermarket in Violation of the Sherman Act § 2 (against Apple); (3) Unlawful Monopolization of the Voice and Data Services Aftermarket in Violation of Sherman Act § 2 (against Apple and ATTM); (4) Attempted Unlawful Monopolization of the Voice and Data Services Aftermarket in Violation of Sherman Act § 2 (against Apple and ATTM); (5) Conspiracy to Monopolize the Voice and Data Services Aftermarket in Violation of Sherman Act § 2 (against Apple and ATTM); (6) Unfair and Deceptive Acts and Practices (against Apple and ATTM); (7) Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* (against Apple and ATTM); (8) Trespass to Chattels (against Apple); (9) Violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 (against Apple); and (10) Violation of California Penal Code § 502 (against Apple).

2

United States District Court
For the Northern District of California

1   Apple's Motion for Summary Judgment as to the causes of action listed above, and granted in part

2   Plaintiffs' Motion for Class Certification as to the remaining claims.  (Id.)

3       On July 23, 2010, Defendants filed with the Ninth Circuit a Petition for Permission to Appeal

4   the Class Certification Order pursuant to Federal Rule of Civil Procedure 23(f),[5] which is currently

5   pending.

6                                  **III.  DISCUSSION**

7   **A.    <u>Standards for a Stay</u>**

8       As a preliminary matter, the parties dispute the relevant standard for granting a stay.

9   Defendants contend that the Court should follow the Ninth Circuit's decision in <u>Golden Gate</u>

10  <u>Restaurant v. San Francisco</u>.[6]  (Motion at 2.)  Plaintiffs contend that the Supreme Court's decision in

11  <u>Winter v. NRDC, Inc.</u>,[7] overturned <u>Golden Gate</u>'s sliding scale analysis as to stays.  (Plaintiffs'

12  Opposition to Defendant Apple Inc.'s Motion to Stay Proceedings at 1, hereafter, "Opp'n," Docket

13  Item No. 485.)

14      "A stay is not a matter of right."  <u>Nken v. Holder</u>, 129 S. Ct. 1749, 1761 (2009).  Rather, a

15  court may grant a stay in its discretion "upon [consideration of] the circumstances of the particular

16  case."  <u>Id.</u>  The party requesting a stay bears the burden of showing that the circumstances justify a

17  stay.  <u>Id.</u>  In determining whether to issue a stay pending an interlocutory appeal, the Supreme Court

18  has repeatedly held that courts should consider four factors: (1) whether the stay applicant has made

19  a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be

20  irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other

21  parties interested in the proceeding; and (4) where the public interest lies.  <u>See, e.g.</u>, <u>Nken</u>, 129 S.

22  Ct. at 1761; <u>see also</u> <u>Hilton v. Braunskill</u>, 481 U.S. 770, 776 (1987).

23

24  _____

25      [5]  (hereafter, "Rule 23(f) Petition," Docket Item No. 467.)

26      [6]  512 F.3d 1112 (9th Cir. 2008).

27      [7]  129 S. Ct. 365 (2008).

28                                      3

United States District Court

For the Northern District of California

1    In evaluating these factors, the Ninth Circuit in <u>Golden Gate</u> applied a "sliding scale"

2    analysis, which "represent[s] the outer reaches of a single continuum." 512 F.3d at 1116. At one

3    end, the moving party can show "a probability of success on the merits and the possibility of

4    irreparable injury." <u>Id.</u> at 1115-16 (quoting <u>Lopez v. Heckler</u>, 713 F.2d 1432, 1435 (9th Cir. 1983)).

5    At the other end of the spectrum, the moving party can show that "serious legal questions are raised

6    and that the balance of hardships tips sharply in its favor." <u>Id.</u>

7    In <u>Winter</u>, the Supreme Court considered whether the Ninth Circuit's sliding scale analysis

8    was appropriate in the context of the standard for a preliminary injunction. 129 S. Ct. at 370. In the

9    preliminary injunction context, the Court held that a plaintiff must show that "he is likely to suffer

10   irreparable harm in the absence of preliminary relief" regardless of the likelihood of success on the

11   merits. <u>Id.</u> at 374. The Court's decision in <u>Winter</u>, however, did not address the use of the sliding

12   scale approach in the stay context. Moreover, the Ninth Circuit has recently held that, even in the

13   injunction context, the "'serious questions' version of the sliding scale test . . . remains viable after .

14   . . <u>Winter</u>." <u>Alliance for the Wild Rockies v. Cottrell</u>, No. 09-35756, 2010 U.S. App. LEXIS 15537,

15   at *18-19 (9th Cir. July 28, 2010). As such, multiple post-<u>Winter</u> decisions in this Circuit continue

16   to apply the "sliding scale" and "serious questions" tests of <u>Golden Gate</u> to motions to stay pending

17   appeal.[8]

18   Accordingly, in considering Defendants' Motion, the Court applies the rules enunciated in

19   <u>Golden Gate</u>.

20   **B.      Defendants' Motion**

21   Defendants move for a stay on the grounds that their Rule 23(f) Petition raises serious legal

22   questions and that a short delay would serve judicial economy and the public interest. (Motion at 1.)

23   Plaintiffs respond that Defendants are not likely to be successful on appeal, and that the balance of

24

25

26   [8]  <u>See, e.g.</u>, <u>McArdle v. AT&T Mobility LLC</u>, No. C 09-1117, 2010 U.S. Dist. LEXIS 73519,
     at *9 (N.D. Cal. July 20, 2010); <u>Countrywide Home Loans, Inc. v. Mortgage Guaranty Ins. Co.</u>, No.
27   C 10-00233, 2010 U.S. Dist. LEXIS 53900, at *5-6 (N.D. Cal. May 4, 2010); <u>United States v.</u>
     <u>Greenstein</u>, No. CR08-0296, 2010 U.S. Dist. LEXIS 91999, at *2-3 (W.D. Wash. Aug. 13, 2010).

28
                                                   4

United States District Court

For the Northern District of California

1   equities does not tip in Defendants' favor because there is a public interest in moving the class

2   action forward.  (Opp'n at 1-2.)

3        Under Golden Gate, to prevail on a motion to stay pending an interlocutory appeal, a

4   defendant must show that: (1) serious legal questions are raised in the appeal; and (2) the balance of

5   hardships tips sharply in its favor.  Golden Gate, 512 F.3d at 1115-16.

