1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:     (415) 626-3939
6  Facsimile:     (415) 875-5700

7  Attorneys for Defendant
   APPLE INC.
8

9                          UNITED STATES DISTRICT COURT

10                         NORTHERN DISTRICT OF CALIFORNIA

11                                 OAKLAND DIVISION

12

13 | **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | Lead Case No.  C 05-00037 YGR |
14 |  | **[CLASS ACTION]** |
15 |  | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
16 | **This Document Relates To:** |  |
17 | **ALL ACTIONS** | Judge:  Honorable Yvonne Gonzalez Rogers |
   |  | Date:    September 17, 2012 |
18 |  | Time: |
   |  | Place: |

Joint Case Management Conference Statement
C 05 00037 YGR

**1.     Date case was filed.**

The first action was filed on January 3, 2005. Other actions followed, and the Court consolidated the pending cases on March 21, 2007 as The Apple iPod iTunes Antitrust Litigation. The operative Amended Consolidated Complaint was filed January 26, 2010.

**2.     List or description of all parties.**

Plaintiffs and class representatives are Somtai Troy Charoensak, Mariana Rosen and Melanie Tucker. Defendant is Apple Inc.

**3.     List of all current deadlines, including those for dispositive motions, pretrial conferences, discovery cutoff (both fact and expert) and trial date.**

Fact discovery has closed. The parties are currently completing merits-based expert discovery, including producing additional data. The parties have been meeting and conferring regarding a schedule for the remainder of the case and provide here as Exhibit 1 agreed-upon dates regarding the remainder of the case. The schedule reflects the time needed to complete expert discovery in light of the additional data being produced and availability of the experts to complete the expert reports.

**4.     List of all pending motions and status of briefing.**

No motions are pending. Following submission of Plaintiffs' merits expert report, Defendants anticipate filing a motion for summary judgment "addressing issues which have not yet been raised before the Court" including issues "resulting from disclosures made in that expert report." (Dkt. No. 713.)

**5.     Brief description of the event underlying the action.**

The named plaintiffs and class representatives are three individuals who claim that software updates Apple issued for iPods sold after September 12, 2006 violated the antitrust laws.[1] The updates required iPod users to use Apple's free iTunes software application rather than other

---

[1] Plaintiffs represent a class of direct purchasers. In 2007, Stacie Somers filed a complaint against Apple in *Somers v. Apple Inc.*, Case No. 07-6507 JW, alleging the same claims as Plaintiffs on behalf of indirect purchasers of iPods and direct purchasers of music from the iTunes Store. The Court denied class certification and dismissed the case in its entirety. Somers appealed, which is now pending in the Ninth Circuit Court of Appeals.

third-party applications to load music on iPods sold after September 12, 2006. Plaintiffs allege that the goal of the updates was to prevent iPods from playing songs purchased from competitors, which in turn decreased competition and allowed Apple to increase iPod prices between September 12, 2006 and March 31, 2009 to levels higher than they otherwise would have been. Apple asserts that the updates improved its products and benefitted consumers by, among other things, ensuring an improved and seamless customer experience in using Apple products, stopping corruption of iPods caused by the use of third-party applications, and encouraging product innovation. Apple further asserts that the updates had no effect on iPod prices.

**6.    Summary of all claims, counterclaims, crossclaims, third party claims.**

Plaintiffs' Amended Consolidated Complaint filed January 26, 2010 pleaded claims for (1) Monopolization under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2; (2) Attempted Monopolization under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2; (3) Violation of the Cartwright Act, Cal. Bus. & Prof. Code §§16270, *et seq.*; (4) Violation of California's Unfair Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*; (5) Violation of the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code §§1750, *et seq.*; (6) and Common Law Monopolization Business Practices. Dkt. No. 322. On June 29, 2010, the Court dismissed Plaintiffs' Cartwright Act, CLRA, and Common Law Monopolization claims with prejudice. (Dkt. No. 377.) Accordingly, the remaining claims are that the software updates constitute unlawful monopolization and attempted monopolization in violation of § 2 of the Sherman Act (15 U.S.C. § 2) and California Business & Professions Code §17200.

There are no counterclaims, crossclaims or third-party claims.

**7.    List and description of relief sought and damages claimed with an explanation as to how damages are computed.**

Plaintiffs seek unspecified damages for the amount of the alleged overcharge for iPods sold between September 12, 2006 – March 31, 2009.

**8.    Status of discovery.**

Fact discovery is complete. Expert discovery is ongoing and as per paragraph 3, the parties have agreed to a schedule regarding expert discovery deadlines.

