1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:    (415) 626-3939
6  Facsimile:    (415) 875-5700

7  Attorneys for Defendant
   APPLE INC.
8

9                UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                       OAKLAND DIVISION

12

13 | **THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION** | Lead Case No.  C 05-00037 YGR [CLASS ACTION]
14 |  |
15 |  | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT**
16 | **This Document Relates To:** |
17 | **ALL ACTIONS** | Judge:  Honorable Yvonne Gonzalez Rogers
   | | Date:   April 8, 2013
18 | | Time:   2:00 p.m.
   | | Place:  Courtroom 5
19
20
21
22
23
24
25
26
27
28

**1.     Date case was filed.**

The first action was filed on January 3, 2005. Other actions followed, and the Court consolidated the pending cases on March 21, 2007 as The Apple iPod iTunes Antitrust Litigation. The operative Amended Consolidated Complaint was filed January 26, 2010.

**2.     List or description of all parties.**

Plaintiffs and class representatives are Somtai Troy Charoensak, Mariana Rosen and Melanie Tucker. Defendant is Apple Inc.

**3.     List of all current deadlines, including those for dispositive motions, pretrial conferences, discovery cutoff (both fact and expert) and trial date.**

On January 28, 2013, the Court entered the following pretrial schedule (Doc 722):

| | |
|---|---:|
| Plaintiffs' expert report(s) due: | April 1, 2013[1] |
| Service of Plaintiffs' experts' data and documents: | April 4 , 2013 |
| Deposition(s) of Plaintiffs' expert(s) to be completed | April 22 , 2013 |
| Defendant's expert report(s) due: | May 31, 2013 |
| Service of Defendant's experts' data and documents: | June 3, 2013 |
| Depositions of Defendants expert(s) to be completed: | June 24, 2013 |
| Plaintiffs' rebuttal report(s) due: | July 12, 2013 |
| Service of Plaintiffs experts' data and documents: | July 16, 2013 |
| Motions for summary judgment and to exclude expert testimony[2] (single brief) due: | August 16, 2013 |
| Oppositions due: | September 16, 2013 |
| Replies due: | October 18 , 2013 |

---

[1] The parties have agreed to extend by two days the date for submission of opening expert report(s); Plaintiffs' expert report(s) are due April 1, 2013 and service of experts' data and documents are due April 8, 2013, and Defendant's expert report(s) are due June 3, 2013 and service of experts' data and documents are due June 6, 2013. In addition, Apple has granted Plaintiffs' request for a one-week extension to April 8, 2013 for the submission of one of Plaintiffs' expert's reports. The parties have also agreed to extend, until May 15, 2013, the deadline to complete the depositions of Plaintiffs' experts. Other deadlines regarding experts are not affected by these agreements.

[2] The Court held "that nothing in the Federal Rules of Civil Procedure or the Civil Local Rules would prevent Defendant from filing a motion for summary judgment addressing issues which have not yet been raised before the Court." Dkt. No. 713 (May 2, 2012 Order) at 1.

| | Hearing on motions for summary judgment and to exclude expert testimony | October 18, 2013 |
|---|---|---|

Dates for the following case events to be determined by the parties following a meet and confer to be held within two weeks of Court's ruling on motions for summary judgment and to exclude expert testimony:

- Service of proposed witness and exhibit lists;
- Service of objections to witness and exhibit lists;
- Final exhibit lists, witness lists, jury instructions;
- voir dire questions, and verdict forms;
- Motions in limine;
- Oppositions to motions in limine;
- Replies in support of motions in limine; and
- Pretrial Conference.

**4.    List of all pending motions and status of briefing.**

No motions are pending. Following submission of Plaintiffs' merits expert report, Defendants anticipate filing a motion for summary judgment "addressing issues which have not yet been raised before the Court" including issues "resulting from disclosures made in that expert report." (Dkt. No. 713.)

**5.    Brief description of the event underlying the action.**

The named plaintiffs and class representatives are three individuals who claim that software updates Apple issued for iPods sold after September 12, 2006 violated the antitrust laws.[3] Plaintiffs allege that the goal of the updates was to prevent iPods from playing songs purchased from competitors, which in turn decreased competition and allowed Apple to increase iPod prices between September 12, 2006 and March 31, 2009 to levels higher than they otherwise would have been. Apple asserts that the updates improved its products and benefitted consumers by, among other things, ensuring an improved and seamless customer experience in using Apple products,

---

[3] Plaintiffs represent a class of direct purchasers. In 2007, Stacie Somers filed a complaint against Apple in *Somers v. Apple Inc.*, Case No. 07-6507 JW, alleging the same claims as Plaintiffs on behalf of indirect purchasers of iPods and direct purchasers of music from the iTunes Store. The Court denied class certification and dismissed the case in its entirety. Somers appealed, which is now pending in the Ninth Circuit Court of Appeals.

