1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  JONES DAY
   555 California Street, 26th Floor
5  San Francisco, CA  94104
   Telephone:     (415) 626-3939
6  Facsimile:      (415) 875-5700

7  Attorneys for Defendant
   APPLE INC.
8

9              UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11                    OAKLAND DIVISION

12

13  **THE APPLE iPOD iTUNES ANTI-**         Lead Case No.  C 05-00037 YGR
    **TRUST LITIGATION**                    [CLASS ACTION]
14
                                            **STIPULATED [PROPOSED]** *MODIFIED*
15  _____          **ORDER REGARDING SCHEDULE**

16  **This Document Relates To:**

17  **ALL ACTIONS**

18

19  / / /

20  / / /

Stipulation Regarding Schedule
C 05 00037 YGR

1 On January 28, 2013, this Court entered the schedule for expert discovery and other events proposed by the parties. On April 1, 2013, as part of a case management conference statement, the parties submitted stipulated amendments to the schedule based on information then known to them. After the parties' submission, counsel for Apple (Mr. Mittelstaedt, Mr. Stewart, and Mr. Kiernan) received an order in another complex antitrust case that reset the schedule in that case and imposed substantial new briefing and discovery obligations, with deadlines occurring during the same period as the deadlines in this case for Apple's expert reports. Among other things, counsel for Apple in the other matter is currently preparing to take the depositions of experts, preparing rebuttal expert reports, and drafting an opposition brief. Apple's counsel has worked diligently to meet the deadlines in both this case and in the other case, but despite that effort believes that the current deadline for Apple's expert reports in this case does not afford Apple adequate additional time to complete its expert reports.

In addition to Apple's scheduling issues, plaintiffs class counsel and its experts are also faced with conflicts. Counsel has a crucial final approval hearing on the settlement of another large complex antitrust action on September 12, and a trial call on another on September 17, 2013. Further, plaintiffs' economist expert is unavailable from the end of July through the first two weeks of August, 2013.

After meeting and conferring over the last eleven days on dates that will avoid conflicts and accommodate the schedules of counsel for plaintiffs and their experts, the parties have agreed and stipulate to amend the dates in the schedule as follows:

| | |
|---|---|
| Defendant's expert report(s) due: | July 19, 2013 |
| Service of Defendant's experts' data and documents: | July 24, 2013 |
| Depositions of Defendant's expert(s) to be completed: | August 30, 2013 |
| Plaintiffs' rebuttal report(s) due: | October 30, 2013 |
| Service of Plaintiffs' experts' data and documents: | November 4, 2013 |

| | |
|---|---|
| Motions for summary judgment and to exclude expert testimony[1] (single brief) due: | November 30, 2013 |
| Oppositions due: | December 12, 2013 |
| Replies due: | January 11, 2014 |
| Hearing on motions for summary judgment and to exclude expert testimony: | *To be set once Court has availability to consider motions* |

Dated: May 31, 2013　　　　　　　　　　JONES DAY

　　　　　　　　　　　　　　　　　　　By:/s/ David C. Kiernan
　　　　　　　　　　　　　　　　　　　　　David C. Kiernan

　　　　　　　　　　　　　　　　　　　Counsel for Defendant APPLE INC.

Dated: May 31, 2013　　　　　　　　　　JONES DAY

　　　　　　　　　　　　　　　　　　　By:/s/ Thomas Merrick
　　　　　　　　　　　　　　　　　　　　　Thomas Merrick

　　　　　　　　　　　　　　　　　　　Counsel for Plaintiffs

The parties are advised that a hearing date for any motions for summary judgment and to exclude expert testimony will be set once the Court has availability to consider the motion(s).

**IT IS SO ORDERED**.

DATED: June 5, 2013　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　**YVONNE GONZALEZ ROGERS**
　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court held "that nothing in the Federal Rules of Civil Procedure or the Civil Local Rules would prevent Defendant from filing a motion for summary judgment addressing issues which have not yet been raised before the Court." Dkt. No. 713 (May 2, 2012 Order) at 1.