ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | STIPULATED REQUEST FOR MODIFICATION OF SCHEDULE AND [PROPOSED] ORDER |
| ALL ACTIONS. | |

887714_1

1    Under the current schedule, plaintiffs' rebuttal expert reports are due October 30, motions for
2 summary judgment and to exclude expert testimony are due November 30, oppositions are due
3 December 11, and replies are due January 11, 2014.  No trial date has been set.

4    On October 9, 2013, the parties submitted a revised schedule that pushed out these dates by
5 two and a half months.  The proposed schedule would have resulted in rebuttal reports being served
6 in January, which meant that summary judgment briefing would not have been completed until April
7 2014.  On October 22, the Court denied this request to push out the schedule that far, stating that it is
8 unwilling to change the briefing schedule and allowing the parties to submit an amended stipulated
9 proposed schedule that preserves the previously set briefing schedule.

10   Since receiving the Court's order, the parties have conferred at length over a revised schedule
11 that would permit plaintiffs the additional time needed to complete the depositions of two of Apple's
12 experts[1] and file their rebuttal reports, while still giving Apple adequate time to complete its motion
13 for summary judgment and to exclude expert testimony following receipt of those rebuttal reports
14 and supporting data and materials.  Based on these discussions, and acknowledging the Court's
15 order, the parties respectfully request that the Court consider a much more limited modification of
16 the briefing schedule that will achieve these objectives but still have the briefing completed in
17 January 2014 as under the current schedule.

18   In support of this request, the parties note that, because of scheduling conflicts, the parties
19 were unable to schedule the depositions of two of Apple's experts until November 8 and November
20 12.  Among other conflicts, plaintiffs' lead counsel, who is lives in San Diego and is taking the two
21 depositions, was unavailable for most of September due to a planned trial in another matter.  She was
22 likewise unavailable for several days in October due to a mediation, on October 15 due to a trip to
23 Washington, and for the week of October 21.  Although Apple's two experts, who are both located
24 in Chicago, were available for most of September, they had a number of conflicts in October due to
25 their weekly teaching schedule, vacations, and work on other matters.  After sorting through the
26 various dates that would work for plaintiffs' counsel and each expert, the parties agreed to the
27
28   [1]   Plaintiffs' counsel has taken the deposition of one of Apple's experts.

November dates and to seek a modification to the schedule that maintained the same intervals between events. The revised schedule pushed out the rebuttal report deadline to January 15, 2014. Because motions for summary judgment and to exclude experts is keyed off the date for service of rebuttal reports, the revised schedule set the deadline for such motions in February 2014 with all briefing completed by April 2014.

After conferring extensively on a workable schedule and trying to adhere as closely as possible to briefing schedule previously ordered, the parties propose the following changes to the current schedule:

| | |
|---|---|
| Depositions of Defendant's expert(s) to be completed: | November 12, 2013 |
| Plaintiffs' rebuttal report(s) due: | November 25, 2013 |
| Service of Plaintiffs' experts' data and documents: | November 25, 2013 |
| Motions for summary judgment and to exclude expert testimony[2] (single brief) due: | December 20, 2013 |
| Oppositions due: | January 13, 2014 |
| Replies due: | January 31, 2014 |
| Hearing on motions for summary judgment and to exclude expert testimony (if ordered by the Court): | TBD |

The parties believe that the schedule provides the most efficient way to proceed in this case. It allows plaintiffs time to serve their rebuttal reports after taking depositions of Apple's experts so that plaintiffs can respond to and incorporate any deposition material into their rebuttal reports. At the same time, it gives Apple and its experts 25 days to evaluate the plaintiff rebuttal expert reports and complete motions for summary judgment and to exclude expert testimony, which in large part will be directed at expert testimony of plaintiffs' experts. It also takes into account the Thanksgiving

---

[2] The Court held "that nothing in the Federal Rules of Civil Procedure or the Civil Local Rules would prevent Defendant from filing a motion for summary judgment addressing issues which have not yet been raised before the Court."Dkt. No. 713 (May 2, 2012 Order) at 1.

holiday, which is the week of November 25, and ensures that all briefing is completed by the end of January. And it will have no impact on the trial date in this case, which has not been set.

