
Robert A. Mittelstaedt  (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart  (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037-YGR<br>[CLASS ACTION]<br><br>APPLE'S ADMINISTRATIVE MOTION TO SEAL |

I.     INTRODUCTION

     Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple") requests that the Court permit Apple to file under seal the portions of its Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll ("Motion") that refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (ECF No. 112).  In addition, Apple seeks permission to file under seal certain exhibits attached to the Declaration of Amir Q. Amiri filed in support of Apple's Motion, all of which contain information that Apple designated "Confidential—Attorneys Eyes Only" under the Protective Order.

The Court previously sealed similar information in relation to Apple's Motion to Dismiss or, Alternatively, for Summary Judgment (ECF No. 340), Renewed Motion for Summary Judgment (ECF No. 524) and Opposition to Class Certification (ECF No. 526). Apple files this motion and the accompanying Declaration of Amir Amiri in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are compelling reasons to protect the confidentiality of the information. The proposed sealing order is based on the Protective Order and proof that particularized harm to Apple will result if the sensitive information is publicly released.

## II.     STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

## III.    ARGUMENT

### A.     There Are Compelling Reasons To Support Filing Under Seal.

Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes Only" the Expert Reports of Dr. John Kelly, Dr. Robert H. Topel and Dr. Kevin M. Murphy, the Expert Declarations of Professor Roger G. Noll and the deposition transcripts of Professor Noll, selected excerpts from the deposition of Arthur Rangel and Mark Donnelly, and other documents containing sensitive pricing and competitive strategy data. These documents are all attached to Amir Amiri's Declaration in Support of Apple's Motion. These confidential materials are referred to and/or quoted in Apple's Motion. As established by the accompanying declaration, compelling reasons justify filing the declarations and documents and the redacted portions of the Motion under seal.

The expert materials and other documents contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology; updates to that technology; third-party technology used to protect or improve FairPlay; inquiries Apple received from customers that reflect personal information of the customers and confidential, proprietary information regarding how Apple responds to such inquiries; confidential contract terms; confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and Apple's FairPlay DRM technology, and commercially sensitive pricing and sales data. Apple keeps this information highly confidential and does not disclose it to the public. *See* Declaration of Amir Amiri in Support of Apple's Administrative Motion to Seal, Ex. 1, ¶ 2; Ex. 2, ¶ 7.

FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. Information regarding FairPlay and third-party technology intended to increase FairPlay efficacy is non-public information that should remain confidential. Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information. *See Id.*, Ex. 1, ¶ 3. The Court previously sealed similar information in relation to Apple's dispositive motions and Opposition to Class Certification. *See* ECF Nos. 340, 524 and 526.

Apple's contracts with record labels, which include some details of the DRM used by Apple and contain highly sensitive commercial information, are kept highly confidential in accord with the contracts' confidentiality provisions. Similarly, Apple's communications with the record labels regarding the distribution of music through the iTunes Store and details of FairPlay are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. This information is non-public information that should remain confidential. Harm to Apple would result from the public disclosure of this information. For example, the disclosure of confidential contract terms and communications regarding those terms

1  would adversely impact Apple's bargaining position in future dealings with current and potential
2  business partners.  *See* Amiri Decl., Ex. 1, ¶ 4.  The Court previously sealed similar information
3  in relation to Apple's dispositive motions and Opposition to Class Certification.  *See* ECF Nos.
4  340, 524 and 526.

5  Customer inquiries and Apple's responses are kept highly confidential and have been
6  disclosed to Plaintiffs pursuant to the Protective Order.  Among other things, the inquiries reflect
7  personal information of the customers and confidential, proprietary information regarding how
8  Apple tracks and responds to such inquiries.  This information is non-public information that
9  should remain confidential.  Harm would result from the public disclosure of this highly
10 confidential information.  *See* Amiri Decl. Ex. 2, ¶ 7.  The Court previously sealed similar
11 information in relation to Apple's Renewed Motion for Summary Judgment (ECF No. 524) and
12 Opposition to Class Certification (ECF No. 526).

13 Information regarding Apple's pricing strategy and practices is highly confidential and
14 commercially sensitive business information.  This information is non-public information that
15 should remain confidential.  The information as produced to Plaintiffs pursuant to the Protective
16 Order.  Harm to Apple would result from the public disclosure of the redacted information
17 contained in these documents.  The public disclosure of information regarding Apple's pricing
18 strategy and practices would put Apple at a business disadvantage.  *See* Amiri Decl., Ex. 3 ¶¶ 2-3.

19 Information regarding Apple's sales of iPods to iPod resellers is also highly confidential
20 and commercially sensitive business information.  This information is non-public information that
21 should remain confidential.  *See Id.*, Ex. 4, ¶¶ 2-3.  The information was produced to Plaintiffs
22 pursuant to the Protective Order.  Harm to Apple would result from the public disclosure of the
23 redacted information contained in these documents.  The public disclosure of information
24 regarding Apple's sales of iPods to iPod resellers would put Apple at a business disadvantage.
25 Similar information has previously been sealed in this case in relation to Apple's previous
26 oppositions to class certification.  *See* ECF No. 184, 526.

27 Information regarding Apple business decisions and strategy is highly confidential and
28 should not be publicly disclosed.  *See* Amiri Decl., Ex. 5, ¶ 9.  The information as produced to

1  Plaintiffs pursuant to the Protective Order.  The information produced to Plaintiffs is non-public
2  information that should remain confidential.  Harm to Apple would result from the public
3  disclosure of the redacted information contained in these documents.  The public disclosure of
4  information regarding Apple's business strategies would put Apple at a significant business
5  disadvantage.  Similar information was previously been sealed in this case.  *See* ECF No. 422,
6  526.

**IV.   CONCLUSION**

Apple respectfully requests that this Court grant its Administrative Motion to Seal portions of Apple's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll, and the supporting exhibits attached to the declaration of Amir Amiri filed in support thereof.

Dated: December 20, 2013                    Jones Day


                                            By: /s/ David C. Kiernan
                                                David C. Kiernan

                                            Attorneys for Defendant
                                            APPLE INC.

SFI-845757