Robert A. Mittelstaedt (State Bar No. 060359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION** | Lead Case No. C-05-0037-YGR<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

## I. INTRODUCTION

Pursuant to Local Rule 79-5, Apple Inc. files this statement and the Declaration of Amir Amiri in support of Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' *Daubert* Motion to Exclude Certain Opinion Testimony of Kevin M. Murphy and Robert H. Topel and Exhibits 1-10 to the Sweeney Declaration in support thereof (ECF No. 737, "Administrative Motion"). Specifically, Apple requests the Court grant Plaintiffs leave to file under seal the portions of Plaintiffs' motion and the exhibits filed in support thereof that refer to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (ECF No. 112). Apple files this statement and the accompanying Amiri Declaration in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are compelling reasons and good cause to protect the confidentiality of documents relating to Apple's pricing data and business strategy. The proposed sealing order is based on the Protective Order in this action and proof that particularized injury to Apple will result if the sensitive information is publically released.

The Court previously sealed similar documents in connection with Plaintiffs' Motion Regarding Schedule for Class Certification (ECF No. 491), Plaintiffs' Renewed Motion for Class Certification (ECF No. 525) and Apple's Opposition to Plaintiffs' Renewed Motion for Class Certification (ECF No. 526). The Amiri Declaration attaches as exhibits declarations from Apple employees that the Court previously relied on in determining the sealability of Apple documents in those orders.[1]

## II. STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development,

---

[1] The nature of the material at issue in the previously filed declarations is indistinguishable from the types of documents and data at issue in the Plaintiffs' present motion and Apple's pending Administrative Motion to File Under Seal Portions of its Motion for Summary Judgment and to Exclude the Expert Testimony of Roger G. Noll (ECF No. 740) and exhibits filed in support thereof.

1  or commercial information." Fed. R. Civ. P. 26(c)(1)(G).  Where the documents are submitted in
2  connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed
3  when "compelling reasons" exist for protecting information from public disclosure.  *Kamakana v.*
4  *City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).  For documents submitted
5  with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure
6  26(c) is sufficient.  *Id*. at 1179-80.

### III.  APPLE'S CONFIDENTIAL INFORMATION MEETS BOTH THE "GOOD CAUSE" AND "COMPELLING REASONS" STANDARDS FOR SEALING DOCUMENTS

As described in the exhibits accompanying the Amiri Declaration, the sealed portions of Plaintiffs' motion and exhibits thereto contain confidential and commercially sensitive information relating to Apple's pricing policies and business strategies.  Apple keeps the sealed information confidential and the public disclosure of this information would cause Apple harm by giving third-parties (including individuals responsible for competitive decision-making) insights into the confidential and sensitive aspects of Apple's strategies, competitive positions, and pricing policies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Apple.

For example, information regarding iPod sales and pricing, including reseller pricing programs (including any alleged price overcharges therein) is highly confidential and commercially sensitive business information.  *See* Amiri Decl., Ex. 1 at ¶ 2.  The information was produced to Plaintiffs pursuant to the Protective Order.  *Id.* at ¶ 3.  This information is non-public information that should remain confidential.  *Id*.  The public disclosure of this information would put Apple at a business disadvantage.  *Id*.  Similar information has previously been sealed in this case.  *See* ECF Nos. 491, 526.

Additionally, information regarding Apple business decisions or strategy, including iPod pricing decisions and sales strategies at Apple (including any alleged price overcharges for iPods), is highly confidential and commercially sensitive business information.  *See* Amiri Decl., Ex. 2 at ¶ 2.  The information was produced to plaintiffs pursuant to the Protective Order.  *Id.* at ¶

3. This information is non-public information that should remain confidential. *Id*. The public disclosure of information regarding Apple's business and pricing strategies would put Apple at a business disadvantage. *Id*. Similar information has previously been sealed in this case. *See* ECF Nos. 525, 526.

Such sensitive pricing and business strategy information should be sealed to protect Apple's competitive advantage in the marketplace. *See Stout v. Hartford Life & Accident Ins. Co. et al.*, No. CV 11-6186, 2012 U.S. Dist. LEXIS 172088, at *6-7 (N.D. Cal. Dec. 4, 2012) (granting motion to seal documents containing confidential and proprietary pricing information that could be used by competitors to their advantage); *In re Elec. Arts, Inc. v. U.S. Dist. Court for the Northern Dist. of California*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (district court erred in denying motion to seal portions of contract that contained pricing terms disclosure of which posed harm to petitioner's competitive standing); *Caplan v. CNA Fin. Corp.*, No. 2008 U.S. Dist. LEXIS 119680, at *6-7 (N.D. Cal. Feb. 12, 2008) (granting motion to seal service contract containing pricing information the "disclosure of [which could] permit a competitor to determine the rates charged by [defendant] for services").

## IV.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' *Daubert* Motion to Exclude Certain Opinion Testimony of Kevin M. Murphy and Robert H. Topel and Exhibits 1-10 to the Sweeney Declaration in support thereof.

Dated: December 24, 2013                        Respectfully submitted,

                                                Jones Day


                                                By:   /s/ David. C. Kiernan
                                                      David C. Kiernan

                                                Counsel for Defendant
                                                APPLE INC.

SFI-847698v1