UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-YGR |
| | CLASS ACTION |
| This Document Relates To: ) ) ALL ACTIONS. ) ) | [PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO STRIKE THE SUPPLEMENTAL EXPERT REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 |

905807_1

1   On January 13, 2014, Plaintiffs moved for an Order striking the Supplemental Report of
2 Kevin M. Murphy and Robert H. Topel, dated December 20, 2013, for the reasons detailed below,
3 the Court hereby orders the supplemental report be stricken and will not consider the supplemental
4 report.

## I.   BACKGROUND

On December 20, 2013, Apple submitted a new, unauthorized supplemental expert report in support of its motion for summary judgment. On June 5, 2013 and November 1, 2013, the Court ordered the parties to complete expert disclosures by July 19, 2013, and the parties to file any motions for summary judgment by December 20, 2013. Dkt. Nos. 730, 735. Apple has flouted these Orders by submitting another expert report by its two economic experts, complete with several new regressions and other analyses. The Court finds Plaintiffs will be unfairly prejudiced if this motion to strike is not granted. Therefore, matters raised in the new, supplemental report will not be considered by the Court in deciding summary judgment.

### A.   The Noll Rebuttal Report Is a Proper Rebuttal

Apple claims that the supplemental report of Professors Murphy and Topel is necessary to address new material in the Rebuttal Declaration of Roger G. Noll on Liability and Damages ("Noll Rebuttal"). But the Court finds Professor Noll's Rebuttal is a proper rebuttal and Apple is not entitled to file another report. Under Rule 26 of the Federal Rules of Civil Procedure, rebuttal evidence is "evidence [that] is intended solely to contradict or rebut evidence on the same subject matter identified by another party." Thus, a "rebuttal expert may cite new evidence and data so long as the new evidence and data is offered to directly contradict or rebut the opposing party's expert." *Glass Dimensions, Inc. v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013); *see also Park W. Radiology v. CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (permitting rebuttal report where "new methodologies used by [expert] in this second report were for the purpose of rebutting or critiquing the opinions of Defendants' expert witness").

### B. Professors Murphy and Topel's Supplemental Report Will Be Excluded Under Fed. R. Civ. P. 37(c)(1)

The Ninth Circuit has identified five factors that should be considered in deciding whether to impose Federal Rule of Civil Procedure 37(c)(1)'s exclusion-of-evidence sanction. *Wendt v. Host Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Courts in this Circuit have used these same factors in considering whether to strike an untimely expert report. *AZ Holding, L.L.C. v. Frederick*, No. CV-08-0276-PHX-LOA, 2009 U.S. Dist. LEXIS 74515 (D. Ariz. Aug. 10, 2009). Those factors instruct the court to consider the following: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [other parties]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.'" *Id.* at *15. A finding of willfulness or bad faith is not required in order to impose the exclusion of evidence sanction. *CCR/AG Showcase Phase I Owner, L.L.C. v. UA Theatre Circuit, Inc.*, No. 2:08-cv-00984-RCJ-GWF, 2010 U.S. Dist. LEXIS 56137 (D. Nev. May 13, 2010).

Here, each of the *Wendt* factors supports exclusion. This litigation is nearing its ninth year. It should be resolved. Furthermore, Apple has ignored this Court's scheduling Orders, hindering the Court's ability to manage its docket. In addition, Plaintiffs will be severely prejudiced if the new material in Professors Murphy and Topel's report is considered. It is unfair and inappropriate for Apple to have the last word on expert submissions, when Plaintiffs bear the burden of proof. This is particularly so given the timing in this case, in which Apple has submitted a new expert report containing specific calculations and economic models that Plaintiffs and their experts have had only a few weeks to test, over the winter holidays. This factor weighs heavily in favor of exclusion. Likewise, the fifth factor supports Plaintiffs because there are no less drastic sanctions which would fairly maintain the Court's current scheduling Order. All of the *Wendt* factors favor exclusion of Apple's supplemental expert report. *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 642 (D. Haw. 2008) (striking untimely report where majority of the *Wendt* factors favor exclusion, including delay and prejudice); *see also Storage Tech. Corp. v. Cisco Sys.*, No. C 00-1176 SI, 2001 U.S. Dist. LEXIS 25876, at *10-*11 (N.D. Cal. Nov. 27, 2001) (striking submission of untimely expert report where opposing party claimed the late submission prevented it from being able to

905807_1

[PROPOSED] ORDER GRANTING PLTFS' MTS THE SUPPLEMENTAL REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR   - 2 -

1  properly respond to it); *see also O'Connor v. Boeing N. Am., Inc.*, No. CV 97-1554 DT (RCx), 2005
2  U.S. Dist. LEXIS 46233, at *34-*35 (C.D. Cal. Sept. 12, 2005) ("To permit these reports into
3  evidence would improperly widen the trial issues at the eleventh hour, and would unduly prejudice
4  [the party] in preparing for trial. Moreover, the new opinions appear based on information that was
5  available to these experts at the time of their initial Rule 26 disclosures.").

6      Because consideration of the untimely new report would prejudice Plaintiffs and provide
7  Apple an unfair and improper litigation advantage, Plaintiffs' motion to strike is granted.

8      IT IS SO ORDERED.

9  DATED: _____    _____
                                           THE HON. YVONNE GONZALES ROGERS
10                                         UNITED STATES DISTRICT JUDGE

905807_1

[PROPOSED] ORDER GRANTING PLTFS' MTS THE SUPPLEMENTAL REPORT OF KEVIN M.
MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR   - 3 -