# Exhibit 2

**Page 194**

```
 1              UNITED STATES DISTRICT COURT
 2              NORTHERN DISTRICT OF CALIFORNIA
 3                      OAKLAND DIVISION
 4
    THE APPLE iPOD iTUNES      )   Lead Case No. C 05-00037
 5  ANTI-TRUST LITIGATION      )
 6                             )
 7  _____)
 8  This Document Relates To:  )
 9  ALL ACTIONS                )
10                             )
11  _____)
12
13
14          CONFIDENTIAL - ATTORNEYS' EYES ONLY
15      VIDEOTAPED DEPOSITION OF ROBERT H. TOPEL, Ph.D.
16                        VOLUME II
17                    January 08, 2014
18                    Phoenix, Arizona
19
20
21
22  Reported By:
23  Cathy A. Miccolis
24  RPR, CRR, CSR No. 50068
25  Job No. 10009199
```

**Page 195**

```
 1                    A P P E A R A N C E S
 2
 3  For the Plaintiffs:    Bonny Sweeney, Esq.
                           ROBBINS GELLER RUDMAN & DOWD, LLP
 4                         655 West Broadway
                           Suite 1900
 5                         San Diego, CA  92101
                           619.231.1058
 6                         bonnys@rgrdlaw.com
 7
 8
 9
    For the Defendant Apple, Inc.:
10                         David C. Kiernan, Esq.
                           JONES DAY
11                         555 California Street
                           26th Floor
12                         San Francisco, CA  94104
                           415.626.3939
13                         dkiernan@jonesday.com
14
15
16  Also Present:          Thomas C. Tracy, videographer
17
18
19
20
21
22
23
24
25
```

**Page 196**

```
 1                       I N D E X
 2  Witness                                         Page
 3     ROBERT TOPEL, Ph.D.
 4
            EXAMINATION BY MS. SWEENEY              198
 5
 6
 7
 8                      E X H I B I T S
 9  Exhibit    Description                          Page
10            (No newly marked exhibits.)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

**Page 197**

```
 1         THE VIDEOTAPED DEPOSITION OF ROBERT TOPEL,
 2  Ph.D., VOLUME II, was continued on January 8, 2014,
 3  commencing at 12:56 p.m. at the offices of BONNETT,
 4  FAIRBOURN, FRIEDMAN & BALINT, P.C., 2325 East Camelback
 5  Road, Suite 300, Phoenix, Arizona, before CATHY MICCOLIS,
 6  a Certified Reporter in the State of Arizona.
 7
 8            THE VIDEOGRAPHER:  We are now on the record.
 9  The time is approximately 12:56 p.m.  Today's date is
10  January 8, 2014.  My name is Tom Tracy of Aptus Court
11  Reporting.  The court reporter is Cathy Miccolis of Aptus
12  Court Reporting, located at 600 West Broadway, Suite 300,
13  San Diego, California 92101.
14            This begins the videotaped deposition of Robert
15  Topel, Volume II, testifying in the matter of the Apple
16  iPod iTunes Antitrust Litigation pending in the District
17  Court of California, Division of Oakland, Case Number C
18  05-00037 YGR, taken at 2325 East Camelback, Suite 300,
19  Phoenix, Arizona 85016.
20            Counsel, will you please identify yourself and
21  whom you represent for the record at this time, starting
22  with the plaintiffs' counsel.
23            MS. SWEENEY:  Bonny Sweeney for the plaintiffs.
24            MR. KIERNAN:  David Kiernan for Apple.
25            THE VIDEOGRAPHER:  Thank you, Counsel.  The
```

**Page 238**

1    Q.    Yeah.

[redacted]

4    Q.    Okay. Another question, I asked you if you'd
5    looked at the percentages of iPod buyers who were
6    first-time versus repeat buyers during other periods, and
7    you mentioned your recollection. Did you look at all at
8    the percentages in the period more than five months after
9    September 2005?
10           THE WITNESS: Could you read back the question?
11           (Record read.)
12           THE WITNESS: Yes.
13   BY MS. SWEENEY:
14   Q.    And what did you find?
15   A.    I found that more than five months after that I
16   found that 14 percent number.
17           MR. KIERNAN: Can you take maybe a short break?
18   This thing is forcing a shutdown.
19           MS. SWEENEY: Let's take a break. I wouldn't
20   mind a break anyway.
21           THE VIDEOGRAPHER: We are going off the record.
22   The time is approximately 2:07 p.m.
23           (Recess taken at 2:07 p.m.; resumed at
24   2:16 p.m.)
25           THE VIDEOGRAPHER: We are going back on the

**Page 239**

1    record. The time is approximately 2:16 p.m.
2    BY MS. SWEENEY:
3    Q.    You said that you read Professor Wooldridge's
4    declaration?
5    A.    Yes.
6    Q.    And were you familiar with his work before
7    reading the declaration?
8    A.    I had probably read something that he had done
9    before the declaration, yeah.
10   Q.    And do you consider yourself an expert in
11   cluster samples?
12           MR. KIERNAN: Object to form.
13           THE WITNESS: Yes, as an applied econometrician
14   I do.
15   BY MS. SWEENEY:
16   Q.    Have you published any articles or books about
17   cluster samples?
18   A.    No. It's mainly in my teaching and using it in
19   my research and using it in my empirical analysis.
20   Q.    And have you in your own work used a cluster
21   adjustment in the case where you have a whole population
22   instead of a sample?
23   A.    Yes.
24   Q.    And are those just the instances that you
25   described in your last deposition?

**Page 240**

1    A.    Two months. No.
2    Q.    Maybe I didn't -- I don't think my question was
3    clear. I think you testified about those instances in
4    your last deposition, and I'm just asking whether you did
5    anything in addition to the ones that you've already
6    described.
7    A.    Well, I don't recall what I described in my
8    last deposition, but it's certainly possible that in
9    another matter I clustered on a characteristic.
10   Q.    Okay. What would that be?
11   A.    Well, I have to be careful. I think this is
12   filed under seal, so I can't describe all the details of
13   the case, but it involved earnings and whether certain
14   things had statistically significant impacts in an
15   earnings regression, and oddly enough, the other side
16   thought that I had not taken into account the correlation
17   in the residuals for people from -- for group people, and
18   so they had a statistician say that I should, and in fact
19   I had. So they thought I had made the mistake that
20   Professor Noll made and I hadn't.
21   Q.    And that you said was an entire population of
22   data?
23   A.    Yes.
24   Q.    But I know you can't tell me details about the
25   case, but it involved wages?

**Page 241**

1    A.    Compensation, yeah.
2    Q.    Compensation. So is it fair to say that you
3    disagree with Professor Wooldridge that clustering is not
4    appropriate either in the case of a randomly drawn sample
5    or a total population?
6            MR. KIERNAN: Object to form.
7            THE WITNESS: That's fair to say, yes.
8    BY MS. SWEENEY:
9    Q.    And can you identify for me the bases for that
10   statement, for your opinion?
11   A.    Well, sure. For one thing when Professor
12   Wooldridge had a population in at least two instances
13   where he had a population, he clustered his -- he
14   clustered. He based his opinion that -- on the fact that
15   common factors would be affecting people in different
16   groups in a similar way, and so he clustered on those
17   groups, and so now he is -- that stuff is in his written
18   teaching and in his research, and now he has turned 180
19   degrees in saying he wouldn't do that because he is
20   testifying in this case. I just think it's very odd and
21   totally inconsistent.
22   Q.    I'm going to move to strike as nonresponsive.
23           MR. KIERNAN: Oppose the motion.
24   BY MS. SWEENEY:
25   Q.    Is it your view that one must cluster in every

Page 262

