Robert A. Mittelstaedt  (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart  (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037-YGR<br>[CLASS ACTION]<br><br>APPLE'S ADMINISTRATIVE MOTION TO SEAL ITS OPPOSITION TO PLAINTIFFS' DAUBERT MOTION |

I.  **INTRODUCTION**

Pursuant to Local Rules 7-11(a) and 79-5(b) and (c), Defendant Apple Inc. ("Apple") requests that the Court permit Apple to file under seal the portions of its Memorandum of Points and Authorities ("opposition brief") filed in opposition to Plaintiffs' *Daubert* Motion to Exclude Certain Opinion Testimony of Kevin M. Murphy and Robert H. Topel (ECF No. 737) that refer to information that Apple designated "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (ECF No. 112).  In addition, Apple seeks permission to file under seal certain exhibits attached to the Declaration of David C. Kiernan filed in support of Apple's opposition brief

1  ("Kiernan Declaration"), all of which contain information that Apple designated "Confidential—
2  Attorneys Eyes Only" under the Protective Order.
3      The Court previously sealed similar documents in connection with Plaintiffs' Motion
4  Regarding Schedule for Class Certification (ECF No. 491), Plaintiffs' Renewed Motion for Class
5  Certification (ECF No. 525) and Apple's Opposition to Plaintiffs' Renewed Motion for Class
6  Certification (ECF No. 526). The Kiernan Declaration attaches as exhibits declarations from
7  Apple employees that the Court previously relied on in determining the sealability of Apple
8  documents in those orders.[1]

9  **II.    STANDARD**
10     Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit
11  sealing of court documents to protect "a trade secret or other confidential research, development,
12  or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Where the documents are submitted in
13  connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed
14  when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v.*
15  *City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). For documents submitted
16  with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure
17  26(c) is sufficient. *Id.* at 1179-80.

18  **III.   APPLE'S CONFIDENTIAL INFORMATION MEETS BOTH THE "GOOD
         CAUSE" AND "COMPELLING REASONS" STANDARDS FOR SEALING
19       DOCUMENTS**
20     Pursuant to the Protective Order, Apple has designated as "Confidential-Attorneys Eyes
21  Only" the expert deposition transcripts attached as Exhibits 1, 2, 6, 9, and 11 to the Kiernan
22  Declaration. Apple seeks a narrow order sealing those portions of the deposition transcript
23  referring or relating to Apple's pricing of iPods, Apple's reseller and direct sales policies, and the
24  particulars of Apple's transaction data. Additionally, Apple produced presentations made to and

---

[1] The pricing and customer information at issue in the previously filed declarations is indistinguishable from the types of documents and data Apple is supplying in its opposition brief and exhibits filed in support thereof. Further, these declarations were also filed in support of the Apple's currently pending Administrative Motion to file portions of its Motion for Summary Judgment under seal (ECF No. 740) and its responses to Plaintiffs' administrative motion to file portions of their *Daubert* motion under seal (ECF Nos. 745 and 747).

1  considered by its Price Committee under the "Confidential-Attorneys Eyes Only" designation
2  during the course of discovery. Exhibit 10 to the Kiernan Declaration is a copy of one of these
3  presentations and illustrates the factors Apple takes into account when setting its prices. These
4  confidential materials are each referred to and/or quoted in Apple's opposition brief. Compelling
5  reasons and good cause justify filing the documents under seal as well as sealing those portions of
6  Apple's opposition brief that refer to them, because disclosure of such information would cause
7  Apple harm by giving third-parties (including individuals responsible for competitive decision-
8  making) insights into the confidential and sensitive aspects of Apple's strategies, competitive
9  positions, and pricing policies, allowing these third-parties to potentially gain an unfair advantage
10 in dealings with and against Apple.

11     The documents contain highly confidential and commercially sensitive business
12 information, including confidential details of Apple's pricing strategy and information considered
13 by Apple's Price Committee when setting prices. This information is non-public information that
14 should remain confidential. The information was produced to Plaintiffs pursuant to the Protective
15 Order. Certain portions of the expert deposition testimony attached as Exhibits 1, 2, 6, 9 and 11
16 to the Kiernan Declaration are based in part on information relating to Apple's confidential and
17 proprietary pricing policies produced during the course of discovery. Further, the Price
18 Committee document attached as Exhibits 10 to the Kiernan Declaration contains sensitive
19 information that outlines Apple's decision-making process as it relates to pricing its products.
20 Harm to Apple would result from the public disclosure of the redacted information contained in
21 these documents. The public disclosure of information regarding Apple's pricing strategy and
22 practices would put Apple at a business disadvantage. *See* Decl. of David C. Kiernan, Ex. 1
23 (Declaration of Mark Buckley, ECF No. 492, originally filed January 25, 2011) at ¶¶ 2-3.

24     Data relating to Apple's transactions with iPod resellers is also highly confidential and
25 commercially sensitive business information. This information is non-public information that
26 should remain confidential. *See Id.*, Ex. 2 (Declaration of Mark Buckley, ECF No. 454,
27 originally filed January 14, 2011) at ¶¶ 2-3. The information was produced to Plaintiffs pursuant
28 to the Protective Order. Certain portions of the expert deposition testimony attached as Exhibits

Administrative Motion to Seal Opp. to Daubert
C 05-00037 YGR
- 3 -

1, 2, 6, 9 and 11 to the Kiernan Declaration are based in part on the data obtained from these confidential transaction documents. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's sales of iPods to iPod resellers would put Apple at a business disadvantage. Similar information has previously been sealed in this case in relation to Apple's previous oppositions to class certification. *See* ECF No. 184, 526.

Such sensitive pricing and business strategy information should be sealed to protect Apple's competitive advantage in the marketplace. *See Stout v. Hartford Life & Accident Ins. Co. et al.*, No. CV 11-6186, 2012 U.S. Dist. LEXIS 172088, at *6-7 (N.D. Cal. Dec. 4, 2012) (granting motion to seal documents containing confidential and proprietary pricing information that could be used by competitors to their advantage); *In re Elec. Arts, Inc. v. U.S. Dist. Court for the Northern Dist. of California*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (district court erred in denying motion to seal portions of contract that contained pricing terms disclosure of which posed harm to petitioner's competitive standing); *Caplan v. CNA Fin. Corp.*, No. 2008 U.S. Dist. LEXIS 119680, at *6-7 (N.D. Cal. Feb. 12, 2008) (granting motion to seal service contract containing pricing information the "disclosure of [which could] permit a competitor to determine the rates charged by [defendant] for services").

**IV.   CONCLUSION**

Apple respectfully requests that this Court grant its Administrative Motion to Seal portions of Apple's Opposition to Plaintiffs' *Daubert* Motion and portions of the deposition testimony attached as Exhibits 1, 2, 6, 9 and 11 and file under seal the Price Committee Document attached as Exhibits 10 to the Kiernan Declaration filed in support of Apple's opposition.

Dated: January 13, 2014                         Jones Day


                                                By: /s/ David C. Kiernan
                                                    David C. Kiernan

                                                Attorneys for Defendant
                                                APPLE INC.