Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
David C. Kiernan (State Bar No. 129530)
dkiernan@JonesDay.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     +1.415.626.3939
Facsimile:      +1.415.875.5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Case No. 4:05-cv-00037 YGR<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS'** *DAUBERT* **MOTION TO EXCLUDE CERTAIN OPINION TESTIMONY OF KEVIN M. MURPHY AND ROBERT H. TOPEL** |

1    Presently before the court is Plaintiffs' *Daubert* Motion to Exclude Certain Opinion
2    Testimony of Kevin M. Murphy and Robert H. Topel.  Having reviewed the papers on file and
3    considered the relevant arguments, this Court hereby DENIES the motion.

4    Plaintiffs ask the Court to exclude one portion of Apple's expert reports—the portion
5    dealing with statistical significance.  Plaintiffs' motion is based largely on the declaration of their
6    previously undisclosed expert Dr. Jeffrey M. Wooldridge.  His declaration, however, directly
7    contradicts the graduate-level textbook he has authored, leading to his admission that if his new
8    opinion on "clustering" were correct, he would need to revise the textbook that he has been using
9    for years.  Additionally, Dr. Wooldridge has pointed to no peer-reviewed sources corroborating
10   the opinions and theories advanced in his declaration.  Such opinion testimony is invalid under
11   the Supreme Court's precedent and the Federal Rules of Evidence.  *See Wagner v. County of*
12   *Maricopa*, 673 F.3d 977, 982 (9th Cir. 2012) (an expert's analysis should be "supported by the
13   typical Daubert factors – testing, peer review and general acceptance"); *Daubert v. Merrell Dow*
14   *Pharm., Inc.*, 43 F.3d 1311, 1318 (9th Cir. 1995) (*Daubert II*) (requiring expert to "point to some
15   objective source" to show conclusions are scientifically valid); *Cabrera v. Cordis Corp.*, 134 F.3d
16   1418, 1423 (9th Cir. 1998) (explaining expert opinion unreliable where expert could not "identify
17   any peer-reviewed research justifying his conclusions").

18   Indeed, Dr. Wooldridge appears to have inappropriately manufactured his opinions
19   specifically for purposes of litigation.  *See Cabrera*, 134 F.3d at 1423 (expert opinion unreliable
20   where developed "expressly for the purpose of testifying"); *see also Johnson v. Manitowoc Boom*
21   *Trucks, Inc.*, 484 F.3d 426, 434-35 (6th Cir. 2007) (opinions "conceived, executed, and invented
22   solely in the context of th[e] litigation" are per se inadmissible).

23   Moreover, Plaintiffs never disclosed Dr. Wooldridge testimony during the course of
24   discovery, despite the fact that the parties have litigated the topics on which he has opined for
25   over two years.  This alone is grounds to exclude Dr. Wooldridge's opinions.  *See Reed v. Smith*
26   *& Nephew, Inc.*, 527 F. Supp. 2d 1336, 1348 (W.D. Okla. 2007) (striking declaration of
27   undisclosed expert submitted in support of *Daubert* motion); *see also Moore v. Napolitano*, 926
28   F. Supp. 2d 8, 25 n.12 (D.D.C. 2013); *Jeffries v. Centre Life Ins. Co.*, No. 1:02-cv-351, 2004 WL

5506494 at *1 (S.D. Ohio Jan. 28, 2004).

Further, the Court finds ample evidence in the record that supports the conclusions of Apple's experts regarding the correlation of standard errors in the regressions submitted by Plaintiffs' disclosed expert, Roger G. Noll.  In light of Drs. Murphy and Topel's qualifications on the issue and the volume of evidence supporting their conclusions in the academic literature, the Court finds their opinions admissible under *Daubert* and Fed. R. Evid. 702.

**IT IS SO ORDERED.**

Dated: _____, 2014

_____
Hon. Yvonne Gonzalez Rogers

SFI-848877v1