Robert A. Mittelstaedt (State Bar No. 060359)
ramittelstaedt@jonesday.com
Craig E. Stewart (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION** | Lead Case No. C-05-0037-YGR<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (ECF NO. 750)** |

## I. INTRODUCTION

Pursuant to Local Rule 79-5, Apple Inc. files this statement and the Declaration of Amir Amiri in support of Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Motion to Strike the Supplemental Report of Kevin M. Murphy and Robert H. Topel, Dated December 20, 2013 (ECF No. 750, "Administrative Motion"). Specifically, Apple requests the Court grant Plaintiffs leave to file under seal the portions of Plaintiffs' motion that refer to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Stipulation and Protective Order Regarding Confidential Information ("Protective Order") entered June 13, 2007 (ECF No. 112). Apple files this statement and the accompanying Amiri Declaration in support of a narrowly tailored order authorizing sealing those documents, on the grounds that there are compelling reasons and good cause to protect the confidentiality of documents relating to Apple's pricing data and business strategy. The proposed sealing order is based on the Protective Order in this action and proof that particularized injury to Apple will result if the sensitive information is publically released.

The Court previously sealed similar documents in connection with Apple's Motion to Dismiss or, Alternatively, for Summary Judgment and Apple's Renewed Motion for Summary Judgment. ECF Nos. 340, 527. For the convenience of the Court, the Amiri Declaration attaches as an exhibit a declaration from an Apple employee that the Court previously relied on in determining the sealability of Apple documents in those orders.

## II. STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). For documents submitted with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80.

1  **III.  APPLE'S CONFIDENTIAL INFORMATION MEETS BOTH THE "GOOD
2         CAUSE" AND "COMPELLING REASONS" STANDARDS FOR SEALING
3         DOCUMENTS**

4   As described in the exhibit accompanying the Amiri Declaration, portions of Plaintiffs'
5 motion contain confidential information relating to Apple Fair Play Digital Rights Management
6 (DRM) technology and updates to that technology.  FairPlay's technology is a highly protected
7 trade secret, and Apple uses physical and electronic controls to protect it.  The efficacy of
8 FairPlay is dependent on the confidentiality of information regarding its operation and
9 maintenance.  Only a few Apple employees have access to and work on FairPlay technology, and
10 they work in a restricted are at Apple's headquarters.  Information regarding FairPlay, including
11 information regarding updates to FairPlay and descriptions of how FairPlay operates, is kept
12 highly confidential and was produced to plaintiffs pursuant to the Protective Order and
13 Supplemental Protective Order in this case.  This information is non-public information that
14 should remain confidential.  Harm to Apple, including potential use of the information by hackers
15 attempting to circumvent FairPlay, would result from the public disclosure of the information.
16 *See* Amiri Decl., Ex. 1.  This information has been sealed previously.  ECF Nos. 340, 527.

17 **IV.  CONCLUSION**

18   For the foregoing reasons, Apple respectfully requests that this Court grant Plaintiffs'
19 Administrative Motion to File Under Seal Plaintiffs' Motion to Strike, consistent with the
20 proposed order filed herewith.

21 Dated: January 17, 2014              Respectfully submitted,

22                                     Jones Day

24                                     By:   /s/ Amir Q. Amiri
25                                           Amir Q. Amiri

26                                     Counsel for Defendant
                                       APPLE INC.