Robert A. Mittelstaedt  (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart  (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 YGR<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (ECF NO. 751)** |

**I.     INTRODUCTION**

Pursuant to Local Rule 79-5, Apple supports Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Memorandum in Opposition to Apple's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll ("Opposition"), Plaintiffs' Responsive Separate Statement in Support of their Opposition ("Separate Statement") and Exhibits 1-4, 9-17, 20-29, 31-46, 48-54, 56 and 58-62 to the Declaration of Bonny E. Sweeney ("Sweeney Declaration") in support thereof (ECF No. 751, "Administrative Motion").  Specifically, Apple supports sealing the portions set out below of the Opposition (ECF No. 751-3), Separate

1   Statement (ECF No. 751-21), and certain exhibits (or portions thereof) to the Sweeney

2   Declaration (ECF No. 751-20) that refer to information that Apple designated as "Confidential—

3   Attorneys Eyes Only" under the Protective Order (ECF No. 112) and Supplemental Protective

4   Order (ECF No. 395). Apple does not request sealing Exhibits 15, 21, 22 (excerpts), 28, 29, 41,

5   56, 58, 60 and 61 to the Sweeney Declaration. Apple has lodged with the Court redacted portions

6   of the Opposition, Separate Statement and exhibits.

7       Apple files this response and the accompanying declaration of Amir Q. Amiri in support

8   of a narrowly tailored order authorizing sealing those documents, on the grounds that there are

9   compelling reasons to protect the confidentiality of that information. The proposed sealing order

10  filed herewith is based on the Protective Order and Supplemental Protective Order and proof that

11  particularized harm to Apple will result if the sensitive information is publicly released. Similar

12  information has been previously sealed in this case. *See* Amiri Decl. ¶¶ 3-5. For the Court's

13  convenience, the Amiri declaration attaches declarations in support of previous motions to file

14  under seal, which establish the sealability of such information.

15  **II.  STANDARD**

16      Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit

17  sealing of court documents to protect "a trade secret or other confidential research, development,

18  or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions

19  are properly sealed where compelling reasons support the maintenance of the documents'

20  confidentiality, as where the documents include trade secrets or could be used to "gratify private

21  spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14,

22  2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir.

23  2006)).

24  **III.  THERE ARE COMPELLING REASONS TO SUPPORT FILING UNDER SEAL**

25      The Amiri declaration and the declarations attached thereto establish compelling reasons

26  why the redacted portions of documents designated by Apple should be filed under seal. They

27  establish that the redacted portions of Plaintiffs' Opposition, the Separate Statement, and the

28  redacted exhibits to the Sweeney Declaration, contain highly confidential and sensitive

1   information that must be kept confidential in order to avoid causing harm to Apple.  *See* Amiri
2   Decl., Exs. 1-4; *see also* ECF No. 518, ¶¶ 5-6.

3         Plaintiffs' Opposition, the Separate Statement and the exhibits to the Sweeney Declaration
4   contain highly confidential and commercially sensitive business information, including
5   confidential details of Apple's FairPlay digital rights management (DRM) technology and
6   updates to that technology; inquiries Apple received from customers that reflect personal
7   information of the customers and confidential, proprietary information regarding how Apple
8   responds to such inquiries; iPod and iTunes Store sales and market research; confidential and
9   sensitive contract terms and communications with record labels and other Apple business
10  partners; decisions by Apple employees regarding Apple's business strategy; and confidential
11  information regarding the medical condition of a non-party.  Apple disclosed this information
12  pursuant to the Protective Order and Supplemental Protective Order in this case and keeps this
13  information highly confidential and does not disclose it to the public.  *See* Amiri Decl. ¶ 2.  As
14  discussed below, this type of information has been previously sealed in this case.

15      **A.   Portions of Deposition Transcripts Not Cited By Plaintiffs Should Be**
16           **Removed From The Record or Maintained Under Seal.**

17        Plaintiffs have filed full transcripts of deposition testimony in support of their Opposition.
18  *See* Exhibits 9-11, 14, 22, 48, 50-53, 58, 60, and 62 totaling over 2,000 pages.  Plaintiffs'
19  Opposition, however, cites to only a handful of pages from most of these depositions.  Apple
20  requests that the pages Plaintiffs do not cite from Exhibits 9-11, 14, 22, 48, 50-53 and 62 be
21  removed from the record because Plaintiffs do not rely on them and in light of the short period of
22  time in which Apple has to review the transcripts to request sealing.  *See* LR 79-5.  Plaintiffs
23  should not be permitted to flood the record with paper ostensibly to give the appearance of a
24  dispute of fact; nor should it be permitted to impose the burden on the Court to root through 2,000
25  pages in the hope of figuring out why Plaintiffs included the transcripts.  In determining a motion
26  for summary judgment, "it is not a court's task 'to scour the record in search of a genuine issue of
27  triable fact.'"  *Bennett v. City of San Francisco*, Case No. 11-cv-6403 YGR, 2014 BL 8173, *4
28

Defendant's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05-00037 YGR

(N.D. Cal. Jan. 13, 2014) (quoting *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996)).[1] For the Court's convenience, Apple has lodged herewith the deposition pages Plaintiffs cite, along with redacted copies of those pages, showing the portions Apple requests to be kept under seal.

