1   Robert A. Mittelstaedt  (State Bar No. 60359)
  ramittelstaedt@jonesday.com
2   Craig E. Stewart  (State Bar No. 129530)
  cestewart@jonesday.com
3   David C. Kiernan (State Bar No. 215335)
  dkiernan@jonesday.com
4   Amir Q. Amiri (State Bar No. 271224)
  aamiri@jonesday.com
5   JONES DAY
  555 California Street, 26th Floor
6   San Francisco, CA  94104
  Telephone:    (415) 626-3939
7   Facsimile:    (415) 875-5700

8   Attorneys for Defendant
  APPLE INC.

9

10               UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                 OAKLAND DIVISION

13

14   THE APPLE iPOD iTUNES ANTI-TRUST
  LITIGATION.
                      Case No.  C 05-00037 YGR

15                       [CLASS ACTION]

16                       **DECLARATION OF AMIR Q. AMIRI IN**
                      **SUPPORT OF APPLE INC.'S**
17                       **RESPONSE TO PLAINTIFFS'**
                      **ADMINISTRATIVE MOTION TO SEAL**
18

19

20         1.      I am an associate in the law firm of Jones Day, located at 555 California Street,

21   26th Floor, San Francisco, CA 94104.  I submit this declaration in support of Apple's Response

22   to Plaintiffs' Administrative Motion to for leave to file under Seal Memorandum of Law in

23   Opposition to Defendant's Motion for Summary Judgment and to Exclude Expert Testimony of

24   Roger G. Noll; Plaintiffs' Responsive Separate Statement in support thereof; and Exhibits 1-4, 9-

25   17, 20-29, 31-46, 48-54, 56, and 58-62 to the Declaration of Bonny E. Sweeney in support thereof

26   (ECF No. 751).  The facts stated in this declaration are true and based upon my own personal

27   knowledge, and if called to testify to them, I would competently do so.

28         2.      The relief requested in Apple's response in support of Plaintiffs' Administrative

Decl. ISO Response to
Administrative Motion to Seal
C 05-00037 YGR

Motion and the proposed order provided to the Court is necessary and narrowly tailored to protect Apple's confidential business information.  Portions of Plaintiffs' Opposition, the Separate Statement, and certain portions of and exhibits to the Sweeney Declaration contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology; inquiries Apple received from customers that reflect personal information of the customers and confidential and proprietary information regarding how Apple responds to such inquiries; iPod and iTunes Store sales and market research; confidential and sensitive contract terms and communications with record labels and other Apple business partners; decisions by Apple employees regarding Apple's business strategy; and confidential pricing policies and transaction data relating to the sale of Apple products.  Apple disclosed this information pursuant to the Protective Order in this case, keeps this information highly confidential, and does not disclose it to the public.  As demonstrated in the attached declarations, the disclosure of this information would harm Apple.

3. Motions to seal similar information have been granted previously in this case. *See, e.g.,* ECF Nos. 184, 247, 291, 336, 340, 353, 422, 527.

4. Indeed, many of the exhibits to the Sweeney Declaration were previously submitted under seal, which sealing was granted, in connection with Plaintiffs' Opposition to Apple's Renewed Motion for Summary Judgment.  For the Court's convenience, the table below cross-references the exhibit numbers from Plaintiffs' previous filing with the exhibit numbers to the Sweeney Declaration filed in support of Plaintiffs' current opposition brief:

| Current Exhibit Number (*See* ECF No. 750-20) | Previous Exhibit Number (*See* ECF No. 515) |
| --- | --- |
| 5 | 1 |
| 6 | 2 |
| 7 | 3 |
| 8 | 4 |
| 9 | 5 (excerpts) |

Decl. ISO Response to
Administrative Motion to Seal
C 05-00037 YGR

| Current Exhibit Number (*See* ECF No. 750-20) | Previous Exhibit Number (*See* ECF No. 515) |
|---|---|
| 10 | 7 (excerpts) |
| 11 | 8 (excerpts) |
| 13 | 9 |
| 14 | 10 |
| 15 | 40 |
| 17 | 11 |
| 19 | 13 |
| 20 | 20 |
| 21 | 21 |
| 23 | 22 |
| 25 | 25 |
| 26 | 26 |
| 27 | 55 |
| 28 | 23 |
| 36 | 28 |
| 37 | 32 |
| 38 | 33 |
| 39 | 34 |
| 40 | 35 |
| 42 | 38 |
| 43 | 41 |
| 44 | 42 |
| 45 | 43 |
| 46 | 44 |

