# Exhibit 1

Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION**.**

Case No. C 05-00037 JW (HRL)
C 06-04457 JW (HRL)

**DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL**

I, Eddy Cue, declare as follows:

1.      I am Vice President, Internet Services at Apple Inc ("Apple").  I have held this position since August 2008.  I have had responsibility for the iTunes Store since 2003.  I make this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File Under Seal (Doc. 304).  The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

- 1 -

2.      Exhibits 23 (Request For Admission Nos. 3-4), 24 and 35 to the Declaration of Paula M. Roach in Support of Plaintiffs' Motion to Compel Further Response from Defendant Apple Inc. ("Roach Declaration") include highly confidential and commercially sensitive business information, including sensitive contract terms and communications between Apple and record labels regarding iTunes Store music sales.

3.      Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed.  Apple's contracts with record labels are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112).  Similarly, Apple's communications with the record labels are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order.  The information produced to plaintiffs is non-public information from a public company that should remain confidential.  Harm to Apple would result from the public disclosure of the redacted highly confidential information contained in these documents.

4.      Pages 8-9 and 16-19 of Plaintiffs' Motion to Compel (Doc. 306), page 4 of the Roach Declaration, and Exhibits 22 (Interrogatory Nos. 1-5), 24, and 30 to the Roach Declaration contain highly confidential and commercially sensitive business information, including information regarding Apple Inc.'s payment of royalties and/or licensing fees required to manufacture and/or sell its products.

5.      Exhibits 22 (Interrogatory Nos. 7-8) and 23 (Request For Admission Nos. 1-2, 5-6) to the Roach Declaration include highly confidential and commercially sensitive business information, including information regarding iPod and iTunes sales in the United States, iPod manufacturing costs, and reseller pricing and advertising programs.

6.      Apple's practices are that the information described in paragraphs 4 and 5 above is to be kept highly confidential and must not be publicly disclosed.  The information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order.  The information produced to plaintiffs is non-public information from a public company that should remain

1  confidential.  Harm to Apple would result from the public disclosure of the redacted information

2  contained in these documents.  The public disclosure of iPod or iTunes sales figures, iPod

3  manufacturing costs, features of Apple's reseller pricing and advertising programs, or information

4  regarding Apple's payment of royalties and/or licensing fees would put Apple at a significant

5  business disadvantage.

6          7.      Exhibit 22 (Interrogatory No. 6) to the Roach Declaration includes highly

7  confidential and commercially sensitive research, including methodology and possible

8  limitations.  Apple's practices are that such information is to be kept highly confidential and must

9  not be publicly disclosed.  The information has not been disclosed outside of Apple except to

10  plaintiffs pursuant to the Protective Order.  The information produced to plaintiffs is non-public

11  information from a public company that should remain confidential.  Harm to Apple would result

12  from the public disclosure of the redacted information contained in this document.

13          8.      Page 2 of the Roach Declaration and Exhibits 11, 30, and 35 attached thereto

14  contain highly confidential and commercially sensitive business information, including

15  descriptions of software updates.  Apple's practices are that such information is to be kept highly

16  confidential and must not be publicly disclosed.  This information has not been disclosed outside

17  of Apple except to plaintiffs pursuant to the Protective Order.  The information produced to

18  plaintiffs is non-public information from a public company that should remain confidential.

19  Harm to Apple would result from the disclosure of the highly confidential information regarding

20  software updates to the public.

21          I declare under penalty of perjury under the laws of the United States and the State of

22  California that the foregoing is true and correct.

23          Executed this 22 day of January, 2010 in New York, New York.

24                                          _____/s/ Eddy Cue_____

25                                                  Eddy Cue

26          I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to

27  General Order No. 45.

28

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1
                                                 _____/s/ David Kiernan_____

2
                                                     David Kiernan

3
SFI-628146v5

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

# Exhibit 2

1   Robert A. Mittelstaedt #60359
    ramittelstaedt@jonesday.com
2   Craig E. Stewart #129530
    cestewart@jonesday.com
3   David C. Kiernan #215335
    dkiernan@jonesday.com
4   Michael T. Scott #255282
    michaelscott@jonesday.com
5   JONES DAY
    555 California Street, 26th Floor
6   San Francisco, CA 94104
    Telephone:    (415) 626-3939
7   Facsimile:    (415) 875-5700

8   Attorneys for Defendant
    APPLE INC.
9

10                        UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13

14   THE APPLE iPOD iTUNES ANTI-TRUST        Case No. C 05-00037 JW (HRL)
     LITIGATION.                                      C 06-04457 JW (HRL)
15

16                                           DECLARATION OF JEFFREY
                                             ROBBIN IN SUPPORT OF APPLE'S
17                                           ADMINISTRATIVE MOTION TO
                                             SEAL
18

19

20   I, Jeffrey Robbin, declare as follows:

21          1.      I am the Vice President of iTunes and Apple TV Engineering at Apple.  I make

22   this declaration in support of Apple's Administrative Motion To File Under Seal.  The facts stated

23   in this declaration are true and based upon my own personal knowledge and, if called to testify to

24   them, I would competently do so.

25          2.      Apple's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, and

26   the Declaration of Jeffrey Robbin in support thereof, contain highly confidential and

27   commercially sensitive business information, including confidential details of Apple's FairPlay

28   digital rights management (DRM) technology and updates to that technology, confidential

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1   contract terms, and confidential communications between Apple and record labels regarding the

2   distribution of music through the iTunes Store and Apple's FairPlay DRM technology. Apple

3   keeps this information highly confidential and does not publicly disclose it.

4       3.      Apple's FairPlay technology is a highly protected trade secret, and Apple uses

5   physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the

6   confidentiality of information regarding its operation and maintenance. Only a few Apple

7   employees have access to and work on FairPlay, and they work in restricted areas. Information

8   regarding FairPlay is non-public, proprietary information from a public company that should

9   remain confidential. Harm to Apple would result from the public disclosure of the information.

10      4.      Apple's contracts with record labels, which include information regarding the

11  manner in which FairPlay protects music sold through the iTunes Store, are subject to

12  confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs

13  pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June

14  13, 2007 ("Protective Order," Doc. 112). Similarly, Apple's communications with the record

15  labels regarding FairPlay's operation and the distribution of music through Apple's iTunes Store

16  are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs

17  pursuant to the Protective Order. This information is non-public information from a public

18  company that should remain confidential. Harm to Apple would result from the public disclosure

19  of this highly confidential information. For example, the disclosure of confidential contract terms

20  and communications regarding those terms would adversely impact Apple's bargaining position

21  in future dealings with current and potential business partners.

22      I declare under penalty of perjury under the laws of the United States and the State of

23  California that the foregoing is true and correct.

24      Executed this _11_ day of February, 2010 in Cupertino, California.

25

26  SFI-629192v4

27

28

                                            _____
                                            Jeffrey Robbin

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)