Robert A. Mittelstaedt (State Bar No. 60359)
ramittelstaedt@JonesDay.com
Craig E. Stewart (State Bar No. 129530)
cestewart@JonesDay.com
David C. Kiernan (State Bar No. 129530)
dkiernan@JonesDay.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@JonesDay.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    +1.415.626.3939
Facsimile:    +1.415.875.5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Case No. 4:05-cv-00037 YGR<br><br>**[PROPOSED] ORDER DENYING PLAINTIFFS' MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF KEVIN MURPHY AND ROBERT TOPEL DATED DECEMBER 20, 2013 (ECF NO. 750)** |

1   Presently before the court is Plaintiffs' Motion to Exclude the Supplemental Report of

2   Kevin M. Murphy and Robert H. Topel Dated December 20, 2013 (ECF No. 750).  Having

3   reviewed the papers on file and considered the relevant arguments, this Court hereby DENIES the

4   motion.

5   Plaintiffs' motion violates the local rules of civil practice, which require procedural and

6   evidentiary objections to be included in opposition briefs, not in separate motions.  *See* LR 7-3(a).

7   Failure to comply with these rules is grounds to waive strike or deny the objections.  *See  Apple*

8   *Inc. v. Samsung Elecs. Co.*, No. 11-cv-01846-LHK, 2011 BL 304343, *3 (N.D. Cal. Dec. 2,

9   2011); *City of Royal Oak Retirement Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, n. 2

10  (N.D. Cal. 2012); *Oak Point Partners, Inc. v. Lessing*, No. 11-03328 LHK, 2012 U.S. Dist.

11  LEXIS 133407, *3 n.2 (N.D. Cal. Sept. 18, 2012).

12  Plaintiffs' motion is also substantively wrong.  The supplemental report filed by Drs.

13  Murphy and Topel is a proper supplemental disclosure under Rule 26(e), as it merely updated

14  their analysis and calculations, as necessitated by the new regression models presented for the

15  first time in the rebuttal report of plaintiffs' expert.  Thus, the Court finds the supplemental report

16  justified.  *See* Fed. R. Civ. P. 37(c)(1).  Moreover, plaintiffs have suffered no cognizable

17  prejudice because they have deposed Apple's experts on the supplemental report, and have had

18  the last word with the submission of a responsive second rebuttal by their expert.  *See id.*  Further,

19  the Court finds it would be unfair for plaintiffs' expert to testify about the new regression models

20  in his rebuttal report without permitting Apple's experts to update their analysis and calculations

21  based on the new regressions.

22  Even applying the factors identified by the Ninth Circuit in determining preclusion

23  sanctions, plaintiffs' motion fails.  The relevant factors, outlined in *Wendt v. Host Int'l, Inc.*, 125

24  F.3d 806 (9th Cir. 1997), include:  "1) the public's interest in expeditious resolution of litigation;

25  2) the court's need to manage its docket; 3) the risk of prejudice to the [party seeking exclusion];

26  4) the public policy favoring disposition of cases on their merits; [and] 5) the availability of less

27  drastic sanctions."  *Id.* at 814.  Striking the supplemental report will not hasten the end of this

28  case or alleviate this Court's calendar.  Plaintiffs do not need time to depose the experts or

1  complete a new rebuttal report—they have already done both.  Denying the motion furthers the

2  public policy in favor of disposing of cases on their merits because all of the expert reports are

3  now before this Court in connection with Apple's motion for summary judgment and plaintiffs'

4  opposition thereto.  Finally, the availability of a less drastic approach weighs in favor of denying

5  the motion because plaintiffs' have already submitted a second rebuttal report responding to

6  Apple's supplemental report, to which Apple has no objection.

7          Accordingly, the Court hereby DENIES plaintiffs' motion (ECF No. 750).

8

9          **IT IS SO ORDERED.**

10

11  Dated: _____, 2014

12

13                                              _____

14                                              Hon. Yvonne Gonzalez Rogers

15  SFI-850994v1

16

17

18

19

20

21

22

23

24

25

26

27

28

[Proposed] Order Denying Motion to Strike
4:05-cv-00037 YGR