Robert A. Mittelstaedt  (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart  (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 YGR<br><br>[CLASS ACTION]<br><br>**APPLE'S ADMINISTRATIVE MOTION TO SEAL ITS REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT AND TO EXCLUDE EXPERT TESTIMONY OF ROGER G. NOLL** |

## I.     INTRODUCTION

Pursuant to Local Rule 79-5, Apple seeks leave to file its Reply in Support of its Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll under seal.  Apple files this Administrative Motion and the accompanying declaration of David C. Kiernan in support of a narrowly tailored order authorizing sealing portions of its reply brief, on the grounds that there are compelling reasons to protect the confidentiality of the redacted information contained therein.  The proposed sealing order filed herewith is based on the Protective Order and

Supplemental Protective Order governing discovery in this case and proof that particularized harm to Apple will result if the sensitive information is publicly released. Similar information has been previously sealed in this case and/or is the subject of currently pending administrative motions to file under seal. *See* Kiernan Decl. ¶¶ 3-4. For the Court's convenience, the Kiernan declaration attaches declarations in support of previous motions to file under seal, which establish the sealability of such information.

## II.   STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Tokashiki v. Freitas*, No. 03-0065 ACK-LEK, 2007 WL 521915, at *1 (D. Haw. Feb. 14, 2007) (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

## III.   THERE ARE COMPELLING REASONS TO SUPPORT FILING UNDER SEAL

The Kiernan declaration and the declarations attached thereto establish compelling reasons why the redacted portions of the reply brief summarizing, paraphrasing, citing, or otherwise relating to documents designated "Confidential" by Apple should be filed under seal. Each of the designated documents has either been previously sealed in this action or is the subject of a currently pending administrative motion to seal. *See* Kiernan Decl. ¶ 3. The declarations also establish that the redacted portions of the reply brief, contain highly confidential and sensitive information that must be kept confidential in order to avoid causing harm to Apple. *See* Kiernan Decl., Exs. 1-5; *see also* ECF No. 518, ¶¶ 5-6.

Portions of the reply brief contain confidential information regarding iPod and iTunes Store sales and/or market research. The redacted information regarding iPod and iTunes Store sales is highly confidential and commercially sensitive business information and was produced to plaintiffs pursuant to the Protective Order. The public disclosure of this information would put

1  Apple at a business disadvantage.  *See* Kiernan Decl. Ex. 1.  Similar information has been
2  previously sealed in this case in relation to Apple's Motion for Reconsideration of Rule 23(b)(2)
3  Class, Plaintiffs' Motion to Compel and Plaintiffs' Opposition to Apple's Renewed Motion for
4  Summary Judgment.  *See* Kiernan Decl. ¶ 3; ECF Nos. 247, 336, 527.

5        Portions of the reply brief also contain highly confidential information regarding Apple's
6  FairPlay technology.  FairPlay's technology is a highly protected trade secret, and Apple uses
7  physical and electronic controls to protect it.  The efficacy of FairPlay is dependent on the
8  confidentiality of information regarding its operation and maintenance.  Only a few Apple
9  employees have access to and work on FairPlay technology, and they work in a restricted area at
10 Apple's headquarters.  Information regarding FairPlay, including information regarding updates
11 to FairPlay, is kept highly confidential and was produced to plaintiffs pursuant to the Protective
12 Order and Supplemental Protective Order.  This information is non-public information that should
13 remain confidential.  Harm to Apple, including potential use of the information by hackers
14 attempting to circumvent FairPlay, would result from the public disclosure of the information.
15 *See* Kiernan Decl. Ex. 2.  Similar information has been previously sealed in this case in relation to
16 Apple's Motion to Dismiss or, Alternatively, for Summary Judgment and Plaintiffs' Opposition
17 to Apple's Renewed Motion for Summary Judgment.  Kiernan Decl. ¶ 3; ECF Nos. 340, 527.

18       Portions of the reply brief also contain highly confidential information regarding Apple
19 business decisions or strategy.  Information regarding Apple business decisions or strategy,
20 including discussions regarding potential public comments relating to RealNetworks' Harmony
21 technology, licensing discussions, and other business decisions or strategies at Apple, is highly
22 confidential and commercially sensitive business information.  This information is non-public
23 information that should remain confidential.  The information was produced to Plaintiffs pursuant
24 to the Protective Order.  Harm to Apple would result from the public disclosure of the redacted
25 information contained in these documents.  The public disclosure of information regarding
26 Apple's business strategies would put Apple at a business disadvantage.  *See* Kiernan Decl. Ex. 4.
27 Similar information has been previously sealed in this case in relation to Plaintiffs' Reply in
28 Support of Their Motion to Modify Injunctive Relief Class, Plaintiffs' Opposition to Apple's

1  Motion for Protective Order and Plaintiffs' Opposition to Apple's Renewed Motion for Summary
2  Judgment. Kiernan Decl. ¶ 3; ECF Nos. 291, 422, 527.
3        Portions of the reply brief also contain highly confidential information regarding iPod and
4  iTunes Store pricing, including pricing strategy and information considered by Apple when
5  setting iPod and iTunes Store prices. Information regarding Apple's transactions and pricing
6  strategy is highly confidential and commercially sensitive business information. This information
7  is non-public information that should remain confidential. The information was produced to
8  Plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public
9  disclosure of the redacted information contained in these documents. The public disclosure of
10 information regarding Apple's pricing strategies and transaction data would put Apple at a
11 business disadvantage. *See* Kiernan Decl. Exs. 4-5.
12       Finally, the reply briefs contains significant discussion of the expert reports submitted,
13 and expert depositions conducted, by both parties in this matter. These expert witness materials
14 are based, in part, on the highly confidential documents identified in the preceding paragraphs,
15 which documents were disclosed pursuant to the Protective Order. Each of these expert reports,
16 together with deposition transcripts relating to the reports, are the subject of currently-pending
17 administrative motions to seal. *See* Kiernan Decl. ¶ 4, ECF Nos. 737, 740, 751, 754.

18 **IV.   CONCLUSION**

19     Apple respectfully requests that this Court grant its Administrative Motion for File
20 Portions of its Reply Brief in Support of Summary Judgment and to Exclude Expert Testimony of
21 Roger G. Noll consistent with the proposed order filed herewith.

22 Dated: January 31, 2014                                  Respectfully submitted,

23                                                         Jones Day

25                                                         By: /s/ David C. Kiernan
26                                                              David C. Kiernan

27                                                         Attorneys for Defendant
                                                           APPLE INC.
28 SFI-850749v1