# Exhibit 1

1  Robert A. Mittelstaedt  #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart  #129530
   cestewart@jonesday.com
3  David C. Kiernan  #215335
   dkiernan@jonesday.com
4  Michael T. Scott  #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 626-3939
7  Facsimile:     (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                            SAN JOSE DIVISION

13

14  THE APPLE iPOD iTUNES ANTI-TRUST          Case No. C 05-00037 JW (HRL)
    LITIGATION.                                        C 06-04457 JW (HRL)
15

16                                            **DECLARATION OF EDDY CUE IN
                                              SUPPORT OF DEFENDANT'S
17                                            RESPONSE TO PLAINTIFFS'
                                              ADMINISTRATIVE MOTION TO SEAL**
18

19

20

21

22  I, Eddy Cue, declare as follows:

23        1.    I am Vice President, Internet Services at Apple Inc ("Apple"). I have held this

24  position since August 2008. I have had responsibility for the iTunes Store since 2003. I make

25  this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File

26  Under Seal (Doc. 304). The facts stated in this declaration are true and based upon my own

27  personal knowledge, and if called to testify to them, I would competently do so.

28

                                                        Decl. ISO Defendant's Response to Plaintiffs'
                                                                    Administrative Motion to Seal
                              - 1 -                     C 05 00037 JW (HRL), C 06-04457 JW (HRL)

     2.     Exhibits 23 (Request For Admission Nos. 3-4), 24 and 35 to the Declaration of Paula M. Roach in Support of Plaintiffs' Motion to Compel Further Response from Defendant Apple Inc. ("Roach Declaration") include highly confidential and commercially sensitive business information, including sensitive contract terms and communications between Apple and record labels regarding iTunes Store music sales.

     3.     Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112). Similarly, Apple's communications with the record labels are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted highly confidential information contained in these documents.

     4.     Pages 8-9 and 16-19 of Plaintiffs' Motion to Compel (Doc. 306), page 4 of the Roach Declaration, and Exhibits 22 (Interrogatory Nos. 1-5), 24, and 30 to the Roach Declaration contain highly confidential and commercially sensitive business information, including information regarding Apple Inc.'s payment of royalties and/or licensing fees required to manufacture and/or sell its products.

     5.     Exhibits 22 (Interrogatory Nos. 7-8) and 23 (Request For Admission Nos. 1-2, 5-6) to the Roach Declaration include highly confidential and commercially sensitive business information, including information regarding iPod and iTunes sales in the United States, iPod manufacturing costs, and reseller pricing and advertising programs.

     6.     Apple's practices are that the information described in paragraphs 4 and 5 above is to be kept highly confidential and must not be publicly disclosed. The information has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain

- 2 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1  confidential. Harm to Apple would result from the public disclosure of the redacted information
2  contained in these documents. The public disclosure of iPod or iTunes sales figures, iPod
3  manufacturing costs, features of Apple's reseller pricing and advertising programs, or information
4  regarding Apple's payment of royalties and/or licensing fees would put Apple at a significant
5  business disadvantage.

6      7. Exhibit 22 (Interrogatory No. 6) to the Roach Declaration includes highly
7  confidential and commercially sensitive research, including methodology and possible
8  limitations. Apple's practices are that such information is to be kept highly confidential and must
9  not be publicly disclosed. The information has not been disclosed outside of Apple except to
10 plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public
11 information from a public company that should remain confidential. Harm to Apple would result
12 from the public disclosure of the redacted information contained in this document.

13      8. Page 2 of the Roach Declaration and Exhibits 11, 30, and 35 attached thereto
14 contain highly confidential and commercially sensitive business information, including
15 descriptions of software updates. Apple's practices are that such information is to be kept highly
16 confidential and must not be publicly disclosed. This information has not been disclosed outside
17 of Apple except to plaintiffs pursuant to the Protective Order. The information produced to
18 plaintiffs is non-public information from a public company that should remain confidential.
19 Harm to Apple would result from the disclosure of the highly confidential information regarding
20 software updates to the public.

21    I declare under penalty of perjury under the laws of the United States and the State of
22 California that the foregoing is true and correct.

