Robert A. Mittelstaedt  #60359
ramittelstaedt@jonesday.com
Craig E. Stewart  #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S RESPONSE TO ORDER TO SHOW CAUSE**<br><br>Date:         February 7, 2014<br>Time:         3:30 p.m.<br>Courtroom: 5<br>Judge:        Hon. Yvonne Gonzalez Rogers |

Apple and its counsel understand that, under this Court's Standing Order in Civil Cases, an order setting deadlines for a summary judgment motion does not excuse compliance with the pre-filing conference requirements.  Unfortunately, Apple and its counsel mistakenly thought that a pre-filing conference for its current summary judgment motion was not required given previous proceedings in this action.  Judge Ware had previously authorized a motion for summary judgment to be filed after the close of expert discovery; Apple had disclosed the general nature of

its motion; and the Court had approved briefing and hearing schedules for the specific motion. In these circumstances, neither party nor their counsel thought further leave of the Court was necessary. It is clear, however, from this Court's January 29 Order that this understanding was incorrect. We apologize to the Court for not complying with the pre-filing requirements.

We provide a brief discussion of the events leading up to the filing of the summary judgment motion to show that our understanding, although mistaken, was in good faith. When the action was pending before Judge Ware, Apple moved for summary judgment on the threshold ground that its software updates, as a matter of law, were not exclusionary acts under Section 2 of the Sherman Act. *See* Dkt. No. 473. With the Court's approval, Apple filed this motion in advance of expert discovery in an effort to efficiently resolve the case. *See* Dkt. Nos. 381, p. 5; 392. Judge Ware granted summary judgment as to iTunes 4.7 and denied it as to iTunes 7.0. *See* Dkt. No. 627.

Subsequently, over plaintiffs' objection, Judge Ware ruled that Apple could file another motion for summary judgment "addressing issues which have not yet been raised before the Court" including issues such as impact and damages for which plaintiffs intended to rely on experts. *See* Dkt. No. 713 ("nothing in the Federal Rules of Civil Procedure or the Civil Local Rules would prevent Defendant from filing a motion for summary judgment addressing issues which have not yet been raised before the Court. . . .[T]he Court finds no reason to deny Defendant the ability to challenge [the expert report to be filed in the future] once it becomes available, and to file any appropriate motion for summary judgment resulting from the disclosures made in that expert report.")

After this action was reassigned in September 2012, the parties' plan as outlined in joint CMC statements was to complete expert discovery and proceed to the summary judgment motion authorized by Judge Ware. Accordingly, the parties jointly submitted several case management statements and proposed orders setting out a full briefing and hearing schedule specifically for that motion. *See* Dkt. Nos. 719, 721, 727, 729. On May 31, 2013, the parties filed a stipulation to continue certain expert deadlines and proposing that the summary judgment motion be heard in February, noting again Judge Ware's statement that Apple would be permitted to move for

1  summary judgment on issues not previously raised.  Dkt. No. 729.  The Court adopted the
2  proposed briefing schedule for the summary judgment motion, adding that the hearing date was
3  "to be set once Court has availability to consider motions."  Dkt. No. 730.   In October 2013, the
4  parties proposed changing the briefing schedule in light of delays in expert discovery, noting that
5  "the sufficiency of plaintiffs' expert testimony will be the focus of Apple's motion for summary
6  judgment motion . . . "  Dkt. No. 734-1, at 4.  On November 1, 2013, the Court adopted the
7  proposed revised briefing schedule and set the hearing on Apple's motion for February 18, 2014.
8  Dkt. No. 735.

In these circumstances, Apple and its counsel believed that further leave of the Court was not required.  Plaintiffs and their counsel voiced no disagreement.  As noted, however, it is clear from the Court's order that this mutual understanding was mistaken.  Apple respectfully submits that no sanctions are required because its failure to comply with the Standing Rule was an unintentional, good faith mistake as outlined above, and the parties have now complied with the requirements of this Court's Standing Order.  If any sanctions are awarded, they should be directed to counsel because this was counsel's mistake.  Apple and its counsel will be prepared at the February 7th hearing to discuss the grounds for its summary judgment motion which are summarized in its three-page letter to the Court and a new hearing date, and again apologizes for not complying with this Court's Standing Order.

Dated: February 3, 2014                    JONES DAY

                                          By:/s/ Robert A. Mittelstaedt
                                             Robert A. Mittelstaedt

                                          Counsel for Defendant APPLE INC.

SFI-852100v2