Case 4:05-cv-00037-YGR   Document 767-3   Filed 02/03/14   Page 1 of 10

ROBBINS GELLER RUDMAN
 & DOWD LLP
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 |
| | DATE: TBD<br>TIME: TBD<br>CTRM: 5, 2nd Floor<br>JUDGE: Hon. Yvonne Gonzalez Rogers |

**REDACTED VERSION OF DOCUMENT SOUGHT TO BE PARTIALLY SEALED**

913149_1

## I. INTRODUCTION

In response to the July 19, 2013 expert reports of Professors Murphy and Topel, Professor Noll submitted his Rebuttal Declaration of Roger G. Noll on Liability and Damages on November 25, 2013 ("Noll Rebuttal").[1] In the Noll Rebuttal, Professor Noll was tasked with ▓▓▓▓ ▓▓▓▓ ▓▓▓▓ Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 2. In his Rebuttal he addressed the criticisms directed towards his methodology, which is not "new" evidence as proclaimed by Apple.

As both parties note, rebuttal evidence is defined under Rule 26 of the Federal Rules of Civil Procedure as "evidence [that] is intended solely to contradict or rebut evidence on the *same subject matter* identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Every analysis in the Noll Rebuttal is concerning the "same subject matter" that Apple raised in the initial Murphy and Topel expert reports. Simply because Professor Noll has amended his analysis does not change this fact. "The orderly conduct of litigation demands that expert opinions reach closure." *Miller v. Pfizer Inc.*, 356 F.3d 1326, 1334 (10th Cir. 2004). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . ." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (quoting *Beller ex. rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)).

## II. PLAINTIFFS' MOTION TO STRIKE IS IN ACCORDANCE WITH CIVIL LOCAL RULE 7-8

Contrary to Apple's assertions, Civil Local Rule 7-3 is not the appropriate rule governing plaintiffs' requested relief. The applicable rule is Civil Local Rule 7-8, which states that any motion for sanctions "must be separately filed." Civil L.R. 7-8(a). Here, plaintiffs are requesting exclusionary sanctions to be imposed upon Apple for untimely filing the Supplemental Expert Report of Kevin M. Murphy and Robert H. Topel, dated December 20, 2013 ("Supplemental Expert

---

[1] All references to ("Sweeney MSJ Opp. Decl.") are to the Declaration of Bonny E. Sweeney in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll, dated January 13, 2014.

913149_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR    - 1 -

Report"). Plaintiffs have thus appropriately filed a separate motion to strike in accordance with Civil Local Rule 7-8.

### III. PROFESSOR NOLL'S REBUTTAL CONSISTS OF ONLY RESPONSIVE ARGUMENTS

Defendant justifies the Apple Supplemental Report because "[r]ather than defending his original regression models and damages estimates, [Professor Noll] submitted new regressions and 180 pages of new exhibits." Def's Opp. at 3. Professor Noll amended his regressions in response to the criticisms leveled against his original regressions.[2] Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 1. First, Professor Noll employed the use of quantity weights rather than frequency weights, which ███████████████████████████████████████████████ ███████████████████████████████████████████████ *Id.* at 5. Also addressing Murphy and Topel's criticisms, Professor Noll utilized the scalar variable of time as opposed to the logarithm of time (although there is no theoretical justification for choosing one over the other here), amended the date at which iTunes adopted a DRM-free format of music (although the initial change may have occurred on January 6, iTunes was not completely DRM-free until March 29, so this is a conservational adjustment), and amended the treatment of the indicator variable for Harmony to address when Harmony became available. *Id.* at 5, 6. With respect to Murphy and Topel's criticisms that were directed at clustering, the but-for world, and omitted variables, Professor Noll addresses these in his rebuttal report and determines that these changes ███████████ ███████████████████████████████████████ *Id.* at 6-11.

