Robert A. Mittelstaedt  (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart  (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:       (415) 626-3939
Facsimile:        (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 YGR<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (ECF NO. 766)** |

/ / /

/ / /

/ / /

**I.     INTRODUCTION**

Pursuant to Local Rule 79-5, Apple supports Plaintiffs' Administrative Motion to File Under Seal Portions of its Letter dated February 3, 2014 (ECF No. 766, "Administrative Motion"). Specifically, Apple supports sealing those portions of the letter that are based upon, refer to, summarize, paraphrase, or otherwise relate to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Protective Order (ECF No. 112) and Supplemental Protective Order (ECF No. 395). Plaintiffs have lodged with the Court redacted portions of its letter and a proposed order authorizing Plaintiffs to file those portions under seal.

Apple files this response and the accompanying declaration of David C. Kiernan in support of the narrowly tailored order authorizing sealing the letter, on the grounds that there are compelling reasons and good cause to protect the confidentiality of sensitive information contained or referred to in the redacted portions of the letter. Similar information has been previously sealed in this case. *See* Kiernan Decl. ¶ 3. For the Court's convenience, the Kiernan declaration attaches declarations in support of previous motions to file under seal, which establish the sealability of such information.

**II.    STANDARD**

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). For documents submitted with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80.

**III.   THERE ARE COMPELLING REASONS AND GOOD CAUSE TO SUPPORT FILING PORTIONS OF THE LETTER UNDER SEAL**

As described in the exhibits accompanying the Kiernan Declaration, portions of Plaintiffs' letter that Apple requests sealed contain confidential and commercially sensitive information

relating to Apple's pricing policies and alleged overcharges for certain Apple products. Apple keeps information relating to its pricing policies confidential and the public disclosure of information relating to or otherwise disclosing the contents of such policies would cause Apple harm. Kiernan Decl., Ex. 1. The disclosure of such information could give third-parties (including individuals responsible for competitive decision-making) insights into the confidential and sensitive aspects of Apple's pricing policies, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Apple.

Additionally, information regarding Apple business decisions or strategy, including iPod pricing decisions and sales strategies at Apple (including any alleged price overcharges for iPods), is highly confidential and commercially sensitive business information. *See* Kiernan Decl., Exs. 1-3. The information was produced to plaintiffs pursuant to the Protective Order. *Id*. This information is non-public information that should remain confidential. *Id*. The public disclosure of information regarding Apple's business and pricing strategies would put Apple at a business disadvantage. *Id*. Similar information has previously been sealed in this case. *See* ECF Nos. 525, 526.

Such sensitive pricing and business strategy information should be sealed to protect Apple's competitive advantage in the marketplace. *See Stout v. Hartford Life & Accident Ins. Co. et al.*, No. CV 11-6186, 2012 U.S. Dist. LEXIS 172088, at *6-7 (N.D. Cal. Dec. 4, 2012) (granting motion to seal documents containing confidential and proprietary pricing information that could be used by competitors to their advantage); *In re Elec. Arts, Inc. v. U.S. Dist. Court for the Northern Dist. of California*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (district court erred in denying motion to seal portions of contract that contained pricing terms disclosure of which posed harm to petitioner's competitive standing); *Caplan v. CNA Fin. Corp.*, No. 2008 U.S. Dist. LEXIS 119680, at *6-7 (N.D. Cal. Feb. 12, 2008) (granting motion to seal service contract containing pricing information the "disclosure of [which could] permit a competitor to determine the rates charged by [defendant] for services").

### IV.  CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court grant Plaintiffs'

Administrative Motion to File Under Seal Portions of its Letter Dated February 3, 2014 (ECF No. 766).

Dated: February 6, 2014          Jones Day

By: /s/ David C. Kiernan
      David C. Kiernan

Attorneys for Defendant
APPLE INC.

SFI-852361v1

- 4 -

Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05-00037 YGR