Robert A. Mittelstaedt  (State Bar No. 60359)
ramittelstaedt@jonesday.com
Craig E. Stewart  (State Bar No. 129530)
cestewart@jonesday.com
David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
Amir Q. Amiri (State Bar No. 271224)
aamiri@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:      (415) 626-3939
Facsimile:       (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 YGR<br><br>[CLASS ACTION]<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL (ECF NO. 767)** |

/ / /

/ / /

/ / /

## I. INTRODUCTION

Pursuant to Local Rule 79-5, Apple supports Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Reply Memorandum in Support of its Motion to Strike the Supplemental Report of Kevin M. Murphy and Robert H. Topel Dated December 20, 2013 (ECF No. 767, "Administrative Motion"). Specifically, Apple supports sealing page 2, footnote 2 and page 4, line 15 and footnote 3, as they are based upon, refer to, summarize, paraphrase, or otherwise relate to information that Apple designated as "Confidential—Attorneys Eyes Only" under the Protective Order (ECF No. 112) and Supplemental Protective Order (ECF No. 395). Apple does not request sealing of the remaining portions of Plaintiffs' reply memorandum. Plaintiffs have lodged with the Court redacted portions of the reply memorandum and Apple submits herewith a proposed order authorizing Plaintiffs to file those portions Apple requests redacted under seal.

Apple files this response and the accompanying declaration of David C. Kiernan in support of the narrowly tailored order authorizing sealing the reply memorandum, on the grounds that there are compelling reasons and good cause to protect the confidentiality of sensitive information contained or referred to in the redacted portions of plaintiffs' reply memorandum. The proposed sealing order filed herewith is based on the Protective Order and Supplemental Protective Order governing discovery in this case and proof that particularized harm to Apple will result if the sensitive information is publicly released. Similar information has been previously sealed in this case. *See* Kiernan Decl. ¶ 3. For the Court's convenience, the Kiernan declaration attaches declarations in support of previous motions to file under seal, which establish the sealability of such information.

## II. STANDARD

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Where the documents are submitted in connection with a dispositive motion, the Ninth Circuit has ruled that documents should be sealed when "compelling reasons" exist for protecting information from public disclosure. *Kamakana v.*

*City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). For documents submitted with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id*. at 1179-80.

### III. THERE ARE COMPELLING REASONS AND GOOD CAUSE TO SUPPORT FILING PORTIONS OF THE REPLY MEMORANDUM UNDER SEAL

As described in the exhibits accompanying the Kiernan Declaration, portions of Plaintiffs' reply memorandum that Apple requests sealed contain confidential and commercially sensitive information relating to Apple's pricing policies and alleged overcharges for certain Apple products (*e.g*, page 2, footnote 2), as well as Apple's updates to its digital rights management (DRM) technology (*e.g*, page 4, line 15 and footnote 3). Apple keeps information relating to these topics confidential and the public disclosure of information relating to or otherwise disclosing the contents of such policies would cause Apple harm. Kiernan Decl., Exs. 1-4. The disclosure of such information could give third-parties (including individuals responsible for competitive decision-making) insights into the confidential and sensitive aspects of Apple's business, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Apple.

For example, information regarding Apple business decisions or strategy, including iPod pricing decisions and sales strategies at Apple (including any alleged price overcharges for iPods), is highly confidential and commercially sensitive business information. *See* Kiernan Decl., Exs. 1-3. The information was produced to plaintiffs pursuant to the Protective Order. *Id*. This information is non-public information that should remain confidential. *Id*. The public disclosure of information regarding Apple's business and pricing strategies would put Apple at a business disadvantage. *Id*. Similar information has previously been sealed in this case. *See* ECF Nos. 525, 526.

Such sensitive pricing and business strategy information should be sealed to protect Apple's competitive advantage in the marketplace. *See Stout v. Hartford Life & Accident Ins. Co. et al.*, No. CV 11-6186, 2012 U.S. Dist. LEXIS 172088, at *6-7 (N.D. Cal. Dec. 4, 2012) (granting motion to seal documents containing confidential and proprietary pricing information

1 that could be used by competitors to their advantage); *In re Elec. Arts, Inc. v. U.S. Dist. Court for the Northern Dist. of California*, 298 Fed. Appx. 568, 569 (9th Cir. 2008) (district court erred in denying motion to seal portions of contract that contained pricing terms disclosure of which posed harm to petitioner's competitive standing); *Caplan v. CNA Fin. Corp.*, No. 2008 U.S. Dist. LEXIS 119680, at *6-7 (N.D. Cal. Feb. 12, 2008) (granting motion to seal service contract containing pricing information the "disclosure of [which could] permit a competitor to determine the rates charged by [defendant] for services").

Further, portions of the reply brief also contain highly confidential information regarding Apple's FairPlay technology.  FairPlay is a highly protected trade secret, and Apple uses physical and electronic controls to protect it.  The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance.  Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters.  Information regarding FairPlay, including information regarding updates to FairPlay, is kept highly confidential and was produced to plaintiffs pursuant to the Protective Order and Supplemental Protective Order.  This information is non-public information that should remain confidential.  Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information. See Kiernan Decl. Ex. 4.  Similar information has been previously sealed in this case in relation to Apple's Motion to Dismiss or, Alternatively, for Summary Judgment and Plaintiffs' Opposition to Apple's Renewed Motion for Summary Judgment.  Kiernan Decl. ¶ 3; ECF Nos. 340, 527.

## IV.   CONCLUSION

For the foregoing reasons, Apple respectfully requests that this Court grant Plaintiffs' Administrative Motion to File Under Seal Portions of Plaintiffs' Reply Memorandum in Support of Plaintiffs' Motion to Strike the Supplemental Report of Kevin M. Murphy and Robert H. Topel Dated December 20, 2013 (ECF No. 767) consistent with the foregoing.

| | | |
|---|---|---|
| 1 | Dated: February 6, 2014 | Jones Day |
| 2 | | |
| 3 | | By: /s/ David C. Kiernan |
| 4 | | David C. Kiernan |
| 5 | | Attorneys for Defendant<br>APPLE INC. |

SFI-852353v1