# Exhibit 1

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) |
|---|---|
| | [CLASS ACTION] |
| | **DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Mark Buckley, declare as follows:

1. I am a Financial Analyst at Apple Inc. ("Apple"). I have held this position since August 15, 2005. I submit this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 475, "Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information. Plaintiffs' Motion for Class

- 1 -

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

1. Certification (Dkt. 477) and the Sweeney (Dkt. 478) and Noll (Dkt. 479) declarations in support thereof contain highly confidential information regarding iPod and iTunes Store pricing, including pricing strategy and information considered by Apple when setting iPod and iTunes Store prices; information regarding costs of manufacturing and selling iPods and costs associated with the sale of music through the iTunes Store; and information regarding Apple's margins on iPod and iTunes Store sales.

3. Apple's practices are that such information is kept highly confidential and is not disclosed to the public. This information was produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). The public disclosure of information regarding Apple's pricing decisions and iPod and iTunes Store costs would put Apple at a business disadvantage.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 25 day of January, 2011 in Cupertino, California.

*Mark Buckley*
Mark Buckley

SFI-659999v1

# Exhibit 2

| | |
|---|---|
| 1 | Robert A. Mittelstaedt #60359 |
|   | ramittelstaedt@jonesday.com |
| 2 | Craig E. Stewart #129530 |
|   | cestewart@jonesday.com |
| 3 | David C. Kiernan #215335 |
|   | dkiernan@jonesday.com |
| 4 | Michael T. Scott #255282 |
|   | michaelscott@jonesday.com |
| 5 | JONES DAY |
|   | 555 California Street, 26th Floor |
| 6 | San Francisco, CA 94104 |
|   | Telephone: (415) 626-3939 |
| 7 | Facsimile: (415) 875-5700 |
| 8 | Attorneys for Defendant |
|   | APPLE INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL) |
| | [CLASS ACTION] |
| | **DECLARATION OF MARK BUCKLEY IN SUPPORT OF APPLE INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

I, Mark Buckley, declare as follows:

1. I am a Financial Analyst at Apple Inc. ("Apple"). I have held this position since August 15, 2005. I submit this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal (Dkt. 434, "Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information. The redacted portions of pages 5

- 1 -

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

1 and 6 of Plaintiffs' Motion Regarding Schedule for Class Certification and Depositions (Dkt. 432) and page 2 of the Bernay Declaration in support thereof (Dkt. 433) contain confidential descriptions of data regarding Apple's transactions with iPod resellers that must be kept confidential in order to avoid causing substantial harm to Apple.

3. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Data regarding Apple's transactions with iPod resellers was produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). The public disclosure of this highly confidential information would cause substantial harm to Apple.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 13 day of January, 2011 in Cupertino, California.

*/s/ Mark Buckley*
Mark Buckley

SFI-658673v1

Decl. ISO Apple Inc.'s Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL)

- 2 -

# Exhibit 3

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br><br>[CLASS ACTION]<br><br>**DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' AMENDED ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**Judge**: Honorable Howard R. Lloyd<br>**Date**: January 18, 2011<br>**Time**: 10:00 a.m.<br>**Place**: Courtroom 2-5th Floor |

I, Eddy Cue, declare as follows:

1. I am Vice President, Internet Services at Apple Inc. ("Apple"). I have held this position since August 2008. I have had responsibility for the iTunes Store since 2003.

2. I submit this declaration in support of Defendant's Response to Plaintiffs'

- 1 -

Decl. ISO Dependent's Response to Plaintiffs'
Amended Administrative Motion to Seal
C 05 00037 JW (HRL)

Amended Administrative Motion to File Under Seal Portions of Plaintiffs' Opposition to Apple Inc.'s Motion for Protective Order Preventing Deposition of Steve Jobs, Portions of the Bernay Declaration and Exhibits 1-4 and 6-11 Pursuant to Local Rule 79-5(b) and (c) ("Administrative Motion"). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

3. The relief requested in the Administrative Motion is necessary and narrowly tailored to protect Apple's highly confidential and commercially sensitive business information. The redacted portions of the Plaintiffs' Opposition (Dkt. 404) and the Bernay Declaration (Dkt. 405) contain highly confidential and sensitive information that must be kept confidential in order to avoid causing substantial harm to Apple. The redactions specifically relate to (1) sensitive contract terms and communications with record labels; (2) updates to Apple's FairPlay digital rights management technology; and (3) business decisions and strategy at Apple.

4. Pages 4 and 10-11 of Plaintiffs' Opposition (Dkt. 404) and Exhibits 1 and 6-7 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information regarding sensitive contract terms and communications with record labels.

5. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Apple's contracts with record labels are subject to confidentiality provisions and were produced to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Dkt. 112). Similarly, Apple's communications with the record labels contain highly confidential, commercially sensitive business information and were produced plaintiffs pursuant to the Protective Order. The public disclosure of this highly confidential information would cause substantial harm to Apple.

6. Pages 4-8 of Plaintiffs' Opposition (Dkt. 404) and Page 1 and Exhibits 2, 4, 5, 6, 7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information regarding updates to Apple's FairPlay DRM technology.

7. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. The public disclosure of this highly confidential information would cause substantial harm to Apple.

8. Pages i, 1, 3, 6-9, and 11-12 of Plaintiffs' Opposition (Dkt. 404) and Page 2 and Exhibits 2, 4, 5, 6, 7, 8, 9, 10, and 11 to the Bernay Declaration (Dkt. 405) contain highly confidential and commercially sensitive business information, including information relating to business decisions and strategy at Apple.

9. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. The information was produced to plaintiffs pursuant to the Protective Order. The information produced to plaintiffs is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the redacted information contained in these documents. The public disclosure of information regarding Apple's business decisions and strategies would put Apple at a significant business disadvantage.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 22nd day of December, 2010 in Cupertino, California.

*/s/ Eddy Cue*
Eddy Cue

SFI-657739v1

Decl. ISO Defendant's Response to Plaintiffs'
Amended Administrative Motion to Seal
- 3 -
C 05 00037 JW (HRL)

# Exhibit 4

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF JEFFREY ROBBIN IN SUPPORT OF APPLE'S ADMINISTRATIVE MOTION TO SEAL** |
|---|---|

I, Jeffrey Robbin, declare as follows:

1. I am the Vice President of iTunes and Apple TV Engineering at Apple. I make this declaration in support of Apple's Administrative Motion To File Under Seal. The facts stated in this declaration are true and based upon my own personal knowledge and, if called to testify to them, I would competently do so.

2. Apple's Motion to Dismiss or, Alternatively, Motion for Summary Judgment, and the Declaration of Jeffrey Robbin in support thereof, contain highly confidential and commercially sensitive business information, including confidential details of Apple's FairPlay digital rights management (DRM) technology and updates to that technology, confidential

- 1 -

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

contract terms, and confidential communications between Apple and record labels regarding the distribution of music through the iTunes Store and Apple's FairPlay DRM technology. Apple keeps this information highly confidential and does not publicly disclose it.

3. Apple's FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Only a few Apple employees have access to and work on FairPlay, and they work in restricted areas. Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of the information.

4. Apple's contracts with record labels, which include information regarding the manner in which FairPlay protects music sold through the iTunes Store, are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112). Similarly, Apple's communications with the record labels regarding FairPlay's operation and the distribution of music through Apple's iTunes Store are kept highly confidential and have not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. This information is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of this highly confidential information. For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 11 day of February, 2010 in Cupertino, California.

_____
Jeffrey Robbin

SFI-629192v4

- 2 -

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)