| | |
|---|---|
| 1 | Robert A. Mittelstaedt (State Bar No. 60359) |
| | ramittelstaedt@JonesDay.com |
| 2 | Craig E. Stewart (State Bar No. 129530) |
| | cestewart@JonesDay.com |
| 3 | David C. Kiernan (State Bar No. 129530) |
| | dkiernan@JonesDay.com |
| 4 | Amir Q. Amiri (State Bar No. 271224) |
| | aamiri@jonesday.com |
| 5 | JONES DAY |
| | 555 California Street, 26th Floor |
| 6 | San Francisco, CA 94104 |
| | Telephone: +1.415.626.3939 |
| 7 | Facsimile: +1.415.875.5700 |

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| **The Apple iPod iTunes Antitrust Litigation** | Case No. C 05-00037 |
| This Document Relates To: | **APPLE'S L.R. 7-3(D)(1) OBJECTION TO THE SUPPLEMENTAL DECLARATION OF JEFFREY M. WOOLDRIDGE (ECF NO. 763-5)** |
| ALL ACTIONS | Date: TBD |
| | Judge: Hon. Yvonne Gonzalez Rogers |
| | Courtroom: 5 |

Pursuant to Local Rule 7-3(D)(1), Apple objects to the new "supplemental" Wooldridge declaration plaintiffs submitted with their reply in support of their motion to exclude one aspect of the Murphy and Topel opinions. This new declaration (i) violates the rule that a moving party cannot introduce new evidence in reply, (ii) violates the scheduling order and Rule 26 governing timing of expert disclosures, and (iii) is unreliable under *Daubert*. Moreover, Wooldridge has not been made available for deposition, and Apple's experts have not had an opportunity to respond.

***First***, plaintiffs' submission violates the well-established rule that a moving party may not offer new material in its reply memorandum.[1] The "supplemental" declaration offers ***new***

---

[1] *Graves v. Arpaio*, 623 F.3d 1043, 1048 (9th Cir. 2010) ("[A]rguments raised for the first time in

opinions, analyses, and exhibits that should have been included in his first declaration. Indeed, the first 26 pages purports to "***provide additional support*** for Professor Noll's calculation of standard errors," discussing literature, theories, and formulas not discussed in his previous declaration. Supp. Dec. at 1 (ECF No. 763-5) (emphasis added). It also includes "theory and simulation evidence" that Wooldridge completed after he had submitted his first declaration but ***before*** his deposition on January 6. *Id.* at 16-17; Wooldridge Dep. at 13:8-13 (Ex. 11 to Apple's Opp. (ECF No. 754-6)). Plaintiffs and Wooldridge failed to produce this evidence despite a subpoena requesting it, claiming Wooldridge was ***not*** relying on it for any of his opinions. *See* Ex. 2 to Kiernan Decl., filed herewith, at 1:19-21; Wooldridge Dep. at 13:8-13 ("Q: Okay. So you're not relying on the simulations that you've done after submitting your declaration as a basis for any of the opinions in your report? A: No, I'm not.").[2] No justification exists for this clear form of sandbagging.

As for the remaining seven pages that purport to respond to Apple's opposition, they improperly contradict Wooldridge's deposition testimony or attempt to add further bases that should have been included in his original report. *See Avila v. Willits Env. Remediation Tr.*, No. C 99-3941 SI, 2008 U.S. Dist. LEXIS 19742, *50 (N.D. Cal. Feb. 6, 2008) ("Plaintiffs' attempt to characterize [expert's] supplemental declaration as "rebuttal" lacks merit, since much of this second declaration contains statements of opinion and explanations of methodology that could and should have been included in [expert's] original *prima facie* declaration."); *see also Pierce v. Kaiser*, No. CV 09-03837, 2010 U.S. Dist. LEXIS 117396, *23 n.3, 25 (N.D. Cal. Nov. 4, 2010).

***Second***, the new declaration was served long after the expert cut off in violation of the scheduling order and Rule 26(a). Rule 26(e) permits a party to supplement or correct a previous

---

(continued…)

a reply brief are waived ."); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should not consider new evidence submitted in reply without providing opposing party opportunity to respond); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.5 (N.D. Cal. 2005) (striking new evidence contained in declaration filed in support of reply memorandum*); Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in [a] reply brief is improper.").

