# Exhibit 1

**Subject:** Fw: Wooldridge -- Litigation Engagements

**From:** Amir Amiri
Extension: 35860

01/02/2014 04:48 PM

**To:** XanB

**Cc:** David Kiernan

| | |
|---|---|
| From: | Amir Amiri/JonesDay  Ext. 35860 |
| To: | XanB@rgrdlaw.com, |
| Cc: | David Kiernan/JonesDay@JonesDay |

Xan,

Attached, please find a deposition subpoena and notice of same for Dr. Wooldridge.

Further -- and I left you a voicemail regarding this issue -- we would request that Dr. Wooldridge produce documents at the deposition. As you may recall, at the time we served the document subpoena to Dr. Wooldridge, it was not yet clear when we would take Dr. Wooldridge's deposition. The document subpoena called for production on January 7, 2014. Since then, we have confirmed Dr. Wooldridge's deposition for January 6, the day before the production is due. Accordingly, the attached deposition subpoena requests that Dr. Wooldridge produce the requested documents at the time of his deposition.

Additionally, we request that you provide us with whatever documents you can prior to the deposition so that we can effectively prepare. We trust that we can at least have responses to Requests 8 and 9 as these are likely already in your possession.

Regards,

Amir

Wooldridge Subpoena.PDF

Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

----- Forwarded by Amir Amiri/JonesDay on 01/02/2014 04:16 PM -----

| | |
|---|---|
| From: | Amir Amiri/JonesDay |
| To: | XanB@rgrdlaw.com, |
| Cc: | David Kiernan/JonesDay@JonesDay |
| Date: | 12/30/2013 06:14 PM |
| Subject: | Fw: Wooldridge -- Litigation Engagements |

Xan,

Attached please find a document subpoena for Dr. Wooldridge. We trust you are accepting service on his behalf, as has been the practice in this case. Please let us know if we are mistaken and you are not accepting service.

Regards,

Amir



SFI_848026_1_Wooldridge -- Doc Subpoena.PDF

Amir Q. Amiri
Associate
JONES DAY® - One Firm Worldwide℠
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

----- Forwarded by Amir Amiri/JonesDay on 12/30/2013 06:10 PM -----

| | |
|---|---|
| From: | Amir Amiri/JonesDay |
| To: | XanB@rgrdlaw.com, |
| Cc: | David Kiernan/JonesDay@JonesDay |
| Date: | 12/30/2013 11:12 AM |
| Subject: | Wooldridge -- Litigation Engagements |

Hi Xan,

Reading through Dr. Wooldridge's expert report and CV, I did not find a list of previous litigation engagements.  Do you have this information on hand or can you get it for us?

Thanks,

Amir

Amir Q. Amiri
Associate
JONES DAY® - One Firm Worldwide℠
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system

without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected
by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| The Apple iPod iTunes Anti-Trust Litigation | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   4:05-cv-00037 YGR |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:   Jeffrey M. Wooldridge, Ph.D.
      c/o Alexandra Bernay, Robbins Geller Rudman & Dowd LLP, 655 West Broadway #1900, San Diego, CA 92101
                                *(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101 | Date and Time:<br><br>01/06/2014 10:00 am |
|---|---|

The deposition will be recorded by this method:   Stenographic, audio and visual means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    01/02/2014

     *CLERK OF COURT*

                               OR

_____          _____
   *Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*    Apple Inc.
_____ , who issues or requests this subpoena, are:

Amir Amiri, Jones Day, 555 California Street, 26th Floor, San Francisco, CA 94101
aamiri@jonesday.com; 415-626-3939

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A  (Rev.  12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  4:05-cv-00037 YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                              *Server's signature*

                                         _____
                                              *Printed name and title*

                                         _____
                                              *Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

Schedule A
Jeffrey M. Wooldridge, Ph.D.

## I.    DEFINITIONS

1.    "You" or "Your" shall mean Jeffrey M. Wooldridge, Ph.D., and any assistant, employee, consultant, intern, manager or other agent or representative of Jeffrey M. Wooldridge, Ph.D.

