United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTITRUST LITIGATION**<br><br>**This Order Relates to:**<br><br>**All Actions** | Case No.: 05-CV-0037 YGR<br><br>**ORDER SETTING CONFERENCE RE: TRIAL PREPARATION; DENYING WITHOUT PREJUDICE ADMINISTRATIVE MOTIONS TO SEAL** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

In light of the Court's denial of the motion for summary judgment of defendant Apple, Inc., numerous issues regarding the trial set in this case require prompt attention. As previously ordered, this case is set for a two-week jury trial beginning **November 17, 2014**. The Court intends to streamline that trial as much as is feasible without undue prejudice to the parties. *See generally In re High Fructose Corn Syrup Antitrust Litig.*, 295 F.3d 651, 665-66 (7th Cir. 2002) (discussing methods for streamlining complex antitrust trial involving statistical proof and expert testimony). Doing so will require immediate and significant preparation by both the parties and the Court.

Accordingly, the Court shall hold a status conference at **9:00 a.m. on Friday, October 3, 2014,** in Courtroom 1 of the United States Courthouse located at 1301 Clay Street in Oakland, California. The personal attendance of lead trial counsel is required. Trial counsel shall be prepared to review and address the following issues:

1. The issues set forth in the Court's standing order relating to pretrial instructions for civil cases;
2. The appropriateness of bifurcating the liability phase of the trial from the damages phase pursuant to Federal Rule of Civil Procedure 42(b); and
3. The overbroad approach to sealing taken in connection with the summary judgment motion, *Daubert* motions, and motion to strike resolved in the Court's concurrently filed Order.  Not only do the parties' sealing requests overreach, but they were docketed improperly and in numerous ways filed improperly.  For example, the request to seal the amount of damages sought or the prices of iPods (which by definition are public) is wholly unjustified.  Further, a random review of other requests shows similar overreaching and infects the reasonableness of the entire submission, which exceeds over 7750 pages for the Court to review.

Accordingly, all pending administrative motions to seal are **DENIED WITHOUT PREJUDICE** to refiling after the Court addresses the parties regarding basic principles and rulings which should eliminate the need to refile many, if not most, of the administrative motions to seal, and attendant documents at issue.  The parties shall be prepared to address each motion and shall have accessible all documents in the format filed in ECF.  The Court will access the same through ECF, and as such, the parties should be prepared to address the documents as they appear in ECF and to reference the documents by ECF docket number.

This terminates Docket Nos. 737, 740, 750-51, 754, 758, 762-63, and 766-67.

**IT IS SO ORDERED**.

Date: September 26, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**