UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTITRUST LITIGATION**<br><br>**This Order Relates to:**<br>**All Actions** | **Case No.: 05-CV-0037 YGR**<br><br>**PRE-TRIAL ORDER NO. 1** |

**TO ALL PARTIES AND COUNSEL OF RECORD:**

On October 3, 2014, the Court held a pretrial conference. All parties were present. The Court enters the following orders emanating from that conference.

1. Trial is estimated to last ten (10) court days including jury selection. Plaintiff anticipates five to eight (5-8) witnesses. Defense anticipates six to eight (6-8) witnesses.

2. **Pretrial Filings:**

    a. Pretrial Conference Statement is due October 14, 2014.

    b. The statement shall include the following items from the Court's Pretrial Instructions in Civil Cases:

        i. Section 2.a.: Parties shall identify each claim and/or affirmative defense to be submitted to the jury and any attendant claim for damages.

      ii. Section 2.b: With respect to the list of stipulations, the parties shall indicate the form in which those stipulations will be presented to the jury.

      iii. Section 2.c.: Parties shall limit the response to this section to issues outside the scope of jury instructions.

  c. The statement shall attach a proposed two-page additional questionnaire for the jurors. If possible, the proposed questionnaire should be jointly submitted.

3. **Trial Readiness Binder:**

    The parties shall deliver two (2) Trial Readiness Binders.

4. **Expert Witnesses:**

    Parties are advised that copies of a curriculum vitae or the experts' reports themselves are not admissible. However, the Court will entertain a joint request to admit them.

5. **Motions *in Limine*:**

  a. The Court hereby orders: (a) that witnesses shall be excluded until testimony is completed; (b) that there shall be no reference to or evidence presented of settlement discussions, mediation, or insurance; and (c) that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists. A motion *in limine* refers "to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Luce v. United States*, 469 U.S. 38, 40, n. 2 (1984).

  b. The Court confirms that the parties have exchanged motions i*n limine* as required per the standing order. With respect to the expert issues discussed on the record, the motion shall be filed on Tuesday, October 7, 2014. The opposition shall be filed on October 14, 2014. The parties shall then deliver two chambers copies on October 15, 2014 organized in the manner set forth in the standing order.

1. c. Parties shall be responsible for admonishing all witnesses of the Court's pretrial rulings. Failure to comply with a ruling by the Court may result in sanctions, including without limitation the striking of the witness's entire testimony.
6. **Jurors Issues:**
    a. The Court will seat a total of nine (9) jurors and no alternates. The Court sets the number of peremptory challenges at four (4). *Batson/Wheeler* motions must be made in a timely fashion. Argument on the same shall be made outside the presence of the jury panel.
    b. Per the Court's Standing Order, the Court will give Model Instructions 1.1B, 1.2, 1.3 and/or 1.4, 1.6–1.12, 1.14–1.15, 1.19, and 3.1–3.3 from the Manual of Model Civil Jury Instructions for the Ninth Circuit (2007 Edition).
    c. Parties shall each be afforded 20 minutes to conduct additional voir dire of the jury panel.
    d. Attached hereto is a copy of the jury questionnaire issued to prescreen prospective jurors.
    e. In accordance with Model Rule of Professional Conduct 3.5(b) and Formal Opinion for 466, the parties "may review a juror's or potential juror's Internet presence, which may include postings by the juror or potential juror in advance of and during the trial, but...may not communicate directly or through another with a juror or potential juror." A party "may not, either personally or through another, send an access request to a juror's electronic social media. An access request is a communication to a juror asking the juror for information that the juror has not made public and that would not be the type of ex parte communication prohibited by Model Rule 3.5(b)."
    f. During voir dire you will be allowed to use the bathrooms in the jury room so that you do not share the facilities with the jurors. You may not linger in the jury room or use any exit door other than the one leading to the courtroom.

7. **Trial Logistics and Limits**

   a. Parties shall each be afforded 20 hours which includes opening statements and closing arguments.

   b. Parties must meet and confer to exchange any visuals, graphics or exhibits to be used in opening statements.  Unless otherwise agreed, the exchange must occur no later than the close of business on Thursday, November 6, 2014.  Any objections not resolved must be raised on Monday, November 10, 2014.  The parties are reminded that the purpose of an Opening Statement is not to argue the facts but to provide the jurors with an outline of what each side expects the evidence will show.

   c. **Depositions to be Used at Trial:** Any party intending to use a deposition transcript at trial for any purpose shall lodge the signed original (or a certified/stipulated copy if, for any reason, the original is not available) for use by the Court *and* shall have extra copies available for use by him/herself *and* the witness.  All other parties are expected to have their own copies available.   The parties shall each prepare and provide an index of the lodged transcripts and shall review the same with the courtroom deputy upon lodging the transcripts.  Before each trial day, counsel shall confer with the courtroom deputy and identify which of the transcripts may be used that day.

   d. **Video Depositions at Trial:** A video deposition may only be shown after the designations, counter-designation and objections are resolved.  A transcript shall be provided of the portions played to the jury.  The court reporter shall be relieved of her duties to transcribe that portion of the trial.  In lieu of the court reporter's transcription, the parties shall file in the docket a copy of that portion of the transcript used during the trial.  The filing shall be designated: "Plaintiff's/Defendant's Trial Related Transcript(s) for Video Deposition(s)."  The filing shall include an index listing the name of the deponent-witness and the date used during trial.

    e. **Witnesses at Trial:**  The party presenting evidence shall give the other party twenty-four (24) hours written notice of the witnesses to be called unless otherwise agreed upon by the parties themselves.  The parties are admonished that use of trial time is critical given the limited resources of the Court.  All parties must have witnesses ready and available to testify.  If the party presenting evidence does not have a witness ready to be called once a prior witness steps down, that party may be deemed to have rested its case.  Witnesses *may* be taken out of order upon stipulation or with leave of Court *provided that* the circumstances giving rise to such an accommodation are promptly called to the attention of opposing counsel and the Court.

    f. **Objections:**  There shall be no "speaking objections," and no rebuttal unless requested by the Court, in which case it shall be brief – e.g., "hearsay" and if a rebuttal requested, "Not offered for the truth."  If either counsel needs to make a better record, he/she may do so when the jury is out at the next break.

    g. **Jury Questions:**  The Court allows written jury questions which it will share with counsel at the break(s) and then place in the record.

    h. **Requests for Transcripts:**  The parties have confirmed that they will order daily transcripts of the trial.

    i. **Witness Pictures:** The parties shall provide the Court with ten (10) photographs taken of each respective party's witness for the jurors' notebooks.  The photographs shall be taken on the day of each witness's testimony in Court.

8. **Trial Decorum and Procedure:**  Counsel, parties and witnesses are expected to conduct themselves at all times – on or off the record and whether or not in the presence of a jury – in a professional and courteous manner during trial.  Do NOT approach other parties' witnesses without permission.  You may approach your own non-hostile witnesses without permission.

9. **Failure to Comply:** Failure to comply with the obligations set forth in this order will result in sanctions appropriate to the gravity of the failure, including, but not limited to monetary fines and/or terminating sanctions.

**IT IS SO ORDERED**.

Date:  October 3, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**