1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone:  (202) 237-2727
6  Facsimile:  (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
10 Oakland, CA 94612
   Telephone:  (510) 874-1000
11 Facsimile:  (510) 874-1460

12 David C. Kiernan #215335
   (dkiernan@jonesday.com)
13 JONES DAY
   555 California Street, 26th Floor
14 San Francisco, CA  94104
   Telephone:  (415) 626-3939
15 Facsimile:  (415) 875-5700

16 *Attorneys for Defendant Apple Inc.*

17                UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                     OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION] |
| ——————————————————<br>This Document Relates To:<br>ALL ACTIONS | **DECLARATION OF MARTHA L. GOODMAN IN SUPPORT OF APPLE'S MOTIONS *IN LIMINE* NOS. 1–3, 7, & 8; MOTIONS TO STRIKE EXPERT TESTIMONY**<br><br>Date:   October 29, 2014<br>Time:   9:30 AM<br>Place:  Courtroom 1, 4th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

# DECLARATION OF MARTHA L. GOODMAN

I, Martha L. Goodman, declare as follows:

1. I am an associate in the law firm of Boies, Schiller & Flexner LLP, resident in the firm's office located at 5301 Wisconsin Avenue, NW, Washington, DC 20015. I am a member in good standing of the Bar of the District of Columbia and represent Apple Inc. ("Apple") in this case.

2. I make this declaration in support of Apple's Motions *In Limine* Nos. 1–3, 7, & 8; Motions to Strike Expert Testimony. I have personal knowledge of the facts set forth herein.

3. On September 30, 2014, Apple exchanged its draft pretrial conference statement and Motions *in Limine* Nos. 1–6 with Plaintiffs pursuant to the Court's Standing Order on Pretrial Instructions In Civil Cases, and in order to meet and confer about them with Plaintiffs on October 6, 2014.

4. Plaintiffs also exchanged their draft pretrial conference statement with Apple on September 30, 2014.

5. Plaintiffs' draft pretrial conference statement proposed the following statement as an undisputed fact: "Songs sold by Apple in the DRM-free format, known as iTunes Plus, cost purchasers $0.30 more than the standard $0.99 Apple had charged for the same songs with DRM. Numerous users updated their library to DRM-free files. Apple reported that customers spent more than $20 million in iTunes Plus upgrades."

6. During the Court's October 3, 2014 status conference in this case, the Court asked whether any of the parties' pretrial filings implicated substantive legal issues. Counsel for Apple, William Isaacson, responded affirmatively and offered examples of Apple's motions *in limine* that raised substantive legal issues relating to Plaintiffs' experts' proposed testimony. The Court instructed Apple to draft its motions *in limine* to include a comprehensive list of paragraphs or page numbers in Plaintiffs' experts' reports that are affected by the motions. The Court indicated that, if the motions were granted, it would strike the paragraphs from its hard-copy binder of the experts' reports. The Court directed Apple to file the motion or motions on October 7, 2014, and

Plaintiffs to respond by October 14, 2014. Attached hereto as Exhibit A is a true and correct copy of the relevant excerpt from the final, certified transcript of the October 3, 2014 status conference.

7. On October 6, 2014, I and other lawyers from my firm engaged in a several hours-long meet-and-confer with counsel for Plaintiffs, which covered a number of pretrial subjects. At the meet and confer, John Cove, counsel for Apple, delivered Apple's Motions *in Limine* Nos. 7 (addressing the DRM-free upgrade issue raised in Plaintiffs' draft pretrial conference statement) and 8 (addressing expert testimony on intent), explaining that these motions significantly addressed expert testimony and that our understanding of the Court's October 3 order was that we should file all written motions *in limine* that related significantly to expert testimony on October 7. Counsel for Plaintiffs objected to these motions as beyond their interpretation of the Court's October 3 order and untimely exchanged, contending the Court's October 3 directive limited Apple to a single motion. Mr. Cove stated that, if time to respond were an issue, Apple would agree to a stipulation to extend the time for Plaintiffs to file oppositions to Motions *In Limine* Nos. 7 and 8, as well as Nos. 1–3 if desired, beyond October 14, 2014. Plaintiffs said that they intended to maintain their objections.

