
ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
PATRICK J. COUGHLIN (111070)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
patc@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION <br><br> This Document Relates To: <br><br> ALL ACTIONS. | Lead Case No. C-05-00037-YGR <br><br> CLASS ACTION <br><br> PLAINTIFFS' NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO ENFORCE THE COURT'S ORDERS <br><br> Date:     TBD <br> Time:     TBD <br> Courtroom:  1, 4th Floor <br> Judge:    Hon. Yvonne Gonzalez Rogers <br><br> Trial Date:  November 17, 2014 <br> Time:     8:30 a.m. |

975172_2

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on a date to be determined by the Court,[1] in Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Melanie Tucker, Somtai Troy Charoensak and Mariana Rosen (collectively, "Plaintiffs") will and hereby do, through undersigned counsel, move the Court for an Order disregarding Apple's untimely and improper motions. Plaintiffs bring this motion pursuant to the Court's Orders, Civil L.R. 7-11, and such other argument and evidence that the Court may consider at a hearing on this motion.

## I.   INTRODUCTION

On October 6, 2014, during an in-person meet and confer about the materials to be included in the Pretrial Conference Statement, Apple for the first time informed Plaintiffs that it intended to: (1) file two previously undisclosed, untimely motions *in limine* and to strike; and (2) convert three additional and previously-exchanged motions *in limine* into motions to strike, claiming that it was entitled to do so based on the Court's Order and discussion of October 3, 2014.[2] As required by the Pre-Trial Order, the Court's Standing Order and confirmed by the parties, the parties were required to (and did) exchange motions *in limine* on September 30, 2014.[3] Apple has thus added two new and untimely motions *in limine* and has unilaterally expanded from one to five the Court's Order permitting Apple to turn a single specific motion in *limine* into a motion to strike.

In addition to violating the Court's scheduling, Pre-Trial and Standing Orders, Apple's filing of these late and unauthorized motions contradicts Apple's counsel's representation to the Court on

---

[1]   Should the Court deem a hearing necessary and if convenient for the Court, Plaintiffs suggest this motion be heard on October 14, 2014.

[2]   In addition to filing untimely and unauthorized motions *in limine* and to strike, Apple was unprepared to participate fully in the long-scheduled October 6-7, 2014 meet and confer, admitting that it was not ready to discuss admissibility objections to the parties' exhibit lists, as had been discussed. Plaintiffs were prepared to discuss each exhibit. For this reason, on the afternoon of October 6, 2014, Apple canceled the October 7, 2014 portion of the meet and confer even though Plaintiffs were present and willing to meet and confer, and incurred additional costs as a result.

[3]   *See* Declaration of Carmen A. Medici in Support of Plaintiffs' Administrative Motion to Enforce the Court's Orders ("Medici Decl.") filed concurrently, Ex. 1, 10/3/14 Hrg. Tr. at 12:5-9.

October 3, 2014 that Apple would convert only one of its motions *in limine* into a motion to strike. Apple's actions greatly prejudice Plaintiffs, are intended to give Apple an unfair litigation advantage, disrupt the pre-trial schedule and risk delaying the trial. Apple's failure to prepare motions within the schedule provides no excuse for violating the Court's Orders.[4] Similarly Apple's failure, previously to strike portions of Plaintiffs' expert reports within the deadlines provides no basis for its expansion of the Court's narrow Order regarding a single motion into a free-for-all.

For the reasons detailed below, this Court should reject the filing of all of Apple's new motions, save the single motion *in limine* that the Court authorized Apple to convert into a motion to strike.

## II. THE NEW UNTIMELY AND IMPROPER MOTIONS *IN LIMINE* AND TO STRIKE

Nearly one week after the deadline for exchanging motions *in limine*, on October 6, 2014, Apple provided Plaintiffs with "drafts" of two additional "motions *in limine* and to strike."[5] The "*in limine*" portions of the motions ask the Court to preclude Plaintiffs' counsel or witnesses from referring to certain subjects. The "motion to strike" portions of these untimely briefs ask the Court to strike portions of both Professor Noll's report and the report of Dr. Martin. Both the motion *in limine* and motion to strike portions violate this Court's Orders.

