ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
PATRICK J. COUGHLIN (111070)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
patc@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com

Class Counsel for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | DECLARATION OF CARMEN A. MEDICI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO ENFORCE THE COURT'S ORDERS |
| | Date: TBD<br>Time: TBD<br>Courtroom: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |
| | Trial Date: November 17, 2014<br>Time: 8:30 a.m. |

975176_1

I, CARMEN A. MEDICI, declare:

1. I am an attorney duly licensed to practice before all of the courts of the State of California. I am associated with the law firm of Robbins Geller Rudman & Dowd LLP, Class Counsel for the Class and for Plaintiffs Melanie Tucker, Somtai Troy Charoensak and Mariana Rosen (collectively, "Plaintiffs") in this action. I have personal knowledge of the matters stated herein, and, if called upon, I could and would completely testify thereto.

2. I submit this declaration in support of Plaintiffs' Administrative Motion to Enforce The Court's Orders.

3. Plaintiffs and Apple agreed to exchange all motions *in limine* on September 30, 2014.

4. Plaintiffs and Apple did exchange all motions *in limine* on September 30, 2014.

5. At approximately 11:30 a.m. on October 6, 2014, during a scheduled 2-day in-person meet and confer at Apple's counsel's Oakland offices, Apple's counsel informed Plaintiffs for the first time that they would be filing two new motions *in limine* and intended to convert several of its motions *in limine* into motions to strike, relying on the Court's Order granting a single motion to strike.

6. Apple's lead trial counsel did not attend the meet and confer.

7. At approximately 12:00 p.m. on October 6, 2014, Apple gave Plaintiffs drafts of two new motions *in limine*.

8. Apple did not provide drafts of the new motions to strike to counsel for Plaintiffs.

9. Apple informed Plaintiffs that it intended to file all of these motions on October 7, 2014.

10. Counsel for Plaintiffs asked if Apple would grant permission to Plaintiffs to file additional motions *in limine* and motions to strike. Apple's counsel did not grant that permission.

11. Counsel for Plaintiffs requested that Apple refrain from filing these motions because they were improper under several Court Orders. Apple's counsel refused.

12. For these reasons, Plaintiffs were unable to gain Apple's consent to any stipulation.

13. Attached as Exhibit 1 is a true and correct copy of relevant excerpts of the October 3, 2014 Hearing Transcript.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 8th day of October, 2014, at San Diego, California.

                        CARMEN A. MEDICI

975176_1

DECLARATION OF CARMEN A. MEDICI IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO ENFORCE THE COURT'S ORDERS - C-05-00037-YGR - 2 -

# EXHIBIT 1

SHEET 1

```
                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE


THE APPLE IPOD ITUNES      )     NO. C 05-00037 YGR
ANTITRUST LITIGATION       )
                           )     PAGES 1 - 53
                           )
                           )     STATUS CONFERENCE
                           )
                           )     OAKLAND, CALIFORNIA
_____)     FRIDAY, OCTOBER 3, 2014


                REPORTER'S TRANSCRIPT OF PROCEEDINGS


APPEARANCES:

FOR PLAINTIFFS:       ROBBINS GELLER RUDMAN & DOWD LLP
                      655 WEST BROADWAY, SUITE 1900
                      SAN DIEGO, CALIFORNIA  92101
                  BY: BONNY E. SWEENEY,
                      ALEXANDRA S. BERNAY,
                      JENNIFER N. CARINGAL,
                      CARMEN A. MEDICI, ATTORNEYS AT LAW

                      BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                      4023 CAIN BRIDGE ROAD
                      FAIRFAX, VIRGINIA  22030
                  BY: FRANCIS J. BALINT, JR.
                      ATTORNEY AT LAW


            (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:       RAYNEE H. MERCADO, CSR NO. 8258

     PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

```
                 A P P E A R A N C E S  (CONT'D.)


FOR DEFENDANT:        BOIES, SCHILLER & FLEXNER LLP
                      5301 WISCONSIN AVENUE NW
                      WASHINGTON, D.C.  20015
                  BY: WILLIAM A. ISAACSON,
                      KAREN L. DUNN,
                      MARTHA L. GOODMAN, ATTORNEYS AT LAW

                      BOIES, SCHILLER & FLEXNER LLP
                      1999 HARRISON STREET, SUITE 900
                      OAKLAND, CALIFORNIA  94612
                  BY: MEREDITH R. DEARBORN, ATTORNEY AT LAW

                      JONES DAY
                      555 CALIFORNIA STREET, 26TH FLOOR
                      SAN FRANCISCO, CALIFORNIA  94104-1500
                  BY: AMIR Q. AMIRI,
                      DAVID C. KIERNAN, ATTORNEYS AT LAW

                            --oOo--
```

3

```
 1   FRIDAY, OCTOBER 3, 2014                8:58 A.M.
 2          P R O C E E D I N G S
 3       THE CLERK:  CALLING CIVIL ACTION 05-0037, THE APPLE
 4   IPOD ANTITRUST LITIGATION.
 5     COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
 6       THE COURT:  OKAY.  SO WHAT I WANT -- ARE YOU GOING TO
 7   BE TRIAL COUNSEL, LEAD?
 8       MS. SWEENEY:  YES, YOUR HONOR.
 9       THE COURT:  WHO'S LEAD TRIAL?  ARE YOU?
10       MS. SWEENEY:  YES, YOUR HONOR.
11       THE COURT:  OKAY.
12       MS. SWEENEY:  BONNY SWEENEY, ROBBINS GELLER RUDMAN &
13   DOWD FOR THE PLAINTIFFS.
14       THE COURT:  AND WHO'S GOING TO TRY THE CASE WITH YOU?
15       MR. BALINT:  GOOD MORNING.  FRANK BALINT, BONNETT
16   FAIRBOURN ALSO FOR THE PLAINTIFF.
17       THE COURT:  FRANK BALINT, YOU SAID?
18       MR. BALINT:  YES, YOUR HONOR.
19       THE COURT:  OKAY.  NEXT?
20       MS. BERNAY:  GOOD MORNING, YOUR HONOR, ALEXANDRA
21   BERNAY FROM ROBBINS GELLER RUDMAN & DOWD.
22       THE COURT:  OKAY.
23       MS. BERNAY:  THANK YOU.
24       MR. MEDICI:  MORNING, YOUR HONOR.  CARMEN MEDICI ALSO
25   FROM ROBBINS GELLER RUDMAN & DOWD.
```

4

