ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
tomm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | ) ) ) Lead Case No. C-05-00037-YGR |
| | ) **CLASS ACTION** |
| This Document Relates To: | ) ) PLAINTIFFS' MOTION TO STRIKE |
| ALL ACTIONS. | ) SUPPLEMENTAL EXPERT REPORT OF ) KEVIN M. MURPHY AND ROBERT H. ) TOPEL, DATED DECEMBER 20, 2013 |

DATE:        February 18, 2014
TIME:        2:00 p.m.
CTRM:      5, 2nd Floor
JUDGE:     Hon. Yvonne Gonzalez Rogers

TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on February 18, 2014, at 2:00 p.m., in Courtroom 5, 2nd Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Melanie Tucker, Mariana Rosen, and Somtai Troy Charoensak (collectively, "Plaintiffs") will and hereby do, through undersigned counsel, move the Court for an Order striking the Supplemental Report of Kevin M. Murphy and Robert H. Topel, dated December 20, 2013.

Plaintiffs request the Court strike the untimely supplemental report written by Professors Murphy and Topel, or in the alternative, also consider Professor Noll's rebuttal to the supplemental report of Professors Murphy and Topel.

## I.    MEMORANDUM OF POINTS AND AUTHORITIES

On December 20, 2013, Apple submitted a new, unauthorized supplemental expert report in support of its motion for summary judgment.  This supplemental expert report is in violation of this Court's scheduling Orders and must be stricken.  On June 5, 2013 and November 1, 2013, the Court ordered Defendants to complete expert disclosures by July 19, 2013, and the parties to file any motions for summary judgment by December 20, 2013.  Dkt. Nos. 730, 735.  The Orders did not contemplate additional expert reports being submitted after July 19, 2013.  Yet Apple has flouted the Orders by submitting another expert report by its two economic experts, complete with several new regressions and other analyses.

While Apple's experts claim that their supplemental report is in response to "new" material in the Noll Rebuttal,[1] it is not.  The only part of the Noll Rebuttal that is "new" is directly responsive to Professors Murphy and Topel's criticisms or was made necessary by Apple's belated production of information identifying iPods affected by the challenged conduct.  Under the Federal Rules of Civil Procedure, Professor Noll's Rebuttal, which covers the same subject matter as Apple's expert reports, is proper and does not justify an untimely additional report by Apple.

---

[1]    The Rebuttal Declaration of Roger G. Noll on Liability and Damages ("Noll Rebuttal") is attached as Exhibit 2 to the Declaration of Bonny E. Sweeney in Support of Plaintiffs' Memorandum of Law in Opposition to Apple's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll ("Sweeney Opposition Declaration"), filed concurrently.

976041_1

MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR                                - 1 -

1   Plaintiffs will be unfairly prejudiced if this motion to strike is not granted.  If Apple is

2   permitted to rely on its supplemental expert report, Plaintiffs respectfully request that the Court also

3   consider a supplemental report by Professor Noll, attached as Exhibit 3 to the Sweeney Opposition

4   Declaration.

5   **A.      The Noll Rebuttal Report Is a Proper Rebuttal**

6   Apple claims that its supplemental expert report is necessary to address new material in the

7   Noll Rebuttal.  But Professor Noll's Rebuttal report is just that – rebuttal.  Under Rule 26 of the

8   Federal Rules of Civil Procedure, rebuttal evidence is "evidence [that] is intended solely to

9   contradict or rebut evidence on the same subject matter identified by another party." Fed. R. Civ. P.

10  26(a)(2)(D)(ii).  Thus, a "rebuttal expert may cite new evidence and data so long as the new evidence

11  and data is offered to directly contradict or rebut the opposing party's expert." *Glass Dimensions,*

12  *Inc. v. State St. Bank & Trust Co.*, 290 F.R.D. 11, 16 (D. Mass. 2013); *see also Park W. Radiology v.*

13  *CareCore Nat'l LLC*, 675 F. Supp. 2d 314, 326 (S.D.N.Y. 2009) (permitting rebuttal report where

14  "new methodologies used by [expert] in this second report were for the purpose of rebutting or

15  critiquing the opinions of Defendants' expert witness").

