1 | ROBBINS GELLER RUDMAN
      & DOWD LLP
2 | BONNY E. SWEENEY (176174)
    THOMAS R. MERRICK (177987)
3 | ALEXANDRA S. BERNAY (211068)
    CARMEN A. MEDICI (248417)
4 | JENNIFER N. CARINGAL (286197)
    655 West Broadway, Suite 1900
5 | San Diego, CA  92101
    Telephone:  619/231-1058
6 | 619/231-7423 (fax)
    bonnys@rgrdlaw.com
7 | tmerrick@rgrdlaw.com
    xanb@rgrdlaw.com
8 | cmedici@rgrdlaw.com
    jcaringal@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | CLASS ACTION |
| This Document Relates To:<br><br>ALL ACTIONS. | PLAINTIFFS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 |
| | DATE:     TBD<br>TIME:     TBD<br>CTRM:    5, 2nd Floor<br>JUDGE:   Hon. Yvonne Gonzalez Rogers |

976117_1

## I. INTRODUCTION

In response to the July 19, 2013 expert reports of Professors Murphy and Topel, Professor Noll submitted his Rebuttal Declaration of Roger G. Noll on Liability and Damages on November 25, 2013 ("Noll Rebuttal").[1] In the Noll Rebuttal, Professor Noll was tasked with "determin[ing] whether any of the evidence and analysis in [Murphy and Topel's] reports causes [him] to change the conclusions in the *Noll Merits Reports*, as amended in the *Noll Corrections Report*." Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 2. In his Rebuttal he addressed the criticisms directed towards his methodology, which is not "new" evidence as proclaimed by Apple.

As both parties note, rebuttal evidence is defined under Rule 26 of the Federal Rules of Civil Procedure as "evidence [that] is intended solely to contradict or rebut evidence on the ***same subject matter*** identified by another party." Fed. R. Civ. P. 26(a)(2)(D)(ii) (emphasis added). Every analysis in the Noll Rebuttal is concerning the "same subject matter" that Apple raised in the initial Murphy and Topel expert reports. Simply because Professor Noll has amended his analysis does not change this fact. "The orderly conduct of litigation demands that expert opinions reach closure." *Miller v. Pfizer Inc.*, 356 F.3d 1326, 1334 (10th Cir. 2004). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . ." *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (quoting *Beller ex. rel. Beller v. United States*, 221 F.R.D. 696, 701 (D.N.M. 2003)).

## II. PLAINTIFFS' MOTION TO STRIKE IS IN ACCORDANCE WITH CIVIL LOCAL RULE 7-8

Contrary to Apple's assertions, Civil Local Rule 7-3 is not the appropriate rule governing plaintiffs' requested relief. The applicable rule is Civil Local Rule 7-8, which states that any motion for sanctions "must be separately filed." Civil L.R. 7-8(a). Here, plaintiffs are requesting exclusionary sanctions to be imposed upon Apple for untimely filing the Supplemental Expert Report of Kevin M. Murphy and Robert H. Topel, dated December 20, 2013 ("Supplemental Expert

---

[1] All references to ("Sweeney MSJ Opp. Decl.") are to the Declaration of Bonny E. Sweeney in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll, dated January 13, 2014.

Report"). Plaintiffs have thus appropriately filed a separate motion to strike in accordance with Civil Local Rule 7-8.

### III. PROFESSOR NOLL'S REBUTTAL CONSISTS OF ONLY RESPONSIVE ARGUMENTS

Defendant justifies the Apple Supplemental Report because "[r]ather than defending his original regression models and damages estimates, [Professor Noll] submitted new regressions and 180 pages of new exhibits." Def's Opp. at 3. Professor Noll amended his regressions in response to the criticisms leveled against his original regressions.[2] Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 1. First, Professor Noll employed the use of quantity weights rather than frequency weights, which "leads to only minor changes in the results of the statistical . . . significance of the coefficients on the independent variables in the regression equation." *Id.* at 5. Also addressing Murphy and Topel's criticisms, Professor Noll utilized the scalar variable of time as opposed to the logarithm of time (although there is no theoretical justification for choosing one over the other here), amended the date at which iTunes adopted a DRM-free format of music (although the initial change may have occurred on January 6, iTunes was not completely DRM-free until March 29, so this is a conservational adjustment), and amended the treatment of the indicator variable for Harmony to address when Harmony became available. *Id.* at 5, 6. With respect to Murphy and Topel's criticisms that were directed at clustering, the but-for world, and omitted variables, Professor Noll addresses these in his rebuttal report and determines that these changes "would reduce, not increase, the reliability of the regression analysis if they were adopted." *Id.* at 6-11.

