William A. Isaacson (Admitted Pro Hac Vice)
(wisaacson@bsfllp.com)
Karen L. Dunn (Admitted Pro Hac Vice)
(kdunn@bsfllp.com)
Martha L. Goodman (Admitted Pro Hac Vice)
(mgoodman@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. (State Bar No. 212213)
(jcove@bsfllp.com)
Meredith R. Dearborn (State Bar No. 268312)
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:	(415) 626-3939
Facsimile:	(415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No.  C 05-00037 YGR<br><br>[CLASS ACTION]<br><br>**APPLE INC.'S RENEWED ADMINISTRATIVE MOTION TO SEAL DOCUMENTS RELATING TO APPLE'S MOTION FOR SUMMARY JUDGMENT (ECF NO. 740) AND PLAINTIFFS' OPPOSITION THERETO (ECF NO. 751)** |

**I.    INTRODUCTION**

On September 26, 2014, the Court entered an order denying the parties' various administrative motions to seal documents filed in support of Plaintiffs' Daubert Motion (ECF Nos. 737, 754, 763), Apple's Motion for Summary Judgment (ECF Nos. 740, 751, 762), Plaintiffs' Motion to Strike (ECF Nos. 750, 758, 767), and Plaintiffs' Pre-Filing Conference Letter (ECF No. 766).  *See* ECF No. 789.

On October 3, 2014, the parties informed the Court that they were prepared to publicly file the vast majority of the documents previously lodged under seal in connection with the denied administrative motions.  The parties further informed the Court that they would meet and confer regarding five exhibits to which Apple would propose redactions.

The parties have now met and conferred, and Apple requests that the Court seal portions of the five exhibits previously submitted under seal:  Exhibit 5 Apple's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll (hereafter "Motion for Summary Judgment") and Exhibits 4, 12, 33 and 42 to Plaintiffs' Opposition to Apple's Motion for Summary Judgment (hereafter "Plaintiffs' Opposition").

Pursuant to Local Rule 79-5, Apple has lodged with the Court redacted portions of each exhibit, together with the Declaration of David C. Kiernan in support of Apple's Renewed Administrative Motion to Seal ("Kiernan Decl.") and a narrowly-tailored proposed order authorizing the partial sealing of the same, on the ground that there are compelling reasons to protect the confidentiality of the information contained therein.

**II.    STANDARD**

Under Federal Rule of Civil Procedure 26(c), this Court has broad discretion to permit sealing of court documents to protect "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c).  Documents attached to dispositive motions are properly sealed where compelling reasons support the maintenance of the documents' confidentiality, as where the documents include trade secrets or could be used to "gratify private spite." *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006)).

**III. THERE ARE COMPELLING REASONS TO SUPPORT FILING UNDER SEAL**

Exhibit 5 to Apple's Motion for Summary Judgment and Exhibits 4, 12, 33 and 42 to Plaintiffs' Opposition contain highly confidential, proprietary information regarding Apple's FairPlay technology and source code for the FairPlay technology. FairPlay's technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. *See* Kiernan Decl. Ex. 1, ¶ 3. The efficacy of FairPlay, including its ability to protect copyrighted material from piracy, is dependent on the confidentiality of information regarding its operation and maintenance. *Id.* Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. *Id.*

Apple has only redacted those portions of these documents which reflect highly technical descriptions of FairPlay that would reduce the efficacy of the system if made public. *Id.* ¶ 5. The redacted portions relate to FairPlay technology that is still in use or provides the theoretical and/or technological foundation upon which subsequent generations of FairPlay are based. *Id.* Harm to Apple would result from the public disclosure of the information. *Id.* ¶ 5 & Ex. 1, ¶ 3. Once made public, potential hackers could use the information to attack FairPlay, remove it from content, aid piracy and potentially put Apple in breach of its contracts with content providers. *Id.* ¶ 5. The information could also be used by other firms to improve their competing DRM products. *Id.*

**IV. CONCLUSION**

Apple respectfully requests that this Court grant Apple's administrative motion and enter an order sealing portions Exhibit 5 to Apple's Motion for Summary Judgment and Exhibits 4, 12, 33 and 42 to Plaintiffs' Opposition, consistent with the proposed order filed herewith.

Dated: October 10, 2014                          Jones Day

                                                 By: */s/ David C. Kiernan*
                                                     David C. Kiernan

                                                 Attorneys for Defendant
                                                 APPLE INC.

SFI-620873929v1