1   William A. Isaacson (Admitted Pro Hac Vice)
    (wisaacson@bsfllp.com)
2   Karen L. Dunn (Admitted Pro Hac Vice)
    (kdunn@bsfllp.com)
3   Martha L. Goodman (Admitted Pro Hac Vice)
    (mgoodman@bsfllp.com)
4   BOIES, SCHILLER & FLEXNER LLP
    5301 Wisconsin Ave, NW
5   Washington, DC 20015
    Telephone: (202) 237-2727
6   Facsimile: (202) 237-6131

7   John F. Cove, Jr. (State Bar No. 212213)
    (jcove@bsfllp.com)
8   Meredith R. Dearborn (State Bar No. 268312)
    (mdearborn@bsfllp.com)
9   BOIES, SCHILLER & FLEXNER LLP
    1999 Harrison Street, Suite 900
10  Oakland, CA 94612
    Telephone: (510) 874-1000
11  Facsimile: (510) 874-1460

12  David C. Kiernan (State Bar No. 215335)
    dkiernan@jonesday.com
13  JONES DAY
    555 California Street, 26th Floor
14  San Francisco, CA  94104
    Telephone:    (415) 626-3939
15  Facsimile:    (415) 875-5700

16  Attorneys for Defendant
    APPLE INC.

17
                    UNITED STATES DISTRICT COURT
18
                  NORTHERN DISTRICT OF CALIFORNIA
19
                         OAKLAND DIVISION
20

21

22  THE APPLE IPOD ITUNES ANTI-TRUST      Lead Case No. C-05-0037-YGR
    LITIGATION
                                          [CLASS ACTION]
23

24                                        DECLARATION OF DAVID C.
                                          KIERNAN IN SUPPORT OF APPLE
25                                        INC.'S RENEWED
                                          ADMINISTRATIVE MOTION TO
26                                        SEAL DOCUMENTS

27

28

I, David C. Kiernan, declare as follows:

1. I am a partner in the law firm of Jones Day, located at 555 California Street, 26th Floor, San Francisco, CA 94104. I submit this declaration in support of Apple's Renewed Administrative Motion to File Under Seal Portions of Exhibit 5 to Apple's Motion for Summary Judgment and to Exclude Expert Testimony of Roger G. Noll (hereafter, "Motion for Summary Judgment") and Exhibits 4, 12, 33 and 42 to Plaintiffs' Opposition to Apple's Motion for Summary Judgment. The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. The relief requested in Apple's Administrative Motion is necessary and narrowly tailored to protect Apple's confidential business information.

3. I have personally reviewed Apple's document productions that relate to Apple's digital rights management ("DRM") technology, including technical descriptions of Apple's FairPlay technology and Apple's source code related to the FairPlay DRM scheme. I have worked with Apple's engineers that devise and implement Apple's DRM protection schemes and am familiar with Apple's security measures to keep FairPlay DRM confidential. I am also familiar with the various hacker programs that attacked FairPlay.

4. Portions of Exhibit 5 to Apple's Motion for Summary Judgment and Exhibits 4, 12, 33 and 42 to Plaintiffs' Opposition contain highly confidential and proprietary information relating to Apple's FairPlay DRM technology. This information is not public, should remain confidential, and has been disclosed to the plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 (ECF No. 112, hereafter "Protective Order") and supplement thereto.

5. The portions of Exhibit 5 to Apple's Motion for Summary Judgment and Exhibits 4, 12, 33 and 42 to Plaintiffs' Opposition that Apple seeks to have sealed reflect highly technical descriptions of FairPlay or detailed information relating to how FairPlay operates, which if made public would reduce FairPlay's efficacy. These portions include information regarding FairPlay operations or code that are still in use today or that provide material information about the evolution and changes to FairPlay, which could be used by third parties to gain an understanding

1   of how FairPlay operates.  Moreover, the descriptions provide the technical foundation upon

2   which all generations of FairPlay technology are based.  This information, if made public, could

3   be used by hackers to undermine previous versions of FairPlay still in use today and current

4   versions of the technology, thereby harming Apple.  Also, if made public, this information could

5   be used by hackers to attack FairPlay, remove it from content, aid piracy and potentially put

6   Apple in breach of its contracts with content providers.  Finally, if made public, this information

7   could be used by Apple's competitors to improve competing DRM products.

