William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR |
| | [CLASS ACTION] |
| This Document Relates To:<br>ALL ACTIONS | **NOTICE OF MOTION AND MOTIONS *IN LIMINE* NOS. 4, 5, AND 6; MEMORANDUM OF POINTS AND AUTHORITIES**<br>Date:    October 29, 2014<br>Time:    9:30 AM<br>Place:   Courtroom 1, 4th Floor<br>Judge:   Honorable Yvonne Gonzalez Rogers |

**TABLE OF CONTENTS**

NOTICE OF MOTION AND MOTION ....................................................................................... 1

RELIEF SOUGHT ....................................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................... 2

    MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF ANY PURPORTED
    SUPRACOMPETITIVE PROFITS ........................................................................................ 2

    MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING
    OTHER LITIGATIONS ......................................................................................................... 6

    MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE CONCERNING
    STEVE JOBS'S CHARACTER ........................................................................................... 10

**TABLE OF AUTHORITIES**

**Cases**

*Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*,
  No. 08 Civ. 7508(SAS), 2013 WL 1155420 (S.D.N.Y. Mar. 20, 2013)..................................5

*Apple Inc. v. Motorola Inc.*,
  No. 11-cv-08540 (N.D. Ill. May 24, 2012) ...........................................................................11

*Apple Inc. v. Samsung Elecs. Co.*,
  No. C-11-01846 (N.D. Cal. July 18, 2012)...........................................................................11

*Apple, Inc. v. Psystar Corp.*,
  586 F. Supp. 2d 1190 (N.D. Cal. 2008) .................................................................................8

*Bailey v. Allgas, Inc.*,
  284 F.3d 1237 (11th Cir. 2002)..............................................................................................2

*Beastie Boys v. Monster Energy Co.*,
  983 F. Supp. 2d 354 (S.D.N.Y. 2014)..................................................................................11

*Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*,
  65 F.3d 1406 (7th Cir. 1995).............................................................................................2, 3

*Cardinal v. Buchnoff*,
  No. 06-CV-0072, 2010 U.S. Dist. LEXIS 86523 (S.D. Cal. Aug. 23, 2010) ............................9

*Cohn v. Papke*,
  655 F.2d 191 (9th Cir. 1981)................................................................................................10

*Coursen v. A.H. Robbins Co.*,
  764 F.2d 1329 (9th Cir. 1985)................................................................................................7

*Duran v. City of Maywood*,
  221 F.3d 1127 (9th Cir. 2000)............................................................................................7, 8

*Henderson v. Peterson*,
  No. 4:07–cv–02838–SBA (PR), 2011 WL 2838169 (N.D. Cal. July 15, 2011).........................8

*High Tech. Careers v. San Jose Mercury News*, No.
  CIV. 90-20579 SW, 1995 WL 115480 (N.D. Cal. Mar. 14, 1995)...................................4, 6, 8

*Hill v. Novartis Pharms. Corp.*,
  944 F. Supp. 2d 943 (E.D. Cal. 2013)....................................................................................9

*Illinois Tool Works Inc. v. Indep. Ink, Inc.*,
  547 U.S. 28 (2006)..........................................................................................................3, 4

*In re Baycol Prods. Litig.*,
  532 F. Supp. 2d 1029 (D. Minn. 2007)...................................................................................9

*In re Homestore.com, Inc.*,
  No. CV 01-11115 RSWL CWX, 2011 WL 291176 (C.D. Cal. Jan. 25, 2011) ......................... 6

*In re IBM Peripheral EDP Devices Antitrust Litig.*,
  481 F. Supp. 965 (N.D. Cal. 1979) ................................................................................................ 3

*In re Safety-Kleen Bondholders Litig.*,
  No. 3:00-1145-17, 2005 WL 6075368 (D.S.C. Feb. 4, 2005) ........................................................ 6

*Janky v. Lake Cnty. Convention & Visitors Bureau*,
  No. 3:05-CV-217 PRC, 2007 WL 733902 (N.D. Ind. Mar. 7, 2007) ....................................... 6, 8

