1
2
3
4
5
6
7
8
9
10
11
12                     UNITED STATES DISTRICT COURT
13                    NORTHERN DISTRICT OF CALIFORNIA
14                              OAKLAND DIVISION

| | | |
|---|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) | Lead Case No. C-05-00037-YGR |
| | | CLASS ACTION |
| This Document Relates To: | | PLAINTIFFS' PROPOSED ORDER REGARDING APPLE'S MOTIONS *IN LIMINE* NOS. 1-3 AND TO EXCLUDE AND STRIKE EVIDENCE |
| ALL ACTIONS. | | |

976870_1

1   This matter came before the Court on October 29, 2014, for hearing on Plaintiffs'
2  Oppositions to Defendant Apple Inc.'s Motions *in Limine* Nos. 1-3.  Having considered the parties
3  submissions and for good cause appearing,

4   IT IS HEREBY ORDERED:

| No. | Apple's Motion *in Limine* | Basis | Order |
|---|---|---|---|
| 1 | Motion *in Limine* No. 1 | Relevant Case Law | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |
| 2 | Motion *in Limine* No. 2 | Relevant Case Law | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |
| 3 | Motion *in Limine* No. 3 | F.R.E. 401, 402; Relevant Case Law | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |

This matter came before the Court on October 29, 2014, for hearing on Defendant Apple Inc.'s Motions *in Limine* Nos. 1-3.  Having considered the parties' submissions and for good cause appearing,

IT IS HEREBY ORDERED:

**Motion No. 1**:  Apple's motion to exclude all evidence, testimony, argument or references by Plaintiffs intending to show that Apple could have or should have taken steps to aid third parties in developing products that are interoperable with iPods is DENIED.  The Court does not strike ¶¶43-48, 62, 69-70 73, 111, 112(6), 112(7), and 112(10) from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5), and the material identified by Apple from pages 64–68 in the April 3, 2013 Declaration of Roger Noll (ECF No. 813-3) .

**Motion No. 1 (as modified)**:  Alternatively, Apple's motion to exclude all evidence, testimony, argument or references by Plaintiffs intending to show that Apple could have or should have taken steps to aid third parties in developing products that are interoperable with iPods is GRANTED AS MODIFIED in the next paragraph.  The Court strikes ¶¶43-48, 62, 69-70 73, 111, 112(6), 112(7), and 112(10) from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5),

1  and the material identified by Apple from pages 64–68 in the April 3, 2013 Declaration of Roger
2  Noll (ECF No. 813-3).

3  The Court further strikes the same type of testimony from Apple's witnesses at ¶¶34-40 of
4  the Declaration of John P. Kelly in Support of Defendant's Renewed Motion for Summary Judgment
5  (ECF No. 466); ¶¶75-166 of the Expert Report of John P. Kelly (ECF No. 819-5); and ¶¶34-61 of the
6  Expert Report of Kevin Murphy (ECF No. 813-4).  Apple shall not elicit testimony, make argument
7  or reference that there are benefits to a "walled garden" or "integrated platform."

8  **Motion No. 2**:  Apple's motion to exclude all evidence, testimony, argument or references by
9  Plaintiffs to purported less restrictive alternatives to Apple's product decisions is DENIED.

10  The Court does not strike ¶¶ 106–111 from the April 8, 2013 Expert Report of David Martin
11  (ECF No. 815-5), and the material identified by Apple from page 63 in the April 3, 2013 Declaration
12  of Roger Noll (ECF No. 813-3).

13  **Motion No. 2 (as modified)**:  Apple's motion to exclude all evidence, testimony, argument
14  or references by Plaintiffs to purported less restrictive alternatives to Apple's product decisions is
15  GRANTED AS MODIFIED in the next paragraph.  The Court strikes ¶¶106-111 from the April 8,
16  2013 Expert Report of David Martin (ECF No. 815-5), and the material identified by Apple from
17  page 63 in the April 3, 2013 Declaration of Roger Noll (ECF No. 813-3).

18  The Court further strikes the same type of testimony from Apple's witnesses at ¶58-66 of the
19  Expert Report of John P. Kelly.  Apple shall not elicit testimony, make argument or reference that its
20  actions in developing updates to 7.0 were legitimate business justifications.

21  **Motion No. 3**:  Apple's motion to exclude all evidence, testimony, argument or references by
22  Plaintiffs contrary to the Court's May 19, 2011 Order Granting In Part And Denying In Part
23  Defendant's Motion For Summary Judgment; Denying As Premature Plaintiffs' Motion For Class
24  Certification (ECF No. 627) and its December 21, 2009, Order Decertifying Classes Without
25  Prejudice to Being Renewed; Inviting Further Motions (ECF No. 303) is DENIED. The Court does
26  not strike ¶¶42-70 from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5) and the
27  material identified by Apple from pages 64–68 in the April 3, 2013 Declaration of Roger Noll (ECF
28

No. 813-3), and from pages 3-4 and 13-14 in the November 25, 2013 Rebuttal Declaration of Roger Noll (ECF No. 813-3).

**Motion No. 3 (as modified)**:  Apple's motion to exclude all evidence, testimony, argument or references by Plaintiffs contrary to the Court's May 19, 2011 Order Granting In Part And Denying In Part Defendant's Motion For Summary Judgment; Denying As Premature Plaintiffs' Motion For Class Certification (ECF No. 627) and its December 21, 2009, Order Decertifying Classes Without Prejudice to Being Renewed; Inviting Further Motions (ECF No. 303) is GRANTED AS MODIFIED in the next paragraph. The Court strikes ¶¶42-70 from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5) and the material identified by Apple from pages 64-68 in the April 3, 2013 Declaration of Roger Noll (ECF No. 813-3), and from pages 3-4 and 13-14 in the November 25, 2013 Rebuttal Declaration of Roger Noll (ECF No. 813-3).

The Court further strikes the same type of testimony from Apple's witnesses at ¶¶32-40 of the 2011 Kelly Decl. (ECF No. 466), ¶¶17-31, 89-166 of the 2013 Kelly Report (ECF No. 819-5), ¶¶13, 20-21, 23-28 of the Topel Report (ECF No. 813-5) and ¶¶37-61 of the Murphy Report (ECF No. 813-4).  Apple shall not elicit testimony, make argument or reference 4.7 or the "walled garden" or "integrated platform" as legal or not anticompetitive.

IT IS SO ORDERED.

DATED: _____   _____
THE HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE

976870_1

PLAINTIFFS' PROPOSED ORDER REGARDING APPLE'S MOTIONS IN LIMINE NOS. 1-3 AND TO EXCLUDE AND STRIKE EVIDENCE - C-05-00037-YGR                                                                              - 3 -