ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
       – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION TO ENFORCE THE COURT'S ORDERS |
| ALL ACTIONS. | |
| | DATE:   TBD<br>TIME:   TBD<br>CTRM:   1, 4th Floor<br>JUDGE:  Hon. Yvonne Gonzalez Rogers |
| | TRIAL:  November 17, 2014<br>TIME:   8:30 a.m. |

977317_1

TO:   ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on a date to be determined by the Court, in Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Melanie Wilson (formerly Tucker) and Marianna Rosen (collectively, "Plaintiffs") will and hereby do, through undersigned counsel, move the Court for an Order striking Apple's substantially different version of Motion *in Limine* No. 4 from that originally exchanged on September 30, 2014, requiring Apple to withdraw ECF No. 826 and proposed orders regarding the same. Plaintiffs bring this motion pursuant to the Court's Orders, Civil L. R. 7-11, and such other argument and evidence that the Court may consider at a hearing on this motion.

## I.   Introduction

Apple has again ignored the Court's Orders governing pretrial procedure, this time: (1) by filing a substantially different version of Motion *in Limine* No. 4 ("MIL No. 4") from that originally exchanged on September 30, 2014,[1] in essence forcing Plaintiffs to respond to a new motion in two days as opposed to the time periods ordered by the Court for exchange, filing and oppositions of motions *in limine*; and (2) by filing an improper reply in the guise of "errata."[2] Apple's actions substantially prejudice Plaintiffs by continually moving the goal posts, putting Plaintiffs at a litigation disadvantage. Just days ago, after striking as untimely two motions that Apple had not properly exchanged, the Court made clear that the parties were to heed the Court's Orders. ECF No. 808 at 2. Apple's actions in the last day have evidenced a clear disregard of this admonishment. Plaintiffs request the Court strike as untimely MIL No. 4 or, alternatively, have Apple refile its motions *in limine* in the form originally exchanged with Plaintiffs. Plaintiffs further request the

---

[1]   Apple also made substantive changes to Motions *in Limine* Nos. 5-6, but these changes are more modest, although still objectionable.

[2]   The changes in Apple's *errata* both add and subtract evidence they wish to exclude. *Compare* Apple's First Proposed Order (ECF No. 804-2) to the current Third Amended Proposed Order (ECF No. 828) (the first Proposed Order seeks to exclude ¶¶42-70 of David Martin's 2013 report while the second Proposed Order seeks to exclude ¶¶43-45, 48, 62, 69-70 as well as ¶¶29-30 of David Martin's Rebuttal Report).

Court order Apple to withdraw its improper "errata," and deny the requested relief it seeks in its proposed orders.

## II. Apple's Altered Motions *in Limine* Are Improper

On October 14, 2014, the parties were to file motions *in limine* that had been exchanged September 30, 2014. ECF No. 808 at 1. Plaintiffs did so, filing eight motions identical in all aspects but for minor typographical and definitional changes.[3] Apple, however, did not. Instead, on October 14 Apple filed three motions with substantive changes, one of which – MIL No. 4 – is substantially different than that exchanged with Plaintiffs on September 30.[4] The Court's rules do not contemplate material changes to the motions after they are exchanged. *See* Pretrial Instructions in Civil Cases at 6-7. Apple's wholesale changes unfairly prejudice Plaintiffs by forcing them to respond to new arguments in two days, rather than the 17 days provided for by the schedule. In effect, Apple took for itself an additional two weeks to work on these matters.

Apple's filing of altered motions frustrates the purpose of the Court's Orders and forces Plaintiffs to respond to constant and ever-shifting arguments that Apple makes ***after*** learning of Plaintiffs' positions. *See, e.g.*, ECF No. 823 at 9 (Joint Pretrial Conference Statement) (Apple raises for the first time in this litigation that RealNetworks may have violated the Digital Millennium Copyright Act). Compounding the unfairness, Apple filed its new motions *in limine* knowing the Court would be unavailable. *See* Oct. 3, 2014 Hrg. Tr. at 52:8-11. Plaintiffs are left with the choice to either: (a) respond to Apple's original version of MIL No. 4; (b) respond to Apple's second version of MIL No. 4; or (c) attempt to respond to both. The unfairness of Apple's tactics is self-evident.

