1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  BONNY E. SWEENEY (176174)
   ALEXANDRA S. BERNAY (211068)
3  CARMEN A. MEDICI (248417)
   JENNIFER N. CARINGAL (286197)
4  655 West Broadway, Suite 1900
   San Diego, CA  92101
5  Telephone:  619/231-1058
   619/231-7423 (fax)
6  bonnys@rgrdlaw.com
   xanb@rgrdlaw.com
7  cmedici@rgrdlaw.com
   jcaringal@rgrdlaw.com
8       – and –
   PATRICK J. COUGHLIN (111070)
9  STEVEN M. JODLOWSKI (239074)
   Post Montgomery Center
10 One Montgomery Street, Suite 1800
   San Francisco, CA  94104
11 Telephone:  415/288-4545
   415/288-4534 (fax)
12 patc@rgrdlaw.com
   sjodlowski@rgrdlaw.com
13
   Class Counsel for Plaintiffs
14

15

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                          OAKLAND DIVISION

19  THE APPLE IPOD ITUNES ANTITRUST    )  Lead Case No. C-05-00037-YGR
    LITIGATION                          )
20                                      )  CLASS ACTION
    ———————————————————————————————     )
    This Document Relates To:           )  DECLARATION OF ALEXANDRA S.
21                                      )  BERNAY IN SUPPORT OF PLAINTIFFS'
        ALL ACTIONS.                    )  SECOND ADMINISTRATIVE MOTION TO
22  ———————————————————————————————     )  ENFORCE THE COURT'S ORDERS

23                                         DATE:     TBD
                                           TIME:     TBD
24                                         CTRM:     1, 4th Floor
                                           JUDGE:    Hon. Yvonne Gonzalez Rogers
25
                                           TRIAL:    November 17, 2014
26                                         TIME:     8:30 a.m.

27

28

977410_1

1    I, Alexandra S. Bernay, declare as follows:

2    1.    I am an attorney duly licensed to practice before all of the courts of the State of

3 California. I am a member of the law firm of Robbins Geller Rudman & Dowd LLP, Class Counsel

4 for Plaintiffs in this action. I have personal knowledge of the matters stated herein, and, if called

5 upon, I could and would competently testify thereto.

6    2.    On September 30, 2014 Plaintiffs received from Defendant Apple six motions *in*

7 *limine*. At that time, Plaintiffs also exchanged motions *in limine* with Apple. Three of the motions

8 *in limine* were converted into motions to strike and were filed October 7, 2014.

9    3.    Under the Court's rules and orders, the parties were to file on October 14, 2014 those

10 motions *in limine* which remain contested, but had been exchanged September 30, 2014.

11    4.    On October 14, 2014, Plaintiffs filed their motions *in limine* identical in all respects

12 except for minor typographical and definitional changes. For example, I am aware that Plaintiffs

13 changed the sentence "play digital audio files" to "play from websites that offer permanent

14 downloads of audio recordings ('Permanent Audio Downloads')," so as to conform the motion to the

15 language used in the parties' Joint Pretrial Conference Statement.

16    5.    Apple's filed motions *in limine* are not the same as those exchanged. Motion *in*

17 *limine* No. 4, in particular, has substantial changes. I directed that a comparison be run in Microsoft

18 Word between the motions that were filed and the version that had been exchanged. Attached as

19 Exhibit 1 to this Declaration is a compare between what Apple originally served on Plaintiffs on

20 September 30, 2014 and what Apple ultimately filed on October 14, 2014. Text in red strikethrough

21 was deleted. Text in blue double underline was added. Text in green strikethrough was moved to

22 where there is now green double underlined text.

23

24

25

26

27

28

DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF PLAINTIFFS' SECOND
ADMINISTRATIVE MOTION TO ENFORCE THE COURT'S ORDERS - C-05-00037-YGR          - 1 -

6.      In accordance with the Local Rules, on October 16, 2014, I spoke with counsel for Apple to see whether Apple would stipulate to the relief requested.  Apple did not agree and thus a stipulation was not possible.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed this 16th day of October, 2014 at San Diego, California.

