1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
10 Oakland, CA 94612
   Telephone: (510) 874-1000
11 Facsimile: (510) 874-1460

12 David C. Kiernan #215335
   (dkiernan@jonesday.com)
13 JONES DAY
   555 California Street, 26th Floor
14 San Francisco, CA 94104
   Telephone: (415) 626-3939
15 Facsimile: (415) 875-5700

16 *Attorneys for Defendant Apple Inc.*

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                            OAKLAND DIVISION

20  | THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR [CLASS ACTION] |
    |---|---|
    | This Document Relates To: ALL ACTIONS | **APPLE'S OPPOSITION TO PLAINTIFFS' SECOND ADMINISTRATIVE MOTION** <br><br> Judge: Hon. Yvonne Gonzalez Rogers <br> Date: TBD <br> Time: TBD <br> Place: Courtroom 1, 4th Floor |

Plaintiffs' motion seeks to condemn Apple for narrowing issues raised in its motions *in limine* in direct response to an intervening Court order, and for making non-substantive corrections to the list of expert-report paragraphs to be struck by its motions to strike. Apple respectfully requests that the Court deny Plaintiff's motion.

**Motion *in Limine* #4.**  On September 30, 2014, Apple provided a draft of its planned Motion *in Limine* #4 to "Exclude Evidence of Defendant's Financial Resources and References to Any Purported Supracompetitive Profits." Declaration of Meredith Dearborn ("Dearborn Decl."), ¶ 3, Exhibit A. On October 3, 2014, four days after the exchange, the Court issued an order that, among other things, held that "there shall be no reference to or evidence presented of wealth or lack thereof of any party." Pre-Trial Order No. 1, at ¶ 5(a) (Oct. 3, 2014) (Dkt. 801). This Order in effect *sua sponte* granted part of Apple's previously exchanged Motion *in Limine* #4. In response, after meeting and conferring with Plaintiffs on this issue, Apple narrowed the scope of its motion to remove discussion of those issues that had already been ruled on by the Court. On October 14, it filed its narrowed Motion *in Limine* #4 to "Exclude Evidence of Any Purported Supracompetitive Profits."[1]  Dkt. 822, at 2. The remaining argument in Motion *in Limine* #4—that evidence of alleged supracompetitive profits cannot be used to infer monopoly power—was the same as that in the draft exchanged with Plaintiffs on September 30. All but one case was cited in the previously exchanged Motion. *Compare* Dearborn Decl. Ex. A *with* Dkt. 822, at 2–5. To file the original Motion *in Limine* #4 as exchanged would have been to ignore the Court's intervening order and spend needless time seeking to exclude evidence the Court already told the parties would be excluded.

**Errata.**  Plaintiffs challenge Apple's errata as a "reply to substantive arguments made by Plaintiffs." Pls.' Mtn. at 3. It was not. Apple's errata made two non-substantive changes to the list of paragraphs to be struck by Apple's previously filed motions to strike. First, it removed twenty-two paragraphs that it had previously moved to strike, acknowledging a ministerial error in which Apple had identified an overbroad swath of paragraphs in the Expert Report of David

---

[1] As shown in the redline attached to the Bernay Declaration, large portions of the previously exchanged motion were removed.

1

APPLE'S OPP. TO PLTFS' SECOND ADMINISTRATIVE MOTION            No. C 05-00037 YGR

1  Martin.  Pls.' Mtn. at 1 n.2; Dearborn Decl. ¶ 10.  The effect of this deletion is to withdraw
2  Apple's motion as to those paragraphs and thus narrow the issues for the Court to decide.[2]
3  Dearborn Decl. ¶ 10.  Apple also corrected its mistaken omission of references to David Martin's
4  Rebuttal Report from the list of paragraphs to be struck.  Dearborn Decl. ¶ 10–13.  Those
5  paragraphs are, in sum and substance, the same as the paragraphs from the expert reports that
6  Apple already sought to strike.  Dearborn Decl. ¶ 12–13.  As Apple indicated in its errata, Apple
7  does not seek to strike those paragraphs for any reason other than those previously discussed in
8  Motion *in Limine* ##1 and 3.  Dkt. 826; Dearborn Decl. ¶ 12–13.  Plaintiffs therefore suffer no
9  prejudice whatsoever from Apple's errata.

10       Finally, while it is not an uncommon tactic to impugn the opposing party's credibility
11  before trial, Plaintiffs' practice of filing motions to lodge *ad hominem* attacks is not an efficient
12  use of the Court's or the parties' time.

13       Apple respectfully requests that the Court deny Plaintiffs' second administrative motion.

15  Dated: October 16, 2014                    BOIES, SCHILLER & FLEXNER LLP

17                                              By: */s/ Meredith R. Dearborn*
                                                    Meredith R. Dearborn
18                                              Counsel for Defendant APPLE INC.

---

[2] As Apple noted in its errata, certain of these paragraphs should be struck pursuant to Motion *in Limine* #1 and are separately called out in that motion.  The withdrawal of these paragraphs is limited to Motion *in Limine* #3.