1 | William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
2 | Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
3 | Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
4 | BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
5 | Washington, DC 20015
Telephone: (202) 237-2727
6 | Facsimile: (202) 237-6131

7 | John F. Cove, Jr. #212213
(jcove@bsfllp.com)
8 | Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
9 | BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
10 | Oakland, CA 94612
Telephone: (510) 874-1000
11 | Facsimile: (510) 874-1460

12 | David C. Kiernan #215335
(dkiernan@jonesday.com)
13 | JONES DAY
555 California Street, 26th Floor
14 | San Francisco, CA 94104
Telephone: (415) 626-3939
15 | Facsimile: (415) 875-5700

16 | *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>―――――――――――――――<br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION]<br><br>**DECLARATION OF MEREDITH R. DEARBORN IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' SECOND ADMINISTRATIVE MOTION**<br><br>Date:  TBD<br>Time:  TBD<br>Place: Courtroom 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

# DECLARATION OF MEREDITH R. DEARBORN

I, Meredith R. Dearborn, declare as follows:

1. I am an associate in the law firm of Boies, Schiller & Flexner LLP, resident in the firm's office located at 1999 Harrison Street, Suite 900, Oakland, California 94612. I am a member in good standing of the Bar of the State of California and represent Apple Inc. ("Apple") in this case.

2. I make this declaration in support of Apple's Opposition to Plaintiffs' Second Administrative Motion filed on October 16, 2014 (Dkt. 831). I have personal knowledge of the facts set forth herein.

3. On September 30, 2014, Apple exchanged motions *in limine* with the plaintiffs. One of Apple's motions *in limine* was titled "Motion *in Limine* #4 to Exclude Evidence of Defendant's Financial Resources & References to Any Purported Supracompetitive Profits." A true and correct copy of the motion exchanged with Plaintiffs on September 30 is attached hereto as **Exhibit A**.

4. I attended the Court's Status Conference on October 3, 2014. The Court *sua sponte* granted in part Apple's Motion *in Limine* #4 by excluding references to a party's wealth, and memorialized that ruling in Pretrial Order No. 1 ¶ 5(a) (Dkt. 801).

5. I attended the meet and confer with the plaintiffs on October 6, 2014. At that meet and confer, the parties discussed motions *in limine*. My understanding was that the purpose of the meet and confer was, at least in part, to attempt to narrow the issues to be decided by the Court.

6. At the October 6 meet and confer, my colleague John Cove pointed out that the court had *sua sponte* granted part of Motion *in Limine* #4. Plaintiffs declined to withdraw their objections to that motion *in limine*, stating in a letter memorializing the topic that "we do not think we can avoid making references to Apple's financial resources with the pricing of Apple's products a main issue in this case." We responded to that letter by inviting the plaintiffs to "reconsider your position on MIL No. 4 in light of the Court's order 'that there shall be no reference to or evidence presented of wealth or lack thereof of any party.'" Plaintiffs did not respond. True and correct copies of the parties' letters are attached hereto as **Exhibits B** and **C**.

7.     In light of the Court's order, Apple narrowed the scope of Motion *in Limine* #4 to only exclude evidence of supracompetitive profits, not the wealth of a party generally, and filed it according to the Court's previously set schedule on October 14, 2014.

8.     Plaintiffs, like Apple, have consistently reserved the right to amend their pretrial exchanges.  Attached hereto as **Exhibit D** is a redacted copy of an email from Jennifer Caringal dated October 13, 2014, enclosing a number of pretrial exchanges, in which Plaintiffs stated that they "reserve the right to amend and/or revise the enclosed materials."  Attached hereto as **Exhibit E** is a true and correct of an email from Ms. Caringal, without attachments, dated October 16, 2014 at 7:29 p.m., in which Plaintiffs stated, "[a]s with all of our other exchanges, Plaintiffs reserve the right to amend."

9.     On October 7, 2014, Apple filed motions to strike in order to comply with the Court's request that substantive issues of law that affected expert testimony be filed on that date. Apple also specifically identified paragraphs of the expert reports that came within the ambit of each of the motions, per the Court's instructions.

10.    On October 15, 2014, Apple noted two ministerial errors in its list of paragraphs to be struck.  First, Apple noted that it had mistakenly identified an overbroad swath of paragraphs in the Expert Report of David Martin in connection with Apple's Motion *in Limine* #3.  Apple therefore filed an errata to narrow the number of paragraphs to be stricken.  The effect of the errata is to withdraw Apple's Motion *in Limine* #3 as to those paragraphs.

11.    Second, Apple noted that it had inadvertently omitted paragraphs to be struck from the October 30, 2013 Rebuttal Report of David Martin ("Rebuttal Report").

12.    First, Paragraphs 23 to 28 of Dr. Martin's Rebuttal Report, under the title "Apple and Third Party Cooperation," among other things, responded to Apple's expert, Dr. John Kelly, on the topic of whether Apple could have shared confidential information, and otherwise worked with or accounted for, third parties under Plaintiffs' theory of the case.  These paragraphs are essentially the same in topic and scope as the paragraphs in Dr. Martin's April 8, 2013, report that Apple seeks to strike pursuant to its Motion *in Limine* #1, which also discussed, among other things, whether Apple would have had to share confidential information, and otherwise worked

1  with or accounted for, third parties under Plaintiffs' theory of the case.  Apple does not seek to
2  strike those paragraphs for any reason other than those previously discussed in Motion *in*
3  *Limine* #1.

4      13.    Second, Paragraphs 29 to 31 of Dr. Martin's Rebuttal Report, under the title
5  "'Walled Garden' Considerations," responded to Apple's expert, Dr. John Kelly, on the topic of
6  whether integrated systems provide benefits to consumers.  These paragraphs are essentially the
7  same in topic and scope as the material in Dr. Noll's April 3, 2013 and November 25, 2013
8  declarations that Apple seeks to strike pursuant to its Motion *in Limine* #3, which also discussed,
9  among other things, whether integrated systems provide benefits to consumers.  Apple does not
10 seek to strike those paragraphs for any reason other than those previously discussed in Motion *in*
11 *Limine* #3.

12     14.    I declare under penalty of perjury under the laws of the United States of America
13 that the foregoing is true and correct.

14     Executed this 16th day of October, 2014, at Oakland, California.

                                                */s/ Meredith R. Dearborn*
                                                Meredith R. Dearborn