# EXHIBIT A

1  William A. Isaacson (wisaacson@bsfllp.com)
   (*Pro Hac Vice* application pending)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (*Pro Hac Vice* application pending)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (*Pro Hac Vice* application pending)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
10 Oakland, CA 94612
   Telephone: (510) 874-1000
11 Facsimile: (510) 874-1460

12 David C. Kiernan #215335
   (dkiernan@jonesday.com)
13 JONES DAY
   555 California Street, 26th Floor
14 San Francisco, CA 94104
   Telephone:    (415) 626-3939
15 Facsimile:    (415) 875-5700

16 *Attorneys for Defendant Apple Inc.*

17                  UNITED STATES DISTRICT COURT

18                  NORTHERN DISTRICT OF CALIFORNIA

19                           OAKLAND DIVISION

20 THE APPLE iPOD iTUNES ANTI-         Lead Case No. C 05-00037 YGR
   TRUST LITIGATION                    [CLASS ACTION]
21
                                       **MOTION IN LIMINE NO. 4 TO EXCLUDE**
22                                     **EVIDENCE OF DEFENDANT'S**
   This Document Relates To:          **FINANCIAL RESOURCES &**
23                                     **REFERENCES TO ANY PURPORTED**
   ALL ACTIONS                         **SUPRACOMPETITIVE PROFITS**
24
                                       Judge: Honorable Yvonne Gonzalez Rogers
25                                     Date:  October 28, 2014
                                       Time:  9:30 AM
26                                     Place: Courtroom 1, 4th Floor

27

28

1    Pursuant to Federal Rules of Evidence 104(a), 401, 402, and 403, Defendant Apple Inc. ("Apple") seeks to exclude all evidence, testimony or argument by Plaintiffs as to Apple's financial resources, valuations, and profitability, including but not limited to Apple's net worth, revenues, market capitalization, balance sheets, cash on hand, and profits. Not only is such evidence irrelevant and unfairly prejudicial to Apple, it is likely to mislead the jury into deciding the case on improper grounds.

This motion does not seek to exclude pricing and cost data that is relevant to the discrete issues left to be tried. But Apple is a global, multi-product company; it offers not only portable music devices and digital content (including music, television shows, movies, apps and more), but personal computers, tablets, smart phones, software, accessories, and other products and services. While there are important complementarities and joint costs among Apple's products, the financial metrics relating to Apple's entire enterprise and overall financial resources are not probative of any disputed issue remaining in this case and raise the specter of jury confusion and undue prejudice. Such evidence should be excluded.

Courts routinely exclude as irrelevant evidence of a company's financial resources, including its revenue, profits, and net worth. *See, e.g.*, *In re Homestore.com, Inc.,* No. CV 01-11115 RSWL (CWx), 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (holding that "[e]vidence of a party's financial condition is generally not relevant," and excluding "reference to and evidence of Plaintiff's financial condition").[1]  Here, evidence of Apple's financial resources has no bearing on Apple's alleged conduct with regard to the portable digital media players, audio downloads, or related software at issue here. *See High Tech. Careers v. San Jose Mercury News*, No. CIV. 90-20579 SW, 1995 WL 115480, at *3 (N.D. Cal. Mar. 14, 1995), *aff'd*, 94 F.3d 651 (9th Cir. 1996) (distinguishing between evidence of a defendant's "overall profit margins" and "its profits from the relevant market"). Nor can it shed light on Plaintiffs' claimed damages, as

---

[1] *See also, e.g.*, *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 2285187, at *3 (N.D. Cal. June 18, 2012) (excluding evidence of defendant's revenue); Order on Motions In Limine at 2, *Kaap Indus. v. Burns & McDonnell Eng'g Co., Inc.*, No. CV F 06-0417 LJO GSA (E.D. Cal. May 7, 2008) (granting motion "as it pertains to the defendant's financial resources in general").

1

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL RESOURCES & REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS

Plaintiffs do not seek and cannot recover punitive damages.[2] Such evidence is therefore irrelevant under Rule 401 and should be excluded.

