# EXHIBIT B

**ROBBINS GELLER RUDMAN & DOWD LLP**

Atlanta     Chicago      Melville    Philadelphia   San Francisco
Boca Raton  Manhattan    Nashville   San Diego      Washington, DC

Jennifer Caringal
jcaringal@rgrdlaw.com

October 8, 2014

VIA E-MAIL

John F. Cove
Boies, Schiller & Flexner LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612

      Re:    *The Apple iPod iTunes Antitrust Litigation*
             Case No. 4:05-cv-00037-YGR

Dear John:

      I write to summarize the parties' meet and confer discussion on October 6, 2014 regarding the pretrial issues described below.

**PRETRIAL CONFERENCE STATEMENT**

I.      The Action

      A.      Substance of the Action

*Apple's Statement* (Apple's Version)

      We stated our position that we only agreed with the first sentence and objected to the remainder of the section as argumentative.

*Procedural History* (Apple's Version)

      We objected to this section on the grounds that this entire section was unnecessary, particularly in light of the fact that Judge Gonzalez Rogers is now familiar with the procedural history, as demonstrated in her Order Denying Defendant's Combined Motion for Summary Judgment and *Daubert* Motion, dated September 26, 2014.

      B.      Named Plaintiffs and Class (Apple's Version)

      We clarified that we are only withdrawing Somtai Troy Charoensak as a class representative, but not as a plaintiff. Mr. Charoensak did not purchase an iPod during the currently certified Class Period, but Plaintiffs will not seek to dismiss Mr. Charoensak as a plaintiff to preserve his rights to appeal the Court's dismissal or summary adjudication of his claims, including

**Robbins Geller Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 2

his §1, Sherman Act (15 U.S.C. §1) tying claim and his §2, Sherman Act (15 U.S.C. §2) claim based on iTunes 4.7. We agreed to include a footnote of this matter in the Pretrial Conference Statement.

The parties could not reach agreement on the inclusion of the last paragraph of Section B, starting with "However, Plaintiffs' economist has claimed damages for only the following models . . . ." Both parties agreed to consider alternate methods of presenting the information discussed in this last paragraph.

      1.    Summary of Apple's Defenses (Apple's Version)

You stated your intention to edit this section in light of Judge Gonzalez Rogers' comments at the pretrial conference held on October 3, 2014. You further clarified that with respect to the last two sentences of this section, Apple does not intend to request that the jury de-certify the Class, but wanted to ensure that the Court is aware of the fact that the Class can be de-certified any time.

    C.    Relief Prayed (Apple's Version)

We objected to Apple's request of costs and attorneys' fees in the event that the Court dismisses Plaintiffs' claims with prejudice and enters judgment against Plaintiffs and in favor of Apple. You responded that you will re-consider this as it may have been at the client's request.

II.    The Factual Basis of the Action

    A.    Undisputed Facts

*Apple's Version*

- We agreed to: Nos. 1, 4 (first sentence only), 5 (first sentence only), 6, 7, 11, 38-39, 41, 43 (first sentence only).

- We objected to: Nos. 2, 3, 4 (after the initial sentence), 5 (after the initial sentence), 8-10, 12-17, 24-37, 42, 43 (after the initial sentence), 47-50, 68-71.

- No. 18 You agreed to remove "as a condition of making music available to Apple" and will add a different phrase. The word "including" will be removed as Sony, Universal, EMI, Warner, and BMG are the only major record labels.

- No. 19 We objected to "The purpose of DRM" and you agreed to consider editing it.

- No. 22 Plaintiffs requested "a" replace "the."

**Robbins Geller Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 3

- No. 23 You agreed to edit this statement, but stated your concern about the implication that Apple acted on its own to limit the number of devices that were authorized to play a song purchased from iTS.

- No. 40 You agreed that "changed" in the last sentence is too broad.

- No. 44, 55-57 are the subjects of a motion *in limine* ("MIL").

- You agreed that No. 46 should be a heading.

- Nos. 53-54 We stated that we would be willing to agree to some form of these statements.

- No. 63 We requested "also" be removed.

- Nos. 64-67 We stated that we would consider these and get back to you on these issues.

- Nos. 68-71 We objected to these statements, but both sides agreed to be open to creating some form of a timeline that focuses on key announcements.

*Plaintiffs' Version*

- Nos. 9 & 10 You objected, stating that these statements are legal issues and not facts.

- No. 12 You stated that "transacts business in the judicial district" concerns venue and is unnecessary.

- No. 15 The parties agreed that the date should be changed from October 13, 2003 to October 16, 2003 for the timing of Apple's introduction of iTunes for Windows-based computers. You also stated that you wanted to include "on a computer and CDs" after the sentence starting with "At the launch of the iTunes Music Store."

- Nos. 16-17, 26, 29 The parties noted that we had previously discussed similar sections in Apple's version. Both parties agreed to consider alternatives to this section.

- No. 18 You stated that you reserved on this statement.

- No. 20 You stated that this statement does not make sense without Nos. 18 and 19 and will need to further consider this.

