# EXHIBIT C

# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

5301  Wisconsin  Avenue  N.W.   *  Washington, DC 20015-2015   * PH 202.237.2727   * FAX 202.237.6131

October 11, 2014

**Via Email**

Ms. Jennifer Caringal
Robbins Geller Rudman & Dowd LLP
655 W. Broadway #1900
San Diego, CA 92101

<div style="margin-left: 4em;">

Re:    *The Apple iPod iTunes Antitrust Litigation*
        Case No. 4:05-cv-00037-YGR

</div>

Dear Ms. Caringal:

I write in response to your October 8, 2014 letter to John F. Cove setting forth your memorialization of the parties' meet-and-confer session on October 6, 2014. Below I set forth our memorialization of the meet-and-confer and provide some updates on topics that we discussed.

## PROCEDURAL AND ADMINISTRATIVE ISSUES

*Juror Questionnaires*

We agree that juror questionnaires are "to be exchanged" and were exchanged, "on October 10th with a goal of reaching agreement by October 14th" in order to submit a joint questionnaire to the Court on that day.

*Statement of the Case*

We agree to "exchange proposed statements by October 13th and meet and confer on October 17th."

*Discovery counter-designations and objections*

We agree that the parties agreed to "exchange[] on October 13th" and that a "meet and confer call [is] scheduled for October 16th at 10:30 am" regarding discovery counter-designations. I add that the parties' agreement encompasses both counter-designations and objections to designations.

*Discovery designations before the jury*

We agree that the "parties agreed to reserve on this issue."

Ms. Jennifer Caringal
October 11, 2014
Page 2

*Verdict form*

We agree that the parties agreed to "exchange on October 13th and meet and confer on October 17th" regarding the proposed form of verdict.

*Motion for Electronics*

We agree that "the parties agreed to submit this motion jointly."

*Rule 26 Initial Disclosures*

We agree that "Plaintiffs are continuing to look for this." We agree that we objected to witnesses testifying at trial that "have not been . . . previously disclosed," but we do not object to witnesses testifying that have been disclosed, but not deposed.

*Joint Filings*

We agree that the "parties agreed to share responsibility of submitting joint filings."

*Wiring of the Courtroom*

We agree that the "parties agreed to split the costs (except for the monitors and printers that Apple will be using at their table)," with the clarification that Apple will pay the full cost of monitors and a printer at its counsel table and Plaintiffs will pay the full cost of monitors at their counsel table. We agree that you "needed to reserve on this until [you] confer with [y]our litigation support team." We agree that I gave you a quote from Aquipt, Inc. for these costs. We request that you respond to our proposed quote and vendor by October 17, 2014 so that the parties may finalize this issue before the joint motion to bring electronic and other equipment into the courtroom is due to the Court.

*Experts*

We agree that "the parties agreed to reserve on this issue, but it appears that both sides are open to having the experts be allowed to sit in the courtroom to listen to the testimony of others." We proposed a stipulation that experts be permitted to be present in the courtroom during trial in the October 8th redline to the pretrial conference statement.

*Harmony*

We disagree that we "indicated for the first time that Apple intends to contest at trial the legality of RealNetworks's development of Harmony." The propriety and legality of RealNetworks's conduct has been at issue throughout this case and was specifically called out in previous dispositive motions and contemporaneous documents. We agree that you "objected to Apple's attempt to interject this . . . issue into the case."

Ms. Jennifer Caringal
October 11, 2014
Page 3

*Corporate Representative*

We agree that we discussed Apple's corporate representative's presence during the trial and that you proposed that we provide the name of Apple's corporate representative by October 21st.  I clarify your memorialization by noting that Apple is allowed to have a corporate representative present in the courtroom throughout trial.

Apple's corporate representative will not be a fact witness.  This obviates your demand to know who Apple's corporate representative will be.

*Demonstratives*

We disagree with your memorialization that "the parties agreed to consider extending the deadline to exchange demonstratives for opening statements until November 14th. With respect to demonstratives used during the remainder of trial, the parties agreed to give 24 hours' notice."

The parties did not "agree to consider," but rather agreed to exchange demonstratives for opening statements on November 14, 2014.  Bonny Sweeney stated that the Court's directive to exchange demonstratives for opening statements on November 6, 2014 was too early.  If Plaintiffs are reconsidering this agreement, we request that you offer a counterproposal in your next set of redlines to the pretrial conference statement.

Similarly, the parties did not "agree to consider," but rather agreed to exchange demonstratives for use during each's case-in-chief and closing statements 48 hours, not 24 hours, in advance of their anticipated use.  If Plaintiffs are reconsidering this agreement, we request that you offer a counterproposal in your next set of redlines to the pretrial conference statement.

