ROBBINS GELLER RUDMAN
& DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
– and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE'S MOTIONS *IN LIMINE* NOS. 5 AND 6 |
| ALL ACTIONS. | |

DATE: October 29, 2014
TIME: 9:30 a.m.
CTRM: 1, 4th Floor
JUDGE: Hon. Yvonne Gonzalez Rogers

TRIAL: November 17, 2014
TIME: 8:30 a.m.

## TABLE OF CONTENTS

Page

I. PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING OTHER LITIGATIONS ..... 1

A. Plaintiffs Are Entitled to Explore the *eBooks* and *High Tech* Decisions in Their Cross-Examination of Murphy ..... 1

B. Plaintiffs Are Entitled to Reference Prof. Noll's Experience in Other Litigation ..... 3

C. Prof. Noll May Also Properly Make Substantive Reference to the Microsoft Ruling ..... 3

D. Plaintiffs May Offer Evidence of Apple's Past Antitrust Transgressions as Proof of Intent ..... 3

E. Apple's Hearsay Objections Are Baseless ..... 4

II. PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE CONCERNING STEVE JOBS' CHARACTER ..... 5

976427_1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE'S MOTIONS *IN LIMINE* NOS. 5 AND 6 - C-05-00037-YGR

- i -

## I. PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 5 TO EXCLUDE EVIDENCE OR ARGUMENT CONCERNING OTHER LITIGATIONS

Apple overreaches again in asking the Court to preclude "evidence of or references to other litigation, administrative actions . . . and investigations," including, in particular, any reference to: (i) Judge Cote's 2013 *eBooks* opinion; (ii) the domestic and foreign proceedings involving DRM technology; (iii) the *High Tech Employee Antitrust Litigation*; and (iv) the *United States v. Microsoft* action.[1]  ECF No. 822 at 6.

Because testimony regarding the challenged subjects is not "clearly inadmissible on all potential grounds," *United States v. Paredes*, 176 F. Supp. 2d 192, 193 (S.D.N.Y. 2001), Apple's motion must be denied.

### A. Plaintiffs Are Entitled to Explore the *eBooks* and *High Tech* Decisions in Their Cross-Examination of Murphy

Plaintiffs intend to reference recent decisions from the *eBooks* and *High Tech* actions in their cross-examination of Apple's expert economist, Dr. Kevin M. Murphy.  In those decisions, the courts levied significant criticism of Dr. Murphy's opinions, including the same "clustering" attacks he offers in this case, and called into question the methods he used to reach those opinions.  This Court should not enable Apple to insulate its expert from valid credibility attacks based on these recent judicial findings.

Thorough cross-examination is particularly important in antitrust cases, given the role of expert testimony in determining the factual issues.  *Nat'l Bancard Corp. v. Visa, U.S.A., Inc.*, 112 F.R.D. 62, 68 (S.D. Fla. 1986) ("Expert testimony is probably indispensable, or, at least, important to the determination of the issues in any complex antitrust action.")

The extent to which courts have found Dr. Murphy's opinions to be flawed and without basis bears, of course, on his overall credibility and reliability as an expert witness.  *United States v. Terry*, 702 F.2d 299, 316 (2d. Cir. 1983) ("Nor is there any merit in the claim that the prosecutor acted improperly in questioning on cross-examination [defendant's] 'voice expert' witness . . . regarding prior occasions when his testimony in other cases had been criticized by the court as unworthy of belief."); *Kristensen v. Spotnitz*, No. 3:09-cv-00084, 2011 U.S. Dist. LEXIS 107027, at *32-*33

---

[1]  Unless otherwise noted emphasis is added and citations are omitted, here and throughout.

(W.D. Va. Sept. 21, 2011) (in denying *Daubert* motion, explaining that defendants were free to elicit testimony at trial regarding criticisms levied by a judge in a previous case in which plaintiff's expert had testified). To that end, Plaintiffs intend to explore, in their cross-examination of Dr. Murphy, the *eBooks* and *High Tech* decisions, where federal courts questioned the reliability of his opinions.

