```
 1  ROBBINS GELLER RUDMAN
       & DOWD LLP
 2  BONNY E. SWEENEY (176174)
    ALEXANDRA S. BERNAY (211068)
 3  CARMEN A. MEDICI (248417)
    JENNIFER N. CARINGAL (286197)
 4  655 West Broadway, Suite 1900
    San Diego, CA  92101
 5  Telephone:  619/231-1058
    619/231-7423 (fax)
 6  bonnys@rgrdlaw.com
    xanb@rgrdlaw.com
 7  cmedici@rgrdlaw.com
    jcaringal@rgrdlaw.com
 8          – and –
    PATRICK J. COUGHLIN (111070)
 9  STEVEN M. JODLOWSKI (239074)
    Post Montgomery Center
10  One Montgomery Street, Suite 1800
    San Francisco, CA  94104
11  Telephone:  415/288-4545
    415/288-4534 (fax)
12  patc@rgrdlaw.com
    sjodlowski@rgrdlaw.com
13
    Class Counsel for Plaintiffs
14
    [Additional counsel appear on signature page.]
15
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE'S MOTION *IN LIMINE* NO. 4 [AS PROVIDED TO PLAINTIFFS ON SEPTEMBER 30, 2014] |
| ALL ACTIONS. | |
| | Date: October 29, 2014<br>Time: 9:30 a.m.<br>Courtroom: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |
| | Trial Date: November 17, 2014<br>Time: 8:30 a.m. |

978045_1

Apple's grossly overbroad fourth motion *in limine* – which seeks to exclude "all evidence, testimony or argument by Plaintiffs as to Apple's financial resources, valuations, and profitability, including but not limited to Apple's net worth, revenues, market capitalization, balance sheets, cash on hand and profits" – should be denied. Ex. A, Mot. at 1.[1] Despite excluding from its motion "pricing and cost data that is relevant to the discrete issues left to be tried," (*see* Ex. A at 1), and despite itself placing at issue information about its size and resources relative to its competitors, Apple improperly asks the Court to bar vague and sweeping swaths of evidence related to its financial condition. Apple's motion places the Court in the untenable position of having to determine, *a priori*, which unspecified financial evidence is relevant, and which is not. *Sclafani v. Air & Liquid Sys. Corp.*, No. 2:12-cv-3013, 2013 U.S. Dist. LEXIS 83453, at *1-*2 (C.D. Cal. May 9, 2013) (refusing to rule on motion *in limine* until plaintiffs identified the specific items subject to their motion).

More importantly, the financial evidence Apple seeks to exclude is directly relevant and unquestionably admissible for several purposes.

First, evidence relating to Apple's size, financial resources, and profitability is relevant to show that Apple held monopoly power in the Portable Digital Media Player and Permanent Audio Download Markets. While the existence of monopoly power is primarily inferred from the seller's possession of a predominant share of the market, *United States v. Grinnell Corp.*, 384 U.S. 563, 571 (1966), courts also consider characteristics such as a defendant's size, in absolute terms, and its size relative to other companies in the industry. "Size is of course an earmark of monopoly power." *United States v. Griffith*, 334 U.S. 100, 108 n.10 (1948); *see also Metro Mobile CTS, Inc. v. Newvector Commuc'ns, Inc.*, 661 F. Supp. 1504, 1522 (D. Az. 1987), *aff'd*, 892 F.2d 62 (9th Cir. 1989) ("The relative size of competitors, competitors' performance, the degree of barriers to entry or expansion, pricing trends and practices, homogeneity of products, potential competition . . . alone or

---

[1] Per the Court's Pre-Trial Order No, 3, Plaintiffs file this memorandum in response to the version of Motion *in Limine* No. 4 that Apple provided to Plaintiffs on September 30, 2014, a copy of which is attached hereto as Ex. A to the Declaration of Steven M. Jodlowski, filed concurrently. *See* ECF No. 834, Pre-Trial Order No. 3.

in conjunction with other factors, may also be considered in measuring a firm's market power or market shares.").

Second, such evidence shows that Apple is an established brand, which is relevant to the issue of whether entry barriers existed in the Portable Digital Media Player and Permanent Audio Download Markets. *Los Angeles Land Co. v. Brunswick Corp.*, 6 F.3d 1422, 1428 n.4 (9th Cir. 1993) ("The main sources of entry barriers are: . . . (3) entrenched buyer preferences for established brands or company reputations.")

Third, such evidence is relevant to define and distinguish the relevant markets. *Int'l Boxing Club v. United States*, 358 U.S. 242, 250-51 (1959) (comparing revenues from championship boxing contests to revenues from non-championship boxing programs to define relevant market as championship contests); *Rock v. NCAA*, No. 12-cv-1019-JMS-DKL, 2013 U.S. Dist. LEXIS 116133, at *38 (S.D. Ind. Aug. 16, 2013) (considering, among other factors, "higher revenue" in Division I football in determining whether Division I and Division II football were part of the same market).[2]

Recognizing the relevance of such information, Apple itself intends to invoke its size relative to its competitors as part of its defense. In the Joint Pretrial Conference Statement, for example, Apple indicates that it intends to argue that it did not possess monopoly power because it faced competition from some of the largest companies in the world, who had the financial and technical resources to sell Portable Digital Media Players and offer Permanent Audio Downloads. ECF No. 823 at 5. Plaintiffs are at a minimum entitled to rebut Apple's defense regarding its power relative to its competitors with evidence of Apple's size and financial resources. *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001) (evidence becomes admissible at trial where a party "opens the door" to the introduction of such evidence).

