ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION ) ) ) | Lead Case No. C-05-00037-YGR <br> <u>CLASS ACTION</u> |
| This Document Relates To: ) ) ALL ACTIONS. ) ) | PLAINTIFFS' PROPOSED VERDICT FORM <br><br> Date: October 29, 2014 <br> Time: 9:30 a.m. <br> Courtroom: 1, 4th Floor <br> Judge: Hon. Yvonne Gonzalez Rogers <br><br> Trial Date: November 17, 2014 <br> Time: 8:30 a.m. |

970295_1

# VERDICT FORM

**Actual Monopolization Claim**

1. Did plaintiffs prove by a preponderance of the evidence that the market for Portable Digital Media Players was a relevant antitrust market?

    Yes _____        No _____

    If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," please go to Question 7.

2. Did plaintiffs prove by a preponderance of the evidence that Apple possessed monopoly power in that market between September 2006 and March 2009?

    Yes _____        No _____

    If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," please go to Question 7.

3. Did plaintiffs prove by a preponderance of the evidence that Apple maintained monopoly power in that market by engaging in anticompetitive conduct?

    Yes _____        No _____

    If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," please go to Question 7.

4. Did plaintiffs prove by a preponderance of the evidence that members of the Class were injured in their business or property because of Apple's anticompetitive conduct?

    Yes _____        No _____

    If your answer to this question is "Yes," please answer the next two questions. If your answer to this question is "No," please go to Question 7.

5. What was the amount of damages the plaintiffs proved by a preponderance of the evidence that members of the *reseller* portion of the Class suffered as a result of that injury?

    $ _____
    (Please fill in a dollar amount total)

6. What was the amount of damages the plaintiffs proved by a preponderance of the evidence that members of the *consumer or direct sales* portion of the Class suffered as a result of that injury?

    $ _____
    (Please fill in a dollar amount total)

**Attempted Monopolization Claim**

7. Did plaintiffs prove by a preponderance of the evidence that Apple engaged in anticompetitive conduct?

Yes \_\_\_\_\_        No \_\_\_\_\_

If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," please go to the end of the verdict form, and sign and date it where indicated.

8. Did plaintiffs prove by a preponderance of the evidence that Apple had a specific intent to achieve monopoly power in a relevant antitrust market?

Yes \_\_\_\_\_        No \_\_\_\_\_

If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," please go to the end of the verdict form, and sign and date it where indicated.

9. Did plaintiffs prove by a preponderance of the evidence that there was a dangerous probability that Apple would achieve its goal of monopoly power in that market?

Yes \_\_\_\_\_        No \_\_\_\_\_

If your answer to this question is "Yes," please answer the next question. If your answer to this question is "No," please go to the end of the verdict form, and sign and date it where indicated.

10. Did plaintiffs prove by a preponderance of the evidence that members of the Class were injured in their business or property because of Apple's attempt to monopolize a relevant antitrust market?

Yes \_\_\_\_\_        No \_\_\_\_\_

If your answer to this question is "Yes," please answer the next two questions. If your answer to this question is "No," please go to the end of the verdict form, and sign and date it where indicated.

11. What was the amount of damages the plaintiffs proved by a preponderance of the evidence that members of the *reseller* portion of the Class suffered as a result of that injury?

$ _____
(Please fill in a dollar amount total)

12. What was the amount of damages the plaintiffs proved by a preponderance of the evidence that members of the *consumer or direct sales* portion of the Class suffered as a result of that injury?

$ _____
(Please fill in a dollar amount total)

As the Foreperson of the jury, I hereby certify that this is the verdict of the jury and that all jurors agreed on each of the findings stated on this Verdict Form.

_____
Foreperson

Dated: _____, 2014

DATED: October 21, 2014            Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL


            s/ Bonny E. Sweeney
            BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

| | |
|---|---|
| 1 | |
| 2 | BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C. |
| 3 | ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR. |
| 4 | ELAINE A. RYAN<br>2325 E. Camelback Road, Suite 300 |
| 5 | Phoenix, AZ 85016<br>Telephone: 602/274-1100<br>602/274-1199 (fax) |
| 6 | |
| 7 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL |
| 8 | 1101 30th Street, N.W., Suite 500<br>Washington, DC 20007 |
| 9 | Telephone: 202/625-4342<br>202/330-5593 (fax) |
| 10 | BRAUN LAW GROUP, P.C. |
| 11 | MICHAEL D. BRAUN<br>10680 West Pico Blvd., Suite 280 |
| 12 | Los Angeles, CA 90064<br>Telephone: 310/836-6000<br>310/836-6010 (fax) |
| 13 | |
| 14 | GLANCY BINKOW & GOLDBERG LLP<br>BRIAN P. MURRAY |
| 15 | 122 East 42nd Street, Suite 2920<br>New York, NY 10168 |
| 16 | Telephone: 212/382-2221<br>212/382-3944 (fax) |
| 17 | GLANCY BINKOW & GOLDBERG LLP |
| 18 | MICHAEL GOLDBERG<br>1925 Century Park East, Suite 2100 |
| 19 | Los Angeles, CA 90067<br>Telephone: 310/201-9150<br>310/201-9160 (fax) |
| 20 | |
| 21 | Additional Counsel for Plaintiffs |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 21, 2014.

   s/ Bonny E. Sweeney
   BONNY E. SWEENEY

   ROBBINS GELLER RUDMAN
       & DOWD LLP
   655 West Broadway, Suite 1900
   San Diego, CA  92101-8498
   Telephone:  619/231-1058
   619/231-7423 (fax)

   E-mail:     bonnys@rgrdlaw.com

970295_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`