William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>―――――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S PROPOSED VERDICT FORM & STATEMENT**<br><br>Date:  October 29, 2014<br>Time:  9:30 a.m.<br>Place: Courtroom 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

## CLAIM ONE – MONOPOLIZATION

WE, THE JURY, unanimously find as follows:

    1.    Have Plaintiffs proven by a preponderance of the evidence the existence of the "Portable Digital Media Player Market"?

        Question 1    Yes_____                   No_____
                                 (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 1 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 1 IS "YES," PROCEED TO QUESTION 2.

    2.    Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple had monopoly power in the "Portable Digital Media Player Market"?

        Question 2    Yes_____                   No_____
                                 (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 2 IS "NO," YOU SHOULD PROCEED TO QUESTION 8 ON THIS FORM (ATTEMPTED MONOPOLIZATION). IF YOUR ANSWER TO QUESTION 2 IS "YES," PROCEED TO QUESTION 3.

    3.    Have Plaintiffs proven by a preponderance of the evidence that iTunes 7.0 and 7.4 were not product improvements?

        3A.    iTunes 7.0                Yes_____                 No_____
                                                  (for Plaintiffs)          (for Apple)

        3B.    iTunes 7.4                Yes_____                 No_____
                                                  (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 3 IS "NO" FOR iTUNES 7.0 AND iTUNES 7.4, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 3 IS "YES" AS TO EITHER iTUNES 7.0 OR iTUNES 7.4, YOU SHOULD PROCEED TO QUESTION 4 AS TO THAT VERSION.

    4.    Have Plaintiffs proven by a preponderance of the evidence that Apple did not have a legitimate business purpose in developing and distributing iTunes 7.0 and 7.4, and related technology?

        4A.    iTunes 7.0                Yes_____                 No_____
                                                    (for Plaintiffs)          (for Apple)

        4B.    iTunes 7.4                Yes_____                 No_____
                                                  (for Plaintiffs)          (for Apple)

VERDICT FORM                                                                                    No. C 05-00037 YGR

IF YOUR ANSWER TO QUESTION 4 IS "NO" FOR iTUNES 7.0 AND iTUNES 7.4, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 4 IS "YES" AS TO EITHER VERSION, PROCEED TO QUESTION 5.

5. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in exclusionary conduct in order to willfully maintain monopoly power in the "Portable Digital Media Player Market," and that this conduct was reasonably capable of contributing significantly to the maintenance of that power?

Question 5    Yes_____           No_____
              (for Plaintiffs)    (for Apple)

IF YOUR ANSWER TO QUESTION 5 IS "NO," YOU SHOULD PROCEED TO QUESTION 8 (ATTEMPTED MONOPOLIZATION).  IF YOUR ANSWER TO QUESTION 5 IS "YES," PROCEED TO QUESTION 6.

6. Have Plaintiffs proven by a preponderance of the evidence as to consumers and resellers who bought iPods directly from Apple that the conduct for which you answered "Yes" to Question 5 caused injury to Plaintiffs in their business or property, and that this injury was caused by a reduction in competition or acts that would lead to a reduction in competition?

6A.  Consumers        Yes_____           No_____
                      (for Plaintiffs)    (for Apple)

6B.  Resellers        Yes_____           No_____
                      (for Plaintiffs)    (for Apple)

IF YOUR ANSWER TO QUESTION 6 IS "NO" AS TO EITHER CONSUMERS OR RESELLERS, YOU SHOULD PROCEED TO QUESTION 8 (ATTEMPTED MONOPOLIZATION) AS TO THAT CATEGORY OF PURCHASER.  IF YOUR ANSWER TO QUESTION 6 IS "YES" AS TO EITHER CATEGORY, PROCEED TO QUESTION 7 WITH REGARD TO THAT CATEGORY OF PURCHASER.

7. For any injury for which you answered "Yes" to Question 6, (a) what is the total amount of damages that would fairly compensate the injured purchasers for this injury, and (b) by what amount, if any, should the total amount of damages be reduced if you find that the injured purchasers failed to take all reasonable steps available to them to minimize their losses?  Write your answers in the lines under the headings "Total Amount" and "Reduction Amount" below.

(a) Total Amount

7A.  Consumers        _____

7B.  Resellers        _____

(b) Reduction Amount

7C.  Consumers        _____

7D.  Resellers        _____

## CLAIM TWO – ATTEMPTED MONOPOLIZATION

8. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in anticompetitive conduct with specific intent to obtain monopoly power in the "Portable Digital Media Player" market?

        Question 8    Yes_____                   No_____
                                  (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 8 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 8 IS "YES," PROCEED TO QUESTION 9.

9. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, there was a dangerous probability that Apple would obtain monopoly power in the "Portable Digital Media Player Market"?

        Question 9    Yes_____                   No_____
                                  (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 9 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 9 IS "YES," PROCEED TO QUESTION 10.

10. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in exclusionary conduct that was reasonably capable of contributing significantly to a dangerous probability that Apple would obtain monopoly power in the "Portable Digital Media Player Market"?

        Question 10   Yes_____                   No_____
                                  (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 10 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 10 IS "YES," PROCEED TO QUESTION 11.

11. Have Plaintiffs proven by a preponderance of the evidence as to consumers and resellers who bought iPods directly from Apple that the conduct for which you answered "Yes" to Question 10 caused injury to Plaintiffs in their business or property, and that this injury was caused by a reduction in competition or acts that would lead to a reduction in competition?

        11A.   Consumers              Yes_____           No_____
                                         (for Plaintiffs)       (for Apple)

        11B.   Resellers                Yes_____           No_____
                                         (for Plaintiffs)       (for Apple)

IF YOUR ANSWER TO QUESTION 11 IS "NO" AS TO EITHER CONSUMERS OR RESELLERS, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS

VERDICT FORM                                          No. C 05-00037 YGR

FORM AS TO THAT CATEGORY OF PURCHASER. IF YOUR ANSWER TO QUESTION 11 IS "YES" AS TO EITHER CATEGORY, PROCEED TO QUESTION 12 FOR THAT CATEGORY OF PURCHASER.

12. For any injury for which you answered "Yes" to Question 11, (a) what is the total amount of damages that would fairly compensate the injured purchasers for this injury, and (b) by what amount, if any, should the total amount of damages be reduced if you find that the injured purchasers failed to take all reasonable steps available to them to minimize their losses? Write your answers in the lines under the headings "Total Amount" and "Reduction Amount" below.

(a) Total Amount

12A. Consumers _____

12B. Resellers _____

(b) Reduction Amount

12C. Consumers _____

12D. Resellers _____

**WHEN THE JURY HAS REACHED A VERDICT, THE FOREPERSON MUST SIGN THIS VERDICT FORM AND SIGNAL THE U.S. MARSHALL THAT THE JURY IS READY TO RENDER A VERDICT.**

Date: _____ Jury Foreperson: _____

**APPLE'S STATEMENT**

Apple respectfully submits that its proposed verdict form sets forth the essential elements of Plaintiffs' Section 2 monopolization and attempted monopolization claims, each of which Plaintiffs must prove to establish Section 2 liability. In addition, questions 3 & 4 address the dispositive principles set forth in the governing case law with regard to challenges to product design decisions under Section 2 of the Sherman Act. For the Court's convenience, Apple has provided as Exhibit A an annotated version of its proposed verdict form, which sets forth authority for the essential elements and questions in the proposed verdict form. Pursuant to the Court's standing order on verdict forms, Apple has endeavored to include as few questions as possible while maintaining essential elements of Plaintiffs' Section 2 claims.