# EXHIBIT A

# CLAIM ONE – MONOPOLIZATION

WE, THE JURY, unanimously find as follows:

1.   Have Plaintiffs proven by a preponderance of the evidence the existence of the "Portable Digital Media Player Market"?[1]

        Question 1    Yes_____                No_____
                                (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 1 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 1 IS "YES," PROCEED TO QUESTION 2.

2.   Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple had monopoly power in the "Portable Digital Media Player Market"?[2]

        Question 2    Yes_____                No_____
                                (for Plaintiffs)          (for Apple)

IF YOUR ANSWER TO QUESTION 2 IS "NO," YOU SHOULD PROCEED TO QUESTION 8 ON THIS FORM (ATTEMPTED MONOPOLIZATION). IF YOUR ANSWER TO QUESTION 2 IS "YES," PROCEED TO QUESTION 3.

3.   Have Plaintiffs proven by a preponderance of the evidence that iTunes 7.0 and 7.4 were not product improvements?[3]

        3A.    iTunes 7.0        Yes_____                No_____
                                          (for Plaintiffs)          (for Apple)

        3B.    iTunes 7.4        Yes_____                No_____
                                          (for Plaintiffs)          (for Apple)

---

[1] *See* verdict form in *Deutscher Tennis Bund v. ATP Tour, Inc.*, Civ. A. No. 07-178-GMS (D. Del. filed Aug. 5, 2008) (Dkt. 195) (Question Nos. 1 at pp, 6 & 10), attached as Exhibit B. Definition of the relevant market is essential to Plaintiffs' Section 2 monopolization and attempted monopolization claims. *E.g.*, *Somers v. Apple Inc.*, 729 F.3d 953, 963 (9th Cir. 2013) (monopolization); *Spectrum Sports, Inc. v. McQuillan*, 506 U.S. 447, 456, 459 (1993) (attempted monopolization).

[2] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 6 (No. 2). Monopoly power in the relevant market is an essential element of Plaintiffs' monopolization claim. *E.g.*, *Somers*, 729 F.3d at 963.

[3] *See* Order Granting In Part And Denying In Part Def.'s Mot. For Summ. J. at 12-13 (May 19, 2011) (Dkt. 627); *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 999-1000 (9th Cir. 2010) ("product improvement by itself does not violate Section 2, even if it is performed by a monopolist and harms competitors as a result. . . . There is no room in this analysis for balancing the benefits or worth of a product improvement against its anticompetitive effects.").

IF YOUR ANSWER TO QUESTION 3 IS "NO" FOR iTUNES 7.0 AND iTUNES 7.4, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 3 IS "YES" AS TO EITHER iTUNES 7.0 OR iTUNES 7.4, YOU SHOULD PROCEED TO QUESTION 4 AS TO THAT VERSION.

4. Have Plaintiffs proven by a preponderance of the evidence that Apple did not have a legitimate business purpose in developing and distributing iTunes 7.0 and 7.4, and related technology?[4]

    4A.    iTunes 7.0    Yes_____    No_____
                                         (for Plaintiffs)   (for Apple)

    4B.    iTunes 7.4    Yes_____    No_____
                                         (for Plaintiffs)   (for Apple)

IF YOUR ANSWER TO QUESTION 4 IS "NO" FOR iTUNES 7.0 AND iTUNES 7.4, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 4 IS "YES" AS TO EITHER VERSION, PROCEED TO QUESTION 5.

5. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in exclusionary conduct in order to willfully maintain monopoly power in the "Portable Digital Media Player Market,"[5] and that this conduct was reasonably capable of contributing significantly to the maintenance of that power[6]?

---

[4] *See MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1128-29 & n.10 (9th Cir. 2004) (assigning burden to plaintiff to show absence of a legitimate business justification in a Section 2 case); *Image Technical Servs., Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 620 n.9 (9th Cir. 1990) ("The plaintiff also bears the burden of proving lack of legitimate business justifications in a Section 2 claim."), *aff'd sub. nom. Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451 (1992); *Calculators Hawaii, Inc. v. Brandt, Inc.*, 724 F.2d 1332, 1339 (9th Cir. 1983) ("It was Calculator's [plaintiff's] burden to prove that Brandt's [defendant's] acts were predatory and not predominantly motivated by legitimate business purposes.") (quotation marks omitted).

