1   William A. Isaacson (wisaacson@bsfllp.com)
    (Admitted *Pro Hac Vice*)
2   Karen L. Dunn (kdunn@bsfllp.com)
    (Admitted *Pro Hac Vice*)
3   Martha L. Goodman (mgoodman@bsfllp.com)
    (Admitted *Pro Hac Vice*)
4   BOIES, SCHILLER & FLEXNER LLP
    5301 Wisconsin Ave, NW
5   Washington, DC 20015
    Telephone:  (202) 237-2727
6   Facsimile:  (202) 237-6131

7   John F. Cove, Jr. #212213
    (jcove@bsfllp.com)
8   Meredith R. Dearborn #268312
    (mdearborn@bsfllp.com)
9   BOIES, SCHILLER & FLEXNER LLP
    1999 Harrison Street, Suite 900
10  Oakland, CA 94612
    Telephone:  (510) 874-1000
11  Facsimile:  (510) 874-1460

12  David C. Kiernan #215335
    (dkiernan@jonesday.com)
13  JONES DAY
    555 California Street, 26th Floor
14  San Francisco, CA  94104
    Telephone:  (415) 626-3939
15  Facsimile:  (415) 875-5700

16  *Attorneys for Defendant Apple Inc.*

17              UNITED STATES DISTRICT COURT

18              NORTHERN DISTRICT OF CALIFORNIA

19                    OAKLAND DIVISION

20  THE APPLE iPod iTUNES ANTI-          Lead Case No.  C 05-00037 YGR
    TRUST LITIGATION                     [CLASS ACTION]
21
                                         **NOTICE OF MOTION AND MOTION TO**
22  _____       **PRECLUDE TESTIMONY FROM**
                                         **WITNESSES NOT DISCLOSED**
23  This Document Relates To:            **PURSUANT TO RULE 26**

    ALL ACTIONS
24
                                         Date:    TBD
25                                       Time:    TBD
                                         Place:   Courtroom 1, 4th Floor
26                                       Judge:   Honorable Yvonne Gonzalez Rogers
27

28

_____
MOTION TO PRECLUDE TESTIMONY                              No.  C 05-00037 YGR

B O I E S ,  S C H I L L E R  &  F L E X N E R  L L P
O A K L A N D ,  C A L I F O R N I A

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on a date and time to be determined, Defendant Apple Inc. ("Apple") will, in the United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA, Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, move for an order precluding Plaintiffs from calling Kenneth Riegel and Stefan Roever as witnesses at trial pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 403.  This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the accompanying declaration of Meredith R. Dearborn ("Dearborn Decl."), and such other matters as may be presented to the Court at the time of the hearing.

MOTION TO PRECLUDE TESTIMONY                                      No.  C 05-00037 YGR

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Civil Procedure 37(c)(1) and Federal Rule of Evidence 403, Apple respectfully requests that the Court preclude Plaintiffs from calling at trial undisclosed fact witnesses who Plaintiffs never identified as required by Federal Rule of Civil Procedure ("Rule") 26.

## **INTRODUCTION**

With less than a month before trial in this decade-old litigation, Plaintiffs included on their witness list for trial the names of two individuals—Kenneth Riegel, an absent class member,[1] and Stefan Roever, the former owner of Navio, "an iTMS competitor"—whom Plaintiffs never previously disclosed to Apple as required by Rule 26 and who were not otherwise identified as potential witnesses during discovery. Dearborn Decl., Ex. E, Pls.' Witness List at 1 (Oct. 21, 2014) (Dkt. 843). Plaintiffs assert for the first time in their witness list that Mr. Riegel "will provide testimony regarding issues relating to his purchases of iPods from Apple," and that Mr. Roever "will provide testimony about his experiences in the digital music industry and how Apple's conduct affected his business." *Id.* At no time in the past 10 years did Plaintiffs identify Mr. Riegel or Mr. Roever as potential witnesses or individuals with knowledge of the claims or defenses at issue in this case. They also were not mentioned in any deposition. And among the millions of pages of documents produced in this case, only Mr. Roever was mentioned, and he was mentioned just once. Navio also was not identified as a potential witness or mentioned in any deposition.

Plaintiffs never provided Apple with the disclosures required by Rules 26(a) or 26(e)(1). In preparation for trial, Apple asked Plaintiffs to provide their Rule 26 witness disclosures. Dearborn Decl., Ex. A. Plaintiffs' counsel said they would look for Plaintiffs' disclosures and later sent Apple only *Apple*'s initial disclosures. *Id.*, Exs. B and D.

