1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone:  (202) 237-2727
6  Facsimile:  (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
10 Oakland, CA 94612
   Telephone:  (510) 874-1000
11 Facsimile:  (510) 874-1460

12 David C. Kiernan #215335
   (dkiernan@jonesday.com)
13 JONES DAY
   555 California Street, 26th Floor
14 San Francisco, CA  94104
   Telephone:  (415) 626-3939
15 Facsimile:  (415) 875-5700

16 *Attorneys for Defendant Apple Inc.*

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                          OAKLAND DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR [CLASS ACTION] |
|---|---|
| ——————————————— This Document Relates To: ALL ACTIONS | **DECLARATION OF MEREDITH R. DEARBORN IN SUPPORT OF APPLE'S MOTION TO PRECLUDE TESTIMONY FROM WITNESSES NOT DISCLOSED PURSUANT TO RULE 26** |
|  | Date:   TBD  Time:   TBD  Place:  Courtroom 1, 4th Floor  Judge:  Honorable Yvonne Gonzalez Rogers |

1 **DECLARATION OF MEREDITH R. DEARBORN**

2  I, Meredith R. Dearborn, declare as follows:

3  1.  I am an associate in the law firm of Boies, Schiller & Flexner LLP, resident in the firm's office located at 1999 Harrison Street, Suite 900, Oakland, California 94612. I am a member in good standing of the Bar of the State of California and represent Apple Inc. ("Apple") in this case.

7  2.  I make this declaration in support of Apple's Motion To Preclude Testimony From Witnesses Not Disclosed Pursuant To Rule 26. I have personal knowledge of the facts set forth herein.

10  3.  On September 24, 2014, in preparation for trial, my colleague, Martha Goodman, asked Alexandra Bernay, Plaintiffs' counsel, to provide us with copies of Plaintiffs' initial disclosures pursuant to Fed. R. Civ. P. 26(a) ("Rule 26 disclosures"). Attached hereto as **Exhibit A** is a true and correct copy of Ms. Goodman's September 24, 2014 email to Ms. Bernay.

14  4.  Shortly thereafter, Ms. Bernay responded by email that Plaintiffs were looking for Plaintiffs' Rule 26 disclosures.

16  5.  On September 25, 2014 and September 28, 2014, Ms. Bernay and I also discussed by email supplementation of written discovery responses. The parties agreed that neither Plaintiffs nor Apple would have to supplement their responses to interrogatories or requests for admission. This agreement was separate and apart from our request for Plaintiffs' Rule 26 disclosures. Attached hereto as **Exhibit B** is a true and correct copy of email exchanges I had with Ms. Bernay and Jennifer Caringal, Plaintiffs' counsel, between September 23, 2014 and September 28, 2014 regarding Plaintiffs' Rule 26 disclosures and supplementation of written discovery responses, marked to aid review.

24  6.  Specifically, Ms. Bernay wrote the following on September 25:

> I'd also like to discuss with you supplementation of discovery responses. As you know, we proposed to Jones Day several weeks ago that the parties not be required to supplement discovery responses (e.g., plaintiffs do not have to supplement their responses to Apple's voluminous contention interrogatories). Although we never received any written response to that proposal, I understand that Bill told Bonny that Apple agrees in principle, but we have not discussed the parameters of the agreement. **We are, for example,**

1

**contemplating an agreement that the parties not be required to supplement their answers to interrogatories or requests for admission.** As to written discovery, we would like to hear Apple's thoughts. With regard to experts, we are not contemplating that any obligations regarding expert disclosures be waived, and that the parties will proceed in accordance with Rule 26(a)(3), the operative scheduling Order and the Court's pre-trial Order.

(**Exhibit B** (emphasis added).)

7. The same day, I responded:

What other written discovery, besides interrogatories and RFAs, do you believe exists? **In general, we agree that neither Plaintiffs nor Apple needs to supplement its answers to interrogatories or requests for admission**, but we reserve the right to object to and request preclusion of any document or information plaintiffs could have and should have produced in discovery. We also agree that no obligations regarding the experts are waived.

(**Exhibit B** (emphasis added).)

8. On September 28, Ms. Bernay responded:

I think we are in agreement. **We don't have other materials in mind regarding other discovery materials** and your understanding of the experts' obligations comports with ours.

(**Exhibit B** (emphasis added).)

