# EXHIBIT B

**Meredith Dearborn**

| | |
|---|---|
| **From:** | Xan Bernay <XanB@rgrdlaw.com> |
| **Sent:** | Sunday, September 28, 2014 1:41 PM |
| **To:** | Meredith Dearborn; Jennifer Caringal |
| **Cc:** | Martha Goodman; John Cove |
| **Subject:** | RE: Apple Exhibit List |

Meredith –

Sorry for the delayed response -

**Protective Order** – Based on the Court's ruling Friday, including the Court's order setting a conference, as well as Judge Ware's summary judgment order of May 19, 2011 (Dkt. No. 627) at n.4 (the documents referenced in the summary judgment briefing "are not sealable under Civ. L.R. 79-5"), it is clear that Apple has overdesignated documents as worthy of protection from public disclosure, especially considering the amount of time that has passed since the documents were in use in Apple's business.  It is Apple's burden to demonstrate that these documents and other documents should be protected from disclosure, and it has not made that demonstration as to any documents.  In the interest of compromise, and without waiving our rights to later challenge any designation, we would agree to continue treating documents marked as Restricted Source Code in the manner called for in the Protective Order, provided Apple agrees to the removal of confidentiality designations on all other documents. As you know, the current order does not apply to trial.  If Apple is not agreeable to this proposal, plaintiffs plan to raise the issue on Friday and will seek at that time, in connection with the discussion regarding sealing of documents, a change to the current order and/or a motion to unseal some or all documents produced in the case.

**Summaries/charts** – We understand if you don't want to link this issue with the protective order. However, we are still hesitant to seek any changes to the Court's scheduling orders, regardless of whether the materials are actually due to the Court. That said, our original suggestion – that Apple file a stipulation with a statement that Plaintiffs do not object – still stands.

**On the jury instructions** – We are okay with exchanging on the 13th and meeting and conferring on the 17th. Can we have that meet and confer in our San Francisco office?

**On supplementation** – I think we are in agreement. We don't have other materials in mind regarding other discovery materials and your understanding of the experts' obligations comports with ours.

**From:** Meredith Dearborn [mailto:mdearborn@BSFLLP.com]
**Sent:** Thursday, September 25, 2014 6:59 PM
**To:** Xan Bernay; Jennifer Caringal
**Cc:** Martha Goodman; John Cove
**Subject:** RE: Apple Exhibit List

**Protective order:**  We cannot agree to waive the protective order in the carte blanche way you suggest, which would allow you to show any document produced in the case to any person you deem a "potential witness," and without giving us any indication what you are showing or to whom.  We are willing, of course, to meet and confer about particular documents you want to show to particular individuals.

**Summaries/charts:** We think that your demand regarding a full-scale modification to the protective order and our minor proposal regarding an extension of a few days for exchanging charts and summaries are fundamentally different in kind. If you can't agree, we will have to consider moving the court and clearly explaining that you refused to stipulate to our minor request.

**Jury instructions:** How about exchange on the 13th and meet and confer on the 17th? We can include citations and redlines against the models.

**Supplementation of discovery responses**: What other written discovery, besides interrogatories and RFAs, do you believe exists? In general, we agree that neither Plaintiffs nor Apple needs to supplement its answers to interrogatories or requests for admission, but we reserve the right to object to and request preclusion of any document or information plaintiffs could have and should have produced in discovery. We also agree that no obligations regarding the experts are waived.

---

**From:** Xan Bernay [mailto:XanB@rgrdlaw.com]
**Sent:** Thursday, September 25, 2014 12:44 PM
**To:** Meredith Dearborn; Jennifer Caringal
**Cc:** Martha Goodman; John Cove
**Subject:** RE: Apple Exhibit List

1. On the stip regarding summaries - We understand you would prefer to stipulate, but this is not something that we think is necessary in the first instance. However, if you agree to our proposal regarding the changes to the Protective Order (detailed below) we can put that issue into the same filing and then would stipulate.
Here is our proposal on the Protective Order:

Plaintiffs' counsel wish to use certain materials designated Confidential or Confidential – Attorneys Eyes Only (other than the materials described in the Supplement to Stipulated Protective Order) with non-consultant witnesses. Plaintiffs propose that the parties be permitted to use such materials with non-consultant witnesses prior to trial in accordance with the provisions of Paragraph 7(d) (the paragraph governing consultants).

