# EXHIBIT C

*CERTIFIED COPY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE

```
THE APPLE IPOD ITUNES      )     NO. C 05-00037 YGR
ANTITRUST LITIGATION       )
                           )     PAGES 1 - 53
                           )
                           )     STATUS CONFERENCE
                           )
                           )
                           )     OAKLAND, CALIFORNIA
_____)     FRIDAY, OCTOBER 3, 2014
```

**REPORTER'S TRANSCRIPT OF PROCEEDINGS**

APPEARANCES:

FOR PLAINTIFFS:        ROBBINS GELLER RUDMAN & DOWD LLP
                       655 WEST BROADWAY, SUITE 1900
                       SAN DIEGO, CALIFORNIA  92101
                  BY:  BONNY E. SWEENEY,
                       ALEXANDRA S. BERNAY,
                       JENNIFER N. CARINGAL,
                       CARMEN A. MEDICI, ATTORNEYS AT LAW

                       BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                       4023 CAIN BRIDGE ROAD
                       FAIRFAX, VIRGINIA 22030
                  BY:  FRANCIS J. BALINT, JR.
                       ATTORNEY AT LAW

           (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:      RAYNEE H. MERCADO, CSR NO. 8258

   PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

*RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530*

1  LET'S SAY IT'S THE PLAINTIFF -- YOU'RE ASSESSED FOUR HOURS.
2     THAT MEANS ARGUING TOO OFTEN, NOT HAVING YOUR WITNESS
3  RIGHT OUTSIDE THE DOOR READY TO COME IN, THAT ALL COUNTS
4  AGAINST YOU.  NOT BEING PREPARED, NOT KNOWING WHERE YOUR
5  EXHIBITS ARE, ALL THAT COUNTS AGAINST YOU.  SO YOU ARE GOING
6  TO HAVE TO HAVE EVERYTHING AT YOUR FINGERTIPS IF YOU WANT TO
7  MAKE THE EFFECTIVE USE OF YOUR TIME.
8     IT ALSO MEANS THAT WE WILL DO A LOT OF WORK TO MAKE
9  SURE -- AND I DO A LOT OF WORK IN ADVANCE WITH YOU TO MAKE
10 SURE THAT THERE'S NO NEED FOR YOU TO HAVE EXTENDED ARGUMENTS
11 ON EVIDENTIARY ISSUES BECAUSE WE'VE RESOLVED THEM ALL IN
12 ADVANCE.
13    MY VIEW IS THAT, AS MUCH AS PEOPLE LIKE *PERRY MASON* OR
14 MAYBE *LAW AND ORDER*, *A FEW GOOD MEN*, *MY COUSIN VINNIE* -- AS
15 MUCH AS WE LIKE THOSE SHOWS WHERE THOSE SURPRISE GOTCHA
16 CROSS-EXAMINATION MOMENTS EXIST AND MAYBE THERE'S SOME WITH
17 CROSS-EXAMINATION, BUT AT THIS POINT, JURY TRIALS AREN'T A
18 SURPRISE.  MILLIONS OF DOLLARS OR HUNDREDS OF THOUSANDS OF
19 DOLLARS, I'M SURE, HAVE BEEN SPENT ON THIS CASE; SIGNIFICANT
20 AMOUNTS OF DISCOVERY; SIGNIFICANT NUMBERS OF DEPOSITIONS.  YOU
21 KNOW WHAT'S ON THE OTHER SIDE.
22    THIS ISN'T A -- IT'S AN ANTITRUST CASE.  SO WE AREN'T
23 GOING TO SPEND TIME ARGUING ABOUT EVIDENCE DURING TRIAL.  I AM
24 GOING TO LET YOU PRESENT YOUR CASE TO THE JURY, AND THE JURY'S
25 GOING TO DECIDE THE FACTS.  THAT'S THE POINT.  THEY GET TO

```
 1            MS. SWEENEY:  YOUR HONOR, WE'RE EXPECTING TO CALL
 2   BETWEEN FIVE AND EIGHT WITNESSES.
 3            THE COURT:  OKAY.  WHO?
 4            MS. SWEENEY:  WE'RE GOING TO CALL OUR ECONOMICS
 5   EXPERT, PROFESSOR NOLL; OUR TECHNOLOGY EXPERT, DR. MARTIN.  WE
 6   WILL CALL ONE OR TWO OF THE PLAINTIFFS, MARIANA ROSEN AND
 7   MELANIE TUCKER.  WE WILL CALL AT LEAST ONE OF APPLE'S
 8   EMPLOYEES.  WE WILL CALL MORE OF APPLE'S EMPLOYEES DEPENDING
 9   ON WHAT SORTS OF STIPULATIONS WE REACH WITH RESPECT TO FACTS
10   AND ADMISSIBILITY OF DOCUMENTS.
11        AND THEN WE MAY CALL PROFESSOR WOOLDRIDGE AS -- ALSO AN
12   ECONOMIST -- AN ECONOMETRICIAN AS A REBUTTAL WITNESS.  AND WE
13   WILL HAVE LIMITED DEPOSITION TESTIMONY THAT WE WILL OFFER.
14                 (OFF-THE-RECORD DISCUSSION.)
15        OH, WE MAY ALSO, YOUR HONOR, CALL ONE OR TWO ABSENT CLASS
16   MEMBERS TO TESTIFY.
17            THE COURT:  MR. ISAACSON?
18            MR. ISAACSON:  SO OUR EXPERTS, WE WILL CERTAINLY BE
19   CALLING, AND YOU'RE FAMILIAR WITH THEM.  THAT'S DR. KELLYS
20   (SIC), MURPHY, AND TOPEL.
21        IN THE TERMS OF THE NUMBER OF APPLE WITNESSES, ONE OF IT
22   WILL DEPEND ON WHICH APPLE WITNESS THEY'RE CALLING.  AND IT
23   WOULD ALSO PROBABLY BE HELPFUL TO TALK ABOUT THE PROCEDURE FOR
24   THAT.
25        BUT I WILL TELL YOU THAT WE ARE MEETING THIS MONTH TO
```

