United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTITRUST LITIGATION** | **Case No.: 05-CV-0037 YGR** |
| | **PRE-TRIAL ORDER NO. 4** |
| **This Order Relates to:** | Re: October 29 and 31, 2014 Pre-Trial Conferences |
| **All Actions** | |

On October 29, 2014, the Court held a pretrial conference in the above-captioned matter. Another pretrial conference was held today for additional discussion on the potential intervention of purported absent class member Kenneth Riegel and related scheduling issues.

The following memorializes certain stipulations of the parties as well as deadlines and other orders issued by the Court on the record during the October 29 and 31, 2014 conferences. Rulings on pending Motions *in Limine*, Discovery Designations, and Jury Instructions will issue separately.

1) **Exhibit Lists** [Dkt. Nos. 841, 844]

   a) **Physical Equipment**: Apple shall provide plaintiffs with access to the physical items (Dkt. No. 844, Trial Ex. Nos. 2704-43, 2787-92) it may seek to introduce into evidence as soon as practicable and the parties shall meet and confer regarding the admissibility of those items.

b) **Updated Lists**: The parties shall prepare updated trial exhibit lists reflecting stipulations to admit exhibits to which no objections have been lodged, and provide the updated lists to the Court at least **one week before trial**.

2) **Discovery Designations** [Dkt. No. 846]

   a) By Thursday, **October 30, 2014**, the parties were to provide:

      i) A copy of the excerpt from the Deposition of Melanie Tucker, October 26, 2007 (at 12:20-13:5), identified in Plaintiffs' Counter-Designations (Dkt. No. 846 at 9); and

      ii) A copy of the excerpt from the April 12, 2011 Deposition of Steve Jobs (at 56:4-56:10), identified in Apple's Counter-Designations (Dkt. No. 846 at 14).

   b) By Friday, **October 31, 2014**, the parties were to provide an updated proposed order clarifying those circumstances where rulings were required by the Court.

3) **Motion to Preclude Testimony**: Plaintiffs have agreed to withdraw Stefan Roever from their witness list. Apple's Motion to Preclude Testimony (Dkt. No. 852) is therefore **DENIED AS MOOT** only to the extent that it seeks to preclude Roever's testimony. The Motion otherwise remains pending.

4) **Order Regarding Trial Stipulations**: The parties' [Proposed] Order Regarding Trial Stipulations (Dkt. No. 838) is **GRANTED**. Also, the parties filed the Agreed Undisputed Facts (Dkt. No. 857) to be read to the jury. Finally, the parties stipulated that the curricula vitae of expert witnesses will not be submitted for admission into evidence.

5) **Motions** *in Limine*

   a) By Friday, **October 31, 2014**, Apple was to provide the Court and plaintiffs with specific identification of the portions of the Declaration of Roger Noll (Dkt. No. 740-14) that it seeks to strike within the identified 64-68 page range in connection with its Motion *in Limine* No. 1 and its Motion *in Limine* No. 3, or indicate that it seeks to strike the entirety of the highlighted portions in connection with both Motions *in Limine*.

   b) By **November 3, 2014**, the parties shall provide updated proposed orders for their Motions *in Limine*, reflecting the parties' stipulations and the Court's rulings during the October 29, 2014 conference.

c) With respect to plaintiffs' Motion *in Limine* No. 1, by **November 4, 2014**, Apple shall provide briefing of no more than five pages, attaching an index and accompanying documents with relevant highlighted excerpts, indicating the extent to which plaintiffs previously sought to litigate the issue of the legality of RealNetworks, Inc.'s conduct. Plaintiffs may file a response brief of no more than five pages by **November 6, 2014**.

6) **Cross-Examination of Apple Employees**: Pursuant to stipulation, the Court ordered that defendant's cross-examination can go beyond the issues addressed on direct examination for purposes of efficiency in connection with Apple employees called as witnesses by plaintiffs.

7) **Schedule:**

| Event | Date/Deadline |
| --- | --- |
| Apple's Service of Written Discovery on Kenneth Riegel | October 31, 2014 |
| Plaintiffs' motion to add Mr. Riegel as class representative | November 3, 2014 |
| Riegel's completed responses to written discovery and production of documents | November 4, 2014 |
| Riegel's deposition | No later than November 7, 2014 |
| Apple's opposition to motion to add; pre-trial motion to decertify reseller portion of class | November 11, 2014 |
| Telephonic conference (Apple to circulate dial-in number) | November 12, 2014 at 9 a.m. |
| Plaintiffs' reply re motion to add; opposition to decertification | November 14, 2014 at 12 p.m. |
| Apple's reply re decertification | November 17, 2014 at 9 a.m. |
| Hearing regarding motion to add class representative; motion to decertify | November 18, 2014 at 1 p.m. |
| Jury Selection | November 19, 2014 at 8:30 a.m. |
| Opening Statements and evidence to begin | December 2, 2014 at 8:30 a.m. |

**IT IS SO ORDERED**.

Date: October 31, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**