ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
    – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLE'S SUPPLEMENTAL MEMORANDUM RELATING TO APPLE'S MOTIONS *IN LIMINE* NOS. 1-3 |
| ALL ACTIONS. | |
| | Date: TBD<br>Time: TBD<br>Courtroom: 1, 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers |

980818_1

As directed by the Court at the October 31st pre-trial conference, Plaintiffs submit this reply brief to Apple's Supplemental Memorandum Relating to Apple's Motion *in Limine* Nos. 1, 2 and 3 ("Supp. Mem."). ECF 859. Although Apple represented to the Court that its Supp. Mem. would merely respond to Plaintiffs' footnoted request to strike portions of Apple's expert reports, Apple has exceeded the bounds of the Courts' directive and has submitted what is in essence a reply brief in support of its motions *in limine* Nos. 1, 2 and 3.[1] This Court should deny Apple's Motions *in limine* Nos. 1, 2 and 3.

## I. APPLE'S REPLY BRIEF IS IMPROPER

Plaintiffs previously submitted their opposition to these motions in a timely manner, as required by the Court's Order (ECF 801), including all the citations to the defense expert material that Plaintiffs believe must also be stricken, if the Court is inclined to grant Apple's motions. *See* Plaintiffs' Opposition to Apple's Motions *in Limine* Nos. 1, 2 and 3 (ECF 824-3) at 8 n.2, 12 n.4, 14-15 nn.8, 10; Sweeney Decl. in Support of Plaintiffs' Oppositions (ECF 824-4), Exs. 1-4. Although the Court granted Apple permission to file a brief in response to Plaintiffs' footnoted request to strike portions of Apple's expert reports, the Court did not give Apple permission to provide a wholesale reply in support of their motions *in limine* Nos. 1, 2 and 3.

As discussed below, Apple has done little more than attempt to provide additional support for the motion *in limines* Nos. 1, 2 and 3 under the guise of an opposition to Plaintiffs' request to strike portions of Apple's expert reports. Because Apple's reply is unauthorized, Plaintiffs file this response.

## II. APPLE MISCHARACTERIZES THE LAW OF THE CASE AND THE NINTH CIRCUIT

Apple repeats its mischaracterizations of Ninth Circuit law and the law of this case, urging this Court to exclude critical expert testimony in support of plaintiffs' case because, according to

---

[1] On the evening of October 28, 2014, the night before the scheduled 9:30 a.m. pre-trial conference, Apple sent plaintiffs' counsel a letter listing 10 new cases that Apple intended to rely upon in its arguments on motions in limine and jury instructions. In that letter, Apple did not even bother to inform plaintiffs' counsel which cases pertained to which motions or instructions. Apple subsequently submitted this late authority to the Court, without giving plaintiffs any opportunity to respond.

Apple, that testimony conflicts "with law of the case and Ninth Circuit and Supreme Court case law." Supp. Mem. (ECF 859) at 2. According to Apple, "the creation of technological incompatibility *increases* competition." *Id.* at 3 (quoting *Foremost Pro Color, Inc. v. Eastman Kodak Co.*, 703 F.2d 534, 542 (9th Cir. 1983)) and (citing Order Granting in Part Mot. for J. on the Pleadings at 10 (Oct. 30, 2009) (ECF 274)) ("the introduction of technologically-related products, even if incompatible with the products offered by competitors, is alone neither a predatory nor anticompetitive act"). Therefore, according to Apple, any testimony that in any way contradicts this "law" that "technological incompatibility is procompetitive" must be stricken.

In essence, Apple urges this Court to bar any expert testimony that supports the plaintiffs' theory of their case. Apple states:

> Apple's iTunes 7.0 and 7.4 updates were genuine product improvements for several reasons. One of those is that the 7.0 and 7.4 updates created technological incompatibilities with the Real Networks' Harmony and other software that, in the words of the Ninth Circuit, increased competition by providing consumers with choice among differing technologies and providing competing manufacturers the incentive to enter the new product market. Plaintiffs are not entitled to rebut these conclusions with expert opinions that disagree with the Ninth Circuit or the law of the case.

ECF 859 at 3-4.

A closer look at the authorities Apple relies upon demonstrates that Apple's per se, all-circumstances interpretation of these cases is flat-out wrong.

In *Foremost Pro*, plaintiff, a photofinisher, had complained because Kodak had developed a brand-new technology (the 110 film) that required it to purchase new equipment that worked with the new Kodak system. The Ninth Circuit affirmed the dismissal of plaintiff's Section 1 *tying claim* because Kodak had introduced a newly developed technology, and the requisite coercion necessary to satisfy Section 1's "contract, combination . . . or conspiracy" element was not present. Nothing in *Foremost Pro* stands for the proposition that in a Section 2 monopoly maintenance case based on a product design *change*, designed incompatibility that provides no new benefit to consumers cannot constitute anticompetitive conduct. Apple omits critical context from the portion of the case that it quotes:

> Nor are the allegations that the new 110 film, chemicals and paper were incompatible with the products offered by Kodak's competitors sufficient to support a *per se* unlawful tie-in. Quite obviously, a firm that pioneers new technology will often introduce the first of a new product type along with related ancillary products that can only be utilized effectively with the newly developed technology. Until other, less technologically advanced competitors procure licenses or otherwise develop ancillary products that are compatible with the new product, the technological leader will be faced with no present competition in the newly developed product market. The essence of a *per se* unlawful tying arrangement, however, is that it ***forecloses*** competition in the market for the tied product or products. The creation of technological incompatibilities, without more, does not foreclose competition. . . .

