1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
3  CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
4  655 West Broadway, Suite 1900
San Diego, CA  92101
5  Telephone: 619/231-1058
619/231-7423 (fax)
6  bonnys@rgrdlaw.com
xanb@rgrdlaw.com
7  cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
8       – and –
PATRICK J. COUGHLIN (111070)
9  STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
10  One Montgomery Street, Suite 1800
San Francisco, CA  94104
11  Telephone: 415/288-4545
415/288-4534 (fax)
12  patc@rgrdlaw.com
sjodlowski@rgrdlaw.com
13
Class Counsel for Plaintiffs
14
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO APPLE'S MOTION TO PRECLUDE TESTIMONY FROM WITNESSES NOT DISCLOSED PURSUANT TO RULE 26 |
|     ALL ACTIONS. | |
| | Date:       TBD<br>Time:      TBD<br>Courtroom: 1 – 4th Floor<br>Judge:     Hon. Yvonne Gonzalez Rogers |

980772_1

## I. INTRODUCTION

Kenneth Riegel is the former owner of Delaware Computer Exchange, a company located in Delaware that was an Apple-authorized reseller during the Class Period and is a member of the certified Class. Plaintiffs included Mr. Riegel as a trial witness in the exchange of respective witness lists on October 21, 2014. Although it never served discovery on Plaintiffs concerning their contemplated trial witnesses, and although it acquiesced without objection to the Court's pretrial procedure calling for the trial witnesses to be identified for the first time on October 21st, Defendant Apple Inc. now moves to preclude Mr. Riegel from testifying as a sanction under Rule 37, based of meritless contentions of nondisclosure and prejudice. Notice of Motion and Motion to Preclude Testimony from Witness Not Disclosed Pursuant to Rule 26 (ECF 852).[1]

Apple's Rule 37 motion is sorely misguided.[2] Plaintiffs disclosed Mr. Riegel in full conformance with their obligations under Rule 26, within 4 weeks of meeting with him for the first time. Moreover, the witness Apple claims was not disclosed was, in fact, "made known to [Apple] during the discovery process." Fed. R. Civ. P. 26(e). Finally, any delay in supplementation is harmless, because at the Court's direction Apple is being afforded accelerated pretrial written discovery and deposition of Mr. Riegel on dates that specifically accommodated defense counsel's schedule.

## II. APPLE'S MOTION IS MISGUIDED

Apple complains that the Court should exclude evidence from a reseller class member at trial because, according to Apple, Plaintiffs were under a duty to supplement their disclosures and failed to do so. Apple is incorrect.[3] Plaintiffs' initial disclosure obligations under Rule 26 are limited to

---

[1] Plaintiffs informed the Court on October 29, 2014 that they would remove Stefan Roever, another proposed witness, from its list, thus this opposition only regards Kenneth Riegel.

[2] Plaintiffs believe many of the issues raised by Apple's motion are likely mooted based on the current schedule which provides that Plaintiffs will move to intervene Mr. Riegel as a class representative and where Apple will move to decertify the reseller portion of the class. Plaintiffs nevertheless respond to Apple's motion to ensure a correct record.

[3] Apple requested copies of initial disclosures filed by Plaintiffs. Lead Counsel does not possess these disclosures in its files as it was not counsel of record at the time disclosures were provided. Lead Counsel has requested the disclosure from originating counsel on several occasions. According the Apple's current counsel, Apple's former counsel cannot locate this material in its

1  disclosure of the identity of persons known to Plaintiffs "likely to have discoverable
2  information . . . that the disclosing party may use to support its claims or defenses, unless the use
3  would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). Supplementation of discovery
4  responses must be made "in a timely manner if the party learns that in some material respect the
5  disclosure or response is incomplete or incorrect, and if the additional or corrective information has
6  not otherwise been made known to the other parties during the discovery process or in writing; or as
7  ordered by the court." Fed. R. Civ. P. 26(e); *Copper Sands Homeowners Ass'n v. Copper Sands*
8  *Realty, LLC*, No. 2:10-cv-00510-GMN-RJJ, 2013 U.S. Dist. LEXIS 79618 (D. Nev. June 5, 2013).

9        Here, Plaintiffs until very recently had no special information concerning Delaware
10 Computer Exchange, which was but one of many millions of members of the certified Class. A
11 party plainly cannot be sanctioned for not disclosing information that party does not have.[4] Plaintiffs
12 did not even meet with Mr. Riegel in person until October 8, 2014, only 13 days before the lists of
13 witnesses was scheduled to be exchanged.[5] Plaintiffs' disclosure of Mr. Riegel on the witness list
14 that was exchanged on October 21, 2014, was therefore reasonably timely. S*ee Dayton Valley*
15 *Investors, LLC v. Union Pac. R.R. Co.*, No. 2:08-cv-00127-ECF-RJJ, 2010 U.S. Dist. LEXIS
16 108232, at *8 (D. Nev. Sept. 24, 2010) ("The rule does not limit the time for supplementation of
17 prior disclosures to the discovery period").

