1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
9  BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
10 Oakland, CA 94612
   Telephone: (510) 874-1000
11 Facsimile: (510) 874-1460

12 David C. Kiernan #215335
   (dkiernan@jonesday.com)
13 JONES DAY
   555 California Street, 26th Floor
14 San Francisco, CA 94104
   Telephone: (415) 626-3939
15 Facsimile: (415) 875-5700

16 *Attorneys for Defendant Apple Inc.*

17                 UNITED STATES DISTRICT COURT

18                NORTHERN DISTRICT OF CALIFORNIA

19                       OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION] |
| ——————————————<br>This Document Relates To:<br>ALL ACTIONS | **[PROPOSED] ORDER REGARDING APPLE'S MOTIONS *IN LIMINE* NOS. 1-6**<br><br>Date: October 29, 2014<br>Time: 9:30 a.m.<br>Place: Courtroom 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

This matter came before the Court on October 29, 2014, for hearing on Apple's Motions *In Limine* and to Strike Nos. 1–3 and Apple's Motions *In Limine* Nos. 4-6 (Dkts. 804 & 822). Having considered the parties' submissions and arguments, and for good cause appearing,

IT IS HEREBY ORDERED:

| MOTION | BASIS | ORDER |
| --- | --- | --- |
| Motion *In Limine* No. 1 to exclude and to strike evidence or argument that Apple could have or should have aided third-party products' interoperability with iPods | Fed. R. Evid. 402 and 403. | ☐ Granted<br>☐ Denied<br>☐ Granted with Modification: _____ |
| The Court now rules that Apple's Motions *In Limine* and Motion to Strike No. 1 is GRANTED. Plaintiffs may not present evidence or elicit testimony that Apple could or should have shared technical information with third parties or competitors, including RealNetworks, or has a duty to aid third parties or competitors, including RealNetworks, in developing products that are interoperable with Apple's products. Plaintiffs also may not present evidence or elicit testimony that Apple's refusal to license FairPlay to third parties or competitors, including RealNetworks, was unlawful or anticompetitive.<br><br>Accordingly, the Court STRIKES paragraphs 43-48, 62, 69-70, 73, 111, 112(6), 112(7), and 112(10) from the April 8, 2013 Expert Report of David Martin (Dkt. 751-6); paragraphs 23-28 from the October 30, 2013 Rebuttal Report of David Martin (Dkt. 751-12); and the material identified by Apple from pages 64-68 in the April 3, 2013 Declaration of Roger Noll (Dkt. 809-5) (ECF pp. 65-69). The Court also STRIKES paragraphs 36 and 40 of the January 18, 2011 Expert Report of John P. Kelly (Dkt. 536), paragraphs 151-54 of the July 19, 2013 Expert Report of John P. Kelly (Dkt. 819-4), and paragraphs 34-36 and the first two sentences of paragraph 45 and the fourth sentence of paragraph 55 of the August 19, 2013 Expert Report of Kevin Murphy (Dkt. 824-9). |||

| MOTION | BASIS | ORDER |
|---|---|---|
| Motion *In Limine* No. 2 to exclude evidence relating to less restrictive alternatives. | Fed. R. Evid. 401, 402, 403 and 702. | ☐ Granted<br>☐ Denied<br>☐ Granted with Modification: _____ |

The Court now rules that Apple's Motion *In Limine* No. 2 is GRANTED. Plaintiffs may not introduce evidence or elicit testimony regarding any possible alternatives to Apple's product designs, including whether Apple could or should have made its integrated platform interoperable with third parties' or competitors' products. Accordingly, the Court STRIKES paragraphs 106-111 of the April 8, 2013 Expert Report of David Martin (Dkt. 751-6) and the material identified by Apple from page 63 of the April 3, 2013 Declaration of Roger Noll (Dkt. 809-5) (ECF p. 64).

| MOTION | BASIS | ORDER |
|---|---|---|
| Motion *In Limine* No. 3 to exclude evidence that Apple's integrated system or iTunes 4.7 was unlawful or anticompetitive. | Fed. R. Evid. 401, 402, 403 and Order on Apple's Mot. for Summ. J. (Dtk. 627). | ☐ Granted<br>☐ Denied<br>☐ Granted with Modification: _____ |

The Court now rules that Apple's Motion *In Limine* No. 3 is GRANTED. The parties may not present evidence or elicit testimony that an integrated platform or incompatible products are worse than a non-integrated platform or compatible products, or that integrated platforms, technologically-related products or incompatible products are harmful to competition or limit consumer choice. The parties also may not present evidence or elicit testimony that iTunes 4.7 was unlawful or anticompetitive, or that iTunes 4.7 can form the basis of liability or damages. Accordingly, the Court hereby STRIKES paragraphs 43-45, 48, 62, and 69-70 from the April 8, 2013 Expert Report of David Martin (Dkt. 751-6); paragraphs 29-31 from the October 30, 2013 Rebuttal Report of David Martin (Dkt. 751-12); and the material identified by Apple from pages 64-68 in the April 3, 2013 Declaration of Roger Noll (Dkt. 809-5) (ECF pp. 65-69), and pages 3-4 and 13-14 in the November 25, 2013 Rebuttal Declaration of Roger Noll (Dkt. 809-5) (ECF pp. 241-42, 251-52).

