ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-YGR |
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE |
| ALL ACTIONS. | ) ) ) | |

Date:        November 18, 2014
Time:        1:00 p.m.
Courtroom:  1, 4th Floor
Judge:       Hon. Yvonne Gonzalez Rogers

981188_1

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................................................1

II.  PROCEDURAL HISTORY...................................................................................2

III.  THE COURT HAS THE AUTHORITY TO ADD A NEW REPRESENTATIVE............5

A.  The Addition of Delaware Computer Exchange Is Proper Under Fed. R. Civ. P. 15...................................................................................................5

1.  The Addition of a Reseller Representative Was Not Done in Bad Faith .................................................................................................6

2.  There Was No Undue Delay ..............................................................7

3.  Any Prejudice Is Ameliorated by Apple Being Given a Deposition, Receiving Discovery and Having the Ability to Oppose the Addition of Delaware Computer Exchange and Rebrief Certification of the Reseller Class Prior to Trial .........................................7

B.  The Addition of a Reseller Representative Is Also Appropriate Under Fed. R. Civ. P. 24(b) ..........................................................................................8

IV.  ADDING DELAWARE COMPUTER EXCHANGE AS A CLASS REPRESENTATIVE DOES NOT REQUIRE ADDITIONAL NOTICE TO THE CLASS OR OTHERWISE TARNISH THE ORIGINAL CLASS NOTICE....................9

V.  CONCLUSION....................................................................................................12

1

# TABLE OF AUTHORITIES

2

Page

3

**CASES**

4

*Amparan v. Plaza Home Mortg., Inc.*,
   No. C 07-4498 JF(RS), 2009 U.S. Dist. LEXIS 83110

5

   (N.D. Cal. Aug. 28, 2009) ........................................................................6

6

*Ashby v. Farmers Ins. Co.*,
   No. 01-cv-1446-BR, 2007 U.S. Dist. LEXIS 97502

7

   (D. Or. Sept. 26, 2007) ..............................................................................7

8

*Birmingham Steel Corp. v. TVA*,

9

   353 F.3d 1331 (11th Cir. 2003) ...............................................................10

10

*Corns v. Laborers Int'l Union of N. Am.*,
   No. 09-cv-4403 YGR, 2014 U.S. Dist. LEXIS 44997

11

   (N.D. Cal. Mar. 31, 2014) .........................................................................5

12

*Davis v. Brown Group Retail, Inc.*,

13

   No. 1:13-cv-01211-LJO-BAM, 2014 U.S. Dist. LEXIS 106024
   (E.D. Cal. July 31, 2014) .......................................................................5, 7

14

*DeBoer v. Mellon Mortg. Co.*,

15

   64 F.3d 1171 (8th Cir. 1995) .....................................................................9

16

*Eminence Capital L.L.C. v. Aspeon, Inc.*,

17

   316 F.3d 1048 (9th Cir. 2003) ...................................................................5

18

*Genentech, Inc. v. Abbott Labs.*,

19

   127 F.R.D. 529 (N.D. Cal. 1989) ...............................................................5

20

*Griggs v. Pace Am. Group, Inc.*,
   170 F.3d 877 (9th Cir. 1999) .....................................................................5

21

*Hanover Shoe, Inc. v. United Shoe Mach. Corp.*,

22

   392 U.S. 481 (1968) ...................................................................................4

23

*Hernandez v. Balakian*,
   251 F.R.D. 488 (E.D. Cal. 2008) ...............................................................6

24

*Howey v. United States*,

25

   481 F.2d 1187 (9th Cir. 1973) ...................................................................6

26

*In re Gypsum Antitrust Cases*,

27

   565 F.2d 1123 (9th Cir. 1977) .................................................................11

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-00037-YGR

1

2                                                                                            **Page**

3

4   *In re Telectronics Pacing Sys., Inc.*,
      172 F.R.D. 271 (S.D. Ohio 1997) ...........................................................................5

5   *In re TFT-LCD Antitrust Litig.*,
6     No. M 07-1827 SI, MDL No. 1827, 2009 U.S. Dist. LEXIS 17792
      (N.D. Cal. Mar. 3, 2009) .......................................................................................1

7   *Larionoff v. United States*,
8     533 F.2d 1167 (D.C. Cir. 1976) *aff'd sub nom*,
      *United States v. Larionoff*, 431 U.S. 86 (1977) ..................................................10

9   *Laventhall v. General Dynamics Corp.*,
10    91 F.R.D. 208 (E.D. Mo. 1981), *aff'd*, 704 F.2d 407 (1983) ............................10

11  *Lovely H. v. Eggleston*,
12    No. 05 Civ. 6920 (LTS) (AJP), 2006 U.S. Dist. LEXIS 83424
      (S.D.N.Y. Nov. 15, 2006) .....................................................................................1

13  *Maher v. Zapata Corp.*,
14    714 F.2d 436 (5th Cir. 1983) ................................................................................9

