1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-YGR |
|---|---|---|
|  | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) ) | [PROPOSED] ORDER GRANTING THE ADDITION OF CLASS REPRESENTATIVE |
| ALL ACTIONS. | ) ) |  |

981230_1

This matter came before the Court on November 18, 2014, for hearing on Plaintiffs' Motion to Add Class Representative.

A motion to add a class representative should be granted where the proposed new plaintiff is a member of the class and seeks the same relief for all of the reasons offered by the original plaintiffs. *Rogers v. Paul*, 382 U.S. 198, 198-99 (1965). Courts within the Ninth Circuit often allow either substitution or addition of new class representatives. *See, e.g., In re TFT-LCD Antitrust Litig.*, No. M 07-1827 SI, MDL No. 1827, 2009 U.S. Dist. LEXIS 17792, at *10 (N.D. Cal. Mar. 3, 2009); *Morgan v. Laborers Pension Trust Fund*, 81 F.R.D. 669, 673-75 (N.D. Cal. 1979) (permitting plaintiffs to add new class representatives).

"The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification." Manual for Complex Litigation (Fourth) §21.26 (citing *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (court named substitute new class representative without formal intervention or joinder)). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." In deciding whether to grant leave to amend, a court considers the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Of these factors, prejudice to the opposing party "carries the greatest weight." *Eminence Capital L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). All inferences should be drawn "in favor of granting the motion," *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999), and "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted," *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989).

Applying the facts to the test in this district, the Court finds: (1) the addition of a reseller representative was not done in bad faith; (2) that there was no undue delay; and (3) that any prejudice to Apple is rectified by allowing Apple to receive discovery, including a deposition of the former owner of Delaware Computer Exchange and allowing Apple to rebrief certification of the reseller portion of the class.

1   Having considered the parties' submissions and for good cause appearing:

2   Plaintiffs' Motion is Granted.  Delaware Computer Exchange is hereby appointed as a class

3   representative.

4   IT IS SO ORDERED.

5

DATED: _____   _____
6                                                            THE HON. YVONNE GONZALEZ ROGERS
                                                             UNITED STATES DISTRICT JUDGE
7