1
2
3
4
5
6
7
8
9
10
11
12
13               UNITED STATES DISTRICT COURT
14               NORTHERN DISTRICT OF CALIFORNIA
15                      OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | CLASS ACTION |
| This Document Relates To: | [PROPOSED] ORDER GRANTING THE ADDITION OF CLASS REPRESENTATIVE |
| ALL ACTIONS. | |

981230_1

1   This matter came before the Court on November 18, 2014, for hearing on Plaintiffs' Motion
2   to Add Class Representative.

3   A motion to add a class representative should be granted where the proposed new plaintiff is
4   a member of the class and seeks the same relief for all of the reasons offered by the original
5   plaintiffs. *Rogers v. Paul*, 382 U.S. 198, 198-99 (1965). Courts within the Ninth Circuit often allow
6   either substitution or addition of new class representatives. *See, e.g., In re TFT-LCD Antitrust Litig.*,
7   No. M 07-1827 SI, MDL No. 1827, 2009 U.S. Dist. LEXIS 17792, at *10 (N.D. Cal. Mar. 3, 2009);
8   *Morgan v. Laborers Pension Trust Fund*, 81 F.R.D. 669, 673-75 (N.D. Cal. 1979) (permitting
9   plaintiffs to add new class representatives).

10  "The court may permit intervention by a new representative or may simply designate that
11  person as a representative in the order granting class certification." Manual for Complex Litigation
12  (Fourth) §21.26 (citing *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997)
13  (court named substitute new class representative without formal intervention or joinder)). Rule
14  15(a)(2) of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to
15  amend] when justice so requires." In deciding whether to grant leave to amend, a court considers the
16  following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of
17  amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v.
18  Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003). Of these factors, prejudice to the opposing party
19  "carries the greatest weight." *Eminence Capital L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir.
20  2003). All inferences should be drawn "in favor of granting the motion," *Griggs v. Pace Am. Group,
21  Inc.*, 170 F.3d 877, 880 (9th Cir. 1999), and "the nonmoving party bears the burden of demonstrating
22  why leave to amend should not be granted," *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31
23  (N.D. Cal. 1989).

24  Applying the facts to the test in this district, the Court finds: (1) the addition of a reseller
25  representative was not done in bad faith; (2) that there was no undue delay; and (3) that any
26  prejudice to Apple is rectified by allowing Apple to receive discovery, including a deposition of the
27  former owner of Delaware Computer Exchange and allowing Apple to rebrief certification of the
28  reseller portion of the class.

981230_1   [PROPOSED] ORDER GRANTING THE ADDITION OF CLASS REPRESENTATIVE - C-05-00037-
YGR                                                                                                         - 1 -

1  Having considered the parties' submissions and for good cause appearing:

2  Plaintiffs' Motion is Granted. Delaware Computer Exchange is hereby appointed as a class
3  representative.

4  IT IS SO ORDERED.

5
   DATED: _____   _____
6                                          THE HON. YVONNE GONZALEZ ROGERS
                                            UNITED STATES DISTRICT JUDGE
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

981230_1

[PROPOSED] ORDER GRANTING THE ADDITION OF CLASS REPRESENTATIVE - C-05-00037-YGR

- 2 -