William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
Maxwell V. Pritt # 253155
(mpritt@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>————————————————<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S REPLY TO MOTION TO PRECLUDE TESTIMONY FROM WITNESSES NOT DISCLOSED PURSUANT TO RULE 26 (DKT. 852)** |

Rule 37 imposes a self-executing, automatic sanction "forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed," *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001), unless the offending party establishes that its non-disclosure is "substantially justified" or "harmless." In this case, Plaintiffs failed to disclose Kenneth Riegel as required by Rule 26 and cannot demonstrate that their failure to disclose him was either substantially justified or harmless. Accordingly, Apple respectfully requests that the Court grant Apple's motion and preclude Mr. Riegel from testifying at trial.[1]

### I. MR. RIEGEL WAS NOT DISCLOSED AS REQUIRED BY RULE 26(a) AND (e).

Plaintiffs have not—and indeed, cannot—make any showing that Mr. Riegel was identified in any Rule 26 disclosures.[2] Instead, Plaintiffs assert that because Delaware Computer Exchange ("DCE") (not Mr. Riegel) was listed as one of approximately 1,100 other resellers in Apple's discovery responses in 2008, he was adequately disclosed. *See* Declaration of Maxwell V. Pritt, Ex. H. But the "mere appearance" of one name among thousands in Apple's discovery responses is "plainly insufficient to satisfy the requirements of Rule 26 for identifying potential witnesses." *Wallace v. U.S.A.A. Life General Agency, Inc.*, 862 F.Supp.2d 1062, 1065 (D. Nev. 2012). ***Plaintiffs***, not Apple, are responsible for disclosing their witnesses. FED. R. CIV. P. 26(a)(1)(A)(i); *see, e.g.*, *Pal v. New York Univ.*, No. 06 Civ. 5892(PAC)(FM), 2008 WL 2627614, at *4 (S.D.N.Y. June 30, 2008) ("knowledge of the existence of a witness does not satisfy the Rule 26(a)(1)(A) disclosure obligation; that obligation is fulfilled only if NYU informed Pal that it might call the witness in support of its claims or defenses"); *see also Dayton Valley Investors, LLC v. Union Pac. R. Co.*, No. 2:08-CV-00127-ECR-RJJ, 2010 WL 3829219, at *6 (D. Nev. Sept. 24, 2010) (a party cannot "bypass its discovery obligations under Rule 26(a) and (e)" and "shift" them onto the other

---

[1] Apple's Rule 37 motion is moot to the extent it seeks to preclude Stefan Roever from testifying because Plaintiffs withdrew him as a witness at the October 29 Pretrial Conference.

[2] Remarkably, Plaintiffs continue to suggest they actually served initial disclosures when they cannot produce a copy, by claiming that a "letter from one of the original counsel attached as an exhibit to a deposition indicates that the disclosures were sent to Jones Day early in 2006." (Dkt. 868 at 1 n.3.) As Apple has explained, that letter refers to "*Mr. Slattery*'s Initial Disclosures," not Plaintiffs'. (Dkt. 852 at 3 n.2.) While Plaintiffs claim that they have sought but been unable to obtain "copies of initial disclosures" from "originating counsel" (Dkt. 868 at 1 n.3), that "originating counsel" is The Katriel Law Firm, which remains counsel of record in this case.

party).[3] Plaintiffs did not inform Apple they intended to call ***any***[4] of the "many millions of [absent] members of the certified Class" at trial (Dkt. 868 at 3), much less ***which*** one. *See Petrone v. Werner Enterprises, Inc.*, No. 8:11CV401, 2014 WL 2965250, at *2 (D. Neb. July 1, 2014).

Plaintiffs' suggestion that Apple should have known Plaintiffs might call Mr. Riegel, even though Plaintiffs did not know (Dkt. 868 at 2), is self-defeating. As the Third Circuit explained:

> This is surely a strange argument. Konstantopoulos would have us believe that, prior to July 29, 1993, her trial counsel did not know that he would seek to call Dr. Jemail as an expert witness and thus should be excused for failing to disclose that intention any sooner, but at the same time Konstantopoulos argues that Westvaco should have guessed well before July 29, 1993, that her trial counsel would have to and would attempt to add a previously undisclosed psychological expert witness. Konstantopoulos cannot have it both ways.

*Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 720 n.4 (3d Cir. 1997) (affirming exclusion).[5]

Plaintiffs' contentions, if accepted, would gut Rule 26's disclosure regime by allowing parties to call at trial any individual mentioned in any of millions of pages of written discovery. Courts have squarely rejected such a rule, holding parties to their Rule 26 obligations under pain of exclusion. *See Lujano v. Town of Cicero*, No. 07 C 4822, 2011 WL 6822204, at *6 (N.D. Ill.

