# EXHIBIT 24

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA  92101
   Telephone:  619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC  20007
   Telephone:  202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                  UNITED STATES DISTRICT COURT
16
                NORTHERN DISTRICT OF CALIFORNIA
17
                         SAN JOSE DIVISION
18

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
| ALL ACTIONS. | |

24 PROPOUNDING PARTY:    APPLE INC.

25 RESPONDING PARTY:      SOMTAI TROY CHAROENSAK

26 SET NO.:                           ONE

27

28

590179_1

1    Plaintiff, by and through his attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2   Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3   Interrogatories ("Interrogatories").

4   **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6   completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7   Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8   Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.  No expert

9   discovery has been conducted.  Accordingly, the responses herein given are without prejudice to

10   Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11   and/or to add to, modify or to otherwise change or amend the responses herein.  The information set

12   forth below is true and correct to the best knowledge of Plaintiff at this particular time.  Plaintiff

13   expressly reserves his right to supplemental these responses as additional information is forthcoming

14   in the discovery process.

15   **II.    GENERAL OBJECTIONS**

16    Plaintiff asserts the following General Objections and hereby incorporates them into each

17   individual response below.

18    1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19   that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20   otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21    2.    Plaintiff objects to this discovery to the extent it calls for information that is protected

22   by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23   privilege.

24    3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25   unduly burdensome.

26    4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27   they are vague or ambiguous.

28

1    5.    Plaintiff objects to the Interrogatories to the extent the information requested is

2  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3    6.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient

4  particularity the information sought.

5    7.    Plaintiff objects to the Interrogatories to the extent they seek information that is

6  improper or request that Plaintiff provides, under oath, information or contentions not within

7  Plaintiff's personal knowledge.

8    8.    Plaintiff objects to the Interrogatories to the extent they seek information equally

9  available to Apple or information that originated from Apple's possession, custody or control.

10    9.    Plaintiff also objects to the extent the Interrogatories seek information that is

11  ascertainable only through expert discovery, which is not completed, and/or calls for a legal

12  conclusion.

13    10.    To the extent Plaintiff provides a response to the Interrogatories, such response shall

14  not constitute waiver of any objection to the Interrogatories.  Plaintiff also expressly reserves his

15  right to object to the introduction of any response to these Interrogatories or any portion thereof into

16  evidence.

17  **III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

18    In addition to the General Objections, above, Plaintiff has set forth the following Specific

19  Objections.  By setting forth such Specific Objections, Plaintiff does not limit or restrict the General

20  Objections.  Plaintiff reserves his right to supplement his responses.

21  INTERROGATORY NO. 1:

22    Please identify all facts that YOU contend support your position that Apple has "used its

23  dominant market position in the markets for Audio Downloads and Portable Digital Media Players to

24  stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the

25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 1:

27    Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

1 conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3 respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

4 information that is equally available to Apple or information that originated from Apple's

5 possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7 has not completed discovery, has not completed expert analysis and has not completed preparation

8 for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11 of documents in the last three weeks of discovery.

12 INTERROGATORY NO. 2:

13      Please identify all facts that YOU contend support your position that "Apple engaged in

14 systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

15 Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16 RESPONSE TO INTERROGATORY NO. 2:

17      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18 burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

19 conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

20 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

21 respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

22 information that is equally available to Apple or information that originated from Apple's

23 possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

24 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

25 has not completed discovery, has not completed expert analysis and has not completed preparation

26 for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

27 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 3:

4       Please identify all facts that YOU contend support your position that "In the process, Apple

5  deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6  Media Player Market," as alleged in paragraph 2 of the Complaint.

7  RESPONSE TO INTERROGATORY NO. 3:

8       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

11  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13  information that is equally available to Apple or information that originated from Apple's

14  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

15  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16  has not completed discovery, has not completed expert analysis and has not completed preparation

17  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20  of documents in the last three weeks of discovery.

21  INTERROGATORY NO. 4:

22       Please identify all facts that YOU contend support your position that "Apple used unneeded

23  technological restrictions in conjunction with software updates to suppress new products that

24  threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 4:

27       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                                    - 4 -

1   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4   information that is equally available to Apple or information that originated from Apple's

5   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7   has not completed discovery, has not completed expert analysis and has not completed preparation

8   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 5:

13        Please identify all facts that YOU contend support your position that "Apple initially gained

14  its monopoly power through the use of proprietary software on Audio Downloads purchased from

15  Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the

16  Complaint.

17  RESPONSE TO INTERROGATORY NO. 5:

18        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

19  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

20  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

21  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

22  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

23  information that is equally available to Apple or information that originated from Apple's

24  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

25  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

26  has not completed discovery, has not completed expert analysis and has not completed preparation

27  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

28  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

1    months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2    of documents in the last three weeks of discovery.

3    INTERROGATORY NO. 6:

4         Please identify all facts that YOU contend support your position that "When competitors

5    attempted to enter either market by selling products compatible with Apple's market-leading iPod or

6    iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph

7    4 of the Complaint.

8    RESPONSE TO INTERROGATORY NO. 6:

9         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

10   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

11   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

12   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

13   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

14   information that is equally available to Apple or information that originated from Apple's

15   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

16   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

17   has not completed discovery, has not completed expert analysis and has not completed preparation

18   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

19   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

20   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

21   of documents in the last three weeks of discovery.

22   INTERROGATORY NO. 7:

23        Please identify all facts that YOU contend support your position that "Consumers and

24   merchants have come to recognize the Audio Download Market as a separate and distinct market

25   from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26   RESPONSE TO INTERROGATORY NO. 7:

27        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this
2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4  information that is equally available to Apple or information that originated from Apple's
5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is
6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7  has not completed discovery, has not completed expert analysis and has not completed preparation
8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 8:

13       Please identify all facts that YOU contend support your position that "Barriers to entry in the
14  Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15  RESPONSE TO INTERROGATORY NO. 8:

16       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
17  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
18  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this
19  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
20  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
21  information that is equally available to Apple or information that originated from Apple's
22  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is
23  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
24  has not completed discovery, has not completed expert analysis and has not completed preparation
25  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
26  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
27  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
28  of documents in the last three weeks of discovery.

1  INTERROGATORY NO. 9:

2      Please identify all facts that YOU contend support your position that "Barriers to entry in the

3  Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4  RESPONSE TO INTERROGATORY NO. 9:

5      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10 information that is equally available to Apple or information that originated from Apple's

11 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13 has not completed discovery, has not completed expert analysis and has not completed preparation

14 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17 of documents in the last three weeks of discovery.

