William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>_____<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S RESPONSE TO PLAINTIFFS' PROPOSED AMENDED ORDER REGARDING PLAINTIFFS' MOTIONS *IN LIMINE*** |

1    Pursuant to the Court's November 7, 2014 request, Apple Inc. ("Apple") respectfully
2 submits this response to Plaintiffs' amended proposed order regarding Plaintiffs' motions *in*
3 *limine* ("MILs") (Dkt. 864) in light of the Court's rulings at the October 29, 2014 Pre-Trial
4 Conference.
5    **Plaintiffs' MILs Nos. 3 (Unchallenged Aspects), 4 (Declarations of Unavailable**
6 **Declarants), 5 (Class Certification), 6 (No Suit By RealNetworks), and 8 (Treble Damages).**
7 Apple agrees that Plaintiffs' amended proposed order accurately reflects the Court's rulings as to
8 these MILs.
9    **Plaintiffs' MIL No. 1 (References To Hacking).**  This motion should be denied.  In
10 their amended proposed order, Plaintiffs incorrectly label the motion "Legality of RealNetworks'
11 [sic] Actions" and propose an order stating incorrectly that the motion was "taken under
12 advisement, subject to further specified submissions."  But Plaintiffs' motion is actually titled
13 "References To Hacking" (Dkt. 820 at 2), and the Court explicitly denied the motion "to the
14 extent that this motion requests that the Court exclude the term 'hacking.'"  (Oct. 29, 2014 Tr. at
15 74:8-10; *see also id.* at 71:9-20.)  As to the issue of whether Apple may present evidence and
16 testimony at trial that RealNetworks's Harmony program (and other hacks) engaged or may have
17 engaged in unlawful conduct as part of Apple's evidence that iTunes 7.0 and 7.4 were legitimate
18 product improvements and that Apple had a legitimate business purpose in developing and
19 distributing iTunes 7.0 and 7.4, which the Court correctly recognized is "a separate issue" (*id.* at
20 72:1), the Court reserved ruling and further argument on the issue pending further submissions
21 by the parties.  (*Id.* at 81:8-23, 178:24-179:24; Pre-Trial Order No. 4 at 3 (Oct. 31, 2014) (Dkt.
22 866).)
23    Accordingly, Apple respectfully requests that the Court's order state:  "Motion denied to
24 the extent that Plaintiffs seek to exclude at trial use of the term "hacking" or references to
25 "hacking," including references to whether RealNetworks hacked Apple's FairPlay program.
26 The Court reserves ruling on the issue of whether Apple may present evidence and testimony
27 that RealNetworks engaged or may have engaged in unlawful conduct in hacking FairPlay.  The
28

1

1  Court will inform the parties before ruling on this issue if it decides further argument would be
2  helpful."

3         **Plaintiffs' MIL No. 2 (Cumulative Expert Testimony).**  Plaintiffs' amended proposed
4  order states: "Motion taken under advisement.  Plaintiffs will reserve their rights at trial with
5  respect to the matters raised by this motion."  At the October 29 Pre-Trial Conference, the Court
6  took this motion under advisement (Oct. 29, 2014 Tr. at 86:16) after Plaintiffs promised to
7  provide the Court by Friday, October 31, "with citations to the Murphy and Noll [sic] reports
8  where they both give opinions and testimony about causation or lack thereof."  (*Id.* at 181:23-
9  182:8; *see also id.* at 83:7-14.)  Plaintiffs never provided this material so their motion should be
10 denied.  Accordingly, Apple respectfully requests that the order read:  "Motion denied.  Plaintiffs
11 may renew their motion at trial if and when they believe that unduly cumulative testimony has
12 been presented."

13        **Plaintiffs' MIL No. 9 (Dismissed Claims).**  Plaintiffs' amended proposed order—
14 "Motion granted, unless door opened by Plaintiffs"—is incorrect.  The Court granted this motion
15 only "to the extent that it reflects specifically Apple's request to preinstruct on the law of the
16 case."  (Oct. 29, 2014 Tr. at 103:12-14.)  The Court then asked Plaintiffs' counsel if the motion
17 sought any other relief (*id.* at 103:15 ("Does it do anything more than that?")), and counsel
18 stated, "I don't think so, Your Honor" (*id.* at 103:16), after which the Court moved on (*id.* at
19 103:17-18).  Because the relief requested in Plaintiffs' motion is worded more broadly,[1] the
20 Court should make clear in its order that the motion is granted only to the extent reflected on the
21 record.

22     Also, during argument on the motion, the Court stated that it would "entertain an
23 instruction at the end of the case" with respect to iTunes 4.7 and also an instruction during trial if
24 Plaintiffs open the door by suggesting that the jury can consider anything other than iTunes 7.0

---

[1] Dkt. 820 at 22 (seeking to preclude Apple "from making at trial any statement or argument, or otherwise presenting or eliciting any evidence or testimony relating to any antitrust claims, including the Court's rulings on those claims, other than the Section 2 claim being presenting to the jury").

1  or 7.4 as a basis for liability or damages.  (Oct. 29, 2014 Tr. at 100:14-24; *see also id.* at 102:17-
2  20.)
3        Accordingly, Apple respectfully requests that the Court's order state:  "Motion granted to
4  the extent that the Court will not preinstruct the jury on the law of the case.  The Court will
5  entertain an instruction on the law of the case to be included in the final instructions at the end of
6  trial.  The Court will also entertain an instruction on the law of the case during trial if Plaintiffs
7  suggest that the jury should consider anything other than iTunes 7.0 or 7.4 as a basis for liability
8  or damages."

10  Dated: November 10, 2014        BOIES, SCHILLER & FLEXNER LLP

12          By:    /s/ John F. Cove, Jr.
           John F. Cove, Jr.

        Counsel for Defendant APPLE INC.