ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' COMMENT ON APPLE'S PROPOSED FORM OF ORDER |
| ALL ACTIONS. | |
| | Courtroom:   1, 4th Floor<br>Judge:        Hon. Yvonne Gonzalez Rogers |

982861_1

Plaintiffs hereby respectfully respond to the Court's request that Plaintiffs file a response (not to exceed three pages) commenting on the form of Apple's revised Proposed Order regarding its motions *in limine* Nos. 1-6 (ECF 869-1) ("Apple's Proposed Order").

At the October 29, 2014 pretrial conference hearing, the Court following argument on the parties' respective motions *in limine* made the following request:

> I think in light of all the sub-rulings that were made [today], with respect to many of these motions, that it would be helpful to me to have you articulate what you heard, and then we can confirm what I ordered.

Tr. at 180:10-14. Plaintiffs understood, therefore, that the parties were to submit proposed forms of orders that memorialized what with Court *had* ruled, not a wish-list order suggesting how the Court *should* rule, let alone an opportunity to expand upon the relief originally requested. *See* Plaintiffs' Proposed Amended Order Regarding Plaintiffs' Motions *in Limine* (ECF 864). Apple apparently did not have the same understanding. Apple's Proposed Order in many respects anticipates favorable rulings not made by the Court on October 29, 2014 and in others misconstrues rulings and sub-rulings the Court did make at the hearing. Accordingly, Plaintiffs object as follows:[1]

- **Apple Motion to Strike/Motion *in Limine* No. 1**

The Court took this motion under advisement in its entirety; it neither granted the motion nor ordered stricken any of the expert testimony set forth in Apple's Proposed Order. Oral argument on this motion and the next was conflated at hearing on October 29, 2014 and the Court as to both recognized that, while certain testimony purely responsive to Apple's experts might be excludable unless Apple opened the door, it also appreciated Plaintiffs' argument that the feasibility of the steps addressed by Dr. Martin was "a different kind of issue" given Plaintiffs' pretext contentions.[2] Tr. at 141:4-13. Plaintiffs here object to Page 2, lines 12-21 of Apple's Proposed Order (ECF 869-1).

In addition, Apple's list of Apple expert testimony to be stricken if this motion were to be granted is understated, for the reasons explained in Plaintiffs' Proposed Order Regarding Apple's

---

[1] Plaintiffs' objections are made without prejudice to their rights to seek reconsideration or review of the Court's rulings on Apple's motions *in limine*.

[2] All references to "Tr." are to the October 29, 2014 Pretrial Hearing Conference, attached as Exhibit A to the Declaration of Alexandra Bernay, filed concurrently ("Bernay Decl.").

Motions *in Limine* Nos. 1-3 and to Exclude and Strike Evidence (ECF 824-11) ("PPO") at 3:3-7;[3] *see generally*, Plaintiffs' Memorandum of Points and Authorities in Opposition to Apple's Supplemental Memorandum Relating to Apple's Motions *in Limine* Nos. 1-3 (ECF 867). Plaintiffs here object to Page 2, lines 18-21 of Apple's Proposed Order as under-inclusive (ECF 869-1).

- **Apple Motion to Strike/Motion *in Limine* No. 2**

The Court likewise took this ruling under advisement in its entirety; it neither granted the motion nor ordered stricken any of the expert testimony set forth in Apple's Proposed Order. Plaintiffs therefore object to Page 3, lines 8-11 of Apple's Proposed Order (ECF 869-1).

In addition, Apple fails to list the testimony of Apple's expert to be stricken if this motion were to be granted, for the reasons explained in the PPO (ECF 824-11) at 3:18-20. Plaintiffs here further object to Page 3, lines 8-11 of Apple's Proposed Order (ECF 869-1) as under-inclusive.

- **Apple Motion to Strike/Motion *in Limine* No. 3**

The Court again took this ruling under advisement in its entirety; it neither granted the motion nor ordered stricken any of the expert testimony set forth in Apple's Proposed Order. Plaintiffs therefore object to Page 3, lines 20-27 of Apple's Proposed Order (ECF 869-1).

In addition, Apple fails to list the testimony of Apple's expert to be stricken if its motion were to be granted, for the reasons explained in the PPO (ECF 824-11), at 4:12-16. Plaintiffs here further object to Page 3, lines 8-11 of Apple's Proposed Order as under-inclusive (ECF 869-1).

