# EXHIBIT A

SHEET 1

```
                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

   BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE


THE APPLE IPOD ITUNES    )    NO. C 05-00037 YGR
ANTITRUST LITIGATION     )
                         )    PAGES 1 - 202
                         )
                         )    PRETRIAL HEARING CONFERENCE
                         )
                         )
                         )    OAKLAND, CALIFORNIA
                         )    WEDNESDAY, OCTOBER 30, 2014
_____)


            REPORTER'S TRANSCRIPT OF PROCEEDINGS


APPEARANCES:

FOR PLAINTIFFS:     ROBBINS GELLER RUDMAN & DOWD LLP
                    655 WEST BROADWAY, SUITE 1900
                    SAN DIEGO, CALIFORNIA  92101
               BY:  ALEXANDRA S. BERNAY,
                    JENNIFER N. CARINGAL,
                    PATRICK COUGHLIN,
                    STEVEN M. JODLOWSKI
                    CARMEN A. MEDICI,
                    BONNY E. SWEENEY, ATTORNEYS AT LAW

                    BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                    4023 CAIN BRIDGE ROAD
                    FAIRFAX, VIRGINIA 22030
               BY:  FRANCIS J. BALINT, JR.
                    ATTORNEY AT LAW


            (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:        RAYNEE H. MERCADO, CSR NO. 8258

   PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.
```

```
             A P P E A R A N C E S  (CONT'D.)


FOR DEFENDANT:      BOIES, SCHILLER & FLEXNER LLP
                    5301 WISCONSIN AVENUE NW
                    WASHINGTON, D.C.  20015
               BY:  WILLIAM A. ISAACSON,
                    KAREN L. DUNN,
                    MARTHA L. GOODMAN, ATTORNEYS AT LAW

                    BOIES, SCHILLER & FLEXNER LLP
                    1999 HARRISON STREET, SUITE 900
                    OAKLAND, CALIFORNIA  94612
               BY:  JOHN F. COVE, JR.,
                    MEREDITH R. DEARBORN, ATTORNEYS AT LAW

                    JONES DAY
                    555 CALIFORNIA STREET, 26TH FLOOR
                    SAN FRANCISCO, CALIFORNIA  94104-1500
               BY:  DAVID C. KIERNAN, ATTORNEYS AT LAW



                         --oOo--
```

**Page 3**

1  WEDNESDAY, OCTOBER 29, 2014           9:31 A.M.
2         P R O C E E D I N G S
3      THE CLERK: CALLING CIVIL ACTION 05-0037, THE APPLE
4  IPOD ITUNES ANTITRUST LITIGATION.
5    COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.
6      MS. SWEENEY: GOOD MORNING, YOUR HONOR. BONNY
7  SWEENEY FROM ROBBINS GELLER RUDMAN & DOWD REPRESENTING THE
8  PLAINTIFFS.
9      THE COURT: ALL RIGHT. WHY DON'T YOU INTRODUCE YOUR
10 TEAM.
11     MS. SWEENEY: OKAY. THIS IS PATRICK COUGHLIN. HE
12 WASN'T HERE LAST TIME, YOUR HONOR, SO -- MR. COUGHLIN HAS
13 RECENTLY JOINED THE TRIAL TEAM. HE HAS AN ENORMOUS AMOUNT OF
14 THE TRIAL EXPERIENCE.
15     THE COURT: WELCOME.
16     MR. COUGHLIN: THANK YOU, YOUR HONOR.
17     MS. SWEENEY: WE HAVE ALEXANDRA BERNAY. CARMEN
18 MEDICI BEHIND XAN, FRANK BALINT.
19     MR. BALINT: MORNING, YOUR HONOR.
20     THE COURT: MORNING.
21     MS. SWEENEY: JENNIFER CARINGAL.
22     THE COURT: OKAY.
23     MS. SWEENEY: AND STEVE JUDLOWSKI. STEVE IS ALSO NEW
24 TO THE TRIAL TEAM, YOUR HONOR.
25     MR. JUDLOWSKI: MORNING, YOUR HONOR.

**Page 4**

1      THE COURT: GOOD MORNING.
2    OKAY. ON THE DEFENSE SIDE.
3      MR. ISAACSON: BILL ISAACSON. GOOD MORNING, YOUR
4  HONOR.
5      THE COURT: GOOD MORNING.
6      MR. ISAACSON: WITH ME FROM BOIES, SCHILLER IS KAREN
7  DUNN, WHO (SIC) YOU'VE MET BEFORE; MEREDITH DEARBORN; MARTHA
8  GOODMAN. DEPENDING ON HOW THE MORNING PLAYS OUT, IT'S
9  POSSIBLE YOU COULD ALSO HEAR FROM JOHN COVE.
10     MR. COVE: MORNING, YOUR HONOR.
11     THE COURT: GOOD MORNING.
12     MR. ISAACSON: AND YOU KNOW DAVID KIERNAN FROM JONES
13 DAY.
14     THE COURT: AND THAT'S COVE, C-O-V-E?
15     MR. COVE: YES, YOUR HONOR.
16     THE COURT: ARE YOU ALSO -- ARE YOU FROM JONES DAY OR
17 BOIES, SCHILLER?
18     MR. COVE: I'M FROM BOIES, SCHILLER FROM OUR OAKLAND
19 OFFICE.
20     THE COURT: OKAY. ALL RIGHT. WELL, A LOT TO DO.
21   PRIMARY LAWYERS COME UP TO THE MICS. EVERYBODY ELSE MAKE
22 YOURSELVES COMFORTABLE, AND LET'S GET STARTED.
23   I'M GOING TO START WITH YOUR TRIAL READINESS BINDER.
24   ONE OF THE THINGS THAT I WANT TO MAKE SURE IS VERY CLEAR
25 TO EVERYONE IN LIGHT OF WHAT I'VE SEEN IN THAT BINDER IS THAT

**97**

```
 1  THERE HAD NOT BEEN, SO --
 2      THE COURT:  -- THEY GOT BULLIED.  MAYBE THEY DIDN'T
 3  SUE THEM BECAUSE APPLE BULLIED THEM TO NOT SUE THEM, REFUSED
 4  TO -- TO DEAL WITH THEM.  I MEAN, WE AREN'T GOING TO LITIGATE
 5  THAT.
 6      MS. DUNN:  WELL, PRECISELY, YOUR HONOR.
 7      THE COURT:  AND SO I WILL -- I AM WILLING TO INFORM
 8  THE JURY FOR CLARITY THAT REALNETWORKS IS NOT A PARTY AND
 9  NEVER HAS BEEN A PARTY TO THIS CASE.  END OF STORY.
10      THEY SHALL NOT SPECULATE AS TO ANYTHING -- AS TO THE ROLE
11  OF -- AND I'LL ENTERTAIN SPECIFIC INSTRUCTIONS, BUT THEY SHALL
12  NOT SPECULATE AS TO THE RELATIONSHIP BETWEEN REALNETWORKS AND
13  APPLE, PERIOD.
14      MS. DUNN:  THAT'S ALL WE ASK.
15      THE COURT:  ALL RIGHT.  SO IT'S GRANTED IN PART --
16      MR. COUGHLIN:  THANK YOU, YOUR HONOR.
17      THE COURT:  NO. 8 IN MY BINDER.
18      MS. SWEENEY:  NO. 8, YOUR HONOR.
19  SO WE'VE REQUESTED A MOTION IN LIMINE BARRING ARGUMENT OR
20  REFERENCE TO THE FACT THAT PLAINTIFFS, IF THEY WIN, ARE
21  ENTITLED TO TREBLE DAMAGES AND ATTORNEYS' FEES.  APPLE IN
22  RESPONSE HAS SAID, GEE, WE'LL PUT IN A JURY INSTRUCTION TO
23  THAT EFFECT THAT THE JURORS ARE NOT TO CONSIDER --
24      THE COURT:  OKAY.
25      MR. ISAACSON, I NEVER TALK TO JURIES ABOUT TREBLE DAMAGES
```

**98**

```
 1  OR ATTORNEYS' FEES.  THERE'S NO NEED.  AND BY -- I CAN TELL
 2  YOU, BY THE TIME THIS TRIAL'S DONE, THE JURY'S QUITE HAPPY TO
 3  FOLLOW MY INSTRUCTIONS.  I BRING THEM BAKED GOODS, SO THEY
 4  REALLY LIKE ME.
 5      MR. ISAACSON:  I'M SURE THEY ARE, YOUR HONOR.  THAT'S
 6  WHY -- BUT --
 7      THE COURT:  NO, WE'RE NOT GOING TO DO AN INSTRUCTION.
 8      MR. ISAACSON:  OKAY.
 9      THE COURT:  WE'RE NOT GOING TO EVEN TALK ABOUT IT.
10  PERIOD.  MOTION'S GRANTED.
11      ALL RIGHT.  NO. 9.
12      MS. SWEENEY:  HERE, YOUR HONOR, WE REQUEST AN ORDER
13  PRECLUDING APPLE FROM ARGUING ABOUT OR ELICITING ANY TESTIMONY
14  ABOUT THE FACT THAT SOME OF THE PLAINTIFFS' CLAIMS IN THIS
15  MATTER HAVE BEEN DISMISSED.  THAT WOULD BE HIGHLY PREJUDICIAL
16  INFORMATION FOR THE JURY TO HEAR THAT PLAINTIFFS HAVE LOST
17  THEIR TYING CLAIM OR WHILE THE EVIDENCE SURROUNDING 4.7 AND
18  THE EVENTS OF 2004 ARE HIGHLY RELEVANT, THE FACT THAT JUDGE
19  WARE DID -- GRANTED SUMMARY JUDGMENT AS TO THAT CLAIM ALSO
20  SHOULD NOT GO BEFORE THE JURY BECAUSE IT WILL LIKELY INFECT
21  THEIR THOUGHTS ABOUT WHETHER 7.0 AND 7.4 ARE ANTICOMPETITIVE.
22      THE COURT:  WELL, THIS RELATES TO THE -- ALSO TO THE
23  REQUEST BY APPLE FOR A PROPOSED INSTRUCTION ON THE LAW OF THE
24  CASE.  THE MOTION IS TENTATIVELY GRANTED.
25      I'M NOT INCLINED TO GIVE THE JURY ANY KIND OF INDICATION
```

