William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION

This Document Relates To:

ALL ACTIONS

Lead Case No. C 05-00037 YGR
[CLASS ACTION]

**[PROPOSED] ORDER PARTIALLY DECERTIFYING RULE 23(b)(3) CLASS**

Date: November 18, 2014
Time: 1:00 p.m.
Courtroom: 1, 4th Floor
Judge: Hon. Yvonne Gonzalez Rogers

This matter came before the Court on Defendant Apple Inc.'s ("Apple") motion to decertify partially the Rule 23(b)(3) class in this action. Having considered the parties' submissions and argument, IT IS HEREBY ORDERED that the motion is GRANTED.

"[C]ertification is proper only if 'the trial court is satisfied, after a rigorous analysis, that [Rule 23's] prerequisites . . . have been satisfied.'" *Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1432 (2013) (quoting *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011)) (alterations in original). Because class representatives must "at all times adequately represent the interests of the absent class members," *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 810-14 (1985), an "order that grants or denies class certification may be altered or amended before final judgment." FED. R. CIV. P. 23(c)(1)(C); *see also Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003) ("Class certification is not immutable, and class representative status could be withdrawn or modified if at any time the representatives could no longer protect the interests of the class").

Under Rule 23, a class may not be certified unless "the claims . . . of the representative parties are typical of the claims . . . of the class," "the representative parties will fairly and adequately protect the interests of the class," "questions of law or fact common to class members predominate over any questions affecting only individual members," and "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(a)(3)-(4), (b)(3). "The standard used by the courts in reviewing a motion to decertify is the same as the standard used in evaluating a motion to certify." *O'Connor v. Boeing N. Am. Inc.*, 197 F.R.D. 404, 410 (C.D. Cal. 2000).

Here, decertification of the class to exclude reseller purchasers of iPods is necessary to comply with Rule 23, for the following reasons. First, Rule 23's typicality and predominance requirements are not met in regard to the reseller portion of the class because Plaintiffs have not demonstrated that "damages are capable of measurement on a classwide basis." *Comcast*, 133 S.Ct. at 1433. There is widespread variation in possible damages available to consumers and resellers, as well as between different kinds of resellers, and Plaintiffs have not advanced a single, workable model of damages that could account for such variation. Under the analysis of Plaintiffs' own expert, Dr. Noll, damages must be calculated separately for consumers and

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

resellers, using different data and different regressions. Further, Dr. Noll's damages model, which concludes that all resellers suffered uniform, per-unit harm, does not account for key differences among resellers. For many large resellers, who account for the great majority of iPods purchased by resellers, purchase prices are determined by individualized negotiations between the reseller and Apple, resulting in a variety of different outcomes. By contrast, for other resellers, Apple sets a fixed and non-negotiable wholesale price for a particular product. At least two courts in this District have recently held, as this Court does now, that such pricing heterogeneity within a purchaser class precludes a finding of typicality. *See In re Graphics Processing Units Antitrust Litig.*, 253 F.R.D. 478 (N.D. Cal. 2008) ("the representative plaintiffs' claims are not typical of the putative class. Significantly, the named plaintiffs each purchased a single graphics card through [a defendant's] website . . . . The terms of their purchases were non-negotiable . . . . By contrast, the putative class includes wholesale purchasers who . . . purchased a vast array of products on individually negotiated terms"); *In re Optical Disk Drive Antitrust Litig.*, No. 3:10-md-2143 RS, 2014 WL 4965655, *5 (N.D. Cal. Oct. 3, 2014) (same).

Second, the consumer named plaintiffs cannot adequately represent the interests of resellers in this litigation. After running separate regressions, based on different data sets, Dr. Noll determined that consumers incurred a per-unit harm approximately three times greater than that suffered by resellers. As consumers, the current class representatives had no incentive to explore the accuracy of Dr. Noll's disparate damage calculations. Indeed, it potentially would be in the consumers' interest to minimize reseller damages because consumers and resellers are competing before the jury for verdicts on liability and damages. Where the interests within a putative class are "not aligned" with regard to damages, there can be no "fair and adequate representation for the diverse groups and individuals affected" unless each group has a discrete and separate class representative. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 626-27 (1997) (certification is not proper under Rule 23 where some members of the putative class wanted "generous immediate payments" and other members wanted a "fund for the future").

