1   William A. Isaacson (wisaacson@bsfllp.com)
    (Admitted *Pro Hac Vice*)
2   Karen L. Dunn (kdunn@bsfllp.com)
    (Admitted *Pro Hac Vice*)
3   Martha L. Goodman (mgoodman@bsfllp.com)
    (Admitted *Pro Hac Vice*)
4   BOIES, SCHILLER & FLEXNER LLP
    5301 Wisconsin Ave, NW
5   Washington, DC 20015
    Telephone:  (202) 237-2727
6   Facsimile:  (202) 237-6131

7   John F. Cove, Jr. #212213
    (jcove@bsfllp.com)
8   Kieran P. Ringgenberg #208600
    (kringgenberg@bsfllp.com)
9   Meredith R. Dearborn #268312
    (mdearborn@bsfllp.com)
10  BOIES, SCHILLER & FLEXNER LLP
    1999 Harrison Street, Suite 900
11  Oakland, CA 94612
    Telephone:  (510) 874-1000
12  Facsimile:  (510) 874-1460

13  David C. Kiernan #215335
    (dkiernan@jonesday.com)
14  JONES DAY
    555 California Street, 26th Floor
15  San Francisco, CA  94104
    Telephone:  (415) 626-3939
16  Facsimile:  (415) 875-5700

17  *Attorneys for Defendant Apple Inc.*

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20                   OAKLAND DIVISION

21  THE APPLE iPOD iTUNES ANTI-          Lead Case No.  C 05-00037 YGR
    TRUST LITIGATION                     [CLASS ACTION]
22
    ———————————————————————              **APPLE'S OPPOSITION TO MOTION TO**
23                                       **ADD CLASS REPRESENTATIVE (DKT.**
    This Document Relates To:            **873)**
24
    ALL ACTIONS
25                                       Date:    November 18, 2014
                                         Time:    1:00 p.m.
26                                       Place:   Courtroom 1, 4th Floor
                                         Judge:   Honorable Yvonne Gonzalez Rogers
27

28

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1

2

# TABLE OF CONTENTS

I.    ADDING DELAWARE COMPUTER EXCHANGE OR MR. RIEGEL WOULD
      BE FUTILE. .................................................................................................... 2

      A.    "Plaintiff" Kenneth Riegel as a Shareholder Cannot Bring Claims on
            Behalf of the Corporation. ..................................................................... 3

      B.    Delaware Computer Exchange Has No Standing or Right to Bring Any
            Claim. ..................................................................................................... 3

      C.    K & N Enterprises Also Cannot Assert Any Claims Against Apple. ................... 4

      D.    K & N Enterprises's Promise to Mediate Also Renders Addition Futile. ............. 6

II.   THE COURT SHOULD DENY THE MOTION TO ADD DUE TO
      PLAINTIFFS' LACK OF DILIGENCE AND EXTREME DELAY, AND THE
      PREJUDICE TO APPLE. ........................................................................... 7

      A.    Plaintiffs' Delay in Seeking to Add a Reseller Class Representative Was
            Strategic or Careless, Not Diligent, Requiring the Denial of Their Motion. ......... 8

      B.    The Extraordinary Prejudice to Apple of Adding a Reseller Class
            Representative on the Eve of Trial Requires Denial of This Motion. .................. 14

III.  IF THE COURT GRANTS THE MOTION TO ADD, THEN IT ALSO SHOULD
      ALLOW APPLE TO AMEND ITS ANSWER TO RAISE AFFIRMATIVE
      DEFENSES APPLICABLE TO THE NEW PLAINTIFF AND SET A BRIEFING
      SCHEDULE TO RESOLVE THOSE DEFENSES AND OTHER ESSENTIAL
      ISSUES. ........................................................................................................ 18

IV.   CONCLUSION ........................................................................................... 18

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

1

**TABLE OF AUTHORTIES**

2

3

**CASES**

4

*Acri v. Int'l Ass'n of Machinists and Aerospace Workers,*
  781 F.2d 1393 (9th Cir.1986).................................................................................9, 10

5

*Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.,*
  No. 11CV2482-IEG JMA, 2013 WL 4499118 (S.D. Cal. Aug. 20, 2013)......................8, 12

6

*Ahlmeyer v. Nev. Sys. of Higher Educ.,*
  555 F.3d 1051 (9th Cir. 2009)...........................................................................................2

7

*America's Wholesale Lender v. Pagano,*
  866 A.2d 698 (Conn. Ct. App. 2005)................................................................................4

8

*AmerisourceBergen Corp. v. Dialysist W., Inc.,*
  465 F.3d 946 (9th Cir. 2006)............................................................................................9

9

*Amparan v. Plaza Home Morg., Inc.,*
  No. C 07-4498 JE RS, 2009 WL 2776486  (N.D. Cal. Aug. 28, 2009)..............................17

10

*Ashby v. Farmers Ins. Co.,*
  No. 01-cv-1446-BR, 2007 WL 5479070 (D. Or. Sept. 26, 2007)................................13, 16

11

*B&O Manf'g, Inc. v. Home Depot U.S.A., Inc.,*
  No. C 07-02864 JSW, 2007 WL 3232276 (N.D. Cal. Nov. 1, 2007) ...............................6

12

*Berger v. Rossignol Ski Co., Inc.,*
  No. C-05-02523 CRB, 2006 WL 1095914 (N.D. Cal. Apr. 25, 2006) .............................9

13

*Bibo v. Fed. Exp. Inc.,*
  No. C07-2505 TEH, 2010 WL 1688549  (N.D. Cal. Apr. 26, 2010)..............................2, 3

14

*Bowler v. Home Depot USA Inc.,*
  No. C-09-05523 JCS, 2010 WL 3619850 (N.D. Cal. Sept. 13, 2010).............................2, 3

15

*Bronze Shields, Inc. v. N.J. Dep't of Civil Serv.,*
  667 F.2d 1074 (3d Cir. 1981)...........................................................................................12

16

*Brosnan v. Dry Cleaning Station Inc.,*
  No. C-08-02028, 2008 WL 2388392 (N.D. Cal. June 6, 2008)............................................6

17

*Bull v. City & Cnty. of San Francisco,*
  758 F. Supp. 2d 925 (N.D. Cal. 2010) ............................................................................14

18

*Centaur Corp. v. ON Semiconductor Components Indus., LLC,*
  No. 09 CV 2041 JM (BLM), 2010 WL 444715 (S.D. Cal. Feb. 2, 2010) .........................6

19

*Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.,*
  No. 11-CV-726 CBA, 2012 WL 2458060  (E.D.N.Y. June 27, 2012),
  *aff'd*, No. 11 CV 726 CBA RLM, 2012 WL 3306612 (E.D.N.Y. Aug. 13,
  2012) .........................................................................................................................7

20

*Davis v. Brown Grp. Retail, Inc.,*
  No. 1:13-CV-01211-LJO-BAM, 2014 WL 3778284 (E.D. Cal. July 31, 2014) ...............17

21

*Delamatre v. Anytime Fitness, Inc.,*
  722 F. Supp. 2d 1168 (E.D. Cal. 2010)..............................................................................6

22

*Diesel Mach. v. Manitowoc Crane Grp.,*
  777 F. Supp.2d 1198 (D.S.D. 2011).................................................................................4

23

24

25

26

27

28

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

*Eleven Line, Inc. v. North Texas State Soccer Ass'n*,
No. CA-35-3120-R, 1998 WL 574893 (N.D. Tex. Aug. 26, 1998)
*rev'd on other grounds*, 213 F.3d 198 (5th Cir. 2000)............................................................. 6

*Emmpresa Cubana Del Tabaco v. Culbro Corp.*,
213 F.R.D. 151 (S.D.N.Y. 2003) ................................................................................................ 16

*FLIR Sys., Inc. v. Sierra Media, Inc.*,
No. 3:10-CV-00971-HU, 2012 WL 243690 (D. Or. Jan. 25, 2012) ..................................... 8, 9

*Frisco v. Midland Credit Mgmt., Inc.*,
No. C-11-03284-YGR, 2012 WL 1309164  (N.D. Cal. Apr. 16, 2012) ................................... 8

*Harris v. Vector Marketing Corp.*,
No. C-08-5198 EMC, 2010 WL 3743532  (N.D. Cal. Sept. 17, 2010) ................... 8, 9, 12, 14

*Hernandez v. Balakian*,
251 F.R.D. 488 (E.D. Cal. 2008) ............................................................................................... 17

*Ho v. Ernst & Young LLP*,
No. C-05-04867 RMW, 2012 WL 95342  (N.D. Cal. Jan. 11, 2012) ...................................... 8

*In re Flash Memory Antitrust Litig.*,
No. C 07-0086 SBA, 2010 WL 2465329  (N.D. Cal. June 10, 2010) .................................. 5, 15

*In re Milk Prods Antitrust Litig.*,
195 F.3d 430 (8th Cir. 1999) ....................................................................................................... 6

*Irise v. Axure Software Solutions, Inc.*,
No. CV 08-03601 SJO JWJx, 2009 WL 3615973 (C.D. Cal. July 30, 2009) ....................... 15

*Johnson v. Mammoth Recreations*,
975 F.2d 604 (9th Cir. 1992) ...................................................................................................... 12

*Jones v. Ford Motor Co.*,
599 F.2d 394 (10th Cir. 1979) ...................................................................................................... 3

*Knott v. McDonald's Corp.*,
147 F.3d 1065 (9th Cir. 1998) ..................................................................................................... 5

*League of United Latin Am. Citizens v. Wilson*,
131 F.3d 1297 (9th Cir. 1997) ..................................................................................................... 9

*Life Technologies Corp. v. Ebioscience, Inc.*,
No. 10CV2127-IEG NLS, 2012 WL 3628624 (S.D. Cal. Aug. 21, 2012) ....................... 9, 13

*McConnell v. Red Robin Int'l, Inc.*,
No. C 11-03026 WHA, 2012 WL 1357616  (N.D. Cal. April 17, 2012) ............................... 17

*Nat'l Fed'n of the Blind v. Target Corp.*,
582 F. Supp. 2d 1185 (N.D. Cal. 2007) .................................................................................... 17

*Nelson v. Adams USA, Inc.*,
529 U.S. 460 (2000) ..................................................................................................................... 18

*Onyx Pharm., Inc. v. Bayer Corp.*,
No. C-09-2145 EMC, 2011 WL 4527402  (N.D. Cal. Sept. 21, 2011) .............................. 9, 12

*Osakan v. Apple Am. Grp.*,
No. C 08-4722 SBA, 2010 WL 1838701  (N.D. Cal. May 5, 2010) ............................... passim

*PNY Techs. Inc. v. SanDisk Corp.*,
No. 11-cv-04689-WHO, 2014 WL 294855  (N.D. Cal. Jan. 27, 2014) ................................. 17

*Pub. Citizen, Inc. v. Mukasey*,
No. C08-0833MHP, 2008 WL 4532540  (N.D. Cal. Oct. 9, 2008) ....................................... 14

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

iii

*Schwalm v. Zacharias Constr.*,
    No. CIV.A. 00-06-090, 2002 WL 596808  (Del. Com. Pl. Feb. 7, 2002)..............................4

*Sherman v. British Leyland Motors, Ltd.*,
    601 F.2d 429 (9th Cir. 1979)........................................................................................3

*Solinger v. A&M Records, Inc.*,
    718 F.2d 298 (9th Cir. 1983)........................................................................................3

*Soto v. Castlerock Farming & Transp., Inc.*,
    No. 1:09-CV-00701 AWI JLT,
    2011 WL 3489876 (E.D. Cal. Aug. 9, 2011*)* ......................................8, 10, 14, 15

*Tait v. BSH Home Appliances Corp.*,
    289 F.R.D. 466 (C.D. Cal. 2012) ...............................................................................17

*Trans Video Electronics, Ltd. v. Sony Electronics, Inc.*,
    278 F.R.D. 505 (N.D. Cal. 2011)
    *aff'd*, 475 F. App'x 334 (Fed. Cir. 2012) .................................................................10

*True Health Chiropractic Inc. v. McKesson Corp.*,
    No. 13-cv-02219-JST, 2014 WL 2860318  (N.D. Cal. June 23, 2014) ......................17

*TV Interactive Data Corp. v. Sony Corp.*,
    No. C 10-0475 PJH, 2012 WL 3791414  (N.D. Cal. Aug. 31, 2012) ...........................9

*Vasiliow Co. v. Anheuser-Busch, Inc.*,
    117 F.R.D. 345 (E.D.N.Y. 1987) .................................................................................6

*Velto v. Reliance Standard Life Ins. Co.*,
    No. 10-CV-01829 DMC-JAD, 2011 WL 810550 (D.N.J. Mar. 1, 2011) ....................7

*Wagner v. Choice Home Lending*,
    266 F.R.D. 354 (D. Ariz. 2009) ................................................................................18

*Zepeda v. PayPal, Inc.*,
    No. C 10-1668 SBA, 2013 WL 2147410  (N.D. Cal. May 15, 2013)............................8

*Zivkovic v. S. Cal. Edison Co.*,
    302 F.3d 1080 (9th Cir. 2002) .....................................................................................9


**STATUTES**

Delaware Code Annotated, Title 8,
    Section 510.......................................................................................................................5


**RULES**

Federal Rules of Civil Procedure
    Rule 15 ...................................................................................................................passim

    Rule 16 .................................................................................................7, 8, 12, 13

    Rule 21 .............................................................................................................................8

    Rule 24 .................................................................................................7, 8, 9, 12

# OTHER AUTHORITIES

Newberg on Class Actions  (5th ed.)
    Section 9:30.............................................................................................................9
    Section 9:31.............................................................................................................9

Wright & Miller, Federal Practice and Procedure
    Chapter 6A, Modifying Scheduling Orders,
    Section 1522.2 (3d ed.) ..........................................................................................8

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

On November 3, 2014, current plaintiffs Melanie Wilson and Mariana Rosen along with "Movant Kenneth Riegel owner of K & N Enterprises, Inc. f/d/b/a Delaware Computer Exchange)" moved the Court for an order "to add Delaware Computer Exchange as a class representative."  Mot. at 1.  Riegel, Wilson, and Rosen are defined collectively as "Plaintiffs" in the motion.  *Id.*  The motion states that "Delaware Computer Exchange was 100% owned by K & N Enterprises, Inc., a company solely owned by Kenneth Riegel since 1992.  K & N Enterprises is no longer in existence and Mr. Riegel sold Delaware Computer Exchange in 2008." *Id.* at 1 n.1.  Following this filing, Plaintiffs responded to Apple's interrogatories and document requests in the name of "Plaintiff Kenneth Riegel."  Declaration of Kieran P. Ringgenberg ("Ringgenberg Decl."), Ex. A (interrogatory responses), Ex. B (responses to document requests).

Plaintiffs' lack of attention to who the proper party should be in this case or who are the properly named "Plaintiffs" is a perfect illustration of the misbegotten nature of this last minute motion.  The motion by "Plaintiffs" to add "Delaware Computer Exchange" as a new "reseller" class representative on the eve of trial, long after the close of discovery and class certification, should be denied.

First, Plaintiffs' motion is futile because "Delaware Computer Exchange" cannot serve as a named plaintiff or class representative.  It is not a legal entity capable of bringing suit, but merely a trade name as a part of a business that was sold.  The contracting party for the purchase of iPods from Apple was K & N Enterprises, not Delaware Computer Exchange, which is listed merely as a dba name in the contract with K & N Enterprises.  K & N Enterprises no longer exists by Plaintiffs' own admission, and thus has no legal capacity to sue.  And its former owner, Kenneth Riegel, has no standing to pursue claims on its behalf and thus he cannot represent any class.

Second, Plaintiffs could have identified and sought to add a reseller representative years ago, and made a strategic choice not to do so.  There is no excuse for their delay.  That alone is dispositive.

Finally, adding a reseller class representative on the eve of trial will severely prejudice Apple.  Had a reseller been added as a class representative earlier in the case, fact discovery, class

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

certification proceedings, expert reports, and trial preparation all would have been different. It would be fundamentally unfair to permit Plaintiffs to change the nature of the trial in this case after Apple has litigated this case for almost a decade without any reseller class representative.

## I. ADDING DELAWARE COMPUTER EXCHANGE OR MR. RIEGEL WOULD BE FUTILE.

"It is well-established that 'futility of amendment alone can justify the denial of a motion.'" *Bowler v. Home Depot USA Inc.,* No. C-09-05523 JCS, 2010 WL 3619850, at *2 (N.D. Cal. Sept. 13, 2010) (quoting *Ahlmeyer v. Nev. Sys. of Higher Educ.,* 555 F.3d 1051, 1055 (9th Cir. 2009)). "An amendment would be futile if it could be defeated by a motion to dismiss or motion for summary judgment." *Bibo v. Fed. Exp. Inc.,* No. C07-2505 TEH, 2010 WL 1688549, at *2 (N.D. Cal. Apr. 26, 2010).

In this case, Plaintiffs' "Motion To Add Class Representative" was filed by "Movant Kenneth Riegel" and seeks to add "Delaware Computer Exchange" as a reseller class representative. As the sales agreement with Apple and Mr. Riegel's deposition testimony confirm, however, the legal entity purchasing iPods from Apple was K & N Enterprises, and Delaware Computer Exchange was merely a trade name. Ringgenberg Decl., Ex. C (RIEGEL00093), Ex. D (RIEGEL00060), Ex. E (Riegel Dep.) at 9:20-22, 28:3-9. Delaware Computer Exchange thus is not a legal entity and has no legal ability to act as a plaintiff or class representative.

Mr. Riegel was the sole shareholder of K & N Enterprises. Mot. at 1 n.1. In 2008, K & N Enterprises sold all of its assets, including all "right, title and interest" in the business Delaware Computer Exchange, to a buyer not affiliated with Mr. Riegel, Apple Sauce, Inc., which took over the retail operations of Delaware Computer Exchange. Ringgenberg Decl., Ex. F (RIEGEL00081), Ex. E (Riegel Dep.) at 43:5-13. K & N Enterprises ceased paying its Delaware franchise fee, *id.*, Ex. E (Riegel Dep.) at 11:23-12:4, and "is no longer in existence." Mot. at 1 n.1.

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

**A.    "Plaintiff" Kenneth Riegel as a Shareholder Cannot Bring Claims on Behalf of the Corporation.**

Mr. Riegel, although calling himself a "Plaintiff," cannot represent the reseller class because he does not have standing to bring an antitrust claim against Apple.  First, as a general matter, Mr. Riegel, in his individual capacity, was not a reseller and thus is not a part of, nor can he adequately represent, the reseller class.  Mr. Riegel's ownership interest in K & N Enterprises does not entitle him to antitrust standing.  "The conveniences and immunities that arise from doing business through corporate entities carry with them the costs of having those corporate entities seek their remedies in court for injuries to their business or property interests.  A shareholder of a corporation injured by antitrust violations has no standing to sue in his or her own name . . . ."  *Solinger v. A&M Records, Inc.*, 718 F.2d 298, 299 (9th Cir. 1983) (per curiam); *Sherman v. British Leyland Motors, Ltd.*, 601 F.2d 429, 439-40 (9th Cir. 1979) (president and sole shareholder of corporation had no standing to assert antitrust claims on corporation's behalf); *accord Jones v. Ford Motor Co.*, 599 F.2d 394, 397 (10th Cir. 1979) ("It is settled law that shareholders . . . do not have standing to sue for antitrust violations that injure a corporation").  Therefore, adding Mr. Riegel as a plaintiff would be futile.  *E.g.*, *Bowler,* 2010 WL 3619850, at *2 ("amendment is also futile if the Plaintiff lacks standing to bring it"); *Bibo,* 2010 WL 1688549, at *3 (amendment futile where representatives "lack standing to bring the proposed new claim").

**B.    Delaware Computer Exchange Has No Standing or Right to Bring Any Claim.**

Nor can Plaintiffs succeed in intervening Delaware Computer Exchange to act as a representative because it is merely a trade name, not a legal entity.  The only contracts that have been produced by the new purported class representative relate to purchases by "K & N Enterprises, Inc. dba Delaware Computer Exchange."  Ringgenberg Decl., Ex. C (RIEGEL00093).  Mr. Riegel's deposition testimony confirms that K & N Enterprises was the buyer of iPods, and that Delaware Computer Exchange was just a trade name.  *Id.*, Ex. E (Riegel Dep.) at 9:20-22, 28:3-9.  And the only financial documents produced are tax returns filed by the

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

1  relevant legal entity, K & N Enterprises, not by Delaware Computer Exchange.  *Id.*, Ex. D

2  (RIEGEL00060).

3       Delaware Computer Exchange, as simply a trade name, is not a legal entity and thus has

4  no capacity to bring any claim.  *Diesel Mach. v. Manitowoc Crane Grp.*, 777 F.Supp.2d 1198,

5  1213 (D.S.D. 2011) ("It is well-established that a trade name can neither sue nor be sued")

6  (collecting cases); *America's Wholesale Lender v. Pagano*, 866 A.2d 698, 700 (Conn. Ct. App.

7  2005) ("It is elemental that in order to confer jurisdiction on the court the plaintiff must have an

8  actual legal existence, that is he or it must be a person in law or a legal entity with legal capacity

9  to sue.  Although a corporation is a legal entity with legal capacity to sue, a fictitious or assumed

10 business name, a trade name, is not a legal entity; rather, it is merely a description of the person

11 or corporation doing business under that name.") (citations omitted); *Schwalm v. Zacharias*

12 *Constr.*, No. CIV.A. 00-06-090, 2002 WL 596808, at *14 (Del. Com. Pl. Feb. 7, 2002) (vacating

13 judgment against defendant because "[a]lthough a corporation has the power to sue and be sued in

14 its corporate name," plaintiff did not list corporate entity's name but may have listed a trade

15 name).

16       **C.       K & N Enterprises Also Cannot Assert Any Claims Against Apple.**

17       While Plaintiffs have not sought to add K & N Enterprises, doing so would not salvage

18 their motion.

19       As a general matter, Plaintiffs made a strategic decision to seek to add or to intervene

20 "Delaware Computer Exchange" as a class representative and not K & N Enterprises despite

21 knowledge of the relationship between the two.  Mot. at 1 n.1.  Plaintiffs' motion is already

22 brought at the eleventh-hour; any subsequent attempt to change course on that decision should be

23 rejected.

24       Even if Plaintiffs had moved to add K & N Enterprises as a plaintiff or class

25 representative instead of Delaware Computer Exchange, it would have also been futile because,

26 as Plaintiffs have represented to the Court, "K & N Enterprises is no longer in existence."  Mot. at

27 1 n.1.  Mr. Riegel testified at his deposition that K & N Enterprises ceased paying the franchise

28 fee to Delaware and so the corporation "goes away."  Ringgenberg Decl., Ex. E (Riegel Dep.) at

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                                No.  C 05-00037 YGR

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1    11:23-12:4 ("Q. So what happened to the corporation? A. I just let it—I'm not sure of the term,

2    but if you don't continue with the filings and the payment for—to the State of—to the State of

3    Corporation [*sic*] then it goes away. Q. And that's what happened; is that right? A. Correct.").

4        Mr. Riegel was correct. Under Delaware law, when a Delaware corporation neglects to

5    pay its franchise taxes, "all powers conferred by law upon the corporation are declared

6    inoperative." Del. Code Ann. tit. 8, § 510. K & N Enterprises therefore has no capacity to bring

7    any lawsuit on behalf of itself, let alone a lawsuit on behalf of a class of absent resellers. *See In*

8    *re Flash Memory Antitrust Litig.,* No. C 07-0086 SBA, 2010 WL 2465329, at *5 (N.D. Cal. June

9    10, 2010) ("joinder of new class representatives, at least with respect to ACP, would be futile"

10   under Rule 15 where "ACP was administratively dissolved by the state of Florida in September

11   2006, five months before ACP even filed its original complaint along with" the named plaintiff).

12       Further, to the extent K & N Enterprises ever had a legal claim to begin with, that claim

13   was sold in 2008 when K & N Enterprises sold "all . . . right, title and interest" to its business.

14   Ringgenberg Decl., Ex. F (RIEGEL00081), Ex. E (Riegel Dep.) at 43:5-13 ("Q. Well, I mean the

15   written agreement says 'transfer all right, title and interest.' Is that different than your

16   understanding? A. 'The Business,' and the business is—yeah, I mean, as far as Delaware

17   Computer Exchange, that is the business that is referred to in that paragraph") (objection

18   omitted); Mot. at 1 n.1 ("Mr. Riegel sold Delaware Computer Exchange in 2008"). Mr. Riegel

19   confirmed that, after the sale transaction, K & N Enterprises had no remaining assets.

20   Ringgenberg Decl., Ex. E (Riegel Dep.) at 11:17-22. Any claim that K & N Enterprises had was

21   thus sold long ago and cannot be asserted by K&N Enterprises (or Mr. Riegel or Delaware

22   Computer Exchange for that matter). *E.g., Knott v. McDonald's Corp.*, 147 F.3d 1065, 1067 (9th

23   Cir. 1998) (plaintiffs' sale of "*all* [their] right, title and interest" in their franchise also included

24   the sale of their right to bring breach of contract claims because "'all' is an all-encompassing term

25   and leaves little doubt as to what rights the [plaintiffs] assigned to the [buyers] and what rights

26   they retained. In short 'all' means all") (emphasis and first alteration in original); *see also*

27   *Vasilow Co. v. Anheuser-Busch, Inc.*, 117 F.R.D. 345, 347 (E.D.N.Y. 1987) (putative class

28   representative lacked standing because it sold all of its business assets, including its antitrust

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

B O I E S ,  S C H I L L E R  &  F L E X N E R  L L P

O A K L A N D ,  C A L I F O R N I A

1    claims); *In re Milk Prods Antitrust Litig.*, 195 F.3d 430, 435 (8th Cir. 1999) (affirming decision

2    that "the sale of substantially all of [plaintiff's] business assets" included "an unknown [antitrust]

3    claim arising out of store operations"); *Eleven Line, Inc. v. North Texas State Soccer Ass'n*, No.

4    CA-35-3120-R, 1998 WL 574893, at *1 (N.D. Tex. Aug. 26, 1998) *rev'd on other grounds*, 213

5    F.3d 198 (5th Cir. 2000) ("Eleven Line's purchase of Seven Line caused a complete and total

6    transfer of all corporate assets of Seven Line, including any potential rights of action such as the

7    pending antitrust claims").

8        **D.      K & N Enterprises's Promise to Mediate Also Renders Addition Futile.**

9            The addition of the proposed reseller representative would also be futile because of a

10   promise to mediate prior to filing suit.  The reseller agreement between Apple and K & N

11   Enterprises (governing the sales at issue) provides that, prior to bringing suit, the parties will

12   "seek to resolve the dispute or controversy pursuant to non-binding mediation."  Ringgenberg

13   Decl., Ex. C (RIEGEL00093-98) at 00096.  Mr. Riegel confirmed in his deposition that there was

14   never any such mediation prior to his effort to become involved in this lawsuit.  *Id.*, Ex. E (Riegel

15   Dep.) at 30:14-16.  As several courts have explained, where a contract expressly provides for the

16   requirement of mediation prior to the filing of a lawsuit, the failure to follow that procedure is

17   grounds for dismissal.  *E.g.*, *B&O Manf'g, Inc. v. Home Depot U.S.A., Inc.*, No. C 07-02864

18   JSW, 2007 WL 3232276, at *8 (N.D. Cal. Nov. 1, 2007) ("A claim that is filed before a

19   mediation requirement, that is a condition precedent to the parties' right to sue as set forth in an

20   agreement, is satisfied shall be dismissed"); *Centaur Corp. v. ON Semiconductor Components*

21   *Indus., LLC*, No. 09 CV 2041 JM (BLM), 2010 WL 444715, at *3 (S.D. Cal. Feb. 2, 2010)

22   ("'Failure to mediate a dispute pursuant to a contract that makes mediation a condition precedent

23   to filing a lawsuit warrants dismissal'") (quoting *Brosnan v. Dry Cleaning Station Inc.*, No. C-08-

24   02028, 2008 WL 2388392, at *1 (N.D. Cal. June 6, 2008)); *Delamatre v. Anytime Fitness, Inc.*,

25   722 F. Supp. 2d 1168, 1180-81 (E.D. Cal. 2010) (same).  Addition of a reseller as a named

26   plaintiff and class representative, only to have that claim dismissed for failure to mediate, would

27   be futile.

28   ///

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                                    No.  C 05-00037 YGR

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1
2

**II.    THE COURT SHOULD DENY THE MOTION TO ADD DUE TO PLAINTIFFS' LACK OF DILIGENCE AND EXTREME DELAY, AND THE PREJUDICE TO APPLE.**

3

Plaintiffs bring their motion to add a reseller class representative under Federal Rule of

4

Civil Procedure 15(a)(2) or, alternatively, to intervene the reseller permissively under Rule 24(b),

5

Mot. at 5-8, almost ten years after Plaintiffs initiated this lawsuit and several years after the close

6

of discovery, the deadline for any amendment, and class certification proceedings. Under any

7

potentially applicable rule, Plaintiffs' motion should be denied because they were dilatory in

8

seeking to add a reseller representative and because adding one at this late stage would prejudice

9

Apple.

10

The last deadline in this case for amending pleadings expired almost five years ago,[1] on

11

January 25, 2010. Dec. 22, 2009 Docket Entry ("Amended Pleadings due by 1/25/10"); Order

12

Decertifying Classes at 12 (Dec. 21, 2009) (Dkt. 303) (ordering amended pleading, if any, by

13

January 25, 2010). Plaintiffs represented to the Court in *2006* that they did not intend or plan to

14

add additional parties. Joint Case Mgmt. Stmt. at 3 ¶ 6 (Nov. 17, 2006) (Dkt. 84); *see Point 4*

15

*Data Corp. v. Tri-State Surgical Supply & Equip., Ltd.*, No. 11-CV-726 CBA, 2012 WL

16

2458060, at *5-6 (E.D.N.Y. June 27, 2012), *aff'd*, No. 11 CV 726 CBA RLM, 2012 WL 3306612

17

(E.D.N.Y. Aug. 13, 2012) (Rule 16 applies "even absent a specific deadline in a scheduling order,

18

where the record contains some indication that the court and the parties understood that the

19

pleadings would not be further amended"; "contrary to the premise of plaintiffs' disingenuous

20

argument, the parties' failure to request a deadline for amending the pleadings does not leave the

21

date open-ended, but rather means that this motion is brought out of time") (quotation marks and

22

citations omitted).

23

Because Plaintiffs' motion to add a class representative violates this deadline, it is

24

"governed by [Rule 16(b)'s] good cause standard, not the more liberal standard of Rule 15(a)(2)."

25

26
27
28

---

[1] That the Court authorized a written motion and set a briefing schedule on this motion does not create compliance with Rule 16. *Velto v. Reliance Standard Life Ins. Co.*, No. 10-CV-01829 DMC-JAD, 2011 WL 810550, at *4 n.1 (D.N.J. Mar. 1, 2011) ("The fact that Plaintiff was allowed to file a motion did not absolve him from his requirement to show 'good cause' under Rule 16.").

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                                    No. C 05-00037 YGR

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

*Frisco v. Midland Credit Mgmt., Inc.,* No. C-11-03284-YGR, 2012 WL 1309164, at *1 (N.D. Cal. Apr. 16, 2012).[2]  Even if Plaintiffs could establish good cause under Rule 16(b), they must also show it is permissible under Rule 15.  *Osakan v. Apple Am. Grp.,* No. C 08-4722 SBA, 2010 WL 1838701, at *3 (N.D. Cal. May 5, 2010).  Likewise, where a plaintiff seeks to add class representatives pursuant to Rule 24, Rule 16(b) standards still govern.  *Harris v. Vector Marketing Corp.*, No. C-08-5198 EMC, 2010 WL 3743532, at *1 (N.D. Cal. Sept. 17, 2010).

Plaintiffs also incorrectly suggest that the Court could join Delaware Computer Exchange as a party under Rule 21.  Mot. at 8 n.8.  The same delay and prejudice that defeats Plaintiffs' motion under Rules 15, 16, and 24 apply equally to Rule 21.  *Ho v. Ernst & Young LLP,* No. C-05-04867 RMW, 2012 WL 95342, at *3-4 (N.D. Cal. Jan. 11, 2012) (denying "motion to add a new representative plaintiff" under Rules 15 and 21 where "plaintiffs delayed in seeking to add" him); *see also Zepeda v. PayPal, Inc.,* No. C 10-1668 SBA, 2013 WL 2147410, at *2 (N.D. Cal. May 15, 2013).

### A.     Plaintiffs' Delay in Seeking to Add a Reseller Class Representative Was Strategic or Careless, Not Diligent, Requiring the Denial of Their Motion.

Under Rule 16, "good cause" requires showing "diligence," meaning (1) Plaintiffs' "noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated," and (2) Plaintiffs were "diligent in seeking amendment of the Rule 16 order once it became apparent that [they] could not comply." *Agricola Baja Best, S. De. R.L. de C.V. v. Harris Moran Seed Co.,* No. 11CV2482-IEG JMA, 2013 WL 4499118, at *1 (S.D. Cal. Aug. 20, 2013) (quotation marks omitted).  If Plaintiffs were "not diligent, the inquiry should end." *Zivkovic v. S. Cal. Edison Co.,* 302 F.3d 1080, 1087 (9th

---

[2] *Accord FLIR Sys., Inc. v. Sierra Media, Inc.*, No. 3:10-CV-00971-HU, 2012 WL 243690, at *7 (D. Or. Jan. 25, 2012) (applying Rule 16(b) where "the deadline for adding a party or claim set by this court had expired before FLIR moved to amend"); *Soto v. Castlerock Farming & Transp., Inc.,* No. 1:09-CV-00701 AWI JLT, 2011 WL 3489876, at *2 (E.D. Cal. Aug. 9, 2011*); Osakan v. Apple Am. Grp.,* No. C 08-4722 SBA, 2010 WL 1838701, at *3 (N.D. Cal. May 5, 2010); *see also* Modifying Scheduling Orders, 6A Fed. Prac. & Proc. Civ. § 1522.2 (3d ed.).

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

Cir. 2002).[3]  Likewise, "undue delay" or "timeliness" is a factor under Rule 15.

*AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 952-53 (9th Cir. 2006) (affirming

denial of motion to amend as untimely despite being filed within the deadline set by the district

court).

Timeliness also "is a prerequisite for both intervention of right and permissive

intervention," Newberg on Class Actions § 9:30 (5th ed.), and is analyzed even "more strictly"

where, as here, a party seeks permissive intervention.  *League of United Latin Am. Citizens v.*

*Wilson,* 131 F.3d 1297, 1308 (9th Cir. 1997) ("if we find that the motion to intervene was not

timely, we need not reach any of the remaining elements of Rule 24") (alteration and quotation

marks omitted).  "Three factors are considered in determining whether a motion to intervene is

timely:  (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice

to other parties; and (3) the reason for and length of the delay."  *Harris,* 2010 WL 3743532, at *5

(quotation marks omitted); *see also* Newberg at § 9:31 (prejudice is "closely linked to the elapsed

time elements").

Late amendments "are not reviewed favorably when the facts and the theory have been

known to the party seeking amendment."  *Acri v. Int'l Ass'n of Machinists and Aerospace*

*Workers,* 781 F.2d 1393, 1398 (9th Cir.1986).  In the absence of some "newly discovered facts or

legal development," a party cannot possibly establish good cause, diligence, or timeliness.  *E.g.,*

*Onyx Pharm., Inc. v. Bayer Corp.,* No. C-09-2145 EMC, 2011 WL 4527402, at *2 (N.D. Cal.

Sept. 21, 2011) (denying untimely motion where the moving party "cites no newly discovered

facts or legal development"); *see also Berger v. Rossignol Ski Co., Inc.,* No. C-05-02523 CRB,

2006 WL 1095914, at *5 (N.D. Cal. Apr. 25, 2006) (denying motion for leave to amend where

the moving party's "delay suggests that the omission of [certain] contentions . . . were not

'errors,' but were instead a deliberate strategic course which plaintiffs now wish to change").

---

[3] *Accord Osakan,* 2010 WL 1838701, at *3; *TV Interactive Data Corp. v. Sony Corp.,* No.
C 10-0475 PJH, 2012 WL 3791414, at *4 (N.D. Cal. Aug. 31, 2012); *Life Technologies Corp. v.*
*Ebioscience, Inc.,* No. 10CV2127-IEG NLS, 2012 WL 3628624, at *3 (S.D. Cal. Aug. 21, 2012)
("failure to establish reasonable diligence alone warrants denial"); *FLIR Sys.*, 2012 WL 243690,
at *7.

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

B O I E S ,  S C H I L L E R  &  F L E X N E R  L L P
O A K L A N D ,  C A L I F O R N I A

B O I E S , S C H I L L E R & F L E X N E R   L L P
O A K L A N D , C A L I F O R N I A

1    Late amendments due to strategic choices are also not permitted.  *Acri,* 781 F.2d at 1398-99

2    (amendment disallowed where delay in amendment was a tactical choice brought specifically to

3    avoid the possibility of an adverse summary judgment ruling); *Trans Video Electronics, Ltd. v.*

4    *Sony Electronics, Inc.,* 278 F.R.D. 505, 510 (N.D. Cal. 2011) ("the Court agrees with Sony that

5    the motion to amend was taken in bad faith, more specifically, as a last-ditch attempt to avoid the

6    case being dismissed in its entirety"), *aff'd,* 475 F. App'x 334 (Fed. Cir. 2012); *Osakan,* 2010 WL

7    1838701, at *4.

8         Here, Plaintiffs' delay in seeking to add a reseller class representative after multiple prior

9    amendments[4] is extraordinary and cannot be justified by any of the excuses they have offered.

10   Plaintiffs suggest that they sought to involve a reseller in this case because the Court "raised a

11   question" at the October 29, 2014 Pre-Trial Conference "about the current consumer class

12   representatives' representation of the reseller portion of the class," Mot. at 1; *see also id.* at

13   10:4-7, but counsel's own declaration shows otherwise.  Moreover, the risks of proceeding with

14   consumer class representatives, and the fact that this issue would be a significant issue on appeal,

15   have been apparent since the outset of this case because the class includes resellers like Amazon,

16   Wal-Mart, and Best Buy.  As detailed below, Plaintiffs made a calculated, strategic decision to

17   accept those risks, which the Court should not permit Plaintiffs to reverse on the eve of trial.  If

18   Plaintiffs mean to suggest they did not appreciate the risks of their own strategic choices, which

19   they repeatedly reaffirmed, that would be inexcusable carelessness and a separate ground to deny

20   the motion.

21        First, counsel's declaration states that Plaintiffs began searching for a reseller after "the

22   Court's August 13, 2014 hearing where the Court first set a trial date," and first contacted

23   Mr. Riegel on September 23.  Decl. of Alexandra S. Bernay in Support of Plaintiffs' Opp. to

24   Apple's Motion to Preclude Testimony from Witnesses Not Disclosed Pursuant to Rule 26, ¶¶ 3-4

25   (Oct. 31, 2014) (Dkt. 868-1).  That was two months before the October 29, 2014 Pre-Trial

26

27        [4] That the plaintiffs have filed several pleadings (Dkts. 1, 37, 77, 107, and 322) further
     weighs against granting leave to amend.  *E.g.*, *Soto*, 2011 WL 3489876, at *3 ("Plaintiffs have
     filed five pleadings since the initiation of the case in 2005, either by stipulation or pursuant to the
28   Court's order, and the numerous amendments to the pleadings weigh against leave to amend.").

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1    Conference at which the Court expressed concerns about the current class representatives.  The

2    pendency of trial is not a legitimate reason to ***begin*** looking for a new class representative.  To the

3    contrary, it is exactly because trial is imminent that the addition of a reseller representative now is

4    too late.

5          Second, the risks of proceeding with a class action that includes major resellers despite

6    naming only consumers as the class representatives has been apparent since the outset of the case.

7    Plaintiffs' experienced class counsel understood (or plainly should have understood) those risks,

8    particularly when Apple's repeated arguments to the Court and to the Ninth Circuit on class

9    certification put those risks in black and white for Plaintiffs to read.  Opp. to Mot. for Class Cert.

10   at 22-24 (Oct. 17, 2008) (Dkt. 177) (resellers "are obviously not in the same position as individual

11   end-user purchasers"; "plaintiffs are neither typical of such resellers nor adequate

12   representatives"); Opp. to Renewed Mot. for Class Cert. at 21-25 (Feb. 28, 2011) (Dkt. 529)

13   (arguing, among other things, that resellers "are not similarly situated to consumers such as

14   Plaintiffs, and Plaintiffs have no personal stake in presenting the facts necessary for resellers to

15   recover"); Apple's Supp. Br. re Class Cert. at 2 n.2 (June 6, 2011) (Dkt. 633) ("resellers like Best

16   Buy and Target are differently situated from end-user consumers like plaintiffs and their claims

17   cannot properly be resolved together with such consumers"); July 14, 2011 Tr. at 38:14-39:3

18   (Dkt. 657) ("resellers are in a different position because they have a different incentive when it

19   comes to pricing"); Pet. for Permission to Appeal Order Granting Class Cert. at 3, 17-20 (9th Cir.

20   Dec. 6, 2011) (Dkt. 697) ("The other key issue raised by the order below is whether an individual

21   consumer who buys a product for personal use can represent not just other similarly-situated

22   consumers, but also differently-situated resellers like Wal-Mart and Costco that buy and resell

23   large quantities of the product."); Reply Br. in Support of Pet. for Permission to Appeal Order

24   Granting Class Cert. at 11-12, *In re Apple iPod iTunes Antitrust Litig.*, No. 11-80293 (9th Cir.

25   Dec. 22, 2011).

26         Nonetheless, Plaintiffs marched forward without seeking to add any reseller class

27   representative until shortly before trial, years later.  Plaintiffs' hollow assertion that they still

28   "dispute Apple's assertion that the consumer representatives cannot adequately represent the

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                              No.  C 05-00037 YGR

1    resellers," Mot. at 2, and seek to add reseller class representative now only "out of an abundance

2    of caution," *id.* at 1, reveals the truth: they could have exercised "caution" years ago and added a

3    reseller, but simply chose to wait until shortly before trial to do so.  There are only two possible

4    reasons for this choice:  (1) Plaintiffs understood the risks and made a strategic decision to accept

5    them, or (2) Plaintiffs were willfully blind to the risks of not adding a reseller.  Either way,

6    Plaintiffs were not diligent in seeking to add a reseller representative, so the "inquiry must end"

7    and their motion must be denied.  *Osakan,* 2010 WL 1838701, at *3; *see also Bronze Shields,*

8    *Inc. v. N.J. Dep't of Civil Serv.,* 667 F.2d 1074, 1085 (3d Cir. 1981) ("Equity does not provide for

9    those who put all their eggs in one basket and refuse to take advantage of alternative avenues to

10   relief").

11          Furthermore, even if Plaintiffs' claim of ignorance were credited, "carelessness is not

12   compatible with a finding of diligence and offers no reason for a grant of relief."  *Johnson v.*

13   *Mammoth Recreations,* 975 F.2d 604, 609 (9th Cir. 1992); *Onyx Pharm.*, 2011 WL 4527402, at

14   *2 ("Carelessness and/or change in litigation strategy do not amount to diligence"); *Harris*, 2010

15   WL 3743532, at * 2.

16          Thus, courts in this District have rejected attempts to add class representatives in much

17   less extreme situations.  In *Harris,* the court addressed a motion to add class representatives under

18   Rules 16 and 24.  2010 WL 3743532.  The court noted that class counsel should have been aware

19   "of the potential inadequacy of [the existing plaintiff] as a class representative" for several

20   months before seeking to add new representatives, and thus concluded that the plaintiffs were not

21   diligent and denied the motion.  *Id.* at *6.  Similarly, in *Agricola Baja Best,* the plaintiff sought to

22   amend after the deadline passed.  2013 WL 4499118, at *1.  The court explained that the "only

23   purportedly new development since the deadline passed is a determination that long-known,

24   underlying facts support additional legal theories."  *Id.* at *2.  The court rejected amendment,

25   holding that "Counsel's delayed comprehension of legal theories readily available from the outset

26   of the lawsuit does not establish reasonable diligence.  Rather, in light of the record, it reflects

27   carelessness."  *Id.*

28

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                              No.  C 05-00037 YGR

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1    Additionally, in *Osakan,* the court rejected the plaintiff's contention that he acted

2    diligently in seeking to add additional class representatives, despite the fact that he had filed his

3    motion "two weeks prior to the discovery cut-off." 2010 WL 1838701, at *2-3.  The plaintiff

4    claimed he filed his motion "as soon as he was able to identify additional class representatives,"

5    and did so in order "to avoid the potential determination that he is not a proper plaintiff or class

6    representative due to having previously due to having previously waived his claims under the

7    terms of the Settlement Agreement." *Id.* at *3.  The court, however, found that the plaintiff knew

8    about the "potential standing issue" precipitating his motion nearly a year before he filed it:

> 9    Given such awareness, Plaintiff should promptly have taken appropriate steps to
> resolve the dispute and/or seek to join or substitute himself with an appropriate
> 10    class representative or representatives.  Instead, Plaintiff persisted in claiming that
> the Settlement Agreement is irrelevant and waited until the discovery cut-off and
> 11    eve of trial to join additional representatives in the event he is found to lack
> 12    standing.

13    *Id.* at *3.

14    Plaintiffs also failed to act diligently by not alerting Apple or the Court that they

15    anticipated involving a reseller in the trial of Plaintiffs' remaining claims until three weeks before

16    the start of trial, despite searching for resellers months earlier after the Court set Plaintiffs'

17    remaining claims for trial.  *See Life Technologies*, 2012 WL 3628624, at *2 ("Parties anticipating

18    possible amendments to their pleadings have an unflagging obligation to alert the Rule 16

19    scheduling judge of the nature and timing of such anticipated amendments") (quotation marks

20    omitted).

21    The only case Plaintiffs rely on to try to excuse their delay is *Ashby v. Farmers Ins. Co*.,

22    No. 01-cv-1446-BR, 2007 WL 5479070 (D. Or. Sept. 26, 2007), and it offers them no support.  In

23    *Ashby*, the court permitted late addition of class representatives because "critical aspects of the

24    developing law that govern this case were decided only three months ago" in a Supreme Court

25    decision directly affecting the adequacy of the representation.  *Id.* at *3-4.  Here, by contrast,

26    there is no intervening change in law or facts requiring a change in Plaintiffs' approach.  Instead,

27    there is only Plaintiffs' apparent conclusion that their prior strategy was erroneous, which simply

28    is insufficient.

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                          No.  C 05-00037 YGR

1    Similarly, in *Bull v. City & County of San Francisco,* 758 F. Supp. 2d 925, 929-30 (N.D.

2    Cal. 2010), after the Ninth Circuit reversed on a liability issue and remanded, the plaintiffs

3    attempted to add new representatives for three subclasses.  The court rejected substitution for the

4    subclass for which "Plaintiffs knew or should have known of the need to address the

5    representation issues" for that subclass "even before" the Ninth Circuit's decision, and permitted

6    new representatives *only* for the subclasses for which the appellate decision "affected the fitness

7    of the originally named representatives to represent the interests of class members."  *Id.* at 930

8    (emphasis omitted).

9    **B.    The Extraordinary Prejudice to Apple of Adding a Reseller Class**
10   **Representative on the Eve of Trial Requires Denial of This Motion.**

11   Even if Plaintiffs had shown that their extreme delay in moving to add a reseller was

12   justified, there is substantial prejudice to Apple, which independently requires denial of their

13   motion.

14   Although prejudice to the non-moving party is "not required under Rule 16(b)," it

15   "supplies an additional reason for denying the motion," and it is the "most critical" of the Rule 15

16   factors.  *Osakan,* 2010 WL 1838701, at *4 ("Prejudice is a significant consideration under both

17   Rule 16(b) and Rule 15(a)"); *accord Soto,* 2011 WL 3489876, at *5; *Pub. Citizen, Inc. v.*

18   *Mukasey*, No. C08-0833MHP, 2008 WL 4532540, at *4 (N.D. Cal. Oct. 9, 2008) ("prejudice is

19   the touchstone of the inquiry under rule 15(a)  and carries the greatest weight") (quotation marks

20   omitted).  Prejudice also supports denial of a motion under Rule 24.  *See Harris,* 2010 WL

21   3743532, at *5.

22   Plaintiffs argue "Apple's only argument regarding prejudice is that it will need to conduct

23   additional discovery," and that any such prejudice "has been dispelled" by "Apple being given a

24   deposition" of Mr. Riegel and "receiving discovery" from him.  Mot. at 7.  Plaintiffs are wrong on

25   both counts.

26   To begin with, the prejudice to Apple extends far beyond the need for discovery from

27   Mr. Riegel.  Trial is imminent and the addition of a third named plaintiff to the trial—and the

28

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

only reseller class representative—would be a significant change from the trial for which Apple has been preparing.

Courts repeatedly find prejudice warranting denial of motions to add class representatives where the motions were filed shortly before or after the close of discovery, let alone on the eve of trial.  In *Soto,* for example, the named plaintiffs brought a motion to add representatives two years after "Defendant argued against their ability to act as class representatives."  2011 WL 3489876, at *4.  Despite the fact that the defendant had already taken a limited deposition of the proposed new class representative, the court denied the motion to add him as a class representative because it "would unduly prejudice Defendant, because Defendant has been preparing arguments and defenses based upon the identity of the class representatives who have been named since 2009." *Id.* at *6-7.  Similarly, in *Osakan,* 2010 WL 1838701, the court concluded that adding "four new class representatives will unduly prejudice Defendants, who have been preparing their defense based on the identity of the class representative—Mr. Osakan—who is identified in the original complaint as well as the amended complaint."  *Id.* at *5.  And in *In re Flash Memory Antitrust Litig.,* No. C 07-0086 SBA, 2010 WL 2332081 (N.D. Cal. June 9, 2010), the court denied a request to add class representatives because it "would require Defendants to conduct new and/or additional discovery that would not otherwise have been required had Plaintiffs joined the appropriate representatives in the first instance."  *Id.* at *17.  The same result follows in this case, where the proposed addition of a reseller class representative is even later and the prejudice even stronger.

Given the impending trial date, the disruption of trial preparation required to address this issue is, by itself, sufficient prejudice to deny Plaintiffs' motion.  For example, in *Irise v. Axure Software Solutions, Inc.,* No. CV 08-03601 SJO JWJx, 2009 WL 3615973 (C.D. Cal. July 30, 2009), the court rejected an amendment that would have added issues to the trial, reasoning that it would "forc[e] [the opposing party] iRise to prepare new lines of argument just two months before the scheduled trial date . . . where final trial preparation is already underway. . . . iRise should be allowed to concentrate on trial preparation for the issues already in the litigation."  *Id.* at *4.  This same is true in this case.  *E.g., Emmpresa Cubana Del Tabaco v. Culbro Corp.,* 213

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1    F.R.D. 151, 159-60 (S.D.N.Y. 2003) ("prejudice is not limited to the fact that the parties would

2    have to squeeze in two depositions in the two-month period before trial"; "even the bare

3    minimum of discovery required by fairness would at the very least severely hamper trial

4    preparation and likely could not be completed in the two months before the trial is set to begin").

5        Moreover, even as to the discovery from Mr. Riegel, as Apple has explained, Dkt. 876 at

6    4-5, the last-minute deposition of Mr. Riegel and written discovery from him does not cure the

7    plain prejudice to Apple.  The differences between Mr. Riegel and other reseller class members

8    are detailed in Apple's separate motion to decertify, but Apple has been denied the time and

9    opportunity to take third party discovery on these differences or to seek expert testimony on the

10   issues.  Apple also will not have third party discovery it would have sought from Apple Sauce,

11   the buyer of the business and trade name of Delaware Computer Exchange.  Even the discovery

12   Apple obtained from Mr. Riegel at this late date would have been more thorough had Plaintiffs

13   timely sought to add him as a named plaintiff and class representative.  Furthermore, the

14   discovery from Mr. Riegel comes far too late to incorporate fully into Apple's expert reports and

15   analysis.

16       None of the cases Plaintiffs cite support their contention that the extremely late addition of

17   a named plaintiff on the eve of trial several years after the close of discovery and the class

18   certification process is not unduly prejudicial.  Plaintiffs mischaracterize *Ashby,* 2007 WL

19   5479070, incorrectly stating that "the court found no undue prejudice where discovery would

20   have to be reopened and, according to defendants, a new notice would need to issue," and thus

21   "the additional discovery could be timely completed."  Mot. at 7.  The plaintiffs' motion in *Ashby*

22   was filed several months **before** the close of discovery, *see* No. 01-CV-1446, Dkts. 370 and 373

23   (D. Or.), and the court found no prejudice to the defendant would result from granting the motion

24   only because the court agreed with the plaintiffs that "the additional discovery will be 'minor' and

25   can occur *within the time frames already set for completion of discovery*."  2007 WL 5479070, at

26   *3 (emphasis added).  The court also found that the motion had "been anticipated for some time"

27   and would not change any of the court's existing deadlines.  *Id.*  Unsurprisingly, the motions in

28   the other two cases Plaintiffs cite were also brought during discovery.  *See Davis v. Brown Grp.*

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                    No.  C 05-00037 YGR

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1   *Retail, Inc.,* No. 1:13-CV-01211-LJO-BAM, 2014 WL 3778284, at *4 (E.D. Cal. July 31, 2014)

2   ("this case remains at an early procedural stage.  Discovery is still open, and Brown Group has

3   ample time to take Ms. Humphrey's deposition and conduct written discovery before briefing on

4   class certification is due"); *PNY Techs. Inc. v. SanDisk Corp.,* No. 11-cv-04689-WHO, 2014 WL

5   294855, at *5 (N.D. Cal. Jan. 27, 2014) ("motion to amend the pleadings came with four months

6   remaining for discovery and within the time period for making a motion to amend," and therefore

7   the defendant "has ample opportunity" to conduct discovery "within the current case management

8   schedule").[5]

9           Further, the cases Plaintiffs cite permitting substitution of class representatives are all

10  related to the initial certification decision and offer no support for adding a class representative

11  years after class certification and just a month before trial.  Mot. at 6 n.4 (citing *Nat'l Fed'n of the*

12  *Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007) (permitting new

13  representative at initial class certification stage where the court was not convinced the named

14  plaintiff suffered injury with a requisite nexus to the defendant but was convinced that others in

15  the class could); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 476 (C.D. Cal. 2012)

16  (giving plaintiffs permission at the initial class certification stage to find an adequate

17  representative); *Hernandez v. Balakian*, 251 F.R.D. 488 (E.D. Cal. 2008) (granting plaintiffs time

18  to add an additional class representative after it was determined that the initial representative was

19  arrested for a felony, which made him an inadequate representative prior to class certification

20  being granted).

21

22          [5] The cases Plaintiffs cite elsewhere in their motion are similarly inapposite.  *See True*
    *Health Chiropractic Inc. v. McKesson Corp.,* No. 13-cv-02219-JST, 2014 WL 2860318, at *3
23  (N.D. Cal. June 23, 2014) (motion brought "within the discovery phrase, . . . and there is no
    reason why the proposed amendment would disturb the class certification or other deadlines in
24  the case"); *McConnell v. Red Robin Int'l, Inc.,* No. C 11-03026 WHA, 2012 WL 1357616, at *2-3
    (N.D. Cal. April 17, 2012) ("plaintiff has filed its motion approximately four and one-half months
25  before the non-expert discovery cut-off date," "six months before the deadline for dispositive
    motions occurs, and nine months before trial is set to begin"); *Amparan v. Plaza Home Morg.,*
26  *Inc.,* No. C 07-4498 JE RS, 2009 WL 2776486, at *2 (N.D. Cal. Aug. 28, 2009) (plaintiff
    informed defendants "prior to a motion for class certification of her intention to add additional
27  class representatives," brought motion before certification, and "timely sought to obtain, through
    formal discovery, the names of all putative class members," but defendant "refused to provide the
28  information").

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                                No.  C 05-00037 YGR

**III.    IF THE COURT GRANTS THE MOTION TO ADD, THEN IT ALSO SHOULD ALLOW APPLE TO AMEND ITS ANSWER TO RAISE AFFIRMATIVE DEFENSES APPLICABLE TO THE NEW PLAINTIFF AND SET A BRIEFING SCHEDULE TO RESOLVE THOSE DEFENSES AND OTHER ESSENTIAL ISSUES.**

If the Court grants this motion and adds Delaware Computer Exchange as a named plaintiff and "reseller" class representative, Apple respectfully requests that the Court also grant Apple relief from the Court's scheduling deadlines to: (1) allow Apple to amend its Answer (Dkt. 390) to raise affirmative defenses specific to Delaware Computer Exchange (and other similarly situated resellers), including its agreement to a one-year statute of limitations for claims against Apple, its agreement to mediate claims against Apple prior to bringing suit, and its agreement to a jury trial waiver; and (2) set a briefing schedule to resolve these and other essential issues including Delaware Computer Exchange's lack of standing, as discussed in Section I above. *Wagner v. Choice Home Lending*, 266 F.R.D. 354, 357 (D. Ariz. 2009) (citing *Nelson v. Adams USA, Inc.*, 529 U.S. 460, 466 (2000)) ("in order to comply with Rule 15 and comport with due process, an affected party must be given the right to file a timely response to an amended pleading").

**IV.    CONCLUSION**

For all the foregoing reasons, as well as those set forth in Apple's Rule 37 motion (Dkts. 852 & 876), Apple respectfully requests that the Court deny Plaintiffs' "Motion To Add Class Representative."

Date:  November 11, 2014                         Respectfully submitted,

                                                 BOIES, SCHILLER & FLEXNER LLP


                                                 By:  /s/  Kieran P. Ringgenberg
                                                      Kieran P. Ringgenberg

                                                 *Attorneys for Defendant Apple Inc.*

APPLE'S OPP. TO MOT. TO ADD CLASS REP.                              No.  C 05-00037 YGR