William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC  20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA  94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR [CLASS ACTION] |
| This Document Relates To: ALL ACTIONS | **[PROPOSED] ORDER DENYING MOTION TO ADD CLASS REPRESENTATIVE (DKT. 873)** |
| | Date:            November 18, 2014 Time:            1:00 p.m. Courtroom: 1, 4th Floor Judge:           Hon. Yvonne Gonzalez Rogers |

B O I E S ,  S C H I L L E R  &  F L E X N E R  L L P
O A K L A N D ,  C A L I F O R N I A

1   This matter came before the Court on Plaintiffs' and Movant Kenneth Riegel's motion to

2   add "Delaware Computer Exchange" as a class representative and named plaintiff (Dkt. 873).

3   Having considered the parties' submissions and argument, and for good cause appearing,

4   IT IS HEREBY ORDERED that the motion to add Delaware Computer Exchange as a

5   class representative is DENIED.

6   First, Delaware Computer Exchange cannot serve as a class representative because it is

7   not a legal entity capable of bringing suit, but rather a trade name.  *Diesel Mach. v. Manitowoc*

8   *Crane Grp.*, 777 F.Supp.2d 1198, 1213 (D.S.D. 2011) ("It is well-established that a trade name

9   can neither sue nor be sued") (collecting cases).  The purchasing legal entity, K & N Enterprises,

10  Inc., ceased paying Delaware franchise fees, and thus, under Delaware law, "all powers conferred

11  by law upon the corporation are declared inoperative."  Del. Code Ann. tit. 8, § 510.  And K & N

12  Enterprises's former owner, Kenneth Riegel, has no standing to pursue claims on behalf of the

13  business entity.  *See Solinger v. A&M Records, Inc.*, 718 F.2d 298, 299 (9th Cir. 1983) (per

14  curiam).  Therefore, there is no proposed representative with standing to assert claims and

15  represent the class, making amendment futile.  *See Bowler v. Home Depot USA Inc.,* No. C-09-

16  05523 JCS, 2010 WL 3619850, at *2 (N.D. Cal. Sept. 13, 2010) ("An amendment is also futile if

17  the Plaintiff lacks standing to bring it").

18  Second, Plaintiffs have not shown the requisite good cause under Rule 16(b)(4) or

19  timeliness under Rules 15(a)(2) or 24 to justify adding a new class representative on the eve of

20  trial, several years after the close of discovery and the time for amendment.  Since at least 2008

21  the parties have litigated the propriety of proceeding without a reseller class representative.

22  Plaintiffs thus have been aware of the potential risks of proceeding without a reseller class

23  representative for several years and nonetheless chose not to seek to add a reseller as a class

24  representative.  Their failure to do so until the eve of trial shows a lack of diligence and warrants

25  the denial of their motion.  *Acri v. Int'l Ass'n of Machinists and Aerospace Workers*, 781 F.2d

26  1393, 1398 (9th Cir.1986); *Osakan v. Apple Am. Grp.*, No. C 08-4722 SBA, 2010 WL 1838701,

27  at *3 (N.D. Cal. May 5, 2010); *Bull v. City & County of San Francisco*, 758 F. Supp. 2d 925, 930

28  (N.D. Cal. 2010).

Finally, the undue prejudice to Apple from adding a reseller class representative on the eve of trial several years after the close of discovery, class certification, and the deadline for amendment is an additional reason for denying the motion. *Soto v. Castlerock Farming & Transp., Inc.*, No. 1:09-CV-00701 AWI, 2011 WL 3489876, at *2 (E.D. Cal. Aug. 9, 2011); *Osakan*, 2010 WL 1838701, at *6. Had Plaintiffs timely sought to add a reseller representative, fact discovery, class certification proceedings, expert reports, and trial preparation and presentation all might have been different. The discovery Apple obtained from Mr. Riegel shortly before trial as a result of Plaintiffs' shifting litigation strategy does not cure that prejudice. *In re Flash Memory Antitrust Litig.*, No C 07-0086 SBA, 2010 WL 2332081, at *17 (N.D. Cal. June 9, 2010); *Irise v. Axure Software Solutions, Inc.*, No. CV 08–03601 SJO JWJx, 2009 WL 3615973, at *4 (C.D. Cal. July 30, 2009).

For the foregoing reasons, the motion is denied.


IT IS SO ORDERED.


Dated: _____, 2014          _____

                                        Hon. Yvonne Gonzalez Rogers
                                        U.S. DISTRICT JUDGE

[PROPOSED] ORDER DENYING MOT. TO ADD CLASS REP.          No.  C 05-00037 YGR