William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>―――――――――――――――――――<br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>Date: TBD<br>Time: TBD<br>Place: Courtroom 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

Apple respectfully submits this Administrative Motion for leave to file under seal portions of five documents (Exhibits H, I, M, N and P of the Kieran P. Ringgenberg Declaration in Support of (1) Apple's Opposition to Motion to Add Class Representative and (2) Apple's Motion for Decertification of Rule 23(b)(3) Class) related to Apple's Motion for Decertification of the Rule 23(b)(3) Class. Apple brings this motion pursuant to N.D. Cal. Civil Local Rules 7-11 and 79-5, and the June 13, 2007 Stipulated Protective Order Regarding Confidential Information ("Protective Order"), and is accompanied by the Declaration of Kieran P. Ringgenberg in Support of Apple's Administrative Motion to File Documents Under Seal Relating to Apple's Motion for Decertification of the Rule 23(b)(3) Class.

On November 11, 2014, Apple filed its Motion for Decertification of the Rule 23(b)(3) Class. That motion references five contracts between Apple and its resellers that contain confidential financial terms, incentives or information governing the relationship between the two parties. While Apple recognizes the importance of public access to documents, pursuant to N.D. Cal. Civil Local Rule 79-5(b), a sealing order is nevertheless appropriate where "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." In order to provide the greatest public access to documents possible, Apple has narrowly tailored its request by publicly filing redacted versions and sealing only the confidential financial terms, incentives or information within these agreements, leaving the vast majority of the contract unsealed and available to the public. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (quotation marks and citations omitted).

There is good cause to seal contracts containing financial details and other negotiated terms where such information could cause competitive harm if disclosed publicly. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Edifecs, Inc. v. Tibco Software Inc.*, No. C10-330-RSM, 2011 WL

6066010, at *1 n.1 (accepting as good cause for filing under seal a contract with confidential business information since party could "suffer competitive harm if its financial and other arrangement with one OEM partner were made available to the public, where other partners, customers and competitors could obtain the information"); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangement . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace"); *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *6 (N.D. Cal. Dec. 12, 2013) (finding good cause to file under seal contracts containing "sensitive information regarding the pricing" under the contract).

Disclosing information regarding the financial terms, incentives or information of Apple's contracts with some of its resellers could cause Apple competitive harm by giving other resellers an unfair insight into the terms of Apple's agreements with its competitors and harm Apple's position in future negotiations. Apple treats the financial terms in these contracts as confidential in its own course of business.

Apple respectfully requests that the designated portions of the reseller contracts identified as Exhibits H, I, M, N and P be permitted to be filed under seal.

Date: November 11, 2014             Respectfully submitted,

                                    BOIES, SCHILLER & FLEXNER LLP


                                    By: /s/ Kieran P. Ringgenberg
                                    Kieran P. Ringgenberg
                                    *Attorney for Defendant Apple Inc.*

2
APPLE'S ADMIN. MOT. TO FILE DOCUMENTS UNDER SEAL        No. C 05-00037 YGR