| | |
|---|---|
| 1 | William A. Isaacson (wisaacson@bsfllp.com) |
| | (Admitted *Pro Hac Vice*) |
| 2 | Karen L. Dunn (kdunn@bsfllp.com) |
| | (Admitted *Pro Hac Vice*) |
| 3 | Martha L. Goodman (mgoodman@bsfllp.com) |
| | (Admitted *Pro Hac Vice*) |
| 4 | BOIES, SCHILLER & FLEXNER LLP |
| | 5301 Wisconsin Ave, NW |
| 5 | Washington, DC 20015 |
| | Telephone: (202) 237-2727 |
| 6 | Facsimile: (202) 237-6131 |
| 7 | John F. Cove, Jr. #212213 |
| | (jcove@bsfllp.com) |
| 8 | Kieran P. Ringgenberg #208600 |
| | (kringgenberg@bsfllp.com) |
| 9 | Meredith R. Dearborn #268312 |
| | (mdearborn@bsfllp.com) |
| 10 | BOIES, SCHILLER & FLEXNER LLP |
| | 1999 Harrison Street, Suite 900 |
| 11 | Oakland, CA 94612 |
| | Telephone: (510) 874-1000 |
| 12 | Facsimile: (510) 874-1460 |
| 13 | David C. Kiernan #215335 |
| | (dkiernan@jonesday.com) |
| 14 | JONES DAY |
| | 555 California Street, 26th Floor |
| 15 | San Francisco, CA 94104 |
| | Telephone: (415) 626-3939 |
| 16 | Facsimile: (415) 875-5700 |

*Attorneys for Defendant Apple Inc.*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR |
| | [CLASS ACTION] |
| ——————————————— | **DECLARATION OF KIERAN P. RINGGENBERG IN SUPPORT OF (1) APPLE'S OPPOSITION TO MOTION TO ADD CLASS REPRESENTATIVE (DKT. 873) AND (2) APPLE'S MOTION FOR DECERTIFICATION OF RULE 23(b)(3) CLASS** |
| This Document Relates To: | |
| ALL ACTIONS | |
| | Date: November 18, 2014 |
| | Time: 1:00 p.m. |
| | Courtroom: 1, 4th Floor |
| | Judge: Hon. Yvonne Gonzalez Rogers |

I, Kieran P. Ringgenberg, declare as follows:

1. I am an attorney admitted to practice before this Court and the courts of the State of California. I am a partner in the law firm Boies, Schiller & Flexner LLP, counsel to Defendant Apple Inc. ("Apple') in this case.

2. I make this declaration in support of (1) Apple's opposition to Plaintiffs' and Movant Kenneth Riegel's Motion To Add Class Representative (Dkt. 873); and (2) Apple's Motion for Decertification of Rule 23(b)(3) Class. Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. **Exhibit A** is a true and correct copy of "Plaintiff Kenneth Riegel's Responses To Defendant Apple Inc.'s First Interrogatories," dated November 4, 2014.

4. **Exhibit B** is a true and correct copy of "Plaintiff Kenneth Riegel's Responses To Defendant Apple Inc.'s First Set of Requests for Production of Documents," dated November 4, 2014.

5. **Exhibit C** is a true and correct copy of a document titled "Authorized Apple Reseller U.S. Sales Agreement (iPod Authorization)," dated October 18, 2006, and bates-stamped RIEGEL00093-98, which was produced to Apple on November 4, 2014, by Plaintiffs' counsel on behalf of "Kenneth Riegel owner of K&N Enterprises, Inc. f/d/b/a Delaware Computer Exchange" in response to Apple's First Set of Requests for Production of Documents to Kenneth Riegel.

6. **Exhibit D** is a true and correct copy of a document titled "2007 U.S. Income Tax Return for an S Corporation" bearing the name K & N Enterprises, Inc. and bates-stamped RIEGEL00060-70, which was produced to Apple on November 4, 2014, by Plaintiffs' counsel on behalf of "Kenneth Riegel owner of K&N Enterprises, Inc. f/d/b/a Delaware Computer Exchange" in response to Apple's First Set of Requests for Production of Documents to Kenneth Riegel.

7. **Exhibit E** is a true and correct copy of excerpts from the transcript of the November 7, 2014 deposition of Kenneth Riegel.

8.     **Exhibit F** is a true and correct copy of a document titled "Business Purchase Agreement" between K & N Enterprises, Inc. and Apple Sauce, Inc., dated December 29, 2007, and bates-stamped RIEGEL00081-86, which was produced to Apple on November 4, 2014, by Plaintiffs' counsel on behalf of "Kenneth Riegel owner of K&N Enterprises, Inc. f/d/b/a Delaware Computer Exchange" in response to Apple's First Set of Requests for Production of Documents to Kenneth Riegel.

9.     **Exhibit G** is a true and correct copy of excerpts from the transcript of the December 20, 2010 deposition of Mark Donnelly.

10.    **Exhibit H** is a true and correct copy of a document bates-stamped Apple_AIIA_B_011951-011953 that contains a document titled "2006 Apple Direct Marketer Program," dated November 14, 2005, which was produced by Apple in this case.

11.    **Exhibit I** is a true and correct copy of a document bates-stamped Apple_AIIA_B_014372 that contains a document titled "Amendment to the Authorized Apple Reseller U.S. Sales Agreement," dated January 3, 2005, which was produced by Apple in this case.

12.    **Exhibit J** are true and correct copies of Exhibits 3-A,3-B, 4, 5-A, 5-B and 5-C and select page excerpts from the November 25, 2013 Rebuttal Report of Plaintiffs' expert, Roger G. Noll (Nov. 25, 2013) (Dkt. 809-5).

13.    **Exhibit K** is a true and correct copy of excerpts from the transcript of the May 16, 2013 deposition of Roger G. Noll.

14.    **Exhibit L** is a true and correct copy of excerpts from the transcript of the September 19, 2008 deposition of Roger G. Noll.

15.    **Exhibit M** is a true and correct copy of a document bates-stamped Apple_AIIA_B_002371-002372 that contains a document titled "SCM Non-Standard Agreement Summary," dated August 2, 2007 which was produced by Apple in this case.

16.    **Exhibit N** is a true and correct copy of a document bates-stamped Apple_AIIA_B_003353-003358 that contains a document titled "Authorized Apple U.S. iPod Wholesaler Agreement," dated April 16, 2008, which was produced by Apple in this case.

17. **Exhibit O** is a true and correct copy of a document bates-stamped Apple_AIIA_B_003508-003515 that contains a document titled "Apple Authorized Service Provider Agreement," dated April 24, 2009, which was produced by Apple in this case.

18. **Exhibit P** is a true and correct copy of a document bates-stamped Apple_AIIA_B_003270-003281 that contains a document titled "Authorized Apple Direct Marketing Reseller U.S. Sales Agreements (Apple CPU Authorization)" and a document titled "Authorized Apple Direct Marketing Reseller U.S. Sales Agreements (iPod Authorization)," dated December 18, 2008 , which was produced by Apple in this case.

19. **Exhibit Q** is a true and correct copy of a document bates-stamped Apple_AIIA_B_003665-003673 that contains documents titled "Authorized U.S. Apple Reseller Agreement (iPod Authorization)" and "Addendum to the Authorized U.S. Apple Reseller Agreement (iPod Authorization)," dated June 27, 2008, which was produced by Apple in this case.

20. **Exhibit R** is a true and correct copy of excerpts from Apple's verified responses to Plaintiffs' First Set of Interrogatories, dated August 28, 2008.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.  Executed this 11th day of November, 2014, in Oakland, California.

                                                                          /s/ Kieran P. Ringgenberg
                                                                          Kieran P. Ringgenberg