# Exhibit A

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | )<br>)<br>) | Lead Case No. C-05-00037-YGR |
| | ) | CLASS ACTION |
| This Document Relates To: | )<br>) | PLAINTIFF KENNETH RIEGEL'S |
| ALL ACTIONS. | )<br>)<br>) | RESPONSES TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |

981062_2

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Kenneth Riegel owner of K&N Enterprises, Inc. f/d/b/a Delaware Computer Exchange, ("Plaintiff") hereby submits the following objections and responses to Defendant Apple Inc.'s ("Defendant" or "Apple") First Interrogatories ("Interrogatories").

**I.    General Objections**

Plaintiff asserts the following General Objections and hereby incorporates them into the responses to the individual Interrogatories below.

1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent that they purpose to impose any obligations on Plaintiff that are not imposed by law, or that are otherwise inconsistent with Rules 26 and 33 of the Federal Rules of Civil Procedure.

2.    Plaintiff objects to the Interrogatories to the extent that they seek or require the disclosure of information which is protected from discovery by the attorney-client privilege, the attorney work-product doctrine, and/or any other applicable privilege or immunity.

3.    Plaintiff objects to the Interrogatories to the extent they seek information that can be found in the pleadings in this or other actions.

4.    Plaintiff objects to the Interrogatories to the extent they seek information that is publicly available or is already known to Defendant.

5.    Plaintiff objects to the Interrogatories to the extent they seek information that is improper or request that Plaintiff provides, under oath, information or contentions not within Plaintiff's personal knowledge.

6.    Plaintiff objects to the Interrogatories to the extent that they seek any legal opinion, analysis, or conclusion.

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES - C-05-00037-YGR

7.    Plaintiff objects to the Interrogatories to the extent that they seek information related to experts, expert testimony or expert opinion.

8.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

9.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent that they are vague or ambiguous.

10.    Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

11.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information sought.

12.    Plaintiff objects to the Interrogatories to the extent they seek information equally available to Apple or information that originated from Apple's possession, custody or control.

13.    Plaintiff objects to the time period covered by the Interrogatories as overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

14.    In providing information in response to the Interrogatories, Plaintiff does not in any way waive, or intend to waive, any objection to the Interrogatories.  Plaintiff also expressly reserves his right to object to the introduction of any response to these Interrogatories or any portion thereof into evidence.

15.    In providing information in response to the Interrogatories, Plaintiff is preserving the right to supplement responses to the Interrogatories.

16.    No incidental or implied admissions are intended in these responses.  Plaintiff's responses to all or any part of the Interrogatories should not be taken as an admission that Plaintiff accepts or admits the existence of any facts set forth or assumed by these Interrogatories.

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                                     - 2

17.     Plaintiff does not wish to amend the Amended Consolidated Complaint by virtue of any of the following responses, and Plaintiff hereby incorporates all of those allegations into these responses.

**II.     Responses and Specific Objections to Interrogatories**

In addition to the General Objections above, Plaintiff has set forth the following Specific Objections.  By setting forth such Specific Objections, Plaintiff does not limit or restrict the General Objections.  Plaintiff reserves the right to supplement his responses.

INTERROGATORY NO. 1:

Please identify all facts regarding the process YOU went through in order to purchase iPods from Apple, including any contractual negotiations, individually negotiated terms, requirements of performance, price discussions purchase of quantity requirements, and the DATE upon which any negotiations, discussion or contractual agreement was entered.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available to Apple or information that originated from Apple's possession, custody or control.

Subject to and without waiver of any of the foregoing Specific Objections and General Objections, Plaintiff responds as follows:

As an Apple Specialist and reseller, Plaintiff had a contract with Apple that was renewed each year prior to the start of Apple's fiscal year (October 1st).  As part of this process, and included in the contract, Apple conferred upon Plaintiff certain terms and conditions that Plaintiff was required to adhere to as an Apple Specialist and reseller.  Plaintiff's contract with Apple did not involve any individually negotiated terms and the sales price charged by Apple to Plaintiff for iPods was nonnegotiable.

1  INTERROGATORY NO. 2:

2      Please identify all facts regarding the price YOU paid to Apple for iPods including whether

3  such price was a list-price or individually negotiated, whether you received front-end or back-end

4  discounts, rebates, marketing funds, business development funds or otherwise were able to alter the

5  initially quoted price or purchase price.

6  RESPONSE TO INTERROGATORY NO. 2:

7      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

9  to Apple or information that originated from Apple's possession, custody or control.

10      Subject to and without waiver of any of the foregoing Specific Objections and General

11  Objections, Plaintiff responds as follows:

12      Plaintiff did not individually negotiate the price he paid to Apple for iPods.  Plaintiff did not

13  receive front-end or back-end discounts, rebates, marketing funds, or business development funds

14  related to iPods.

15  INTERROGATORY NO. 3:

16      Please identify the models and quantities of iPods purchased including the DATE of each

17  purchase and price paid.

18  RESPONSE TO INTERROGATORY NO. 3:

19      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

20  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

21  to Apple or information that originated from Apple's possession, custody or control.

22      Subject to and without waiver of any of the foregoing Specific Objections and General

23  Objections, Plaintiff responds as follows:

24      The models and quantities of iPods purchased are located in Plaintiff's sales reports, which

25  are concurrently being produced in response to Apple's First Set of Requests for Production of

26  Documents to Kenneth Riegel.

27

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR

1   INTERROGATORY NO. 4:

2       Please identify all facts regarding the reasons YOU became a reseller of iPods.

3   RESPONSE TO INTERROGATORY NO. 4:

4       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

5   burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

6   to Apple or information that originated from Apple's possession, custody or control.

7       Subject to and without waiver of any of the foregoing Specific Objections and General

8   Objections, Plaintiff responds as follows:

9       As an Apple Specialist and reseller, Plaintiff began selling Apple products prior to the release

10  of iPods.  Subsequent to the release of iPods, the sale of iPods became integral to maintaining market

11  share as an Apple Specialist, thereby causing Plaintiff to begin selling such products.

12  INTERROGATORY NO. 5:

13      Please identify all facts relating to how YOU set prices for iPods including any marketing

14  and promotions YOU ran or coupons, rebates or discounts YOU offered.

15  RESPONSE TO INTERROGATORY NO. 5:

16      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

17  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

18  to Apple or information that originated from Apple's possession, custody or control.

19      Subject to and without waiver of any of the foregoing Specific Objections and General

20  Objections, Plaintiff responds as follows:

21      With some exceptions for end-of-life pricing, Delaware Computer Exchange sold iPods at the

22  Manufacturer's Suggested Retail Price.  Delaware Computer Exchange offered $5.00 to $10.00

23  discounts off of the minimum advertised price for certain iPods at the end of 2007.

24  INTERROGATORY NO. 6:

25      Please identify through which channels YOU sold and delivered iPods including, but not

26  limited to, brick and mortar store locations, website sales, and mail order deliveries, and the DATES

27  at which you sold through such channels.

28

981062_2   PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
           INTERROGATORIES - C-05-00037-YGR                                           - 5 -

RESPONSE TO INTERROGATORY NO. 6:

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available to Apple or information that originated from Apple's possession, custody or control. Plaintiff further objects to this Interrogatory on grounds that the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing Specific Objections and General Objections, Plaintiff responds as follows:

Plaintiff's sale and delivery of iPods was limited to the brick and mortar store location of Delaware Computer Exchange.   If Delaware Computer Exchange had a previous customer relationship with a purchaser, Plaintiff would consider shipping an iPod to the customer, but this was done rarely and only where the customer was a known customer.

INTERROGATORY NO. 7:

Please identify all facts regarding YOUR purchase or sale of gift cards or similar cards that can be used to purchase digital music files at any ONLINE MUSIC STORE, including prices paid and received, the channels YOU acquired, sold and delivered such cards, how such cards were marketed, and the DATES at which you sold through such cards.

RESPONSE TO INTERROGATORY NO. 7:

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available to Apple or information that originated from Apple's possession, custody or control.  Plaintiff further objects to this Interrogatory on grounds that the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any of the foregoing Specific Objections and General Objections, Plaintiff responds as follows:

To the best of Plaintiff's knowledge, Plaintiff did not sell any gift cards or similar cards.

1    INTERROGATORY NO. 8:

2      Please identify any facts personally known to YOU supporting the allegations that the

3 disabling of RealNetworks' Harmony caused consumers to be locked-in or out of iPods or had any

4 effect on the price of iPods.

5    RESPONSE TO INTERROGATORY NO. 8:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7 burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

8 to Apple or information that originated from Apple's possession, custody or control.

9      Subject to and without waiver of any of the foregoing Specific Objections and General

10 Objections, Plaintiff responds as follows:

11      Plaintiff does not possess any facts personally known to him concerning the disabling of

12 RealNetworks' Harmony except those which he learned from counsel.

13    INTERROGATORY NO. 9:

14      Please identify all facts personally known to YOU regarding any change in consumer

15 demand for iPods after September 12, 2006.

16    RESPONSE TO INTERROGATORY NO. 9:

17      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18 burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

19 to Apple or information that originated from Apple's possession, custody or control.

20      Subject to and without waiver of any of the foregoing Specific Objections and General

21 Objections, Plaintiff responds as follows:

22      Plaintiff personally experienced a decrease in iPods sales after September 12, 2006 in his

23 retail location, but has no information regarding general "consumer demand" for iPods except that

24 which he learned from counsel.

25    INTERROGATORY NO. 10:

26      Please state the legal status of Delaware Computer Exchange including date and state of

27 incorporation or other legal formation, Kenneth Riegel's past and present involvement in the

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR      - 7 -

1  company, any dates of termination, and transfers of ownership or controllership of the company at

2  any time.

3  RESPONSE TO INTERROGATORY NO. 10:

4      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

5  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

6  to Apple or information that originated from Apple's possession, custody or control.

7      Subject to and without waiver of any of the foregoing Specific Objections and General

8  Objections, Plaintiff responds as follows:

9      K&N Enterprises Inc., formerly doing business as Delaware Computer Exchange, was

10  incorporated in Delaware in 1992, wherein Plaintiff held 100% ownership.  Subsequently, Plaintiff

11  sold approximately 20% of his ownership in Delaware Computer Exchange prior to resuming 100%

12  ownership in 2007.  In 2008, Plaintiff sold the assets of Delaware Computer Exchange to Apple

13  Sauce, Inc.  The business purchase agreement was executed on December 29, 2007.  Plaintiff refers

14  to documents produced concurrently in response to Apple's First of Request for Production of

15  Documents regarding this Interrogatory.

16  INTERROGATORY NO. 11:

17      Please state the financial status of Delaware Computer Exchange including its capitalization

18  as well as profits or losses in each year.

19  RESPONSE TO INTERROGATORY NO. 11:

20      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

21  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

22  to Apple or information that originated from Apple's possession, custody or control.

23      Subject to and without waiver of any of the foregoing Specific Objections and General

24  Objections, Plaintiff responds as follows:

25      The financial status of Delaware Computer Exchange is concurrently being produced in

26  response to Apple's First Set of Requests for Production of Documents to Kenneth Riegel.

27

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                            - 8 -

1  INTERROGATORY NO. 12:

2      Please identify any other litigations to which YOU have been a party either as an individual

3  or as part of a class at any time. If any, identify the parties involved, the date of the actions, the

4  nature of the claims, and how it was adjudicated or resolved.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and irrelevant.

7      Subject to and without waiver of any of the foregoing Specific Objections and General

8  Objections, Plaintiff responds as follows:

9      None during the relevant time period, although Plaintiff was involved in 2 small claims

10 matters prior to the relevant time period. Plaintiff previously received $23 from a class action

11 settlement involving Google wherein Plaintiff was a class member.

12 INTERROGATORY NO. 13:

13     Please identify all facts personally known to YOU that support the assertions that Apple has

14 "used its dominant market position in the markets for Audio Downloads and Portable Digital Media

15 Players to stifle competition and strengthen its monopoly in these markets," and that "Apple engaged

16 in systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

17 Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

18 RESPONSE TO INTERROGATORY NO. 13:

19     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

20 burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

21 to Apple or information that originated from Apple's possession, custody or control.

22     Subject to and without waiver of any of the foregoing Specific Objections and General

23 Objections, Plaintiff responds as follows:

24     Plaintiff does not possess any facts personally known to him in response to Interrogatory No.

25 13 except that which he learned from counsel.

26 INTERROGATORY NO. 14:

27     Please identify all facts personally known to YOU that support the assertion that "Apple used

28 unneeded technological restrictions in conjunction with software updates to suppress new products

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                              - 9 -

1    that threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

2    Complaint.

3    <u>RESPONSE TO INTERROGATORY NO. 14</u>:

4        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

5    burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

6    to Apple or information that originated from Apple's possession, custody or control.

7        Subject to and without waiver of any of the foregoing Specific Objections and General

8    Objections, Plaintiff responds as follows:

9        Plaintiff does not possess any facts personally known to him in response to Interrogatory No.

10   14 except that which he learned from counsel.

11   <u>INTERROGATORY NO. 15</u>:

12       Please identify all facts personally known to YOU that support the assertion that "When

13   competitors attempted to enter either market by selling products compatible with Apple's market-

14   leading iPod or iTS files, Apple promptly issued software updates to end the compatibility," as

15   alleged in paragraph 4 of the Complaint.

16   <u>RESPONSE TO INTERROGATORY NO. 15</u>:

17       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18   burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

19   to Apple or information that originated from Apple's possession, custody or control.

20       Subject to and without waiver of any of the foregoing Specific Objections and General

21   Objections, Plaintiff responds as follows:

22       As an Apple Specialist who sold iPods, Plaintiff became aware of Apple issuing software

23   updates to end compatibility with products of Apple's competitors at the time of the updates.

24   <u>INTERROGATORY NO. 16</u>:

25       Please identify all facts personally known to YOU that support the assertion that "Consumers

26   and merchants have come to recognize the Audio Download Market as a separate and distinct market

27   from the market for music CDs," as alleged in paragraph 19 of the Complaint.

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                            - 10 -

1  RESPONSE TO INTERROGATORY NO. 16:

2      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

3  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

4  to Apple or information that originated from Apple's possession, custody or control.

5      Subject to and without waiver of any of the foregoing Specific Objections and General

6  Objections, Plaintiff responds as follows:

7      Plaintiff responds that CDs and audio downloads are different.  CDs can only hold a small

8  amount of music, while far more digital music can be stored and played on portable devices.  CDs

9  skip, can be scratched or lost and cost a different price than audio downloads.  CDs can be played

10  portably only on bulky devices that have shorter battery lives, sometimes skip and are larger that

11  portable digital audio players.  CDs typically do not have DRM protection on them and audio

12  downloads during the time period frequently did.  Audio downloads can be quickly acquired from

13  the internet, whereas CDs are physical goods which must be purchased at a store, online or via mail

14  order.  Consumers can create customized playlists with their audio downloads, which they cannot do

15  with CDs.

16  INTERROGATORY NO. 17:

17      Please identify all facts personally known to YOU that support the assertion that cellular

18  telephones that store and play digital music files—including but not limited to "smartphones"— did

19  not compete with Portable Digital Media Players.

20  RESPONSE TO INTERROGATORY NO. 17:

21      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

22  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

23  to Apple or information that originated from Apple's possession, custody or control.  Plaintiff further

24  objects to this Interrogatory on the grounds that it seeks information related to experts, expert

25  testimony or opinion.

26      Subject to and without waiver of any of the foregoing Specific Objections and General

27  Objections, Plaintiff responds as follows:

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                                    - 11 -

1  Plaintiff does not possess any facts personally known to him in response to Interrogatory No.

2  17 except that which he learned from counsel.

3  INTERROGATORY NO. 18:

4  Please identify all facts personally known to YOU that support the assertion that "As a direct

5  result of Apple's anticompetitive use of software updates, Plaintiffs and members of the Class paid

6  supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

7  RESPONSE TO INTERROGATORY NO. 18:

8  Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9  burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available

10 to Apple or information that originated from Apple's possession, custody or control.  Plaintiff further

11 objects to this Interrogatory on the grounds that it seeks information related to experts, expert

12 testimony or opinion.

13 Subject to and without waiver of any of the foregoing Specific Objections and General

14 Objections, Plaintiff responds as follows:

15 Plaintiff does not possess any facts personally known to him in response to Interrogatory No.

16 18 except that which he learned from counsel.

17 INTERROGATORY NO. 19:

18 Please identify each software program, including, without limitation, those referred to in

19 paragraphs 64 through 66 of the Complaint that YOU have used to make music you purchased from

20 the iTS interoperable with any device not manufactured by Apple.

21 RESPONSE TO INTERROGATORY NO. 19:

22 Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23 burdensome.

24 Subject to and without waiver of any of the foregoing Specific Objections and General

25 Objections, Plaintiff responds as follows:

26 Plaintiff does not possess any facts personally known to him in response to Interrogatory No.

27 19.

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                          - 12

INTERROGATORY NO. 20:

Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA PLAYER that YOU have purchased, used or sold for your own use or for resale.

RESPONSE TO INTERROGATORY NO. 20:

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome. Plaintiff also objects that this Interrogatory seeks information that is equally available to Apple or information that originated from Apple's possession, custody or control.

Subject to and without waiver of any of the foregoing Specific Objections and General Objections, Plaintiff responds as follows:

Except for iPods, Plaintiff did not purchase, use or sell any portable digital media player for his own use or for resale.

DATED: November 4, 2014                     ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            BONNY E. SWEENEY
                                            ALEXANDRA S. BERNAY
                                            CARMEN A. MEDICI
                                            JENNIFER N. CARINGAL


                                            _____
                                                  ALEXANDRA S. BERNAY

                                            655 West Broadway, Suite 1900
                                            San Diego, CA  92101
                                            Telephone:  619/231-1058
                                            619/231-7423 (fax)

                                            ROBBINS GELLER RUDMAN
                                              & DOWD LLP
                                            PATRICK J. COUGHLIN
                                            STEVEN M. JODLOWSKI
                                            Post Montgomery Center
                                            One Montgomery Street, Suite 1800
                                            San Francisco, CA  94104
                                            Telephone:  415/288-4545
                                            415/288-4534 (fax)

                                            Class Counsel for Plaintiffs

1

2          BONNETT, FAIRBOURN, FRIEDMAN
              & BALINT, P.C.
3          ANDREW S. FRIEDMAN
           FRANCIS J. BALINT, JR.
           ELAINE A. RYAN
4          2325 E. Camelback Road, Suite 300
           Phoenix, AZ  85016
5          Telephone:  602/274-1100
           602/274-1199 (fax)
6
           THE KATRIEL LAW FIRM
7          ROY A. KATRIEL
           1101 30th Street, N.W., Suite 500
8          Washington, DC  20007
           Telephone:  202/625-4342
9          202/330-5593 (fax)

10         BRAUN LAW GROUP, P.C.
           MICHAEL D. BRAUN
11         10680 West Pico Blvd., Suite 280
           Los Angeles, CA  90064
12         Telephone:  310/836-6000
           310/836-6010 (fax)
13
           GLANCY BINKOW & GOLDBERG LLP
14         BRIAN P. MURRAY
           122 East 42nd Street, Suite 2920
15         New York, NY  10168
           Telephone:  212/382-2221
16         212/382-3944 (fax)

17         GLANCY BINKOW & GOLDBERG LLP
           MICHAEL GOLDBERG
18         1925 Century Park East, Suite 2100
           Los Angeles, CA  90067
19         Telephone:  310/201-9150
           310/201-9160 (fax)
20
           Additional Counsel for Plaintiffs
21

22

23

24

25

26

27

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-YGR                                            - 14 -

**DECLARATION OF SERVICE BY EMAIL**

I, Christina Kopko, not a party to the within action, hereby declare that on November 4, 2014, I served the attached PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by electronic mail only addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
|---|---|---|
| William A. Isaacson | Boies, Schiller & Flexner LLP | wisaacson@bsfllp.com |
| Karen L. Dunn | Boies, Schiller & Flexner LLP | kdunn@bsfllp.com |
| Martha L. Goodman | Boies, Schiller & Flexner LLP | mgoodman@bsfllp.com |
| John F. Cove, Jr. | Boies, Schiller & Flexner LLP | jcove@bsfllp.com |
| Meredith R. Dearborn | Boies, Schiller & Flexner LLP | mdearborn@bsfllp.com |
| David C. Kiernan | Jones Day | dkiernan@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 4, 2014, at San Diego, California.

_____

CHRISTINA KOPKO

981062_2

## VERIFICATION

I, Kenneth Riegel, the undersigned say:

I am one of the plaintiffs in *The Apple iPod iTunes Antitrust Litigation*, No. C-05-00037-YGR (N.D. Cal.) action.  I have read the following PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES and know the contents thereof.  I certify that the same is true of my own knowledge, except as to those matters which are therein stated upon my information and belief, and as to those matters, I believe them to be true.

I declare under the penalty of perjury of the United States that the foregoing is true and correct.  Executed November 4th 2014 at San Francisco , CA .

By: _____
KENNETH RIEGEL