# Exhibit B

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
      – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) Lead Case No. C-05-00037-YGR |
| | ) |
| | ) CLASS ACTION |
| | ) |
| This Document Relates To: | ) PLAINTIFF KENNETH RIEGEL'S |
| | ) RESPONSES TO DEFENDANT APPLE |
| ALL ACTIONS. | ) INC.'S FIRST SET OF REQUESTS FOR |
| | ) PRODUCTION OF DOCUMENTS |

981067_2

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Kenneth Riegel owner of K&N Enterprises, Inc. f/d/b/a Delaware Computer Exchange, ("Plaintiff") hereby submits the following objections and responses to Defendant Apple Inc.'s ("Defendant" or "Apple") First Set of Requests for Production of Documents (the "Requests") as follows:

## I.    GENERAL OBJECTIONS

1.    Plaintiff objects to the Requests to the extent that they seek or require the disclosure of information or documents which are protected from discovery by the attorney-client privilege, the work-product doctrine, the right to privacy, or any other applicable privilege or immunity. Such production as may hereafter occur pursuant to the Requests shall not include any documents protected by such privileges or doctrines. Inadvertent production of any such document is not intended to be, and shall not operate as, a waiver of any applicable privilege, protection, or immunity, in whole or in part.

2.    Plaintiff objects to the Requests to the extent that they seek documents that are not within Plaintiff's possession, custody or control.

3.    Plaintiff objects to the Requests to the extent they seek information that can be found in the pleadings in this or other actions.

4.    Plaintiff objects to the Requests to the extent they seek documents or information that is publicly available.

5.    Plaintiff objects to the Requests to the extent they seek documents or information that is already in Apple's possession, custody or control.

6.    Plaintiff objects to the Requests to the extent that they seek information related to experts, expert testimony or expert opinion.

7.    Plaintiff objects to the "Definitions and Instructions" section of the Requests on the grounds the definition of "You", Your" or "Yourself" is overly broad in that it could be read to require Plaintiff to produce documents that are not in Plaintiff's possession, custody or control. In

responding to these Requests, Plaintiff will undertake a reasonable inquiry to obtain documents that are in Plaintiff's possession, custody or control.

8.    Plaintiff objects to the relevant time period in the Requests as being significantly broader than the Class Period in this action.

9.    In providing information in response to the Requests, Plaintiff does not in any way waive, or intend to waive, but rather intends to preserve and are preserving:

(a)    all objections as to competency, relevancy, materiality, admissibility of any Request, the responses, and their subject matter;

(b)    all objections as to vagueness, ambiguity or other infirmity in the form of the Requests, any objections based on the undue burden imposed by the Requests and each individual request contained therein;

(c)    all rights to object on any ground to the use of any of the documents or their subject matter in any subsequent proceedings, including the trial of this or any other action;

(d)    all rights to object on any ground to any further document requests or other discovery requests involving or relating to the subject matter of any Request;

(e)    the right to supplement responses to the Requests; and

(f)    any and all privileges and rights under the applicable Federal Rules of Civil Procedure, the Local Rules of this Court, other statutes, guidelines or common law.

10.    Plaintiff reserves the right to amend, modify and supplement these responses should additional discovery warrant such amendment, modification or supplementation.

11.    By asserting that Plaintiff will produce documents to any of the Requests herein, Plaintiff does not acknowledge that any such documents exist.

981067_2

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-YGR                - 2

12.    Plaintiff incorporates the above General Objections into its responses to each of the Requests, inclusive of all subparts. To the extent that Plaintiff responds to the Requests, any stated objections are not waived by providing responses.

REQUEST FOR PRODUCTION NO. 1:

All DOCUMENTS reflecting, referring or relating to the purchase of any iPod from Apple or another entity including, but not limited to, contracts, transactional data related to the price paid, the date and quantity of purchase, entity purchased from, and type of device purchased as well as any documents regarding front-end or back-end discounts, marketing or business development funds, or any other promotional fund or rebate that you were eligible for as a reseller.

RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Plaintiff incorporates his General Objections by reference and further objects to this Request to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in the Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of information or documents that are protected from production under any applicable privilege, immunity or protection, including the attorney-client privilege and work-product doctrine. Plaintiff also objects that this Request seeks information that is equally available to Apple or information that originated from Apple's possession, custody or control.

Subject to and without waiving the Objections, in response to Request No. 1, Plaintiff will produce responsive, relevant, non-privileged, non-objectionable documents in his possession, custody, or control, if any.

REQUEST FOR PRODUCTION NO. 2:

All DOCUMENTS reflecting, referring or relating to the purchase of any PORTABLE DIGITAL MUSIC PLAYER other than an iPod including, but not limited to, contracts, transactional data related to the price paid, the date and quantity of purchase, entity purchased from, and type of device purchased as well as any documents regarding front-end or back-end discounts, marketing or

1    business development funds, or any other promotional fund or rebate that you were eligible for as a

2    reseller.

3    RESPONSE TO REQUEST FOR PRODUCTION NO. 2:

4         Plaintiff incorporates his General Objections by reference and further objects to this Request

5    to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

6    ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

7    subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

8    Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

9    information or documents that are protected from production under any applicable privilege,

10   immunity or protection, including the attorney-client privilege and work-product doctrine.  Plaintiff

11   also objects that this Request  seeks information that is equally available to Apple or information that

12   originated from Apple's possession, custody or control.

13        Subject to and without waiving the Objections, in response to Request No. 2, Plaintiff does

14   not have any responsive documents.

15   REQUEST FOR PRODUCTION NO. 3:

16        All DOCUMENTS reflecting, referring or relating to YOUR sale of iPods including, but not

17   limited to, transactional data showing the types of iPods sold, the dates at which those models were

18   sold, the prices charged for those models, the channel though which the sale took place, any

19   discount, rebate, or coupon offered, any marketing materials used, and any sales or shipping receipts

20   for those sales.

21   RESPONSE TO REQUEST FOR PRODUCTION NO. 3:

22        Plaintiff incorporates his General Objections by reference and further objects to this Request

23   to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

24   ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

25   subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

26   Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

27   information or documents that are protected from production under any applicable privilege,

28   immunity or protection, including the attorney-client privilege and work-product doctrine.

1  Subject to and without waiving the Objections, in response to Request No. 3, Plaintiff will

2  produce responsive, relevant, non-privileged, non-objectionable documents in his possession,

3  custody, or control, if any.

4  REQUEST FOR PRODUCTION NO. 4:

5  All DOCUMENTS reflecting, referring or relating to YOUR sale of any PORTABLE

6  DIGITAL MUSIC PLAYER other than an iPod including, but not limited to, transactional data

7  showing the types of PORTABLE DIGITAL MUSIC PLAYER sold, the dates at which those

8  models were sold, the prices charged for those models, the channel though which the sale took place,

9  any discount, rebate, or coupon offered, any marketing materials used, and any sales or shipping

10  receipts for those sales.

11  RESPONSE TO REQUEST FOR PRODUCTION NO. 4:

12  Plaintiff incorporates his General Objections by reference and further objects to this Request

13  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

14  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

15  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

16  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

17  information or documents that are protected from production under any applicable privilege,

18  immunity or protection, including the attorney-client privilege and work-product doctrine.

19  Subject to and without waiving the Objections, in response to Request No. 4, Plaintiff does

20  not have any responsive documents.

21  REQUEST FOR PRODUCTION NO. 5:

22  All DOCUMENTS reflecting, referring or relating to any acquisition of digital music by

23  YOU from iTS at any time, including without limitation DOCUMENTS showing dates, prices and

24  titles of music purchased by YOU (including credit card receipts and statements). This request

25  includes without limitation a copy of your Purchase History which can be printed out by opening

26  iTunes, clicking the Music Store icon in the Sources List, signing into the store, clicking on your

27  name next to the Account Button, clicking the View Account button, and clicking Purchase History.

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF  DOCUMENTS - C-05-00037-YGR                              - 5 -

1  RESPONSE TO REQUEST FOR PRODUCTION NO. 5:

2      Plaintiff incorporates his General Objections by reference and further objects to this Request

3  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

4  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

5  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

6  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

7  information or documents that are protected from production under any applicable privilege,

8  immunity or protection, including the attorney-client privilege and work-product doctrine.

9      Subject to and without waiving the Objections, in response to Request No. 5, Plaintiff does

10  not have any responsive documents.

11  REQUEST FOR PRODUCTION NO. 6:

12      All DOCUMENTS reflecting, referring or relating to any acquisition of digital music by

13  YOU at any time from any other ONLINE MUSIC STORE, including without limitation

14  DOCUMENTS showing dates, prices and titles of music purchased by YOU (including credit card

15  receipts and statement).

16  RESPONSE TO REQUEST FOR PRODUCTION NO. 6:

17      Plaintiff incorporates his General Objections by reference and further objects to this Request

18  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

19  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

20  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

21  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

22  information or documents that are protected from production under any applicable privilege,

23  immunity or protection, including the attorney-client privilege and work-product doctrine.

24      Subject to and without waiving the Objections, in response to Request No. 6, Plaintiff does

25  not have any responsive documents.

26  REQUEST FOR PRODUCTION NO. 7:

27      All DOCUMENTS reflecting, referring or relating to the acquisition by YOU at any time of

28  any gift cards or similar cards that can be used to purchase digital music files at any ONLINE

981067_2

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-YGR                    - 6 -

1   MUSIC STORE, including without limitation DOCUMENTS showing dates and prices of such

2   cards purchased by YOU (including credit card receipts and statement).

3   RESPONSE TO REQUEST FOR PRODUCTION NO. 7:

4     Plaintiff incorporates his General Objections by reference and further objects to this Request

5   to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

6   ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

7   subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

8   Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

9   information or documents that are protected from production under any applicable privilege,

10  immunity or protection, including the attorney-client privilege and work-product doctrine.

11    Subject to and without waiving the Objections, in response to Request No. 7, Plaintiff does

12  not have any responsive documents.

13  REQUEST FOR PRODUCTION NO. 8:

14    All DOCUMENTS reflecting, referring or relating to YOUR sale of gift cards or similar

15  cards that can be used to purchase digital music files at any ONLINE MUSIC STORE, including,

16  but not limited to, transactional data showing the types of cards sold, the dates at which those cards

17  were sold, the prices charged, the channel though which the sale took place, any discount, rebate, or

18  coupon offered, any marketing materials used, and any sales or shipping receipts for those sales.

19  RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

20    Plaintiff incorporates his General Objections by reference and further objects to this Request

21  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

22  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

23  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

24  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

25  information or documents that are protected from production under any applicable privilege,

26  immunity or protection, including the attorney-client privilege and work-product doctrine.

27    Subject to and without waiving the Objections, in response to Request No. 8, Plaintiff does

28  not have any responsive documents.

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-YGR  - 7 -

1  REQUEST FOR PRODUCTION NO. 9:

2      All DOCUMENTS reflecting, referring or relating to any acquisition of any type of music by

3  YOU at any time from any other source including traditional brick and mortar stores or Internet

4  websites like Amazon.com, including without limitation DOCUMENTS showing dates, prices and

5  titles of music acquired by YOU (including credit card receipts and statements).

6  RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

7      Plaintiff incorporates his General Objections by reference and further objects to this Request

8  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

9  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

10  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

11  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

12  information or documents that are protected from production under any applicable privilege,

13  immunity or protection, including the attorney-client privilege and work-product doctrine.

14      Subject to and without waiving the Objections, in response to Request No. 9, Plaintiff does

15  not have any responsive documents.

16  REQUEST FOR PRODUCTION NO. 10:

17      All DOCUMENTS reflecting, referring or relating to the acquisition at any time of any type

18  of music by YOU from any source other than online stores or traditional brick and mortar stores,

19  including music downloaded from the Internet using software like Napster or Kazaa, and music

20  obtained from other persons, including without limitation DOCUMENTS showing dates, prices,

21  titles or music obtained by YOU and the methods used to obtain them.

22  RESPONSE TO REQUEST FOR PRODUCTION NO. 10:

23      Plaintiff incorporates his General Objections by reference and further objects to this Request

24  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

25  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

26  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

27  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

28

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF  DOCUMENTS - C-05-00037-YGR          - 8 -

1   information or documents that are protected from production under any applicable privilege,

2   immunity or protection, including the attorney-client privilege and work-product doctrine.

3          Subject to and without waiving the Objections, in response to Request No. 10, Plaintiff does

4   not have any responsive documents.

5   <u>REQUEST FOR PRODUCTION NO. 11</u>:

6          All DOCUMENTS that support or relate to YOUR claim that YOU have been damaged in

7   any way by Apple's conduct alleged in this Action.

8   <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 11</u>:

9          Plaintiff incorporates his General Objections by reference and further objects to this Request

10  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

11  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

12  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

13  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

14  information or documents that are protected from production under any applicable privilege,

15  immunity or protection, including the attorney-client privilege and work-product doctrine.

16         Subject to and without waiving the Objections, in response to Request No. 11, Plaintiff will

17  produce responsive, relevant, non-privileged, non-objectionable documents in his possession,

18  custody, or control, if any.

19  <u>REQUEST FOR PRODUCTION NO. 12</u>:

20         All DOCUMENTS that support or relate to YOUR claim that ITS DIGITAL MUSIC FILES

21  could not be played on any PORTABLE DIGITAL MUSIC PLAYER other than the iPod.

22  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 12</u>:

23         Plaintiff incorporates his General Objections by reference and further objects to this Request

24  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

25  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

26  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

27  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

28

981067_2

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-YGR                    - 9 -

1  information or documents that are protected from production under any applicable privilege,

2  immunity or protection, including the attorney-client privilege and work-product doctrine.

3      Subject to and without waiving the Objections, in response to Request No. 12, Plaintiff does

4  not have any responsive documents.

5  <u>REQUEST FOR PRODUCTION NO. 13</u>:

6      All DOCUMENTS that support or relate to YOUR claim that the iPod was unable to play

7  any DIGITAL MUSIC FILES other than those obtained from ITS.

8  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 13</u>:

9      Plaintiff incorporates his General Objections by reference and further objects to this Request

10  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

11  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

12  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

13  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

14  information or documents that are protected from production under any applicable privilege,

15  immunity or protection, including the attorney-client privilege and work-product doctrine.

16      Subject to and without waiving the Objections, in response to Request No. 13, Plaintiff does

17  not have any responsive documents.

18  <u>REQUEST FOR PRODUCTION NO. 14</u>:

19      All DOCUMENTS that support or relate to YOUR claim that Apple prevented the iPod from

20  playing DIGITAL MUSIC FILES sold by RealNetworks.

21  <u>RESPONSE TO REQUEST FOR PRODUCTION NO. 14</u>:

22      Plaintiff incorporates his General Objections by reference and further objects to this Request

23  to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

24  ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

25  subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

26  Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

27  information or documents that are protected from production under any applicable privilege,

28  immunity or protection, including the attorney-client privilege and work-product doctrine.

981067_2

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-YGR                       - 10 -

1    Subject to and without waiving the Objections, in response to Request No. 14, Plaintiff does

2   not have any responsive documents.

3   REQUEST FOR PRODUCTION NO. 15:

4    All DOCUMENTS reflecting, referring or relating to the formation, ownership, transfer,

5   current status, and profit and losses of Delaware Computer Exchange at any time.

6   RESPONSE TO REQUEST FOR PRODUCTION NO. 15:

7    Plaintiff incorporates his General Objections by reference and further objects to this Request

8   to the extent that it is duplicative of other Requests, overly broad, unduly burdensome, vague and

9   ambiguous, or calls for information or documents that are neither relevant to the claims, defenses or

10   subject matter of, nor reasonably calculated to lead to the discovery of admissible evidence in, the

11   Action. Plaintiff also objects to this Request to the extent that it purports to seek the discovery of

12   information or documents that are protected from production under any applicable privilege,

13   immunity or protection, including the attorney-client privilege and work-product doctrine.

14    Subject to and without waiving the Objections, in response to Request No. 15, Plaintiff will

15   produce responsive, relevant, non-privileged, non-objectionable documents in his possession,

16   custody, or control, if any.

17   DATED:  November 4, 2014          ROBBINS GELLER RUDMAN
                                          & DOWD LLP
18                                     BONNY E. SWEENEY
                                       ALEXANDRA S. BERNAY
19                                     CARMEN A. MEDICI
                                       JENNIFER N. CARINGAL
20

21

22                                     _____
                                       ALEXANDRA S. BERNAY
23
                                       655 West Broadway, Suite 1900
24                                     San Diego, CA  92101
                                       Telephone:  619/231-1058
25                                     619/231-7423 (fax)

26

27

28

1

2 ROBBINS GELLER RUDMAN
  & DOWD LLP

3 PATRICK J. COUGHLIN
 STEVEN M. JODLOWSKI

4 Post Montgomery Center
 One Montgomery Street, Suite 1800

5 San Francisco, CA 94104
 Telephone: 415/288-4545

6 415/288-4534 (fax)

7 Class Counsel for Plaintiffs

8 BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.

9 ANDREW S. FRIEDMAN
 FRANCIS J. BALINT, JR.

10 ELAINE A. RYAN
 2325 E. Camelback Road, Suite 300

11 Phoenix, AZ 85016
 Telephone: 602/274-1100

12 602/274-1199 (fax)

13 THE KATRIEL LAW FIRM
 ROY A. KATRIEL

14 1101 30th Street, N.W., Suite 500
 Washington, DC 20007

15 Telephone: 202/625-4342
 202/330-5593 (fax)

16 BRAUN LAW GROUP, P.C.
 MICHAEL D. BRAUN

17 10680 West Pico Blvd., Suite 280
 Los Angeles, CA 90064

18 Telephone: 310/836-6000
 310/836-6010 (fax)

19

20 GLANCY BINKOW & GOLDBERG LLP
 BRIAN P. MURRAY

21 122 East 42nd Street, Suite 2920
 New York, NY 10168

22 Telephone: 212/382-2221
 212/382-3944 (fax)

23 GLANCY BINKOW & GOLDBERG LLP
 MICHAEL GOLDBERG

24 1925 Century Park East, Suite 2100
 Los Angeles, CA 90067

25 Telephone: 310/201-9150
 310/201-9160 (fax)

26

27 Additional Counsel for Plaintiffs

28

981067_2

PLAINTIFF KENNETH RIEGEL'S RESPONSES TO DEFENDANT APPLE INC.'S FIRST SET OF
REQUESTS FOR PRODUCTION OF DOCUMENTS - C-05-00037-YGR  - 12

1

**DECLARATION OF SERVICE BY EMAIL**

2     I, Christina Kopko, not a party to the within action, hereby declare that on November 4,

3 2014, I served the attached PLAINTIFF KENNETH RIEGEL'S RESPONSES TO APPLE'S FIRST

4 SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS on the parties in the within action by

5 electronic mail only addressed as follows:

6 **COUNSEL FOR DEFENDANTS**:

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| William A. Isaacson | Boies, Schiller & Flexner LLP | wisaacson@bsfllp.com |
| Karen L. Dunn | Boies, Schiller & Flexner LLP | kdunn@bsfllp.com |
| Martha L. Goodman | Boies, Schiller & Flexner LLP | mgoodman@bsfllp.com |
| John F. Cove, Jr. | Boies, Schiller & Flexner LLP | jcove@bsfllp.com |
| Meredith R. Dearborn | Boies, Schiller & Flexner LLP | mdearborn@bsfllp.com |
| David C. Kiernan | Jones Day | dkiernan@jonesday.com |

12     I declare under penalty of perjury that the foregoing is true and correct. Executed on

13 November 4, 2014, at San Diego, California.

14

15                           CHRISTINA KOPKO

16

17

18

19

20

21

22

23

24

25

26

27

28

981067_2