ROBBINS GELLER RUDMAN
& DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
– and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | CLASS ACTION |
| This Document Relates To: | REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE |
| ALL ACTIONS. | |

| | |
|---|---|
| DATE: | November 18, 2014 |
| TIME: | 12:00 p.m. |
| CTRM: | 1, 4th Floor |
| Judge: | Hon. Yvonne Gonzalez Rogers |

## TABLE OF CONTENTS

**Page**

I. Introduction ..................................................1

II. Apple's Claims of Prejudice and Undue Delay are Without Merit ..................................................3

III. The Addition of a Reseller Class Representative is Not Futile ..................................................6

A. K&N May Sue Under Delaware Law ..................................................7

B. K&N Did Not Assign its Antitrust Claims Against Apple ..................................................8

C. Apple Has Waived Any Purported Pre-Litigation Mediation Requirement ..................................................9

IV. Apple's Alternative Relief is Improper and Aimed Solely at Delay ..................................................10

V. Conclusion ..................................................10

## TABLE OF AUTHORITIES

**Page**

**CASES**

*Bd. of Managers of Soho Int'l Arts Condo. v. City of New York*, No. 01 Civ. 1226 (DAB), 2005 U.S. Dist. LEXIS 9139 (S.D.N.Y May 13, 2005)....8

*Darley Liquor Mart, Inc. v. Bechtel*, No. 81C-JL-78, 1982 Del. Super. LEXIS 781 (Del. Super. Mar. 19, 1982)....8

*Doers v. Golden Gate Bridge etc. Dist.*, 23 Cal. 3d 180 (1979)....10

*Eleven Line, Inc. v. N. Tex. State Soccer Ass'n*, 213 F.3d 198 (5th Cir. 2000)....9

*Ewert v. eBay, Inc.*, No. C-07-02198 RMW, 2010 U.S. Dist. LEXIS 108838 (N.D. Cal. Sept. 30, 2010)....4

*Goldman v. Postal Tel., Inc.*, 52 F. Supp. 763 (D. Del. 1943)....7

*Hanover Shoe v. United Shoe Mach. Corp.*, 392 U.S. 481 (1968)....4

*Hartman v. Duffy*, 158 F.R.D. 525 (D.D.C. 1994), *aff'd in part*, 88 F.3d 1232 (D.C. Cir. 1996)....3

*In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486-PJH, 2013 U.S. Dist. LEXIS 188116 (N.D. Cal. Jan. 8, 2013)....4

*In re Evanston Nw. Healthcare Corp. Antitrust Litig.*, 268 F.R.D. 56 (N.D. Ill. 2010)....4

*In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081 (N.D. Cal. June 9, 2010)....7

*In re Milk Prods. Antitrust Litig.*, 195 F.3d 430 (8th Cir. 1999)....9

*In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52 (D. Mass. 2011)....5

**Page**

*In re Polyurethane Foam Antitrust Litig.*, 998 F. Supp. 2d 625 (N.D. Ohio 2014)....9

*In re Taco Bell Wages & Hour Actions*, No. 1:07-cv-01314 OWW DLB, 2011 U.S. Dist. LEXIS 47758 (E.D. Cal. May 3, 2011)....5

*In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 291 (N.D. Cal. 2010)....4

*Knott v. McDonald's Corp.*, 147 F.3d 1065 (9th Cir. 1998)....9

*Lopez v. Resort Airlines, Inc.*, 18 F.R.D. 37 (S.D.N.Y. 1955)....10

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000)....3

*Lovely H. v. Eggleston*, No. 05 Civ. 6920 (LTS) (AJP), 2006 U.S. Dist. LEXIS 83424 (S.D.N.Y Nov. 15, 2006)....1, 2

*McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942 (N.D. Cal. Apr. 17, 2012)....5

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209 (9th Cir. 1988)....6

*Nunes v. Ashcroft*, 375 F.3d 805 (9th Cir. 2003)....1

*Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC (RNBx), 2012 U.S. Dist. LEXIS 36814 (C.D. Cal. Mar. 19, 2012)....6

*Shanghai Power Co. v. Del. Trust Co.*, 316 A.2d 589 (Del. Ch. 1974), *aff'd in part and rev'd in part sub nom. Judah v. Del. Trust Co.*, 378 A.2d 624 (Del. 1977)....7

*Soto v. Castlerock Farming & Transp., Inc.*, No. 1:09-cv-00701 AWI JLT, 2011 U.S. Dist. LEXIS 87680 (E.D. Cal. Aug. 9, 2011)....6


**Page**

*St Agnes Med. Ctr. v. PacifiCare of Cal.*, 31 Cal. 4th 1196 (Cal. 2003)....9

*United Airlines, Inc. v. McDonald*, 432 U.S. 385 (1977)....3

*Vasiliow Co. v. Anheuser-Busch, Inc.*, 117 F.R.D. 345 (E.D.N.Y. 1987)....9

*Wax v. Riverview Cemetery Co.*, 24 A.2d 431 1942 Del. Super. LEXIS 15 (Del. 1942)....7

**STATUTES, RULES AND REGULATIONS**

8 Del. C.,
- §122....7
- §275....3, 7
- §275(f)....7
- §278....8
- §510....8

Federal Rules of Civil Procedure
- Rule 15....1, 3
- Rule 15(a)(2)....1
- Rule 17(b)(2)....7
- Rule 23(b)(3)....4
- Rule 24....3

**SECONDARY AUTHORITIES**

William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations*, §8224 (Perm Ed. 1995, database updated Sept. 2014)....7

## I.  Introduction

Apple's opposition (ECF 889) to Plaintiffs' Motion to Add Class Representative (ECF 873) plainly demonstrates that Plaintiffs' motion should be granted.  Apple cannot show undue delay or prejudice, and Apple has not alleged (and cannot allege) any bad faith.  The amendment is not futile, and Plaintiffs' previous amendments were made in the context of repeated rulings holding that the consumer representatives could adequately represent the resellers.  In light of the Court's recent suggestion that a reseller representative may be appropriate in order to avoid retrial after appeal, Plaintiffs' proposed amendment will promote efficiency and will "significantly contribute" to the just resolution of the legal issues in this case.  Fed. R. Civ. P. 15(a)(2); *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003); *see also Lovely H. v. Eggleston*, No. 05 Civ. 6920 (LTS) (AJP), 2006 U.S. Dist. LEXIS 83424, at *8 (S.D.N.Y Nov. 15, 2006).

Apple has failed to show that the Plaintiffs have not satisfied the criteria for amendment under Fed. R. Civ. P. 15.  First, and most important, Apple has utterly failed to demonstrate prejudice.  It defies credulity for Apple to argue that it is prejudiced by the addition of a representative for a Class that has included reseller claims since it was first certified years ago.  The notion that Apple has not been preparing for trial against resellers is belied by the record. *See* ECF 889 at 20-21.  For example, Apple's economists devote dozens of pages of their expert reports to reseller issues. *See* §II, below. Both before and after Plaintiffs' motion to add an additional Class Representative, Apple faced and faces precisely the same claims.  The only conceivable prejudice to Apple – that it had not yet conducted any discovery of the new plaintiff – has been cured, as Plaintiffs have already produced all relevant documents, responded to interrogatories, and produced Mr. Riegel for deposition.

Nor did Plaintiffs unduly delay their motion or make any "strategic choice" not to add a reseller Plaintiff.  Plaintiffs properly relied on Judge Ware's repeated orders permitting the existing Plaintiffs to represent the entire Class, including resellers.  Plaintiffs also relied on the fact that the Ninth Circuit declined to hear Apple's challenge to this very ruling.  If Judge Ware, or the Ninth Circuit, had ruled otherwise, Plaintiffs would have moved to add a reseller Plaintiff years ago.  It was only in late October when the Court suggested adding a reseller representative that Plaintiffs

decided that amendment was appropriate. Indeed, if any party is guilty of making a an unwise strategic choice, that party is Apple, which waited until ***after*** losing its motion for summary judgment to move to decertify the reseller portion of the Class for lack of a reseller representative.

Apple's complaint that Plaintiffs have failed to name the proper party is also unavailing. Although Apple claims to be befuddled, it has no doubt about the identity of the proper party. As Apple itself states; "[a]s the sales agreement with Apple and Mr. Riegel's deposition testimony confirm, . . . the legal entity purchasing iPods from Apple was K&N Enterprises, and Delaware Computer Exchange was merely a trade name." ECF 889 at 8:14-17; *id*. at 7:18-19 ("[t]he contracting party for the purchase of iPods from Apple was K&N Enterprises"). Throughout its Opposition, Apple ignores the fact that Plaintiffs' Motion seeks to add "K&N Enterprises, Inc. f/d/b/a/ Delaware Computer Exchange" as a plaintiff. ECF 873 at 7. Plaintiffs referred to K&N by its former trade name (Delaware Computer Exchange) because that is the name used when K&N operated as an Apple reseller, and the name by which K&N was identified in Apple's own sales records used to send K&N the Class Notice advising of its inclusion within the Class certified by the Court. Declaration of Kenneth Riegel, dated November 11, 2014, filed concurrently ("Riegel Decl."), ¶18.

Apple also incorrectly asserts that K&N cannot sue because the trade name and other operations of its Dover, Delaware store were sold in December 2007 to its former store manager. But as Mr. Riegel made clear in his deposition (and clearer still in his declaration), that transaction was ***prospective*** only, encompassing only assets relating to the ongoing business at the store.[1] Bernay Decl., Ex. 1, Riegel Dep., at 39:16-21; Riegel Decl., ¶¶13-15. K&N ***retained***, for example, all accounts receivable and payable relating to the store's prior operations. *Id*. And, although Apple did not ask Mr. Riegel in his deposition about the parties' intention regarding any assignment of claim by K&N, Mr. Riegel confirms that he did not intend or otherwise agree to any such assignment. *Id*. Apple's citation to cases decided in the context of the complete sale of all assets are inapposite, as detailed below.

---

[1] *See* Declaration of Alexandra S. Bernay, filed concurrently ("Bernay Decl.").

Apple further argues – again, incorrectly – that K&N cannot assert its retained antitrust claims against it because K&N is a "dissolved" corporation. K&N is not a "dissolved" corporation. 8 Del. C. §275 (setting forth the affirmative steps that must be taken to formally dissolve a company); Riegel Decl., ¶17. Dissolution is a formal process under Delaware law, which has not taken place. *Id*. Because it had ceased operations, Mr. Riegel suspended paying its franchise fee, rendering K&N a "void" corporation. Under Delaware law a void corporation retains the ability to sue or be sued ***unless and until it is dissolved***. *Id*. Indeed, under Delaware law even a ***dissolved*** corporation may sue within three years of the date of dissolution.[2]

In any event, it is substance over form that matters. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("'the underlying purpose of Rule 15 . . . to facilitate decision on the merits, rather than on the pleadings or technicalities'");[3] Fed. R. Civ. P. 15, Notes of Advisory Committee on 1991 Amendments ("The rule has been revised to prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense."). Here, where just days have passed since Plaintiffs' original motion, and where Apple has been permitted full discovery and thus has suffered no prejudice, Plaintiffs can make the technical name change, should the Court believe it necessary. But it is not.

## II. Apple's Claims of Prejudice and Undue Delay are Without Merit

Plaintiffs have not unduly delayed in seeking to add an additional class representative.[4] First, Plaintiffs were entitled to and did rely on the Court's unequivocal (and correct) rulings certifying a

---

[2] Moreover, even if K&N ***were*** dissolved, Mr. Riegel as the sole former shareholder at the date of dissolution would be the successor to K&N's claims.

[3] Unless otherwise noted, citations are omitted, and emphasis is added, here and throughout.

[4] As Plaintiffs noted in their opening motion, the Court may add an additional representative through a number of procedural devices, including via intervention under Rule 24. *See* ECF 873 at 11. Intervention is timely even after entry of judgment if the Petitioners moved to intervene "as soon as it became clear . . . that the interests of the unnamed class members would no longer be protected by the named class representatives." *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 394 (1977); *see also Hartman v. Duffy*, 158 F.R.D. 525, 532 (D.D.C. 1994) (where the court allowed intervention of additional class representatives despite defendants' claims they were "sixteen years too late" because "[t]he Petitioners promptly moved for intervention following the Court of Appeals' finding that the propriety of class certification was in question"), *aff'd in part*, 88 F.3d 1232 (D.C. Cir. 1996).

direct purchaser class that included both consumer purchasers and reseller purchasers. As the Court explained in response to Apple's contention that the consumer plaintiffs could not represent the reseller plaintiffs, "resellers are properly included in the certified class" because, under the Supreme Court's decision in *Hanover Shoe v. United Shoe Mach. Corp*., 392 U.S. 481, 489-92 (1968), "all class members have the right to pursue overcharge damages [and] have the same incentive to do so" and "there is no conflict among class members allegedly harmed by the same antitrust violation." ECF 694 at 8. The Court reiterated its rulings, and the Ninth Circuit declined to consider Apple's interlocutory appeal which had as a centerpiece this purported reseller/consumer issue.[5]

Further, as explained in greater detail in Plaintiffs' Memorandum of Law in Opposition to Apple's Motion For Decertification of Rule 23(b)(3) Class at §III. A., the case law likewise consistently upholds such direct purchaser classes where – as here – there is no significant difference in the terms under which the direct purchasers purchased. *See Ewert v. eBay, Inc*., No. C-07-02198 RMW, 2010 U.S. Dist. LEXIS 108838, at *6, *9 (N.D. Cal. Sept. 30, 2010) (certifying class of "'[a]ll eBay customers . . . who used eBay's "Online Auction Format"'" which included individuals and "many sophisticated business entities likely to have interests and motivations different from those of the named plaintiffs"); *In re Evanston Nw. Healthcare Corp. Antitrust Litig.,* 268 F.R.D. 56 (N.D. Ill. 2010) (certifying class of "[a]ll persons or entities . . . who solely paid fixed amount co-pays," which included individuals and managed care organizations); *In re TFT-LCD Antitrust Litig.*, 267 F.R.D. 291, 303-04, 315 (N.D. Cal. 2010) (certifying class of "[a]ll persons and entities [who] . . . purchased a television, computer monitor, or notebook computer containing a TFT-LCD panel," which included individuals who purchased a single panel and high-volume purchasers such as Sanyo, Apple, Dell and HP); *In re Dynamic Random Access Memory Antitrust Litig*., No. M-02-1486-PJH, 2013 U.S. Dist. LEXIS 188116, at *94-*97 (N.D. Cal. Jan. 8, 2013) (where both resellers

---

5 *See* ECF 873-2 at 4 (Apple's Petition for Permission to Appeal Order Granting Class Certification); ECF 873-2 at 17 (Plaintiffs' Answer to Apple's 23(f) Petition). On March 13, 2012, the Ninth Circuit declined to hear Apple's appeal. ECF 701. Apple urged the Ninth Circuit to "resolve the propriety of individual end-user consumers representing large retailer entities such as Wal-Mart and Target."

and consumers were in the certified indirect class, finding "subclasses are not recommended" because "all class members' interests have been fully and fairly represented and treated fairly").

Under these circumstances, Plaintiffs' conduct was not dilatory. Immediately following the Court's summary judgment hearing in August, after which the Court set a trial date, Plaintiffs' counsel identified and began interviewing resellers for the purpose of having them testify at trial. The purpose was ***not*** to add new class representatives. Plaintiffs expected to present a reseller who could testify about its experiences purchasing iPods directly from Apple. Thus, contrary to Apple's assertion that Plaintiffs' counsel had at that time planned to add a new representative, it was not until after the Court expressed concern about the existing class certification order at the October 29, 2014 pretrial conference that Plaintiffs decided to seek to add a reseller representative. *See, e.g., In re Taco Bell Wages & Hour Actions*, No. 1:07-cv-01314 OWW DLB, 2011 U.S. Dist. LEXIS 47758, at *10 (E.D. Cal. May 3, 2011) (granting motion to add representative and finding plaintiffs to be diligent where two and a half months elapsed between plaintiffs learning of the need for a new representative).

Apple cannot show that it has suffered any prejudice as a result of the addition of another Class representative that Apple itself argues is necessary to protect the interests of the Class. None of the cases cited by Apple involves a situation remotely like this one, in which Plaintiffs and the reseller members of the Class – none of which asked to be excluded from the case – are faced with the prospect of decertification after having relied for years on the rulings of the Court, and where no facts have changed. Apple's view fails to take into account the actual procedural history of this case. The question is whether, "in light of the sequence of events, plaintiff was untimely in seeking this motion." *McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942, at *9 (N.D. Cal. Apr. 17, 2012); *see also In re Pharm. Indus. Average Wholesale Price Litig.*, 277 F.R.D. 52, 60 (D. Mass. 2011) (in approving the addition of several new class representatives the court noted "[t]he late timing here does not defeat adequacy because of the unique history of this litigation").

Any minimal inconvenience to Apple is plainly outweighed by prejudice to the nearly 1,000 resellers who received notice that their claims were being litigated in this action, and did not opt out.

Their claims will be will be unprotected should the Court ultimately conclude that a separate reseller representative is necessary, but deny Plaintiffs' motion to intervene a reseller because of "prejudice" to Apple.

Most outrageous is Apple's claim that it now must undergo a "significant change" in its trial strategy in order to respond to the addition of a reseller Class representative. First, Apple received notice weeks ago that Plaintiffs intended to call Mr. Riegel as a witness, and Apple has now received documents and interrogatory answers and taken his deposition. But more importantly, Apple has ***always*** litigated this case against both the consumer purchasers and the reseller purchasers. As just one notable example, Apple's experts spend significant time in their reports analyzing and discussing issues related to the reseller portion of the Class, thus contradicting Apple's argument that they would somehow be surprised and need to change course should matters related to resellers be part of the trial. Such issues have always been important. *See*, *e.g.*, ECF 813-4 (Expert Report of Kevin M. Murphy) at 45, 47, 50, 52-56, 58, 61; ECF 813-4, Exs. 12, 13a, 14a, 15a, 15c; ECF 813-5 (Expert Report of Robert H. Topel), Exs. 9, 11, 12a, 13a, 13c, 14a, 15a, Appendix D, Exs. D1a, D2a, D2c, D3a, D3c, D4a1, D4a2, D4a3, D4c3; ECF 809-6 (Supplemental Report of Kevin M. Murphy & Robert H. Topel) at 58-61, 65-68; ECF 809-6; Exs. JT-1a, JT-1c1, JT-1c2, JT-2a, JT-2c2, JT-3a, JT-3c1, JT-3c2, JT-4a, JT-5a, JT-6a, Appendix D, Exs. D1a, D2a, D2c1, D2c2, D3a, D3c1, D3c2.

The lack of prejudice undermines Apple's entire timeliness argument. Apple's own authorities recognize that "[b]y itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings." *Soto v. Castlerock Farming & Transp., Inc.*, No. 1:09-cv-00701 AWI JLT, 2011 U.S. Dist. LEXIS 87680, at *9, *12 (E.D. Cal. Aug. 9, 2011) (denying leave to amend where plaintiff counsel knew proposed representative for years, had interviewed him about his claims and made a "purposeful, strategic decision" not to name the proposed representative sooner).

## III. The Addition of a Reseller Class Representative is Not Futile

"A proposed amended pleading is futile 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC (RNBx), 2012 U.S. Dist. LEXIS 36814, at *7 (C.D. Cal. Mar. 19, 2012) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Apple redefines the proposed additional class representative as a "mere trade name," so it can argue that a mere trade name "is not a legal entity and has no legal ability to act as plaintiff or class representative." ECF 889 at 8:18-19 & 9:20-10:15. Apple also argues that Mr. Riegel, though admittedly K&N's "sole shareholder," cannot assert antitrust claims on K&N's behalf. ECF 889 at 8:20-26 & 9:1-19. Neither argument suggests K&N cannot assert its own antitrust claims, and were there any merit at all to Apple's argument that K&N is a "dissolved" corporation, then Mr. Riegel as is sole owner would undoubtedly have standing to sue. 16A, William Meade Fletcher, *Fletcher Cyclopedia of the Law of Private Corporations*, §8224, at 460 (Perm Ed. 1995, database updated Sept. 2014) ("[a]fter dissolution, the property of the corporation passes to the shareholders").

### A. K&N May Sue Under Delaware Law

Although K&N is not currently operating, it has not been dissolved. Riegel Decl., ¶17; *see also* 8 Del. C. §275 (setting forth the affirmative steps that must be taken to formally dissolve a company). Until the certificate of dissolution is filed and has become effective, a corporation is not dissolved and remains a cognizable legal entity. 8 Del. C. §275(f); *Wax v. Riverview Cemetery Co.*, 24 A.2d 431, 1942 Del. Super. LEXIS 15, at *13 (Del. 1942) ("the proclamation of forfeiture for non-payment of taxes does no more than forfeit the corporate right to do business, ***but does not extinguish the corporation as a legal entity***").[6] Notably, the sale of all or substantially all of the assets of a corporation does not constitute a "dissolution." *Goldman v. Postal Tel., Inc.*, 52 F. Supp. 763 (D. Del. 1943). Nor does the abandonment of the business. *Shanghai Power Co. v. Del. Trust Co.*, 316 A.2d 589 (Del. Ch. 1974), *aff'd in part and rev'd in part sub nom. Judah v. Del. Trust Co.*, 378 A.2d 624 (Del. 1977). As such, the corporation still has the capacity to sue. 8 Del. C. §122 ("Every corporation created under this chapter shall have power to . . . [s]ue and be sued in all courts and participate, as a party or otherwise, in any judicial, administrative, arbitrative or other proceeding, in its corporate name.").[7]

---

[6] "[The c]apacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized." Fed. R. Civ. P. 17(b)(2).

[7] Apple's reliance on *In re Flash Memory Antitrust Litig.*, No. C 07-0086 SBA, 2010 WL 2332081 (N.D. Cal. June 9, 2010), is therefore misplaced, because K&N has not been dissolved, let alone before the date of the original complaint in this action, which triggered *American Pipe* tolling.

K&N's is technically a "void" corporation under Delaware law, meaning that it has fallen out of "good standing." *See* Bernay Decl., Ex. 2. A "void" company is not authorized to do business. 8 Del. C. §510. That does not, however, extinguish the company as a legal entity.[8] *See Bd. of Managers of Soho Int'l Arts Condo. v. City of New York*, No. 01 Civ. 1226 (DAB), 2005 U.S. Dist. LEXIS 9139, at *35-*39 (S.D.N.Y May 13, 2005) (addressing distinction between "void" and dissolved corporation under Delaware law).

Moreover, even a dissolved company has the capacity to sue under Delaware law. 8 Del. C. §278. A company may sue for a term of three years from the date of dissolution to sue and that capacity is extended so long as the action begun prior to or within three years after the date of dissolution. *Id.*; *see, e.g., Darley Liquor Mart, Inc. v. Bechtel*, No. 81C-JL-78, 1982 Del. Super. LEXIS 781 (Del. Super. Mar. 19, 1982). Since K&N is not formally dissolved, the three year limitations period has not even begun to run. And even if K&N were somehow deemed dissolved, its cause of action would revert to Mr. Riegel himself as K&N's sole shareholder at such time as it ceased to exist. Fletcher, *supra*, §8224, at 460 ("[a]fter dissolution, the property of the corporation passes to the shareholders").

**B. K&N Did Not Assign its Antitrust Claims Against Apple**

Apple argues that K&N's sale of the business operations at its remaining store in December 2007 somehow constituted an assignment of K&N's antitrust claims against Apple. ECF 889 at 11. However, the sale of the business operations, including the "Delaware Computer Exchange" trade name, was ***prospective only***. Riegel Decl., ¶¶13-16. For example, K&N retained the rights to receive all accounts receivable and the obligation to satisfy all accounts payable. *Id.*, ¶13. K&N did not sell its stock or any assets other than those explicitly identified in the sales agreement. *Id.*, ¶14.

In particular (although Apple chose not to examine Mr. Riegel about it in his deposition), K&N specifically did not under the agreement assign any causes of action to the buyer, let alone antitrust claims against Apple that were not even known to K&N at the time. Riegel Decl., ¶¶13-17. Apple cites in support of its argument only cases in which all the assets of a business have been

---

[8] The simple filing of paperwork with the Delaware Division of Corporations, though not necessary here, would be all that is needed to bring K & N back into "good standing."

transferred, and even then under circumstances warranting the conclusion that the contracting parties agreed to transfer existing causes of action as a matter of law. None of the cases suggest that the parties did so here, contrary to the knowledge or intent of K&N. *See, e.g.*, *Knott v. McDonald's Corp.*, 147 F.3d 1065, 1067 (9th Cir. 1998) (clear and unambiguous language of an assignment showed intent to transfer all rights); *see also Vasiliow Co. v. Anheuser-Busch, Inc.*, 117 F.R.D. 345 (E.D.N.Y. 1987) (no evidence that party intended to retain claims); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430 (8th Cir. 1999) (testimony revealed specific intent to transfer all rights); *Eleven Line, Inc. v. N. Tex. State Soccer Ass'n*, 213 F.3d 198 (5th Cir. 2000) (testimony demonstrated intent to transfer antitrust claims).

### C. Apple Has Waived Any Purported Pre-Litigation Mediation Requirement

Apple's mediation provision argument is similarly meritless. For the first time in nearly 10 years of litigation, Apple has chosen to invoke a purported defense based on language contained in the form of a reseller agreement that Apple used with nearly all reseller class members during the Class Period. ECF 889 at 12:8-27 (citing ECF 891-3, RIEGEL00093-98 at 96). As an initial matter, this non-binding pre-litigation protocol does not preclude either party from filing suit; indeed the agreement expressly contemplates litigation ("either party may commence litigation"), and the clause contemplates litigation brought in this very forum ("state or federal courts in Santa Clara County, California") ECF 891-3.

But more important, even if this "non-binding mediation" protocol were any bar to any reseller's lawsuit, Apple long ago waived the right to invoke it by litigating this action against the entire class of resellers for more than nine years, including after the class was certified and including through the summary judgment motion by which Apple sought to bind all class members.[9] *See In re*

---

[9] The provision itself calls for application of California law. "'In determining waiver, a court can consider "(1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether 'the litigation machinery has been substantially invoked' and the parties 'were well into preparation of a lawsuit' before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) 'whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place'; and (6) whether the delay 'affected, misled, or prejudiced' the opposing party."'" *St Agnes Med. Ctr. v. PacifiCare of Cal.*, 31

*Polyurethane Foam Antitrust Litig.*, 998 F. Supp. 2d 625, 642 (N.D. Ohio 2014). At most, this is a purported affirmative defense and whether Apple waived it are both common issues that do not undermine typicality or adequacy as to K&N.

**IV. Apple's Alternative Relief is Improper and Aimed Solely at Delay**

Apple's request for more briefing and to amend its answer if the Court grants the motion is futile. ECF 889 at 24. For the reasons explained above, Apple's purported individual defenses against K&N are meritless, and its common contractual defenses (such as contractual statute of limitations, pre-litigation mediation and waiver of a jury trial) are long-since waived because Apple never asserted these defenses against other reseller members of the Class after it was certified. *Lopez v. Resort Airlines, Inc.*, 18 F.R.D. 37, 40 (S.D.N.Y. 1955) (defense that had already been presented and rejected would be stricken). Apple's meritless request is an ill-disguised to delay the trial of this long-running case.

**V. Conclusion**

For each and all the foregoing reasons, Plaintiffs' Motion to Add Class Representative remains well-taken and should be granted in its entirety.

DATED: November 14, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
& DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL

s/ Bonny E. Sweeney
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

---

Cal. 4th 1196 (Cal. 2003). In *Doers v. Golden Gate Bridge etc. Dist.*, 23 Cal. 3d 180, 188 (1979), the California Supreme Court stated that, under California law, "[J]udicial litigation of the merits of arbitrable issues . . . waives a party's right to arbitration."

ROBBINS GELLER RUDMAN
& DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: 212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 14, 2014.

s/ Bonny E. Sweeney

BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: bonnys@rgrdlaw.com

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com
- **Francis Joseph Balint , Jr**
  fbalint@bffb.com
- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com
- **Michael D Braun**
  service@braunlawgroup.com
- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com
- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com
- **Todd David Carpenter**
  Todd@Carpenterlawyers.com
- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com
- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com
- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com
- **Karen Leah Dunn**
  kdunn@bsfllp.com
- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com
- **Martha Lea Goodman**
  mgoodman@bsfllp.com
- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com
- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com
- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com
- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com
- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com
- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com
- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com
- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com
- **Brian P. Murray**
  bmurray@glancylaw.com
- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com
- **Christopher G. Renner**
  crenner@bsfllp.com
- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com
- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com
- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com
- **Jacqueline Sailer**
  jsailer@murrayfrank.com
- **Michael Tedder Scott**
  mike.scott@dlapiper.com
- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com
- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com
- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

### Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)