1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-YGR |
|---|---|---|
|  | ) | <u>CLASS ACTION</u> |
| This Document Relates To: | ) ) | DECLARATION OF KENNETH RIEGEL |
| ALL ACTIONS. | ) ) |  |

983237_1

1.  My name is Kenneth Riegel. I have personal knowledge of the matters stated herein, and, if called upon, I could and would competently testify hereto.

2.  I submit this declaration in support of Plaintiffs' opposition to Apple's Motion to Decertify the Reseller Portion of the Certified Class and in support of Plaintiffs' Motion to Add Class Representative.

3.  In December 1992 I formed a Delaware corporation known as K&N Enterprises, Inc. ("K&N"). I was at all times the President and majority shareholder of K&N.

4.  In approximately 1992, K&N began operating a retail computer store in Dover, Delaware ("the Dover Store") under the name "Delaware Computer Exchange."

5.  During the Class Period K&N purchased iPods for resale at the Dover Store, many of which were purchased directly from Apple rather than through Apple's distributor Ingram Micro Computer ("Ingram"). As I testified in my November 7, 2014 deposition, I believe Apple has records confirming precisely how many iPods were purchased for resale during this time period at the Dover Store.

6.  In early 2000, K&N began operating a second retail electronics store in Wilmington, Delaware ("the Wilmington Store"), also under the name "Delaware Computer Exchange."

7.  During the Class Period K&N purchased iPods for resale at the Wilmington Store, many of which were purchased directly from Apple rather than through Ingram. As I testified in my recent deposition, I believe Apple has records confirming precisely how many iPods were purchased for resale during this time period at the Wilmington Store.

8.  Based on my conversations with other iPod resellers, it was my understanding that for all resellers Apple used a standardized agreement specifying the terms and price at which iPods could be purchased for resale. The terms of the reseller agreement, including the price at which iPods were sold to the resellers, were dictated by Apple on a non-negotiable, "take it or leave it" basis.

9.      In the end of 2005, K&N ceased operations of the Wilmington Store.

10.     As of December 2007, Francis L. Mott ("Mott") was the manager of the Dover Store.

11.     In December 2007 K&N agreed to sell the business operations at the Dover Store known as "Delaware Computer Exchange" to Mr. Mott, who formed a company called Apple Sauce, Inc. ("Apple Sauce").

12.     Mr. Mott and I did not retain legal counsel to document the sales of the business operations of the Dover Store. We used a form document, which we attempted to modify to conform it to our mutual intentions. A true and accurate copy of that document, which we executed on December 29, 2007, is attached as Exhibit A ("Agreement").

13.     The sale of the retail business operations at the Dover Store was intended to be *prospective* only. As I testified in my recent deposition, I believed that Mr. Mott and Apple Sauce were only "buying the rights to continue operating the business in the fashion we were doing." Tr. at 43:2-3. For that reason, in the agreement K&N retained the rights to all accounts receivable relating to Delaware Business Exchange as of December 29, 2007. Ex. A, Agreement at 1. K&N also retained responsibility for all accounts payable incurred prior to that date.

14.     K&N did not sell its stock to Mr. Mott or Apple Sauce, Inc. Nor did K&N sell any asset other than the prospective retail business operations at the Dover Store.

15.     Furthermore, I *did not* intend or agree to sell, assign or otherwise transfer to Mr. Mott or Apple Sauce any claims, causes or other rights the K&N or Delaware Computer Exchange that may have accrued before December 29, 2007. To the contrary, we carefully specified in the Agreement that included in the "business" was to be "its names, signs, website, domain name, telephone numbers, client information, furniture, fixtures, alarm system, video security system, 3 work benches, storage racks, PIMS inventory system including 4 original red or blue iMac workstations and 2 bar code readers." Ex. A, Agreement at 1.

16.     When I reviewed and help create this Agreement, the mutual intent was that K&N remained responsible for all past activities and Apple Sauce was responsible for all future activities. The business was fairly low risk for claims and I was not concerned about having problems from

past operations. I was perfectly willing and did assume all past risks and benefits for the period in which K&N operated the business.

17. K&N has not been formally dissolved.

18. In 2012 I received a mailed notice of the pendency of the above-captioned class action, informing me that a plaintiff class of direct purchasers had been certified and that all such direct purchasers, including resellers such as K&N f/d/b/a Delaware Computer Exchange, were represented by the three consumer plaintiffs. The class notice, which I understand was based on Apple's records, was mailed to "DELAWARE COMPUTER EXCHANGE, PO BOX 8526, SOUTH LAKE TAHOE CA 96158-1526 KARIEGEL@CHARTER.NET." I was not previously aware of any potential antitrust claims that K&N might hold against Apple. I decided not to opt K&N out of the class litigation, and was satisfied that K&N's interests as a reseller were adequately represented by the non-reseller direct purchasers identified in the class notice.

19. I understand that Apple Sauce continued as a retail computer store after December 29, 2007, during which time it likewise purchased iPods from Apple for resale. I understand that Apple Sauce was as a direct purchaser and was mailed a separate notice of pendency of this class action based on Apple's records.

20. In September 2014, I was first contacted by legal counsel appointed to represent the direct purchaser class in connection with the upcoming trial. I was originally willing to testify as a direct purchaser who happened to resell the iPods purchased from Apple during the Class Period.

21. I am further willing to serve as a Class Representative in this action and acknowledge my obligation if appointed by the Court to keep myself informed of the proceedings and otherwise act in the best interests of the Class.

22. I live in South Lake Tahoe and I am prepared to attend trial and provide testimony on behalf of myself and the Class.

23. In a highly compressed time-frame, I gathered and produced documents requested by Apple, responded to a set of interrogatories, and request for production of documents and sat for a several hour deposition. I am willing to do what is necessary to protect the interests of all members of the Class.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this 11th day of November, 2014 at South Lake Tahoe, California.

_____
KENNETH RIEGEL

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 14, 2014.

       s/ Bonny E. Sweeney
       BONNY E. SWEENEY

       ROBBINS GELLER RUDMAN
            & DOWD LLP
       655 West Broadway, Suite 1900
       San Diego, CA  92101-8498
       Telephone:  619/231-1058
       619/231-7423 (fax)

       E-mail:       bonnys@rgrdlaw.com

984343_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`