# EXHIBIT A

BUSINESS PURCHASE AGREEMENT

THIS AGREEMENT is made by and between the parties hereto for the purposes hereof according to the terms hereinafter stated.

Parties:
Seller: K&N Enterprises, Inc. 1030 Forest Ave. Ste 100, Dover, DE 19904
Buyer: Apple Sauce, Inc. 1030 Forest Ave. Ste 100, Dover, DE 19904

Purpose: The purpose of this Agreement is to define the terms, covenants and conditions between the parties for the sale and purchase of Seller's business.

NOW THEREFORE Seller agrees to sell and Buyer agrees to buy the business known as "Delaware Computer Exchange" (hereinafter referred to as the "Business").

Price: Buyer shall pay $20,000 (twenty thousand dollars) plus the current value of the remaining inventory, demo inventory and service parts as of 12/29/2007 valued at $78,500 (Seventy Eight Thousand Five Hundred Dollars) Total purchase price of $98,500 (Ninety Eight Thousand Five Hundred Dollars including inventory.

Said price is to be paid according to the following schedule:

Buyer shall pay $80,000 on December 31st, 2007. The remaining balance of $18,500 (Eighteen Thousand Five Hundred Dollars shall be paid on or before January 31st, 2008. Corporate officers to execute personal guarantees on the remaining balance.

Property: Seller shall transfer all his right, title and interest in and to the Business to Buyer, free and clear of all claims, liens or encumbrances, except as otherwise provided herein, at 12:01am on January 1st, 2008, or such other date as parties may agree. Included in the Business are its name, signs, website, domain name, telephone numbers, client information, furniture, fixtures, alarm system, video security system, 3 work benches, storage racks, PIMS inventory system including 4 original red or blue iMac workstations and 2 bar code readers. At time of transfer, any accounts receivable and cash equivalents shall belong to Seller and any accounts payable shall be promptly taken care of by Seller.

Accounts Receivable: Buyer to provide assistance to Seller in collecting outstanding accounts receivable. Upon receipt of checks, Buyer to deposit checks in Sellers Wilmington Trust Checking account and notify seller of receipt.

Operating Expenses: Buyer and Seller agree to prorate operating expenses as of January 1st, 2008. Seller is responsible for expenses prior to and including December 31st, 2007 and Buyer is responsible for expenses after December 31st,2007. Reimbursement of expenses shall be paid to the applicable party within 10 days of billing.

Outstanding Service Repairs: Due to Apple's premature deactivation of Seller's Service account, Buyer agrees to reimburse Seller 40% of labor billings and/or warranty reimbursement received on all outstanding Service Repair Orders as of the end of

1

## BUSINESS PURCHASE AGREEMENT

Business 12/29/07. List of SRO's attached. Buyer is responsible for technician compensation.

Risk of Loss & Insurance: Buyer to assume all risk of loss as of 12:01am 01/01/2008. Buyer to obtain sufficient insurance to cover all assets of the business. Buyer to name Hyatt Commercial as an additional insured per the terms of the lease.

Customer Service: Buyer agrees to provide ongoing customer service to clients of Delaware Computer Exchange. Buyer agrees that Francis L. Mott has managed the business of Delaware Computer Exchange in Dover for the past five plus years. Any commitments and/or promises of support and/or service will be the responsibility the Buyer. Buyer agrees to notify seller of any claim, credit card chargeback or threat of litigation from a Delaware Computer Exchange client within 48 hours of initial claim. Should seller not be notified within 48 hours, Buyer assumes financial responsibility of said claim. Buyer agrees that Seller has not authorized any returns. Should buyer authorize and/or accept a return, Buyer agrees to assume any loss on said return.

Training: Included in the price of the Business is training of Buyer by Seller in all aspects of the Business from execution hereof until transfer of the Business. Said training shall be accomplished by Seller demonstrating operation of the Business, and inviting Buyer to participate in all Business activities. Seller shall not be otherwise responsible for Buyer's actual learning, accomplishments, participation, or lack thereof. In addition to training, Kenneth A. Riegel, President of K&N Enterprises, Inc. will be available via email and/or telephone for the purpose of answering operational questions. Phone and/or email questions will be responded to within 24 hours. Phone and/or email support will be limited to a total of 20 hours of actual time and will end on February 29, 2008

Transition: The following terms shall apply after this Agreement is executed, and while Buyer is not in default hereunder, until completed performance by Buyer.

(a) Seller shall not attempt to sell the Business to another person or entity.
(b) Seller shall exercise normal care and maintenance of all property of the Business until transferred to Buyer.
(c) Neither party is, nor shall be considered for any purpose, the employee or agent of the other, and each party shall be independent of the other in all respects. No compensation shall be owed to or from one party to the other for work done during this transition, except as otherwise specified herein or as separately agreed and documented.

Warranty: Buyer has been given opportunity to inspect the Business property, and SELLER MAKES NO WARRANTY, EITHER EXPRESS OR IMPLIED, AS TO THE KIND, QUALITY, MERCHANTABILITY OR FITNESS FOR USE OF THE PROPERTY OBTAINED HEREUNDER.

Seller has given Buyer the opportunity to review its results from past activities, but SELLER MAKES NO REPRESENTATION OR WARRANTY, EITHER EXPRESS OR IMPLIED, AS TO ITS ACCURACY OR AS TO ANY FUTURE BUSINESS RESULTS.

RIEGEL00082

BUSINESS PURCHASE AGREEMENT

Indemnification: Each party agrees to indemnify and hold the other party harmless from all debts, obligations, losses, claims, damages, liabilities, deficiencies, actions, suits, proceedings, demands, assessments, costs and expenses (including attorneys fees) resulting from or arising out of operations of the Business by the other party.

Waiver: By accepting payment of any sum due hereunder or performance of any other obligation after its due date, Seller does not waive their right either to require prompt payment or other performance of any obligation when due or to declare default for failure so to perform. No delay on the part of a party in enforcing their respective rights or remedies hereunder shall constitute a waiver thereof.

Merger: This agreement as written contains the entire agreement of the parties with regard to the subject hereof, and supersedes any discussions, negotiations or representations except as expressly contained herein. No modification to the terms of this Agreement shall be valid or enforceable until put into a writing and signed by all the parties hereto.

Notices: All notices shall be in writing and directed to a party at the last address provided to the other, made by personal delivery or first class mail, effective on the date mailed or delivered.

Mediation: In the event of dispute related to the interpretation or enforcement of the rights and obligations of the parties hereunder, the parties agree to participate in good-faith resolution of the dispute by mediation prior to bringing legal action.

Attorney Fees: In the event of legal conflict or dispute related to the interpretation or enforcement of the rights and obligations of the parties hereunder, the prevailing party in such action shall be entitled to recover its reasonable attorneys fees and costs in addition to any other remedy or relief at law or in equity to which it is entitled, regardless of whether or not suit is brought.

Assignment: This Agreement shall be binding upon and inure to the benefit of the parties and their respective legal representatives, successors in interest, heirs and assigns. Sale, assignment or transfer of any interest in the Business, except to another from of entity wholly controlled by Buyer, while any amount is owed hereunder, is permitted only with Seller's prior written consent.

Laws and Venue: This Agreement shall be governed by and construed in accordance with the laws of the State of Delaware. Venue is agreed to be Dover, Delaware.

General: Time is of the essence of this Agreement. Paragraph headings are provided for convenience only. Should any part of this Agreement be found to be unenforceable as written, then that portion may be severed and shall be enforced to the maximum extent permitted by law consistent with the intent of the parties, and the rest of this Agreement shall continue in full force and effect. Each party agrees to execute and

RIEGEL00083

BUSINESS PURCHASE AGREEMENT

deliver whatever documents are necessary or convenient to perform, preserve and protect the rights and interests of Seller hereunder. An executed copy hereof may be used as a financing statement. Buyer hereby waives diligence, demand, presentment for payment, notice of non-payment, protest and notice of protest, except as otherwise specifically provided for herein.

IN WITNESS WHEREOF, the parties hereto have indicated their agreement herewith by signatures of their authorized person, executed on the date(s) shown at Dover, Delaware.

SELLER:

_____  Date 12/29/07
Kenneth A. Riegel, President

BUYER:

_____  Date 12/29/07
Francis L. Mott, President
Apple Sauce, Inc.

BUYER:

_____  Date 12.29.07
Timothy P. O'Connor, Treasurer
Apple Sauce, Inc.

4

RIEGEL00084

LEASE ASSUMPTION-SUBLEASE

THIS AGREEMENT is made by and between the parties hereto for the purposes hereof according to the terms hereinafter stated.

Parties:
Seller: K&N Enterprises, Inc. 1030 Forest Ave. Ste 100, Dover, DE 19904
Buyer: Apple Sauce, Inc. 1030 Forest Ave. Ste 100, Dover, DE 19904

Purpose: The purpose of this Agreement is to transfer the lease, its benefits and responsibilities from Seller to Buyer. Seller is currently on a month to month lease and will provide Landlord with 30 day notice of termination on January 1st, 2008.

NOW THEREFORE Buyer assumes all responsibility for the lease of premises located at 1030 Forest Ave. Ste 100 as of January 1st, 2008. Responsibility includes but is not limited to reimbursing K&N Enterprises, Inc. for January, 2008 rent of $1,219.45 including deposit on common area maintenance charges. In addition, Buyer assumes responsibility for facilities maintenance, HVAC and providing satisfactory insurance to Gateway West LP, c/o Hyatt Commercial. Security deposit currently held by Hyatt Commercial shall be refunded to Seller. Any reimbursement or additional charges for Common Area Maintenance for 2007 shall be the responsibility of Seller.

IN WITNESS WHEREOF, the parties hereto have indicated their agreement herewith by signatures of their authorized person, executed on the date(s) shown at Dover, Delaware.

SELLER:

_____    Date 12/29/07
Kenneth A. Riegel, President

BUYER:

_____    Date 12/29/07
Francis L. Mott, President
Apple Sauce, Inc.

BUYER:

_____    Date 12·29·07
Timothy P. O'Connor, Treasurer
Apple Sauce, Inc.

1

PROMISSORY NOTE

EIGHTEEN THOUSAND FIVE HUNDRED DOLLARS, ($18,500)

Dated:       January 1st, 2008

For value received, the Borrowers, Apple Sauce, Inc, Francis L. Mott and Timothy P. O'Connor promise to pay the Noteholder, K&N Enterprises, Inc. of 1030 Forest Ave, Ste 100, Dover, DE the principal amount of Eighteen Thousand Five Hundred Dollars ($18,500) with interest at the rate of 10 percent per anum on any unpaid balance. If not paid off sooner, this note is due and payable in full on January 31, 2008. Interest for the month of January will be waived with full payment of principal by January 31st, 2008

Borrower herby gives and grants to Lender a continuing lien and security interest in and to all inventory of every nature which is held for sale at Apple Sauce, Inc. dba Mac Exchange.

Upon request, Borrowers will execute a Financing Statement pursuant to the Uniform Commercial Code, and any other documents required by Lender to perfect the security interest granted herein or to effectuate the purposes of this Agreement.

BUYER:

_Francis J Mott_                    Date 12/29/07

Francis L. Mott, President
Apple Sauce, Inc.

BUYER:

_T. O'Connor_                      Date 12/29/07

Timothy P. O'Connor, Treasurer
Apple Sauce, Inc.

PERSONAL GUARANTEE: Loan is personally guaranteed by the following individuals should Apple Sauce, Inc. default on payment of the above loan.

_Francis J Mott_                    Date 12/29/07

Francis L. Mott

_T. O'Connor_                      Date 12/29/07

Timothy P. O'Connor

1