1
2
3
4
5
6
7
8
9
10
11
12                    UNITED STATES DISTRICT COURT
13                   NORTHERN DISTRICT OF CALIFORNIA
14                          OAKLAND DIVISION

15 | THE APPLE IPOD ITUNES ANTITRUST   ) Lead Case No. C-05-00037-YGR
   | LITIGATION                        )
16 |                                   ) <u>CLASS ACTION</u>
   |                                   )
17 | This Document Relates To:         ) [PROPOSED] ORDER DENYING
   |                                   ) DEFENDANT'S MOTION FOR
18 |     ALL ACTIONS.                  ) DECERTIFICATION OF RULE 23(b)(3)
   |                                   ) CLASS
19

20
21
22
23
24
25
26
27
28

984350_1

Presently before the Court is Apple's Motion for Decertification of Rule 23(b)(3) Class. The Court hereby DENIES Apple's motion.

## I.   BACKGROUND

On December 22, 2008, the Court granted Plaintiffs' motion for class certification, certifying classes for injunctive and declaratory relief under Rule 23(b)(2) and for actual damages under Rule 23(b)(3). The classes included "[a]ll persons or entities . . . since April 28, 2003, purchased an iPod directly from Apple." ECF 196 at 13. In a subsequent order, the Court – in response to Apple's motion for reconsideration – reaffirmed that the class definition included resellers who purchased iPods directly from Apple.

One year later, on December 21, 2009, the Court *sua sponte* decertified both the Rule 23(b)(2) and (b)(3) classes without prejudice, because it had dismissed Plaintiffs' Section 1 tying claim. ECF 303. In January 2011, following the close of fact discovery, Plaintiffs renewed their motion for certification of a 23(b)(3) damages class based on their monopolization and attempted monopolization claims under Section 2. The Court granted Plaintiffs' renewed motion over Apple's objection. In its November 22, 2011 order, the Court certified a plaintiff class consisting of "[a]ll persons or entities in the United States . . . who purchased an iPod directly from Apple between September 12, 2006 and March 31, 2009." ECF 694 at 9.

Apple thereafter filed a petition for interlocutory review of the Court's class certification order under Fed. R. Civ. P. 23(f). In an order dated March 13, 2012, after Plaintiffs had submitted their answering brief, the Ninth Circuit declined to hear Apple's petition. ECF 701. Notice was thereafter disseminated to all direct purchasers encompassed within the certified Class, including resellers. The Class Notice explained that three individuals had been appointed as Class Representatives and identified Class Counsel by name, and explained that any direct purchaser included within the Class definition who did not agree to the proposed representative prosecution of the claims had the option to opt-out.

On November 11, 2014, less than three weeks before trial, Apple moved the Court for an order partially decertifying the certified class by excluding all resellers. ECF 888.

## II.    DISCUSSION

### A.    Reseller Class Members Will Be Severely Prejudiced by Decertification on the Eve of Trial

As an initial matter, the Court finds Apple's delay in moving to decertify until the eve of trial alone warrants denial of its motion. *Armstrong v. Davis*, 275 F.3d 849, 871 n.28 (9th Cir. 2011) (Rule 23 "provides district courts with broad discretion to determine whether a class should be certified."); *see also In re Urethane Antitrust Litig.*, MDL No. 1616, 2013 U.S. Dist. LEXIS 69784, at *30 (D. Kan. May 15, 2013) ("Reconsideration of the Court's certification order [on the eve of trial] or even post trial would cause severe prejudice to plaintiffs, who prepared for a long and complex trial at great expense and who might find it much more difficult to assert individual claims at this time."); *Gortat v. Capala Bros., Inc.*, No. 07 Civ. 3629 (ILG) (SMG), 2012 U.S. Dist. LEXIS 47066, at *4 (E.D.N.Y. Apr. 3, 2012) (late stage of litigation weighs against decertification; granting the eleventh-hour motion to decertify, where facts were known for well over a year, would prejudice class members who have not taken independent steps to protect their rights).

### B.    Reseller Class Members Are Adequately Represented

The Court further finds that, even if Apple had raised its challenges to the representation of resellers by consumers in a timely fashion, those challenges would have failed on the merits.

#### 1.    Consumers May Represent Resellers, as Both Are Direct Purchasers

First, Apple argues that consumers and resellers have "inconsistent injury and damages," because, it says, resellers purchase iPods at "negotiated" prices. The Court finds this argument unsupported by the record, as the evidence here shows that Apple's pricing to resellers was not individually negotiated, but rather formulaic and keyed off the retail sales pricing. While the parties vigorously dispute how much variation there was in pricing, they appear to agree that Apple did not individually negotiate prices with large reseller members of the Class. Apple's expert, Kevin Murphy, states: "[t]he prices paid by purchasers (either individual customers or resellers) have a fundamental common element: they were all set by Apple according to its pricing

policy . . . virtually all [resellers], large and small, paid the same (or nearly the same) price as Best Buy." ECF 813-4 (Murphy Report), ¶95.

Courts have consistently held that consumer plaintiffs can adequately represent both consumers and resellers in a combined direct-purchaser class, and Apple fails to offer anything that calls into question the consumer plaintiffs' ability to represent resellers in this case. *See Ewert v. eBay, Inc.*, No. C-07-02198 RMW, 2010 U.S. Dist. LEXIS 108838, at *6, *9 (N.D. Cal. Sept. 30, 2010) (certifying class of "'[a]ll eBay customers . . . who used eBay's "Online Auction Format"'" which included individuals and "many sophisticated business entities likely to have interests and motivations different from those of the named plaintiffs");[1] *In re Evanston Nw. Healthcare Corp. Antitrust Litig.*, 268 F.R.D. 56, 60 (N.D. Ill. 2010) (certifying class of "'[a]ll persons or entities . . . who solely paid fixed amount co-pays,'" which included individuals and managed care organizations); *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 267 F.R.D. 291, 303-04, 315 (N.D. Cal. 2010) (certifying class of "'[a]ll persons and entities [who] purchased a television, computer monitor, or notebook computer containing a TFT-LCD panel,'" which included individuals who purchased a single panel and high-volume purchasers such as Sanyo, Apple, Dell and HP); *In re Dynamic Random Access Memory Antitrust Litig.*, No. M-02-1486-PJH, 2013 U.S. Dist. LEXIS 188116, at *94-*97 (N.D. Cal. Jan. 8, 2013) (where both resellers and consumers were in the certified indirect class, finding "[s]ubclasses [a]re [n]ot [r]ecommended" because "all class members' interests have been fully and fairly represented and treated fairly").

### 2. Professor Noll Used a Common Method and Common Proof to Ascertain Impact for the Entire Direct-Purchaser Class

Apple also asserts that separate proof is necessary to prove impact and damages for consumers and resellers. However, as this Court has previously found, Plaintiffs' impact and damages model is based on the overcharge all purchasers paid for iPods. Professor Noll used the same methodology to ascertain antitrust impact and quantify antitrust damages for both consumers and resellers. Moreover, the regression analysis of Professor Roger Noll is based on a data set of actual pricing that fully accounts for any discounting or other variation that may have occurred as to

---

[1] Here, and throughout, citations are omitted and emphasis is added, unless otherwise noted.

1 resellers. Professor Noll uses the same regression model for both consumer and reseller components
2 of the Class, modified to take account of certain discounts provided to all resellers, and relying on
3 the respective databases for the consumer and the reseller purchasers. *See* ECF 813-3 at 105-106,
4 108-113 (Apr. 3, 2013 Noll Decl.).  By doing so, Professor Noll has ensured the proper "fit" for
5 *Daubert* purposes for the reseller plaintiffs and measured impact for each class member. *Alakozai v.*
6 *Chase Inv. Servs. Corp.*, No. CV 11-09178 SJO JCx, 2014 WL 5660697, at *17 n.14 (C.D. Cal. Oct.
7 6, 2014) ("'*Comcast* does not act as a bar to class actions where the plaintiffs proved a ***workable***
8 damages model.'") (emphasis in original).

### 3.  Apple's "Benefit" Argument is Foreclosed by *Hanover Shoe*

Apple next argues that individual consumers cannot represent Apple-only resellers because such resellers supposedly "benefitted" from Apple's anti-competitive conduct by gaining additional profit.  As the Court has previously found, Apple's argument is contrary to well-established law.  It is a fundamental principle of antitrust law that, "'when a seller overcharges a buyer . . . the fact that the buyer raises the price for its own product, thereby passing on the overcharge to its customers and avoiding a loss in profit, has no bearing on the issue of whether the buyer has suffered an injury and thus has the right to recover damages from the seller.'" *The Apple iPod iTunes Antitrust Litig.*, No. C 05-00037 JW, 2011 U.S. Dist. LEXIS 134836, at *15 (N.D. Cal. Nov. 22, 2011) (quoting *Meijer, Inc. v. Abbott Labs.*, 251 F.R.D. 431, 433 (N.D. Cal. 2008)) (citing *Hanover Shoe v. United Shoe Mach Corp.*, 392 U.S. 481, 489-92) (1968)).  As a result, "'all class members have the right to pursue overcharge damages, they have the same incentive to do so, and there is no conflict among class members allegedly harmed by the same antitrust violation.'" *Id*. at *15-*16.  As a matter of law, therefore, any purported benefit gained by certain resellers as a result of Apple's anticompetitive conduct does not create a conflict within the class or otherwise undermine typically.

### 4.  A Class Action Remains Superior to Hundreds of Individual Actions by Resellers

In its final challenge to the consumer plaintiffs' representation of direct-purchaser resellers, Apple argues that a class action is not the superior method for resolving this litigation.  This argument fails because most resellers in the proposed class do not have purchases large enough to

1  justify an individual lawsuit. Also, in this case, there is compelling evidence that the resellers prefer
2  the class action procedure over individual litigation. In response to the class notice, not a single
3  reseller, large or small, chose to opt out of this case. *See Meijer*, 251 F.R.D. at 436 ("[T]here is a
4  much simpler and more effective way of determining class members' preferences: notify them of the
5  action and give them the opportunity to opt out of the class or to enter an appearance.").

### C. K&N Is a Suitable Reseller Representative

This Court also finds that K&N is suitable class representative, and it is therefore appointed as an additional class representative.

Here, the interests of K&N are aligned with the interests of the other resellers. K&N and the other resellers in the Class not only challenge the same actions by Apple, they claim precisely the same injury, for all resellers within the Class are encompassed within Professor Noll's analysis of antitrust impact and antitrust damages. K&N therefore satisfies the typicality requirement of Rule 23(a)(3). K&N similarly satisfies Rule 23(a)(4)'s adequacy requirement, as it has demonstrated that it will vigorously prosecute the claims of Class members.

Apple asserts a series of purported defenses to K&N's claims, premised on certain terms of the contract between Apple and its resellers for the sale of iPods. Most of these purported defenses are not unique to K&N; all resellers with similar language in their reseller contracts share a common interest in resisting them. Thus, many of the purported defenses only reinforce typicality and commonality. Nor do the defenses, including the purported defenses based upon the statute of limitations clause, mediation clause, and waiver of jury trial clause, threaten to become a distracting focus at trial, because (a) Apple has waived any such defenses as to the reseller Class; and/or (b) they are meritless. *Doers v. Golden Gate Bridge Highway & Transp. Dist.*, 23 Cal. 3d 180, 188 (1979) (under California law, "judicial litigation of the merits of arbitrable issues . . . waives a party's right to arbitration"); *see also Van Ness Townhouses v. Mar Indus. Corp.*, 862 F.2d 754, 755 (9th Cir. 1988) (by litigating arbitrable claims for two years before moving to compel arbitration, defendant waived its contractual right to compel arbitration). As such, these defenses present no obstacle to the appointment of K&N as a class representative.

984350_1   [PROPOSED] ORDER DENYING DEFENDANT'S MOTION FOR DECERTIFICATION OF RULE
23(b)(3) CLASS - C-05-00037-YGR                                                                                        - 5 -

In addition, contrary to Apple's arguments, K&N did not assign its claims to sue Apple when it sold the business operations in its remaining store in December 2007.  Riegel Decl., ¶¶13-17; ECF 891-6 at 2-7.  Under Delaware law, K&N remains a valid legal entity and therefore has the capacity to sue Apple.  *See* Del. Gen. Corp. Law §278; *Darley Liquor Mart, Inc. v. Bechtel*, No. 81C-JL-78, 1982 Del. Super. LEXIS 781 (Del. Super. Mar. 19, 1982).

Accordingly, Apple's motion for decertification is denied in its entirety.

IT IS SO ORDERED.

DATED: _____     _____
                                   THE HON. YVONNE GONZALES ROGERS
                                   UNITED STATES DISTRICT JUDGE