William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL RELATING TO APPLE'S MOTION FOR DECERTIFICATION OF THE RULE 23(b)(3) CLASS**<br><br>Date:   November 18, 2014<br>Time:  12:00 p.m.<br>Place:  Courtroom 1, 4th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

Apple respectfully submits this Administrative Motion for leave to file under seal five documents (Exhibits U, V, W, X and Y of the Reply Ringgenberg Declaration) related to Apple's Reply in Support of Motion for Decertification of the Rule 23(b)(3) Class and a designated portion on page 7 n.4 of the Reply in Support of Motion for Decertification of the Rule 23(b)(3) Class. Apple brings this motion pursuant to Civil Local Rules 7-11 and 79-5 and the June 13, 2007 Stipulated Protective Order Regarding Confidential Information ("Protective Order"), and is accompanied by the Declaration of Kieran P. Ringgenberg in Support of Administrative Motion to File Documents Under Seal Relating to Apple's Reply in Support of Motion for Decertification of the Rule 23(b)(3) Class.

On November 17, 2014, Apple filed its Reply in Support of Motion for Decertification of the Rule 23(b)(3) Class. That Reply refers to four contracts or amendments and one internal email, which are the subject of this motion to seal. These documents contain confidential financial terms, incentives or information governing the relationship between Apple and its resellers. While Apple recognizes the importance of public access to documents, pursuant to Northern District Civil Local Rule 79-5(b), a sealing order is nevertheless appropriate where "the document or portions thereof is privileged or protectable as a trade secret or otherwise entitled to protection under the law." In light of the public interest, Apple has narrowly tailored its request by publicly filing redacted versions of these documents and only sealing the confidential financial terms, incentives or other information relating to the negotiation or implementation of these terms and incentives. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

There is good cause to seal contracts and communications containing financial terms, incentives and other negotiated terms where such information could cause competitive harm if disclosed publicly. *Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 WL 6202719, at *6 (N.D. Cal. Dec. 12, 2013) (finding good cause to file under seal a contract containing negotiated terms); *Edifecs, Inc. v. Tibco Software Inc.*, No. C10-330-RSM, 2011 WL 6066010, at *1 n.1

(accepting as good cause for filing under seal a contract with confidential business information since party could "suffer competitive harm if its financial and other arrangement with one OEM partner were made available to the public, where other partners, customers and competitors could obtain the information"); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

Disclosing information regarding the negotiated terms of Apple's contracts with some resellers and corresponding internal communications about the type and amount of such terms could cause Apple competitive harm by giving other resellers unfair insight into Apple's agreements and the internal processes Apple uses when coming to decisions regarding the terms and incentives of its contracts. Apple treats the negotiated terms of its contracts and corresponding internal communications about those terms as confidential in its own course of business.

Apple respectfully requests that the designated portions of the documents identified as Exhibits U, V, W, X and Y and the designated portion of the Reply in Support of Motion for Decertification of the Rule 23(b)(3) class at page 7 n.4 be permitted to be filed under seal.

Date: November 17, 2014

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP


By: /s/ Kieran P. Ringgenberg
*Attorneys for Defendant Apple Inc.*