William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION]<br><br>**OBJECTIONS TO DECLARATION OF KENNETH RIEGEL**<br><br>Date: November 18, 2014<br>Time: 12:00 p.m.<br>Place: Courtroom 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

**OBJECTION TO REPLY EVIDENCE**

Pursuant to Local Rule 7-3(d)(1), Defendant Apple Inc. ("Apple") objects to the Declaration of Kenneth Riegel, Dkt. 895-3, filed with the "Reply in Support of Plaintiffs' Motion To Add Class Representative," Dkt. 895, and requests that the Court strike or refuse to consider the following paragraphs.

Paragraph 8: "Based on my conversations with other iPod resellers, it was my understanding that for all resellers Apple used a standardized agreement specifying the terms and price at which iPods could be purchased for resale. The terms of the reseller agreement, including the price at which iPods were sold to the resellers, were dictated by Apple on a non-negotiable, 'take it or leave it' basis."

**Objection to Paragraph 8**: Lack of Foundation (FRE 602) and Hearsay (FRE 802), to the extent the paragraph addresses the agreements between Apple and resellers other than K & N Enterprises, Inc.

Paragraph 13: "The sale of the retail business operations at the Dover Store was intended to be prospective only. As I testified in my recent deposition, I believed that Mr. Mott and Apple Sauce were only 'buying the rights to continue operating the business in the fashion we were doing.' Tr. at 43:2-3. For that reason, in the agreement K&N retained the rights to all accounts receivable relating to Delaware Business Exchange as of December 29, 2007. Ex. A, Agreement at 1. K&N also retained responsibility for all accounts payable incurred prior to that date."

**Objection to Paragraph 13**: Parole Evidence Rule to the paragraph in its entirety. *See Hills Stores Co. v. Bozic*, 769 A.2d 88, 112 (Del. Ch. 2000) ("Like Delaware courts, Massachusetts courts interpret contracts in accordance with their plain terms. Unless the terms of the contract are inconsistent or can reasonably be read in two different ways, the contract is considered unambiguous and extrinsic evidence may not be used to vary or contradict its terms.") (footnote omitted). Lack of Foundation (FRE 602) and Hearsay (FRE 802), to the extent the paragraph addresses the intention of Mr. Mott or Apple Sauce.

Paragraph 15: "Furthermore, I did not intend or agree to sell, assign or otherwise transfer to Mr. Mott or Apple Sauce any claims, causes or other rights the K&N or Delaware Computer

1  Exchange that may have accrued before December 29, 2007.  To the contrary, we carefully
2  specified in the Agreement that included in the 'business' was to be 'its names, signs, website,
3  domain name, telephone numbers, client information, furniture, fixtures, alarm system, video
4  security system, 3 work benches, storage racks, PIMS inventory system including 4 original red
5  or blue iMac workstations and 2 bar code readers.'  Ex. A, Agreement at 1."

**Objection to Paragraph 15**:  Parole Evidence Rule to the first sentence of paragraph 15 in its entirety.  *See Hill Stores*, 769 A.2d  at 112.  Lack of Foundation (FRE 602) and Hearsay (FRE 802), to the extent the paragraph addresses the intention of Mr. Mott or Apple Sauce.

Paragraph 16:  "When I reviewed and help create this Agreement, the mutual intent was that K&N remained responsible for all past activities and Apple Sauce was responsible for all future activities.  The business was fairly low risk for claims and I was not concerned about having problems from past operations.  I was perfectly willing and did assume all past risks and benefits for the period in which K&N operated the business."

**Objection to Paragraph 16**:  Parole Evidence Rule to the paragraph in its entirety.  *See Hill Stores*, 769 A.2d  at 112.  Lack of Foundation (FRE 602) and Hearsay (FRE 802), to the extent the paragraph addresses the intention of Apple Sauce.

Paragraph 17:  "K&N has not been formally dissolved."

**Objection to Paragraph 17**:  Lack of Foundation (FRE 602).

Paragraph 19:  "I understand that Apple Sauce continued as a retail computer store after December 29, 2007, during which time it likewise purchased iPods from Apple for resale.  I understand that Apple Sauce was as a direct purchaser and was mailed a separate notice of pendency of this class action based on Apple's records."

**Objection to Paragraph 19**:  Lack of Foundation (FRE 602) and Hearsay (FRE 802).

Date: November 17, 2014                          Respectfully Submitted,

                                                 BOIES, SCHILLER & FLEXNER LLP


                                                 By:  /s/ Kieran P. Ringgenberg
                                                      *Attorneys for Defendant Apple Inc.*