William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION

This Document Relates To:

ALL ACTIONS

Lead Case No. C 05-00037 YGR
[CLASS ACTION]

**APPLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION FOR DECERTIFICATION OF RULE 23(b)(3) CLASS (DKT. 897)**

On November 14, 2014, Plaintiffs filed an Administrative Motion to File Under Seal four documents labeled as Exhibits 3-6 to the Declaration of Steven M. Jodlowski in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant Apple's Motion for Decertification of the Rule 23(b)(3) Class. (Dkt. 897). Pursuant to Local Rule 79-5(e), Apple files this memorandum of points and authorities and the Declaration of Kieran P. Ringgenberg, both in support of Plaintiffs' administrative motion.

Exhibit 3 is an Authorized U.S. Apple Reseller Agreement (iPod Authorization) for Radio Shack. Exhibit 4 is an Authorized U.S. Apple Reseller Agreement (iPod Authorization) for Costco Wholesale. These documents contain confidential terms of financial incentives that Radio Shack and Costco receive under their respective contracts. Exhibit 6 contains excerpts from the deposition transcript of Mark Donnelly, Apple's Vice President for Business Management and Products Finance. One portion of this deposition excerpt contains information regarding Apple's internal assessments of the financial costs that Apple incurs and the financial terms that Apple offers in relation to the sale of iPod products. The confidential information contained in these documents is the subject of Apple's Response in Support of Plaintiffs' Administrative Motion to Seal.

In light of the public interest in public documents, Apple has reviewed the documents that Plaintiffs have filed entirely under seal and determined that the vast majority of these documents can be accessible to the public. Apple has narrowly tailored a small amount of redactions to the confidential material in Exhibits 3, 4 and 6 that would implicate Apple's privacy interests. [1]

Under Federal Rule of Civil Procedure 26(c), this Court has discretion to permit sealing of court documents to protect trade secrets or information otherwise entitled to protection under the law. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

---

[1] For clarity, Apple has reviewed Exhibit 5 and determined that this exhibit may be publicly filed in its entirety.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

Exhibits 3 and 4 contain confidential information regarding the financial terms and incentives in Apple's contracts with two of its resellers. There is good cause to seal contracts containing financial details and other negotiated terms where such information could cause competitive harm if disclosed publicly. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Edifecs, Inc. v. Tibco Software Inc.*, No. C10-330-RSM, 2011 WL 6066010, at *1 n.1 (accepting as good cause for filing under seal a contract with confidential business information since party could "suffer competitive harm if its financial and other arrangement with one OEM partner were made available to the public, where other partners, customers and competitors could obtain the information"); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangement . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

Exhibit 6 contains confidential information from the Vice President of Products Finance regarding Apple's internal consideration of the financial terms that Apple offers and an assessment of the costs that it incurs in relation to the sale of iPod products. There is good cause to seal a business's internal assessments of its financial information. *Dugan v. Lloyds TBS Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *3 (N.D. Cal. Apr. 9, 2013) (finding financial information "including future plans and pricing changes . . . the type of confidential business information there is good cause to seal"); *Guzik Technical Enter., Inc. v. W. Digital Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6199629, at *2 (N.D. Cal. Nov. 27, 2013) (sealing "confidential financial and sales information"); *Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2014 WL 2860995, at *10 (N.D. Cal. June 23, 2010) (finding good cause to seal confidential information relating to defendant's pricing strategy).

Disclosing information regarding the terms of Apple's contracts with some resellers could cause Apple competitive harm by giving other resellers unfair insight into Apple's agreements and the internal processes Apple uses when coming to decisions regarding the terms and incentives of its contracts. Further, disclosing information regarding Apple's internal assessments of its financial terms and information would give competitors unwarranted access into Apple's finances and strategic decision-making process. Apple treats the negotiated terms of its contracts and its internal financial assessments as confidential in its own course of business.

Apple respectfully requests that the designated portions of the documents identified as Exhibits 3, 4 and 6 to the Declaration of Steven M. Jodlowski in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant Apple's Motion for Decertification of the Rule 23(b)(3) Class be permitted to be filed under seal.

Date: November 17, 2014

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP

By: /s/ Kieran P. Ringgenberg
*Attorneys for Defendant Apple Inc.*