1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Kieran P. Ringgenberg #208600
   (kringgenberg@bsfllp.com)
9  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
10 BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
11 Oakland, CA 94612
   Telephone: (510) 874-1000
12 Facsimile: (510) 874-1460

13 David C. Kiernan #215335
   (dkiernan@jonesday.com)
14 JONES DAY
   555 California Street, 26th Floor
15 San Francisco, CA 94104
   Telephone: (415) 626-3939
16 Facsimile: (415) 875-5700

17 *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION] |
| This Document Relates To:<br>ALL ACTIONS | **DECLARATION OF KIERAN P. RINGGENBERG IN SUPPORT OF APPLE'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS (DKT. 897)**<br><br>Date: November 18, 2014<br>Time: 12:00 p.m.<br>Place: Courtroom 1, 4th Floor<br>Judge: Honorable Yvonne Gonzalez Rogers |

I, Kieran P. Ringgenberg, declare as follows:

1. I am an attorney admitted to practice before this Court and the courts of the State of California. I am a Partner in the law firm Boies, Schiller & Flexner LLP, counsel to Defendant Apple Inc. ("Apple") in this case.

2. I make this declaration in support of Apple's Response to Plaintiffs' Administrative Motion to Seal Documents Filed in Support of Plaintiffs' Opposition to Apple's Motion For Decertification of Rule 23(b)(3) Class (Dkt. 897). Based on my review of the files and records in this case, I have firsthand knowledge of the contents of this declaration and could testify thereto.

3. Apple seeks to file under seal portions of three exhibits identified as Exhibits 3, 4, and 6 to the Declaration of Steven M. Jodlowski in Support of Plaintiffs' Memorandum of Law In Opposition to Apple's Motion for Decertification of Rule 23(b)(3) Class (Dkt. 896-1). Pursuant to Civil Local Rule 79-5(e)(1), Apple now submits this declaration providing the factual and legal support for the filing of this material.

4. Federal Rule of Civil Procedure 26(c) provides that the Court may "issue an order to protect a party of person from annoyance, embarrassment, oppression or undue burden or expense" by "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specific way."

5. **Exhibit 3** is an Authorized U.S. Apple Reseller Agreement (iPod Authorization) for Radio Shack dated September of 2008. This document contains confidential terms of financial incentives in connection with its sale of iPods.

6. **Exhibit 4** is an Authorized U.S. Apple Reseller Agreement (iPod Authorization) for Costco Wholesale dated April 30, 2008. This document contains the specific financial incentive that Apple provides to Costco in connection with its sale of iPods.

7. **Exhibit 6** contains excerpts from the deposition transcript of Mark Donnelly, Apple's Vice President for Business Management and Products Finance. This deposition excerpt contains information regarding Apple's internal assessment of the financial costs that Apple incurs and the financial terms that Apple offers in relation to the sale of iPod products.

8. It is my understanding that Apple treats its contracted financial terms and incentives as confidential. It is further my understanding that Apple considers its internal decision-making processes regarding the strategy and approach to the pricing of its products as confidential. Disclosure of this information could expose Apple's confidential strategies regarding prices and negotiations and provide competitors and resellers an unfair competitive advantage.

I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct. Executed this 17th day of November, 2014, in Oakland, California.

    /s/ Kieran P. Ringgenberg
Kieran P. Ringgenberg