1
2
3
4
5
6
7
8
9
10

United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **THE APPLE iPOD iTUNES ANTITRUST LITIGATION** | **Case No.: 05-CV-0037 YGR** |
| | **ORDER RE MOTIONS IN LIMINE** |
| **This Order Relates to:** | Re: Dkt. Nos. 820, 822 |
| **All Actions** | |

On October 29, 2014, the Court conducted a pretrial conference and heard argument on the parties' motions *in limine*. (Dkt. Nos. 804, 820, 822.) In addition, the Court ordered the parties to provide supplemental materials relative to certain of the motions. (Dkt. Nos. 859, 864, 867, 869, 877, 881, 886-87.) This Order addresses plaintiffs' Motions *in Limine* Nos. 1-6 and 8-9 (Dkt. No. 820)[1] and defendant's Motions *in Limine* Nos. 4-6 (Dkt. No. 822.).[2] The Court will defer judgment on defendant's Motions *in Limine* Nos. 1-3 (Dkt. No. 804) pending additional argument by the parties at today's hearing.[3] Having considered the parties' submissions and arguments, the Court **ORDERS** as follows:

///

---

[1] Plaintiffs did not file a Motion *in Limine* No. 7.
[2] The Court previously denied Apple's Motions *in Limine* Nos. 7 and 8 for being untimely served on plaintiffs. (Dkt. No. 808.)
[3] The Court addresses, at page 6 of this Order, part of a discrete motion to strike filed by Apple in connection with its Motions *in Limine* Nos. 1 and 3.

United States District Court
Northern District of California

I.     **PLAINTIFFS' MOTIONS *IN LIMINE***

    A.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 1**

Plaintiffs' Motion *in Limine* No. 1 to preclude Apple from making at trial any argument or commentary, or otherwise presenting or eliciting any evidence or testimony, suggesting that RealNetworks, Inc. ("RealNetworks") engaged in "hacking" or otherwise acted unlawfully or improperly in creating its "Harmony" software, brought pursuant to FED. R. EVID. 403 and 608(b), is **DENIED**.

Having reviewed the parties' additional submissions, the Court is not persuaded by plaintiffs' argument that the issue of hacking and Apple's view of the nature of RealNetworks' conduct had not been previously disclosed or litigated.  (*See* Dkt. Nos. 877, 881.)

    B.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 2**

Plaintiffs' Motion *in Limine* No. 2 seeking to exclude cumulative expert testimony under FED. R. EVID. 403 is **DENIED** without prejudice as premature.

The Court agrees that expert reports must be comprehensive and that, as a consequence, the reports may have overlapping material.  However, that does not necessitate the Court excluding the presentation of such evidence in advance.  The parties are under strict time limits.  Duplication of testimony can have a negative impact on jurors and waste time for the presentation of other evidence.  Should defendant introduce purportedly cumulative expert testimony at trial, plaintiffs may raise an appropriate objection at that time which the Court can then consider in context.

    C.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 3**

Plaintiffs have **WITHDRAWN** Motion *in Limine* No. 3, brought pursuant to FED. R. EVID. 403, to preclude Apple from making at trial any statement or argument, or otherwise presenting or eliciting any evidence or testimony, advancing supposed procompetitive justifications for actions taken by Apple that are "not at issue."

    D.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 4**

Plaintiffs' Motion *in Limine* No. 4 to admit into evidence the sworn declarations of four unavailable music label executives and one technology director of a Portable Digital Media Player company who provided information about digital rights management and interoperability, brought

United States District Court
Northern District of California

pursuant to FED. R. EVID. 807 and FED. R. CIV. P. 45(c), is **DENIED** for the reasons stated on the record.  Accordingly, defendant's FED. R. EVID. 802 hearsay objections to plaintiffs' Trial Ex. Nos. 716-719 (Dkt. No. 841) are **SUSTAINED**.

     E.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 5**

Plaintiffs' Motion *in Limine* No. 5 to preclude Apple from making at trial any statement or argument, or otherwise presenting or eliciting any evidence or testimony, that directly or indirectly contradicts the Court's certification of the plaintiff class, brought pursuant to FED. R. EVID. 403, is **DENIED** as premature.

The Court has allowed additional discovery, briefing, and argument on the issue of class certification of direct purchaser resellers, which it will consider on a more fulsome record.

     F.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 6**

Plaintiffs' Motion *in Limine* No. 6 to preclude Apple from making at trial any statement or argument, or otherwise presenting or eliciting any evidence or testimony, concerning the failure of RealNetworks to sue Apple over its allegedly anticompetitive behavior, brought pursuant to FED. R. EVID. 401 and 403, is **GRANTED AS MODIFIED**.

The Court will pre-instruct the jury that RealNetworks is not, and never has been, a party to this action or any action related to the issues in this case, and that the jury should not speculate as to the reasons why RealNetworks is not involved.

     G.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 8**

Plaintiffs' Motion *in Limine* No. 8 to exclude references to, and evidence of, the ability of plaintiffs to seek treble damages and attorneys' fees and costs, brought pursuant to FED. R. EVID. 401 and 403, is **GRANTED.**

     H.     **PLAINTIFFS' MOTION *IN LIMINE* NO. 9**

Plaintiffs' Motion *in Limine* No. 9 to preclude Apple from making at trial any statement or argument, or otherwise presenting or eliciting any evidence or testimony, relating to any antitrust claims, including the Court's rulings on those claims, other than the Section 2 claim being presented to the jury, brought pursuant to FED. R. EVID. 401 and 403, is **GRANTED IN PART AND DENIED IN PART**.

United States District Court
Northern District of California

Plaintiffs' use of the word "relating to" is overbroad.  The parties **shall not** present or elicit any evidence of the Court's prior rulings in this case unless authorized by the Court.  Having considered this matter further, the Court finds it necessary to pre-instruct the jury as to the context for the instant dispute as follows: (i) the issue to be tried is whether the issuance and activation of the software and firmware changes in iTunes 7.0 and 7.4 themselves were genuine product improvements and (ii) Apple's conduct with respect to the development of the iPod and its integration with iTunes and the iTunes Store prior to these particular changes is not at issue in this trial and has been held to be legal.

In light of the Court's ruling herein, Apple may submit a revised Proposed Instruction No. 17 (Dkt. No. 847) consistent with the foregoing.  The Court will also entertain a proposed jury instruction from plaintiffs to counter Apple's Proposed Instruction No. 17 consistent with this ruling.  Said proposals shall be filed by **8 a.m.** on Wednesday, **November 19, 2014**.

For purposes of the trial, the parties may present and elicit testimony which assumes the legality of such conduct, including passing references thereto.  A timely objection should be made if any party believes that any question or line of questioning should be stricken because it is an *unduly* prejudicial attempt to refocus the jury inappropriately on the Court's prior decision, rather than on the issue at hand.

## II.     DEFENDANT'S MOTIONS *IN LIMINE*

### A.     DEFENDANT'S MOTION *IN LIMINE* NO. 4[4]

Apple's Motion *in Limine* No. 4 to exclude evidence of defendant's financial resources and references to any purported supracompetitive profits, brought pursuant to FED. R. EVID. 104(a), 401, 402, and 403, is **GRANTED IN PART AND DENIED IN PART**.  As previously ordered, there shall be no reference to or evidence presented of wealth or lack thereof of any party.  (Dkt. No. 801 (PRE-TRIAL ORDER NO. 1) at 2, § 5(a).)  The motion is **DENIED** as overbroad for failing to identify specific documents addressing the broad issues sought to be excluded, despite the parties' exchange

---

[4] The Court considers the version of Apple's Motion *in Limine* No. 4 that Apple timely provided to defendants by the deadline for exchange of motions *in limine* (Dkt. No. 837-1), and not the substantially revised version that Apple ultimately filed with the Court (Dkt. No. 822).  (*See* Dkt. Nos. 834, 837 at 1 n.1.)

United States District Court
Northern District of California

and identification of exhibit lists.  It is **GRANTED** only to the extent identified herein.  The Court will not exclude any financial information previously disclosed and relied upon in the expert reports.  The FED. R. EVID. 402 objections to plaintiffs' Trial Ex. Nos. 11-14 (Dkt. No. 841) are therefore **OVERRULED**.

The motion is **GRANTED** in that plaintiffs are prohibited from introducing evidence of Apple's profitability at the corporate level or as to non-relevant products.  Such evidence is not relevant to the more narrow issues to be tried here.  FED. R. EVID. 402 and 403.

###### B.    **DEFENDANT'S MOTION *IN LIMINE* NO. 5**

Defendant's Motion *in Limine* No. 5 to exclude evidence or argument concerning other litigation, administrative actions and legislative proceedings, and investigations, brought pursuant to FED. R. EVID. 402, 403, 404(b), and 802, is **GRANTED IN PART AND DENIED IN PART**.

As the Court ruled at the October 29, 2014 Pre-Trial Conference, the parties are prohibited from eliciting evidence or referring to other courts' decisions, factual findings, or credibility assessments, including any factual findings or credibility assessments in *High-Tech Employee Antitrust Litigation* and *In re Electronic Books Antitrust Litigation*, to cross-examine any fact or expert witness.  This ruling does not limit the parties' ability to impeach the opposing party's witnesses with inconsistent testimony given in other cases, provided the proper foundation has been laid.

Generally speaking, evidence regarding European regulations, investigations, or other actions are excluded without prejudice to plaintiffs making more specific showings at trial regarding the relevance of such evidence for a permissible purpose, such as to show intent or motive.  As a consequence, the Court reserves judgment without prejudice as to plaintiffs' Trial Ex. Nos. 414 and 404.

Again, the motion here is not narrowly tailored and is therefore **DENIED** without prejudice to raising the issue again during trial except as otherwise provided herein.  Evidence regarding a witness's knowledge of other litigation and the impact, if any, of such litigation during the relevant time period on his or her decision-making, may in fact be relevant.  As set forth above, Apple may

raise an appropriate objection during trial at which time the Court can consider the objection in context.

With respect to the specific issues raised during the pre-trial conference, the Court further rules as follows:

As to plaintiffs' Trial Ex. Nos. 210 and 241, the objections are **SUSTAINED** without prejudice to making an appropriate showing at trial.  As a general matter, out-of-court statements, including news articles, are not admissible.  On their face, these exhibits are purportedly emails forwarding news articles.  It is not clear what the foundation is for each exhibit or for what purpose they may be offered at trial.  Accordingly, without more clarity as to these issues, they are not clearly admissible.

As to plaintiffs' Trial Ex. No. 808, the objection is **SUSTAINED** without prejudice to making a more specific showing.  The exhibit purports to be a 163-page "Second Report of [an] External Compliance Monitor" focusing on conduct and litigation occurring well after the relevant time period at issue here.

Furthermore, evidence concerning *United States v. Microsoft* is not relevant to the instant action unless it impacted relevant decision making, and therefore plaintiffs may not present such evidence or elicit testimony comparing this litigation to *United States v. Microsoft*.  The Court therefore **STRIKES** the following parts of the April 3, 2013 Noll Report: the penultimate paragraph on page 64 and the statement "after the Microsoft case ended" on page 66.  All such similar evidence regarding *U.S. v. Microsoft* is hereby **EXCLUDED**.

C.    **DEFENDANT'S MOTION *IN LIMINE* NO. 6**

Defendant's Motion *in Limine* No. 6 seeks to exclude inflammatory argument, evidence, and hearsay testimony concerning the character of Apple's late CEO, Steve Jobs, pursuant to FED. R. EVID. 104(a), 401, 402, 403, and 701.

The Court **GRANTS IN PART** Motion in *Limine No. 6*.  As the Court held at the October 29, 2014 Pre-Trial Conference, plaintiffs are precluded from introducing evidence or eliciting testimony regarding Steve Jobs's character during their case-in-chief.  Plaintiffs may introduce such evidence if Apple places Mr. Jobs's character at issue.

1    This terminates Docket Nos. 820 and 822.

2        **IT IS SO ORDERED**.

3  Date:  November 18, 2014

4                                        _____
                                         **YVONNE GONZALEZ ROGERS**
                                         **UNITED STATES DISTRICT COURT JUDGE**

United States District Court
Northern District of California

7