1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
5  5301 Wisconsin Ave, NW
   Washington, DC 20015
6  Telephone:  (202) 237-2727
   Facsimile:  (202) 237-6131
7

8  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
9  Kieran P. Ringgenberg #208600
   (kringgenberg@bsfllp.com)
10 Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
11 BOIES, SCHILLER & FLEXNER LLP
12 1999 Harrison Street, Suite 900
   Oakland, CA 94612
13 Telephone:  (510) 874-1000
   Facsimile:  (510) 874-1460
14

15 David C. Kiernan #215335
   (dkiernan@jonesday.com)
16 JONES DAY
   555 California Street, 26th Floor
17 San Francisco, CA  94104
   Telephone:  (415) 626-3939
18 Facsimile:  (415) 875-5700

19 *Attorneys for Defendant Apple Inc.*

20                    UNITED STATES DISTRICT COURT

21                    NORTHERN DISTRICT OF CALIFORNIA

22                              OAKLAND DIVISION

23

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR [CLASS ACTION] |
|---|---|
| ——————————————— | **APPLE'S REVISED PROPOSED JURY INSTRUCTION NOS. 17 AND 31** |
| This Document Relates To: | |
| ALL ACTIONS | |

Pursuant to the Court's November 18, 2014 Order Re Motions *In Limine*, Dkt. 909 at 4, and the Court's statements on the record at the November 18, 2014 hearing, Defendant Apple Inc. ("Apple") respectfully submits the attached revised Proposed Jury Instruction Nos. 17 and 31. Apple also proposes that Instruction No. 17 be given after Joint Instruction No. 4: Statement of the Case.

Date: November 18, 2014

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP

By: */s/William A. Isaacson*

William A. Isaacson
*Attorneys for Defendant Apple Inc.*

**APPLE'S REVISED INSTRUCTION NO. 17: ISSUES TO BE TRIED AND PRIOR DETERMINATIONS**

Under the Sherman Act, a change to a company's product cannot be considered anticompetitive, regardless of its effect on competitors, if the change is a genuine product improvement. A company also has no general legal duty to assist its competitors, including by making its products interoperable, licensing to competitors, or sharing information with its competitors.

Only the legality of iTunes 7.0 and 7.4 is at issue in this trial. Apple's conduct with respect to the development of the iPod and its integration with iTunes and the iTunes Store, including any changes to iTunes prior to iTunes 7.0 and 7.4, is not at issue and has been held to be legal.

As the jury, you must decide whether the software and firmware changes in iTunes 7.0 and 7.4 were genuine product improvements. If you find that iTunes 7.0 and 7.4 were genuine product improvements, then you must find Apple did not engage in anticompetitive conduct. If you decide that iTunes 7.0 or 7.4 were genuine product improvements, then you cannot balance the evidence concerning iTunes 7.0 or 7.4 against any effects they had on competitors.

**Date Submitted: November 18, 2014**

**APPLE'S REVISED INSTRUCTION NO. 31:  GENUINE PRODUCT IMPROVEMENTS AND LEGITIMATE BUSINESS PURPOSES**

Under the Sherman Act, a change to a company's product cannot be considered unlawful or anticompetitive, regardless of its effect on competitors, if the change is a genuine product improvement.  Similarly, if a company has a legitimate business reason for making a change to its product, that change cannot be considered unlawful or anticompetitive, regardless of its effect on a competitor.  Evidence that a company could have made a different change or followed a different approach in achieving its business goal that would have had less of an effect on its competitors does not mean that the company's change is unlawful or anticompetitive.  However, a change that serves no purpose other than protecting a monopoly may constitute anticompetitive conduct.

As the Court instructed you at the beginning of this trial, only the legality of iTunes 7.0 and 7.4 is at issue in this trial.  Apple's conduct with respect to the development of the iPod and its integration with iTunes and the iTunes Store, including any software and firmware changes to iTunes prior to the software and firmware changes in iTunes 7.0 and 7.4, is not at issue in this trial and has been held to be legal.  As the Court also instructed, Apple has no general legal duty to assist its competitors, including by making its products interoperable with competitors' products, licensing to competitors, or sharing information with competitors.

As the jury, you must determine whether the software and firmware changes in iTunes 7.0 and 7.4 were genuine product improvements and whether Apple had a legitimate business justification in issuing and activating iTunes 7.0 and 7.4.  If you determine that iTunes 7.0 or 7.4 were genuine product improvements or that Apple had a legitimate business purpose in issuing and activating iTunes 7.0 or 7.4, then you cannot balance the evidence concerning iTunes 7.0 or 7.4 against any effects that iTunes 7.0 or 7.4 may have had on Apple's competitors.

If you find that Plaintiffs failed to prove by a preponderance of the evidence that the software and firmware updates in iTunes 7.0 and 7.4 were not legitimate product

improvements, then you must find that Apple did not engage in unlawful or anticompetitive conduct. Similarly, if you find that Plaintiffs failed to prove by a preponderance of the evidence that Apple did not have a legitimate business reason for issuing and activating iTunes 7.0 and 7.4, then you must find that Apple did not engage in unlawful or anticompetitive conduct.

If you find that Plaintiffs have proved by a preponderance of the evidence that Apple willfully acquired or maintained monopoly power through issuing and activating software and firmware changes in iTunes 7.0 and 7.4, that those changes were not legitimate product improvements, and that Apple did not have a legitimate business reason for issuing and activating those changes, then you must consider whether Plaintiffs have proved the remaining elements of their monopolization and attempted monopolization claims by a preponderance of the evidence.

**Date Submitted: November 18, 2014**