1   ROBBINS GELLER RUDMAN
       & DOWD LLP
2   BONNY E. SWEENEY (176174)
    ALEXANDRA S. BERNAY (211068)
3   CARMEN A. MEDICI (248417)
    JENNIFER N. CARINGAL (286197)
4   655 West Broadway, Suite 1900
    San Diego, CA 92101
5   Telephone: 619/231-1058
    619/231-7423 (fax)
6   bonnys@rgrdlaw.com
    xanb@rgrdlaw.com
7   cmedici@rgrdlaw.com
    jcaringal@rgrdlaw.com
8          – and –
    PATRICK J. COUGHLIN (111070)
9   STEVEN M. JODLOWSKI (239074)
    Post Montgomery Center
10  One Montgomery Street, Suite 1800
    San Francisco, CA 94104
11  Telephone: 415/288-4545
    415/288-4534 (fax)
12  patc@rgrdlaw.com
    sjodlowski@rgrdlaw.com
13
    Class Counsel for Plaintiffs
14
    [Additional counsel appear on signature page.]
15
                    UNITED STATES DISTRICT COURT
16
                 NORTHERN DISTRICT OF CALIFORNIA
17
                          OAKLAND DIVISION
18

| | | |
|---|---|---|
| 19  THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-YGR |
| 20  | ) ) | CLASS ACTION |
| 21  This Document Relates To: | ) ) ) | PLAINTIFFS' PROPOSED JURY INSTRUCTION NOS. 17 AND 31 |
| 22        ALL ACTIONS. | ) ) | |

23

24

25

26

27

28

985481_1

1    Pursuant to the Court's request at the November 18, 2014 hearing, plaintiffs hereby submit a

2  counter-proposal to Apple's Proposed Jury Instruction No. 17 and a revised proposed Jury

3  Instruction No. 31.  At the hearing and in its Order re Motions *in Limine* (Nov. 18, 2014) (ECF 909),

4  the Court indicated that it believed it was necessary to instruct the jury as to the context of the

5  dispute as follows:  (i) the issue to be tried is whether the ***issuance and activation*** of the software

6  and firmware changes in iTunes 7.0 and 7.4 themselves were genuine product improvements; and

7  (ii) Apple's conduct with respect to the development of the iPod and its integration with iTunes and

8  the iTunes Store prior to these particular changes is not at issue in this trial and has been held to be

9  legal.   ECF 909 at 4.   Plaintiffs have incorporated these principles into Plaintiffs' Proposed

10  Instruction Nos. 17 and 31 below.

11  DATED:  November 19, 2014                ROBBINS GELLER RUDMAN
                                                & DOWD LLP
12                                          BONNY E. SWEENEY
                                            ALEXANDRA S. BERNAY
13                                          CARMEN A. MEDICI
                                            JENNIFER N. CARINGAL
14

15                                                    s/ Bonny E. Sweeney
16                                              BONNY E. SWEENEY

17                                          655 West Broadway, Suite 1900
                                            San Diego, CA  92101
18                                          Telephone:  619/231-1058
                                            619/231-7423 (fax)
19
                                            Class Counsel for Plaintiffs
20

21

22

23

24

25

26

27

28

1

**PLAINTIFFS' PROPOSED INSTRUCTION NO. 17:**

2

**THE ISSUE TO BE TRIED**

3      This action stems from certain software and firmware changes Apple made to its iTunes and

4   iPods through iTunes 7.0 and 7.4 (known as the Keybag Verification Code or KVC and Database

5   Verification Code or DVC) that terminated the iPod's ability to play audio files legally obtained

6   from sources other than Apple.  Plaintiffs allege that Apple maintained and enhanced its monopoly

7   power by issuing and activating these changes, and that these changes were not a genuine product

8   improvement.

9      During this trial you will hear evidence and argument about Apple's development of iPods,

10  iTunes and the iTunes store as an integrated system.  The parties may introduce evidence showing

11  that Apple declined to license its software or otherwise aid its competitors.  And you will hear

12  evidence about previous versions of iTunes software and firmware, including iTunes 4.7.  Without

13  more, however, the creation of technological incompatibilities when a product is introduced to

14  market is not a violation of the antitrust laws.  Also, Apple had no general duty to assist competitors

15  or take affirmative steps to make its products interoperable with others.  Further, versions of iTunes

16  prior to 7.0 and 7.4 have been found legal.

17     However, you should not ignore such evidence, as it may be relevant to other issues in the

18  case.  Evidence relating to the incompatibility of Apple's integrated system with competing

19  products, and the circumstances surrounding Apple's issuance of iTunes 4.7 may help you

20  understand the purpose and context of Apple's conduct regarding iTunes 7.0 and 7.4.  It may also be

21  helpful in understanding whether Apple's asserted business justifications are pre-textual.

22  **Authority**:  *Foremost Pro Color, Inc. v. Eastman Kodak Co.*, 703 F.2d 534, 542 (9th Cir. 1983)
    ("The creation of technological incompatibilities, without more, does not foreclose
23  competition …."); ECF 303 at 10 (Order Decertifying Classes Without Prejudice (Dec. 21, 2009))
    (distinguishing between "technological decisions made as products were introduced to the market"
24  and claims that "Apple gained monopoly power and afterward made anticompetitive technological
    decisions to maintain its monopoly"); ECF 627 (Order Granting in Part and Denying in Part Def.'s
25  Mot for Summ. J. at 9-10 (May 19, 2011)); ECF 909 (Order re Motions *in Limine*).

26  **Date Submitted:  November 19, 2014.**

27

28

1

**PLAINTIFFS' REVISED PROPOSED INSTRUCTION NO. 31:**

2

**MONOPOLIZATION – ANTICOMPETITIVE BEHAVIOR THROUGH THE DESIGN CHANGE WITH NO CONSUMER BENEFIT**

3

4      Plaintiffs contend that the issuance and activation of the software and firmware changes

5 made to its iTunes and iPods through iTunes 7.0 and 7.4 (known as the Keybag Verification Code or

6 KVC and Database Verification Code or DVC) constitute anti-competitive conduct because they

7 excluded competitors from the market but provided no new benefit to consumers, and were not a

8 genuine product improvement.   Apple denies that these product design changes were

9 anticompetitive.

10      As a general rule, it is not a violation of the antitrust laws for a firm to change the design of a

11 product that is dominant in a relevant market, even if the effect of the change is to exclude

12 competitors from the market.  However, a design change that serves no purpose other than protecting

13 a monopoly may constitute anticompetitive conduct.

14      In deciding whether Apple's product design changes were anticompetitive, you may consider

15 whether the changes genuinely improved Apple's products by providing a new benefit to consumers

16 and whether there were any procompetitive business justifications for Apple's conduct.   In

17 answering this question, you may not balance the benefits, if any, of KVC and DVC against any

18 anticompetitive effects it may have had.  If you find that Apple's product design changes did not

19 genuinely improve the product or that Apple's proffered justifications are pre-textual, then you may

20 find that Apple's conduct was anticompetitive.

21 **Authority**:  *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998-
1000 (9th Cir. 2010); *Image Tech. Servs. v. Eastman Kodak*, 125 F.3d 1195, 1212 (9th Cir. 1997)
22 ("A plaintiff may rebut an asserted business justification by demonstrating either that the
justification does not legitimately promote competition or that the justification is pretextual."); *see*
23 *also id.* at 1219 (even claims of intellectual property justifications may be pretext); *In re IBM
Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 1005-08 (N.D. Cal. 1979) (monopolist
24 computer maker engaged in unlawful conduct where it altered its computers in a way that "degraded
system performance, making its product less attractive to users" and where "[t]he only purpose
25 served and the only effect of the degradation was the preclusion of competition"), *aff'd sub nom.*,
*Transamerica Computer Co. v. IBM Corp.*, 698 F.2d 1377 (9th Cir. 1983); *In re Apple iPod iTunes
26 Antitrust Litig.*, 796 F. Supp. 2d 1137, 1146 (N.D. Cal. 2011) ("At issue is whether Defendant's
introduction of iTunes 7.0 constituted a genuine [product] improvement."); ABA Model Jury
27 Instructions in Civil Antitrust Cases at C-32-C-41 (providing examples of specific conduct alleged to
be anticompetitive).

28 **Date Submitted:  November 19, 2014.**

1    <u>CERTIFICATE OF SERVICE</u>

2        I hereby certify that on November 19, 2014, I authorized the electronic filing of the foregoing

3    with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4    the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5    caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6    CM/ECF participants indicated on the attached Manual Notice List.

7        I certify under penalty of perjury under the laws of the United States of America that the

8    foregoing is true and correct.  Executed on November 19, 2014.

9                        s/ Bonny E. Sweeney
                         BONNY E. SWEENEY
10

11                       ROBBINS GELLER RUDMAN
                             & DOWD LLP
                         655 West Broadway, Suite 1900
12                       San Diego, CA  92101-8498
                         Telephone:  619/231-1058
13                       619/231-7423 (fax)

14                       E-mail:       bonnys@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)