# B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

5301 Wisconsin Avenue N.W.  * Washington, DC 20015-2015  * PH 202.237.2727  * FAX 202.237.6131

November 22, 2014

**<u>VIA ECF FILING</u>**
Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California
Oakland Branch
1301 Clay Street
Oakland, CA  94612

  Re: *Apple iPod iTunes Antitrust Litigation*
    Case No. C-05-0037

Dear Judge Gonzalez Rogers:

  At hearings on November 18 and November 19, the Court engaged in colloquies with counsel regarding the appropriate preliminary instruction on the issue of whether the conduct at issue in this case involved a genuine product improvement under *Allied Orthopedic Appliances, Inc. v. Tyco Health Care Group LP*, 592 F.3d 991 (9th Cir. 2010).  Your Honor's comments indicate that the Court is preparing an instruction that would make the issue of "pretext" relevant to the determination of whether iTunes 7.0 and iTunes 7.4 were genuine product improvements.  Apple respectfully submits that such an approach would misstate the law and confuse the jury.  In light of the significance of this issue, Apple respectfully submits this letter concerning the governing law.

  The factual basis for the court's ultimate holding on summary judgment in *Allied Orthopedic* was objective evidence that a new sensor design provided benefits to consumers.  *Id.* at 1000-01.  The court held that "the new feature set enabled by OxiMax would help to differentiate its new sensors from generics."  *Id.* at 1001.  In response to this evidence, "[p]laintiffs focused on statements showing that Tyco hoped its new technology would constitute a barrier to entry for generic sensor manufacturers."  *Id.*  The court held that, given the objective evidence of a product improvement, the Plaintiffs' evidence of subjective intent to exclude competition was not a proper question for the jury.  *See id.* ("Statements of an innovator's intent to harm a competitor through genuine product improvement are insufficient by themselves to create a jury question under Section 2").

  The court went on to state that intent evidence may be "helpful" if "[e]vidence of an innovator's initial intent . . . shows that the innovator knew all along that the new design was no better than the old design."  *Id.* at 1001.  Thus, the court held that intent

Honorable Yvonne Gonzalez Rogers
November 22, 2014
Page 2

evidence might be circumstantial evidence that a new design was no better than an old design, but where the new design was better as a matter of fact, statements of intent are "insufficient by themselves to create a jury question under Section 2." *Id.* In this case, when Plaintiffs ask the jury to find pretext, they ask the jury to do what the Ninth Circuit has said the jury cannot do — use purported evidence of intent to harm competitors to conclude that a product improvement was anticompetitive.

Judge Ware's summary judgment order also did not rely on evidence of Apple's motivation or subjective intent with respect to restraining competition. In *granting* summary judgment to Apple on Plaintiffs' claim based on iTunes 4.7, Judge Ware rejected Plaintiffs' assertion that, "the software updates in iTunes 4.7 were in fact designed to make it impossible for RealNetworks' Harmony technology to play RealNetworks songs on an iPod, and that Defendant's real aim was to end RealNetworks' interoperability with the iPod, rather than to prevent hacks." Dkt. No. 627 at 7-8. Judge Ware relied on undisputed, objective evidence that iTunes 4.7 was "'much more resistant to attack' than previous versions of the software," and therefore found iTunes 4.7 was a "genuine improvement." *Id.* at 8. In *denying* summary judgment as to iTunes 7.0, Judge Ware credited Plaintiffs' contention that "iTunes 7.0 did not prevent corruption of the iPod, but instead made the software worse by magnifying small errors into enormous errors which treated the database as being devoid of data," quoting the report of Plaintiffs' technical expert Dr. Martin, stating that "[t]he new code included in iTunes 7.0 did not guard against the risk of corruption, but actually made the software worse. . . .'" *Id.* at 12. While Apple respectfully disagrees with Judge Ware's decision as to iTunes 7.0, the Court's ruling, in both granting and denying summary judgment, turned on the evaluation of evidence as to whether iTunes versions were objective product improvements, not on Apple's intent or motive in implementing them.

At the hearing this week, the Court referenced the use of pretext instructions in other cases. The issue of pretext typically arises where the ultimate fact turns on motive or intent, such as in the Title VII discrimination context where discriminatory intent is the central issue. *Price Waterhouse v. Hopkins*, 490 U.S. 228, 260 (1989) ("In pretext cases, 'the issue is whether either illegal or legal motives, but not both, were the "true" motives behind the decision.'") (citation omitted). Whether Apple's motive or intent in implementing iTunes 7.0 or 7.4 was "legal" is not the issue in this case; the issue is whether iTunes 7.0 and 7.4 were improvements.

Honorable Yvonne Gonzalez Rogers
November 22, 2014
Page 3


      Apple respectfully requests the Court enter Apple's proposed instruction, and decline to instruct the jury on pretext.

                        Respectfully submitted,

                        */s/ William A. Isaacson*

                        William A. Isaacson
                        *Counsel for Apple Inc.*

cc: Counsel for Plaintiffs (via ECF)