**ROBBINS GELLER RUDMAN & DOWD LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Bonny E. Sweeney
bonnys@rgrdlaw.com

November 23, 2014

VIA ECF

The Honorable Judge Yvonne Gonzalez Rogers
United States District Court
   Northern District of California
Oakland Courthouse
1301 Clay Street, Courtroom 1 – 4th Floor
Oakland, CA 94612

   Re: *The Apple iPod iTunes Antitrust Litigation*,
     Case No. C-05-0037-YGR

Dear Judge Gonzalez Rogers:

  Plaintiffs write in response to Apple's unsolicited and unauthorized November 22, 2014 letter to the Court. ECF 919. In that letter, Apple submits additional briefing arguing pretext is purportedly irrelevant to the jury's determination of whether the issuance and activation of the software and firmware changes to iTunes 7.0 and 7.4 were genuine product improvements. The parties have already completed their submissions to the Court on the jury instructions, and this Court did not authorize or invite the parties to submit additional briefing. Indeed, at the November 19 hearing, the Court made it clear that it had already spent substantial time considering the issue and reviewing the applicable law, that it had rewritten the parties' proposed instructions to lay out the proper legal framework for the jury, and that it was prepared to adopt preliminary instructions. Accordingly, plaintiffs respectfully request that the Court strike Mr. Isaacson's letter as an improper sur-reply.

  In any event, Mr. Isaacson's letter adds nothing to Apple's previous arguments. As he did at the November 19 hearing, Mr. Isaacson argues that the issue of pretext is somehow irrelevant to the jury's determination in this case, under the Ninth Circuit's decision in *Allied Orthopedic Appliances Inc. v. Tyco Healthcare Group L.P.*, 592 F.3d 991 (9th Cir. 2010). Mr. Isaacson is in so many words suggesting that the jury must simply accept Apple's contention at trial that the software and firmware changes in iTunes 7.0 and 7.4 were genuine improvements, without giving Plaintiffs the opportunity to rebut that contention as pretextual through statements of Apple's executives about the iTunes 7.0 and 7.4 changes as they were being made. This argument is as baseless as it sounds.

ROBBINS GELLER
Rudman & Dowd LLP

Honorable Yvonne Gonzalez Rogers
November 23, 2014
Page 2

Neither the Ninth Circuit (nor any other circuit court) has ever sanctioned such an unfair and one-sided approach. In *Allied Orthopedic*, the Ninth Circuit recognized that a defendant's intent at the time of the product changes may be relevant to show that the changes were not improvements, but rather, were designed to eliminate competition. As it stated, "***[e]vidence of an innovator's initial intent may be helpful to the extent that it shows that the innovator knew all along that the new design was no better than the old design, and thus introduced the design solely to eliminate competition***." *Allied Orthopedic*, 592 F.3d at 1001 (emphasis added). Similarly, in *Image Tech. Servs. v. Eastman Kodak*, 125 F.3d 1195 (9th Cir. 1997), the Ninth Circuit held that "[a] plaintiff may rebut an asserted business justification by demonstrating either that the justification does not legitimately promote competition or that the justification is ***pretextual***." *Id*. at 1212 (emphasis added); *see also id*. at 1219 (even claims of intellectual property justifications may be pretext); *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585 (1985) (evidence of intent is relevant to whether conduct is anticompetitive); *Novell, Inc. v. Microsoft Corp.*, No. 2:04-CV-01045-JFM, 2012 U.S. Dist. LEXIS 98710, at *31 (D. Utah Jul. 16, 2012) (finding evidence of single contradictory email sufficient to support jury finding of pretext under Section 2), *aff'd on other grounds*, 731 F.3d 1064 (10th Cir. 2013).

Apple acknowledges the relevant language from *Allied Orthopedic*, but then ignores it by arguing that the Court should nevertheless decline to instruct the jury on pretext. Apple fails to distinguish between evidence offered to show a defendant's general intent to restrict competition, which does not by itself establish anticompetitive conduct, and evidence which shows that a defendant knew that the product changes at issue were not genuine improvements, which does establish anticompetitive conduct.

At trial, Plaintiffs intend to offer numerous documents which fall into the latter category. For example, Plaintiffs will offer internal e-mails and other documents from Apple showing that its executives knew that the software and firmware changes to iTunes 7.0 and 7.4 would downgrade the user experience for iPod owners, yet instructed its software engineers to make those changes so that Apple could eliminate competition. Specifically, Apple implemented the changes in 7.0, the Keybag Verification Code ("KVC"), to prevent *injection* of DRM-protected songs from RealNetworks and Navio, not to eliminate corruption, as Apple now asserts. Corruption was not the issue; competition was. The KVC did not improve the consumer's experience. Instead, songs that could be played the day before on an older iPod could no longer be played on the new iPods. Apple turned on 7.4's Database Verification Code ("DVC") to prevent injection of *all* content from sources other than iTunes, including those without DRM. Apple now asserts the DVC, like the KVC, was turned on to eliminate a source of corruption, but the facts show otherwise. The "DVC fix" was a drastic measure that could erase a consumer's entire database. This hardly constitutes a new benefit to consumers  Further showing that Apple's "corruption" argument is pretextual, neither KVC nor DVC was implemented in the 90 million plus iPods already in the hands of

Robbins Geller
Rudman & Dowd LLP

Honorable Yvonne Gonzalez Rogers
November 23, 2014
Page 3

consumers. Instead of forcing an upgrade for 7.0 and 7.4 for those users (like Apple did with other updates), Apple applied KVC and DVC only to new iPods.

These documents also establish that the explanation for the changes Apple now intends to offer at trial is squarely at odds with the explanation given when it made the changes in 2006. Such evidence is certainly relevant to determining whether Apple's conduct was anticompetitive and the jury should be instructed accordingly. *Allied Orthopedic*, 592 F.3d at 1001; *Image Tech. Servs.*, 125 F.3d at 1212.

In short, there is ample legal authority and evidentiary predicate for the Court to instruct the jury that it "must decide whether the software and firmware changes in iTunes 7.0 and 7.4 were genuine product improvements or not genuine product improvements but evidence of a pretext," as it indicated it would do at the hearing on November 19, 2014. 11.19.14 Hrg. Tr. at 14.

Respectfully submitted,

BONNY E. SWEENEY
Counsel for Plaintiffs

BES:sgm

cc:     Counsel of Record (via ECF)

986460_1

CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 23, 2014.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail:    bonnys@rgrdlaw.com

986460_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`