ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Lead Case No. C-05-00037-YGR<br><br><u>CLASS ACTION</u><br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 10 – TO EXCLUDE PHYSICAL EXHIBITS<br><br>DATE:     TBD<br>TIME:     TBD<br>CTRM:   1, 4th Floor<br>JUDGE:  Hon. Yvonne Gonzalez Rogers |

986468_1

TO:     ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on a date and time to be determined, in Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Melanie Wilson (formerly Tucker) and Marianna Rosen (collectively, "Plaintiffs") will and hereby do, through undersigned counsel, move the Court for an Order granting the relief sought in its Motion *in Limine* No. 10: Plaintiffs' Motion *in Limine* No. 10 – To Exclude Physical Exhibits.  Plaintiffs bring this motion pursuant to Federal Rules of Evidence 402, 403, 701 and 901, relevant case law, and such other argument and evidence that the Court may consider at the hearing on these motions.

## I.   INTRODUCTION

For several weeks the parties have been meeting and conferring regarding Apple's use of physical exhibits at trial.  After lengthy negotiations, the parties are at impasse.  There are two related, but discrete areas of disagreement.  The first, the subject of the instant motion, relates to physical exhibits that Apple has indicated it wants to send back to the jury room, despite the fact that these exhibits are irrelevant to the narrow issues to be tried in this case and run a real and significant risk of confusing the issues and misleading the jury.  Moreover, these physical exhibits have been treated carelessly by Apple, with no effort made to maintain a chain of custody; indeed, they have been altered by Apple's counsel in a manner that creates serious questions regarding the ability even of Apple's expert, Dr. Kelly, to use these devices during his testimony at trial.  Plaintiffs' related motion concerns physical exhibits that Apple intends to use only for demonstrative purposes.  Those devices, purchased from the far corners of the internet, without any semblance of a chain of custody, are (as Plaintiffs describe in that motion) also inappropriate.

By this motion, Plaintiffs move to exclude Apple from sending to the jury Trial Exhibits 2711, 2712, 2713, 2715, 2716, 2717, 2718, 2719, 2720, 2721, 2743, 2787, 2792 and two exhibits that do not yet have an exhibit number (iPod touch 2nd generation and iPod classic 7th generation).[1]

---

[1] Apple has referred to exhibits with a designation of "K" if the source was Dr. Kelly and "A" if received from Apple.  Because Plaintiffs object to all versions of the exhibits listed above, Plaintiffs are not using the "K" or "A" designation.

986468_1  PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 10 – TO EXCLUDE PHYSICAL EXHIBITS - C-05-00037-YGR
- 1 -

1  For the most part, Apple claims it is entitled to send back to the jury room devices that are charged,
2  with music present on them, so the jury can play them.[2]  These devices include various iPods, some
3  of which are not within the class definition as well as a USB cable, a set of ear pods and a firewire
4  cable.  Several of these devices were used by Dr. Kelly, to conduct experiments and the remainder
5  were provided by Apple, although to date this is supported only by an attorney representation.
6  Allowing any of these devices in the jury room raises serious evidentiary concerns, including issues
7  of undue prejudice, authenticity, relevance and also may require improper, late expert testimony.

## II. PROCEDURAL HISTORY

9  For more than a month the parties have been discussing issues related to Apple's proposed
10 use of physical exhibits at trial.[3]  *See* Bernay Decl., Exs. A-C, G, H attaching letters and emails.  A
11 preliminary meet and confer was held on October 31, 2014.  It was during this call that Plaintiffs
12 first learned that Apple did not possess many of the physical exhibits it planned to use as evidence
13 and was attempting to buy these items online, though a variety of sources, such as through
14 eBay.com.  Plaintiffs objected, noting that Apple's process to obtain the devices raised serious issues
15 regarding authenticity, among other concerns. At that time Apple was not prepared to provide
16 Plaintiffs with a list of the devices it wanted to use as evidence.  A number of calls and letters
17 followed, with Apple refusing to provide Plaintiffs with the exact list of the devices it planned to use
18 as demonstratives and which it wanted to send back to the jury room.[4]  It was not until November 20,
19 2014 that Plaintiffs were given an opportunity to inspect the physical exhibits.  It was during that
20 inspection that additional evidentiary issues were discovered, which made this motion pressing.

---

[2]  Juror experimentation is generally improper.  *See Grotemeyer v. Hickman*, 393 F.3d 871, 878 (9th Cir. 2004) (a juror "may not bring into the jury room evidence developed outside the witness stand, such as the results of a juror's experiment . . . or legal research").
[3]  *See* Declaration of Alexandra S. Bernay, filed concurrently ("Bernay Decl.").
[4]  Plaintiffs expect Apple will attempt to make a waiver argument, but this is unsupportable.  First, Plaintiffs are allowed to make objections both pre-and during trial, and those have not been waived.  Apple's sole basis for claiming waiver is that Plaintiffs did not list every potential objection on its exchanged exhibit list, although reference to the list plainly shows that Plaintiffs were reserving objections based on Apple's intended (and as yet undisclosed) plans for the exhibits.  Plaintiffs of course did not know when they made their objections, for example, that Apple was buying devices online and that no defensible preservation or collection methods were being employed.

## III. ARGUMENT

The issues in this case are narrow and relate solely to the issuance and activation of certain software and firmware changes Apple made in iTunes 7.0 and 7.4. *See* ECF 909 at 4; Bernay Decl., Ex. I, 11/19/14 Hrg. Tr. at 10 ("The issue here is solely 7.0 and 7.4 and the circumstances surrounding it."). The look, feel and use of various iPod models has absolutely no bearing on whether Apple's alleged justification for KVC and DVC is pretextual. This is especially true where any even colorable relevance of the devices is swamped by serious questions concerning how these devices have been handled since they were acquired.

On November 20, 2014, Plaintiffs' counsel and two of their consultants went to Apple's counsel's offices to perform an inspection of the various physical exhibits on Apple's exhibit list. During the inspection, forensic images of the various devices were made.[5] Photographs and video were also taken. *Id.* During this process, Plaintiffs learned that Apple's counsel had not used any standard methods of forensic preservation. Instead, according to forensic images taken by Plaintiffs' expert, Apple's attorneys (using a firm email address) have placed content on the devices and likely have affected the iPods in other ways. *See* Bernay Decl., Ex. E. For example, content that Dr. Kelly described as being present on his devices referenced in his reports was not present when forensic copies were made, indicating the device had been wiped or reset.[6] Instead, a single song file, in a format that was not in existence during the class period, now resides on Dr. Kelly's iPods.[7]

Any conceivable relevance of these devices has been completely overshadowed by the questions raised by this process. Apple's attorneys have injected themselves – unwittingly it appears – into the dispute. Only by questioning Apple's lawyers will Plaintiffs be able to determine whether, and to what extent, other modifications of the internal structure of the iPods were made.[8]

---

[5] *See* Bernay Decl., ¶8.
[6] *See* ECF 824-6, Declaration of Dr. John P.J. Kelly in Support of Defendant's Renewed Motion for Summary Judgment at 15 (Figure 10) and 18 (Figure 11); *see also* ECF 819-5, Expert Report of Dr. John P.J. Kelly at 4 (listing models and serial number of iPods examined).
[7] The Jackson 5 song file, "I'll be there" is in a "Mastered for iTunes" format that was not available until 2012. Bernay Decl., Exs. E, F.
[8] Additionally, a number of the devices that Apple wants to hand to the jury experienced problems during the inspection, including a failure to mount, various battery issues and imaging problems. *See* Bernay Decl., ¶11.

1  "In a chain of custody claim, the burden on the party offering the evidence is to show to the satisfaction of the trial court that, taking all the circumstances into account including the ease or difficulty with which the particular evidence could have been altered, it is reasonably certain that there was no alteration." *Castaneda v. Cash*, No. C-11-4708 WHO (PR), 2013 U.S. Dist. LEXIS 166629, at *25-*26 (N.D. Cal. Nov. 22, 2013) (citation omitted). Here, as discussed above, Apple admits that the iPods used by Dr. Kelly in his experiments have in fact been altered.[9] As the *Castaneda* court notes, "[t]he requirement of reasonable certainty is not met when some vital link in the chain of possession is not accounted for, because then it is as likely as not that the evidence analyzed was not the evidence originally received. Left to such speculation the court must exclude the evidence." *Id.* at *26. Worse than being unaccounted for, in this case Apple's attorneys have placed themselves directly into the chain of custody by altering the content of the iPods they wish the jury to have during their deliberations.

In short, not only are the devices completely irrelevant to Apple's decision to issue and activate KVC and DVC in 2006 and 2007, Apple's failure to handle them using standard collection methods coupled with the serious risk that jurors will be misled and confused by having these devices available to experiment with, necessitates their exclusion. Plaintiffs' Motion *in Limine* No. 10 is therefore well-taken and should be granted.

DATED:  November 24, 2014                Respectfully submitted,

                                                             ROBBINS GELLER RUDMAN
                                                               & DOWD LLP
                                                             BONNY E. SWEENEY
                                                             ALEXANDRA S. BERNAY
                                                             CARMEN A. MEDICI
                                                             JENNIFER N. CARINGAL

                                                                         s/ Bonny E. Sweeney
                                                                       BONNY E. SWEENEY

---

[9] There has also been no effort to properly preserve or produce the iPods counsel indicates came directly from Apple. Apple's counsel also placed content on those devices and it is unknown what else they have done to them. *See* Bernay Decl., Ex. E.

|    |                                                                 |
|----|-----------------------------------------------------------------|
| 1  |                                                                 |
| 2  | 655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>Telephone:  619/231-1058 |
| 3  | 619/231-7423 (fax)                                              |
| 4  | ROBBINS GELLER RUDMAN<br>   & DOWD LLP                          |
| 5  | PATRICK J. COUGHLIN<br>STEVEN M. JODLOWSKI                      |
| 6  | Post Montgomery Center<br>One Montgomery Street, Suite 1800     |
| 7  | San Francisco, CA  94104<br>Telephone:  415/288-4545            |
| 8  | 415/288-4534 (fax)                                              |
| 9  | Class Counsel for Plaintiffs                                    |
| 10 | BONNETT, FAIRBOURN, FRIEDMAN<br>   & BALINT, P.C.               |
| 11 | ANDREW S. FRIEDMAN<br>FRANCIS J. BALINT, JR.                    |
| 12 | ELAINE A. RYAN<br>2325 E. Camelback Road, Suite 300             |
| 13 | Phoenix, AZ  85016<br>Telephone:  602/274-1100                  |
| 14 | 602/274-1199 (fax)                                              |
| 15 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL                          |
| 16 | 1101 30th Street, N.W., Suite 500<br>Washington, DC  20007      |
| 17 | Telephone:  202/625-4342<br>202/330-5593 (fax)                  |
| 18 |                                                                 |
| 19 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN                       |
| 20 | 10680 West Pico Blvd., Suite 280<br>Los Angeles, CA  90064      |
| 21 | Telephone:  310/836-6000<br>310/836-6010 (fax)                  |
| 22 | GLANCY BINKOW & GOLDBERG LLP<br>BRIAN P. MURRAY                 |
| 23 | 122 East 42nd Street, Suite 2920<br>New York, NY  10168         |
| 24 | Telephone:  212/382-2221<br>212/382-3944 (fax)                  |
| 25 |                                                                 |
| 26 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG                |
| 27 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067    |
| 28 | Telephone:  310/201-9150<br>310/201-9160 (fax)                  |

1
2          Additional Counsel for Plaintiffs
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 24, 2014.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
  & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       bonnys@rgrdlaw.com

986468_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`