1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) | Lead Case No. C-05-00037-YGR |
|---|---|---|
| | ) | CLASS ACTION |
| This Document Relates To: | ) ) ) | [PROPOSED] ORDER REGARDING PLAINTIFFS' MOTION *IN LIMINE* NO. 10 |
| ALL ACTIONS. | ) ) | – TO EXCLUDE PHYSICAL EXHIBITS |

986463_1

This matter came before the Court on December ___ , 2014, for hearing on Plaintiffs' Motion *in Limine* No. 10 – To Exclude Physical Exhibits. Having considered the parties' submissions and for good cause appearing,

IT IS HEREBY ORDERED:

| No. | Motion *in Limine* | Basis | Order |
|---|---|---|---|
| 10 | Motion *in Limine* No. 10 – To Exclude Physical Exhibits | FRE 402, 403, 701, 901 | ☐ Granted<br>☐ Granted with Modification<br>☐ Denied |

Trial Exhibits 2711, 2712, 2713, 2715, 2716, 2717, 2718, 2719, 2720, 2721, 2743, 2787, 2792 and the iPod touch 2nd generation and iPod classic 7th generation appearing on Apple's Exhibit List are hereby excluded and no use may be made of these exhibits, including as demonstrative exhibits.

The Court finds the relevance of physical iPods to the key issues as to whether Apple's use of KVC and DVC were anticompetitive are not aided by sending back iPods for the jury to experiment with. The use of such devices by the jury runs the risk of confusing and misleading the jury. Fed. R. Evid. 403. The marginal relevance of the devices is swamped by serious questions related to how these devices have been handled since they were acquired.

IT IS SO ORDERED.

DATED: _____    _____
THE HON. YVONNE GONZALEZ ROGERS
UNITED STATES DISTRICT JUDGE