ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
       – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11 – REGARDING THE USE OF PHYSICAL EXHIBITS AS DEMONSTRATIVES |
| ALL ACTIONS. | |
| | DATE:     TBD |
| | TIME:     TBD |
| | CTRM:    1, 4th Floor |
| | JUDGE:   Hon. Yvonne Gonzalez Rogers |

986471_1

TO: ALL PARTIES AND THEIR ATTORNEYS OF RECORD

PLEASE TAKE NOTICE that on a date and time to be determined, in Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301 Clay Street, Oakland, California 94612, Plaintiffs Melanie Wilson (formerly Tucker) and Marianna Rosen (collectively, "Plaintiffs") will and hereby do, through undersigned counsel, move the Court for an Order granting the relief sought in its Motion *in Limine* No 11: Plaintiffs' Motion *in Limine* No. 11 – Regarding the Use of Physical Exhibits as Demonstratives. Plaintiffs bring this motion pursuant to Federal Rules of Evidence 402, 403, 701 and 901, relevant case law, and such other argument and evidence that the Court may consider at the hearing on these motions.

## I. INTRODUCTION

Apple plans to use as demonstratives at trial physical devices that its counsel recently purchased from the far corners of the internet, or obtained from people working for Apple's lawyers, with no attempt to create or maintain a chain of custody. These devices of unknown provenance, are irrelevant, unduly prejudicial, confusing and raise the very real possibility of misleading the jury. Apple is basically asking Plaintiffs, the Court and the jury to trust them that devices bought online, or owned by Apple's lawyers, are what they say they are. Apple claims it wants to use these devices as demonstratives, but it is unclear how it can do so without running into serious problems of authentication as well as potential issues relating to employees masquerading as experts (since such demonstrations are beyond the scope of Apple's expert reports). Further, Apple did not allow Plaintiffs to inspect these devices – likely because they were being shipped by the internet sellers – until November 20, 2014. This extreme delay has afforded Plaintiffs only one opportunity for inspection, in which full forensic images could not be acquired.[1] Bernay Decl., ¶¶10, 11. Plaintiffs are concurrently filing a separate motion to prevent Apple from sending physical devices to the jury room and many of the evidentiary deficiencies raised in that motion also infect Apple's proposed use of these devices at trial.

By this motion Plaintiffs seek to exclude TX 2706, 2788, 2843, 2705-E, 2709-E, 2726-E, 2727-E, 2728, 2729-E, 2731-E, 2732-E, 2733-E, 2736, 2737, 2738, 2739, 2741, 2742, 2710-BSF,

---

[1] *See* Declaration of Alexandra S. Bernay, filed concurrently ("Bernay Decl.").

1  2723-E, 2724, 2725-E, 2790-E, 2791-E and one exhibit that has yet to be numbered (a purported
2  version of iTunes 7.4 loaded on a MacBook 2.1 purchased on the internet).[2] These devices include
3  non-iPod music players purchased from eBay.com, amazon.com and powermac.com. Apple has not
4  provided Plaintiffs with receipts or sales listings, and there is no way to determine how many hands
5  these devices have passed through. Bernay Decl., ¶9. Also included are other (non-iPod) digital
6  music players purportedly from Jones Day and personal equipment of people (it is not known who)
7  at Boies Schiller & Flexner LLP, recently manufactured writeable CDs and various computer
8  programs from the internet. Despite multiple meet and confers, the parties are at an impasse, and
9  thus seek the Court's assistance to resolve this dispute before the upcoming trial.[3]

## II.   ARGUMENT

Apple wants to use, before the jury, either through an expert or some other witness, devices that Apple's counsel bought on the internet or are owned by Apple's counsel.[4] Apple's entire purpose for these demonstrative exhibits is so far afield from the question of whether Apple's justification for its activation of KVC and DVC in 2006 and 2007 is pretextual that it serves no purpose at trial other than to confuse the jury. Although not completely clear, it appears Apple argues these devices are relevant to whether Apple had monopoly power, while certain other devices and software are supposedly relevant to "switching costs." *See* Bernay Decl., Ex. B at 1.[5]

---

[2] Apple has agreed to withdraw a number of physical exhibits it previously had on its exhibit list, specifically items TX 2704, TX 2707, TX 2708, TX 2714, TX 2722, TX 2726, TX 2730, TX 2734, TX 2735 and TX 2740 have all been withdrawn. Apple has also indicated that there would be no new physical exhibits (for use as demonstratives or otherwise) that would sought to be introduced, with the exception (possibly) of a PC to run certain computer programs already on the exhibit list, but only as a possible demonstrative. Bernay Decl., Exs. G, H.

[3] Apple has agreed to an expedited briefing schedule and Plaintiffs have filed a stipulation regarding the schedule.

[4] Apple informed Plaintiffs that it intended to have the other Portable Digital Music Players fully charged, with whatever music that was on it. There are numerous problems with this. At least one device can only hold a charge very briefly. Some devices have music that did not yet exist during the class period – and we do not know what quality this music is or where it came from. According to information from some of the devices, they were modified as late as November 20, 2014, presumably by Apple attorneys.

[5] There is no evidence that Apple's pricing committee considered actual physical devices in assessing competitive devices. The pricing committee instead relied on descriptions of devices

Any marginal relevance of these devices is strongly outweighed by the massive and incurable problems these unknown and questionable devices raise. The potential to mislead and confuse the jury with such items is plain. As Judge Illston held in *Bowoto v. ChevronTexaco Corp.*, No. C 99-02506 SI, 2006 U.S. Dist. LEXIS 41776, at *11 (N.D. Cal. June 12, 2006), a case where defendant sought to introduce a computer model that plaintiffs said was not accurate, the "computer model is a powerful tool, and . . . runs a risk of making a strong impression on the mind of the jury. For this reason, the Court believes it is important to have the computer model be as accurate as possible before defendants may use it to illustrate for the jury aspects of what transpired." *Id*. at *11 The court further held that because the model inaccurately represented the barge at issue, the probative value of the model was substantially diminished by its inaccurate depiction. Because of the problems, "the jury's understanding will be incomplete. And this incomplete understanding is likely to affirmatively mislead the jury as to what the witness could see." *Id.*; *see also Golden v. Feudner*, No. 2:08-cv-00356 GEB-DAD, 2012 U.S. Dist. LEXIS 23227, at *3-*4 (E.D. Cal. Feb. 22, 2012) (noting "demonstrative evidence . . . should be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury").

Here there are numerous questions about the various devices that Apple is unable to answer. These questions include: the source of these devices, where the content on the devices came from – was it pirated? Legally purchased? From where? When? By whom? Plaintiffs want to know the history of the devices – were they dropped in water? Have they been tampered with? Have they suffered other damage? Are the devices are genuine? And more.[6] Because there was no attempt to gather these materials in anything but a haphazard manner, it is not surprising that Apple is unable to answer these questions. As just one example of the problems with these devices, Plaintiffs discovered plainly inappropriate content on one of the digital music players, which Apple later withdrew from its exhibit list. *See* Bernay Decl., ¶15.

---

provided to the committee.  *See, e.g.*, Plaintiffs' Trial Ex. 363 (price committee slide deck noting various features of other digital music players as compared to iPods).
[6]   This is not simply lawyer argument – one of the devices produced for inspection came in a box that stated the device inside was white, but the device in the box was black.  *See* Bernay Decl., ¶12.

Another concern regarding these demonstrative exhibits is the question Plaintiffs posed to Apple, still unanswered, who can serve as a proper sponsoring witness with the ability to testify the various non-Apple devices?  These were not devices considered by Apple's technical expert, Dr. Kelly, and so would be improper subjects of expert testimony.  And Apple's claim that certain Apple employees can serve as the sponsoring witness for various non-Apple products is far-fetched.

Another issue comes in the form of certain "burner" software downloaded from the internet and writeable CDs.  Based on the exhibit list, it appears Apple plans to conduct a CD burning demonstration for the jury.  However, Dr. Kelly did not use this program in his report.  So with which witness will Apple run its technological demonstration?  Moreover how can CDs manufactured and purchased this year replicate the CD technology available during the class period? There is no probative value of such a demonstration other than as a means to confuse the jury.  It also appears that some of the software Apple wants to use to conduct a demonstration (TX 2736) is from after the class period (July 28, 2009).  *See Keller v. United States*, 38 F.3d 16, 32 n.10 (1st Cir. 1994) (demonstrative evidence must be a "fair" and "accurate" depiction of the original).[7]

### III.     CONCLUSION

The risk of confusing and misleading the jury with these irrelevant and unsubstantiated devices is great.  Apple cannot cure the evidentiary problems these devices present.  Plaintiffs' Motion *in Limine* No. 11 to exclude them at trial is therefore well-taken, and should be granted.

DATED:  November 24, 2014                          Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL

                                                                          s/ Bonny E. Sweeney

---

[7] Any effort by Apple to claim that Plaintiffs waived certain objections to these devices is untrue. Plaintiffs made a number of objections to Apple's list of physical exhibits, objecting to each item depending on the planned use of the exhibit. At the time Plaintiffs listed their objections, (which of course are not waived for purposes of trial) Apple did not even have the actual devices in its possession and made them available for the first time on November 20, 2014. Thus Apple cannot claim that Plaintiffs waived their rights to object to exhibits that they had never seen, let alone to be offered for a purpose that is not yet completely clear.

BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Telephone: 602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY 10168
Telephone: 212/382-2221
212/382-3944 (fax)

986471_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11 – REGARDING THE USE OF PHYSICAL EXHIBITS AS DEMONSTRATIVES - C-05-00037-YGR                                                                 - 5 -

| | |
|---|---|
| 1 | |
| 2 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 3 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067 |
| 4 | Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 5 | Additional Counsel for Plaintiffs |

986471_1

PLAINTIFFS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 11 – REGARDING THE USE OF PHYSICAL EXHIBITS AS DEMONSTRATIVES - C-05-00037-YGR        - 6 -

## CERTIFICATE OF SERVICE

I hereby certify that on November 24, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on November 24, 2014.

    s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:        bonnys@rgrdlaw.com

986471_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`