UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION<br><br>This Order Relates to:<br><br>All Actions | Case No.: 05-CV-0037 YGR<br><br>ORDER DENYING (1) DEFENDANT'S MOTION TO PRECLUDE TESTIMONY; (2) PLAINTIFFS' MOTION TO ADD CLASS REPRESENTATIVE; AND (3) DEFENDANT'S MOTION FOR DECERTIFICATION |

Pending before the Court are three contested motions in this longstanding antitrust dispute: (1) defendant's motion to preclude testimony from witness Kenneth Riegel ("Riegel");[1] (2) plaintiff's motion to add a former reseller associated with Riegel as a class representative; and (3) defendant's motion to decertify the reseller portion of the class. Trial opening statements were delayed from November 17, 2014 to December 2, 2014 to allow time for discovery, briefing, and argument relating to these issues on an expedited basis. (Dkt. Nos. 785, 866.) The motions relate to the question of whether the "reseller" members of the certified class—that is, those who purchased iPods during the relevant time period directly from Apple for purposes of resale—are adequately represented by the current class representatives, Melanie Wilson (formerly Tucker) and Mariana Rosen,[2] who are both individual consumers, and who also purchased their iPods directly from Apple.

---

[1] The parties' stipulated request to shorten the briefing schedule on this motion (Dkt. No. 853) is now moot.

[2] Former class representative Somtai Troy Charoensak, who was also not a reseller, is not a member of the presently certified class because he purchased outside of the specified time period. (Dkt. No. 918 (Tr.) at 23:13-18.)

On October 27, 2014, Apple filed a motion to preclude the testimony of previously undisclosed witness Riegel, former owner of a business that purchased iPods directly from Apple for resale. (Dkt. No. 852.)[3] Plaintiffs opposed the motion on October 31, 2014. (Dkt. No. 868.) Apple filed its reply on November 4, 2014. (Dkt. No. 876.)

On November 3, 2014, plaintiffs filed a motion to add Delaware Computer Exchange as a class representative in the instant action. (Dkt. No. 873 ("DCE Mot.").) Apple filed its opposition on November 11, 2014. (Dkt. No. 889 ("DCE Oppo.").) Plaintiffs filed their reply on November 14, 2014. (Dkt. No. 895 ("DCE Reply").)

On November 11, 2014, Apple filed a motion for decertification of the reseller portion of the previously certified FED. R. CIV. P. 23(b)(3) class. (Dkt. No. 888 ("Decertification Mot.").) Plaintiffs opposed the motion on November 14, 2014. (Dkt. No. 899 ("Decertification Oppo.").) Apple filed its reply on November 17, 2014. (Dkt. No. 902 ("Decertification Reply").)

The Court heard argument on the motions on November 18, 2014. Having considered the parties' submissions and the arguments of counsel, and for the reasons set forth below, the Court hereby **DENIES**: (1) defendant's motion to preclude the testimony of witness Riegel; (2) plaintiffs' motion to add Delaware Computer Exchange as a class representative; and (3) defendant's motion for decertification of the reseller portion of the class, on the present record and in light of the posture of this case.

## I. BACKGROUND

### A. PROCEDURAL BACKGROUND ON CLASS CERTIFICATION

The lengthy procedural history of this case has been recounted in prior opinions.[4] Here, the Court sets forth only the background facts necessary to understand the history of the case in relation to the motions at bar.

---

[3] This motion also sought to preclude the testimony of Stefan Roever, the former owner of Navio, a purported iTunes competitor. Plaintiffs agreed to withdraw Stefan Roever from their witness list, so the motion was **DENIED** as moot in relation to Roever on October 31, 2014. (Dkt. No. 866 at 2, § 3.)

[4] *See generally In re Apple iPod iTunes Antitrust Litig.*, Case No. 05-cv-00037 JW, 2008 WL 5574487 (N.D. Cal. Dec. 22, 2008) ("*iPod I*") amended, Case No. 05-cv-00037 JW, 2009 WL 249234 (N.D. Cal. Jan. 15, 2009) ("*iPod II*"); *In re Apple iPod iTunes Antitrust Litig.*, 796 F. Supp. 2d 1137 (N.D. Cal. 2011) ("*iPod III*"); *In re Apple iPod iTunes Antitrust Litig.*, Case No. 05-cv-

Generally, the remaining dispute set for trial relates to plaintiffs' antitrust allegations arising from Apple's iTunes 7.0 and 7.4 updates.  The certified class consists of individuals and businesses that purchased specified iPod models directly from Apple between September 12, 2006 and March 31, 2009. *iPod V*, 2014 WL 4809288, at *1; *iPod IV*, 2011 WL 5864036, at *4.  A subset of class members purchased the iPods for purposes of resale, as opposed to personal use.

On December 22, 2008, the Court granted plaintiffs' motion for class certification as to certain claims, finding there was "no evidence that either the named Plaintiffs or their counsel have any conflicts of interest with absent class members." *iPod I*, 2008 WL 5574487, at *6 ("Each of the named Plaintiffs individually seek relief for the same type of injury arising out of the same alleged conduct, as they seek for the overall class.").  The briefing on that motion addressed the question of whether consumers could adequately represent the interests of resellers.  (Dkt. No. 185 at 22-23 (Apple argued resellers "are obviously not in the same position as individual end-user purchasers."); Dkt. No. 188 at 19-21 (Plaintiffs argued their economic expert, Roger Noll, provided analysis that "amply satisfies the need to demonstrate plausible economic methodologies with which to calculate antitrust impact and damages on a common basis.").)  The Court did not specifically address this issue in its December 22, 2008 Order, but subsequently clarified that the Order "implicitly included resellers in the certified class." *iPod II*, 2009 WL 249234, at *1.

On December 21, 2009, the Court granted Apple's motion to decertify the class without prejudice. (Dkt. No. 303 at 11.)  The Court had previously dismissed plaintiffs' tying claims, and therefore decertified the class pending plaintiffs' articulation of an alternative theory regarding defendant's alleged illegal maintenance of a monopoly.  (*Id*. at 10.)

On November 22, 2011, the Court recertified the class, rejecting as "misguided" Apple's argument that resellers were "differently situated" from end-users because they "'benefit from higher retail prices.'" *iPod IV*, 2011 WL 5864036, at *4  (citing *Meijer, Inc. v. Abbott Labs*., 251 F.R.D. 431, 433 (N.D. Cal. 2008)) ("[W]hen a seller overcharges a buyer . . . the fact that the buyer raises the price for its own product, thereby passing on the overcharge to its customers and avoiding

---

00037 JW, 2011 WL 5864036 (N.D. Cal. Nov. 22, 2011) ("*iPod IV*"); *In re Apple iPod iTunes Antitrust Litig*., Case No. 05-cv-0037 YGR, 2014 WL 4809288 (N.D. Cal. Sept. 26, 2014) ("*iPod V*").

1  a loss in profit, has no bearing on the issue of whether the buyer has suffered an injury and thus has
2  the right to recover damages from the seller."). The Ninth Circuit, exercising its discretion, denied
3  Apple's FED. R. CIV. P. 23(f) petition for permission to file an interlocutory appeal on the
4  certification order. (Dkt. No. 701.)

5  At the October 29, 2014 Pretrial Hearing, while discussing the motion to preclude testimony
6  from Riegel, the Court raised its concern that no reseller members of the class were serving as class
7  representatives. As a result, plaintiffs indicated they would move to add Riegel[5] as a class
8  representative and Apple stated it would move to decertify the reseller portion of the class.
9  Opening statements were pushed back two weeks so that Apple could obtain appropriate discovery
10 from Riegel and to allow briefing and argument on an expedited schedule in connection with these
11 motions. (Dkt. Nos. 785, 866.)

### B. DELAWARE COMPUTER EXCHANGE

13 With respect to the proposed class representative, plaintiffs contend that Kenneth Riegel has
14 solely owned K & N Enterprises, Inc. ("K&N"), a company formerly doing business as Delaware
15 Computer Exchange ("DCE"), since 1992. (DCE Mot. at 1 n.1.) During the class period, DCE
16 purchased possibly hundreds of iPods from Apple for resale. (*Id.* at 1; Dkt. No. 873-2, Ex. 4 at
17 190.) By 2008, K&N had sold the DCE business—including its "name, signs, website, domain
18 name, telephone numbers, client information, furniture, fixtures," and various equipment—to a
19 third party. (Declaration of Kieran P. Ringgenberg in Support of (1) Apple's Opposition to Motion
20 to Add Class Representative and (2) Apple's Motion for Decertification ["Ringgenberg Decl."
21 (Dkt. No. 891)], Ex. E [Deposition of Kenneth Riegel (November 7, 2014) ("Riegel Dep.")] at
22 11:15-16, Ex. F (12/29/07 Business Purchase Agreement) at 1; DCE Mot. at 1 n.1.) Riegel
23 purportedly maintained sole ownership over K&N. (DCE Mot. at 1 n.1.) However, discovery
24 revealed that K&N apparently stopped paying state franchise fees around 2008 or 2009. (Riegel
25 Dep. at 11:24-12:4 (Riegel addressing K&N's status by stating that "if you don't continue with the
26 filings and the payment [to the state], then [the corporation] goes away."); *see also* DCE Mot. at 1

---

28  [5] As noted below, plaintiffs ultimately moved to add "Delaware Computer Exchange," not Riegel, as a class representative.

n.1 (K&N "is no longer in existence.").) The corporation's status, as of November 10, 2014 and since March 1, 2009, has been "void." (Declaration of Alexandra S. Bernay in Support of Plaintiffs' Reply to Add Class Representative ["Bernay Decl." (Dkt. No. 895-1)], Ex. 2 (Delaware Dept. of State, Div. of Corp., Entity Details for K&N Enterprises, Inc.).)

The Court turns now to each of the motions.

## II.    MOTION TO PRECLUDE TESTIMONY

Defendant moves to preclude Riegel from testifying, arguing he was not properly disclosed as a potential witness and allowing his testimony would therefore be prejudicial to its case.

### A.    LEGAL FRAMEWORK

Pursuant to Rule 26, a party must disclose the name and, if known, the contact information of individuals likely to have discoverable information that the party may use to support its case. FED. R. CIV. P. 26(a)(1)(A). A party has an ongoing duty to supplement these initial disclosures "in a timely manner" if it determines its earlier disclosure was incorrect or incomplete. FED. R. CIV. P. 26(e)(1)(A). This requirement can apply to absent class members. *See Petrone v. Werner Enterprises, Inc.*, Case No. 11-cv-401, 2014 WL 2965250, at *2 (D. Neb. July 1, 2014) ("It is not obvious, in fact it may be counter-intuitive, that plaintiffs other than the named plaintiffs would have non-cumulative information that would support their case."). Pursuant to Rule 37, a party's failure to identify a witness per Rule 26 results in the party's inability to use that witness at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1); *Hernandez v. Polanco Enterprises, Inc.*, Case No. 11-cv-02247 YGR, 2013 WL 4520253, at *10 (N.D. Cal. Aug. 23, 2013) ("This sanction is intended to be 'self-executing' and 'automatic,' though its 'harshness' is mitigated by Rule 37's exceptions for substantially justified or harmless withholding."). In determining whether a failure to disclose a witness in a timely manner pursuant to Rule 26 was harmless, the Court must consider whether the other party would suffer prejudice if the witness were nevertheless permitted to testify at trial. *See Res-Care Inc. v. Roto-Rooter Servs. Co.*, Case No. 09-cv-03856 EDL, 2010 WL 4072037, at *3 (N.D. Cal. Oct. 18, 2010).

**B.     ANALYSIS**

Apple argues it was prejudiced by this disclosure on "the eve of trial," almost a decade into the case and years after discovery has closed. Under certain circumstances, such a late disclosure could cause substantial prejudice warranting exclusion of the witness from testifying at trial. However, plaintiffs have successfully argued that, under the present circumstances, their failure to timely disclose Riegel was ultimately harmless and substantially justified. No evidence exists that plaintiffs were acting for an improper purpose or for strategic advantage. Rather, the identification of the witness likely related more to the renewal of class certification issues. (Dkt. No. 775 (Tr.) at 30:1-16.) Because the Court shifted the trial schedule back two weeks and ordered expedited discovery of Riegel, any undue prejudice was remedied. Apple obtained written discovery and document production from Riegel and then took his deposition on November 7, 2014, more than three weeks before opening statements—sufficient time for Apple to adjust its trial strategy, if needed. Moreover, advanced knowledge of Riegel's likely limited and straightforward testimony— stemming from his personal knowledge operating a business that sold iPods to consumers—would not have had a substantial impact, if any, on other aspects of the case or discovery. Further, it has no discernible impact on any of the expert reports on which this case heavily relies. The motion to preclude his testimony at trial is therefore **DENIED**.

**III.     MOTION TO ADD CLASS REPRESENTATIVE**

Plaintiffs seek leave to amend to add DCE as a class representative pursuant to FED. R. CIV. P. 15(a)(2) or, in the alternative, move for DCE to intervene pursuant to FED. R. CIV. P. 24(b).

**A.     LEGAL FRAMEWORK**

First, under Rule 15, the Court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). Courts consider five factors when assessing the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint. *Ahlmeyer v. Nevada Sys. of Higher Educ.*, 555 F.3d 1051, 1055 n.3 (9th Cir. 2009).

Second, under Rule 24(b), permissive intervention may be granted where: "(1) the movant shows independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim

or defense and the main action have a question of law or fact in common." *In re California Micro Devices Sec. Litig.*, 168 F.R.D. 276, 277 (N.D. Cal. 1996) (citing *Greene v. United States*, 996 F.2d 973, 976 (9th Cir.1993)).

### B. ANALYSIS

As a threshold matter, the Court addresses the question of standing. Plaintiffs apparently moved to add as a class representative one of the following three entities: (1) "Delaware Computer Exchange," (2) "K&N Enterprises f/d/b/a Delaware Computer Exchange," or (3) Keith Riegel as owner of K&N. (DCE Mot. at 1.) This vague and shifting approach to identifying the actual entity intended to serve as a class representative would, standing alone, warrant denying the request. However, other significant standing issues exist in connection with DCE, K&N, or Riegel as a potential representative. The Court will address each in turn.

First, DCE was apparently solely a fictitious business name or trade name, not an independent legal entity. Apparently, K&N sold the DCE name and business to a third party years ago. That third party has made no appearance in this case.

Second, as noted above, K&N was voided as a corporation under Delaware law, for failure to pay franchise fees. *See* DEL. CODE ANN. tit. 8, § 510 ("If any corporation . . . neglects or refuses for 1 year to pay the State any franchise tax or taxes . . . the charter of the corporation shall be void, and all powers conferred by law upon the corporation are declared inoperative . . . ."). Another Delaware statute provides that expired or dissolved corporations continue, for at least three years, to maintain the ability to prosecute and defend lawsuits. DEL. CODE ANN. tit. 8, § 278. While authority is split on whether *voided* corporations fall under section 278, the Court finds more persuasive the approach followed by the Delaware Supreme Court—that void corporations lose their standing to pursue legal actions until the corporate status is restored. *Metro. Interconnect, Inc. v. Alexander & Hamilton, Inc.*, Case No. 04-cv-2896, 2005 WL 1431670, at *2 (E.D. La. May 26, 2005) (quoting *Transpolymer Indus., Inc. v. Chapel Main Corp.*, 582 A.2d 936, 1990 WL 168276, at *1 (Del.1990)). Moreover, even if the three-year period applied in this case, K&N has been void for more than three years. Therefore, the Court finds that K&N presently lacks standing to bring

7

suit under Delaware law. *See* FED. R. CIV. P. 17(b) ("Capacity to sue or be sued is determined . . . for a corporation, by the law under which it was organized . . . .").

Finally, plaintiffs argue that if K&N was formally dissolved, any corporate property, including previously accrued causes of action, would have transferred to its sole owner, Riegel. However, plaintiffs have not cited authority demonstrating that a *cause at action* would transfer to Riegel upon corporate dissolution. Furthermore, plaintiffs have put forth no evidence demonstrating that K&N was dissolved under Delaware law. To the contrary, plaintiffs explicitly state that K&N "has not been dissolved." (Decertification Oppo. at 24.) Therefore, the Court also finds that Riegel lacks standing to proceed as a class representative in this case.

Accordingly, the Court finds that (1) under Rule 15, granting leave to amend in order to add DCE, K&N, or Riegel as a class representative would be futile, and (2) permissive joinder under Rule 24 is inappropriate because the movant (whether construed as DCE, K&N, or Riegel) has failed to demonstrate it has standing in this case. Plaintiffs' motion to add DCE as a class representative or, in the alternative, for DCE to intervene is **DENIED**.[6]

## IV. MOTION TO DECERTIFY RESELLER PORTION OF CLASS

Defendant moves to decertify the reseller portion of the class on a number of grounds, including that resellers are not adequately represented by the consumer class representatives.

### A. LEGAL FRAMEWORK

A class certification order may be modified at any time prior to the entry of final judgment in a case. FED. R. CIV. P. 23(c)(1); *see also Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 966 (9th Cir. 2009) ("A district court may decertify a class at any time."). The defendant, in moving for decertification, "must show that the class no longer meets Rule 23's certification requirements." *Estrella v. Freedom Fin. Network, LLC*, No. Case No. 09-cv-03156 SI, 2012 WL 214856, at *4 (N.D. Cal. Jan. 24, 2012); *Chavez v. Lumber Liquidators, Inc.*, Case No. 09-cv-4812 SC, 2012 WL 6115611, at *3 (N.D. Cal. Dec. 10, 2012) ("The 'moving party' bears the burden of showing that decertification is proper."); *but see Marlo v. United Parcel Serv., Inc*., 639 F.3d 942, 947 (9th Cir.

---

[6] In light of the Court's denial of this motion, it need not rule on Apple's counter-request for leave to amend if DCE were added as a class representative (DCE Oppo. at 24) or on Apple's evidentiary objections filed in connection with this motion (Dkt. No. 904).

8

2011) (ancillary reference to burden but not squarely addressing the issue). "Class certification is not immutable, and class representative status could be withdrawn or modified if at any time the representatives could no longer protect the interests of the class." *Cummings v. Connell*, 316 F.3d 886, 896 (9th Cir. 2003). However, "decertification and modification should theoretically only take place after some change, unforeseen at the time of the class certification, that makes alteration of the initial certification decision necessary. Yet because district courts retain their broad discretion over issues related to class certification, these unforeseen changes need not satisfy a heightened standard of review in order for district courts to consider them in the context of decertification or modification." 3 WILLIAM B. RUBENSTEIN ET AL., NEWBERG ON CLASS ACTIONS § 7:34 (5th ed. 2013); *see also Knapp v. Gomez*, Case No. Case No. 87-cv-0067-H(M), 1991 WL 214172, at *1 (S.D. Cal. June 25, 1991) (citing *Langley v. Coughlin*, 715 F.Supp. 522, 553 (S.D.N.Y.1989)) (denying motion for decertification of the class because movant failed to show that any "significant intervening event" warranted reexamination of the prior certification order). Further, "courts generally do *not* revisit the class certification order merely upon transfer of the case to a new judge though the transferee court retains the same discretion to decertify or modify a class as new developments arise." 3 RUBENSTEIN ET AL., *supra*, at § 7:37 (emphasis in original) (footnote omitted).

### B. ANALYSIS

In moving for decertification, Apple presents a number of arguments, largely premised upon its longstanding complaint that end-users are not proper representatives for resellers—particularly for large resellers such as Wal-Mart, Best Buy, and Target. Apple presented many of these arguments while opposing earlier certification motions. Moreover, some of Apple's new arguments for decertification (e.g., that certain resellers signed agreements including a mediation clause) may have already been waived. Nevertheless, the Court declines to revisit this previously resolved issue so soon before trial especially where no intervening events have led to changed circumstances. *See Woe by Woe v. Cuomo*, 729 F.2d 96, 107 (2d Cir. 1984) ("We are . . . concerned about possible prejudice to members of a class who failed or were unable to take independent steps to protect their rights precisely because they were members of the class.");

*Langley v. Coughlin*, 715 F. Supp. 522, 552 (S.D.N.Y. 1989) ("[T]he Court must take into consideration that an eve-of-trial decertification could adversely and unfairly prejudice class members, who may be unable to protect their own interests."). If, as Apple has suggested, evidence adduced at trial warrants a new motion to decertify the reseller portion of the class, the Court will review the motion presented in light of that additional evidence. Even if Apple ultimately prevails on such a motion, there is no prejudice in addressing the issue after trial given that the parties have segregated their damages analyses between the consumers and the resellers. In light of these various considerations and possible post-trial remedies, decertifying the class at this juncture is not prudent or warranted.

## V.  CONCLUSION

For the foregoing reasons, the Court **DENIES** defendant's motion to preclude the testimony of Kenneth Riegel, plaintiffs' motion to add Delaware Computer Exchange as a class representative, and defendant's motion to decertify the reseller portion of the class.

This Order terminates Docket Nos. 852, 853, 873, and 888.

**IT IS SO ORDERED**.

Date:  November 25, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**