United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTITRUST LITIGATION** <br><br> **This Order Relates to:** <br> **All Actions** | Case No.: 05-CV-0037 YGR <br><br> **ORDER RE DEFENDANT'S MOTIONS *IN LIMINE* NOS. 1-3** <br><br> Re: Dkt. No. 804 |

On October 29, 2014, the Court conducted a pretrial conference and heard argument on the parties' motions *in limine*, including defendant's Motions *in Limine* Nos. 1-3. (Dkt. No. 804.)[1] The Court ordered the parties to provide supplemental materials relative to defendant's Motions *in Limine* Nos. 1-3. (Dkt. Nos. 859, 867, 869, and 886-87.) The Court then heard additional argument on these motions on November 18, 2014. Having considered the parties' submissions and arguments, the Court **ORDERS** as follows:

**I.   DEFENDANT'S MOTIONS *IN LIMINE* NOS. 1 AND 2**

This portion of the Court's Order addresses defendant's Motions *in Limine* Nos. 1 and 2.

In Motion *in Limine* No. 1, brought under FED. R. EVID. 401(b), 402, and 403, Apple seeks an order prohibiting plaintiff from presenting any evidence or eliciting any testimony that Apple could or should have shared technical information with third parties or competitors, including

---

[1] On November 18, 2014, the Court ruled on all previously pending motions *in limine* other than defendant's Motions *in Limine* Nos. 1-3. (Dkt. No. 909.)

RealNetworks, Inc. ("RealNetworks"), or has a duty to aid third parties or competitors, including RealNetworks, in developing products that are interoperable with Apple's products. In Motion *in Limine* No. 2, brought under FED. R. EVID. 402, 403, and 702, Apple seeks an order prohibiting plaintiffs from presenting evidence relating to less restrictive alternatives to Apple's product designs, including whether Apple could or should have made its integrated platform interoperable with third parties or competitors.

Apple's Motions *in Limine* Nos. 1 and 2 are **DENIED IN PART**. With respect to the narrow legal issue that Apple did not have a legal duty to aid or assist third party competitors, including with respect to interoperability or other purported less restrictive alternatives in connection with its product development, the Court agrees with Apple. The Court notes that plaintiffs agree that Apple had no such legal duty. Generally, however, the motions over-reach in their attempt to obtain prophylactically a ruling as to the introduction of evidence that can be used to support more than one theory. Plaintiffs will be allowed to challenge Apple's stated reasons for its conduct in their attempt to show that the updates in question were in fact not genuine product improvements. Accordingly, except as provided herein, the motion to exclude such evidence where it serves an alternative permissible purpose is **DENIED**.

"There are three essential elements to a successful claim of Section 2 monopolization: (a) the possession of monopoly power in the relevant market; (b) the willful acquisition or maintenance of that power; and (c) causal antitrust injury." *Allied Orthopedic Appliances Inc. v. Tyco Health Care Grp. LP*, 592 F.3d 991, 998 (9th Cir. 2010) (internal quotations omitted). The second prong is at issue in regards to Motion *in Limine* No. 2. The question is whether "a design change is a product improvement," in which case "that design change by itself does not violate Section 2, even if it is performed by a monopolist and harms competitors as a result." (Dkt. No. 627 at 7 (May 19, 2011 Order) (quoting *Tyco HealthCare Grp. LP*, 592 F.3d at 998-1000) (internal quotations omitted).) It would be "a novel theory with serious and far reaching anticompetitive effects" to hold a monopolist liable for product improvements so long as "any alternative was open to them which would have less impact on competitors." *In re IBM Peripheral EDP Devices Antitrust Litig.*, 481 F. Supp. 965, 1021 (N.D. Cal. 1979) *aff'd sub nom. Transamerica Computer Co. v. Int'l Bus.*

*Machines Corp.*, 698 F.2d 1377 (9th Cir. 1983).  If the change is a product improvement, then its worth may not be balanced against its anticompetitive effects.  *Tyco HealthCare Grp. LP*, 592 F.3d at 1000.  "[T]here is no least restrictive alternative requirement in the context of a Section 2 claim . . . ."  *Image Technical Serv., Inc. v. Eastman Kodak Co.*, 903 F.2d 612, 620 (9th Cir. 1990), *aff'd sub nom. Eastman Kodak Co. v. Image Technical Servs., Inc.*, 504 U.S. 451 (1992).

Whether iTunes 7.0 and 7.4 were product improvements is a fact that has yet to be determined in this case.  As stated above, where genuine product improvements exist, the fact finder may not balance the value of the improvement against any purported anticompetitive effects.  The Court will pre-instruct the jury as to this principle of law.

With respect to the issue regarding Apple's purported "refusal to deal" with competitor RealNetworks, the Court finds as follows:  In order to determine whether there is Section 2 liability under the Sherman Act for refusal to deal, "there must be a preexisting voluntary and presumably profitable course of dealing between the monopolist and rival" and the monopolist must have discontinued that prior course of dealing in such a way as to suggest "'a willingness to forsake short-term profits to achieve an anti-competitive end.'"  *Novell, Inc. v. Microsoft Corp.*, 731 F.3d 1064, 1074-75 (10th Cir. 2013) *cert. denied*, 134 S. Ct. 1947 (U.S. 2014).  Plaintiffs have not suggested that Apple had a preexisting and voluntary course of dealing with RealNetworks.  Thus, the Court will instruct the jury that Apple generally had no duty to aid competitors.

There are instances where specific evidence has been identified that does not solely address whether iTunes 7.0 or 7.4 was an improvement on its predecessor.  Instead, it also points to an alternative, hypothetical option, whereby Apple could have (1) provided specifications to its competitors in order to facilitate interoperability and (2) thereby similarly satisfied the purported goal of decreasing the risk of bugs or other errors introduced by software created via reverse engineering.  This is precisely the type of "less restrictive alternative" scenario that risks causing the jury to weigh, impermissibly, the alternative options to Apple's chosen "improvement" against the course of action that Apple ultimately selected.  Nevertheless, it can also serve as circumstantial evidence demonstrating Apple's purported reasons for the change were pretextual and contrary to its argument that the updates were genuine product improvements.  *Cf. Image Technical Servs., Inc.*

3

*v. Eastman Kodak Co.*, 125 F.3d 1195, 1219-20 (9th Cir. 1997) ("From this evidence, it is more probable than not that the jury would have found Kodak's presumptively valid business justification rebutted on the grounds of pretext."). Thus, because certain evidence can be used for both permissible and impermissible purposes, the Court finds that such evidence should only be introduced after the Court provides jury instructions establishing the proper context for, and relevance of, that evidence.

In its Motion to Strike as it relates to Motion *in Limine* No. 1, Apple argues certain aspects of plaintiffs' expert testimony should be excluded—namely, those parts which discuss the feasibility of Apple assisting third parties to achieve interoperability with Apple's FairPlay digital rights management technology and consequently iPods, or to guard against corruption or errors in its iPods without interfering with interoperability. In opposing the motion, plaintiffs also put forth requests to strike. The Court addresses each motion to strike in turn, in light of the Court's rulings herein and its understanding of the evidence proffered regarding Apple's justifications for the changes at issue:

| DOCUMENT | EXCERPT | RULING |
|---|---|---|
| Martin Rep. (4/8/13) | ¶¶ 43-45 | This motion to strike these paragraphs is moot in light of the ruling below in connection with Motion *in Limine* No. 3. |
| | ¶ 46 | **DENIED** to the extent Apple asserts that its conduct was necessary for security or stability reasons. |
| | ¶ 47 | **DENIED** to the extent Apple asserts that its conduct was necessary for stability reasons. |
| | ¶¶ 48, 62, 69-70 | This motion to strike these paragraphs is moot in light of the ruling below in connection with Motion *in Limine* No. 3. |

| DOCUMENT | EXCERPT | RULING |
|---|---|---|
| | ¶ 73 | **DENIED** to the extent Apple asserts that its conduct was necessary for security or stability reasons. |
| | ¶ 111 | **DENIED** to the extent Apple asserts that its conduct was necessary for stability reasons. |
| | ¶ 112(6)-(7) | **DENIED** to the extent Apple asserts that its conduct was necessary for security reasons. |
| | ¶ 112(10) | **DENIED** to the extent Apple asserts that its conduct was necessary for stability reasons. |
| Martin Rebuttal Rep. (10/30/13) | ¶¶ 23-28 | **GRANTED** as to the first two sentences of paragraph 27.  Otherwise, **DENIED** to the extent Apple asserts that its conduct was necessary for security or stability reasons. |
| Noll Dec. (4/3/13) | Identified excerpts, pp. 64-68 | **GRANTED** as to the first full paragraph on page 66 through the first full paragraph on page 67. **GRANTED** as to the last full paragraph designated by defendant on page 68. Otherwise, **DENIED**.[2] |
| Kelly Rep. (1/18/11) | ¶¶ 36 & 40 | **DENIED**. |
| Kelly Rep. (7/19/13) | ¶¶ 151-54 | **DENIED**. |
| Murphy Rep. (8/19/13) | ¶¶ 34-36, the first two sentences in ¶ 45, and the last | **DENIED**.  However, the Court **STRIKES** the first |

---

[2] However, pursuant to the Court's November 18, 2014 Order re Motions *in Limine*, all references to the *U.S. v. Microsoft* case, on pages 64 and 66, have been stricken.  (Dkt. No. 909 at 6.)

5

| DOCUMENT | EXCERPT | RULING |
|---|---|---|
| | sentence in ¶ 55 | sentence of paragraph 35 and the last sentence of paragraph 55.[3] |

With respect to the Motion to Strike as it relates to Motion *in Limine* No. 2, the Court rules as follows:

| DOCUMENT | EXCERPT | RULING |
|---|---|---|
| Martin Rep. (4/8/13) | ¶¶ 106-111 | **DENIED** to the extent Apple asserts that its conduct was necessary for stability reasons. |
| Noll Dec. (4/3/13) | Identified excerpts, p. 63 | **GRANTED**. |

## II.  DEFENDANT'S MOTIONS *IN LIMINE* NO. 3

Defendant's Motion *in Limine* No. 3 to exclude and to strike evidence or argument contrary to the Court's 2011 Summary Judgment Order, brought pursuant to FED. R. EVID. 402 and 403, is **GRANTED IN PART AND DENIED IN PART**.

Antitrust law cannot be viewed in a vacuum. Nor is the field static. A jury may generally consider all of the relevant circumstances in determining whether anticompetitive conduct exists. The fact that the use of an integrated platform in one instance was not anticompetitive does not necessarily mean that its continued use later as part of a broader, different landscape in a different circumstance would not support an opposite finding. While true that the "walled garden" approach, without more, is not illegal, that is the question of the day: Was there more? Thus, the attempt to exclude generally evidence that an integrated platform or incompatible products are worse than a non-integrated platform or compatible products, or that integrated platforms, technologically-related products, or incompatible products are harmful to competition or limit consumer choice, is **DENIED**. As previously indicated, the Court will pre-instruct the jury to ensure it has in mind the proper parameters for evaluating the evidence.

---

[3] The Court previously ruled that the parties shall not present or elicit evidence of the Court's prior rulings at trial unless authorized by the Court. (Dkt. No. 909 at 4.) For convenience, the Court **STRIKES** such references as noted herein on that basis.

With respect to the Motion to Strike testimony that iTunes 4.7 was unlawful or anticompetitive, or that iTunes 4.7 can form the basis of liability or damages, the Court rules as follows:

| DOCUMENT | EXCERPT | RULING |
| --- | --- | --- |
| Martin Rep. (4/8/13) | ¶¶ 43-45, 48, 62, 69-70 | **GRANTED**. In light of the heading of the relevant section, these paragraphs specifically offer opinions with respect to iTunes 4.7, as opposed to general background information, and therefore are not appropriate for trial under the law of the case. |
| Martin Rebuttal Rep. (10/30/13) | ¶¶ 29-31 | **DENIED** to the extent Apple brings in evidence regarding benefits of its "walled garden" integrated approach. |
| Noll Dec. (4/3/13) | Identified excerpts, pp. 64-68 | The rulings above in connection with these excerpts are hereby incorporated by reference |
| Noll Rebuttal Dec. (11/25/13) | Pages 3-4, 13-14 | **GRANTED** solely as to the statement "because lock-in diminishes competition." Otherwise, **DENIED**. |

This terminates Docket No. 804.

**IT IS SO ORDERED**.

Date: November 25, 2014

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**