William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>―――――――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION]<br><br>**APPLE'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 11 REGARDING THE USE OF PHYSICAL EXHIBITS AS DEMONSTRATIVE AIDS**<br><br>Date:     December 1, 2014<br>Time:    9:00 a.m.<br>Place:   Courtroom 1, 4th Floor<br>Judge:   Honorable Yvonne Gonzalez Rogers |

Demonstrative evidence is "more effective than a description given by a witness, for it enables the jury . . . to see and thereby better understand the question or issue involved." *Cloyd v. State*, 943 So. 2d 149, 166 (Fla. Dist. Ct. App. 2006). As this Court has explained, "the jury will have to put themselves back into the era" relevant to this case. Ex. 13.[1] Apple's planned use of demonstratives will aid the jury in so doing.

## I. iPods and Competitive Devices Are Proper Demonstrative Aids.

iPods and competitive devices may properly be used as "a testimonial aid for a witness or as an aid to counsel during argument." *United States v. Cox*, 633 F.2d 871, 874 (9th Cir. 1980); *see also United States v. Aldaco*, 201 F.3d 979, 987 (7th Cir. 2000) (use of objects for demonstrative purposes "a widely-accepted practice"). iPods and competitive devices that Apple may use with a witness or during argument are relevant to the issues the jury must decide in this case; they will aid witnesses in explaining the features of competitive devices that Apple considered in pricing iPods and explaining features Dr. Noll did not take into account in his regression. Examples of devices in the portable digital media player market will also aid the jury in determining whether Apple had monopoly power in that market. *See United States v. Towns*, 913 F.2d 434, 446 (7th Cir. 1990) (proper to show jury gun and ski mask "for the limited demonstrative purpose of providing examples" of instrumentalities of a crime); *Aldaco*, 201 F.3d at 986 (proper to use replica gun as testimonial aid to illustrate what officer observed during commission of the crime).

Furthermore, Plaintiffs would not be unduly prejudiced by the use of iPods and competitive devices as demonstrative aids. *United States v. Burke*, 977 F.2d 592 (9th Cir. 1992) (unpublished) (no unfair prejudice from showing jury shotgun identical to that used in committing the crime). Plaintiffs' reliance on *Bowoto v. ChevronTexaco Corp.*, No. C 99-02506 SI, 2006 U.S. Dist. LEXIS 41776 (N.D. Cal. June 12, 2006) for this point is misplaced. These devices will not be used to *replicate* the condition of physical objects (such as the barge in *Bowoto*) or their surroundings (such as the purported views available to witnesses on the barge). The differences

---

[1] All references to Exhibits are to Exhibits to the Declaration of Suzanne E. Jaffe filed herewith.

1

between the barge model and photos in *Bowoto* were "striking," *id*. at *9, while here, Plaintiffs point to no differences in the appearances of iPods or competitive devices between how they exist now and during the class period.

If these devices are excluded, Apple, not Plaintiffs, would be unduly prejudiced because the comparative features of iPods and competitive devices are "highly relevant" to Apple's purported monopoly power, and the best way to present this evidence is "for the jury to see" it, "which is usually favored over mere description." *Rubert-Torres v. Hosp. San Pablo, Inc.*, 205 F.3d 472, 479 (1st Cir. 2000) (error to exclude plaintiff from courtroom under Rule 403 where her physical appearance was central to issues in the case). Finally, any limited prejudice or confusion from the devices' use is mitigated by the fact that the devices will not be admitted into evidence.

## II. Demonstrations are Relevant, Probative, and Not Unduly Prejudicial.

Second, Apple may demonstrate the process of burning and ripping, a process iTunes 7.0 (indeed, all versions of iTunes) is designed to execute.[2] Burning and ripping shows the ease by which one may convert DRM-protected music to unprotected files, which is probative of switching costs. *Hynix Semiconductor Inc. v. Rambus Inc.*, No. C-00-20905 RMW, 2008 WL 2951341, at *17 (N.D. Cal. July 24, 2008) (switching costs relevant to existence of monopoly power, causation and injury). Like other demonstrations courts have found relevant, burning and ripping is relevant to the issues in this case. *See* 22 Fed. Prac. & Proc. Evid. § 5175 (2d ed.) (citing, *inter alia*, *State v. Ervin*, 936 A.2d 290, 292-94 (Conn. App. Ct. 2007) (video demonstration of choke hold used by defendant to show how he could have killed victim admissible)); *Cloyd*, 943 So. 2d at 166 (demonstration of number and size of beers reflected on bar tab and possibly consumed relevant in prosecution for drunken aircraft operation).

Apple may demonstrate burning and ripping using a MacBook 2,1, a portable computer released in May 2007, Ex. 14; iTunes 7.0, released on September 12, 2006; and contemporary writeable CDs, as Apple is not able to procure any that are definitively from the class period.

---

[2] Apple may also have Dr. Kelly replicate experiments from his report. Plaintiffs agree that Dr. Kelly can perform these experiments. Dkt. 925-1 at 32.

2

APPLE'S OPP. TO PLS.' MIL 11                                                                 No. C 05-00037 YGR

1  Apple may also demonstrate burning and ripping using virtual burner software called NoteBurner,
2  which was available during the class period.[3]  Apple does not offer these demonstrations for the
3  purpose of recreating the exact process of burning and ripping as it existed in the class period, but
4  only to show the steps one would take to burn and rip during that period.  Thus, Apple need only
5  conduct the demonstration "under conditions that were at least similar to those which existed at
6  the time." *Voohries-Larson v. Cessna Aircraft Co.*, 177 F.R.D. 462, 467 (D. Ariz. 1998) (citing
7  *Four Corners Helicopters, Inc. v. Turbomeca, S.A.*, 979 F.2d 1434, 1442 (10th Cir. 1992)).
8  Apple has satisfied that similarity requirement.  Further, these demonstrations will help the jury
9  understand a simple process that was available to consumers during the class period and that
10  allowed consumers to transform DRM-protected music to unprotected content.  *Jones v. Ralls*,
11  187 F.3d 848, 853 (8th Cir. 1999) (proper to demonstrate law enforcement technique to aid jury
12  in determining whether the technique caused or contributed to the plaintiff's injuries and to
13  instruct jury that it was not an exact reenactment).  Finally, any differences between the burning
14  and ripping process as a result of using a CD from today's time or virtual burner software from
15  outside the class period—if it is in fact from outside the class period—can be "highlighted on
16  cross-examination." *Wright v. CSX Transp., Inc.*, 375 F.3d 1252, 1261 (11th Cir. 2004); *see also*
17  *Jones*, 187 F.3d at 853 ("cross-examination afforded them the opportunity . . . to draw out other
18  differences in the courtroom environment and the actual events").

19  Moreover, a burning and ripping demonstration is not unduly prejudicial, misleading, or
20  confusing for the jury.  *Wright v. CSX Transp., Inc.*, 375 F.3d 1252, 1261 (11th Cir. 2004) (no
21  abuse of discretion permitting train headlight demonstration in court and limited risk of undue
22  prejudice where demonstration kept short); *United States v. MacDonald*, 688 F.2d 224, 228-29
23  (4th Cir. 1982) (demonstration showing pattern of icepick wounds and holes in victim's shirt
24  aligned, despite "potentially infinite ways to align the 48 holes into a pattern of 21" not unduly
25  prejudicial).

---

[3] Plaintiffs do not support their factual assertion that NoteBurner is from outside the class period.  Dkt. 923 at 5.  The website from which the program was downloaded is available on the Wayback Machine and is dated October 26, 2008.  Ex. 16 (TX 2736).

Nor does a burning and ripping demonstration require expert testimony, for it is a process that iTunes 7.0 is designed to carry out by any lay consumer using the application. 22 Fed. Prac. & Proc. Evid. § 5175 (2d ed.) ("If otherwise qualified, the demonstrator need not be an expert."). Any witness with the ability to operate iTunes and execute the process of burning and ripping can demonstrate it. Dr. Kelly may also perform this demonstration, even though it is not outlined in his expert reports. In *Schmude v. Tricam Industries, Inc.*, 556 F.3d 624, 626 (7th Cir. 2009), an expert conducted a demonstration using a ladder to show how the accident at issue may have occurred. The defendant objected because "the expert's report did not mention that he was planning to conduct such a test." *Id*. Rejecting this argument, the court reasoned that the expert's act was merely a demonstration and "there was no suggestion that the expert used expert knowledge in jerking the ladder's rear leg." *Id*.

### III. The Products Apple Seeks To Use As Demonstratives Are Properly Authenticated.

Plaintiffs cannot dispute that the demonstrative aids Apple seeks to use—Apple iPods, laptops, competitive portable digital media players, writeable CDs, iTunes 7.0, and virtual burner software called NoteBurner are self-authenticating. Apple's Opp'n to Dkt. 922 (citing cases); Ex. 14 (TX 2725); Ex. 15 (TX 2788); Ex. 16 (TX 2736). Like iPods, the Zune is also self-authenticating—it bears trade names and logos on its box, on the device, and when it is turned on. Ex. 17 (TX 2705). Testimony of witnesses with knowledge of competitive devices can also authenticate those devices, just as witnesses with knowledge of iTunes and burning and ripping can authenticate the writeable CDs, NoteBurner, and iTunes 7.0. FRE 901(b)(1); Exs. 1-3.

Finally, any gaps in the chain of custody for purposes of demonstrative aids are of no import. *Revolution Eyewear, Inc. v. Aspex Eyewear, Inc.*, No. CV 03-5965 FMC, 2005 WL 6054837, at *3 n.2 (C.D. Cal. Mar. 7, 2005) *vacated on other grounds*, 175 F. App'x 350 (Fed. Cir. 2006) ("Chain of custody is not necessary for authentication because the glasses are merely demonstrative evidence"); *Brown v. Prosper*, No. C 09-04870 SBA (PR), 2012 WL 3021986, at *9 (N.D. Cal. July 24, 2012) (no ineffective assistance where counsel failed to object to break in chain of custody with respect to victim's watch because watch not admitted into evidence). Alternatively, gaps in the chain go to weight, not admissibility. Apple's Opp'n to Dkt. 922.

| | | |
|---|---|---|
| 1 | Date:  November 25, 2014 | Respectfully submitted, |
| 2 | | BOIES, SCHILLER & FLEXNER LLP |
| 4 | | By: /s/ *William A. Isaacson* |
| 6 | | *Attorneys for Defendant Apple Inc.* |