1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone:  (202) 237-2727
6  Facsimile:  (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Kieran P. Ringgenberg #208600
   (kringgenberg@bsfllp.com)
9  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
10 BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
11 Oakland, CA 94612
   Telephone:  (510) 874-1000
12 Facsimile:  (510) 874-1460

13 David C. Kiernan #215335
   (dkiernan@jonesday.com)
14 JONES DAY
   555 California Street, 26th Floor
15 San Francisco, CA  94104
   Telephone:  (415) 626-3939
16 Facsimile:  (415) 875-5700

17 *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>―――――――――――――――<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION]<br><br>**DECLARATION OF SUZANNE E. JAFFE IN SUPPORT OF APPLE'S OPPOSITION TO PLAINTIFFS' MOTIONS *IN LIMINE* NOS. 10 AND 11**<br><br>Date:     December 1, 2014<br>Time:    9:00 a.m.<br>Place:   Courtroom 1, 4th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

I, Suzanne E. Jaffe, declare as follows:

1. I am an associate in the law firm Boies, Schiller & Flexner LLP ("BSF"), resident in the firm's office located at 1999 Harrison Street, Suite 900, Oakland, California, 94612. I am a member in good standing of the Bar of the State of California and represent Apple Inc. ("Apple") in this case.

2. I make this declaration in support of Apple's oppositions to Plaintiffs' Motions *in Limine* Nos. 10 and 11. I have personal knowledge of the facts set forth herein.

3. In late October 2014, I understand that my colleague, Martha L. Goodman, who is also counsel for Apple in this case, purchased portable digital media players from the websites eBay.com and Amazon.com. I also understand that Ms. Goodman purchased refurbished Apple portable computers from Powermax.com, an authorized Apple reseller.

4. In late October and early November 2014, on Ms. Goodman's behalf, I received the portable digital media players and portable computers that Ms. Goodman purchased from eBay.com, Amazon.com, and Powermax.com at the Oakland office of BSF. I charged those devices and marked them with their assigned Trial Exhibit numbers. I did not make, and to my knowledge, no other BSF employee made, any alterations to any non-Apple portable digital media player purchased from eBay.com and Amazon.com. From the time of my receipt of these devices until November 19, 2014, they were stored in my personal office at the Oakland office of BSF.

5. On November 5, 2014, at my direction, an assistant at BSF shipped the Apple portable computers that I received from Powermax.com on behalf of Ms. Goodman to Tim O'Neil, a legal specialist for Apple, in order for Apple to confirm the authenticity of the computers purchased from Powermax.com and to install versions of iTunes software used during the class period in this case.

6. On November 6, 2014, I received a shipment of iPods from Dr. Kelly's firm, Kelly Technology Group. I understand that Dr. Kelly's firm originally purchased these iPods on eBay.com, except for the iPod photo (classic 4th generation), which is Dr. Kelly's personal iPod that he purchased (collectively, "Dr. Kelly's iPods"). I also understand that, prior to shipping Dr.

1

Kelly's iPods to the Oakland office of BSF, Dr. Kelly's staff restored the iPods to their factory settings. I marked Dr. Kelly's iPods with their assigned Trial Exhibit numbers. Later that day, at my direction, an assistant at BSF shipped Dr. Kelly's iPods to Tim O'Neil, a legal specialist for Apple, in order for Apple to confirm the authenticity of Dr. Kelly's iPods.

7. Attached hereto as **Exhibit 1** is a true and correct copy of the declaration of Tim O'Neil, an Apple employee who assisted in confirming the authenticity of the Apple products on Apple's trial exhibit list.

8. Attached hereto as **Exhibit 2** is a true and correct copy of the declaration of Linda Sorbi, an Apple employee who assisted in confirming the authenticity of the Apple products on Apple's trial exhibit list.

9. Attached hereto as **Exhibit 3** is a true and correct copy of the declaration of Lawrence Cheong, an Apple employee who assisted in confirming the authenticity of the Apple products on Apple's trial exhibit list.

10. Attached hereto as **Exhibit 4** is a true and correct copy of the declaration of Spoon Carvalho, an Apple employee who assisted in confirming the authenticity of the Apple products on Apple's trial exhibit list.

11. On November 18 and November 19, 2014, Tim O'Neil returned to counsel for Apple the Apple products that I had shipped to him to confirm the authenticity of the Apple products and for Apple to install iTunes versions. Mr. O'Neil also provided counsel for Apple with iPods that Apple had obtained from AppleCare (collectively, the "AppleCare iPods"). Mr. O'Neil further provided his personal iPod FireWire cable and USB cable.

12. On November 19, 2014, I restored the AppleCare iPods and Dr. Kelly's iPods to their factory settings, purchased a single song from the iTunes Store, synced that song to Dr. Kelly's iPods and the AppleCare iPods, and charged the devices. Aside from the single song I purchased from the iTunes Store, there was no other music or content in the iTunes library that I used to sync the one song I downloaded to the Apple Care iPods and Dr. Kelly's iPods. I did not alter the iPods in any other manner. To my knowledge, no other BSF employee altered the iPods in any way. On this same day, I also observed Ms. Goodman upload a single music CD onto the

1 Apple portable computers. It is my belief and understanding that Ms. Goodman did not alter the
2 Apple portable computers in any other manner, nor did any other BSF employee.

3     13. On November 20, 2014, I attended a portion of the meet-and-confer with
4 Plaintiffs' counsel and consultants at the Oakland office of BSF. I observed the consultants
5 taking forensic images of the devices. It is my understanding that the consultants took forensic
6 images of all of the devices made available to them. I did not alter any Apple devices or non-
7 Apple devices on November 20, 2014. I also did not observe any other BSF employee alter any
8 of these devices, and, to my knowledge, no employee altered the devices on November 20, 2014.

9     14. Attached hereto as **Exhibit 5** are true and correct photos of TX 2743-K, the iPod
10 classic 4th generation relied upon by Dr. Kelly in preparing his expert report.

11     15. Attached hereto as **Exhibit 6** are true and correct copies of photos of TX 2712-K,
12 the iPod classic 6th generation relied upon by Dr. Kelly in preparing his expert report.

13     16. Attached hereto as **Exhibit 7** are true and correct copies of photos of TX 2715-A,
14 the iPod nano 2nd generation received from AppleCare.

15     17. Attached hereto as **Exhibit 8** are true and correct copies of photos of TX 2716-K,
16 the iPod nano 3rd generation relied upon by Dr. Kelly in preparing his expert report.

17     18. Attached hereto as **Exhibit 9** are true and correct copies of photos of TX 2720-A,
18 the iPod touch 1st generation received from AppleCare.

19     19. Attached hereto as **Exhibit 10** are true and correct copies of photos of TX 2845-A,
20 the iPod classic 7th generation received from AppleCare.

21     20. Attached hereto as **Exhibit 11** is a true and correct copy of TX 2423, the Apple
22 press release announcing iTunes 7.0.

23     21. Attached hereto as **Exhibit 12** is a true and correct copy of TX 2669, a summary
24 exhibit from the expert report of Professor Robert Topel.

25     22. Attached hereto as **Exhibit 13** is a true and correct copy of an excerpt from the
26 transcript of proceedings from the October 29, 2014 Pre-Trial Conference in this case.

27     23. Attached hereto as **Exhibit 14** is a true and correct screenshot from iTunes 7.0 (TX
28 2725) as loaded onto an Apple MacBook 2,1 marked with the serial number W8726DBHYA2.

1  24. Attached hereto as **Exhibit 15** is a true and correct photo of TX 2788, writeable
2  CDs manufactured by Maxell.
3  25. Attached hereto as **Exhibit 16** is a true and correct copy of a screenshot of the
4  website from which TX 2736, NoteBurner Audio Converter v3.1.3, was downloaded. The
5  website is archived at
6  https://web.archive.org/web/20081026013627/http://www.noteburner.com/mac-audio-
7  converter.html and is dated October 26, 2008.
8  26. Attached hereto as **Exhibit 17** are true and correct copies of photos of TX2705-E,
9  a Microsoft Zune 30GB.
10  27. Attached hereto as **Exhibit 18** are true and correct copies of photos TX 2733-E, a
11  Sandisk Sansa Fuze.
12  I declare under penalty of perjury under the laws of the United States of America that the
13  forgoing is true and correct. Executed this 25th day of November, 2014, in Oakland, California.

                                                /s/ *Suzanne E. Jaffe*
                                                Suzanne E. Jaffe