# EXHIBIT 13

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE

## CERTIFIED COPY

| | | |
|---|---|---|
| THE APPLE IPOD ITUNES | ) | NO. C 05-00037 YGR |
| ANTITRUST LITIGATION | ) | |
| | ) | PAGES 1 - 202 |
| | ) | |
| | ) | PRETRIAL HEARING CONFERENCE |
| | ) | |
| | ) | |
| | ) | OAKLAND, CALIFORNIA |
| _____ ) | | WEDNESDAY, OCTOBER 30, 2014 |


### REPORTER'S TRANSCRIPT OF PROCEEDINGS


APPEARANCES:

FOR PLAINTIFFS:          ROBBINS GELLER RUDMAN & DOWD LLP
                         655 WEST BROADWAY, SUITE 1900
                         SAN DIEGO, CALIFORNIA  92101
                  BY:  ALEXANDRA S. BERNAY,
                       JENNIFER N. CARINGAL,
                       PATRICK COUGHLIN,
                       STEVEN M. JODLOWSKI
                       CARMEN A. MEDICI,
                       BONNY E. SWEENEY, ATTORNEYS AT LAW

                         BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                         4023 CAIN BRIDGE ROAD
                         FAIRFAX, VIRGINIA 22030
                  BY:  FRANCIS J. BALINT, JR.
                       ATTORNEY AT LAW


                  (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:          RAYNEE H. MERCADO, CSR NO. 8258

    PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

1    CASE IN ANOTHER TEN YEARS BEFORE THE NINTH CIRCUIT, THE CLERKS

2    UP THERE AREN'T GOING TO KNOW WHAT IPODS ARE.  IT'S GOING TO

3    BE 20 YEARS OLD, AND THESE WILL BE PART OF THE EVIDENTIARY

4    RECORD, SO --

5         **MR. COUGHLIN:**  SO NOBODY KNOWS WHAT A LISA AND A MAC

6    ARE -- WELL, THEY KNOW WHAT A MAC IS, BUT THAT WAS OUR

7    PROBLEM.  IF THEY'RE JUST THE PHYSICAL THINGS AND THEY'RE NOT

8    GOING TO BE OPERATING, WE HAVE NO OBJECTION.

9         **MR. ISAACSON:**  I --

10        **THE COURT:**  I DON'T KNOW HOW --

11        **MR. ISAACSON:**  I THINK WITH RESPECT -- WITH RESPECT

12   TO AT LEAST SOME OF THESE DEVICES -- I DON'T KNOW IF ALL OF

13   THEM -- I'LL HAVE TO THINK ABOUT -- YES, THEY ARE GOING TO BE

14   FULLY CHARGED.

15       I MEAN, FOR EXAMPLE, THE FEATURES OF THE IPOD AT -- DURING

16   THIS ERA ARE DIRECTLY AT ISSUE WITH RESPECT TO DR. NOLL'S

17   REPORT.  HE WANTS TO ATTRIBUTE NONE OF THE PRICE INCREASES TO

18   THESE, SUCH AS THE SCREEN SIZE, SUCH AS THE PIXELS.  SO

19   LOOKING AT THESE FEATURES IN A FULLY CHARGED IPOD IS -- IS

20   RELEVANT EVIDENCE AND SHOULD GO BACK TO THE JURY.

21        **THE COURT:**  ALL RIGHT.

22       WELL, BRING IN THE SET THAT YOU'RE SUGGESTING SO WE CAN

23   TAKE A LOOK.

24        **MR. COUGHLIN:**  AND, YOUR HONOR -- AND THERE IS AN

25   ISSUE, YOUR HONOR.  THE -- LET'S SAY YOU CAN TAKE AN IPOD FROM

1    THAT ERA.  WHAT'S HAPPENING TODAY AND WHAT YOU MAY BE ABLE TO,

2    YOU KNOW, PULL OUT OF THE AIR, YOU KNOW, USING A COMPUTER --

3    CERTAINLY THE COMPUTERS HAVE CHANGED THAT YOU'D BE RIPPING AND

4    BURNING ON OR DOING THINGS LIKE THAT, SO THE WHOLE, YOU KNOW,

5    THE -- THE GIG, SO TO SPEAK -- THE GIGABYTES THAT ARE

6    AVAILABLE ON YOUR IPHONE OR ANYTHING ELSE ARE JUST TOTALLY

7    DIFFERENT.  AND SO THE EXPERIENCE IS TOTALLY DIFFERENT.

8        THESE THINGS NOW FLASH UP IN A FLASH, WHERE THEY DIDN'T --

9    I MEAN, YOU'LL -- YOU'LL SEE DOCUMENTS HERE THAT SAYS IT TAKES

10   APPROXIMATELY 3.5 SECONDS FOR -- FOR THE SONG TO COME UP.

11   WOULD THAT HAPPEN TODAY?  NO, IT WOULD BE --

12           **THE COURT:**  WELL, BUT THAT'S THE QUESTION.

13           **MR. COUGHLIN:**  SO I HAVE A PROBLEM WITH THAT.

14   THAT'S -- SORRY.

15           **THE COURT:**  NO.  THE JURY -- THE JURY WILL HAVE TO

16   PUT THEMSELVES BACK INTO THE ERA.  AND THE QUESTION IS HOW TO

17   BEST GET THEM BACK THERE.  HOW ARE WE GOING TO DO THAT IF THEY

18   HAVE A DEVICE THAT THE EVIDENCE SHOWS -- AND, YOU KNOW, ALL OF

19   THIS HAS TO -- TO COME OUT.  IT'S NOT GOING TO JUST GO IN

20   THERE WITHOUT SOME CONTEXT, WITHOUT SOME EVIDENCE, WITHOUT

21   SOME TESTIMONY EXPLAINING THINGS.

22       CLEARLY ONE OF THE ISSUES IN THIS CASE IS WHAT WAS THE

23   POINT OF 7.0 AND 7.4.  YOU HAVE ONE VERSION, THEY HAVE ANOTHER

24   VERSION.  AND YOU BOTH WOULD LIKE TO EXCLUDE ALL OF THE

25   EVIDENCE THAT THE OTHER GUY HAS WITH RESPECT TO THEIR

1    THEORIES.  GUESS WHAT?  YOU'RE ALL WRONG.

2         THE JURY IS GOING TO GET TO HEAR IT ALL.  AND I WAS TRYING

3    TO THINK OF A GOOD ANALOGY.  HAVEN'T QUITE COME UP WITH IT

4    YET.  BUT, YOU KNOW, I DON'T KNOW, YOU HAVE SOME RECIPES.

5    YOU'VE GOT SOME BASIC -- SOME BASIC -- SOME BASIC INGREDIENTS,

6    AND ONE SAYS IT MAKES COOKIES AND THE OTHER ONE SAYS IT MAKES

7    BREAD.  JURY GETS TO DECIDE.

8         AND -- AND IF THIS IS GOING TO -- IF THERE IS SOME -- SOME

9    WAY TO HELP THEM IN THEIR DECISION-MAKING PROCESS THAT HAS AN

10   EVIDENTIARY BASIS WITHOUT BEING OVERLY PREJUDICIAL, THEN I'M

11   GOING TO HEAR IT.  AND I THINK IT'S PROBABLY -- THERE'S SOME

12   VALIDITY TO IT.

13        DO I NEED TO SEND IN FIFTEEN DEVICES?  I DON'T KNOW THAT I

14   NEED TO DO THAT.

15             **MR. COUGHLIN:**  AND --

16        **THE COURT:**  PERHAPS TWO, PERHAPS THREE.  BUT UNTIL I

17   HAVE THE ACTUAL DEVICES, I'M NOT MAKING ANY DECISIONS.  UNTIL

18   THEY HAVE THE ACTUAL DEVICES AND CAN TEST THAT, THEY'RE NOT

19   COMING IN.  AND THEN HOW ARE YOU GOING TO DECIDE?  ARE YOU

20   PUTTING IN HANDEL'S MESSIAH OR COUNTRY WESTERN?  WHAT ARE

21   GOING TO DO?

22             **MR. COUGHLIN:**  WE'RE GOING WITH COUNTRY WESTERN, YOUR

23   HONOR.

24             **THE COURT:**  YEAH, YOU KNOW, GEORGE STRAIT, YOU COULD

25   HAVE THE GREATEST HITS OF ALL GENRES.