# JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: +1.415.626.3939 • FACSIMILE: +1.415.875.5700

Direct Number: (415) 875-5745
dkiernan@JonesDay.com

JP006236                                     November 30, 2014

<u>VIA CM/ECF FILING</u>

Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California
Oakland Branch
1301 Clay Street
Oakland, CA 94612

      Re:    *Apple iPod iTunes Antitrust Litigation*; Case No. C-05-0037

Dear Judge Gonzalez Rogers:

      Apple respectfully requests the Court's assistance at tomorrow's pretrial conference in resolving a dispute between the parties over redactions Apple has proposed to a small number of trial exhibits to protect highly confidential trade secrets, source code, and contract terms, all of which have been marked either as "Confidential – Attorneys Eyes Only" and/or "Restricted Source Code" pursuant to the Protective Order (ECF No. 112) or Supplemental Protective Order (ECF No. 395). Plaintiffs have indicated that they likewise will raise this issue with the Court at tomorrow's hearing.

      Apple has tried to reach an agreement with Plaintiffs' counsel regarding the scope of the limited redactions Apple made to a small number of exhibits. Early last week, the parties agreed that Apple would send proposed redactions to Plaintiffs' counsel on Wednesday and that Plaintiffs would respond on Friday. On Friday, after indicating that they believed that some of the redactions were over broad, Plaintiffs' counsel led us to believe that they would consider the redactions and that the parties could reach an agreement. Hopeful that the parties could do so without assistance of the Court, Apple made significant compromises, including removing redactions entirely from some documents and narrowing redactions on the remaining documents. Apple also asked Plaintiffs counsel to identify any redactions that would cause prejudice to Plaintiffs in presenting their case. Despite Apple's good faith efforts to come to a reasonable solution on how to protect Apple's trade secrets and other proprietary information, Plaintiffs advised us today that they will not accept any redactions other than to actual source code.

      Of the several hundred documents that are on the parties' exhibit lists, Apple requested redactions to only a subset of documents falling within three categories:

SFI-620879956v2

ALKHOBAR • AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • JEDDAH • LONDON • LOS ANGELES • MADRID
MEXICO CITY • MIAMI • MILAN • MOSCOW • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • RIYADH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

1.  **Documents Containing Confidential Source Code and/or Detailed Technical Descriptions of Apple's DRM.**

    Apple has proposed redactions to 34 exhibits that contain highly confidential, proprietary trade secrets regarding Apple's FairPlay technology and source code for the FairPlay technology.[1] Although Plaintiffs agree that source code should remain confidential and thus not shown to the jury, they are unwilling to agree to any redactions to technical descriptions of FairPlay. The technical descriptions of FairPlay are highly protected trade secrets, and Apple uses physical and electronic controls to protect it. *See* Kiernan Decl. Ex. 1, ¶ 3. The efficacy of FairPlay, including its ability to protect copyrighted material from piracy, is dependent on the confidentiality of information regarding its operation and maintenance. *Id.* Only a few Apple employees have access to and work on FairPlay technology, and they work in a restricted area at Apple's headquarters. *Id.* The redacted portions relate to FairPlay technology that is still in use or provides the theoretical and/or technological foundation upon which subsequent generations of FairPlay are based. Accordingly, harm to Apple would result from the public disclosure of the information. *Id.* & Kiernan Decl, Ex. 1, ¶ 3.

    Apple's redactions are limited to protecting its trade secrets. It has not redacted the technical descriptions of the challenged updates other than information that would allow someone to reverse engineer the code. Nor has it redacted general descriptions of FairPlay. Finally, Apple invited Plaintiffs to discuss each redaction so that Plaintiffs could explain any prejudice. Plaintiffs have failed to respond to Apple's requests to reach agreements on the proposed redactions.

2.  **Contracts with Record Labels**

    There are 11 exhibits (several of which are duplicative) that consist of Apple's agreements with the record labels.[2] Apple seeks to redact confidential pricing terms and other confidential provisions for several reasons. Each of these contracts are subject to confidentiality provisions, and the pricing terms and other sensitive business terms that Apple seeks to redact are recognized trade secrets.[3] Kiernan Decl., Ex. 2, ¶ 3. Disclosing these terms would put Apple

---

[1] These exhibits include TX 2, 18- 20, 44, 221, 244, 246, 255, 298, 299, 300, 305, 309, 312, 313, 320, 327, 338, 714, 842, 872, 934- 937, 2019, 2165, 2253, 2269, 2338, 2339, 2701 and 2771. However, ten of these exhibits are all versions of the same document and the same redactions apply to each version.

[2] These exhibits include TX 46, 49, 50, 58, 62, 2022, 2023, 2028, 2378-80.

[3] *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as

Honorable Yvonne Gonzalez Rogers
November 30, 2014
Page 3

at a disadvantage when negotiating with other content providers because it would disclose its previous agreements.  Just as important, each record label requested that the provisions be redacted to avoid harm to them that would result if their competitors were able to see their confidential contract terms.  Kiernan Decl., ¶¶ 4-5.  Finally, none of the portions Apple seeks to redact are relevant to this litigation.

### 3.     Reseller and/or Wholesaler Agreements[4]

As with the confidentiality concerns with respect to the label agreements, Apple sought to apply narrow redactions to six exhibits related to Apple's contracts with resellers and/or wholesalers.[5]  Apple has applied limited redactions pertaining solely to financial terms that could harm Apple's bargaining position if publicly disclosed.  Courts have recognized such adverse impacts on contract negotiations as a compelling reason to support the sealing of documents.  *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (9th Cir. 2013) (applying compelling reasons standard and recognizing that the disclosure of confidential financial information could prejudice Apple in future contract negotiations); *see also Rainbow Bus. Solutions*, 2013 U.S. Dist. LEXIS 67190, at *9.

In addition, Apple asked Plaintiffs' counsel whether it was waiving confidentiality of the terms on behalf of the resellers, which Plaintiffs' counsel purports to represent as absent class members in this litigation.  Plaintiffs have not responded.

Apple respectfully requests that the Court allow the parties to present arguments regarding redacting these exhibits at the pretrial conference scheduled for Monday, December 1, 2014, at 9:00 a.m.

---

(continued…)

pricing arrangement . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

[4]Despite the existence of confidentiality clauses in each of the reseller agreements and class counsel's role as attorneys for the reseller class, class counsel has continued to dispute the confidential nature of these agreements.  It is not clear whether class counsel is waiving confidentiality on behalf of its reseller clients or why class counsel is pushing for the public disclosure of documents that the resellers and Apple are bound to keep confidential.

[5] These exhibits include TX 30, 33, 111, 196, 215 and 216.

SFI-620879956v2

JONES DAY

Honorable Yvonne Gonzalez Rogers
November 30, 2014
Page 4

                                      Respectfully submitted,

                                      /s/ David C. Kiernan

                                      David C. Kiernan

cc:      Counsel for Plaintiffs (via ECF)

SFI-620879956v2