1  William A. Isaacson (Admitted Pro Hac Vice)
   (wisaacson@bsfllp.com)
2  Karen L. Dunn (Admitted Pro Hac Vice)
   (kdunn@bsfllp.com)
3  Martha L. Goodman (Admitted Pro Hac Vice)
   (mgoodman@bsfllp.com)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. (State Bar No. 212213)
   (jcove@bsfllp.com)
8  Kieran P. Ringgenberg (State Bar No. 208600)
   (kringgenberg@bsfllp.com)
9  Meredith R. Dearborn (State Bar No. 268312)
   (mdearborn@bsfllp.com)
10 BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
11 Oakland, CA 94612
   Telephone: (510) 874-1000
12 Facsimile: (510) 874-1460

13 David C. Kiernan (State Bar No. 215335)
   dkiernan@jonesday.com
14 JONES DAY
   555 California Street, 26th Floor
15 San Francisco, CA  94104
   Telephone:    (415) 626-3939
16 Facsimile:    (415) 875-5700

17 Attorneys for Defendant
   APPLE INC.

18

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-0037-YGR<br><br>[CLASS ACTION]<br><br>**DECLARATION OF DAVID C. KIERNAN** |
|---|---|

1   I, David C. Kiernan, declare as follows:

2   1.   I am a partner in the law firm of Jones Day, located at 555 California Street, 26th
3   Floor, San Francisco, CA 94104. I submit this declaration in support of Apple's Administrative
4   Motion to Partially File Under Seal Trial Exhibits in connection with the December 1, 2014 pre-
5   trial conference. The facts stated in this declaration are true and based upon my own personal
6   knowledge, and if called to testify to them, I would competently do so.

7   2.   The relief requested in Apple's Administrative Motion is necessary and narrowly
8   tailored to protect Apple's confidential business information.

9   3.   Plaintiffs have listed various agreements between Apple and the record labels as
10  potential trial exhibits. These include Exhibits 46, 49, 50, 58, 62, 2022, 2023, 2028, 2378-80. I
11  am familiar with the record label and reseller contracts listed on Plaintiffs' exhibit list and am
12  aware that they are subject to confidentiality clauses and not publicly shared by Apple. I am
13  further aware that the contracts do not contain identical terms.

14  4.   Notice of potential disclosure of the terms of Apple's contracts with the record
15  labels was served on representatives of Warner Music Group Corp., Universal Music Group
16  Recordings, Inc. and Sony Music Entertainment.

17  5.   Representatives of Warner, Universal and Sony regarding disclosure of their
18  respective contracts. Each company demanded that certain sections of their agreements (and the
19  agreements of their predecessors-in-interest) be redacted pursuant to the confidentiality clauses of
20  the contracts.

21  6.   The redacted portions pertain to pricing terms, reporting provisions, and other
22  negotiated terms that the labels requested remain confidential. Public disclosure of these terms
23  and conditions would harm Apple in several ways, including in negotiating renewal contracts
24  with these entities or entering into agreements with other content providers who could use the
25  terms and conditions against Apple in negotiations. Public disclosure could also advantage
26  competitors negotiating with content providers.

27  7.   Attached as **Exhibit 1** is a true and correct copy of the Declaration of Jeffrey
28  Robbin in Support of Apple's Administrative Motion to Seal Portions of Apple's Renewed

Motion for Summary Judgment, originally filed January 18, 2011, ECF No. 467.

8. Attached as **Exhibit 2** is a true and correct copy of the Declaration of Eddy Cue in Support of Apple's Response to Plaintiffs' Administrative Motion to File Under Seal Plaintiffs' Memorandum in Opposition to Apple's Motion to Dismiss, originally filed March 29, 2010, ECF No. 350.

9. Plaintiffs have marked contracts between Apple and certain resellers as potential trial exhibits: TX 30, 33, 111, 196, 215 and 216. I am familiar with these reseller contracts and am aware that they are subject to confidentiality clauses. I am further aware that the contracts do not contain identical terms. Public disclosure of the pricing terms and conditions of the contracts would harm Apple in negotiations over renewals or negotiations with other resellers. The information could also be used by competitors when negotiating with resellers.

10. I have personally discussed the confidential nature of Apple's FairPlay Digital Rights Management ("DRM") technology with the Apple's engineers that devise and implement FairPlay protection schemes and am familiar with Apple's security measures to keep FairPlay DRM confidential. I am also familiar with the various hacker programs that attacked FairPlay. Information relating to Apple's FairPlay DRM technology is not public, should remain confidential, and has been disclosed to the plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 (ECF No. 112, hereafter "Protective Order") and supplement thereto.

11. The portions of Exhibits 2, 18- 20, 44, 221, 244, 246, 255, 298, 299, 300, 305, 309, 312, 313, 320, 327, 338, 714, 842, 872, 934- 937, 2019, 2165, 2253, 2269, 2338, 2339, 2701 and 2771 that Apple seeks to have sealed reflect highly technical descriptions of FairPlay, source code or detailed information relating to how FairPlay operates, which if made public would reduce FairPlay's efficacy or could be used to assist in reverse engineering FairPlay. These portions include information regarding FairPlay operations or code that are still in use today or that provide material information about the evolution and changes to FairPlay, which could be used by third parties to gain an understanding of how FairPlay operates. Moreover, the descriptions provide the technical foundation upon which all generations of FairPlay technology

1 are based. This information, if made public, could be used by hackers to undermine previous
2 versions of FairPlay still in use today and current versions of the technology, thereby harming
3 Apple. Also, if made public, this information could be used by hackers to attack FairPlay,
4 remove it from content, aid piracy and potentially put Apple in breach of its contracts with
5 content providers. Finally, if made public, this information could be used by Apple's competitors
6 to improve competing DRM products.

      Executed this 30th day of November, 2014 in San Francisco, California.

                                                   */s/ David C. Kiernan*
                                                   David C. Kiernan

SFI-620879974v1