# EXHIBIT 2

Robert A. Mittelstaedt #60359
ramittelstaedt@jonesday.com
Craig E. Stewart #129530
cestewart@jonesday.com
David C. Kiernan #215335
dkiernan@jonesday.com
Michael T. Scott #255282
michaelscott@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION. | Case No. C 05-00037 JW (HRL)<br>C 06-04457 JW (HRL)<br><br>**DECLARATION OF EDDY CUE IN SUPPORT OF DEFENDANT'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL** |

I, Eddy Cue, declare as follows:

1.   I am Vice President, Internet Services at Apple Inc ("Apple"). I have held this position since August 2008. I have had responsibility for the iTunes Store since 2003. I make this declaration in support of Defendant's Response to Plaintiffs' Administrative Motion to File Under Seal (Doc. 343). The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

- 1 -

Decl. ISO Defendant's Response to Plaintiffs'
Administrative Motion to Seal
C 05 00037 JW (HRL), C 06-04457 JW (HRL)

2. Plaintiffs' Memorandum In Opposition To Apple's Motion To Dismiss Or, Alternatively, For Summary Judgment, and the Roach and Merrick Declarations in support thereof, include highly confidential and commercially sensitive business information, including sensitive terms of Apple's agreements with the record labels and Hewlett-Packard ("HP") and information regarding the operation of Apple's FairPlay technology.

3. Apple's agreements with record labels and HP (exhibits 2, 3, and 7 to the Merrick declaration) are subject to confidentiality provisions and have not been disclosed outside of Apple except to plaintiffs pursuant to the Stipulation and Protective Order Regarding Confidential Information entered June 13, 2007 ("Protective Order," Doc. 112). This information is non-public information from a public company that should remain confidential. Harm to Apple would result from the public disclosure of this highly confidential information. For example, the disclosure of confidential contract terms and communications regarding those terms would adversely impact Apple's bargaining position in future dealings with current and potential business partners.

4. Exhibits 2 and 3 also contain information regarding Apple's FairPlay technology. Apple's practices are that such information is to be kept highly confidential and must not be publicly disclosed. Apple's FairPlay technology is a highly protected trade secret, and Apple uses physical and electronic controls to protect it. The efficacy of FairPlay is dependent on the confidentiality of information regarding its operation and maintenance. Information regarding FairPlay is non-public, proprietary information from a public company that should remain confidential. Harm to Apple, including potential use of the information by hackers attempting to circumvent FairPlay, would result from the public disclosure of the information.

5. Exhibits 4 and 5 are internal Apple e-mails containing highly confidential and commercially sensitive business information, including discussions regarding potential public comments regarding RealNetworks' Harmony technology and updates to FairPlay to stop a hack. This information is non-public information that has been kept highly confidential and has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. Harm to Apple would result from the public disclosure of this information.

6. Exhibit 9 is an internal Apple email regarding updates to iTunes and FairPlay, which is kept highly confidential and has not been disclosed outside of Apple except to plaintiffs pursuant to the Protective Order. As discussed above, disclosure of the details of FairPlay would cause harm to Apple.

Executed this 29 day of March, 2010 in Cupertino, California.

*Eddy Cue*
Eddy Cue

I, as filer, attest that Eddy Cue has concurred in the filing of this document pursuant to General Order No. 45.

/s/ David Kiernan
David Kiernan

SFI-637130v1