# Robbins Geller
# Rudman & Dowd LLP

Atlanta        Chicago        Melville        Philadelphia        San Francisco
Boca Raton     Manhattan      Nashville       San Diego          Washington, DC

Bonny E. Sweeney
bonnys@rgrdlaw.com

December 1, 2014

<u>VIA ECF</u>

The Honorable Judge Yvonne Gonzalez Rogers
United States District Court
    Nothern District of California
Oakland Courthouse
1301 Clay Street, Courtroom 1 – 4th Floor
Oakland, CA  94612

      Re:    *The AppleiPod iTunes Antitrust Litigation*
           Case No. C-05-0037-YGR

Dear Judge Gonzalez Rogers:

      Plaintiffs write to respond to Apple's late-night filing last night and provide more detail about the troubling issue that recently surfaced regarding the use of Apple documents at trial.  After having Plaintiffs' exhibit list for months, less than a week before trial, Apple now asserts confidentiality concerns over a wide swath of trial exhibits and, for the first time, seeks to prevent their use at trial.  Apple did not object to the use of these documents on September 30, 2014 when it originally received Plaintiffs' exhibit list, and, for the majority of these documents, Apple stipulated to their admission.  It wasn't until Tuesday, November 25, 2014 that Apple requested a meet and confer about "how to handle documents containing confidential info at trial."  *See* Attachment 1 (Medici and Amiri email chain).  During that meet and confer, Plaintiffs informed Apple that they would consider very limited redactions to three categories of documents, provided that Apple could give Plaintiffs a "compelling reason" as required by the law and provided that Apple would give Plaintiffs proposed redactions to every exhibit on the parties' exhibit lists that contained purported confidential information by Wednesday.  *Kamakana v. City & County of Honolulu*, 447, F.3d 1172, 1178 (9th Cir. 2006).

      On Wednesday evening, Apple provided "sample redactions" – not a complete set of redactions—to certain categories of documents, and provided Plaintiffs with absolutely no basis, let alone "compelling reasons" as to why these documents should be sealed.  Beyond a statement made by an attorney on the meet and confer call Tuesday, November 25, 2014, Apple has provided no basis for the sealing of these documents.  In fact, until last night's letter, there were declarations

## Robbins Geller
## Rudman & Dowd LLP

December 1, 2014
Page 2

from Apple employees, and not even a written explanation by counsel, despite Plaintiffs' request. *See* Attachment 1. And now, they only support the request to years-old material with scant declarations from 3 and 4 years ago. Further, these redactions are far broader than Apple indicated they would be on the meet and confer. Apple's tardy attempts to prevent Plaintiffs from using certain documents, which risk throwing off the trial schedule, should be rejected. After Plaintiffs told Apple these redactions were overbroad, inconsistent with past practice and unjustified, Apple provided a different set of redactions, to different documents and provided them to Plaintiffs on Sunday (yesterday) afternoon at 12:30 p.m. *See id.* Then they provided another set at 2:03 p.m. *Id.* Then another set at 6:20 p.m. Id. They then took another position at 7:31 p.m. last night. *Id.* Plaintiffs informed Apple that it was busy preparing for trial and could not spend all their time dealing with Apple's seriatim proposals and ever-changing position. *Id.*

Apple wishes to shield from public disclosures documents which contain "source code." Plaintiffs told Apple that they would consider any redactions to actual source code that Apple might provide. Plaintiffs were surprised when they received Apple's incomplete proposed redactions, which contained publicly available information and information that was plainly not source code. Plaintiffs are prepared to provide the Court with examples at today's hearing of Apple's proposed redactions. Suffice it to say the redactions are sloppy, inconsistent with past practice and over-inclusive. On Friday and on Sunday, Plaintiffs told Apple that such a blunderbuss approach to redactions to trial exhibits was over-inclusive, that "Plaintiffs should not have to monitor themselves and present less than the full evidence without good reason," and that Apple's proposal was inappropriate because Apple provided no basis for seeking to seal that information, let alone "compelling reasons." *See* Attachment 1.

Apple also wishes to seal contracts from a decade ago. Again, Apple did not even attempt to provide any justification for these redactions. They have provided no basis for this aside from attorney proffer. Redactions to contracts—some of which are more than 10 years old—are wholly inappropriate, especially without basis.

Plaintiffs respectfully request time at the December 1, 2014 conference to discuss these issues.

Respectfully submitted,

PATRICK J. COUGHLIN

cc:    Defendant's Counsel (via ECF)

987386_1

**ROBBINS GELLER**
**RUDMAN & Dowd** LLP

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 1, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 1, 2014.

s/ Patrick J. Coughlin
PATRICK J. COUGHLIN

ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)

E-mail:       patc@rgrdlaw.com

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,ttualaulelei@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Suzanne Elizabeth Jaffe**
  SJAFFE@BSFLLP.COM,jchavez@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,cduong@bsfllp.com,dnasca@bsfllp.com,span@bsfllp.com,irivera@BSFL

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`

# ATTACHMENT 1

## Carmen Medici

| | |
|---|---|
| **From:** | Amir Amiri <aamiri@jonesday.com> |
| **Sent:** | Sunday, November 30, 2014 7:31 PM |
| **To:** | Carmen Medici |
| **Cc:** | 'David Kiernan'; Meredith Dearborn; Martha Goodman; Xan Bernay; scott_murray@apple.com; William Isaacson |
| **Subject:** | *Confidential: Re: Re: RE: Re: RE: RE: RE: Confidential information |

Carmen, We haven't heard back from you regarding our revised requests. We have been working hard on the confidentiality issues and have made significant compromises, including removing redactions entirely from documents. I would like to see whether we can reach an agreement before the hearing tomorrow. Here's the status:

**Cloakware**: We are withdrawing the request not to mention the Apple/Cloakware relationship. This also means that the name "Cloakware" doesn't need to be redacted from documents. There are two Cloakware documents that we redacted, which reflect vulnerabilities identified by Cloakware and proposals on how to fix them.

**Reseller Agreements:** As you know, the Reseller Agreements are governed by non-disclosure agreements. We made very limited redactions, redacting only the pricing terms on returns that negotiated by individual resellers. Your firm has taken the position that it represents the resellers as absent class members in this litigation. As such, it has a duty to represent their interests, which includes protecting against the public disclosure of their confidential information. Are you waiving the confidentiality provisions on behalf of the resellers?

**HP & Motorola Contracts:** We have withdrawn the redactions.

**Label Agreements:** We ask that you reconsider your position. We have made very limited redactions to the labels agreements, which cover information that has no relevance to the claims or defenses in the lawsuit. Apple has an interest in keeping the redacted information confidential. First, under the terms of the contracts, Apple agreed to keep the terms and conditions confidential. Second, Apple could be harmed in negotiations with other content providers if the terms were to become public. Third, each of the labels have insisted that the pricing terms and other commercially sensitive information be redacted so that other content providers do not see the terms each of them negotiated. Again, very small portions of the contracts have been redacted, none of which has any relevance to the case.

**Source Code**: As I understand where we are, Plaintiffs agree that actual source code will be redacted and not shown to the jury.

**Technical descriptions of FairPlay:** As noted below, we have removed redactions from several documents and made significant modifications to the remaining documents. As we've explained, technical descriptions of FairPlay are valuable trade secrets that are closely guarded by Apple. Public disclosure of this technology harms Apple for at least the following reasons: allowing hackers to circumvent the DRM protections, placing Apple in breach of its contracts with content providers, and allowing Apple's competitors to use Apple technological know-how to improve competing DRM schemes. Additionally, many of the redactions are of information that has no relevance to the current litigation. For example, we redacted the description of FairPlay for subscription service from FairPlay Next Generation because subscription services is not at issue. If there is redacted material that Plaintiffs believe should be shown to the jury, please let us know so that we can consider how to handle.

I am available to discuss tonight.


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860

Fax +1.415.963.6850
AAmiri@JonesDay.com

From:    Amir Amiri/JonesDay
To:      Carmen Medici <cmedici@rgrdlaw.com>,
Cc:      'David Kiernan' <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com>
Date:    11/30/2014 06:20 PM
Subject: *Confidential: Re: RE: Re: RE: RE: RE: Confidential information

Carmen,

I email to provide an update on our redaction review.  We have withdrawn several requests for redaction and narrowed the vast majority of redactions we previously circulated.

## Source Code

Apple removes its request for redaction from the following trial exhibits that contain the source code stamp or technical discussions: 17, 45, 258, 259, 260 and 346 (different version of 45).

As previously indicated, we do not believe redactions to the following trial exhibits that contain the source code stamp or technical discussions are necessary:  6, 384, 585, 715, 871 and  911.

After reviewing our proposed redactions, and taking Plaintiffs concern into account, we have narrowed the scope of redactions to the following trial exhibits:  44, 244, 246 (different version of 244), 298, 299, 305, 309, 320, 327, 338, 2019, 2338 (different version of 244) and 2339 (different version of 244).  I am sending these documents to you now via FTP.

The only exhibits that remain unchanged from what we previously circulated include the following: 255, 300, 714, 824 and 872.  I have included these in the FTP transfer for your convenience.

We are continuing to review TX 2 and expect to narrow the scope of redactions to that document as well.  As you are aware, exhibits 18, 19, 20, 221, 312, 313, 2253, 2269 and 2771 are all previous versions of TX 2.  We expect the redactions that will apply to TX 2 to equally apply to these remaining exhibits.

I also note that Plaintiffs added four expert reports to their exhibit list last night.  Three of these reports already contained highlighting from previous redactions.  We have narrowed the scope of that highlighting and applied consistent highlighting to the remaining exhibit (TX 935).  These are also included in the FTP transfer.

FairPlay and the source code it is based upon are valuable trade secrets that are closely guarded by Apple.  Public disclosure of this technology harms Apple for at least the following reasons:  allowing hackers to circumvent the DRM protections, placing Apple in breach of its contracts with content providers, and allowing Apple's competitors to use Apple technological know-how to improve competing DRM schemes.  Apple has provided declarations to each of these compelling reasons and the Court has sealed such information in the past, most recently earlier this month.  *See* ECF No. 883.

## Resellers

We previously explained the compelling reasons undergirding Apple's interest in keeping sealed the confidential terms of its relationships with various business partners.  We further explained that we expected the redactions with respect to the reseller agreements to be consistent with what was redacted during the decertification briefing.  I can now confirm that to be the case.  The FTP transfer contains a zip folder with the reseller agreement redactions.

## Cloakware

We previously provided you with redactions to TX 2165 and 2701.  I have revised the scope of those redactions, limiting them to technical information and include them in the FTP transfer (in the Source Code/Technical Specifications zip folder).

Thank you.

Amir

Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

From:     Amir Amiri/JonesDay
To:       Carmen Medici <cmedici@rgrdlaw.com>,
Cc:       'David Kiernan' <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com>
Date:     11/30/2014 02:03 PM
Subject:  *Confidential: RE: Re: RE: RE: RE: Confidential information

Carmen,

In the interest of continuing to move forward on these issues and reach some agreement before tomorrow's pre-trial hearing, if possible, please be advised that we have removed proposed redactions from TX 45 (which consequently means we are not proposing redactions to TX 258, 259 or 346 which are essentially the same document).

We have narrowed the scope of redactions to TX 44, 244 and 246.  I attach those below.

We are continuing to review the remaining documents, including TX 2 and hope to have those to you shortly.

Amir

[attachment "TX 0044 2002-10-15 0000 Apple_AIIA00094571.pdf" deleted by Amir Amiri/JonesDay] [attachment "TX 0244 2005-07-07 0000 Apple_AIIA00797459.pdf" deleted by Amir Amiri/JonesDay] [attachment "TX 0246 2005-07-27 0000 Apple_AIIA00797486.pdf" deleted by Amir Amiri/JonesDay]
Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

From:     Carmen Medici <cmedici@rgrdlaw.com>
To:       'David Kiernan' <dkiernan@JonesDay.com>, Amir Amiri <aamiri@jonesday.com>,
Cc:       Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com>
Date:     11/30/2014 01:46 PM
Subject:  RE: *Confidential: Re: RE: RE: RE: Confidential information

David, Amir:

After weeks of negotiating over the admissibility of exhibits and coming to agreement on the admission of hundreds of documents, just days ago, Apple raised a whole new host of confidentiality concerns, concerns which Apple continues to refuse to fully identify.  We have explained to you how this prejudices us several times.  We have explained to you our issues with your redactions.  And Apple still refuses to address more than small parts of our concerns and supports that with only conclusory statements.  You say "there are only a handful of documents, and the redactions are minimal and consistent across the documents."  How could Plaintiffs possibly know that's true when Apple has only provided "sample redactions," inconsistent with prior redactions in this case, to dozens of documents, including redactions to approximately 75% of the pages in Trial Ex. 0002, a key document in the case?

Not only that, as you know, the standard for sealing documents is that the proponent must demonstrate "compelling reasons" why the documents should sealed and there is a presumption in favor of access to court records.  Aside from not even attempting to demonstrate "compelling reasons," David's email seems to turn this standard on its head, putting the burden—wrongly—on Plaintiffs. The Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "[T]he party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Now Apple seeks to prejudice Plaintiffs even further by providing Plaintiffs with an incomplete, inconsistent and piecemeal approach to redactions just hours before trial.  We cannot continue to address Apple's broad and ever-changing redactions to a variety of documents at this time.  These attempts to distract and disrupt Plaintiffs' trial preparation will no longer be tolerated.  We will raise the issue with the Court tomorrow.

Thanks,
Carmen


**From:** David Kiernan [mailto:dkiernan@JonesDay.com]
**Sent:** Sunday, November 30, 2014 12:47 PM
**To:** Amir Amiri
**Cc:** Carmen Medici; Meredith Dearborn; Martha Goodman; Xan Bernay
**Subject:** *Confidential: Re: RE: RE: RE: Confidential information

Following up on Amir's email, if plaintiffs will not agree to the redactions, please explain how the specific redactions prejudice Plaintiffs.  There are only a handful of documents, and the redactions are minimal and consistent across the documents, so any additional review will be minimal.  We understand that you believe that the public has a right to review Apple's and other third-party's confidential contract terms and other confidential information, but you have not yet identified any redacted information that plaintiffs intend to present to the jury.  As a result, we have been prejudiced in our ability to assess your concerns and come to a reasonable solution.  As I mentioned on the call last week and Amir offered again, if there is redacted information that plaintiffs intend to rely on, we're happy to revisit.


David C. Kiernan (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104

Direct: +415.875.5745
Fax: +1.415.875.5700
dkiernan@jonesday.com

| | |
|---|---|
| From: | Amir Amiri/JonesDay |
| To: | Carmen Medici <cmedici@rgrdlaw.com>, |
| Cc: | David Kiernan <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com> |
| Date: | 11/30/2014 12:30 PM |
| Subject: | *Confidential: RE: RE: RE: Confidential information |

Carmen,

We are continuing to narrow the scope of the redactions to source code and technical specification documents.

However, in the interest of time, I wanted to provide you with our proposed redactions to Apple's contracts with the labels, HP and Motorola.  The redactions are minimal, limited primarily to pricing terms, usage reporting and certain other negotiated clauses regarding Apple's relationship with specific business partners.

It is our position that these terms constitute Apple trade secrets and compelling reasons exist to justify sealing the proposed redactions.  *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangement . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

Apple faces harm if the confidential terms of its agreements are made public for various reasons, including reduced bargaining vis-a-vis potential business partners that receive an unfair advantage from becoming privy to the confidential terms of Apple's agreements with other parties.  *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (9th Cir. 2013) (applying compelling reasons standard and recognizing that the disclosure of confidential information could prejudice Apple in future contract negotiations).

We are hopeful that Plaintiffs are agreeable to these redactions.  We will follow-up with narrowed source code redactions as soon as possible.

Thank you,

Amir


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

From:   Carmen Medici <cmedici@rgrdlaw.com>
To:     'Amir Amiri' <aamiri@jonesday.com>,
Cc:     David Kiernan <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan
        Bernay <XanB@rgrdlaw.com>
Date:   11/29/2014 07:05 PM
Subject: RE: *Confidential: RE: RE: Confidential information

Amir,

We agree to disagree about what you said you would provide.  The important part is that Apple waited months after receiving the exhibit list to raise the issue with Plaintiffs, never objected to the admission of the documents on confidentiality grounds (and in fact stipulated to the admission of several of the documents), and then, when they did finally provide Plaintiffs with a proposal days before trial, it was incomplete.  On this ground alone, Apple's redactions are unmerited.

To your point that we "didn't object" to sealing portions of the record earlier: Not objecting to the sealing of information in advance of trial is different than agreeing to its sealing during trial.  The interest in an open courtroom and the interest in presenting our case in a way where we are not disadvantaged are present now, and weren't during the briefing.  Recall that we did not take a position on the reseller documents, and it is difficult to understand how a decade old contract about a product that is not even made or sold anymore can be properly sealed.

To that end, we urge you to provide us with substantially narrower redactions to documents Apple contends contain source code, which we will consider.  We do not believe that Apple can present "compelling reasons" for sealing anything other than actual source code.  We hear your stance that source code narrative and potential business strategies is something that Apple feels strongly about, but we have yet to see any credible explanation of how it could potentially harm Apple.  Plaintiffs have reviewed the prior declarations supplied by Apple in support of sealing similar information and are unpersuaded that it satisfies the high standard for preventing information from being disclosed at trial.  It would be helpful if you would provide specific and particularized potential harm rather than blanket conclusions like "[it] would obviously harm Apple."  How?  Who says so?  How do they know?  Is there law that supports this?  This goes for all the categories of documents.  Apple needs to provide a basis for the sealing beyond an oral attorney proffer.

We do not believe that any of the contracts can be properly redacted, but remain open to considering your redactions in advance of the hearing.  But time is of the essence.

Thanks,
Carmen

**From:** Amir Amiri [mailto:aamiri@jonesday.com]
**Sent:** Saturday, November 29, 2014 5:44 PM
**To:** Carmen Medici
**Cc:** David Kiernan; Meredith Dearborn; Martha Goodman; Xan Bernay
**Subject:** *Confidential: RE: RE: Confidential information

Carmen,

We continue to believe that there is a workable solution and are hopeful that we can work through some of these issues in advance of Monday.  I would like to clarify that we did not agree to review every exhibit and provide redactions to all of them by Wednesday, November 26. We agreed to provide redactions to documents falling within the five categories and circulate them to you so that Plaintiffs and Defendant could begin the process of negotiating an agreeable scope to the

redactions for each category of documents.  As I explained, once we agreed I'd apply to the redactions to the remaining exhibits.

That being said, we are taking your comments into account.  Again, we remain hopeful that we can reach an agreement on at least some of the material prior to Monday's hearing. We are revisiting the proposed redactions to the technical specifications and descriptions that were marked as Source Code under the protective order to see if we can make narrower redactions. The goal is to apply redactions along the same lines that we applied in connection with the renewed motion to seal the MSJ and Daubert briefing last month and the DMCA filing. As we discussed then, narrative descriptions of FairPlay can still be used by hackers to circumvent the DRM protection scheme.  There are also portions that discuss potential changes and potential business strategies that could be implemented in the future. Publicly disclosing this information would obviously harm Apple.

With respect to the label contracts, while we recognize your position that nothing in these contracts is confidential, we disagree. Moreover, since circulating the proposed redactions to you on Wednesday, we have heard back from some of the record labels and they have demanded that certain terms and conditions remain confidential because they are still in effect and they do not want their competitors to know the terms. I will apply these limited redactions to the handful of label contracts and circulate them to you for your review.

Finally, with respect to the reseller agreements, we do not expect those redactions to materially differ from the redactions made two weeks ago in connection with the decertification briefing. As you recall from that filing, the redactions were narrowly-tailored and left the vast majority of the material in the public record.  Given that plaintiffs didn't object to sealing those portions of those contracts, I assume there is no objection now.

I am at the office and can be reached at 415-875-5860 if you would like to discuss.


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

| | |
|---|---|
| From: | Carmen Medici <cmedici@rgrdlaw.com> |
| To: | 'Amir Amiri' <aamiri@jonesday.com>, |
| Cc: | David Kiernan <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com> |
| Date: | 11/28/2014 10:17 PM |
| Subject: | RE: *Confidential: RE: Confidential information |

Amir-

While Plaintiffs were willing to work with Apple on sensitive materials that will be used at trial, its proposal doesn't does not address many of Plaintiffs' concerns that were raised on our November 25, 2014 call and my email of the same date.  We intend on raising this issue with the Court on Monday, and will likely preview the issue by letter.  We are too close to trial to wait any longer.

There are a number of problems with Apple's incomplete and tardy proposal, which was first raised a week before trial.  First, Apple

provided only "sample redactions" after telling Plaintiffs that it would provide redactions to all exhibits on the exhibit list it wished to redact. We cannot agree to an open-ended proposal without having concrete borders of what we can refer to. We again reject your suggestion that we should reveal to Apple what documents we intend on using at trial. In addition to giving Apple an unfair litigation advantage, it requires that Plaintiffs divert resources from trial preparation every day in order to alert Apple to documents it might use. This proposal is even more impracticable for Plaintiffs when Apple is putting its case on—given Apple's recent changes in defenses and theory, Plaintiffs have no way of knowing what evidence Apple will present.

Second, Apple's redactions are over-inclusive. There is information in the sample redactions you provided that is not properly included as "source code." For instance, we have previously met and conferred on the information that is redacted on Apple_AIIA_B_000012, but it is redacted. As another example, the reference to GUID on Apple_AIIA_B_000013 is basic cryptology and refers to a process that was being used 10 years ago. Is it still in use by Apple? And even if it is, why would Apple have an interest in sealing it? *See also, e.g. id.* at Apple_AIIA_B000071-72 (redacting basic information). Again, Apple does not even attempt to describe any "compelling reasons." As we said below and mentioned on our call, Plaintiffs should not have to monitor themselves and present less than the full evidence without good reason; it is distracting to both Plaintiffs and the jury. Plaintiffs understand that some source code may be properly sealed should Apple insist on it, but the extensive redactions to Trial Ex. 0002—a document which Apple already produced as partially redacted—are overboard. These problems infect the remainder of the redactions in the source code zip file. We are willing to consider a narrower set of redactions, but for Plaintiffs to consider anything further, redactions must be made to all documents where Apple wishes to limit Plaintiffs (as Apple told Plaintiffs they would do in the first instance), and Apple must give a basis for the redactions. Finally, if any source code is redacted, Plaintiffs intend on requesting a jury instruction, and also reserve their rights to request that similar explanatory language be put on all redactions.

Third, Apple has not even attempted to describe how the name of a company with which it did business a decade ago can be prevented from public disclosure. Indeed, Apple has been aware for at least days that this so-called sensitive information has been publicly available, but has done nothing to remedy the issue.

Fourth, Plaintiffs appreciate that Apple is undertaking its contractual notice obligations, but maintain that nothing in the contracts is sealable, no matter what position the counterparties take.

For these reasons, we are at impasse regarding all but the source code documents. However, given the time constraints, Plaintiffs believe raising these issues for resolution Monday is the best course. I'm around all weekend if you want to talk.

Thanks,
Carmen


**From:** Amir Amiri [mailto:aamiri@jonesday.com]
**Sent:** Wednesday, November 26, 2014 9:15 PM
**To:** Carmen Medici
**Cc:** David Kiernan; Meredith Dearborn; Martha Goodman; Xan Bernay
**Subject:** *Confidential: RE: Confidential information

Carmen,

While Apple disagrees with your position that it does not have "compelling reasons" to seal trial exhibits falling within the five categories of sensitive information identified in your email below and discussed during our telephone call yesterday, we remain hopeful that we can agree on a solution and path forward so that both parties can limit logistical hurdles and focus their energies on presenting their case at trial. We agreed to provide sample redactions to the documents that fall within the five categories so that Plaintiffs and Apple can reach a resolution on the scope of the redactions going forward.

I address each category in turn:

Category 1:  Third Party Consultant Documents

The exhibit list descriptions identify TX 110, 150, 910, 2165, 2283, and 2701 as relating to the third party. I have applied proposed redactions to TX 150, 910, 2165, 2283, and 2701. We have not yet applied proposed redactions to TX 110 (but have circulated it to the third party to request their input). To the extent other exhibits refer to the third party, we believe redacting the name of the third party would be sufficient to protect Apple's interests.

Category 2: Source Code and Technical Specifications

Because the exhibit lists contain various versions of some documents (e.g. FairPlay Next Generation, DRM Overview), I have applied redactions to only one version of those documents.  If we can agree to the scope, we will apply these redactions to the various other versions of the documents.

Categories 3-5:  Contracts

We have contacted the contracting entities to inform them that the contracts will be used at trial.  We are waiting to hear back from them regarding any specific sections they request to have redacted.

With respect to the record label contracts, we expect at least some of the labels to insist on redaction of the wholesale prices listed in the contract and sections relating to third party rights.  We will provide proposed redactions to these documents as soon as they are available.

***

Separately, during our call we mentioned the possibility of Plaintiffs identifying those portions of exhibits they are relying upon that implicate the five categories of sensitive information. The goal was to consider could consider the feasibility of excerpting the documents, thereby providing Plaintiffs with the sections Plaintiffs intend to rely on while also protecting Apple's confidentiality interests.  While we understand that your concern in divulging Plaintiffs' litigation strategy by providing Apple with this material, we continue to believe it will be beneficial if both parties maintain an open dialogue through trial regarding the use of exhibits that implicate one of the five categories above.

Towards that end, we suggest a middle ground, whereby Plaintiffs' provide Apple with a list of exhibits (that fall within one of the five categories) they intend to introduce 24 hours in advance of the court session where they intend to introduce the exhibits.  Apple will then review the exhibit and provide Plaintiffs with necessary redactions.  To be clear, we plan to finalize as many redactions as possible before the beginning of trial, but propose this solution to the extent a document mentioning the third party consultant, or marked source code does not have redactions applied in advance.  We don't expect this solution to impact the contracts.


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

| | |
|---|---|
| From: | Carmen Medici <cmedici@rgrdlaw.com> |
| To: | 'Amir Amiri' <aamiri@jonesday.com>, David Kiernan <dkiernan@JonesDay.com>, |
| Cc: | Xan Bernay <XanB@rgrdlaw.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com> |
| Date: | 11/25/2014 02:16 PM |
| Subject: | RE: Confidential information |

Amir, David:

Thank you for our call today.  While both Plaintiffs and Apple agree that most documents that were marked as confidential will come in at trial, there are some differences in the

parties' view on whether Apple can present "compelling reasons" to seal certain trial materials. Kamakana v. City & County of Honolulu, 447, F.3d 1172, 1178 (9th Cir. 2006). You indicated that there were 5 categories of documents that Apple believed were sensitive and did not want distributed publicly: 1) documents relating to a certain company that Apple did business with in 2004-2005 (and whose identity was inadvertently disclosed in documents that Apple has filed with the Court, see, e.g., ECF No. 844 (Apple's October 21, 2014 Exhibit List) at Exhibits 2165, 2283, 2699); 2) source code and technical documents; 3) contracts with the record labels; 4) certain information from contracts with resellers; and 5) the HP and Motorola contracts.

Plaintiffs requested, and Apple agreed, to provide proposed redactions to any documents on the most current exhibit list by Wednesday, November 26, 2014. Plaintiffs will review those documents and let  Apple know whether they believe the redactions are to information which Apple can demonstrate a "compelling reason" to seal by Friday. If there are any issues we have, Plaintiffs intend on promptly notifying Apple as part of the meet-and-confer process, and then if necessary, the Court, by letter suggesting we discuss at the December 1, 2014 pre-trial hearing.

Plaintiffs' position is that there is strong public policy interests in bringing what Apple did to light. This coincides with the fact that Plaintiffs should be able to present their case unencumbered by restrictions on information to which they can refer. As for 1), documents relating to that certain company that Apple did business with in 2004-2005, those documents and references are stale and can no longer be the basis of a "compelling reason" to seal. Accepting Apple's representation that the publicly revealing the company's name could potentially damage Apple, we will consider redactions and not using the company's name. Plaintiffs will consider and likely will agree to appropriate redactions to category 2) of documents. The main consideration here is that we want to present the clearest picture of what was happening at the time and the redactions are distracting and have the potential to cause confusion, so they must be limited. We reserve our right to request a jury instruction stating that Apple insisted on redacting certain documents. For categories 3) – 5), Plaintiffs do not believe that these contracts, which contain contractual information from years ago (and in the case of the reseller agreements relate to products that Apple no longer sells), can be properly shielded from public disclosure. To the extent that the contracts contain confidentiality provisions or notice obligations, it is Plaintiffs' position that because the number of contracts is so limited, Apple should be able to get consent without problem. Plaintiffs will, however, reconsider their position provided that Apple can present compelling reasons that this information should be sealed in 2014.

Thanks,
Carmen

-----Original Message-----
From: Amir Amiri [mailto:aamiri@jonesday.com]
Sent: Tuesday, November 25, 2014 8:16 AM
To: David Kiernan; Carmen Medici
Cc: Xan Bernay; Meredith Dearborn; Martha Goodman
Subject: RE: Confidential information


We can use the following dial-in:

(866) 448-1308
Code: 57012722


Amir Q. Amiri
Associate
JONES DAY® – One Firm Worldwide℠
555 California Street, 26th Floor
San Francisco, CA 94104

Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

***This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying
it and notify sender by reply e-mail, so that our records can be corrected.***


-------- Original Message --------

From :      David Kiernan/JonesDay
To :        "Carmen Medici" <cmedici@rgrdlaw.com>
Cc :        "Xan Bernay" <XanB@rgrdlaw.com>, "Amir Amiri"
<aamiri@jonesday.com>, "Meredith Dearborn" <mdearborn@BSFLLP.com>, "Martha Goodman"
<MGoodman@BSFLLP.com> Sent on : 11/25 07:43:14 AM PST Subject : RE: Confidential
information

Ok. Amir circulate dial in for whoever wants to join.



***This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying
it and notify sender by reply e-mail, so that our records can be corrected.***


-------- Original Message --------

From :      Carmen Medici <cmedici@rgrdlaw.com>
To :        David Kiernan <dkiernan@JonesDay.com>
Cc :        Xan Bernay <XanB@rgrdlaw.com>, Amir Amiri
<aamiri@jonesday.com>, "Meredith Dearborn" <mdearborn@BSFLLP.com>, Martha Goodman
<MGoodman@BSFLLP.com> Sent on : 11/25 10:41:38 AM EST Subject : RE: Confidential
information

How about noon?


-------- Original message --------
From: David Kiernan <dkiernan@JonesDay.com>
Date:11/25/2014 7:38 AM (GMT-08:00)
To: Carmen Medici <cmedici@rgrdlaw.com>
Cc: Xan Bernay <XanB@rgrdlaw.com>, Amir Amiri <aamiri@jonesday.com>, Meredith Dearborn
<mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>
Subject: Confidential information

Carmen, I assume you're the right person to talk to about how to handle documents
containing confidential info at trial. Our view is most documents are coming in without
redactions. But there are documents with highly sensitive information the public
disclosure of which would harm Apple, including source code, contract terms not at issue,
and references to Cloakware. I understand there have been discussions with the Boies team
about this. Amir is taking this on to resolution. Please let us know when you're
available today to discuss. Thanks



***This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying

it and notify sender by reply e-mail, so that our records can be corrected.***


NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and protected from
disclosure by the attorney-client privilege, as attorney work product, or by other
applicable privileges.  Any unauthorized review, use, disclosure or distribution is
prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify

sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**Carmen Medici**

| | |
|---|---|
| **From:** | Amir Amiri <aamiri@jonesday.com> |
| **Sent:** | Sunday, November 30, 2014 7:31 PM |
| **To:** | Carmen Medici |
| **Cc:** | 'David Kiernan'; Meredith Dearborn; Martha Goodman; Xan Bernay; scott_murray@apple.com; William Isaacson |
| **Subject:** | *Confidential: Re: Re: RE: Re: RE: RE: RE: Confidential information |

Carmen, We haven't heard back from you regarding our revised requests.  We have been working hard on the confidentiality issues and have made significant compromises, including removing redactions entirely from documents.  I would like to see whether we can reach an agreement before the hearing tomorrow.  Here's the status:

**Cloakware**:  We are withdrawing the request not to mention the Apple/Cloakware relationship.  This also means that the name "Cloakware" doesn't need to be redacted from documents.  There are two Cloakware documents that we redacted, which reflect vulnerabilities identified by Cloakware and proposals on how to fix them.

**Reseller Agreements:**  As you know, the Reseller Agreements are governed by non-disclosure agreements.  We made very limited redactions, redacting only the pricing terms on returns that negotiated by individual resellers.  Your firm has taken the position that it represents the resellers as absent class members in this litigation.  As such, it has a duty to represent their interests, which includes protecting against the public disclosure of their confidential information.  Are you waiving the confidentiality provisions on behalf of the resellers?

**HP & Motorola Contracts:**  We have withdrawn the redactions.

**Label Agreements:**  We ask that you reconsider your position.  We have made very limited redactions to the labels agreements, which cover information that has no relevance to the claims or defenses in the lawsuit.  Apple has an interest in keeping the redacted information confidential.  First, under the terms of the contracts, Apple agreed to keep the terms and conditions confidential.  Second, Apple could be harmed in negotiations with other content providers if the terms were to become public.  Third, each of the labels have insisted that the pricing terms and other commercially sensitive information be redacted so that other content providers do not see the terms each of them negotiated.  Again, very small portions of the contracts have been redacted, none of which has any relevance to the case.

**Source Code**:  As I understand where we are, Plaintiffs agree that actual source code will be redacted and not shown to the jury.

**Technical descriptions of FairPlay:** As noted below, we have removed redactions from several documents and made significant modifications to the remaining documents.  As we've explained, technical descriptions of FairPlay are valuable trade secrets that are closely guarded by Apple.  Public disclosure of this technology harms Apple for at least the following reasons:  allowing hackers to circumvent the DRM protections, placing Apple in breach of its contracts with content providers, and allowing Apple's competitors to use Apple technological know-how to improve competing DRM schemes.  Additionally, many of the redactions are of information that has no relevance to the current litigation.  For example, we redacted the description of FairPlay for subscription service from FairPlay Next Generation because subscription services is not at issue.  If there is redacted material that Plaintiffs believe should be shown to the jury, please let us know so that we can consider how to handle.

I am available to discuss tonight.


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860

Fax +1.415.963.6850
AAmiri@JonesDay.com

| | |
|---|---|
| From: | Amir Amiri/JonesDay |
| To: | Carmen Medici <cmedici@rgrdlaw.com>, |
| Cc: | 'David Kiernan' <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com> |
| Date: | 11/30/2014 06:20 PM |
| Subject: | *Confidential: Re: RE: Re: RE: RE: RE: Confidential information |

Carmen,

I email to provide an update on our redaction review. We have withdrawn several requests for redaction and narrowed the vast majority of redactions we previously circulated.

## Source Code

Apple removes its request for redaction from the following trial exhibits that contain the source code stamp or technical discussions: 17, 45, 258, 259, 260 and 346 (different version of 45).

As previously indicated, we do not believe redactions to the following trial exhibits that contain the source code stamp or technical discussions are necessary: 6, 384, 585, 715, 871 and 911.

After reviewing our proposed redactions, and taking Plaintiffs concern into account, we have narrowed the scope of redactions to the following trial exhibits: 44, 244, 246 (different version of 244), 298, 299, 305, 309, 320, 327, 338, 2019, 2338 (different version of 244) and 2339 (different version of 244). I am sending these documents to you now via FTP.

The only exhibits that remain unchanged from what we previously circulated include the following: 255, 300, 714, 824 and 872. I have included these in the FTP transfer for your convenience.

We are continuing to review TX 2 and expect to narrow the scope of redactions to that document as well. As you are aware, exhibits 18, 19, 20, 221, 312, 313, 2253, 2269 and 2771 are all previous versions of TX 2. We expect the redactions that will apply to TX 2 to equally apply to these remaining exhibits.

I also note that Plaintiffs added four expert reports to their exhibit list last night. Three of these reports already contained highlighting from previous redactions. We have narrowed the scope of that highlighting and applied consistent highlighting to the remaining exhibit (TX 935). These are also included in the FTP transfer.

FairPlay and the source code it is based upon are valuable trade secrets that are closely guarded by Apple. Public disclosure of this technology harms Apple for at least the following reasons: allowing hackers to circumvent the DRM protections, placing Apple in breach of its contracts with content providers, and allowing Apple's competitors to use Apple technological know-how to improve competing DRM schemes. Apple has provided declarations to each of these compelling reasons and the Court has sealed such information in the past, most recently earlier this month. *See* ECF No. 883.

## Resellers

We previously explained the compelling reasons undergirding Apple's interest in keeping sealed the confidential terms of its relationships with various business partners. We further explained that we expected the redactions with respect to the reseller agreements to be consistent with what was redacted during the decertification briefing. I can now confirm that to be the case. The FTP transfer contains a zip folder with the reseller agreement redactions.

## Cloakware

We previously provided you with redactions to TX 2165 and 2701.  I have revised the scope of those redactions, limiting them to technical information and include them in the FTP transfer (in the Source Code/Technical Specifications zip folder).

Thank you.

Amir


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com


From:    Amir Amiri/JonesDay
To:      Carmen Medici <cmedici@rgrdlaw.com>,
Cc:      'David Kiernan' <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com>
Date:    11/30/2014 02:03 PM
Subject: *Confidential: RE: Re: RE: RE: RE: Confidential information

---

Carmen,

In the interest of continuing to move forward on these issues and reach some agreement before tomorrow's pre-trial hearing, if possible, please be advised that we have removed proposed redactions from TX 45 (which consequently means we are not proposing redactions to TX 258, 259 or 346 which are essentially the same document).

We have narrowed the scope of redactions to TX 44, 244 and 246.  I attach those below.

We are continuing to review the remaining documents, including TX 2 and hope to have those to you shortly.

Amir

[attachment "TX 0044 2002-10-15 0000 Apple_AIIA00094571.pdf" deleted by Amir Amiri/JonesDay] [attachment "TX 0244 2005-07-07 0000 Apple_AIIA00797459.pdf" deleted by Amir Amiri/JonesDay] [attachment "TX 0246 2005-07-27 0000 Apple_AIIA00797486.pdf" deleted by Amir Amiri/JonesDay]
Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

From:       Carmen Medici <cmedici@rgrdlaw.com>
To:         'David Kiernan' <dkiernan@JonesDay.com>, Amir Amiri <aamiri@jonesday.com>,
Cc:         Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com>
Date:       11/30/2014 01:46 PM
Subject:    RE: *Confidential: Re: RE: RE: RE: Confidential information

---

David, Amir:

After weeks of negotiating over the admissibility of exhibits and coming to agreement on the admission of hundreds of documents, just days ago, Apple raised a whole new host of confidentiality concerns, concerns which Apple continues to refuse to fully identify.  We have explained to you how this prejudices us several times.  We have explained to you our issues with your redactions.  And Apple still refuses to address more than small parts of our concerns and supports that with only conclusory statements.  You say "there are only a handful of documents, and the redactions are minimal and consistent across the documents."  How could Plaintiffs possibly know that's true when Apple has only provided "sample redactions," inconsistent with prior redactions in this case, to dozens of documents, including redactions to approximately 75% of the pages in Trial Ex. 0002, a key document in the case?

Not only that, as you know, the standard for sealing documents is that the proponent must demonstrate "compelling reasons" why the documents should sealed and there is a presumption in favor of access to court records.  Aside from not even attempting to demonstrate "compelling reasons," David's email seems to turn this standard on its head, putting the burden—wrongly—on Plaintiffs. The Ninth Circuit "start[s] with a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  "[T]he party must articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).

Now Apple seeks to prejudice Plaintiffs even further by providing Plaintiffs with an incomplete, inconsistent and piecemeal approach to redactions just hours before trial.  We cannot continue to address Apple's broad and ever-changing redactions to a variety of documents at this time.  These attempts to distract and disrupt Plaintiffs' trial preparation will no longer be tolerated.  We will raise the issue with the Court tomorrow.

Thanks,
Carmen


**From:** David Kiernan [mailto:dkiernan@JonesDay.com]
**Sent:** Sunday, November 30, 2014 12:47 PM
**To:** Amir Amiri
**Cc:** Carmen Medici; Meredith Dearborn; Martha Goodman; Xan Bernay
**Subject:** *Confidential: Re: RE: RE: RE: Confidential information

Following up on Amir's email, if plaintiffs will not agree to the redactions, please explain how the specific redactions prejudice Plaintiffs.  There are only a handful of documents, and the redactions are minimal and consistent across the documents, so any additional review will be minimal.  We understand that you believe that the public has a right to review Apple's and other third-party's confidential contract terms and other confidential information, but you have not yet identified any redacted information that plaintiffs intend to present to the jury.  As a result, we have been prejudiced in our ability to assess your concerns and come to a reasonable solution.  As I mentioned on the call last week and Amir offered again, if there is redacted information that plaintiffs intend to rely on, we're happy to revisit.


David C. Kiernan (bio)
Partner
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104

Direct: +415.875.5745
Fax: +1.415.875.5700
dkiernan@jonesday.com

| | |
|---|---|
| From: | Amir Amiri/JonesDay |
| To: | Carmen Medici <cmedici@rgrdlaw.com>, |
| Cc: | David Kiernan <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com> |
| Date: | 11/30/2014 12:30 PM |
| Subject: | *Confidential: RE: RE: RE: Confidential information |

Carmen,

We are continuing to narrow the scope of the redactions to source code and technical specification documents.

However, in the interest of time, I wanted to provide you with our proposed redactions to Apple's contracts with the labels, HP and Motorola. The redactions are minimal, limited primarily to pricing terms, usage reporting and certain other negotiated clauses regarding Apple's relationship with specific business partners.

It is our position that these terms constitute Apple trade secrets and compelling reasons exist to justify sealing the proposed redactions. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangement . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

Apple faces harm if the confidential terms of its agreements are made public for various reasons, including reduced bargaining vis-a-vis potential business partners that receive an unfair advantage from becoming privy to the confidential terms of Apple's agreements with other parties. *See Apple, Inc. v. Samsung Elecs. Co., Ltd.*, 727 F.3d 1214, 1225 (9th Cir. 2013) (applying compelling reasons standard and recognizing that the disclosure of confidential information could prejudice Apple in future contract negotiations).

We are hopeful that Plaintiffs are agreeable to these redactions. We will follow-up with narrowed source code redactions as soon as possible.

Thank you,

Amir

Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

5

From:    Carmen Medici <cmedici@rgrdlaw.com>
To:      'Amir Amiri' <aamiri@jonesday.com>,
Cc:      David Kiernan <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan
         Bernay <XanB@rgrdlaw.com>
Date:    11/29/2014 07:05 PM
Subject: RE: *Confidential: RE: RE: Confidential information

Amir,

We agree to disagree about what you said you would provide.  The important part is that Apple waited months after receiving the exhibit list to raise the issue with Plaintiffs, never objected to the admission of the documents on confidentiality grounds (and in fact stipulated to the admission of several of the documents), and then, when they did finally provide Plaintiffs with a proposal days before trial, it was incomplete.  On this ground alone, Apple's redactions are unmerited.

To your point that we "didn't object" to sealing portions of the record earlier: Not objecting to the sealing of information in advance of trial is different than agreeing to its sealing during trial.  The interest in an open courtroom and the interest in presenting our case in a way where we are not disadvantaged are present now, and weren't during the briefing.  Recall that we did not take a position on the reseller documents, and it is difficult to understand how a decade old contract about a product that is not even made or sold anymore can be properly sealed.

To that end, we urge you to provide us with substantially narrower redactions to documents Apple contends contain source code, which we will consider.  We do not believe that Apple can present "compelling reasons" for sealing anything other than actual source code.  We hear your stance that source code narrative and potential business strategies is something that Apple feels strongly about, but we have yet to see any credible explanation of how it could potentially harm Apple.  Plaintiffs have reviewed the prior declarations supplied by Apple in support of sealing similar information and are unpersuaded that it satisfies the high standard for preventing information from being disclosed at trial.  It would be helpful if you would provide specific and particularized potential harm rather than blanket conclusions like "[it] would obviously harm Apple."  How?  Who says so?  How do they know?  Is there law that supports this?  This goes for all the categories of documents.  Apple needs to provide a basis for the sealing beyond an oral attorney proffer.

We do not believe that any of the contracts can be properly redacted, but remain open to considering your redactions in advance of the hearing.  But time is of the essence.

Thanks,
Carmen


**From:** Amir Amiri [mailto:aamiri@jonesday.com]
**Sent:** Saturday, November 29, 2014 5:44 PM
**To:** Carmen Medici
**Cc:** David Kiernan; Meredith Dearborn; Martha Goodman; Xan Bernay
**Subject:** *Confidential: RE: RE: Confidential information

Carmen,

We continue to believe that there is a workable solution and are hopeful that we can work through some of these issues in advance of Monday.  I would like to clarify that we did not agree to review every exhibit and provide redactions to all of them by Wednesday, November 26. We agreed to provide redactions to documents falling within the five categories and circulate them to you so that Plaintiffs and Defendant could begin the process of negotiating an agreeable scope to the

redactions for each category of documents.  As I explained, once we agreed I'd apply to the redactions to the remaining exhibits.

That being said, we are taking your comments into account.  Again, we remain hopeful that we can reach an agreement on at least some of the material prior to Monday's hearing. We are revisiting the proposed redactions to the technical specifications and descriptions that were marked as Source Code under the protective order to see if we can make narrower redactions. The goal is to apply redactions along the same lines that we applied in connection with the renewed motion to seal the MSJ and Daubert briefing last month and the DMCA filing. As we discussed then, narrative descriptions of FairPlay can still be used by hackers to circumvent the DRM protection scheme.  There are also portions that discuss potential changes and potential business strategies that could be implemented in the future. Publicly disclosing this information would obviously harm Apple.

With respect to the label contracts, while we recognize your position that nothing in these contracts is confidential, we disagree. Moreover, since circulating the proposed redactions to you on Wednesday, we have heard back from some of the record labels and they have demanded that certain terms and conditions remain confidential because they are still in effect and they do not want their competitors to know the terms. I will apply these limited redactions to the handful of label contracts and circulate them to you for your review.

Finally, with respect to the reseller agreements, we do not expect those redactions to materially differ from the redactions made two weeks ago in connection with the decertification briefing. As you recall from that filing, the redactions were narrowly-tailored and left the vast majority of the material in the public record.  Given that plaintiffs didn't object to sealing those portions of those contracts, I assume there is no objection now.

I am at the office and can be reached at 415-875-5860 if you would like to discuss.


Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

| | |
|---|---|
| From: | Carmen Medici <cmedici@rgrdlaw.com> |
| To: | 'Amir Amiri' <aamiri@jonesday.com>, |
| Cc: | David Kiernan <dkiernan@JonesDay.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>, Xan Bernay <XanB@rgrdlaw.com> |
| Date: | 11/28/2014 10:17 PM |
| Subject: | RE: *Confidential: RE: Confidential information |

Amir-

While Plaintiffs were willing to work with Apple on sensitive materials that will be used at trial, its proposal doesn't does not address many of Plaintiffs' concerns that were raised on our November 25, 2014 call and my email of the same date.  We intend on raising this issue with the Court on Monday, and will likely preview the issue by letter.  We are too close to trial to wait any longer.

There are a number of problems with Apple's incomplete and tardy proposal, which was first raised a week before trial.  First, Apple

provided only "sample redactions" after telling Plaintiffs that it would provide redactions to all exhibits on the exhibit list it wished to redact.  We cannot agree to an open-ended proposal without having concrete borders of what we can refer to.  We again reject your suggestion that we should reveal to Apple what documents we intend on using at trial.  In addition to giving Apple an unfair litigation advantage, it requires that Plaintiffs divert resources from trial preparation every day in order to alert Apple to documents it might use.  This proposal is even more impracticable for Plaintiffs when Apple is putting its case on—given Apple's recent changes in defenses and theory, Plaintiffs have no way of knowing what evidence Apple will present.

Second, Apple's redactions are over-inclusive.  There is information in the sample redactions you provided that is not properly included as "source code."  For instance, we have previously met and conferred on the information that is redacted on Apple_AIIA_B_000012, but it is redacted.  As another example, the reference to GUID on Apple_AIIA_B_000013 is basic cryptology and refers to a process that was being used 10 years ago.  Is it still in use by Apple?  And even if it is, why would Apple have an interest in sealing it?  *See also, e.g. id.* at Apple_AIIA_B000071-72 (redacting basic information).  Again, Apple does not even attempt to describe any "compelling reasons."  As we said below and mentioned on our call, Plaintiffs should not have to monitor themselves and present less than the full evidence without good reason; it is distracting to both Plaintiffs and the jury.  Plaintiffs understand that some source code may be properly sealed should Apple insist on it, but the extensive redactions to Trial Ex. 0002—a document which Apple already produced as partially redacted—are overboard.  These problems infect the remainder of the redactions in the source code zip file.  We are willing to consider a narrower set of redactions, but for Plaintiffs to consider anything further, redactions must be made to all documents where Apple wishes to limit Plaintiffs (as Apple told Plaintiffs they would do in the first instance), and Apple must give a basis for the redactions.  Finally, if any source code is redacted, Plaintiffs intend on requesting a jury instruction, and also reserve their rights to request that similar explanatory language be put on all redactions.

Third, Apple has not even attempted to describe how the name of a company with which it did business a decade ago can be prevented from public disclosure.  Indeed, Apple has been aware for at least days that this so-called sensitive information has been publicly available, but has done nothing to remedy the issue.

Fourth, Plaintiffs appreciate that Apple is undertaking its contractual notice obligations, but maintain that nothing in the contracts is sealable, no matter what position the counterparties take.

For these reasons, we are at impasse regarding all but the source code documents.  However, given the time constraints, Plaintiffs believe raising these issues for resolution Monday is the best course.  I'm around all weekend if you want to talk.

Thanks,
Carmen


**From:** Amir Amiri [mailto:aamiri@jonesday.com]
**Sent:** Wednesday, November 26, 2014 9:15 PM
**To:** Carmen Medici
**Cc:** David Kiernan; Meredith Dearborn; Martha Goodman; Xan Bernay
**Subject:** *Confidential: RE: Confidential information

Carmen,

While Apple disagrees with your position that it does not have "compelling reasons" to seal trial exhibits falling within the five categories of sensitive information identified in your email below and discussed during our telephone call yesterday, we remain hopeful that we can agree on a solution and path forward so that both parties can limit logistical hurdles and focus their energies on presenting their case at trial.  We agreed to provide sample redactions to the documents that fall within the five categories so that Plaintiffs and Apple can reach a resolution on the scope of the redactions going forward.

I address each category in turn:

Category 1:  Third Party Consultant Documents

The exhibit list descriptions identify TX 110, 150, 910, 2165, 2283, and 2701 as relating to the third party.  I have applied proposed redactions to TX 150, 910, 2165, 2283, and 2701.  We have not yet applied proposed redactions to TX 110 (but have circulated it to the third party to request their input).  To the extent other exhibits refer to the third party, we believe redacting the name of the third party would be sufficient to protect Apple's interests.

Category 2: Source Code and Technical Specifications

Because the exhibit lists contain various versions of some documents (e.g. FairPlay Next Generation, DRM Overview), I have applied redactions to only one version of those documents.  If we can agree to the scope, we will apply these redactions to the various other versions of the documents.

<u>Categories 3-5:</u>  Contracts

We have contacted the contracting entities to inform them that the contracts will be used at trial.  We are waiting to hear back from them regarding any specific sections they request to have redacted.

With respect to the record label contracts, we expect at least some of the labels to insist on redaction of the wholesale prices listed in the contract and sections relating to third party rights.  We will provide proposed redactions to these documents as soon as they are available.

***

Separately, during our call we mentioned the possibility of Plaintiffs identifying those portions of exhibits they are relying upon that implicate the five categories of sensitive information. The goal was to consider could consider the feasibility of excerpting the documents, thereby providing Plaintiffs with the sections Plaintiffs intend to rely on while also protecting Apple's confidentiality interests.  While we understand that your concern in divulging Plaintiffs' litigation strategy by providing Apple with this material, we continue to believe it will be beneficial if both parties maintain an open dialogue through trial regarding the use of exhibits that implicate one of the five categories above.

Towards that end, we suggest a middle ground, whereby Plaintiffs' provide Apple with a list of exhibits (that fall within one of the five categories) they intend to introduce 24 hours in advance of the court session where they intend to introduce the exhibits.  Apple will then review the exhibit and provide Plaintiffs with necessary redactions.  To be clear, we plan to finalize as many redactions as possible before the beginning of trial, but propose this solution to the extent a document mentioning the third party consultant, or marked source code does not have redactions applied in advance.  We don't expect this solution to impact the contracts.

Amir Q. Amiri
Associate
**JONES DAY® - One Firm Worldwide℠**
555 California Street, 26th Floor
San Francisco, CA 94104
Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

| | |
|---|---|
| From: | Carmen Medici <cmedici@rgrdlaw.com> |
| To: | 'Amir Amiri' <aamiri@jonesday.com>, David Kiernan <dkiernan@JonesDay.com>, |
| Cc: | Xan Bernay <XanB@rgrdlaw.com>, Meredith Dearborn <mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com> |
| Date: | 11/25/2014 02:16 PM |
| Subject: | RE: Confidential information |

Amir, David:

Thank you for our call today.  While both Plaintiffs and Apple agree that most documents that were marked as confidential will come in at trial, there are some differences in the

parties' view on whether Apple can present "compelling reasons" to seal certain trial materials.  Kamakana v. City & County of Honolulu, 447, F.3d 1172, 1178 (9th Cir. 2006).  You indicated that there were 5 categories of documents that Apple believed were sensitive and did not want distributed publicly: 1) documents relating to a certain company that Apple did business with in 2004-2005 (and whose identity was inadvertently disclosed in documents that Apple has filed with the Court, see, e.g., ECF No. 844 (Apple's October 21, 2014 Exhibit List) at Exhibits 2165, 2283, 2699); 2) source code and technical documents; 3) contracts with the record labels; 4) certain information from contracts with resellers; and 5) the HP and Motorola contracts.

Plaintiffs requested, and Apple agreed, to provide proposed redactions to any documents on the most current exhibit list by Wednesday, November 26, 2014.  Plaintiffs will review those documents and let  Apple know whether they believe the redactions are to information which Apple can demonstrate a "compelling reason" to seal by Friday.  If there are any issues we have, Plaintiffs intend on promptly notifying Apple as part of the meet-and-confer process, and then if necessary, the Court, by letter suggesting we discuss at the December 1, 2014 pre-trial hearing.

Plaintiffs' position is that there is strong public policy interests in bringing what Apple did to light.  This coincides with the fact that Plaintiffs should be able to present their case unencumbered by restrictions on information to which they can refer.  As for 1), documents relating to that certain company that Apple did business with in 2004-2005, those documents and references are stale and can no longer be the basis of a "compelling reason" to seal.  Accepting Apple's representation that the publicly revealing the company's name could potentially damage Apple, we will consider redactions and not using the company's name.  Plaintiffs will consider and likely will agree to appropriate redactions to category 2) of documents.  The main consideration here is that we want to present the clearest picture of what was happening at the time and the redactions are distracting and have the potential to cause confusion, so they must be limited.  We reserve our right to request a jury instruction stating that Apple insisted on redacting certain documents.  For categories 3) – 5), Plaintiffs do not believe that these contracts, which contain contractual information from years ago (and in the case of the reseller agreements relate to products that Apple no longer sells), can be properly shielded from public disclosure.  To the extent that the contracts contain confidentiality provisions or notice obligations, it is Plaintiffs' position that because the number of contracts is so limited, Apple should be able to get consent without problem.  Plaintiffs will, however, reconsider their position provided that Apple can present compelling reasons that this information should be sealed in 2014.


Thanks,
Carmen

-----Original Message-----
From: Amir Amiri [mailto:aamiri@jonesday.com]
Sent: Tuesday, November 25, 2014 8:16 AM
To: David Kiernan; Carmen Medici
Cc: Xan Bernay; Meredith Dearborn; Martha Goodman
Subject: RE: Confidential information


We can use the following dial-in:

(866) 448-1308
Code: 57012722


Amir Q. Amiri
Associate
JONES DAY® – One Firm Worldwide℠
555 California Street, 26th Floor
San Francisco, CA 94104

Office +1.415.875.5860
Fax +1.415.963.6850
AAmiri@JonesDay.com

***This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying
it and notify sender by reply e-mail, so that our records can be corrected.***


-------- Original Message --------

From :      David Kiernan/JonesDay
To :        "Carmen Medici" <cmedici@rgrdlaw.com>
Cc :        "Xan Bernay" <XanB@rgrdlaw.com>, "Amir Amiri"
<aamiri@jonesday.com>, "Meredith Dearborn" <mdearborn@BSFLLP.com>, "Martha Goodman"
<MGoodman@BSFLLP.com> Sent on : 11/25 07:43:14 AM PST Subject : RE: Confidential
information

Ok. Amir circulate dial in for whoever wants to join.


***This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying
it and notify sender by reply e-mail, so that our records can be corrected.***


-------- Original Message --------

From :      Carmen Medici <cmedici@rgrdlaw.com>
To :        David Kiernan <dkiernan@JonesDay.com>
Cc :        Xan Bernay <XanB@rgrdlaw.com>, Amir Amiri
<aamiri@jonesday.com>, "Meredith Dearborn" <mdearborn@BSFLLP.com>, Martha Goodman
<MGoodman@BSFLLP.com> Sent on : 11/25 10:41:38 AM EST Subject : RE: Confidential
information

How about noon?


-------- Original message --------
From: David Kiernan <dkiernan@JonesDay.com>
Date:11/25/2014 7:38 AM (GMT-08:00)
To: Carmen Medici <cmedici@rgrdlaw.com>
Cc: Xan Bernay <XanB@rgrdlaw.com>, Amir Amiri <aamiri@jonesday.com>, Meredith Dearborn
<mdearborn@BSFLLP.com>, Martha Goodman <MGoodman@BSFLLP.com>
Subject: Confidential information

Carmen, I assume you're the right person to talk to about how to handle documents
containing confidential info at trial. Our view is most documents are coming in without
redactions. But there are documents with highly sensitive information the public
disclosure of which would harm Apple, including source code, contract terms not at issue,
and references to Cloakware. I understand there have been discussions with the Boies team
about this. Amir is taking this on to resolution. Please let us know when you're
available today to discuss. Thanks


***This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without copying

it and notify sender by reply e-mail, so that our records can be corrected.***


NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and protected from
disclosure by the attorney-client privilege, as attorney work product, or by other
applicable privileges.  Any unauthorized review, use, disclosure or distribution is
prohibited.
If you are not the intended recipient, please contact the sender by reply email and
destroy all copies of the original message.


NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client
or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.
==========

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client
or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify
sender by reply e-mail, so that our records can be corrected.
==========

**NOTICE: This email message is for the sole use of the intended
recipient(s) and may contain information that is confidential and
protected from disclosure by the attorney-client privilege, as
attorney work product, or by other applicable privileges.  Any
unauthorized review, use, disclosure or distribution is prohibited.
If you are not the intended recipient, please contact the sender
by reply email and destroy all copies of the original message.**


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client
or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify

12

sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

**NOTICE: This email message is for the sole use of the intended recipient(s) and may contain information that is confidential and protected from disclosure by the attorney-client privilege, as attorney work product, or by other applicable privileges.  Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.**


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========