# ATTACHMENT 3

1  ROBBINS GELLER RUDMAN
    & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
  BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
  ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
  655 West Broadway, Suite 1900
5  San Diego, CA 92101
  Telephone: 619/231-1058
6  619/231-7423 (fax)
  johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
  tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
  proach@rgrdlaw.com
9
  THE KATRIEL LAW FIRM
10  ROY A. KATRIEL (*pro hac vice*)
  1101 30th Street, N.W., Suite 500
11  Washington, DC 20007
  Telephone: 202/625-4342
12  202/330-5593 (fax)
  rak@katriellaw.com
13
  Co-Lead Counsel for Plaintiffs
14
  [Additional counsel appear on signature page.]
15
         UNITED STATES DISTRICT COURT
16
        NORTHERN DISTRICT OF CALIFORNIA
17
            SAN JOSE DIVISION
18

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
| ALL ACTIONS. | |

PROPOUNDING PARTY:    APPLE INC.

RESPONDING PARTY:    MELANIE TUCKER

SET NO.:    ONE

586092_1

1  Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil
2  Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First
3  Interrogatories ("Interrogatories").

**I.    PRELIMINARY STATEMENT**

5  Plaintiff has not completed investigation or analysis of the facts relating to this case, has not
6  completed discovery, has not completed expert analysis, and has not completed preparation for trial.
7  Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by
8  Defendant Apple ("Apple") over the last month and deposing Apple's witnesses.  No expert
9  discovery has been conducted.  Accordingly, the responses herein given are without prejudice to
10  Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof
11  and/or to add to, modify or to otherwise change or amend the responses herein.  The information set
12  forth below is true and correct to the best knowledge of Plaintiff at this particular time.  Plaintiff
13  expressly reserves her right to supplemental these responses as additional information is forthcoming
14  in the discovery process.

**II.    GENERAL OBJECTIONS**

16  Plaintiff asserts the following General Objections and hereby incorporates them into each
17  individual response below.

18  1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent
19  that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are
20  otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21  2.    Plaintiff objects to this discovery to the extent it calls for information that is protected
22  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable
23  privilege.

24  3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and
25  unduly burdensome.

26  4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that
27  they are vague or ambiguous.

28

5.     Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.     Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information sought.

7.     Plaintiff objects to the Interrogatories to the extent they seek information that is improper or request that Plaintiff provides, under oath, information or contentions not within Plaintiff's personal knowledge.

8.     Plaintiff objects to the Interrogatories to the extent they seek information equally available to Apple or information that originated from Apple's possession, custody or control.

9.     Plaintiff also objects to the extent the Interrogatories seek information that is ascertainable only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10.     To the extent Plaintiff provides a response to the Interrogatories, such response shall not constitute waiver of any objection to the Interrogatories.  Plaintiff also expressly reserves her right to object to the introduction of any response to these Interrogatories or any portion thereof into evidence.

## III.     RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

In addition to the General Objections, above, Plaintiff has set forth the following Specific Objections.  By setting forth such Specific Objections, Plaintiff does not limit or restrict the General Objections.  Plaintiff reserves her right to supplement her responses.

INTERROGATORY NO. 1:

Please identify all facts that YOU contend support your position that Apple has "used its dominant market position in the markets for Audio Downloads and Portable Digital Media Players to stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the Complaint.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal

1 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4 information that is equally available to Apple or information that originated from Apple's

5 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7 has not completed discovery, has not completed expert analysis and has not completed preparation

8 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11 of documents in the last three weeks of discovery.

12 INTERROGATORY NO. 2:

13        Please identify all facts that YOU contend support your position that "Apple engaged in

14 systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

15 Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16 RESPONSE TO INTERROGATORY NO. 2:

17        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

19 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

20 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

21 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

22 information that is equally available to Apple or information that originated from Apple's

23 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

24 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

25 has not completed discovery, has not completed expert analysis and has not completed preparation

26 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

27 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

586092_1

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 3 -

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 3:

4       Please identify all facts that YOU contend support your position that "In the process, Apple

5  deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6  Media Player Market," as alleged in paragraph 2 of the Complaint.

7  RESPONSE TO INTERROGATORY NO. 3:

8       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

11  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13  information that is equally available to Apple or information that originated from Apple's

14  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

15  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16  has not completed discovery, has not completed expert analysis and has not completed preparation

17  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20  of documents in the last three weeks of discovery.

21  INTERROGATORY NO. 4:

22       Please identify all facts that YOU contend support your position that "Apple used unneeded

23  technological restrictions in conjunction with software updates to suppress new products that

24  threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25  Complaint.

26  RESPONSE TO INTERROGATORY NO. 4:

27       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

586092_1    PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 4 -

1  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  <u>INTERROGATORY NO. 5</u>:

13     Please identify all facts that YOU contend support your position that "Apple initially gained

14  its monopoly power through the use of proprietary software on Audio Downloads purchased from

15  Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the

16  Complaint.

17  <u>RESPONSE TO INTERROGATORY NO. 5</u>:

18     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

19  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

20  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

21  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

22  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

23  information that is equally available to Apple or information that originated from Apple's

24  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

25  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

26  has not completed discovery, has not completed expert analysis and has not completed preparation

27  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

28  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 5 -

1  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2  of documents in the last three weeks of discovery.

3  INTERROGATORY NO. 6:

4      Please identify all facts that YOU contend support your position that "When competitors

5  attempted to enter either market by selling products compatible with Apple's market-leading iPod or

6  iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph

7  4 of the Complaint.

8  RESPONSE TO INTERROGATORY NO. 6:

9      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

10  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

11  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

12  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

13  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

14  information that is equally available to Apple or information that originated from Apple's

15  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

16  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

17  has not completed discovery, has not completed expert analysis and has not completed preparation

18  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

19  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

20  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

21  of documents in the last three weeks of discovery.

22  INTERROGATORY NO. 7:

23      Please identify all facts that YOU contend support your position that "Consumers and

24  merchants have come to recognize the Audio Download Market as a separate and distinct market

25  from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26  RESPONSE TO INTERROGATORY NO. 7:

27      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11  of documents in the last three weeks of discovery.

12  INTERROGATORY NO. 8:

13      Please identify all facts that YOU contend support your position that "Barriers to entry in the

14  Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15  RESPONSE TO INTERROGATORY NO. 8:

16      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

17  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

18  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

19  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

20  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

21  information that is equally available to Apple or information that originated from Apple's

22  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

23  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

24  has not completed discovery, has not completed expert analysis and has not completed preparation

25  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

26  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

27  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

28  of documents in the last three weeks of discovery.

1    INTERROGATORY NO. 9:

2        Please identify all facts that YOU contend support your position that "Barriers to entry in the

3    Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4    RESPONSE TO INTERROGATORY NO. 9:

5        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9    respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10   information that is equally available to Apple or information that originated from Apple's

11   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13   has not completed discovery, has not completed expert analysis and has not completed preparation

14   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17   of documents in the last three weeks of discovery.

18   INTERROGATORY NO. 10:

19       Please identify all facts that YOU contend support your position that "But for Apple's

20   anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21   competing manufacturers of Portable Digital Media Players because it would have expanded the

22   consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23   RESPONSE TO INTERROGATORY NO. 10:

24       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

586092_1    PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)    - 8 -

1  information that is equally available to Apple or information that originated from Apple's

2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4  has not completed discovery, has not completed expert analysis and has not completed preparation

5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 11:

10      Please identify all facts that YOU contend support your position that "Apple also issued

11  several software updates intended to prevent Audio Downloads purchased from iTS from being

12  played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13  RESPONSE TO INTERROGATORY NO. 11:

14      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

15  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

16  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

17  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

18  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

19  information that is equally available to Apple or information that originated from Apple's

20  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

21  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

22  has not completed discovery, has not completed expert analysis and has not completed preparation

23  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

24  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

25  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

26  of documents in the last three weeks of discovery.

27

28

586092_1

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 9 -

1  INTERROGATORY NO. 12:

2        Please identify all facts that YOU contend support the position that cellular telephones that

3  store and play digital music files – including but not limited to "smartphones" – do or do not

4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11  information that is equally available to Apple or information that originated from Apple's

12  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14  has not completed discovery, has not completed expert analysis and has not completed preparation

15  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18  of documents in the last three weeks of discovery.

19  INTERROGATORY NO. 13:

20        Please identify all facts that YOU contend support the position that "As a direct result of

21  Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22  supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 13:

24        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

586092_1  PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                              - 10 -

**Trial Ex. 2870, Page 11 of 20**

1   information that is equally available to Apple or information that originated from Apple's

2   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4   has not completed discovery, has not completed expert analysis and has not completed preparation

5   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8   of documents in the last three weeks of discovery.

9   <u>INTERROGATORY NO. 14</u>:

10       Please state the amount that Plaintiffs and members of the Class would have paid but for

11   Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12   <u>RESPONSE TO INTERROGATORY NO. 14</u>:

13       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

15   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

16   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

17   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

18   information that is equally available to Apple or information that originated from Apple's

19   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

20   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

21   has not completed discovery, has not completed expert analysis and has not completed preparation

22   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

23   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

24   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

25   of documents in the last three weeks of discovery.

26

27

28

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)          - 11 -

1    INTERROGATORY NO. 15:

2        Please identify all facts that YOU contend support your position that "Apple's prices for

3    iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged

4    in paragraph 92 of the Complaint.

5    RESPONSE TO INTERROGATORY NO. 15:

6        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7    burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8    conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9    Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11   information that is equally available to Apple or information that originated from Apple's

12   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14   has not completed discovery, has not completed expert analysis and has not completed preparation

15   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18   of documents in the last three weeks of discovery.

19   INTERROGATORY NO. 16:

20       Please state the amount that Plaintiffs and members of the Class would have paid but for

21   Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22   RESPONSE TO INTERROGATORY NO. 16:

23       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28   information that is equally available to Apple or information that originated from Apple's

1  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3  has not completed discovery, has not completed expert analysis and has not completed preparation

4  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7  of documents in the last three weeks of discovery.

8  <u>INTERROGATORY NO. 17</u>:

9      Please identify each software program, including, without limitation, those referred to in

10 paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11 interoperable with any device not manufactured by Apple.

12 <u>RESPONSE TO INTERROGATORY NO. 17</u>:

13     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14 burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is

15 equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

16 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17 <u>INTERROGATORY NO. 18</u>:

18     If your response to Request for Admission No. 7 was anything other than an unqualified

19 admission, please identify all facts that YOU contend support YOUR response to Request for

20 Admission No. 7.

21 <u>RESPONSE TO INTERROGATORY NO. 18</u>:

22     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27 information that is equally available to Apple or information that originated from Apple's

28 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2   has not completed discovery, has not completed expert analysis and has not completed preparation

3   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6   of documents in the last three weeks of discovery.

7   <u>INTERROGATORY NO. 19:</u>

8          If your response to Request for Admission No. 7 was anything other than an unqualified

9   admission, please identify all facts that YOU contend support YOUR response to Request for

10  Admission No. 7.

11  <u>RESPONSE TO INTERROGATORY NO. 19:</u>

12         This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates her

13  response to Interrogatory No. 18 above.

14  <u>INTERROGATORY NO. 20:</u>

15         Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16  PLAYER that YOU have purchased or used.

17  <u>RESPONSE TO INTERROGATORY NO. 20:</u>

18         Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19  compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20  Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the

21  extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22  being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23  admissible evidence.

24         Subject to and without waiver of any of the foregoing Specific Objections and General

25  Objections, Plaintiff responds as follows:

26         Plaintiff purchased a 20GB iPod and an iPod video from Apple.

27

28

586092_1

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 14 -

1    INTERROGATORY NO. 21:

2        For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3    No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4    the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5    music.

6    RESPONSE TO INTERROGATORY NO. 21:

7        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8    burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9    evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on

10   portable digital media players that are not in her possession and/or portable digital media players that

11   she has never used.

12       Subject to and without waiver of any of the foregoing Specific Objections and General

13   Objections, Plaintiff responds as follows:

14       Plaintiff has music from both the iTS and CDs in her online music library and her portable

15   digital media players.

16   INTERROGATORY NO. 22:

17       Please identify all facts that YOU contend support your position that the software programs

18   referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

19   Media Players other than the iPod.

20   RESPONSE TO INTERROGATORY NO. 22:

21       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

22   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

23   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

24   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

25   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

26   information that is equally available to Apple or information that originated from Apple's

27   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

28   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

586092_1    PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
            INTERROGATORIES - C-05-00037-JW(HRL)                                                      - 15 -

1  has not completed discovery, has not completed expert analysis and has not completed preparation

2  for trial.  Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

3  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

4  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

5  of documents in the last three weeks of discovery.

6  DATED: December 16, 2010

ROBBINS GELLER RUDMAN
   & DOWD LLP
7  JOHN J. STOIA, JR.
   BONNY E. SWEENEY
8  THOMAS R. MERRICK
   ALEXANDRA S. BERNAY
9  PAULA M. ROACH

10

11  BONNY E. SWEENEY

12
13  655 West Broadway, Suite 1900
    San Diego, CA  92101
    Telephone: 619/231-1058
14  619/231-7423 (fax)

15  THE KATRIEL LAW FIRM
    ROY A. KATRIEL
16  1101 30th Street, N.W., Suite 500
    Washington, DC  20007
17  Telephone: 202/625-4342
    202/330-5593 (fax)

18
    Co-Lead Counsel for Plaintiffs
19
    BONNETT, FAIRBOURN, FRIEDMAN
20     & BALINT, P.C.
    ANDREW S. FRIEDMAN
21  FRANCIS J. BALINT, JR.
    ELAINE A. RYAN
22  TODD D. CARPENTER
    2901 N. Central Avenue, Suite 1000
23  Phoenix, AZ  85012
    Telephone: 602/274-1100
24  602/274-1199 (fax)

25  BRAUN LAW GROUP, P.C.
    MICHAEL D. BRAUN
26  10680 West Pico Blvd., Suite 280
    Los Angeles, CA  90064
27  Telephone: 310/836-6000
    310/836-6010 (fax)

28

586092_1   PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 16 -

Trial Ex. 2870, Page 17 of 20

1

2    MURRAY, FRANK & SAILER LLP
     BRIAN P. MURRAY
3    JACQUELINE SAILER
     275 Madison Avenue, Suite 801
4    New York, NY 10016
     Telephone: 212/682-1818
5    212/682-1892 (fax)

6    GLANCY BINKOW & GOLDBERG LLP
     MICHAEL GOLDBERG
7    1801 Avenue of the Stars, Suite 311
     Los Angeles, CA 90067
8    Telephone: 310/201-9150
     310/201-9160 (fax)

9    Additional Counsel for Plaintiffs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

586092_1

PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 17 -

<u>DECLARATION OF SERVICE BY MAIL AND E-MAIL</u>

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.    That on December 16, 2010, declarant served PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

4.    Also on December 16, 2010, I served the attached PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 16, 2010, at San Diego, California.

CHRISTINE CLARK

586092_1

APPLE TYING

Service List - 12/16/2010   (06-0171)

Page 1 of 1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
    415/626-3939
    415/875-5700 (Fax)


**Counsel For Plaintiff(s)**

| | |
|---|---|
| Andrew S. Friedman<br>Elaine A. Ryan<br>Todd D. Carpenter<br>Bonnett, Fairbourn, Friedman & Balint, P.C.<br>2901 N. Central Avenue, Suite 1000<br>Phoenix, AZ  85012<br>    602/274-1100<br>    602/274-1199 (Fax) | Michael D. Braun<br>Marc L. Godino<br>Braun Law Group, P.C.<br>10680 West Pico Blvd., Suite 280<br>Los Angeles, CA  90064<br>    310/836-6000<br>    310/836-6010 (Fax) |
| Eric J. Belfi<br>Labaton Sucharow LLP<br>140 Broadway, 34th Floor<br>New York, NY  10005<br>    212/907-0700<br>    212/818-0477 (Fax) | Jacqueline  Sailer<br>Murray, Frank & Sailer LLP<br>275 Madison Avenue, Suite 801<br>New York, NY  10016<br>    212/682-1818<br>    212/682-1892 (Fax) |
| John J. Stoia, Jr.<br>Bonny E. Sweeney<br>Thomas R. Merrick<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA  92101<br>    619/231-1058<br>    619/231-7423 (Fax) | Roy A. Katriel<br>The Katriel Law Firm<br>101 30th Street, N.W., Suite 500<br>Washington, DC  20007<br>    202/625-4342<br>    866/373-4023 (Fax) |