# ATTACHMENT 4

```
 1  ROBBINS GELLER RUDMAN
       & DOWD LLP
 2  JOHN J. STOIA, JR. (141757)
    BONNY E. SWEENEY (176174)
 3  THOMAS R. MERRICK (177987)
    ALEXANDRA S. BERNAY (211068)
 4  PAULA M. ROACH (254142)
    655 West Broadway, Suite 1900
 5  San Diego, CA  92101
    Telephone:  619/231-1058
 6  619/231-7423 (fax)
    johns@rgrdlaw.com
 7  bonnys@rgrdlaw.com
    tmerrick@rgrdlaw.com
 8  xanb@rgrdlaw.com
    proach@rgrdlaw.com
 9
    THE KATRIEL LAW FIRM
10  ROY A. KATRIEL (pro hac vice)
    1101 30th Street, N.W., Suite 500
11  Washington, DC  20007
    Telephone:  202/625-4342
12  202/330-5593 (fax)
    rak@katriellaw.com
13
    Co-Lead Counsel for Plaintiffs
14
    [Additional counsel appear on signature page.]
15
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSES TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
| ALL ACTIONS. | |

592944_1

Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First Interrogatories ("Interrogatories").

## PRELIMINARY STATEMENT

Plaintiff has not completed investigation or analysis of the facts relating to this case, has not completed discovery, has not completed expert analysis, and has not completed preparation for trial. Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by Defendant Apple ("Apple") over the last month and deposing Apple's witnesses. No expert discovery has been conducted. Accordingly, the responses herein given are without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof and/or to add to, modify or to otherwise change or amend the responses herein. The information set forth below is true and correct to the best knowledge of Plaintiff at this particular time. Plaintiff expressly reserves her right to supplemental these responses as additional information is forthcoming in the discovery process.

## GENERAL OBJECTIONS

Plaintiff asserts the following General Objections and hereby incorporates them into each individual response below.

1. Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

2. Plaintiff objects to this discovery to the extent it calls for information that is protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.

3. Plaintiff objects to the Interrogatories to the extent that they are overly broad and unduly burdensome.

4. Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that they are vague or ambiguous.

592944_1

PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSE
TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES - C-05-00037-JW(HRL)           - 1 -

5. Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6. Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information sought.

7. Plaintiff objects to the Interrogatories to the extent they seek information that is improper or request that Plaintiff provides, under oath, information or contentions not within Plaintiff's personal knowledge.

8. Plaintiff objects to the Interrogatories to the extent they seek information equally available to Apple or information that originated from Apple's possession, custody or control.

9. Plaintiff also objects to the extent the Interrogatories seek information that is ascertainable only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10. To the extent Plaintiff provides a response to the Interrogatories, such response shall not constitute waiver of any objection to the Interrogatories. Plaintiff also expressly reserves her right to object to the introduction of any response to these Interrogatories or any portion thereof into evidence.

**RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES**

In addition to the General Objections, above, Plaintiff sets forth the following Specific Objections. By setting forth such Specific Objections, Plaintiff does not limit or restrict the General Objections. Plaintiff reserves her right to supplement her responses.

<u>INTERROGATORY NO. 17:</u>

Please identify each software program, including, without limitation, those referred to in paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS interoperable with any device not manufactured by Apple.

<u>SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 17:</u>

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

592944_1   PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSE
TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES - C-05-00037-JW(HRL)   - 2 -

Trial Ex. 2871, Page 3 of 8

1 neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to
2 the following Plaintiff responds as follows: None.
3 INTERROGATORY NO. 20:
4     Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA
5 PLAYER that YOU have purchased or used.
6 SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 20:
7     Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,
8 compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.
9 Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the
10 extent these include gifts, and objects to identifying all portable digital media players ever "used" as
11 being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of
12 admissible evidence.
13     Subject to and without waiver of any of the foregoing Specific Objections and General
14 Objections, Plaintiff responds as follows:
15     Plaintiff purchased a 20GB iPod and an iPod video from Apple. Plaintiff also has an iPod
16 Touch, 32 GB.
17 INTERROGATORY NO. 21:
18     For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory
19 No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and
20 the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of
21 music.
22 SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 21:
23     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
24 burdensome, compound, and not reasonably calculated to lead to the discovery of admissible
25 evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on
26 portable digital media players that are not in her possession and/or portable digital media players that
27 she has never used.
28

592944_1

PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSE
TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES - C-05-00037-JW(HRL)    - 3 -

1  Subject to and without waiver of any of the foregoing Specific Objections and General
2  Objections, Plaintiff responds as follows:
3  Plaintiff has music from the iTS, CDs and free downloads in her online music library and her
4  portable digital media players. Plaintiff has in her iTunes library approximately 1,120 songs from
5  iTunes, Compact Discs and free downloads on her iPod Touch.

6  DATED: January 11, 2011

ROBBINS GELLER RUDMAN
  & DOWD LLP
JOHN J. STOIA, JR.
BONNY E. SWEENEY
THOMAS R. MERRICK
ALEXANDRA S. BERNAY
PAULA M. ROACH

*/s/ Alexandra S. Bernay*

ALEXANDRA S. BERNAY

655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC 20007
Telephone: 202/625-4342
202/330-5593 (fax)

Co-Lead Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
TODD D. CARPENTER
2901 N. Central Avenue, Suite 1000
Phoenix, AZ 85012
Telephone: 602/274-1100
602/274-1199 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA 90064
Telephone: 310/836-6000
310/836-6010 (fax)

592944_1

PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSE
TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES - C-05-00037-JW(HRL)   - 4 -

1  
2  
3  
4  
5  
6  
7  
8  
9  

MURRAY, FRANK & SAILER LLP
BRIAN P. MURRAY
JACQUELINE SAILER
275 Madison Avenue, Suite 801
New York, NY 10016
Telephone: 212/682-1818
212/682-1892 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1801 Avenue of the Stars, Suite 311
Los Angeles, CA 90067
Telephone: 310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

592944_1

PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSE
TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES - C-05-00037-JW(HRL)

- 5 -

<u>DECLARATION OF SERVICE BY MAIL AND E-MAIL</u>

I, the undersigned, declare:

1. That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2. That on January 11, 2011, declarant served PLAINTIFF MELANIE TUCKER'S SUPPLEMENTAL RESPONSES TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3. That there is a regular communication by mail between the place of mailing and the places so addressed.

4. Also on January 11, 2011, I served the attached PLAINTIFF MELANIE TUCKER'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS:**

| NAME | FIRM | EMAIL |
| --- | --- | --- |
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct. Executed on January 11, 2011, at San Diego, California.

JUNE P. ITO

592944_1

APPLE TYING

Service List - 1/11/2011    (06-0171)

Page 1 of 1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
   415/626-3939
   415/875-5700(Fax)

**Counsel For Plaintiff(s)**

Andrew S. Friedman
Elaine A. Ryan
Todd D. Carpenter
Bonnett, Fairbourn, Friedman & Balint, P.C.
2901 N. Central Avenue, Suite 1000
Phoenix, AZ  85012
   602/274-1100
   602/274-1199(Fax)

Eric J. Belfi
Labaton Sucharow LLP
140 Broadway, 34th Floor
New York, NY  10005
   212/907-0700
   212/818-0477(Fax)

John J. Stoia, Jr.
Bonny E. Sweeney
Thomas R. Merrick
Robbins Geller Rudman & Dowd LLP
655 West Broadway, Suite 1900
San Diego, CA  92101
   619/231-1058
   619/231-7423(Fax)

Michael D. Braun
Marc L. Godino
Braun Law Group, P.C.
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
   310/836-6000
   310/836-6010(Fax)

Jacqueline Sailer
Murray, Frank & Sailer LLP
275 Madison Avenue, Suite 801
New York, NY  10016
   212/682-1818
   212/682-1892(Fax)

Roy A. Katriel
The Katriel Law Firm
101 30th Street, N.W., Suite 500
Washington, DC  20007
   202/625-4342
   866/373-4023(Fax)