1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC  20015
   Telephone:  (202) 237-2727
6  Facsimile:  (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Kieran P. Ringgenberg #208600
   (kringgenberg@bsfllp.com)
9  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
10 BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
11 Oakland, CA  94612
   Telephone:  (510) 874-1000
12 Facsimile:  (510) 874-1460

13 David C. Kiernan #215335
   (dkiernan@jonesday.com)
14 JONES DAY
   555 California Street, 26th Floor
15 San Francisco, CA  94104
   Telephone:  (415) 626-3939
16 Facsimile:  (415) 875-5700

17 *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION] |
| ——————————————<br>This Document Relates To:<br>ALL ACTIONS | **APPLE'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF PLAINTIFFS' OPPOSITION TO APPLE'S MOTION FOR DECERTIFICATION OF RULE 23(b)(3) CLASS (DKT. 897)** |

On November 14, 2014, Plaintiffs filed an Administrative Motion to File Under Seal four documents labeled as Exhibits 3-6 to the Declaration of Steven M. Jodlowski in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant Apple's Motion for Decertification of the Rule 23(b)(3) Class. (Dkt. 897). On November 17, 2014, pursuant to Local Rule 79-5(e), Apple filed a memorandum of points and authorities and the Declaration of Kieran P. Ringgenberg, both in support of Plaintiffs' administrative motion. Per Apple's statement filed on December 2, 2014 (Dkt. 942), Apple now files this supplemental memorandum of points and authorities in support of its revised sealing requests, which modifies the proposed redactions to be made on Exhibit 6.

Exhibit 3 is an Authorized U.S. Apple Reseller Agreement (iPod Authorization) for Radio Shack. Exhibit 4 is an Authorized U.S. Apple Reseller Agreement (iPod Authorization) for Costco Wholesale. These documents contain confidential terms of financial incentives that Radio Shack and Costco receive under their respective contracts. Exhibit 6 contains excerpts from the deposition transcript of Mark Donnelly, Apple's Vice President for Business Management and Products Finance. One portion of this deposition excerpt contains the specific financial projections that Apple uses for planning purposes when setting prices. The confidential information contained in these documents is the subject of Apple's Response in Support of Plaintiffs' Administrative Motion to Seal.

In light of the public interest in public documents, Apple has reviewed the documents that Plaintiffs have filed entirely under seal and determined that the vast majority of these documents can be accessible to the public. Apple has narrowly tailored a small amount of redactions to the confidential material in Exhibits 3, 4 and 6 that would implicate Apple's privacy interests.[1] Apple has revised the material it seeks to redact on Exhibit 6 to be consistent with the Court's ruling.

Under Federal Rule of Civil Procedure 26(c), this Court has discretion to permit sealing of court documents to protect trade secrets or information otherwise entitled to protection under the

---

[1] For clarity, Apple has reviewed Exhibit 5 and determined that this exhibit may be publicly filed in its entirety.

1

APPLE'S RESPONSE TO PLS.' ADMIN'S MOT. TO SEAL          No. C 05-00037 YGR

law. A "particularized showing under the good cause standard of Rule 26(c) will suffice to warrant preserving the secrecy of sealed discovery material attached to non-dispositive motions." *Kamakana v. City and Cnty of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and internal quotation marks omitted).

Exhibits 3 and 4 contain confidential information regarding the financial terms and incentives in Apple's contracts with two of its resellers. There is good cause to seal contracts containing financial details and other negotiated terms where such information could cause competitive harm if disclosed publicly. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" constitute the "precise sort of information" that under the compelling reasons standard "plainly falls within the definition of trade secrets and therefore must be sealed."); *Edifecs, Inc. v. Tibco Software Inc.*, No. C10-330-RSM, 2011 WL 6066010, at *1 n.1 (accepting as good cause for filing under seal a contract with confidential business information since party could "suffer competitive harm if its financial and other arrangement with one OEM partner were made available to the public, where other partners, customers and competitors could obtain the information"); *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 U.S. Dist. LEXIS 67190, at *9 (N.D. Cal. May 10, 2013) (finding compelling reasons to seal "particular information about the party's contractual agreements, including items such as pricing arrangement . . . the public disclosure of which would impede its ability to negotiate with business partners and to stay competitive in the marketplace").

Exhibit 6 contains confidential information from the Vice President of Products Finance regarding Apple's internal consideration of specific financial projections made during the process of setting prices. There is good cause to seal a business's internal assessments of its financial information. *Dugan v. Lloyds TBS Bank, PLC*, No. 12-cv-02549-WHA (NJV), 2013 WL 1435223, at *3 (N.D. Cal. Apr. 9, 2013) (finding financial information "including future plans and pricing changes . . . the type of confidential business information there is good cause to seal"); *Guzik Technical Enter., Inc. v. W. Digital Corp.*, No. 5:11-cv-03786-PSG, 2013 WL 6199629, at *2 (N.D. Cal. Nov. 27, 2013) (sealing "confidential financial and sales information");

*Bruton v. Gerber Prods. Co.*, No. 12-CV-02412-LHK, 2014 WL 2860995, at *10 (N.D. Cal. June 23, 2010) (finding good cause to seal confidential information relating to defendant's pricing strategy).

Disclosing information regarding the terms of Apple's contracts with some resellers could cause Apple competitive harm by giving other resellers unfair insight into Apple's agreements and the internal processes Apple uses when coming to decisions regarding the terms and incentives of its contracts. Further, disclosing information regarding Apple's internal assessments of its financial terms and information would give competitors unwarranted access into Apple's finances and strategic decision-making process. Apple treats the negotiated terms of its contracts and its internal financial assessments as confidential in its own course of business.

Apple respectfully requests that the designated portions of the documents identified as Exhibits 3, 4 and 6 to the Declaration of Steven M. Jodlowski in Support of Plaintiffs' Memorandum of Law in Opposition to Defendant Apple's Motion for Decertification of the Rule 23(b)(3) Class be permitted to be filed under seal.

Date: December 4, 2014

Respectfully Submitted,

BOIES, SCHILLER & FLEXNER LLP


By: /s/ Kieran P. Ringgenberg
*Attorneys for Defendant Apple Inc.*

3
APPLE'S RESPONSE TO PLS.' ADMIN'S MOT. TO SEAL        No. C 05-00037 YGR