# BOIES, SCHILLER & FLEXNER LLP

1999 HARRISON STREET • SUITE 900 • OAKLAND, CA 94612 • PH. 510.874.1000 • FAX 510.874.1460

December 4, 2014

Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California
Oakland Branch
1301 Clay Street
Oakland, CA  94612

      Re:  *Apple iPod iTunes Antitrust Litigation*
           Case No. C-05-0037

Dear Judge Gonzalez Rogers:

      On December 2, the court overruled Apple's objection to the testimony of Dr. Martin relating to his opinions as to Apple's intent.  Apple believes that Plaintiffs' economic expert Dr. Noll is likely also to attempt to testify as to his opinions as to Apple's intent.  Apple believes that opinion testimony by an economist as to Apple's state of mind is improper and writes to provide authority in support of its objection, should Dr. Noll attempt to go beyond the bounds of his expertise.

      Mind-reading is not a discipline, and "[c]ourts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind." *Siring v. Oregon State Bd. of Higher Educ. ex rel. E. Oregon Univ.*, 927 F. Supp. 2d 1069, 1077-78 (D. Or. 2013) (collecting cases; excluding testimony about "the intent, motive, or state of mind of the EOU decisionmakers, the unexpressed reasons for their decisions, or what they may have been thinking"); *Se–Kure Controls, Inc. v. Diam USA, Inc*., No. 06 C 4857, 2009 WL 77463, at *2 (N.D.Ill. Jan. 9, 2009) (an expert is "not a mind-reader.  He may not testify that he knows [patentee's] intent to hide certain information nor may he testify that he knows [patentee] lied about certain information."); *AstraZeneca LP v. Tap Pharm. Products*, Inc., 444 F. Supp. 2d 278, 293 (D. Del. 2006) ("Expert witnesses are not permitted to testify regarding the defendant's intent, motive, or state of mind, or evidence by which such state of mind may be inferred."); *In re Rezulin Products Liab. Litig.*, 309 F. Supp. 2d 531, 546-47 (S.D.N.Y. 2004) (excluding expert testimony regarding the motive, intent, and state of mind of the defendant and third parties, because, among other things, "[i]nferences about the intent or motive of parties or others lie outside the bounds of expert testimony," have "no basis in any relevant body of knowledge or expertise,"

Honorable Yvonne Gonzalez Rogers
December 4, 2014
Page 2

and would invade the province of the jury).

Respectfully submitted,

_/s/ William A. Isaacson____
William A. Isaacson

*Counsel for Apple Inc.*
