William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
Maxwell v. Pritt # 253155
(mpritt@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR [CLASS ACTION] |
| This Document Relates To:<br><br>ALL ACTIONS | **APPLE INC.'S NOTICE OF MOTION AND MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(h)(3), OR RULE 50**<br><br>Date:    TBD<br>Time:    TBD<br>Place:    Courtroom 1, 4th Floor<br>Judge:   Honorable Yvonne Gonzalez Rogers |

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1

2

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES ............................................. 2

INTRODUCTION ........................................................................................................ 2

STATEMENT OF FACT ............................................................................................. 2

ARGUMENT ................................................................................................................ 5

I.    PLAINTIFF ROSEN HAS SUFFERED NO INJURY AND LACKS ARTICLE III
      STANDING ......................................................................................................... 6

      A.    No Named Plaintiff Purchased the Product Subject to the Alleged
            Overcharge ............................................................................................... 7

      B.    Substitution Of A New Class Representative Cannot Cure Plaintiffs' Lack
            Of Standing ............................................................................................... 8

CONCLUSION ........................................................................................................... 10

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

i

**NOTICE OF MOTION**

PLEASE TAKE NOTICE THAT on a date and time to be determined, Defendant Apple Inc. ("Apple") will, in the United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA, Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, move for an order dismissing this case for lack of subject-matter jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) or, in the alternative, Rule 50, on the ground that Plaintiffs lack Article III standing.

This motion is based on this notice of motion and motion, the following memorandum of points and authorities, and such other matters as may be presented to the Court at the time of the hearing.

APPLE'S MTN TO DISMISS FOR LACK OF JURISDICTION    No.  C 05-00037 YGR

**MEMORANDUM OF POINTS AND AUTHORITIES**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3), or, in the alternative, Rule 50, Apple respectfully requests that the Court dismiss this case for lack of subject-matter jurisdiction. Plaintiffs cannot prove that they have suffered any injury and thus they lack Article III standing.

**INTRODUCTION**

The named Plaintiffs in this action are Melanie Wilson (formerly Tucker) and Marianna Rosen. Plaintiffs have already agreed that Ms. Wilson did not purchase any Apple iPod model containing the firmware released with iTunes 7.0 or 7.4 or as to which Plaintiffs claim damages. Moreover, objective evidence shows the same is true of Ms. Rosen. As a result, no named plaintiff has suffered injury-in-fact and no named plaintiff has Article III standing.

Because of Apple's profound interest in vindicating itself against Plaintiffs' allegations, Apple would consent to the Court's deferral of a decision on this issue until it decides a full Rule 50 motion at the close of Plaintiffs' case or, if such motion is denied, until the jury returns its verdict.

**STATEMENT OF FACT**

The Complaint names as plaintiffs Somtai Charoensak, Melanie Wilson (formerly Tucker), and Marianna Rosen. Dkt. 322 (TX 2593). On October 14, 2014, Plaintiffs withdrew named plaintiff Somtai Charoensak as a class representative because "he did not purchase an iPod during the currently certified Class Period." Dkt. 823 at 1 n.1 (Oct. 14, 2014 Joint Pre-Trial Conf. Stmt.). Three days into the presentation of evidence at trial in their case-in-chief, after Apple discovered and raised with the Court that neither of the remaining two Plaintiffs purchased an iPod for which the class seeks damages, Plaintiffs' counsel confirmed to the Court that named plaintiff Melanie Wilson (formerly Tucker) did not purchase an iPod for which the class is seeking damages. Declaration of Maxwell V. Pritt, Ex. E at 640:23-25. Later that same day, Plaintiffs' counsel agreed to withdraw Ms. Wilson as a class representative. That leaves only Ms. Rosen as the sole named plaintiff as to which injury is claimed and relief is sought.

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In her January 24, 2007 deposition, Ms. Rosen testified that she purchased three iPods: (1) an iPod on February 18, 2004, Pritt Decl., Ex. A at 119:6-120:1 (Rosen Dep.); (2) an iPod mini in the summer of 2004, *id.* at 61:3-25; and (3) a black 30GB video iPod, or iPod classic 5th generation, on September 20, 2006, *id.* at 120:2-12, 122:5-12.  See also Pritt Decl., Ex. B (TX 2784) at 2-3 of 23.  Three years later, on December 16, 2010, Ms. Rosen confirmed those three iPods were her only iPods in response to Apple's interrogatories:  "Plaintiff has purchased a 15GB iPod, and a 30GB video iPod for her own use.  She also has purchased an iPod mini as a present for her sister.  She has not purchased any other MP3 players."  Pritt Decl., Ex. C at 15 (Plaintiff Marianna Rosen's Response To Defendant Apple Inc's First Interrogatories).

One month later, on January 18, 2011, Ms. Rosen and the other two named Plaintiffs at that time (Charoensak and Tucker) moved for class certification, stating once again that Ms. Rosen had no iPods other than disclosed in discovery: "all three proposed class representatives have already given day-long depositions, have submitted their iPods for a forensic inspection by Apple's counsel, and have produced voluminous (and needlessly intrusive) documentation to Apple as part of the discovery process, including: copies of all music files stored on their personal computers; copies of their iTunes Purchase history; iTunes account names and passwords; copies of receipts documenting their iPod purchases from Apple; and lists of every compact disc they currently own."  Dkt. 486 at 16 (redacted version); Dkt. 477 (under seal).

Prior to certifying the current class in this case, on May 19, 2011, Judge Ware granted summary judgment for Apple and against Plaintiffs on all of Plaintiffs' remaining claims except for Plaintiffs' claims that Apple engaged in anticompetitive and unlawful conduct under Section 2 of the Sherman Act and California's Unfair Competition Law "as to iTunes 7.0."  Dkt. 627 at 14-15.  Judge Ware granted Plaintiffs' renewed motion for class certification on November 22, 2011, and certified a class of consumers and resellers who purchased directly from Apple specific models of iPods between September 12, 2006, and March 31, 2009.  Dkt. 694.  While Judge Ware originally included the iPod classic 5th generation in the class definition, that iPod (and several others identified in Judge Ware's order) did not contain the iPod firmware issued with iTunes 7.0

APPLE'S MTN TO DISMISS FOR LACK OF JURISDICTION          No.  C 05-00037 YGR

1    (or iTunes 7.4), and Plaintiffs no longer claim damages for those iPod models.  Dkt. 823 at 1

2    (Joint Pre-Trial Conf. Stmt.).

3        At trial, Ms. Rosen confirmed that she bought two iPods in 2004 that are not part of the

4    class period, Pritt Decl., Ex. D at 596:7-13, and confirmed that her September 20, 2006 purchase

5    was an iPod classic 5th generation, *id.* at 597:18-21, for which Plaintiffs are not seeking damages.

6    Ms. Rosen testified that she had purchased two additional iPods not previously disclosed: "an

7    iPod nano . . . in the fall of 2007" and an iPod touch "as a Hanukkah gift for her son in December

8    of '08."  *Id.* at 583:23-584:3.  When questioned by Apple's counsel about these purchases, Ms.

9    Rosen testified she was "pretty sure the iPod [nano] is in one of the boxes where all of the

10   technology is in my new house stored," and was not sure she maintained any receipts for the

11   iPods, but that "all the receipts and all the records . .  on my purchases from Apple are easily

12   accessible."  *Id.* at 600:7-10; 600:13-16 ("I don't think the physical paper receipt is a crucial

13   matter.  If necessary we can access, anyone can access the receipt").

14       Ms. Rosen also testified that she had the iPod touch that she purchased with her in Court

15   that day.  *Id.* at 602:24-603:4.  Her counsel later asked if Ms. Rosen would "be willing to show

16   that to the Apple lawyers, if they asked," and Ms. Rosen testified she would.  *Id.* at 611:24-612:1.

17   Apple asked, and the Court directed Ms. Rosen to provide Apple with the serial number on her

18   iPod touch.  *Id.* at 618:14-16.  Using the serial number on Ms. Rosen's iPod touch

19   (1D9243X2201), Apple was able to locate the receipt for that iPod touch and discovered that, in

20   fact, Ms. Rosen purchased the iPod touch on July 10, 2009, over three months after the class

21   period ended in this case.  Declaration of Tim O'Neil, Ex. 1 (TX 2865, July 10, 2009 Receipt for

22   Marianna Rosen with iPod touch, Serial Number ID9243X2201).  Plaintiffs' counsel conceded in

23   Court that the purchase was outside of the class period.  Pritt Decl., Ex. E at 632:22-25.

24       Shortly before testimony began on the third day of trial, Plaintiffs' lawyers produced to

25   Apple pages what appeared to be print-outs from a third party website (www.everymac.com) and

26   a screen shot iTunes.  Using the serial numbers on the pages provided by Plaintiffs, Apple

27   identified that the iPods were not purchased by Ms. Rosen, but instead were ordered by her

28   former husband's law firm, The Rosen Law Firm.  O'Neil Decl., Ex. 2 (TX 2884, September 11,

2008 Receipt for The Rosen Law Firm).  (New York Department of State records state that The Rosen Law Firm P.A. is a Florida legal entity with an office in New York.  Pritt Decl., Ex. F.)

## ARGUMENT

"Article III's 'case-or-controversy' requirement precludes federal courts from deciding 'questions that cannot affect the rights of litigants in the case before them.'" *Protectmarriage.com - Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)).  "This means that, at all stages of the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant [that is] likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

"The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (citing FED. R. CIV. PROC. 12(b)(1)).  As "Rule 12(h)(3) instructs:  'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"  *Id.* (quoting FED. R. CIV. PROC. 12(h)(3)).[1]

"Because the court (and not a jury) decides standing, the district court must decide issues of fact necessary to make the standing determination."  *In re ATM Fee Antitrust Litig.*, 686 F.3d 741, 747 (9th Cir. 2012), *cert. denied sub nom. Brennan v. Concord, EFS, Inc.*, 134 S. Ct. 257 (2013); *see also Goldstein v. Costco Wholesale Corp.*, 278 F. Supp. 2d 766, 769, 772 (E.D. Va. 2003) (*sua sponte* raising standing issue and hearing argument after plaintiffs' case-in-chief, and finding that organizational plaintiff lacked standing based on evidence at trial; dismissing that plaintiff).

---

[1] Because the issue of subject matter jurisdiction may be raised at any time, by a party or the Court, *Arbaugh*, 546 U.S. at 506, Plaintiffs' argument regarding Apple's not consenting to a change in the class definition is simply irrelevant.  For the same reason, and because the burden of proving the Court's jurisdiction rests with the Plaintiffs, any complaint of "unfairness" in raising this issue now rings hollow.  *See* Wright & Miller, Federal Practice and Procedure: Civil 3d § 1393 ("the federal courts have made it clear beyond peradventure that not only is it impossible to foreclose the assertion of this defense by the passage of time or the notion of estoppel, but also it is impossible to cure or waive a defect of subject matter jurisdiction by consent of the parties").

APPLE'S MTN TO DISMISS FOR LACK OF JURISDICTION          No.  C 05-00037 YGR

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1    Alternatively, the Court could decide the motion under Rule 50.  Judgment under Rule 50

2    against a party is required where "there is no legally sufficient basis for a reasonable jury to find

3    for that party on that issue."  *Jorgensen v. Cassiday*, 320 F.3d 906, 917 (9th Cir. 2003).

4

5    **I.    PLAINTIFF ROSEN HAS SUFFERED NO INJURY AND LACKS ARTICLE III
     STANDING.**

6    "[I]n order to have Article III standing, a plaintiff must adequately establish: (1) an injury

7    in fact (*i.e.,* a concrete and particularized invasion of a legally protected interest); (2) causation

8    (*i.e.,* a fairly traceable connection between the alleged injury in fact and the alleged conduct of the

9    defendant); and (3) redressability (*i.e.,* it is likely and not merely speculative that the plaintiff's

10    injury will be remedied by the relief plaintiff seeks in bringing suit)."  *Sprint Commc'n Co.,*

11    *L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273-74 (2008) (citing *Lujan*, 504 U.S. at 560-61).  "This

12    triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-

13    controversy requirement, and the party invoking federal jurisdiction bears the burden of

14    establishing its existence."  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103-04 (1998).

15    "A plaintiff must demonstrate standing for ***each*** claim he or she seeks to press and for ***each*** form

16    of relief sought."  *Wash. Envtl. Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013) (citing

17    *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006)) (emphasis added).

18    "The standing requirement applies to class representatives, who must, in addition to being

19    a member of the class they purport to represent, establish the existence of a case or controversy."

20    *Kirola v. City & Cnty. of San Francisco*, --- F. Supp.3d ---, No. C 07-3685 SBA, 2014 WL

21    6705952, at *34 (N.D. Cal. Nov. 26, 2014).  "'[S]tanding is the threshold issue in any suit.  If the

22    individual plaintiff lacks standing, the court need never reach the class action issue.'"  *Lierboe v.*

23    *State Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1022 (9th Cir. 2003) (quoting 3 Herbert B.

24    Newberg on Class Actions § 3:19, at 400 (4th ed. 2002).  "[I]f none of the named plaintiffs

25    purporting to represent a class establishes the requisite of a case or controversy with the

26    defendants, none may seek relief on behalf of himself or any other member of the class."

27    *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974); *accord Huynh v. Chase Manhattan Bank*, 465 F.3d

28    992, 1001 n.7 (9th Cir. 2006) ("It is well settled that at least one named plaintiff must satisfy the

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P

O A K L A N D ,   C A L I F O R N I A

1    actual injury component of standing in order to seek relief on behalf of himself or the class")

2    (quotation marks and alterations omitted); *Casey v. Lewis*, 4 F.3d 1516, 1519 (9th Cir. 1993)

3    (same).

4        **A.    No Named Plaintiff Purchased the Product Subject to the Alleged Overcharge.**

5        Here, there is no named plaintiff who can satisfy the requirements of injury-in-fact,

6    causation, and redressability.

7        Counsel for Plaintiffs has agreed to withdraw Ms. Wilson as a Plaintiff, and no evidence

8    adduced at trial or otherwise shows she purchased any allegedly affected iPods. Thus, she has

9    suffered no injury.

10        As to Ms. Rosen, the evidence does not permit the reasonable conclusion that she

11    purchased one of the allegedly affected iPods. Plaintiffs have asserted that she purchased three

12    iPods: two iPod touch models (one of which she had in court during her testimony) and an iPod

13    nano. None were identified in Ms. Rosen's interrogatory responses submitted in 2010. Pritt

14    Decl., Ex. C at 15 (TX 2869). No store receipts or credit card statements proffered by Plaintiffs

15    show when they were purchased or by whom. However, Apple's business records, searched by

16    reference to the serial numbers associated with the iPods Plaintiffs identified, show that Ms.

17    Rosen purchased one iPod Touch on July 10, 2009, well after the class period ended in this case,

18    and that the other two iPods were purchased by The Rosen Law Firm, which is a Florida legal

19    entity, not Ms. Rosen. Pritt Decl., Ex. F. Because Ms. Rosen did not purchase any allegedly

20    affected iPod in the class period, she has suffered no damages and thus lacks standing.

21        Accordingly, under Rule 12(b)(1) and 12(h)(3) or, in the alternative, Rule 50, the Court

22    must dismiss the Plaintiffs' claims with prejudice, decertify the class, and enter judgment for

23    Apple. *See Rector v. City and Cnty. of Denver,* 348 F.3d 935, 937 (10th Cir. 2003) ("we find that

24    the named plaintiffs Terri Rector and Damian Spencer lack standing to represent the absent class

25    members for the most significant claims presented. We have thus remanded these claims for

26    decertification and dismissal"); *Moreno v. AutoZone, Inc.*, 410 F. App'x 24 (9th Cir. 2010)

27    (affirming district court's decision to vacate prior class certification and dismiss for lack of

28

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

1  standing); *Kirola,* 2014 WL 6705952, at *1, *63 (entering judgment for defendant where plaintiff

2  lacked standing); *Holloway v. Best Buy Co., Inc.*, No. C 05–5056 PJH, 2009 WL 1533668, at *8

3  (N.D. Cal. May 28, 2009) (granting defendants' motion for judgment on the pleadings and

4  dismissing the complaint because none of the named plaintiffs had standing, and so "they cannot

5  represent a class on such claims").

### B.    Substitution Of A New Class Representative Cannot Cure Plaintiffs' Lack Of Standing.

8  The Ninth Circuit has already resolved the "unusual procedural dilemma" facing this

9  Court—whether a class action "must be dismissed without more" where the class representative

10  lacks standing, "or if other proceedings may follow under which it may be possible that the suit

11  can proceed as a class action with another representative, subject to the district court's assessment

12  whether a substitute representative is adequate for Rule 23 class purposes." *Lierboe v. State*

13  *Farm Mut. Auto. Ins. Co.*, 350 F.3d 1018, 1023 (9th Cir. 2003). The court held such cases must

14  be dismissed:

> We are mindful of judicial economy considerations, especially because an important procedural issue in this proposed class action has already been briefed, namely, whether insureds seeking to "stack" one coverage policy with another can properly proceed as a "class" of plaintiffs in light of, among other considerations, any case-by-case analysis required to compute each claimant's necessary medical bills that are the subject of coverage. However, ***because this is not a mootness case, in which substitution or intervention might have been possible, we remand this case to the district court with instructions to dismiss***. We are persuaded by the Seventh Circuit's approach in an analogous case, *Foster v. Center Township of LaPorte County*, 798 F.2d 237, 244–45 (7th Cir. 1986), which held that where the sole named plaintiff "never had standing" to challenge a township's poor-relief eligibility guidelines, and where "she never was a member of the class she was named to represent," the case must be remanded with instructions to dismiss.

23  *Id.* (emphasis added). Judge Armstrong faced this dilemma little more than a week ago in

24  *Kirola v. City and County of San Francisco*, finding that, notwithstanding seven years of

25  litigation and a five-week bench trial on the merits, the class representative in fact lacked

26  "constitutional standing to pursue any claims on behalf of the class." 2014 WL 6705952, at *48.

27  As the court explained in rejecting the plaintiff's argument "that any deficiencies in her standing

28  as a class representative can be rectified by allowing class members who testified at trial to be

APPLE'S MTN TO DISMISS FOR LACK OF JURISDICTION          No. C 05-00037 YGR

BOIES, SCHILLER & FLEXNER LLP
OAKLAND, CALIFORNIA

1    substituted in her stead," the "issue here is not mootness . . . but the lack of standing.  As a result,

2    substitution is not an appropriate solution to Kirola's lack of standing."  *Id.*  Thus, Judge

3    Armstrong "conclude[d] that Kirola cannot rectify her lack of standing by substituting additional

4    class members as class representatives."  *Id.*

5            Numerous other cases are in accord.  *Lidie v. State of Cal.*, 478 F.2d 552, 555 (9th Cir.

6    1973) ("where the original plaintiffs were never qualified to represent the class, a motion to

7    intervene represents a back-door attempt to begin the action anew"); *Walters v. Edgar*, 163 F.3d

8    430, 432-33, 437 (7th Cir. 1998) (affirming dismissal of class action where named plaintiffs

9    lacked standing; rejecting argument that other members of the class should have been named as

10   class representatives); *McClune v. Shamah*, 593 F.2d 482, 486 (3d Cir. 1979) ("A motion for

11   intervention under Rule 24 is not an appropriate device to cure a situation in which plaintiffs may

12   have stated causes of action that they have no standing to litigate"); *Williams v. Boeing Co.*, No.

13   C98-761P, 2005 WL 2921960, at *10 (W.D. Wash. Nov. 4, 2005) ("this is not a case where the

14   named Plaintiffs initially had viable . . . claims during the relevant liability period that

15   subsequently became moot.  Instead, the named Plaintiffs have not demonstrated standing in the

16   first instance to maintain such claims. Under these circumstances, decertification of the . . . class

17   is warranted and intervention would not be appropriate"), *aff'd* 517 F.3d 1120 (9th Cir. 2008);

18   *Spears v. Washington Mut., Inc.*, No. C–08–00868 RMW, 2009 WL 2761331, at *2 (N.D. Cal.

19   Aug. 30, 2009) ("intervention is only possible if a named plaintiff presently has standing to sue

20   . . . .  The Bencosmes, then, may not intervene unless plaintiffs can show that a named plaintiff

21   presently has standing to sue"); *In re Exodus Commc'ns. Sec. Litig.*, No. C-01-2661 MMC, 2006

22   WL 2355071, at *1 (N.D. Cal. August 14, 2006) ("where the named plaintiffs in a class action

23   lack standing, the action must be dismissed and new named plaintiffs with standing may not

24   intervene").

25           Ignoring this governing law, Plaintiffs referred the Court the case of *Sosna v. Iowa*, 419

26   U.S. 393 (1975), which applied the doctrine of "capable of repetition yet evading review,"

27   allowing some claims for injunctive relief which cannot be fully litigated before becoming moot.

28   *Id.* at 400-01.  That doctrine is limited to claims otherwise barred by the prudential consideration

APPLE'S MTN TO DISMISS FOR LACK OF JURISDICTION                    No.  C 05-00037 YGR

of mootness, and has no application where the plaintiff lacks injury-in-fact. *See Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 191 (2000) ("if a plaintiff lacks standing at the time the action commences, the fact that the dispute is capable of repetition yet evading review will not entitle the complainant to a federal judicial forum"); *Alcoa, Inc. v. Bonneville Power Admin.*, 698 F.3d 774, 794 (9th Cir. 2012) ("Because the petitioners lack standing to challenge the Second Period, this claim cannot be salvaged under the 'capable of repetition, but evading review' doctrine"); *see also WorldCom, Inc. v. FCC,* 308 F.3d 1, 10 (D.C. Cir. 2002) ("WorldComs' half-hearted attempt to make out a theory that the issue was 'capable of repetition, yet evading review' is therefore inapposite, as that familiar exception to mootness cannot confer standing on a claim when injury in fact was missing at the outset")*; Stickrath v. Globalstar, Inc.*, No. C07-1941 TEH, 2008 WL 5384760, at *7 (N.D. Cal. Dec. 22, 2008) ("whereas the dismissal of a putative class representative whose claim is found to be barred on the basis of time does not invalidate the claims of the entire class, a standing defect invalidates the entire case").

### CONCLUSION

For the foregoing reasons, Defendant Apple respectfully requests that its motion to dismiss be granted.

Date:  December 5, 2014

Respectfully submitted,

BOIES, SCHILLER & FLEXNER LLP


By:   /s/ William A. Isaacson
     William A. Isaacson

*Attorneys for Defendant Apple Inc.*

APPLE'S MTN TO DISMISS FOR LACK OF JURISDICTION          No.  C 05-00037 YGR