1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone:  (202) 237-2727
6  Facsimile:  (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Kieran P. Ringgenberg #208600
   (kringgenberg@bsfllp.com)
9  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
10 Maxwell V. Pritt # 253155
   (mpritt@bsfllp.com)
11 BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
12 Oakland, CA 94612
   Telephone:  (510) 874-1000
13 Facsimile:  (510) 874-1460

14 David C. Kiernan #215335
   (dkiernan@jonesday.com)
   JONES DAY
15 555 California Street, 26th Floor
   San Francisco, CA  94104
16 Telephone:  (415) 626-3939
   Facsimile:  (415) 875-5700

17 *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR <br> [CLASS ACTION] |
| This Document Relates To: <br><br> ALL ACTIONS | **[PROPOSED] ORDER GRANTING APPLE INC.'S MOTION TO DISMISS FOR LACK OF JURISDICTION AND DECERTIFYING RULE 23(b)(3) CLASS** |
| | Date:      TBD <br> Time:      TBD <br> Place:     Courtroom 1, 4th Floor <br> Judge:     Honorable Yvonne Gonzalez Rogers |

This matter came before the Court on Defendant Apple Inc.'s ("Apple") motion to dismiss for lack of subject-matter jurisdiction pursuant to Federal Rule of Evidence 12(b)(1) and 12(h)(3), or Rule 50. Having considered the motion, argument on the motion, the evidence and testimony presented at trial and with the motion, and the entire record in this matter, IT IS HEREBY ORDERED that the motion is GRANTED.

The Court makes the following findings of fact:

1. Plaintiffs in this action only claim damages on specific models of iPods sold by Apple from September 12, 2006, to March 31, 2009. Oct. 14, 2014 Joint Pre-Trial Conf. Stmt., Dkt. 823 at 1.

2. On October 14, 2014, Plaintiffs withdrew named plaintiff Somtai Charoensak as a class representative because "he did not purchase an iPod during the currently certified Class Period."

3. On December 5, 2014, Plaintiffs withdrew named plaintiff Melanie Tucker (now Wilson) as a class representative because she did not purchase any iPod for which the class seeks damages.

4. During discovery in this case, Plaintiff Marianna Rosen provided interrogatory responses on December 16, 2010, stating: "Plaintiff has purchased a 15GB iPod, and a 30GB video iPod for her own use. She also has purchased an iPod mini as a present for her sister. She has not purchased any other MP3 players."

5. At trial on December 3, 2014, Ms. Rosen testified that she purchased two iPods in 2004, and purchased a fifth generation iPod with video in September 2006. She also testified that she purchased two additional iPods that were not referenced in her interrogatory responses: "an iPod nano . . . in the fall of 2007" and an iPod touch "as a Hanukkah gift for [her] son in December of '08."

6. Ms. Rosen offered no receipts, credit card statements, or other written records of the purchases of the alleged purchases in the fall of 2007 and December 2008. Ms. Rosen testified that counsel never asked her to preserve or produce records of these (or any)

purchases, even though she had already filed a lawsuit seeking to serve as a class representative at the time of the alleged purchases.

7. Ms. Rosen also testified that she had the iPod touch that she purchased with her in Court that day.

8. Counsel for Apple visually inspected the iPod that day and obtained a serial number for that product. Apple personnel conducted a search using the serial number from the iPod touch produced in court and located an electronic receipt for that iPod touch. The receipt shows that Ms. Rosen purchased the iPod touch on July 10, 2009. (TX 2865.)

9. On December 4, 2014, Plaintiffs' counsel conceded that the purchase of the iPod touch Ms. Rosen referenced in her trial testimony was outside of the class period.

10. On December 4, 2014, Plaintiffs' counsel provided Apple a serial number for a second iPod touch. Apple searched its records for a match to that serial number and located a receipt showing that the iPod with the serial number was not purchased by Ms. Rosen, but instead was ordered by her former husband's law firm, The Rosen Law Firm. The receipt also shows a second purchase of an iPod nano on the same date, also by The Rosen Law Firm. (TX 2884.)

11. Ms. Rosen's testimony as to two purchases of iPods from 2004, if believed, would not support any claim of injury in fact because Plaintiffs do not claim any damages for purchases in that time period.

12. Ms. Rosen's testimony as to the purchase of an classic fifth generation iPod in 2006 does not support any claim of injury in fact because Plaintiffs do not claim damages on that model of iPod.

13. The Court finds that Ms. Rosen's trial testimony with regard to her alleged purchase of the two iPods in 2007 and 2008 was not credible. Counsel for Plaintiffs have conceded that Ms. Rosen's trial testimony was inaccurate at least as to the date of one of her purchases. Moreover, her testimony was contradicted by her own prior Interrogatory response, as well as a receipt produced by Apple that is linked to the

<span>
</span>

1   specific serial numbers provided by Plaintiffs' counsel, which state that the purchases
2   were by The Rosen Law Firm.

3   14. The Court further finds that Plaintiffs have failed to prove by a preponderance of the
4   evidence that Ms. Rosen purchased from Apple any iPod for which Plaintiffs claim
5   damages in the relevant time period from September 12, 2006, to March 31, 2009.

6   15. Because Ms. Rosen had no purchase of any allegedly affected iPod in the class period,
7   she has suffered no damages and thus lacks standing under Article III of the United
8   States Constitution.

9   For the foregoing reasons, it is HEREBY ORDERED that Apple's motion to dismiss for
10  lack of subject-matter jurisdiction is GRANTED, the Court's prior certification Order of
11  November 22, 2011 (Dkt. 694) is VACATED, and the Consolidated Amended Complaint (Dkt.
12  322) is DISMISSED WITH PREJUDICE.  The Clerk shall enter judgment for Apple and close
13  the case.

14  It is further ORDERED that within thirty (30) days of this Order, class counsel, Robbins
15  Geller Rudman & Dowd LLP, shall prepare, file, and serve a proposed form of notice to absent
16  class members that advises them of this Order and of their right to proceed individually if they so
17  choose.  Apple shall have fifteen (15) days from the filing of Plaintiffs' proposed form of notice
18  to comment and suggest any revisions thereto.

19  IT IS SO ORDERED.

21  Dated: _____, 2014

22  Hon. Yvonne Gonzalez Rogers
    UNITED STATES DISTRICT JUDGE