William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Lead Case No. C 05-00037 YGR<br>[CLASS ACTION]<br><br>**DECLARATION OF TIM O'NEIL IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(h)(3) OR RULE 50** |

I, Tim O'Neil, hereby declare:

1. I am employed as a Legal Specialist by Apple Inc. ("Apple"), headquartered in Cupertino, California. I make this declaration based on my personal knowledge and in support of Apple's Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) or Rule 50.

2. I am familiar with the records that Apple maintains with regards to consumers' purchases of iPods. Records of retail purchases are kept in Apple's Point of Sale database.

3. Information relating to Apple customers' serialized Apple products, i.e. iPods, iPhones, and Mac computers, is maintained in a customer relations management database titled GCRM.

4. On December 3, 2014, I was informed that Ms. Rosen's counsel provided counsel for Apple with an iPod touch that Ms. Rosen brought with her when she testified in this action. Counsel for Apple inspected Ms. Rosen's iPod and transcribed the serial number of the iPod produced in court. Based on that inspection, I am informed that Ms. Rosen produced to counsel for Apple an iPod touch bearing serial number 1D9243X2201.

5. After receiving the serial number of the iPod produced by Ms. Rosen, I directed a search of the GCRM database for the serial number of the iPod allegedly purchased by Marianna Rosen.

6. Attached hereto as **Exhibit 1** and bearing the trial exhibit number TX 2865 is a true and correct copy of a Duplicate Receipt for customer Marianna Rosen's purchase of an iPod Touch 8GB, serial number 1D9243X2201, and other items on July 10, 2009.

7. I am informed that on or around 8:00 a.m. on December 4, 2014, Ms. Rosen's counsel provided counsel for Apple with an image of the Ms. Rosen's iTunes account that displayed the serial number of an iPod which was 1A836F5F201. Immediately thereafter, I directed a search of Apple's GCRM database to find a match for serial number 1A836F5F201.

8. That search returned a receipt identifying the following purchases of iPods made by The Rosen Law Firm on September 11, 2008:

- iPod Nano 8GB – green, Serial Number YM8361TK3QX
- iPod Touch 8GB, Serial Number 1A836F5F201

9. Attached hereto as **Exhibit 2** and bearing trial exhibit number TX 2884 is a true and correct copy of an Internal Reprint Copy for The Rosen Law Firm's purchase of an iPod Nano 8GB, serial number YM8361TK3QX, an iPod Touch 8GB, serial number 1A836F5F201, on September 11, 2008.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 5th day of December in Oakland, California.

_____

Tim O'Neil