# EXHIBIT C

1  ROBBINS GELLER RUDMAN
   & DOWD LLP
2  JOHN J. STOIA, JR. (141757)
BONNY E. SWEENEY (176174)
3  THOMAS R. MERRICK (177987)
ALEXANDRA S. BERNAY (211068)
4  PAULA M. ROACH (254142)
655 West Broadway, Suite 1900
5  San Diego, CA  92101
Telephone:  619/231-1058
6  619/231-7423 (fax)
johns@rgrdlaw.com
7  bonnys@rgrdlaw.com
tmerrick@rgrdlaw.com
8  xanb@rgrdlaw.com
proach@rgrdlaw.com
9
THE KATRIEL LAW FIRM
10  ROY A. KATRIEL (*pro hac vice*)
1101 30th Street, N.W., Suite 500
11  Washington, DC  20007
Telephone:  202/625-4342
12  202/330-5593 (fax)
rak@katriellaw.com
13
Co-Lead Counsel for Plaintiffs
14
[Additional counsel appear on signature page.]
15
UNITED STATES DISTRICT COURT
16
NORTHERN DISTRICT OF CALIFORNIA
17
SAN JOSE DIVISION
18

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-00037-JW(HRL) |
| | CLASS ACTION |
| This Document Relates To: | PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES |
| ALL ACTIONS. | |

PROPOUNDING PARTY:  APPLE INC.

RESPONDING PARTY:  MARIANA ROSEN

SET NO.:  ONE

590180_1

1    Plaintiff, by and through her attorneys and pursuant to Rule 33 of the Federal Rules of Civil

2  Procedure, hereby submits the following objections and responses to Defendant Apple, Inc.'s First

3  Interrogatories ("Interrogatories").

4  **I.    PRELIMINARY STATEMENT**

5    Plaintiff has not completed investigation or analysis of the facts relating to this case, has not

6  completed discovery, has not completed expert analysis, and has not completed preparation for trial.

7  Plaintiff is still in the process of reviewing more than 1 million pages of documents produced by

8  Defendant Apple ("Apple") over the last month and deposing Apple's witnesses. No expert

9  discovery has been conducted. Accordingly, the responses herein given are without prejudice to

10  Plaintiff's right to produce evidence of any subsequently discovered facts or interpretations thereof

11  and/or to add to, modify or to otherwise change or amend the responses herein. The information set

12  forth below is true and correct to the best knowledge of Plaintiff at this particular time. Plaintiff

13  expressly reserves her right to supplemental these responses as additional information is forthcoming

14  in the discovery process.

15  **II.    GENERAL OBJECTIONS**

16    Plaintiff asserts the following General Objections and hereby incorporates them into each

17  individual response below.

18    1.    Plaintiff objects to the Definitions, Instructions and each Interrogatory to the extent

19  that they purport to impose any obligations on Plaintiff that are not imposed by law, or that are

20  otherwise inconsistent with Rule 33 of the Federal Rules of Civil Procedure.

21    2.    Plaintiff objects to this discovery to the extent it calls for information that is protected

22  by the attorney-client privilege, the attorney work-product doctrine, or any other applicable

23  privilege.

24    3.    Plaintiff objects to the Interrogatories to the extent that they are overly broad and

25  unduly burdensome.

26    4.    Plaintiff objects to the Definitions, Instructions and Interrogatories to the extent that

27  they are vague or ambiguous.

28

5.    Plaintiff objects to the Interrogatories to the extent the information requested is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

6.    Plaintiff objects to the Interrogatories to the extent they fail to state with sufficient particularity the information sought.

7.    Plaintiff objects to the Interrogatories to the extent they seek information that is improper or request that Plaintiff provides, under oath, information or contentions not within Plaintiff's personal knowledge.

8.    Plaintiff objects to the Interrogatories to the extent they seek information equally available to Apple or information that originated from Apple's possession, custody or control.

9.    Plaintiff also objects to the extent the Interrogatories seek information that is ascertainable only through expert discovery, which is not completed, and/or calls for a legal conclusion.

10.    To the extent Plaintiff provides a response to the Interrogatories, such response shall not constitute waiver of any objection to the Interrogatories. Plaintiff also expressly reserves her right to object to the introduction of any response to these Interrogatories or any portion thereof into evidence.

## III.    RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

In addition to the General Objections, above, Plaintiff has set forth the following Specific Objections. By setting forth such Specific Objections, Plaintiff does not limit or restrict the General Objections. Plaintiff reserves her right to supplement her responses.

INTERROGATORY NO. 1:

Please identify all facts that YOU contend support your position that Apple has "used its dominant market position in the markets for Audio Downloads and Portable Digital Media Players to stifle competition and strengthen its monopoly in these markets," as alleged in paragraph 2 of the Complaint.

RESPONSE TO INTERROGATORY NO. 1:

Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

4  information that is equally available to Apple or information that originated from Apple's

5  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

7  has not completed discovery, has not completed expert analysis and has not completed preparation

8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

10 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

11 of documents in the last three weeks of discovery.

12 <u>INTERROGATORY NO. 2</u>:

13     Please identify all facts that YOU contend support your position that "Apple engaged in

14 systematic conduct to shut out rivals' competing Audio Downloads and Portable Digital Media

15 Players by cutting off access to the marketplace," as alleged in paragraph 2 of the Complaint.

16 <u>RESPONSE TO INTERROGATORY NO. 2</u>:

17     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

18 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

19 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

20 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

21 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

22 information that is equally available to Apple or information that originated from Apple's

23 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

24 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

25 has not completed discovery, has not completed expert analysis and has not completed preparation

26 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

27 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                                      - 3 -

1   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2   of documents in the last three weeks of discovery.

3   <u>INTERROGATORY NO. 3</u>:

4        Please identify all facts that YOU contend support your position that "In the process, Apple

5   deprived consumers of choice and innovation in the Audio Download Market and Portable Digital

6   Media Player Market," as alleged in paragraph 2 of the Complaint.

7   <u>RESPONSE TO INTERROGATORY NO. 3</u>:

8        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

9   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

10   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

11   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

12   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

13   information that is equally available to Apple or information that originated from Apple's

14   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

15   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

16   has not completed discovery, has not completed expert analysis and has not completed preparation

17   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

18   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

19   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

20   of documents in the last three weeks of discovery.

21   <u>INTERROGATORY NO. 4</u>:

22        Please identify all facts that YOU contend support your position that "Apple used unneeded

23   technological restrictions in conjunction with software updates to suppress new products that

24   threatened its monopoly power in the relevant product markets," as alleged in paragraph 2 of the

25   Complaint.

26   <u>RESPONSE TO INTERROGATORY NO. 4</u>:

27        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

1  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
4  information that is equally available to Apple or information that originated from Apple's
5  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7  has not completed discovery, has not completed expert analysis and has not completed preparation
8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11  of documents in the last three weeks of discovery.

12  <u>INTERROGATORY NO. 5</u>:

13     Please identify all facts that YOU contend support your position that "Apple initially gained
14  its monopoly power through the use of proprietary software on Audio Downloads purchased from
15  Apple's iTunes Store ("iTS") and Apple's iPod, known as FairPlay," as alleged in paragraph 3 of the
16  Complaint.

17  <u>RESPONSE TO INTERROGATORY NO. 5</u>:

18     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
19  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal
20  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this
21  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
22  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks
23  information that is equally available to Apple or information that originated from Apple's
24  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is
25  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
26  has not completed discovery, has not completed expert analysis and has not completed preparation
27  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
28  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

1   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

2   of documents in the last three weeks of discovery.

3   INTERROGATORY NO. 6:

4        Please identify all facts that YOU contend support your position that "When competitors

5   attempted to enter either market by selling products compatible with Apple's market-leading iPod or

6   iTS files, Apple promptly issued software updates to end the compatibility," as alleged in paragraph

7   4 of the Complaint.

8   RESPONSE TO INTERROGATORY NO. 6:

9        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

10  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

11  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

12  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

13  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

14  information that is equally available to Apple or information that originated from Apple's

15  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

16  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

17  has not completed discovery, has not completed expert analysis and has not completed preparation

18  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

19  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

20  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

21  of documents in the last three weeks of discovery.

22  INTERROGATORY NO. 7:

23       Please identify all facts that YOU contend support your position that "Consumers and

24  merchants have come to recognize the Audio Download Market as a separate and distinct market

25  from the market for music CDs," as alleged in paragraph 19 of the Complaint.

26  RESPONSE TO INTERROGATORY NO. 7:

27       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

28  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

590180_1   PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                          - 6 -

1  conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this
2  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
3  respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks
4  information that is equally available to Apple or information that originated from Apple's
5  possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is
6  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
7  has not completed discovery, has not completed expert analysis and has not completed preparation
8  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
9  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
10 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
11 of documents in the last three weeks of discovery.

12 INTERROGATORY NO. 8:

13     Please identify all facts that YOU contend support your position that "Barriers to entry in the
14 Audio Download Market are high," as alleged in paragraph 18 of the Complaint.

15 RESPONSE TO INTERROGATORY NO. 8:

16     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly
17 burdensome, and compound.  Plaintiff further objects to the extent this Interrogatory calls for a legal
18 conclusion and/or opinion and purports to seek expert opinions.  Plaintiff also objects to this
19 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to
20 respond to requested discovery.  Plaintiff also objects that this Interrogatory is premature and seeks
21 information that is equally available to Apple or information that originated from Apple's
22 possession, custody or control.  This Interrogatory is also objectionable on the grounds that it is
23 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,
24 has not completed discovery, has not completed expert analysis and has not completed preparation
25 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to
26 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18
27 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages
28 of documents in the last three weeks of discovery.

590180_1    PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 7 -

1  INTERROGATORY NO. 9:

2      Please identify all facts that YOU contend support your position that "Barriers to entry in the

3  Portable Digital Media Player Market are high," as alleged in paragraph 28 of the Complaint.

4  RESPONSE TO INTERROGATORY NO. 9:

5      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

6  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

7  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

8  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

9  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

10  information that is equally available to Apple or information that originated from Apple's

11  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

12  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

13  has not completed discovery, has not completed expert analysis and has not completed preparation

14  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

15  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

16  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

17  of documents in the last three weeks of discovery.

18  INTERROGATORY NO. 10:

19      Please identify all facts that YOU contend support your position that "But for Apple's

20  anticompetitive intent, it would have been rational and profitable for Apple to license FairPlay to

21  competing manufacturers of Portable Digital Media Players because it would have expanded the

22  consumer base for iTS," as alleged in paragraph 50 of the Complaint.

23  RESPONSE TO INTERROGATORY NO. 10:

24      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

590180_1  PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 8 -

1   information that is equally available to Apple or information that originated from Apple's

2   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4   has not completed discovery, has not completed expert analysis and has not completed preparation

5   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8   of documents in the last three weeks of discovery.

9   <u>INTERROGATORY NO. 11</u>:

10       Please identify all facts that YOU contend support your position that "Apple also issued

11   several software updates intended to prevent Audio Downloads purchased from iTS from being

12   played on competing Portable Digital Media Players," as alleged in paragraph 63 of the Complaint.

13   <u>RESPONSE TO INTERROGATORY NO. 11</u>:

14       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

15   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

16   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

17   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

18   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

19   information that is equally available to Apple or information that originated from Apple's

20   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

21   premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

22   has not completed discovery, has not completed expert analysis and has not completed preparation

23   for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

24   identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

25   months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

26   of documents in the last three weeks of discovery.

27

28

1  INTERROGATORY NO. 12:

2      Please identify all facts that YOU contend support the position that cellular telephones that

3  store and play digital music files – including but not limited to "smartphones" – do or do not

4  compete with Portable Digital Media Players.

5  RESPONSE TO INTERROGATORY NO. 12:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11 information that is equally available to Apple or information that originated from Apple's

12 possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13 premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14 has not completed discovery, has not completed expert analysis and has not completed preparation

15 for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16 identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17 months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18 of documents in the last three weeks of discovery.

19 INTERROGATORY NO. 13:

20     Please identify all facts that YOU contend support the position that "As a direct result of

21 Apple's anticompetitive use software updates, Plaintiffs and members of the Class paid

22 supracompetitive prices for iPods," as alleged in paragraph 88 of the Complaint.

23 RESPONSE TO INTERROGATORY NO. 13:

24     Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

25 burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

26 conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

27 Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

28 respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

590180_1   PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
           INTERROGATORIES - C-05-00037-JW(HRL)                                    - 10 -

1  information that is equally available to Apple or information that originated from Apple's

2  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

3  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

4  has not completed discovery, has not completed expert analysis and has not completed preparation

5  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

6  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

7  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

8  of documents in the last three weeks of discovery.

9  INTERROGATORY NO. 14:

10      Please state the amount that Plaintiffs and members of the Class would have paid but for

11  Apple's anticompetitive conduct as alleged in paragraph 88 of the Complaint.

12  RESPONSE TO INTERROGATORY NO. 14:

13      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

15  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

16  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

17  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

18  information that is equally available to Apple or information that originated from Apple's

19  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

20  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

21  has not completed discovery, has not completed expert analysis and has not completed preparation

22  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

23  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

24  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

25  of documents in the last three weeks of discovery.

26

27

28

590180_1    PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 11 -

1  INTERROGATORY NO. 15:

2      Please identify all facts that YOU contend support your position that "Apple's prices for

3  iPods paid by the Class and Plaintiffs were higher than they otherwise would have been," as alleged

4  in paragraph 92 of the Complaint.

5  RESPONSE TO INTERROGATORY NO. 15:

6      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

7  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

8  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

9  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

10  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

11  information that is equally available to Apple or information that originated from Apple's

12  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

13  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

14  has not completed discovery, has not completed expert analysis and has not completed preparation

15  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

16  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

17  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

18  of documents in the last three weeks of discovery.

19  INTERROGATORY NO. 16:

20      Please state the amount that Plaintiffs and members of the Class would have paid but for

21  Apple's anticompetitive conduct as alleged in paragraph 92 of the Complaint.

22  RESPONSE TO INTERROGATORY NO. 16:

23      Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

24  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

25  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

26  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

27  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

28  information that is equally available to Apple or information that originated from Apple's

1  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

2  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

3  has not completed discovery, has not completed expert analysis and has not completed preparation

4  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

5  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

6  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

7  of documents in the last three weeks of discovery.

8  <u>INTERROGATORY NO. 17</u>:

9        Please identify each software program, including, without limitation, those referred to in

10  paragraphs 64 through 66, that YOU have used to make music YOU purchased from the iTS

11  interoperable with any device not manufactured by Apple.

12  <u>RESPONSE TO INTERROGATORY NO. 17</u>:

13       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

14  burdensome, and compound. Plaintiff also objects that this Interrogatory seeks information that is

15  equally available to Apple. Plaintiff further objects that this Interrogatory seeks information that is

16  neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

17  <u>INTERROGATORY NO. 18</u>:

18       If your response to Request for Admission No. 7 was anything other than an unqualified

19  admission, please identify all facts that YOU contend support YOUR response to Request for

20  Admission No. 7.

21  <u>RESPONSE TO INTERROGATORY NO. 18</u>:

22       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23  burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24  conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25  Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26  respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27  information that is equally available to Apple or information that originated from Apple's

28  possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  INTERROGATORY NO. 19:

8      If your response to Request for Admission No. 7 was anything other than an unqualified

9  admission, please identify all facts that YOU contend support YOUR response to Request for

10  Admission No. 7.

11  RESPONSE TO INTERROGATORY NO. 19:

12      This Interrogatory is redundant of Interrogatory No. 18. Plaintiff therefore incorporates her

13  response to Interrogatory No. 18 above.

14  INTERROGATORY NO. 20:

15      Please identify the model and manufacturer of each PORTABLE DIGITAL MEDIA

16  PLAYER that YOU have purchased or used.

17  RESPONSE TO INTERROGATORY NO. 20:

18      Plaintiff objects to this Interrogatory on grounds that it is overly broad, unduly burdensome,

19  compound, irrelevant, and not reasonably calculated to lead to the discovery of admissible evidence.

20  Plaintiff objects to identifying all portable digital media players that she has ever "purchased," to the

21  extent these include gifts, and objects to identifying all portable digital media players ever "used" as

22  being overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of

23  admissible evidence.

24      Subject to and without waiver of any of the foregoing Specific Objections and General

25  Objections, Plaintiff responds as follows:

26      Plaintiff has purchased a 15GB iPod, and a 30GB video iPod for her own use. She also

27  purchased an iPod Mini as a present for her sister. She has not purchased any other MP3 players.

28

PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
INTERROGATORIES - C-05-00037-JW(HRL)                                    - 14 -

1    INTERROGATORY NO. 21:

2        For each PORTABLE DIGITAL MEDIA PLAYER identified in response to Interrogatory

3    No. 20, please identify all sources of music on the PORTABLE DIGITAL MEDIA PLAYER and

4    the percentage of music on the PORTABLE DIGITAL MEDIA PLAYER from each source of

5    music.

6    RESPONSE TO INTERROGATORY NO. 21:

7        Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

8    burdensome, compound, and not reasonably calculated to lead to the discovery of admissible

9    evidence. Plaintiff objects to the extent this request requires her to identify the sources of music on

10   portable digital media players that are not in her possession and/or portable digital media players that

11   she has never used.

12       Subject to and without waiver of any of the foregoing Specific Objections and General

13   Objections, Plaintiff responds as follows:

14       Plaintiff's music comes from two sources: her physical CD collections, some of which she

15   has downloaded onto her iTunes library; and, her music purchases from the iTS. Her best estimate is

16   that she has a 50-50 ratio of music from these two sources.

17   INTERROGATORY NO. 22:

18       Please identify all facts that YOU contend support your position that the software programs

19   referred to in paragraphs 64-66 of the Complaint made iTS files inoperable with Portable Digital

20   Media Players other than the iPod.

21   RESPONSE TO INTERROGATORY NO. 22:

22       Plaintiff objects to this Interrogatory on grounds that it is overly broad and unduly

23   burdensome, and compound. Plaintiff further objects to the extent this Interrogatory calls for a legal

24   conclusion and/or opinion and purports to seek expert opinions. Plaintiff also objects to this

25   Interrogatory to the extent Apple has not yet fully complied with its duties and obligations to

26   respond to requested discovery. Plaintiff also objects that this Interrogatory is premature and seeks

27   information that is equally available to Apple or information that originated from Apple's

28   possession, custody or control. This Interrogatory is also objectionable on the grounds that it is

1  premature, as Plaintiff has not completed investigation or analysis of the facts relating to this case,

2  has not completed discovery, has not completed expert analysis and has not completed preparation

3  for trial. Plaintiff further objects that it is harassing and overly burdensome in that it asks Plaintiff to

4  identify "all facts" in support of Plaintiff's claims when Apple has, after delaying for more than 18

5  months, finally responded to Plaintiff's discovery requests by producing more than 1 million pages

6  of documents in the last three weeks of discovery.

7  DATED: December 16, 2010                    ROBBINS GELLER RUDMAN
                                                & DOWD LLP
8                                               JOHN J. STOIA, JR.
                                                BONNY E. SWEENEY
9                                               THOMAS R. MERRICK
                                                ALEXANDRA S. BERNAY
10                                              PAULA M. ROACH

11

12                                              _Bonny E. Sweeney_ cw
                                                     BONNY E. SWEENEY
13
                                                655 West Broadway, Suite 1900
14                                              San Diego, CA 92101
                                                Telephone: 619/231-1058
15                                              619/231-7423 (fax)

16                                              THE KATRIEL LAW FIRM
                                                ROY A. KATRIEL
17                                              1101 30th Street, N.W., Suite 500
                                                Washington, DC 20007
18                                              Telephone: 202/625-4342
                                                202/330-5593 (fax)
19
                                                Co-Lead Counsel for Plaintiffs
20
                                                BONNETT, FAIRBOURN, FRIEDMAN
21                                                & BALINT, P.C.
                                                ANDREW S. FRIEDMAN
22                                              FRANCIS J. BALINT, JR.
                                                ELAINE A. RYAN
23                                              TODD D. CARPENTER
                                                2901 N. Central Avenue, Suite 1000
24                                              Phoenix, AZ 85012
                                                Telephone: 602/274-1100
25                                              602/274-1199 (fax)

26

27

28

590180_1    PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
            INTERROGATORIES - C-05-00037-JW(HRL)                                        - 16 -

1
2     BRAUN LAW GROUP, P.C.
      MICHAEL D. BRAUN
3     10680 West Pico Blvd., Suite 280
      Los Angeles, CA 90064
4     Telephone: 310/836-6000
      310/836-6010 (fax)
5
      MURRAY, FRANK & SAILER LLP
6     BRIAN P. MURRAY
      JACQUELINE SAILER
7     275 Madison Avenue, Suite 801
      New York, NY 10016
8     Telephone: 212/682-1818
      212/682-1892 (fax)
9
      GLANCY BINKOW & GOLDBERG LLP
10    MICHAEL GOLDBERG
      1801 Avenue of the Stars, Suite 311
11    Los Angeles, CA 90067
      Telephone: 310/201-9150
12    310/201-9160 (fax)

13    Additional Counsel for Plaintiffs

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

590180_1    PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST
            INTERROGATORIES - C-05-00037-JW(HRL)                              - 17 -

<u>DECLARATION OF SERVICE BY MAIL AND E-MAIL</u>

I, the undersigned, declare:

1.      That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interested party in the within action; that declarant's business address is 655 West Broadway, Suite 1900, San Diego, California 92101.

2.      That on December 16, 2010, declarant served PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.      That there is a regular communication by mail between the place of mailing and the places so addressed.

4.      Also on December 16, 2010, I served the attached PLAINTIFF MARIANA ROSEN'S RESPONSE TO DEFENDANT APPLE INC.'S FIRST INTERROGATORIES on the parties in the within action by e-mail addressed as follows:

**COUNSEL FOR DEFENDANTS**:

| NAME | FIRM | EMAIL |
|------|------|-------|
| Robert Mittelstaedt | Jones Day | ramittelstaedt@jonesday.com |
| David Kiernan | Jones Day | dkiernan@jonesday.com |
| Michael Scott | Jones Day | michaelscott@jonesday.com |

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 16, 2010, at San Diego, California.

CHRISTINE CLARK

590180_1

.PPLE TYING

Service List - 12/16/2010  (06-0171)

Page 1 of 1

**Counsel For Defendant(s)**

Robert A. Mittelstaedt
Craig E. Stewart
David Craig Kiernan
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104
   415/626-3939
   415/875-5700 (Fax)

**Counsel For Plaintiff(s)**

Andrew S. Friedman                          Michael D. Braun
Elaine A. Ryan                              Marc L. Godino
Todd D. Carpenter                           Braun Law Group, P.C.
Bonnett, Fairbourn, Friedman & Balint, P.C. 10680 West Pico Blvd., Suite 280
2901 N. Central Avenue, Suite 1000          Los Angeles, CA  90064
Phoenix, AZ  85012                             310/836-6000
   602/274-1100                                310/836-6010 (Fax)
   602/274-1199 (Fax)


Eric J. Belfi                               Jacqueline Sailer
Labaton Sucharow LLP                        Murray, Frank & Sailer LLP
140 Broadway, 34th Floor                    275 Madison Avenue, Suite 801
New York, NY  10005                         New York, NY  10016
   212/907-0700                                212/682-1818
   212/818-0477 (Fax)                          212/682-1892 (Fax)


John J. Stoia, Jr.                          Roy A. Katriel
Bonny E. Sweeney                            The Katriel Law Firm
Thomas R. Merrick                           101 30th Street, N.W., Suite 500
Robbins Geller Rudman & Dowd LLP            Washington, DC  20007
655 West Broadway, Suite 1900                  202/625-4342
San Diego, CA  92101                           866/373-4023 (Fax)
   619/231-1058
   619/231-7423 (Fax)