# EXHIBIT 1

Sheet 1

```
                UNITED STATES DISTRICT COURT

              NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE


THE APPLE IPOD ITUNES        )    NO. C 05-00037 YGR
ANTITRUST LITIGATION         )
                             )    PAGES 623 - 874
                             )
                             )    JURY TRIAL VOLUME 4
                             )
                             )
                             )    OAKLAND, CALIFORNIA
_____)    THURSDAY, DECEMBER 4, 2014


               REPORTERS' TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

FOR PLAINTIFFS:      ROBBINS GELLER RUDMAN & DOWD LLP
                     655 WEST BROADWAY, SUITE 1900
                     SAN DIEGO, CALIFORNIA   92101
                BY:  ALEXANDRA S. BERNAY,
                     JENNIFER N. CARINGAL,
                     PATRICK COUGHLIN,
                     STEVEN M. JODLOWSKI,
                     CHARLES MCCUE,
                     CARMEN A. MEDICI,
                     BONNY E. SWEENEY, ATTORNEYS AT LAW

                     BONNETT FAIRBOURN FRIEDMAN & BALINT PC
                     4023 CAIN BRIDGE ROAD
                     FAIRFAX, VIRGINIA  22030
                BY:  FRANCIS J. BALINT, JR.
                     ATTORNEY AT LAW

            (APPEARANCES CONTINUED NEXT PAGE)

REPORTED BY:         RAYNEE H. MERCADO, CSR NO. 8258
                     DIANE E. SKILLMAN, CSR NO. 4909

    PROCEEDINGS REPORTED BY ELECTRONIC/MECHANICAL STENOGRAPHY;
TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION.

    RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530
```

I N D E X

| PLAINTIFFS' WITNESSES | PAGE | VOL. |
|---|---|---|
| CUE, EDUARDO | | |
| DIRECT EXAMINATION BY MS. SWEENEY | 651 | 4 |
| CROSS-EXAMINATION BY MR. ISAACSON | 692 | 4 |
| REDIRECT EXAMINATION BY MS. SWEENEY | 754 | 4 |
| RECROSS-EXAMINATION BY MR. ISAACSON | 765 | 4 |
| FURTHER REDIRECT EXAMINATION BY MS. SWEENEY | 767 | 4 |
| | | |
| MARKS, AMANDA | | |
| DIRECT EXAMINATION BY MR. COUGHLIN | 769 | 4 |
| CROSS-EXAMINATION BY MR. ISAACSON | 806 | 4 |
| | | |
| SCHILLER, PHILLIP | | |
| DIRECT EXAMINATION BY MS. SWEENEY | 791 | 4 |
| CROSS-EXAMINATION BY MR. ISAACSON | 806 | 4 |
| REDIRECT EXAMINATION BY MS. SWEENEY | 841 | 4 |
| RECROSS-EXAMINATION BY MR. ISAACSON | 848 | 4 |

--o0o--

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

---

A P P E A R A N C E S  (CONT'D.)

```
FOR DEFENDANT:       BOIES, SCHILLER & FLEXNER LLP
                     5301 WISCONSIN AVENUE NW
                     WASHINGTON, D.C.  20015
                BY:  WILLIAM A. ISAACSON,
                     KAREN L. DUNN,
                     MARTHA L. GOODMAN, ATTORNEYS AT LAW

                     BOIES, SCHILLER & FLEXNER LLP
                     1999 HARRISON STREET, SUITE 900
                     OAKLAND, CALIFORNIA   94612
                BY:  MEREDITH R. DEARBORN, ATTORNEYS AT LAW

                     JONES DAY
                     555 CALIFORNIA STREET, 26TH FLOOR
                     SAN FRANCISCO, CALIFORNIA  94104-1500
                BY:  DAVID C. KIERNAN, ATTORNEYS AT LAW

                     APPLE
                     1 INFINITE LOOP, MS 169-2NYJ
                     CUPERTINO, CALIFORNIA   95014
                BY:  SCOTT B. MURRAY,
                       SENIOR LITIGATION COUNSEL


                         --o0o--
```

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

E X H I B I T S

| PLAINTIFFS' EXHIBITS | W/DRAWN | IDEN | EVID | VOL. |
|---|---|---|---|---|
| 2 | | | 647 | 4 |
| 55 | | | 866 | 4 |
| 83 | | | 866 | 4 |
| 118 | | | 855 | 4 |
| 121 | | | 855 | 4 |
| 124 | | | 854 | 4 |
| 125 | | | 855 | 4 |
| 128 | | | 854 | 4 |
| 130 | | | 855 | 4 |
| 147 | | | 856 | 4 |
| 193 | | | 866 | 4 |
| 222 | | | 856 | 4 |
| 319 | | | 860 | 4 |
| 383 | | | 864 | 4 |
| 461 | | | 857 | 4 |
| 816 | | | 857 | 4 |
| 880 | | | 869 | 4 |
| 940 | | | 865 | 4 |

RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

Sheet 4

635

1  WHICH DAMAGES WOULD BE CLAIMED.
2     THE -- THE CHANGE IN THE IPODS AFFECTED HAVE NOTHING TO DO
3  WITH THE FACT THAT THESE PLAINTIFFS ARE NOW DISCLOSING FOR THE
4  FIRST TIME IPODS FOR WHICH DAMAGES WOULD HAVE BEEN CLAIMED
5  FROM THE BEGINNING OF THE -- FROM THE BEGINNING OF THIS
6  COMPLAINT, THE -- THE BEGINNING OF THIS OPERATIVE COMPLAINT.
7     ALL RIGHT.  THIS -- THE CHANGE IN THE DAMAGE THEORY HAS
8  NOTHING --
9     THE COURT:  I UNDERSTAND THAT.  BUT WE'RE TEN YEARS
10 INTO THIS LITIGATION AND IT'S NOT CLEAR TO ME WHERE IN THE
11 DEPOSITION -- AND I -- I UNDERSTAND, MR. ISAACSON, THAT YOU
12 WERE NOT INVOLVED IN THIS CASE FROM THE BEGINNING.  BUT
13 TYPICALLY, THESE THINGS WOULD HAVE BEEN INVESTIGATED.  AND DO
14 I -- AND RESEARCHED AS PART OF THE DISCOVERY.
15    MR. ISAACSON:  AND THEY -- AND THEY WERE, YOUR HONOR.
16 SO LET ME -- SO THE DEPOSITION IS 2007.  ALL RIGHT?  SO WE ARE
17 TALKING ABOUT PURCHASES AFTER 2007.
18    THE COURT:  CAN I HAVE HER DEPOSITION, PLEASE?
19    MR. ISAACSON:  SURE.
20    THE COURT:  I'M TALKING TO MY COURTROOM DEPUTY.
21    MR. ISAACSON:  THE DEPOSITION IS IN 2007.  WE'RE
22 TALKING ABOUT 2008 PURCHASES, SO THIS WOULD NOT HAVE BEEN
23 DISCUSSED DURING THE DEPOSITION.
24    THE INTERROGATORY RESPONSE, WHICH IS 2010, COMES AFTER
25 THIS ALLEGED PURCHASE.  SO DISCOVERY WAS TAKEN ON IT.  AND THE
           RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

636

1  INTERROGATORY RESPONSE SAYS, "I BOUGHT THREE IPODS."  OKAY?
2  THESE ARE THE -- TWO OF THEM ARE BEFORE THE CLASS PERIOD AND
3  ONE IS -- ONE IS THE ONE THAT DR. NOLL SAYS WOULD HAVE NO
4  DAMAGES ASSOCIATED WITH IT.
5     THE TWO IPODS THAT ARE BEING DISCLOSED WERE PURCHASED
6  BEFORE THAT INTERROGATORY RESPONSE AND WERE NOT DISCLOSED IN
7  THE INTERROGATORY RESPONSE SO APPLE IS NOT PUT ON NOTICE THAT
8  THESE IPODS EXIST.
9     THEN IN THE CLASS CERTIFICATION MOTION, WHICH IS 2011,
10 PLAINTIFFS SAY, AS I SAID, THAT -- THAT THEIR THREE PROPOSED
11 PLAINTIFFS -- WE'RE DOWN TO TWO -- HAVE SUBMITTED THEIR IPODS
12 FOR FORENSIC INSPECTION BY APPLE COUNSEL SO --
13    THE COURT:  OKAY.  SO AT THAT TIME, YOU HAD SOME
14 INFORMATION ABOUT WHAT THE PLAINTIFFS APPARENTLY HAD OR DIDN'T
15 HAVE, AND YOU DIDN'T RAISE THE ISSUE THAT IT -- THAT THEY
16 WEREN'T -- IN 2011, YOU DIDN'T RAISE THE ISSUE THAT YOU
17 THOUGHT THAT THEY WEREN'T QUALIFIED BECAUSE THEY DIDN'T HAVE
18 AN IPOD?
19    MR. ISAACSON:  THAT -- THAT IS CORRECT.  BECAUSE WITH
20 THIS -- OBVIOUS -- TWO OF THEM ARE OBVIOUSLY OUTSIDE THE CLASS
21 PERIOD.  I DON'T THINK THE PLAINTIFFS HAVE EVER CLAIMED ANY
22 DAM -- THAT WAS SELF-EVIDENT.
23    THE THIRD IPOD, IN ORDER TO IDENTIFY THAT WAS FIFTH
24 GENERATION, TOOK SOME -- TOOK PUTTING PUZZLE PIECES TOGETHER
25 BECAUSE SHE SAID, "I BOUGHT AN IPOD ON THIS DATE IN SEPTEMBER
           RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

637

1  2006."
2     THE COURT:  SO WHAT WERE YOU DOING IN 2011, FOUR
3  YEARS AGO, THREE YEARS AGO, TO INVESTIGATE THIS PARTICULAR
4  ISSUE THAT YOU APPARENTLY RESOLVED IN LESS THAN 24 HOURS?
5     MR. ISAACSON:  I DON'T HAVE AN ANSWER FOR THAT, YOUR
6  HONOR.
7     THE COURT:  WELL, THAT'S A PROBLEM.
8     MR. ISAACSON:  I -- I UNDERSTAND THAT.  BUT AT THE
9  END OF THE DAY, THERE'S STILL -- WE'RE AT TRIAL AND A
10 PLAINTIFF HAS TO SHOW INJURY.
11    THE COURT:  WELL, AND I UNDERSTAND THAT, TOO, BUT I
12 DID EXCUSE HER.  AND IF YOU THOUGHT YOU HAD AN ISSUE, YOU
13 SHOULD HAVE ADVISED ME, AND I WOULDN'T HAVE EXCUSED HER.  AND
14 I SAID THAT TO YOU AT THE END OF THE COURT YESTERDAY.
15    MR. ISAACSON:  RIGHT.
16    THE COURT:  SO THAT CREATES ANOTHER PROBLEM.
17    MR. ISAACSON:  RIGHT.  I THINK IT COULD BE RESOLVED
18 BY -- BY PHONE OR VIDEO TESTIMONY.
19    THE -- BECAUSE WE ARE JUST -- THE ONLY ISSUE THAT HAS COME
20 UP IS THEY'RE NOW GIVING US A RECEIPT THAT SHE SAYS WAS HER
21 PURCHASE, AND THE RECEIPT FROM APPLE SHOWS THAT THE TWO -- THE
22 TWO DEVICES THAT COUNSEL JUST IDENTIFIED -- AND WE'LL HAVE
23 COPIES MADE FOR EVERYBODY -- ARE FROM THE ROSEN LAW FIRM.
24    AND WE WILL PUT ON A WITNESS TO CERTIFY THIS DOCUMENT.
25 AND THE JURY IS GOING TO BE TOLD THAT THIS WITNESS HAS NOT
           RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

638

1  PURCHASED A DEVICE AND THESE TWO DEVICES WERE PURCHASED BY THE
2  ROSEN LAW FIRM.
3     SO WE'RE -- I'M DELIVERING THE INFORMATION TO YOU AS I
4  HAVE IT.
5     THE COURT:  OKAY.  RESPONSE.
6     MS. SWEENEY:  YOUR HONOR, I -- WE -- OR MS. ROSEN
7  CALLED APPLE THIS MORNING AND IS GETTING THE RECEIPTS.  I
8  HAVEN'T SEEN THIS INFORMATION THAT MR. ISAACSON IS REFERRING
9  TO.  THEY HAVE A LOT OF INFORMATION ABOUT THE PURCHASES OF
10 PLAINTIFFS AND CLASS MEMBERS WHICH THEY HAVE WITHHELD, AND IT
11 SEEMS TO ME GROSSLY UNFAIR FOR APPLE TO RAISE IT NOW WHEN THEY
12 HAVE HAD THIS INFORMATION ALL ALONG AND CHOSE STRATEGICALLY TO
13 WAIT TO BRING IT UP NOW.
14    MR. ISAACSON:  WE HAD ABSOLUTELY NO REASON TO SEARCH
15 THE PURCHASES OF THE ROSEN LAW FIRM.
16    THE COURT:  SO YOU CAN -- YOU CAN SEARCH BY NAME?
17 AND IF SO, WHY DIDN'T YOU SEARCH BY NAME OF THE NAMED
18 PLAINTIFFS?
19    MR. ISAACSON:  YOU CAN SEARCH BY NAME.  IT'S NOT
20 NECESSARILY COMPLETE.  SO WHEN YOU SEARCH HER NAME, YOU DON'T
21 TURN THIS UP.  BUT I CAN'T HAND THAT TO YOU AND SAY THEREFORE
22 SHE DIDN'T HAVE A PURCHASE.  THE RECORDS ARE NOT PERFECT.
23    IF WE CAN -- WHEN WE GET A -- A SERIAL NUMBER, WE CAN THEN
24 PULL UP A RECEIPT MANY TIMES, INCLUDING THIS CASE.  BUT IF I
25 SEARCH MY NAME IN THE APPLE DEVICE, THERE'S MANY REASONS MY
           RAYNEE H. MERCADO, CSR, RMR, CRR, FCRR (510) 451-7530

*Raynee H. Mercado, CSR, RMR, CRR, FCRR and Diane E. Skillman, CSR, RPR, FCRR*