# Robbins Geller
# Rudman & Dowd LLP

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Patrick Coughlin
patc@rgrdlaw.com

December 7, 2014

<u>VIA ECF</u>

The Honorable Judge Yvonne Gonzalez Rogers
United States District Court
   Northern District of California
Oakland Courthouse
1301 Clay Street, Courtroom 1, 4th Floor
Oakland, CA 94612

Re:    *The Apple iPod iTunes Antitrust Litigation*
        Case No. C-05-0037-YGR

Dear Judge Gonzalez Rogers:

      On November 25, 2014, less than a week before trial, Apple raised a number of objections to the use of dozens of documents at trial, asserting a confidentiality interest in several broad categories of documents.[1]  Because Apple refused to fully identify what it wanted redacted, the meet and confer process stalled and the parties requested the aid of the Court.  ECF Nos. 939, 940. Finally, at the final pretrial conference on December 1, 2014, Apple provided Plaintiffs with a concrete set of documents that it sought to be redacted.  This set of documents included Dr. Kelly's expert report, behind a tab entitled "source code."  *See* Medici Decl., Ex. 1 (Apple's redactions to Dr. Kelly's report); *see also* December 1, 2014 Hrg. Tr. at 63:20-23 (where the Court notes that material behind the source code tab isn't source code:  The Court: "This isn't – This isn't source code."  The Court: "It's not source code."  Mr. Coughlin: "That's my point.").  After lengthy

---

[1]  On October 3, 2014, the Court told Apple that the sealing requests it filed with respect to both Plaintiffs' and Apple's summary judgment briefing and related filings were overbroad.  ECF No. 825 at 46:17-50:7.  As a result of that, the parties met and conferred on the redactions and refiled the materials.  ECF Nos. 809-818. Though Plaintiffs have consistently taken the position that as much information as possible should be filed publicly, Apple insisted on redacting certain information related to source code and other technical descriptions of FairPlay, among other materials.  ECF 819.  Per the local rules and the Court's instruction, Apple made its motion to seal (and Plaintiffs did not oppose, finding that Apple's representations, if accepted, would demonstrate compelling reasons to seal), which was granted on November 7, 2014.  ECF No. 883.  ***Portions of the documents that Apple sought to seal, and the Court did seal, included technical specifications and depictions of the iPod keybag from Dr. Kelly's expert reports.  ECF No. 819-4.***

989263_1

**Robbins Geller**
**Rudman & Dowd** LLP

Honorable Judge Yvonne Gonzalez Rogers
December 7, 2014
Page 2

discussions over the appropriateness of Apple's redactions (*see* December 1, 2014 Hrg. Tr. at 27:20-38:3; 62:3-80:7), Apple agreed to a narrowed set of redactions. This set of redactions still included large portions of Dr. Kelly's report, including Figures 1-5 and 10-14 and numerous paragraphs of technical specifications. *See* Medici Decl., Ex. 1 (Kelly Expert Report) at Trial Ex. 0934, pages 22-27, 35-38, 41.

On Saturday, December 6, 2014, Apple provided Plaintiffs with slides that it intends to use as demonstratives with Dr. Kelly. *Compare* Medici Decl. Ex. 1 (Kelly Expert Report) at Trial Ex. 0934, pages 22-27, 35-38, 41 *with* Medici Decl. Ex. 2 (Apple's proposed Kelly demonstratives).[2] These slides contain identical copies of Dr. Kelly's Figures 1-5 and 10-14 that the Court redacted at Apple's request. ECF Nos. 819, 883 (motion and order).[3]

Certainly, the Plaintiffs believed by agreeing to the redactions, the redacted portions of the proffered documents would not be used during the trial. The clear impression Plaintiffs had at the conclusion of the December 1, 2014 hearing was that if we agreed to the redactions, the trial could go forward without further interruption. As a result, Plaintiffs adjusted their trial strategy.

Apple cannot now unredact the Kelly figures after Plaintiffs have put on the technical side of their case and crossed Apple's technical witnesses without using the redacted portions of those documents.

Respectfully submitted,

PATRICK COUGHLIN

PJC:sgm
cc:    Defendants' Counsel (via ECF)

---

[2]    On Sunday, December 7, 2014, Apple sent a revised set of slides that still contain Dr. Kelly's redacted slides 1-5 and 10-14 from his expert report. Trial Ex. 0934, pages 22, 27, 35-38, 41.

[3]    This is the second time that Apple has used redactions as both a sword and a shield – recall that Apple attempted to seal information that it was using in its opening presentation. *See* December 1, 2014 Pretrial Conf. Hrg. Tr. at 37:16-20 (Mr. Coughlin: "They stipulated to the admission without any redactions. Now they've got them in their opening, the stuff that he sent over for us to look at for redactions."); *id.* at 67:23-68:1 (where Plaintiffs point out that Apple sought to use information that it wanted sealed in their opening slides).

# Robbins Geller
## Rudman & Dowd LLP

| | | | | |
|---|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

### CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 7, 2014.

s/ Patrick J. Coughlin
PATRICK J. COUGHLIN

Robbins Geller Rudman & Dowd LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104

E-mail:        patc@rgrdlaw.com

989263_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,cdelacroix@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Suzanne Elizabeth Jaffe**
  SJAFFE@BSFLLP.COM,jchavez@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,cduong@bsfllp.com,dnasca@bsfllp.com,span@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`