# JONES DAY

555 CALIFORNIA STREET, 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104

TELEPHONE: +1.415.626.3939 • FACSIMILE: +1.415.875.5700

Direct Number: (415) 875-5745
dkiernan@JonesDay.com

December 7, 2014

CM/ECF

The Honorable Yvonne Gonzalez Rogers
United States District Court
Northern District of California
Oakland Division
1301 Clay Street, Courtroom 1, 4th Floor
Oakland, CA 94612

    Re:    *The Apple iPod iTunes Antitrust Litigation*; Case No. C 05-00037 YGR

Dear Judge Gonzalez Rogers:

    This letter responds to Plaintiffs' December 7, 2014 letter objecting to the use of certain exhibits to Dr. Kelly's report as demonstratives. Plaintiffs' argument that Apple refused to remove redactions from Dr. Kelly's report or that Plaintiffs agreed to any such redactions is untrue and mischaracterizes the record.

    At the December 1 hearing, Apple provided the Court and Plaintiffs with two binders containing a set of certain trial exhibits with proposed redactions. Dr. Kelly's report was included along with a number of other documents containing technical descriptions of FairPlay behind Tab 1 (Source Code) in Volume 1 of the binders. Contrary to Plaintiffs' statement that they agreed to redactions to Dr. Kelly's report, Plaintiffs' counsel requested and argued that Apple should remove all redactions – including redactions made to Dr. Kelly's report – that reflected technical descriptions of FairPlay, including diagrams of keybags. Plaintiffs argued that the information was not source code and thus not entitled to protection. Ultimately, Apple agreed to withdraw all redactions to the trial exhibits in Volume 1, which included Dr. Kelly's report, except to the extent the trial exhibits contained actual source code. And at the end of the hearing, the Court ruled that Apple could redact *only* actual source code, information reflecting DRM for subscription services, and certain information in label and reseller agreements.[1] Declaration of David C. Kiernan, Ex. 1 at 72-77 (Dec. 1, 2014 Hrg. Tr) (hereafter "Kiernan Decl.").

---

[1] Plaintiffs try to give the impression that the Court agreed to redact the Kelly's report for use at trial. *See* footnote 1 and page 2 ("These slides contain identical copies of Dr. Kelly's Figures 1-5 and 10-14 that the Court redacted at Apple's request."). The Orders that Plaintiffs' cite were entered <u>before</u> the December 1, 2014 ruling regarding redactions of trial exhibits. At the hearing, Apple ultimately agreed to withdraw its request for redactions to Dr. Kelly's report.

SFI-620883489v1

JONES DAY

The Honorable Yvonne Gonzalez Rogers
December 7, 2014
Page 2

      In light of this ruling, Apple agreed to provide Plaintiffs' counsel with a new set of trial exhibits with redactions consistent with the Court's ruling.  Mr. Medici agreed to review the proposed redactions and to provide Plaintiffs' consent or counterproposals.  Kiernan Decl.,¶ 3.  Pursuant to that agreement, on the same day of the hearing, Apple sent Plaintiffs' counsel a more limited set of trial exhibits for which it sought redactions.  Contrary to Plaintiffs' statement, Apple did not include Dr. Kelly's report or any redactions to Dr. Kelly's report in the new "set of redactions."  Nor did it include a number of other documents for which previously sought redactions.

      On December 2, 2014, Plaintiffs' counsel sent an email stating that they had no objections to the redactions to the limited set of trial exhibits and asked Apple to "provide the Court, and [Plaintiffs] (electronic is fine), with a set of trial-branded documents including both Plaintiffs and Apple's redacted exhibits."  Apple did just that, providing a set of trial-branded exhibits that included the agreed-upon redactions.  *Id.*, ¶ 6.

      In short, consistent with the Court's ruling, Apple withdrew its redactions from Dr. Kelly's report and provided Plaintiffs with the trial exhibits with agreed-upon redactions.  Accordingly, Plaintiffs' objection is unfounded and Apple should be able to use the exhibits to that report as demonstratives.

      Very truly yours,

      /s/David C. Kiernan


      David C. Kiernan