William A. Isaacson (Admitted Pro Hac Vice)
(wisaacson@bsfllp.com)
Karen L. Dunn (Admitted Pro Hac Vice)
(kdunn@bsfllp.com)
Martha L. Goodman (Admitted Pro Hac Vice)
(mgoodman@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone: (202) 237-2727
Facsimile: (202) 237-6131

John F. Cove, Jr. (State Bar No. 212213)
(jcove@bsfllp.com)
Kieran P. Ringgenberg (State Bar No. 208600)
(kringgenberg@bsfllp.com)
Meredith R. Dearborn (State Bar No. 268312)
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone: (510) 874-1000
Facsimile: (510) 874-1460

David C. Kiernan (State Bar No. 215335)
dkiernan@jonesday.com
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700

Attorneys for Defendant
APPLE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTI-TRUST LITIGATION | Lead Case No. C-05-0037-YGR<br><br>[CLASS ACTION]<br><br>**DECLARATION OF DAVID C. KIERNAN** |

I, David C. Kiernan, declare as follows:

1. I am a partner in the law firm of Jones Day, located at 555 California Street, 26th Floor, San Francisco, CA 94104. I submit this declaration in support of Apple's letter regarding the redaction of Dr. Kelly's expert report and use of demonstratives during the examination of Dr. Kelly. The facts stated in this declaration are true and based upon my own personal knowledge, and if called to testify to them, I would competently do so.

2. Attached as Exhibit 1 is a true and correct copy of the transcript of this Court's December 1, 2014 pre-trial conference.

3. At the December 1 hearing, Apple provided the Court and Plaintiffs with two binders containing a set of certain trial exhibits with proposed redactions. Dr. Kelly's report was included along with a number of other documents containing technical descriptions of FairPlay behind Tab 1 (Source Code) in Volume 1 of the binders. At the hearing, Plaintiffs' counsel requested and argued that Apple should remove all redactions – including redactions made to Dr. Kelly's report – that reflected technical descriptions of FairPlay, including diagrams of keybags. Plaintiffs argued that the information was not source code and thus not entitled to protection.

4. Ultimately, on behalf of Apple, I agreed to withdraw all redactions to the trial exhibits in Volume 1, which included Dr. Kelly's report, except to the extent the trial exhibits contained actual source code.

5. In light of this ruling, on behalf of Apple, I agreed to provide Plaintiffs' counsel with a new set of trial exhibits with redactions consistent with the Court's ruling. Mr. Medici agreed to review the proposed redactions and to provide Plaintiffs' consent or counterproposals. Pursuant to that agreement, on the same day of the hearing, Apple sent Plaintiffs' counsel a more limited set of trial exhibits for which it sought redactions. Apple did <u>not</u> include Dr. Kelly's report or any redactions to Dr. Kelly's report in the new "set of redactions." Nor did it include a number of other documents for which previously sought redactions.

6. On December 2, 2014, Plaintiffs' counsel, Mr. Medici, sent an email stating that Plaintiffs had no objections to the redactions to the limited set of trial exhibits and asked Apple to "provide the Court, and [Plaintiffs] (electronic is fine), with a set of trial-branded documents

including both Plaintiffs and Apple's redacted exhibits." Apple did just that, providing a set of trial-branded exhibits that included the agreed-upon redactions.

7. In short, Apple withdrew its redactions from Dr. Kelly's report and provided Plaintiffs with the trial exhibits with agreed-upon redactions.

Executed this 7th day of December, 2014 in San Francisco, California.


        */s/ David C. Kiernan*
        David C. Kiernan

SFI-620883490v1