**Robbins Geller Rudman & Dowd LLP**

| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Bonny E. Sweeney
bonnys@rgrdlaw.com

December 7, 2014

<u>VIA ECF</u>

The Honorable Judge Yvonne Gonzalez Rogers
United States District Court
   Northern District of California
Oakland Courthouse
1301 Clay Street, Courtroom 1 – 4th Floor
Oakland, CA 94612

      Re:   *The Apple iPod iTunes Antitrust Litigation*,
             No. C-05-0037-YGR

Dear Judge Gonzalez Rogers:

      Plaintiffs are in receipt of the Court's draft of the final jury instructions and appreciate the Court providing a copy prior to oral argument. As explained below, Plaintiffs believe the draft instruction on genuine product improvements does not properly reflect the narrow factual issue to be decided by the jury. The instruction is also confusing, as it treats Apple's product improvement defense as two separate defenses. Accordingly, Plaintiffs respectfully offer this supplemental submission in support of their Proposed Jury Instructions.

**I.    The Claim Being Tried**

      Because Plaintiffs are masters of their claim, Apple must defend the claim as asserted and not as reconfigured by Apple into something more easily defended. Plaintiffs claim that Apple maintained and enhanced its monopoly in the portable digital media player market by issuing and activating certain firmware and software changes added through Updates 7.0 and 7.4 (specifically, Keybag Verification Code ("KVC") and Database Verification Code ("DVC")) that terminated the iPod user's ability to play digital music legally purchased from sources other than Apple.

      In the summary judgment proceedings before Judge Ware, the focus was on precisely the incompatibility wrought by KVC and DVC. Apple defended KVC and DVC on the ground that those changes were allegedly made as security enhancements needed to protect against the risk of "corruption" that might occur should non-iTunes music be added to an iPod's database. Judge Ware held based on the record before him and under *Allied Orthopedic Appliances Inc. v. Tyco*

**ROBBINS GELLER**
**Rudman & Dowd LLP**

The Honorable Judge Yvonne Gonzalez Rogers
December 7, 2014
Page 2

*Health Care Group LP*, 592 F.3d 991 (9th Cir. 2010), that Plaintiffs had raised genuine issues of material fact as to whether these changes constituted a genuine product improvement:

> In light of the parties' conflicting evidence, the Court finds that it is unable to determine, as a matter of law, that iTunes 7.0 ***was introduced to guard against the risk of corruption*** and was ***therefore*** a genuine product improvement.

ECF 627 at 12 (emphasis added). Judge Ware never suggested that the purpose or benefit of any 7.0 feature ***other than*** the challenged changes purportedly introduced "to guard against the risk of corruption" was to be tried. *Id.*

Apple itself has recognized that this case centers on KVC/DVC. ECF 823 at 5 (Joint Pretrial Conference Statement) ("The only remaining allegation of anticompetitive conduct at issue is the extent to which Apple's iTunes 7.0 and 7.4 updates were anticompetitive because ***certain elements*** of those updates did not permit interoperability . . . ") (emphasis added).

Now, however, Apple urges the Court to instruct the jury to consider, in evaluating whether KVC and DVC constitute a genuine product improvement, ***all*** of the features of Updates 7.0 and 7.4 (challenged and unchallenged). According to Apple, if the whole of the Update (or, indeed, any one of its parts) is deemed a product improvement, then the jury cannot find for Plaintiffs. That is not the law.

## II.   Antitrust Law Does Not Support Apple's Conflation Argument

Nothing in *Allied Orthopedic* supports, let alone requires, the conflated assessment of genuine product improvement urged by Apple. There, the Ninth Circuit made clear that changes in product design "are not immune from antitrust scrutiny, and in certain cases may constitute an unlawful means of maintaining a monopoly under Section 2." 592 F.3d at 998. The Ninth Circuit cited as an example *United States v. Microsoft Corp.*, 253 F.3d 34, 65 (D.C. Cir. 2001).

In *Microsoft*, the Court of Appeals reviewed the trial court's finding of Section 2 liability based upon Microsoft's inclusion of its web browser ("IE") in its Windows 98 operating system update. The Court affirmed the lower court's ruling that Microsoft's update discouraged the use of competing web browsers, preventing erosion of Microsoft's monopoly power in the operating system market. The Court of Appeals focused on three specific findings of exclusionary conduct by Microsoft:

   1.   excluding IE from the operating system "Add/Remove Programs" utility;

ROBBINS GELLER
Rudman & Dowd LLP

The Honorable Judge Yvonne Gonzalez Rogers
December 7, 2014
Page 3

    2.    designing the operating system so as in certain circumstances to override the user's choice of default browser other than IE; and

    3.    commingling code related to browsing and other code, so that any attempt to delete the files containing IE would, at the same time, cripple the operating system.

253 F.3d at 64-65. The Court of Appeals found that all three actions amounted to anticompetitive conduct. *Id.* at 65-66.[1] Of particular relevance here, the Court of Appeals focused on the anticompetitive nature of each of the challenged actions, without regard for the consumer benefits of the overall operating system. *Id.*

Plaintiffs are not suggesting that the jury balance the benefits of KVC and DVC against their anticompetitive effects; Plaintiffs contend that KVC and DVC provided no benefit to consumers, and therefore were not genuine product improvements.

In short, Apple's conflation argument – by which it seeks to immunize itself for the challenged KVC and DVC features of 7.0 and 7.4 by emphasizing unchallenged features of the updates – is improper and should not be enshrined in the jury instructions.

### III.    Plaintiffs' Proposed Instruction Regarding Genuine Product Improvements

Plaintiffs' original Proposed Instruction (No. 31) specifically identified KVC and DVC as the challenged components of 7.0 and 7.4. ECF 847 at 78. Plaintiffs' Revised Proposed Instruction does as well. ECF 914 at 4.

In response to Plaintiffs' original Proposed Instruction, Apple argued that it had legitimate business reasons for the "challenged" iTunes updates because those updates "enhance[ed] the security of the DRM protection that Apple had contracted to provide the copyright holders." ECF 847 at 80-81. Notably, Apple *did not* object to Plaintiffs' explicit identification of KVC and DVC as the challenged aspects of 7.0 and 7.4. *Id.*

In its response to Plaintiffs' Revised Proposed Instruction (ECF 913 at 4-5), however, Apple submitted a completely overhauled instruction that deletes all the references to KVC and DVC.

---

[1]    Because Microsoft proffered no justification for the first and third findings, Section 2 liability on those grounds was sustained; because the plaintiff offered no real rebuttal to Microsoft's "valid technical reasons" justification for the second finding, liability on that ground was reversed notwithstanding the anticompetitive effect of the user override. 253 F.3d at 66-67.

**Robbins Geller Rudman & Dowd LLP**

The Honorable Judge Yvonne Gonzalez Rogers
December 7, 2014
Page 4

Apple makes every effort to reformulate the jury's task from an assessment of the *challenged* components of 7.0 and 7.4 into an assessment of *all* the features of 7.0 and 7.4, whether challenged or not. ECF 913 at 3-4. Deleting all references to the specific components of 7.0 and 7.4 challenged by Plaintiffs significantly misstates Plaintiffs' claims, improperly diverting the jury from determining whether the KVC and DVC, supposedly "introduced to guard against the risk of corruption," were added for genuine or pretextual reasons. ECF 627 at 12.

In addition, as currently drafted the proposed instruction regarding product improvements is confusing and improperly gives Apple two opportunities to present the same defense. The instruction first asks the jury to determine whether 7.0 and 7.4 were genuine product improvements. If the answer to that question is "no," then it asks the jury to decide an additional question: whether Apple had legitimate business reasons for issuing 7.0 and 7.4. However, in a case such as this, there is no difference between a genuine product improvement defense and a legitimate business justification defense. Indeed, as Apple's counsel acknowledged at the November 19, 2014 hearing, Apple's defenses are supported by the same evidence. This instruction should be revised to simply ask the jury to assess whether KVC and DVC were genuine product improvements, without any reference to business justifications.

### IV. Conclusion

Plaintiffs respectfully request that the instruction on product improvements be tailored to ensure that the Jury focuses its assessment on the character of the challenged features of 7.0 and 7.4 (KVC and DVC) rather than the unchallenged features of 7.0 and 7.4.

Respectfully submitted,

BONNY E. SWEENEY
Counsel for Plaintiffs

BES:sll

cc: Counsel of Record (via ECF)

CERTIFICATE OF SERVICE

I hereby certify that on December 7, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 7, 2014.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
         & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:       bonnys@rgrdlaw.com

989285_1

# Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,cdelacroix@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Suzanne Elizabeth Jaffe**
  SJAFFE@BSFLLP.COM,jchavez@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,ftang@BSFLLP.com,cduong@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,nserden@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)