# ATTACHMENT D

William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
Maxwell V. Pritt # 253155
(mpritt@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION] |
| _____ | **APPLE'S REVISED PROPOSED VERDICT FORM & STATEMENT** |
| This Document Relates To:<br><br>ALL ACTIONS | Date:     December 8, 2014<br>Place:    Courtroom 1, 4th Floor<br>Judge:   Honorable Yvonne Gonzalez Rogers |

B O I E S ,  S C H I L L E R  &  F L E X N E R   L L P
O A K L A N D ,  C A L I F O R N I A

**CLAIM ONE – MONOPOLIZATION**

WE, THE JURY, unanimously find as follows:

1.       Did Plaintiffs prove by a preponderance of the evidence that the market for Portable Digital Media Players was a relevant antitrust market?

Question 1     Yes_____                    No_____
               (for Plaintiffs)             (for Apple)

IF YOUR ANSWER TO QUESTION 1 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 1 IS "YES," PROCEED TO QUESTION 2.

2.       Did Plaintiffs prove by a preponderance of the evidence that Apple possessed monopoly power in that market between September 12, 2006 and March 31, 2009?

Question 2     Yes_____                    No_____
               (for Plaintiffs)             (for Apple)

IF YOUR ANSWER TO QUESTION 2 IS "NO," YOU SHOULD PROCEED TO QUESTION 8 ON THIS FORM (ATTEMPTED MONOPOLIZATION).  IF YOUR ANSWER TO QUESTION 2 IS "YES," PROCEED TO QUESTION 3.

3.       Did Plaintiffs prove by a preponderance of the evidence that iTunes 7.0 and 7.4 were not product improvements?

3A.    iTunes 7.0          Yes_____                    No_____
                           (for Plaintiffs)             (for Apple)

3B.    iTunes 7.4          Yes_____                    No_____
                           (for Plaintiffs)             (for Apple)

IF YOUR ANSWER TO QUESTION 3 IS "NO" FOR iTUNES 7.0 AND iTUNES 7.4, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 3 IS "YES" AS TO EITHER iTUNES 7.0 OR iTUNES 7.4, YOU SHOULD PROCEED TO QUESTION 4 AS TO THAT VERSION.

4.       Did Plaintiffs prove by a preponderance of the evidence that Apple did not have a legitimate business purpose in issuing and activating software and firmware updates in iTunes 7.0 and 7.4?

4A.    iTunes 7.0          Yes_____                    No_____
                           (for Plaintiffs)             (for Apple)

4B.    iTunes 7.4          Yes_____                    No_____
                           (for Plaintiffs)             (for Apple)

1

APPLE'S REV. PROPOSED VERDICT FORM                    No.  C 05-00037 YGR

IF YOUR ANSWER TO QUESTION 4 IS "NO" FOR iTUNES 7.0 AND iTUNES 7.4, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 4 IS "YES" AS TO EITHER VERSION, PROCEED TO QUESTION 5.

5.    Did Plaintiffs prove by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in exclusionary conduct in order to willfully maintain monopoly power in the market for Portable Digital Media Players, and that this conduct was reasonably capable of contributing significantly to the maintenance of that power?

Question 5     Yes_____                    No_____
               (for Plaintiffs)              (for Apple)

IF YOUR ANSWER TO QUESTION 5 IS "NO," YOU SHOULD PROCEED TO QUESTION 8 (ATTEMPTED MONOPOLIZATION).  IF YOUR ANSWER TO QUESTION 5 IS "YES," PROCEED TO QUESTION 6.

6.    Did Plaintiffs prove by a preponderance of the evidence that they purchased iPods for which they claim damages directly from Apple, that the conduct for which you answered "Yes" to Question 5 caused injury to Plaintiffs in their business or property, and that this injury was caused by a reduction in competition or acts that would lead to a reduction in competition?

6A.    Plaintiff Marianna Rosen     Yes_____                    No_____
                                    (for Plaintiffs)              (for Apple)

6B.    Consumers                    Yes_____                    No_____
                                    (for Plaintiffs)              (for Apple)

6C.    Resellers                    Yes_____                    No_____
                                    (for Plaintiffs)              (for Apple)

IF YOUR ANSWER TO QUESTION 6 IS "NO" AS TO CONSUMERS OR RESELLERS, YOU SHOULD PROCEED TO QUESTION 8 (ATTEMPTED MONOPOLIZATION) AS TO THAT CATEGORY OF PURCHASER.  IF YOUR ANSWER TO QUESTION 6 IS "YES" AS TO CONSUMERS OR RESELLERS, PROCEED TO QUESTION 7 WITH REGARD TO THAT CATEGORY OF PURCHASER.

7.    For any injury for which you answered "Yes" to Question 6, (a) what is the total amount of damages that would fairly compensate the injured purchasers for this injury, and (b) by what amount, if any, should the total amount of damages be reduced if you find that the injured purchasers failed to take all reasonable steps available to them to minimize their losses?  Write your answers in the lines under the headings "Total Amount" and "Reduction Amount" below.

(a) Total Amount

7A.    Consumers     _____

7B.    Resellers     _____

(b) Reduction Amount

7C.    Consumers     _____

7D.    Resellers     _____

2

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

B O I E S ,   S C H I L L E R   &   F L E X N E R   L L P
O A K L A N D ,   C A L I F O R N I A

### CLAIM TWO – ATTEMPTED MONOPOLIZATION

8.    Did Plaintiff prove by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in anticompetitive conduct with specific intent to obtain monopoly power in the market for Portable Digital Media Players?

Question 8    Yes_____                    No_____
              (for Plaintiffs)              (for Apple)

IF YOUR ANSWER TO QUESTION 8 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 8 IS "YES," PROCEED TO QUESTION 9.

9.    Did Plaintiffs prove by a preponderance of the evidence that there was a dangerous probability that Apple would obtain monopoly power in that market between September 12, 2006 and March 31, 2009?

Question 9    Yes_____                    No_____
              (for Plaintiffs)              (for Apple)

IF YOUR ANSWER TO QUESTION 9 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 9 IS "YES," PROCEED TO QUESTION 10.

10.    Did Plaintiffs prove by a preponderance of the evidence that between September 12, 2006 and March 31, 2009, Apple engaged in exclusionary conduct that was reasonably capable of contributing significantly to a dangerous probability that Apple would obtain monopoly power in the market for Portable Digital Media Players?

Question 10    Yes_____                   No_____
               (for Plaintiffs)             (for Apple)

IF YOUR ANSWER TO QUESTION 10 IS "NO," YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM.  IF YOUR ANSWER TO QUESTION 10 IS "YES," PROCEED TO QUESTION 11.

11.    Did Plaintiffs prove by a preponderance of the evidence that they purchased iPods for which they claim damages directly from Apple, that the conduct for which you answered "Yes" to Question 10 caused injury to Plaintiffs in their business or property, and that this injury was caused by a reduction in competition or acts that would lead to a reduction in competition?

11A.    Plaintiff Marianna Rosen    Yes_____        No_____
                                    (for Plaintiffs)  (for Apple)

11B.    Consumers    Yes_____        No_____
                     (for Plaintiffs)  (for Apple)

11C.    Resellers    Yes_____        No_____
                     (for Plaintiffs)  (for Apple)

APPLE'S REV. PROPOSED VERDICT FORM                    No.  C 05-00037 YGR

IF YOUR ANSWER TO QUESTION 11 IS "NO" AS TO CONSUMERS OR RESELLERS, YOU SHOULD NOT ANSWER THE REMAINING QUESTIONS ON THIS FORM AS TO THAT CATEGORY OF PURCHASER.  IF YOUR ANSWER TO QUESTION 11 IS "YES" AS TO CONSUMERS OR RESELLERS, PROCEED TO QUESTION 12 FOR THAT CATEGORY OF PURCHASER.

12.     For any injury for which you answered "Yes" to Question 11, (a) what is the total amount of damages that would fairly compensate the injured purchasers for this injury, and (b) by what amount, if any, should the total amount of damages be reduced if you find that the injured purchasers failed to take all reasonable steps available to them to minimize their losses?  Write your answers in the lines under the headings "Total Amount" and "Reduction Amount" below.

(a) Total Amount

12A.   Consumers     _____

12B.   Resellers      _____

(b) Reduction Amount

12C.   Consumers     _____

12D.   Resellers      _____

**WHEN THE JURY HAS REACHED A VERDICT, THE FOREPERSON MUST SIGN THIS VERDICT FORM AND SIGNAL THE U.S. MARSHALL THAT THE JURY IS READY TO RENDER A VERDICT.**

Date: _____     Jury Foreperson: _____

APPLE'S REV. PROPOSED VERDICT FORM                    No.  C 05-00037 YGR