1  William A. Isaacson (wisaacson@bsfllp.com)
   (Admitted *Pro Hac Vice*)
2  Karen L. Dunn (kdunn@bsfllp.com)
   (Admitted *Pro Hac Vice*)
3  Martha L. Goodman (mgoodman@bsfllp.com)
   (Admitted *Pro Hac Vice*)
4  BOIES, SCHILLER & FLEXNER LLP
   5301 Wisconsin Ave, NW
5  Washington, DC 20015
   Telephone: (202) 237-2727
6  Facsimile: (202) 237-6131

7  John F. Cove, Jr. #212213
   (jcove@bsfllp.com)
8  Kieran P. Ringgenberg #208600
   (kringgenberg@bsfllp.com)
9  Meredith R. Dearborn #268312
   (mdearborn@bsfllp.com)
10 BOIES, SCHILLER & FLEXNER LLP
   1999 Harrison Street, Suite 900
11 Oakland, CA 94612
   Telephone: (510) 874-1000
12 Facsimile: (510) 874-1460

13 David C. Kiernan #215335
   (dkiernan@jonesday.com)
14 JONES DAY
   555 California Street, 26th Floor
15 San Francisco, CA 94104
   Telephone: (415) 626-3939
16 Facsimile: (415) 875-5700

17 *Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION | Lead Case No. C 05-00037 YGR [CLASS ACTION] |
|---|---|
| This Document Relates To: ALL ACTIONS | **DECLARATION OF JEFFREY ROBBIN IN SUPPORT OF APPLE INC.'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(h)(3) OR RULE 50** |

1

DECL OF JEFFREY ROBBIN                                   No. C 05-00037 YGR

I, Jeffrey Robbin, hereby declare:

1. I am the Vice President of iTunes Engineering at Apple Inc. ("Apple"), headquartered in Cupertino, California. I make this declaration based on my personal knowledge and in support of Apple Inc.'s Motion to Dismiss for Lack of Subject-Matter Jurisdiction Pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3) or Rule 50.

2. I have overseen the development of the iTunes client software since before the product was launched in 2001. As a result, I am familiar with the function and use of iTunes client software, including how it interacts with the iTunes servers at Apple.

3. I have reviewed Exhibit 1 to the Declaration of Marianna Rosen and recognize it as a screenshot of the iTunes client. The screenshot lists a number of device backups for specific iPods or other Apple devices.

4. The iTunes client enables users to backup certain Apple devices, such as iPhones and some iPods, on their personal computers. When such backups occur, the iTunes client software copies information from the Apple device to the personal computer. The iTunes client software does not communicate to the iTunes server information about the backup, such as the serial number of the device that is backed up. That information stays on the user's personal computer.

5. The names assigned to the Apple devices on the screenshot in Exhibit 1 to the Declaration of Marianna Rosen are assigned by the user. Backing up the device to the computer would not cause that name to be communicated to the iTunes servers.

6. I see nothing in Exhibit 1 to the Declaration of Marianna Rosen to indicate that the serial number or assigned name of the Apple device listed there was ever communicated to an Apple server via iTunes. It merely shows that the listed Apple device was, at some point, backed up to that personal computer.

I declare under the penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 7th day of December in 2014, California.

_____
Jeffrey Robbin