DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE (State Bar No. 141930)
    thomasburke@dwt.com
DIANA PALACIOS (State Bar No. 290923)
    dianapalacios@dwt.com
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599

Attorneys for Bloomberg L.P., The Associated Press
& Cable News Network, Inc. (CNN), Nonparty Media
Intervenors

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTITRUST LITIGATION<br>_____<br>This Document Relates To:<br>ALL ACTIONS | ) Lead Case No. C 05-00037 YGR<br>) Honorable Yvonne Gonzalez Rogers<br>)<br>) [CLASS ACTION]<br>)<br>) **NONPARTY MEDIA INTERVENORS'**<br>) **NOTICE OF ADMINISTRATIVE MOTION**<br>) **AND MOTION FOR LEAVE TO**<br>) **INTERVENE AND ACCESS TO THE**<br>) **VIDEO DEPOSITION OF STEVE JOBS**<br>)<br>) DATE:   TBD<br>) TIME:   TBD<br>) PLACE: COURTROOM 1, 4TH FLOOR<br>) |

_____
MOTION TO INTERVENE AND FOR ACCESS TO RECORDING
DWT 25499459v2 0050033-000508

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on a date and time to be determined, or as soon thereafter as the matter may be heard, in the United States District Court, Northern District of California, located at 1301 Clay St., Oakland, CA, Courtroom 1, 4th Floor, before the Honorable Yvonne Gonzalez Rogers, nonparty Bloomberg L.P., The Associated Press, and Cable News Network, Inc. (CNN) (collectively, the "Media Intervenors") will and hereby do move this Court for an order allowing the Media Intervenors to intervene for the limited purpose of accessing the video deposition of Steve Jobs or in the alternative, to oppose any sealing of the testimony of Mr. Jobs that was given during the trial proceedings in open court on December 5, 2014.  The Media Intervenors have requested the video deposition from Apple with no avail and consequently, make this Motion pursuant to Civil Local Rule 7-11 on the following grounds:

1. Under the First Amendment and federal common law, the press and the public have a presumptive right of access to court proceedings and documents, including viewing and copying audio and video files used during court proceedings because the audio and video files are more compelling and accurate than transcripts. *See Press-Enterprise Co. v. Superior Court*, 478 U.S. 1, 9 (1986); *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295-95 (9th Cir. 1986); *In re CBS*, 828 F.2d 958, 960 (2d Cir. 1987).

2. Under Ninth Circuit precedent, evidence offered in public court cannot later be protected under seal. *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420, at *32 (N.D. Cal. Aug. 6, 2014) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008); *Apple, Inc. v. Samsung Electronics Co.*, Ltd., 2012 U.S. Dist. LEXIS 149820, at *27 (N.D. Cal. Oct. 17, 2012)).  Here, Steve Jobs' testimony was shown in open court on December 5, 2014.

This Motion is based on the attached Memorandum of Points and Authorities, the declaration of Thomas R. Burke, all pleadings, records and papers on file in this action, all matters of which this Court may take judicial notice, and such further evidence and argument as may be presented during the hearing on this Motion.

///

///

1  For the reasons set forth, the Media Intervenors respectfully request this Court to grant its
2  Motion, and allow the Media Intervenors immediate access to a copy of the video deposition of
3  Steve Jobs that was used as trial testimony in this Court on December 5, 2014.

4  DATED: December 8, 2014                DAVIS WRIGHT TREMAINE LLP
                                           THOMAS R. BURKE
5                                          DIANA PALACIOS

6                                          By:_____/s/ Thomas R. Burke
7                                                  Thomas R. Burke
                                           Attorneys for Nonparty Media Intervenors,
8                                          Bloomberg L.P., The Associated Press and Cable
                                           Network News, Inc. (CNN)
9

2

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY OF ARGUMENT

Nonparties Bloomberg L.P., The Associated Press, and Cable News Network, Inc. (CNN) (collectively, the "Media Intervenors") respectfully request leave to intervene in this action to seek an order permitting their representatives access to the video deposition of Apple's late CEO Steve Jobs that was used as trial testimony in open court on December 5, 2014. To the extent that Apple may move to seal the video deposition, the Media Intervenors also oppose any such sealing. Given the substantial public interest in the rare posthumous appearance of Steve Jobs in this trial, there simply is no interest that justifies restricting the public's access to his video deposition.

Under the First Amendment and federal common law, the press and public have a presumptive right of access to judicial records and proceedings, which here, includes the right to view and copy, the video deposition of Steve Jobs. Yet, Apple refuses to provide the press and public a copy of the video deposition. Declaration of Thomas R. Burke ("Burke Decl.") ¶ 2. Jobs' trial testimony is a riveting and informative part of these proceedings that is not replicated by releasing the trial transcript. Providing access to the Jobs video will allow the media to more accurately report on his trial testimony and allow the public to analyze his tone of voice, demeanor, and his physical appearance, just as the jury heard it. Apple cannot overcome the strong presumption that such judicial testimony should be available to the public.

Further, this video deposition cannot be sealed after it was played in open court—in front of members of the public, including members of the press who have already reported on its contents.[1] Any sealing would be inconsistent with Ninth Circuit precedent on access to court documents and the long-held presumption in favor of public access to judicial records particularly where Mr. Jobs' trial testimony is already a part of the public discussion about these judicial proceedings.

---

[1] *See* http://finance.yahoo.com/news/steve-jobs-video-testimony-transfixes-213458645.html.

MOTION TO INTERVENE AND FOR ACCESS TO RECORDING
DWT 25499459v2 0050033-000508

## II. THE MEDIA INTERVENORS SHOULD BE PERMITTED TO INTERVENE FOR THE PURPOSE OF ACCESSING JUDICIAL TESTIMONY

It is well established that the press has standing to challenge the sealing of records and to assert the public's – and its own – right of access to those records. *See, e.g.*, *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 609 n.25 (1982) (newspaper has right to be heard on issue of exclusion from court proceedings). To that end, the Ninth Circuit has held that nonparties, like the Media Intervenors, should be permitted to intervene for the purpose of challenging limitations on the right of access. *See, e.g.*, *Beckman Industries, Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 473 (9th Cir. 1992). For these reasons, the Media Intervenors respectfully request to intervene for the limited purpose of obtaining access to a copy of the video deposition of Steve Jobs.

## III. THE TRIAL TESTIMONY OF STEVE JOBS IS PRESUMPTIVELY OPEN TO THE PRESS AND PUBLIC

Under the First Amendment and federal common law, the Media Intervenors have a presumptive right to access, which includes the right to view and copy, the video deposition of Steve Jobs that was shown as trial testimony during open court on December 5, 2014. The United States Supreme Court and the Ninth Circuit have long held that the First Amendment guarantees the public and the press a presumptive right of access to trials. *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564 (1980); *CBS, Inc. v. District Court*, 765 F.2d 823, 825 (9th Cir. 1985) ("*CBS II*"). Moreover, courts have historically "recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citation omitted). As then-Judge Anthony Kennedy stated in *CBS II*, the Ninth Circuit has recognized a broad "presumption that the public and the press have a right to access to criminal proceedings and the documents filed therein," which "extends to documents filed in pretrial proceedings as well as in the trial itself." This presumption applies with equal force to civil proceedings. *See, e.g., Richmond Newspapers*, 448 U.S. at 580 n.17 (Burger, C.J.) ("historically both civil and criminal trials have been presumptively open"). To overcome the strong presumption that civil litigation records are public, a party must present "compelling reasons supported by specific factual findings that outweigh the general

2

history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Specifically, the Ninth Circuit has recognized a common law right of access to audio and video recordings introduced into court proceedings and has permitted the viewing and copying of such materials. *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295-95 (9th Cir. 1986) (allowing a television station access to copies of video tapes contemporaneously with the introduction of the originals into evidence); *see also United States v. Mouzin*, 559 F. Supp. 463, 464 (C.D. Cal. 1983) (television network could copy video tapes admitted into evidence).[2] This presumption of access holds true even with videotaped depositions that are used in open court. *See In re CBS*, 828 F2d 958 (2d Cir. 1987).

In *In Re CBS*, the trial court denied CBS's request to copy a videotaped deposition of a witness shown to a jury in open court. The trial court held that the right to access judicial records did not apply to videotaped depositions because the videos were more analogous to live testimony and therefore not "real evidence" and privacy interests of the deponent were a sufficiently compelling interest to restrict access to the videotape. *Id.* at 959-60. The Second Circuit reversed, holding that there was "no reason to carve out a general exception" from the right to access judicial records for video depositions and "[t]he analogy between a videotaped deposition introduced in evidence and live testimony does not withstand scrutiny." *Id.* at 960. The court explained that the videotape is more accurate evidence than the transcript and "its availability to the media may enhance the accurate reporting of trials. Transcripts lack a tone of voice, frequently misreport words and often contain distorting ambiguities as to where sentences begin and end. Videotaped depositions thus convey the meaning of testimony more accurately and preserve demeanor evidence as well." *Id.* Moreover, "preserving the dignity of a witness," the court held, was not a

---

[2] *Accord In re Application of National Broadcasting Co., Inc.*, 635 F.2d 945, 952-54 (2d Cir. 1980) (recognizing right of public and press to copy video and audio tapes which were admitted into evidence); *United States v. Criden*, 648 F.2d 814, 823 (3d Cir. 1981) (broadcasters entitled to inspect and copy video and audio tapes introduced into evidence).

compelling reason because "[o]ld age and ill health are neither uncommon nor generally a cause of severe embarrassment." *Id.* at 961.

The same considerations apply here. The video deposition of Steve Jobs was not filed under seal and was used as trial testimony for the jury's consideration. It does not matter whether the video itself is a formal exhibit.[3] Because Jobs' video deposition was used as trial testimony, it is now part of the trial record and evidence that the jury will consider. Therefore, there is a strong presumption that the public and the press have a right to access it, in particular, because this particular video is far more compelling and accurate than any transcript could ever be. *See Swatch Group Mgt. Serv. Ltd. V. Bloomberg*, 742 F.3d 17, 28-29 (2nd Cir. 2014) ("a speaker's demeanor, tone, and cadence can often elucidate his or her true beliefs far beyond what a stale transcript or summary can show. As courts have long recognized in the context of witness testimony, a cold transcript contains only the dead body of the evidence, without its spirit, and cannot reveal ... [t]he speaker's hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration.") (questions, internal quotations, and citations omitted). The rare appearance of the late Steve Jobs, co-founder and former CEO of Apple, wearing his trademark black turtleneck and jeans and testifying about Apple's concern regarding potential retaliatory measures that could be taken by record companies if songs purchased in iTunes and downloaded to an iPod were then copied onto somebody else's computer, is invaluable. Allowing access to this video permits the public to evaluate Jobs' tone of voice, demeanor, and appearance, all of which are important factors in evaluating testimony and which are not conveyed in a simple transcript. Although this type of information is typically only available to those fortunate enough to be in court that day, given the substantial public interest in his testimony, that should not be the case here because Jobs' testimony can easily be made available to the public.

Moreover, there are no privacy concerns in this case because Mr. Jobs passed away in late 2011 a few months after his deposition was taken. Moreover, even in highly publicized cases, such as this one, compelling reasons to restrict access must be based on ascertainable facts not pure

---

[3] To the extent that the video deposition was or will be admitted as an exhibit, this Court's December 4, 2014, Order for Parties to Accommodate the Press should apply. (Dkt. No. 151)

4
MOTION TO INTERVENE AND FOR ACCESS TO RECORDING
DWT 25499459v2 0050033-000508

conjecture. *See Valley Broadcasting Co.*, 798 F.2d at 1297 (rejecting the claim that jurors may be prejudiced if the videos were publicly aired because "without articulable facts, such speculation was conjecture" and therefore "the district court abused its discretion by weighing this conjectural factor in its analysis."). Accordingly, the Court should grant the Media Intervenors access to a copy of the video deposition of Steve Jobs.

## IV. THE PRESS' AND PUBLIC'S RIGHT OF ACCESS PROHIBIT SEALING OF THE VIDEO DEPOSITION OF STEVE JOBS

Apple also cannot seek ex post facto sealing of the video deposition because it is now a public record that cannot be made private. As this Court recently made clear, "[b]oth the Ninth Circuit and this Court have held that material that has been publicly disclosed cannot be protected." *In re Google Inc. Gmail Litig.*, 2014 U.S. Dist. LEXIS 136420, at *32 (N.D. Cal. Aug. 6, 2014) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 570 (9th Cir. 2008); *Apple, Inc. v. Samsung Electronics Co.*, Ltd., 2012 U.S. Dist. LEXIS 149820, at *27 (N.D. Cal. Oct. 17, 2012)). Courts have repeatedly rejected after-the-fact attempts to redact information disclosed at public hearings, because that information is already part of the public record. *See, e.g., TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, 2012 U.S. Dist. LEXIS 58227, at *9 (D. Ariz. Apr. 25, 2012) (D. Ariz. April 25, 2012) (denying a motion to seal a public transcript as a "backdoor attempt[] to seal the courtroom") (internal quotations omitted). The requested deposition video is already part of the public record thus, any attempt to seal it is futile and should be summarily rejected by this Court.

## V. CONCLUSION

For the foregoing reasons, the Media Intervenors respectfully request that this Court grant their Motion and immediately provide access to a copy of the video deposition of Steve Jobs.

DATED: December 8, 2014    DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DIANA PALACIOS
By: _____/s/ Thomas R. Burke_____
Thomas R. Burke
Attorneys for Nonparty Media Intervenors,
Bloomberg L.P., The Associated Press and Cable
Network News, Inc. (CNN)