1
2
3
4
5
6
7
8
9
10
11
12
13
14
15

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) | Lead Case No. C-05-00037-YGR<br><br>CLASS ACTION<br><br>[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL THE PRODUCTION OF COMMUNICATIONS BETWEEN APPLE AND ITS COUNSEL REGARDING THE "LEGALITY" OF HARMONY |
|---|---|---|
| This Document Relates To:<br><br>    ALL ACTIONS. | | |

16
17
18
19
20
21
22
23
24
25
26
27
28

990465_1

1    This matter came before the Court on December ___ , 2014, for hearing on Plaintiffs' Motion
2 to Compel the Production of Communications Between Apple and its Counsel Regarding the
3 "Legality" of Harmony.

4    When a party injects an issue which in fairness requires disclosure of otherwise privileged
5 communications, the privilege is impliedly waived. *Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156,
6 1162 (9th Cir. 1992). A party need not specifically assert reliance on counsel as an affirmative
7 defense to waive the privilege. *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1419 (11th Cir.),
8 *modified on reh.*, 30 F.3d 1347 (11th Cir. 1994); *In re Broadcom Corp. Sec. Litig.*, No. SA CV 01-
9 275-GLT (MLGx), 2005 U.S. Dist. LEXIS 44424, at *9-*11 (C.D. Cal. Feb. 11, 2005). An implicit
10 waiver may arise from indirect evidence where a party affirmatively raises an inference of reliance
11 on counsel for its own benefit. *Cox*, 17 F.3d at 1419 (a party "waives the privilege if it injects into
12 the case an issue that in fairness requires an examination of otherwise protected communications");
13 *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (defendant in securities fraud case
14 implicitly waives the attorney-client privilege by testifying that he "thought his actions were legal");
15 *Broadcom*, 2005 U.S. Dist. LEXIS 44424, at *9-*11 ("Defendants have injected an issue that
16 requires examination of the attorneys' communications with defendants to see if defendants are
17 corroborated."); *Regents of the Univ. of Cal. v. Micro Therapeutics*, No. C 03 05669 JW (RS), 2007
18 U.S. Dist. LEXIS 54054, at *12 (N.D. Cal. July 13, 2007) ("courts frequently conclude that a party
19 waives the protection of the attorney-client privilege when the party voluntarily injects into suit a
20 question that turns on state of mind") (citing *Anderson v. Nixon*, 444 F. Supp. 1195, 1200 (D.D.C.
21 1978) ("A client waives his attorney-client privilege when he brings suit or raises an affirmative
22 defense that makes his intent and knowledge of the law relevant.")).

23    After reviewing the factual record in this case, the Court finds: (1) Apple's communications
24 with its counsel regarding Harmony are relevant to Plaintiffs' claims and Apple's defenses; (2)
25 Apple has injected the factual issue of its state of mind as to the "legality" of Harmony into this
26 litigation; (3) Apple has offered testimony that it believed that RealNetworks had adopted the tactics
27 and ethics of a "hacker;" (4) Apple has offered into evidence and had its witnesses discuss an
28 internal e-mail in which an Apple executive indicated that Apple was seeking the advice of counsel

1  as to Harmony; and (5) Apple has invoked the attorney-client and work product privileges to deny

2  Plaintiffs access to the communications, which, in fairness, should be produced so that Plaintiffs can

3  respond to Apple's defense.

4      Having considered the parties' submissions and for good cause appearing:

5      Plaintiffs' Motion is Granted.  Apple is ordered to produce all communications between

6  Apple and its counsel regarding Harmony.

7      IT IS SO ORDERED.

8  DATED: _____    _____

9                                            THE HON. YVONNE GONZALEZ ROGERS

10                                           UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28