ROBBINS GELLER RUDMAN
   & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | ) ) ) ) ) ) ) ) ) ) ) | Lead Case No. C-05-00037-YGR<br><br>CLASS ACTION<br><br>PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT BARBARA BENNETT AS CLASS REPRESENTATIVE |
| This Document Relates To:<br><br>    ALL ACTIONS. | |

Date:         TBD
Time:         TBD
Courtroom:  1, 4th Floor
Judge:         Hon. Yvonne Gonzalez Rogers

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..........................................................................................1

II.   PROCEDURAL HISTORY...........................................................................2

III.   MS. BENNETT IS AN APPROPRIATE CLASS REPRESENTATIVE ...........................3

    A.   Ms. Bennett Has Standing...........................................................3

    B.   Ms. Bennett Satisfies the Adequacy Prong of Rule 23 and Should be Appointed Class Representative ......................................................4

IV.   THE COURT HAS THE AUTHORITY TO ADD A NEW REPRESENTATIVE............6

    A.   The Addition of Barbara Bennett Is Proper Under Fed. R. Civ. P. 15 ...................7

        1.   The Addition of Ms. Bennett Was Done in Good Faith ..............................8

        2.   There Was No Undue Delay ..................................................8

        3.   Any Prejudice Is Blunted by Apple Being Given an Evidentiary Hearing, a Deposition and Documents ......................................9

    B.   The Addition of a Ms. Bennett Is Also Appropriate Under Fed. R. Civ. P. 24(b)..................................................................10

V.   APPLE RATIFIED THE PREVIOUSLY CERTIFIED CLASS REPRESENTATIVE .....................................................................10

VI.   CONCLUSION...........................................................................11

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Amparan v. Plaza Home Mortg., Inc.*,
No. C 07-4498 JF(RS), 2009 U.S. Dist. LEXIS 83110
(N.D. Cal. Aug. 28, 2009)..................................................................7

*Ashby v. Farmers Ins. Co.*,
No. 01 CV 1446-BR, 2007 U.S. Dist. LEXIS 97502
(D. Or. Sept. 26, 2007)....................................................................9

*Bates v. UPS*,
511 F.3d 974 (9th Cir. 2007) .......................................................1, 6

*Burkhalter Travel Agency v. MacFarms Int'l, Inc.*,
141 F.R.D. 144 (N.D. Cal. 1991).....................................................5

*Davis v. Brown Group Retail, Inc.*,
No. 1:13-cv-01211-LJO-BAM, 2014 U.S. Dist. LEXIS 106024
(E.D. Cal. July 31, 2014) ..............................................................7, 9

*Eminence Capital L.L.C. v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .........................................................7

*Genentech, Inc. v. Abbott Labs.*,
127 F.R.D. 529 (N.D. Cal. 1989)......................................................7

*Griggs v. Pace Am. Group, Inc.*,
170 F.3d 877 (9th Cir. 1999) ...........................................................7

*Hernandez v. Balakian*,
251 F.R.D. 488 (E.D. Cal. 2008) ......................................................7

*Howey v. United States*,
481 F.2d 1187 (9th Cir. 1973) ..........................................................7

*In re Dynamic Random Access Memory Antitrust Litig*,
No. M 02-1486 PJH, 2006 U.S. Dist. LEXIS 39481
(N.D. Cal. June 5, 2006) ..................................................................4

*In re Live Concert Antitrust Litig.*,
247 F.R.D. 98 (N.D. Cal. 2007)......................................................4, 6

*In re Static Random Access Memory Antitrust Litig*,
264 F.R.D. 603 (N.D. Cal. 2009).......................................................4

1

2                                                                                               **Page**

3

*In re Tableware Antitrust Litig.*,
4      241 F.R.D. 644 (N.D. Cal. 2007) ........................................................................5, 6

5   *In re Telectronics Pacing Sys., Inc.*,
6      172 F.R.D. 271 (S.D. Ohio 1997) ...........................................................................6

7   *In re TFT-LCD Antitrust Litig.*,
       No. M 07-1827 SI, MDL No. 1827, 2009 U.S. Dist. LEXIS 17792
8      (N.D. Cal. Mar. 3, 2009) .........................................................................................1

9   *In re Worlds of Wonder Secs. Litig.*,
       1990 U.S. Dist. LEXIS 8511 (N.D. Cal. Mar. 26, 1990) ........................................5
10

11  *Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
       244 F.3d 1152 (9th Cir. 2001) .................................................................................4

12  *Lovely H. v. Eggleston*,
13     No. 05 Civ. 6920 (LTS) (AJP), 2006 U.S. Dist. LEXIS 83424
       (S.D.N.Y. Nov. 15, 2006) ........................................................................................1
14

15  *McConnell v. Red Robin Int'l, Inc.*,
       No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942
16     (N.D. Cal. Apr. 17, 2012) ........................................................................................7

17  *Miller v. Rykoff-Sexton, Inc.*,
       845 F.2d 209 (9th Cir. 1988) ...................................................................................9
18

19  *Morgan v. Laborers Pension Trust Fund*,
       81 F.R.D. 669 (N.D. Cal. 1979) ..............................................................................1

20  *Nat'l Fed'n of the Blind v. Target Corp.*,
21     582 F. Supp. 2d 1185 (N.D. Cal. 2007) ..................................................................7

22  *Nunes v. Ashcroft*,
       375 F.3d 805 (9th Cir. 2003) ...................................................................................7
23

24  *Pitts v. Terrible Herbst, Inc.*,
       653 F.3d 1081 (9th Cir. 2011) .................................................................................6

25  *PNY Techs. Inc. v. Sandisk Corp.*,
       No. 11-cv-04689-WHO, 2014 U.S. Dist. LEXIS 9858
26     (N.D. Cal. June 27, 2014) ........................................................................................9

27

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT BARBARA BENNETT AS CLASS
REPRESENTATIVE - C-05-00037-YGR                                                          - iii -

**Page**

*Rieve v. Coventry Health Care, Inc.*,
   No. SACV 11-1032 DOC (RNBx), 2012 U.S. Dist. LEXIS 36814
   (C.D. Cal. Mar. 19, 2012) ...........................................................................9

*Rodriguez v. Hayes*,
   591 F.3d 1105 (9th Cir. 2010) ....................................................................4

*Rogers v. Paul*,
   382 U.S. 198 (1965)....................................................................................1

*Sosna v. Iowa*,
   419 U.S. 393 (1975)....................................................................................6

*Tait v. BSH Home Appliances Corp.*,
   289 F.R.D. 466 (C.D. Cal. 2012) ...............................................................7

*Trenwick Am. Reinsurance Corp. v. IRC, Inc.*,
   764 F. Supp. 2d 274 (D. Mass. 2011) .......................................................10

*True Health Chiropractic Inc. v. McKesson Corp.*,
   No. 13-cv-02219-JST, 2014 U.S. Dist. LEXIS 85961
   (N.D. Cal. June 23, 2014) ..........................................................................7

*U.S. Parole Comm'n v. Geraghty*,
   445 U.S. 388 (1980)....................................................................................6

*United States v. Pend Oreille Pub. Util. Dist. No. 1*,
   926 F.2d 1502 (9th Cir. 1991) ....................................................................7

*Wiener v. Dannon Co.*,
   255 F.R.D. 658 (C.D. Cal. 2009) ...............................................................7

**STATUTES, RULES AND REGULATIONS**

15 U.S.C.
   §1...............................................................................................................2
   §2...............................................................................................................2

**Page**

Federal Rules of Civil Procedure
    Rule 15 ..............................................................................................................7
    Rule 15(a) ..........................................................................................................9
    Rule 15(a)(2) ......................................................................................................7
    Rule 17 ......................................................................................................10, 11
    Rule 21 ............................................................................................................10
    Rule 23 ..............................................................................................................4
    Rule 23(b)(2) ....................................................................................................2
    Rule 23(b)(3) ....................................................................................................2
    Rule 23(f) ..........................................................................................................2
    Rule 24 ..............................................................................................................6
    Rule 24(b) ........................................................................................................10
    Rule 24(b)(1) ..................................................................................................10
    Rule 24(b)(3) ..................................................................................................10

California Unfair Competition Law
    §17200 ..............................................................................................................2

**SECONDARY AUTHORITIES**

1 *Newberg on Class Actions* (5th ed. 2011) .................................................10
    §2:17

*Manual for Complex Litigation* (Fourth) (2014)
    §21.26 ................................................................................................................6

1    TO:    ALL PARTIES AND THEIR ATTORNEYS OF RECORD

2    PLEASE TAKE NOTICE that on a date and time to be determined, in Courtroom 1, 4th

3    Floor, before the Honorable Yvonne Gonzalez Rogers, of the above-entitled Court, located at 1301

4    Clay Street, Oakland, California 94612, Movant Barbara Bennett will and hereby does, through

5    undersigned counsel, move the Court for an Order granting relief sought in her Motion to Appoint

6    Class Representative.

7    In light of the oral motions on the record on December 9, 2014 and December 10, 2014,

8    Plaintiffs respectfully request the Court appoint Ms. Barbara Bennett to serve as Class

9    Representative for the certified class of iPod purchasers whose claims are currently being tried

10    before a jury in this Court.

## I.    INTRODUCTION

12    A motion to add a class representative should be granted where the proposed new plaintiff is

13    a member of the class and seeks the same relief for all of the reasons offered by the original

14    plaintiffs. *Rogers v. Paul*, 382 U.S. 198, 198-99 (1965).  Courts within the Ninth Circuit often allow

15    either substitution or addition of new class representatives. *See, e.g.*, *In re TFT-LCD Antitrust Litig.*,

16    No. M 07-1827 SI, MDL No. 1827, 2009 U.S. Dist. LEXIS 17792, at *10 (N.D. Cal. Mar. 3, 2009);

17    *Morgan v. Laborers Pension Trust Fund*, 81 F.R.D. 669, 673-75 (N.D. Cal. 1979) (permitting

18    plaintiffs to add new class representatives); *Lovely H. v. Eggleston*, No. 05 Civ. 6920 (LTS) (AJP),

19    2006 U.S. Dist. LEXIS 83424, at *8 (S.D.N.Y. Nov. 15, 2006) (granting leave to intervene and add

20    three named plaintiffs after class certification).

21    Here, after the Court found the claim of a named Plaintiff "nonredressable," but where

22    litigation has proceeded for nearly a decade and a week's worth of evidence has already been

23    presented to a jury, another member of the class can and should be permitted to step forward and

24    represent the class. *See Bates v. UPS*, 511 F.3d 974, 986-87 (9th Cir. 2007).  Permitting the addition

25    of a new class representative will allow the case to move forward in an expedient manner,

26    minimizing prejudice to Apple, while protecting the interests of millions of absent class members as

27    this long-running litigation nears the finish line.  This is especially true where the Court has already

28    stated:

1

> I think you've got at least a prima facie showing that I've got someone here who's made a purchase during the relevant time period with her own funds, has some experience, at least from what I can tell, is intelligent and concerned and not – and doesn't have any relationship to the lawyers and reached out on her own accord.

> So in light of that, I'm happy to have you go and investigate further, but I'm prepared to allow you folks to go and do that and work on other issues.

Bernay Decl., Ex. 1, Trial Tr. at 1459:13-21.[1]

Following the Court's December 9, 2014, evidentiary hearing, Ms. Bennett sat for a deposition and provided testimony unequivocally demonstrating her adequacy to serve as a class representative in this action.  She is, in fact, an ideal representative of the certified class.

## II.      PROCEDURAL HISTORY

This motion comes after years of litigating class issues.  On July 21, 2008, Plaintiffs moved for class certification of their claims alleged under Sections 1 and 2 of the Sherman Act and under Section 17200 of California's Unfair Competition Law ("UCL").  ECF 165.  On December 22, 2008, the Court granted Plaintiffs' motion, certifying classes for injunctive and declaratory relief under Rule 23(b)(2) and for actual damages under Rule 23(b)(3).  The classes included "[a]ll persons or entities . . . who since April 28, 2003, purchased an iPod directly from Apple."  ECF 196 at 13.  After the Court *sua sponte* decertified both the Rule 23(b)(2) and (b)(3) classes without prejudice, Plaintiffs renewed their motion for class certification based on their monopolization and attempted monopolization claims under Section 2.  ECF 532.  The Court granted Plaintiffs' motion for class certification over Apple's objection on 11/22/11.  ECF 694 at 7-8.  Apple sought review under Fed. R. Civ. P. 23(f).  The Ninth Circuit declined to consider the motion.  ECF 701.  Apple again moved to partially decertify the class on November 11, 2014.  ECF 888.  The Court denied the motion on November 25, 2014.  ECF 927.

In addition to the motion practice regarding the contours of the class, issues related to the models of iPods covered by the definition of the class are relevant here.  The Court's 2011 Order certifying the Class was premised on information provided under oath by Apple's representative, who identified Apple iPods models affected by the changes in Updates 7.0 and 7.4.  *See* Bernay

---

[1]       *See* Declaration of Alexandra S. Bernay, filed concurrently ("Bernay Decl.").

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT BARBARA BENNETT AS CLASS REPRESENTATIVE - C-05-00037-YGR

Decl., ¶¶9, 11.   Accordingly, the Class certified by the Court: (a) defined a Class Period of September 12, 2006 through March 31, 2009 ("the Class Period"); and (b) defined class membership in terms of the specific models of iPods sold during the Class Period, ***including specifically the iPod 5th Gen.*** ("the Class Definition").  *See* ECF 694 at 9 ("Class Notice").  The Class Notice was issued to more than 8 million consumers and hundreds of resellers in the spring of 2012.  Bernay Decl., ¶10.

On July 2, 2013, after Class Notice and after Plaintiffs submitted Professor Roger Noll's liability and damages report, Apple submitted a corrected declaration from Augustin Farrugia in which he changed his previous testimony identifying the affected iPods.  Bernay Decl., ¶13. Plaintiffs subsequently asked Apple to stipulate to revise the Class Definition to exclude the purportedly unaffected models.  *Id.*, ¶14.  Apple refused to do so.  *Id.*

As Plaintiffs explained in their opposition to Apple's motion to dismiss for lack of subject matter jurisdiction, because of this circumstance of events, Ms. Rosen had standing at the time of certification of the Class even with respect to her uncontested purchase of a Fifth Generation iPod Classic.  *See also* Bernay Decl., Ex. 4, Trial Tr. at 1305:19-21 (The Court finds "Rosen was a member of the class at the time of class certification happened.").  Plaintiffs further explained that it was  too late for Apple to seek to alter the Class Definition.  Apple made a strategic decision not to modify the class definition to align with Farrugia's changed testimony and should be required to live with its strategic choices.

## III.    MS. BENNETT IS AN APPROPRIATE CLASS REPRESENTATIVE

### A.    Ms. Bennett Has Standing

There is no question that Ms. Bennett has standing as she testified she purchased an iPod during the Class Period for which Plaintiffs claim damages.  Bernay Decl., Ex. 1, Trial Tr. at 1421:7-9.   Ms. Bennett testified, and a receipt confirmed, that she purchased an iPod Nano from the Hingham, Massachusetts Apple Store with her personal credit card.  *Id.*, Ex. 1, Trial Tr. at 1421:15-1422:22.  She bought the device November 5, 2006 as both her receipt and the internal records of Apple confirm.  *Id.*, Ex. 1, Trial Tr. at 1433:8-16.  She testified that her name is on the card, and she personally pays the balance.  *Id.*  In addition to the Apple receipts, she produced a credit card

1    statement showing the Apple Store purchase.  *See id.*, Ex. 1, Trial Tr. at 1433:5-16.  She also brought

2    the Nano to Court where she allowed Apple to take a photograph of the serial number on the back of

3    iPod.  Apple has not contested that she purchased a model for which Plaintiffs seek damages.

### B.    Ms. Bennett Satisfies the Adequacy Prong of Rule 23 and Should be Appointed Class Representative

6          Though not directly at issue, any adequacy attacks on Ms. Bennett Apple may make are

7    misguided.   In the Ninth Circuit, "'[w]hether the class representatives satisfy the adequacy

8    requirement depends on the "qualifications of counsel for the representatives, an absence of

9    antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that

10   the suit is collusive."'"  *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010) (citations omitted);

11   *see also Local Joint Exec. Bd. of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d

12   1152, 1162 (9th Cir. 2001) ("'Adequate representation "depends on the qualifications of counsel for

13   the representatives, an absence of antagonism, a sharing of interests between representatives and

14   absentees, and the unlikelihood that the suit is collusive."'") (citation omitted).

15         These requirements are met here.  The interests of Ms. Bennett and the rest of the proposed

16   class are perfectly aligned: as direct purchasers of iPods from Apple, all share the same interest in

17   determining whether Apple's issuance and activation of KVC and DVC to foreclose competition in

18   the market for legal digital music was violative of the antitrust laws.   The entire class shares an

19   interest in determining how Apple's strategy of knocking out competition through these software

20   codes allowed it to maintain its monopoly in the digital player market.  And the whole class, like Ms.

21   Bennett, has an interest in recovering the overcharges they paid to Apple for their iPods.  *In re

22   Dynamic Random Access Memory (DRAM) Antitrust Litig*, No. M 02-1486 PJH, 2006 U.S. Dist.

23   LEXIS 39481, at *36 (N.D. Cal. June 5, 2006) (adequacy of representation met because "the named

24   plaintiffs allege that all members of the proposed class paid artificially inflated prices as a result of

25   defendants' [antitrust violation] during the relevant class period, that all suffered similar injury as a

26   consequence of the conspiracy, and that all seek the same relief").  There are no conflicts precluding

27   class certification.  *Compare In re Static Random Access Memory (SRAM) Antitrust Litig,* 264

28   F.R.D. 603, 609-10 (N.D. Cal. 2009) (no conflict precluding certification of antitrust claims); *In re*

1    *Live Concert Antitrust Litig.*, 247 F.R.D. 98, 119-20 (N.D. Cal. 2007) (same); *In re Tableware*

2    *Antitrust Litig.*, 241 F.R.D. 644, 649 (N.D. Cal. 2007) (same).

3         Moreover, the threshold of knowledge required to qualify a class representative is low; a

4    party must be familiar with the basic elements of her claim. *Burkhalter Travel Agency v. MacFarms*

5    *Int'l, Inc.*, 141 F.R.D. 144, 153-54 (N.D. Cal. 1991).   Here, Ms. Bennett plainly demonstrated

6    familiarity with the basic elements of her claim.  She testified clearly as to her understanding that the

7    case deals with Apple's choices to block music from other sources from being usable on an iPod.

8    Bernay Decl., Ex. 1, Trial Tr. at 1439-40.  She testified that the case has to do with Apple's DRM;

9    she referenced the keybag and database verification protocols; she understood that antitrust claims

10   were alleged and, critically, she explained that she would look at backup materials and court filings

11   to continue her efforts on behalf of the class.  *Id.*, Ex. 1, Trial Tr. at 1437:4-6, 11-15, 1443:6-15.

12   This testimony more than demonstrates adequacy.

13        Apple deposed Ms. Bennett shortly after the Court's evidentiary hearing and during that

14   deposition she continued to demonstrate her adequacy as well as her commitment to the case despite

15   Apple's efforts to intimidate her into withdrawing from the action, asking her five different times if

16   she would consider withdrawing from the case.  *See id.*, Bennett Ex. 2, Dep. Tr. at 29:16-21, 30:9-

17   20;  31-11-20;   32:1-11 33:11-34:14.   She testified that she understood the attorney client

18   relationship.  *Id.*, Bernay Decl., Ex. 2, Bennett Dep. Tr. at 38:18-21. ("Q. The question is:  Do you

19   understand that, as the client, you can exercise some control over how the lawyers behave?  A. Of

20   course I do.")  She further testified that she was planning on reviewing documents related to the

21   case, indicated an intention to conduct background research and would be willing to take part in the

22   litigation and do whatever is necessary and in the best interest of the class.  *See id.*, Dep. Tr. at

23   68:13-69:3; 73:8-12.  In fact, Ms. Bennett has indicated a desire to make another cross-country trip

24   from Boston to the Bay Area so that she can be present for closing arguments.  Bernay Decl., ¶8.

25        Of course, the representative need not "be intimately familiar with every factual and legal

26   issue in the case;" rather, it is enough that the representative understand the gravamen of the claim.

27   *In re Worlds of Wonder Secs. Litig.*, 1990 U.S. Dist. LEXIS 8511, at *12 (N.D. Cal. Mar. 26, 1990).

28   In the Ninth Circuit, "[a]ll that is necessary is a 'rudimentary understanding of the present action

and . . . a demonstrated willingness to assist counsel in the prosecution of the litigation.'" *Live Concert*, 247 F.R.D. at 120 (citation omitted).  "Consequently, the plaintiff's knowledge must be severely lacking in order to find the representatives inadequate."  *Id*. at 121.  "Because class representatives serve as a guardian of the interests of the class, the representatives must have some minimal familiarity with the litigation, although a detailed understanding of the theories and facts of the case is not required."  *Tableware*, 241 F.R.D. at 649 (citations omitted).

**IV.     THE COURT HAS THE AUTHORITY TO ADD A NEW REPRESENTATIVE**

The addition of Ms. Bennett as a class representative can be accomplished in a number of ways, all of which are procedurally proper.  "The court may permit intervention by a new representative or may simply designate that person as a representative in the order granting class certification."  *Manual for Complex Litigation* (Fourth) §21.26 (2014) (citing *In re Telectronics Pacing Sys., Inc.*, 172 F.R.D. 271, 283 (S.D. Ohio 1997) (court named substitute new class representative without formal intervention or joinder)).  Many Courts decide the issue under Federal Rules of Civil Procedure ("Rule") 15(a)(2) and 16 or, alternatively Rule 24.

As the Court found in denying Apple's motion to dismiss for lack of subject matter jurisdiction, once a district court has certified a class, mooting the putative class representative's claim will not moot the class action because, upon certification, the class acquires a legal status separate from the interest asserted by the class representative, such that an Article III controversy then exists between the named defendant and every member of the certified class.  *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (citing *Sosna v. Iowa,* 419 U.S. 393 (1975)).

If the named plaintiff's claim remains a live controversy at the time of class certification, the case will not become moot even if the named plaintiff's personal claim later expires.  *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 398-99 (1980).  Standing and mootness are two sides of the same coin.  *Bates*, 511 F.3d at 986 ("[M]ootness is described as 'the doctrine of standing set in a time frame.'") (citation omitted).

A.    **The Addition of Barbara Bennett Is Proper Under Fed. R. Civ. P. 15**

Rule 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires."  In deciding whether to grant leave to amend, a court considers the following factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."  *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003).  Of these factors, prejudice to the opposing party "carries the greatest weight." *Eminence Capital L.L.C. v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  All inferences should be drawn "in favor of granting the motion," *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999), and "the nonmoving party bears the burden of demonstrating why leave to amend should not be granted," *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989);  *Davis v. Brown Group Retail, Inc.*, No. 1:13-cv-01211-LJO-BAM, 2014 U.S. Dist. LEXIS 106024, at *4-*5 (E.D. Cal. July 31, 2014) (allowing new plaintiff to be added as a class representative; changes to complaint did not add or otherwise broaden the scope of case other than addition of a named plaintiff); *True Health Chiropractic Inc. v. McKesson Corp.*, No. 13-cv-02219-JST, 2014 U.S. Dist. LEXIS 85961 (N.D. Cal. June 23, 2014) (allowing addition of class representative under Fed. R. Civ. P. 15); *Amparan v. Plaza Home Mortg., Inc.*, No. C 07-4498 JF(RS), 2009 U.S. Dist. LEXIS 83110 (N.D. Cal. Aug. 28, 2009) (addition of class representatives granted); *McConnell v. Red Robin Int'l, Inc.*, No. C 11-03026 WHA, 2012 U.S. Dist. LEXIS 53942, at *9 (N.D. Cal. Apr. 17, 2012) (allowing addition of a plaintiff where previously plaintiff had "no reason not to rely on [a single plaintiff as the] class representative").[2]  "'Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion' to deny leave to amend."  *United States v. Pend Oreille Pub. Util. Dist. No. 1*, 926 F.2d 1502, 1511-12 (9th Cir. 1991) (citing *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973)).

---

[2]    *See also Nat'l Fed'n of the Blind v. Target Corp.*, 582 F. Supp. 2d 1185, 1201 (N.D. Cal. 2007) (ordering plaintiffs to substitute class representatives); *Wiener v. Dannon Co.*, 255 F.R.D. 658, 673 (C.D. Cal. 2009) (granting leave to substitute in an appropriate representative); *Tait v. BSH Home Appliances Corp.*, 289 F.R.D. 466, 476 (C.D. Cal. 2012) (permitting substitution of class representatives); *Hernandez v. Balakian*, 251 F.R.D. 488, 491 (E.D. Cal. 2008) (permitting additional time for class counsel to find new class representative).

### 1.        The Addition of Ms. Bennett Was Done in Good Faith

Plaintiffs have not acted in bad faith with respect to the addition of Ms. Bennett.  At no point did Plaintiffs' counsel believe that Ms. Rosen was an inadequate class representative.  Plaintiffs' counsel did not seek to add or substitute new plaintiffs on the reasonable assumption that the certified class was proper.  As detailed above, and noted by the Court, Ms. Bennett reached out to Plaintiffs upon reading that there were issues with the then-current named representative.  Plaintiffs' counsel vetted her, including several interviews, filled in some details of the case during the short window of time and asked her if she would be willing to get on an early-morning flight the next day from Boston to testify in Court just after she landed, to which she readily assented.  At no point has Apple suggested that Plaintiffs' counsel have acted in bad faith regarding Ms. Bennett, and they cannot.

### 2.        There Was No Undue Delay

As noted above, Plaintiffs' counsel relied on the prior class certification orders, on interviews with Ms. Rosen leading up to trial and believed (and still believe) that she is an adequate class representative for the reasons detailed in ECF Nos. 962, 963, 964.  And there can be no claim of delay as to Ms. Bennett, since as she herself testified she read an article online, contacted the Court and Plaintiffs' counsel and two days later was in Court testifying.  Apple's suggestion made before trial on December 9, 2014, that it would be prejudiced by having to research the background of the proposed new Plaintiffs is unsupported.  In support of its motion to dismiss for lack of jurisdiction (ECF 955), Apple submitted a declaration from Tim O'Neil.  Mr. O'Neil confirmed at deposition that with a serial number, he could pull records in moments.  *See* Bernay Decl., Ex. 3, O'Neil Dep. Tr. at 12:22-13:21 (where Mr. O'Neil testified that he pulled records while a witness was on the stand).  Thus any claim that Ms. Bennett's standing would be difficult to determine is overblown. Apple has not suggested it needs more information, nor has Apple requested any additional information regarding Ms. Bennett.  Presumably this is because it has everything it needs to determine both standing and adequacy of Ms. Bennett.

Plaintiffs complied with the Court's Order and provided Apple with the information relating to Ms. Bennett just hours after ordered.  This information contained all the information necessary to

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT BARBARA BENNETT AS CLASS REPRESENTATIVE - C-05-00037-YGR                                                                    - 8 -

1    demonstrate her standing.  And her courtroom and deposition testimony confirms both her standing

2    and adequacy.

3            **3.      Any Prejudice Is Blunted by Apple Being Given an**
             **Evidentiary Hearing, a Deposition and Documents**
4
5            Further, the additional discovery that Apple has already taken relieves any prejudice it might

6    have faced.  "Additional discovery is not prohibitively prejudicial under Rule 15(a)."  *Davis*, 2014

7    U.S. Dist. LEXIS 106024, at *8; *see also PNY Techs. Inc. v. Sandisk Corp.*, No. 11-cv-04689-WHO,

8    2014 U.S. Dist. LEXIS 9858, at *15-*16 (N.D. Cal. June 27, 2014) ("'the prospect of additional

9    discovery needed by the non-moving party in itself [does not] constitute a sufficient showing of

10   prejudice'") (citation omitted).

11           In *Ashby*, the court found no undue prejudice where discovery would have to be reopened

12   and, according to defendants, a new notice would need to issue.  *Ashby v. Farmers Ins. Co.*, No. 01

13   CV 1446-BR, 2007 U.S. Dist. LEXIS 97502, at *7-*8 (D. Or. Sept. 26, 2007).  The Court held that

14   the additional discovery could be timely completed.  *Id*.  Here, Ms. Bennett has sat for both an

15   evidentiary hearing and deposition, produced documents and remains willing to take all steps

16   necessary to protect the class's interests.  The parties have agreed not to put Ms. Bennett on the

17   witness stand, so no new evidence will be heard by the jury and Apple will not have to prepare to

18   cross examine another witness.  Further, the addition of Ms. Bennett can be decided on the papers,

19   after trial, causing Apple no prejudice.  Apple is in substantially the same position it was in when

20   Ms. Wilson (Tucker) and Ms. Rosen were the named Plaintiffs.

21           The addition of another representative is not futile and amendment should be granted.

22   Because Ms. Bennett has the identical claims as the other class representatives, her addition is

23   plainly not futile.  "A proposed amended pleading is futile 'only if no set of facts can be proved

24   under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'"

25   *Rieve v. Coventry Health Care, Inc.*, No. SACV 11-1032 DOC (RNBx), 2012 U.S. Dist. LEXIS

26   36814, at *7 (C.D. Cal. Mar. 19, 2012) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th

27   Cir. 1988)). The Court offered to pause the trial to alleviate prejudice and Apple declined.  And any

28

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT BARBARA BENNETT AS CLASS
REPRESENTATIVE - C-05-00037-YGR                                                          - 9 -

1    prejudice was further obviated when the parties agreed that Ms. Bennett would not testify in front of

2    the jury.

3        **B.    The Addition of a Ms. Bennett Is Also Appropriate Under Fed. R.**
             **Civ. P. 24(b)**

4

5        Alternatively, Ms. Bennett should be allowed to intervene under Rule 24(b).  Pursuant to

6    24(b), the Court may permit a person who has a claim with a common question of law or fact to

7    intervene in the action.  *See* Fed. R. Civ. P. 24(b)(1).  The only proper countervailing considerations

8    are undue delay or prejudice to the existing parties' rights.  *See* Fed. R. Civ. P. 24(b)(3).

9        Here, as explained above, Ms. Bennett's claims are identical in all respects to those currently

10   alleged by the members of the certified class.  1 *Newberg on Class Actions* §2:17 (5th ed. 2011)

11   (noting that "intervention by absentee members is freely allowed in order to substitute them as class

12   representatives").  The only change would be the addition of Ms. Bennett to the case.[3]

13   **V.    APPLE RATIFIED THE PREVIOUSLY CERTIFIED CLASS**
          **REPRESENTATIVE**

14       Years after a class was certified, Apple submitted a declaration by Augustin Farrugia,

15   admitting a previous declaration was untrue.  This July 2, 2013, declaration stated that fewer model

16   iPods were affected by KVC and DVC than Farrugia – as Apple's representative – had previously

17   sworn.  This late-noticed change severely prejudiced Plaintiffs, whose expert had to re-do the

18   damages calculation.  Conveniently for Apple, the change reduced damages significantly.

19       Subsequently, Plaintiffs raised the issue of conforming the Class Definition to the models

20   identified through Farrugia's declaration.  Presumably because it thought it would have a better

21   chance of creating an appealable issue, Apple refused to redefine the class.  Under the currently

22   certified class, Ms. Rosen continues to have standing and is a real party in interest under Rule 17.

23   Fed. R. Civ. P. 17.  Under Rule 17, Ms. Rosen remains a real party in interest and Apple's failure

24   previously to make any arguments regarding her standing as such has been waived.  *See Trenwick*

25   *Am. Reinsurance Corp. v. IRC, Inc.*, 764 F. Supp. 2d 274, 294 (D. Mass. 2011) ("Defendants never

26   amended their answer to include failure to join the real party in interest as a defense, nor file a

27   ─────────────────
     [3]    The Court can also add Ms. Bennett as a Class Representative under Fed. R. Civ. P. 21.  "On
28   motion or on its own, the court may at any time, on just terms, add or drop a party."  *Id.*

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO APPOINT BARBARA BENNETT AS CLASS
REPRESENTATIVE - C-05-00037-YGR                                                    - 10 -

1   motion to dismiss under Rule 17.  They never made the Rule 17 argument until they filed their pre-

2   trial memoranda, approximately three years after the start of this litigation.  In that time, tremendous

3   resources have been expended by both sides on the assumption that Trenwick/UNUM would be the

4   plaintiff. . . . I find that raising an objection to Trenwick and UNUM as the proper plaintiffs in this

5   suit three years into the proceedings and on the eve of trial constitutes undue delay on defendants'

6   part.  They have waived their right to object.").

7   **VI.      CONCLUSION**

8          The addition of Ms. Bennett as a class representative provides the class with a capable,

9   interested and motivated representative to take this matter to its end result.  She has committed

10  herself to expend the time and effort necessary to represent the millions of absent class members.

11  For all of these reasons, the Court should grant Plaintiffs' motion to add Barbara Bennett as a class

12  representative.

13  DATED:  December 11, 2014                    Respectfully submitted,

14                                               ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
15                                               BONNY E. SWEENEY
                                                 ALEXANDRA S. BERNAY
16                                               CARMEN A. MEDICI
                                                 JENNIFER N. CARINGAL

17

18                                                       s/ Bonny E. Sweeney
19                                                  BONNY E. SWEENEY

20                                               655 West Broadway, Suite 1900
                                                 San Diego, CA  92101
21                                               Telephone:  619/231-1058
                                                 619/231-7423 (fax)
22
                                                 ROBBINS GELLER RUDMAN
23                                                 & DOWD LLP
                                                 PATRICK J. COUGHLIN
24                                               STEVEN M. JODLOWSKI
                                                 Post Montgomery Center
25                                               One Montgomery Street, Suite 1800
                                                 San Francisco, CA  94104
26                                               Telephone:  415/288-4545
                                                 415/288-4534 (fax)
27
                                                 Class Counsel for Plaintiffs
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BONNETT, FAIRBOURN, FRIEDMAN
   & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

THE KATRIEL LAW FIRM
ROY A. KATRIEL
1101 30th Street, N.W., Suite 500
Washington, DC  20007
Telephone:  202/625-4342
202/330-5593 (fax)

BRAUN LAW GROUP, P.C.
MICHAEL D. BRAUN
10680 West Pico Blvd., Suite 280
Los Angeles, CA  90064
Telephone:  310/836-6000
310/836-6010 (fax)

GLANCY BINKOW & GOLDBERG LLP
BRIAN P. MURRAY
122 East 42nd Street, Suite 2920
New York, NY  10168
Telephone:  212/382-2221
212/382-3944 (fax)

GLANCY BINKOW & GOLDBERG LLP
MICHAEL GOLDBERG
1925 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:  310/201-9150
310/201-9160 (fax)

Additional Counsel for Plaintiffs

1
<u>CERTIFICATE OF SERVICE</u>

2
I hereby certify that on December 11, 2014, I authorized the electronic filing of the foregoing

3
with the Clerk of the Court using the CM/ECF system which will send notification of such filing to

4
the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I

5
caused to be mailed the foregoing document or paper via the United States Postal Service to the non-

6
CM/ECF participants indicated on the attached Manual Notice List.

7
I certify under penalty of perjury under the laws of the United States of America that the

8
foregoing is true and correct.  Executed on December 11, 2014.

9
            s/ Bonny E. Sweeney
            BONNY E. SWEENEY

10

11
ROBBINS GELLER RUDMAN
        & DOWD LLP

12
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058

13
619/231-7423 (fax)

14
E-mail:        bonnys@rgrdlaw.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

990704_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,cdelacroix@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Thomas R. Burke**
  thomasburke@dwt.com,natashamajorko@dwt.com,sfodocket@dwt.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Suzanne Elizabeth Jaffe**
  SJAFFE@BSFLLP.COM,jchavez@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,cduong@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,rconnell@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Jonathan H Sherman**
  jsherman@bsfllp.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)