# Robbins Geller
## Rudman & Dowd LLP

| | | | |
|---|---|---|---|
| Atlanta | Chicago | Melville | Philadelphia | San Francisco |
| Boca Raton | Manhattan | Nashville | San Diego | Washington, DC |

Bonny E. Sweeney
bonnys@rgrdlaw.com

December 11, 2014

VIA ECF

The Honorable Judge Yvonne Gonzalez Rogers
United States District Court
   Northern District of California
Oakland Courthouse
1301 Clay Street, Courtroom 1, 4th Floor
Oakland, CA 94612

> Re:   *The Apple iPod iTunes Antitrust Litigation*,
>      No. C-05-0037-YGR

Dear Judge Gonzalez Rogers:

In light of Your Honor's comments at the hearing today, Plaintiffs respectfully suggest that the jury instruction on "Genuine Product Improvements and Legitimate Business Purposes" be modified to remove the references to 7.4.  As Apple's counsel acknowledged, this proposal accurately reflects the evidence, as both KVC and DVC were included in 7.0, and simplifies the instructions for the jury.  A proposed redlined instruction is attached hereto as Exhibit A.

Respectfully submitted,

BONNY E. SWEENEY
Counsel for Plaintiffs

BES:sll
Attachment

cc:    Counsel of Record (via ECF)

990909_1

**EXHIBIT A**

**GENUINE PRODUCT IMPROVEMENTS**

**AND LEGITIMATE BUSINESS PURPOSES**

Plaintiffs'~~'~~ allege that Apple willfully maintained monopoly power based on anticompetitive conduct when it released the software ~~updates~~ update known as iTunes 7.0 ~~and 7.4,~~ and the complementary "firmware" updates that were included in certain new iPod models that were sold with or after the release of iTunes 7.0. Plaintiffs claim that these updates made the iPod incompatible with web sites that offered permanent downloads of audio recordings. Plaintiffs further claim that Apple's keybag verification code, or "KVC," which it installed in software and firmware beginning in September 2006, and its database verification code, or "DVC," which it activated in ~~software and firmware beginning in~~ September 2007, excluded competitors from the market but provided no benefit to consumers and therefore were not genuine product improvements.

Apple contends that the iTunes and iPod updates were genuine product improvements and that it had legitimate business reasons for these updates.

Under the Sherman Act, offering a genuine product improvement cannot be considered an anticompetitive act, regardless of its effect on a competitor. Similarly, if a firm has a legitimate business reason for the design of its product, that design cannot be considered an anticompetitive act, regardless of its effect on a competitor. Antitrust law does not impose a duty on a monopolist to cooperate with a competitor or to share its intellectual property with a competitor, even if the innovations or intellectual property might be useful to the competitor in developing its products. Thus, Apple had no duty to deal with RealNetworks or other third parties. Also, evidence that the defendant could have chosen a different design or approach in achieving its business goal that

would have had less of an effect on competitors does not mean that the conduct is anticompetitive. However, a design change that serves no purpose other than protecting a monopoly may constitute anticompetitive conduct.

As the Court explained to you at the beginning of this trial, Apple's integrated design of iTunes, iPods, and the iTunes Store and the updates before 7.0 were legal and not anticompetitive. You may not consider iTunes 4.7 to be anticompetitive or illegal, or to support any finding of liability or damages against Apple. However, you are not required to ignore such evidence. To the contrary, you may consider such evidence in understanding the purpose and context of the conduct Plaintiffs allege to be unlawful including whether the stated reasons for the 7.0 ~~and 7.4~~ updates were pretextual and not supportive of a finding that the updates were genuine product improvements.

Therefore, in deciding whether Apple engaged in illegal and anticompetitive acts in this case, the issue is limited to Apple's development and distribution of iTunes 7.0 ~~and iTunes 7.4~~.

You will be asked at the outset of your deliberations to determine specifically whether the updates were genuine product improvements. If you find that they were, then Apple cannot be found liable.

If you find they were not, then you must still determine whether Apple had legitimate business reasons for issuing ~~the~~ iTunes 7.0 ~~and iTunes 7.4 updates~~ and related technology as part of the analysis of the third element. If you find that Apple did have legitimate business reasons for its conduct, then you must find that no anticompetitive conduct exists, even if Apple had other reasons, and you must find for Apple.

If you find that Plaintiffs have proved that Apple willfully acquired or maintained monopoly power through anticompetitive acts, then you must consider whether Plaintiffs have proved the remaining two elements of their monopolization claim.

CERTIFICATE OF SERVICE

I hereby certify that on December 11, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on December 11, 2014.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:        bonnys@rgrdlaw.com

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,cdelacroix@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Thomas R. Burke**
  thomasburke@dwt.com,natashamajorko@dwt.com,sfodocket@dwt.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Suzanne Elizabeth Jaffe**
  SJAFFE@BSFLLP.COM,jchavez@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,cduong@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,rconnell@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Jonathan H Sherman**
  jsherman@bsfllp.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)