1  DAVIS WRIGHT TREMAINE LLP
   THOMAS R. BURKE (State Bar No. 141930)
2      thomasburke@dwt.com
   DIANA PALACIOS (State Bar No. 290923)
3      dianapalacios@dwt.com
   505 Montgomery Street, Suite 800
4  San Francisco, California  94111-6533
   Telephone:  (415) 276-6500
5  Facsimile:    (415) 276-6599

6
   Attorneys for Bloomberg L.P., The Associated Press
7  & Cable News Network, Inc. (CNN), Nonparty Media
   Intervenors
8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12
   THE APPLE iPOD iTUNES ANTITRUST          ) Lead Case No. C 05-00037 YGR
13                                          ) Honorable Yvonne Gonzalez Rogers
   LITIGATION                               )
14                                          ) [CLASS ACTION]
   _____ )
15                                          ) **NONPARTY MEDIA INTERVENORS'**
   This Document Relates To:                ) **SUPPLEMENTAL AUTHORITY**
16                                          )
   ALL ACTIONS                              )
17                                          ) DATE:   TBD
                                            ) TIME:    TBD
18                                          ) PLACE:  COURTROOM 1, 4TH FLOOR
                                            )
19                                          )
                                            )
20                                          )
                                            )
21                                          )
   _____ )
22

23

24

25

26

27

28

Nonparties Bloomberg L.P., The Associated Press, and Cable News Network, Inc. (CNN) (collectively, the "Media Intervenors"), respectfully submit the following supplemental authority in support of their Motion for Leave to Intervene and Access to the Video Deposition of Steve Jobs (Dkt. No. 977) and pursuant to this Court's December 9, 2014 Order (Dkt No. 984).  This supplemental authority supports the Court's request for an analytical framework for the "strong presumption" in favor of access that exists in the Ninth Circuit.  *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295-95 (9th Cir. 1986).

## I.    CASES GRANTING ACCESS TO VIDEO DEPOSITIONS.

- *United States v. Fromme*, 2013 U.S. Dist. LEXIS 119044, at *2 (E.D. Cal. Aug. 21, 2013) (granting access to the video deposition of President Ford); *United States v. Fromme*, 2:75-cr-00451 (E.D. Cal. Apr. 7, 1987) (unsealing the video deposition of President Ford to allow copying of the tape because "there is no legal or justifiable reason for continuing said tape under seal") (attached as **Exhibit 1**);  *see also* Christopher Megerian, *Gerald Ford's Testimony on 1975 Assassination Attempt: 'The weapon Was Large'*, L.A. Times, Aug. 23, 2014 (available at http://articles.latimes.com/2013/aug/27/local/la-me-ln-gerald-ford-on-assassination-attempt-the-weapon-was-large-20130827).

- *U.S. v. Berger*, 990 F. Supp. 1054, 1057 (C.D. Ill. 1998) (granting access to video deposition and finding, "The Court believes that the videotape is more akin to a judicial record than a violation of the ban of cameras in a federal courtroom.  No one took any photographs in the courtroom; nor did anyone broadcast live via radio or television any judicial proceeding occurring within the courtroom.  Moreover, there was no camera or satellite feed emanating from the courtroom either as the Governor's deposition occurred or as the videotape was played to the jury"); *see also id*. at 1056-57 ("Likewise, the Ninth Circuit has held that there is a 'strong

presumption in favor of copying access.'") (Quoting *Valley Broadcasting Co.*, 798 F.2d at 1294).[1]

## II. CASES ANALYZING SCOPE OF THE RIGHT OF ACCESS TO VIDEO OR AUDIO TAPES NOT ADMITTED INTO EVIDENCE.

- *U.S. v. Graham*, 257 F.3d 143, 153 (2nd Cir. 2001) (holding that audio tapes did not have to be "admitted into evidence" in order for the right of access to attach; "Thus, just as a member of the public sitting in the courtroom might observe the presentation of evidence as to which an objection is made and sustained as well as evidence which is admitted, it makes sense that the definition of a 'judicial document' would extend to any material presented in a public session of court 'relevant to the performance of the judicial function and useful in the judicial process' whether or not it was formally admitted.")(Citation omitted).

- *United States v. Criden*, 648 F.2d 814, 828 (3d Cir. 1981) ("It would unduly narrow the right of access were it to be confined to evidence properly admitted, since the right is based on the public's interest in seeing and knowing the events which actually transpired.")

- *In Re CBS, Inc.*, 540 F. Supp. 769, 771 n.3 (N.D. Ill. 1982) (granting access to audio recordings, noting that "[t]he non-documentary nature of the materials sought to be copied does not affect this common law presumption of access. . . . Nor is the Court persuaded that the tapes sought are not 'judicial records' because they were not technically admitted in evidence in the course of a trial. The Court believes that the policy behind the common law presumption of access is that what transpires in the courtroom is public property.") (Internal citations omitted).

---

[1] *Cf. In re Application of American Broadcasting Cos.*, Inc., 537 F. Supp. 1168, 1172 (D.D.C. 1982) (in a criminal proceeding, denying access to the video deposition of non-party Jodie Foster because she was "a witness who was unwittingly ensnared in a third party's alleged attempt to assassinate an American President" and her safety and privacy concerns regarding the release of the video deposition were factually supported).

NONPARTY MEDIA INTERVENORS' SUPPLEMENTAL AUTHORITY

### III.     THE NON-APPLICABILITY OF LOCAL RULE 77-3.

- Civil Local Rule 77-3 ("Unless allowed by a Judge or a Magistrate Judge with respect to his or her own chambers or assigned courtroom for ceremonial purposes or for participation in a pilot or other project authorized by the Judicial Council of the Ninth Circuit or the Judicial Conference of the United States, the taking of photographs, *public broadcasting or televising, or recording for those purposes in the courtroom or its environs*, in connection with any judicial proceeding, is prohibited. . . . The term 'environs,' as used in this rule, means all floors on which chambers, courtrooms or on which Offices of the Clerk are located, with the exception of any space specifically designated as a Press Room. Nothing in this rule is intended to restrict the use of electronic means to receive or present evidence during Court proceedings.") (Emphasis added).

### VI.     CONCLUSION

In light of the foregoing authority and because when presented with the opportunity, Apple could not identify any *Valley* factors that would outweigh the public's right of access in this case, respectfully, the Court should grant the Media Intervenor's immediate access to a copy of the portions of the video deposition of Steve Jobs that was shown to the jury in open court. The Media Intervenors are prepared to submit supplemental briefing or appear for further argument if desired by the Court.

DATED: December 12, 2014

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE
DIANA PALACIOS

By:_____/s/ Thomas R. Burke
                Thomas R. Burke

Attorneys for Nonparty Media Intervenors, Bloomberg L.P., The Associated Press and Cable Network News, Inc. (CNN)

NONPARTY MEDIA INTERVENORS' SUPPLEMENTAL AUTHORITY
DWT 25528009v1 0050033-000508