ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY (176174)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
bonnys@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
jcaringal@rgrdlaw.com
        – and –
PATRICK J. COUGHLIN (111070)
STEVEN M. JODLOWSKI (239074)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
patc@rgrdlaw.com
sjodlowski@rgrdlaw.com

Class Counsel for Plaintiffs

[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE IPOD ITUNES ANTITRUST LITIGATION | Lead Case No. C-05-00037-YGR |
| | <u>CLASS ACTION</u> |
| This Document Relates To: | PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT BARBARA BENNETT AS CLASS REPRESENTATIVE |
| ALL ACTIONS. | |
| | Date:          TBD<br>Time:         TBD<br>Courtroom: 1, 4th Floor<br>Judge:        Hon. Yvonne Gonzalez Rogers |

991145_1

## I. INTRODUCTION

Apple fails in its opposition brief to impugn Barbara Bennett's adequacy to serve as a substitute class representative. On Friday the Court noted that it had not received any filing from Apple challenging the appointment of Ms. Bennett as class representative.[1] Ex. 1, Trial Tr. at 1969:20-23. Counsel for Apple claimed that nothing had yet been submitted because "we've not completed – we are still gathering some last pieces of information so we would like to do it in writing." Ex. 1, Trial Tr. at 1970:2-4. Counsel further stated that he was "following up on some items." *Id*. at 11-12. Now that Apple has filed its brief it is clear that its investigation turned up nothing that would in any way demonstrate Ms. Bennett is inadequate to represent the Class.

Instead, Apple has come forward with only snippets of testimony from: (a) the evidentiary hearing, in which she made a *prima facie* showing of adequacy; and (b) her deposition on the same day, in which – far from demonstrating a lack of knowledge about the case – she showed herself to be an active and engaged person willing to see this case through to completion. Ms. Bennett's testimony before the Court and at deposition shows that she possesses the requisite level of understanding for class representation. It is clear from Apple's opposition that the only representative that would suit Apple is no representative at all.

Apple's other arguments regarding this issue are all rehashes of battles fought and lost – in some cases multiple times. Apple, for example, raises the issue of reseller representation – an argument that it has now raised and lost more than five times. Apple also again raises the argument (also previously rejected) that the Court supposedly lost jurisdiction when, *after* class certification, Apple changed its sworn testimony regarding the affected models. Because both Ms. Rosen and Ms. Tucker undeniably had standing at the time of certification in 2011, Apple's arguments on this score fail for the reasons the Court detailed on December 8, 2014. *See* Ex. 2, Trial Tr. at 1303–10.

Finally, Apple's contention that it has been prejudiced by the substitution of Ms. Bennett rings hollow where: (a) she did not testify at trial; and (b) the Court will instruct the jury regarding the substitution. Nor can Apple deny that, other than the deposition (which was not limited in time

---

[1] All references to "Ex." are to the exhibits attached to the Reply Declaration of Alexandra S. Bernay, filed concurrently.

1  or scope) it took no steps to gather any information whatsoever.[2]  Apple also declined the offer to
2  briefly postpone the trial.  Apple has thus suffered no prejudice by virtue of the substitution.

3        The appointment of Ms. Bennett as the class representative will provide more than adequate
4  representation for the millions of consumers and nearly 1,000 resellers who were damaged by
5  Apple's anticompetitive conduct.

6  **II.   MS. BENNETT IS WHOLLY ADEQUATE**

7        Apple does not, nor could it, contest Ms. Bennett's standing.  Ms. Bennett testified, and a
8  receipt confirmed, that she purchased an iPod Nano from the Hingham, Massachusetts Apple Store
9  with her personal credit card.  Ex. 3, Trial Tr. at 1421:15-1422:22.  She bought the device November
10  5, 2006 as both her receipt and internal records of Apple confirm.  Ex. 3, Trial Tr. at 1433:8-16.  She
11  testified that her name is on the card, and she personally pays the balance. *Id*.

12        Apple's attack on Ms. Bennett's knowledge of the case rests on isolated instances of
13  testimony from a two-hour deposition that ignores, as Plaintiffs previously detailed, that she
14  provided substantive and knowledgeable answers regarding all of the important aspects of this case
15  before the Court and at her deposition.  She testified clearly as to her understanding that the case
16  deals with Apple's choices to block music from other sources from being usable on an iPod.  Ex. 3,
17  Trial Tr. at 1439-40.  She testified that the case has to do with Apple's DRM; she referenced the
18  keybag and database verification protocols and that she understood that antitrust claims were
19  alleged.  Ex. 3, Trial Tr. at 1437:4-6, 11-15, 1443:6-15.  That she is not an expert on the
20  extraordinarily complex issues raised in this litigation is no basis for questioning her adequacy.  Her
21  level of knowledge is more than sufficient.  *Burkhalter Travel Agency v. MacFarms Int'l, Inc*., 141
22  F.R.D. 144, 153-54 (N.D. Cal. 1991).

23        Appreciating her late addition into the litigation, Ms. Bennett testified that she was planning
24  on reviewing documents related to the case and indicated an intention to conduct background
25  research to more fully understand the details of the litigation.  Ex. 4, Bennett Dep. Tr. at 68:13-69:3;

---

26  [2]   By contrast, when Plaintiffs sought to intervene K&N Industries Inc., Apple served extensive
27  document requests and interrogatories, to which Plaintiffs responded within days, including the
production of documents.  A deposition was also conducted.  Thus any claim that time was too short
28  to serve any discovery is belied by the record.

73:8-12. Ms. Bennett will make another cross-country trip from Boston to the Bay Area so that she can be present for closing arguments – surely a sign that she is active and engaged in the litigation. Apple's efforts to paint Ms. Bennett as an uninformed puppet of counsel are baseless.  Ms. Bennett took it upon herself to contact the Court and Plaintiffs' counsel.  She understands the attorney-client relationship.  Ex. 4, Bennett Dep. Tr. at 38:18-21. ("Q. The question is: Do you understand that, as the client, you can exercise some control over how the lawyers behave? A. Of course I do."). "'Whether the class representatives satisfy the adequacy requirement depends on the "qualifications of counsel for the representatives, an absence of antagonism, a sharing of interests between representatives and absentees, and the unlikelihood that the suit is collusive."'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1125 (9th Cir. 2010).[3]  Ms. Bennett plainly satisfies this standard.

Apple's cases, none of which are antitrust cases, are off-base. In *Monroe v. City of Charlottesville, Va.*, 579 F.3d 380, 385 (4th Cir. 2009), the plaintiff was found inadequate where he was unaware that the suit was filed in his name until he read it in the newspaper, complained that the class attorneys would not return his calls and testified that he believed the suit made him look bad. Here of course it was Ms. Bennett who contacted Plaintiffs' counsel, and she has testified that she is willing and able to take an active role.  *Welling v. Alexy*, 155 F.R.D. 654 (N.D. Cal. 1994) is similarly inapt.  There the plaintiff failed to exhibit an interest in supervising the attorneys and expressed an intention to not supervise the attorneys.  Again, a far cry from Ms. Bennett's testimony here, in Court and at deposition.  *Bodner v. Oreck Direct, LLC*, No. C 06-04756 MHP, 2007 U.S. Dist. LEXIS 30408 (N.D. Cal. Apr. 25, 2007) too is inapposite.  In that case, the law firm appeared to be advertising for plaintiffs.  Nothing of the sort occurred here.[4]

---

[3] Unless otherwise noted, citations are omitted and emphasis is added.

[4] Apple's other citations are even further afield. *Rolex Employees Retirement Trust v. Mentor Graphics Corp.*, 136 F.R.D. 658 (D. Or. 1991) (plaintiff startlingly unfamiliar with the case including what the allegations of the complaint are); *McPhail v. First Command Fin. Planning, Inc.*, 247 F.R.D. 598, 609 (S.D. Cal. 2007) (one proposed representative never deposed and the other was distracted, did not know the names of her attorneys or anything about the case).

### III. THERE IS NO PREJUDICE TO APPLE IN INTERVENING AND SUBSTITUTING BENNETT

Apple has identified no actual prejudice it suffers by the addition of Ms. Bennett. *Pierce v. Novastar Mortgage, Inc.*, 2007 U.S. Dist. LEXIS 36922 (W.D. Wash. May 21, 2007) (permitting designation of new class representative just before trial). Apple's own records confirm she bought an affected model. A jury instruction regarding the substitution of class representative will be provided, and there has been an agreement that Ms. Bennett will not testify at trial. Apple also had an offer to continue the trial, but decided not to take that opportunity.

Apple's claims of prejudice specifically with respect to Ms. Bennett melt away under closer scrutiny. Apple's lawyers had a chance to ask any questions they wanted of Ms. Bennett both in Court and at deposition. And despite Apple's counsel's claim that he was investigating issues related to Ms. Bennett, everything that Apple has in its opposition, filed Saturday, December 13, 2014, was available to it at the conclusion of Ms. Bennett's deposition on Tuesday, December 9, 2014. Apple's claim that it is prejudiced because it will not be able to conduct the type of investigation it previously conducted regarding the former class representatives is unpersuasive. Not only were its earlier "investigations" needlessly invasive (with Apple demanding complete forensic imaging of iPods and home computers), but Apple here requested ***nothing*** from Ms. Bennett despite the fact that the Court appeared willing to allow Apple time to conduct whatever investigation it believed necessary. *See* Ex. 2, Trial Tr. at 1308-09.

Although Apple cites several cases for the notion it is prejudiced by the substitution, each falls far short of being applicable here. In *Soto*, a wage and hour case with a host of employee-specific allegations, defendants had strong arguments related to "the specific identities" of the plaintiffs, including particularized defenses relating to the typicality (not adequacy) of the plaintiffs. *Soto v. Castlerock Farming & Transp., Inc.*, No. 1:09-cv-00701 AWI JLT, 2011 U.S. Dist. LEXIS 87680, at *16-*18 (E.D. Cal. Aug. 9, 2011). Not so here, where it is undisputed that Ms. Bennett purchased an iPod during the Class Period; any conceivable defense Apple has would apply to the entire Class. *Osakan*, a wage-and-hour and discrimination case, is nothing like this case. There, before any efforts at adding an additional plaintiff were made, and before a class was certified, the

case was settled. *Osakan v. Apple Am. Group*, No. C-08-4722-SBA, 2010 U.S. Dist. LEXIS 53830, at *9 (N.D. Cal. May 3, 2010). The class never "acquired a legal status and apart from the named Plaintiff" that, as the Court has acknowledged exists here. Ex. 2, Trial Tr. at 1306:13-14. Apple's citation to *Flash* is as perplexing as to *Osakan*. There, the plaintiffs in the first instance, when the original complaint was filed, never were affected by the antitrust conspiracy. *In re Flash Memory Antitrust Litig.*, No. C 07-0086-SBA, 2010 U.S. Dist. LEXIS 59491, at *75 (N.D. Cal. Mar. 31, 2010) (finding undue prejudice when plaintiffs never "made a preliminary determination that each of their representatives actually qualified" to be in the class). Finally, Apple cannot even make the *iRise* and *Empresa* cases support their position in their own parentheticals. ECF 1000 ("Opposition") at 16. In *iRise*, the amendment did not simply substitute an absent class member as her; it instead added three affirmative defenses and three counterclaims to the complaint that would have changed the complexion of trial, requiring new expert discovery, depositions and document productions. *iRise v. Axure Software Solutions, Inc.*, No. CV 08-3601 SJO (JWJx), 2009 U.S. Dist. LEXIS 102189 at *19 (C.D. Cal. July 30, 2009). In addition the defendant there violated a scheduling order and failed to address the relevant legal standard in its papers. *Id.* at *10. Finally, the *Emmpresa* citation seems to be in error, and if not in error, it is only applicable in the sense that it uses the word prejudice. That case deals with prejudice in the context of Rule 26 sanctions, discussing whether testimony should be excluded at trial, obviously not an issue here. *Emmpresa Cubana del Tabaco v. Culbro Corp.*, 213 F.R.D. 151 at 159-160 (S.D.N.Y. 2003).

## IV.  APPLE'S OTHER ARGUMENTS ARE PURELY REHASHES OF OLD ARGUMENTS IT HAS ALREADY LOST

### A.  Resellers Are Properly in the Class

Apple makes yet another stab at the propriety of having a consumer class member represent resellers. The argument, raised continuously by Apple since 2008, was most recently addressed in the Court's November 25, 2014 Order. For all the reasons Plaintiffs have stated in their various filings on this issue, Ms. Bennett, if appointed, can properly serve as representative for all members of the Class. No evidence adduced at trial (let alone in Ms. Bennett's testimony) warrants a different result.

991145_1

PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT
BARBARA BENNETT AS CLASS REPRESENTATIVE - C-05-00037-YGR                    - 5 -

### B. The Court had Jurisdiction at the Time of Class Certification

Apple has never disputed former class representative Marianna Rosen's testimony that she personally made a September 2006 purchase of the iPod 5th Generation within the Class Period. Her purchase, as well as that of former representative Melanie (Wilson) Tucker, put them both squarely within the class definition at the time the Class was certified. Once a district court has certified a class, mooting the putative class representative's claim will not moot the class action because, upon certification, the class acquires a legal status separate from the interest asserted by the class representative, such that an Article III controversy then exists between the named defendant and every member of the certified class. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (citing *Sosna v. Iowa*, 419 U.S. 393 (1975)); *see also Bates v. UPS*, 511 F.3d 974, 987 (9th Cir. 2007). As the Court explained on December 8:

> Regardless of the redressability of Rosen's individual claims, the claims of the unnamed class members remained a live controversy for purposes of standing. Once the class was certified, the class of unnamed persons described in the certification, as I indicated before, acquired a legal status separate and apart from the named Plaintiff.

Ex. 2, Trial Tr. at 1306:8-14.

Apple does not contend that there was no class representative with standing at the time of certification, nor could it. Apple also ignores the fact that it approved the class notice that contains models it later claimed were unaffected. Apple was the source of the information used to define the Class. Years after the Class was certified, Apple submitted a declaration by Augustin Farrugia, asserting that his previous declaration was untrue. This July 2, 2013, declaration stated that fewer model iPods were affected by KVC and DVC than Mr. Farrugia – as Apple's representative – had previously sworn. This untimely assertion of a damages defense severely prejudiced Plaintiffs, whose expert had to re-do his damages calculation. Subsequently, Plaintiffs raised the issue of conforming the Class Definition to the models identified through Farrugia's second declaration. Presumably because it thought it would have a better chance of creating an appealable issue, Apple refused to redefine the Class.

## V. CONCLUSION

Ms. Bennett is not only adequate, but an ideal representative who will serve the Class well. Apple's attacks on her knowledge of the case are unavailing. And while Apple complains of prejudice by her substitution, it points to nothing concrete – particularly where it sought no documents or discovery, where she will not testify, and where the jury will be instructed regarding the substitution. Plaintiffs' motion is therefore well-taken, and should be granted.

DATED: December 14, 2014

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
BONNY E. SWEENEY
ALEXANDRA S. BERNAY
CARMEN A. MEDICI
JENNIFER N. CARINGAL


      s/ Bonny E. Sweeney
BONNY E. SWEENEY

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

ROBBINS GELLER RUDMAN
  & DOWD LLP
PATRICK J. COUGHLIN
STEVEN M. JODLOWSKI
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Class Counsel for Plaintiffs

BONNETT, FAIRBOURN, FRIEDMAN
  & BALINT, P.C.
ANDREW S. FRIEDMAN
FRANCIS J. BALINT, JR.
ELAINE A. RYAN
2325 E. Camelback Road, Suite 300
Phoenix, AZ  85016
Telephone:  602/274-1100
602/274-1199 (fax)

991145_1

PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT
BARBARA BENNETT AS CLASS REPRESENTATIVE - C-05-00037-YGR - 7 -

| | |
|---|---|
| 1 | |
| 2 | THE KATRIEL LAW FIRM<br>ROY A. KATRIEL |
| 3 | 1101 30th Street, N.W., Suite 500<br>Washington, DC  20007 |
| 4 | Telephone:  202/625-4342<br>202/330-5593 (fax) |
| 5 | BRAUN LAW GROUP, P.C.<br>MICHAEL D. BRAUN |
| 6 | 10680 West Pico Blvd., Suite 280<br>Los Angeles, CA  90064 |
| 7 | Telephone:  310/836-6000<br>310/836-6010 (fax) |
| 8 | |
| 9 | GLANCY BINKOW & GOLDBERG LLP<br>BRIAN P. MURRAY |
| 10 | 122 East 42nd Street, Suite 2920<br>New York, NY  10168 |
| 11 | Telephone:  212/382-2221<br>212/382-3944 (fax) |
| 12 | GLANCY BINKOW & GOLDBERG LLP<br>MICHAEL GOLDBERG |
| 13 | 1925 Century Park East, Suite 2100<br>Los Angeles, CA  90067 |
| 14 | Telephone:  310/201-9150<br>310/201-9160 (fax) |
| 15 | |
| 16 | Additional Counsel for Plaintiffs |

991145_1

PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO APPOINT
BARBARA BENNETT AS CLASS REPRESENTATIVE - C-05-00037-YGR — - 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2014, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 14, 2014.

s/ Bonny E. Sweeney
BONNY E. SWEENEY

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:        bonnys@rgrdlaw.com

991145_1

## Mailing Information for a Case 4:05-cv-00037-YGR The Apple iPod iTunes Anti-Trust Litigation

### Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amir Q Amiri**
  aamiri@jonesday.com,cdelacroix@jonesday.com

- **Francis Joseph Balint , Jr**
  fbalint@bffb.com

- **Alexandra Senya Bernay**
  xanb@rgrdlaw.com,LMix@rgrdlaw.com,TJohnson@rgrdlaw.com

- **Michael D Braun**
  service@braunlawgroup.com

- **Michael D. Braun**
  service@braunlawgroup.com,clc@braunlawgroup.com

- **Thomas R. Burke**
  thomasburke@dwt.com,natashamajorko@dwt.com,sfodocket@dwt.com

- **Jennifer N. Caringal**
  JCaringal@rgrdlaw.com,Chuckm@rgrdlaw.com

- **Todd David Carpenter**
  Todd@Carpenterlawyers.com

- **Patrick J. Coughlin**
  PatC@rgrdlaw.com,SusanM@rgrdlaw.com,e_file_sd@rgrdlaw.com,SJodlowski@rgrdlaw.com,e_file_sf@rgrdlaw.com

- **John F. Cove , Jr**
  jcove@bsfllp.com,jchavez@bsfllp.com,kmurphy@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com

- **Meredith Richardson Dearborn**
  mdearborn@bsfllp.com,cseki@bsfllp.com

- **Karen Leah Dunn**
  kdunn@bsfllp.com

- **Andrew S. Friedman**
  khonecker@bffb.com,rcreech@bffb.com,afriedman@bffb.com

- **Martha Lea Goodman**
  mgoodman@bsfllp.com

- **Alreen Haeggquist**
  alreenh@zhlaw.com,judyj@zhlaw.com,winkyc@zhlaw.com

- **William A. Isaacson**
  wisaacson@bsfllp.com,jmilici@bsfllp.com

- **Suzanne Elizabeth Jaffe**
  SJAFFE@BSFLLP.COM,jchavez@bsfllp.com

- **Steven M. Jodlowski**
  sjodlowski@rgrdlaw.com

- **Roy Arie Katriel**
  rak@katriellaw.com,rk618@aol.com

- **Thomas J. Kennedy**
  tkennedy@murrayfrank.com

- **David Craig Kiernan**
  dkiernan@jonesday.com,lwong@jonesday.com

- **Carmen Anthony Medici**
  cmedici@rgrdlaw.com,slandry@rgrdlaw.com

- **Caroline Nason Mitchell**
  cnmitchell@jonesday.com,mlandsborough@jonesday.com

- **Robert Allan Mittelstaedt**
  ramittelstaedt@jonesday.com,mlandsborough@jonesday.com,pwalter@jonesday.com

- **Brian P. Murray**
  bmurray@glancylaw.com

- **Maxwell Vaughn Pritt**
  mpritt@bsfllp.com,jchavez@bsfllp.com,irivera@bsfllp.com

- **Christopher G. Renner**
  crenner@bsfllp.com

- **George A. Riley**
  griley@omm.com,lperez@omm.com,cchiu@omm.com

- **Kieran Paul Ringgenberg**
  kringgenberg@bsfllp.com,gaulkh@bsfllp.com,cduong@bsfllp.com,dnasca@bsfllp.com,sphan@bsfllp.com,irivera@BSFLLP.com

- **Elaine A. Ryan**
  eryan@bffb.com,rconnell@bffb.com

- **Jacqueline Sailer**
  jsailer@murrayfrank.com

- **Michael Tedder Scott**
  mike.scott@dlapiper.com

- **Jonathan H Sherman**
  jsherman@bsfllp.com

- **Craig Ellsworth Stewart**
  cestewart@jonesday.com,mlandsborough@jonesday.com

- **Bonny E. Sweeney**
  bonnys@rgrdlaw.com,slandry@rgrdlaw.com,E_file_sd@rgrdlaw.com,ckopko@rgrdlaw.com

- **Helen I. Zeldes**
  helenz@zhlaw.com,winkyc@zhlaw.com,aarono@zhlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)