William A. Isaacson (wisaacson@bsfllp.com)
(Admitted *Pro Hac Vice*)
Karen L. Dunn (kdunn@bsfllp.com)
(Admitted *Pro Hac Vice*)
Jonathan H. Sherman (jsherman@bsfllp.com)
(Admitted *Pro Hac Vice*)
Martha L. Goodman (mgoodman@bsfllp.com)
(Admitted *Pro Hac Vice*)
BOIES, SCHILLER & FLEXNER LLP
5301 Wisconsin Ave, NW
Washington, DC 20015
Telephone:  (202) 237-2727
Facsimile:  (202) 237-6131

John F. Cove, Jr. #212213
(jcove@bsfllp.com)
Kieran P. Ringgenberg #208600
(kringgenberg@bsfllp.com)
Maxwell V. Pritt #253155
(mpritt@bsfllp.com)
Meredith R. Dearborn #268312
(mdearborn@bsfllp.com)
BOIES, SCHILLER & FLEXNER LLP
1999 Harrison Street, Suite 900
Oakland, CA 94612
Telephone:  (510) 874-1000
Facsimile:  (510) 874-1460

David C. Kiernan #215335
(dkiernan@jonesday.com)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:  (415) 626-3939
Facsimile:  (415) 875-5700

*Attorneys for Defendant Apple Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| THE APPLE iPOD iTUNES ANTI-TRUST LITIGATION<br><br>This Document Relates To:<br>ALL ACTIONS | Lead Case No.  C 05-00037 YGR<br>[CLASS ACTION]<br>**APPLE INC.'S RESPONSE TO NONPARTY MEDIA INTERVENORS' SUPPLEMENTAL AUTHORITY**<br><br>Date:     TBD<br>Time:    TBD<br>Place:   Courtroom 1, 4th Floor<br>Judge:  Honorable Yvonne Gonzalez Rogers |

At oral argument on Bloomberg L.P., The Associated Press, and Cable News Network, Inc. ("Movants'") Motion for Leave to Intervene and Access to the Video Deposition of Steve Jobs, the Court permitted Movants' Counsel to submit a supplemental list of citations to answer a specific question posed by the Court: is videotaped deposition testimony played at trial in lieu of live testimony a judicial record? (Mot. Hearing Tr. (12/9/2014) at 36:7-13).[1] The Movants submitted a list of seven cases with parenthetical arguments. Of those seven cases, only two—both from district courts outside the Ninth Circuit—address the Court's question. And only one case, *United States v. Berger*, 990 F. Supp. 1054 (C.D. Ill. 1998), suggests the answer to that question is yes. The other case, *In re Application of American Broadcasting Cos., Inc.*, holds that the answer is no: that a "videotape recording [was] *not* encompassed by the common law right of access to judicial records," and thus the press had "*no* right to copy and broadcast the recording." 537 F. Supp. 1168, 1171-72 (D.D.C. 1982) (emphases added); (*see also* Apple Opp. Mem. (Dkt. No. 979) at 6).

The *Berger* court's judicial record analysis is superficial: the court "perceive[d] no difference" between videotaped testimony played at trial and video evidence played at trial, such as records of undercover drug sales and recreations of accident scenes. 990 F. Supp. at 1057. But as Apple explained in its opposition brief (Apple Opp. Mem. (Dkt. No. 979) at 6-7), and as *United States v. McDougal*, 103 F.3d 651, 657 (8th Cir. 1996), makes clear, there is an unmistakable difference between those two types of recordings: recorded testimony is a substitute for live testimony authorized by the Federal Rules of Civil Procedure, whereas recordings of conduct and events are modern-day equivalents of the documents traditionally subject to the common law right of access. The approach taken in *Berger* elevates form over substance, and would lead to an unreasonable and arbitrary result in this case: Mr. Jobs' testimony would be treated differently than the testimony of every other witness in this trial, simply because he is deceased. The Court should reject that approach, as the Eighth Circuit did in

---

[1] "Well, if you want to do some research, if you have a case that says contrary to the Eighth Circuit that this is a judicial record, I'll consider that. But right now, I have this Eighth Circuit case which says specifically that it's not. So, I will wait to issue any ruling to see if you can find anything that addresses that issue specifically."

1  *McDougal*, and instead adopt a rule that treats all testimony the same, whether it is recorded or
2  live.  *See McDougal*, 103 F.3d at 657.[2]

3  None of Movants' other cases are responsive to the Court's question.

4  Movants cite two decisions from *United States v. Fromme*.  (Movants' Supp. Mem. (Dkt.
5  No. 994) at 1).  Neither includes any analysis evaluating whether recorded testimony is a judicial
6  record.  The first decision, issued in 1987 in response to an unopposed motion to unseal
7  videotaped testimony of President Ford taken over a decade earlier, states without analysis or
8  authority that "there is no legal or justifiable reason for continuing said tape under seal."  *See*
9  *United States v. Fromme*, No. 2:75-cr-00451 (E.D. Cal. Apr. 7, 1987); *see also* Sherman Decl.,
10 Ex. 1.  Because the recording had already been released, the more recent motions to unseal the
11 video of President Ford's testimony were similarly unopposed.  *See United States v. Fromme*, No.
12 2:75-cr-00451, 2013 U.S. Dist. LEXIS 119044, at *1 (E.D. Cal. Aug. 21, 2013).  As a result,
13 neither *Fromme* court had a reason to consider whether the video of President Ford's testimony
14 was a judicial record.

15 The remaining three cases, like the majority of the cases cited in Movants' opening brief,
16 involve recordings of out-of-court conduct, events, and conversations—underlying evidence of
17 some kind.  *See United States v. Graham*, 257 F.3d 143, 147 (2d Cir. 2001) ("tapes featuring
18 conversations between and among the defendants and a confidential informant"); *United States v.*
19 *Criden*, 648 F.2d 814, 815 (3d Cir. 1981); *United States v. Criden*, 501 F. Supp. 854, 855 (E.D.
20 Pa. 1980) (describing the *Criden* videos as "tapes of meetings between the defendants and
21 undercover F.B.I. agents"); *In re Application of CBS*, 540 F. Supp. 769, 770 (N.D. Ill. 1982)
22 ("recorded conversations . . . . between Defendant Shannon and Donald Erskine, a former
23 employee of the Cook County Board of Appeals").  These cases are inapposite here.

---

[2] Movants also cite to a part of *Berger* quoting the Ninth Circuit's statement in *Valley Broadcasting Co. v. U.S. Dist. Court for Dist. of Nev.*, 798 F.2d 1289, 1294 (9th Cir. 1986), that there is a "strong presumption in favor of copying access."  (*See* Movants' Supp. Mem. at 1-2). That presumption only applies to judicial records; it sheds no light on the answer to the question of whether Mr. Jobs' recorded testimony is a judicial record.  *See Valley Broad. Co.*, 798 F.2d at 1292-93.

This Court asked Movants to find "a case that says contrary to the Eighth Circuit that [Mr. Jobs' videotaped testimony] is a judicial record." (Mot. Hearing Tr. (12/9/2014) at 36:7-13). In response, Movants fail to cite to a single circuit or Ninth Circuit district court decision that does so. This is not surprising. *McDougal* stands for a common-sense proposition: all testimony should be afforded the same treatment, whether it is recorded or live. Movants cannot, and do not, offer a principled, non-arbitrary alternative to that approach. Accordingly, the Court should deny Movants' motion for access.

Date:  December 14, 2014                              Respectfully Submitted,

                                                      BOIES, SCHILLER & FLEXNER LLP


                                                      By:  */s/ Jonathan H. Sherman*
                                                             Jonathan H. Sherman

                                                      *Attorneys for Defendant Apple Inc.*