1
2
3
4
5

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **THE APPLE IPOD ITUNES ANTITRUST LITIGATION**<br><br>**This Document Relates to:**<br><br>**All Actions** | **Case No.: 05-CV-0037 YGR**<br><br>**FINAL JURY INSTRUCTIONS RE GENUINE PRODUCT IMPROVEMENT** |

Date:  December 15, 2014

_____

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

**DUTY OF THE JURY**

Members of the Jury:  Now that you have heard all of the evidence, it is the Court's duty to instruct you as to the law of the case.

Each of you have a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything the Court has said or done during this trial as indicating that the Court has an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as the Court gives it to you.  You must follow the law as the Court gives it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following the Court's instructions, you must follow all of them and not single out some and ignore others; they are all important.

I will first begin with some instructions regarding the nature of evidence generally.  I gave you some of these instructions at the beginning of the trial but now that you have heard the evidence, I will remind you of them.

United States District Court
Northern District of California

## **WHAT IS EVIDENCE**

What is evidence:  the evidence you are to consider in deciding what the facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are received into evidence; and

3.  any facts to which the lawyers and parties have agreed.

Some evidence was admitted for a limited purpose only.  When the Court instructed you that an item of evidence had been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

In particular, many documents were admitted into evidence that contained news articles and blog posts, and statements by individuals who do not work for Apple Inc. (hereinafter referred to as Apple).  These exhibits were admitted into evidence only for the limited purpose of showing that a witness sent or received those statements, for the limited purpose of evaluating a witness's state of mind, or for purposes of notice.  The actual statements in the embedded news articles and blog posts, and the statements by individuals who do not work for Apple and who did not testify in this trial, are hearsay and may not be considered for the truth of the matters asserted in the statements.

**WHAT IS NOT EVIDENCE**

Certain things are not evidence, and you may not consider them in deciding what the facts are.  The Court will list them for you:

(1)     Arguments and statements by lawyers are not evidence.  The lawyers are not witnesses.  What they say in their opening statements and their closing arguments, and at other times, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the Court's ruling on it.

(3)     Testimony that was excluded or stricken, or that you were instructed to disregard, is not evidence and must not be considered.

(4)     Anything you may have seen or heard when the Court was not in session is not evidence.  You are to decide the case solely on the evidence received at the trial.

United States District Court
Northern District of California

United States District Court
Northern District of California

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

Let's return to the earlier example to show you the distinction.  If you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**CREDIBILITY OF THE WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things about which he or she testified;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case and any bias or prejudice;

5.  whether other evidence contradicted the witness's testimony;

6.  the reasonableness of the witness's testimony in light of all the evidence; and

7.  any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**DEPOSITION TESTIMONY**

You have heard deposition testimony throughout this trial.  A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial or it may be used for impeachment purposes.  You should consider deposition testimony, insofar as possible, in the same way as if it were given from the witness stand.

It is typical for depositions to last several hours and for only small portions of the testimony to be used at trial.  In addition, with respect to the depositions of high-level executives, such as Steve Jobs, a court may limit the scope and length of depositions as was done here.

**EXPERT WITNESS TESTIMONY**

During the trial you heard testimony from expert witnesses.  The law allows an expert to state opinions about matters in his or her field of expertise even if he or she has not witnessed any of the events involved in the trial.

You do not have to accept an expert's opinion.  As with any other witness, it is up to you to decide whether you believe the expert's testimony and choose to use it as a basis for your decision. You may believe all, part, or none of an expert's testimony.  In deciding whether to believe an expert's testimony, you should consider:

a. The expert's training and experience;

b. The facts upon which the expert relied; and

c. The reasons for the expert's opinion.

The expert's testimony at trial and documents admitted into evidence in connection with the expert's testimony are evidence.  You have heard references to expert reports during the trial. Expert reports themselves are not evidence.

United States District Court
Northern District of California

## EXPERTS: QUESTIONS CONTAINING ASSUMED FACTS

The law allows expert witnesses to be asked questions that are based on assumed facts. These are sometimes called "hypothetical questions."  In determining the weight to give to the expert's opinion that is based on the assumed facts, you should consider whether the assumed facts are true.

United States District Court
Northern District of California

**CONFLICTING EXPERT TESTIMONY**

If the expert witnesses disagreed with one another, you should weigh each opinion against the others.  You should examine the reasons given for each opinion and the facts or other matters upon which each witness relied.  You may also compare the experts' qualifications.

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts, summaries, and slides not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**CHARTS AND SUMMARIES IN EVIDENCE**

Certain charts and summaries may have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

United States District Court
Northern District of California

**<u>USE OF INTERROGATORIES OF A PARTY</u>**

Evidence was admitted in the form of an answer of one of the parties to a written interrogatory submitted by the other side.  This answer was given in writing and under oath, before the actual trial, in response to a question that was submitted in writing under established court procedures.  You should consider the answer, insofar as possible, in the same way as if it was made from the witness stand.

United States District Court
Northern District of California

## **REDACTED DOCUMENTS**

Certain documents received in evidence may have portions blacked out or otherwise redacted.  Do not speculate or consider what would have been included in the document absent those redactions.  You should not consider it during your deliberations.

United States District Court
Northern District of California

**NOTES AND QUESTIONS**

Per the Court's instructions at the start of trial, you may have taken notes to help you remember the evidence.  Whether or not you took notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

You were allowed to propose written questions to witnesses.  If you proposed any questions, remember that your role is that of a neutral fact finder, not an advocate.  Do not give undue weight to questions you or other jurors proposed.  You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

United States District Court
Northern District of California

**<u>BURDEN OF PROOF</u>**

This is a civil case. Here, the burden of proof on any claim or affirmative defense is by a preponderance of the evidence. Stated differently, it means you must be persuaded by the evidence that the claim or affirmative defense is probably more true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

I will now turn to the instructions specific to the claims being made in this case.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PARTIES AND CLASS ACTION PROCEDURE

You will recall that at the outset of this case, the court instructed you that the Plaintiffs have brought a class action against Apple.  A class action is used where it is deemed that one lawsuit is the best device to resolve the same claims of many similarly situated individuals against one or more defendants who are also similarly situated.

The Court certified a class in this case of individuals and businesses who purchased certain models of iPods directly from Apple between September 12, 2006, and March 31, 2009.  The Court has replaced Marianna Rosen who testified and was named as a class representative because she did not purchase an affected iPod during the class period using her own personal funds.  Nevertheless, the class remained certified and the class is now represented by Barbara Bennett.  As class certification issues are ones for the Court, this change does not impact your deliberations in any way.

**STIPULATED MODELS AT ISSUE**

The parties have stipulated that the iPod models at issue are as follows:

- iPod Classic (6th generation);

- iPod Classic (7th generation);

- iPod nano (2nd generation);

- iPod nano (3nd generation);

- iPod nano (4nd generation);

- iPod touch (1st generation); and

- iPod touch (2nd generation).

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## THE SHERMAN ACT

This case involves a federal antitrust law called the Sherman Act.  The purpose of the Sherman Act is to preserve free and unfettered competition in the marketplace.  The Sherman Act rests on the central premise that competition produces the best allocation of our economic resources, the lowest prices, the highest quality, and the greatest material progress.

Plaintiffs bring two claims under Section 2 of the Sherman Act:  unlawful monopolization and unlawful attempted monopolization.  Plaintiffs bear the burden of proof on both claims.

Under the Sherman Act, offering a genuine product improvement cannot be considered an anticompetitive act, regardless of its effect on a competitor.  A company has no general legal duty to assist its competitors, including by making its products interoperable, licensing to competitors, or sharing information with its competitors.  As a threshold question, you will be asked to determine whether the firmware and software updates in iTunes 7.0, which were contained in stipulated models of iPods, were genuine product improvements.  For ease of reference, I will refer to them as iTunes 7.0.

As the Court explained to you at the beginning of this trial, Apple's integrated design of iTunes, iPods, and the iTunes Store and the updates before iTunes 7.0 were legal and not anticompetitive.  You may not consider iTunes 4.7 to be anticompetitive or illegal, or to support any finding of liability or damages against Apple.  However, you are not required to ignore evidence relating to those issues.  To the contrary, you may consider such evidence in understanding the purpose and context of the conduct Plaintiffs allege to be unlawful, including whether the stated reasons for iTunes 7.0 were pretextual and not supportive of a finding that iTunes 7.0 was a genuine product improvement.  However, in making that determination, you cannot balance, on the one hand, the evidence concerning iTunes 7.0's purported benefit against, on the other hand, any effect the update had on Apple's competitors.

## **CLOSING ARGUMENTS**

At this point, ladies and gentlemen, I will invite the parties to make closing arguments on the threshold question of whether the firmware and software updates in iTunes 7.0, which were contained in stipulated models of iPods, were genuine product improvements.  Remember, closing arguments are not evidence, but merely the parties' perspectives on what the evidence has shown.  I will have a few more instructions for you once they have concluded.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## __CONDUCT OF THE JURY__

## __CONSIDERATION OF EVIDENCE__

Because you must base your verdict only on the evidence received in the case and on these instructions, the Court reminds you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website, or other means.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the Court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings and a mistrial could result that would require the entire trial process to start over.  If any juror is exposed to any outside information, please notify the Court immediately.

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DUTY TO DELIBERATE

When you go to the jury room, the first thing you should do is elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. The presiding juror should see to it that your discussions are orderly and that everyone has a fair chance to be heard.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

It is your duty to talk with one another in the jury room and to consider the views of all the jurors. Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Please do not state your opinions too strongly at the beginning of your deliberations or immediately announce how you plan to vote as it may interfere with an open discussion. Keep an open mind so that you and your fellow jurors can easily share ideas about the case.

You should use your common sense, but do not use or consider any special training or unique personal experience that any of you have in matters involved in this case. Your training or experience is not part of the evidence received in this case.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

While I know you would not do this, you must not base your decision on chance, such as a flip of a coin.

You may take breaks, but do not discuss this case with anyone, including each other, until all of you are back in the jury room.

## <u>INTRODUCTION TO THE SPECIAL VERDICT FORM</u>

A verdict form has been prepared for you.  I have instructed you on the law that you are to use in answering its question.  You must follow my instructions and the verdict form carefully.

All of you must deliberate on and agree on you answer.  When you have finished filling out the form, your presiding juror must write the date and sign it where indicated and then notify the courtroom deputy that you are ready to present your verdict in the courtroom.

After your verdict is read in open court, you may be asked individually to indicate whether the verdict expresses your personal vote.  This is referred to as "polling" the jury and is done to ensure that all jurors have agreed to the decision.  Each of you will be provided a copy of the verdict form to assist in your deliberations.

**United States District Court**
**Northern District of California**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## COMMUNICATIONS WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the courtroom deputy, signed by your presiding juror or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You should continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the court.