6        Here, with respect to the first factor, Defendants' Rule 23(f) Petition raises significant legal

7   questions as to the proper interpretation of Newcal Indus., Inc. v. IKON Office Solution, 513 F.3d

8   1038 (9th Cir. 2008).  In its October 1, 2008 Order regarding Apple's Motion to Dismiss, the Court

9   allowed Plaintiffs' aftermarket claims under Newcal.  (See Docket Item No. 144 at 14-15.)   In that

10  Order, the Court also noted that Plaintiffs alleged that "unknown to consumers, the companies had

11  agreed to technologically restrict voice and data service in the aftermarket for continued voice and

12  data services, i.e., after the initial two-year service period expired."  (Id. at 1.)  Later, in ruling on

13  Plaintiffs' Motion for Class Certification, the Court held that Newcal "did not require that an inquiry

14  into whether consumers 'knowingly' entered into de facto commitments to be monopolized must be

15  determined on an individual basis rather than a class-wide basis."  (Docket Item No. 466 at 16

16  (emphasis in original).)

17       Based on these two Orders, Defendants' Rule 23(f) Petition asks the Ninth Circuit to decide

18  Newcal's effect on Plaintiffs' burden to show that certain types of aftermarket monopolization

19  claims are appropriate for class action treatment.  (Docket Item No. 467.)  The Court recognizes that

20  this may be a case of first impression, namely, Newcal's implications for the type of class action

21  claim at issue here.[9]  Thus, the Court finds that Defendants have made a sufficient showing that their

22  Rule 23(f) Petition raises significant legal issues.

23

24

25

_____

26       [9]  Contrary to Plaintiffs' contention, Defendants "need not persuade the court that it is likely
    to be reversed on appeal."  Costco Wholesale Corp. v. Hoen, No. C04-360P, 2006 U.S. Dist. LEXIS
27  65774 at *2-3 (W.D. Wash. Sept. 14, 2006).

28                                                    5

**United States District Court**
For the Northern District of California

1    With respect to the second factor, the Court finds that the balance of hardships tip sharply in

2    Defendants' favor.  As merits discovery has already been stayed,[10] the practical effect of granting

3    this Motion is to stay the dissemination of Class Notice to millions of consumers for a short time

4    until the Ninth Circuit rules on whether or not to take Defendants' appeal.  Such a stay will delay the

5    expenditure of the significant costs associated with the dissemination of Notice.  Most importantly, a

6    stay will avoid the possibility of the Class receiving two conflicting Notices.  A stay therefore also

7    serves the public interest to avoid the risk of significantly confusing the class consumers.[11]  Finally,

8    neither Plaintiffs nor the class will be significantly harmed by a short delay.  Thus, the Court finds

9    that Defendants have met their burden to show that the equities tip sharply in their favor.

10    Accordingly, the Court GRANTS Defendants' Motion to Stay.

11    **IV.  CONCLUSION**

12    The Court GRANTS Defendants' Motion to Stay Proceedings.  The case is stayed for 60

13    days until **November 15, 2010**.  In light of this Order, the Court VACATES the September 20, 2010

14    Further Case Management Conference.

15    On **November 15, 2010 at 10 a.m.**, the parties shall appear for a Further Case Management

16    Conference.  On or before **November 5, 2010**, the parties shall file a Joint Case Management

17    Statement updating the Court on the status of Defendants' Rule 23(f) Petition and the parties'

18    respective positions with respect to whether the Class Notice is ready for dissemination.

19

20    Dated:  September 15, 2010

      _____
21    JAMES WARE
      United States District Judge

22

23    [10]  Plaintiffs also suggest that the stay as to merits discovery should be lifted.  (Opp'n at 8.)
      The Court finds Plaintiffs' request both premature and procedurally improper, and thus denies the
24    request at this time.

25    [11]  As a result of these types of considerations, courts routinely grant stays pending decision
      on Rule 23(f) petitions.  See In re Lorazepam & Clorazepate Antitrust Litig., 208 F.R.D. 1 (D.D.C.
26    2002) (granting stay pending 23(f) petition); Bristow v. Lycoming Engines, 2008 WL 2561105, at
      *1 (E.D. Cal. June 24, 2008) (same); Chavez v. IBP, Inc., 2002 WL 32145647, at *1 (E.D. Wash.
27    Dec. 23, 2002) (same).

28
                                                6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adrian Frank Davis adrian.davis@lw.com
Alexander H. Schmidt schmidt@whafh.com
Alfred Carroll Pfeiffer Al.Pfeiffer@lw.com
Archis Ashok Parashurami aparasharami@mayerbrown.com
Arthur William Lazear awl@hoffmanandlazear.com
Christopher E Ondeck condeck@crowell.com
Christopher S. Yates chris.yates@lw.com
Damian Rene Fernandez damianfernandez@gmail.com
Daniel Allen Sasse dsasse@crowell.com
Daniel Murray Wall dan.wall@lw.com
David Eldon Crowe dcrowe@crowell.com
Donald M. Falk dfalk@mayerbrown.com
Francis M. Gregorek gregorek@whafh.com
H. Tim Hoffman hth@hoffmanandlazear.com
Jason C. Murray jmurray@crowell.com
Jeffrey H. Howard jhoward@crowell.com
Lola Abbas Kingo lola.kingo@lw.com
M. Van Smith mvsmith@sbcglobal.net
Marisa C. Livesay livesay@whafh.com
Mark Carl Rifkin rifkin@whafh.com
Max Folkenflik max@fmlaw.net
Morgan Matthew Mack mmm@hoffmanandlazear.com
Rachele R. Rickert rickert@whafh.com
Randall Scott Newman rsn@randallnewman.net
Sadik Harry Huseny sadik.huseny@lw.com
Satyanand Satyanarayana satyanand.satyanarayana@lw.com
Shari Ross Lahlou slahlou@crowell.com
Stephen DeNittis sdenittis@shabeldenittis.com
Wm. Randolph Smith wrsmith@crowell.com
Zachary W. Biesanz biesanz@whafh.com

Dated:  September 15, 2010                        Richard W. Wieking, Clerk

                                                 By:    /s/ JW Chambers
                                                        Elizabeth Garcia
                                                        Courtroom Deputy

United States District Court
For the Northern District of California

# EXHIBIT 5

HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE CLASSMATES.COM CONSOLIDATED LITIGATION | MASTER CASE NO. C09-45RAJ ORDER (APPLIES TO ALL ACTIONS) |

## I.  INTRODUCTION

This matter comes before the court on Plaintiffs' motion (Dkt. # 73) for preliminary approval of a settlement with Defendants, including preliminary certification of a settlement class.  Defendants do not oppose the motion.  The court GRANTS the motion subject to the limitations stated below, and sets a hearing on October 27, 2010, at 10:00 a.m. to determine whether the settlement should be made final.

## II.  BACKGROUND

Defendants, who the court will refer to collectively as "Classmates," operate a website at www.classmates.com.  The website contains records of millions of people organized according to high school graduating class, college graduating class, and other similar groupings.  People gain various levels of access to the records by registering for unpaid and paid Classmates memberships.

This consolidated class action is an amalgamation of two suits that Anthony Michaels and Xavier Vasquez filed challenging various Classmates practices.  The court consolidated the suits, and Mr. Michaels' counsel was appointed interim class counsel.

ORDER – 1

At the court's direction, class counsel filed an amended complaint to govern all claims in the consolidated action. They dropped Mr. Vasquez as a Plaintiff and added David Catapano. The consolidated complaint asserts only Washington law causes of action, including claims under the Washington Consumer Protection Act ("CPA") and the Washington Commercial Electronic Mail Act ("CEMA").

The consolidated complaint describes Classmates' deceptive practices to induce users to pay for subscriptions. In one such practice, Classmates sent e-mails to unpaid members informing each of them that someone with whom they went to high school or college or the like was seeking contact with them or had visited their Classmates profile. Each e-mail informed the member that he could communicate with that person by upgrading to a paid membership. Plaintiffs allege that they paid for a membership in response to this practice, only to discover that no one (or at least no one known to them) had visited their profile or sought contact with them. Numerous variations on this deceptive practice are described in the consolidated complaint.

The parties propose a settlement in which Mr. Michaels and Mr. Catapano (residents of California and Nevada, respectively) will serve as representatives of a nationwide class of all registered Classmates users since October 30, 2004. In addition, they will represent a subclass of approximately 3.1 million "Gold Members." A gold membership is a paid classmates.com membership, and is apparently the membership package to which Plaintiffs subscribed because of the deceptive Classmates practices described above. Plaintiffs define the subclass to include only Classmates users who likely became Gold Members in response to one of Classmates' deceptive practices. Although the court follows Plaintiffs' lead in referring to these Gold Members as a "subclass," the court notes that the class is defined so that it excludes all subclass members. The proposed class and subclass thus share no members in common. The court refers to the two mutually exclusive classes as the "main class" and the subclass.

ORDER – 2

When referring to all members of both classes, the court will use the generic term "class members."

The principal features of the settlement are a Classmates credit for main class members, a credit or cash payment to subclass members, and a three-year injunction targeting the challenged Classmates practices. Main class members may claim a $2 credit to be used toward a paid Classmates membership. Subclass members may claim the credit, or they may claim a $3 cash payment, up to a maximum cash outlay of $9.5 million. The injunction requires Classmates to include disclosures on its website about the "Guestbook" feature on which many of its allegedly deceptive practices are focused, and also include disclosures to enable users to better protect their personal information.

In exchange, Classmates will receive a broad release of all claims from class members, including not only the Washington law claims asserted in the consolidated complaint, but claims under federal law or any state's law. Classmates admits no wrongdoing in the settlement.

Class counsel will seek attorney fees. They will request no more than $1.3 million in attorney fees, although they may also seek costs, as well as a $2500 incentive payment for Mr. Catapano and Mr. Michaels.

Notice to class members will be accomplished electronically via the last e-mail address that each class member provided to Classmates, and also via a Wall Street Journal advertisement. Because of the large number of class members, Plaintiffs have requested at least 90 days between preliminary approval of their settlement and the deadline for completing notice. Main class and subclass members would then be required to submit a claim form (with the option to do so via e-mail) if they wish to claim either the credit or the cash payment.

The court now turns to its preliminary approval analysis.

ORDER – 3

## III.  ANALYSIS

The parties' agreement to settle this matter is not itself a sufficient basis for approving the settlement.  The settlement would require the court to certify a class and dispose of the claims of its members.  The court has an independent obligation to protect class members.  *Silber v. Mabon*, 957 F.2d 697, 701 (9th Cir. 1992).  Even for a class certified solely for purposes of settlement, the court must ensure that the class and its proposed representatives meet the requirements of Fed. R. Civ. P. 23.  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).  In addition, the court must ensure that the settlement is "fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).

Both the main class and subclass satisfy the four prerequisites of Rule 23(a).  The parties estimate that there are 3.1 million subclass members.  The consolidated complaint estimates the number of main class members at about 50 million.  Both the subclass and the main class therefore satisfy the numerosity requirement of Rule 23(a)(1).

The class members' claims satisfy the minimal commonality standard of Rule 23(a)(2).  Determining whether Classmates' inducements for paid memberships violated the CPA or CEMA presents numerous common questions of law and fact.  A single common question suffices for purposes of Rule 23(a)(2).  *E.g.*, *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Mr. Catapano and Mr. Michaels have claims that are typical of the claims of subclass members.  They allege that they paid for memberships as a result of Classmates' deceptive practices, and the subclass is defined such that it is likely that other subclass members did so as well.  Their claims are not obviously typical of main class members, however, because unlike them, Mr. Catapano and Mr. Michaels succumbed to deceptive Classmates practices.  All class members, however, were targets of the deceptive practices, and Mr. Catapano and Mr. Michaels are typical main class members in at least that regard.  The court concludes that the main class and subclass satisfy the typicality requirement of Rule 23(a)(3).

ORDER – 4

The court also finds that Mr. Catapano and Mr. Michaels are adequate class representatives, as Rule 23(a)(4) requires. To the extent that other class members have claims based on a sufficiently similar factual predicate, the record reflects that Mr. Catapano and Mr. Michaels can adequately represent them. Subject to the same limitation, interim class counsel are adequate to represent the main class and subclass. *See* Fed. R. Civ. P. 23(g).

To the extent class members have sufficiently different claims against Classmates, however, the class representatives' intent to force them to release all of their claims is suspect. *See*, *e.g.*, *Hesse v. Sprint Corp.*, No. 08-35235, 2010 U.S. App. LEXIS 5017, at *9-24 (9th Cir. Mar. 10, 2010) (concluding that representational inadequacy partially invalidated release of claims in a nationwide class action settlement). In *Hesse*, the court found that a broad release imposed on members of a nationwide class action had no preclusive effect on a later class action against the same defendant. *Id.* at *9 ("We conclude . . . that the release cannot preclude the Washington Plaintiffs' claims because the [prior] Class Plaintiff did not adequately represent the Washington Plaintiffs and because the Washington Plaintiffs' claims are based on a set of facts different from those underlying the claims settled in the [prior] settlement."). The release in *Hesse* contained language much like the release Plaintiffs propose here. *Id.* The court makes no finding as to whether Plaintiffs are adequate representatives of class members for any claims other than those sufficiently similar, as described in *Hesse*, to those asserted in the consolidated complaint. The court need not demand a narrower release, however, because a future court called upon to determine the preclusive effect of this settlement will narrow it appropriately. To the extent the release is too broad, Classmates may obtain less than it bargained for.

The court concludes that the main class and subclass meet the requirements of Rule 23(b)(3). Typically, Rule 23(b)(3) serves to ensure that a class action is the best

ORDER – 5

means of resolving a dispute. When the parties settle a class action, many of the concerns articulated in the rule do not apply, because a negotiated resolution moots some of the practical difficulties of resolving the dispute on a classwide basis. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems."). The common legal and factual questions related to Classmates allegedly deceptive tactics predominate over any individualized concerns. There is nothing in the record that suggests this court is an undesirable forum for resolving those claims.

Plaintiffs propose to use e-mail to notify class members of class certification, this settlement, and their obligations to submit a claim for either a credit or cash payment. E-mail notice is an excellent option here, where every class member provided an e-mail address to Classmates in the process of registering as a user. Given the large number of class members, e-mail notice also avoids the substantial expense of sending notice by mail. The court finds that Plaintiffs' notice procedure satisfies the requirements of Rule 23(c)(2)(B) (mandating "the best notice that is practicable under the circumstances"). The court also appreciates that Plaintiffs have enabled class members to return claim forms via e-mail. This is an important benefit, as the cost of postage would be a large portion of the relief that Classmates is offering to each class member. The court notes, however, that Plaintiffs have not given class members the option to opt out of the class via e-mail. The court sees no obvious reason for this. It thus orders Plaintiffs to enable class members to opt out via e-mail. If this requirement presents a problem, Plaintiffs shall provide a statement as soon as possible explaining why.

The court has reviewed Plaintiffs' proposed forms of notice to main class and subclass member. Those notices are adequate, but Plaintiffs must modify them to reflect this order, including the order to permit class members to opt out via e-mail.

ORDER – 6

Finally, Plaintiffs must allow the court to review the notice, opt-out, and claim submission features in their electronic format. Accordingly, the court directs class counsel to arrange for the court to receive electronic notice as soon as the technology is enabled. Counsel shall also notify the court when the settlement website they have promised to create becomes "live."

The court now considers whether the settlement is "fair, reasonable, and adequate" as required by Rule 23(e)(2). The court begins by considering the financial relief. As to main class members, Classmates' $2 credit toward a paid membership is reasonable. Indeed, main class members have suffered no apparent financial harm, and thus Classmates' agreement to offer them even modest compensation is fair. As to subclass members, the record shows that they paid between $10 and $40 to become Gold Members, with an average price around $24. Classmates' offer of $3 is about an eighth of what the average subclass member paid. This is a reasonable discount, given the uncertainty of obtaining any recovery if this case went to trial.

The injunctive relief is an additional benefit to all class members. It requires Classmates to make disclosures that would blunt future deceptive marketing practices.

The court's final observation regarding the fairness and adequacy of the settlement concerns attorney fees for class counsel. As the court just noted, the relief to class members is not, standing alone, unreasonable. Collectively, however, it is not certain what Classmates will pay to settle this action. There is no indication that its offer of credit toward paid memberships will hurt its bottom line. To the extent that the credit offer induces persons to pay for memberships that they otherwise would not, it may be a financial boon to Classmates. The offer of cash to subclass members is different, but perhaps not substantially so. For Classmates to pay out cash awards equaling the $9.5 million cap on the settlement, every one of the approximately 3.1 million subclass members would have to make a claim for the $3 payment. As the parties are no doubt

ORDER – 7

aware, it is exceedingly unlikely that subclass members will do so.  In the court's experience, class members typically do not bother to make claims for a few dollars of compensation.  It is therefore highly likely that Classmates will pay only a tiny fraction of $9.5 million.  Class counsel has indicated that they will seek up to $1.3 million in attorney fees.  That amount is about 14% of $9.5 million, and perhaps not coincidentally just below the 15% limit on attorney fees that class counsel agreed to in the event it sought fees as a percentage of a common fund awarded to class members.  The court cannot forecast what counsel will request for attorney fees, and cannot forecast the methodology they will use to buttress that request.  The court merely notes that if counsel move for an award of attorney fees that is disproportionate to the payout to class members, they should acknowledge as much, and explain why such a result is justified.  Thus, Plaintiffs should plan on obtaining information from the settlement administrator regarding the number of class members making claims for cash payments, so that they may submit that information in conjunction with the final approval process.

For all of the reasons stated above, the court preliminarily approves this class action settlement.  The remainder of this order reproduces Plaintiffs' proposed order, except that it inserts dates where appropriate, and modifies paragraph 8 to provide class members the option to opt out of the class via email.  The preceding portion of this order shall control in the event of any conflict between Plaintiffs' language and the court's language.

## IV.  ORDER

This matter comes before the Court on Plaintiffs' Motion for Preliminary Approval of Class Action Settlement.  The parties have agreed, subject to final approval by this Court following notice to the Settlement Class and Settlement Subclass, as defined below, to settle this action upon the terms and conditions set forth in the Settlement Agreement.  The Court has reviewed the Class Action Settlement Agreement,

ORDER – 8

as well as all files, records, and proceedings to date in this matter.

IT IS HEREBY ORDERED:

1.  **<u>Preliminary Approval of Proposed Settlement</u>**.  The Settlement Agreement is preliminarily approved as fair, reasonable and adequate.  The Court also finds that notice to members of the Settlement Class and Settlement Subclass should be provided and a final fairness hearing on the Settlement Agreement should be held as set forth in this Order.

2.  **<u>Stay of Proceedings</u>**.  All proceedings in this action are hereby stayed and suspended until further order of the Court, except such actions as may be necessary to implement the Settlement Agreement and this Order.

3.  **<u>Class Findings</u>**.  Solely for the purposes of the Settlement Agreement, the Court preliminarily finds that the requirements of the Federal Rules of Civil Procedure, the United States Constitution, the Rules of the Court and any other applicable law have been met as to the Settlement Class and Settlement Subclass defined below, in that:

(a)  The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(1), the Settlement Class and Settlement Subclass are ascertainable from records maintained by Defendants, and the members of the Settlement Class and Settlement Subclass are so numerous that their joinder before the Court would be impracticable.

ORDER – 9

(b)     The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of fact and/or law common to the Settlement Class and the Settlement Subclass.

(c)     The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class and Settlement Subclass.

(d)     The Court preliminarily finds, for purposes of settlement only, as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class and the Settlement Subclass in that: (i) the interests of the Plaintiffs and the nature of their alleged claims are consistent with those of the members of the Settlement Class and Settlement Subclass, (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class or Settlement Subclass, and (iii) the Plaintiffs and the members of the Settlement Class and Settlement Subclass are represented by qualified, reputable counsel who are experienced in preparing and prosecuting complex consumer class actions.

(e)     The Court finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(2), final injunctive relief or corresponding declaratory relief is appropriate respecting the Settlement Class and Settlement Subclass as a whole.

(f)     The Court finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(b)(3), that questions of law or fact common to Settlement Class and Settlement Subclass members predominate over any questions affecting only individual

ORDER – 10

members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

(g)     The Court preliminarily finds for purposes of settlement only that, as required by FED. R. CIV. P. 23(g), Counsel for Plaintiffs ("Class Counsel") are capable of fairly and adequately representing the interests of the Settlement Class and Settlement Subclass, in that Class Counsel (i) have done appropriate work identifying or investigating potential claims in the action; (ii) are experienced in handling class actions; (iii) are knowledgeable of the applicable law; and (iv) have committed the necessary resources to represent the Class.

4.     **Class Certification**.  The Court, in conducting the settlement approval process as required by FED. R. CIV. P. 23, preliminarily certifies the following Settlement Class and Settlement Subclass under FED. R. CIV. P. 23(b)(2) and 23(b)(3):

**"Settlement Class"**

> All Persons, excluding Settlement Subclass members, residing in the United States who were registered with or subscribed to www.classmates.com at any time between October 30, 2004 and the date of entry of this Order.

**"Settlement Subclass"**

> All Persons residing in the United States who registered with or subscribed to www.classmates.com and between January 1, 2007 and the date of entry of this Order, paid for a Gold Membership subscription to www.classmates.com (and did not previously receive a refund of such payment) as a result of:
>
> 1.     Upgrading to a Gold Membership through the process on Classmates.com of seeking to see who visited their Guestbook; or
>
> 2.     Upgrading to a Gold Membership after clicking on a link to Classmates.com in a Guestbook email, or Connections email that included a Guestbook subject

ORDER – 11

line, and upgrading to a Gold Membership within the same session activated by clicking on that link or within the same day of clicking on that link; or

3.    Upgrading to a Gold Membership within the same day of receiving a Guestbook email or Connections email that included a Guestbook subject line.

The following Persons are expressly excluded from the Settlement Class and Settlement Subclass:

Defendants, all present or former officers and/or directors of Defendants, Class Counsel, the Judge of this Court, the Judge's family and staff, Defendants' counsel of record, and all Persons who make a timely and valid election to be excluded from the Settlement Class and Settlement Subclass in accordance with the provisions of the Individual Notice to Settlement Class and Individual Notice to Settlement Subclass.

The Court appoints David Catapano and Anthony Michaels as representatives for the Settlement Class and Settlement Subclass and Class Counsel as counsel for the Settlement Class and Settlement Subclass.

4.    **Final Approval Hearing**.  A final approval hearing (the "Settlement Hearing" or "Final Hearing") shall be held before this Court on October 27, 2010, at 10:00 a.m., to determine whether the Settlement Agreement is fair, reasonable and adequate and should be approved.  The Settlement Hearing may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class and Settlement Subclass.  After the Settlement Hearing, the Court may enter a Final Approval Order and Judgment that will fully and finally adjudicate the rights of the Settlement Class and Settlement Subclass members and the named parties to this lawsuit.

5.    **Notice**.  No later than ninety (90) days after the date of entry of this Order (the "Notice Date"), the Settlement Administrator shall have a copy of the Individual

ORDER – 12

Notice to Settlement Class and Settlement Class Claim Form and the Individual Notice to Settlement Subclass and Settlement Subclass Claim Form in substantially the same form as Exhibits A through Exhibit D of the Settlement Agreement sent or made available via electronic mail to all members of the Settlement Class and Settlement Subclass. In addition, the Settlement Administrator shall provide publication notice to potential Settlement Class members and Settlement Subclass members by a *Wall Street Journal* newspaper classified advertisement no smaller than one-eighth of a page, and establish a website with settlement and claim administration information, within 30 days of the date of entry of this Order.

6. **Findings Concerning Notice**. The Court finds that electronic notice, together with the proposed form of published notice, is the best practicable notice under the circumstances and is as likely as any other form of notice to apprise potential Settlement Class and Settlement Subclass members of the Settlement Agreement, and their rights to opt out and to object. The Court further finds that such notice is reasonable, that it constitutes adequate and sufficient notice to all persons entitled to receive notice, and that it meets the requirements of Due Process.

7. **Papers in Support of Settlement**. The parties to the Settlement Agreement may file additional papers in support of the proposed settlement seven (7) calendar days prior to the Final Hearing.

8. **Right to Exclude**. Any Settlement Class or Settlement Subclass member may choose to be excluded from the Settlement Class or Settlement Subclass, as the case

ORDER – 13

may be, by signing and submitting to the Settlement Administrator a Request For Exclusion postmarked no later than thirty (30) days after the Notice Date, or by sending an e-mail to the appropriate address, as set forth more fully in the Notice to Settlement Class and Notice to Settlement Subclass.

9.   **Objections and Appearances**

(a)   **Written Objections**.  Any Settlement Class or Settlement Subclass member may object to the fairness, reasonableness or adequacy of the Settlement Agreement.  Settlement Class and Settlement Subclass members may do so either on their own or through counsel hired at their own expense.  Any Settlement Class or Settlement Subclass member who wishes to make a written objection to the Settlement Agreement must serve a written statement of objection as set forth in the Notice along with any other supporting materials, papers or briefs that he or she wishes the Court to consider postmarked no later than thirty (30) calendar days after the Notice Date. The objection must be sent to the Clerk of the Court **and** he or she must also serve such papers so as to be received by Class Counsel and counsel for Defendants, as set forth below, no later than thirty (30) calendar days after the Notice Date:

> Mark A. Griffin and Amy Williams-Derry
> Keller Rohrback L.L.P.
> 1201 Third Avenue, Suite 3200
> Seattle, WA 98101-3052

> **and** to

> Stellman K. Keehnel and Russ Wuehler
> DLA Piper LLP (US)
> 701 Fifth Avenue, Suite, 7000
> Seattle, Washington 98104-7044

(b)   **Appearance at Settlement Hearing**.  Any Settlement Class or Settlement Subclass member who has served an objection may appear at the Settlement Hearing, either in person or through counsel hired at the Settlement Class or Settlement Subclass member's expense, and object to the fairness, reasonableness or adequacy of the

ORDER – 14

Settlement Agreement. Any Settlement Class or Settlement Subclass member who chooses to be heard must send a written notice of intent to appear to the Clerk of the Court and on Class Counsel at the addresses listed above so as to be received no later than thirty (30) calendar days after the Notice Date.

10. **Effect of Failure to Finally Approve the Settlement Agreement**. If (i) the Court does not finally approve this Settlement Agreement, (ii) the Court does not enter the Final Approval Order and Judgment dismissing the Consolidated Lawsuit with prejudice and without leave to amend, (iii) Defendants terminate the Settlement Agreement pursuant to Section 16.4 of the Settlement Agreement, or (iv) the Settlement Agreement does not become final for any other reason, then:

(a) The Settlement Agreement shall automatically become null and void and have no further force or effect, and all proceedings that have taken place with regard to this Settlement Agreement and the settlement shall be without prejudice to the rights and contentions of the Parties hereto;

(b) The Settlement Agreement, all of its provisions (including, without limitation, any provisions concerning class certification), and all negotiations, statements and proceedings relating to the Settlement Agreement shall be without prejudice to the rights of any of the Parties, each of whom shall be restored to their respective position as of December 18, 2009;

(c) The Settlement Agreement, any provision of the Settlement Agreement (including, without limitation, the provisions concerning class certification), and the fact

ORDER – 15

of the Settlement Agreement having been made, shall not be admissible or entered into evidence for any purpose whatsoever; and

(d)     Any judgment or order entered in connection with the Settlement Agreement, including, without limitation, any order certifying the Settlement Class and/or Settlement Subclass, will be vacated and will be without any force or effect.

DATED this 19th day of April, 2010.

_____
The Honorable Richard A. Jones
United States District Judge

ORDER – 16

EXHIBIT 6

ORIGINAL
**F I L E D**
San Francisco County Superior Court

Mar 1 - 2010

GORDON PARK-LI, Clerk
BY: _____
Deputy Clerk

RECEIVED

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| SARA CHO, on behalf of herself and all others similarly situated,<br><br>                              Plaintiff,<br><br>         v.<br><br>SEAGATE TECHNOLOGY (US) HOLDINGS, INC. and DOES 1-10, inclusive,<br><br>                              Defendants. | Case No.: CGC-06-453195<br>UNLIMITED CIVIL CASE<br><br>**[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:      Hon. Donald Sullivan<br>Dept.:      318 |

-1-

W02-WEST:5AER1\402477875.1

[PROPOSED] ORDER GRANTING PRELIM. APPRVL
OF CLASS ACTION SETTLMNT

Plaintiff having filed a motion for an order preliminarily approving the Settlement Agreement ("Agreement") entered into between plaintiff and defendant Seagate Technology (US) Holdings, Inc. ("Seagate"), Seagate having filed papers in support of that motion; objector David Klausner having filed papers relating to the motion; the said motion having come on for hearing before the above-entitled Court; the Court having reviewed and considered all documents, evidence and arguments of counsel presented in connection with said motion; the Court being fully advised of the premises and good cause appearing therefor, the Court enters its order and, subject to final determination by the Court as to the fairness, reasonableness and adequacy of the settlement, finds and orders as follows:

1.     The Agreement and the settlement set forth therein appear to be within the range of reasonableness of a settlement which could ultimately be given final approval by the Court.

2.     The Court finds that the manner and content of the notice specified in the Agreement, including the Supplement thereto, and the Summary Published Notice, Long Form Notice and Summary Email Notice (Exhibits B1, B2 and B3 thereto) (together, the "Class Notice") will provide the best practicable notice to members of the Plaintiff Settlement Class, as defined in the Order Conditionally Certifying a Plaintiff Settlement Class, and consistent with the Court of Appeal's direction to this Court in *Cho v. Seagate Technology Holdings, Inc.,* 177 Cal. App. 4th 734 (2009). Accordingly, Seagate shall provide notice by publication four times in *USA Today* of a Summary Published Notice of the pendency of this action and the proposed settlement in substantially the form of Exhibit B1 to the Agreement. Seagate shall also provide notice of the proposed settlement by: (1) providing a Long Form Notice in substantially the form of Exhibit B2 to the Agreement via posting on a dedicated website linked to the homepage of Seagate's website, and to which the notices refer; and (2) sending a Summary Email Notice in substantially the form of Exhibit B3 via electronic mail to identifiable Settlement Class Members for whom Seagate has an email address. The notice shall be provided according to the procedures and in the manner specified in Part VIII of the Agreement, and the costs and expenses of such

[PROPOSED] ORDER GRANTING PRELIM. APPRVL
OF CLASS ACTION SETTLMNT

notice shall be paid by Seagate, subject to the provisions of Section 8.5 of the Agreement. The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without the necessity of further Court action or approval.

3.    A final approval hearing shall be held by this Court to consider and finally determine:

a.    Whether the Agreement should be finally approved as fair, reasonable, and adequate;

and

b.    The merits of any objections to the Agreement and the settlement set forth therein, or any of its terms.

The final approval hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to the Plaintiff Settlement Class.

4.    Any member of the Plaintiff Settlement Class who does not request exclusion (or who revokes a previously submitted request for exclusion), and who objects to approval of the proposed settlement in compliance with the requirements of the Agreement, may appear at the final approval hearing in person or through counsel to show cause why the proposed settlement should not be approved as fair, reasonable, and adequate.  Any member of the Plaintiff Settlement Class who does not request exclusion (or who revokes a previously submitted request for exclusion), and who seeks to intervene in the Action in compliance with the requirements of the Agreement, may file and serve a motion to intervene in accordance with applicable law.  A Plaintiff Settlement Class Member may revoke a previously submitted request for exclusion by submitting a written revocation to Plaintiffs' Counsel or by submitting a Claim Form, as provided in the Long Form Notice.

5.    However, no person (other than representatives of the named parties) may be heard at the final approval hearing, or file papers or briefs, unless on or before the date set forth in the Class Notice, such person files with the Clerk of the Court and serves on Plaintiffs' Counsel and Seagate's Counsel, consistent with Section 11.4 of the Agreement, a

-3-

timely written objection and notice of intent to appear, in accordance with the procedures specified in the Class Notice. Any member of the Plaintiff Settlement Class who does not make his, her or its objection to the settlement or request for intervention in the manner provided herein and in the Agreement and in compliance with applicable law, shall be deemed to have waived such objection or right to intervene for purposes of appeal, collateral attack or otherwise.

6.      The publication and dissemination of the Class Notice, as directed by this Order and consistent with the direction of the Court of Appeal, constitutes the best notice practicable under the circumstances and sufficient notice to all members of the Plaintiff Settlement Class. The contents of the Class Notice and the manner of its dissemination satisfy the requirements of California Rule of Court 3.769, other California law, and state and federal due process.

7.      Any member of the Plaintiff Settlement Class who desires exclusion therefrom must mail, by the date set forth in the Class Notice, a written request for exclusion to the address(es) set forth in the Class Notice. All persons who properly submit requests for exclusion shall not be Plaintiff Settlement Class members and shall have no rights with respect to the settlement.

8.      If the Agreement is finally approved, the Court shall enter a Final Approval Order and Judgment approving the Agreement, within the meaning of and for purposes of Section 11.2 of the Agreement. Said Final Approval Order and Judgment shall be fully binding with respect to all members of the Plaintiff Settlement Class who did not request exclusion by the date set forth in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

9.      All discovery and other pretrial proceedings in this Action are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Agreement or this Order.

10.      In the event that the proposed settlement as provided in the Agreement is not approved by the Court, or entry of a Final Approval Order and Judgment as provided in the

-4-

[PROPOSED] ORDER GRANTING PRELIM. APPRVL
OF CLASS ACTION SETTLMNT

1  Agreement does not occur for any reason, then the Agreement, all drafts, negotiations,

2  discussions, and documentation relating thereto, and all orders entered by the Court in

3  connection therewith shall become null and void.  In such event, the Agreement and all

4  negotiations and proceedings relating thereto shall be withdrawn without prejudice to the

5  rights of any and all parties thereto, who shall be restored to their respective positions as of

6  the date of the execution of the Agreement.

7         11.    The dates of performance of this Order are as follows:

8         a.    The Class Notice shall be published and disseminated by newspaper

9  publication, website posting and electronic mail in accordance with the provisions of Part

10  VIII of the Agreement.  The parties shall use their best efforts to complete the electronic

11  mail notice by March 12, 2010, and to commence the other publication and dissemination

12  by March 15, 2010, and to complete such publication and dissemination by April 16, 2010.

13         b.    Requests for exclusion must be received by May 14, 2010.

14         c.    Objections to the settlement, requests for intervention and notices of

15  intention to appear at the final approval hearing shall be deemed timely only if filed with the

16  Court and served on counsel for the parties by May 14, 2010.

17         d.    Plaintiffs' Counsel shall prepare and file with the Court a joint list of

18  class members who have filed timely requests for exclusion by May 28, 2010.

19         e.    Plaintiffs' Counsel and Seagate shall file and serve papers in support of

20  final approval of the settlement, and responding to any objections or motions to intervene

21  by May 28, 2010.

22         f.    The final approval hearing shall be held on June 9, 2010, at 10:00 a.m.

23         IT IS SO ORDERED.

24  DATED: _____24 FEB 10_____

25

26                                    _____

                                      Donald Sullivan
27                                    Judge of the Superior Court

28

[PROPOSED] ORDER GRANTING PRELIM. APPRVL
                                    OF CLASS ACTION SETTLMNT

EXHIBIT 7

HONORABLE RICARDO S. MARTINEZ

1

2

3

4

5

6

7

THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9   HOLLY BARKER and BRIAN CARNESS,
    individually and on behalf of all the             CLASS ACTION
10  members of the class of persons similarly
    situated,                                          Case No. 2:09-cv-01364-RSM
11
                              Plaintiffs,
12                                                     ORDER PRELIMINARILY APPROVING
    vs.                                                CLASS ACTION SETTLEMENT
13
    SKYPE, INC., a Delaware corporation;
14  SKYPE DELAWARE HOLDINGS, INC., a
    Delaware corporation; SKYPE
15  COMMUNICATIONS S.A.R.L., a
    Luxembourg corporation; SKYPE
16  TECHNOLOGIES S.A., a Luxembourg
    corporation; and  EBAY INC., a California
17  corporation,

18                            Defendants.

19          **WHEREAS**, this Preliminary Approval Order incorporates by reference the

20  definitions in the Agreement that reflects the proposed class action settlement that

21  currently is pending for preliminary approval before this District Court, and all terms

22  used in this Preliminary Approval Order shall have the same meanings as set forth in

23  the Agreement; and

24          **WHEREAS**, as a condition of the Agreement, Plaintiffs, on behalf of themselves

25  and on behalf of each of the persons in the Settlement Class, have agreed to release

26  all claims arising under federal, state or common law as specified in the Agreement;

    and

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 1
(CASE NO. 09-CV-1364 RSM)

**WHEREAS**, the District Court having read and considered Plaintiffs' Motion, the Agreement and the Exhibits attached thereto, as well as all arguments and submissions from the Parties;

    **NOW, THEREFORE, IT IS HEREBY ORDERED**:

    1.    For purposes of the Action only, the District Court has subject matter and personal jurisdiction over the parties, including all persons in the Settlement Class.

    2.    Pursuant to Federal Rule of Civil Procedure Rule 23(b)(3), the District Court certifies, solely for purposes of effectuating the settlement, the Settlement Class as follows:

    All current and former users of Skype Communications, S.A.R.L. who are residents of the United States and who purchased Skype Credit that, on at least one occasion prior to the Implementation Date, expired pursuant to Skype Communications' Skype Credit expiration policy.

    3.    The District Court preliminarily approves the Agreement as being fair, reasonable and adequate and within the range of possible approval, subject to further consideration at the Final Fairness Hearing.

    4.    The District Court preliminarily finds that Plaintiffs fairly and adequately represent the interests of the Settlement Class and therefore designate Plaintiffs as the representatives of the Settlement Class.

    5.    Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein, the District Court designates Roger Townsend, Esq. and Daniel Johnson, Esq. and the law firm of Breskin, Johnson & Townsend, PLLC as Lead Class Counsel, and Scott A. Burroughs, Esq. and the law firm of Doniger/Burroughs APC as additional Class Counsel. The District Court preliminarily finds that, based on the work Class Counsel has done in identifying, investigating and prosecuting the claims in the action, Class Counsel's experience in

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 2
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1  handling class actions, other complex litigation, and claims of the type asserted in this
2  action, counsel's knowledge of the applicable law and the resources counsel have and
3  will commit to representing the class, Class Counsel have and will fairly and
4  adequately represent the interests of the Settlement Class.  The District Court
5  authorizes Plaintiffs and Class Counsel to enter into the Agreement on behalf of the
6  Settlement Class, and to bind them all to the duties and obligations contained therein,
7  subject to final approval by the District Court of the settlement.  Plaintiffs and Class
8  Counsel, on behalf of the Settlement Class, are authorized to take all appropriate
9  action required or permitted to be taken by the Settlement Class pursuant to the
10  Agreement to effectuate its terms.

11       6.     The District Court preliminarily finds, solely for purposes of the
12  settlement, that the Action may be maintained as a class action on behalf of the
13  Settlement Class because:  (i) the Settlement Class is so numerous that joinder of all
14  persons in the Settlement Class in the Action is impracticable; (ii) there are questions
15  of law and fact common to the Settlement Class that predominate over any individual
16  questions; (iii) Plaintiffs' claims are typical of the claims of the Settlement Class; (iv)
17  Plaintiffs and Class Counsel have fairly and adequately represented and protected the
18  interests of the Settlement Class; and (v) a class action is superior to other available
19  methods for the fair and efficient adjudication of the controversy.

20       7.     The Final Fairness Hearing shall take place before the Honorable
21  Ricardo S. Martinez on March 12, 2010 at 9:00 a.m. at the United States District Court,
22  Western District of Washington, 700 Stewart Street, Seattle, Washington 98101, to
23  determine:  whether the proposed settlement of the Action on the terms and conditions
24  provided for in the Agreement is fair, adequate and reasonable as to the Settlement
25  Class Members and should be approved; whether judgment, as provided for in the
26  Agreement, should be entered; and the amount of fees and costs that should be

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 3
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

awarded to Class Counsel, and the amount of the incentive awards to Plaintiffs, as provided for in the Agreement.

8.      The District Court approves the form and content of the E-mail Notice (attached as Exhibit A hereto), which will be available on the Administration Site described in paragraph 6(c) of the Agreement.  Skype Communications and/or the Settlement Administrator shall administer the settlement and provide notice as follows:

(i)      Skype Communications, on behalf of itself and Defendants, shall implement the Reactivation Policy on the Implementation Date.

(ii)      Within fifteen (15) days after the Implementation Date, the Settlement Administrator will establish the Administration Site, which shall make available to Settlement Class Members the E-mail Notice, the claim form and relevant court documents and contact information for Plaintiffs' Counsel.

(iii)      Within fifteen (15) days after the Implementation Date, Defendants or their designee shall provide notice of the settlement by disseminating the E-mail Notice to the Settlement Class.

9.      Due to the unique nature of the User Accounts, which are internet based accounts that typically are not tied to a postal address, mailed notice would not be effective and would unnecessarily deplete potentially available settlement funds, to the detriment of the Settlement Class.  The District Court therefore preliminarily finds that the notice program set forth above in paragraph 8 is the only notice required, and that such E-mail Notice satisfies the requirements of Due Process, the Federal Rules of Civil Procedure and any other applicable laws, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

10.      The Administration Site shall be the sole mechanism for Settlement Class Members' submission of claims for benefits relating to this settlement as

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 4
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

1   described in the Agreement.  The Internet claim form shall contain substantially all the

2   information set forth in Exhibit B hereto notwithstanding that the format of the claim

3   form is subject to change as may be necessitated by the technical limitations and

4   security requirements of the Administration Site or the computers used by the

5   Settlement Class Members.

6       11.   All Settlement Class Members shall be bound by all determinations and

7   judgments in the Action concerning the settlement, including, but not limited to, the

8   validity, binding nature and effectiveness of the Releases set forth in the Agreement.

9       12.   Any person in the Settlement Class who wishes to opt out shall submit to

10   the Settlement Administrator by mail, with a postmark no later than thirty (30) days

11   after dissemination of the E-mail Notice, an appropriate written request for exclusion,

12   personally signed and including:  (i) the person's name, address, telephone number;

13   (ii) the person's Skype ID and/or User Account number(s); (iii) a sentence confirming,

14   under penalty of perjury, that he or she is a Settlement Class Member; and (iv) the

15   following statement:  "I request to be excluded from the class settlement in Barker v.

16   Skype, Inc. et al., United States District Court for the Western District of Washington,

17   Case No. 2:09-cv-01364-RSM."  No person in the Settlement Class, or any person

18   acting on behalf of or in concert or participation with that person in the Settlement

19   Class, may exclude any other person.

20       13.   Any Settlement Class Member may appear and show cause if he or she

21   has any reason why the proposed settlement of the Action should or should not be

22   approved as fair, adequate and reasonable, why judgment should not be entered, why

23   attorneys' fees and costs should not be awarded to Class Counsel, or why incentive

24   awards to Plaintiffs should not be allowed; provided, however, that no Settlement

25   Class Member shall be heard, and no objection may be considered, unless,

26   postmarked by no later than thirty (30) days after dissemination of the E-mail Notice,

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 5
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660

the Settlement Class Member files with the District Court a written statement of the objection. Copies of all objection papers must also be served on: Lead Class Counsel: Daniel Johnson, Esq. and Roger Townsend, Esq., Breskin Townsend & Johnson PLLC, 1111 Third Avenue, Suite 2230, Seattle, Washington 98101; and counsel for Defendants: Julia B. Strickland, Esq., Stroock & Stroock & Lavan LLP, 2029 Century Park East, Los Angeles, California 90067. All objections must include: (i) the objector's name, address and telephone number; (ii) the objector's Skype ID and/or User Account number(s); (iii) a sentence confirming, under penalty of perjury, that the objector is a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; and (vi) copies of exhibits intended to be offered into evidence at the Final Fairness Hearing. Any Settlement Class Member who does not make his or her objection within the time and manner set forth in this paragraph shall be deemed to have waived such objection and shall be foreclosed forever from making any objection to the fairness, adequacy or reasonableness of the proposed settlement, to the award of attorneys' fees and expenses to Class Counsel and to the incentive awards to Plaintiffs.

14. Pursuant to the Settlement Agreement, within one week of entry of this Order, Defendants shall deposit 25% of the principle Settlement Amount (i.e., $462,500) into the Escrow Account.

15. All proceedings in the Action are stayed pending final approval of this settlement, except as may be necessary to implement the settlement or comply with the terms of the Agreement.

16. Pending final determination of whether the settlement should be finally approved, Plaintiffs, all persons in the Settlement Class, and any person or entity allegedly acting on behalf of persons in the Settlement Class, either directly or in a

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 6
(CASE NO. 09-CV-1364 RSM)

representative or other capacity, are enjoined from commencing or prosecuting against Defendants, or against any of the other Released Parties, any action or proceeding in any court or tribunal asserting any of the Released Claims as described in the Agreement, provided, however, that this injunction shall not apply to individual claims of any persons in the Settlement Class who timely exclude themselves in a manner that complies with paragraph 12 of this Preliminary Approval Order.  This injunction applies to, without limitation, all plaintiffs and plaintiffs' counsel in the following matters:  (i) Barker v. Skype Inc., et al., Superior Court of the State of Washington, King County, Case No. 08-2-41937-1 SEA.; and (ii) Carness v. Skype, et al., Superior Court of the State of California for the County of Los Angeles, Case No. BC 406723.  This injunction is necessary to protect and effectuate the settlement, this Preliminary Approval Order, and the District Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate, and is ordered in aid of the District Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. section 1651(a).

17.    The District Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to the Settlement Class, and retains jurisdiction to consider all further applications arising out of or connected with the settlement.  The District Court may approve or modify the settlement without further notice to the Settlement Class.

Dated this 17 day of November 2009.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER PRELIMINARILY APPROVING CLASS
ACTION SETTLEMENT - 7
(CASE NO. 09-CV-1364 RSM)

BRESKIN | JOHNSON | TOWNSEND PLLC
1111 Third Avenue, Suite 2230
Seattle, Washington 98101 Tel: 206-652-8660