**9.     Procedural history of the case including a list of previous motions decided, ADR proceedings or settlement conferences scheduled or concluded, appellate proceedings pending or concluded, and any previous referral to a magistrate judge, including the purpose of the reference.**

### Complaints and Dispositive Motions

The initial complaint in this matter was filed in January 2005. In April 2007, Plaintiffs filed a Consolidated Complaint, challenging Apple's use of proprietary digital rights management software on music sold through its online iTunes Store on the grounds that it constituted tying and monopolization in violation of federal and state antitrust laws. Dkt. No. 107. As discussed below, in December 2008, the court certified a class on this original claim. (Dkt. No. 196.) Apple filed its Answer in June 2007. Dkt. No. 110.

In two orders entered in 2009, the Court dismissed plaintiffs' tying claims. (Dkt. 213 and Dkt. No. 274.) In light of this ruling, on December 21, 2009, the court *sua sponte* decertified the class and invited Plaintiffs to amend their complaint to allege actions Apple took to maintain monopoly power that were not dependent on allegations of tying. (Dkt. No. 303.)

On January 26, 2010, Plaintiffs amended their complaint, challenging software updates issued in October 2004 (referred to as iTunes 4.7) and in September 2006 (referred to as iTunes 7.0 and discussed above). (Dkt. No. 322.) In February 2010, Apple moved to dismiss or, alternatively for summary judgment. (Dkt. No. 325.) On June 29, 2010, the Court granted Apple's motion to dismiss as to plaintiffs Cartwright Act, CLRA, and common law monopolization claims, otherwise denied Apple's motion to dismiss, and denied as premature Apple's motion for summary judgment pending further discovery requested by Plaintiffs. (Dkt. No. 377.) In January 2011, Apple renewed its motion for summary judgment. (Dkt. No. 473.) On May 19, 2011, the Court granted summary judgment on Plaintiffs' claim challenging the iTunes 4.7 update issued in 2004 and denied summary judgment with respect to iTunes 7.0. (Dkt. No. 627.)

### Class Certification

On December 22, 2008, the Court granted Plaintiffs' motion for class certification. (Dkt. No. 196.) On December 21, 2009, the Court *sua sponte* decertified both the Rule 23(b)(2) and

4

Apple's Opp. to Plfs' Mot. for Admin. Relief
C 05 00037 JW

(b)(3).  (Dkt. No. 303.)  In January 2011, Plaintiffs renewed their motion for class certification based on their remaining monopolization and attempted monopolization claims.  On November 22, 2011, the Court certified a class of "[a]ll persons or entities in the United States (excluding federal, State, and local government entities, Apple, its directors, officers, and members or their families) who purchased [a specified model of] iPod directly from Apple between September 12, 2006 and March 31, 2009."  (Dkt. No. 694.)[2]

Class notice has been completed pursuant to the notice plan approved by the court, which included notice by email and mail, publication, and a website.  (Dkt. No. 704.)  The opt out date was July 30, 2012.

**Appellate Proceedings**

Following the Court's November 2011 grant of class certification, Apple sought interlocutory review under Rule 23(f) of the Federal Rules of Civil Procedure on December 6, 2011.  (Dkt. No. 697.)  The Ninth Circuit denied Apple's petition on March 13, 2012.  (Dkt. No. 701.)

**Settlement Conferences and Mediation**

The parties have engaged in mediation that was unsuccessful.  In addition, on May 1 and 2, Judge Ware held a two-day session with Plaintiffs and Apple in an effort to settle the litigation.  Those efforts were unsuccessful.

////

////

---

[2] On June 22, 2011, the Court ordered further supplemental briefing to have the parties address the specific definition of the products at issue in the class period, the geographic scope of the class, and the effect of the Supreme Court's June 20, 2011 decision in *Wal-Mart Stores, Inc. v. Dukes* on Plaintiffs' Motion for Class Certification. (Dkt No. 639.)  On June 23, 2011, both parties filed further supplemental briefs to address those issues.  (Dkt. Nos. 644 & 646.)  Pursuant to the Court's August 2, 2011 Order, on September 23, 2011 and November 14, 2011, the parties filed supplemental expert reports addressing class issues.  (Dkt. Nos. 679 & 692.)

5

Apple's Opp. to Plfs' Mot. for Admin. Relief
C 05 00037 JW

**10. If there is an immediate need for a case management conference to be scheduled in the action.**

The parties do not believe an immediate case management conference is necessary, but are happy to meet with the Court should the Court believe it necessary.

Dated: September 17, 2012                JONES DAY

                                         By:/s/ Robert A. Mittelstaedt
                                             Robert A. Mittelstaedt

                                         Counsel for Defendant APPLE INC.

Dated: September 17, 2012                JONES DAY

                                         By:/s/ Alexandra Bernay
                                             Alexandra Bernay

                                         Counsel for Plaintiffs