1  stopping corruption of iPods caused by the use of third-party applications, and encouraging
2  product innovation. Apple further asserts that the updates had no effect on iPod prices.
3  **6.    Summary of all claims, counterclaims, cross-claims, third-party claims.**
4       Plaintiffs' Amended Consolidated Complaint filed January 26, 2010 pleaded claims for (1)
5  Monopolization under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2; (2) Attempted
6  Monopolization under Section 2 of the Sherman Antitrust Act, 15 U.S.C. §2; (3) Violation of the
7  Cartwright Act, Cal. Bus. & Prof. Code §§16270, *et seq.*; (4) Violation of California's Unfair
8  Competition Law, Cal. Bus. & Prof. Code §§17200, *et seq.*; (5) Violation of the Consumers Legal
9  Remedies Act ("CLRA"), Cal. Civ. Code §§1750, *et seq.*; (6) and Common Law Monopolization
10 Business Practices. Dkt. No. 322. On June 29, 2010, the Court dismissed Plaintiffs' Cartwright
11 Act, CLRA, and Common Law Monopolization claims with prejudice. (Dkt. No. 377.)
12 Accordingly, the remaining claims are that the software updates constitute unlawful
13 monopolization and attempted monopolization in violation of § 2 of the Sherman Act (15 U.S.C. §
14 2) and California Business & Professions Code §17200.
15      There are no counterclaims, cross-claims or third-party claims.
16 **7.    List and description of relief sought and damages claimed with an explanation as to**
17 **how damages are computed.**
18      Plaintiffs seek unspecified damages for the amount of the alleged overcharge for iPods sold
19 between September 12, 2006 – March 31, 2009.
20 **8.    Status of discovery.**
21      Fact discovery is complete. Expert discovery is ongoing.
22 **9.    Procedural history of the case including a list of previous motions decided, ADR**
23 **proceedings or settlement conferences scheduled or concluded, appellate**
24 **proceedings pending or concluded, and any previous referral to a magistrate judge,**
25 **including the purpose of the reference.**
26      **Complaints and Dispositive Motions**
27      The initial complaint in this matter was filed in January 2005. In April 2007, Plaintiffs
28 filed a Consolidated Complaint, challenging Apple's use of proprietary digital rights management

software on music sold through its online iTunes Store on the grounds that it constituted tying and monopolization in violation of federal and state antitrust laws. Dkt. No. 107. As discussed below, in December 2008, the court certified a class on this original claim. (Dkt. No.. 196.) Apple filed its Answer in June 2007. Dkt. No. 110.

In two orders entered in 2009, the Court dismissed plaintiffs' tying claims. (Dkt. 213 and Dkt. No. 274.) In light of this ruling, on December 21, 2009, the court *sua sponte* decertified the class and invited Plaintiffs to amend their complaint to allege actions Apple took to maintain monopoly power that were not dependent on allegations of tying. (Dkt. No. 303.)

On January 26, 2010, Plaintiffs amended their complaint, challenging software updates issued in October 2004 (referred to as iTunes 4.7) and in September 2006 (referred to as iTunes 7.0 and discussed above). (Dkt. No. 322.) In February 2010, Apple moved to dismiss or, alternatively for summary judgment. (Dkt. No. 325.) On June 29, 2010, the Court granted Apple's motion to dismiss as to plaintiffs Cartwright Act, CLRA, and common law monopolization claims, otherwise denied Apple's motion to dismiss, and denied as premature Apple's motion for summary judgment pending further discovery requested by Plaintiffs. (Dkt. No. 377.) In January 2011, Apple renewed its motion for summary judgment. (Dkt. No. 473.) On May 19, 2011, the Court granted summary judgment on Plaintiffs' claim challenging the iTunes 4.7 update issued in 2004 and denied summary judgment with respect to iTunes 7.0. (Dkt. No. 627.)

**Class Certification**

On December 22, 2008, the Court granted Plaintiffs' motion for class certification. (Dkt. No. 196.) On December 21, 2009, the Court *sua sponte* decertified both the Rule 23(b)(2) and (b)(3). (Dkt. No. 303.) In January 2011, Plaintiffs renewed their motion for class certification based on their remaining monopolization and attempted monopolization claims. On November 22, 2011, the Court certified a class of "[a]ll persons or entities in the United States (excluding federal, State, and local government entities, Apple, its directors, officers, and members or their families)

who purchased [a specified model of] iPod directly from Apple between September 12, 2006 and March 31, 2009." (Dkt. No. 694.)[4]

Class notice has been completed pursuant to the notice plan approved by the court, which included notice by email and mail, publication, and a website. (Dkt. No. 704.) The opt out date was July 30, 2012.

**Appellate Proceedings**

Following the Court's November 2011 grant of class certification, Apple sought interlocutory review under Rule 23(f) of the Federal Rules of Civil Procedure on December 6, 2011. (Dkt. No. 697.) The Ninth Circuit denied Apple's petition on March 13, 2012. (Dkt. No. 701.)

**Settlement Conferences and Mediation**

The parties have engaged in mediation that was unsuccessful. In addition, on May 1 and 2, 2012, Judge Ware held a two-day session with Plaintiffs and Apple in an effort to settle the litigation. Those efforts were unsuccessful.

[Signatures on next page]

---

[4] On June 22, 2011, the Court ordered further supplemental briefing to have the parties address the specific definition of the products at issue in the class period, the geographic scope of the class, and the effect of the Supreme Court's June 20, 2011 decision in *Wal-Mart Stores, Inc. v. Dukes* on Plaintiffs' Motion for Class Certification. (Dkt No. 639.) On June 23, 2011, both parties filed further supplemental briefs to address those issues. (Dkt. Nos. 644 & 646.) Pursuant to the Court's August 2, 2011 Order, on September 23, 2011 and November 14, 2011, the parties filed supplemental expert reports addressing class issues. (Dkt. Nos. 679 & 692.)

| | | |
|---|---|---|
| 1 | Dated: April 1, 2013 | JONES DAY |
| 2 | | |
| 3 | | By: /s/ Robert A. Mittelstaedt<br>    Robert A. Mittelstaedt |
| 4 | | Counsel for Defendant APPLE INC. |
| 5 | Dated: April 1, 2013 | ROBBINS GELLER RUDMAN<br>      & DOWD LLP |
| 6 | | |
| 7 | | By: /s/ Alexandra Bernay<br>    Alexandra Bernay |
| 8 | | Counsel for Plaintiffs |