Counsel for class plaintiffs and Apple are available by telephone or otherwise to answer any questions the Court may have or should the Court want to discuss further.

**Alternative Positions**

The parties have been unable to reach agreement on how to adjust the schedule, if at all, should the Court not entertain the above modification because it moves the briefing schedule.

<u>Plaintiffs' Alternative Position</u>

Should the Court deny the parties joint proposal regarding the schedule, Plaintiffs request the following schedule be adopted. This schedule provides sufficient time for Plaintiffs to draft rebuttal reports following the depositions of Apple's experts, which due to a variety of scheduling conflicts could not be set until November 8 and 12th and corrects for dates that were inadvertently set for weekends.

Plaintiffs propose the following:

| | |
|---|---|
| Plaintiffs' rebuttal report(s) due: | November 25, 2013 |
| Service of Plaintiffs' experts data and documents: | November 25, 2013 |
| Motions for summary judgment and to exclude expert testimony[3] (single brief) due: | December 2, 2013[4] |
| Oppositions due: | December 13, 2013 |
| Replies due: | January 10, 2014[5] |
| Hearing on motions for summary judgment and to exclude expert testimony: | TBD |

Apple's counter proposal severely prejudices Plaintiffs. Requiring rebuttal reports to be submitted October 30 when the parties had been operating under the good-faith belief that the Court

---

[3] The Court held "that nothing in the Federal Rules of Civil Procedure or the Civil Local Rules would prevent Defendant from filing a motion for summary judgment addressing issues which have not yet been raised before the Court." Dkt. No. 713 (May 2, 2012 Order) at 1.

[4] The current schedule sets the deadline for a Saturday. The parties agree that it should be moved to December 2, 2013.

[5] The current schedule sets the deadline for a Saturday. The parties agree that it should be moved to January 10, 2014.

887714_1   STIPULATED REQUEST FOR MODIFICATION OF
SCHEDULE AND [PROPOSED] ORDER - C-05-00037-YGR                                                                    - 3 -

would approve the joint stipulation, gravely impacts Plaintiffs' ability to present their case.[6] Apple's counter proposal that would allow Plaintiffs to file a response solely to material raised during upcoming depositions does not cure the problem. The parties worked for months trying to juggle the schedules of Apple's experts and counsel for Plaintiffs and Apple. Plaintiffs' counsel had proposed dates in early and mid-October to take Apple's experts, but those dates did not work for Apple's experts or counsel. Other dates, prior to the currently agreed on dates of November 8 and 12, were unworkable for counsel and the deponents for a variety of reasons, including a trial that was eventually rescheduled by the court.

As Apple acknowledges, its upcoming summary judgment motion will focus extensively on Plaintiffs' experts' opinions. Plaintiffs should not be forced to submit reports that are incomplete. The Court should have each side's most complete presentation before deciding these important motions. The joint proposal balances the Court's concern regarding timing and allows both sides time to present their strongest case. Plaintiffs' alternative proposal keeps the Court's prior deadlines regarding briefing in place, but also allows Plaintiffs sufficient time to incorporate information gleaned from the upcoming depositions into their important rebuttal reports. If the Court is not inclined to grant the joint proposal, Plaintiffs respectfully request the Court enter the alternative schedule proposed by Plaintiffs.

<u>Apple's Alternative Position</u>

Plaintiffs' proposed alternative schedule does not give adequate time for Apple to prepare its summary judgment motion after receiving plaintiffs' rebuttal reports. The Court's previous scheduling order (to which plaintiffs stipulated) afforded 30 days between the service of the rebuttal reports and Apple's summary judgment motion. This is a reasonable period given that the sufficiency of plaintiffs' expert testimony will be the focus of Apple's motion for summary judgment and to exclude expert testimony. Indeed, plaintiffs' evidence of alleged antitrust impact consists almost exclusively of their expert's economist's testimony and econometric models. Because of the central importance of the expert evidence to the summary judgment briefing, it is

---

[6] Plaintiffs can, should the Court require, submit the rebuttal report of David Martin by October 30.

essential that Apple have sufficient time after receiving the rebuttal reports—and before its summary judgment motion is due—to evaluate plaintiffs' experts' responses to the reports of Apple's experts and to incorporate that information into Apple's motions for summary judgment motion and exclude expert testimony.  *Cf. Complex for Manual Litigation*, Fourth § 11.481 (advising that expert disclosures and depositions be completed sufficiently early to allow for the court to evaluate summary judgment and other motions directed at the expert testimony).

Instead of the previously agreed-upon and ordered 30 days, however, plaintiffs' alternative proposal seeks to cut that down time down to only 7 days – while at the same time giving plaintiffs an additional 25 days to serve their rebuttal reports.  Compounding the problem, the 7-day period falls over the Thanksgiving holiday.  It is not reasonable for plaintiffs to demand that Apple be required to evaluate the rebuttal reports and complete its summary judgment motion on such a truncated schedule.

Accordingly, if the Court is not inclined to adjust the briefing schedule to accommodate a later service date for the rebuttal reports, Apple requests that the Court continue to adhere as well to the current due date for rebuttal reports, while affording plaintiffs time to complete the depositions and supplement their reports with any new information from the depositions.  Apple's proposed alternative schedule is as follows:

| | |
|---|---|
| Plaintiffs' rebuttal report(s) due: | October 30, 2013[7] |
| Service of Plaintiffs' experts data and documents: | November 7, 2013 |
| Depositions of Defendants' Experts to be completed | November 12, 2013 |
| Supplements to Plaintiffs' rebuttal reports due, limited to new information from Defendants' experts' depositions | November 20, 2013 |
| Motions for summary judgment and to exclude expert testimony (single brief) due: | December 2, 2013 |
| Oppositions due: | December 13, 2013 |

---

[7] Recognizing that plaintiffs may have relied on the pendency of the parties' previously proposed schedule, Apple does not object to extending this October 30 deadline to November 7. To the extent, however, the date is extended by more than one week, Apple requests that its December 2 deadline for filing its summary judgment motion be similarly extended.

887714_1   STIPULATED REQUEST FOR MODIFICATION OF
SCHEDULE AND [PROPOSED] ORDER - C-05-00037-YGR                                                                 - 5 -

| | | |
|---|---|---|
| Replies due: | | January 10, 2014 |
| Hearing on motions for summary judgment and to exclude expert testimony: | | TBD |

DATED: October 28, 2013

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL

      s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Class Counsel for Plaintiffs

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

```
                                    MURRAY FRANK LLP
                                    BRIAN P. MURRAY
                                    275 Madison Avenue, Suite 801
                                    New York, NY  10016
                                    Telephone:  212/682-1818
                                    212/682-1892 (fax)

                                    GLANCY BINKOW & GOLDBERG LLP
                                    MICHAEL GOLDBERG
                                    1925 Century Park East, Suite 2100
                                    Los Angeles, CA  90067
                                    Telephone:  310/201-9150
                                    310/201-9160 (fax)

                                    Additional Counsel for Plaintiffs
```

DATED: October 28, 2013           JONES DAY
                                  DAVID C. KIERNAN


                                       s/ David C. Kiernan
                                  _____
                                       DAVID C. KIERNAN

                                  555 California Street
                                  26th Floor
                                  San Francisco, CA 94104
                                  Telephone:  415.626.3939
                                  415.875.5700 (fax)

                                  Attorneys for Defendant Apple, Inc.

                         *        *        *

**O R D E R**

IT IS SO ORDERED.

DATED: _____      _____
                                  THE HONORABLE YVONNE GONZALEZ ROGERS
                                  UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 28, 2013.

                                        s/ Alexandra S. Bernay
                                        ALEXANDRA S. BERNAY
ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  xanb@rgrdlaw.com

887714_1

# Mailing Information for a Case 4:05-cv-00037-YGR

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**

- ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com,carolyn.ernser@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`