```
 1          DECLARATION UNDER PENALTY OF PERJURY
 2   Case Name:  The Apple iPod iTunes Anti-Trust Litigation
 3   Date of Deposition: 1/8/2014
 4   Job No:  10009199
 5
 6        I, ROBERT TOPEL, Ph.D., the witness herein,
 7   declare under penalty of perjury that I have read the
 8   foregoing in its entirety; and that the testimony
 9   contained therein, as corrected by me, is a true and
10   accurate transcription of my testimony elicited at said
11   time and place.
12        Executed this ____ day of _____,
13   2014, at _____.
14
15   _____              _____
     ROBERT TOPEL, Ph.D.               Date
16
17
18
19
20
21
22
23
24
25
```

Page 263

```
 1              DEPOSITION ERRATA SHEET
 2   Page No. ____ Line No. ____
 3   Change: _____
 4   Reason for change: _____
 5   Page No. ____ Line No. ____
 6   Change: _____
 7   Reason for change: _____
 8   Page No. ____ Line No. ____
 9   Change: _____
10   Reason for change: _____
11   Page No. ____ Line No. ____
12   Change: _____
13   Reason for change: _____
14   Page No. ____ Line No. ____
15   Change: _____
16   Reason for change: _____
17   Page No. ____ Line No. ____
18   Change: _____
19   Reason for change: _____
20   Page No. ____ Line No. ____
21   Change: _____
22   Reason for change: _____
23
24   _____       _____
     ROBERT TOPEL, Ph.D.                 Dated
25
```

Page 264

```
 1   STATE OF ARIZONA     )
                          ) ss.
 2   COUNTY OF MARICOPA   )
 3        BE IT KNOWN that the foregoing deposition was
 4   taken before me, Cathy A. Miccolis, RPR, a Certified
 5   Reporter, Certificate #50068, for the State of Arizona,
 6   and by virtue thereof authorized to administer an oath;
 7   that the witness before testifying was duly sworn by me to
 8   testify to the whole truth; that the questions propounded
 9   to the witness and the answers of the witness thereto were
10   taken down by me in shorthand and thereafter reduced to
11   print by computer-aided transcription under my direction;
12   that pursuant to request, notification was provided that
13   the deposition is available for review and signature; that
14   the transcript consisting of pages 194 through 264 is a
15   full, true and accurate transcript of all proceedings and
16   testimony had and adduced upon the taking of said
17   deposition, all done to the best of my skill and ability.
18        I FURTHER CERTIFY that I am in no way related to
19   nor employed by any of the parties hereto nor am I in any
20   way interested in the outcome hereof.
21        DATED at Phoenix, Arizona, January 9, 2014.
22
23                    [signature: Cathy Miccolis]
                      Cathy A. Miccolis, RPR, CRR
24                    Certified Reporter #50068
25
```