If the Court is not inclined to order removal of the pages not cited by Plaintiffs, Apple requests that the pages of Exhibits 9-11, 14, 22, 48, and 50-53 and 62, not cited by Plaintiffs be maintained under seal or alternatively that Apple be given the opportunity to review and designate portions for sealing.  These deposition transcripts contain highly confidential and sensitive information, including trade secrets like details of Apple's FairPlay DRM technology and updates to that technology and confidential information about iPod and iTunes Store sales, market research, personal information, proprietary business information, confidential business strategy.  Amiri Decl. ¶ 6.

Apple does not assert confidentiality as to the deposition transcripts of the named Plaintiffs, Exhibits 58 and 60.  Accordingly, if the Court is not inclined to order removal from the record, Apple does not request sealing those transcripts.

### B. There Are Compelling Reasons To Seal Documents Or The Redacted Portions Thereof That Apple Has Designated Confidential.

Exhibits 17, 24-27 and 49 to the Sweeney Declaration, and any portions of the Opposition and Separate Statement relying on information therein, contain confidential information regarding iPod and iTunes Store sales and/or market research. The redacted information regarding iPod and iTunes Store sales is highly confidential and commercially sensitive business information and was produced to plaintiffs pursuant to the Protective Order.  The public disclosure of this information would put Apple at a business disadvantage. *See* Amiri Decl. Ex. 1.  Further, portions of the expert reports filed as Exhibits 1-3 and 54 and the expert deposition transcripts filed as Exhibits 50-53 and 62 are based, in part, on the confidential sales and market data. Amiri Decl. ¶ 6. Similar information has been previously sealed in this case in relation to Apple's Motion for

---

[1] *See also See Traybron v. San Francisco*, 341 F.3d 957, 960 (9th Cir. 2003) (declining to consider record evidence party did not cite in opposition to summary judgment); *Spencer v. Peters*, Case No. C 11-5424 BHS, 2013 BL 156273 (same); Fed. R. Civ. P. 56(c)(1) (requiring citation to record); Fed. R. Civ. P. 56(c)(3) (requiring Court to consider only the cited materials).

1  Reconsideration of Rule 23(b)(2) Class, Plaintiffs' Motion to Compel and Plaintiffs' Opposition
2  to Apple's Renewed Motion for Summary Judgment. *See* Amiri Decl. ¶¶ 3-5, ECF Nos. 247,
3  336, 527.

4      iPod and iTunes Store market research conducted by Apple or on Apple's behalf,
5  including information regarding iPod or iTunes market share, which is likewise highly
6  confidential and commercially sensitive business information. Third-party research (e.g.,
7  research from NPD) is subject to confidentiality provisions in contracts between Apple and the
8  third-party market research providers. This information is non-public information that should
9  remain confidential. The information was produced to Plaintiffs pursuant to the Protective Order.
10 Harm to Apple would result from the public disclosure of such information. *See* Amiri Decl. Ex.
11 1. Similar information has been previously sealed in this case in relation to Apple's Opposition to
12 Class Certification, Plaintiffs' Motion to Compel and Plaintiffs' Opposition to Apple's Renewed
13 Motion for Summary Judgment. Amiri Decl. ¶¶ 3-5, ECF Nos. 184, 336, 527.

14     Exhibits 4, 11, 12, 14, 33, 37-38, 42-43 and 59 to the Sweeney Declaration, and any
15 portions of the Opposition or Separate Statement relying on such information, contain highly
16 confidential information regarding Apple's FairPlay technology. FairPlay's technology is a
17 highly protected trade secret, and Apple uses physical and electronic controls to protect it. The
18 efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and
19 maintenance. Only a few Apple employees have access to and work on FairPlay technology, and
20 they work in a restricted area at Apple's headquarters. Information regarding FairPlay, including
21 information regarding updates to FairPlay, is kept highly confidential and was produced to
22 plaintiffs pursuant to the Protective Order and Supplemental Protective Order. This information
23 is non-public information that should remain confidential. Harm to Apple, including potential use
24 of the information by hackers attempting to circumvent FairPlay, would result from the public
25 disclosure of the information. *See* Amiri Decl. Ex. 2. Similar information has been previously
26 sealed in this case in relation to Apple's Motion to Dismiss or, Alternatively, for Summary
27 Judgment and Plaintiffs' Opposition to Apple's Renewed Motion for Summary Judgment. Amiri
28 Decl. ¶¶ 3-6, ECF Nos. 340, 527.

Defendant's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05-00037 YGR

Exhibits 9 and 31-32 to the Sweeney Declaration, and any portions of the Opposition or Separate Statement relying on such information, contain confidential information regarding Apple's contracts with record labels. Apple's contracts with the record labels, which contain highly sensitive commercial information, are kept highly confidential in accord with the contracts' confidentiality provisions. Similarly, Apple's communications with the record labels regarding the distribution of music through the iTunes Store and details of FairPlay are kept highly confidential and were produced to plaintiffs pursuant to the Protective Order. This information is non-public information that should remain confidential. Harm to Apple would result from the public disclosure of this information. For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners. *See* ECF No. 518, ¶ 6; Amiri Decl., Exs. 1-3. Further, portions of the expert reports filed as Exhibits 1-3 and 54 and the expert deposition transcripts filed as Exhibits 50-53 and 62 are based, in part, on such confidential information relating to Apple's contracts with such third-parties. Amiri Decl. ¶ 6. Similar information has been previously sealed in this case in relation to Apple's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, Plaintiffs' Opposition to Apple's Motion to Dismiss and Plaintiffs' Opposition to Apple's Renewed Motion for Summary Judgment. Amiri Decl. ¶¶ 3-5, ECF Nos. 340, 353, 527.

Exhibits 9-10, 13, 16, 20, 23, 34, 36, 39-40, 44-46, 48 and the portions of the Opposition and Separate Statement relying on information contained therein, contain highly confidential information regarding Apple business decisions or strategy. Information regarding Apple business decisions or strategy, including discussions regarding potential public comments relating to RealNetworks' Harmony technology, licensing discussions, and other business decisions or strategies at Apple, is highly confidential and commercially sensitive business information. This information is non-public information that should remain confidential. The information was produced to Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's business strategies would put Apple at a business

disadvantage.  *See* Amiri Decl. Ex. 4.  Further, portions of the expert reports filed as Exhibits 1-3 and 54 and the expert deposition transcripts filed as Exhibits 50-53 and 62 are based, in part, on such confidential information regarding Apple business decisions or strategy.  Amiri Decl. ¶ 6.  Similar information has been previously sealed in this case in relation to Plaintiffs' Reply in Support of Their Motion to Modify Injunctive Relief Class, Plaintiffs' Opposition to Apple's Motion for Protective Order and Plaintiffs' Opposition to Apple's Renewed Motion for Summary Judgment.  ECF Nos. 291, 422, 527.

Exhibits 4 and 35 to the Sweeney Declaration and portions of the Opposition and Separate Statement relying on information contained therein, contain highly confidential information regarding Apple customer inquiries and responses.  Customer inquiries and Apple's responses are kept highly confidential and have been disclosed to Plaintiffs pursuant to the Protective Order.  Among other things, the inquiries reflect personal information of the customers and confidential, proprietary information regarding how Apple tracks and responds to such inquiries.  This information is non-public information that should remain confidential.  Harm would result from the public disclosure of this highly confidential information.  *See* ECF No. 518, ¶ 5.  Similar information has been previously sealed in this case in relation to Plaintiffs' Opposition to Apple's Motion for Summary Judgment.  Amiri Decl. ¶¶ 3-5, ECF No. 527.

Exhibits 1-3 and 50-54 and 62 to the Sweeney Declaration and portions of the Opposition and Separate Statement relying on information contained therein, contain highly confidential information regarding confidential descriptions of data regarding Apple's transactions with iPod resellers and information regarding iPod and iTunes Store pricing, including pricing strategy and information considered by Apple when setting iPod and iTunes Store prices.  Information regarding Apple's transactions and pricing strategy is highly confidential and commercially sensitive business information.  This information is non-public information that should remain confidential.  The information was produced to Plaintiffs pursuant to the Protective Order.  Harm to Apple would result from the public disclosure of the redacted information contained in these documents.  The public disclosure of information regarding Apple's pricing strategies and transaction data would put Apple at a business disadvantage.  *See* Amiri Decl. Exs. 5-6.

### C. Apple Does Not Request Sealing Certain Exhibits.

Apple does not request sealing Exhibits 15, 21, 28, 29, 41, 56, 58, 60 and 61 to the Sweeney Declaration. Nor does Apple seek sealing the excerpts of deposition transcripts it submits herewith of Exhibit 22. As discussed above, Apple has not reviewed the remaining approximately 2,000 pages of deposition testimony that Plaintiffs do not cite or rely on in support of their opposition or motion to strike. Because Plaintiffs do not rely on them and in light of the short period of time in which to review the entire transcripts, Apple requests that the pages not cited to by Plaintiffs be removed from the record. In the alternative, Apple requests that they be maintained under seal or that Apple be given the opportunity to review and designate portions for sealing.

## IV. CONCLUSION

Defendant respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal and enter an order sealing portions of Plaintiffs' Opposition, portions of the Separate Statement, and exhibits 1-4, 9-14, 16-17, 20, 23-27, 31-40, 42-46, 48-54, 59 and 62 to the Sweeney Declaration consistent with the proposed order filed herewith.

Dated: January 17, 2014                    Jones Day

                                           By: /a/ Amir Q. Amiri
                                               Amir Q. Amiri

                                           Attorneys for Defendant
                                           APPLE INC.

SFI-849331v2