5. Additionally, other exhibits are substantially similar to those previously submitted

Decl. ISO Response to
Administrative Motion to Seal
C 05-00037 YGR

1   and sealed by the Court.  For example, Dr. David Martin's opening and rebuttal report, filed as

2   Exhibits 4 and 33, respectively, to the Sweeney Declaration are substantially similar and concern

3   the same subject matter as what was previously filed as the Declaration of Dr. David Martin in

4   Opposition to Apple's Renewed Motion for Summary Judgment.  *See* ECF No. 514.  This

5   declaration was sealed by the Court.  *See* ECF No. 527.  Further the compendium of customer

6   inquiries and Apple's responses thereto, filed as Exhibit 35 to the Sweeney Declaration, are

7   similar in substance to what were previously filed as Exhibits 50-52 in opposition to Apple's

8   Renewed Motion for Summary Judgment.  *See* ECF No. 515.  These previously-filed exhibits

9   were also sealed by the Court.  *See* ECF No. 527.  As demonstrated in the attached declarations,

10  the disclosure of this information would harm Apple.

11          6.      Further, I have personally reviewed the expert reports and expert and Fed. R. Civ.

12  P. 30(b)(6) depositions that are attached as Exhibits 1-4, 9-11, 14, 22, 33, 48, 50-53, 54 and 62.

13  Portions of each contain highly confidential and commercially sensitive business information,

14  including confidential details of Apple's DRM technology and updates to that technology;

15  inquiries Apple received from customers that reflect personal information of the customers and

16  confidential and proprietary information regarding how Apple responds to such inquiries; iPod

17  and iTunes Store sales and market research; and/or confidential and sensitive contract terms and

18  communications with record labels and other Apple business partners; decisions by Apple

19  employees regarding Apple's business strategy and confidential pricing strategies and transaction

20  data relating to the sale of Apple products, as described in the attached declarations.  Apple

21  disclosed this information pursuant to the Protective Order in this case, keeps this information

22  highly confidential, and does not disclose it to the public.  As demonstrated in the attached

23  declarations, the disclosure of this information would harm Apple.  Accordingly, Apple has

24  provided redactions to the expert reports and deposition excerpts consistent with a narrow sealing

25  order to preserve Apple's confidentiality.

26          7.      Attached as **Exhibit 1** is a true and correct copy of the Declaration of Eddy Cue

27  filed January 22, 2010, ECF No. 318.

28          8.      Attached as **Exhibit 2** is a true and correct copy of the Declaration of Jeffrey

Decl. ISO Response to
Administrative Motion to Seal
C 05-00037 YGR

1  Robbin filed January 22, 2010, ECF No. 328.

2       9.    Attached as **Exhibit 3** is a true and correct copy of the Declaration of Eddy Cue

3  filed March 29, 2010, ECF No. 350.

4       10.    Attached as **Exhibit 4** is a true and correct copy of the Declaration of Eddy Cue

5  filed December 23, 2010, ECF No. 409.

6       11.    Attached as **Exhibit 5** is a true and correct copy of the Declaration of Mark

7  Buckley filed January 13, 2011, ECF No. 454.

8       12.    Attached as **Exhibit 6** is a true and correct copy of the Declaration of Mark

9  Buckley filed January 24, 2011, ECF No. 494.

10       Executed this 17th day of January, 2014 in San Francisco, California.

11

12                              /s/Amir Q. Amiri

13                              Amir Q. Amiri

14

15  SFI-849330v1

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. ISO Response to
Administrative Motion to Seal
C 05-00037 YGR

# Exhibit 1

1  Robert A. Mittelstaedt #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael T. Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 626-3939
7  Facsimile:     (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.

9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  THE APPLE iPOD iTUNES ANTI-TRUST          Case No. C 05-00037 JW (HRL)
    LITIGATION.                                        C 06-04457 JW (HRL)
15

16                                             DECLARATION OF EDDY CUE IN
17                                             SUPPORT OF DEFENDANT'S
                                               RESPONSE TO PLAINTIFFS'
18                                             ADMINISTRATIVE MOTION TO SEAL

19

20

21

22  I, Eddy Cue, declare as follows:

23        1.      I am Vice President, Internet Services at Apple Inc ("Apple"). I have held this

24  position since August 2008. I have had responsibility for the iTunes Store since 2003. I make

25  this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File

26  Under Seal (Doc. 304). The facts stated in this declaration are true and based upon my own

27  personal knowledge, and if called to testify to them, I would competently do so.

28

- 1 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1       2.    Exhibits 23 (Request For Admission Nos. 3-4), 24 and 35 to the Declaration of

2   Paula M. Roach in Support of Plaintiffs' Motion to Compel Further Response from Defendant

3   Apple Inc. ("Roach Declaration") include highly confidential and commercially sensitive

4   business information, including sensitive contract terms and communications between Apple and

5   record labels regarding iTunes Store music sales.

6       3.    Apple's practices are that such information is to be kept highly confidential and

7   must not be publicly disclosed.  Apple's contracts with record labels are subject to confidentiality

8   provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the

9   Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007

10   ("Protective Order," Doc. 112).  Similarly, Apple's communications with the record labels are

11   kept highly confidential and have not been disclosed outside of Apple except to plaintiffs

12   pursuant to the Protective Order.  The information produced to plaintiffs is non-public

13   information from a public company that should remain confidential.  Harm to Apple would result

14   from the public disclosure of the redacted highly confidential information contained in these

15   documents.

16       4.    Pages 8-9 and 16-19 of Plaintiffs' Motion to Compel (Doc. 306), page 4 of the

17   Roach Declaration, and Exhibits 22 (Interrogatory Nos. 1-5), 24, and 30 to the Roach Declaration

18   contain highly confidential and commercially sensitive business information, including

19   information regarding Apple Inc.'s payment of royalties and/or licensing fees required to

20   manufacture and/or sell its products.

21       5.    Exhibits 22 (Interrogatory Nos. 7-8) and 23 (Request For Admission Nos. 1-2, 5-

22   6) to the Roach Declaration include highly confidential and commercially sensitive business

23   information, including information regarding iPod and iTunes sales in the United States, iPod

24   manufacturing costs, and reseller pricing and advertising programs.

25       6.    Apple's practices are that the information described in paragraphs 4 and 5 above is

26   to be kept highly confidential and must not be publicly disclosed.  The information has not been

27   disclosed outside of Apple except to plaintiffs pursuant to the Protective Order.  The information

28   produced to plaintiffs is non-public information from a public company that should remain

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1  confidential. Harm to Apple would result from the public disclosure of the redacted information

2  contained in these documents. The public disclosure of iPod or iTunes sales figures, iPod

3  manufacturing costs, features of Apple's reseller pricing and advertising programs, or information

4  regarding Apple's payment of royalties and/or licensing fees would put Apple at a significant

5  business disadvantage.

6        7.     Exhibit 22 (Interrogatory No. 6) to the Roach Declaration includes highly

7  confidential and commercially sensitive research, including methodology and possible

8  limitations. Apple's practices are that such information is to be kept highly confidential and must

9  not be publicly disclosed. The information has not been disclosed outside of Apple except to

10  plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public

11  information from a public company that should remain confidential. Harm to Apple would result

12  from the public disclosure of the redacted information contained in this document.

13        8.     Page 2 of the Roach Declaration and Exhibits 11, 30, and 35 attached thereto

14  contain highly confidential and commercially sensitive business information, including

15  descriptions of software updates. Apple's practices are that such information is to be kept highly

16  confidential and must not be publicly disclosed. This information has not been disclosed outside

17  of Apple except to plaintiffs pursuant to the Protective Order. The information produced to

18  plaintiffs is non-public information from a public company that should remain confidential.

19  Harm to Apple would result from the disclosure of the highly confidential information regarding

20  software updates to the public.

21       I declare under penalty of perjury under the laws of the United States and the State of

22  California that the foregoing is true and correct.

23       Executed this 22 day of January, 2010 in New York, New York.

24                                   /s/ Eddy Cue

25                                    Eddy Cue

26

27       I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to
    General Order No. 45.

28

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

/s/ David Kiernan

David Kiernan

SFI-628146v5

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

- 4 -

# Exhibit 2

1    Robert A. Mittelstaedt  #60359
      ramittelstaedt@jonesday.com
2    Craig E. Stewart #129530
      cestewart@jonesday.com
3    David C. Kiernan #215335
      dkiernan@jonesday.com
4    Michael T. Scott #255282
      michaelscott@jonesday.com
5    JONES DAY
      555 California Street, 26th Floor
6    San Francisco, CA  94104
      Telephone:    (415) 626-3939
7    Facsimile:    (415) 875-5700

8    Attorneys for Defendant
      APPLE INC.

9

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                      SAN JOSE DIVISION

13

14   THE APPLE iPOD iTUNES ANTI-TRUST       Case No. C 05-00037 JW (HRL)
      LITIGATION.                            C 06-04457 JW (HRL)
15

16                                           DECLARATION OF JEFFREY
                                             ROBBIN IN SUPPORT OF APPLE'S
17                                           ADMINISTRATIVE MOTION TO
                                             SEAL
18

19

20   I, Jeffrey Robbin, declare as follows:

21        1.      I am the Vice President of iTunes and Apple TV Engineering at Apple.  I make

22   this declaration in support of Apple's Administrative Motion To File Under Seal.  The facts stated

23   in this declaration are true and based upon my own personal knowledge and, if called to testify to

24   them, I would competently do so.

25        2.      Apple's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, and

26   the Declaration of Jeffrey Robbin in support thereof, contain highly confidential and

27   commercially sensitive business information, including confidential details of Apple's FairPlay

28   digital rights management (DRM) technology and updates to that technology, confidential

1  contract terms, and confidential communications between Apple and record labels regarding the

2  distribution of music through the iTunes Store and Apple's FairPlay DRM technology.  Apple

3  keeps this information highly confidential and does not publicly disclose it.

4      3.    Apple's FairPlay technology is a highly protected trade secret, and Apple uses

5  physical and electronic controls to protect it.  The efficacy of FairPlay is dependent on the

6  confidentiality of information regarding its operation and maintenance.  Only a few Apple

7  employees have access to and work on FairPlay, and they work in restricted areas.  Information

8  regarding FairPlay is non-public, proprietary information from a public company that should

9  remain confidential.  Harm to Apple would result from the public disclosure of the information.

10     4.    Apple's contracts with record labels, which include information regarding the

11 manner in which FairPlay protects music sold through the iTunes Store, are subject to

12 confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs

13 pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June

14 13, 2007 ("Protective Order," Doc. 112).  Similarly, Apple's communications with the record

15 labels regarding FairPlay's operation and the distribution of music through Apple's iTunes Store

16 are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs

17 pursuant to the Protective Order.  This information is non-public information from a public

18 company that should remain confidential.  Harm to Apple would result from the public disclosure

19 of this highly confidential information.  For example, the disclosure of confidential contract terms

20 and communications regarding those terms would adversely impact Apple's bargaining position

21 in future dealings with current and potential business partners.

22     I declare under penalty of perjury under the laws of the United States and the State of

23 California that the foregoing is true and correct.

24     Executed this _11_ day of February, 2010 in Cupertino, California.

25

26                                    Jeffrey Robbin

27

28

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

# Exhibit 3

1   Robert A. Mittelstaedt  #60359
    rmittelstaedt@jonesday.com
2   Craig E. Stewart #129530
    cestewart@jonesday.com
3   David C. Kiernan #215335
    dkiernan@jonesday.com
4   Michael T. Scott #255282
    michaelscott@jonesday.com
5   JONES DAY
    555 California Street, 26th Floor
6   San Francisco, CA  94104
    Telephone:    (415) 626-3939
7   Facsimile:     (415) 875-5700

8   Attorneys for Defendant
    APPLE INC.
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14   THE APPLE iPOD iTUNES ANTI-TRUST        Case No. C 05-00037 JW (HRL)
     LITIGATION.
15                                             C 06-04457 JW (HRL)

16
                                             DECLARATION OF EDDY CUE IN
17                                           SUPPORT OF DEFENDANT'S
                                             RESPONSE TO PLAINTIFFS'
18                                           ADMINISTRATIVE MOTION TO SEAL

19

20

21

22   I, Eddy Cue, declare as follows:

23        1.      I am Vice President, Internet Services at Apple Inc ("Apple").  I have held this

24   position since August 2008.  I have had responsibility for the iTunes Store since 2003.  I make

25   this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File

26   Under Seal (Doc. 343).  The facts stated in this declaration are true and based upon my own

27   personal knowledge, and if called to testify to them, I would competently do so.

28

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

2.     Plaintiffs' Memorandum In Opposition To Apple's Motion To Dismiss Or, Alternatively, For Summary Judgment, and the Roach and Merrick Declarations in support thereof, include highly confidential and commercially sensitive business information, including sensitive terms of Apple's agreements with the record labels and Hewlett-Packard ("HP") and information regarding the operation of Apple's FairPlay technology.

3.     Apple's agreements with record labels and HP (exhibits 2, 3, and 7 to the Merrick declaration) are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112). This information is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of this highly confidential information. For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.

4.     Exhibits 2 and 3 also contain information regarding Apple's FairPlay technology. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Apple's FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential. Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information.

5.     Exhibits 4 and 5 are internal Apple e-mails containing highly confidential and commercially sensitive business information, including discussions regarding potential public comments regarding RealNetworks' Harmony technology and updates to FairPlay to stop a hack. This information is non-public information that has been kept highly confidential and has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of this information.

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

6.      Exhibit 9 is an internal Apple email regarding updates to iTunes and FairPlay, which is kept highly confidential and has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order.  As discussed above, disclosure of the details of FairPlay would cause harm to Apple.

Executed this 29 day of March, 2010 in Cupertino, California.

Eddy Cue

I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to General Order No. 45.

/s/ David Kiernan
David Kiernan

SF1-637130v1

# Exhibit 4

1  Robert A. Mittelstaedt #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael T. Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA 94104
   Telephone:    (415) 626-3939
7  Facsimile:    (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.
9

10              UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14  THE APPLE iPOD iTUNES ANTI-TRUST       Case No.  C 05-00037 JW (HRL)
    LITIGATION.
15                                          [CLASS ACTION]

16                                          DECLARATION OF EDDY CUE IN
                                            SUPPORT OF DEFENDANT'S
17                                          RESPONSE TO PLAINTIFFS'
                                            AMENDED ADMINISTRATIVE
18                                          MOTION TO FILE UNDER SEAL

19                                          Judge:  Honorable Howard R. Lloyd
20                                          Date:   January 18, 2011
                                            Time:   10:00 a.m.
21                                          Place:  Courtroom 2-5th Floor

22

23

24

25  I, Eddy Cue, declare as follows:

26      1.      I am Vice President, Internet Services at Apple Inc. ("Apple").  I have held this

27  position since August 2008.  I have had responsibility for the iTunes Store since 2003.

28      2.      I submit this declaration in support of Defendant's Response to Plaintiffs'

                              - 1 -        Decl. ISO Defendant's Response to Plaintiffs'
                                           Amended Administrative Motion to Seal
                                           C 05 00037 JW (HRL)

1    Amended Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Apple

2    Inc.'s Motion for Protective Order Preventing Deposition of Steve Jobs, Portions of the Bernay

3    Declaration and Exhibits 1-4 and 6-11 Pursuant to Local Rule 79-5(b) and (c) ("Administrative

4    Motion"). The facts stated in this declaration are true and based upon my own personal

5    knowledge, and if called to testify to them, I would competently do so.

6           3.      The relief requested in the Administrative Motion is necessary and narrowly

7    tailored to protect Apple's highly confidential and commercially sensitive business information.

8    The redacted portions of the Plaintiffs' Opposition (Dkt. 404) and the Bernay Declaration (Dkt.

9    405) contain highly confidential and sensitive information that must be kept confidential in order

10   to avoid causing substantial harm to Apple. The redactions specifically relate to (1) sensitive

11   contract terms and communications with record labels; (2) updates to Apple's FairPlay digital

12   rights management technology; and (3) business decisions and strategy at Apple.

13          4.      Pages 4 and 10-11 of Plaintiffs' Opposition (Dkt. 404) and Exhibits 1 and 6-7 to

14   the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive

15   business information, including information regarding sensitive contract terms and

16   communications with record labels.

17          5.      Apple's practices are that such information is to be kept highly confidential and

18   must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality

19   provisions and were produced to plaintiffs pursuant to the Stipulation and Protective Order

20   Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112).

21   Similarly, Apple's communications with the record labels contain highly confidential,

22   commercially sensitive business information and were produced plaintiffs pursuant to the

23   Protective Order. The public disclosure of this highly confidential information would cause

24   substantial harm to Apple.

25          6.      Pages 4-8 of Plaintiffs' Opposition (Dkt. 404) and Page 1 and Exhibits 2, 4, 5, 6,7,

26   8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and

27   commercially sensitive business information, including information regarding updates to Apple's

28   FairPlay DRM technology.

Decl. ISO Defendant's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05 00037 JW (HRL)

-2-

1     7.     Apple's practices are that such information is to be kept highly confidential and

2 must not be publicly disclosed. FairPlay technology is a highly protected trade secret, and Apple

3 uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the

4 confidentiality of information regarding its operation and maintenance. Only a few Apple

5 employees have access to and work on FairPlay technology, and they work in a restricted area at

6 Apple's headquarters. The public disclosure of this highly confidential information would cause

7 substantial harm to Apple.

8     8.     Pages i, 1, 3, 6-9, and 11-12 of Plaintiffs' Opposition (Dkt. 404) and Page 2 and

9 Exhibits 2, 4, 5, 6,7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly

10 confidential and commercially sensitive business information, including information relating to

11 business decisions and strategy at Apple.

12     9.     Apple's practices are that such information is to be kept highly confidential and

13 must not be publicly disclosed. The information was produced to plaintiffs pursuant to the

14 Protective Order. The information produced to plaintiffs is non-public information from a public

15 company that should remain confidential. Harm to Apple would result from the public disclosure

16 of the redacted information contained in these documents. The public disclosure of information

17 regarding Apple's business decisions and strategies would put Apple at a significant business

18 disadvantage.

19     I declare under penalty of perjury under the laws of the United States and the State of

20 California that the foregoing is true and correct.

21     Executed this 22nd day of December, 2010 in Cupertino, California.

22

23                                Eddy Cue

24

25 SF1-657739v1

26

27

28

# Exhibit 5

1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael T. Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:    (415) 626-3939
7  Facsimile:    (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                  SAN JOSE DIVISION

13

14 THE APPLE iPOD iTUNES ANTI-TRUST          Case No. C 05-00037 JW (HRL)
   LITIGATION.
15                                           [CLASS ACTION]

16                                           DECLARATION OF MARK BUCKLEY
                                             IN SUPPORT OF APPLE INC.'S
17                                           RESPONSE TO PLAINTIFFS'
                                             ADMINISTRATIVE MOTION TO FILE
18                                           UNDER SEAL
19

20
   I, Mark Buckley, declare as follows:
21
         1.      I am a Financial Analyst at Apple Inc. ("Apple").  I have held this position since
22
   August 15, 2005.  I submit this declaration in support of Apple's Response to Plaintiffs'
23
   Administrative Motion to File Under Seal (Dkt. 434, "Administrative Motion").  The facts stated
24
   in this declaration are true and based upon my own personal knowledge, and if called to testify to
25
   them, I would competently do so.
26
         2.      The relief requested in the Administrative Motion is necessary and narrowly
27
   tailored to protect Apple's confidential business information.  The redacted portions of pages 5
28

                                        - 1 -          Decl. ISO Apple Inc.'s Response to Plaintiffs'
                                                          Administrative Motion to Seal
                                                          C 05 00037 JW (HRL)

1   and 6 of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions (Dkt.

2   432) and page 2 of the Bernay Declaration in support thereof (Dkt. 433) contain confidential

3   descriptions of data regarding Apple's transactions with iPod resellers that must be kept

4   confidential in order to avoid causing substantial harm to Apple.

5       3.      Apple's practices are that such information is to be kept highly confidential and

6   must not be publicly disclosed.  Data regarding Apple's transactions with iPod resellers was

7   produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential

8   Information entered June 13, 2007 ("Protective Order," Dkt. 112).  The public disclosure of this

9   highly confidential information would cause substantial harm to Apple.

10      I declare under penalty of perjury under the laws of the United States and the State of

11  California that the foregoing is true and correct.

12      Executed this  13  day of January, 2011 in Cupertino, California.

13                                      *Mark Buckley*

14                                      Mark Buckley

15  SFI-658673v1

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

# Exhibit 6

1   Robert A. Mittelstaedt  #60359
    ramittelstaedt@jonesday.com
2   Craig E. Stewart  #129530
    cestewart@jonesday.com
3   David C. Kiernan #215335
    dkiernan@jonesday.com
4   Michael T. Scott #255282
    michaelscott@jonesday.com
5   JONES DAY
    555 California Street, 26th Floor
6   San Francisco, CA  94104
    Telephone:     (415) 626-3939
7   Facsimile:     (415) 875-5700

8   Attorneys for Defendant
    APPLE INC.
9

10                    UNITED STATES DISTRICT COURT

11                  NORTHERN DISTRICT OF CALIFORNIA

12                         SAN JOSE DIVISION

13

14   THE APPLE iPOD iTUNES ANTI-TRUST        Case No. C 05-00037 JW (HRL)
     LITIGATION.
15                                           [CLASS ACTION]

16                                           DECLARATION OF MARK BUCKLEY
17                                           IN SUPPORT OF APPLE INC.'S
                                             RESPONSE TO PLAINTIFFS'
18                                           ADMINISTRATIVE MOTION TO FILE
                                             UNDER SEAL
19

20
     I, Mark Buckley, declare as follows:
21
22          1.      I am a Financial Analyst at Apple Inc. ("Apple").  I have held this position since

23   August 15, 2005.  I submit this declaration in support of Apple's Response to Plaintiffs'

     Administrative Motion to File Under Seal (Dkt. 475, "Administrative Motion").  The facts stated
24
     in this declaration are true and based upon my own personal knowledge, and if called to testify to
25
     them, I would competently do so.
26
            2.      The relief requested in the Administrative Motion is necessary and narrowly
27
     tailored to protect Apple's confidential business information.  Plaintiffs' Motion for Class
28

                                    - 1 -              Decl. ISO Apple Inc.'s Response to Plaintiffs'
                                                              Administrative Motion to Seal
                                                                  C 05 00037 JW (HRL)

1    Certification (Dkt. 477) and the Sweeney (Dkt. 478) and Noll (Dkt. 479) declarations in support

2    thereof contain highly confidential information regarding iPod and iTunes Store pricing,

3    including pricing strategy and information considered by Apple when setting iPod and iTunes

4    Store prices; information regarding costs of manufacturing and selling iPods and costs associated

5    with the sale of music through the iTunes Store; and information regarding Apple's margins on

6    iPod and iTunes Store sales.

7        3.    Apple's practices are that such information is kept highly confidential and is not

8    disclosed to the public. This information was produced to plaintiffs pursuant to the Stipulation

9    and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective

10   Order," Dkt. 112). The public disclosure of information regarding Apple's pricing decisions and

11   iPod and iTunes Store costs would put Apple at a business disadvantage.

12       I declare under penalty of perjury under the laws of the United States and the State of

13   California that the foregoing is true and correct.

14       Executed this _25_ day of January, 2011 in Cupertino, California.

15                                    _Mark Buckley_

16                                    Mark Buckley

17   SFI-659999v1

18

19

20

21

22

23

24

25

26

27

28

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)