23    Executed this 22 day of January, 2010 in New York, New York.

24                                        ____/s/ Eddy Cue_____
25                                            Eddy Cue

26
27    I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to
General Order No. 45.
28

- 3 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1                                                                                                   /s/ David Kiernan

                                                                                                  David Kiernan

SFI-628146v5

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
- 4 -    C 05 00037 JW (HRL), C 06-04457 JW (HRL)

# Exhibit 2

|   |   |
|---|---|
| 1 | Robert A. Mittelstaedt  #60359<br>ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart  #129530<br>cestewart@jonesday.com |
| 3 | David C. Kiernan #215335<br>dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282<br>michaelscott@jonesday.com |
| 5 | JONES DAY<br>555 California Street, 26th Floor |
| 6 | San Francisco, CA  94104<br>Telephone:     (415) 626-3939 |
| 7 | Facsimile:      (415) 875-5700 |
| 8 | Attorneys for Defendant<br>APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF JEFFREY ROBBIN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO SEAL** |
|---|---|

I, Jeffrey Robbin, declare as follows:

  1.  I am the Vice President of iTunes and Apple TV Engineering at Apple. I make this declaration in support of Apple's Administrative Motion To File Under Seal. The facts stated in this declaration are true and based upon my own personal knowledge and, if called to testify to them, I would competently do so.

  2.  Apple's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, and the Declaration of Jeffrey Robbin in support thereof, contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology, confidential

- 1 -

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

contract terms, and confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and Apple's FairPlay DRM technology. Apple keeps this information highly confidential and does not publicly disclose it.

3. Apple's FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay, and they work in restricted areas. Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the information.

4. Apple's contracts with record labels, which include information regarding the manner in which FairPlay protects music sold through the iTunes Store, are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112). Similarly, Apple's communications with the record labels regarding FairPlay's operation and the distribution of music through Apple's iTunes Store are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. This information is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of this highly confidential information. For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 11 day of February, 2010 in Cupertino, California.

_____
Jeffrey Robbin

SFI-629192v4

# Exhibit 3

| | |
|---|---|
| 1 | Robert A. Mittelstaedt #60359 |
| | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart #129530 |
| | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
| | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
| | michaelscott@jonesday.com |
| 5 | JONES DAY |
| | 555 California Street, 26th Floor |
| 6 | San Francisco, CA 94104 |
| | Telephone: (415) 626-3939 |
| 7 | Facsimile: (415) 875-5700 |
| 8 | Attorneys for Defendant |
| | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) |
| | [CLASS ACTION] |
| | **DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |
| | **Judge**: Honorable Howard R. Lloyd |
| | **Date**: January 18, 2011 |
| | **Time**: 10:00 a.m. |
| | **Place**: Courtroom 2-5th Floor |

I, Eddy Cue, declare as follows:

1. I am Vice President, Internet Services at Apple Inc. ("Apple"). I have held this position since August 2008. I have had responsibility for the iTunes Store since 2003.

2. I submit this declaration in support of Defendant's Response to Plaintiffs'

- 1 -

Decl. ISO Dependent's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05 00037 JW (HRL)

1  Amended Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Apple
2  Inc.'s Motion for Protective Order Preventing Deposition of Steve Jobs, Portions of the Bernay
3  Declaration and Exhibits 1-4 and 6-11 Pursuant to Local Rule 79-5(b) and (c) ("Administrative
4  Motion"). The facts stated in this declaration are true and based upon my own personal
5  knowledge, and if called to testify to them, I would competently do so.

6      3.    The relief requested in the Administrative Motion is necessary and narrowly
7  tailored to protect Apple's highly confidential and commercially sensitive business information.
8  The redacted portions of the Plaintiffs' Opposition (Dkt. 404) and the Bernay Declaration (Dkt.
9  405) contain highly confidential and sensitive information that must be kept confidential in order
10 to avoid causing substantial harm to Apple. The redactions specifically relate to (1) sensitive
11 contract terms and communications with record labels; (2) updates to Apple's FairPlay digital
12 rights management technology; and (3) business decisions and strategy at Apple.

13     4.    Pages 4 and 10-11 of Plaintiffs' Opposition (Dkt. 404) and Exhibits 1 and 6-7 to
14 the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive
15 business information, including information regarding sensitive contract terms and
16 communications with record labels.

17     5.    Apple's practices are that such information is to be kept highly confidential and
18 must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality
19 provisions and were produced to plaintiffs pursuant to the Stipulation and Protective Order
20 Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112).
21 Similarly, Apple's communications with the record labels contain highly confidential,
22 commercially sensitive business information and were produced plaintiffs pursuant to the
23 Protective Order. The public disclosure of this highly confidential information would cause
24 substantial harm to Apple.

25     6.    Pages 4-8 of Plaintiffs' Opposition (Dkt. 404) and Page 1 and Exhibits 2, 4, 5, 6,7,
26 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and
27 commercially sensitive business information, including information regarding updates to Apple's
28 FairPlay DRM technology.

7. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. The public disclosure of this highly confidential information would cause substantial harm to Apple.

8. Pages i, 1, 3, 6-9, and 11-12 of Plaintiffs' Opposition (Dkt. 404) and Page 2 and Exhibits 2, 4, 5, 6,7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information relating to business decisions and strategy at Apple.

9. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. The information was produced to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's business decisions and strategies would put Apple at a significant business disadvantage.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 22nd day of December, 2010 in Cupertino, California.

_Eddy Cue_ (signature)
Eddy Cue

SFI-657739v1

Decl. ISO Defendant's Response to Plaintiffs'
Amended Administrative Motion to Seal
- 3 -
C 05 00037 JW (HRL)

# Exhibit 4

| | |
|---|---|
| 1 | Robert A. Mittelstaedt #60359 |
|   | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart #129530 |
|   | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
|   | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
|   | michaelscott@jonesday.com |
| 5 | JONES DAY |
|   | 555 California Street, 26th Floor |
| 6 | San Francisco, CA 94104 |
|   | Telephone: (415) 626-3939 |
| 7 | Facsimile: (415) 875-5700 |

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) |
| | [CLASS ACTION] |
| | **DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Mark Buckley, declare as follows:

1. I am a Financial Analyst at Apple Inc. ("Apple"). I have held this position since August 15, 2005. I submit this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 434, "Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information. The redacted portions of pages 5

- 1 -

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

1 and 6 of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions (Dkt. 432) and page 2 of the Bernay Declaration in support thereof (Dkt. 433) contain confidential descriptions of data regarding Apple's transactions with iPod resellers that must be kept confidential in order to avoid causing substantial harm to Apple.

3. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Data regarding Apple's transactions with iPod resellers was produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). The public disclosure of this highly confidential information would cause substantial harm to Apple.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 13 day of January, 2011 in Cupertino, California.

*Mark Buckley*
Mark Buckley

SFI-658673v1

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

- 2 -

# Exhibit 5

1  Robert A. Mittelstaedt #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael T. Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA 94104
   Telephone:    (415) 626-3939
7  Facsimile:    (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) |
|---|---|
| | [CLASS ACTION] |
| | **DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Mark Buckley, declare as follows:

1. I am a Financial Analyst at Apple Inc. ("Apple"). I have held this position since August 15, 2005. I submit this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 475, "Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information. Plaintiffs' Motion for Class

- 1 -

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

Certification (Dkt. 477) and the Sweeney (Dkt. 478) and Noll (Dkt. 479) declarations in support thereof contain highly confidential information regarding iPod and iTunes Store pricing, including pricing strategy and information considered by Apple when setting iPod and iTunes Store prices; information regarding costs of manufacturing and selling iPods and costs associated with the sale of music through the iTunes Store; and information regarding Apple's margins on iPod and iTunes Store sales.

3. Apple's practices are that such information is kept highly confidential and is not disclosed to the public. This information was produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). The public disclosure of information regarding Apple's pricing decisions and iPod and iTunes Store costs would put Apple at a business disadvantage.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 25 day of January, 2011 in Cupertino, California.

*Mark Buckley*
Mark Buckley

SFI-659999v1