---

[2] Apple falsely asserts that Professor Noll's new regressions drastically altered the damages estimates. Def's Opp. at 1. ████████████████████████████████████████████ ████████████████████████████████████████ Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 3. ████████████████████████████████ ████████████████████████████████████████████ *Id.* at 51 & Ex. 4. ████████████████████████████ *Id.*, Ex. 1 (Noll Liability and Damages Report) at 77 & Ex. 14. ████████████████████ *Id.*, Ex. 2 (Noll Rebuttal) at 51 & Ex. 4. ████████████████████ *Id.* at 12 & Ex. 4. ██████████████ *Id.*

1  This does not make his analysis "new." *See, e.g., Kirola v. City & County of San Francisco*,
2  No. 07-3685 SBA (EMC), 2010 U.S. Dist. LEXIS 7355, at *6 (N.D. Cal. Jan. 29, 2010) ("As a
3  general matter, courts have permitted additional data to be used in a rebuttal report so long as it is of
4  the same subject matter."); *In re Genetically Modified Rice Litig.*, Case No., 4:06MD1811 CDP,
5  2010 U.S. Dist. LEXIS 116135, at *160 (E.D. Mo. Nov. 1, 2010) ("An expert may introduce new
6  methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's
7  expert."). In *Genetically Modified Rice*, the expert's "econometric analysis report addresses
8  previously disclosed methods and issues. The remainder either responds to a specific criticism by
9  one of [defendant's] experts or it responds to [defendant's] experts' general criticism that [plaintiff's
10 expert's] previous conclusions were incorrect" and "new methods are also offered to rebut
11 [defendant's] experts' criticisms and fall within the same subject matter as [defendant's] experts'
12 criticisms." *Id.* at *160-*161. That is exactly the situation here.

13  First, Apple argues that Professor Noll "abandoned the argument that 'lock-in' would cause
14 an immediate impact and replaced it with a new theory that prices would have increased immediately
15 because certain customers supposedly were 'locked out' from using an iPod due to the amount of
16 RealNetworks music they owned." Def's Opp at 4. This is a mischaracterization of Professor Noll's
17 analysis. Professor Noll's "lock out" theory is not new and has been a part of his analysis since the
18 beginning. *See, e.g.*, Sweeney MSJ Opp. Decl., Ex. 50 (12/18/13 Noll Dep.) at 79:8-10 █████
19 ████████████████████████████████████████████████████████████████████ *id.* at
20 102:9-15 ██████████████████████████████████████████████████████████████████
21 ████████████████████████████████████████████████████████████████████████████
22 ████████████████████████████████████████████████████████████████████████████
23 █████████

24  Professor Noll's analysis concerning the treatment of the iTunes 4.7 and iTunes 7.0 variable
25 changed for two reasons, both of which were in response to Murphy and Topel's criticisms, and
26 neither of which justify the Supplemental Expert Report. First, Murphy and Topel proposed using
27 two indicators for Harmony to account for the two versions of the program relevant to this litigation.
28

Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 25. In response, Professor Noll adopted this proposal and separated the variables as part of his analysis. *Id.*

Second, Apple's experts argued that the "Harmony Blocked" variable should be set to one until the end of the data period so as to measure the harm arising from the replacement of earlier versions of iTunes that the Court had ruled to be legal. *Id.* However, responding to Apple's experts, Noll explained that this would not make sense, because 7.0 replaced 4.7 in many models.[3] *Id.* at 26.

Finally, the cases Apple relies upon are inapposite. In *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008), the court excluded the expert's report because the expert had introduced entirely new regressions that were purportedly based on "new" information. However, the court determined that this "new" information was in actuality public information that the expert could have located and utilized in her initial report. *Id.* Here, unlike in *In re Graphics Processing Units*, Professor Noll's changes to his methodology were in response to criticisms raised in the expert reports Murphy and Topel filed in July 2013 as well as new information produced by Apple (only after Noll submitted the Noll Corrections Report) concerning which iPods contained the ▇. In *Wendt v. Host Int'l Inc.*, 125 F.3d 806 (9th Cir. 1997), the Ninth Circuit reversed the district court's summary judgment decision and noted that "both parties now have ample opportunity to begin the expert disclosure procedure anew." *Id.* at 814. Here, plaintiffs had limited time to prepare for the new depositions of Murphy and Topel and Professor Noll had a limited period to produce his Supplemental Rebuttal Report and there is no opportunity to "begin the expert disclosure procedure anew." And in *AZ Holding, LLC v. Frederick*, No. CV-08-0276, 2009

---

[3] In the Noll Liability and Damages Report, Professor Noll's analysis was based on his understanding that Harmony was disabled on all iPods sold after September 12, 2006. Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 25-26. It was not until *after* the submission of the Noll Corrections Report that Apple confirmed that the ▇ was not enabled on all of the iPod models, and provided evidence identifying the specified models, thereby causing Professor Noll to respond to this new information and Apple's criticisms by setting the "Harmony Blocked" indicator to one for those models not affected by iTunes 7.0. *Id.* at 26. Although Apple's counsel had informally notified plaintiffs' counsel that not all of the iPod models contained the ▇, it was not until July 2, 2013, that Apple disclosed the full extent of the affected models in the Supplemental Declaration of Augustin Farrugia. ▇ *Id.*, Ex. 59 (Farrugia Supp. Decl.) at 1. It was not until this juncture that Plaintiffs were able to fully realize the extent of the error of Apple's previous representations.

913149_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF
KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR       - 4 -

1  U.S. Dist. LEXIS 74515, at *18 (D. Ariz. Aug. 10, 2009), part of the court's rationale for permitting
2  the use of the contested untimely expert was defendant's claim that the witness was to be used solely
3  as a rebuttal witness. Apple has not similarly limited Murphy and Topel's role.

## IV. CONCLUSION

Professor Noll's Rebuttal is directly responsive to Murphy and Topel's initial reports or addresses the late information produced by Apple identifying affected iPods. As a result, the Supplemental Expert Report is untimely and plaintiffs respectfully request that their motion to strike be granted. Alternatively, plaintiffs request that the Court also consider Professor Noll's Rebuttal to the Supplemental Expert Report (Supplemental Rebuttal Declaration of Roger G. Noll on Liability and Damages, dated January 13, 2014). Apple does not oppose the proposed alternative relief.

DATED: February 3, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL


                s/ Bonny E. Sweeney
              BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

Class Counsel for Plaintiffs

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

913149_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF
KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR       - 5 -

| | |
|---|---|
| 1 | |
| 2 | BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C. |
| 3 | ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR. |
| 4 | ELAINE A. RYAN<br>2325 E. Camelback Road, Suite 300 |
| 5 | Phoenix, AZ 85016<br>Telephone: 602/274-1100 |
| 6 | 602/274-1199 (fax) |
| 7 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN |
| 8 | 10680 West Pico Blvd., Suite 280<br>Los Angeles, CA 90064 |
| 9 | Telephone: 310/836-6000<br>310/836-6010 (fax) |
| 10 | GLANCY BINKOW & GOLDBERG LLP |
| 11 | BRIAN P. MURRAY<br>122 East 42nd Street, Suite 2920 |
| 12 | New York, NY 10168<br>Telephone: 212/382-2221 |
| 13 | 212/382-3944 (fax) |
| 14 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 15 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 |
| 16 | Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 17 | Additional Counsel for Plaintiffs |
| 18 | |
| ... | |
| 28 | |

913149_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF
KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR     - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on February 3, 2014.

        s/ Bonny E. Sweeney
        BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-3301
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:      bonnys@rgrdlaw.com

913149_1

# Mailing Information for a Case 4:05-cv-00037-YGR "The Apple iPod iTunes Anti-Trust Litigation"

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  tcarpenter@bffb.com,pjohnson@bffb.com,rcreech@bffb.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Thomas Robert Merrick**
  tmerrick@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)