[2] The only document plaintiffs' produced in response to the subpoena was a copy of Wooldridge's engagement letter. *See* Kiernan Decl. at ¶ 4.

Apple's Obj. to Supp. Wooldridge Decl.
C 05-00037

disclosure based on new evidence. But it does not provide a medium "for unlimited bolstering of expert opinions," which is precisely what the new declaration attempts to do. *Medtronic Vascular, Inc. v. Abbott Cardiovascular Sys.*, No. C-06-1066 PJH (EMC), 2008 U.S. Dist. LEXIS 112148, *7 (N.D. Cal. Oct. 15, 2008); *Avila*, 2008 U.S. Dist. LEXIS 19742 at 52 (same); *see also Storage Tech. Corp.*, 2001 U.S. Dist. LEXIS at *10 (striking supplemental report because "[w]hile technically within the scope of the conclusory statements contained in [opening] expert report . . . [it] explain[s] for the first time and with requisite detail, [expert's] opinions and the bases and reasons for those opinions.").[3]

***Third***, the opinions in the new declaration are unreliable. Wooldridge's preference for the "potential outcomes approach" over clustering is contrary to generally accepted principals of econometrics, have not been peer reviewed, and were manufactured for this litigation. Opp at 13-17.[4] Wooldridge argues for "combining" "sampling theory" with his preferred potential outcomes approach. But as he acknowledges, the research he relies on is only in its "***preliminary stages***" without even a working paper to support it. Supp. Decl. at 10-11.[5] In other words, his sole basis for rejecting clustering is something he came up with for this litigation, is not generally accepted, and has not been peer reviewed. *Johnson v. Manitowoc Boom Trucks, Inc.*, 484 F.3d 426 (6th Cir. 2007) (theories and opinions "conceived, executed, and invented solely in the context of th[e] litigation" are per se inadmissible). The same is true for his new "theory and simulation evidence" that he failed to produce until now. At deposition and in his new declaration he conceded that he did not develop the theory or simulation evidence until "after writing the declaration [and] thinking about the merits of this case." Wooldridge Dep. at 62:18-

---

[3] Plaintiffs wrongly state that the Rule 26 timing and disclosure requirements apply only to testifying witnesses and not in the *Daubert* context. *See Jeffries v. Centre Life Ins. Co.*, No. 1:02-cv-351, 2004 WL 5506494, *1 (S.D. Ohio Jan. 28, 2004) (rejecting plaintiffs' view because it evades purpose of discovery, and *Daubert* proceedings are integral to trial); *Reed v. Smith & Nephew, Inc.*, 527 F. Supp. 2d 1336, 1348 (W.D. Okla. 2007) (striking under 26(a)(1) untimely expert affidavit supporting a *Daubert* motion).

[4] Wooldridge abandons his position that clustering is not appropriate when using population data and now concedes that clustering (what Wooldridge calls the super population or model-based approach) or his "preferred" approach must be used in this case. *Id*. at 7.

[5] Contrary to Wooldridge's assertion, Apple's experts gave a clear reason for why they clustered at the family/quarter level. Opp. at p. 10-11; Murphy Dep. at 265-68 (attached as Ex. 1 to Apple's *Daubert* Opp.).

24. Finally, Wooldridge's attempt to support his novel theory of "ex post clustering" confirms that it was manufactured for this litigation. The only support he points to beyond the theory and simulations discussed above is his work on stratified sampling. At deposition, however, he admitted that his "ex post clustering" opinions are not supported by that work. *Id*. at 91:17-93:2. And he could point to no other authority that supported it. *Id.*

Finally, Wooldridge has not been made available for deposition on his new declaration, and Apple's experts have had no opportunity to respond to his original or new declaration. *Provenz*, 102 F.3d at 1483 (court should not consider new evidence submitted in reply without providing opposing party opportunity to respond); *Medtronic*, 2008 U.S. Dist. LEXIS 112148 at *7 (same).

Dated: February 7, 2014                                     Respectfully submitted,

                                                            By: /s/ David C. Kiernan
                                                                David C. Kiernan

                                                            Counsel for Defendant
                                                            APPLE INC.

- 4 -

Apple's Obj. to Supp. Wooldridge Decl.
C 05-00037