2.    "Document(s)" is intended to be interpreted in the broadest possible sense under Fed. R. Civ. P. 34(a)(1), and includes, but is not limited to, every writing or record of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or which you have knowledge, including, but not limited to, correspondence, contracts, emails, memoranda, stenographic notes, handwritten notes, drafts studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, models, devices, pictures, photographs, films, tapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular document is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or electronic storage device).

3.    "Regarding" or "reflecting" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, mentions, pertains directly or indirectly to, reflects, refers to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

4.    The words "and" and "or", "any" and "all", and "between" and "among" shall be construed interchangeably and as necessary to make the request inclusive rather than exclusive.

## II.    INSTRUCTIONS

1.    The documents to be produced pursuant to these requests specifically embrace all documents in your possession, custody or control, and all documents within the possession, custody or control of any of your employees, employers, consultants, attorneys, associates, agents, representatives, partners, or any other person acting or purporting to act on your behalf.

2.    All non-identical copies of every document whose production is sought shall be separately produced.

3.    All documents shall be produced that respond to any part, clause, or sentence of any paragraph of these requests.

4.    If this subpoena cannot be responded to in full, you shall respond to the extent possible, specify the reason for your inability to respond to the remainder, and state whatever information or knowledge you have regarding the portion to which you have not responded.

## III.    RELEVANT TIME PERIOD

Unless otherwise specified, the Relevant Time Period is up to and including the date upon which you respond, or if you amend your responses, the date of your amendment.

## IV.    DOCUMENT REQUESTS

1.    All documents you reviewed, consulted or relied on in forming or reaching any opinion you offered or intend to offer in this case. For any unaltered documents that have been produced by any party to this action, you may provide a list of the production numbers of documents considered by you, rather than copies of those documents.

2.      All documents containing, reflecting, or summarizing any data or other information upon which you relied in forming any opinions stated by you in any declaration or report (including in any and all supplemental, corrected or rebuttal reports) submitted in this action. For any unaltered document that has been produced by any party to this action, you may provide a list of the production numbers of documents provided to you, rather than copies of the documents.

3.      All documents reflecting any statements made by you, including, but not limited to, all deposition transcripts, declarations, affidavits, reports and/or transcripts of court testimony given in any litigation in which you were retained as an expert during the past four years.

4.      All documents containing or reflecting any statements or opinions offered by you regarding the calculation of standard errors in regression analyses, including but not limited to, accounting for correlation of error terms or residuals.

5.      All documents containing or reflecting any statements or opinions offered by you regarding the clustering, cluster sampling, and/or cluster analysis.

6.      All versions of your curriculum vitae since 2003. To the extent the later created documents merely add to prior versions, and no information is deleted, it is sufficient to produce only the later created, more complete document.

7.      All of your publications, presentations and/or speeches.

8.      All billings, invoices, time records, and other documents reflecting work performed by you in connection with this action.

9.      Each and every document reflecting any employment arrangement or arrangement for compensation by and between you and class counsel in this action, including, but not limited to, written engagement letters.

1   Robert A. Mittelstaedt  #60359
    ramittelstaedt@jonesday.com
2   Craig E. Stewart  #129530
    cestewart@jonesday.com
3   David C. Kiernan #215335
    dkiernan@jonesday.com
4   Amir Q. Amiri #271224
    aamiri@jonesday.com
5   JONES DAY
    555 California Street, 26th Floor
6   San Francisco, CA  94104
    Telephone:    (415) 626-3939
7   Facsimile:    (415) 875-5700

8   Attorneys for Defendant
    APPLE INC.
9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                        OAKLAND DIVISION

13

14   THE APPLE iPOD iTUNES ANTI-TRUST          Case No.  C 05-00037 YGR
     LITIGATION
15                                             [CLASS ACTION]

16   ──────────────────────────────           NOTICE OF SUBPOENA TO
                                               TESTIFY AT DEPOSITION IN A
17   This Document Relates To:                 CIVIL ACTION

18   ALL ACTIONS

19

20   TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

21          PLEASE TAKE NOTICE that pursuant to Rules 30 and 45 of the Federal Rules of Civil

22   Procedure, Apple Inc. will take the deposition of the following individual at the date, time and

23   place specified below:

24

25

| NON-PARTY | DATE/TIME | LOCATION |
|---|---|---|
| Jeffrey M. Wooldridge, Ph.D | January 6, 2014 10:00 a.m. | Robbin Geller Rudman & Dowd LLP 655 West Broadway, Suite 1900 San Diego, CA 92101 |

26

27

28
    ──
                                    1                    Notice of Subpoena To Testify
                                                         at Deposition In a Civil Action
                                                         C 05-00037 YGR

1          PLEASE TAKE FURTHER NOTICE that the deposition will be recorded by using the

2  stenographic method, through the instant visual display of testimony and by audio and videotaped

3  means.

4          PLEASE TAKE FURTHER NOTICE that the witness, Jeffrey M. Wooldridge, Ph.D

5  and/or his representatives, must also bring with them to the deposition the documents,

6  electronically stored information, or objects identified in the attached Schedule A and must

7  permit inspection, copying, testing, and/or sampling of the material.

8          PLEASE TAKE FURTHER NOTICE that the non-party may be held in contempt of court

9  pursuant to Federal Rule of Civil Procedure 45(e) if he fails without adequate excuse to obey the

10  subpoena served upon him and that the non-party has certain legal rights in response to Apple's

11  subpoena served upon him as provided in Federal Rules of Civil Procedure 45(c) and (d).  These

12  rights are reproduced in full at page three of the subpoena served upon the non-party.

13

14  Dated: January 2, 2014                  Jones Day

15

16                                                  By: _____

17                                          Amir Q. Amiri

18                                  Attorneys for Defendant
                                              APPLE INC.

19

20  SFI-848129v1

21

22

23

24

25

26

27

28

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

| | |
|---|---|
| The Apple iPod iTunes Anti-Trust Litigation | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   4:05-cv-00037 YGR |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   Jeffrey M. Wooldridge, Ph.D.
c/o Alexandra Bernay, Robbings Geller Rudman & Dowd LLP, 655 West Broadway #1900, San Diego, CA 92101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached Schedule A

| Place: Jones Day<br>555 California Street, 26th Floor<br>San Francisco, CA 94101 | Date and Time:<br>01/07/2013 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/30/2013

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   Apple Inc.
_____ , who issues or requests this subpoena, are:

Amir Amiri, 555 California Street, 26th Floor, San Francisco, CA 94104
aamiri@jonesday.com, 415-626-3939

### Notice to the person who issues or requests this subpoena
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 4:05-cv-00037 YGR

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                    *Server's signature*

                                                    _____
                                                    *Printed name and title*

                                                    _____
                                                    *Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Schedule A
Jeffrey M. Wooldridge, Ph.D.

## I.    DEFINITIONS

1.    "You" or "Your" shall mean Jeffrey M. Wooldridge, Ph.D., and any assistant, employee, consultant, intern, manager or other agent or representative of Jeffrey M. Wooldridge, Ph.D.

2.    "Document(s)" is intended to be interpreted in the broadest possible sense under Fed. R. Civ. P. 34(a)(1), and includes, but is not limited to, every writing or record of every type and description and every tangible thing that is or has been in your possession, custody, or control, to which you have access, or which you have knowledge, including, but not limited to, correspondence, contracts, emails, memoranda, stenographic notes, handwritten notes, drafts studies, publications, books, pamphlets, catalogs, purchase orders, receipts, advertisements, direct mail solicitations, point-of-sale and point-of-purchase materials, notebooks, models, devices, pictures, photographs, films, tapes, computer records, voice recordings, maps, reports, surveys, minutes, data compilations, and statistical compilations, regardless of whether a particular document is privileged or confidential, and regardless of the form of storage (including, but not limited to, paper, microfiche, magnetic tape, magnetic disk, CD-ROM, DVD, optical disk, or electronic storage device).

3.    "Regarding" or "reflecting" means, without limitation, anything that, in whole or in part, analyzes, comments upon, comprises, concerns, constitutes, contains, describes, discusses, embodies, evidences, explains, identifies, mentions, pertains directly or indirectly to, reflects, refers to, responds to, states, summarizes, or is in any way relevant to the particular subject matter identified.

4. The words "and" and "or", "any" and "all", and "between" and "among" shall be construed interchangeably and as necessary to make the request inclusive rather than exclusive.

## II.    INSTRUCTIONS

1. The documents to be produced pursuant to these requests specifically embrace all documents in your possession, custody or control, and all documents within the possession, custody or control of any of your employees, employers, consultants, attorneys, associates, agents, representatives, partners, or any other person acting or purporting to act on your behalf.

2. All non-identical copies of every document whose production is sought shall be separately produced.

3. All documents shall be produced that respond to any part, clause, or sentence of any paragraph of these requests.

4. If this subpoena cannot be responded to in full, you shall respond to the extent possible, specify the reason for your inability to respond to the remainder, and state whatever information or knowledge you have regarding the portion to which you have not responded.

## III.    RELEVANT TIME PERIOD

Unless otherwise specified, the Relevant Time Period is up to and including the date upon which you respond, or if you amend your responses, the date of your amendment.

## IV.    DOCUMENT REQUESTS

1. All documents you reviewed, consulted or relied on in forming or reaching any opinion you offered or intend to offer in this case. For any unaltered documents that have been produced by any party to this action, you may provide a list of the production numbers of documents considered by you, rather than copies of those documents.

2.     All documents containing, reflecting, or summarizing any data or other information upon which you relied in forming any opinions stated by you in any declaration or report (including in any and all supplemental, corrected or rebuttal reports) submitted in this action. For any unaltered document that has been produced by any party to this action, you may provide a list of the production numbers of documents provided to you, rather than copies of the documents.

3.     All documents reflecting any statements made by you, including, but not limited to, all deposition transcripts, declarations, affidavits, reports and/or transcripts of court testimony given in any litigation in which you were retained as an expert during the past four years.

4.     All documents containing or reflecting any statements or opinions offered by you regarding the calculation of standard errors in regression analyses, including but not limited to, accounting for correlation of error terms or residuals.

5.     All documents containing or reflecting any statements or opinions offered by you regarding the clustering, cluster sampling, and/or cluster analysis.

6.     All versions of your curriculum vitae since 2003. To the extent the later created documents merely add to prior versions, and no information is deleted, it is sufficient to produce only the later created, more complete document.

7.     All of your publications, presentations and/or speeches.

8.     All billings, invoices, time records, and other documents reflecting work performed by you in connection with this action.

9.     Each and every document reflecting any employment arrangement or arrangement for compensation by and between you and class counsel in this action, including, but not limited to, written engagement letters.

SFI-847909v1

# Exhibit 2



Subject:
The Apple iPod iTunes Anti-Trust Litigation, Lead Case No. C-05-00037-YGR
From:
Shonda Landry
01/08/2014 03:44 PM
To:
'ramittelstaedt@jonesday.com', 'cestewart@jonesday.com', 'dkiernan@jonesday.com',
'aamiri@jonesday.com'
Cc:
Bonny Sweeney, Xan Bernay, "Carmen Medici", Jennifer Caringal
Hide Details
From: Shonda Landry <SLandry@rgrdlaw.com>
To: "'ramittelstaedt@jonesday.com'" <ramittelstaedt@jonesday.com>,
"'cestewart@jonesday.com'" <cestewart@jonesday.com>, "'dkiernan@jonesday.com'"
<dkiernan@jonesday.com>, "'aamiri@jonesday.com'" <aamiri@jonesday.com>,
Cc: Bonny Sweeney <BonnyS@rgrdlaw.com>, Xan Bernay <XanB@rgrdlaw.com>,
"Carmen Medici" <cmedici@rgrdlaw.com>, Jennifer Caringal <JCaringal@rgrdlaw.com>

2 Attachments

            

Wooldridge00001-6 highly confidential.pdf  Jeffrey M Wooldrige's Response to Apple Inc's Subpoena.pdf

Counsel,

Please find attached Jeffrey M. Wooldridge's Response to Apple Inc.'s Subpoena and Retention Agreement.
A hard copy will follow by U.S. Mail.

Thank you,



Shonda L. Landry
Legal Secretary
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel 619 231 1058  |  Fax 619 231 7423



**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

1   ROBBINS GELLER RUDMAN
      & DOWD LLP
2   BONNY E. SWEENEY (176174)
    THOMAS R. MERRICK (177987)
3   ALEXANDRA S. BERNAY (211068)
    CARMEN A. MEDICI (248417)
4   JENNIFER N. CARINGAL (286197)
    655 West Broadway, Suite 1900
5   San Diego, CA 92101
    Telephone: 619/231-1058
6   619/231-7423 (fax)
    bonnys@rgrdlaw.com
7   tomm@rgrdlaw.com
    xanb@rgrdlaw.com
8   cmedici@rgrdlaw.com
    jcaringal@rgrdlaw.com
9
    Class Counsel for Plaintiffs
10

11                    UNITED STATES DISTRICT COURT

12                  NORTHERN DISTRICT OF CALIFORNIA

13                         OAKLAND DIVISION

14  THE APPLE IPOD ITUNES ANTI-TRUST      )   Lead Case No. C-05-00037-YGR
15  LITIGATION                            )
                                          )   CLASS ACTION
16  _____      )
                                          )
17  This Document Relates To:             )   JEFFREY M. WOOLDRIDGE'S RESPONSE
                                          )   TO APPLE INC.'S SUBPOENA
18       ALL ACTIONS.                     )
    _____      )

19

20

21

22

23

24

25

26

27

28

904790_1

1    Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Jeffrey M. Wooldridge hereby

2    responds to the document requests in the Attachments as to the subpoenas served on him by Apple

3    Inc.

4    **I.    PRELIMINARY STATEMENT**

5    Professor Wooldridge objects to Apple Inc.'s requests to the extent that responding to the

6    requests would impose obligations on Professor Wooldridge  beyond those set forth in the Federal

7    Rules of Civil Procedure as modified by the parties' Stipulation and Order Regarding Discovery

8    Related to Testifying Experts in this Matter ("Stipulation and Order"), entered by the Court on July

9    11, 2008.  Professor Wooldridge will respond to these requests consistent with the requirements of

10   the Stipulation and Order.

11   REQUEST NO. 1:

12   All documents you reviewed, consulted or relied on in forming or reaching any opinion you

13   offered or intend to offer in this case.  For any unaltered documents that have been produced by any

14   party to this action, you may provide a list of the production numbers of documents considered by

15   you, rather than copies of those documents.

16   RESPONSE TO REQUEST NO. 1:

17   Professor Wooldridge objects to this request to the extent that it would impose obligations

18   beyond those set forth in the parties' Stipulation and Order.  Subject to this objection and consistent

19   with the Stipulation and Order, Professor Wooldridge responds that he has produced or otherwise

20   identified all documents on which he relied in rendering his opinions set forth in his declaration

21   dated December 20, 2013.

22   REQUEST NO. 2:

23   All documents containing, reflecting, or summarizing any data or other information upon

24   which you relied in forming any opinions stated by you in any declaration or report (including in any

25   and all supplemental, corrected or rebuttal reports) submitted in this action.  For any unaltered

26   document that has been produced by any party to this action, you may provide a list of the

27   production numbers of documents provided to you, rather than copies of the documents.

28

RESPONSE TO REQUEST NO. 2:

Professor Wooldridge objects to this request to the extent that it would impose obligations beyond those set forth in the parties' Stipulation and Order. Subject to this objection and consistent with the Stipulation and Order, Professor Wooldridge responds that he has produced or otherwise identified all documents on which he relied in rendering his opinions set forth in his Declaration dated December 20, 2013.

REQUEST NO. 3:

All documents reflecting any statements made by you, including, but not limited to, all deposition transcripts, declarations, affidavits, reports and/or transcripts of court testimony given in any litigation in which you were retained as an expert during the past four years.

RESPONSE TO REQUEST NO. 3:

Professor Wooldridge objects to this request to the extent that it would impose obligations beyond those set forth in the parties' Stipulation and Order. Professor Wooldridge further objects that this request is overbroad and unduly burdensome as it requests "[a]ll documents reflecting any statements made" by Professor Wooldridge. Professor Wooldridge further objects to the extent that this request seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege or doctrine. Professor Wooldridge also objects to the extent this request seeks documents that are not relevant to the subject matter of this action or not reasonably calculated to lead to the discovery of admissible evidence, and to the extent that this request seeks documents subject to a court sealing order or that are otherwise protected from disclosure. Professor Wooldridge will read this request to call for declarations, affidavits, reports or testimony submitted or given in the actions responsive to Request No. 3. Subject to these objections and consistent with the Stipulation and Order, Professor Wooldridge responds that he has no responsive documents to this request.

REQUEST NO. 4:

All documents containing or reflecting any opinions and/or testimony offered by you regarding the calculation of standard errors in regression analyses, including but not limited to, accounting for correlation of error terms or residuals.

1  RESPONSE TO REQUEST NO. 4:

2       Professor Wooldridge objects to this request to the extent that it would impose obligations

3  beyond those set forth in the parties' Stipulation and Order.  Professor Wooldridge further objects on

4  the ground that requesting "[a]ll documents containing or reflecting any opinions and/or testimony

5  offered by you" is overly broad and unduly burdensome. Professor Wooldridge further objects to the

6  extent that this request seeks information protected by the attorney-client privilege, the attorney

7  work-product doctrine or any other applicable privilege or doctrine.  Professor Wooldridge will read

8  this request to call for opinions offered in a report, declaration, affidavit or testimony submitted or

9  given in another action. Professor Wooldridge also objects on the ground that "regarding the

10  calculation of standard errors in regression analyses" is vague, ambiguous, overly broad, and unduly

11  burdensome. Professor Wooldridge further objects to the extent that this request seeks documents

12  submitted pursuant to a court sealing order or that are otherwise protected from disclosure. Professor

13  Wooldridge objects to the extent this request seeks documents that are not relevant to the subject

14  matter of this action or not reasonably calculated to lead to the discovery of admissible evidence.

15  Subject to these objections and consistent with the Stipulation and Order, Professor Wooldridge

16  responds that that he has no responsive documents to this request.

17  REQUEST NO. 5:

18       All documents containing or reflecting any statements or opinions offered by you regarding

19  the clustering, cluster sampling, and/or cluster analysis.

20  RESPONSE TO REQUEST NO. 5:

21       Professor Wooldridge objects to this request to the extent that it would impose obligations

22  beyond those set forth in the parties' Stipulation and Order. Professor Wooldridge objects that "[a]ll

23  documents containing or reflecting any statements or opinions offered by you" is vague, ambiguous,

24  overly broad and unduly burdensome. Professor Wooldridge further objects to the extent that this

25  request seeks information protected by the attorney-client privilege, the attorney work-product

26  doctrine or any other applicable privilege or doctrine. Professor Wooldridge will read it to call for

27  opinions offered in a report, declaration, affidavit or testimony submitted or given in another action.

28  Professor Wooldridge also objects on the ground that "regarding the clustering, cluster sampling,

1  and/or cluster analysis" is vague, ambiguous, overly broad, and unduly burdensome. Professor

2  Wooldridge further objects to the extent that this request seeks documents submitted pursuant to a

3  court sealing order or that are otherwise protected from disclosure. Professor Wooldridge objects to

4  the extent this request seeks documents that are not relevant to the subject matter of this action or not

5  reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and

6  consistent with the Stipulation and Order, Professor Wooldridge  responds that he has no responsive

7  documents to this request.

8  REQUEST NO. 6:

9         All versions of your curriculum vitae since 2003.  To the extent the later created documents

10  merely add to prior versions, and no information is deleted, it is sufficient to produce only the later

11  created, more complete document.

12  RESPONSE TO REQUEST NO. 6:

13         Professor Wooldridge objects to this request to the extent that it would impose obligations

14  beyond those set forth in the parties' Stipulation and Order.  Professor Wooldridge also objects to the

15  extent that this request seeks documents that are not relevant to the subject matter of this action or

16  not reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections

17  and consistent with the Stipulation and Order, Professor Wooldridge responds that he has previously

18  produced his complete curriculum vitae.

19  REQUEST NO. 7:

20         All of your publications, presentations and/or speeches.

21  RESPONSE TO REQUEST NO. 7:

22         Professor Wooldridge objects to this request to the extent that it would impose obligations

23  beyond those set forth in the parties' Stipulation and Order. Professor Wooldridge further objects on

24  the ground that the request is overly broad and unduly burdensome. Professor Wooldridge also

25  objects to the extent that this request seeks documents that are not relevant to the subject matter of

26  this action or not reasonably calculated to lead to the discovery of admissible evidence. Professor

27  Wooldridge objects to this request on the ground that it is unduly burdensome and oppressive to the

28  extent that they it requests publicly available information, information already in Apple's possession,

1  custody or control, or information equally available to Apple. Subject to these objections and
2  consistent with the Stipulation and Order, Professor Wooldridge responds that responsive documents
3  are listed in his curriculum vitae.

4  REQUEST NO. 8:

5      All billings, invoices, time records, and other documents reflecting work performed by you in
6  connection with this action.

7  RESPONSE TO REQUEST NO. 8:

8      Professor Wooldridge objects to this request to the extent that it would impose obligations
9  beyond those set forth in the parties' Stipulation and Order. Professor Wooldridge further objects to
10  this request on the ground that it seeks duplicative information (e.g., invoices and time records that
11  reflect the same information). Professor Wooldridge objects to this request on the ground that it is
12  vague, ambiguous, overly broad and unduly burdensome to the extent that it seeks all documents
13  reflecting all "work performed by you in connection with this action." Professor Wooldridge further
14  objects to the extent that this request seeks information protected by the attorney-client privilege, the
15  attorney work-product doctrine or any other applicable privilege or doctrine. Subject to these
16  objections and consistent with the Stipulation and Order, Professor Wooldridge responds that he has
17  no responsive documents to this request.

18  REQUEST NO. 9:

19      Each and every document reflecting any employment arrangement or arrangement for
20  compensation by and between you and class counsel in this action, including, but not limited to,
21  written engagement letters.

22  RESPONSE TO REQUEST NO. 9:

23      Professor Wooldridge objects to this request to the extent that it would impose obligations
24  beyond those set forth in the parties' Stipulation and Order. Subject to this objection and consistent
25  with the Stipulation and Order, Professor Wooldridge will produce documents responsive to this
26  request.

27  DATED: January 7, 2014

28                                                      Jeffrey M. Wooldridge

1                DECLARATION OF SERVICE BY MAIL AND E-MAIL

2       I, the undersigned, declare:

3       1.     That declarant is and was, at all times herein mentioned, a citizen of the United States

4 and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested

5 party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San

6 Diego, California 92101.

7       2.     That on January 8, 2014 declarant served the attached JEFFREY M.

8 WOOLDRIDGE'S RESPONSE TO APPLE INC.'S SUBPOENA by depositing a true copy thereof

9 in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully

10 prepaid and addressed to the parties listed below.

11       3.     That there is a regular communication by mail between the place of mailing and the

12 place so addressed.

13       4.     Also on January 8, 2014, I served the attached JEFFREY M. WOOLDRIDGE'S

14 RESPONSE TO APPLE INC.'S SUBPOENA on the parties in the within action by e-mail addressed

15 as follows:

16 **COUNSEL FOR DEFENDANTS:**

17

| NAME | FIRM | EMAIL |
|---|---|---|
| Robert A. Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| Craig E. Stewart | Jones Day | cestewart@jonesday.com |
| David C. Kiernan | Jones Day | dkiernan@jonesday.com |
| Amir Q. Amiri | Jones Day | aamiri@jonesday.com |

22      I declare under penalty of perjury that the foregoing is true and correct. Executed on

23 January 8, 2014, at San Diego, California.

                          _____

                            SHONDA L. LANDRY

APPLE TYING

Service List - 1/8/2014    (06-0171)

Page 1 of  1

**Counsel for Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
  415/626-3939
  415/875-5700(Fax)

**Counsel for Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Bonnett, Fairbourn, Friedman & Balint, P.C.
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
  602/274-1100
  602/274-1199(Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
  310/836-6000
  310/836-6010(Fax)

Brian P. Murray
Glancy Binkow & Goldberg LLP
122 East 42nd Street, Suite 2920
New York, NY  10005
  212/682-5340
  310/201-9160(Fax)

Bonny E. Sweeney
Alexandra S. Bernay
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423(Fax)

Roy A. Katriel
The Katriel Law Firm
1101 30th Street, N.W., Suite 500
Washington, DC  20007
  202/625-4342
  866/373-4023(Fax)