8. Apple's Motions *In Limine* Nos. 4–6 do not substantially implicate anticipated expert testimony and therefore will be filed on October 14, 2014, in accordance with the Court's Standing Order on Pretrial Instructions In Civil Cases.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 7th day of October, 2014, at Oakland, California.

　　　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Martha L. Goodman*
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Martha L. Goodman

# EXHIBIT A

**CERTIFIED COPY**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE

| | | |
|---|---|---|
| THE APPLE IPOD ITUNES ) | NO. C 05-00037 YGR |
| ANTITRUST LITIGATION ) | |
| ) | PAGES 1 - 53 |
| ) | |
| ) | STATUS CONFERENCE |
| ) | |
| ) | |
| ) | OAKLAND, CALIFORNIA |
| _____) | FRIDAY, OCTOBER 3, 2014 |

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

FOR PLAINTIFFS:       ROBBINS GELLER RUDMAN & DOWD LLP
                      655 WEST BROADWAY, SUITE 1900
                      SAN DIEGO, CALIFORNIA  92101
                  BY: BONNY E. SWEENEY,
                      ALEXANDRA S. BERNAY,
                      JENNIFER N. CARINGAL,
                      CARMEN A. MEDICI, ATTORNEYS AT LAW

                      BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                      4023 CAIN BRIDGE ROAD
                      FAIRFAX, VIRGINIA 22030
                  BY: FRANCIS J. BALINT, JR.
                      ATTORNEY AT LAW

            (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:       RAYNEE H. MERCADO, CSR NO. 8258

   PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

```
 1   PERHAPS YOU EVEN WANT TO SEPARATE THEM, THEN YOU PUT THEM IN
 2   THE RECORD.  WE -- WE ADMIT THEM OR I ADMIT THEM AS AN EXHIBIT
 3   AND -- AND WE MOVE ON.  SO THINK ABOUT THAT, OKAY, WHEN YOU
 4   MEET AND CONFER NEXT WEEK.
 5        ARE THERE GOING TO BE -- IN TERMS OF DISPUTED LEGAL
 6   ISSUES, IS THERE GOING TO BE -- BECAUSE I TAKE IT BY THIS TIME
 7   YOU SHOULD HAVE ALREADY EXCHANGED YOUR MOTIONS IN LIMINE.
 8             MR. ISAACSON:  YES, YOUR HONOR.
 9             MS. SWEENEY:  YES, YOUR HONOR.
10             THE COURT:  ALL RIGHT.  ARE THERE GOING TO BE LEGAL
11   ISSUES THAT -- THAT I NEED TO DEAL WITH?
12             MS. SWEENEY:  I THINK, YOUR HONOR, WITH RESPECT TO
13   JURY INSTRUCTIONS, THERE WILL BE SOME LEGAL ISSUES.
14             THE COURT:  OKAY.  BUT JUST WITH RESPECT TO JURY
15   INSTRUCTIONS OR ARE THERE OTHERS?
16             MR. ISAACSON:  I BELIEVE YOU WILL HAVE LEGAL ISSUES
17   TO DECIDE ON THE MOTIONS IN LIMINE.
18             THE COURT:  SUCH AS WHAT?
19             MR. ISAACSON:  FOR EXAM- -- THERE ARE ISSUES WITH
20   RESPECT TO ANTITRUST LAW AS TO WHAT CAN BE PUT BEFORE THE JURY
21   AND WHAT COULD BE PART OF THE PLAINTIFFS' CASE.
22        FOR EXAMPLE, THE PLAINTIFFS' EXPERTS MAKE ARGUMENTS THAT
23   APPLE COULD HAVE DESIGNED ITS SYSTEM DIFFERENTLY.  UNDER THE
24   ANTITRUST LAW, LESS-RESTRICTIVE ALTERNATIVES ARE NOT PART OF A
25   SECTION 2 CLAIM, OR RELEVANT.  IT'S AN IMPORTANT ARGUMENT BY
```

```
1    THE EXPERT.
2         THERE ARE ARGUMENTS --
3              THE COURT: SO WHY DIDN'T YOU --
4         ALL RIGHT. KEEP GOING.
5              MR. ISAACSON: THESE ARE NOT -- THESE ARE NOT MOTION
6    FOR SUMMARY JUDGMENT ISSUES. THESE ARE ISSUES AS TO WHAT
7    EVIDENCE COMES IN IN ORDER TO MAKE THE PLAINTIFFS' CASE.
8              THE COURT: YOU WOULD USUALLY SEE THIS AS A MOTION TO
9    STRIKE. AND I DON'T THINK I HAD A MOTION TO STRIKE A SPECIFIC
10   OPINION FROM ANY OF THE EXPERTS. I HAD *DAUBERT* BUT NOT --
11   THERE WASN'T ANY MOTION PRACTICE WHICH WOULD HAVE STRICKEN
12   PORTIONS OF THOSE EXPERT REPORTS.
13             MR. ISAACSON: WELL, BECAUSE THERE WAS A SCHEDULE FOR
14   MOTIONS IN LIMINE AS PART OF THE SCHEDULE. AND WE HAVE NO --
15   THERE'S NO RULE THAT SAYS WE HAVE TO STRIKE A PART OF THE
16   REPORT SO THAT YOU CAN'T SEE IT. THESE ARE ISSUES AS TO WHAT
17   THE JURY IS GOING TO SEE OR HEAR. AND IT'S AN ENTIRELY
18   DIFFERENT SET OF ISSUES IN TERMS OF WHAT THE COURT SEES AND
19   HEARS, BECAUSE IF THE COURT SEES AND HEARS SOMETHING THAT'S
20   ABSOLUTELY IRRELEVANT, WE CAN -- WE CAN SAY IN PAPERS OR IN
21   SUMMARY JUDGMENT PROCEEDINGS, THAT'S IRRELEVANT.
22        THAT'S NOT THE CASE WITH THE JURY.
23             THE COURT: OKAY. SO HOW MUCH OF THE REPORT, THEN,
24   ARE YOU SEEKING TO STRIKE AND WHOSE REPORT?
25             MR. ISAACSON: THERE ARE PORTIONS OF TECHNICAL
```

1  EXPERT, DR. MARTIN, OF PLAINTIFFS.  AND PORTIONS OF THE
2  REPORTS OF DR. NOLL, WHICH REFER TO LEAST-RESTRICTIVE
3  ALTERNATIVES, AND THERE ARE OTHER ISSUES AS TO WHETHER WE HAD
4  ANY OBLIGATION TO PROVIDE INTEROPERABILITY.  AND THESE ARE --
5  THESE HAVE BEEN PROVIDED IN DRAFT MOTION IN LIMINES ON THE
6  30TH TO THE PLAINTIFFS.
7       **THE COURT:**  WELL, I SUSPECT YOU'RE NOT GOING TO GET
8  AGREEMENT ON SOMETHING LIKE THAT.
9       **MS. SWEENEY:**  THAT'S CORRECT, YOUR HONOR.
10      **THE COURT:**  SO THAT'S -- I WANT THE MOTIONS SOONER
11  RATHER THAN LATER.
12      **MR. ISAACSON:**  OKAY.
13      **THE COURT:**  IF I'M GOING TO STAY ON TRACK, I NEED TO
14  HAVE THESE ISSUES RESOLVED.
15     NOW, DOES YOUR MOTION IDENTIFY THE SPECIFIC -- EXCUSE
16  ME -- THE SPECIFIC PARAGRAPH NUMBERS OF EACH REPORT AT ISSUE?
17      **MR. ISAACSON:**  WE CERTAINLY PROVIDE EXAMPLES BY
18  PARAGRAPH NUMBER OR PAGE NUMBER OF WHERE THE EXPERTS SAY
19  THESE -- THESE ARGUMENTS.
20     WE CAN GO BACK AND CHECK TO SEE WHETHER IT'S
21  COMPREHENSIVE, IF WE COVERED EVERY TIME THEY'VE SAID IT.  BUT
22  WE WE'VE DEFINITELY GIVEN EXAMPLES OF WHEN IT'S BEEN SAID.
23      **THE COURT:**  ALL RIGHT.  WELL, I'M GOING TO NEED IT TO
24  BE COMPREHENSIVE, AND THIS IS WHY.
25      **MR. ISAACSON:**  OKAY.

1           **THE COURT:** AND, AGAIN, THIS IS ALL LOOKING FIVE
2    STEPS DOWN.  ONCE WE GET INTO TRIAL.  THIS IS WHAT HAPPENS.
3    I'VE GRANTED, FOR INSTANCE, THEORETICALLY, A MOTION TO STRIKE
4    I TAKE THOSE REPORTS, AND I STRIKE THEM.  I LITERALLY STRIKE
5    THEM FROM MY -- MY COPY WHICH I ALWAYS HAVE WITH ME.
6        THEN WE HAVE TESTIMONY.  AND SOMEONE TRIES TO TESTIFY.
7    "OBJECTION, YOUR HONOR, IT'S PREVIOUSLY SUBJECT TO THE COURT'S
8    ORDER."  OKAY?
9        AND I'LL ASK THE -- AND I'M -- AND I'M LOOKING AT YOU
10   BECAUSE IT RELATES TO YOUR -- AT LEAST THIS MOTION RELATES TO
11   YOUR EXPERTS.
12       I WILL THEN ASK YOU, IDENTIFY THE PARAGRAPH NUMBERS OF THE
13   REPORT THAT THE EXPERT'S PROFFERED TESTIMONY IS BASED ON.  YOU
14   WILL HAVE TO IDENTIFY SPECIFICALLY WHAT PARAGRAPH THAT COMES
15   FROM.
16       IF I LOOK AT MY REPORT AND IT IS STRICKEN, THE OBJECTION
17   IS SUSTAINED.  IF IT IS NOT, THEN IT'S OVERRULED.  IF YOU'RE
18   NOT COMPREHENSIVE, THAT'S ON YOU.
19          **MR. ISAACSON:** UNDERSTOOD, YOUR HONOR.  WE CAN UPDATE
20   OUR MOTION VERY QUICKLY TO -- TO DO THAT.
21          **THE COURT:** AND THAT'S FINE.  I'LL GIVE YOU THE TIME
22   TO DO THAT.  I'M JUST EXPLAINING TO THE BOTH OF YOU HOW THIS
23   PLAYS OUT IN A JURY TRIAL.  ALL RIGHT?  BECAUSE IT HAPPENS.
24       ACTUALLY, I'M HOPING IT IS LESS ARDUOUS THAN THE LAST ONE
25   WHERE IT WAS HAPPENING IN -- OVER THE ARCHITECTURE OF

1  SEMICONDUCTOR CHIPS.  THINK I GET ECONOMICS A LITTLE BIT
2  BETTER THAN THAT, BUT ANYWAY, THAT'S HOW IT WILL PLAY OUT.
3      SO I NEED COMPREHENSIVE LISTS.  OKAY?
4      ALL RIGHT.  WHEN CAN YOU GET THE MOTION ON FILE?
5          (OFF-THE-RECORD DISCUSSION.)
6      **THE COURT:** CAN YOU DO IT MONDAY?  YOU ALREADY HAVE
7  IT WRITTEN.
8      **MR. ISAACSON:** IF WE COULD HAVE TILL TUESDAY, I WOULD
9  APPRECIATE THAT.
10     **THE COURT:** OKAY.  TUESDAY THE 7TH.  THE ARGUMENTS I
11 TAKE IT ARE THE SAME.  YOU'RE JUST GOING TO --
12     **MR. ISAACSON:** YES.
13     **THE COURT:** ALL RIGHT.  SO YOU CAN ALREADY START
14 WORKING ON YOUR OPPOSITION.  I'LL GIVE YOU A WEEK TO OPPOSE.
15     **MS. SWEENEY:** OKAY.
16     **THE COURT:** THE 14TH.
17     **MS. SWEENEY:** THANK YOU, YOUR HONOR.
18     **THE COURT:** OKAY.  OTHER -- OTHER BIG ISSUES THAT YOU
19 MAY NOT BE ABLE TO RESOLVE.  YOU SHOULD ALL KNOW THAT I HAVE
20 IN THIS ORDER, WHICH YOU WILL GET A PRETRIAL ORDER AFTER
21 TODAY, THE BASICS.
22    WITNESSES EXCLUDED UNTIL TESTIMONY IS COMPLETED.  NO
23 REFERENCE TO SETTLEMENT DISCUSSIONS, MEDIATION OR INSURANCE,
24 NO REFERENCE TO WEALTH OR PUNITIVES TO THE EXTENT IT APPLIES.
25     SO THOSE ARE JUST SOME OF THE BASICS.

**CERTIFICATE OF REPORTER**

     I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER. I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN, AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

_____

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR

TUESDAY, OCTOBER 7, 2014