The Court's Standing Order regarding Pretrial Instructions in Civil Cases requires any party wishing to have motions *in limine* heard prior to the commencement of trial to "exchange (but not file or serve) the same no later than twenty-eight (28) days prior to the Pretrial Conference."[6] Because pre-trial conferences are scheduled "on the third Friday preceding the trial at 9:00 a.m." (*id.*

---

[4] Apple in part bases its blatant violation of the rules on the premise that a statement in Plaintiffs' joint pre-trial submission that was exchanged mentioned Plaintiffs' expert's opinion regarding iTunes Plus and DRM-free music. Of course these opinions have been part of Professor Noll's reports for years and are not in any way new issues in the case. The same holds true for the other untimely motion which similarly deals with matters that could have been addressed in a timely motion.

[5] Apple has captioned these improper filings as both "motions *in limine* and to strike" in a weak attempt to justify the late filing by claiming the portions of these motions related to striking expert material are allowed under the Court's October 3, 2014 Order. As detailed below, Apple is wrong.

[6] Pretrial Instructions in Civil Cases, Judge Yvonne Gonzalez Rogers at 6.

1  at 1) and trial in this action is set to begin on November 17, 2014, the parties confirmed that motions *in limine* would be exchanged on September 30, 2014. On that date, the parties did exchange motions *in limine*.

During the October 3, 2014 pre-trial conference, Apple's lead trial counsel represented to the Court that the parties had already exchanged motions *in limine*. Medici Decl., Ex. 1, 10/3/14 Hrg. Tr. at 12:5-9. Following the conference, the Court confirmed in Pre-Trial Order 1 "that the parties have exchanged motions *in limine* as required per the standing order."[7]

Apple did not present any rationale for not exchanging these motions by the Court-ordered deadline, other than suggesting that Plaintiffs' proposed undisputed facts may have provided inspiration for at least some of the motions. Permitting Apple unilaterally to benefit from Plaintiffs' timely exchange of pre-trial materials is highly prejudicial to Plaintiffs. It requires Plaintiffs to oppose new motions while they are busy preparing for trial.[8] This week alone, the Plaintiffs have a meet and confer with Apple, are working on paring down a joint exhibit list with more than 1,400 exhibits, are working on the joint pre-trial conference statement that is due October 14, 2014, are working on oppositions to the timely exchanged motions *in limine* and are otherwise juggling several other tasks attendant with preparing for a complex antirust class action trial. Add to this the fact that now Plaintiffs have to respond to multiple improper motions to strike nearly a week before Apple will have to respond to Plaintiffs' motion *in limine*, because Apple has unilaterally decided that it may convert all but two of its motions *in limine* into motions to strike. Plaintiffs too could have filed additional motions *in limine* well beyond the deadline after reading Apple's submission of its portion of the joint pre-trial statement, but instead followed the Court's specific rules.

For the above reasons, the "*in limine*" portions of the two untimely motions should not be considered by the Court.

---

[7] ECF No. 801 (Pre-Trial Order No. 1) at 2.

[8] Despite its own dilatory conduct, Apple refused to extend Plaintiffs the courtesy of permitting Plaintiffs to file additional motions *in limine* and to strike. Plaintiffs do not request this relief, but point it out as illustrative of Apple's unreasonableness.

## III. IMPROPER ADDITIONAL MOTIONS TO STRIKE

Also, in addition to the two new and untimely motions *in limine* and to strike, Apple seeks to take advantage of the Court's accommodation to Apple by improperly converting several additional motions *in limine* into motions to strike. This is at odds with the discussion during the status conference on October 3, 2014 and is contravened by Pre-Trial Order No. 1 which states: "With respect to the expert issues discussed on the record, the motion shall be filed on Tuesday, October 7, 2014." [9] ECF No. 801 at 2. The Order clearly indicates that a single "motion" may be filed that relates to the issues that were "discussed on the record." ECF No. 801 at 2. The Court did not did not give Apple carte blanche to file additional motions. The Court was explicit: "Does your motion identify the specific . . . paragraph numbers of each report at issue?"[10] The Court also asked when Apple could "get the motion on file" (Medici Decl., Ex. 1, 10/3/14 Hrg. Tr. at 16:4) and noted that Apple already had "it written." [11] Apple ignores this clear evidence that the Court intended to give it only one limited motion to strike regarding a specifically detailed motion *in limine* related to less restrictive alternatives. In fact, a review of the paragraphs of Plaintiffs' experts' reports Apple seeks to strike reveals that Apple's strategy is to do via motion to strike what they failed to do under *Daubert*.

In addition to violating this Court's pre-trial Orders, Apple's new motions to strike also contravene the scheduling order in this case. That Order required Apple to file any *Daubert* or other motion by December 20, 2013.[12] Indeed, both Plaintiffs and Apple filed motions in that time frame

---

[9] At most, Apple could convert two of its proposed motions *in limine* into motions to strike as there is some ambiguity in the record of the status conference. *See, e.g.*, Medici Decl., Ex. 1, 10/3/14 Hrg. Tr. at 13:25-14:6 (discussing only two of Apple's motions *in limine*), *but see id.* at 14:13-22 (referring to a single planned motion); *id.* at 15:19-20 ("We can update our motion very quickly. . . .") Under any interpretation, however, Apple's efforts to convert five motions *in limine* into motions to strike is wildly overreaching.

[10] Medici Decl., Ex. 1 , 10/3/14 Hrg. Tr. at 14:15-16.

[11] *See* Medici Decl., Ex. 1, 10/3/14 Hrg. Tr. at 16:6-7

[12] ECF No. 735 (Order Granting Stipulated Request for Modification of Schedule).

1  seeking to exclude and/or strike portions of various expert reports.[13] Apple missed its chance then to file a timely motion to strike and now seeks to shoehorn in all the material it wished it had earlier sought to strike into the narrow single motion the Court granted related to the motion *in limine* regarding less restrictive alternatives. That new trial counsel has different ideas regarding how the case should have been litigated in the past is no excuse for violating Court Orders.

At the status conference on October 3, 2014, the Court granted Apple the right to file a single, very limited motion to strike.[14] Apple's late and improper efforts to strike must be denied. Should the Court allow Apple to file its additional motions, Plaintiffs request they be allowed to serve their own additional motions *in limine* and motions to strike.

## IV.  CONCLUSION

Apple cannot simply ignore Court Orders for its own tactical advantage. Plaintiffs respectfully request that the Court reject Apple's untimely and improper motions.

DATED: October 8, 2014                     Respectfully submitted,

                                              ROBBINS GELLER RUDMAN
                                                 &DOWD LLP
                                              BONNY E. SWEENEY
                                              ALEXANDRA S. BERNAY
                                              PATRICK J. COUGHLIN
                                              CARMEN A. MEDICI
                                              JENNIFER N. CARINGAL

                                                           s/ Bonny E. Sweeney
                                                  BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

Class Counsel for Plaintiffs

---

[13] *See, e.g.*, ECF Nos. 738-740 (including Apple's motion to exclude Professor Noll's report); ECF No. 750 (Plaintiffs' motion to strike the joint Murphy and Topel report).

[14] *See* ECF No. 801 at 2; Medici Decl., Ex. 1, 10/3/14 Hrg. Tr. at 16:4-16. Apple had no answer as to why it should be allowed to file multiple motions to strike when Plaintiffs are not afforded a similar "right."

| | |
|---|---|
| 1 | |
| 2 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL |
| 3 | 1101 30th Street, N.W., Suite 500<br>Washington, DC 20007 |
| 4 | Telephone: 202/625-4342<br>202/330-5593 (fax) |
| 5 | BONNETT, FAIRBOURN, FRIEDMAN<br>  & BALINT, P.C. |
| 6 | ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR. |
| 7 | ELAINE A. RYAN<br>2325 E. Camelback Road, Suite 300 |
| 8 | Phoenix, AZ 85016<br>Telephone: 602/274-1100 |
| 9 | 602/274-1199 (fax) |
| 10 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN |
| 11 | 10680 West Pico Blvd., Suite 280<br>Los Angeles, CA 90064 |
| 12 | Telephone: 310/836-6000<br>310/836-6010 (fax) |
| 13 | |
| 14 | GLANCY BINKOW & GOLDBERG LLP<br>BRIAN P. MURRAY |
| 15 | 122 East 42nd Street, Suite 2920<br>New York, NY 10168 |
| 16 | Telephone: 212/382-2221<br>212/382-3944 (fax) |
| 17 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 18 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA 90067 |
| 19 | Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 20 | Additional Counsel for Plaintiffs |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 8, 2014.

      s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       bonnys@rgrdlaw.com

975172_2

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`