```
 1       THE COURT:  ALL RIGHT.
 2       MS. CARINGAL:  GOOD MORNING.  JENNIFER CARINGAL, ALSO
 3   FROM ROBBINS GELLER RUDMAN & DOWD.
 4       THE COURT:  OKAY.
 5     MS. SWEENEY, HOW MANY JURY TRIALS HAVE YOU TRIED?
 6       MS. SWEENEY:  ONE JURY TRIAL, YOUR HONOR.
 7       THE COURT:  MR. BALINT?
 8       MR. BALINT:  NONE, YOUR HONOR.
 9       THE COURT:  MS. BERNAY?
10       MS. BERNAY:  NO JURY TRIALS, YOUR HONOR.
11       THE COURT:  OKAY.  YOU DON'T HAVE TO COME FROM -- TO
12   THE MIC.  HOW ABOUT THE TWO OF YOU?  ANY?
13       MR. MEDICI:  ALSO NONE.
14       MS. CARINGAL:  NONE.
15       THE COURT:  ALL RIGHT.  ON THE DEFENSE, THEN, WHO DO
16   I HAVE AS LEAD TRIAL COUNSEL?
17       MR. ISAACSON:  BILL ISAACSON, BOIES SCHILLER &
18   FLEXNER, YOUR HONOR.
19       THE COURT:  YOU'RE REALLY FAR DOWN MY LIST.
20     ARE YOU ON MY LIST?
21       MR. ISAACSON:  I'M OF RECENT ADDITION TO YOUR LIST.
22       THE COURT:  A RECENT ADDITION.  HOW RECENTLY?
23       MR. ISAACSON:  LAST MONDAY.
24       THE COURT:  OKAY.  MR. ISAACSON.  HOW MANY TRIALS
25   HAVE YOU?
```

The Apple iPod iTunes Antitrust Litigation - Status Conference - October 3, 2014

SHEET 2

---

9

1  DECIDE THE FACTS.  NEWS FLASH:  YOU DON'T AGREE ON THE FACTS.
2  YOU DON'T AGREE.  SURPRISE, SURPRISE.  THAT'S WHY WE'RE HAVING
3  A TRIAL.
4      SO WHEN YOU GO -- AND YOU WILL HAVE TO GO AND MEET AND
5  CONFER OVER THE ADMISSIBILITY OF EXHIBITS -- IT IS NOT
6  SUFFICIENT TO SAY, "WELL, THAT'S PREJUDICIAL BECAUSE IT HURTS
7  MY CASE."  NO JOKE.
8      USUALLY, ALL THE EVIDENCE THAT THE OTHER SIDE WANTS TO PUT
9  IN IS PREJUDICIAL TO YOU.  THAT'S NOT THE STANDARD.  THE
10 STANDARD IS, IS IT UNDULY PREJUDICIAL.  AND, AGAIN, I'M
11 TALKING ABOUT AN ANTITRUST CASE HERE.  THIS IS NOT A MURDER
12 TRIAL WHERE WE HAVE THE PROSECUTION ATTEMPTING TO GET 25
13 GRUESOME PICTURES OF THE BODY INTO EVIDENCE.
14     THE LAST PATENT TRIAL WHICH I TRIED LAST MONTH, THOSE
15 FOLKS BROUGHT ME IN THE FIRST INSTANCE 136 PAGES OF DISPUTED
16 DEPOSITION DESIGNATIONS.  GUESS WHAT?  I SENT THEM -- I DENIED
17 THE WHOLE THING.  I SENT THE TRIAL COUNSEL INTO THE CONFERENCE
18 ROOM TO GO WORK IT OUT.  THREE TIMES, I HAD TO DO THIS.  BUT
19 BY THE TIME IT FINALLY GOT TO ME, WE WERE LOOKING AT ABOUT TEN
20 PAGES.  AND IT'S REALLY ALL I HAD TO RESOLVE.
21     I DON'T HAVE TO RESOLVE ALL THOSE OTHER THINGS.  I AM NOT
22 GOING TO DO IT.  I AM NOT GOING TO WASTE MY TIME.  YOU ARE
23 GOING TO BE REASONABLE ON BOTH SIDES.  AND WE'RE GOING TO
24 PRESENT THIS CASE TO THE JURY.  YOU'RE EACH GOING TO GET TO
25 TRY YOUR OWN CASE.  I WILL RESOLVE YOUR DIFFERENCES BUT ONLY

---

10

1  THOSE THINGS THAT ARE TRULY IMPORTANT.  YOU'RE GOING TO HAVE
2  TO COMPROMISE.
3      OKAY.  SO ACCORDING TO MY PRETRIAL INSTRUCTIONS, YOUR
4  STATEMENT IS DUE ON OCTOBER 14TH.  SUBSECTION A2A OF THAT
5  ORDER INDICATES THAT YOU NEED TO IDENTIFY THE SUBSTANCE OF THE
6  ACTION AND THE RELIEF PRAYED FOR.
7      OBVIOUSLY, I'VE DONE SUMMARY JUDGMENT IN THIS CASE.  I
8  DON'T NEED ANY EXTENDED -- ANY EXTENDED COMMENT.  I THINK WHAT
9  WOULD BE HELPFUL FOR YOU AND FOR ME IS FOR EACH OF YOU TO
10 IDENTIFY EACH CAUSE OF ACTION AND EACH AFFIRMATIVE DEFENSE
11 THAT IS GOING TO THE JURY AT THIS JUNCTION BECAUSE YOU'RE
12 GOING TO HAVE TO DO JURY INSTRUCTIONS SO YOU MIGHT AS WELL PUT
13 IT OUT THERE.
14     YOU SHOULD ALSO SPECIFICALLY ALLEGE OR SPECIFICALLY
15 INDICATE THE DAMAGES THAT YOU ARE SEEKING.  NOW -- AND THAT'S
16 ALL YOU HAVE TO DO, SO DON'T -- DON'T SPEND A LOT OF TIME ON
17 THAT SECTION.
18     SUBSECTION B REQUIRES THE FACTUAL BASIS FOR -- FOR THE
19 ACTION.  AGAIN, USUALLY, ESPECIALLY IF IT'S A BENCH TRIAL, ITS
20 IMPORTANT TO HAVE THOSE.  HAVE YOU CONSIDERED -- ARE THERE
21 STIPULATIONS THAT YOU CAN WORK ON SO THAT YOU CAN MAKE THE
22 MOST EFFECTIVE USE OF YOUR TRIAL TIME?  HAVE YOU STARTED
23 TALKING ABOUT THOSE ISSUES?
24     MR. ISAACSON:  YOUR HONOR, UNDER THE SCHEDULE, WE
25 EXCHANGED THE DRAFT PRETRIAL STATEMENTS INCLUDING STIPULATIONS

---

11

1  ON THE 30TH, AND WE ARE SCHEDULE TO MEET AND CONFER ON THE 6TH
2  AND 7TH ON THE -- THE ISSUES RAISED BY THE PRETRIAL STATEMENT.
3      THE COURT:  OKAY.  AND SO I TAKE IT THERE ARE
4  STIPULATIONS IN THERE.
5      MR. ISAACSON:  YES.
6      MS. SWEENEY:  AND -- YES, AND I WOULD JUST ADD, YOUR
7  HONOR, IS THAT THERE ARE -- ARE A LOT OF UNDISPUTED FACTS ON
8  BOTH SIDES THAT WE SHOULD BE ABLE TO REACH AGREEMENT ON.
9      THE COURT:  OKAY.
10     WITH RESPECT TO -- THEN TO THOSE UNDISPUTED FACTS, WHAT
11 YOU NEED -- ONE OF THE THINGS THAT YOU NEED TO THINK ABOUT IS
12 HOW YOU WANT ME TO PRESENT THEM.
13     SO MORE SPECIFICALLY, ARE THESE SOMETHING THAT YOU WANT ME
14 TO READ TO THE JURY?  OR IS IT SOMETHING THAT YOU JUST NEED IN
15 THE RECORD TO MAKE YOUR ARGUMENTS AND THAT THE DOCUMENT ITSELF
16 CAN BE MARKED AS AN EXHIBIT WHICH IS THEN ADMITTED INTO
17 EVIDENCE AND THERE FOR THE JURY TO CONSIDER WHEN IT GOES INTO
18 THEIR DELIBERATIONS?
19     DIFFERENT CASES HAVE DIFFERENT NEEDS.  I CAN TELL YOU THAT
20 JURORS GET REALLY TIRED OF PEOPLE READING TO THEM.  AND I AM
21 HAPPY TO SIT HERE AND READ IT TO THEM IF I -- IF I NEED TO.
22 AND I HAVE IN CERTAIN CASES WHERE IT'S IMPORTANT FOR THEM TO
23 HAVE THOSE FACTUAL UNDERSTANDINGS ABOUT THE CASE PRIOR TO
24 HEARING EVIDENCE.
25     BUT IF THEY'RE JUST THINGS YOU NEED IN THE RECORD AND

---

12

1  PERHAPS YOU EVEN WANT TO SEPARATE THEM, THEN YOU PUT THEM IN
2  THE RECORD.  WE -- WE ADMIT THEM OR I ADMIT THEM AS AN EXHIBIT
3  AND -- AND WE MOVE ON.  SO THINK ABOUT THAT, OKAY, WHEN YOU
4  MEET AND CONFER NEXT WEEK.
5      ARE THERE GOING TO BE -- IN TERMS OF DISPUTED LEGAL
6  ISSUES, IS THERE GOING TO BE -- BECAUSE I TAKE IT BY THIS TIME
7  YOU SHOULD HAVE ALREADY EXCHANGED YOUR MOTIONS IN LIMINE.
8      MR. ISAACSON:  YES, YOUR HONOR.
9      MS. SWEENEY:  YES, YOUR HONOR.
10     THE COURT:  ALL RIGHT.  ARE THERE GOING TO BE LEGAL
11 ISSUES THAT -- THAT I NEED TO DEAL WITH?
12     MS. SWEENEY:  I THINK, YOUR HONOR, WITH RESPECT TO
13 JURY INSTRUCTIONS, THERE WILL BE SOME LEGAL ISSUES.
14     THE COURT:  OKAY.  BUT JUST WITH RESPECT TO JURY
15 INSTRUCTIONS OR ARE THERE OTHERS?
16     MR. ISAACSON:  I BELIEVE YOU WILL HAVE LEGAL ISSUES
17 TO DECIDE ON THE MOTIONS IN LIMINE.
18     THE COURT:  SUCH AS WHAT?
19     MR. ISAACSON:  FOR EXAM- -- THERE ARE ISSUES WITH
20 RESPECT TO ANTITRUST LAW AS TO WHAT CAN BE PUT BEFORE THE JURY
21 AND WHAT COULD BE PART OF THE PLAINTIFFS' CASE.
22     FOR EXAMPLE, THE PLAINTIFFS' EXPERTS MAKE ARGUMENTS THAT
23 APPLE COULD HAVE DESIGNED ITS SYSTEM DIFFERENTLY.  UNDER THE
24 ANTITRUST LAW, LESS-RESTRICTIVE ALTERNATIVES ARE NOT PART OF A
25 SECTION 2 CLAIM, OR RELEVANT.  IT'S AN IMPORTANT ARGUMENT BY

13

1  THE EXPERT.
2     THERE ARE ARGUMENTS --
3        THE COURT: SO WHY DIDN'T YOU --
4     ALL RIGHT. KEEP GOING.
5        MR. ISAACSON: THESE ARE NOT -- THESE ARE NOT MOTION
6  FOR SUMMARY JUDGMENT ISSUES. THESE ARE ISSUES AS TO WHAT
7  EVIDENCE COMES IN IN ORDER TO MAKE THE PLAINTIFFS' CASE.
8        THE COURT: YOU WOULD USUALLY SEE THIS AS A MOTION TO
9  STRIKE. AND I DON'T THINK I HAD A MOTION TO STRIKE A SPECIFIC
10 OPINION FROM ANY OF THE EXPERTS. I HAD DAUBERT BUT NOT --
11 THERE WASN'T ANY MOTION PRACTICE WHICH WOULD HAVE STRICKEN
12 PORTIONS OF THOSE EXPERT REPORTS.
13       MR. ISAACSON: WELL, BECAUSE THERE WAS A SCHEDULE FOR
14 MOTIONS IN LIMINE AS PART OF THE SCHEDULE. AND WE HAVE NO --
15 THERE'S NO RULE THAT SAYS WE HAVE TO STRIKE A PART OF THE
16 REPORT SO THAT YOU CAN'T SEE IT. THESE ARE ISSUES AS TO WHAT
17 THE JURY IS GOING TO SEE OR HEAR. AND IT'S AN ENTIRELY
18 DIFFERENT SET OF ISSUES IN TERMS OF WHAT THE COURT SEES AND
19 HEARS, BECAUSE IF THE COURT SEES AND HEARS SOMETHING THAT'S
20 ABSOLUTELY IRRELEVANT, WE CAN -- WE CAN SAY IN PAPERS OR IN
21 SUMMARY JUDGMENT PROCEEDINGS, THAT'S IRRELEVANT.
22    THAT'S NOT THE CASE WITH THE JURY.
23       THE COURT: OKAY. SO HOW MUCH OF THE REPORT, THEN,
24 ARE YOU SEEKING TO STRIKE AND WHOSE REPORT?
25       MR. ISAACSON: THERE ARE PORTIONS OF TECHNICAL

14

1  EXPERT, DR. MARTIN, OF PLAINTIFFS. AND PORTIONS OF THE
2  REPORTS OF DR. NOLL, WHICH REFER TO LEAST-RESTRICTIVE
3  ALTERNATIVES, AND THERE ARE OTHER ISSUES AS TO WHETHER WE HAD
4  ANY OBLIGATION TO PROVIDE INTEROPERABILITY. AND THESE ARE --
5  THESE HAVE BEEN PROVIDED IN DRAFT MOTION IN LIMINES ON THE
6  30TH TO THE PLAINTIFFS.
7        THE COURT: WELL, I SUSPECT YOU'RE NOT GOING TO GET
8  AGREEMENT ON SOMETHING LIKE THAT.
9        MS. SWEENEY: THAT'S CORRECT, YOUR HONOR.
10       THE COURT: SO THAT'S -- I WANT THE MOTIONS SOONER
11 RATHER THAN LATER.
12       MR. ISAACSON: OKAY.
13       THE COURT: IF I'M GOING TO STAY ON TRACK, I NEED TO
14 HAVE THESE ISSUES RESOLVED.
15    NOW, DOES YOUR MOTION IDENTIFY THE SPECIFIC -- EXCUSE
16 ME -- THE SPECIFIC PARAGRAPH NUMBERS OF EACH REPORT AT ISSUE?
17       MR. ISAACSON: WE CERTAINLY PROVIDE EXAMPLES BY
18 PARAGRAPH NUMBER OR PAGE NUMBER OF WHERE THE EXPERTS SAY
19 THESE -- THESE ARGUMENTS.
20    WE CAN GO BACK AND CHECK TO SEE WHETHER IT'S
21 COMPREHENSIVE, IF WE COVERED EVERY TIME THEY'VE SAID IT. BUT
22 WE WE'VE DEFINITELY GIVEN EXAMPLES OF WHEN IT'S BEEN SAID.
23       THE COURT: ALL RIGHT. WELL, I'M GOING TO NEED IT TO
24 BE COMPREHENSIVE, AND THIS IS WHY.
25       MR. ISAACSON: OKAY.

15

1        THE COURT: AND, AGAIN, THIS IS ALL LOOKING FIVE
2  STEPS DOWN. ONCE WE GET INTO TRIAL. THIS IS WHAT HAPPENS.
3  I'VE GRANTED, FOR INSTANCE, THEORETICALLY, A MOTION TO STRIKE
4  I TAKE THOSE REPORTS, AND I STRIKE THEM. I LITERALLY STRIKE
5  THEM FROM MY -- MY COPY WHICH I ALWAYS HAVE WITH ME.
6        THEN WE HAVE TESTIMONY. AND SOMEONE TRIES TO TESTIFY.
7  "OBJECTION, YOUR HONOR, IT'S PREVIOUSLY SUBJECT TO THE COURT'S
8  ORDER." OKAY?
9     AND I'LL ASK THE -- AND I'M -- AND I'M LOOKING AT YOU
10 BECAUSE IT RELATES TO YOUR -- AT LEAST THIS MOTION RELATES TO
11 YOUR EXPERTS.
12    I WILL THEN ASK YOU, IDENTIFY THE PARAGRAPH NUMBERS OF THE
13 REPORT THAT THE EXPERT'S PROFFERED TESTIMONY IS BASED ON. YOU
14 WILL HAVE TO IDENTIFY SPECIFICALLY WHAT PARAGRAPH THAT COMES
15 FROM.
16    IF I LOOK AT MY REPORT AND IT IS STRICKEN, THE OBJECTION
17 IS SUSTAINED. IF IT IS NOT, THEN IT'S OVERRULED. IF YOU'RE
18 NOT COMPREHENSIVE, THAT'S ON YOU.
19       MR. ISAACSON: UNDERSTOOD, YOUR HONOR. WE CAN UPDATE
20 OUR MOTION VERY QUICKLY TO -- TO DO THAT.
21       THE COURT: AND THAT'S FINE. I'LL GIVE YOU THE TIME
22 TO DO THAT. I'M JUST EXPLAINING TO THE BOTH OF YOU HOW THIS
23 PLAYS OUT IN A JURY TRIAL. ALL RIGHT? BECAUSE IT HAPPENS.
24    ACTUALLY, I'M HOPING IT IS LESS ARDUOUS THAN THE LAST ONE
25 WHERE IT WAS HAPPENING IN -- OVER THE ARCHITECTURE OF

16

1  SEMICONDUCTOR CHIPS. THINK I GET ECONOMICS A LITTLE BIT
2  BETTER THAN THAT, BUT ANYWAY, THAT'S HOW IT WILL PLAY OUT.
3     SO I NEED COMPREHENSIVE LISTS. OKAY?
4     ALL RIGHT. WHEN CAN YOU GET THE MOTION ON FILE?
5        (OFF-THE-RECORD DISCUSSION.)
6        THE COURT: CAN YOU DO IT MONDAY? YOU ALREADY HAVE
7  IT WRITTEN.
8        MR. ISAACSON: IF WE COULD HAVE TILL TUESDAY, I WOULD
9  APPRECIATE THAT.
10       THE COURT: OKAY. TUESDAY THE 7TH. THE ARGUMENTS I
11 TAKE IT ARE THE SAME. YOU'RE JUST GOING TO --
12       MR. ISAACSON: YES.
13       THE COURT: ALL RIGHT. SO YOU CAN ALREADY START
14 WORKING ON YOUR OPPOSITION. I'LL GIVE YOU A WEEK TO OPPOSE.
15       MS. SWEENEY: OKAY.
16       THE COURT: THE 14TH.
17       MS. SWEENEY: THANK YOU, YOUR HONOR.
18       THE COURT: OKAY. OTHER -- OTHER BIG ISSUES THAT YOU
19 MAY NOT BE ABLE TO RESOLVE. YOU SHOULD ALL KNOW THAT I HAVE
20 IN THIS ORDER, WHICH YOU WILL GET A PRETRIAL ORDER AFTER
21 TODAY, THE BASICS.
22    WITNESSES EXCLUDED UNTIL TESTIMONY IS COMPLETED. NO
23 REFERENCE TO SETTLEMENT DISCUSSIONS, MEDIATION OR INSURANCE,
24 NO REFERENCE TO WEALTH OR PUNITIVES TO THE EXTENT IT APPLIES.
25    SO THOSE ARE JUST SOME OF THE BASICS.

**17**

1  BUT NOW THAT YOU'VE EXCHANGED THE MOTIONS, OTHER KIND OF
2  BIG LEGAL ISSUES AS OPPOSED TO, YOU KNOW, SPECIFIC CONCERNS
3  ABOUT SPECIFIC DOCUMENTS OR SPECIFIC TESTIMONY?
4       MS. SWEENEY:  NO, YOUR HONOR.
5       MR. ISAACSON:  I THINK THAT'S IT.
6       THE COURT:  OKAY.
7  LET'S TALK A LITTLE BIT MORE ABOUT EXPERTS SINCE WE'RE ON
8  THAT TOPIC.  IN GENERAL --
9       MS. SWEENEY:  YOUR HONOR, CAN I INTERRUPT?  I'M
10 SORRY.  SOME OF OUR MOTIONS IN LIMINE RAISE THE SAME SORTS OF
11 ISSUES THAT MR. ISAACSON RAISED AND SO WE WOULD REQUEST ON THE
12 SAME SCHEDULE TO --
13      THE COURT:  SO WHAT ARE THOSE?
14      MS. SWEENEY:  -- CONVERT THOSE TO MOTIONS TO STRIKE.
15      THE COURT:  WHAT ARE THOSE?
16      MS. SWEENEY:  THEY ARE ISSUES PERTAINING TO WHETHER
17 THEIR EXPERT CAN OPINE ABOUT ISSUES THAT ARE NO LONGER IN THE
18 CASE OR -- OR CAN'T, SO IT'S SORT OF THE REVERSE OF WHAT
19 MR. ISAACSON IS MOVING ABOUT.
20      THE COURT:  OKAY.  YOU NEED TO BE MORE EXPLICIT THAN
21 THAT.
22      MS. SWEENEY:  HANG ON.  I --
23      THE COURT:  MR. BALINT, IF YOU WANT TO ADDRESS THOSE
24 ONES, THAT'S FINE.
25      MS. SWEENEY:  OH, YOUR HONOR, MR. BALINT REMINDED

**18**

1  ME -- I'M SORRY -- THAT WE HAVE ONE MOTION IN LIMINE THAT GOES
2  TO WHETHER THE DEFENDANT SHOULD BE ABLE TO PUT ON TESTIMONY BY
3  TWO EXPERTS THAT'S OVERLAPPING.
4     SO IF YOUR HONOR CONSIDERS THAT IN THE NATURE OF A MOTION
5  TO STRIKE, WE CAN REPHRASE THAT AND PUT IT IN -- IN THAT FORM
6  ALTHOUGH IN OUR MOTION IN LIMINE, WE ALREADY CITE THE SPECIFIC
7  PARAGRAPHS AND EXHIBITS THAT OVERLAP.
8       THE COURT:  OKAY.  WELL, I'LL LET THE TWO OF YOU SEE
9  IF YOU CAN -- WELL, SO -- SO YOU WANT TO STRIKE IT ON THE
10 BASIS THAT IT'S DUPLICATIVE?
11      MS. SWEENEY:  YES, YOUR HONOR.
12      THE COURT:  IS THERE AN INTENT TO TRY TO GET
13 DUPLICATIVE TESTIMONY?
14      MR. ISAACSON:  NO, YOUR HONOR.
15      THE COURT:  ALL RIGHT.  SEE IF YOU CAN WORK THAT ONE
16 OUT.  IF NOT, I'LL PUT YOU ON A SHORTENED SCHEDULE.
17    OKAY.  EXPERTS.  IN GENERAL, THE CURRICULUM VITAE OF
18 EXPERTS IS HEARSAY.  IT IS NOT ADMISSIBLE.  THEIR REPORTS ARE
19 HEARSAY.  THEY ARE NOT ADMISSIBLE.  WITH RESPECT TO THE
20 FORMER, I DON'T CARE ONE WAY OR THE OTHER, FRANKLY.  IF BOTH
21 OF YOU WANT THESE LONG DOCUMENTS DOCUMENTING THEIR HISTORY IN
22 EVIDENCE AND YOU CAN BOTH AGREE ON IT, THAT'S FINE.
23    LIKE I SAID IN THE ORDER, WE'VE GOT EXPERTS FROM ALL OVER
24 YOU KNOW, SOME OF THE BEST UNIVERSITIES, SO I DON'T REALLY
25 CARE.  I CAN ALSO TELL YOU I DON'T THINK A JURY EVER PICKS

**19**

1  THOSE THINGS UP AND LOOKS AT THEM, SO I ALSO THINK THEY'RE
2  IRRELEVANT, ULTIMATELY, TO THEIR DECISION-MAKING PROCESS.
3     WHILE YOU HAVE THE PERSON ON THE STAND, PART OF THE
4  PRESENTATION OF EVIDENCE TO THE JURY IS TO EXPLAIN TO THE JURY
5  WHAT THEIR CREDENTIALS ARE.  THAT'S YOUR OPPORTUNITY.  BUT IT
6  NEVER -- IT'S OFTEN -- I FIND THAT PEOPLE DON'T -- DON'T DO A
7  LOT OF JURY TRIALS ALWAYS SEEM TO THINK THAT THEY CAN GET
8  THESE DOCUMENTS IN, AND THEY DON'T.
9     SAME THING WITH REPORTS.  THEY DO NOT COME IN.
10    ALL THAT SAID, THE JURY DOES NEED SOMETHING TO LOOK AT IN
11 TERMS OF WHETHER IT BE CHARTS, WHETHER IT BE DEMONSTRATIVES,
12 AND THEY'RE -- IT IS HELPFUL FOR THEM TO HAVE A LIMITED NUMBER
13 OF DOCUMENTS PREPARED BY THE EXPERTS THAT IS CONSISTENT WITH
14 THEIR REPORTS THAT MIGHT DEMONSTRATE COMPLEX VOLUMINOUS
15 MATERIAL.
16   I DON'T KNOW IF YOU HAVE THOUGHT ABOUT OR ATTEMPTED TO
17 START CREATING THESE KINDS OF DOCUMENTS, BUT I THINK THAT
18 THERE PROBABLY IS SOME NEED FOR IT.  AND IT IS ALSO TYPICALLY
19 THE SUBJECT OF MUCH DISPUTE.
20    AGAIN, YOU DON'T AGREE.  I UNDERSTAND THAT.  THAT'S NOT
21 REALLY THE QUESTION.  BUT TO THE EXTENT THAT YOU ARE -- WELL,
22 LET ME ASK, 'CAUSE I HAVE -- I HAVEN'T SEEN YOUR DOCUMENT
23 PRODUCTIONS.  ARE THERE PORTIONS OF DOCUMENTS THAT HAVE BEEN
24 PRODUCED, WHETHER IT BE A FEW CHARTS OR WHATEVER THAT YOU ARE
25 SEEKING TO ADMIT AND THAT YOU HAVE IDENTIFIED OR PLAN ON

**20**

1  IDENTIFYING FOR PURPOSES OF MARKING SOMETHING AND HAVING
2  ADMITTED AS EXHIBITS?
3       MS. SWEENEY:  YES, YOUR HONOR.  WE'RE GOING TO MAKE
4  EVERY ATTEMPT TO MAKE SURE THAT THOSE DOCUMENTS ARE -- ARE
5  SHORT AND -- AND SUMMARIES RATHER THAN THE LONG DOCUMENT.
6  WE'LL USE EXCERPTS WHERE WE CAN.
7       THE COURT:  AND HAVE YOU -- BUT YOU HAVEN'T DONE ANY
8  EXCHANGE YET; IS THAT RIGHT?
9       MR. ISAACSON:  WE HAVE A SCHEDULE FOR EXCHANGING
10 SUMMARY EXHIBITS, WHICH WE WOULD SEEK TO BE ADMITTED.  AND IN
11 ADDITION, WE -- TALKING ABOUT NOTICE PROCEDURES TO ONE ANOTHER
12 FOR DEMONSTRATIVES THAT THE JURY WOULD RECEIVE BUT NOT BE
13 ADMITTED SO THAT YOU WON'T HAVE TO HAVE OBJECTIONS AT THE LAST
14 MINUTE TO THESE SORTS OF THINGS, AND WE CAN WORK THESE OUT IN
15 ADVANCE.
16      THE COURT:  OKAY.  AND HAVE YOU AGREED ON A SCHEDULE
17 YET?
18      MS. SWEENEY:  YES, WE HAVE, YOUR HONOR.
19      THE COURT:  WHAT IS THAT SCHEDULE?
20      MS. SWEENEY:  WE -- WE EXCHANGED OUR EXHIBIT LISTS
21 AND EXHIBITS LAST WEEK.  AND I BELIEVE THAT WE'RE EXCHANGING
22 THE -- THE SUMMARIES AND CHARTS IN TWO DAYS.
23      MS. BERNAY:  ON THE 13TH, YOUR HONOR.
24      MS. SWEENEY:  ON THE 13TH, YOUR HONOR.
25      MR. ISAACSON:  13TH, YES.

SHEET 4

25

1  BECAUSE IT'S SPECIFICALLY HIS REPORT THAT DISCUSSES ISSUES
2  ABOUT HOW APPLE SHOULD HAVE OFFERED INTEROPERABILITY, WE
3  SHOULD HAVE SHARED TECHNICAL INFORMATION, AND WE SHOULD HAVE
4  DESIGNED THINGS DIFFERENTLY THAT WE THINK ARE CONTRA TO
5  ANTITRUST LAW, WHATEVER HIS TECHNICAL OPINIONS MAY BE.
6      THE COURT:  OKAY.  BUT THERE ISN'T GOING TO BE AN
7  OBJECTION AROUND THE PRODUCT IMPROVEMENT TECHNOLOGY WHICH IS
8  FUNDAMENTALLY THE ISSUE HERE.
9      MR. ISAACSON:  WELL, SOME OF THOSE ISSUES -- SOME OF
10 HIS OPINIONS LEADING TO THAT PRODUCT IMPROVEMENT OPINION ARE
11 PART OF THIS ANTITRUST DEBATE THAT WE'RE GOING TO HAVE AS TO
12 WHETHER YOU CAN TAKE INTO CONSIDERATION AS TO WHETHER
13 SOMETHING'S A PRODUCT IMPROVEMENT, WHETHER IF WE COULD HAVE
14 DONE THINGS BETTER BY DESIGNING THIS DIFFERENTLY, OR WE COULD
15 HAVE AVOIDED THIS PROBLEM BY SHARING TECHNICAL INFORMATION.
16     BUT YOU'LL SEE THAT WHEN WE BRIEF IT.
17     THE COURT:  OKAY.
18     AND THEN DO YOU -- WHO'S YOUR -- WHO'S YOUR COUNTER TO
19 MARTIN?
20     MR. ISAACSON:  THAT WOULD BE DR. KELLY.
21     THE COURT:  ARE YOU -- HAVE YOU DESIGNATED ANY
22 INTERNAL EXPERTS?  THIS, AGAIN, IS A PROBLEM AREA THAT I
23 FREQUENTLY SEE WHERE PARTIES DO NOT SEEM TO UNDERSTAND THAT
24 EXPERTS ARE EXPERTS AND YOU CAN'T BRING IN A PERCIPIENT
25 WITNESS -- AN EXPERT UNDER THE GUISE OF A PERCIPIENT WITNESS.

26

1     SO HAVE THEY BEEN DESIGNATED, ARE THERE GOING TO BE
2  IN-HOUSE ISSUES THAT I NEED TO DEAL WITH?
3     MR. ISAACSON:  WELL, WE DEFINITELY HAVE WITNESSES WHO
4  ARE TECHNICAL PEOPLE BECAUSE OF THE NATURE OF THE CASE I THINK
5  WHO WILL BE TESTIFYING ON A -- ON -- BASED ON WHAT THEY SAW
6  AND KNOW AND UNDERSTOOD BUT WILL BE SPEAKING ABOUT TECHNICAL
7  ISSUES 'CAUSE THAT'S WHAT THEY DO ALL DAY.
8     BUT I'M NOT AWARE OF ANYONE HAVING BEEN DESIGNATED AS AN
9  EXPERT WITNESS UNDER THE -- UNDER THE FEDERAL RULES.
10    THE COURT:  WELL, YOU'RE GOING TO NEED TO BE CAREFUL
11 BECAUSE THERE IS A LINE THERE.  AND FREQUENTLY WITNESSES CROSS
12 IT.  SO IT IS A PROBLEM THAT PEOPLE DON'T THINK ABOUT IN
13 ADVANCE.  SO I DON'T KNOW IF IT'S GOING TO BE A PROBLEM HERE,
14 BUT IT IS AS PROBLEM GENERALLY.
15    HAVE YOU MET OR HAVE YOU ON YOUR LIST THE ISSUE OF WHETHER
16 OR NOT YOU'RE AGREEABLE TO HAVING YOUR EXPERTS LISTEN TO THE
17 TESTIMONY OF THE RESPECTIVE EXPERT ON THE OTHER SIDE?  USUALLY
18 I EXCLUDE WITNESSES FROM THE COURTROOM.
19    MS. SWEENEY:  I THINK THAT'S ONE OF THE TOPICS WE
20 WERE GOING TO BE MEETING AND CONFERRING ABOUT NEXT WEEK.
21    MR. ISAACSON:  YES.
22    THE COURT:  OKAY.
23    MR. ISAACSON:  WE WILL ALSO, IN TERMS OF EXPERTS, PUT
24 ON THE TABLE FOR DISCUSSION WHETHER IT WOULD MOST HELP THE
25 JURY IF WE HAD A PROCESS FOR HAVING EXPERTS PAIRED SO THAT

27

1  THE -- THEIR TECHNICAL EXPERT WAS FOLLOWED BY OUR TECHNICAL
2  EXPERT, ET CETERA.
3     MS. SWEENEY:  AND WE -- WE SAW SOME OF THIS IN -- IN
4  APPLE'S PRETRIAL STATEMENT, YOUR HONOR, AND JUST TO PRESERVE
5  THE ARGUMENT, WE'RE GOING TO OBJECT BECAUSE WE DON'T WANT TO
6  INTERRUPT THE FLOW OF PUTTING OUR CASE-IN-CHIEF IN.
7     THE COURT:  I THINK IT'S A GOOD IDEA, BUT MY
8  PERSPECTIVE IS THAT OF THE JURY'S PERSPECTIVE.  BUT I DON'T
9  DEMAND IT.  I WILL RESERVE ON WHETHER OR NOT ON MY OWN
10 PERSPECTIVE WITH HAVING EXPERTS IN THE COURTROOM.  MY LAST
11 EXPERIENCE WITH THIS WAS NOT PRODUCTIVE.  SO --
12    MR. ISAACSON:  IT MIGHT BE HELPFUL TO US IF WE HAD
13 YOUR INSIGHTS AS TO HOW IT WAS NOT HELPFUL.
14    THE COURT:  WELL, THE PROBLEM WAS THAT IT CREATED NEW
15 PROBLEMS.  SO AFTER THE EXPERT SAT IN AND LISTENED TO THE
16 EXPERT'S TESTIMONY, THERE APPEARED TO -- TO BE NEW APPROACHES
17 TO HOW TO DEAL WITH THAT EXPERT'S TESTIMONY WHICH HAD NOT
18 BEEN -- HAD BEEN MASSAGED IN A WAY THAT WAS NOT -- DID NOT
19 QUITE COMPORT WITH THAT EXPERT'S PRIOR REPORT SO
20 DEMONSTRATIVES LOOKED KIND OF DIFFERENT.  THEY WERE MORE
21 ADVERSARIAL IN A SENSE.  THAT IS, THEY WERE SPECIFICALLY TIED
22 TO THE PRIOR TESTIMONY AS OPPOSED TO ALLOWING THE -- THE
23 ATTORNEYS TO ARGUE.
24    SO THERE'S A LEVEL PLAYING FIELD WHEN EVERYBODY HAS THE
25 REPORTS AND EVERYBODY KNOWS WHAT -- WHAT WENT ON BEFORE THE

28

1  TRIAL STARTED.  WHAT I FOUND BY ALLOWING THAT EXPERT TO SIT IN
2  AND LISTEN IS THAT THAT THEN CHANGED.  THE PLAYING FIELD
3  CHANGED.  AND -- AND IT WAS -- IT CREATED MORE PROBLEMS THAN I
4  THOUGHT IT WAS WORTH, SO --
5     I WOULD HAVE TO BE PERSUADED.  I AM RELUCTANT AT THIS
6  POINT GIVEN THAT EXPERIENCE.  IT WAS ONLY ONE EXPERIENCE, SO
7  PERHAPS I COULD HAVE A POSITIVE EXPERIENCE.  BUT FORTUNATE OR
8  UNFORTUNATE FOR YOU, YOU'RE COMING OFF THAT RATHER DIFFICULT
9  EXPERIENCE.
10    OKAY.  JUST A NOTE ON YOUR MOTIONS IN LIMINE.  REMEMBER
11 THE WAY THESE ARE SUPPOSED TO BE DONE.  AND IT'S LAID OUT IN
12 MY ORDER.  TO MAKE IT EASIEST FOR ME -- AND IF YOU'D GIVE ME
13 TWO COPIES, I'D APPRECIATE IT -- YOU'LL HAVE THE MOTION -- SO
14 YOU CAN EXCHANGE THEM, BUT THEN CREATE CHAMBERS BINDERS.
15    AND THE WAY I DO THIS IS I READ THEM KIND OF BACK TO BACK.
16 SO IT'S HELPFUL TO HAVE THE MOTION AND THEN THE OPPOSITION,
17 THE MOTION AND THE OPPOSITION BUT ONE PROPOSED ORDER FOR EACH
18 SIDE.  SO IF YOU HAVE FIVE MOTIONS ON EACH SIDE, I WOULD GET
19 ONE PROPOSED ORDER ADDRESSING JUST KIND OF THE ISSUE, AND
20 WHETHER IT'S GRANTED, DENIED, MOD- -- OR AS MODIFIED.  OKAY?
21    MS. SWEENEY:  UM-HMM.
22    THE COURT:  ALL RIGHT.  WHAT ARE WE LOOKING AT IN
23 TERMS OF EXHIBITS?  HOW VOLUMINOUS ARE THEY?  WE KILLED A LOT
24 OF TREES IN MY LAST TRIAL.  I WOULD ACTUALLY LIKE TO AVOID
25 THAT.  THE JURORS WERE ACTUALLY -- SOME OF THEM WERE ACTUALLY

CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 8, 2014.

        s/ Bonny E. Sweeney
        BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:      bonnys@rgrdlaw.com

975176_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`