16  All of the Noll Rebuttal, including the exhibits that report his revised damages estimates,

17  constitute Professor Noll's response to Professors Murphy and Topel, with the exception of an

18  adjustment required by Apple's late production of information identifying which iPods were affected

19  by the challenged software updates.[2]  Specifically:

20  In pages 2 through 12, Professor Noll describes his assignment and summarizes his

21  conclusions.  In the description of his assignment, he explains that he was asked to review the

22  Murphy and Topel report to "determine whether any of the evidence and analysis in these reports

23  causes me to change the conclusions" in his prior report.  Noll also explains that he was asked by

24  counsel "to re-estimate the damages regressions . . . to take into account new information on the iPod

25

26  _____

    [2]      On July 2, 2013, three months after Professor Noll submitted his April 3, 2013 Liability and
27  Damages Report, Apple produced a revised declaration from Augustin Farrugia, which corrected his
    previous declaration purporting to identify which iPod models contained the Keybag Verification
28  Code or Database Verification Code.  Sweeney Opp. Decl., Ex. 59.

MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF KEVIN M. MURPHY AND ROBERT
H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR                                    - 2

1    models in which iTunes 7.0 was used." Sweeney Opp. Decl., Ex. 2, Noll Rebuttal at 2. He then

2    summarizes his conclusions.

3        In his summary, Professor Noll states that his revised regression equations take into account

4    the new information provided by Apple in July 2013 as well as some of the criticisms made by

5    Professors Murphy and Topel. *Id.* at 3 ("I have concluded that the criticisms by defendant's experts

6    fall into two categories. The first consist of criticisms that have some basis in economics but that

7    overstate the importance of their criticisms. In these cases, regardless of whether I agree that the

8    criticisms warrant changing the procedures, I have adopted [them] and find that these changes have

9    only a small effect on the amount of damages . . . ."). Others of Professors Murphy and Topel's

10    criticisms, however, "have no basis in economics." *Id.* As to these, Professor Noll did not change

11    his analysis or methods. *Id.* After summarizing his response to Murphy's criticism of Noll's

12    analysis of market definition and market power (*id.* at 2-5), Noll discusses the four Murphy and

13    Topel criticisms that lead him to make adjustments to his regression analysis (use of quantity

14    weights, rather than frequency weights; use of scalar variable of time rather than logarithm of time;

15    adoption of an earlier date that Apple adopted a DRM-free format; and distinction between two

16    versions of the Apple software that disabled Harmony). *Id.* at 5-6. Noll then explains why Apple's

17    remaining criticisms of his regression analysis (whether the indicator variable for iTunes 4.7 should

18    be turned off after the introduction of 7.0; the timing of price effect of 7.0; whether the regression

19    should have included additional variables; and clustering) "are not valid and [would] reduce, not

20    increase, the reliability of the regression analysis if they were adopted." *Id.* at 6-11. Finally, Noll

21    summarizes his revised damages estimate. *Id.* at 11-12.

22        In the body of his Rebuttal, Professor Noll explains these conclusions in greater detail and

23    sets forth the bases for them. Even a cursory examination of the remaining 40 pages shows that Noll

24    is not issuing a "new report" as Apple claims, but instead is responding to Murphy and Topel. *See,*

25    *e.g.*, *id.* at 13-14 (responding to Murphy's opinion that closed systems are pro-competitive); *id.* at

26    14-15 (responding to Murphy's opinion that Plaintiffs must show that some threshold level of iPod

27    owners used Harmony); *id.* at 15 (responding to Murphy's "double marginalization" opinion); *id.* at

28    15-18 (responding to Murphy's challenge to Noll's market definition and market power opinions);

MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF KEVIN M. MURPHY AND ROBERT
H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR                    - 3 -

1    *id.* at 18 (responding to Murphy's claim that the Noll regressions do not account for other technical

2    features that occurred with 7.0); *id.* at 18-22 (responding to Murphy and Topel's criticism that Noll

3    should have used frequency weights, rather than quantity weights, in the regression); *id.* at 23-32

4    (responding to Murphy and Topel's criticisms of the specification of the Noll regression equations);

5    *id.* at 32-47 (responding to Murphy and Topel's opinion that Noll should have included a cluster

6    correction); *id.* at 48-51 (explaining the results of the revised regressions that take into account

7    certain criticisms of Murphy and Topel and the revised information about affected iPods).

8    **B.    Apple's Supplemental Report Should Be Excluded under Fed. R. Civ. P. 37(c)(1)**

9

10    The Ninth Circuit has identified five factors that should be considered in deciding whether to

11    impose Federal Rule of Civil Procedure 37(c)(1)'s exclusion-of-evidence sanction. *Wendt v. Host*

12    *Int'l, Inc.*, 125 F.3d 806, 814 (9th Cir. 1997). Courts in this Circuit have used these same factors in

13    considering whether to strike an untimely expert report. *AZ Holding, L.L.C. v. Frederick*, No. CV-

14    08-0276-PHX-LOA, 2009 U.S. Dist. LEXIS 74515 (D. Ariz. Aug. 10, 2009). Those factors instruct

15    the court to consider the following: "'(1) the public's interest in expeditious resolution of litigation;

16    (2) the court's need to manage its docket; (3) the risk of prejudice to the [other parties]; (4) the

17    public policy favoring disposition of cases on their merits; and (5) the availability of less drastic

18    sanctions.'" *Id.* at *15. A finding of willfulness or bad faith is not required in order to impose the

19    exclusion-of-evidence sanction. *CCR/AG Showcase Phase I Owner, L.L.C. v. UA Theatre Circuit,*

20    *Inc.*, No. 2:08-cv-00984-RCJ-GWF, 2010 U.S. Dist. LEXIS 56137 (D. Nev. May 13, 2010).

21    Here, each of the *Wendt* factors supports exclusion. This litigation is nearing its ninth year.

22    It should be resolved. Furthermore, Apple has ignored this Court's scheduling Orders, hindering the

23    Court's ability to manage its docket. In addition, Plaintiffs will be severely prejudiced if the new

24    material in Apple's supplemental expert report is considered, particularly given the timing. Apple

25    submitted a new expert report containing new calculations and economic models that Plaintiffs and

26    their experts have had only a few weeks to test, over the winter holidays. Likewise, the fifth factor

27    supports exclusion because even if this Court permits Plaintiffs to submit a short supplemental Noll

28    declaration, vacation schedules of Professor Noll and the support staff at Economists, Inc. impacted

1   their ability to produce the declaration.  All of the *Wendt* factors favor exclusion of Apple's

2   supplemental expert report.  *See Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 642 (D.

3   Haw. 2008) (striking untimely report despite finding that less drastic sanctions were available,

4   because the majority of factors weighed in favor of exclusion).

5        Apple's untimely supplemental report is improper and should be stricken from the record.

6   *See Storage Tech. Corp. v. Cisco Sys.*, No. C 00-1176 SI, 2001 U.S. Dist. LEXIS 25876, at *10-*11

7   (N.D. Cal. Nov. 27, 2001) (striking submission of untimely expert report where opposing party

8   claimed the late submission prevented it from being able to properly respond to it); *see also*

9   *O'Connor v. Boeing N. Am., Inc.*, No. CV 97-1554 DT (RCx), 2005 U.S. Dist. LEXIS 46233, at

10  *34-*35 (C.D. Cal. Sept. 12, 2005) ("To permit these reports into evidence would improperly widen

11  the trial issues at the eleventh hour, and would unduly prejudice [the party] in preparing for trial.

12  Moreover, the new opinions appear based on information that was available to these experts at the

13  time of their initial Rule 26 disclosures.").

14       In sum, Apple should not be rewarded for its failure to comply with the Court's scheduling

15  Orders.  Consideration of the untimely supplemental report would prejudice Plaintiffs and provide

16  Apple an unfair and improper litigation advantage.  Plaintiffs' motion to strike should be granted.

17  DATED:  January 13, 2014                    Respectfully submitted,

18                                             ROBBINS GELLER RUDMAN
                                                & DOWD LLP
19                                             BONNY E. SWEENEY
                                               THOMAS R. MERRICK
20                                             ALEXANDRA S. BERNAY
                                               CARMEN A. MEDICI
21                                             JENNIFER N. CARINGAL

22

23                                                   s/ Bonny E. Sweeney
                                                  BONNY E. SWEENEY
24
                                               655 West Broadway, Suite 1900
25                                             San Diego, CA  92101
                                               Telephone:  619/231-1058
26                                             619/231-7423 (fax)

27                                             Class Counsel for Plaintiffs

28

MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF KEVIN M. MURPHY AND ROBERT
H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR                         - 5 -

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY  10168
Telephone:  212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

MOTION TO STRIKE SUPPLEMENTAL EXPERT REPORT OF KEVIN M. MURPHY AND ROBERT
H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR                                      - 6 -