---

[2] Apple falsely asserts that Professor Noll's new regressions drastically altered the damages estimates. Def's Opp. at 1. However, after directly addressing all of Murphy and Topel's criticisms and adjusting for the new information concerning the extent of the keybag verification code ("KVC") on certain iPod models, Professor Noll determined that the "changes have only a small effect on the amount of damages that is calculated from the regression equations." Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 3. The amended damages estimations resulted in a 2.38% overcharge for reseller customers and 7.45% overcharge for direct purchasers. *Id.* at 51 & Ex. 4. Professor Noll's previous damages model had estimated a 3.21% overcharge for resellers and 6.32% overcharge for direct purchasers. *Id.*, Ex. 1 (Noll Liability and Damages Report) at 77 & Ex. 14. Professor Noll currently estimates damages for reseller customers at approximately $148,947,126 and $194,655,141 for direct iPod sales. *Id.*, Ex. 2 (Noll Rebuttal) at 51 & Ex. 4. Additionally, Professor Noll included a calculation of additional iPod sales for customers whose transactions records were excluded due to data problems that Apple did not solve, which is estimated at $8,028,886. *Id.* at 12 & Ex. 4. Total damages (including additional damages) are estimated at $351,631,153. *Id.*

1   This does not make his analysis "new." *See, e.g.*, *Kirola v. City & County of San Francisco*, No. 07-3685 SBA (EMC), 2010 U.S. Dist. LEXIS 7355, at *6 (N.D. Cal. Jan. 29, 2010) ("As a general matter, courts have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter."); *In re Genetically Modified Rice Litig.*, Case No., 4:06MD1811 CDP, 2010 U.S. Dist. LEXIS 116135, at *160 (E.D. Mo. Nov. 1, 2010) ("An expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert."). In *Genetically Modified Rice*, the expert's "econometric analysis report addresses previously disclosed methods and issues. The remainder either responds to a specific criticism by one of [defendant's] experts or it responds to [defendant's] experts' general criticism that [plaintiff's] expert's] previous conclusions were incorrect" and "new methods are also offered to rebut [defendant's] experts' criticisms and fall within the same subject matter as [defendant's] experts' criticisms." *Id.* at *160-*161. That is exactly the situation here.

First, Apple argues that Professor Noll "abandoned the argument that 'lock-in' would cause an immediate impact and replaced it with a new theory that prices would have increased immediately because certain customers supposedly were 'locked out' from using an iPod due to the amount of RealNetworks music they owned." Def's Opp at 4. This is a mischaracterization of Professor Noll's analysis. Professor Noll's "lock out" theory is not new and has been a part of his analysis since the beginning. *See, e.g.*, Sweeney MSJ Opp. Decl., Ex. 50 (12/18/13 Noll Dep.) at 79:8-10 ("Lock-out. They're the same thing. I mean, one side being locked in is the other side being locked out."); *id.* at 102:9-15 ("Lock-in and lock-out are the same thing. They're just – lock-in is about your own device, lock-out is about the other guy's device. But it's exactly the same phenomenon. Lock-in here and lock-out there is the same as lock-in there and lock-out here. They're the same phenomenon.").

Professor Noll's analysis concerning the treatment of the iTunes 4.7 and iTunes 7.0 variable changed for two reasons, both of which were in response to Murphy and Topel's criticisms, and neither of which justify the Supplemental Expert Report. First, Murphy and Topel proposed using two indicators for Harmony to account for the two versions of the program relevant to this litigation.

Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 25.  In response, Professor Noll adopted this proposal and separated the variables as part of his analysis.  *Id.*

Second, Apple's experts argued that the "Harmony Blocked" variable should be set to one until the end of the data period so as to measure the harm arising from the replacement of earlier versions of iTunes that the Court had ruled to be legal.  *Id.*  However, responding to Apple's experts, Noll explained that this would not make sense, because 7.0 replaced 4.7 in many models.[3]  *Id.* at 26.

Finally, the cases Apple relies upon are inapposite.  In *In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478, 501 (N.D. Cal. 2008), the court excluded the expert's report because the expert had introduced entirely new regressions that were purportedly based on "new" information.  However, the court determined that this "new" information was in actuality public information that the expert could have located and utilized in her initial report.  *Id.*  Here, unlike in *In re Graphics Processing Units*, Professor Noll's changes to his methodology were in response to criticisms raised in the expert reports Murphy and Topel filed in July 2013 as well as new information produced by Apple (only after Noll submitted the Noll Corrections Report) concerning which iPods contained the KVC.  In *Wendt v. Host Int'l Inc.*, 125 F.3d 806 (9th Cir. 1997), the Ninth Circuit reversed the district court's summary judgment decision and noted that "both parties now have ample opportunity to begin the expert disclosure procedure anew."  *Id.* at 814.  Here, plaintiffs had limited time to prepare for the new depositions of Murphy and Topel and Professor Noll had a limited period to produce his Supplemental Rebuttal Report and there is no opportunity to "begin the expert disclosure procedure anew."  And in *AZ Holding, LLC v. Frederick*, No. CV-08-

---

[3] In the Noll Liability and Damages Report, Professor Noll's analysis was based on his understanding that Harmony was disabled on all iPods sold after September 12, 2006. Sweeney MSJ Opp. Decl., Ex. 2 (Noll Rebuttal) at 25-26. It was not until *after* the submission of the Noll Corrections Report that Apple confirmed that the KVC was not enabled on all of the iPod models, and provided evidence identifying the specified models, thereby causing Professor Noll to respond to this new information and Apple's criticisms by setting the "Harmony Blocked" indicator to one for those models not affected by iTunes 7.0. *Id.* at 26. Although Apple's counsel had informally notified plaintiffs' counsel that not all of the iPod models contained the KVC, it was not until July 2, 2013, that Apple disclosed the full extent of the affected models in the Supplemental Declaration of Augustin Farrugia. In Farrugia's declaration he "correct[ed] and clarif[ied] the timing of the release of the database verification code and new keybag architecture . . . and clarif[ied] on which iPod models the codes were enabled." *Id.*, Ex. 59 (Farrugia Supp. Decl.) at 1. It was not until this juncture that Plaintiffs were able to fully realize the extent of the error of Apple's previous representations.

976117_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR       - 4 -

1  0276, 2009 U.S. Dist. LEXIS 74515, at *18 (D. Ariz. Aug. 10, 2009), part of the court's rationale for
2  permitting the use of the contested untimely expert was defendant's claim that the witness was to be
3  used solely as a rebuttal witness.  Apple has not similarly limited Murphy and Topel's role.

4  **IV.    CONCLUSION**

5        Professor Noll's Rebuttal is directly responsive to Murphy and Topel's initial reports or
6  addresses the late information produced by Apple identifying affected iPods.  As a result, the
7  Supplemental Expert Report is untimely and plaintiffs respectfully request that their motion to strike
8  be granted.  Alternatively, plaintiffs request that the Court also consider Professor Noll's Rebuttal to
9  the Supplemental Expert Report (Supplemental Rebuttal Declaration of Roger G. Noll on Liability
10 and Damages, dated January 13, 2014).  Apple does not oppose the proposed alternative relief.

11 DATED:  February 3, 2014                    Respectfully submitted,

                                                      ROBBINS GELLER RUDMAN
                                                          & DOWD LLP
                                                      BONNY E. SWEENEY
                                                      THOMAS R. MERRICK
                                                      ALEXANDRA S. BERNAY
                                                        CARMEN A. MEDICI
                                                      JENNIFER N. CARINGAL

                                                               s/ Bonny E. Sweeney
                                                            BONNY E. SWEENEY

                                                    655 West Broadway, Suite 1900
                                                    San Diego, CA  92101
                                                    Telephone:  619/231-1058
                                                    619/231-7423 (fax)

                                                    Class Counsel for Plaintiffs

                                                    THE KATRIEL LAW FIRM
                                                    ROY A. KATRIEL
                                                    1101 30th Street, N.W., Suite 500
                                                    Washington, DC  20007
                                                    Telephone:  202/625-4342
                                                    202/330-5593 (fax)

976117_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF
KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR    - 5 -

1  
2  BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.  
3  ANDREW S. FRIEDMAN  
   FRANCIS J. BALINT, JR.  
   ELAINE A. RYAN  
4  2325 E. Camelback Road, Suite 300  
   Phoenix, AZ  85016  
5  Telephone:  602/274-1100  
   602/274-1199 (fax)  
6  
7  BRAUN LAW GROUP, P.C.  
   MICHAEL D. BRAUN  
   10680 West Pico Blvd., Suite 280  
8  Los Angeles, CA  90064  
   Telephone:  310/836-6000  
9  310/836-6010 (fax)  
10 GLANCY BINKOW & GOLDBERG LLP  
   BRIAN P. MURRAY  
11 122 East 42nd Street, Suite 2920  
   New York, NY  10168  
12 Telephone:  212/382-2221  
   212/382-3944 (fax)  
13  
   GLANCY BINKOW & GOLDBERG LLP  
14 MICHAEL GOLDBERG  
   1925 Century Park East, Suite 2100  
15 Los Angeles, CA  90067  
   Telephone:  310/201-9150  
16 310/201-9160 (fax)  
17 Additional Counsel for Plaintiffs  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  

976117_1

PLTFS' REPLY MEMO MEMO ISO MOTION TO STRIKE THE SUPPLEMENTAL REPORT OF KEVIN M. MURPHY AND ROBERT H. TOPEL, DATED DECEMBER 20, 2013 - C-05-00037-YGR    - 6 -