8         6.     Attached as **Exhibit 1** is a true and correct copy of the Declaration of Jeffrey

9   Robbin in Support of Apple's Administrative Motion to Seal, filed January 18, 2011, ECF No.

10  467.

11        Executed this 10th day of October, 2014 in San Francisco, California.

12

13           */s/ David C. Kiernan*

14           David C. Kiernan

15

16

17  SFI-620873947v1

18

19

20

21

22

23

24

25

26

27

28

# Exhibit 1

1  Robert A. Mittelstaedt #60359
   ramittelstaedt@jonesday.com
2  Craig E. Stewart #129530
   cestewart@jonesday.com
3  David C. Kiernan #215335
   dkiernan@jonesday.com
4  Michael T. Scott #255282
   michaelscott@jonesday.com
5  JONES DAY
   555 California Street, 26th Floor
6  San Francisco, CA 94104
   Telephone:   (415) 626-3939
7  Facsimile:   (415) 875-5700

8  Attorneys for Defendant
   APPLE INC.
9

10                          UNITED STATES DISTRICT COURT

11                       NORTHERN DISTRICT OF CALIFORNIA

12                              SAN JOSE DIVISION

13

14 | THE APPLE iPOD iTUNES ANTI-TRUST | **Case No. C 05-00037 JW (HRL)**
   | LITIGATION.                      |
15 |                                  | **[CLASS ACTION]**

16 | This Document Relates To:        |
                                        **DECLARATION OF JEFFREY**
17 | ALL ACTIONS                      | **ROBBIN IN SUPPORT OF APPLE'S**
                                        **ADMINISTRATIVE MOTION TO**
18 |                                  | **SEAL**

19

20
   I, Jeffrey Robbin, declare as follows:
21
        1.     I am the Vice President of iTunes and Apple TV Engineering at Apple.  I make
22
   this declaration in support of Apple Inc.'s Administrative Motion To File Under Seal.  The facts
23
   stated in this declaration are true and based upon my own personal knowledge and, if called to
24
   testify to them, I would competently do so.
25
        2.     Apple's Renewed Motion for Summary Judgment and declarations and exhibits
26
   filed in support thereof contain highly confidential and commercially sensitive business
27
   information, including confidential details of Apple's FairPlay digital rights management (DRM)
28

                                          - 1 -         Decl. ISO Apple's Administrative Motion to Seal
                                                        C 05 00037 JW (HRL), C 06-04457 JW (HRL)

1  technology, updates to that technology, third-party technology used to protect or improve
2  FairPlay, confidential contract terms, and confidential communications between Apple and record
3  labels regarding the distribution of music through the iTunes Store and Apple's FairPlay DRM
4  technology. Apple keeps this information highly confidential and does not publicly disclose it.

5      3.      Apple's FairPlay technology is a highly protected trade secret, and Apple uses
6  physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the
7  confidentiality of information regarding its operation and maintenance. Only a few Apple
8  employees have access to and work on FairPlay, and they work in restricted areas. Information
9  regarding FairPlay and third-party technology intended to increase FairPlay efficacy is non-public
10  information that should remain confidential, and has been disclosed to plaintiffs pursuant to the
11  Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007
12  ("Protective Order," Doc. 112). Harm to Apple would result from the public disclosure of the
13  information.

14      4.      Apple's contracts with record labels, which include information regarding the
15  manner in which FairPlay protects music sold through the iTunes Store, are subject to
16  confidentiality provisions and have been disclosed to plaintiffs pursuant to the Protective Order.
17  Similarly, Apple's communications with the record labels regarding FairPlay's operation and the
18  distribution of music through Apple's iTunes Store are kept highly confidential and have been
19  disclosed to plaintiffs pursuant to the Protective Order. This information is non-public
20  information that should remain confidential. Harm to Apple would result from the public
21  disclosure of this highly confidential information. For example, the disclosure of confidential
22  contract terms and communications regarding those terms would adversely impact Apple's
23  bargaining position in future dealings with current and potential business partners.

24      I declare under penalty of perjury under the laws of the United States and the State of
25  California that the foregoing is true and correct.

26      Executed this /4 day of January, 2011 in Cupertino, California.

Jeffrey Robbin

28  SFI-658662v2

Decl. ISO Apple's Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

- 2 -