*Katzenmeier v. Blackpowder Prods., Inc.*,
  628 F.3d 948 (8th Cir. 2010) ......................................................................................................... 8

*Kramas v. Sec. Gas & Oil Inc.*,
  672 F.2d 766 (9th Cir. 1982) ......................................................................................................... 7

*Le Baron's Estate v. Rohm & Haas Co.*,
  506 F.2d 1261 (9th Cir. 1974) ................................................................................................... 2, 4

*Lyons v. Leonhardt*,
  No. 3:05-CV-400 JCM VPC, 2013 WL 3807996 (D. Nev. July 19, 2013) ................................... 8

*Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft*,
  555 F. Supp. 824 (D. Md. 1983) ................................................................................................... 6

*O.S.C. Corp. v. Apple Computer, Inc.*,
  792 F.2d 1464 (9th Cir. 1986) ....................................................................................................... 8

*Somers v. Apple, Inc.*,
  729 F.3d 953 (9th Cir. 2013) ......................................................................................................... 8

*U.S. v. Microsoft*,
  253 F.3d (D.C. Cir. 2001) ............................................................................................................. 7

*United States v. Curtin*,
  489 F.3d 935 (9th Cir. 2007) ....................................................................................................... 11

*United States v. Sine*,
  493 F.3d 1021 (9th Cir. 2007) ....................................................................................................... 9

*United States v. Whittington*,
  26 F.3d 456 (4th Cir. 1994) ......................................................................................................... 11


**Other Authorities**

FED. R. EVID. 104(a) ........................................................................................................................ 2, 10

FED. R. EVID. 401 ......................................................................................................................... 2, 6, 10

FED. R. EVID. 402 ..................................................................................................................... 2, 6, 10, 11

iii

APPLE'S MILS 4, 5, & 6                                                                                      C 05-00037 YGR

1    FED. R. EVID. 403 ............................................................................................................... passim

2    FED. R. EVID. 404 ....................................................................................................................... 11

3    FED. R. EVID. 404(a) ............................................................................................................ 10, 11

4    FED. R. EVID. 404(b) ............................................................................................................... 6, 7

5    FED. R. EVID. 701 ....................................................................................................................... 10

6    FED. R. EVID. 703 ....................................................................................................................... 10

7    FED. R. EVID. 802 ..................................................................................................................... 6, 9

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on October 29, 2014 at 9:30 a.m., or as soon thereafter as the matter maybe heard, in the United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA, Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, Defendant Apple Inc. ("Apple") will move *in limine* to exclude from the trial in this matter the items listed below and described more fully in the attached memorandum of points and authorities. This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the accompanying declaration of Meredith R. Dearborn ("Dearborn Decl."), and such other matters as may be presented to the Court at the time of the hearing.

## RELIEF SOUGHT

**Motion No. 4:** Apple moves to exclude all evidence, testimony or argument by Plaintiffs as to Apple's financial resources, valuations, and profitability, including but not limited to Apple's net worth, revenues, market capitalization, balance sheets, cash on hand, and profits.

**Motion No. 5**: Apple moves to exclude all evidence of or references to other litigation, administrative actions or legislative proceedings, and investigations.

**Motion No. 6**: Apple moves to exclude argument, evidence, and hearsay testimony concerning the character of Apple's late CEO, Steve Jobs.

## MEMORANDUM OF POINTS AND AUTHORITIES

## MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF ANY PURPORTED SUPRACOMPETITIVE PROFITS

In this Court's Pre-Trial Order (Dkt. 801), the court ordered "that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists."[1] *Id.* at 2. Despite this order, Plaintiffs have indicated that they will continue to pursue this line of testimony at trial. *See* Dearborn Decl., Ex. 1, (Letter from J. Caringal to J. Cove), at 6 (Oct. 8, 2014) ("[W]e do not think we can avoid making references to Apple's financial resources with the pricing of Apple's product a main issue in this case."). Thus, pursuant to Federal Rules of Evidence 104(a), 401, 402, and 403, Apple seeks to exclude all evidence, testimony or argument by Plaintiffs as to Apple's financial resources, valuations, and profitability, including but not limited to Apple's net worth, revenues, market capitalization, balance sheets, cash on hand, and profits, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Apple and the substantial likelihood of misleading the jury.[2]

"[I]t is *always* treacherous to try to infer monopoly power from a high rate of return." *Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 65 F.3d 1406, 1412 (7th Cir. 1995) (emphasis added). "Although the consistent extraction of supracompetitive profits may be an indication of anticompetitive market power, such profits could just as easily be obtained as a result of good management, superior efficiency, or differences in accounting, none of which is inconsistent with an efficient market." *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1252 (11th Cir. 2002) (citing *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 981 (N.D.

---

[1] Plaintiffs do not seek and cannot recover punitive damages.

[2] To be clear, this motion does not seek to preclude Plaintiffs from arguing their theory that Apple's conduct allegedly inflated iPod prices over competitive levels, resulting in supracompetitive profits, or somehow created a monopoly; this motion merely seeks to prevent Plaintiffs from presenting evidence or arguing that Apple's financial metrics themselves show that Apple priced above competitive levels or demonstrate monopoly power. *See Le Baron's Estate v. Rohm & Haas Co.*, 506 F.2d 1261, 1263–64 (9th Cir. 1974) (rejecting argument that district court erred by excluding defendants' cost and profit data to prove comparative profit margins).

Cal. 1979).) These problems are exacerbated when a party uses accounting, as opposed to economic, profits to infer monopoly power because such "measured rates of return reflect accounting conventions more than they do real profits (or losses), as an economist would understand those terms." *Blue Cross*, 65 F.3d at 1412.

Plaintiffs' economic expert does not even purport to have undertaken any serious analysis of Apple's investments, costs, revenues or economic returns that would warrant drawing any conclusion about Apple's market power, much less that Apple has acted anticompetitively. As to the alleged "Permanent Audio Download" market, Dr. Noll stated that the data he had were "not sufficient to undertake a margin analysis for downloads of audio files." Declaration of Roger G. Noll on Liability and Damages, at 43 (Apr. 3, 2013) (Dkt. 751-1) ("Noll Decl.").[3] Clearly, then, if he did not undertake any margin analysis with regard to downloads, he is not in a position to opine that Apple's financial metrics relating to or including downloads reflect monopoly power or anticompetitive conduct, nor should Plaintiffs' counsel be allowed to introduce evidence and make arguments that attempt to do so.

As to the alleged portable digital audio player market, Dr. Noll does a little bit more. First, he cites an analyst report stating that the difference in the retail prices of two models of iPods that differ only in memory capacity exceeded the analyst's estimate of the difference in the raw material cost of the additional memory, and concludes that this evidence of price discrimination is evidence of "market power" (not monopoly power). *Id.* at 43. However, evidence of price discrimination is not necessarily evidence of market power, much less monopoly power. *Illinois Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 44-45 (2006) ("it is generally recognized that [price discrimination] also occurs in fully competitive markets"). More importantly for purpose of this motion, this evidence is not sufficient to allow Plaintiffs carte blanche to dump in evidence and argument as to alleged supracompetitive profits.

---

[3] To be clear, Apple is not now moving to exclude the expert opinions described above, which will be subject to cross examination if offered at trial, but to ensure the Plaintiffs do not offer impermissible arguments, testimony and other evidence beyond this testimony on alleged profits, cash reserves, margins, etc.

3

1       The only other analysis that Dr. Noll undertakes of margins is to analyze the trend in the gross margins reported in certain internal Apple accounting reports, concluding that Apple's gross margins as measured by these reporting documents increased during the class period. Noll Decl. at 44-45 (Apr. 3, 2013) (Dkt. 751-1).[4] At no point does Dr. Noll explain the metrics that underlie those margin calculations, e.g., which costs are included and which are not, nor does he contend that the absolute level of margins reflect monopoly power; he merely argues that the alleged increase in gross margins at the key time suggests that alleged conduct at that time had an effect. *Id.* While this analysis is flawed on a number of levels, those flaws are not the subject of this motion. Rather, this motion seeks to ensure that Plaintiffs do not go beyond Dr. Noll's limited analyses on these points (as found in total on pages 43-45 of the April 2013 Noll Declaration) to present evidence and argument relating to Apple's profits and margins, either in general or on particular products, its cash reserves, executive compensation, or similar accounting metrics that are untethered to any economic analysis that has not been disclosed in an expert report.

      This approach is consistent with the case law. For example, explaining that "[m]any courts have disparaged the evidentiary value of high profits to indicate monopoly power," the court in *High Technology Careers* excluded evidence of alleged supracompetitive profit offered to show monopoly power because the "danger of prejudice, unfair confusion, and misleading the jury from introducing the 'supracompetitive' profit evidence was high." *High Tech. Careers v. San Jose Mercury News*, No. CIV. 90-20579 SW, 1995 WL 115480, at *3-4 (N.D. Cal. Mar. 14, 1995), *aff'd*, 94 F.3d 651 (9th Cir. 1996). The court would not permit plaintiff "to play on 'David versus Goliath' sympathies" that such evidence could have elicited. *Id.* Any minimal probative value that this evidence may have is substantially outweighed by the danger of unfair prejudice to Apple and confusion of the issues before the jury in the case. *See Le Baron's Estate*, 506 F.2d at 1263 ("As compared to this questionable probative value of the proffered evidence [defendants' cost and profit data in a Sherman Act case], the admission thereof at a jury trial would have resulted in extensive cross-examination and substantial countering evidence leading

---

[4] Dr. Noll also cites an academic study purporting to compare margins between iPods and laptop computers sold by other firms. Noll Decl. at 43-44 (Apr. 3, 2013) (Dkt. 751-1).

1  to obliteration of the basic issues of the case and confusion of the jury."); *see also Abu Dhabi*
2  *Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508(SAS), 2013 WL 1155420, at *6–7
3  (S.D.N.Y. Mar. 20, 2013) (excluding evidence of defendants' profits because the probative value
4  of the evidence was outweighed by the potential for prejudice).
5       Accordingly, for the foregoing reasons, all evidence, testimony or argument by Plaintiffs
6  as to Apple's financial resources, valuations, and profitability, including but not limited to
7  Apple's net worth, revenues, market capitalization, balance sheets, cash on hand, and profits
8  should be excluded.

## MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING OTHER LITIGATIONS

Apple moves *in limine* to exclude evidence of or references to other litigation, administrative actions and legislative proceedings, and investigations pursuant to Federal Rules of Evidence 402, 403, 404(b), and 802. Apple markets innovative products in a competitive, changing marketplace; it is inevitable that its actions have been the subject of court decisions or legislative proceedings in the U.S. and outside of it. Those actions should not give Plaintiffs license to paint Apple in a negative light, or allow them to skirt established evidentiary rules. Plaintiffs should not be permitted to reference, for example, (1) Judge Cote's 2013 eBooks opinion, (2) foreign proceedings involving DRM technology (Am. Consol. Compl., at ¶¶ 73–80 (Dkt. 322)), (3) the High Tech Employee Antitrust Litigation, or (4) any legislative proceedings. And references to similar proceedings involving parties <u>other</u> than Apple would be even further afield and must be excluded for many of the same reasons.

***First***, evidence of past or pending litigation, either involving Apple or not, is irrelevant under Rule 401 because it does not tend to make any fact "of consequence" in this case "more or less probable." There is no element of Plaintiffs' remaining causes of action that would tend to be proven or disproven by reference to other cases or proceedings involving different facts, different markets, different parties, and (in the case of foreign proceedings) different laws, rules of evidence, and standards of proof. FED. R. EVID. 402; *In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding "reference to or evidence of Plaintiff's involvement in other litigation" because it is "irrelevant and carries with it a high risk of prejudice").[5] In fact, consent decrees involving the same party, and the same conduct, are usually not admissible in a civil antitrust suit due to the decree's tangential relevance and high potential for prejudice. *See Metrix Warehouse, Inc. v. Daimler-Benz Aktiengesellschaft*, 555 F. Supp. 824, 825–26 (D. Md. 1983). Administrative or legislative

---

[5] *See also Janky v. Lake Cnty. Convention & Visitors Bureau*, No. 3:05-CV-217 PRC, 2007 WL 733902 at *2 (N.D. Ind. Mar. 7, 2007) (excluding reference to other cases involving defendant because other litigation was "irrelevant to the issues in the instant case"); *In re Safety-Kleen Bondholders Litig.,* No. 3:00-1145-17, 2005 WL 6075368, at *5-6 (D.S.C. Feb. 4, 2005) (same).

proceedings, too, in which speakers opine on law, policy, or their view of facts, are not subject to the rules of evidence and are inadmissible.[6]

***Second***, litigation that did not involve Apple at all is even more irrelevant. There is no reason that Microsoft's activities in the 1990s, for example, have any bearing on Apple's conduct in the 2000s. Yet Plaintiffs apparently intend to elicit testimony from their expert, Dr. Roger Noll, as to the alleged similarities or differences between this case and *U.S. v. Microsoft,* 253 F.3d (D.C. Cir. 2001). *See* Noll Decl. at 64–66 (Apr. 3, 2013) (Dkt 751-1). This evidence should be excluded.

***Third***, evidence of other litigation, administrative or legislative proceedings, and investigations is inadmissible under Rule 404(b), which bars evidence of "other act[s] . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." *Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir. 1982) (finding no error in court's exclusion of other litigation evidence under 404(b)). Plaintiffs' only purpose in referencing antitrust actions in which Apple is involved would be to suggest that Apple is predisposed to commit antitrust violations. This is, in fact, exactly what Plaintiffs' counsel argued at a hearing before the Court just a few short weeks ago. Summ. J. Hr'g Tr. 59:18–22 (Aug. 13, 2014) (Dkt. 787) (referring to Apple as a company that "has shown a sort of lack of disregard for U.S. antitrust laws" because "just in the last year [it] has been found guilty in one case, and there is good evidence in the other," referring to "the eBooks case . . . and the High-Tech Employee case here in this District.") This is precisely the kind of propensity argument that Rule 404(b) prohibits. *See Coursen v. A.H. Robbins Co.*, 764 F.2d 1329, 1334–35 (9th Cir. 1985) ("other act" evidence "may not be admitted to show a propensity or proclivity to commit bad acts").

There is no exception that applies. *See Duran v. City of Maywood*, 221 F.3d 1127, 1132–33 (9th Cir. 2000). The actions are too dissimilar. Factually, the allegations in the eBooks

---

[6] Plaintiffs have cited transcripts from those proceedings before the Court. *See* Pls.' Opp. to Def.'s Mot. Summ. J. at 4–5 (Dkt. 751); Sweeney Declaration in Support of Pls' Opp. to Def's Mot. Summ J. (Dkt. 751-1) Ex. 30 (transcript from Digital Music Interoperability and Availability Hearing).

7

litigation and the High Tech Employee case have no relation to the alleged conduct or the alleged markets in this case. Legally, those cases involve claims under Section 1 of the Sherman Act, while the claims in this case are brought under Section 2. Nor does any other foreign or domestic litigation qualify for admission. This principle is even more starkly apparent in legislative proceedings and cases in which Apple was not a party; of course, because these "prior acts" were not Apple's, they could not be admissible to prove Apple's propensity to engage in any behavior whatsoever. No rule of evidence or exception permits their introduction. In any event, if such evidence were admitted, Apple should be permitted to rebut that evidence with cases accusing Apple of violations of the antitrust laws that were dismissed. *See*, *e.g.*, *Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013) (affirming dismissal of Section 2 claim alleging Apple used software updates to thwart competitors); *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464 (9th Cir. 1986) (affirming summary judgment on Section 1 claims relating to Apple's ban on mail order sales); *Apple, Inc. v. Psystar Corp.*, 586 F. Supp. 2d 1190 (N.D. Cal. 2008) (dismissing, *inter alia*, Section 1 and 2 counterclaims that alleged tying of Mac OS to Apple-labeled computer systems, monopoly maintenance, and exclusive dealing).

*Fourth*, evidence of other litigations and proceedings should be excluded under Rule 403. *Duran*, 221 F.3d at 1133. Assuming Plaintiffs could conjure a theory of relevance, evidence of other litigations or proceedings would unfairly label Defendant as an antitrust violator and distract the jury from the case before it, or unfairly compare Apple to the monopolists of the past. FED. R. EVID. 403; *Lyons v. Leonhardt*, No. 3:05-CV-400 JCM VPC, 2013 WL 3807996, at *9 (D. Nev. July 19, 2013) (finding other litigation evidence is "unduly prejudicial as liability in a previous lawsuit might color the jury's opinion of defendants' conduct in the instant matter"); *Janky*, 2007 WL 733902, at *2 (finding that reference to other litigation "would present the risk of unfair prejudice"); *Henderson v. Peterson*, No. 4:07–cv–02838–SBA (PR), 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011) (same). Evidence of foreign antitrust litigation or investigations, for example, which arise under a separate body of law and carry different burdens of proof, would be distracting and confusing for the jury. *Katzenmeier v. Blackpowder Prods., Inc.*, 628 F.3d 948, 950 n.4 (8th Cir. 2010) ("evidence of foreign

8

regulations in a case governed by domestic law has been found excludable because it likely leads to confusion of the jury"); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn. 2007) ("allowing the admission of evidence of foreign regulatory actions, in a case that is governed by domestic law, would likely cause jury confusion"). Plaintiffs apparently intend to introduce this evidence at trial; they spent, in fact, two pages of their Complaint describing those proceedings. Am. Consol. Compl., at ¶¶ 73–80 (Dkt. 322). Again, litigation <u>not</u> involving Apple is even further afield; courts regularly exclude such proffers as overly confusing and prejudicial. *See, e.g.*, *Hill v. Novartis Pharms. Corp.*, 944 F. Supp. 2d 943, 952 (E.D. Cal. 2013) (excluding evidence regarding prior litigation concerning biophosphonates, the same type of drug at issue in the products-liability litigation at bar, because "as a general proposition" and "for most purposes" such evidence is irrelevant and would be confusing).

***Fifth***, other courts', politicians', and lawmakers' decisions are hearsay because the opinions, factual findings, and legal conclusions they reach do not fall under the public records exception to the hearsay rule. FED. R. EVID. 802; *see, e.g.*, *United States v. Sine*, 493 F.3d 1021, 1036 (9th Cir. 2007) ("A court judgment is hearsay 'to the extent that it is offered to prove the truth of the matters asserted in the judgment.' It is even more plain that the introduction of discrete judicial factfindings and analysis underlying the judgment to prove the truth of those findings and that analysis constitutes the use of hearsay") (internal citations omitted); *Cardinal v. Buchnoff*, No. 06-CV-0072, 2010 U.S. Dist. LEXIS 86523 at *7 (S.D. Cal. Aug. 23, 2010).

For all these reasons, all evidence of or references to other litigation, administrative actions or legislative proceedings, and investigations should be excluded.

# MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE CONCERNING STEVE JOBS'S CHARACTER

Pursuant to Federal Rules of Evidence 104(a), 401, 402, 403, and 701, Apple moves to exclude inflammatory argument, evidence, and hearsay testimony concerning the character of Apple's late CEO, Steve Jobs.[7]

As a public figure, Mr. Jobs was the subject of many articles, books (including a biography by Walter Isaacson), and blog posts, many of which purport to depict Mr. Jobs, his leadership style, and his personality.[8] In addition to being inadmissible hearsay, this kind of evidence about Mr. Jobs has no bearing on whether Apple's development of iPod products and iTunes software was consistent with antitrust law or whether class members suffered any recoverable damages as a result of Apple's alleged actions. FED. R. EVID. 402. Any such opinion testimony would not be "helpful to clearly understanding the witness's testimony or to determining a fact in issue" and thus would be an improper lay opinion under Rule 701.

Moreover, any evidence of Mr. Jobs's character is impermissible character evidence. Rule 404(a) prohibits the use of character evidence to show that a party acted in conformity with that character on a particular occasion because such evidence "is of slight probative value and may be very prejudicial." *Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981) (quotation marks omitted). It "tends to distract the trier of fact from the main question of what actually happened," and also "permits the trier of fact to reward the good man and to punish the bad man because of their respective characters." *Id.* For the same reasons, Rule 404(a) bars any attempt to introduce evidence that Mr. Jobs acted in accordance with any alleged character in developing Apple's iTunes and iPod products. *See United States v. Curtin*, 489 F.3d 935, 942 (9th Cir.

---

[7] In the parties' pretrial meet-and-confer on October 6, Plaintiffs "reserved" on this motion. Dearborn Decl., Ex. 1, (Letter from J. Caringal to J. Cove), at 6 (Oct. 8, 2014). To date, Plaintiffs have not indicated that they will agree or otherwise compromise with respect to this motion. Apple files it today out of an abundance of caution.

[8] Apple does not contest the ability of experts, either Apple's or Plaintiffs', to base their opinions on otherwise inadmissible facts or data if they would "reasonably rely on those kinds of facts or data in forming an opinion on the subject." FED. R. EVID. 703. But an expert's reliance on statements about or opinions regarding Mr. Jobs's character would not be reasonable, permissible or helpful to a jury.

2007) ("Rule 404(a) bans the use of 'character' evidence to prove action 'in conformity therewith on a particular occasion.'"); *United States v. Whittington*, 26 F.3d 456, 466 (4th Cir. 1994) (holding testimony that defendant had conducted her affairs "like a rat or a snake" was improperly admitted character evidence).

Even if evidence of Mr. Jobs's character were admissible under Rule 404, it and other such inflammatory evidence should be excluded under Rules 402 and 403 as irrelevant, more prejudicial than probative, and a waste of time. FED. R. EVID. 403; *see also Apple Inc. v. Samsung Elecs. Co.*, No. C-11-01846 LHK, Hr'g. Tr. at 118:3–8 (Dkt. 1272) (N.D. Cal. July 18, 2012) *and* Order at 3–4 (Dkt. 1267) (N.D. Cal. July 19, 2012) (excluding evidence and testimony about Mr. Jobs under Rules 402 and 403); *Apple Inc. v. Motorola Inc.*, No. 11-cv-08540, Hr'g. Tr. 55:4-8 (Dkt. 1048) (N.D. Ill. May 24, 2012) (excluding any reference to a biography of Mr. Jobs); *Id.*, Order (Dkt. 980) (N.D. Ill. May 31, 2012) (excluding as hearsay blogs about and purporting to quote Mr. Jobs). Allowing Plaintiffs to present this evidence would serve no purpose other than to cast Mr. Jobs in a bad light, and possibly to inflame and confuse the jury. It could also needlessly result in various "mini-trials" on issues that have no bearing on the claims at issue in the case. *See, e.g.*, *Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 358-59 (S.D.N.Y. 2014) (excluding evidence that would "require the paradigmatic 'trial within a trial' that Rule 403 disfavors").

Accordingly, for the reasons set forth above, Apple respectfully requests that the court exclude inflammatory opinion testimony by or about Apple's late CEO, Steve Jobs, in books, articles, and blog posts, as well as opinion evidence concerning Mr. Jobs's character.

Dated: October 14, 2014

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: */s/ William A. Isaacson*
William A. Isaacson

Counsel for Defendant APPLE INC.

11