---

[3] For example, Plaintiffs changed the sentence "play digital audio files" to "play from websites that offer permanent downloads of audio recordings ('Permanent Audio Downloads')," so as to conform the brief to the language used in the parties' Joint Pretrial Conference Statement.

[4] The differences between the exchanged and filed motions are detailed in Exhibit A to the Declaration of Alexandra S. Bernay in Support of Plaintiffs' Second Administrative Motion to Enforce the Court's Orders, filed herewith.

### III. Apple's "Errata" Is a Disguised Reply, Improper Under the Rules

After Plaintiffs filed their opposition to Apple's Motions *in Limine* and to Strike No. 1-3, Apple on October 15, 2014, filed an "errata," supposedly to "correct a ministerial error, noted by Plaintiffs in their Opposition." ECF No. 826 at 1. Although styled an "errata," Apple in the filing modifies the substantive relief originally sought in two of its motions *in limine*. Moreover, Apple requests such altered relief based upon Plaintiffs' arguments in opposition that Apple's proposed relief was unworkable and overbroad. *See* ECF No. 824-3 at 9 ("Because Apple poorly defines how that evidence might be 'explicitly or implicitly' referred to as anticompetitive, the relief Apple seeks here . . . is grossly overbroad."); *id.* at 9 n.6.[5] Apple's filing amounts to an attempt to submit a reply when no such reply is allowed under the Court's rules. *See* Pretrial Instructions in Civil Cases at 7. Because Apple's "errata" is in essence a reply to substantive arguments made by Plaintiffs, it is improper and should be ordered withdrawn, along with Apple's proposed orders regarding the new relief.

### IV. Apple's Pattern of Misconduct

Apple's 11th hour material changes and "errata" again demonstrate Apple's cavalier disregard for the Court's pretrial protocol and rules. For the second time in a week, Apple's tactics have forced Plaintiffs to seek relief from the Court, and have distracted Plaintiffs from the primary task at hand: trial preparation. Plaintiffs have scrupulously adhered to the Court's rules in preparing for this trial, but Apple appears to believe they are merely suggestions that do not apply to it. *See* ABA Model Rules of Professional Conduct 3.4(c) (Fairness to Opposing Party and Counsel) ("A lawyer shall not . . . knowingly disobey an obligation under the rules . . . .").

---

[5] Any claims – which are doubtful at best – by Apple that its failure to include everything it desired to strike was "inadvertent[]" should be disregarded because the Court made clear that parties must be specific in what they are seeking to strike: "If you're not comprehensive, that's on you." Oct. 3, 2014 Hrg. Tr. at 15:17-18.

1  Accordingly, Plaintiffs respectfully request the Court strike as untimely MIL No. 4 and
2 require Apple to withdraw its improper "errata" and deny the proposed relief requested.
3 Alternatively, Plaintiffs request the Court Order Apple to withdraw its altered motions *in limine* and
4 refile them in the form originally exchanged with Plaintiffs on September 30, 2014.

5 DATED: October 16, 2014

ROBBINS GELLER RUDMAN
 & DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL

              s/ Alexandra S. Bernay
            ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
 & DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
 & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

| | |
|---|---|
| 1 | |
| 2 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280<br>Los Angeles, CA 90064<br>Telephone: 310/836-6000<br>310/836-6010 (fax) |

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: 212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

977317_1   PLAINTIFFS' NOTICE OF MOTION AND SECOND ADMINISTRATIVE MOTION TO ENFORCE
THE COURT'S ORDERS - C-05-00037-YGR                                                                                          - 5 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2014.

    s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:         xanb@rgrdlaw.com

977317_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**

tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)