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

DECLARATION OF ALEXANDRA S. BERNAY IN SUPPORT OF PLAINTIFFS' SECOND ADMINISTRATIVE MOTION TO ENFORCE THE COURT'S ORDERS - C-05-00037-YGR                    - 2

EXHIBIT 1

## MOTION *IN LIMINE* NO. 4 TO EXCLUDE EVIDENCE OF ~~DEFENDANTS'FINANCIAL RESOURCES & REFERENCES TO~~ ANY PURPORTED SUPRACOMPETITIVE PROFITS

~~Pursuant~~ In this Court's Pre-Trial Order (Dkt. 801), the court ordered "that there shall be no reference to or evidence presented of wealth or lack thereof of any party except in the punitive damage phase of a case, to the extent it exists."[1]  *Id.* at 2.  Despite this order, Plaintiffs have indicated that they will continue to pursue this line of testimony at trial.  *See* Dearborn Decl., Ex. 1, (Letter from J. Caringal to J. Cove), at 6 (Oct. 8, 2014) ("[W]e do not think we can avoid making references to Apple's financial resources with the pricing of Apple's product a main issue in this case.").  Thus, pursuant to Federal Rules of Evidence 104(a), 401, 402, and 403, ~~Defendant~~ Apple Inc. ("Apple") seeks to exclude all evidence, testimony or argument by Plaintiffs as to Apple's financial resources, valuations, and profitability, including but not limited to Apple's net worth, revenues, market capitalization, balance sheets, cash on hand, and profits~~.~~ ~~Not only is such evidence irrelevant and unfairly prejudicial to Apple, it is likely to mislead the jury into deciding the case on improper grounds~~, because the probative value of such evidence is substantially outweighed by the danger of unfair prejudice to Apple and the substantial likelihood of misleading the jury.[2]

~~This motion does not seek to exclude pricing and cost data that is relevant to the discrete issues left to be tried. But Apple is a global, multi-product company; it offers not only portable music devices and digital content (including music, television shows, movies, apps and more), but personal computers, tablets, smart phones, software, accessories, and other products and services.  While there are important complementarities and joint costs among Apple's products,~~

---

[1] Plaintiffs do not seek and cannot recover punitive damages.

[2] To be clear, this motion does not seek to preclude Plaintiffs from arguing their theory that Apple's conduct allegedly inflated iPod prices over competitive levels, resulting in supracompetitive profits, or somehow created a monopoly; this motion merely seeks to prevent Plaintiffs from presenting evidence or arguing that Apple's financial metrics themselves show that Apple priced above competitive levels or demonstrate monopoly power.  *See Le Baron's Estate v. Rohm & Haas Co.*, 506 F.2d 1261, 1263–64 (9th Cir. 1974) (rejecting argument that district court erred by excluding defendants' cost and profit data to prove comparative profit margins).

1  the financial metrics relating to Apple's entire enterprise and overall financial resources are not

2  probative of any disputed issue remaining in this case and raise the specter of jury confusion and

3  undue prejudice. Such evidence should be excluded.

4      Courts routinely exclude as irrelevant evidence of a company's financial resources,

5  including its revenue, profits, and net worth. *See, e.g., In re Homestore.com, Inc.*, No. CV 01-

6  11115 RSWL (CWx), 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (holding that

7  "[e]vidence of a party's financial condition is generally not relevant," and excluding "reference

8  to and evidence of Plaintiff's financial condition").[1] Here, evidence of Apple's financial

9  resources has no bearing on Apple's alleged conduct with regard to the portable digital media

10  players, audio downloads, or related software at issue here. *See High Tech. Careers v. San Jose

11  Mercury News*,  No. CIV. 90-20579 SW, 1995 WL 115480, at *3 (N.D. Cal. Mar. 14, 1995),

12  *aff'd*, 94 F.3d 651 (9th Cir. 1996) (distinguishing between evidence of a defendant's "overall

13  profit margins" and "its profits from the relevant market"). Nor can it shed light on Plaintiffs'

14  claimed damages, as Plaintiffs do not seek and cannot recover punitive damages.[2] Such evidence

15  is therefore irrelevant under Rule 401 and should be excluded.

16      Even if evidence of Apple's financial resources were marginally relevant to Plaintiffs'

17  claims, the Court should nonetheless exclude it under Rule 403 because it is more prejudicial

18  than probative, would divert the trial into lengthy detours divorced from the core issues, and is

19  likely to confuse the jury. *See Le Baron's Estate v. Rohm & Haas Co.*, 506 F.2d 1261, 1263 (9th

20  Cir. 1974) ("As compared to this questionable probative value of the proffered evidence

21

22  [1] *See also, e.g., Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 2285187, at
    *3 (N.D. Cal. June 18, 2012) (excluding evidence of defendant's revenue); Order on Motions In

23  Limine at 2, *Kaap Indus. v. Burns & McDonnell Eng'g Co., Inc.*, No. CV F 06-0417 LJO
    GSA (E.D. Cal. May 7, 2008) (granting motion "as it pertains to the defendant's financial

24  resources in general").

25  [2] *See, e.g., Johnson v. Fed. Express Corp.*, No. 1:12-CV-444, 2014 WL 805995, at *12 (M.D. Pa.
    Feb. 28, 2014) ("evidence of defendant's financial condition is not relevant until the factfinder

26  concludes that the defendant's intentional conduct warrants an award of punitive damages"); *El-
    Bakly v. Autozone, Inc.*, No. 04 C 2767, 2008 WL 1774962, at *5 (N.D. Ill. April 16, 2008)

27  (excluding financial information, including defendant's net worth and profits, as prejudicial and
    confusing to the jury without first making a colorable claim of punitive damages).

28

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANTS'
FINANCIAL RESOURCES APPLE'S MILS 4, 5, & REFERENCES TO ANY
PURPORTED SUPRACOMPETITIVE PROFITS 6                                                    -3- C 05-00037
                                                                                              YGR-

1  [defendants' cost and profit data in a Sherman Act case], the admission thereof at a jury trial

2  would have resulted in extensive cross-examination and substantial countering evidence leading

3  to obliteration of the basic issues of the case and confusion of the jury."); *see also Abu Dhabi*

4  *Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508(SAS), 2013 WL 1155420, at

5  *6-7 (S.D.N.Y. Mar. 20, 2013) (excluding evidence of defendants' profits because the probative

6  value of the evidence was outweighed by the potential for prejudice). Nor should the Court

7  permit any discussion or mention of any witness's or party's compensation or wealth. Indeed,

8  permitting arguments regarding a party's wealth, size, and corporate status in an effort to bias the

9  jury constitutes prejudicial error. *See Draiper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978)

10  (granting a new trial in part because counsel "repeatedly made reference to the wealth of the

11  defendants in contrast to the relative poverty of the plaintiff").

12      In addition to profits in general, Plaintiffs also should be precluded from arguing that

13  Apple's financial data at either the product level or the corporate level suggest that it earns

14  supracompetitive profits and that these profits are evidence of monopoly power or

15  anticompetitive conduct.[3] *See, e.g., High Tech. Careers*, 1995 WL 115480 at *3-4. Indeed, "it

16  "[I]t is always treacherous to try to infer monopoly power from a high rate of return." *Blue Cross*

17  *& Blue Shield United of Wis. v. Marshfield Clinic*, 65 F.3d 1406, 1412 (7th Cir. 1995) (emphasis

18  added). "Although the consistent extraction of supracompetitive profits may be an indication of

19  anticompetitive market power, such profits could just as easily be obtained as a result of good

20  management, superior efficiency, or differences in accounting, none of which is inconsistent

21  with an efficient market." *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1252 (11th Cir. 2002) (citing *In*

22  *re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 981 (N.D. Cal. 1979).) These

23  problems are exacerbated when a party uses accounting, as opposed to economic, profits to infer

24  _____

25  [3] To be clear, this motion does not seek to preclude Plaintiffs from arguing that Apple's conduct
allegedly inflated prices over competitive levels, resulting in supracompetitive profits, or

26  somehow created a monopoly; this motion merely seeks to prevent Plaintiffs from presenting
evidence or (continued…) arguing that Apple's financial metrics themselves show that Apple

27  priced above competitive levels or demonstrate monopoly power. See Le Baron's Estate, 506
F.2d at 1263–64 (rejecting argument that district court erred by excluding defendants' cost and
profit data to prove comparative profit margins).

28  MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANTS'
FINANCIAL RESOURCES APPLE'S MILS 4, 5, & REFERENCES TO ANY
PURPORTED SUPRACOMPETITIVE PROFITS6                                    -3- C 05-00037
                                                                              YGR-

1   monopoly power because such "measured rates of return reflect accounting conventions more

2   than they do real profits (or losses), as an economist would understand those terms." *Blue Cross*,

3   65 F.3d at 1412.

4   ~~Following this reasoning and noting~~ Plaintiffs' economic expert does not even purport to

5   have undertaken any serious analysis of Apple's investments, costs, revenues or economic

6   returns that would warrant drawing any conclusion about Apple's market power, much less that

7   Apple has acted anticompetitively. As to the alleged "Permanent Audio Download" market, Dr.

8   Noll stated that the data he had were "not sufficient to undertake a margin analysis for

9   downloads of audio files." Declaration of Roger G. Noll on Liability and Damages, at 43 (Apr. 3,

10  2013) (Dkt. 751-1) ("Noll Decl.").[3]  Clearly, then, if he did not undertake any margin analysis

11  with regard to downloads, he is not in a position to opine that Apple's financial metrics relating

12  to or including downloads reflect monopoly power or anticompetitive conduct, nor should

13  Plaintiffs' counsel be allowed to introduce evidence and make arguments that attempt to do so.

14      As to the alleged portable digital audio player market, Dr. Noll does a little bit more.

15  First, he cites an analyst report stating that the difference in the retail prices of two models of

16  iPods that differ only in memory capacity exceeded the analyst's estimate of the difference in the

17  raw material cost of the additional memory, and concludes that this evidence of price

18  discrimination is evidence of "market power" (not monopoly power).  *Id.* at 43.  However,

19  evidence of price discrimination is not necessarily evidence of market power, much less

20  monopoly power.  *Illinois Tool Works Inc. v. Indep. Ink, Inc.*, 547 U.S. 28, 44-45 (2006) ("it is

21  generally recognized that [price discrimination] also occurs in fully competitive markets"). More

22  importantly for purpose of this motion, this evidence is not sufficient to allow Plaintiffs carte

23  blanche to dump in evidence and argument as to alleged supracompetitive profits.

24

25

---

26  [3] To be clear, Apple is not now moving to exclude the expert opinions described above, which
27  will be subject to cross examination if offered at trial, but to ensure the Plaintiffs do not offer
    impermissible arguments, testimony and other evidence beyond this testimony on alleged profits,
28  cash reserves, margins, etc.

1    The only other analysis that Dr. Noll undertakes of margins is to analyze the trend in the

2    gross margins reported in certain internal Apple accounting reports, concluding that Apple's

3    gross margins as measured by these reporting documents increased during the class period. Noll

4    Decl. at 44-45 (Apr. 3, 2013) (Dkt. 751-1).[4] At no point does Dr. Noll explain the metrics that

5    underlie those margin calculations, *e.g.*, which costs are included and which are not, nor does he

6    contend that the absolute level of margins reflect monopoly power; he merely argues that the

7    alleged increase in gross margins at the key time suggests that alleged conduct at that time had

8    an effect. *Id.* While this analysis is flawed on a number of levels, those flaws are not the subject

9    of this motion. Rather, this motion seeks to ensure that Plaintiffs do not go beyond Dr. Noll's

10   limited analyses on these points (as found in total on pages 43-45 of the April 2013 Noll

11   Declaration) to present evidence and argument relating to Apple's profits and margins, either in

12   general or on particular products, its cash reserves, executive compensation, or similar

13   accounting metrics that are untethered to any economic analysis that has not been disclosed in an

14   expert report.

15   This approach is consistent with the case law. For example, explaining that "[m]any

16   courts have disparaged the evidentiary value of high profits to indicate monopoly power," the

17   court in *High Technology Careers* excluded evidence of alleged supracompetitive profit offered

18   to show monopoly power because the "danger of prejudice, unfair confusion, and misleading the

19   jury from introducing the 'supracompetitive' profit evidence was high." *High Tech. Careers v.*

20   *San Jose Mercury News*, No. CIV. 90-20579 SW, 1995 WL 115480 ~~at *3-4~~, at *3-4 (N.D. Cal.

21   Mar. 14, 1995), *aff'd*, 94 F.3d 651 (9th Cir. 1996). The court would not permit plaintiff "to play

22   on 'David versus Goliath' sympathies" that such evidence could have elicited. *Id.* Any minimal

23   probative value that this evidence may have is substantially outweighed by the danger of unfair

24   prejudice to Apple and confusion of the issues before the jury in the case. *See Le Baron's Estate*,

25   506 F.2d at 1263 ("As compared to this questionable probative value of the proffered evidence

26

27   [4] Dr. Noll also cites an academic study purporting to compare margins between iPods and laptop
     computers sold by other firms. Noll Decl. at 43-44 (Apr. 3, 2013) (Dkt. 751-1).

28

1  [defendants' cost and profit data in a Sherman Act case], the admission thereof at a jury trial

2  would have resulted in extensive cross-examination and substantial countering evidence leading

3  to obliteration of the basic issues of the case and confusion of the jury."); *see also Abu Dhabi*

4  *Commercial Bank v. Morgan Stanley & Co.*, No. 08 Civ. 7508(SAS), 2013 WL 1155420, at \*6–7

5  (S.D.N.Y. Mar. 20, 2013) (excluding evidence of defendants' profits because the probative value

6  of the evidence was outweighed by the potential for prejudice).

7       Accordingly, for the foregoing reasons, all evidence, testimony~~, and~~ or argument by

8  Plaintiffs as to Apple's financial resources, ~~profits~~valuations, ~~valuation~~and profitability, ~~and~~

9  ~~other top-line financial metrics~~including but not limited to Apple's net worth, revenues, market

10  capitalization, balance sheets, cash on hand, and profits should be excluded.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT
## CONCERNING OTHER LITIGATIONS

3    ~~Defendant~~ Apple ~~Inc. ("Apple")~~ moves *in limine* to exclude evidence of or references to

4    other litigation, administrative actions and legislative proceedings, and investigations pursuant to

5    Federal Rules of Evidence 402, 403, 404(b), and 802. Apple markets innovative products in a

6    competitive, changing marketplace; it is inevitable that its actions have been the subject of court

7    decisions or legislative proceedings in the U.S. and outside of it. ~~But those~~ Those actions should

8    not give Plaintiffs license to paint Apple in a negative light, or allow them to skirt established

9    evidentiary rules. Plaintiffs should not be permitted to reference, for example, (1) Judge Cote's

10   2013 eBooks opinion, (2) foreign proceedings involving DRM technology (Am. Consol. Compl.,

11   at ¶¶ 73–80 (Dkt. 322)), (3) the High Tech Employee Antitrust Litigation, ~~and~~ or (4) any

12   legislative ~~proceedings, including United States House of Representatives or Senate~~

13   ~~subcommittee~~ proceedings. And references to similar proceedings involving parties <u>other</u> than

14   Apple would be even further afield and must be excluded for many of the same reasons.

15   ***First***, evidence of past or pending litigation, either involving Apple or not, is irrelevant

16   under Rule 401 because it does not tend to make any fact "of consequence" in this case "more or

17   less probable." There is no element of Plaintiffs' remaining causes of action that would tend to

18   be proven or disproven by reference to other cases or proceedings involving different facts,

19   different markets, different parties, and (in the case of foreign proceedings) different laws, rules

20   of evidence, and standards of proof. FED. R. EVID. 402; *In re Homestore.com, Inc.*, No. CV 01-

21   11115 RSWL CWX, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (excluding "reference to

22   or evidence of Plaintiff's involvement in other litigation" because it is "irrelevant and carries

23   with it a high risk of prejudice").[5]  In fact, consent decrees involving the same party, and the

24   same conduct, are usually not admissible in a civil antitrust suit due to the decree's tangential

25

26   [5] *See also Janky v. Lake Cnty. Convention & Visitors Bureau*, No. 3:05-CV-217 PRC, 2007 WL

27   733902 at *2 (N.D. Ind. Mar. 7, 2007) (excluding reference to other cases involving defendant because other litigation was "irrelevant to the issues in the instant case"); *In re Safety-Kleen Bondholders Litig.*, No. 3:00-1145-17, 2005 WL 6075368, at *5-6 (D.S.C. Feb. 4, 2005) (same).

28   ~~MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANTS' FINANCIAL RESOURCES~~ APPLE'S MILS 4, 5, & ~~REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS~~6        ~~3~~ C 05-00037 YGR-

1    relevance and high potential for prejudice.  *See Metrix Warehouse, Inc. v. Daimler-Benz*

2    *Aktiengesellschaft*, 555 F. Supp. 824, 825–26 (D. Md. 1983) ("The general rule is that a consent

3    judgment in a prior civil case [brought by the United States], or any evidence thereof, is not

4    admissible in a private antitrust suit").[4]  Administrative proceedings, too, such as Senate

5    subcommittee hearings, may involve statements by lawmakers regarding what they feel the law

6    or policy should be, or hearsay summaries of what they believe the facts show, but that has no

7    bearing on what the law *is* and what the facts admissible in a court of law may demonstrate, after

8    application of.  Administrative or legislative  proceedings, too, in which speakers opine on law,

9    policy, or their view of facts, are not subject to the rules of evidence and testing through cross-

10   examination are inadmissible.[56]

11          **Second**, litigation that did not involve Apple at all is even more irrelevant.  There is no

12   reason that Microsoft's activities in the 1990s, for example, have any bearing on Apple's conduct

13   in the 2000s. Yet Plaintiffs apparently intend to elicit testimony from their expert, Dr. Roger

14   Noll, as to the alleged similarities or differences between this case and *U.S. v. Microsoft*, 253

15   F.3d (D.C. *See* Decl Cir. of Roger 2001).  *See* Noll on Liability & Damages, Decl. at 64–66 (Apr.

16   3, 2013) (Dkt. 751-14 751-1).  This evidence should be excluded.

17          **Third**, evidence of other litigation, administrative or legislative proceedings, and

18   investigations is inadmissible under Rule 404(b), which bars evidence of "other act[s] . . . to

19   prove a person's character in order to show that on a particular occasion the person acted in

20   accordance with the character."  *Kramas v. Sec. Gas & Oil Inc.*, 672 F.2d 766, 772 (9th Cir.

21   1982) (finding no error in court's exclusion of other litigation evidence under 404(b)). Plaintiffs'

22

23   [4] *See also Janky v. Lake Cnty. Convention & Visitors Bureau*, No. 3:05-CV-217 PRC, 2007 WL

24   733902 at *2 (N.D. Ind. Mar. 7, 2007) (excluding reference to other cases involving defendant
     (continued…) because other litigation was "irrelevant to the issues in the instant case"); *In re*

25   *Safety-Kleen Bondholders Litig.*, No. 3:00-1145-17, 2005 WL 6075368, at *5-6 (D.S.C. Feb. 4,
     2005) (same).

26   [56] Plaintiffs have cited transcripts from those proceedings before the Court. *See* Pls.' Opp. to

27   Def's .'s Mot. Summ. J. at 4–5 (Dkt. 751); Sweeny Sweeney Declaration in Support of Pls' Opp.
     to Def's Mot. Summ J. (Dkt. 751-1) Ex. 30 (transcript from Digital Music Interoperability and

28   Availability Hearing).

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANTS'
FINANCIAL RESOURCES APPLE'S MILS 4, 5, & REFERENCES TO ANY                    - 3 - C 05-00037
PURPORTED SUPRACOMPETITIVE PROFITS 6                                         YGR-

1    only purpose in referencing antitrust actions in which Apple is involved would be to suggest that

2    Apple is predisposed to commit antitrust violations.  This is, in fact, exactly what Plaintiffs'

3    counsel argued at a hearing before the Court just a few short weeks ago. Summ. J. Hr'g Tr.

4    59:18–22 (Aug. 13, 2014) (Dkt. 787) (referring to Apple as a company that "has shown a sort of

5    lack of disregard for U.S. antitrust laws" because "just in the last year [it] has been found guilty

6    in one case, and there is good evidence in the other," referring to "the eBooks case . . . and the

7    High-Tech Employee case here in this District.")  This is precisely the kind of propensity

8    argument that Rule 404(b) prohibits.  *See Coursen v. A.H. Robbins Co.*, 764 F.2d 1329, 1334–35

9    (9th Cir. 1985) ("other act" evidence "may not be admitted to show a propensity or proclivity to

10    commit bad acts").

11        There is no exception that applies.  *See Duran v. City of Maywood*, 221 F.3d 1127, 1132–33

12    (9th Cir. 2000).  The actions are too dissimilar. Factually, the allegations in the eBooks litigation and

13    the High Tech Employee case have no relation to the alleged conduct or the alleged markets in this

14    case.  Legally, those cases involve claims under Section 1 of the Sherman Act, while the claims in

15    this case are brought under Section 2. Nor does any other foreign or domestic litigation qualify for

16    admission.  This principle is even more starkly apparent in legislative proceedings and cases in

17    which Apple was not a party; of course, because these "prior acts" were not Apple's, they could not

18    be admissible to prove Apple's propensity to engage in any behavior whatsoever.  No rule of

19    evidence or exception permits their introduction.  In any event, if such evidence were admitted,

20    Apple should be permitted to rebut that evidence with cases accusing Apple of violations of the

21    antitrust laws that were dismissed.  *See, e.g., Somers v. Apple, Inc.*, 729 F.3d 953 (9th Cir. 2013)

22    (affirming dismissal of Section 2 claim alleging Apple used software updates to thwart competitors);

23    *O.S.C. Corp. v. Apple Computer, Inc.*, 792 F.2d 1464 (9th Cir. 1986) (affirming summary judgment

24    on Section 1 claims relating to Apple's ban on mail order sales); *Apple, Inc. v. Psystar Corp.*, 586 F.

25    Supp. 2d 1190 (N.D. Cal. 2008) (dismissing, *inter alia*, Section 1 and 2 counterclaims that alleged

26    tying of Mac OS to Apple-labeled computer systems, monopoly maintenance, and exclusive

27    dealing).

28

1    ***Fourth***, evidence of other litigations and proceedings should be excluded under Rule

2    403. *Duran*, 221 F.3d at 1133. Assuming Plaintiffs could conjure a theory of relevance,

3    evidence of other litigations or proceedings would unfairly label Defendant as an antitrust

4    violator and distract the jury from the case before it, or unfairly compare Apple to the

5    monopolists of the past. FED. R. EVID. 403; *Lyons v. Leonhardt*, No. 3:05-CV-400 JCM VPC,

6    2013 WL 3807996, at *9 (D. Nev. July 19, 2013) (finding other litigation evidence is "unduly

7    prejudicial as liability in a previous lawsuit might color the jury's opinion of defendants' conduct

8    in the instant matter"); *Janky*, 2007 WL 733902, at *2 (finding that reference to other litigation

9    "would present the risk of unfair prejudice"); *Henderson v. Peterson*, No. 4:07–cv–02838–SBA

10   (PR), 2011 WL 2838169, at *5 (N.D. Cal. July 15, 2011) (same).  Evidence of foreign antitrust

11   litigation or investigations, for example, which arise under a separate body of law and carry

12   different burdens of proof, would be distracting and confusing for the jury.  *Katzenmeier v.*

13   *Blackpowder Prods., Inc.*, 628 F.3d 948, 950 n.4 (8th Cir. 2010) ("evidence of foreign

14   regulations in a case governed by domestic law has been found excludable because it likely leads

15   to confusion of the jury"); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1054 (D. Minn.

16   2007) ("allowing the admission of evidence of foreign regulatory actions, in a case that is

17   governed by domestic law, would likely cause jury confusion").  Plaintiffs apparently intend to

18   introduce this evidence at trial; they spent, in fact, two pages of their Complaint describing those

19   proceedings.  Am. Consol. Compl., at ¶¶ 73–80 (Dkt. 322).  ~~And as noted above, the hearsay~~

20   ~~statement of a Senator regarding whether Apple's conduct is good or bad for consumers is~~

21   ~~inadmissible hearsay, inadmissible opinion evidence, and would severely prejudice the jury~~

22   ~~against Apple. *See supra* n.2 (Senate subcommittee hearing transcript offered by Plaintiffs in~~

23   ~~opposition to summary judgment).~~Again, litigation not involving Apple is even further ~~from the~~

24   ~~realm of admissible evidence. Even if Plaintiffs were to claim that other litigations concern~~

25   ~~similar technology, or similar conduct, such evidence is highly irrelevant and unduly~~

26   ~~prejudicial~~afield; courts regularly exclude such proffers as overly confusing and prejudicial.  *See,*

27   *e.g.*, *Hill v. Novartis Pharms. Corp.*, 944 F. Supp. 2d 943, 952 (E.D. Cal. 2013) (excluding

28

1  evidence regarding prior litigation concerning biophosphonates, the same type of drug at issue in

2  the products-liability litigation at bar, because "as a general proposition" and "for most

3  purposes" such evidence is irrelevant and would be confusing).

4       ***Fifth***, other courts'-, politicians', and lawmakers' decisions are hearsay as because the

5  opinions, factual findings-, and legal conclusions they reach do not fall under the public records

6  exception to the hearsay rule.  FED. R. EVID. 802; *see, e.g.*, *United States v. Sine*-, 493 F.3d

7  1021, 1036 (9th Cir. 2007) ("A court judgment is hearsay 'to the extent that it is offered to prove

8  the truth of the matters asserted in the judgment.' It is even more plain that the introduction of

9  discrete judicial factfindings and analysis underlying the judgment to prove the truth of those

10 findings and that analysis constitutes the use of hearsay") (internal citations omitted)-, ; *Cardinal*

11 v. *v.Buchnoff*, No. 06-CV-0072, 2010 U.S. Dist. LEXIS 86523 at *7 (S.D. Cal. Aug. 23, 2010).

12      For all these reasons, all evidence of or references to other litigation, administrative

13 actions or legislative proceedings, and investigations should be excluded.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE**

2    **CONCERNING STEVE ~~JOBS'~~ JOBS'S CHARACTER**

3    Pursuant to Federal Rules of Evidence 104(a), 401, 402, 403, and 701, ~~Defendant~~ Apple

4    ~~Inc. ("Apple")~~ moves to exclude inflammatory argument, evidence, and hearsay testimony

5    concerning the character of Apple's late CEO, Steve Jobs.[7]

6    As a public figure, Mr. Jobs was the subject of many articles, books (including a

7    biography by Walter Isaacson), and blog posts, many of which purport to depict Mr. Jobs, his

8    leadership style, and his personality.[6][8] In addition to being inadmissible hearsay, this kind of

9    evidence about Mr. Jobs has no bearing on whether Apple's development of iPod products and

10   iTunes software was consistent with antitrust law or whether class members suffered any

11   recoverable damages as a result of Apple's alleged actions.  FED. R. EVID. 402.  Any such

12   opinion testimony would not be "helpful to clearly understanding the witness's testimony or to

13   determining a fact in issue" and thus would be an improper lay opinion under Rule 701.

14   Moreover, any evidence of Mr. Jobs's character is impermissible character evidence.

15   Rule 404(a) prohibits the use of character evidence to show that a party acted in conformity with

16   that character on a particular occasion because such evidence "is of slight probative value and

17   may be very prejudicial." *Cohn v. Papke*, 655 F.2d 191, 194 (9th Cir. 1981) (quotation marks

18   omitted).  It "tends to distract the trier of fact from the main question of what actually

19   happened," and also "permits the trier of fact to reward the good man and to punish the bad man

20   because of their respective characters." *Id.*  For the same reasons, Rule 404(a) bars any attempt

21   ~~here~~ to introduce evidence that Mr. Jobs ~~was "a bully" or "aggressive" and~~ acted in accordance

22

23   ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

     [7]  In the parties' pretrial meet-and-confer on October 6, Plaintiffs "reserved" on this motion.
24   Dearborn Decl., Ex. 1, (Letter from J. Caringal to J. Cove), at 6 (Oct. 8, 2014). To date, Plaintiffs
     have not indicated that they will agree or otherwise compromise with respect to this motion.
25   Apple files it today out of an abundance of caution.

26   [6][8]  Apple does not contest the ability of experts, either Apple's or Plaintiffs', to base their
     opinions on otherwise inadmissible facts or data if they would "reasonably rely on those kinds of
27   facts or data in forming an opinion on the subject." FED. R. EVID. 703. But an expert's reliance
     on statements about or opinions regarding Mr. Jobs's character would not be reasonable,
     permissible or helpful to a jury.

28   ~~MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANTS'~~
     ~~FINANCIAL RESOURCES~~ APPLE'S MILS 4, 5, ~~& REFERENCES TO ANY~~          ~~- 3 -~~ C 05-00037
     ~~PURPORTED SUPRACOMPETITIVE PROFITS~~6                                              YGR-

1   with ~~that~~ any alleged character in developing Apple's iTunes and iPod products.  *See United*

2   *States v. Curtin*, 489 F.3d 935, 942 (9th Cir. 2007) ("Rule 404(a) bans the use of 'character'

3   evidence to prove action 'in conformity therewith on a particular occasion.'"); *United States v.*

4   *Whittington*, 26 F.3d 456, 466 (4th Cir. 1994) (holding testimony that defendant had conducted

5   her affairs "like a rat or a snake" was improperly admitted character evidence).

6        Even if evidence of Mr. Jobs's character ~~was~~ were admissible under Rule 404, it and

7   other such inflammatory evidence should be excluded under Rules 402 and 403 as irrelevant,

8   more prejudicial than probative, and a waste of time.  FED. R. EVID. 403; *see also Apple Inc. v.*

9   *Samsung Elecs. Co.*, No. C-11-01846 LHK, Hr'g. Tr. at 118:3–8 (Dkt. 1272) (N.D. Cal. July 18,

10  2012) *and* Order at 3–4 (Dkt. 1267) (N.D. Cal. July 19, 2012) (excluding evidence and testimony

11  about Mr. Jobs under Rules 402 and 403); *Apple Inc. v. Motorola Inc.*, No. 11-cv-08540, Hr'g.

12  Tr. 55:4-8 (Dkt. 1048) (N.D. Ill. May 24, 2012) (excluding any reference to a biography of Mr.

13  Jobs); *Id.*, Order (Dkt. 980) (N.D. Ill. May 31, 2012) (excluding as hearsay blogs about and

14  purporting to quote Mr. Jobs).  Allowing Plaintiffs to present this evidence would serve no

15  purpose other than to cast Mr. Jobs in a bad light, and possibly to inflame and confuse the jury. It

16  could also needlessly result in various "mini-trials" on issues that have no bearing on the claims

17  at issue in the case.  *See, e.g., Beastie Boys v. Monster Energy Co.*, 983 F. Supp. 2d 354, 358-59

18  (S.D.N.Y. 2014) (excluding evidence that would "require the paradigmatic 'trial within a trial'

19  that Rule 403 disfavors").

20        Accordingly, for the reasons set forth above, Apple respectfully requests that the court

21  exclude inflammatory opinion testimony by or about Apple's late CEO, Steve Jobs, in books,

22  articles, and blog posts, as well as opinion evidence concerning Mr. Jobs's character.

23

24

25

26

27

28

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 16, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 16, 2014.

s/ Alexandra S. Bernay
ALEXANDRA S. BERNAY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:        xanb@rgrdlaw.com

977410_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**

tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)