Even if evidence of Apple's financial resources were marginally relevant to Plaintiffs' claims, the Court should nonetheless exclude it under Rule 403 because it is more prejudicial than probative, would divert the trial into lengthy detours divorced from the core issues, and is likely to confuse the jury. *See Le Baron's Estate v. Rohm & Haas Co.*, 506 F.2d 1261, 1263 (9th Cir. 1974) ("As compared to this questionable probative value of the proffered evidence [defendants' cost and profit data in a Sherman Act case], the admission thereof at a jury trial would have resulted in extensive cross-examination and substantial countering evidence leading to obliteration of the basic issues of the case and confusion of the jury."); *see also Abu Dhabi Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508(SAS), 2013 WL 1155420, at *6–7 (S.D.N.Y. Mar. 20, 2013) (excluding evidence of defendants' profits because the probative value of the evidence was outweighed by the potential for prejudice). Nor should the Court permit any discussion or mention of any witness's or party's compensation or wealth. Indeed, permitting arguments regarding a party's wealth, size, and corporate status in an effort to bias the jury constitutes prejudicial error. *See Draiper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978) (granting a new trial in part because counsel "repeatedly made reference to the wealth of the defendants in contrast to the relative poverty of the plaintiff").

In addition to profits in general, Plaintiffs also should be precluded from arguing that Apple's financial data at either the product level or the corporate level suggest that it earns supracompetitive profits and that these profits are evidence of monopoly power or anticompetitive conduct.[3] *See, e.g., High Tech. Careers,* 1995 WL 115480 at *3–4. Indeed, "it is *always*

---

[2] *See, e.g.*, *Johnson v. Fed. Express Corp.*, No. 1:12-CV-444, 2014 WL 805995, at *12 (M.D. Pa. Feb. 28, 2014) ("evidence of defendant's financial condition is not relevant until the factfinder concludes that the defendant's intentional conduct warrants an award of punitive damages"); *El-Bakly v. Autozone, Inc.*, No. 04 C 2767, 2008 WL 1774962, at *5 (N.D. Ill. April 16, 2008) (excluding financial information, including defendant's net worth and profits, as prejudicial and confusing to the jury without first making a colorable claim of punitive damages).

[3] To be clear, this motion does not seek to preclude Plaintiffs from arguing that Apple's conduct allegedly inflated prices over competitive levels, resulting in supracompetitive profits, or somehow created a monopoly; this motion merely seeks to prevent Plaintiffs from presenting evidence or

treacherous to try to infer monopoly power from a high rate of return." *Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 65 F.3d 1406, 1412 (7th Cir. 1995) (emphasis added). "Although the consistent extraction of supracompetitive profits may be an indication of anticompetitive market power, such profits could just as easily be obtained as a result of good management, superior efficiency, or differences in accounting, none of which is inconsistent with an efficient market." *Bailey v. Allgas, Inc.*, 284 F.3d 1237, 1252 (11th Cir. 2002) (citing *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 981 (N.D. Cal. 1979).) These problems are exacerbated when a party uses accounting, as opposed to economic, profits to infer monopoly power because such "measured rates of return reflect accounting conventions more than they do real profits (or losses), as an economist would understand those terms." *Blue Cross,* 65 F.3d at 1412.

Following this reasoning and noting that "[m]any courts have disparaged the evidentiary value of high profits to indicate monopoly power," the court in *High Technology Careers* excluded evidence of alleged supracompetitive profit offered to show monopoly power because the "danger of prejudice, unfair confusion, and misleading the jury from introducing the 'supracompetitive' profit evidence was high." 1995 WL 115480 at *3–4. The court would not permit plaintiff "to play on 'David versus Goliath' sympathies" that such evidence could have elicited. *Id.*

Accordingly, for the foregoing reasons, all evidence, testimony, and argument by Plaintiffs as to Apple's financial resources, profits, valuation, and other top-line financial metrics should be excluded.

---

(continued…)

arguing that Apple's financial metrics themselves show that Apple priced above competitive levels or demonstrate monopoly power. *See Le Baron's Estate*, 506 F.2d at 1263–64 (rejecting argument that district court erred by excluding defendants' cost and profit data to prove comparative profit margins).

| | | |
|---|---|---|
| 1 | Dated: September ___, 2014 | BOIES, SCHILLER & FLEXNER LLP |
| 2 | | |
| 3 | | By: _____ |
| 4 | | William A. Isaacson |
|   | | *Attorneys for Defendant APPLE INC.* |

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL RESOURCES & REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS

1  William A. Isaacson (wisaacson@bsfllp.com)
   (*Pro Hac Vice* application pending)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (*Pro Hac Vice* application pending)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (*Pro Hac Vice* application pending)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
10 Oakland, CA 94612
   Telephone: (510) 874-1000
11 Facsimile: (510) 874-1460

12 David C. Kiernan #215335
   (dkiernan@jonesday.com)
13 JONES DAY
   555 California Street, 26th Floor
14 San Francisco, CA  94104
   Telephone:    (415) 626-3939
15 Facsimile:    (415) 875-5700

16 *Attorneys for Defendant Apple Inc.*

17                        UNITED STATES DISTRICT COURT

18                       NORTHERN DISTRICT OF CALIFORNIA

19                                OAKLAND DIVISION

| 20 | THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR [CLASS ACTION] |
|---|---|---|
| 21 | | **MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL RESOURCES & REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS** |
| 22 | This Document Relates To: | |
| 23 | ALL ACTIONS | |
| 24 | | Judge:  Honorable Yvonne Gonzalez Rogers |
| 25 | | Date:   October 28, 2014 |
| | | Time:   9:30 AM |
| 26 | | Place:  Courtroom 1, 4th Floor |

27

28

Pursuant to Federal Rules of Evidence 104(a), 401, 402, and 403, Defendant Apple Inc. ("Apple") seeks to exclude all evidence, testimony or argument by Plaintiffs as to Apple's financial resources, valuations, and profitability, including but not limited to Apple's net worth, revenues, market capitalization, balance sheets, cash on hand, and profits. Not only is such evidence irrelevant and unfairly prejudicial to Apple, it is likely to mislead the jury into deciding the case on improper grounds.

This motion does not seek to exclude pricing and cost data that is relevant to the discrete issues left to be tried. But Apple is a global, multi-product company; it offers not only portable music devices and digital content (including music, television shows, movies, apps and more), but personal computers, tablets, smart phones, software, accessories, and other products and services. While there are important complementarities and joint costs among Apple's products, the financial metrics relating to Apple's entire enterprise and overall financial resources are not probative of any disputed issue remaining in this case and raise the specter of jury confusion and undue prejudice. Such evidence should be excluded.

Courts routinely exclude as irrelevant evidence of a company's financial resources, including its revenue, profits, and net worth. *See, e.g.*, *In re Homestore.com, Inc.,* No. CV 01-11115 RSWL (CWx), 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) (holding that "[e]vidence of a party's financial condition is generally not relevant," and excluding "reference to and evidence of Plaintiff's financial condition").[1] Here, evidence of Apple's financial resources has no bearing on Apple's alleged conduct with regard to the portable digital media players, audio downloads, or related software at issue here. *See High Tech. Careers v. San Jose Mercury News*, No. CIV. 90-20579 SW, 1995 WL 115480, at *3 (N.D. Cal. Mar. 14, 1995), *aff'd*, 94 F.3d 651 (9th Cir. 1996) (distinguishing between evidence of a defendant's "overall profit margins" and "its profits from the relevant market"). Nor can it shed light on Plaintiffs' claimed damages, as

---

[1] *See also, e.g.*, *Actuate Corp. v. Aon Corp.*, No. C 10-05750 WHA, 2012 WL 2285187, at *3 (N.D. Cal. June 18, 2012) (excluding evidence of defendant's revenue); Order on Motions In Limine at 2, *Kaap Indus. v. Burns & McDonnell Eng'g Co., Inc.*, No. CV F 06-0417 LJO GSA (E.D. Cal. May 7, 2008) (granting motion "as it pertains to the defendant's financial resources in general").

1  Plaintiffs do not seek and cannot recover punitive damages.² Such evidence is therefore irrelevant
2  under Rule 401 and should be excluded.
3        Even if evidence of Apple's financial resources were marginally relevant to Plaintiffs'
4  claims, the Court should nonetheless exclude it under Rule 403 because it is more prejudicial than
5  probative, would divert the trial into lengthy detours divorced from the core issues, and is likely
6  to confuse the jury. *See Le Baron's Estate v. Rohm & Haas Co.*, 506 F.2d 1261, 1263 (9th Cir.
7  1974) ("As compared to this questionable probative value of the proffered evidence [defendants'
8  cost and profit data in a Sherman Act case], the admission thereof at a jury trial would have
9  resulted in extensive cross-examination and substantial countering evidence leading to
10  obliteration of the basic issues of the case and confusion of the jury."); *see also Abu Dhabi
11  Commercial Bank v. Morgan Stanley & Co. Inc.*, No. 08 Civ. 7508(SAS), 2013 WL 1155420, at
12  *6–7 (S.D.N.Y. Mar. 20, 2013) (excluding evidence of defendants' profits because the probative
13  value of the evidence was outweighed by the potential for prejudice). Nor should the Court
14  permit any discussion or mention of any witness's or party's compensation or wealth. Indeed,
15  permitting arguments regarding a party's wealth, size, and corporate status in an effort to bias the
16  jury constitutes prejudicial error. *See Draiper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978)
17  (granting a new trial in part because counsel "repeatedly made reference to the wealth of the
18  defendants in contrast to the relative poverty of the plaintiff").
19        In addition to profits in general, Plaintiffs also should be precluded from arguing that
20  Apple's financial data at either the product level or the corporate level suggest that it earns
21  supracompetitive profits and that these profits are evidence of monopoly power or anticompetitive
22  conduct.³ *See, e.g., High Tech. Careers,* 1995 WL 115480 at *3–4. Indeed, "it is *always*

---

² *See, e.g.*, *Johnson v. Fed. Express Corp.*, No. 1:12-CV-444, 2014 WL 805995, at *12 (M.D. Pa. Feb. 28, 2014) ("evidence of defendant's financial condition is not relevant until the factfinder concludes that the defendant's intentional conduct warrants an award of punitive damages"); *El-Bakly v. Autozone, Inc.*, No. 04 C 2767, 2008 WL 1774962, at *5 (N.D. Ill. April 16, 2008) (excluding financial information, including defendant's net worth and profits, as prejudicial and confusing to the jury without first making a colorable claim of punitive damages).

³ To be clear, this motion does not seek to preclude Plaintiffs from arguing that Apple's conduct allegedly inflated prices over competitive levels, resulting in supracompetitive profits, or somehow created a monopoly; this motion merely seeks to prevent Plaintiffs from presenting evidence or

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL RESOURCES &
REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS

treacherous to try to infer monopoly power from a high rate of return." *Blue Cross & Blue Shield United of Wis. v. Marshfield Clinic*, 65 F.3d 1406, 1412 (7th Cir. 1995) (emphasis added). "Although the consistent extraction of supracompetitive profits may be an indication of anticompetitive market power, such profits could just as easily be obtained as a result of good management, superior efficiency, or differences in accounting, none of which is inconsistent with an efficient market." *Bailey v. Allgas*, *Inc.*, 284 F.3d 1237, 1252 (11th Cir. 2002) (citing *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 981 (N.D. Cal. 1979).)  These problems are exacerbated when a party uses accounting, as opposed to economic, profits to infer monopoly power because such "measured rates of return reflect accounting conventions more than they do real profits (or losses), as an economist would understand those terms." *Blue Cross,* 65 F.3d at 1412.

Following this reasoning and noting that "[m]any courts have disparaged the evidentiary value of high profits to indicate monopoly power,"  the court in *High Technology Careers* excluded evidence of alleged supracompetitive profit offered to show monopoly power because the "danger of prejudice, unfair confusion, and misleading the jury from introducing the 'supracompetitive' profit evidence was high."  1995 WL 115480 at *3–4.  The court would not permit plaintiff "to play on 'David versus Goliath' sympathies" that such evidence could have elicited.  *Id.*

Accordingly, for the foregoing reasons, all evidence, testimony, and argument by Plaintiffs as to Apple's financial resources, profits, valuation, and other top-line financial metrics should be excluded.

---

(continued…)

arguing that Apple's financial metrics themselves show that Apple priced above competitive levels or demonstrate monopoly power.  *See Le Baron's Estate*, 506 F.2d at 1263–64 (rejecting argument that district court erred by excluding defendants' cost and profit data to prove comparative profit margins).

3
MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL RESOURCES & REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS

| | | |
|---|---|---|
| 1 | Dated: September ___, 2014 | BOIES, SCHILLER & FLEXNER LLP |
| 2 | | |
| 3 | | By: _____ |
| | | William A. Isaacson |
| 4 | | *Attorneys for Defendant APPLE INC.* |

4

MOTION IN LIMINE NO. 4 TO EXCLUDE EVIDENCE OF DEFENDANT'S FINANCIAL RESOURCES & REFERENCES TO ANY PURPORTED SUPRACOMPETITIVE PROFITS