- Nos. 19, 21-24, 27-28 You objected.

**Robbins Geller Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 4

- No. 25 You agreed with the first sentence, but objected on the grounds that this section was too abbreviated.

- No. 30 You requested a more complete version.

- No. 31 This issue is a subject of a motion to strike that you raised for the very first time at the meet and confer. A more comprehensive discussion on this issue is found below.

B.   Disputed Factual Issues

The parties agreed that both sides can submit their version of the disputed factual issues. A suggested format involved listing all the agreed upon issues first, with subsequent ones followed by a bracket that identifies the party putting forth the Disputed Factual Issue.

The parties agreed to Nos. 32 and 33 in Plaintiffs' version, but the word "antitrust" needs to be included in between "relevant market." Also, we stated that we would get back to you on the extent that "permanent" needs to be inserted before "digital audio files."

The parties agreed to combine Nos. 1-10 of Defendants' version and Nos. 32-35 of Plaintiffs' version. The parties will also try to come up with a term similar to "purported" to replace its use in Apple's version.

C.   Agreed Statement

We objected to Apple's version of the Agreed Statement.

D.   Stipulations

*Apple's Version*

We agreed to Nos. 1-4. We agreed that we do not believe that No. 6 is necessary. Nos. 10-12 the parties agreed to reserve on this. You are reserving on No. 13 and will re-examine the last sentence in light of our request.

*Plaintiffs' Version*

We agreed to Nos. 41-45, 47, 50-51, 53-54 and the parties agreed to change the date in No. 54 to October 29, 2014. You objected to Nos. 46 and 52. We agreed to combine Nos. 48 and 49 and add "for the purposes of this case."

**ROBBINS GELLER**
**Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 5

III.  Disputed Legal Issues

The parties agreed that this section has been superseded by the Court's Pre-Trial Order No. 1.

IV.  Juror Questionnaire

The parties agreed to exchange this on October 10, 2014 and the ultimate submission to the Court will be limited to two pages.

V.  Trial Alternatives and Options

A.  Consent to Trial Before a Magistrate Judge

You stated that nothing should go before a Magistrate Judge and are deferring on the issue of a bench trial. You are also objecting to the inclusions of any "advisory" language.

B.  Amendments, Dismissals

Plaintiffs are reserving this.

C.  Bifurcations, Separate Trial of Issues

You object to the inclusion of "separately" or similar language like "following" as you do not want to convey the appearance of another trial following our trial.

The parties agreed that Apple will provide a redline of the Pretrial Conference Statement by Wednesday, October 8th and that the parties will endeavor to continue exchanging edits until an agreement is reached.

**MOTIONS *IN LIMINE***

*Plaintiffs' MILs*

MIL No. 1 Hacking: You declined to agree to MIL No. 1.

MIL No. 2 Cumulative Testimony: You agreed that there is some overlap between Murphy and Topel, but with a strict 20 hour time limit you are not going to waste time on presenting cumulative testimony. You stated that if it turns out during trial that the testimony is cumulative, we can object as it is occurring.

Robbins Geller
Rudman & Dowd LLP

John F. Cove
October 8, 2014
Page 6

      MIL No. 3 Unchallenged Aspects: You declined to agree to MIL No. 3, stating that you wanted to present a broader picture to the jury.

      MIL No. 4 Unavailable Declarants:   You declined to agree to MIL No. 4.

      MIL No. 5 Class Certification: You stated that the Court can de-certify the Class at any time.  Although you will not request the Court to de-certify the Class, you stated that you want the Court aware of the fact that the Court can do so at any time.  You stated that if we file this MIL you will respond with the appropriate caveats.

      MIL No. 6 No Suit by RealNetworks: You declined to agree to MIL No. 6.

      MIL No. 7 Pass-On Charges: You agreed not to present any such evidence.

      MIL No. 8 Treble Damages and Attorneys' Fees: You agreed not to present any such evidence, except for a reservation on standard jury instructions that discuss both attorneys' fees and treble damages.

      MIL No. 9 Dismissed Claims: You declined to agree to MIL No. 9, objecting on the grounds that MIL No. 9 is too broad.

*Defendants' MILs*

      MIL No. 1 Evidence of 2011: We declined to agree to MIL No. 1, objecting that it was too broad.

      MIL No. 2 Interoperability: You stated that you are converting this to a motion to strike, which we strenuously objected to as being outside the scope of the Court's directive at both the pretrial conference on October 3, 2014 and Judge Gonzalez Rogers' Pre-Trial Order No. 1.

      MIL No. 3 Least Restrictive Alternative: You stated that you are converting this to a motion to strike.

      MIL No. 4 Financial Resources: We declined to agree to MIL No. 4, objecting on the grounds that we do not think we can avoid making references to Apple's financial resources with the pricing of Apple's products a main issue in this case.

      MIL No. 5 Other Litigation: We declined to agree to MIL No. 5, particularly in light of the fact that many of the same experts were used in other similar proceedings.

      MIL No. 6 Steve Jobs: We reserved on MIL No. 6.

**ROBBINS GELLER**
**Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 7

*Defendants' Additional Motions to Strike/Motions in limine*

You raised, for the first time, the filing of two untimely motions to strike/motions *in limine* and the conversion of several motions *in limine* into motions to strike at our meet and confer. While you offered no justification for the filing of the two new motions to strike, you stated that the conversion of the previously exchanged motions *in limine* to motions to strike were on the basis of the Court's Pre-Trial Order No. 1 and Judge Gonzalez Rogers' statements during the pretrial conference on October 3, 2014. And while you offered to extend the time needed to oppose any motions to strike, we strenuously objected on the grounds that you missed the deadlines to file any such motion to strike and were additionally exceeding the scope of your authority to file the one motion to strike converted from MIL No. 3 (on least restrictive alternatives) per the Court's directive. We stated that we would be unduly prejudiced by having to oppose these motions, particularly in light of all the other upcoming deadlines.

## EXHIBIT LIST

You stated your "general principles" with respect to Plaintiffs' exhibit list:

- Rule of completeness: You stated that each exhibit should be the full document and that any emails should include any applicable attachments. We stated that some emails were produced without an attachment and you agreed that if no attachment was produced you would not object to an exhibit on these grounds.

- Draft of price committee documents: You want to the exhibits to consist of the final versions of these decks and will endeavor to determine the final versions.

- Sponsoring witness: You object to a "wholesale dump of documents" into the record. You stated that we need a sponsoring witness for every exhibit, but if no one is available (in the event the author or recipient is unavailable), someone else who knows about the subject matter can serve as the sponsoring witness. You stated that you are "willing to relax" on who the sponsoring witness is for this issue, but still require a sponsoring witness for every exhibit.

- Articles: You objected to the inclusion of any articles on the basis of hearsay.

- RealNetworks, Inc. Form 10-Ks and Form 10-Qs: You stated your objection to the inclusion of these exhibits on the basis of hearsay. We stated that there are cases that have permitted such exhibits under judicial notice.

Although you provided us with these "general principles", you were not prepared to discuss objections to individual exhibits. We objected to this in light of the fact that a two-day meet and

**Robbins Geller Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 8

confer had been scheduled several weeks ago, and that we were fully prepared to discuss objections to exhibits.

Because you were not prepared to discuss objections, the parties agreed to exchange objections to the exhibit list in writing, except for the sponsoring witness, on October 13th. The parties agreed that nothing would be final with respect to the exhibit list and each side can continue to edit it until the parties have to submit the final exhibit list in the Trial Readiness Filings & Binder on October 21st.

## ADDITIONAL ISSUES

*Corporate Witness*

You requested that a corporate witness be allowed to remain in the courtroom during the entire proceedings. We requested that you disclose whether the corporate witness is also going to be a fact witness, as this will affect whether we intend to object to the presence of this witness in Court. We proposed a deadline of notifying us by October 21, 2014 as to the identity of the corporate witness(es), which you stated you would consider.

*Demonstratives*

The parties agreed to consider extending the deadline to exchange demonstratives for opening statements until November 14th. With respect to demonstratives used during the remainder of trial, the parties agreed to give 24 hours' notice.

*Juror questionnaires*

To be exchanged on October 10th with a goal of reaching agreement by October 14th.

*Statement of the Case*

Exchange proposed statements by October 13th and meet and confer on October 17th.

*Discovery Counter-designations*

Exchanges on October 13th and meet and confer call scheduled for October 16th at 10:30 am.

*Discovery designations for jury box*

Parties agreed to reserve on this issue.

**ROBBINS GELLER**
**Rudman & Dowd LLP**

John F. Cove
October 8, 2014
Page 9

*Verdict form*

Exchange on October 13th and meet and confer on October 17th.

*Wiring of courtroom*

Parties agreed to split the costs (except for the monitors and printers that Apple will be using at their table). However, we stated that we needed to reserve on this until we confer with our litigation support team. You proposed using Aquipt, Inc. as the vendor to provide these services.

*Experts*

The parties agreed to reserve on this issue, but it appears that both sides are open to having the experts be allowed to sit in the courtroom to listen to the testimony of others.

*Motion for Electronics*

The parties agreed to submit this motion jointly.

*Rule 26 Initial Disclosures*

Plaintiffs are continuing to look for this. You stated your objection to any witnesses at trial that have not been deposed or previously disclosed and are reserving on this.

*Joint Filings*

Parties agreed to share responsibility of submitting joint filings.

*Harmony*

During the meet and confer, you indicated for the first time that Apple intends to contest at trial the legality of RealNetwork's development of Harmony, even though you acknowledged that none of Apple's factual witnesses can opine as to legality and none of Apple's legal experts can or have opined as to legality. We objected to Apple's attempt to interject this new issue into the case.

John F. Cove
October 8, 2014
Page 10

    Our next meet and confer is scheduled for Thursday, October 16th at 10:30 a.m., which will be conducted telephonically. The parties will discuss any objections to discovery designations.

    Very truly yours,

    JENNIFER CARINGAL

JC:dlh