## PRETRIAL CONFERENCE STATEMENT

We began our discussion on the pretrial conference statement with some basic principles: it was preliminary and exploratory in nature; each party should feel free to offer a suggestion without agreeing to be bound by it; the parties would talk freely and listen to objections; and all preliminary agreements regarding the pre-trial statement were subject to reaching final agreement.  I sent you a redline of the pretrial conference statement on October 8, 2014, which reflected our attempts to capture Plaintiffs' positions as expressed during the meet-and-confer and/or to propose compromises on items where the parties disagreed.  Of course, the proposed redlines are not binding on Plaintiffs.

Our October 8th redline sets forth Apple's current position on the items contained therein.  Since we have proposed the October 8th redline as our position and multiple drafts from both sides are likely, it is not productive for me to address all the statements in your letter relating to the pre-trial statement.  However, there are number of things that are misunderstandings or inaccurate (no offense taken; it was a long meeting).  For example, your letter represents that we agreed to your proposed stipulation of fact in paragraphs 50-51, which

Ms. Jennifer Caringal
October 11, 2014
Page 4

would have Apple stipulate to monopoly power so long as the relevant markets are found.  We did not agree to these stipulations.

With respect to undisputed facts, we discussed Plaintiffs' proposed stipulations at paragraphs 26 and 29 and Apple's proposed stipulations at paragraphs 66 and 67.  These paragraphs discuss which iPod models were enabled with the keybag verification code and database verification code.  The parties' proposed stipulations are in substance, the same.  You indicated, however, that you had new information causing you to doubt the veracity of your proposed paragraphs 26 and 29.  We ask that you explain your basis for now doubting these facts.

III. Disputed Legal Issues

We disagree that "the parties agreed that this section has been superseded by the Court's Pre-Trial Order No. 1."  The Court's Pre-trial Order No. 1 states that the parties "shall limit the response to this section to issues outside the scope of jury instructions."  Pre-trial Order No. 1 ¶ 2(b)(iii) (Dkt. 801).  As you can see from the October 8th redline, we cut most of the issues that had previously been discussed but included disputed legal issues that are outside the province of jury instructions.

V.  Trial Alternatives and Options

A.  Consent to Trial Before a Magistrate Judge

We agree that we stated that we do not consent to trial before a magistrate judge.  You also stated that you do not consent to trial before a magistrate judge.  We objected to your paragraphs 64-66 regarding Apple's consent to a jury trial; lack of consent to a bench trial; and submission of the UCL claim to the jury for an advisory verdict.

B.  Amendments, Dismissals

We agreed to include Plaintiffs' paragraph 67 in this section.  You objected to our language, "reserve[ed] on this," and agreed to consider proposing alternative language.

C.  Bifurcations; Separate Trial of Issues

The parties agreed that bifurcation was not appropriate in this case.  We objected to stating that the Plaintiffs' UCL claim will be tried separately to the Court because it implied that a separate proceeding would follow this trial.

**MOTIONS *IN LIMINE***

The parties agreed to a procedure for unopposed motions in limine whereby the filing party will withdraw any unopposed motion and note the withdrawal in the filing.  Separately, the parties would set forth stipulations not to present evidence or argument sought to be excluded by

Ms. Jennifer Caringal
October 11, 2014
Page 5

any agreed-to motion in limine.  This letter sets forth the precise contours of Apple's written agreement not to present evidence or argument that Plaintiffs sought to exclude in their MIL Nos. 7 and 8.

*Plaintiffs' MILs*

MIL No. 1 Hacking: You are correct that we did not agree to this MIL.  Among other reasons, a number of documents on both parties' exhibit lists discuss "hacking" and to suggest that witnesses cannot testify about them would be unfair.

MIL No. 2 Cumulative Testimony: You are correct that we did not agree to this MIL. We stated that we would did not intend to present cumulative expert testimony, although there may be some overlap due to the need of each witness to provide coherent, self-contained testimony. We also noted that the Court's strict 20-hour time limit provided more than adequate incentives to streamline testimony to the greatest extent possible. We did not consent to Plaintiffs' objecting during trial to the presence of cumulative expert testimony.  Of course, Plaintiffs do not need our consent to do so.

MIL No. 3 Unchallenged Aspects: You are correct that we did not agree to this MIL. Evidence relating to "unchallenged" aspects of the development of the relevant technologies is necessary to the jury's understanding of the product at issue, which is not limited to only the keybag verification code and database verification code, as Plaintiffs contend.

MIL No. 4 Unavailable Declarants: You are correct that we did not agree to this MIL. Plaintiffs have not shown any good cause for not obtaining discovery from these witnesses during the nine years this case has been pending, and even if they had, this would not be a good reason to negate the hearsay rule and deprive Apple of its rights of cross examination.

MIL No. 5 Class Certification:  Your memorialization of our discussion on this MIL is incomplete and inaccurate.  We did not agree to this MIL.  We noted that the issue of class certification is an issue for the Court, not the jury, and we certainly do not intend to ask the jury to weigh in on class matters.  Contrary to your letter, however, we never stated that we would "not request the Court to decertify the Class."  As you know, the Court may decertify the class at any time before final judgment, and moving the Court to decertify the class is an option we may pursue depending on the evidence.

MIL No. 6 No Suit by RealNetworks: You are correct that we did not agree to this MIL. To avoid confusion of the issues, the jury must be told that RealNetworks is not and has never been a party to this lawsuit.

MIL No. 7 Pass-on Charges: We agreed, and hereby agree, not to present evidence of, or make reference to, absent class members' ability to pass on overcharges in order to demonstrate their absence of damages.  We reserve the right to address this issue if Plaintiffs' case raises the issue of pass-on charges.

Ms. Jennifer Caringal
October 11, 2014
Page 6

MIL No. 8 Treble Damages and Attorneys' Fees:  We agreed, and hereby agree, not to make "reference to" or present "evidence of the ability of Plaintiffs to seek treble damages and attorneys' fees and costs."  Pls.' Proposed MILs at 23.  We reserved our right to present a standard jury instruction that discusses treble damages and/or attorneys' fees.

MIL No. 9 Dismissed Claims: You are correct that we did not agree to this MIL for the same reasons cited with respect to MIL No. 3.

*Defendants' MILs*

To the extent your memorialization regarding Apple's MILs sets forth Plaintiffs' position, we agree.

We invite you to reconsider your position on MIL No. 4 in light of the Court's order "that there shall be no reference to or evidence presented of wealth or lack thereof of any party." Pretrial Order No. 1 ¶ 5(a).

On October 7, 2014 we filed MIL Nos. 1-3 pursuant to the Court's Pre-trial Order No. 1 and its instructions on the record during the October 3, 2014 status conference.

*Defendants' Additional Motions in Limine & Motions to Strike*

Further discussion relating to the submission of Apple's MIL Nos. 7 and 8 is moot in light of the Court's Pre-trial Order No. 2 (Dkt. 808).

## EXHIBIT LIST

- Rule of completeness: We stated that we would object to any Plaintiffs' exhibit on rule-of-completeness grounds; any Apple email produced with an attachment must contain the attachment and vice versa.  We agreed not to object to any Apple-produced email or attachment on rule-of-completeness grounds where no attachment or email was produced in discovery.  We will provide you a listing of Plaintiffs' exhibits that we believe are incomplete.

- Drafts of price committee documents:  We agree that we requested Plaintiffs' exhibits "consist of the final versions of these decks" and would "endeavor to determine the final versions."  We will provide you a list of what we believe to be final versions.

- Sponsoring witness: We do not agree to pre-admit exhibits.  We will request a sponsoring witness to admit an exhibit.  A sponsoring witness may include a witness who was not the author or a recipient, so long as he or she had personal knowledge of the subject matter of the document.  We also stated that we invite further discussion or a proposal from you on this topic, but made it clear that we would object to any attempt to introduce documents without any context from any witness, simply to enable a lawyer to argue about what it means.

Ms. Jennifer Caringal
October 11, 2014
Page 7

- Articles: We stated that as a general matter we would object to the admission of any email containing an article, or an article itself, if it is offered for the truth of the matter asserted.  There may, however, be other purposes for which the article is offered, *e.g.*, state of mind, which would not be objectionable.

- RealNetworks, Inc. Form 10-Ks and Form 10-Qs: We agree that we "stated []our objection to the inclusion of these exhibits on the basis of hearsay" and that you stated that "there are cases that have permitted such exhibits under judicial notice."

    Furthermore, we stated that we were willing to stipulate to Apple's emails as admissible business records.  We reserved our right to object to hearsay within hearsay within Apple's business records.  We also stated that we would object to the admission of expert witnesses' curriculum vitae and expert reports as hearsay.

    With respect to Plaintiffs' 700+ and Apple's 700+ exhibits, we proposed that the parties exchange written objections, ascertain what is in dispute and go from there.  In our firm's experience, finalizing exhibits in a large case like this is usually an iterative process in which disputes are narrowed over more than one round of communications.  We have already narrowed any potential disputes by indicating that we will admit that Apple business documents and emails produced in discovery are authentic and business records.

    You did not offer any guiding principles on objections or specific objections to Apple's exhibits.

    The parties agreed to exchange written objections to each other's exhibits on October 13, 2014.  We agree that nothing is final with respect to the exhibit list and that "each side can continue to edit it."  We do not agree that the parties' exhibit lists must be finalized by October 21, 2014, as your letter suggests.  We reserve our right to continue to amend the exhibit list, as the Court's Standing Order allows.  Pretrial Instructions in Civil Cases ¶ 6(c)(v) ("Updated exhibit lists shall be included in the binders" of exhibits provided to the Court on November 14, 2014).

                                        Sincerely,


                                        */s/ Martha L. Goodman*

                                        Martha L. Goodman