In *In re High-Tech Emp. Antitrust Litig.*, 289 F.R.D 555 (N.D. Cal. 2013), plaintiffs alleged that their former employers – including Apple – conspired to fix and suppress employee compensation and restrict employee mobility. *Id*. at 559. The defendants offered Dr. Murphy's expert report to oppose the plaintiffs' class certification motion, which was supported by an expert's regression analysis. As here, Dr. Murphy criticized plaintiffs' expert's regression model, which used aggregate data from all of the defendants' employees. Dr. Murphy attempted to discredit plaintiffs' analysis by disaggregating the regression, which led to dramatically different results. *Id*. at 579. However, the court rejected Dr. Murphy's disaggregated model because his analysis may have "'minimize[d] artificially' the effects of anti-solicitation agreements by spreading those effects across a wider range of variables." *Id*. at 580. Due to the flaws in his analysis, the "Court [was] not persuaded that Dr. Murphy's results are more credible than" plaintiffs' expert and further determined that it was "not clear that these models would be reliable." *Id*. As a result, the court found that plaintiffs' expert had provided a plausible methodology for demonstrating harm and estimating class-wide damages that Dr. Murphy failed to adequately challenge. *Id*. at 582.

In this case, Dr. Murphy has similarly opined that Plaintiffs' expert economist, Prof. Noll, has utilized a flawed regression analysis to calculate damages for the class. *See* ECF No. 813-4 Pages 53-56, ¶¶94-99, Murphy Report. It is entirely appropriate for Plaintiffs, in their cross-examination of Dr. Murphy, to refer to and explore the *High Tech* decision and the conclusions reached by the courts in that case, especially since Dr. Murphy offers similar opinions here.

In *United States v. Apple, Inc.* (the *eBooks* litigation), Nos. 12 Civ. 2826 (DLC), 12 CIV 3394 (DLC), 2013 U.S. Dist. LEXIS 96424 (S.D.N.Y. Oct. 4, 2013), the United States government proved that Apple conspired with five of the six biggest publishers in the country to raise the price of e-books in violation of the Sherman Act. At trial, the court ***excluded*** Dr. Murphy's testimony, holding that it was "premised on a faulty legal assumption and . . . irrelevant in this

case."[2] Ex. 1, *United States v. Apple* Hrg. Tr. at 32-34.

**B. Plaintiffs Are Entitled to Reference Prof. Noll's Experience in Other Litigation**

Plaintiffs are likewise entitled to reference Prof. Noll's experience in the *eBooks* and *Microsoft* actions for the purpose of establishing his qualifications. Ex. 2 at 2-3, Noll Decl. In fact, "trial practice ***requires*** the proponent of expert testimony to show the witness's qualifications." *United States v. Leo*, 941 F.2d 181, 192 (3rd Cir. 1991); *see also Lindh v. Murphy*, 96 F.3d 856, 884 (7th Cir. 1996) ("when expert witnesses are proffered the jury is entitled to learn about their qualifications"), *rev'd on other grounds*, *Lindh v. Murphy*, 521 U.S. 320 (1997); *see also* Ninth Circuit Manual of Model Civil Jury Instructions §2.11 (2007).

**C. Prof. Noll May Also Properly Make Substantive Reference to the *Microsoft* Ruling**

Apple also challenges Prof. Noll's reference to *Microsoft* on relevance grounds, because that "litigation did not involve Apple at all." ECF No. 822 at 7 (citing Noll Decl. at 64-66 (ECF No. 813-3)). It is hardly unusual for an economics expert versed in antitrust law to reference pertinent case law; however, and as Prof. Noll explains, *Microsoft* was a technological incompatibility case in which the defendant like Apple asserted a product quality justification for its actions. ECF No. 813-3 at Page 100.

**D. Plaintiffs May Offer Evidence of Apple's Past Antitrust Transgressions as Proof of Intent**

Although Apple argues at length against the introduction of character evidence, ECF No. 822 at 10, it fails to distinguish between evidence offered as proof of character and evidence offered as proof of intent. *See* Fed. R. Evid. 404(b) (evidence relevant introduced to show intent or knowledge does not constitute inadmissible character evidence). A series of courts and regulatory authorities have now found, as early as 2006, that Apple's misconduct was anticompetitive and of no benefit to the consumer. Yet, with knowledge of these findings, Apple continued its practices during the Class Period in this case. In addition, in the *eBooks* litigation, the court found that Apple had engaged in anticompetitive conduct in the sale of e-books.[3] These proceedings are thus relevant to show

[2] All references to "Ex." are to the exhibits attached to the Declaration of Bonny E. Sweeney in support thereof, filed concurrently.

[3] Plaintiffs may also offer at trial the reports issued by the compliance monitor appointed by the

Apple's intent to engage in anticompetitive conduct and to establish the existence of a pattern of antitrust violations. *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 459 (1993) (a defendant may not be liable for attempted monopolization under §2 absent proof of specific intent to monopolize); *Aspen Skiing v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 602 (1985) (the question of intent is relevant to the offense of monopolization).

Moreover, Apple and its experts intend to put at issue the actions of United States regulators and their position on interoperability, citing a statement by a former Assistant Attorney General whose controversial position statement on Section 2 for the U.S. Department of Justice was later withdrawn by the Department. ECF No. 813-4 at Page 21, ¶31. If Apple is allowed to put this inadmissible statement into evidence, Plaintiffs are entitled to show that, contrary to this general statement, Apple is not so pure and that other regulators and other members of the judiciary did not share that view.

**E. Apple's Hearsay Objections Are Baseless**

With respect to the *eBooks*, *Microsoft* and *High Tech* decisions, Plaintiffs are at a minimum entitled to reference the opinions in their examination of Drs. Noll and Murphy. There are no hearsay concerns if plaintiffs do not offer them into evidence. And, even if they do, the decisions are admissible for several non-hearsay purposes.

With respect to the DRM proceedings, Plaintiffs intend to use this evidence for the admissible purpose of proving Apple's knowledge and state of mind. Fed. R. Evid. 801(d)(2); *United States v. Arteaga*, 117 F.3d 388, 397-98 (9th Cir. 1997). Even if it was offered for the truth of the matter asserted, such evidence would be admissible under the public records exception set forth in Fed. R. of Evid. 803(8). *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 161-70 (1988) (conclusions and opinions in government reports are generally admissible and reliable); *In re Ethylene Propylene Diene Monomer (EDPM) Antitrust Litig.*, 681 F. Supp. 2d 141 (D. Conn. 2009) (in antitrust litigation alleging price fixing by manufacturers of synthetic rubber, European Commission Statement of Objections regarding its investigation of industry was admissible as sufficiently trustworthy under 803(8)(C)).

---

*eBooks* court following its decision. Ex. 3, Compliance Report at 9 ("the Court had specifically expressed concern with Apple's compliance at the highest levels of the company").

## II. PLAINTIFFS' OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 6 TO EXCLUDE ARGUMENT OR EVIDENCE CONCERNING STEVE JOBS' CHARACTER

Apple's Motion *in Limine* No. 6 is nothing more than an attempt to improperly interfere with Plaintiffs' presentation of their case at trial.

In its motion, Apple asks the Court for a ruling *in limine* that excludes broad categories of evidence pertaining to Mr. Jobs, which it speculates that Plaintiffs seek to use as impermissible "character" evidence designed to inflame the jury and "cast Mr. Jobs in a bad light." ECF No. 822 at 10-11. Although Plaintiffs have already identified for Apple the documents and deposition testimony they intend to use at trial, Apple does not identify any specific evidence (or statements therein) it believes constitutes "character" evidence, leaving Plaintiffs (and the Court) to speculate as to what it seeks to exclude. This alone warrants a denial of Apple's motion. *Zaki Kulaibee Establishment v. McFliker*, No. 08-60296-Civ-Cooke, 2011 U.S. Dist. LEXIS 37155, at *13 (S.D. Fla. Apr. 5, 2011) (denying a blanket motion *in limine* seeking to exclude "any evidence as to any facts underlying its claims" and holding that a "court cannot exclude evidence without examining the specific material, the context in which the parties seeks to introduce it, and the evidentiary foundation for the material").

As to the "many articles, books (including a biography by Walter Isaacson), and blog posts," which Apple says "purport to discuss Mr. Jobs', his leadership style, and his personality" (*see* ECF No. 822 at 1), Apple's contention that Mr. Jobs' statements drawn from these materials are inadmissible is at a minimum overbroad. First, this is a moot issue with respect to "blog posts" and the biography by Mr. Isaacson, as Plaintiffs do not intend to offer these materials into evidence. Second, several articles include statements that are relevant, non-hearsay admissions. *See, e.g., Lewis-Burke Assocs., LLC v. Widder*, 725 F. Supp. 2d 187, 197 (D.D.C. 2010) (out of court statements by plaintiff to third party about reasons for defendant's departure from firm were not hearsay and admissible under 801(d)(2) as admissions by party opponent).

Other of Mr. Jobs' statements are admissible as "other acts" which have a tendency to prove Apple's knowledge and absence of mistake. *See* Fed. R. Evid. 404 (b)(2) (evidence of a wrong "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"). In fact, in the *eBooks* antitrust case,

Judge Cote quoted and relied on various of Mr. Jobs' statements to reporters (and statements from Mr. Isaacson's biography of Mr. Jobs) as direct evidence of Apple's violation of Section 1 of the Sherman Act. *United States v. Apple Inc.*, 952 F. Supp. 2d 638, 693 (S.D.N.Y. 2013) ("The evidence of this conspiracy can be found in Jobs' admissions to a reporter, to James Murdoch, and to his biographer."); *id*. at 687 ("Jobs himself was frank in explaining how this scheme worked when he spoke to biographer Walter Isaacson the day after the Launch.")[4] Similarly, in the *High-Tech Employees* case, Judge Koh noted that "There is substantial and compelling evidence that Steve Jobs . . . was a, if not the, central figure in the alleged conspiracy" (*see* Ex. 4 at 11), that "[t]here would thus be ample evidence Mr. Jobs was involved in expanding the original anti-solicitation agreement," that Mr. Jobs threatened Google when they tried to violate their agreement and that Mr. Jobs engaged in a host of other illegal, anticompetitive acts which have a tendency to show that it is Apple's intent as a company and Mr. Jobs intent as their leader to profit from violating the antitrust laws, and pay later. *Id.* at 12.

Each statement offered at trial will have to be evaluated on a case-by-case basis, based upon the nature and context of the statement, and the purpose for which it is offered, to determine whether it is admissible. For this reason, courts have regularly found that the better course is to defer any ruling on so-called "character" evidence until trial. *Patterson v. Hudson Area Sch.*, No. 05-74439, 2010 U.S. Dist. LEXIS 9588, at *11-*13 (E.D. Mich. Feb. 3, 2010) ("Defendant's motion [to exclude character evidence] is premature . . . until trial, the Court cannot rule on whether any character evidence will be relevant or whether its prejudicial effect would outweigh its probative value."); *Koss v. Del. River Port Auth.*, No. 04-1530, 2005 U.S. Dist. LEXIS 46886, at *1-*2 (E.D. Pa. Mar. 14, 2005) ("This court cannot decide the admissibility of this character evidence until Plaintiff's case-in-chief has proceeded at trial."); *United States v. Guttenburg*, No. 07 Cr. 141 (DAB), 2007 U.S. Dist. LEXIS 85103, at *24 (S.D.N.Y. Nov. 14, 2007) (Courts are loathe to

---

[4] Apple neglects to mention that its own experts have placed the character of Mr. Jobs at issue. Its expert economist, Kevin M. Murphy, cites several articles and books containing third-party statements praising Mr. Jobs as a visionary and pioneer. *See, e.g.*, ECF No. 813-4 at Page 21, ¶31 & n.50 (citing *Fortune Magazine* article). That is why Apple explicitly seeks to carve out from its motion "the ability of experts . . . to base their opinions" on articles or books discussing Mr. Jobs' character. ECF No. 822 at 10 n.8.

preclude evidence "on the mere speculation that [it] could get introduced and exploited in a prejudicial manner.").

In short, Apple is not entitled to a categorical ruling that any evidence which references Mr. Jobs is necessarily character evidence that cannot be admitted for any reason. If, during trial, Apple believes a particular statement concerning Mr. Jobs is inflammatory or constitutes improper character evidence, it can object, and the Court can make a ruling. Apple will have a full and fair opportunity to consider the evidence Plaintiffs are offering into evidence, and the purpose for which it is being offered. Apple's motion should be denied.

DATED: October 17, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL

s/ Bonny E. Sweeney
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
& DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: 212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on October 17, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 17, 2014.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: bonnys@rgrdlaw.com

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com
- **Francis Joseph Balint , Jr**
  fbalint@bffb.com
- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com
- **Michael D Braun**
  service@braunlawgroup.com
- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com
- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com
- **Todd David Carpenter**
  Todd@Carpenterlawyers.com
- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com
- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com
- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com
- **Karen Leah Dunn**
  kdunn@bsfllp.com
- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com
- **Martha Lea Goodman**
  mgoodman@bsfllp.com
- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com
- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com
- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com
- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com
- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com
- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com
- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com
- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com
- **Brian P. Murray**
  bmurray@glancylaw.com
- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com
- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com
- **Jacqueline Sailer**
  jsailer@murrayfrank.com
- **Michael Tedder Scott**
  mike.scott@dlapiper.com
- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com
- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com
- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)