Apple offers nothing to justify its sweeping declaration that all evidence relating to its financial resources is prejudicial and must be excluded, relying heavily on non-binding, unpublished, general

---

[2] Mindful of the Court's Pre-Trial Order precluding evidence of a party's wealth, Plaintiffs do not intend to make any argument comparing the wealth of Apple to the lack of wealth of Plaintiffs or Class members. ECF No. 801, Pre-Trial Order No. 1.

1  authorities arising outside the antitrust context.[3]  Apple's only authority in the antitrust context is *Le Baron's Estate v. Rohm & Hass Co.*, 506 F.2d 1261, 1262-63 (9th Cir. 1974), and *High Tech. Careers v. San Jose Mercury News*, No. CIV. 90-20579, 1995 WL 115480 (N.D. Cal. Mar. 14, 1995). In *Le Baron's*, the issue was the relevance of cost and profit data to the existence of a conspiracy (a Section 1 claim), **not** whether such data was probative of monopoly power in a Section 2 claim. *Le Baron's*, 506 F.2d at 1262-63. In *High Tech*, the court did **not** address the admissibility of evidence relating to defendant's overall financial resources, as Apple contends. Rather, it addressed the narrow issue of the use of profits to measure monopoly power. *High Tech.*, 1995 WL 115480, at *3-*4. On that narrow issue, the court acknowledged the potential relevance of profit information, but nevertheless excluded it under Rule 403 because plaintiff failed to make adequate comparisons with the profits of comparable newspapers. *Id*. at *3. Notably, the *High Tech* court considered the admissibility of the profits evidence **during trial**, **not before**, so that it could determine the precise nature of evidence and its purpose before making a ruling. *Id.* at *3. This Court should do the same.

Apple also seeks to prevent Plaintiffs from introducing "financial data" to suggest that Apple earns supracompetitve profits or to suggest that its profits are evidence of monopoly power or anticompetitive conduct. Ex. A at 2-3. In other words, Apple wants to preclude Plaintiffs from introducing evidence to prove their Section 2 claims. Courts and economists recognize that evidence concerning profits is relevant to both defining the relevant market and measuring market power. *See CDC Tech., Inc. v. IDEXX Labs, Inc.*, 7 F. Supp. 2d 119, 126 (D. Conn. 1998) ("actual profit levels"

---

[3]  *Johnson v. Fed. Express Corp.*, No. 1:12-CV-444, 2014 U.S. Dist. LEXIS 25861, at *2 (M.D. Pa. Feb. 28, 2014) (race and sex discrimination claim); *El-Bakly v. Autozone, Inc.*, No. 04 C 2767, 2008 U.S. Dist. LEXIS 31285, at *40 (N.D. Ill. Apr. 16, 2008) (religious discrimination claim); *In re Homestore.com, Inc.*, No. CV-011115 RSWL (CWx), 2011 U.S. Dist. LEXIS 10677, at *7-*8 (C.D. Cal. Jan. 25, 2011) (securities claim; also involving plaintiff's financial condition, not defendants' financial condition); *Actuate Corp. v. Aon Corp.,* No. C 10-05750, 2012 U.S. Dist. LEXIS 87185, at *1, *8 (N.D. Cal. Jun. 18, 2012) (breach of licensing contract and copyright infringement; also, unlike here, "plaintiff **agreed** that "its revenues would not be relevant information."); *Kaap Indus. v. Burns & McDonnell Eng'g Co., Inc.*, No. CV F 06-0417 LFO GSA, 2007 U.S. Dist. LEXIS 66064, at *1-*2 (E.D. Cal. Aug. 27, 2007) (breach of consulting agreement); *Abu Dhabi Commercial Bank v. Morgan Stanley & Co.*, No. 08-Civ. 7508 (SAS), 2013 U.S. Dist. LEXIS 38787, at *3 (S.D.N.Y. Mar. 20, 2013) (fraud and negligent misrepresentation claims).

1  are among factors useful in determining the product market); Philip E. Areeda & Herbert
2  Hovenkamp, *Antitrust Law*, ¶¶500-526 (2006 ed.); ECF No. 813-3, Noll Report at Page 79 ("[P]rofit
3  margins are regularly used by economists and financial analysts to ascertain the market power of a
4  firm.").

5  In seeking to exclude evidence of its profits, Apple overlooks the critical distinction between
6  inferring the existence of market power based on profits ***alone*** and inferring the existence of market
7  power based on profits along with many other factors.  In *Blue Cross & Blue Shield United v.*
8  *Marshfield Clinic*, 65 F.3d 1406 (7th Cir. 1995), upon which Apple relies, the court found that high
9  prices alone do not necessarily evidence monopoly power. *Id.* at 1411-12. No such problem exists
10 here, as Plaintiffs are not trying to prove market power solely through profit evidence. Plaintiffs'
11 expert economist, Prof. Noll, has performed a detailed market analysis. In calculating whether
12 Apple held market power, he considered many relevant factors in addition to Apple's profit, such as
13 barriers to entry, market concentration and attempts by competitors to enter the market. Plaintiffs
14 will also seek to prove monopoly power through direct evidence showing that Apple had the ability
15 to control prices and exclude competitors. *Rebel Oil v. Atlantic Richfield Co.*, 51 F.3d 1421, 1439
16 (9th Cir. 1995).  *See* ECF No. 813-3, Noll Report at Pages 78-93.  Professor Noll's analysis is
17 entirely appropriate, and Apple's attempt to exclude evidence of profits is simply another late and
18 improper *Daubert* motion.

19 Also, under the Supreme Court's decision in *Aspen Skiing v. Aspen Highlands Skiing Corp.*,
20 profits are relevant to show that the monopolist was "willing to sacrifice short-run benefits and
21 consumer goodwill in exchange for a perceived long-run impact on its smaller rival." 472 U.S. 585,
22 610 (1985). In *Aspen*, the Supreme Court explained that such evidence "supports an inference that
23 the monopolist made a deliberate effort to discourage its customers from doing business with its
24 smaller rival." *Id.* at 610. As in *Aspen*, Plaintiffs are entitled to introduce evidence to show that
25 Apple sacrificed the short-term profits it would have gained from interoperability in exchange for the
26 monopoly profits it gained by excluding potential rivals.

27
28

| | | |
|---|---|---|
| 1 | DATED: October 20, 2014 | Respectfully submitted, |
| 2 | | ROBBINS GELLER RUDMAN |
| | | & DOWD LLP |
| 3 | | BONNY E. SWEENEY |
| | | ALEXANDRA S. BERNAY |
| 4 | | CARMEN A. MEDICI |
| | | JENNIFER N. CARINGAL |
| 5 | | |
| 6 | | |
| | | s/ Bonny E. Sweeney |
| 7 | | BONNY E. SWEENEY |
| 8 | | 655 West Broadway, Suite 1900 |
| | | San Diego, CA  92101 |
| 9 | | Telephone:  619/231-1058 |
| | | 619/231-7423 (fax) |
| 10 | | |
| | | ROBBINS GELLER RUDMAN |
| 11 | | & DOWD LLP |
| | | PATRICK J. COUGHLIN |
| 12 | | STEVEN M. JODLOWSKI |
| | | Post Montgomery Center |
| 13 | | One Montgomery Street, Suite 1800 |
| | | San Francisco, CA  94104 |
| 14 | | Telephone:  415/288-4545 |
| | | 415/288-4534 (fax) |
| 15 | | |
| | | Class Counsel for Plaintiffs |
| 16 | | |
| | | BONNETT, FAIRBOURN, FRIEDMAN |
| 17 | | & BALINT, P.C. |
| | | ANDREW S. FRIEDMAN |
| 18 | | FRANCIS J. BALINT, JR. |
| | | ELAINE A. RYAN |
| 19 | | 2325 E. Camelback Road, Suite 300 |
| | | Phoenix, AZ  85016 |
| 20 | | Telephone:  602/274-1100 |
| | | 602/274-1199 (fax) |
| 21 | | |
| | | THE KATRIEL LAW FIRM |
| 22 | | ROY A. KATRIEL |
| | | 1101 30th Street, N.W., Suite 500 |
| 23 | | Washington, DC  20007 |
| | | Telephone:  202/625-4342 |
| 24 | | 202/330-5593 (fax) |
| 25 | | BRAUN LAW GROUP, P.C. |
| | | MICHAEL D. BRAUN |
| 26 | | 10680 West Pico Blvd., Suite 280 |
| | | Los Angeles, CA  90064 |
| 27 | | Telephone:  310/836-6000 |
| | | 310/836-6010 (fax) |
| 28 | | |

978045_1  PLAINTIFFS' MEMORANDUM OF PS & AS IN OPPOSITION TO APPLE'S MOTION *IN LIMINE*
NO. 4 [AS PROVIDED TO PLAINTIFFS ON SEPTEMBER 30, 2014] - C-05-00037-YGR         - 5 -

| | |
|---|---|
| 1 | |
| 2 | GLANCY BINKOW & GOLDBERG LLP<br>BRIAN P. MURRAY |
| 3 | 122 East 42nd Street, Suite 2920<br>New York, NY  10168 |
| 4 | Telephone:  212/382-2221<br>212/382-3944 (fax) |
| 5 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 6 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067 |
| 7 | Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 8 | Additional Counsel for Plaintiffs |

978045_1

PLAINTIFFS' MEMORANDUM OF PS & AS IN OPPOSITION TO APPLE'S MOTION *IN LIMINE*
NO. 4 [AS PROVIDED TO PLAINTIFFS ON SEPTEMBER 30, 2014] - C-05-00037-YGR     - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 20, 2014.

      s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:         bonnys@rgrdlaw.com

978045_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`