[5] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 7 (No. 3). Exclusionary conduct is an essential element of Plaintiffs' monopolization claim. *E.g., Verizon Commc'ns Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 407 (2004) ("willful acquisition or maintenance" of monopoly power that gives rise to Section 2 liability must be "distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident"; "The mere possession of monopoly power, and the concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the free-market system. The opportunity to charge monopoly prices-at least for a short period-is what attracts 'business acumen' in the first place; it induces risk taking that produces innovation and economic growth. To safeguard the incentive to innovate, the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive conduct.") (citations and internal quotation marks omitted).

[6] *See* verdict form in *Novell, Inc. v. Microsoft Corp.*, No. 2:04-cv-01045 JFW (D. Utah filed Dec. 16, 2011) (Dkt. 389) (Question No. 5), attached as Exhibit C; ABA Model Jury Instructions in Civil Antitrust Cases (2005 ed.) C-29 ("the acts or practices that result in the acquisition [or maintenance] of monopoly power must represent something more than the conduct of business that is part of the normal competitive process or commercial success. They must represent conduct that has made it very difficult or impossible for competitors to compete").

|   |   |   |
|---|---|---|
| Question 5 | Yes_____ | No_____ |
|   | (for Plaintiffs) | (for Apple) |

IF YOUR ANSWER TO QUESTION 5 IS "NO," YOU SHOULD PROCEED TO QUESTION 8 (ATTEMPTED MONOPOLIZATION). IF YOUR ANSWER TO QUESTION 5 IS "YES," PROCEED TO QUESTION 6.

6. Have Plaintiffs proven by a preponderance of the evidence as to consumers and resellers who bought iPods directly from Apple that the conduct for which you answered "Yes" to Question 5 caused injury to Plaintiffs in their business or property, and that this injury was caused by a reduction in competition or acts that would lead to a reduction in competition?[7]

|   |   |   |   |   |
|---|---|---|---|---|
| 6A. | Consumers | Yes_____ |   | No_____ |
|   |   | (for Plaintiffs) |   | (for Apple) |
| 6B. | Resellers | Yes_____ |   | No_____ |
|   |   | (for Plaintiffs) |   | (for Apple) |

IF YOUR ANSWER TO QUESTION 6 IS "NO" AS TO EITHER CONSUMERS OR RESELLERS, YOU SHOULD PROCEED TO QUESTION 8 (ATTEMPTED MONOPOLIZATION) AS TO THAT CATEGORY OF PURCHASER. IF YOUR ANSWER TO QUESTION 6 IS "YES" AS TO EITHER CATEGORY, PROCEED TO QUESTION 7 WITH REGARD TO THAT CATEGORY OF PURCHASER.

7. For any injury for which you answered "Yes" to Question 6, (a) what is the total amount of damages that would fairly compensate the injured purchasers for this injury, and (b) by what amount, if any, should the total amount of damages be reduced if you find that the injured purchasers failed to take all reasonable steps available to them to minimize their losses[8]? Write your answers in the lines under the headings "Total Amount" and "Reduction Amount" below.

(a) Total Amount

7A. Consumers  _____

7B. Resellers  _____

(b) Reduction Amount

---

[7] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 7-8 (Nos. 4 & 5). Causal antitrust injury is an essential element of Plaintiffs' Section 2 claims. *E.g.*, *Somers*, 729 F.3d at 963 ("causal antitrust injury is a substantive element of an antitrust claim"); *LiveUniverse, Inc. v. MySpace, Inc.*, No. 07-56604, 304 Fed. App'x 554, 557 (9th Cir. Dec. 22, 2008) ("causal antitrust injury . . . is an element of all antitrust suits"; it "means harm to the process of competition and consumer welfare, not harm to individual competitors") (internal quotation marks omitted).

[8] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 8 (No. 6). "The obligation to mitigate damages in an antitrust case is clear." ABA Model Jury Instructions in Civil Antitrust Cases (2005 ed.) F-48.

7C.  Consumers  _____

7D.  Resellers  _____

## CLAIM TWO – ATTEMPTED MONOPOLIZATION

8. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in anticompetitive conduct with specific intent to obtain monopoly power in the "Portable Digital Media Player" market?[9]

        Question 8    Yes_____                  No_____
                           (for Plaintiffs)         (for Apple)

IF YOUR ANSWER TO QUESTION 8 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 8 IS "YES," PROCEED TO QUESTION 9.

9. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, there was a dangerous probability that Apple would obtain monopoly power in the "Portable Digital Media Player Market"?[10]

        Question 9    Yes_____                  No_____
                           (for Plaintiffs)         (for Apple)

IF YOUR ANSWER TO QUESTION 9 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 9 IS "YES," PROCEED TO QUESTION 10.

10. Have Plaintiffs proven by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in exclusionary conduct that was reasonably capable of contributing significantly to a dangerous probability that Apple would obtain monopoly power in the "Portable Digital Media Player Market"?[11]

        Question 10   Yes_____                  No_____
                           (for Plaintiffs)         (for Apple)

---

[9] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 10 (No. 2). Specific intent is an essential element of Plaintiffs' attempted monopolization claim. ABA Model Jury Instructions in Civil Antitrust Cases (2005 ed.) C-90-94; *Spectrum Sports,* 506 U.S. at 459 (requiring "proof of a … specific intent to monopolize" for an attempt to monopolize claim under Section 2).

[10] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 11 (No. 3). Dangerous probability of success is an essential element of Plaintiffs' attempted monopolization claim. ABA Model Jury Instructions in Civil Antitrust Cases (2005 ed.) C-95-98; *Spectrum Sports,* 506 U.S. at 459 (requiring "proof of a dangerous probability that [defendant] would monopolize a particular market" for an attempt to monopolize claim under Section 2).

[11] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 11 (No. 3). Exclusionary conduct is an essential element of Plaintiffs' attempted monopolization claim. ABA Model Jury Instructions in Civil Antitrust Cases (2005 ed.) C-84-89.

1   IF YOUR ANSWER TO QUESTION 10 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM. IF YOUR ANSWER TO QUESTION 10 IS "YES," PROCEED TO QUESTION 11.

11.   Have Plaintiffs proven by a preponderance of the evidence as to consumers and resellers who bought iPods directly from Apple that the conduct for which you answered "Yes" to Question 10 caused injury to Plaintiffs in their business or property, and that this injury was caused by a reduction in competition or acts that would lead to a reduction in competition?[12]

   11A.   Consumers          Yes_____          No_____
                             (for Plaintiffs)   (for Apple)

   11B.   Resellers          Yes_____          No_____
                             (for Plaintiffs)   (for Apple)

IF YOUR ANSWER TO QUESTION 11 IS "NO" AS TO EITHER CONSUMERS OR RESELLERS, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM AS TO THAT CATEGORY OF PURCHASER. IF YOUR ANSWER TO QUESTION 11 IS "YES" AS TO EITHER CATEGORY, PROCEED TO QUESTION 12 FOR THAT CATEGORY OF PURCHASER.

12.   For any injury for which you answered "Yes" to Question 11, (a) what is the total amount of damages that would fairly compensate the injured purchasers for this injury, and (b) by what amount, if any, should the total amount of damages be reduced if you find that the injured purchasers failed to take all reasonable steps available to them to minimize their losses[13]? Write your answers in the lines under the headings "Total Amount" and "Reduction Amount" below.

                                                    (a) Total Amount

   12A.   Consumers          _____

   12B.   Resellers          _____


                                                    (b) Reduction Amount

---

[12] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 11 (Nos. 4&5). Exclusionary conduct is an essential element of Plaintiffs' attempted monopolization claim. *E.g.*, *Trinko*, 540 U.S. at 407 ("willful acquisition or maintenance" of monopoly power that gives rise to Section 2 liability must be "distinguished from growth or development as a consequence of a superior product, business acumen, or historic accident"; "The mere possession of monopoly power, and the concomitant charging of monopoly prices, is not only not unlawful; it is an important element of the free-market system. The opportunity to charge monopoly prices-at least for a short period- is what attracts 'business acumen' in the first place; it induces risk taking that produces innovation and economic growth. To safeguard the incentive to innovate, the possession of monopoly power will not be found unlawful unless it is accompanied by an element of anticompetitive conduct.") (citations and internal quotation marks omitted).

[13] *See* verdict form in *Deutscher Tennis Bund*, Ex. B at 12 (No. 6). "The obligation to mitigate damages in an antitrust case is clear." ABA Model Jury Instructions in Civil Antitrust Cases (2005 ed.) F-48.

5

EXHIBIT A TO VERDICT FORM                                         No. C 05-00037 YGR

1 | 12C. Consumers  _____
2 | 12D. Resellers  _____

**WHEN THE JURY HAS REACHED A VERDICT, THE FOREPERSON MUST SIGN THIS VERDICT FORM AND SIGNAL THE U.S. MARSHALL THAT THE JURY IS READY TO RENDER A VERDICT.**

Date: _____   Jury Foreperson: _____