---

[1] According to Plaintiffs' witness list, Mr. Riegel is the former owner of Delaware Computer Exchange, a company located in Delaware that "was an Apple-authorized reseller during the Class Period and is a member of the certified class." Dearborn Decl., Ex. E, Pls.' Witness List at 1 (Oct. 21, 2014) (Dkt. 843).

MOTION TO PRECLUDE TESTIMONY                                    No.  C 05-00037 YGR

1    At the Court's October 3, 2014 status conference, Plaintiffs suggested for the very first

2    time that they might "call one or two absent class members to testify." Dearborn Decl., Ex. C

3    (Oct. 3, 2014 Hearing Tr.) at 23:15-16 (Ms. Sweeney). Plaintiffs did not mention other witnesses.

4    Apple questioned whether the witnesses mentioned had been disclosed. *Id.* at 33:24-34:5 ("Mr.

5    Isaacson: … I want to clarify something. The – I'd understood counsel to say one or two

6    plaintiffs, but we were also talking about absent class members. Ms. Sweeney: Yes. Mr.

7    Isaacson: And I don't know if those have been previously disclosed to us."). Apple followed up

8    with Plaintiffs later that day, asking again for Plaintiffs' Rule 26 disclosures and making clear

9    that Apple objected to any attempt to call any undisclosed witnesses at trial. Dearborn Decl., Ex.

10   D. Plaintiffs did not respond.

11   On October 21, 2014—less than one month before trial and four years after the close of

12   discovery—Plaintiffs filed their trial witness list and, for the very first time in 10 years, identified

13   Mr. Riegel and Mr. Roever as witnesses they intend to call at trial. Dearborn Decl., Ex. E, Pls.'

14   Witness List at 1 (Oct. 21, 2014) (Dkt. 843). On October 25, 2014, Apple reminded Plaintiffs

15   that they never received any Rule 26 disclosures identifying Mr. Riegel or Mr. Roever as

16   potential witnesses, and Plaintiffs' counsel responded they "are not disagreeing that you [Apple]

17   have not received, for example, a specific discovery response listing these two people's names."

18   Dearborn Decl., Ex. F. The parties discussed these witnesses again on October 27.[2] *Id.* at ¶ 16.

19   To date, Plaintiffs' counsel has not provided any Rule 26 disclosures from any Plaintiff, and

20   Plaintiffs have not provided Apple with any proofs of service of such disclosures. *Id.* at ¶ 18.

21   Plaintiffs' counsel also asserted on October 27 that Plaintiffs were not required to disclose

22   Mr. Riegel and Mr. Roever as required by Rule 26 because Ms. Sweeney and Mr. Isaacson orally

23   "agreed that there was to be 'no supplementation.'" Dearborn Decl., Ex. G. The parties'

24   correspondence, however, makes clear that what the parties actually agreed on was not to

---

[2] Plaintiffs' counsel suggested for the first time on October 27, 2014, that Plaintiffs may have
provided Rule 26 disclosures to Apple by pointing to a January 23, 2006 letter from The Katriel
Law Firm to Jones Day, stating that "Mr. Slattery's Initial Disclosures are also being sent to you
under separate cover," but they did not provide the disclosures themselves nor any proof of
service. Dearborn Decl., Ex. G. Jones Day has not located any initial disclosures from Mr.
Slattery, who is no longer a plaintiff, and has no record of disclosures from any other Plaintiff.
*Id.* at ¶ 18.

MOTION TO PRECLUDE TESTIMONY                          No.  C 05-00037 YGR

B O I E S ,  S C H I L L E R  &  F L E X N E R  L L P
O A K L A N D ,  C A L I F O R N I A

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1  supplement responses to *interrogatories* (under Federal Rule of Civil Procedure 33) and *requests*

2  *for admission* (under Federal Rule of Civil Procedure 36)—nothing else. *Id.* at ¶ 5—9, Ex. B at

3  1-3.[3]

4                                    **LEGAL STANDARD**

5           Rule 26 requires parties to disclose "the name and, if known, the address and telephone

6  number of each individual likely to have discoverable information . . . that the disclosing party

7  may use to support its claims or defense, unless solely for impeachment, identifying the subjects

8  of the information." FED. R. CIV. P. 26(a)(1)(A). The purpose of these disclosures is to identify

9  witnesses that the parties may call at trial. FED. R. CIV. P. 26(a)(1)(A) adv. comm. notes to 1993

10  amend. ("Subparagraph (A) requires the parties to designate the persons whose testimony they

11  may present as substantive evidence at trial, whether in person or by deposition."). Rule 26's

12  disclosure obligations, along with the federal rules' other requirements, "are designed to allow

13  litigants to gather the facts and information necessary to prepare their case before trial as well as

14  to make an informed decision about settlement." *In re Lithium Ion Batteries Antitrust Litig.*, No.

15  13-MD-02420 YGR, 2013 WL 2237887, at *1 (N.D. Cal. May 21, 2013) (citing *U.S. v. Procter*

16  *& Gamble Co.*, 356 U.S. 677, 682 (1958) ("They together with pretrial procedures make a trial

17  less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed

18  to the fullest practicable extent.")). Rule 26 also provides that if a "party learns that in some

19  material respect the [party's initial Rule 26] disclosure or response is incomplete or incorrect,"

20  then it "must supplement or correct its disclosure or response in a timely manner." FED. R. CIV.

21  P. 26(e)(1)(A).

22          Rule 26's disclosure obligations apply equally to any absent class members that named

23  plaintiffs intend to rely on to present substantive evidence. As one court recently explained,

24         In class actions, named plaintiffs are certified by the court to be the representative
       of the claims of all other plaintiffs. It is not obvious, in fact it may be counter-

25       intuitive, that plaintiffs other than the named plaintiffs would have non-cumulative

26  ─────────────────────

27  [3] Even if there were such an agreement, it would not justify Plaintiffs' failure to disclose
   witnesses on which they intended to rely at trial during ordinary discovery. Further, any

28  agreement not to supplement would suggest that there were initial disclosures to supplement,
   which apparently is not the case.

MOTION TO PRECLUDE TESTIMONY                              No. C 05-00037 YGR

BOIES, SCHILLER & FLEXNER LLP

OAKLAND, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

information that would support their case.  If plaintiffs' counsel knew these witnesses had such information, it was their obligation to disclose the names and information they had to the defendants as soon as they became aware of it.

*Petrone v. Werner Enterprises, Inc.*, No. 8:11CV401, 2014 WL 2965250, at *2 (D. Neb. July 1, 2014) (striking from plaintiffs' trial witness list absent class members who were not identified in Rule 26(a) disclosures); *see also Holak v. Kmart Corp.*, No. 1:12-CV-00304 AWI, 2014 WL 2565902, at *7-8 (E.D. Cal. June 6, 2014) (striking declarations of putative class members where their "names and contact information" were not disclosed to the defendant "before the discovery deadline").

"Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Therefore, the "sanction for failure to provide initial disclosures is that the party cannot use an undisclosed witness to support any claim—which means the witness' testimony cannot be used as evidence in any motion, at a hearing, or at trial, unless plaintiffs show that the non-disclosure is 'substantially justified' or 'harmless.'" *Comm. for Immigrant Rights of Sonoma Cnty. v. Cnty. of Sonoma*, No. C 08-4220 PJH, 2009 WL 1833988, at *3 (N.D. Cal. June 23, 2009).  Furthermore, "[t]he Ninth Circuit considers Rule 37 'a self-executing, automatic sanction to provide a strong inducement for disclosure of material,' and therefore a finding of willfulness or bad faith is not required." *Vinotemp Int'l Corp. v. Wine Master Cellars, LLP*, No. CV 11-1543 ABC PLAX, 2013 WL 5366405, at *1 (C.D. Cal. Feb. 5, 2013) (quoting *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008)); *Pineda v. City & Cnty. of San Francisco*, 280 F.R.D. 517, 520 (N.D. Cal. 2012) (same).

"To avoid this 'automatic' sanction, the party subject to sanctions bears the burden of showing its failure to disclose the information was either 'substantially justified' or 'harmless.'" *Vinotemp*, 2013 WL 5366405, at *1 (quoting *Yeti by Molly*, 259 F.3d at 1106); *Hernandez v. Polanco Enterprises, Inc.*, No. 11-CV-02247 YGR, --- F. Supp. 2d ----, 2013 WL 4520253, at *10 (N.D. Cal. Aug. 23, 2013) (the "sanction is intended to be 'self-executing' and 'automatic,'

MOTION TO PRECLUDE TESTIMONY                                        No.  C 05-00037 YGR

1    though its 'harshness' is mitigated by Rule 37's exceptions for substantially justified or harmless

2    withholding").

3    **I.      Plaintiffs' failure to comply with their Rule 26 disclosure obligations was not justified.**

4        Plaintiffs failed to comply with their disclosure obligations.  They never provided Apple

5    with any Rule 26 disclosures identifying Mr. Riegel or Mr. Roever as potential witnesses that

6    Plaintiffs might call at trial or that might have discoverable information relevant to any claims or

7    defenses in this case.  Mr. Riegel and Mr. Roever also were not otherwise identified during

8    discovery as potential witnesses.  Plaintiffs' disclosure of two purportedly non-cumulative

9    witnesses less than one month before trial and four years after discovery closed cannot cure

10   Plaintiffs' failure to comply with Rule 26 or the harm to Apple if those witnesses are permitted to

11   testify.

12       "A party cannot get around the obligations imposed by Rule 26(a)(1) and Rule 26(e) by

13   adding a name to its pretrial disclosure that has not previously been disclosed."  *Lujano v. Town*

14   *of Cicero*, No. 07 C 4822, 2011 WL 6822204, at *6 (N.D. Ill. Dec. 23, 2011) (quoting *Mitchell v.*

15   *Iowa Interstate RR Ltd.*, No. 07–1351, 2010 WL 2089305, at *2 (C.D. Ill. May 25, 2010) (barring

16   the addition of undisclosed witnesses after fact discovery has closed)).  Courts routinely exclude

17   trial testimony by witnesses not named in a party's initial disclosures where the witnesses are not

18   disclosed until after the close of discovery.  In *System Development Integration, LLC v. Computer*

19   *Sciences Corp.* ("*CSC Corp.*"), for example, the plaintiff moved "to exclude witnesses that the

20   defendant did not disclose until "more than two years after the close of fact discovery in this case

21   and three months before trial."  No. 09-CV-4008, 2012 WL 2953063, at *2 (N.D. Ill. July 19,

22   2012).  The court explained that Rule 26(e) does not "allow a party to wait until more than two

23   years after the close of discovery, and after the Court has ruled on summary judgment, to

24   supplement its discovery responses and initial disclosures as trial is approaching."  *Id.*; *see, e.g.*,

25   *Ollier v. Sweetwater Union High Sch. Dist.*, No. 12-56348, --- F.3d ----, 2014 WL 4654472, at *2

26   (9th Cir. Sept. 19, 2014) (affirming exclusion of "witnesses because they were not timely

27   disclosed, reasoning that '[w]aiting until long after the close of discovery and on the eve of trial

28

MOTION TO PRECLUDE TESTIMONY                                    No.  C 05-00037 YGR

1   to disclose allegedly relevant and non-cumulative witnesses is harmful and without substantial

2   justification'") (quoting district court); *Romero v. Drummond Co.*, 552 F.3d 1303, 1321-22 (11th

3   Cir. 2008) (affirming refusal to permit testimony from witness disclosed a month before trial).[4]

4          The advisory committee notes to Rule 37 explain the types of situations where failure to

5   comply with Rule 26's disclosure obligations may be substantially justified or harmless—that is,

6   where "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential

7   witness known to all parties; the failure to list as a trial witness a person so listed by another

8   party; or the lack of knowledge of a pro se litigant of the requirement to make disclosures." FED.

9   R. CIV. P. 37, adv. comm. notes to 1993 amend.  Plaintiffs' failure to comply with Rule 26 at any

10  time during the last 10 years is not remotely similar to any of those situations.  Plaintiffs are

11  represented by sophisticated, well-financed and experienced law firms and attorneys.  This Court

12  made clear at the October 3 status conference that, "at this point, jury trials aren't a surprise.

13  Millions of dollars or hundreds of thousands of dollars, I'm sure, have been spent on this case;

14  significant amounts of discovery; significant numbers of depositions.  You know what's on the

15  other side."  Dearborn Decl., Ex. C (Oct. 3, 2014 Hearing Tr.) at 8:17-21.  Plaintiffs' disclosure of

16  witnesses with allegedly relevant and non-cumulative testimony on the eve of trial simply cannot

17  be justified.

18  **II.    Apple will be prejudiced if these undisclosed witnesses are permitted to testify.**

19         Plaintiffs cannot reasonably dispute that Apple will be prejudiced if Plaintiffs are

20  permitted to call witnesses at trial that they never disclosed as potential witnesses until the eve of

21  trial, almost 10 years into this litigation and several years after discovery closed.  Courts

22  commonly find prejudice where cases have been pending for a shorter amount of time, discovery

23  had been completed, and the disclosure occurred in the months before trial.  *See, e.g.*, *Quiles*,

24  2014 WL 1918635, at *4 ("The City's nondisclosure cannot be dismissed as harmless.  This case

25

26  [4] *Quiles v. City of New York*, No. 11 CIV. 5613 FM, 2014 WL 1918635, at *3 (S.D.N.Y. May 8,

27  2014) (granting motion to preclude information that was not disclosed as required by Rule 26; "a
    disclosure one and one-half years after the close of fact discovery and mere months before trial is

28  not 'timely' by any measure"); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151,
    159-60 (S.D.N.Y. 2003) (precluding testimony of two witnesses not disclosed under Rule 26).

MOTION TO PRECLUDE TESTIMONY                          No.  C 05-00037 YGR

has been pending for almost three years. Fact discovery ended in 2012. The purpose of the disclosure requirement is to inform a party's pursuit of discovery. Due to the City's failure to disclose its intention to rely on these documents in a timely manner, Quiles has been denied the opportunity to explore their accuracy and significance") (citation omitted); *CSC Corp.*, 2012 WL 2953063, at *3 (rejecting plaintiff's argument that its untimely disclosure was harmless and that defendant "could not have been 'prejudiced or surprised' because CSC [plaintiff] disclosed the information more than 90 days prior to trial. CSC's assertion is unpersuasive. SDI [defendant] did not have the opportunity to depose CSC's newly-disclosed witnesses") (citation omitted); *Emmpresa Cubana*, 213 F.R.D. at 159-60 ("The prejudice is not limited to the fact that the parties would have to squeeze in two depositions in the two-month period before trial. . . . it is clear that even the bare minimum of discovery required by fairness would at the very least severely hamper trial preparation and likely could not be completed in the two months before the trial is set to begin.").

Additionally, the prejudice to Apple is compounded with respect to Plaintiffs' attempt to call Mr. Riegel, an absent class member, because discovery of absent class members is "rarely permitted" in class actions. *Holman v. Experian Info. Solutions, Inc.*, No. 11–00180, 2012 WL 2568202, at *3 (N.D. Cal. July 2, 2012); *see also Negrete v. Allianz Life Ins. Co. of N. Am.*, No. CV 05-6838 CAS MANX, 2008 WL 8116992, at *2 (C.D. Cal. June 30, 2008). Had Plaintiffs complied with their Rule 26 obligations and identified Mr. Riegel as a potential trial witness, however, Apple would have been entitled to pursue discovery from him. *Antoninetti v. Chipotle, Inc.*, No. 06CV2671-BTM WMC, 2011 WL 2003292, at *1 (S.D. Cal. May 23, 2011) ("Although Courts do not usually allow discovery from absent class members, the rules pertaining to such discovery are flexible, especially where the proposed deponents have been identified as potential witnesses or have otherwise 'injected' themselves into the litigation."); *In re Worlds of Wonder Sec. Litig.*, No. C-87-5491 SC (FSL), 1992 WL 330411, at *2 (N.D. Cal. July 9, 1992) (a defendant is permitted to take discovery of "class members properly and in good faith identified as trial witnesses") (citation omitted). Plaintiffs should not be permitted to benefit from their failure to comply with their discovery obligations at Apple's expense and turn this trial into "a

MOTION TO PRECLUDE TESTIMONY                                    No.  C 05-00037 YGR

1  game of blind man's bluff." *In re Lithium Ion Batteries Antitrust Litig.*, 2013 WL 2237887, at *1

2  (citing *Procter & Gamble*, 356 U.S. at 682); *see also* Dearborn Decl., Ex. C (Oct. 3, 2014

3  Hearing Tr.) at 8:17-21 (Court: the trial should not be "a surprise" because the parties "know

4  what's on the other side").  Plaintiffs must be precluded from calling Mr. Riegel and Mr. Roever

5  at trial.

6                                                    **<u>CONCLUSION</u>**

7          Apple respectfully requests that the Court preclude Plaintiffs from calling undisclosed

8  witnesses at trial.

9

10  Date:  October 27, 2014                          Respectfully Submitted,

11                                                   BOIES, SCHILLER & FLEXNER LLP

12

13                                                   By: */s/ John F. Cove, Jr.*
                                                         JOHN F. COVE, JR.
14                                                   *Attorneys for Defendant Apple Inc.*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

MOTION TO PRECLUDE TESTIMONY                                      No.  C 05-00037 YGR