9. I understood this agreement with Plaintiffs' counsel specifically to cover only the categories of written discovery that I expressly identified—Federal Rule of Civil Procedure 36 requests for admission and Federal Rule of Civil Procedure 33 interrogatories—not Rule 26 disclosures. I sent my clarifying email on September 25 for this reason, and Ms. Bernay's September 28 response that she did not "have other materials in mind" confirmed my understanding.

10. I did not waive any objection to witnesses that had not been disclosed pursuant to Rule 26.

11. I also do not understand there to be any separate agreement between any other attorneys for Plaintiffs and Apple, other than the preliminary agreement in principle referred to in Ms. Bernay's September 25 email. I understood that the purpose of the email exchange between Ms. Bernay and me was to specifically set forth the parameters of this preliminary agreement in

1  principle.

2      12.     Attached hereto as **Exhibit C** is a true and correct copy of an excerpt from the
3  transcript of the October 3, 2014 status conference regarding witnesses, marked to aid review.

4      13.     On October 3, 2014 at 3:01 p.m., Ms. Bernay sent me a copy of Apple's first,
5  superseded initial disclosures and stated that other counsel of record "is looking for the plaintiffs."
6  I responded that day at 6:11 p.m. to Ms. Bernay, and again asked for "all of the plaintiffs'" Rule
7  26 disclosures and informed her that "[w]e reserve all objections in the event you cannot find the
8  existing or dismissed plaintiffs' Rule 26(a) disclosures in a timely manner, or you determine that
9  they were never in fact served. We will strenuously object to any attempt to bring any witness to
10 testify at trial who was not previously disclosed." Plaintiff did not respond to my 6:11 p.m. email.
11 Attached hereto as **Exhibit D** is a true and correct copy of my October 3, 2014 email exchanges
12 with Ms. Bernay.

13     14.     On October 21, 2014, Plaintiffs filed a trial witness list identifying Kenneth Riegel
14 and Stefan Roever as witnesses they intend to call at trial. Attached hereto as **Exhibit E** is a true
15 and correct copy of Plaintiffs' October 21, 2014 witness list.

16     15.     On October 25, 2014, my colleague, Maxwell Pritt, sent Ms. Bernay an email and
17 informed her that Apple never received any Rule 26 disclosures identifying Mr. Riegel or Mr.
18 Roever as potential witnesses. Ms. Bernay later responded that they "are not disagreeing that you
19 [Apple] have not received, for example, a specific discovery response listing these two people's
20 names." Attached hereto as **Exhibit F** is a true and correct copy of email exchanges with Ms.
21 Bernay on October 25, 2014, without attachments.

22     16.     Along with two of my colleagues, I met and conferred with Ms. Bernay on
23 October 27, 2014 about Plaintiffs' failure to provide either proof of service or any copy of their
24 Rule 26 disclosures. Ms. Bernay represented for the first time that she believes that other counsel
25 of record may have provided Rule 26 disclosures to Apple by pointing to a January 23, 2006 letter
26 from The Katriel Law Firm, which is still counsel of record in this case, to Jones Day, stating that
27 "Mr. Slattery's Initial Disclosures are also being sent to you under separate cover," but Ms.
28 Bernay did not indicate that she had in her possession any current or former plaintiffs' Rule 26

1  disclosures or proof of service thereof.  Ms. Bernay also stated that Mr. Riegel and Mr. Roever
2  were not known to Plaintiffs as of the time the parties agreed not to supplement responses to
3  interrogatories and requests for admission in September 2014.  Plaintiffs did not offer to withdraw
4  those witnesses.

5     17.  Attached hereto as **Exhibit G** is a true and correct copy of email exchanges with
6  Ms. Bernay following our meet and confer on October 27, 2014, without attachments.

7     18.  To date, Plaintiffs have not provided counsel for Apple with either a copy of any
8  previously served Rule 26 disclosures or any proof of service of those disclosures.  Additionally,
9  our co-counsel at Jones Day has informed me that they have not located any Rule 26 disclosures
10 from any Plaintiff, including any initial disclosures from Mr. Slattery.

11    I declare under penalty of perjury under the laws of the United States of America that the
12 foregoing is true and correct.

13    Executed this 27th day of October, 2014, at Oakland, California.

          */s/ Meredith R. Dearborn*
           Meredith R. Dearborn