We propose amending Paragraph 7(d) of the Order to insert the words "non-expert witnesses, and potential witnesses," between "expert witnesses" and "provided", line 12.

We cannot agree to wait until exhibits and witness lists are exchanged. As you are aware, Judge Ware has already ruled that many documents filed in this case be unsealed and plaintiffs believe the Court will similarly hold that the vast bulk of the documents produced in this case do not merit the designations insisted upon by Apple.

Please let us know by close of business Monday whether you will agree to these changes to the current Order or we will have to file a motion with the Court.

2. On the Jury Instructions - Could you agree to the morning of the 13th and meet and confer on the 16th? For this exchange do you envision including citations? Are you also considering noting (maybe by use of a different color) departures from 9th Circuit model jury instructions, where applicable, and ABA model jury instructions, where applicable? This might make the meet and confer go faster.

3. I am still working on tracking down the Rule 26 disclosures. I hope to have an answer soon.

4. I'd also like to discuss with you supplementation of discovery responses. As you know, we proposed to Jones Day several weeks ago that the parties not be required to supplement discovery responses (e.g., plaintiffs do not have to supplement their responses to Apple's voluminous contention interrogatories). Although we never received any written response to that proposal, I understand that Bill told Bonny that Apple agrees in principle, but we have not discussed the parameters of the agreement. We are, for example, contemplating an agreement that the parties not be required to

2

supplement their answers to interrogatories or requests for admission.  As to written discovery, we would like to hear Apple's thoughts.  With regard to experts, we are not contemplating that any obligations regarding expert disclosures be waived, and that the parties will proceed in accordance with Rule 26(a)(3), the operative scheduling Order and the Court's pre-trial Order.

**From:** Meredith Dearborn [mailto:mdearborn@BSFLLP.com]
**Sent:** Thursday, September 25, 2014 10:09 AM
**To:** Xan Bernay; Jennifer Caringal
**Cc:** Martha Goodman; John Cove
**Subject:** RE: Apple Exhibit List

Xan, answers inline and in **bold** below:

1. On the stip – I think it should be Apple's request to amend, with a statement that Plaintiffs do not object. If you can make that change, we can take another look.

**Because of the way the local rules operate, it's normal practice in the Northern District to do this by stipulation.  *Compare* L.R. 6-2 and 6-3.  We would prefer to stipulate because, without a stipulation, we would have to represent that Plaintiffs would not stipulate to the change in non-court-facing deadlines and instead requested that Apple file this motion.  L.R. 6-3(a)(2).**

2. On the agreement to exchange jury instructions – can we amend this slightly? Instead of the 10th to exchange, can we make it the 13 or 14 of October? we could then meet and confer by Oct. 16.

**We think two days is a very short turnaround between exchange and meet and confer.  We propose exchange on the 12th, meet and confer on the 16th.  The 12th is a Sunday, but then we have two full business days to look through them.  We think a meaningful meet and confer with less time than that is unlikely.**

3. Confidentiality designations – We need Apple's response regarding confidentiality designations right away. As you know, the protective order plainly states that it does not apply to trial. Will Apple agree to changes to the protective order this week? If we can't come to agreement on this issue, we will seek relief from the Court next week.

**It is not possible for us to agree to any blanket change of the protective order or our confidentiality designations without understanding (a) what documents and testimony you intend to attempt to introduce at trial, and (b) precisely what changes you want to make to the protective order.  Do you have a proposal on the changes you want?  Once we are clear on your proposed changes, and we have your exhibit list and your deposition designations, we will confer with our client and advise you as soon as practicable.**

4. I am looking into the Rule 26 disclosures to see if we have them here. They may be with earlier counsel.

**Thank you very much.**

---

**From:** Xan Bernay [mailto:XanB@rgrdlaw.com]
**Sent:** Wednesday, September 24, 2014 5:26 PM
**To:** Meredith Dearborn; Jennifer Caringal
**Subject:** RE: Apple Exhibit List

Hi Meredith –

A few things

3

1. On the stip – I think it should be Apple's request to amend, with a statement that Plaintiffs do not object. If you can make that change, we can take another look.

2. On the agreement to exchange jury instructions – can we amend this slightly? Instead of the 10th to exchange, can we make it the 13 or 14 of October? we could then meet and confer by Oct. 16.

3. Confidentiality designations – We need Apple's response regarding confidentiality designations right away. As you know, the protective order plainly states that it does not apply to trial. Will Apple agree to changes to the protective order this week? If we can't come to agreement on this issue, we will seek relief from the Court next week.

4. I am looking into the Rule 26 disclosures to see if we have them here. They may be with earlier counsel.

**From:** Meredith Dearborn [mailto:mdearborn@BSFLLP.com]
**Sent:** Wednesday, September 24, 2014 1:00 PM
**To:** Xan Bernay; Jennifer Caringal
**Subject:** RE: Apple Exhibit List

That's great news that your team is considering this format – our paralegal recommended it based on plenty of experience. We certainly don't want to create unnecessary work for you, but streamlining basics like this seems wise and ultimately time-saving for everyone.

The leading zeros before the bates is for the time that the email was sent, in military format. Adding the time allows us to sort in true chron order and to more easily identify duplicates and/or threads. Our paralegal uses 0000 when she doesn't know the time (like for a non-email document), and 99 or 9999 when we don't know the month or date or year, so they show up at the end of the appropriate block.

So a theoretical Trial Exhibit 5, an email sent on September 24 2014 at 2:14pm, with bates Apple_AIIA00001, would read:

0005 2014-09-24 1414 Apple_AIIA00001

For docs with no bates, we just add a short description.

Also, if you prefer, we can hold off on adding exhibit numbers until the population is set (post-objections) – we can just plop in 2001 et seq and you 0001 et seq later.

**From:** Xan Bernay [mailto:XanB@rgrdlaw.com]
**Sent:** Wednesday, September 24, 2014 11:26 AM
**To:** Meredith Dearborn; Jennifer Caringal
**Subject:** RE: Apple Exhibit List

Hi – quick question – our paralegals are considering using your file naming convention, but they have a couple questions
Here is what you sent before:

We have also found it's easiest to standardize filenames to reflect the proposed exhibit number, zero padded, and the beg bates (so for example a theoretical first exhibit, TX 1001, would read 1001 2000-01-01 0000 Apple_AIIA00001).

What are the 4 zeros right before the Bates?
We read the 200-01-01 to be the date. What do you do when there is no date/
What about when there is no Bates?

Thanks!

I will get back to you on other stuff today.

---

**From:** Meredith Dearborn [mailto:mdearborn@BSFLLP.com]
**Sent:** Wednesday, September 24, 2014 9:28 AM
**To:** Jennifer Caringal
**Cc:** Xan Bernay
**Subject:** RE: Apple Exhibit List

Sure, that's fine with us.  Thanks.

---

**From:** Jennifer Caringal [mailto:JCaringal@rgrdlaw.com]
**Sent:** Tuesday, September 23, 2014 5:43 PM
**To:** Meredith Dearborn
**Cc:** Xan Bernay
**Subject:** Apple Exhibit List

Hi Meredith,

With respect to the exhibit list, can you please begin numbering your exhibits at 2001?  We just want to be safe and ensure that there is enough of a cushion.  Thank you!

Regards,
Jen


**Jennifer N. Caringal**



655 West Broadway, Suite 1900
San Diego, CA  92101

Tel 619 231 1058  |  Fax 619 231 7423


**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**

The information contained in this electronic message is confidential information intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, or the employee or agent responsible to deliver it to the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this electronic message and then deleting this electronic message from your computer. [v.1]

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**