1  THEN -- THEN THAT WOULD MAKE IT MORE EFFICIENT.
2       ONE OTHER CONSIDERATION, THOUGH, AND THAT IS, ESPECIALLY
3  ON CROSS-EXAMINATION AND PERHAPS YOU ONLY DO IT THEN ON
4  CROSS -- FREQUENTLY HAVE SITUATIONS WHERE THE CROSS-EXAMINER
5  SAYS, WELL, MADAM WITNESS, DOESN'T IT SAY HERE ON LINE 2 THAT
6  YOU WALKED TO STARBUCKS THAT DAY."  AND OBVIOUSLY IT DOES AND
7  THE ONLY THING YOU WANT TO SHOW THEM ON THE SCREEN IS THAT ONE
8  LINE.  THEY DON'T WANT TO ANSWER THAT QUESTION.  THEY KNOW
9  THEY'RE WALKING INTO A TRAP, SO THEY WANT TO SEE THE WHOLE
10 DOCUMENT.  SO ON CROSS, IT'S USUALLY MORE IMPORTANT TO HAVE
11 THE FULL DOCUMENT AVAILABLE TO THEM FOR THEIR REVIEW 'CAUSE
12 YOU'RE -- HAVEN'T PRACTICED OR REHEARSED THEIR EXAMINATION
13 WITH THEM.
14      AGAIN, THIS IS ALL AN ISSUE OF TIME.  IF YOU WANT TO WASTE
15 TIME WALKING UP, GIVING THEM THE DOCUMENT, WHICH I WILL
16 REQUIRE THAT YOU DO, THEN IT'S PROBABLY TO YOUR BENEFIT TO
17 HAVE WITNESS BINDERS IN THOSE CIRCUMSTANCES.  SO YOU'RE GOING
18 TO DO IT.  I'M GOING TO LET YOU DO IT YOUR WAY.  THOSE ARE
19 JUST SOME TIPS IN TERMS OF MANAGING YOUR TIME.  OKAY?
20      ALL RIGHT.  SO WHEN YOU MEET AND CONFER, WE'LL MEET AGAIN,
21 OBVIOUSLY, AND YOU CAN TELL ME WHAT YOU'VE DECIDED TO DO.
22      JUROR ISSUES.  I WILL -- DO THE -- LET ME JUST STEP BACK.
23 DO THE DEFENDANTS EXPECT TO HAVE DEPOSITION EXCERPTS?
24           **MR. ISAACSON:**  A LIMITED SET, THOUGH I GUESS I WANT
25 TO CLARIFY SOMETHING.  THE -- I'D UNDERSTOOD COUNSEL TO SAY

1   ONE OR TWO PLAINTIFFS, BUT WE WERE ALSO TALKING ABOUT ABSENT
2   CLASS MEMBERS.
3           **MS. SWEENEY:** YES.
4           **MR. ISAACSON:** AND I DON'T KNOW IF THOSE HAVE BEEN
5   PREVIOUSLY DISCLOSED TO US.
6           **THE COURT:** ALL RIGHT.  WELL, YOU'LL HAVE TO WORK
7   THROUGH THAT.
8           **MR. ISAACSON:** OKAY.
9           **THE COURT:** THE ORDER THAT YOU WILL RECEIVE FROM ME
10  BACK ON THESE DISCOVERY EXCERPTS IS AS FOLLOWS -- AND JUST,
11  AGAIN, THINK ABOUT IT IN TERMS -- ESPECIALLY IN TERMS OF
12  VIDEO.  ARE -- ARE THERE VIDEO -- THE DISCOVERY -- DEPOSITION?
13  IS IT BY VIDEO?
14          **MS. SWEENEY:** YES, YOUR HONOR.
15          **THE COURT:** AND YOURS AS WELL?
16          **MR. ISAACSON:** YES, YOUR HONOR.
17          **THE COURT:** OKAY.  SO WHAT WILL HAPPEN WITH RESPECT
18  TO VIDEO DEPOSITIONS AND THE PRESENTATION OF THAT, YOU WILL BE
19  REQUIRED TO FILE A DOCUMENT THAT INCLUDES THE TRANSCRIPT FOR
20  THE PORTION OF THE DEPOSITION THAT IS DISPLAYED TO THE JURY.
21  THE COURT REPORTER WILL BE RELIEVED OF HER OBLIGATIONS TO
22  TRANSCRIBE DURING THAT PORTION OF THE TRIAL BECAUSE IT'S NOT
23  LIVE TESTIMONY, AND YOU HAVE A TRANSCRIPT.
24      THIS IS ANOTHER PLACE WHERE I FREQUENTLY GET DISPUTES, SO
25  LET ME GIVE YOU SOME GUIDANCE.  YOU'RE LOOKING AT ME,

**CERTIFICATE OF REPORTER**

    I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER. I FURTHER CERTIFY THAT I AM NEITHER COUNSEL FOR, RELATED TO, NOR EMPLOYED BY ANY OF THE PARTIES TO THE ACTION IN WHICH THIS HEARING WAS TAKEN, AND FURTHER THAT I AM NOT FINANCIALLY NOR OTHERWISE INTERESTED IN THE OUTCOME OF THE ACTION.

_/s/ Raynee H. Mercado_

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR, CCRR

TUESDAY, OCTOBER 7, 2014