*Foremost Pro*, 703 F.2d at 542 (emphasis in original).

Similarly, in the October 30, 2009 Order on which Apple relies (ECF 274), Judge Ware was ruling on the viability of plaintiffs' ***Section 1 tying claim***, not plaintiffs' Section 2 monopoly maintenance claim. Plaintiffs' Section 1 claim challenged ***only*** the technological tie between iTunes and the iPod at its introduction, ***without challenging any product design change or any other conduct that blocked competitors***. ECF 274 at 3-4 ("The gravamen of the Complaint is that Apple has created a DRM-mediated link between iTunes music and iPods . . . . Plaintiffs allege that the technological interrelationship between iTunes music files and iPods constitutes unlawful tying under the rule of reason because it is tantamount to forcing consumers to forego their free choice of portable digital media players.").

Plaintiffs' tying claim, Judge Ware held, did not adequately state a claim under Section 1 of the Sherman Act because plaintiffs could not make the threshold showing of a "contract . . . or conspiracy." *Id.* at 4. Because consumers were not required to purchase both the iPod and the iTunes components of the package, plaintiffs failed to "meet the threshold requirement of alleging a coercive tying relationship." *Id*. at 9-10.

***Nothing*** in that order supports Apple's over-broad interpretation. Instead, in that portion of the opinion quoted by Apple,[2] the Court held that the technological tie, ***without more***, did not violate Section 1: "The increased convenience of using the two products together due to technological incompatibility does not constitute anticompetitive conduct under either *per se* rule or rule of reason analysis." *Id*. at 9-10 (quoting *Foremost Pro*, 703 F.2d at 544).

---

[2] The correct cite is to ECF 274 at 9-10.

Subsequently, in its order (temporarily) decertifying the class, the Court made clear that its prior order dismissing plaintiffs' claim challenging Apple's introduction of products with technological restrictions did not implicate plaintiffs' Section 2 claim based on product design changes:

> [I]f monopoly power is lawfully acquired, a Section 2 claim can be based on willful conduct undertaken to maintain monopoly power . . . . Here, Plaintiffs allege that Apple has monopoly power and acted to "maintain" its monopoly. However, on the face of the Consolidated Complaint, Plaintiffs mix their allegations that Apple introduced products to the market with technological restrictions with allegations that Apple changed its products to thwart competition. For purposes of certifying a class, the class definition will depend upon what anticompetitive acts are alleged and when they allegedly took place. The Court is not able to discern whether Plaintiffs are basing their monopoly claims solely on technological decisions made as products were introduced to the market or whether Plaintiffs are alleging that Apple gained monopoly power and afterward made anticompetitive technological decisions to maintain its monopoly.

ECF 303 at 10.

### III. APPLE'S MOTIONS *IN LIMINE*, IF GRANTED, WOULD PREVENT PLAINTIFFS FROM PRESENTING THEIR CASE

As this Court recognized in its order denying Apple's motion for summary judgment, plaintiffs' theory of liability is based upon the lock-in created by the incompatibility created by 7.0 and 7.4 and Harmony:

> [Plaintiffs' theory of liability] is intricate, but ultimately it amounts to a charge that Apple's release of 7.0 unlawfully maintained Apple's monopoly in the market for portable digital media players by making demand for iPods less elastic. Specifically, plaintiffs claim that 7.0 resulted in an increased "lock-in" effect for iPod owners who purchased songs online. Lock-in, according to plaintiffs' principal economics expert, "is a form of foreclosure that arises from actions that increase the cost to consumers of switching to a product that has better quality and/or a lower price." Plaintiffs offer expert opinion that Apple, by counteracting Harmony, "raised the cost of switching from iPods to competing portable digital media players by eliminating the ability of consumers to collect a library of downloads that could be played on all players." That is, 7.0 made iPod owners unable to play songs purchased from iTS competitor Real and thus pushed them to make their online song purchases only on the iTS. . . . These increased "switching costs," plaintiffs argue, locked iPod owners into continuing to purchase iPods, notwithstanding the allegedly similar or better quality of and lower prices of competing products.

ECF 788 at 4.

If Apple's Motions *in Limine* Nos. 1-3 are granted in their entirety, plaintiffs' experts will be precluded from testifying that Apple's product design changes were anticompetitive because they created incompatibility between the iPod and non-iTMS sources of music. *See* Supp. Mem. (ECF

859) at 3-4 (plaintiffs are not entitled to rebut the conclusions that 7.0 and 7.4 were "genuine product improvements" because they created technological incompatibilities with Harmony). Because that is the gravamen of Plaintiffs' case, Apple's Motion *in Limine* Nos. 1-3 should be denied.

DATED: October 31, 2014

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL

    s/ Bonny E. Sweeney
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

980818_1

PLTFS' MEMO OF POINTS & AUTHORITIES IN OPPOSITION TO APPLE'S SUPPLEMENTAL
MEMORANDUM RELATING TO APPLE'S MOTIONS *IN LIMINE* NOS. 1-3 - C-05-00037-YGR - 5 -

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: 212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

980818_1

PLTFS' MEMO OF POINTS & AUTHORITIES IN OPPOSITION TO APPLE'S SUPPLEMENTAL MEMORANDUM RELATING TO APPLE'S MOTIONS *IN LIMINE* NOS. 1-3 - C-05-00037-YGR - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on October 31, 2014.

    s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    bonnys@rgrdlaw.com

980818_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com,jjordan@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`