18       Moreover, Apple wrongly claims of its motion that Mr. Riegel was never mentioned in the
19 millions of pages of documents produced in this case. ECF 852 at 3. This assertion is contradicted
20 by Apple's subsequent letter to the Court dated October 30, 2014: "On August 28, 2008, in response

---

files. A letter from one of the original counsel attached as an exhibit to a deposition indicates that the disclosures were sent to Jones Day early in 2006. *See* Declaration of Alexandra S. Bernay ("Bernay Decl"), filed concurrently, Ex. 1.

[4] The cases cited by Apple distinguish themselves for this very reason. *See, e.g., Petrone v. Werner Enterprises, Inc.*, No. 8:11CV401, 2014 WL 2965250, at *2 (D. Neb. July 1, 2014) ("***If plaintiffs' counsel knew these witnesses had such information***, it was their obligation to disclose the names and information they had to the defendants as soon as they became aware of it.") (emphasis added). Nor is this a matter of disclosing information known to Plaintiffs before the discovery deadline. *Contrast Holak v. Kmart Corp.*, No. 1:12-CV-00304 AWI, 2014 WL 2565902, at *7-8 (E.D. Cal. June 6, 2014) (striking declarations of putative class members where their "names and contact information" were not disclosed to the defendant "before the discovery deadline").

[5] Bernay Decl., ¶¶4-6.

1  to Plaintiffs' Interrogatory No. 1 (which asked Apple to identify "any and all retailers, resellers and
2  any others who purchased iPods from Apple for resale"), Apple provided an appendix, Attachment
3  A, that listed all resellers, including Delaware Computer Exchange, and provided sales information
4  for those resellers."  ECF 858 at 1.

5  Thus, while Apple complains about the disclosure of Mr. Riegel, his company's existence
6  was "otherwise been made known to the other parties during the discovery process."  Apple's own
7  documents produced in this case identify Mr. Riegel and his business.  *See* ECF 858 at 1 (Apple
8  provided information regarding Mr. Riegel's business on August 28, 2008).  In fact, it was Apple
9  that originally provided Plaintiffs with contact information regarding Mr. Riegel.  *See EMI Music*
10 *Mktg. v. Avatar Records, Inc.*, 334 F. Supp. 2d 442, 445 (S.D.N.Y. 2004) (no sanction issued where
11 one party "may not have formally disclosed several of these individuals" but other party was "aware
12 of their existence and relevance."); *see also In re First Alliance Mortg. Co.*, 471 F.3d 977, 1000 (9th
13 Cir. 2006)  (no sanction where supposedly undisclosed witnesses were provided "with ample time
14 remaining under Rule 26(a)(3)" and where party had knowledge of the identities of the potential
15 witnesses).  Indeed, given the business relationship between the two companies, Apple likely has
16 other information not yet produced to Plaintiffs regarding this witness and his business.

17 **III.  APPLE HAS DEMONSTRATED NO PREJUDICE JUSTIFYING ANY RULE 37 SANCTION**
18
19  Apple has shown no prejudice that would result should this witness be permitted to testify at
20 trial.  "'Among the factors that may properly guide a district court in determining whether a violation
21 of a discovery deadline is justified or harmless are:  (1) prejudice or surprise to the party against
22 whom the evidence is offered; (2) the ability of that party to cure the prejudice; (3) the likelihood of
23 disruption of the trial; and (4) bad faith or willfulness involved in not timely disclosing the
24 evidence.'"  *Manneh v. Inverness Med. Innovations, Inc.*, No. 08cv653 WQH (NLS), 2010 U.S. Dist.
25 LEXIS 81876, at *4-*5 (S.D. Cal. Aug. 12, 2010); *Heathman v. Portfolio Recovery Assocs., LLC*,
26 No. 12-cv-211-IEGC (CAB), 2013 U.S. Dist. LEXIS 27057 (S.D. Cal. Feb. 27, 2013) (finding no
27 discovery sanction should issue because failure to list witness was harmless).
28

1  Apple's theory of prejudice is premised entirely on the mistaken notion that it will not have
2  the opportunity to conduct discovery of Mr. Riegel.  ECF 852 at 8-9.  However, a schedule for
3  accelerated written discovery and the deposition of Mr. Riegel was set by the Court during the
4  October 31, 2014, pretrial status conference, all on dates that accommodated defense counsel's
5  schedule. Accelerated written discovery responses from Mr. Riegel will be served on November 4,
6  2014.  Apple will then depose Mr. Riegel on November 6 or 7, 2014.  This is not a case, like those
7  relied upon by Apple, in which discovery of the absent class member was not or will not be
8  permitted.  ECF 852 at 9-10.

9  It is also evident that trial will not be disrupted by the inclusion of this witness.  The trial date
10  is still more than a month away[6] and Mr. Riegel's deposition is being arranged.  Apple knows the
11  subject of Mr. Riegel's planned testimony based on the description provided by Plaintiffs on their
12  witness list and has documents in its own files regarding his company's purchases of iPods as an
13  authorized Apple reseller that it surely has reviewed.  Finally, Apple has neither asserted nor
14  demonstrated any bad faith or willful misconduct by Plaintiffs.

15  Even where an untimely disclosure is neither justified nor harmless, a circumstance not
16  present here, the Court should not lightly exclude evidence as a sanction for late disclosure. *Jackson*
17  *v. UA Theatre Circuit, Inc.*, 278 F.R.D. 586, 594 (D. Nev. 2011)( "Rule 37(c)(1) does not require the
18  court, in all instances, to exclude evidence as a sanction for a late disclosure that is neither justified
19  nor harmless.") ; *see also Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296-98 (2nd Cir. 2006) ("The
20  District Court did, however, err in its determination that 'preclusion is mandatory' under Rule
21  37(c)(1)) . . . ."). Nothing in Plaintiffs' handling of the matter warrants such a draconian sanction.

22  **IV.   CONCLUSION**

23  Because, as Apple's own authorities attest, sanctions should not issue where the failure to
24  disclose was substantially justified or harmless, the Court should not bar Mr. Riegel from providing
25  testimony which is relevant and helpful to the trier of fact.  *See Yeti by Molly Ltd. v. Deckers*

---

[6]  Trial is now scheduled to begin December 2, 2014.

1  *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  Apple's motion is therefore not well-taken,

2  and should be denied.

3  DATED:  October 31, 2014                           ROBBINS GELLER RUDMAN
                                                                            & DOWD LLP
4                                                                   BONNY E. SWEENEY
                                                                    ALEXANDRA S. BERNAY
5                                                                   CARMEN A. MEDICI
                                                                    JENNIFER N. CARINGAL

                                                                           s/ Alexandra S. Bernay
                                                                    ALEXANDRA S. BERNAY

                                                                    655 West Broadway, Suite 1900
                                                                    San Diego, CA  92101
                                                                    Telephone:  619/231-1058
                                                                    619/231-7423 (fax)

                                                                    ROBBINS GELLER RUDMAN
                                                                       & DOWD LLP
                                                                    PATRICK J. COUGHLIN
                                                                    STEVEN M. JODLOWSKI
                                                                    Post Montgomery Center
                                                                    One Montgomery Street, Suite 1800
                                                                    San Francisco, CA  94104
                                                                    Telephone:  415/288-4545
                                                                    415/288-4534 (fax)

                                                                    Class Counsel for Plaintiffs

                                                                    BONNETT, FAIRBOURN, FRIEDMAN
                                                                       & BALINT, P.C.
                                                                    ANDREW S. FRIEDMAN
                                                                    FRANCIS J. BALINT, JR.
                                                                    ELAINE A. RYAN
                                                                    2325 E. Camelback Road, Suite 300
                                                                    Phoenix, AZ  85016
                                                                    Telephone:  602/274-1100
                                                                    602/274-1199 (fax)

                                                                    THE KATRIEL LAW FIRM
                                                                    ROY A. KATRIEL
                                                                    1101 30th Street, N.W., Suite 500
                                                                    Washington, DC  20007
                                                                    Telephone:  202/625-4342
                                                                    202/330-5593 (fax)

| | |
|---|---|
| 1 | |
| 2 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN |
| 3 | 10680 West Pico Blvd., Suite 280<br>Los Angeles, CA  90064 |
| 4 | Telephone:  310/836-6000<br>310/836-6010 (fax) |
| 5 | GLANCY BINKOW & GOLDBERG LLP |
| 6 | BRIAN P. MURRAY<br>122 East 42nd Street, Suite 2920 |
| 7 | New York, NY  10168<br>Telephone:  212/382-2221 |
| 8 | 212/382-3944 (fax) |
| 9 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 10 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067 |
| 11 | Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 12 | Additional Counsel for Plaintiffs |

980772_1

PLTFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO APPLE'S MOTION TO PRECLUDE
TESTIMONY FROM WITNESSES NOT DISCLOSED PURSUANT TO RULE 26- C-05-00037-YGR   - 6 -

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

2   I hereby certify that on October 31, 2014, I authorized the electronic filing of the foregoing
3   with the Clerk of the Court using the CM/ECF system which will send notification of such filing to
4   the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I
5   caused to be mailed the foregoing document or paper via the United States Postal Service to the non-
6   CM/ECF participants indicated on the attached Manual Notice List.

7   I certify under penalty of perjury under the laws of the United States of America that the
8   foregoing is true and correct. Executed on October 31, 2014.

9                                       s/ Alexandra S. Bernay
                                        ALEXANDRA S. BERNAY
10
                                        ROBBINS GELLER RUDMAN
11                                           & DOWD LLP
                                        655 West Broadway, Suite 1900
12                                      San Diego, CA  92101-8498
                                        Telephone:  619/231-1058
13                                      619/231-7423 (fax)

14                                      E-mail:        xanb@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

980772_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com,jjordan@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`