| MOTION | BASIS | ORDER |
|---|---|---|
| Motion *In Limine* No. 4 to exclude evidence of any purported supracompetitive profits. | Fed. R. Evid. 104(a), 401, 402, and 403. | ☐ Granted<br>☐ Denied<br>☐ Granted with Modification: _____ |

As the Court previously ruled, Apple's Motion *In Limine* No. 4 is GRANTED IN PART. There shall be no reference to or evidence presented of wealth or lack thereof of any party. Pre-Trial Order No. 1 at 2, § 5(a). (Oct. 3, 2014) (Dkt. 801).

In addition, the Court now rules that:

(a) This order does not limit the presentation of evidence of sales prices, discounts, rebates, dollar or unit volumes, market shares, or costs related to any relevant product, provided they have been appropriately discussed in expert reports.

(b) There shall be no reference to or evidence of financial metrics relating to Apple's iPod business including profitability, margins, return on investments or similar accounting metrics, cash flow, cash reserves, executive compensation or similar metrics, except to the extent they have been disclosed in the expert reports.

(c) There shall be no reference to or evidence of financial metrics relating to Apple's overall business including profitability, margins, return on investments or similar accounting metrics, cash flow, cash reserves, executive compensation, stock price, market valuation and similar metrics.

(d) There shall be no reference to or evidence of financial metrics relating to Apple's iTunes Store business including profitability, margins, return on investments or similar accounting metrics, cash flow, cash reserves, executive compensation, or similar metrics.

(e) Counsel shall not argue that Apple's profit or other financial metrics reflect monopoly power or anticompetitive conduct, except to the extent disclosed in pages 43-45 of Dr. Noll's April 3, 2013 Report (Dkt. 809-5) (ECF pp. 44-46). For the avoidance of doubt, this subsection (e) does not prevent counsel from arguing that Apple's alleged anticompetitive conduct or alleged monopoly power enabled it to charge supracompetitive prices or obtain supracompetitive profits, to the extent supported by expert reports; it excludes argument or evidence that Apple's profits and similar financial metrics are themselves evidence of anticompetitive conduct or monopoly power.

| MOTION | BASIS | ORDER |
|---|---|---|
| Motion *In Limine* No. 5 to exclude evidence or argument concerning other litigations. | Fed. R. Evid. 402, 403, 404(b), and 802. | ☐ Granted<br>☐ Denied<br>☐ Granted with Modification: _____ |

Apple's Motion *In Limine* No. 5 is GRANTED IN PART.

As the Court ruled as the October 29, 2014 Pre-Trial Conference, the parties may not use other courts' decisions, factual findings or credibility assessments, including any factual findings or credibility assessments in the *In re Electronic Books Antitrust Litigation* and the *High-Tech Employee Antitrust Litigation*, to cross-examine any fact or expert witness. This ruling does not limit the parties' ability to impeach the opposing party's experts with inconsistent testimony given in other cases, provided the proper foundation has been laid and reasonable notice given.

In addition, the Court now rules that:

(a)  The parties may not refer to other litigations against Apple before the jury, in cross-examination of witnesses or otherwise.

(b)  Plaintiffs may not present evidence or elicit testimony concerning the Compliance Monitor or his reports related to the *In re Electronic Books Antitrust Litigation*. Accordingly, the Court SUSTAINS Apple's objection to Plaintiffs' Trial Ex. 0808.

(c)  The parties are precluded from introducing evidence or eliciting testimony regarding congressional or foreign investigations or proceedings relating to interoperability issues.

(d)  Plaintiffs may not present evidence or elicit testimony comparing this litigation to *United States v. Microsoft*.

| MOTION | BASIS | ORDER |
|---|---|---|
| Motion *In Limine* No. 6 to exclude argument or evidence concerning Steve Jobs's character. | Fed. R. Evid. 104(a), 401, 402, 403, and 701. | ☐ Granted<br>☐ Denied<br>☐ Granted with Modification: _____ |

Apple's Motion *In Limine* No. 6 is GRANTED IN PART. As the Court held at the October 29, 2014 pretrial conference, Plaintiffs are precluded from introducing evidence or eliciting testimony regarding Steve Jobs's character during their case-in-chief. Plaintiffs may introduce such evidence if Apple places Mr. Jobs's character at issue.

IT IS SO ORDERED.

Dated: _____, 2014

_____
Hon. Yvonne Gonzalez Rogers
U.S. DISTRICT COURT JUDGE