15  *McConnell v. Red Robin Int'l, Inc.*,
16    No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942
      (N.D. Cal. Apr. 17, 2012) .....................................................................................6

17  *Meijer, Inc. v. Abbott Labs.*,
18    251 F.R.D. 431 (N.D. Cal. 2008).........................................................................4

19  *Miller v. Rykoff-Sexton, Inc.*,
20    845 F.2d 209 (9th Cir. 1988) ................................................................................8

21  *Morgan v. Laborers Pension Trust Fund*,
      81 F.R.D. 669 (N.D. Cal. 1979)...........................................................................1

22  *Nat'l Fed'n of the Blind v. Target Corp.*,
23    582 F. Supp. 2d 1185(N.D. Cal. 2007) ................................................................6

24  *Nunes v. Ashcroft*,
      375 F.3d 805 (9th Cir. 2003) ................................................................................5

25  *Pate v. United States*,
26    328 F. Supp. 2d 62 (D.D.C. 2004)......................................................................10

27

28

PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE - C-05-00037-YGR

1

2                                                                                                          **Page**

3
*PNY Techs. Inc. v. Sandisk Corp.*,
4      No. 11-cv-04689-WHO, 2014 U.S. Dist. LEXIS 9858
       (N.D. Cal. 2014)....................................................................................................7
5

6      *Rieve v. Coventry Health Care, Inc.*,
       No. SACV 11-1032 DOC (RNBx), 2012 U.S. Dist. LEXIS 36814
7      (C.D. Cal. Mar. 19, 2012) ...................................................................................8

8      *Rogers v. Paul*,
       382 U.S. 198 (1965).............................................................................................1
9

10     *Saes Getters S.p.A v. Aeronex, Inc.*,
       219 F. Supp. 2d 1081 (S.D. Cal. 2002)...............................................................8

11     *Tait v. BSH Home Appliances Corp.*,
12     289 F.R.D. 466 (C.D. Cal. 2012) ........................................................................6

13     *True Health Chiropractic Inc. v. McKesson Corp.*,
       No. 13-cv-02219-JST, 2014 U.S. Dist. LEXIS 85961
14     (N.D. Cal. June 23, 2014) ...................................................................................6

15     *United States v. Pend Oreille Pub. Util. Dist. No. 1*,
       926 F.2d 1502 (9th Cir. 1991) ............................................................................6
16

17     *Wiener v. Dannon Co.*,
       255 F.R.D. 658 (C.D. Cal. 2009) ........................................................................6

18     **STATUTES, RULES AND REGULATIONS**

19     Federal Rules of Civil Procedure
20        Rule 15 .............................................................................................................5, 6
          Rule 15(a).............................................................................................................7
21        Rule 15(a)(2)........................................................................................................5
          Rule 21 ................................................................................................................8
22        Rule 23 ................................................................................................................9
          Rule 23(c)(2)........................................................................................................9
23        Rule 23(c)(2)(B)...................................................................................................9
          Rule 23(c)(2)(B)(i)-(vii).....................................................................................11
24        Rule 23(c)(3)........................................................................................................9
          Rule 23(d)(2)......................................................................................................10
25        Rule 24 ...............................................................................................................5
26        Rule 24(b) ............................................................................................................8
          Rule 24(b)(1)........................................................................................................8
27        Rule 24(b)(3)........................................................................................................8

28

PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE - C-05-00037-YGR                    - iv -

1

2                                                                                                    **Page**

3

**SECONDARY AUTHORITIES**

4

Manual for Complex Litigation (Fourth) (2004)
    §21.222...................................................................................................................2
    §21.26.....................................................................................................................5

1 Newberg on Class Actions (5th ed. 2011)
    §2:17 ......................................................................................................................8

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2         PLEASE TAKE NOTICE that on November 18, 2014 at 1:00 p.m., in Courtroom 1, 4th

3    Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301

4    Clay Street, Oakland, California 94612, Movant Kenneth Riegel owner of K&N Enterprises, Inc.

5    f/d/b/a Delaware Computer Exchange, Plaintiffs Melanie Wilson (formerly Tucker) and Mariana

6    Rosen (collectively, "Plaintiffs") will and hereby do, through undersigned counsel, move the Court

7    for an Order granting relief sought in their Motion to Add Class Representative.

8         Plaintiffs seek to add Delaware Computer Exchange as a class representative.

9    **I.    INTRODUCTION**

10        A motion to add a class representative should be granted where the proposed new plaintiff is

11   a member of the class and seeks the same relief for all of the reasons offered by the original

12   plaintiffs. *Rogers v. Paul*, 382 U.S. 198, 198-99 (1965). Courts within the Ninth Circuit often allow

13   either substitution or addition of new class representatives. *See, e.g., In re TFT-LCD Antitrust Litig.*,

14   No. M 07-1827 SI, MDL No. 1827, 2009 U.S. Dist. LEXIS 17792, at *10 (N.D. Cal. Mar. 3, 2009);

15   *Morgan v. Laborers Pension Trust Fund*, 81 F.R.D. 669, 673-75 (N.D. Cal. 1979) (permitting

16   plaintiffs to add new class representatives).

17        Here, out of an abundance of caution, where the Court has raised a question about the current

18   consumer class representatives' representation of the reseller portion of the class, allowing a reseller

19   class member to be added as a proposed additional class representative is an appropriate and salutary

20   outcome which provides the broadest possible representation of the entire class. Delaware Computer

21   Exchange,[1] an Apple-authorized reseller during the Class Period and a member of the certified Class,

22   is an ideal representative whose addition as a named class representative will "'significantly

23   contribute to full development of the underlying factual issues in the suit and to the just and

24   equitable adjudication of the legal questions presented.'"[2] *Lovely H. v. Eggleston*, No. 05 Civ. 6920

25

---

26   [1]    Delaware Computer Exchange was 100% owned by K & N Enterprises, Inc., a company solely
27   owned by Kenneth Riegel since 1992. K & N Enterprises is no longer in existence and Mr. Riegel
     sold Delaware Computer Exchange in 2008.

28   [2]    Here, and throughout, citations are omitted and emphasis is added unless otherwise noted.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
     00037-YGR                                                                          - 1 -

1   (LTS) (AJP), 2006 U.S. Dist. LEXIS 83424, at *8 (S.D.N.Y. Nov. 15, 2006) (granting leave to

2   intervene and add three named plaintiffs after class certification).

3          Plaintiffs dispute Apple's assertion that the consumer representatives cannot adequately

4   represent the resellers.  Well-established precedent, previous holdings of the Court addressing this

5   issue, as well as the 9th Circuit's declination to consider Apple's 23(f) appeal that had as a focal

6   point the argument that the proposed consumer representatives were inappropriate representatives of

7   resellers, all support adequacy of the current class representatives.  However, the addition of

8   Delaware Computer Exchange will ensure "efficient and fair resolution of common questions of fact

9   and law in a single proceeding."  Manual for Complex Litigation (Fourth) ("Manual") §21.222

10  (2004).  Defendant suffers no prejudice by the addition of this representative as it is conducting

11  extensive discovery, including taking the deposition of Mr. Riegel, the former owner of Delaware

12  Computer Exchange, and will have the opportunity, for at least the fifth time, to make argument

13  opposing certification of the reseller portion of the class.

14  **II.     PROCEDURAL HISTORY**

15         This motion comes after years of litigating class issues and, in particular, whether consumer

16  direct purchasers can properly represent the interests of reseller direct purchasers.  On October 17,

17  2008, Apple opposed Plaintiffs' motion for class certification and argued that resellers were

18  "obviously not in the same position as individual end-user purchasers."  ECF 185 at 22-23.  In their

19  reply brief filed on November 17, 2008, Plaintiffs responded that "Professor Noll's analysis, based

20  upon the exemplar data supplied by Apple, amply satisfies the need to demonstrate plausible

21  economic methodologies with which to calculate antitrust impact and damages on a common basis."

22  ECF 188 at 19-21.  The issue was addressed at oral argument in front of Chief Judge Ware at the

23  hearing on class certification.  *See* ECF 199, Dec. 16, 2008 Hrg. Tr. at 4:22-5:9; 43:17-44:17; 52:22-

24  53:6.  On December 22, 2008, the Court certified a class including both resellers and consumers,

25  finding that "there is no evidence that either the named Plaintiffs or their counsel have any conflicts

26  of interest with absent class members."  ECF 196 at 9.  After Apple inquired whether the Court

27  meant to include resellers in the class, on January 14, 2009 the Court clarified, stating "[i]n declining

28

981188_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
00037-YGR                                                                          - 2 -

1   to address this issue in the December 22 Order, the Court implicitly included resellers in the certified

2   class." ECF 198 at 2.

3        On August 31, 2009, Apple moved to decertify the class. ECF 240. That motion did not

4   include any argument related to the consumer class representatives' ability to represent absent

5   reseller class members. On December 21, 2009, the Court decertified the classes without prejudice

6   to being renewed stating "the Court finds that further orders with respect to the definition of the

7   classes are premature until Plaintiffs clarify what actions they allege Apple took to maintain

8   monopoly power beyond initial technological relationships between its products." ECF 303 at 2.

9   The Court did not decertify the class because of a finding that resellers could not properly be

10  represented by consumers.

11       On January 18, 2011, Plaintiffs filed a renewed motion for class certification. ECF 532. In

12  its opposition, Apple again argued that "resellers like Best Buy and Target are situated so differently

13  that they should not be included in the class." ECF 529 at 2-3; *see also id.* at 21-25. Plaintiffs met

14  this argument once more in their March 28, 2011 reply memorandum. ECF 566 at 11 ("Apple

15  admits that the wholesale price resellers pay is based largely on retail prices. . . . Therefore, if the

16  retail price was impacted by Apple's monopoly maintenance, the resellers also automatically paid

17  more for their wholesale price"); *see generally id.* at 10-15. On June 27, 2011, the Court heard

18  argument on the renewed motion, and the reseller issue was argued again. ECF 657, June 27, 2011

19  Hrg. Tr. at 5-6, 38-39.

20       On November 22, 2011, then Chief Judge Ware ordered the class recertified, specifically

21  considering the reseller argument:

22       Defendant contends that the class should be limited to end-user consumers
         and should exclude resellers, on the ground that resellers are not situated similarly to
23       end-users insofar as resellers benefit from higher retail prices.[1] (Opp'n at 21-24.)
         Plaintiffs respond that: (1) the Court has already considered and rejected this
24       argument; and (2) they can represent all direct purchasers, including resellers.[2]

25       In its January 15, 2009 Order, the Court stated that "in ruling on class
         certification, the Court considered Defendant's contentions that resellers should be
26       excluded from the class definition."[3] The Court expressly stated that by "declining to
         address this issue in [its Class Certification Order]," it had "implicitly included
27       resellers in the certified class." (*Id.*) Thus, the Court has already found that resellers
         are properly included in the certified class.

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
00037-YGR                                                                                    - 3 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

       Further, the Court finds that Defendant's contention that resellers are differently situated from end-users insofar as they "benefit from higher retail prices" is misguided. (Opp'n at 22.) As a matter of antitrust law, "when a seller overcharges a buyer . . . the fact that the buyer raises the price for its own product, thereby passing on the overcharge to its customers and avoiding a loss in profit, has no bearing on the issue of whether the buyer has suffered an injury and thus has the right to recover damages from the seller." *Meijer, Inc. v. Abbott Labs.*, 251 F.R.D. 431, 433 (N.D. Cal. 2008) (citing *Hanover Shoe, Inc. v. United Shoe Mach. Corp.*, 392 U.S. 481, 489-92 (1968)). Thus, because "all class members have the right to pursue overcharge damages, they have the same incentive to do so, and there is no conflict among class members allegedly harmed by the same antitrust violation." *Id.* at 435 (citation omitted).

       Accordingly, the Court finds that Plaintiffs can represent all direct purchasers, including resellers.

—————————

[1]  Defendant defines the term "reseller" to include a variety of vendors, including "large electronic stores" such as Best Buy and Circuit City, "retail stores" such as Target, "Discount warehouses" such as Costco, and other stores and on-line retailers. (Opp'n at 22.)

[2]  (Reply Memorandum in Support of Plaintiffs' Renewed Motion for Class Certification at 10-14, Docket Item No. 550 (filed under seal).)

[3]  (*See* Order Vacating Case Management Conference; Clarifying and Correcting Class Certification Order; Setting Briefing Schedule at 2, Docket Item No. 198.)

ECF 694 at 7-8.

On December 6, 2011, Apple filed a 23(f) petition with the Ninth Circuit, once more arguing "[b]ecause the resellers paid different prices from the end-users in separate transactions, litigating their claims will necessarily involve separate proof from the end-users." Ex. 1, Apple's Petition for Permission to Appeal Order Granting Class Certification at 18; *see also id.* at 3, 18-19; Ex. 2, Apple's Reply Brief in Support of 23(f) Petition at 11-12. Plaintiffs again refuted this argument, stating that Plaintiffs' expert Professor Noll "concluded that an economic regression could be implemented which would apply equally to all direct purchasers." Ex. 3, Plaintiffs' Answer to Apple's 23(f) Petition at 18; *see also id.* at 3-4; 13-14, 17-20, 23-26. On March 13, 2012, the Ninth Circuit declined to hear Apple's appeal.

On October 29, 2014, the Court discussed the idea that of having a reseller as an additional class representative. *See* Ex. 4, Oct. 29, 2014 Hrg. Tr. at 7:4-20:23; 187:20-199:3. On October 31,

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-00037-YGR

- 4 -

1    2014, an Order issued requiring Plaintiffs to move to add an additional class representative.  ECF

2    866 at 3.

**III.    THE COURT HAS THE AUTHORITY TO ADD A NEW**
3         **REPRESENTATIVE**

4         The addition of Delaware Computer Exchange as a class representative can be accomplished

5    in a number of ways, all of which are procedurally proper.  "The court may permit intervention by a

6    new representative or may simply designate that person as a representative in the order granting class

7    certification."  Manual at §21.26 (citing *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283

8    (S.D. Ohio 1997) (court named substitute new class representative without formal intervention or

9    joinder)).[3]  Many Courts decide the issue under Federal Rules of Civil Procedure ("Rule") 15(a)(2)

10   and 16 or, alternatively Rule 24.

11        **A.    The Addition of Delaware Computer Exchange Is Proper Under Fed.**
12             **R. Civ. P. 15**

13        Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so

14   requires."  In deciding whether to grant leave to amend, a court considers the following factors: "(1)

15   bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5)

16   whether the plaintiff has previously amended his complaint."  *Nunes v. Ashcroft*, 375 F.3d 805, 808

17   (9th Cir. 2003).  Of these factors, prejudice to the opposing party "carries the greatest weight."

18   *Eminence Capital L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  All inferences should

19   be drawn "in favor of granting the motion," *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th

20   Cir. 1999), and "the nonmoving party bears the burden of demonstrating why leave to amend should

21   not be granted," *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).  *Davis v.*

22   *Brown Group Retail, Inc.*, No. 1:13-cv-01211-LJO-BAM, 2014 U.S. Dist. LEXIS 106024, at *4-*5

23

24   [3]    This is a vastly different case from *Corns v. Laborers Int'l Union of N. Am.*, No. 09-cv-4403
25   YGR, 2014 U.S. Dist. LEXIS 44997 (N.D. Cal. Mar. 31, 2014), where the Court denied the
     plaintiff's motion to amend a complaint to add class claims, add two additional plaintiffs/class
26   representatives and to add state law claims.  In *Corns*, the litigation was not brought as a class action
     in the first place and thus the proposal to add class allegations now, and to seek "damages" on behalf
27   of the proposed class members, was prejudicial to the defendants and disruptive to the orderly
     management of the case.  *Id.* at *16.  Here by contrast, the addition of a reseller class member can
28   serve only to strengthen the already certified class.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
00037-YGR                                                                                    - 5 -

1  (E.D. Cal. July 31, 2014) (allowing new plaintiff to be added as a class representative; changes to

2  complaint did not add or otherwise broaden the scope of case other than addition of a named

3  plaintiff); *True Health Chiropractic Inc. v. McKesson Corp*., No. 13-cv-02219-JST, 2014 U.S. Dist.

4  LEXIS 85961 (N.D. Cal. June 23, 2014) (allowing addition of class representative under Fed. R.

5  Civ. P. 15); *Amparan v. Plaza Home Mortg., Inc*., No. C 07-4498 JF(RS), 2009 U.S. Dist. LEXIS

6  83110 (N.D. Cal. Aug. 28, 2009) (addition of class representatives granted); *McConnell v. Red*

7  *Robin Int'l, Inc*., No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942, at *9 (N.D. Cal. Apr. 17,

8  2012) (allowing addition of a plaintiff where previously plaintiff had "no reason not to rely on [a

9  single plaintiff as the] class representative").[4] "'Where there is a lack of prejudice to the opposing

10  party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad

11  faith, it is an abuse of discretion' to deny leave to amend." *United States v. Pend Oreille Pub. Util.*

12  *Dist. No. 1*, 926 F.2d 1502, 1511-12 (9th Cir. 1991) (citing *Howey v. United States*, 481 F.2d 1187,

13  1190-91 (9th Cir. 1973)).

### 1.    The Addition of a Reseller Representative Was Not Done in Bad Faith

16  No bad faith has been alleged by Apple, nor could it be. Plaintiffs have relied on the Court's

17  prior orders regarding the propriety of the class' current representation.  Just after the hearing on

18  summary judgment on August 13, 2014, when the Court first proposed a trial date, Plaintiffs began

19  contacting resellers as potential witnesses.  In late September Plaintiffs first made contact with Mr.

20  Riegel and first met with him October 8, 2014.[5]  Less than two weeks later, Plaintiffs put him on the

21  witness list exchanged by the parties.

---

23  [4]    *See also Nat'l Fed'n of the Blind v. Target Corp*., 582 F. Supp. 2d 1185, 1201(N.D. Cal. 2007)
(ordering plaintiffs to substitute class representatives); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 673

24  (C.D. Cal. 2009) (granting leave to substitute in an appropriate representative); *Tait v. BSH Home*
*Appliances Corp*., 289 F.R.D. 466, 476 (C.D. Cal. 2012) (permitting substitution of class

25  representatives); *Hernandez v. Balakian*, 251 F.R.D. 488 (E.D. Cal. 2008) (permitting additional

26  time for class counsel to find new class representative).

27  [5]    *See* Declaration of Alexandra S. Bernay in Support of Motion to Add Class Representative, filed
concurrently ("Bernay Decl."), ¶4.  All references to "Ex." are to the exhibits attached to the Bernay

28  Decl.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-00037-YGR                                                                                        - 6 -

1    **2.    There Was No Undue Delay**

2    As noted above, Plaintiffs relied on the prior class certification orders and did not seek to add

3    plaintiffs on the reasonable assumption that the certified class was proper.  Plaintiffs made contact

4    with Mr. Riegel just weeks after the Court set a trial date.  *See Ashby v. Farmers Ins. Co.*, No. 01-cv-

5    1446-BR, 2007 U.S. Dist. LEXIS 97502, at *9 (D. Or. Sept. 26, 2007) (No undue delay in seeking to

6    add representatives six years after complaint filed and three years after class certified where "critical

7    aspects of the developing law" only recently arose.)

8    **3.    Any Prejudice Is Ameliorated by Apple Being Given a**
     **Deposition, Receiving Discovery and Having the Ability to**
9    **Oppose the Addition of Delaware Computer Exchange and**
     **Rebrief Certification of the Reseller Class Prior to Trial**
10

11    Apple's only argument regarding prejudice is that it will need to conduct additional

12    discovery.  However, "additional discovery is not prohibitively prejudicial under Rule 15(a)."

13    *Davis*, 2014 U.S. Dist. LEXIS 106024, at *8; *see also PNY Techs. Inc. v. Sandisk Corp.*, No. 11-cv-

14    04689-WHO, 2014 U.S. Dist. LEXIS 9858, at *15-*16 (N.D. Cal. 2014) ("'the prospect of

15    additional discovery needed by the non-moving party in itself [does not] constitute a sufficient

16    showing of prejudice'")[6]  In *Ashby*, the court found no undue prejudice where discovery would have

17    to be reopened and, according to defendants, a new notice would need to issue.  *Ashby*, 2007 U.S.

18    Dist. LEXIS 97502, at *7-*8.  The Court held that the additional discovery could be timely

19    completed. *Id.*  Here, the parties have agreed on an expedited schedule to ensure that trial is moved

20    only a few days and provides Apple an opportunity to take discovery and conduct a deposition.  Any

21    prejudice has been dispelled.[7]

22    _____

23    [6]    Apple served in the late afternoon of October 31, 2014 extremely broad and burdensome
     discovery requests, including 20 interrogatories, many of which call for "all facts" as well as detailed
24    and multipart requests for documents.  *See* Ex. 5.  Plaintiffs were extremely surprised to receive such
     lengthy and burdensome requests considering that Plaintiffs are required to respond to these wide
25    ranging requests by November 4, 2014.  Many of the discovery requests do not go to issues related
     to class certification, but instead are aimed at Mr. Riegel's potential trial testimony, according to
26    Apple's counsel.  Apple is thus trying to kill two birds with one stone – by pre-trying its planned
     cross examination and getting class related discovery as well.  Apple is thus seeking to take full
27    advantage of the Court's interest in the reseller issue.

28    [7]    "'Undue prejudice' means substantial prejudice or substantial negative effect; the Ninth Circuit
     has found such substantial prejudice where the claims sought to be added 'would have greatly altered

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
     00037-YGR                                                                          - 7 -

1    The addition of another representative is not futile and amendment should be granted.

2   Because Delaware Computer Exchange has the identical claims as the other class representatives, his

3   addition is plainly not futile.  "A proposed amended pleading is futile 'only if no set of facts can be

4   proved under the amendment to the pleadings that would constitute a valid and sufficient claim or

5   defense.'"  *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC (RNBx), 2012 U.S. Dist.

6   LEXIS 36814, at *7 (C.D. Cal. Mar. 19, 2012) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209,

7   214 (9th Cir. 1988)).

**B.    The Addition of a Reseller Representative Is Also Appropriate Under Fed. R. Civ. P. 24(b)**

10    Alternatively, the proposed reseller representative should be allowed to intervene under Rule

11   24(b).  Pursuant to 24(b), the Court may permit a person who has a claim with a common question of

12   law or fact to intervene in the action.  *See* Fed. R. Civ. P. 24(b)(1).  The only proper countervailing

13   considerations are undue delay or prejudice to the existing parties' rights.  *See* Fed. R. Civ. P.

14   24(b)(3).

15    Here, as explained above, Delaware Computer Exchange's claims are identical in all respects

16   to those currently alleged by the members of the certified class.  1 Newberg on Class Actions §2:17

17   (5th ed. 2011) (noting that "intervention by absentee members is freely allowed in order to substitute

18   them as class representatives").  The only change would be the addition of Delaware Computer

19   Exchange to the case.  Apple should welcome the addition of a reseller class member as they have

20   argued for more than five years that such a representative is necessary for a class to be certified and

21   that the current representatives were inappropriate representatives of the reseller members of the

22   class.  *See* discussion above at §II.[8]

23

24   _____

25   the nature of the litigation and would have required defendants to have undertaken, at a late hour, an
     entirely new course of defense.'"  *Saes Getters S.p.A v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086

26   (S.D. Cal. 2002).

27   [8]  The Court can also add Delaware Computer Exchange as a class representative under Fed. R.
     Civ. P. 21.  "On motion or on its own, the court may at any time, on just terms, add or drop a party."

28   *Id.*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
00037-YGR                                                                                    - 8 -

IV.    **ADDING DELAWARE COMPUTER EXCHANGE AS A CLASS REPRESENTATIVE DOES NOT REQUIRE ADDITIONAL NOTICE TO THE CLASS OR OTHERWISE TARNISH THE ORIGINAL CLASS NOTICE**

During the October 29 and 31, 2014 pre-trial conferences, Apple's counsel suggested that the addition of a reseller representative might present "notice issues" because the class has not been notified of an additional representative's appointment.  Ex. 6, Oct. 31, 2014 Pre-Trial Conference Hrg. Tr. at 13.  However, Apple has provided no authority supporting its suggestion that the Court must provide notice in this situation, especially when the Class has already received notice of the certified claims and an opportunity to opt-out.  Indeed, Plaintiffs are aware of none.  Defendant's claimed concern on behalf of the class beggars' belief.  Apple's "fox guarding-the-henhouse" arguments are not well taken.

Under Fed. R. Civ. P. 23, which governs notice in class actions, only two notices to the class are necessary: when a class is certified, and when a case is settled.  Here, the court has already certified a class and notice has already been provided.  At most, appointing an ***additional*** representative here would simply amend the Court's already existing current class certification order – an act which would not trigger the mandatory notice provision of Rule 23(c)(2) because it does not redefine the class.

Even then, it would not be necessary to inform the class of the appointment of Delaware Computer Exchange as a class representative.  Notice "'is not required to provide a complete source of information.'"  *DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1176 (8th Cir. 1995) (quoting *Maher v. Zapata Corp.*, 714 F.2d 436, 452 (5th Cir. 1983)).  A class notice need only explain in simple, concise language:

> (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B).  In fact, the litigation notice previously disseminated to the class – which Apple assisted in drafting cooperatively with Plaintiffs – did not identify the class representatives by

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-00037-YGR

1   name or otherwise distinguish between class representatives who were consumers and resellers, as

2   Apple now suggests is necessary.  Ex. 7, Long Form Notice at 1-2.[9]

3          Moreover, by adding Delaware Computer Exchange as a class representative, plaintiffs are

4   *improving* the adequacy of the representation of the reseller class members.  Plaintiffs seek to

5   appoint Delaware Computer Exchange as a class representative so that its former owner can provide

6   at trial a retailer's perspective of Apple's iPod sales and address Apple's and the Court's concern

7   that the consumer plaintiff representatives may not be adequate to represent all parts of the class.  As

8   such, Mr. Riegel's testimony will help build on the testimony provided by the consumer plaintiffs

9   and further contribute to Plaintiffs' efforts to establish that Apple violated Section 2 of the Sherman

10  Act.

11         As the Eleventh Circuit acknowledged in addressing similar efforts in *Birmingham Steel*

12  *Corp. v. TVA*, 353 F.3d 1331 (11th Cir. 2003), such action is consistent with a fair representation of

13  class members and serves the interests of the class.  *Id.* at 1342 (substitution of a class representative

14  advances the efficient administration of justice and *serves the interests of the class even after*

15  *discovery was completed and case was ready for trial*); *see also Laventhall v. General Dynamics*

16  *Corp.*, 91 F.R.D. 208, 210 (E.D. Mo. 1981) (refusing to direct notice under Rule 23(d)(2) because

17  lack of notice would not "unduly prejudice the ability of absent purported class members to bring

18  independent actions "), *aff'd*, 704 F.2d 407 (1983).

19         In addition, notice has already been provided to the class.  In the notice, class members were

20  advised that the class includes iPods sold by Apple directly to customers through its online and retail

21  stores and directly to Apple authorized resellers. Ex. 7, Long Form Notice of Class Action at 1; *id.*

22  at 2 (the class includes "[a]ll persons or entities in the United States . . . who purchased one of the

23  iPod models listed below directly from Apple"); *see also* Ex. 8, Notice of Pendency.  The notice

24  _____

25  [9]  Nor does the addition of Delaware Computer Exchange as a class representative qualify as one of
    the "limited circumstances" in which courts have found additional notice to be warranted under the
    Rule 23(d)(2). *Pate v. United States*, 328 F. Supp. 2d 62, 73 n.14 (D.D.C. 2004) (citing *Larionoff v.*
26  *United States*, 533 F.2d 1167, 1184 (D.C. Cir. 1976) *aff'd sub nom*, *United States v. Larionoff*, 431
    U.S. 86 (1977)).  Plaintiffs are not taking any steps which threaten to substantially prejudice or
27  impair the rights of the class.  Nor are they seeking to alter the legal or factual claims of the certified
    class.  Nor are they seeking to dismiss any of the certified claims.  Nor are they seeking to redefine
28  or limit the class in a way that would exclude former class members.

1    advised class members that they are represented by plaintiffs who were seeking to recover for

2    themselves and other people who bought iPods.  Ex. 8, Notice of Pendency at 1-2.  Thus, class

3    members, including the reseller class members, understand that the court has appointed plaintiffs to

4    represent their interests with respect to the purchase of iPods between 2006 and 2009, and their

5    claims have not changed.  Notifying the class of the appointment of an additional class

6    representative who is pursuing the same claims as the existing class representatives is simply

7    unnecessary.

8        Notably, of the 789 opt-out requests submitted[10] in response to the class notice, only one

9    company opted-out, and it is not even clear that that company was a reseller.[11]  Moreover, despite

10   being advised in the notice that "you may enter an appearance through your own counsel," not a

11   single class member, reseller or consumer, has chosen to do so.  Ex. 8, Notice of Pendency at 2.  If

12   the reseller class members were concerned that they would not be adequately represented, they

13   certainly have not expressed any such concern in the two years since notice was disseminated.  The

14   reaction of class to the notice thus weighs heavily against the need for additional notice and also

15   tends to support the notion that the class, as currently certified, is proper.

16       As to Apple's vague suggestion that Mr. Riegel's deposition testimony might necessitate

17   additional notice to the class, *see* Ex. 6, Oct. 31, 2014 Pre-Trial Conference Hrg. Tr. at 13, it is

18   incorrect.  As noted above, the class has already been presented with "a fair recital of the subject

19   matter of the suit and [been] inform[ed] of their opportunity to be heard."  *In re Gypsum Antitrust*

20   *Cases*, 565 F.2d 1123, 1125 (9th Cir. 1977) ("The purpose of the notice requirement . . . is to present

21   a fair recital of the subject matter of the suit and to inform all class members of their opportunity to

22   be heard.").  Nothing more is required.  Fed. R. Civ. P. 23(c)(2)(B)(i)-(vii).

23

24

25   _____

[10]    In total, 8,590,040 notices were sent via email or regular mail.  Identified resellers received

26   mailed notice (967 mailed notices) and the majority (900) resellers also received email notice, where

     email addresses were available. *See* Bernay Decl., ¶7.

27   [11]    The one request for exclusion received by a company, is a company that does not appear on the

28   list of resellers provided by Apple.  Bernay Decl., ¶¶9-10.

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ADD CLASS REPRESENTATIVE - C-05-
00037-YGR                                                                                          - 11 -

1

## V.    CONCLUSION

2        The addition of Delaware Computer Exchange as a class representative, strengthens the class;

3   provides a retailer's perspective on issues central to the litigation and resolves any concerns that the

4   current class representatives are unable to properly represent the reseller portion of the class.  For all

5   of these reasons, the Court should grant Plaintiffs' motion to add Delaware Computer Exchange as a

6   class representative.

7   DATED:  November 3, 2014                    Respectfully submitted,

8                                              ROBBINS GELLER RUDMAN
                                                 & DOWD LLP
9                                              BONNY E. SWEENEY
                                               ALEXANDRA S. BERNAY
10                                             CARMEN A. MEDICI
                                               JENNIFER N. CARINGAL

11

12                                                        s/ Alexandra S. Bernay

13                                                  ALEXANDRA S. BERNAY

14                                             655 West Broadway, Suite 1900
                                               San Diego, CA  92101
15                                             Telephone:  619/231-1058
                                               619/231-7423 (fax)
16
                                               ROBBINS GELLER RUDMAN
17                                               & DOWD LLP
                                               PATRICK J. COUGHLIN
18                                             STEVEN M. JODLOWSKI
                                               Post Montgomery Center
19                                             One Montgomery Street, Suite 1800
                                               San Francisco, CA  94104
20                                             Telephone:  415/288-4545
                                               415/288-4534 (fax)
21
                                               Class Counsel for Plaintiffs
22
                                               BONNETT, FAIRBOURN, FRIEDMAN
23                                               & BALINT, P.C.
                                               ANDREW S. FRIEDMAN
24                                             FRANCIS J. BALINT, JR.
                                               ELAINE A. RYAN
25                                             2325 E. Camelback Road, Suite 300
                                               Phoenix, AZ  85016
26                                             Telephone:  602/274-1100
                                               602/274-1199 (fax)
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY  10168
Telephone:  212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

1

<u>CERTIFICATE OF SERVICE</u>

2   I hereby certify that on November 3, 2014, I authorized the electronic filing of the foregoing

3 with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4 the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5 caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6 CM/ECF participants indicated on the attached Manual Notice List.

7   I certify under penalty of perjury under the laws of the United States of America that the

8 foregoing is true and correct.  Executed on November 3, 2014.

9
           s/ Alexandra S. Bernay

10           ALEXANDRA S. BERNAY

11           ROBBINS GELLER RUDMAN
             & DOWD LLP

12           655 West Broadway, Suite 1900
           San Diego, CA  92101-8498

13           Telephone:  619/231-1058
           619/231-7423 (fax)

14           E-mail:   xanb@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com,jjordan@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)