---

[3] Plaintiffs cite *EMI Music Marketing v. Avatar Records, Inc.*, for the proposition that a party does not have to disclose witnesses where the other party is "aware of their existence and relevance." 334 F.Supp.2d 442, 445 (S.D.N.Y. 2004). That court recognized the late disclosure violated Rule 26(a), but held it was "harmless" because it occurred two months before trial and the witnesses at issue "appeared in documents submitted as part of the summary judgment motion" and were "current or former EMI employees who were either disclosed by *EMI* in discovery or whose names appeared in documents produced by EMI." *Id.* (emphasis in original). Thus, the court was "convinced that EMI was sufficiently aware of the existence and relevant of the persons and documents in question so that it is not being subjected to trial by ambush." *Id.* at 445-46.

[4] The need for disclosure is especially acute in class cases because had Apple sought discovery from absent class members in this case, Plaintiffs undoubtedly would have objected. *Holman v. Experian Info. Solutions, Inc.*, No. C 11–00180 CW (DMR), 2012 WL 2568202, at *3-4 (N.D. Cal. July 2, 2012) (discussing "rarely permitted" discovery of absent class members).

[5] Plaintiffs also are not excused from Rule 26 non-compliance simply because the Court set a deadline for exchanging witness lists. *Quesenberry v. Volvo Grp. N. Am., Inc.*, 267 F.R.D. 475, 479-80 (W.D. Va. 2010) ("This argument confuses two separate requirements under Rule 26. The witness list, indeed, was submitted to the defendants on the date set by the court for pretrial disclosures, in accord with Rule 26(a)(3). However, the plaintiffs still had an obligation to disclose these individuals as persons likely to have discoverable information under Rule 26(a)(1). Performance of one of these rules cannot be substituted for the other because they serve different purposes.").

Dec. 23, 2011) ("A party cannot get around the obligations imposed by Rule 26(a)(1) and Rule 26(e) by adding a name to its pretrial disclosure that has not previously been disclosed.") (quotations omitted); *see also Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 852 (9th Cir. 2014) (affirming ruling that "waiting until long after the close of discovery and on the eve of trial to disclose allegedly relevant and non-cumulative witnesses is harmful and without substantial justification") (quotations omitted). Any prejudice to the non-disclosing party "is not normally a factor," *Dayton Valley,* 2010 WL 3829219, at *6, and, indeed, "Rule 37 sanctions are appropriate even if a litigant's entire cause of action fails." *Hill v. Hill-Love*, 509 F. App'x 605, 606 (9th Cir. 2013).

## II.  MR. RIEGEL'S NON-DISCLOSURE WAS NOT SUBSTANTIALLY JUSTIFIED.

Plaintiffs are also wrong to suggest they were justified in extremely delayed disclosure because they disclosed Mr. Riegel "within 4 weeks of meeting with him for the first time" (Dkt. 868 at 1), *i.e.*, one month before trial in this decade-old litigation, four years after the close of discovery, and six years after Apple provided Plaintiffs with the list of its resellers. As the court explained in *Dayton Valley*, a case on which Plaintiffs rely, a "party is not excused from making its initial disclosures because it has not fully investigated the case." 2010 WL 3829219, at *2.

Plaintiffs' assertion that a party "cannot be sanctioned for not disclosing information that a party does not have" (Dkt. 868 at 2) likewise misunderstands Rule 26's disclosure regime. A "party must, without awaiting a discovery request, provide to the other parties . . . the name and, *if known*, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." FED. R. CIV. P. 26(a)(1)(A)(i) (emphasis added). The party must then timely "supplement or correct its disclosure" whenever it "learns that in some material respect the disclosure or response is incomplete or incorrect." *Id.* at 26(e)(1)(A). While phone numbers and addresses need not be disclosed when *unknown*, identification of witnesses is not so limited.

Plaintiffs' failure to gather witness information timely and disclose to Apple potential witnesses Plaintiffs might rely on at trial does not have the odd effect of excusing them from their obligations under Rule 26. In *Quesenberry*, two weeks before the pretrial conference, plaintiffs

disclosed for the first time on their witness list 19 absent class members who were not named as plaintiffs. 267 F.R.D. at 481-82. The plaintiffs claimed that the delay was substantially justified because they did not complete interviews of the absent class members until after a ruling by the Court indicated that they should prove a particular fact at trial that the new witnesses were suited to provide. The court rejected this explanation and excluded the absent class members' testimony:

> [T]he plaintiffs had no satisfying justification for the undue delay in investigating the recollection of these class members, other than that they just did not get around to it earlier. This explanation, if accepted as substantial justification, could create a perverse incentive for parties to delay the interviews of key witnesses—by waiting to the last possible moment (just before pretrial witness disclosures are required) to interview individuals who likely have relevant information, parties could claim ignorance for purposes of Rule 26(a)(1) disclosures and surprise opponents with key witnesses at trial. Such an outcome goes against the fundamental purpose of discovery.

*Id.*; *see Wallace*, 862 F.Supp.2d at 1066-67 (rejecting argument that a party can claim ignorance and wait until the eve of trial to disclose witnesses as "contrary to the purpose and text of Rule 26(a)(1)(A)").

Plaintiffs' extreme delay should not be excused. Plaintiffs *chose* not to contact Mr. Riegel (or any other reseller) until September 23, 2014—9 years, 8 months and 20 days after filing their Complaint, and 3 years, 10 months, and 1 day after discovery closed. There is no evidence or reason why Plaintiffs' counsel could not have identified or spoken to Mr. Riegel earlier, and Apple should not be punished because Plaintiffs decided to change their litigation strategy on the eve of trial.[6]

### III. MR. RIEGEL'S NON-DISCLOSURE UNDER RULE 26 WAS NOT HARMLESS.

Plaintiffs' assertion that Apple "has shown no prejudice" (Dkt. 868 at 3) from Plaintiffs' failure to comply with Rule 26 is inaccurate and improperly seeks to shift the burden under Rule 37. *Dayton Valley*, 2010 WL 3829219 at *5 ("The party facing sanctions under Rule 37(c)(1) has

---

[6] Plaintiffs' failure to disclose Mr. Riegel until a month after Plaintiffs spoke with him, Bernay Decl. ¶¶ 4-5 (Dkt. 868-1), provides yet another reason to preclude him. *See Petrone*, 2014 WL 2965250, at *2 (plaintiff had "obligation to disclose the names and information they had to the defendants as soon as they became aware of it"). Plaintiffs' counsel also suggested to the Court that, as early as August 13, 2014, over two months before witness lists were due, Plaintiffs were in the process of identifying an absent reseller class member to testify. Oct. 29, 2014 Tr. at 13:19-25.

the burden of showing that any failure is substantially justified or harmless"). Regardless, the Court already rejected that assertion. Oct. 29, 2014 Tr. at 17:6-9 ("[T]here's significant prejudice here. This is years late. Eve of trial. The eve of trial after a nine-year hold on this case").

The last-minute and rushed deposition of Mr. Riegel and written discovery from him does not cure that plain prejudice, recognized by the Court. There can be no dispute that the discovery Apple will obtain from Mr. Riegel will be less than complete and would have been more thorough had he been disclosed as required by Rule 26. Even if the discovery was able to be substantively complete in this short time, it comes far too late to incorporate fully into Apple's trial preparation and presentation (particularly expert reports and analysis), and is causing a significant disruption to such trial preparation. *E.g.*, *Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1062 (9th Cir. 2004) ("Disruption to the schedule of the court and other parties" is "not harmless" even where "the ultimate trial date was still some months away," because courts "set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to"); *Emmpresa Cubana Del Tabaco v. Culbro Corp.*, 213 F.R.D. 151, 159-60 (S.D.N.Y. 2003) ("prejudice is not limited to the fact that the parties would have to squeeze in two depositions in the two-month period before trial"; "even the bare minimum of discovery required by fairness would at the very least severely hamper trial preparation and likely could not be completed in the two months before the trial is set to begin").[7]

For all the foregoing reasons, the Court should preclude Plaintiffs from calling Mr. Riegel at trial.

---

[7] *Hoffman v. Construction Protective Services, Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008) (late disclosure of damage computations for opt-in plaintiffs not harmless despite severance of those plaintiffs' claims because it "would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date"); *RBS Citizens, N.A. v. Husain*, 291 F.R.D. 209, 215 (N.D. Ill. 2013) (late disclosure not harmless despite opportunity to take discovery because had "RBS known of the involvement of an accountant, it might well have conducted its depositions differently"); *Lujan v. Cabana Mgmt., Inc.*, 284 F.R.D. 50, 75 (E.D.N.Y. 2012) (late disclosure not harmless because even "if the Court reopened the discovery phase to allow plaintiffs to conduct discovery, plaintiffs would be burdened with significant additional costs (including the costs entailed in resubmitting the pending motion for certification and opposition to decertification)"); *Baker v. Snyder*, No. 05-CV-152, 2006 WL 2506251, at *2 (E.D. Tenn. Aug. 28, 2006) (late disclosure not harmless even though defendants took deposition because "Defendants cannot reasonably in the short time remaining before trial, investigate and conduct discovery on the issues raised by the witness's deposition testimony").

| | | |
|---|---|---|
| 1 | Date: November 4, 2014 | Respectfully Submitted, |
| 2 | | BOIES, SCHILLER & FLEXNER LLP |

By:  */s/ John F. Cove, Jr.*
     JOHN F. COVE, JR.
*Attorneys for Defendant Apple Inc.*