18 INTERROGATORY NO. 10:

19      Please identify all facts that YOU contend support your position that "But for Apple's

20 anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21 competing manufacturers of Portable Digital Media Players because it would have expanded the

22 consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23 RESPONSE TO INTERROGATORY NO. 10:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1  information that is equally available to Apple or information that originated from Apple's
2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4  has not completed discovery, has not completed expert analysis and has not completed preparation
5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 11:

10      Please identify all facts that YOU contend support your position that "Apple also issued
11  several software updates intended to prevent Audio Downloads purchased from iTS from being
12  played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13  RESPONSE TO INTERROGATORY NO. 11:

14      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
15  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
16  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
17  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
18  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
19  information that is equally available to Apple or information that originated from Apple's
20  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
21  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
22  has not completed discovery, has not completed expert analysis and has not completed preparation
23  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
24  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
25  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
26  of documents in the last three weeks of discovery.

27

28

1  INTERROGATORY NO. 12:

2      Please identify all facts that YOU contend support the position that cellular telephones that

3  store and play digital music files – including but not limited to "smartphones" – do or do not

4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11 information that is equally available to Apple or information that originated from Apple's

12 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14 has not completed discovery, has not completed expert analysis and has not completed preparation

15 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18 of documents in the last three weeks of discovery.

19 INTERROGATORY NO. 13:

20     Please identify all facts that YOU contend support the position that "As a direct result of

21 Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22 supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23 RESPONSE TO INTERROGATORY NO. 13:

24     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1  information that is equally available to Apple or information that originated from Apple's

2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4  has not completed discovery, has not completed expert analysis and has not completed preparation

5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 14:

10      Please state the amount that Plaintiffs and members of the Class would have paid but for

11  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12  RESPONSE TO INTERROGATORY NO. 14:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

15  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

16  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

17  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

18  information that is equally available to Apple or information that originated from Apple's

19  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

20  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

21  has not completed discovery, has not completed expert analysis and has not completed preparation

22  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

23  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

24  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

25  of documents in the last three weeks of discovery.

26

27

28

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                              - 11 -

1    INTERROGATORY NO. 15:

2        Please identify all facts that YOU contend support your position that "Apple's prices for

3    iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged

4    in paragraph 92 of the Complaint.

5    RESPONSE TO INTERROGATORY NO. 15:

6        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11   information that is equally available to Apple or information that originated from Apple's

12   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14   has not completed discovery, has not completed expert analysis and has not completed preparation

15   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18   of documents in the last three weeks of discovery.

19   INTERROGATORY NO. 16:

20       Please state the amount that Plaintiffs and members of the Class would have paid but for

21   Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22   RESPONSE TO INTERROGATORY NO. 16:

23       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28   information that is equally available to Apple or information that originated from Apple's

1    possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

2    premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3    has not completed discovery, has not completed expert analysis and has not completed preparation

4    for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5    identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6    months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7    of documents in the last three weeks of discovery.

8    INTERROGATORY NO. 17:

9        Please identify each software program, including, without limitation, those referred to in

10    paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11    interoperable with any device not manufactured by Apple.

12    RESPONSE TO INTERROGATORY NO. 17:

13        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14    burdensome, and compound.  Plaintiff also objects that this Interrogatory seeks information that is

15    equally available to Apple.  Plaintiff further objects that this Interrogatory seeks information that is

16    neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17    INTERROGATORY NO. 18:

18        If your response to Request for Admission No. 7 was anything other than an unqualified

19    admission, please identify all facts that YOU contend support YOUR response to Request for

20    Admission No. 7.

21    RESPONSE TO INTERROGATORY NO. 18:

22        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23    burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

24    conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

25    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26    respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

27    information that is equally available to Apple or information that originated from Apple's

28    possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  INTERROGATORY NO. 19:

8       If your response to Request for Admission No. 7 was anything other than an unqualified

9  admission, please identify all facts that YOU contend support YOUR response to Request for

10  Admission No. 7.

11  RESPONSE TO INTERROGATORY NO. 19:

12       This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates his

13  response to Interrogatory No. 18 above.

14  INTERROGATORY NO. 20:

15       Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16  PLAYER that YOU have purchased or used.

17  RESPONSE TO INTERROGATORY NO. 20:

18       Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19  compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20  Plaintiff objects to identifying all portable digital media players that he has ever "purchased," to the

21  extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22  being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23  admissible evidence.

24       Subject to and without waiver of any of the foregoing Specific Objections and General

25  Objections, Plaintiff responds as follows:

26       Plaintiff purchased a 20GB Apple iPod.

27

28

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                              - 14 -

1  INTERROGATORY NO. 21:

2      For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3  No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4  the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5  music.

6  RESPONSE TO INTERROGATORY NO. 21:

7      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8  burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9  evidence. Plaintiff objects to the extent this request requires him to identify the sources of music on

10 portable digital media players that are not in his possession and/or portable digital media players that

11 he has never used.

12     Subject to and without waiver of any of the foregoing Specific Objections and General

13 Objections, Plaintiff responds as follows:

14     Approximately 80% of Plaintiff's music collection is from his CD collection, some of which

15 he has burned onto his library. The remaining estimated 20% comes from iTS purchases. Plaintiff

16 also made a one-time single purchase of a music file from a legal online MP3 music store, whose

17 name he does not recall.

18 INTERROGATORY NO. 22:

19     Please identify all facts that YOU contend support your position that the software programs

20 referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

21 Media Players other than the iPod.

22 RESPONSE TO INTERROGATORY NO. 22:

23     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28 information that is equally available to Apple or information that originated from Apple's

1  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

2  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3  has not completed discovery, has not completed expert analysis and has not completed preparation

4  for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7  of documents in the last three weeks of discovery.

8  DATED: December 16, 2010                    ROBBINS GELLER RUDMAN
                                                & DOWD LLP
9                                               JOHN J. STOIA, JR.
                                                BONNY E. SWEENEY
10                                              THOMAS R. MERRICK
                                                ALEXANDRA S. BERNAY
11                                              PAULA M. ROACH

12

13                                              BONNY E. SWEENEY

14

15                                              655 West Broadway, Suite 1900
                                                San Diego, CA  92101
16                                              Telephone:  619/231-1058
                                                619/231-7423 (fax)

17                                              THE KATRIEL LAW FIRM
                                                ROY A. KATRIEL
18                                              1101 30th Street, N.W., Suite 500
                                                Washington, DC  20007
19                                              Telephone:  202/625-4342
                                                202/330-5593 (fax)
20
                                                Co-Lead Counsel for Plaintiffs
21
                                                BONNETT, FAIRBOURN, FRIEDMAN
22                                                & BALINT, P.C.
                                                ANDREW S. FRIEDMAN
23                                              FRANCIS J. BALINT, JR.
                                                ELAINE A. RYAN
24                                              TODD D. CARPENTER
                                                2901 N. Central Avenue, Suite 1000
25                                              Phoenix, AZ  85012
                                                Telephone:  602/274-1100
26                                              602/274-1199 (fax)

27                                              BRAUN LAW GROUP, P.C.
                                                MICHAEL D. BRAUN
28                                              10680 West Pico Blvd., Suite 280

PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 16 -

1    Los Angeles, CA 90064
     Telephone: 310/836-6000
2    310/836-6010 (fax)

3    MURRAY, FRANK & SAILER LLP
     BRIAN P. MURRAY
4    JACQUELINE SAILER
     275 Madison Avenue, Suite 801
5    New York, NY 10016
     Telephone: 212/682-1818
6    212/682-1892 (fax)

7    GLANCY BINKOW & GOLDBERG LLP
     MICHAEL GOLDBERG
8    1801 Avenue of the Stars, Suite 311
     Los Angeles, CA 90067
9    Telephone: 310/201-9150
     310/201-9160 (fax)

10   Additional Counsel for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF SERVICE BY MAIL AND E-MAIL

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.    That on December 16, 2010, declarant served PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

4.    Also on December 16, 2010, I served the attached PLAINTIFF SOMTAI TROY CHAROENSAK'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 16, 2010, at San Diego, California.

CHRISTINE CLARK

APPLE TYING

Service List - 12/16/2010    (06-0171)

Page 1 of 1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
  415/626-3939
  415/875-5700 (Fax)


**Counsel For Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
  602/274-1100
  602/274-1199 (Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
  310/836-6000
  310/836-6010 (Fax)

Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
  212/907-0700
  212/818-0477 (Fax)

Jacqueline Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
  212/682-1818
  212/682-1892 (Fax)

John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
  619/231-1058
  619/231-7423 (Fax)

Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC  20007
  202/625-4342
  866/373-4023 (Fax)



$ 02.58⁰
DEC 16 2010
MAILED FROM ZIP CODE 9 2 1 0

Robbins Geller
Rudman & Dowd LLP

655 West Broadway
Suite 1900
San Diego, CA  92101

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan

Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104

# EXHIBIT 25

ROBBINS GELLER RUDMAN
   & DOWD LLP
JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
johns@rgrdlaw.com
bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
xanb@rgrdlaw.com
proach@rgrdlaw.com

THE KATRIEL LAW FIRM
ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)
rak@katriellaw.com

Co-Lead Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
|     ALL ACTIONS. | |

PROPOUNDING PARTY:    APPLE INC.

RESPONDING PARTY:    MARIANA ROSEN

SET NO.:           ONE

590180_1

1    Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2    Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3    Interrogatories ("Interrogatories").

4    **I.     PRELIMINARY STATEMENT**

5        Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6    completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7    Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8    Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.    No expert

9    discovery has been conducted.    Accordingly, the responses herein given are without prejudice to

10   Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11   and/or to add to, modify or to otherwise change or amend the responses herein.    The information set

12   forth below is true and correct to the best knowledge of Plaintiff at this particular time.    Plaintiff

13   expressly reserves her right to supplemental these responses as additional information is forthcoming

14   in the discovery process.

15   **II.     GENERAL OBJECTIONS**

16       Plaintiff asserts the following General Objections and hereby incorporates them into each

17   individual response below.

18       1.     Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19   that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20   otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21       2.     Plaintiff objects to this discovery to the extent it calls for information that is protected

22   by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23   privilege.

24       3.     Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25   unduly burdensome.

26       4.     Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27   they are vague or ambiguous.

28

1    5.    Plaintiff objects to the Interrogatories to the extent the information requested is
2  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

3    6.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient
4  particularity the information sought.

5    7.    Plaintiff objects to the Interrogatories to the extent they seek information that is
6  improper or request that Plaintiff provides, under oath, information or contentions not within
7  Plaintiff's personal knowledge.

8    8.    Plaintiff objects to the Interrogatories to the extent they seek information equally
9  available to Apple or information that originated from Apple's possession, custody or control.

10    9.    Plaintiff also objects to the extent the Interrogatories seek information that is
11  ascertainable only through expert discovery, which is not completed, and/or calls for a legal
12  conclusion.

13    10.    To the extent Plaintiff provides a response to the Interrogatories, such response shall
14  not constitute waiver of any objection to the Interrogatories.  Plaintiff also expressly reserves her
15  right to object to the introduction of any response to these Interrogatories or any portion thereof into
16  evidence.

17  **III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

18    In addition to the General Objections, above, Plaintiff has set forth the following Specific
19  Objections. By setting forth such Specific Objections, Plaintiff does not limit or restrict the General
20  Objections.  Plaintiff reserves her right to supplement her responses.

21  INTERROGATORY NO. 1:

22    Please identify all facts that YOU contend support your position that Apple has "used its
23  dominant market position in the markets for Audio Downloads and Portable Digital Media Players to
24  stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the
25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 1:

27    Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
28  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

1   conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this
2   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4   information that is equally available to Apple or information that originated from Apple's
5   possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is
6   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7   has not completed discovery, has not completed expert analysis and has not completed preparation
8   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 2:

13      Please identify all facts that YOU contend support your position that "Apple engaged in
14  systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media
15  Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16  RESPONSE TO INTERROGATORY NO. 2:

17      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
18  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
19  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this
20  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
21  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
22  information that is equally available to Apple or information that originated from Apple's
23  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is
24  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
25  has not completed discovery, has not completed expert analysis and has not completed preparation
26  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
27  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

1 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2 of documents in the last three weeks of discovery.

3 INTERROGATORY NO. 3:

4       Please identify all facts that YOU contend support your position that "In the process, Apple

5 deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6 Media Player Market," as alleged in paragraph 2 of the Complaint.

7 RESPONSE TO INTERROGATORY NO. 3:

8       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

11 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13 information that is equally available to Apple or information that originated from Apple's

14 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

15 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16 has not completed discovery, has not completed expert analysis and has not completed preparation

17 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20 of documents in the last three weeks of discovery.

21 INTERROGATORY NO. 4:

22       Please identify all facts that YOU contend support your position that "Apple used unneeded

23 technological restrictions in conjunction with software updates to suppress new products that

24 threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25 Complaint.

26 RESPONSE TO INTERROGATORY NO. 4:

27       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4  information that is equally available to Apple or information that originated from Apple's
5  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7  has not completed discovery, has not completed expert analysis and has not completed preparation
8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 5:

13      Please identify all facts that YOU contend support your position that "Apple initially gained
14  its monopoly power through the use of proprietary software on Audio Downloads purchased from
15  Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the
16  Complaint.

17  RESPONSE TO INTERROGATORY NO. 5:

18      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
19  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
20  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
21  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
22  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
23  information that is equally available to Apple or information that originated from Apple's
24  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
25  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
26  has not completed discovery, has not completed expert analysis and has not completed preparation
27  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
28  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 6:

4      Please identify all facts that YOU contend support your position that "When competitors

5  attempted to enter either market by selling products compatible with Apple's market-leading iPod or

6  iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph

7  4 of the Complaint.

8  RESPONSE TO INTERROGATORY NO. 6:

9      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

10  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

11  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

12  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

13  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

14  information that is equally available to Apple or information that originated from Apple's

15  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

16  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

17  has not completed discovery, has not completed expert analysis and has not completed preparation

18  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

19  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

20  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

21  of documents in the last three weeks of discovery.

22  INTERROGATORY NO. 7:

23      Please identify all facts that YOU contend support your position that "Consumers and

24  merchants have come to recognize the Audio Download Market as a separate and distinct market

25  from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26  RESPONSE TO INTERROGATORY NO. 7:

27      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
2   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4   information that is equally available to Apple or information that originated from Apple's
5   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
6   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7   has not completed discovery, has not completed expert analysis and has not completed preparation
8   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 8:

13         Please identify all facts that YOU contend support your position that "Barriers to entry in the
14  Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15  RESPONSE TO INTERROGATORY NO. 8:

16         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
17  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
18  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
19  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
20  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
21  information that is equally available to Apple or information that originated from Apple's
22  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
23  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
24  has not completed discovery, has not completed expert analysis and has not completed preparation
25  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
26  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
27  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
28  of documents in the last three weeks of discovery.

590180_1   PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
           INTERROGATORIES - C-05-00037-JW(HRL)                                    - 7 -

1    INTERROGATORY NO. 9:

2         Please identify all facts that YOU contend support your position that "Barriers to entry in the

3    Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4    RESPONSE TO INTERROGATORY NO. 9:

5         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9    respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10   information that is equally available to Apple or information that originated from Apple's

11   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13   has not completed discovery, has not completed expert analysis and has not completed preparation

14   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17   of documents in the last three weeks of discovery.

18   INTERROGATORY NO. 10:

19        Please identify all facts that YOU contend support your position that "But for Apple's

20   anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21   competing manufacturers of Portable Digital Media Players because it would have expanded the

22   consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23   RESPONSE TO INTERROGATORY NO. 10:

24        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1  information that is equally available to Apple or information that originated from Apple's
2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4  has not completed discovery, has not completed expert analysis and has not completed preparation
5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 11:

10     Please identify all facts that YOU contend support your position that "Apple also issued
11  several software updates intended to prevent Audio Downloads purchased from iTS from being
12  played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13  RESPONSE TO INTERROGATORY NO. 11:

14     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
15  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
16  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
17  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
18  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
19  information that is equally available to Apple or information that originated from Apple's
20  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
21  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
22  has not completed discovery, has not completed expert analysis and has not completed preparation
23  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
24  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
25  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
26  of documents in the last three weeks of discovery.

27

28

1  INTERROGATORY NO. 12:

2      Please identify all facts that YOU contend support the position that cellular telephones that

3  store and play digital music files – including but not limited to "smartphones" – do or do not

4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11 information that is equally available to Apple or information that originated from Apple's

12 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14 has not completed discovery, has not completed expert analysis and has not completed preparation

15 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18 of documents in the last three weeks of discovery.

19 INTERROGATORY NO. 13:

20     Please identify all facts that YOU contend support the position that "As a direct result of

21 Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22 supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23 RESPONSE TO INTERROGATORY NO. 13:

24     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 10 -

1  information that is equally available to Apple or information that originated from Apple's
2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
4  has not completed discovery, has not completed expert analysis and has not completed preparation
5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 14:

10      Please state the amount that Plaintiffs and members of the Class would have paid but for
11  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12  RESPONSE TO INTERROGATORY NO. 14:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
14  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
15  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
16  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
17  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
18  information that is equally available to Apple or information that originated from Apple's
19  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
20  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
21  has not completed discovery, has not completed expert analysis and has not completed preparation
22  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
23  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
24  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
25  of documents in the last three weeks of discovery.

26

27

28

1  INTERROGATORY NO. 15:

2          Please identify all facts that YOU contend support your position that "Apple's prices for

3  iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged

4  in paragraph 92 of the Complaint.

5  RESPONSE TO INTERROGATORY NO. 15:

6          Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11 information that is equally available to Apple or information that originated from Apple's

12 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14 has not completed discovery, has not completed expert analysis and has not completed preparation

15 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18 of documents in the last three weeks of discovery.

19 INTERROGATORY NO. 16:

20         Please state the amount that Plaintiffs and members of the Class would have paid but for

21 Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22 RESPONSE TO INTERROGATORY NO. 16:

23         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28 information that is equally available to Apple or information that originated from Apple's

1 | possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
2 | premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
3 | has not completed discovery, has not completed expert analysis and has not completed preparation
4 | for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
5 | identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
6 | months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
7 | of documents in the last three weeks of discovery.

8 | INTERROGATORY NO. 17:

9 | Please identify each software program, including, without limitation, those referred to in
10 | paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS
11 | interoperable with any device not manufactured by Apple.

12 | RESPONSE TO INTERROGATORY NO. 17:

13 | Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
14 | burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is
15 | equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is
16 | neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17 | INTERROGATORY NO. 18:

18 | If your response to Request for Admission No. 7 was anything other than an unqualified
19 | admission, please identify all facts that YOU contend support YOUR response to Request for
20 | Admission No. 7.

21 | RESPONSE TO INTERROGATORY NO. 18:

22 | Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
23 | burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
24 | conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
25 | Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
26 | respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
27 | information that is equally available to Apple or information that originated from Apple's
28 | possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1    premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2    has not completed discovery, has not completed expert analysis and has not completed preparation

3    for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4    identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5    months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6    of documents in the last three weeks of discovery.

7    <u>INTERROGATORY NO. 19</u>:

8        If your response to Request for Admission No. 7 was anything other than an unqualified

9    admission, please identify all facts that YOU contend support YOUR response to Request for

10    Admission No. 7.

11    <u>RESPONSE TO INTERROGATORY NO. 19</u>:

12        This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates her

13    response to Interrogatory No. 18 above.

14    <u>INTERROGATORY NO. 20</u>:

15        Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16    PLAYER that YOU have purchased or used.

17    <u>RESPONSE TO INTERROGATORY NO. 20</u>:

18        Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19    compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20    Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the

21    extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22    being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23    admissible evidence.

24        Subject to and without waiver of any of the foregoing Specific Objections and General

25    Objections, Plaintiff responds as follows:

26        Plaintiff has purchased a 15GB iPod, and a 30GB video iPod for her own use. She also

27    purchased an iPod Mini as a present for her sister. She has not purchased any other MP3 players.

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                      - 14 -

1   INTERROGATORY NO. 21:

2       For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3   No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4   the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5   music.

6   RESPONSE TO INTERROGATORY NO. 21:

7       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8   burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9   evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on

10  portable digital media players that are not in her possession and/or portable digital media players that

11  she has never used.

12      Subject to and without waiver of any of the foregoing Specific Objections and General

13  Objections, Plaintiff responds as follows:

14      Plaintiff's music comes from two sources: her physical CD collections, some of which she

15  has downloaded onto her iTunes library; and, her music purchases from the iTS. Her best estimate is

16  that she has a 50-50 ratio of music from these two sources.

17  INTERROGATORY NO. 22:

18      Please identify all facts that YOU contend support your position that the software programs

19  referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

20  Media Players other than the iPod.

21  RESPONSE TO INTERROGATORY NO. 22:

22      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  DATED: December 16, 2010

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH


BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

1

2        BRAUN LAW GROUP, P.C.
         MICHAEL D. BRAUN
3        10680 West Pico Blvd., Suite 280
         Los Angeles, CA  90064
         Telephone:  310/836-6000
4        310/836-6010 (fax)

5        MURRAY, FRANK & SAILER LLP
         BRIAN P. MURRAY
6        JACQUELINE SAILER
         275 Madison Avenue, Suite 801
7        New York, NY  10016
         Telephone:  212/682-1818
8        212/682-1892 (fax)

9        GLANCY BINKOW & GOLDBERG LLP
         MICHAEL GOLDBERG
10       1801 Avenue of the Stars, Suite 311
         Los Angeles, CA  90067
11       Telephone:  310/201-9150
         310/201-9160 (fax)

12
         Additional Counsel for Plaintiffs
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 17 -

## DECLARATION OF SERVICE BY MAIL AND E-MAIL

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.    That on December 16, 2010, declarant served PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

4.    Also on December 16, 2010, I served the attached PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 16, 2010, at San Diego, California.

CHRISTINE CLARK

APPLE TYING
Service List - 12/16/2010    (06-0171)
Page 1 of  1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
    415/626-3939
    415/875-5700 (Fax)


**Counsel For Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
    602/274-1100
    602/274-1199 (Fax)


Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
    212/907-0700
    212/818-0477 (Fax)


John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
    619/231-1058
    619/231-7423 (Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
    310/836-6000
    310/836-6010 (Fax)


Jacqueline  Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
    212/682-1818
    212/682-1892 (Fax)


Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC  20007
    202/625-4342
    866/373-4023 (Fax)



Robbins Geller
Rudman & Dowd LLP

655 West Broadway
Suite 1900
San Diego, CA 92101

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan

Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

# EXHIBIT 26

1  ROBBINS GELLER RUDMAN
      & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
   BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
   ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
   655 West Broadway, Suite 1900
5  San Diego, CA 92101
   Telephone: 619/231-1058
6  619/231-7423 (fax)
   johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
   tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
   proach@rgrdlaw.com
9
   THE KATRIEL LAW FIRM
10 ROY A. KATRIEL (*pro hac vice*)
   1101 30th Street, N.W., Suite 500
11 Washington, DC 20007
   Telephone: 202/625-4342
12 202/330-5593 (fax)
   rak@katriellaw.com
13
   Co-Lead Counsel for Plaintiffs
14
   [Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                  NORTHERN DISTRICT OF CALIFORNIA
17
                         SAN JOSE DIVISION
18
   THE APPLE IPOD ITUNES ANTI-TRUST      )  Lead Case No. C-05-00037-JW(HRL)
19 LITIGATION                            )
                                         )  CLASS ACTION
20 ————————————————————                  )
                                         )  PLAINTIFF MELANIE TUCKER'S
21 This Document Relates To:             )  RESPONSE TO DEFENDANT APPLE
                                         )  INC.'S FIRST INTERROGATORIES
22      ALL ACTIONS.                     )
   ————————————————————                  )
23
24 PROPOUNDING PARTY:    APPLE INC.
25 RESPONDING PARTY:     MELANIE TUCKER
26 SET NO.:              ONE
27
28

586092_1

1    Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2    Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3    Interrogatories ("Interrogatories").

4    **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6    completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7    Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8    Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.   No expert

9    discovery has been conducted.  Accordingly, the responses herein given are without prejudice to

10   Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11   and/or to add to, modify or to otherwise change or amend the responses herein.  The information set

12   forth below is true and correct to the best knowledge of Plaintiff at this particular time.  Plaintiff

13   expressly reserves her right to supplemental these responses as additional information is forthcoming

14   in the discovery process.

15   **II.    GENERAL OBJECTIONS**

16   Plaintiff asserts the following General Objections and hereby incorporates them into each

17   individual response below.

18   1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19   that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20   otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21   2.    Plaintiff objects to this discovery to the extent it calls for information that is protected

22   by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23   privilege.

24   3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25   unduly burdensome.

26   4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27   they are vague or ambiguous.

28

5.      Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information sought.

7.      Plaintiff objects to the Interrogatories to the extent they seek information that is improper or request that Plaintiff provides, under oath, information or contentions not within Plaintiff's personal knowledge.

8.      Plaintiff objects to the Interrogatories to the extent they seek information equally available to Apple or information that originated from Apple's possession, custody or control.

9.      Plaintiff also objects to the extent the Interrogatories seek information that is ascertainable only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10.      To the extent Plaintiff provides a response to the Interrogatories, such response shall not constitute waiver of any objection to the Interrogatories.  Plaintiff also expressly reserves her right to object to the introduction of any response to these Interrogatories or any portion thereof into evidence.

## III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

In addition to the General Objections, above, Plaintiff has set forth the following Specific Objections.  By setting forth such Specific Objections, Plaintiff does not limit or restrict the General Objections.  Plaintiff reserves her right to supplement her responses.

<u>INTERROGATORY NO. 1:</u>

Please identify all facts that YOU contend support your position that Apple has "used its dominant market position in the markets for Audio Downloads and Portable Digital Media Players to stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the Complaint.

<u>RESPONSE TO INTERROGATORY NO. 1:</u>

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

1   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4   information that is equally available to Apple or information that originated from Apple's

5   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7   has not completed discovery, has not completed expert analysis and has not completed preparation

8   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 2:

13         Please identify all facts that YOU contend support your position that "Apple engaged in

14  systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

15  Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16  RESPONSE TO INTERROGATORY NO. 2:

17         Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

19  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

20  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

21  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

22  information that is equally available to Apple or information that originated from Apple's

23  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

24  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

25  has not completed discovery, has not completed expert analysis and has not completed preparation

26  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

27  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 3:

4        Please identify all facts that YOU contend support your position that "In the process, Apple

5  deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6  Media Player Market," as alleged in paragraph 2 of the Complaint.

7  RESPONSE TO INTERROGATORY NO. 3:

8        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

11  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13  information that is equally available to Apple or information that originated from Apple's

14  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

15  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16  has not completed discovery, has not completed expert analysis and has not completed preparation

17  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20  of documents in the last three weeks of discovery.

21  INTERROGATORY NO. 4:

22        Please identify all facts that YOU contend support your position that "Apple used unneeded

23  technological restrictions in conjunction with software updates to suppress new products that

24  threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 4:

27        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                              - 4 -

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11 of documents in the last three weeks of discovery.

12 INTERROGATORY NO. 5:

13     Please identify all facts that YOU contend support your position that "Apple initially gained

14 its monopoly power through the use of proprietary software on Audio Downloads purchased from

15 Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the

16 Complaint.

17 RESPONSE TO INTERROGATORY NO. 5:

18     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

19 burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

20 conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

21 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

22 respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

23 information that is equally available to Apple or information that originated from Apple's

24 possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

25 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

26 has not completed discovery, has not completed expert analysis and has not completed preparation

27 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

28 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

1   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2   of documents in the last three weeks of discovery.

3   INTERROGATORY NO. 6:

4        Please identify all facts that YOU contend support your position that "When competitors

5   attempted to enter either market by selling products compatible with Apple's market-leading iPod or

6   iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph

7   4 of the Complaint.

8   RESPONSE TO INTERROGATORY NO. 6:

9        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

10  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

11  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

12  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

13  respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks

14  information that is equally available to Apple or information that originated from Apple's

15  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

16  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

17  has not completed discovery, has not completed expert analysis and has not completed preparation

18  for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

19  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

20  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

21  of documents in the last three weeks of discovery.

22  INTERROGATORY NO. 7:

23       Please identify all facts that YOU contend support your position that "Consumers and

24  merchants have come to recognize the Audio Download Market as a separate and distinct market

25  from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26  RESPONSE TO INTERROGATORY NO. 7:

27       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 8:

13      Please identify all facts that YOU contend support your position that "Barriers to entry in the

14  Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15  RESPONSE TO INTERROGATORY NO. 8:

16      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

17  burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

18  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this

19  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

20  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

21  information that is equally available to Apple or information that originated from Apple's

22  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is

23  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

24  has not completed discovery, has not completed expert analysis and has not completed preparation

25  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

26  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

27  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

28  of documents in the last three weeks of discovery.

1  INTERROGATORY NO. 9:

2      Please identify all facts that YOU contend support your position that "Barriers to entry in the

3  Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4  RESPONSE TO INTERROGATORY NO. 9:

5      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10  information that is equally available to Apple or information that originated from Apple's

11  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13  has not completed discovery, has not completed expert analysis and has not completed preparation

14  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17  of documents in the last three weeks of discovery.

18  INTERROGATORY NO. 10:

19      Please identify all facts that YOU contend support your position that "But for Apple's

20  anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21  competing manufacturers of Portable Digital Media Players because it would have expanded the

22  consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 10:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1  information that is equally available to Apple or information that originated from Apple's

2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4  has not completed discovery, has not completed expert analysis and has not completed preparation

5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 11:

10      Please identify all facts that YOU contend support your position that "Apple also issued

11  several software updates intended to prevent Audio Downloads purchased from iTS from being

12  played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13  RESPONSE TO INTERROGATORY NO. 11:

14      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

15  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

16  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

17  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

18  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

19  information that is equally available to Apple or information that originated from Apple's

20  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

21  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

22  has not completed discovery, has not completed expert analysis and has not completed preparation

23  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

24  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

25  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

26  of documents in the last three weeks of discovery.

27

28

1  INTERROGATORY NO. 12:

2      Please identify all facts that YOU contend support the position that cellular telephones that

3  store and play digital music files – including but not limited to "smartphones" – do or do not

4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11  information that is equally available to Apple or information that originated from Apple's

12  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14  has not completed discovery, has not completed expert analysis and has not completed preparation

15  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18  of documents in the last three weeks of discovery.

19  INTERROGATORY NO. 13:

20      Please identify all facts that YOU contend support the position that "As a direct result of

21  Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22  supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 13:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

1   information that is equally available to Apple or information that originated from Apple's

2   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4   has not completed discovery, has not completed expert analysis and has not completed preparation

5   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8   of documents in the last three weeks of discovery.

9   INTERROGATORY NO. 14:

10      Please state the amount that Plaintiffs and members of the Class would have paid but for

11  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12  RESPONSE TO INTERROGATORY NO. 14:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

15  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

16  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

17  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

18  information that is equally available to Apple or information that originated from Apple's

19  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

20  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

21  has not completed discovery, has not completed expert analysis and has not completed preparation

22  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

23  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

24  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

25  of documents in the last three weeks of discovery.

26

27

28

586092_1    PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                        - 11 -

1    INTERROGATORY NO. 15:

2        Please identify all facts that YOU contend support your position that "Apple's prices for

3    iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged

4    in paragraph 92 of the Complaint.

5    RESPONSE TO INTERROGATORY NO. 15:

6        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11   information that is equally available to Apple or information that originated from Apple's

12   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14   has not completed discovery, has not completed expert analysis and has not completed preparation

15   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18   of documents in the last three weeks of discovery.

19   INTERROGATORY NO. 16:

20       Please state the amount that Plaintiffs and members of the Class would have paid but for

21   Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22   RESPONSE TO INTERROGATORY NO. 16:

23       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28   information that is equally available to Apple or information that originated from Apple's

1   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3   has not completed discovery, has not completed expert analysis and has not completed preparation

4   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7   of documents in the last three weeks of discovery.

8   INTERROGATORY NO. 17:

9        Please identify each software program, including, without limitation, those referred to in

10  paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11  interoperable with any device not manufactured by Apple.

12  RESPONSE TO INTERROGATORY NO. 17:

13       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is

15  equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

16  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17  INTERROGATORY NO. 18:

18       If your response to Request for Admission No. 7 was anything other than an unqualified

19  admission, please identify all facts that YOU contend support YOUR response to Request for

20  Admission No. 7.

21  RESPONSE TO INTERROGATORY NO. 18:

22       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  INTERROGATORY NO. 19:

8      If your response to Request for Admission No. 7 was anything other than an unqualified

9  admission, please identify all facts that YOU contend support YOUR response to Request for

10  Admission No. 7.

11  RESPONSE TO INTERROGATORY NO. 19:

12      This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates her

13  response to Interrogatory No. 18 above.

14  INTERROGATORY NO. 20:

15      Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16  PLAYER that YOU have purchased or used.

17  RESPONSE TO INTERROGATORY NO. 20:

18      Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19  compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20  Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the

21  extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22  being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23  admissible evidence.

24      Subject to and without waiver of any of the foregoing Specific Objections and General

25  Objections, Plaintiff responds as follows:

26      Plaintiff purchased a 20GB iPod and an iPod video from Apple.

27

28

1  INTERROGATORY NO. 21:

2      For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3  No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4  the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5  music.

6  RESPONSE TO INTERROGATORY NO. 21:

7      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8  burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9  evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on

10  portable digital media players that are not in her possession and/or portable digital media players that

11  she has never used.

12      Subject to and without waiver of any of the foregoing Specific Objections and General

13  Objections, Plaintiff responds as follows:

14      Plaintiff has music from both the iTS and CDs in her online music library and her portable

15  digital media players.

16  INTERROGATORY NO. 22:

17      Please identify all facts that YOU contend support your position that the software programs

18  referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

19  Media Players other than the iPod.

20  RESPONSE TO INTERROGATORY NO. 22:

21      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

22  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

23  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

24  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

25  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

26  information that is equally available to Apple or information that originated from Apple's

27  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

28  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 15 -

1  has not completed discovery, has not completed expert analysis and has not completed preparation

2  for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

3  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

4  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

5  of documents in the last three weeks of discovery.

6  DATED:  December 16, 2010                     ROBBINS GELLER RUDMAN
                                                    & DOWD LLP
7                                                 JOHN J. STOIA, JR.
                                                  BONNY E. SWEENEY
8                                                 THOMAS R. MERRICK
                                                  ALEXANDRA S. BERNAY
9                                                 PAULA M. ROACH

10

11                                                [signature]
                                                  BONNY E. SWEENEY
12
                                                  655 West Broadway, Suite 1900
13                                                San Diego, CA  92101
                                                  Telephone:  619/231-1058
14                                                619/231-7423 (fax)

15                                                THE KATRIEL LAW FIRM
                                                  ROY A. KATRIEL
16                                                1101 30th Street, N.W., Suite 500
                                                  Washington, DC  20007
17                                                Telephone:  202/625-4342
                                                  202/330-5593 (fax)
18
                                                  Co-Lead Counsel for Plaintiffs
19
                                                  BONNETT, FAIRBOURN, FRIEDMAN
20                                                  & BALINT, P.C.
                                                  ANDREW S. FRIEDMAN
21                                                FRANCIS J. BALINT, JR.
                                                  ELAINE A. RYAN
22                                                TODD D. CARPENTER
                                                  2901 N. Central Avenue, Suite 1000
23                                                Phoenix, AZ  85012
                                                  Telephone:  602/274-1100
24                                                602/274-1199 (fax)

25                                                BRAUN LAW GROUP, P.C.
                                                  MICHAEL D. BRAUN
26                                                10680 West Pico Blvd., Suite 280
                                                  Los Angeles, CA  90064
27                                                Telephone:  310/836-6000
                                                  310/836-6010 (fax)
28

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 16 -

1

2     MURRAY, FRANK & SAILER LLP
      BRIAN P. MURRAY
3     JACQUELINE SAILER
      275 Madison Avenue, Suite 801
4     New York, NY 10016
      Telephone: 212/682-1818
5     212/682-1892 (fax)

6     GLANCY BINKOW & GOLDBERG LLP
      MICHAEL GOLDBERG
7     1801 Avenue of the Stars, Suite 311
      Los Angeles, CA 90067
8     Telephone: 310/201-9150
      310/201-9160 (fax)

9     Additional Counsel for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>DECLARATION OF SERVICE BY MAIL AND E-MAIL</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on December 16, 2010, declarant served PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

4.      Also on December 16, 2010, I served the attached PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 16, 2010, at San Diego, California.

CHRISTINE CLARK

586092_1

APPLE TYING
Service List - 12/16/2010    (06-0171)
Page 1 of 1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104
  415/626-3939
  415/875-5700 (Fax)

**Counsel For Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
  602/274-1100
  602/274-1199 (Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
  310/836-6000
  310/836-6010 (Fax)

Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY 10005
  212/907-0700
  212/818-0477 (Fax)

Jacqueline Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY 10016
  212/682-1818
  212/682-1892 (Fax)

John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA 92101
  619/231-1058
  619/231-7423 (Fax)

Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC 20007
  202/625-4342
  866/373-4023 (Fax)

# EXHIBIT 27

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION


THE APPLE IPOD ITUNES              Lead Case No.
ANTI-TRUST LITIGATION.             C-05-00037-JW (HRL)

~~~~~~~~~~~~~~~~~~~~~~~


HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY


VIDEOTAPED 30(b)(6) DEPOSITION OF

EDDY CUE

ON BEHALF OF

APPLE, INC.

VOLUME I


December 17, 2010

9:22 a.m.



1755 Embarcadero Road
Palo Alto, California


Ana M. Dub, RMR, CRR, CSR 7445

119

1    wasn't as much as whether we had 70 or 80 percent;

2    it was that nobody else was coming to market and all

3    the growth was coming from us.

4            And so what they would like to see is

5    others come into the market and expand the market

6    beyond what it was.

7            And we were kind of the only ones that

8    were driving people to digital, and no one else was

9    doing that, and that was of concern to them because

10   they knew the market was bigger than just us.

11       Q.   The labels never voiced any complaints to

12   you regarding RealNetworks' Harmony technology; is

13   that correct?

14       A.   Not that I can recall.

15       Q.   And as far as you understand, the labels

16   didn't view Harmony as a hack; is that right?

17           MR. MITTELSTAEDT:  Objection; lack of

18   foundation, calls for speculation.

19           THE WITNESS:  I don't know what they

20   viewed Harmony as.

21   BY MS. BERNAY:

22       Q.   They never told you --

23       A.   They --

24       Q.   -- that it was a hack; right?

25           MR. MITTELSTAEDT:  I --

120

1            THE WITNESS:  Again, I don't know.

2            MS. BERNAY:  I apologize.

3            THE WITNESS:  I don't know, again,

4    having [verbatim] that I don't recall any

5    conversation with it.

6            But I'm sure that anybody who was

7    technical at the label side would know it was a

8    hack.  So it doesn't require a great deal of

9    expertise to know it was a hack.

10   BY MS. BERNAY:

11       Q.   But they never told you, as far as you can

12   recall, that they thought it was a hack; is that

13   right?

14           MR. MITTELSTAEDT:  Objection;

15   argumentative, asked and answered.

16           THE WITNESS:  Again, I don't recall having

17   a conversation with them about Harmony.

18   BY MS. BERNAY:

19       Q.   What's JHymn?

20       A.   It is a another hack that de-protects

21   files.  So it strips the DRM away from them so that

22   they become DRM-free.

23       Q.   And was JHymn something that sold music to

24   the public?

25       A.   Not that I'm aware of.

Eddy Cue - Volume I                    December 17, 2010
HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

121

1    Q.    It was a technology that would strip the
2  DRM protection from protected songs.  Is that an
3  accurate description?
4    A.    I would describe it as a hack to remove
5  the DRM.
6    Q.    Okay.  And what about --
7    A.    Which was illegal.
8    Q.    Which was illegal?
9    A.    Yes.
10   Q.    And what are you basing that statement on,
11 that it was illegal?
12   A.    Two things.  Number one, the terms of
13 service that we gave to consumers certainly said
14 that when you buy the songs, these are the rights
15 that you gain by it and what you can do with it.
16        And secondly, we had the DRM protection on
17 there.  And my understanding is there's some laws
18 around DMCA and things about stripping the
19 protection away that made it illegal.
20   Q.    You said DMCA.  What's that?
21   A.    I don't -- again --
22   Q.    I just mean, do you know what the acronym
23 is?
24   A.    I don't know what the acronym is.
25   Q.    You just know that it's some --

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

122

1      A.   My attorneys have told me there's some

2  laws around stripping DRMs that are illegal.

3      Q.   Okay.  And what about something called

4  PyMusique?  What is that?

5      A.   It's a similar thing.  Again, there are

6  many, many hacks that have been done over the years

7  to try to rip music off from iTunes.

8      Q.   To rip music off from iTunes?  Is that

9  what you said?

10     A.   That's correct.

11     Q.   And is PyMusique a hack?

12     A.   It is also.

13     Q.   And it's something that strips the DRM

14  protection from a song?

15     A.   I believe so.  I can't recall every single

16  one of them, so . . .

17     Q.   Sure.  And is that something that is

18  illegal, this PyMusique, in your view?

19          MR. MITTELSTAEDT:  Objection; calls for a

20  legal conclusion.

21          THE WITNESS:  Again, that's certainly what

22  my attorneys have represented.

23          MR. MITTELSTAEDT:  Actually, don't --

24  let's strike that.  Don't talk about conversations

25  with the attorneys.

Eddy Cue - Volume I                        December 17, 2010
                HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

123

1              THE WITNESS:  Okay.

2    BY MS. BERNAY:

3          Q.   And going back to RealNetworks now, is

4    that something that stripped the DRM protection off

5    of a song?

6          A.   No, it does not.  It tried to put a DRM

7    to, again, hack to look at -- make it look like it

8    was a FairPlay DRM song.

9          Q.   And would that be something that was

10   illegal, in your view?

11             MR. MITTELSTAEDT:  Objection; calls for a

12   legal conclusion.

13             THE WITNESS:  Again, I don't know.  I did

14   not have -- don't know the answer to the question.

15   BY MS. BERNAY:

16         Q.   Do you know whether JHymn actually

17   affected iTunes as opposed to the iPod?

18         A.   What do you mean by "affected"?

19         Q.   Just whether or not the way that it

20   functioned was at the software level of iTunes as

21   opposed to working on the firmware of the iPod.

22             MR. MITTELSTAEDT:  Objection; compound.

23   BY MS. BERNAY:

24         Q.   If you know.

25         A.   I don't know the answer to the question.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

124

1      Q.    Do you know whether Apple ever sent any

2    cease and desist letters regarding JHymn?

3      A.    I don't recall.

4      Q.    Do you know whether Apple sent any cease

5    and desist letters regarding any hacks that it was

6    concerned about?

7      A.    I don't know what our legal team did.

8      Q.    That's not something that you followed up

9    on?  Or followed, rather?

10     A.    Well, we followed the hacks very closely.

11          But again, how legal responded is not

12   something that I -- most of these were done with

13   either people that were anonymous or people that

14   were in countries that -- were not in the U.S. and

15   other things to that nature that made it harder.  So

16   I don't know how legal responded or what they did.

17     Q.    Okay.  And do you have any information

18   regarding any cease and desist letters that may have

19   been sent by Apple to any other companies that

20   either stripped the DRM or provided their own

21   version of DRM?

22     A.    Again, I don't recall any.  I don't know.

23     Q.    Apart from any communications with the

24   labels, did you have any communications with other

25   people inside of Apple regarding RealNetworks'

125

1    Harmony technology?

2        A.   We did.  I talked about it with Jeff

3    Robbin and also with Steve.

4        Q.   Is that Steve Jobs?

5        A.   That's correct.

6        Q.   And when were those conversations, if you

7    can place them in time?

8        A.   It's certainly after either the

9    announcement or whenever we heard about it.

10       Q.   Are you aware of any communications that

11   the CEO of RealNetworks initiated with anyone at

12   Apple?

13       A.   I'm not.

14       Q.   And you mentioned that you discussed this

15   with Mr. Jobs and Mr. Robbin.  Was that at the same

16   time, or were these separate conversations?

17       A.   I think both.

18       Q.   Okay.  And other than Mr. Robbin and

19   Mr. Jobs, did you discuss issues surrounding

20   RealNetworks' Harmony technology with anyone else at

21   Apple other than legal?

22       A.   I don't know if there were others present

23   in the room.  There may very well be, but I just

24   don't recall.

25       Q.   And what were the contents of those