- **Apple Motion *in Limine* No. 4**

Contrary to Apple's Proposed Order, the Court did not grant the motion, but took it under advisement only with respect to Plaintiffs' trial exhibits 11, 12, 13 & 14. Tr. at 103:20-104:4. The Court's Pre-Trial Order No. 1 does state that: "[t]here shall be no reference . . . presented of wealth or lack [of wealth]," but the Court did not suggest this standard admonition in any way limited Plaintiffs' presentation of financial evidence tending to support their claim that Apple reaped supra-competitive profits during the class period. ECF 801 at 2. Indeed, Apple *repeatedly* reiterated that it was ***not*** seeking to exclude any of the financial information included in Professor Noll's analysis.

---

[3] For the Court's convenience, a copy of the PPO (ECF 824-11) is attached as Exhibit B to the Bernay Decl.

1  Tr. at 104:8-18 & 105:8-13 & 107:11-13. The Court agreed.  *Id*. at 107:4-5 ("Obviously, what's in
2  the report, unless it's been stricken, it's going to come in.")  The Court acknowledged that "there is a
3  line" between relevant and irrelevant financial information, but Apple had not yet identified with
4  sufficient specificity the particular financial information it sought to exclude. Tr. at 108:7.  Plaintiffs
5  here object to Page 4, lines 8-27 of Apple's Proposed Order (ECF 869-1).

6  • **Apple Motion *in Limine* No. 5**

7  Plaintiffs agree that that the Court granted this motion in part, on the narrow issue that
8  credibility determinations or assessments regarding Apple witnesses made by the court in *In re*
9  *Electronic Books Antitrust Litigation* and by the court in *High-Tech Employee Antitrust Litigation*
10 would not be permitted on cross-examination.  *See* Tr. at 111:25-112:13; 113:4-10, 113:22-114:1;
11 115:17-24.  The Court did not implement a notice requirement as stated in Apple's Proposed Order.
12 Plaintiffs do not object to Page 5, lines 9-13 of Apple's Proposed Order (ECF 869-1), except as to
13 the phrase "and reasonable notice given."

14 The Court did not, however, grant the motion in any other respect.  For example, the Court
15 did not exclude reference to other litigation beyond reference to the "U.S. government suing Apple
16 with respect to Internet Explorer and Windows." Tr. 124:12-14.  Contrary to Apple's filing, the
17 Court also did not rule on issues related to Plaintiffs' Exhibit 808 or to the compliance monitor
18 appointed in the *E-Books* case. Nor did the Court rule on matters related to congressional or foreign
19 investigations or proceedings.  Also contrary to Apple's proposal, the Court did not make a ruling
20 regarding whether Plaintiffs may present evidence or elicit testimony comparing the facts in the
21 instant case to those in *U.S. v. Microsoft*.  Plaintiffs thus object to Page 5, lines 14-23 of Apple's
22 Proposed Order (ECF 869-1).

23 • **Apple Motion *in Limine* No. 6**

24 Plaintiffs agree that the Court granted Apple's Motion *in Limine* in part, and do not object to
25 the form of Apple's Proposed Order at Page 6, lines 8-11 (ECF 869-1).

26
27
28

| | | |
|---|---|---|
| 1 | DATED: November 10, 2014 | Respectfully submitted, |
| 2 | | ROBBINS GELLER RUDMAN |
| 3 | |   & DOWD LLP<br>BONNY E. SWEENEY |
| 4 | | ALEXANDRA S. BERNAY<br>CARMEN A. MEDICI |
| 5 | | JENNIFER N. CARINGAL |

                                    s/ Bonny E. Sweeney
                                      BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

|  |  |
|---|---|
| 1 | |
| 2 | GLANCY BINKOW & GOLDBERG LLP<br>BRIAN P. MURRAY |
| 3 | 122 East 42nd Street, Suite 2920<br>New York, NY  10168 |
| 4 | Telephone:  212/382-2221<br>212/382-3944 (fax) |
| 5 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 6 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067 |
| 7 | Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 8 | |
|   | Additional Counsel for Plaintiffs |

CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 10, 2014.

    s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: bonnys@rgrdlaw.com

982861_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`