**99**

```
 1  ABOUT FACTUAL FINDINGS BY A COURT WITH RESPECT TO ISSUES THAT
 2  ARE ANCILLARY TO THESE.
 3      THE REASON WE ARE HERE TODAY IS TO LITIGATE WHAT JUDGE
 4  WARE FOUND HE COULD NOT FIND AS A MATTER OF LAW.  THAT'S WHY
 5  WE'RE HERE.  PERIOD.
 6      AND WHAT HE FOUND IN ADVANCE IS -- IS NOT RELEVANT AND IT
 7  WILL CONFUSE THE JURY.  THAT'S MY TENTATIVE RULING.  YOU CAN
 8  RESPOND, MS. DUNN.
 9      MS. DUNN:  YOUR HONOR, FIRST, I THINK THIS MOTION IS
10  TRYING TO DO TWO THINGS.  AND ONE SPEAKS TO THE EXCLUSION OF
11  ALL EVIDENCE RELATED TO THE RULINGS -- PREVIOUS RULINGS BY
12  JUDGE WARE.  AND ONE SPEAKS TO THE EXCLUSION OF THE PROCEDURAL
13  HISTORY OF THOSE RULINGS ITSELF.
14      SO I'M HAPPY TO SPEAK ABOUT THE FORMER.  I FEEL LIKE YOUR
15  HONOR MAYBE DENIED THAT WHEN YOU CONSIDERED THE UNCHALLENGED
16  ASPECTS MOTION, BUT I JUST WANT TO MAKE SURE THAT WE'VE
17  CLEARED THAT AWAY BECAUSE I'M -- ESSENTIALLY WHAT PLAINTIFFS
18  ARE TRYING TO EXCLUDE IS EVIDENCE RELATED TO THOSE PREVIOUS
19  RULINGS SO THAT WOULD INCLUDE EVIDENCE RELATED TO THE 4.7
20  UPDATE, WHICH OF COURSE IS NECESSARY BOTH TO REFUTE THE NOLL
21  REGRESSION AND TO SHOW WHY 7.0 AND 7.4 ARE PRODUCT
22  IMPROVEMENTS.
23      THE COURT:  OKAY.  I DID RESOLVE -- I THINK I DID
24  RESOLVE THOSE ISSUES, SO --
25      MS. DUNN:  SO THEN WHAT IT SEEMS LIKE WE'RE LEFT WITH
```

**100**

```
 1  IS THIS QUESTION OF PRIOR RULINGS OF THE COURT.  WE RECOGNIZE
 2  IN OUR MOTION THAT THERE'S A DIFFERENCE BETWEEN THE COURT
 3  INSTRUCTING ON PROCEDURAL HISTORY AND PRIOR RULINGS WHICH WE
 4  AGREE THAT THERE IS SOME CASE LAW THAT THAT'S NOT FAVORED,
 5  ALTHOUGH NOTE THAT IN THE NINTH CIRCUIT, THERE IS SOME CASE
 6  LAW THAT THAT IS DONE AND EXAMPLES WE CAN POINT TO.
 7      AND WE'RE HAPPY TO GIVE THAT UP, REFERENCE TO THE PRECISE
 8  RULINGS.  BUT WE DO THINK THAT BECAUSE THE JURY IS GOING TO
 9  HEAR EVIDENCE ABOUT 4.7, QUITE A LOT OF IT, BECAUSE PROFESSOR
10  NOLL'S REGRESSION DOESN'T TAKE INTO ACCOUNT 4.7, THAT'S ONE OF
11  THE PROBLEMS WITH IT, THE JURY WILL END UP SEEING A LOT OF
12  DOCUMENTS AND EVIDENCE RELATED TO 4.7 -- IN FACT, THAT'S THE
13  MAJORITY OF PLAINTIFFS' CASE, AND SO --
14      THE COURT:  AND WHAT I'M PREPARED TO DO WITH THAT --
15  AND I UNDERSTAND THAT WRINKLE -- IS TO ENTERTAIN AN
16  INSTRUCTION THAT TELLS THE JURY AT THE END OF THE CASE, NOT
17  BEFORE -- THE END OF THE CASE, UNLESS PLAINTIFFS IN THEIR
18  PRESENTATION OF THE EVIDENCE GO ACROSS THE LINE -- AND THERE
19  IS A LINE HERE -- TO SOMEHOW SUGGEST THAT WHAT WAS -- WHAT
20  HAPPENED IN 4.7 WAS NOT WHAT JUDGE WARE HAS ALREADY RULED AND
21  TO INSTRUCT THE JURY THAT WE'RE NOT HERE LITIGATING 4.7.
22  THAT'S NOT AN ISSUE THAT IS BEFORE THEM.  AND SO THAT THEIR
23  SOUL FOCUS IS WHAT THEY VIEW THE EVIDENCE IS AS IT RELATES TO
24  7.0.
25      BUT I AM NOT GOING TO THEN CROSS OVER AND TELL THEM
```

101

1  EXPLICITLY WHAT JUDGE WARE RULED WITH RESPECT TO 4.7 BECAUSE I
2  DO THINK IT WILL POTENTIALLY INFECT THEIR VIEW.
3       SO THIS IS -- THIS IS A TRIAL ABOUT 7.0.
4       MS. DUNN: YOUR HONOR, I WOULD -- SAY A COUPLE
5  THINGS, ONE IS THAT IS THAT LINE-CROSSING ON THE PLAINTIFFS'
6  PART IS INEVITABLE. ALL OF THE DOCUMENTS IN THIS CASE --
7       THE COURT: WELL, THEN YOU'LL HAVE PLENTY OF
8  OPPORTUNITIES TO RAISE IT DURING TRIAL, THEN. I KNOW YOU
9  THINK IT -- WHERE YOU THINK THE LINE IS AND WHERE I THINK THE
10 LINE IS ARE PROBABLY TWO DIFFERENT PLACES.
11      MS. DUNN: THAT IS POSSIBLE, ALTHOUGH ALL THE
12 EVIDENCE IN THIS CASE, BECAUSE OF THE WAY THE CASE IS
13 DEVELOPED, REALLY IS FROM THE 4.7 TIME PERIOD. AND I THINK
14 APART FROM THAT AND ADDRESSING YOUR HONOR'S OTHER CONCERN,
15 WHICH I ENTIRELY UNDERSTAND, IN THIS CASE, IT MAY BE
16 APPROPRIATE OR IT IS APPROPRIATE IN OUR VIEW, TO INSTRUCT ON
17 THE LAW OF THE CASE BECAUSE 7.0 HAS AN INCREDIBLE AMOUNT IN
18 COMMON WITH 4.7, AS THE JURY WILL SEE AND AS THE EVIDENCE WILL
19 SHOW.
20      THE COURT: WELL, BUT NOT ENOUGH -- NOT ENOUGH TO GET
21 YOU SUMMARY JUDGMENT.
22      MS. DUNN: WELL, WE BELIEVE THAT IS AN ERROR, QUITE
23 OBVIOUSLY. AND, HOPEFULLY, WE WILL EVENTUALLY PERSUADE YOU AS
24 WELL. BUT THE PLAINTIFFS ARE RELYING EXTREMELY ON EQUATING
25 4.7 WITH 7.0 TO THEIR BENEFIT TO DEMONSTRATE THAT 7.0 WASN'T

102

1  LAWFUL. AND WE BELIEVE THAT WE ARE PREJUDICED AND DIS- --
2  DISADVANTAGED IN THE EXTREME BY NOT HAVING THE LAW OF THE CASE
3  EXPLAINED TO THE JURY.
4     IT'S NOT -- WE ARE NOT REQUESTING YOUR HONOR TO ADVISE
5  THEM ON SOMETHING THAT IS IN DISPUTE. THIS IS THE LAW OF THE
6  CASE. IT IS TYPICAL FOR COURTS TO INSTRUCT ON THE LAW OF THE
7  CASE --
8       THE COURT: WELL, IT'S -- IT'S -- YOU KNOW, AGAIN,
9  YOU LIKE TO HAVE IT BOTH WAYS. THAT IS, IT IS -- YOU LIKE
10 THIS PRIOR RULING AND SO YOU WANT ME TO FOCUS ON THIS PRIOR
11 RULING. YOU DON'T LIKE OTHER PRIOR RULINGS AND SO WHEN YOU
12 BRING YOUR MOTIONS FOR JUDGMENT NOTWITHSTANDING PRIOR RULINGS,
13 PERHAPS YOU'RE -- YOU KNOW, YOU'LL THINK DIFFERENTLY. I DON'T
14 KNOW. OR MAYBE THEY WILL.
15    BUT AT THIS POINT IN TIME, I'M CERTAINLY NOT GOING TO
16 INSTRUCT THE JURY IN ADVANCE. THE GOOD THING ABOUT HAVING
17 THESE MOTIONS IS IT TEES THESE ISSUES UP, AND SO IF I HAVE TO
18 DO SOMETHING DURING THE COURSE OF THE TRIAL TO CORRECT A
19 MISPERCEPTION, IF THAT IS, IN FACT, WHAT IS HAPPENING, THEN I
20 WILL CORRECT IT.
21    BUT I'M CERTAINLY NOT GOING TO PRECIPITATE IT BY GIVING
22 APPLE A LEG UP, SO TO SPEAK, AND TELLING THEM WHAT HAS
23 HAPPENED IN THIS CASE IN ADVANCE. I WON'T DO IT.
24      MS. DUNN: YOUR HONOR, LET ME ASK WHETHER YOUR RULING
25 THEN EXTENDS TO ARGUMENT ON OUR PART AS TO 4.7. SO IF

103

1  APPLE --
2       THE COURT: WELL, YOU CAN'T ARGUE DURING THE CASE.
3  AND -- AND ALL ATTORNEYS SHOULD BE VERY CAREFUL THAT THEIR --
4  THAT THEIR QUESTIONS TO THE JURY ARE NOT ARGUMENT. SO I -- I
5  DON'T KNOW WHAT YOU MEAN BY YOUR ARGUMENT GIVEN THAT I
6  INSTRUCT THE JURY ON THE LAW BEFORE ANY ARGUMENT HAPPENS. AND
7  WHEN LAWYERS TRY TO TESTIFY IN THE CONTEXT OF THEIR
8  QUESTIONINGS, THEY ARE REPRIMANDED.
9       MS. DUNN: I UNDERSTAND, YOUR HONOR.
10      THE COURT: SO I DON'T UNDERSTAND YOUR STATEMENT.
11      MS. DUNN: THAT'S OKAY. IT'S WITHDRAWN.
12      THE COURT: NOW, WITH RESPECT TO THIS MOTION, TO THE
13 EXTENT TO THAT IT REFLECTS SPECIFICALLY APPLE'S REQUEST TO
14 PREINSTRUCT ON THE LAW OF THE CASE, THAT MOTION IS GRANTED.
15    DOES IT DO ANYTHING MORE THAN THAT?
16      MS. SWEENEY: I DON'T THINK SO, YOUR HONOR, NO.
17      THE COURT: OKAY. LET'S MOVE TO THE DEFENDANT'S
18 MOTIONS.
19         (PAUSE IN THE PROCEEDINGS.)
20      THE COURT: I'M STILL IN THE BINDER. LET'S --
21 LET'S -- 1, 2 AND 3 ARE A LITTLE BIT MORE SIGNIFICANT. LET'S
22 STICK WITH THE BINDER, SO APPLE'S 4. AND THIS IS THE ISSUE
23 WITH RESPECT TO SUPERCOMPETITIVE PROFITS. OKAY.
24    FIRST OF ALL, TO BE CLEAR, DOES THIS -- WE WENT THROUGH
25 THE SPECIFIC DOCUMENTS, CERTAINLY, THAT WERE IMPACTED. AND I

104

1  STILL NEED INFORMATION FROM THE PLAINTIFFS TO FULLY EVALUATE
2  THAT ISSUE. AND THOSE ARE TRIAL EXHIBITS 11, 12, 13 AND 14.
3       MS. SWEENEY: AND, YOUR HONOR, WE'LL PROVIDE THOSE
4  CITATIONS AFTER THE BREAK.
5       THE COURT: SO MY QUESTION TO YOU, MR. COVE, IS
6  WHETHER THERE'S SOMETHING BEYOND THAT THAT IS SPECIFIC THAT A
7  MOTION IN LIMINE CAN ACTUALLY ADDRESS?
8       MR. COVE: YES, YOUR HONOR, BECAUSE AS OUR MOTION IS
9  SET OUT, WE SET OUT WHAT THE -- DR. NOLL SAID, WE'RE NOT
10 TRYING TO STRIKE OR EXCLUDE THAT AT -- AT THIS TIME. WHAT WE
11 WANT TO ENSURE IS THAT THEY DON'T GO BEYOND WHAT -- THE
12 LIMITED ARGUMENT THAT DR. NOLL MADE IN RAISING ISSUES OF
13 PROFITABILITY, CASH ON HAND, EMPLOYEE COMPENSATION, ALL THOSE
14 KIND OF ISSUES. AND THEY -- THEY PUT SOME DOCUMENTS ON THE
15 EXHIBIT LIST, BUT THEY'RE -- IT'S ALSO VERY POSSIBLE THAT THEY
16 COULD SPRING A QUESTION ON A APPLE WITNESS, WELL, DIDN'T YOU
17 MAKE "X" MILLION DOLLARS OR "X" HUNDREDS OF MILLIONS OF
18 DOLLARS ON THIS PRODUCT OR THAT PRODUCT.
19    SO THAT EVIDENCE COULD COME OUT IN A LOT OF WAYS, AND WE
20 WANT TO ENSURE THAT THAT EVIDENCE COMES OUT ONLY FOR THE
21 LIMITED -- YOU KNOW, THE COURTS ARE CLEAR -- MODERN COURTS ARE
22 CLEAR THAT ANY ANALYSIS OF PROFITABILITY MUST BE TIED TO A
23 STRINGENT ECONOMIC ANALYSIS AND EVEN THEN, IT'S SUSPECT.
24    AND IF YOU LOOK AT --
25      THE COURT: WELL, THE -- THE REASON THAT I ASKED THE

SHEET 14

**105**
1  QUESTION IS BECAUSE THE WAY YOU GUYS WRITE THESE MOTIONS
2  REALLY IS NOT HELPFUL FOR COURTS. YOU SAY, YOU KNOW, "ALL
3  EVIDENCE" -- "ALL EVIDENCE, TESTIMONY, AND ARGUMENT BY
4  PLAINTIFFS AS TO APPLE'S FINANCIAL RESOURCES." WELL, IT'S
5  NOT -- I MEAN, WE'RE GOING TO HAVE EVIDENCE REGARDING
6  APPLE'S -- YOU KNOW, THE FINANCES WITH RESPECT TO THESE
7  PRODUCTS.
8      MR. COVE: WELL, YOUR HONOR, I -- IT'S CLEARLY
9  EVIDENCE -- I TAKE YOUR POINT THAT WE SHOULD HAVE BEEN MORE
10 CAREFUL. BUT CLEARLY EVIDENCE AS TO THE PRICE -- THE MARGIN
11 ANALYSIS THAT DR. NOLL HAS -- HAS PROVIDED IS GOING TO COME
12 IN. I THINK OUR MOTION IS CLEAR IN SAYING WE WERE NOT TRYING
13 TO EXCLUDE THAT.
14     BUT EVIDENCE OF WHAT IS APPLE'S OVERALL PROFITABILITY,
15 APPLE IS A MULTI-PRODUCT COMPANY --
16     THE COURT: SO LET'S TAKE THEM, THEN, SPECIFICALLY.
17     MR. COVE: OKAY.
18     THE COURT: ALL RIGHT? SO YOU WANT A MOTION TO
19 EXCLUDE EVIDENCE -- TO EXCLUDE SPECIFIC REFERENCE TO OVERALL
20 PROFITABILITY.
21     MR. COVE: OVERALL PROFITABILITY --
22     THE COURT: OKAY. STOP.
23     ANY OBJECTION?
24     MS. SWEENEY: YES, YOUR HONOR, TO THE EXTENT THAT
25 PROFESSOR NOLL HAS OPINED THAT ONE OF THE INDICIA OF MARKET

**106**
1  POWER IS PROFIT MARGIN. AND I GATHER MR. COVE IS -- IS SAYING
2  SOMETHING DIFFERENT.
3      IF -- IF THEY'RE TALKING ABOUT APPLE'S OVERALL
4  PROFITABILITY, THAT'S ONE THING. BUT IF IT'S THE
5  PROFITABILITY -- THE PROFIT MARGINS ON THE IPOD, THAT IS PART
6  OF PROFESSOR NOLL'S ANALYSIS.
7      THE COURT: HENCE, OUR ISSUES.
8      ALL RIGHT. WHY DON'T WE DO THIS: I NEED FROM YOU, THE
9  PLAINTIFFS, THE SPECIFIC REFERENCES TO THE REPORT THAT YOU
10 BELIEVE ENTITLE YOU TO -- TO MOVE IN 11, 12, 13, AND 14.
11     MR. COVE, I UNDERSTAND YOUR PERSPECTIVE, AND I'M NOT --
12 I'M NOT ADVERSE TO ISSUING SOME KIND OF RULING THAT DEALS WITH
13 VERY NARROW -- OR AT LEAST VERY SPECIFIC IDENTIFICATIONS OF
14 PROBLEM ISSUES. BUT THEY HAVE TO BE SPECIFIC ENOUGH SO THAT
15 THEY PUT THE ATTORNEYS ON NOTICE AS TO WHAT QUESTIONS CAN BE
16 ASKED APPROPRIATELY WITHIN THE CONTEXT OF THE COURT'S ORDER.
17     SO I THINK IF I HAD -- IF I HAD SOME MORE SPECIFIC TOPICS,
18 THEN I CAN GO THROUGH AND GIVE SOME SPECIFIC RULINGS AND THEN
19 SPECIFIC DIRECTION TO THE PLAINTIFFS BECAUSE I DO THINK THAT
20 THERE IS -- THAT THE MOTION IS WELL TAKEN, BUT IT HAS TO HAVE
21 SPECIFIC CONTOURS.
22     MR. COVE: OKAY. AND WOULD YOU LIKE THAT NOW, OR
23 WOULD YOU LIKE US TO -- ME TO COMPILE A LIST, PERHAPS SEND IT
24 TO THEM, SEE WHICH THEY CAN AGREE ON? HOW WOULD YOU LIKE ME
25 TO ADDRESS --

**107**
1      THE COURT: WELL, YOU CAN EITHER -- IF WE HAVE TIME,
2  YOU CAN EITHER DO IT LATER AND BRING IT TO ME AND WE CAN DO IT
3  IN COURT. IF YOU ALL CAN AGREE, THEN THAT'S FINE.
4      OBVIOUSLY, WHAT'S IN THE REPORT, UNLESS IT'S BEEN
5  STRICKEN, IT'S GOING TO COME IN --
6      MR. COVE: ABSOLUTELY.
7      THE COURT: -- SO IT CANNOT -- AND YOU'RE NOT SEEKING
8  TO STRIKE PORTIONS OF THE REPORT. SO THE -- THE
9  IDENTIFICATION OF THE ISSUE CAN'T BE -- CAN'T IMPEDE ON THEIR
10 ABILITY TO HAVE VALID OPINIONS COME INTO EVIDENCE.
11     MR. COVE: ABSOLUTELY. AND AS I SAID, WE ARE -- WE
12 ARE NOT ATTEMPTING TO STRIKE WHAT THEY SAID ABOUT IT. WHAT
13 WE'RE ATTEMPTING TO DO IS MAKE SURE THEY DON'T GO BEYOND THAT.
14     THE COURT: I UNDERSTAND THAT.
15     MR. COVE: AND DR. NOLL DID NOT OPINE ON THE -- DID
16 NOT OPINE THAT APPLE'S PROFITABILITY IN THE ABSTRACT INDICATED
17 MONOPOLY POWER. HE DID IN THE MARGIN ANALYSIS OVER TIME THAT
18 SHOWED THE MARGIN INCREASING -- THIS IS ON PAGE -- THINK THE
19 ENTIRETY OF IT IS PAGE -- IS ON PAGE 79 THROUGH 81 OF THE
20 DOCKET NUMBER I GAVE YOU BEFORE.
21     THE ENTIRETY OF IT IS THE -- THE MARGINS GO UP DURING THE
22 RELEVANT TIME PERIOD, AND HE SAYS, WELL, THAT SHOWS -- AND,
23 YOU KNOW, WE'RE GOING TO CROSS-EXAMINE HIM. WE DON'T AGREE
24 WITH HIM ON THAT. BUT FOR HIM OR ANYONE ELSE TO SAY APPLE
25 MADE "X" BILLION DOLLARS LAST YEAR. THAT SHOWS --

**108**
1      THE COURT: I AGREE.
2      (SIMULTANEOUS COLLOQUY.)
3      MR. COVE: SO THAT'S WHAT OUR CONCERN IS.
4      THE COURT: AND THE FACT THAT THEY MAY HAVE MADE
5  PROFITS ON MACS IS NOT RELEVANT TO THIS CASE.
6      MR. COVE: RIGHT, AND --
7      THE COURT: SO THIS IS -- THERE IS A LINE.
8      MR. COVE: AND --
9      THE COURT: THE QUESTION IS DEFINING IT.
10     MR. COVE: AND OUR ARGUMENT GOES BEYOND JUST THE
11 MULTI-PRODUCTS BUT TO THE SPECIFIC PRODUCTS AT ISSUE.
12     FIRST ON ITUNES, I READ YOU HIS ANALYSIS WITH HIS
13 STATEMENT, WHICH IS HE COULD NOT DO A MARGIN ANALYSIS ON
14 ITUNES. SO, THEREFORE, WE THINK PROFITABILITY AND MARGIN
15 EVIDENCE RELATING TO ITUNES SHOULD BE EXCLUDED. HE --
16     THEIR EXPERT COULDN'T DO IT. YOU CAN'T HAVE LAY WITNESSES
17 DOING IT. YOU CAN'T ASK QUESTIONS OF APPLE PEOPLE AND EXPECT
18 TO DRAW INFERENCES FROM THAT.
19     THE COURT: OKAY. WELL, WITH RESPECT TO THAT ISSUE,
20 I PROBABLY NEED TO SEE MORE WHAT WE'RE TALKING ABOUT AND --
21 AND LOOK AT THE ACTUAL PARAGRAPHS, ET CETERA, OF THE REPORT.
22     MR. COVE: OKAY.
23     MS. SWEENEY: AND WE CAN DO THAT AFTER THE BREAK,
24 YOUR HONOR.
25     THE COURT: OKAY.

109

1  NEXT ONE IN THE BOOK, NO. 5.
2           (PAUSE IN THE PROCEEDINGS.)
3      THE COURT:  SO LET ME TELL YOU THAT I -- I THINK THIS
4  MOTION IS PREMATURE.  I'M JUST LOOKING AT KEVIN MURPHY'S
5  RESUME.
6      AND JUST AS A FOR INSTANCE, HE'S TESTIFIED IN OTHER CASES
7  BEFORE.  AND IF APPROPRIATE, PLAINTIFFS ARE WELL WITHIN THEIR
8  RIGHTS TO ATTACK HIS OPINIONS IF THEY'RE INCONSISTENT WITH
9  SOMETHING HE MAY SAY HERE UNDER OATH OR MAY RELATE TO WHAT
10 HE'S DONE.  I SAY THAT IT'S PREMATURE BECAUSE THERE'S ALWAYS A
11 LINE, AND UNTIL I HAVE THE SPECIFICS IN FRONT OF ME, IT'S NOT
12 CLEAR TO ME THAT I CAN MAKE SUCH A BROAD-BRUSH RULING.
13     YOU MAY PROCEED.
14     MS. DUNN:  THANK YOU.
15     YOUR HONOR, THERE ARE SEVERAL VERY SPECIFIC THINGS GOING
16 ON IN THIS MOTION, ONE OF WHICH THE RESPONSE HAS BEEN ABOUT
17 CROSS-EXAMINATION OF DR. MURPHY, AND WE CAN TALK ABOUT THAT.
18 BUT I'D LIKE TO FIRST TAKE THE TIME JUST TO BREAK DOWN WHAT
19 WE'RE TALKING ABOUT HERE BECAUSE IT'S OUR HOPE THAT SOME OF
20 THESE THINGS YOU WILL NOT THINK ARE PREMATURE AND YOU CAN RULE
21 ON THEM TODAY.
22     FIRST, THE -- WE SEEK TO EXCLUDE PLAINTIFFS USING,
23 REFERENCING IN ANY WAY, THE DECISIONS IN THE E-BOOKS CASE AND
24 THE HIGH TECHS -- HIGH-TECH WORKERS CASE.
25     SECONDLY, WE SEEK TO EXCLUDE SENATE AND OTHER EUROPEAN

110

1  PROCEEDINGS.  WE SEEK TO EXCLUDE DR. NOLL'S REFERENCE TO THE
2  MICROSOFT DECISION, AND WE SEEK TO EXCLUDE FINALLY WHAT WAS
3  DISCUSSED BRIEFLY EARLIER, THE MONITOR'S REPORT THAT WAS AN
4  OUTGROWTH OF THE E-BOOKS LITIGATION AND WHICH THE LITIGATION
5  AS A WHOLE POST-DATES THE CLASS PERIOD.
6      SO I'D LIKE TO GO THROUGH EACH OF THOSE, AND I CAN ALSO
7  ADDRESS YOUR HONOR'S DISCUSSION OF DR. MURPHY, WHICH IS A
8  SUBSET REALLY OF THE E-BOOKS AND HIGH-TECH WORKERS.
9      SO THIS MOTION ALL PUT TOGETHER REFLECTS A DESIRE ON THE
10 PART OF THE PLAINTIFFS TO INTRODUCE WHAT IS REALLY PROPENSITY
11 EVIDENCE AND ARGUE AND SHOW THAT APPLE IS JUST A BAD COMPANY
12 THAT ENGAGES IN ANTITRUST VIOLATIONS.
13     SO -- WHEREAS IRONICALLY, THEY DO NOT WANT YOU TO INSTRUCT
14 ON THE LAW OF THIS CASE OR SPEAK ABOUT PRIOR RULINGS OF THIS
15 COURT, THEY ARE HAPPY TO HAVE UNRELATED CASES ABOUT A TOTALLY
16 DIFFERENT SECTION OF THE ANTITRUST LAWS AND A TOTALLY
17 DIFFERENT JUDGE BROUGHT INTO EVIDENCE.
18     THIS IS PREJUDICIAL IN THE EXTREME.  WE STRENUOUSLY OBJECT
19 TO ANY RELIANCE ON THESE OPINIONS MAKING THE JURY AWARE THAT
20 THERE ARE THESE OTHER CASES THAT APPLE HAS BEEN SUED IN, OTHER
21 CASES FOR ANTITRUST VIOLATIONS AND THE VERDICTS.  THEY'RE
22 UNRELATED CASES.  THESE WERE CONSPIRACY CASES.  THEY ARE NOT
23 ABOUT MONOPOLIZATION.  AND COURTS HAVE ROUTINELY EXCLUDED THEM
24 UNDER 404(B), 803 AND ALSO 403.  I'M GOING TO ANTICIPATE THAT
25 THE PLAINTIFFS ARE GOING TO SAY, WELL, THIS IS -- THIS IS TO

111

1  PROVE INTENT.
2      WELL, THE ONLY -- THE ONLY CHARGE HERE WHERE THERE'S AN
3  INTENT ELEMENT IS ATTEMPTED MONOPOLIZATION.  AND THERE IS NO
4  WAY THAT THIS OTHER CASE THAT HAD TO DO WITH CONSPIRACY UNDER
5  AN ENTIRELY DIFFERENT SECTION -- HAD NOTHING TO DO WITH
6  MONOPOLIZATION -- CAN GO TO THE INTENT OF A COMPANY TO
7  MONOPOLIZE IN THIS CASE.
8      EVEN WORSE THAN USING JUST THIS AS PROPENSITY EVIDENCE IS
9  PROPENSITY EVIDENCE TO VIOLATE AN EXTREMELY BROAD LAW, SO IT'S
10 LIKE SAYING IF YOU ROB A BANK, YOU VIOLATED THE CRIMINAL LAW
11 AND THAT YOU PROBABLY ALSO MURDERED SOMEBODY.
12     THE MONITOR'S REPORT ACTUALLY, I THINK, PUTS A VERY FINE
13 POINT ON WHAT THEY'RE TRYING TO DO HERE.  IT'S OBVIOUSLY
14 HEARSAY.  THE ENTIRE LITIGATION IN THAT CASE POST-DATES THE
15 CLASS PERIOD.
16     AND, YOU KNOW, I WILL SAY THAT IF PLAINTIFFS WANT TO TALK
17 ABOUT THE ANTITRUST CASES THAT APPLE HAS LOST, I DON'T SEE WHY
18 WE WOULDN'T BE ABLE TO REBUT WITH EVERY SINGLE CASE, AND THERE
19 ARE MANY, THAT APPLE HAS WON, INCLUDING IN THIS CASE.
20     SO WITH REGARD TO E-BOOKS AND HIGH-TECH WORKERS, THAT'S A
21 PROBLEM.
22     SO PLAINTIFFS RESPOND BY SAYING, WELL, WE'RE JUST GOING TO
23 CROSS-EXAMINE DR. MURPHY.  AND I'LL GET TO THAT IN A SECOND.
24 BUT WHAT I FEAR THEY ARE DOING -- AND I HOPE IT'S NOT THE
25 CASE -- IS THAT JUDGE COTE IN THAT CASE WANTED TO -- OR IN HER

112

1  OPINION, SHE HAS CREDIBILITY ASSESSMENTS OF MR. CUE, WHO
2  PLAINTIFFS PLAN TO CALL AS A WITNESS AND WE WOULD PLAN TO CALL
3  AS A WITNESS.  THERE IS A LINE OF CASES, INCLUDING A CASE IN
4  THE NINTH CIRCUIT, BUT THESE CASES ARE IN THE FOURTH CIRCUIT,
5  THE ELEVENTH CIRCUIT, THE SIXTH CIRCUIT, THE THIRD CIRCUIT,
6  THAT SAYS (SIC) THAT THIS IS IMPERMISSIBLE, THAT YOU DO NOT
7  BRING ANOTHER JUDGE'S OPINION --
8      THE COURT:  I'M GOING TO STOP YOU RIGHT THERE.
9      IS THAT -- WITH RESPECT TO THIS SPECIFIC ISSUE, IS THERE A
10 PLAN ON THE PART OF THE PLAINTIFFS TO DO THAT?
11     MR. COUGHLIN:  NO.
12     THE COURT:  ALL RIGHT.  THE MOTION IS GRANTED WITH
13 RESPECT TO THAT ISSUE.
14     NEXT.
15     MS. DUNN:  THANK YOU, YOUR HONOR.
16     WITH REGARD TO CROSS-EXAMINATION OF DR. MURPHY, THESE
17 CASES THAT I WAS ABOUT TO TELL YOUR HONOR ABOUT SPEAK
18 PRECISELY TO THIS ISSUE, CROSS-EXAMINATION OF AN EXPERT.  THEY
19 DO NOT DISTINGUISH BETWEEN ADMISSION INTO EVIDENCE, AS
20 PLAINTIFF COUNSEL WAS TRYING TO DO EARLIER.  THEY SAY THAT IT
21 IS ABSOLUTELY IMPROPER TO ALLOW CREDIBILITY AND FACTUAL
22 DETERMINATIONS OF JUDGES INTO THE NEXT CASE BECAUSE THE
23 JURY --
24     THE COURT:  DIDN'T I JUST RULE ON THAT?  IS THERE --
25     MS. DUNN:  I TOOK YOU TO -- I TOOK YOU TO BE RULING

SHEET 15

113
1  ON E-BOOKS AND HIGH-TECH WORKERS AS A GENERAL MATTER, NOT
2  SPECIFICALLY WITH REGARD TO DR. MURPHY.  BUT IF YOU HAVE
3  RULED, THAT'S GREAT.
4       THE COURT:  LET ME BE VERY SPECIFIC.  I STOPPED YOU
5  AND I ASKED, WITH RESPECT TO THE CREDIBILITY ASSESSMENT OR
6  ALLEGED -- I DON'T KNOW, YOU KNOW, 'CAUSE I HAVEN'T SEEN IT --
7  THE ALLEGED CREDIBILITY ASSESSMENT OF CUE BY JUDGE KOH (SIC),
8  I ASKED WITH RESPECT TO THAT ISSUE WHETHER THERE WAS A PLAN TO
9  DO THAT.  PLAINTIFF SAID NO, THAT PART OF THE MOTION IS
10 GRANTED.
11      THAT'S WHAT I DID.
12      MS. DUNN:  I'M SPEAKING NOW ABOUT DR. MURPHY.
13      THE COURT:  OKAY.  SO NOW WITH DR. MURPHY, CITE
14 SPECIFICALLY WHAT YOUR CONCERN IS.
15      MS. DUNN:  IT'S THE SAME THING.  UNDER THESE CASES,
16 CROSS-EXAMINATION OF EXPERTS HAVE BEEN EXCLUDED BECAUSE THE
17 COURTS BELIEVE THAT IT'S INADMISSIBLE HEARSAY AND ALLOWING
18 EXTRINSIC EVIDENCE -- I CAN GIVE YOUR HONOR THE CASE CITES IF
19 THAT WOULD BE HELPFUL.
20      THE COURT:  NO, I WANT YOU TO STATE SPECIFICALLY WHAT
21 YOU'RE ASKING, WHAT YOU WANT THE ORDER TO READ.
22      MS. DUNN:  WE WOULD LIKE THE ORDER TO EXCLUDE ANY
23 REFERENCE TO E-BOOKS AND HIGH-TECH WORKERS, INCLUDING
24 CROSS-EXAMINATION OF DR. MURPHY, OUR EXPERT.
25      THE COURT:  WELL, THEN THAT'S NOT GRANTED THE WAY

114
1  YOU'VE PHRASED IT.
2       THEY'RE GOING TO CROSS-EXAMINE DR. MURPHY, SO -- WHAT --
3       MS. DUNN:  HERE --
4       THE COURT:  SO, AGAIN, SAY --
5       MS. DUNN:  WHAT SHOULD NOT BE PERMITTED IS
6  CROSS-EXAMINATION OF DR. MURPHY WITH JUDICIAL FINDINGS OR
7  OPINIONS THAT SPEAK TO HIS EXPERT TESTIMONY IN OTHER CASES.
8       THE COURT:  ALL RIGHT.  IS THERE A PLAN TO DO THAT?
9       MR. COUGHLIN:  YOUR HONOR, I THINK THAT WE WILL DO
10 SOME OF THAT.
11      THE COURT:  ALL RIGHT.  WELL, THEN THAT COULD BE A
12 POTENTIAL ISSUE.  I TOOK A LOOK AT JUDGE KOH'S OPINION THAT
13 WAS REFERENCED TO ME IN THE OPPOSITION BY THE PLAINTIFF, AND
14 THIS IS IN RE: HIGH TECH'S EMPLOYEE ANTITRUST LITIGATION,
15 289 FRD 555.  I DON'T UNDERSTAND WHAT YOU WOULD CROSS-EXAMINE
16 HIM ON.
17      MR. COUGHLIN:  I DON'T THINK WE'D CROSS-EXAMINE HIM
18 ON ANY OPINION THAT SHE GAVE AS TO HIM IN THAT CASE.
19      THE COURT:  OKAY.  SO --
20      MR. COUGHLIN:  SO THEN --
21      THE COURT:  WITH RESPECT TO -- WITH RESPECT TO ANY
22 FINDINGS BY JUDGE KOH, THE MOTION IS GRANTED.  IT'S ENTIRELY
23 INAPPROPRIATE.  BUT WHAT, THEN, ARE YOU INTENDED -- ARE YOU
24 INTENDING TO DO?
25      MR. COUGHLIN:  IN THE E-BOOKS LITIGATION, I THINK

115
1  THAT HE GAVE A NUMBER OF OPINIONS THAT -- THAT HE GIVES HERE
2  ABOUT CLUSTERING AND OTHER ISSUES THE WAY HE DOES AN ANALYSIS.
3       THE COURT:  OKAY.  SO DO YOU HAVE A TRIAL TRANSCRIPT?
4       MR. COUGHLIN:  YES, WE HAVE A TRIAL TRANSCRIPT.
5       THE COURT:  FROM THE E-BOOKS LITIGATION?
6       MR. COUGHLIN:  YES.
7       THE COURT:  AND YOU WANT TO CROSS-EXAMINE HIM WITH
8  HIS TRIAL TESTIMONY IN ANOTHER CASE; IS THAT --
9       MR. COUGHLIN:  YES.
10      THE COURT:  OKAY.  SO WHAT'S THE PROBLEM WITH THAT?
11      MS. DUNN:  SO I HAVE THIS TRIAL TRANSCRIPT HERE.  IN
12 THAT CASE, THE JUDGE, JUDGE COTE, FOUND DR. MURPHY'S TESTIMONY
13 TO BE LEGALLY IRRELEVANT TO THE ISSUE IN THAT CASE SO THAT HAS
14 NO BEARING ON --
15      THE COURT:  OKAY.  LET'S --
16      MS. DUNN:  -- THIS CASE.
17      THE COURT:  LET'S -- IT IS INAPPROPRIATE TO USE
18 JUDICIAL FINDINGS IN OTHER CASES TO IMPEACH A WITNESS.  IT'S
19 NOT APPROPRIATE.
20      MR. COUGHLIN:  I AGREE, YOUR HONOR.
21      THE COURT:  AND THEY'RE EXCLUDED.  IF HE HAS
22 TESTIFIED, AS I START -- AS I SAID EARLIER, IN ANOTHER CASE,
23 UNDER OATH AND THEN SAYS SOMETHING DIFFERENTLY HERE IN COURT,
24 THAT'S PROPER IMPEACHMENT.  SO WHAT AM I MISSING HERE?
25      MS. DUNN:  WE AGREE WITH YOUR HONOR.  I THINK THE

116
1  PLAINTIFFS INTEND TO USE THE FORMER, NOT THE LATTER.
2       THE COURT:  WELL, HE JUST SAID HE AGREED WITH ME AND
3  I JUST EXCLUDED IT, SO NOW WHAT AM I MISSING?
4       MS. DUNN:  NOTHING.
5       THE COURT:  ARE WE ALL ON THE SAME PAGE?
6       MR. COUGHLIN:  I THINK WE ARE, YOUR HONOR.
7       MS. DUNN:  YES.
8       THE COURT:  OKAY.  IF YOU DO INTEND TO IMPEACH WITH
9  TRIAL TESTIMONY, MAKE SURE YOU HAVE A COPY OF THAT TRANSCRIPT
10 FOR ME --
11      MR. COUGHLIN:  RIGHT.
12      THE COURT:  -- SO THAT I CAN CHECK IT BEFORE YOU MOVE
13 INTO THAT AREA.
14      ANYTHING ELSE WITH RESPECT TO THIS MOTION?
15      MS. DUNN:  YES, YOUR HONOR.
16      THE COURT:  SO THE MONITOR'S REPORT I'M NOT GETTING
17 TO YET BECAUSE I DON'T -- I UNDERSTAND IT'S ON THAT -- ON THE
18 FLASH DRIVE THAT YOU GAVE ME BUT I HAVEN'T LOOKED AT IT YET.
19 THE --
20      ALL RIGHT.  SO NOW THE NEXT ISSUE, THEN, WITH RESPECT TO
21 MOTION 5.
22      MS. DUNN:  THE NEXT ISSUE WOULD BE DR. NOLL'S
23 REFERENCE TO THE MICROSOFT CASE AND THE PLAINTIFFS SUGGEST
24 THAT THEY'RE GOING TO USE THE -- IN TWO WAYS.
25      THE COURT:  OKAY.  IS IT IN THE REPORT?  AND IF SO,

The Apple iPod iTunes Antitrust Litigation - Pretrial Conference Hearing - October 31, 2014

SHEET 16

**121**
1. THE MICROSOFT CASE AS AN EXAMPLE OF WHEN THAT WAS SPLIT APART,
2. HOW THAT WAS HELPFUL FOR COMPETITION, AND BASICALLY PRICES
3. WENT DOWN, YOU HAD MORE COMPETITION INTO THE MARKET. THAT'S
4. HIS BASIS OF -- OF BEING AN EXPERT, AND SO I DON'T THINK IT
5. GOES TO THE LEGAL ISSUES THAT YOUR HONOR'S GOING TO --
6.     THE COURT: WELL, HE'S -- THERE WERE TWO ISSUES
7. THERE. ONE WAS THIS MOTION THAT SOMEHOW THAT PARAGRAPH ON
8. PAGE 66 IS A LEGAL ANALYSIS. NOT SURE I BUY THAT. THE
9. QUESTION -- THE OTHER QUESTION, THOUGH, IS WHETHER -- THE
10. ISSUE OF PREJUDICE WITH RESPECT TO THE SPECIFIC ARGUMENT THAT
11. THE U.S. GOVERNMENT, YOU KNOW, SUED APPLE AND --
12.     MR. COUGHLIN: I --
13.     THE COURT: -- AND THE 404(B) IMPLICATIONS OF THAT,
14. WHICH IS A VALID CONCERN.
15.     MR. COUGHLIN: WELL, THERE ARE 404(B) IMPLICATIONS.
16. IF THIS WAS -- COUNSEL MENTIONED IF -- IF IT WAS A BANK
17. ROBBERY. WELL, IF THIS WAS AS BANK ROBBERY, WE'D HAVE THE
18. THREE OTHER PRIOR BANK ROBBERIES COMING IN UNDER 404(B).
19.     THE COURT: MAYBE, MAYBE NOT.
20.     MS. DUNN: WHICH ARE EXPLICITLY ENUNCIATED IN THE
21. RULE OF EVIDENCE. THAT'S PRECISELY THE POINT.
22.     MR. COUGHLIN: BUT THE POINT, I -- THE POINT HERE --
23. AND I HAVE TRIED A NUMBER OF BANK ROBBERIES AND HAVE DONE JUST
24. THAT. WHEN IT WAS SIMILAR, IT CAME IN. IF IT'S NOT SIMILAR,
25. IT DOESN'T COME IN, EVEN IF IT IS ANOTHER BAD ACT, IF IT

**122**
1. DOESN'T SHOW MODUS OPERANDI OR INTENT OR KNOWLEDGE. AND,
2. FRANKLY, IT'S A LITTLE EARLY TO TELL UNTIL WE START THE
3. CROSS-EXAMINATIONS OF, LET'S SAY, EDUARDO CUE ABOUT WHETHER
4. SOME OF THESE ACTIONS THAT HE TOOK IN E-BOOKS OR ANYTHING, YOU
5. KNOW, QUALIFIES, A 404(B) SIMILAR ACT. OR IF HE DEALT WITH
6. PEOPLE IN THE SAME MANNER IN THAT CASE, NOT JUDGE COTE'S
7. OPINIONS ABOUT HIS CREDIBILITY OR ANYTHING ELSE LIKE THAT.
8.     BUT IF HE TOOK SIMILAR ACTIONS, LIKE, FOR EXAMPLE, IN THAT
9. CASE WITH THE MOST FAVORED NATIONS CLAUSE, DID HE DO SOMETHING
10. LIKE THAT HERE THAT IS SO SIMILAR THAT IT SHOULD COME IN. I
11. DON'T KNOW THAT RIGHT NOW AS I STAND HERE. THAT HASN'T BEEN
12. FRAMED UP AS THE ISSUE.
13.     THE COURT: WELL, MAYBE THE APPROPRIATE THING TO DO,
14. THEN, IS TO -- IS TO INDICATE THAT A -- A MOTION ON 404(B)
15. EVIDENCE, WHICH MUCH OF THIS IS, IS GRANTED WITHOUT PREJUDICE
16. UNTIL A -- UNTIL A FOUNDATION IS FORMED SO THAT YOU CAN MAKE
17. THE ARGUMENT.
18.     MR. COUGHLIN: I DON'T --
19.     THE COURT: AND SO THAT I CAN DETERMINE BASED UPON
20. WHAT I HEAR WHETHER OR NOT THERE'S SIMILARITY.
21.     MR. COUGHLIN: THAT IS -- THAT IS ONE ISSUE THAT'S
22. RAISED HERE. WE'VE KIND OF JUMPED AWAY FROM THE ISSUE OF WHAT
23. WE'RE ACTUALLY DEALING WITH IN THE EXPERTS.
24.     I WENT BACK -- YOU RAISED 404(B), SO I TALKED ABOUT IT
25. WITH A PARTICULAR WITNESS AND HOW IT MIGHT BECOME RELEVANT,

**123**
1. YOU KNOW, UNDER ANY SCENARIO OF FACTS. AND THEN WE WOULD HAVE
2. TO MAKE THE SHOWING BEFORE WE WERE ALLOWED TO DO IT.
3.     BUT WHEN WE'RE TALKING TO WITNESSES -- EXPERT WITNESSES
4. AND THEY'RE TALKING ABOUT THEIR WORK EITHER IN PRIOR
5. LITIGATION OR WHAT THEY DO, I THINK IT'S FAIR GAME FOR US TO
6. GO AFTER THEIR WITNESSES AND FOR THEM TO GO AFTER OURS AND --
7. AND TALKING ABOUT NOT THE OPINIONS OF THE JUDGE IN THAT CASE
8. BUT WHAT THEY DID IN THOSE CASES AND WHAT CONCLUSIONS THEY
9. REACHED AND IF THEY REACHED CONCLUSIONS THAT ARE SOMEHOW
10. DIFFERENT THAN WHAT THEY'RE OPINING ON HERE.
11.     DIDN'T YOU IN SUCH AND SUCH LITIGATION OPINE THAT YOU
12. DIDN'T NEED CLUSTERING IF YOU HAD ALL THE DATA. THAT'S JUST
13. ONE EXAMPLE OF WHAT I THINK WOULD BE RELEVANT MAYBE HERE.
14.     I THINK THAT HAS TO BE OPEN. I DON'T THINK THERE'S ANY
15. REASON TO EXCLUDE THAT NOW. AND CERTAINLY, WE'RE AT RISK IF
16. WE GO BEYOND WHAT YOUR HONOR HAS DRAWN AS THE LINE. I DON'T
17. THINK I'VE DISAGREED WITH YOUR HONOR.
18.     THE OPINION OF THE TWO JUDGES IN E-BOOKS OR HIGH-TECH ARE
19. IRRELEVANT FOR THE MOST PART. BUT THE WORK THAT WAS DONE IN
20. THOSE CASES AND BY THESE EXPERTS MAY VERY WELL BE RELEVANT.
21. AND WE SHOULDN'T BE CUT OFF FROM CROSS-EXAMINATION BEFORE WE
22. EVEN GET THERE 'CAUSE WE'LL HAVE A FLOW GOING AND WE MAY OR
23. MAY NOT ASK A CERTAIN QUESTION. WE DON'T KNOW WHAT THE
24. WITNESS WILL SAY NECESSARILY.
25.     THE COURT: WELL, THERE'S STILL -- DO YOU WANT TO

**124**
1. ADDRESS PAGE 64 OF THE REPORT?
2.         (PAUSE IN THE PROCEEDINGS.)
3.     MR. COUGHLIN: HE'S USING THAT AS A REAL-WORLD
4. EXAMPLE OF WHAT HAPPENED. IF THEY'RE WORRIED ABOUT THE
5. MENTION OF -- MENTIONING APPLE IN THAT LITIGATION, FRANKLY, I
6. DON'T HAVE ANY PROBLEM WITH NOT -- AND I'LL -- AND WE'LL TELL
7. HIM AHEAD OF TIME.
8.     THE COURT: OKAY. WELL, SEE, THAT ALWAYS MAKES IT
9. EASY. MOTION IS GRANTED TO THE EXTENT THAT --
10.     I UNDERSTAND THERE'S MORE THERE.
11.     MS. DUNN: THANK YOU.
12.     THE COURT: BUT AT LEAST WITH RESPECT TO -- U.S.
13. GOVERNMENT SUING APPLE WITH RESPECT TO INTERNET EXPLORER AND
14. WINDOWS, THAT -- THAT'S EXCLUDED.
15.     MR. COUGHLIN: BUT HE CAN STILL TALK ABOUT THE U.S./
16. MICROSOFT CASE AND THE RESULT OF THAT AND HOW THAT ENHANCED
17. COMPETITION.
18.     THE COURT: WELL, THAT'S WHAT I STILL HAVE UNDER
19. SUBMISSION.
20.     MR. COUGHLIN: OH, OKAY.
21.     THE COURT: ANYTHING ELSE ON -- ANY OTHER ARGUMENT?
22. I'M NOT RULING FROM THE BENCH ON THIS ONE.
23.     MS. DUNN: OKAY. YOUR HONOR, SINCE YOU'RE NOT RULING
24. FROM THE BENCH, I WOULD LIKE TO GIVE YOU THE CASE CITES
25. BECAUSE --

141

1  TO MAKE SURE THAT THAT DOESN'T GET LOST IN THIS DISCUSSION.
2      THE COURT: SO --
3      MS. SWEENEY: LET ME FIND THAT.
4      THE COURT: -- IDENTIFY AND MAYBE WE HAVE TO -- MAYBE
5  YOU HAVE TO TAKE A BREAK. BUT IF -- IF THE NOTION IS THAT
6  THERE -- IN LIGHT OF THE LAW, THE PLAINTIFF DOESN'T HAVE ANY
7  INTENTION TO BRING UP IN ITS AFFIRMATIVE CASE THESE -- THESE
8  OPINIONS WHICH ARE RESPONSIVE TO APPLE, THEN THEY'RE -- THEN
9  THEY'RE EASILY EXCLUDED UNLESS THE DOOR IS OPENED, IN WHICH
10 CASE IT CAN BE REVISITED.
11     THE ISSUE WITH RESPECT TO WHETHER IT'S A GENUINE PRODUCT
12 IMPROVEMENT VERSUS A PRETEXT, THAT'S A DIFFERENT KIND OF
13 ISSUE, AND -- IN TERMS OF THE FACTS.
14     MR. ISAACSON: RIGHT, BUT A LACK OF -- AN ABSENCE OF
15 SHARING TECHNICAL INFORMATION OR A LACK OF ASSISTANCE TO
16 COMPETITORS CANNOT BE USED TO SHOW PRETEXT.
17     THE COURT: OKAY. SO WHAT I NEED TO KNOW IS WHAT OF
18 THIS IS MERELY REBUTTAL AND WHAT IS IT THAT YOU'RE SEEKING --
19 IN THESE REPORTS THAT THEY ARE SEEKING TO STRIKE, WHAT IS IT
20 THAT YOU ARE SEEKING, MS. SWEENEY, TO -- TO PUT ON IN YOUR
21 CASE-IN-CHIEF?
22     HAVE YOU DONE A LINE-BY-LINE ANALYSIS?
23     MS. SWEENEY: I WOULD HAVE TO DO THAT OVER THE BREAK,
24 YOUR HONOR.
25     THE COURT: ALL RIGHT. I THINK THE CONVERSATION WILL

142

1  BE MORE PRODUCTIVE IF I HAVE THAT, AND THAT WAY WE CAN FOCUS
2  ON -- ON THE VERY SPECIFIC PORTIONS OF THE REPORT THAT WOULD
3  BE EXCLUDED ABSENT A DOOR BEING OPENED.
4      MR. ISAACSON: AND JUST TO HELP THE DISCUSSION LATER,
5  IT'S QUITE EASY FOR US TO SAY -- YOU KNOW, TO NOT USE THE WORD
6  (SIC) "SHARING TECHNICAL INFORMATION."
7      ONE OF THE REASONS, THOUGH, THAT THERE IS A RISK OF
8  CORRUPTION IS THAT THE THIRD PARTY LACKS OUR CODE, LACKS OUR
9  TECHNICAL INFORMATION. AND WE HAVE TO HAVE THE ROOM TO SAY
10 THAT, THAT THEY DON'T HAVE THAT INFORMATION WITHOUT OPENING
11 THE DOOR BECAUSE IT'S A FACT. THEY DON'T HAVE THAT
12 INFORMATION. IT'S AN UNDISPUTED FACT. THEY DON'T HAVE THAT
13 INFORMATION.
14     AND IT DOES -- AND AS A MATTER OF FACTUAL PREMISE, IT'S
15 TRUE THAT THAT INCREASES THE RISK OF CORRUPTION.
16     THE COURT: ALL RIGHT. WELL, I UNDERSTAND, BUT I DO
17 THINK THAT IT IS -- THAT IT'S A BETTER USE OF EVERYBODY'S TIME
18 TO DIG INTO THE SPECIFICS OF THIS.
19     OKAY.
20     THAT'S MOTION IN LIMINE NO. 2. IS THAT RIGHT?
21     MR. ISAACSON: YES, YOUR HONOR.
22     THE COURT: ALL RIGHT. SO THEN WHAT'S LEFT IS NO. 3.
23     MR. ISAACSON: YES, YOUR HONOR.
24     NOW IF I CAN FOCUS YOU ABOUT WHAT THIS MOTION'S ABOUT,
25 WHICH IS PROBABLY BEST PUT AT PAGE 17 OF 24 IN THE -- IN THE

143

1  ECF ON OUR MOTIONS AT THE TOP, AND I WOULD POINT YOU TO TWO
2  SPECIFIC STATEMENTS THERE.
3      ONE IS IN THE MIDDLE, DR. NOLL SAYING THAT THE RELEVANT
4  ISSUE REFERRING TO THIS CASE IS --
5      THE COURT: WHAT LINE -- WHAT LINE ARE YOU AT?
6      MR. ISAACSON: I'M AT LINE 18 AND 19.
7      THE COURT: OKAY. GO AHEAD.
8      MR. ISAACSON: THE RELEVANT ISSUE IS WHETHER FORCING
9  CONSUMERS TO BUY EITHER ALL OR NO COMPLEMENTARY PRODUCTS FROM
10 APPLE IS A REASONABLE RESTRICTION ON COMPETITION. THERE'S A
11 SIMILAR STATEMENT FROM PLAINTIFF'S COUNSEL, MS. SWEENEY, AT
12 LINES 3 AND 4. THIS CASE IS ABOUT APPLE LOCKING OUT ALL
13 RIVALS BY VIRTUE OF ITS LACK OF INTEROPERABILITY.
14     SO, THE -- THE REASON FOR THIS MOTION WAS THE CONCERN THAT
15 THERE WAS GOING TO BE EXPERT TESTIMONY AND SUPPORTING ARGUMENT
16 THAT SAYS, TO -- THAT TELLS THE JURY THAT THIS CASE IS ABOUT
17 SOMETHING THAT IT CAN'T BE ABOUT.
18     AND JUST LOOKING AT JUDGE WARE'S DECISION -- I MEAN, THIS
19 WHOLE CASE IS GOING TO TRIAL BASED ON PAGE 12 OF HIS DECISION
20 WHICH RUNS OVER A LITTLE BIT ON TO PAGE 13, AND THAT'S PAGE --
21 OF HIS -- OF HIS DECISION ON SUMMARY JUDGMENT, DOCUMENT 627.
22     AND HE SAYS AFTER SUMMARIZING THE EVIDENCE FROM DR. MARTIN
23 IN LIGHT OF THE PARTIES' CONFLICTING EVIDENCE, THE COURT FINDS
24 THAT IT'S UNABLE TO DETERMINE AS A MATTER OF LAW THAT ITUNES
25 7.0 WAS INTRODUCED TO GUARD AGAINST THE RISK OF CORRUPTION AND

144

1  WAS THEREFORE A GENUINE PRODUCT IMPROVEMENT.
2      HE -- HE FOCUSED THE ISSUE ON WHETHER THIS PRODUCT
3  GENUINELY HELPED STOP CORRUPTION OR NOT. HE DIDN'T PUT IT ON
4  WHAT THEY ARE SAYING THE WHOLE CASE IS ABOUT, BOTH IN OPEN
5  COURT AND IN THE EXPERT REPORTS, ABOUT INTEROPERABILITY, WHICH
6  JUDGE WARE UNDER THE LAW OF THE CASE SAID WAS LEGAL.
7      THE COURT: WELL, HE SAID 4.7 WAS LEGAL.
8      MR. ISAACSON: HE ALSO IN TERMS OF THE -- AND THE
9  TYING -- IN THE TYING DECISION, HE ALSO SAID THAT HAVING AN
10 INTEROPERABLE ITUNES AND IPOD SYSTEM WAS PERFECTLY LEGAL. AND
11 IN HIS ULTIMATE DECISION ABOUT WHAT SHOULD GO TO TRIAL, IT'S
12 IS THIS A GENUINE PRODUCT IMPROVEMENT BASED ON THE ISSUE OF
13 CORRUPTION.
14     THE COURT: OKAY.
15     RESPONSE.
16     MS. SWEENEY: YES, YOUR HONOR. WELL, TWO THINGS,
17 FIRST OF ALL, THROUGHOUT ITS JURY INSTRUCTIONS AND ITS MOTIONS
18 IN LIMINE, APPLE REPEATS A MYTH, WHICH IS THAT JUDGE WARE HELD
19 THAT FOR ALL PURPOSES AND IN ALL CIRCUMSTANCES, APPLE'S
20 INTEGRATED PLATFORM APPROACH IS LAWFUL.
21     WHAT JUDGE WARE HELD IS THAT ITS INTEGRATED APPROACH WAS
22 LAWFUL UNDER THE CIRCUMSTANCES AND -- AND JUDGE WARE HIMSELF
23 SAID THAT APPLE'S INTEGRATED APPROACH BY ITSELF DOES NOT
24 CONSTITUTE ANTICOMPETITIVE CONDUCT.
25     THE COURT: RIGHT, SO -- SO YOU'RE SUGGESTING THAT --

SHEET 23

177
1   MS. DEARBORN: UM-HMM.
2   THE COURT: OKAY. PAGE 7 OF 7. WHAT DO YOU SHOW?
3   MS. DEARBORN: THERE'S A SINGLE LINE HERE FOR THE
4   DEPOSITION OF STEVE JOBS BECAUSE THIS WAS THE -- THIS WAS THE
5   MATERIAL THAT PLAINTIFFS AND APPLE AGREED SHOULD BE PRESENTED
6   TO THE COURT.
7      WHERE -- THERE WERE A NUMBER OF COUNTER-DESIGNATIONS BUT
8   WE AGREED THAT WHERE THERE WAS NO SEPARATE OBJECTION TO THE
9   COUNTER-DESIGNATION, THEN THAT NEED NOT BE PERMITTED (SIC) --
10  OR PRESENTED TO THE COURT.
11     AND I UNDERSTAND THAT YOUR HONOR HAS GONE THROUGH THOSE
12  COUNTER-DESIGNATIONS AND MADE RULINGS ON THEM, BUT THE
13  PLAINTIFFS' DESIGNATIONS ARE IN THE SAME -- ARE IN THE SAME
14  BOAT, YOUR HONOR.
15     THE COURT: EXHIBIT H HAS HALF A DOZEN DIFFERENT
16  DESIGNATIONS TO WHICH THERE WERE OBJECTIONS.
17     MS. DEARBORN: THAT'S RIGHT. THOSE WERE 106
18  OBJECTIONS, AND THEN IN -- IN ORDER TO CURE THE 106 OBJECTION,
19  WE SUGGESTED ADDITIONAL TESTIMONY TO BE COUNTER-DESIGNATED.
20  IF THE PLAINTIFFS MADE NO SEPARATE OBJECTION TO THAT
21  COUNTER-DESIGNATION, WE ESSENTIALLY VIEWED IT AS CURING THE
22  106 OBJECTION AND SO IT -- THERE NEED -- IN AN EFFORT TO
23  NARROW THE ISSUES FOR THE COURT TO DECIDE, WE DID NOT PRESENT
24  THOSE TO THE COURT.
25     THE COURT: SO I DIDN'T HAVE TO MAKE ALL THOSE

178
1   RULINGS?
2      MS. DEARBORN: THAT'S -- THAT WAS OUR UNDERSTANDING,
3   YOUR HONOR.
4      THE COURT: I MEAN, THAT'S NOT HELPFUL, GUYS. I
5   MEAN, SERIOUSLY, WHY GIVE IT TO ME IF I DON'T HAVE TO MAKE A
6   RULING?
7      MS. DEARBORN: WE LISTED OUR DESIGNATION AND
8   COUNTER-DESIGNATIONS FROM EACH PARTY IN AN EFFORT TO IDENTIFY
9   WHICH PARTICULAR PORTION OF THE DEPOSITION TRANSCRIPT WAS
10  BEING DESIGNATED BY EACH PARTY, WHICH THEN ALLOWS FOR
11  ACCOUNTING OF TIME.
12     MR. ISAACSON: BUT WE TAKE YOUR POINT.
13     MS. DEARBORN: YES.
14     MR. ISAACSON: YOU SHOULD HAVE BIG BOLD WARNINGS, AND
15  WE DIDN'T DO THAT.
16     THE COURT: OKAY. DON'T GIVE ME SOMETHING IF I DON'T
17  HAVE TO RULE ON IT.
18     MS. DEARBORN: YES, YOUR HONOR.
19     THE COURT: PLAINTIFF'S MOTION NO. 1, SOMEBODY WAS
20  GOING TO GIVE ME SOME ADDITIONAL INFORMATION.
21     MR. COUGHLIN: I THINK COUNSEL FOR -- APPLE WAS GOING
22  TO GIVE SOME ADDITIONAL INFORMATION, YOUR HONOR.
23         (PAUSE IN THE PROCEEDINGS.)
24     MS. DUNN: OKAY. SO YOU HAD ASKED US FOR REFERENCES
25  TO SPECIFIC INSTANCES WHERE THE LEGALITY OF REAL'S ACTIONS

179
1   WERE IN DISPUTE, SPECIFICALLY HAVING TO DO WITH WHETHER THIS
2   ISSUE HAD COME UP IN LITIGATION, WHETHER DOCUMENTS HAD BEEN
3   EXCHANGED, WHETHER QUESTIONS HAD BEEN ASKED IN DEPOSITION.
4      YOU ASKED FOR ACTUAL DOCUMENTS HIGHLIGHTED, COPIES TO THE
5   PLAINTIFF WITH AN INDEX OF EACH DOCUMENT REFERENCED AND RELIED
6   UPON, AND YOU WANTED US TO INTERLINEATE WHETHER APPLE CLAIMS
7   THAT CASE HAD CHANGED.
8      THE COURT: WHEN CAN YOU DO THAT?
9      MS. DUNN: WHEN CAN WE DO THAT?
10        (OFF-THE-RECORD DISCUSSION.)
11     MR. ISAACSON: FORTY-EIGHT HOURS?
12     MS. DUNN: YEAH.
13     MR. ISAACSON: FRIDAY?
14     MS. DUNN: FRIDAY? WE'RE OBVIOUSLY AT THE SERVICE OF
15  THE COURT. BUT 48 HOURS WOULD HELP.
16     THE COURT: OKAY. FRIDAY.
17     MR. COUGHLIN: YOUR HONOR, WE WOULD HAVE TO TAKE A
18  LOOK AT THAT AND IF -- I GUESS IF WE COULD GET BACK TO YOU NO
19  LATER THAN MONDAY OR TUESDAY WITH --
20     THE COURT: WELL, THE QUESTION IS WHEN WE'RE GOING TO
21  MEET AGAIN. WE'RE GOING TO HAVE TO MEET AGAIN, SO I DON'T
22  KNOW IF YOU'RE GOING TO WANT TO RESPOND TO THAT IN WRITING OR
23  IF YOU'RE JUST GOING TO WANT TO ARGUE IT.
24     MR. COUGHLIN: I'D HAVE TO LOOK AT IT.
25     THE COURT: ALL RIGHT. SO LET'S FIGURE OUT IN A

180
1   MINUTE WHEN YOUR RESPONSE WILL BE DUE.
2      OKAY. I'M GOING TO NEED A PROPOSED FORM OF ORDER FROM
3   EACH OF YOU ON EACH OF YOUR MOTIONS IN LIMINE. AND I'M GOING
4   TO GO ASK THAT YOU DO IT IN THE FIRST INSTANCE SO THAT WE'RE
5   ALL CLEAR ABOUT WHAT HAS BEEN EXCLUDED, WHAT HASN'T BEEN
6   EXCLUDED. AND TO THE EXTENT THAT THERE ARE DISAGREEMENTS OVER
7   THE OTHER SIDE'S VIEW, IT'S IMPORTANT FOR US TO KNOW IT NOW SO
8   THAT THEN THAT PROPOSED ORDER CAN GET MODIFIED.
9      I TEND TO FIND THAT IT'S REFERENCED FREQUENTLY DURING
10  TRIALS, SO I WILL AMEND IT -- I'D ALREADY STARTED ONE, BUT I
11  THINK IN LIGHT OF ALL OF THE SUB-RULINGS THAT WERE MADE, WITH
12  RESPECT TO MANY OF THESE MOTIONS, THAT IT WILL BE HELPFUL TO
13  ME TO HAVE YOU ARTICULATE WHAT YOU HEARD, AND THEN WE CAN
14  CONFIRM WHAT I ORDERED. OKAY?
15     SO I'D LIKE THAT BY -- I COULD HAVE IT BY FRIDAY FROM EACH
16  OF YOU, AND THEN WE CAN TALK ABOUT IT NEXT WEEK.
17     ALL RIGHT. WAS THERE ANY -- DOES ANYBODY HAVE ANYTHING ON
18  THEIR LIST REGARDING THE MOTIONS IN LIMINE?
19     MS. SWEENEY: THIS WILL BE ADDRESSED AGAIN IN THE
20  PROPOSED ORDERS, YOUR HONOR, BUT IN RESPONSE TO APPLE'S
21  MOTIONS IN LIMINE 1 THROUGH 3, WE DID PROVIDE IN OUR PROPOSED
22  ORDER -- YOUR HONOR HAD ASKED ME, AND I DIDN'T REALIZE THAT WE
23  HAD PROVIDED IN OUR PROPOSED ORDER IF YOUR HONOR DOES GRANT
24  THAT, THEN WHICH CORRESPONDING TESTIMONY FROM APPLE'S
25  WITNESSES SHOULD BE STRICKEN. THAT'S -- THAT'S ALL DELINEATED

# EXHIBIT B

|   |   |
|---|---|
| 1 |   |
| 2 |   |
| 3 |   |
| 4 |   |
| 5 |   |
| 6 |   |
| 7 |   |
| 8 |   |
| 9 |   |
| 10 |   |
| 11 |   |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) | Lead Case No. C-05-00037-YGR<br><br>CLASS ACTION<br><br>PLAINTIFFS' PROPOSED ORDER REGARDING APPLE'S MOTIONS *IN LIMINE* NOS. 1-3 AND TO EXCLUDE AND STRIKE EVIDENCE |
|---|---|---|
| This Document Relates To:<br><br>    ALL ACTIONS. | | |

976870_1

1    This matter came before the Court on October 29, 2014, for hearing on Plaintiffs'
2 Oppositions to Defendant Apple Inc.'s Motions *in Limine* Nos. 1-3.  Having considered the parties
3 submissions and for good cause appearing,
4    IT IS HEREBY ORDERED:

| No. | Apple's Motion *in Limine* | Basis | Order |
|---|---|---|---|
| 1 | Motion *in Limine* No. 1 | Relevant Case Law | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |
| 2 | Motion *in Limine* No. 2 | Relevant Case Law | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |
| 3 | Motion *in Limine* No. 3 | F.R.E. 401, 402; Relevant Case Law | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |

This matter came before the Court on October 29, 2014, for hearing on Defendant Apple Inc.'s Motions *in Limine* Nos. 1-3.  Having considered the parties' submissions and for good cause appearing,

IT IS HEREBY ORDERED:

**Motion No. 1**:  Apple's motion to exclude all evidence, testimony, argument or references by Plaintiffs intending to show that Apple could have or should have taken steps to aid third parties in developing products that are interoperable with iPods is DENIED.  The Court does not strike ¶¶43-48, 62, 69-70 73, 111, 112(6), 112(7), and 112(10) from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5), and the material identified by Apple from pages 64–68 in the April 3, 2013 Declaration of Roger Noll (ECF No. 813-3) .

**Motion No. 1 (as modified)**:  Alternatively, Apple's motion to exclude all evidence, testimony, argument or references by Plaintiffs intending to show that Apple could have or should have taken steps to aid third parties in developing products that are interoperable with iPods is GRANTED AS MODIFIED in the next paragraph.  The Court strikes ¶¶43-48, 62, 69-70 73, 111, 112(6), 112(7), and 112(10) from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5),

1 and the material identified by Apple from pages 64–68 in the April 3, 2013 Declaration of Roger
2 Noll (ECF No. 813-3).

3     The Court further strikes the same type of testimony from Apple's witnesses at ¶¶34-40 of
4 the Declaration of John P. Kelly in Support of Defendant's Renewed Motion for Summary Judgment
5 (ECF No. 466); ¶¶75-166 of the Expert Report of John P. Kelly (ECF No. 819-5); and ¶¶34-61 of the
6 Expert Report of Kevin Murphy (ECF No. 813-4). Apple shall not elicit testimony, make argument
7 or reference that there are benefits to a "walled garden" or "integrated platform."

8     **Motion No. 2**: Apple's motion to exclude all evidence, testimony, argument or references by
9 Plaintiffs to purported less restrictive alternatives to Apple's product decisions is DENIED.

10     The Court does not strike ¶¶ 106–111 from the April 8, 2013 Expert Report of David Martin
11 (ECF No. 815-5), and the material identified by Apple from page 63 in the April 3, 2013 Declaration
12 of Roger Noll (ECF No. 813-3).

13     **Motion No. 2 (as modified)**: Apple's motion to exclude all evidence, testimony, argument
14 or references by Plaintiffs to purported less restrictive alternatives to Apple's product decisions is
15 GRANTED AS MODIFIED in the next paragraph. The Court strikes ¶¶106-111 from the April 8,
16 2013 Expert Report of David Martin (ECF No. 815-5), and the material identified by Apple from
17 page 63 in the April 3, 2013 Declaration of Roger Noll (ECF No. 813-3).

18     The Court further strikes the same type of testimony from Apple's witnesses at ¶58-66 of the
19 Expert Report of John P. Kelly. Apple shall not elicit testimony, make argument or reference that its
20 actions in developing updates to 7.0 were legitimate business justifications.

21     **Motion No. 3**: Apple's motion to exclude all evidence, testimony, argument or references by
22 Plaintiffs contrary to the Court's May 19, 2011 Order Granting In Part And Denying In Part
23 Defendant's Motion For Summary Judgment; Denying As Premature Plaintiffs' Motion For Class
24 Certification (ECF No. 627) and its December 21, 2009, Order Decertifying Classes Without
25 Prejudice to Being Renewed; Inviting Further Motions (ECF No. 303) is DENIED. The Court does
26 not strike ¶¶42-70 from the April 8, 2013 Expert Report of David Martin (ECF No. 815-5) and the
27 material identified by Apple from pages 64–68 in the April 3, 2013 Declaration of Roger Noll (ECF
28

1  No. 813-3), and from pages 3-4 and 13-14 in the November 25, 2013 Rebuttal Declaration of Roger
2  Noll (ECF No. 813-3).

3      **Motion No. 3 (as modified)**: Apple's motion to exclude all evidence, testimony, argument
4  or references by Plaintiffs contrary to the Court's May 19, 2011 Order Granting In Part And Denying
5  In Part Defendant's Motion For Summary Judgment; Denying As Premature Plaintiffs' Motion For
6  Class Certification (ECF No. 627) and its December 21, 2009, Order Decertifying Classes Without
7  Prejudice to Being Renewed; Inviting Further Motions (ECF No. 303) is GRANTED AS
8  MODIFIED in the next paragraph. The Court strikes ¶¶42-70 from the April 8, 2013 Expert Report
9  of David Martin (ECF No. 815-5) and the material identified by Apple from pages 64-68 in the April
10 3, 2013 Declaration of Roger Noll (ECF No. 813-3), and from pages 3-4 and 13-14 in the November
11 25, 2013 Rebuttal Declaration of Roger Noll (ECF No. 813-3).

12     The Court further strikes the same type of testimony from Apple's witnesses at ¶¶32-40 of
13 the 2011 Kelly Decl. (ECF No. 466), ¶¶17-31, 89-166 of the 2013 Kelly Report (ECF No. 819-5),
14 ¶¶13, 20-21, 23-28 of the Topel Report (ECF No. 813-5) and ¶¶37-61 of the Murphy Report (ECF
15 No. 813-4). Apple shall not elicit testimony, make argument or reference 4.7 or the "walled garden"
16 or "integrated platform" as legal or not anticompetitive.

17     IT IS SO ORDERED.

18 DATED: _____    _____
19                                                           THE HON. YVONNE GONZALEZ ROGERS
                                                          UNITED STATES DISTRICT JUDGE