The consumer named plaintiffs cannot adequately represent resellers for an additional reason: Under Plaintiffs' theory, at least some resellers benefitted from any alleged impairment

of competitors because it increased the demand for iPods, leading to more iPod sales. Recovery for antitrust violations is limited "to compensation for the 'net' injury incurred as a result of the defendant's antitrust violation." *L.A. Memorial Coliseum Comm'n v. NFL*, 791 F.2d 1356, 1366 (9th Cir. 1986). There is therefore a strong potential conflict of interest between consumers, who would only suffer injury if the price were increased, and resellers, who gain from increased sales volume. *See Allied Orthopedic Appliances, Inc. v. Tyco Healthcare Grp. L.P.*, 247 F.R.D. 156, 177 (C.D. Cal. 2007) ("no circuit approves of class certification where some class members derive a net economic benefit from the very same conduct alleged to be wrongful by the named representatives of the class").

Plaintiffs have attempted to remedy this problem by seeking to add a new class representative, Delaware Computer Exchange, shortly before trial was to begin. Even if such addition were permitted, it cannot save the class. To begin, because the case has progressed to trial without a reseller class representative, adding one at this late stage cannot cure the inadequacy of representation that reseller absent class members received as the Plaintiffs determined their strategy and planned their trial. *See Shutts*, 472 U.S. at 810–14 (due process "of course requires that the named plaintiff at all times adequately represent the interests of the absent class members").

Second, differences among the resellers in the class make Delaware Computer Exchange an inadequate and atypical representative. Delaware Computer Exchange purchased solely at wholesale list prices, while other retailers purchased on economic terms that varied based on their individual negotiations. Moreover, as a reseller who sold Apple products exclusively, Delaware Computer Exchange stood to benefit from an increase in demand for iPods, and thus increased sales, unlike multi-brand retailers who sold competing products.

Third, given the variation among resellers just described, a reseller class is not a superior method for resolving this controversy. Litigating individual reseller claims would be superior because of the individualized nature of the questions that bear on a particular reseller's recovery, such as whether a reseller suffered a net harm (and if so, how much). *In re Rail Freight Fuel Surcharge Antitrust Litig.*, 725 F.3d 244, 252–53 (D.C. Cir. 2013) ("When a case turns on

individualized proof of injury, separate trials are in order"); *In re Fresh Del Monte Pineapples Antitrust Litig.*, No. 1:04-md-1628 (RMB), 2008 WL 5661873, *9 (S.D.N.Y. Feb. 20, 2008) ("because individual damages issues will predominate, a class action is not a 'superior' method of adjudication" under Rule 23).

Finally, in addition to the many generally applicable defects described above, Delaware Computer Exchange cannot fairly represent resellers for its own idiosyncratic reasons. Most obviously, Delaware Computer Exchange is not a legal entity, but a trade name, and therefore lacks capacity to sue. Moreover, Delaware Computer Exchange lost any claim it may have once enjoyed in 2008, when it sold all of its assets to a third-party. In addition, Delaware Computer Exchange is subject to a reseller agreement with Apple that provides for mediation prior to filing suit, a one-year statute of limitations, and a waiver of jury trial rights. These individualized issues, which are not shared by other resellers, preclude Delaware Computer Exchange from serving as an adequate class representative. *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (a "named plaintiff's motion for class certification should not be granted if there is a danger that the absent class members will suffer if their representative is preoccupied with defenses unique to it") (quotation marks omitted).

For the foregoing reasons, it is HEREBY ORDERED that Apple's motion for partial decertification of the Rule 23(b)(3) class is GRANTED, and the Court's prior certification Order of November 22, 2011 (Dkt. No. 694) is VACATED consistent with the foregoing discussion. The Court HEREBY ORDERS the previously certified class to be modified to exclude persons or entities who purchased iPods for resale.

It is further ORDERED that within thirty (30) days of this Order, class counsel shall prepare, file and serve a proposed form of notice to absent class members, which advises them of this Order, that the statute of limitations is no longer being tolled, and of their right to proceed individually if they wish. Apple shall have fifteen (15) days from the filing of Plaintiffs' proposed form to comment and suggest revisions thereto.

///

///

IT IS SO ORDERED.

Dated: ________________, 2014

________________________________________
Hon. Yvonne Gonzalez Rogers
U.S. DISTRICT JUDGE

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA