PAGES 1 - 38

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THE APPLE IDPOD ITUNES      )
ANTITRUST LITIGATION,        )
_____)   NO. C-05-0037 YGR

TUESDAY, DECEMBER 9, 2014

OAKLAND, CALIFORNIA

MOTION HEARING

**BEFORE THE HONORABLE YVONNE GONZALEZ ROGERS, JUDGE**

<u>**REPORTER'S TRANSCRIPT OF PROCEEDINGS**</u>

<u>**APPEARANCES:**</u>

**FOR PLAINTIFFS:**          ROBBINS GELLER RUDMAN & DOWD, LLP
                             ONE MONTGOMERY STREET, SUITE 1800
                             SAN FRANCISCO, CALIFORNIA 94104
                   BY:  STEVEN M. JODLOWSKI, ESQUIRE
                        JENNIFER CARINGAL, ESQUIRE


**FOR DEFENDANTS:**          BOIES, SCHILLER & FLEXNER LLP
                             5301 WISCONSIN AVE., NW
                             WASHINGTON, DC 20015
                   BY:  JONATHAN H. SHERMAN, ESQUIRE

                             BOIES, SCHILLER & FLEXNER, LLP
                             1999 HARRISON STREET, SUITE 900
                             OAKLAND, CALIFORNIA 94612
                   BY:  MEREDITH R. DEARBORN, ESQUIRE


                    (APPEARANCES CONTINUED)


**REPORTED BY:**             DIANE E. SKILLMAN, CSR 4909, RPR, FCRR
                             OFFICIAL COURT REPORTER

             TRANSCRIPT PRODUCED BY COMPUTER-AIDED TRANSCRIPTION

1

2    FOR INTERVENORS         DAVIS WRIGHT TREMAINE LLP
     CNN, AP & BLOOMBERG:     505 MONTGOMERY STREET, SUITE 800
3                             SAN FRANCISCO, CALIFORNIA 94111
                      BY:  THOMAS R. BURKE, ESQUIRE
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
1    TUESDAY, DECEMBER 9, 2014                          4:00 P.M.

2                    P R O C E E D I N G S

3         THE COURT:  LET'S GO AHEAD CALL THE CASE.

4         THE CLERK:  CALLING CIVIL ACTION 05-037, THE APPLE

5    IPOD ITUNES ANTITRUST LITIGATION.

6       COUNSEL, PLEASE COME FORWARD AND STATE YOUR APPEARANCES.

7         MR. JODLOWSKI:  GOOD AFTERNOON, YOUR HONOR.  STEVE

8    JODLOWSKI AND JENNIFER CARINGAL ON BEHALF OF PLAINTIFFS AND

9    THE CLASS.

10        MR. BURKE:  GOOD AFTERNOON, YOUR HONOR.  THOMAS BURKE

11   OF DAVIS WRIGHT TREMAINE ON BEHALF OF THE ASSOCIATED PRESS,

12   BLOOMBERG, AND CNN.

13        THE COURT:  GOOD AFTERNOON.

14        MR. SHERMAN:  JONATHAN SHERMAN FROM BOIES, SCHILLER

15   ON BEHALF OF THE DEFENDANT.

16       AND THANK YOU FOR ADMITTING ME PRO HOC.

17        MS. DEARBORN:  GOOD MORNING (SIC), YOUR HONOR.

18   MEREDITH DEARBORN ON BEHALF OF APPLE.

19        THE COURT:  MS. MEREDITH -- GOODMAN (SIC) IT'S THE

20   AFTERNOON.  IT'S ALREADY BEEN A LONG DAY.  YOU HAVE BEEN HERE

21   ALL DAY LONG.

22        MS. DEARBORN:  YES, YOUR HONOR.

23        THE COURT:  IT'S NOT THIS MORNING.  IT'S NOT ANOTHER

24   MORNING YET.

25       OKAY.  I HAVE READ THE BRIEFS.  I TAKE IT PLAINTIFFS DON'T
```

```
1    HAVE A POSITION ON THIS?

2            MR. JODLOWSKI:  THAT'S CORRECT, YOUR HONOR.  WE HAVE

3    NO POSITION.

4            THE COURT:  OKAY.  JUST SO THE RECORD IS CLEAR.

5      MR. BURKE, IT IS YOUR MOTION.  I GUESS MY FIRST QUESTION

6    TO YOU IS WHETHER YOU HAVE ANY NINTH CIRCUIT AUTHORITY THAT

7    DEALS WITH THIS ISSUE HEAD ON.

8            MR. BURKE:  NO, YOUR HONOR.

9            THE COURT:  I TAKE IT THAT YOU -- THIS IS A FIELD YOU

10   PRACTICE ROUTINELY?

11           MR. BURKE:  YES, YOUR HONOR.

12           THE COURT:  SO, DO YOU KNOW WHETHER IT'S BEEN

13   LITIGATED AND THERE'S NO NINTH CIRCUIT OPINION OR IT'S JUST

14   NEVER BEEN LITIGATED?  WHAT IS THE EXTENT OF YOUR KNOWLEDGE?

15           MR. BURKE:  YOUR HONOR, I THINK THIS PRECISE ISSUE

16   HAS NOT BEEN LITIGATED BEFORE IN THE NINTH CIRCUIT.  I BELIEVE

17   THAT THE CLOSEST AUTHORITIES THAT BEAR ON THE ISSUE HAVE BEEN

18   PRESENTED BY MR. SHERMAN AND MYSELF, PARTICULARLY THE CBS

19   CASE, ALTHOUGH HE OFFERS A COUPLE OF OTHER CASES FROM OTHER

20   CIRCUITS.

21           THE COURT:  SO, THE NINTH CIRCUIT HAS INDICATED --

22   WELL, THERE ARE A COUPLE OF ISSUES.

23      THE FIRST ISSUE THAT I WOULD LIKE TO HEAR FROM YOU ON IS

24   WHETHER THERE'S ANY AUTHORITY THAT THIS VIDEOTAPE, AS OPPOSED

25   TO THE TRANSCRIPT, THAT THE VIDEOTAPE ITSELF IS A JUDICIAL
```

1    RECORD.  SO THAT'S THE FIRST ISSUE.

2        THE SECOND ISSUE IS -- AND I PICKED UP WRIGHT & MILLER,

3    AND IT HAS AN ENTIRE SECTION, SECTION 861, THAT TALKS ABOUT

4    PROCEEDINGS AND BROADCASTING COURT PROCEEDINGS.

5        AND AS I READ THE HISTORY OF RULE 53 IN ITS PROHIBITION OF

6    TAKING PHOTOGRAPHS IN THE COURTROOM AND OF RECORDING COURT

7    PROCEEDINGS, IT SEEMS TO ME THAT THE REQUEST THAT YOU'RE

8    REQUESTING FOR, FRANKLY, IS DIAMETRICALLY OPPOSED FROM, FROM

9    THE RULE THAT SAYS THAT I CANNOT ALLOW THE RECORDING OF THESE

10   PROCEEDINGS.

11       SO, IF I'M TREATING WITNESSES THE SAME, I HAVEN'T RECORDED

12   ANY OF THE EXPERTS, I HAVEN'T RECORDED ANY OF THE EXECUTIVES,

13   I HAVEN'T RECORDED ANYBODY.  AND NONE OF THAT IS GOING TO GO

14   TO THE JURY.  SO IN A SENSE, YOU'RE ASKING ME TO TREAT A VERY

15   SELECT PORTION OF THIS TRIAL IN A MANNER THAT'S VERY DIFFERENT

16   FROM THE REST OF THE PROCEEDINGS.  AND IN A SENSE IN

17   CONTRAVENTION OF THAT RULE.

18       SO IF YOU CAN ADDRESS THOSE TWO LEGAL POINTS.

19           **MR. BURKE:**  YOUR HONOR, I WOULD LIKE TO ADDRESS THE

20   SECOND ONE FIRST WITH RESPECT TO THE RULE.  AND MR. SHERMAN

21   AND APPLE HAVE RAISED THE ISSUE OF LOCAL RULE 73-3 AS WELL.

22       YOUR HONOR, AS TO THE WORDING OF THE LOCAL RULE AND THE

23   WORDING WITH RESPECT TO RULE 53, THAT IS FOR PROHIBITIONS

24   AGAINST RECORDING OF PROCEEDINGS IN LIVE, IN THE COURT

25   ENVIRONS.  THE LOCAL RULE USES THAT REQUIREMENT.  THE TERM

1    "ENVIRONS" MEANS ALL FLOORS, CHAMBERS, COURTROOMS IN WHICH

2    OFFICES OF THE CLERK ARE LOCATED.

3        IT IS NOT IN PLAY HERE, EITHER THAT RULE OR THE LOCAL

4    RULE, PARTICULARLY BECAUSE THE TESTIMONY HERE, THE JOBS'

5    VIDEO, WAS RECORDED OUTSIDE OF THE COURTROOM.

6        AND IT MAY SEEM TECHNICAL, BUT THAT'S PRECISELY THE

7    DIFFERENCE IN THE RULE.  IT IS A RECORDING THAT WAS BROUGHT

8    INTO THE COURTROOM AS OPPOSED TO A RECORDING OF TESTIMONY

9    GIVEN IN THE COURTROOM OR IN THE COURT'S ENVIRONS.  SO I DO

10   NOT BELIEVE THAT PARTICULAR RULE APPLIES.

11       AND, AGAIN, NOT THAT WE HAVE TO GO BACK AS HOME BASE EVERY

12   TIME TO THE *CBS* CASE THAT WE CITED, BUT THERE'S A SPECIFIC

13   PORTION OF THAT CASE, AND IT IS AT PAGE 959, THE FULL CITE IS

14   828 F.2D 959, THAT SPECIFICALLY ADDRESSES THOSE KINDS OF LOCAL

15   RULES.

16       AND THOSE KINDS OF RULES PROHIBITING RECORDING, AND THE

17   COURT SPECIFICALLY SAYS, "THESE RULES", AND I'M SKIPPING,

18   "HAVE ONLY THE MOST LIMITED APPLICATION IN THE CASE OF A

19   DEPOSITION".

20       AND I WANT TO GO BACK --

21       **THE COURT:**  THE CIRCUITS, I UNDERSTAND, ARE SPLIT

22   BECAUSE I HAVE OTHER CIRCUIT AUTHORITY THAT WOULD SUGGEST THE

23   ABSOLUTE OPPOSITE OF WHAT YOU JUST ARGUED.  THAT IS, THE

24   EIGHTH CIRCUIT CASE THAT WAS PROVIDED TO ME FINDS THE OPPOSITE

25   FROM WHAT YOU JUST ARGUED.

```
1          MR. BURKE:  YOUR HONOR, I DON'T BELIEVE THAT THE

2    EIGHTH CIRCUIT CASE -- I WOULD LOOK AT IT ANEW WHEN I HAVE A

3    MOMENT -- BUT I BELIEVE THAT NEITHER OF THE CASES THAT HAVE

4    BEEN CITED BY APPLE SUPPORTS THE IDEA THAT THE RULES THAT

5    REQUIRE THE COURT TO APPROVE RECORDING IN A COURTROOM APPLY TO

6    THIS ISSUE.

7          THE COURT:  OKAY.

8          MR. BURKE:  IT'S JUST A DIFFERENT CIRCUMSTANCE.  IT

9    IS THE USE OF SOMETHING THAT WAS, INDEED, RECORDED BECAUSE, OF

10   COURSE, YOU COULD NOT HAVE MR. JOBS' TESTIMONY WITHOUT A

11   RECORDING.

12         THE COURT:  RIGHT.

13         MR. BURKE:  BUT IT WAS NOT RECORDED IN THE COURTROOM.

14   SO THOSE RULES DON'T APPLY.

15      WITH RESPECT TO ANSWERING THE FIRST ONE, IS THIS A

16   JUDICIAL RECORD?

17      YOUR HONOR, I KNOW THAT IT IS NOT TESTIMONY IN THE FORM OF

18   THE VIDEO ITSELF THAT HAS BEEN, AS I UNDERSTAND IT -- I HAVE

19   NOT BEEN HERE LABORING AS EVERYBODY ELSE HAS -- IT HAS NOT

20   BEEN ADMITTED INTO EVIDENCE IS MY UNDERSTANDING.

21      HOWEVER, I DON'T THINK THAT'S REALLY THE QUESTION TO BE

22   ASKED, WITH ALL RESPECT TO THE COURT.  I THINK THE QUESTION

23   IS, HOW WAS THIS EVIDENCE FROM MR. JOBS, WHO DOESN'T HAVE ANY

24   ISSUES OF HARASSMENT, OR WITNESS INTIMIDATION, OR OTHER THINGS

25   THAT ARE TYPICALLY THE SORTS OF ISSUES THAT WERE RAISED -- FOR
```

1    EXAMPLE, IN THE *PERRY* CASE, THAT WAS AN ISSUE RAISED AT THE

2    DISTRICT COURT, NINTH CIRCUIT, AND AT THE U.S. SUPREME COURT,

3    CONCERN ABOUT WITNESSES.  THOSE TYPICAL FACTORS THAT HAPPEN

4    WITH RESPECT TO THE USE OF RECORDINGS ARE NOT -- ARE UNIQUELY

5    NOT IN PLAY IN THIS CASE.

6        AND I THINK THAT THAT'S, AMONG MANY THINGS THAT I WOULD

7    HAVE THE COURT KEEP IN MIND WHEN IT'S MAKING ITS DECISION ON

8    THIS ISSUE IS THE UNIQUENESS OF THE CIRCUMSTANCE, NOT JUST THE

9    UNIQUENESS OF MR. JOBS HIMSELF IN HIS POSITION WITH THE

10   COMPANY AND WHAT THAT MEANT, BUT THE FACT THAT THE CONCERNS

11   ABOUT HARASSMENT OF WITNESSES, OR INTIMIDATION, OR OTHER

12   THINGS --

13            **THE COURT:**  LET'S TAKE A STEP BACK.  BECAUSE THERE

14   HAS TO BE A LEGAL FRAMEWORK FOR EVALUATING THE REQUEST.  AND

15   THE LEGAL FRAMEWORK THAT IS SET FORTH IN *VALLEY BROADCASTING*

16   *COMPANY* AS A THRESHOLD ISSUE ONLY DISCUSSES THAT FRAMEWORK IN

17   TERMS OF A JUDICIAL RECORD.

18            **MR. BURKE:**  CORRECT.

19            **THE COURT:**  THAT'S WHY I ASKED THE QUESTION.

20       SO IS IT YOUR POSITION THAT IT IS OR IS NOT A JUDICIAL

21   RECORD?  THAT'S WHAT I WOULD LIKE TO KNOW FIRST.  AND IF IT'S

22   NOT, THEN PERHAPS THERE'S A DIFFERENT FRAMEWORK.  BUT IF IT

23   IS --

24            **MR. BURKE:**  FAIR ENOUGH, YOUR HONOR.

25            **THE COURT:**  -- THERE IS A NINTH CIRCUIT FRAMEWORK FOR

1    ADDRESSING THE ISSUE.

2         **MR. BURKE:**  YOUR HONOR, I BELIEVE IT IS BOTH A

3    JUDICIAL RECORD, AND TAKING THE COURT UP ON ITS OFFER OF A

4    DIFFERENT FRAMEWORK, I THINK IT IS PROPERLY CONSTRUED TO BE A

5    FORM OF JUDICIAL -- OF TRIAL TESTIMONY.

6         AND THE REASON WHY I WANT TO FRAME IT IN PARTICULAR THAT

7    IT IS TRIAL TESTIMONY THAT THE COURT SHOULD ANALYZE IT AS, IS

8    BECAUSE THE PARTIES IN THIS CASE COULD HAVE DONE SOMETHING

9    DIFFERENT AND THEY DIDN'T.  THEY COULD HAVE USED, RATHER THAN

10   THAT VIDEO EXCERPT, AND LET ME PAUSE FOR A SECOND AND MAKE IT

11   CLEAR FOR THE RECORD BECAUSE I DIDN'T HAVE AN OPPORTUNITY TO

12   DO THIS BEFORE WITH THE MOTION, AND I FRANKLY SHOULD HAVE, AND

13   THAT IS, WE ARE ONLY SEEKING ACCESS FOR THAT PORTION OF THE

14   DEPOSITION TESTIMONY THAT WAS USED AND SHOWN TO THE JURY.

15   BECAUSE WE BELIEVE THAT IS JURY TESTIMONY -- TRIAL TESTIMONY.

16        **THE COURT:**  AGAIN, JUST FOR THE RECORD, YOU WILL

17   AGREE THAT, ONE, THE COURT PROVIDED THE MEDIA WITH ADVANCE

18   NOTICE OF WHEN IT WAS GOING TO BE PLAYED.  THE COURT REQUIRED

19   THAT THE TRANSCRIPT BE PROVIDED TO THE MEDIA.  SO THAT ACCESS

20   HAS, IN FACT, BEEN PROVIDED.

21        **MR. BURKE:**  I DON'T DENY THAT THE TRANSCRIPT IS

22   AVAILABLE.  I DON'T KNOW ABOUT THE NOTICE, BUT I TRUST THAT

23   THAT WAS WHAT -- THAT'S WHAT HAPPENED.

24        **THE COURT:**  JUST BECAUSE I WANT TO MAKE SURE THE

25   RECORD IS CLEAR, THAT THAT ACCESS HAS, IN FACT, BEEN PROVIDED.

```
 1            MR. BURKE:  THE -- THE POINT THAT I WANT TO

 2    PARTICULAR -- IN PARTICULAR FOCUS THE COURT ON IN ANSWERING

 3    THE QUESTION HOW TO FRAME THIS IS, THE PARTIES COULD HAVE,

 4    WITH THE COURT'S PERMISSION, ASKED TO GIVE THE JURY A

 5    TRANSCRIPT OF THE SELECTED PORTIONS OF MR. JOBS' TESTIMONY.

 6    THEY COULD ALSO HAVE SIMPLY STOOD UP AND READ THEM INTO THE

 7    RECORD.

 8        THERE'S A REASON THAT THEY DIDN'T.  AND THEY DIDN'T

 9    BECAUSE THE VIDEO ITSELF IS THE MOST PROBATIVE TESTIMONY.

10    IT'S THE MOST PROBATIVE WAY IN WHICH TO DELIVER THAT

11    TESTIMONY.

12        THAT'S KEY HERE.  THAT, WHEN COUPLED WITH THE FACT THAT

13    THERE'S NO PREJUDICE AND NO HARM FROM IT, AND NONE OF THE

14    REGULAR SORTS OF ISSUES THAT ARE TALKED ABOUT IN THESE KINDS

15    OF CASES WITH RESPECT TO ACCESS OF WITNESS INTIMIDATION OR

16    PRIVACY, NONE OF THAT CAN BE IN PLAY HERE.

17        SO IF IT IS THE PARTIES THAT MADE THAT DECISION, THE

18    PLAINTIFFS IN PARTICULAR WHO PLAYED THIS, IT IS NOT THE MEDIA

19    COMING IN LATER AND SAYING, WELL, WE WANT THAT.  THIS IS NOT

20    AN INSTANCE WHERE, YOU KNOW, ONLY TESTIMONY WAS OFFERED IN THE

21    FORM OF, YOU KNOW, READING IT INTO THE RECORD AND THEN WE

22    KNEW, FOR EXAMPLE, THAT THERE WAS A VIDEO, AND WE THEN SAID,

23    WELL, WE WANT THE VIDEO.  THE VIDEO WAS SELECTED.  IT WAS

24    EDITED.

25        AND THAT'S PROBATIVE OF ITS VALUE.  THAT IS WHAT THE JURY
```

```
1    HEARD.  AND THAT IS WHY, IN PARTICULAR IN THIS CASE, THE

2    TESTIMONY OF STEVE JOBS, ASTOMOUSLY ADMITTEDLY, IS FAR MORE

3    COMPELLING THAN THE PLAIN TRANSCRIPT OR WHAT IS NOW AVAILABLE

4    FOR THE RECORD HAVING HAD THAT PORTION PLAYED TO THE JURY.

5        AND THERE IS NO OPPOSITION FROM APPLE WITH RESPECT TO

6    THAT.  NEITHER TO THE CITATIONS, BECAUSE I THINK EVERYBODY

7    KNOWS IT TO BE TRUE, THAT COMPARED TO A COLD TRANSCRIPT, BEING

8    ABLE TO SEE BODY LANGUAGE, BEING ABLE TO HEAR TONE OF VOICE --

9            THE COURT:  THAT COULD BE THE SAME FOR ANY OF THE

10   WITNESSES.  I MEAN --

11           MR. BURKE:  BUT NONE OF THE --

12           THE COURT:  RIGHT?  THAT IS, THE TESTIMONY THAT WAS

13   PROVIDED BY THE LIVE WITNESSES IS OBVIOUSLY MORE COMPELLING IN

14   PERSON IF YOU HAD BEEN SITTING IN THE COURTROOM, AND ALL THE

15   PRESS HAS IS ACCESS TO THOSE TRANSCRIPTS AS WELL.

16           MR. BURKE:  I AGREE, YOUR HONOR, BUT I DON'T THINK,

17   JUST AS I DON'T SEE THAT THERE'S GOING TO BE IF THE COURT WERE

18   TO ALLOW ACCESS, I DON'T SEE A SUDDEN RUSH ON ASKING FOR THESE

19   SORTS OF VIDEOS IN THE FUTURE.  IT IS COMMONPLACE TO HAVE

20   DEPOSITIONS BE RECORDED SO THAT IN CIRCUMSTANCES SUCH AS THIS

21   THEY ARE AVAILABLE AS TESTIMONY.

22           THE COURT:  AND THAT'S THE OTHER ISSUE THAT I THINK

23   YOU NEED TO ADDRESS, WHICH IS THE PRECEDENT THAT IS SET.

24       SO IS IT YOUR ARGUMENT THAT ALL DEPOSITION TESTIMONY, IF

25   PLAYED LIVE -- IF PLAYED IN A COURTROOM DURING TRIAL SHOULD
```

```
 1   AUTOMATICALLY BE PROVIDED TO THE PRESS?  OR IS IT JUST THOSE

 2   PEOPLE WHO HAVE DIED?  HOW ARE YOU -- HOW ARE YOU -- TAKE THIS

 3   OUT THREE, FOUR STEPS.

 4        MR. BURKE:  SURE.

 5        THE COURT:  FROM A PUBLIC POLICY PERSPECTIVE, IS THAT

 6   YOUR ARGUMENT THAT ALL DEPOSITION TESTIMONY THAT IS PLAYED BY

 7   VIDEO SHOULD BE ALLOWED OUT TO THE PRESS WHEN IT IS NOT AN

 8   EXHIBIT?  WHEN IT IS NOT OTHERWISE GIVEN TO THE JURY BEYOND

 9   THE ONE TIME THAT THEY SAW IT?  THEY WON'T SEE IT AGAIN.

10        MR. BURKE:  YOUR HONOR, I THINK THE SHORT ANSWER TO

11   THAT IS YES.  I THINK THE REASON FOR THAT IS THAT IT IS

12   ILLUMINATING.  I WOULD SUBMIT THAT THERE IS NO EVIDENCE BEFORE

13   THE COURT AND I DON'T THINK THERE COULD BE THAT THERE IS GOING

14   TO BE A SUDDEN RUSH ON TRANSCRIPTS AND TESTIMONY THAT IS

15   REALLY NOT THAT PERTINENT.  THAT ACTUALLY SHOWS THE DEGREE TO

16   WHICH THIS PARTICULAR TESTIMONY IS HIGHLY RELEVANT.

17      AND TO APPLE'S POINT, AND I THINK IMPLICITLY RAISED BY THE

18   COURT'S POINT, THAT THIS IS SOMEHOW GOING TO BE SELECTIVE

19   BECAUSE ONLY HIS TESTIMONY HAS COME IN THIS WAY, WELL, THAT

20   TESTIMONY HAS ALREADY BEEN REPORTED ON.  AND THAT, TO ME,

21   DOESN'T CUT AGAINST THE NOTION THAT --

22        THE COURT:  THAT'S NOT THE ONLY TESTIMONY THAT HAS

23   BEEN PRESENTED THAT WAY.

24        MR. BURKE:  NO, I UNDERSTAND.  BUT MY CONCERN -- I

25   WANT TO ADDRESS THE CONCERN THAT THERE'S SOMEHOW GOING TO BE A
```

```
1     PROBLEM IF ONLY HIS TESTIMONY WAS OFFERED IN THIS WAY BECAUSE,

2     IN FACT, IT HAS ALREADY BEEN WIDELY REPORTED AND IT HAS BEEN

3     CONSIDERED PART OF THE MOST, YOU KNOW, I THINK WORDS RIVETING

4     WERE OFFERED, AND WHY WOULDN'T IT BE.  YOU KNOW, HOW MANY

5     OPPORTUNITIES CAN YOU SEE THIS UNDER THE CIRCUMSTANCES.

6         THERE ARE, FRANKLY, VERY FEW COMPANIES SO INTRINSICALLY

7     ASSOCIATED WITH THEIR COFOUNDERS AS STEVE JOBS IS WITH APPLE.

8     AND GIVEN THE NATURE OF HIS COMPANY AND GIVEN THE NATURE OF

9     HIS TESTIMONY, WHICH I ALSO UNDERSTAND IS BOTH FAVORABLE TO

10    THE PLAINTIFF AND TO THE DEFENDANT, WHAT HARM -- AND, IN FACT,

11    I CAN ONLY SEE GOOD THINGS HAPPENING FOR THE PUBLIC WHO -- WHO

12    IDENTIFY SO INTIMATELY WITH THE PRODUCT PARTIALLY BY THE

13    DESIGN OF MR. JOBS, THAT THEY NOT BE ABLE TO KNOW WHAT HIS

14    TESTIMONY IS IN THIS VERY HIGH PROFILE TRIAL.

15        I DO NOT UNDERSTAND AND I HAVE SEEN NO EVIDENCE AS TO HOW

16    THERE WOULD BE A PREJUDICE FROM PROVIDING MORE INFORMATION TO

17    THE PUBLIC ABOUT THAT.

18        AND I THINK UNDER THE UNIQUE CIRCUMSTANCES WHERE THERE IS

19    NO PREJUDICE, THERE CAN BE NO HARM, OR INTIMIDATION, OR OTHER

20    SORTS OF ISSUES THAT ARE RAISED WITH RESPECT TO MR. JOBS'

21    TESTIMONY AND WHERE THERE WILL BE BENEFIT COMING FROM THIS IN

22    TERMS OF PEOPLE BEING ABLE TO JUDGE HIS TESTIMONY NOT IN A

23    DIFFERENT WAY THAN THE JURY HEARD IT, BUT PRECISELY AS THE

24    JURY HEARD IT.  WE ARE NOT ASKING FOR ANYTHING OTHER THAN WHAT

25    THE JURY HEARD.
```

```
 1        AND I THINK THERE HAS BEEN NO PRESENTATION AND I THINK --

 2   OF THE -- IN THE BRIEFING WE ANTICIPATE THIS ISSUE ABOUT

 3   CONCERN ABOUT SPECULATION OF FUTURE WITNESSES AND THAT SORT OF

 4   THING, I THINK AT THIS POINT IT IS SPECULATION.  IT'S

 5   CONJECTURE AS TO WHAT HAPPENED.  STEVE JOBS IS NOT YOUR

 6   TYPICAL TRIAL WITNESS, AND I THINK THAT'S WHAT MAKES THIS A

 7   UNIQUE CIRCUMSTANCE.  AND ABSENT OF PREJUDICE, ABSENT SOME

 8   SORT OF HARM THAT HAS YET TO BE IDENTIFIED, I'M NOT SURE OF

 9   THE CONCERN.

10        THE COURT:  SO, YOUR AUTHORITY FOR CLAIMING THAT THIS

11   IS A JUDICIAL RECORD.

12        MR. BURKE:  YOUR HONOR, IF IT IS -- IF IT IS

13   TESTIMONY AND OFFERED AS TESTIMONY, I BELIEVE -- I BELIEVE THE

14   AUTHORITY FOR IT IS CONSISTENT WITH THE OTHER CASES THAT ALLOW

15   ACCESS TO DOCUMENTS THAT ARE GIVEN TO JURIES OR TESTIMONY THAT

16   IS GIVEN TO JURIES.  I CANNOT GIVE YOU A PRECISE NINTH CIRCUIT

17   CASE THAT SAYS --

18        THE COURT:  CAN YOU GIVE ME ANY CASE?

19        MR. BURKE:  THE CBS CASE I CAN GIVE YOU.

20        THE COURT:  THAT SAYS IT'S A JUDICIAL RECORD.

21        MR. BURKE:  NO.  IT SAYS THERE IS A RIGHT OF ACCESS

22   TO IT, HOWEVER.  IT GIVES A FRAMEWORK FOR IT.

23        THE COURT:  THE NINTH CIRCUIT HAS ITS OWN FRAMEWORK.

24   AND THE NINTH CIRCUIT HAS SAID THAT THE SECOND CIRCUIT HAS

25   GONE TOO FAR.  SO THERE IS A DISTINCTION IN THE WAY THE NINTH
```

```
1    CIRCUIT HANDLES ISSUES AND IT IS MORE LIMITED THAN THE WAY THE
2    SECOND CIRCUIT HAS HANDLED THEM.
3         MR. BURKE:  CORRECT.
4         THE COURT:  SO I'M TRYING TO EVALUATE THIS IN THE
5    CONTEXT OF THE NINTH CIRCUIT, WHICH IS WHY I GO BACK TO THE
6    ISSUE, THE LEGAL ISSUE OF A JUDICIAL RECORD.
7       NOW, I HAVEN'T HAD A LOT OF OPPORTUNITY TO RESEARCH IT,
8    BUT I DID DO A QUICK SEARCH AND I HAVEN'T BEEN ABLE TO FIND AN
9    ADEQUATE ANSWER TO THAT QUESTION, WHICH IS WHY I POSED IT TO
10   YOU.
11        MR. BURKE:  YOUR HONOR, I BELIEVE THE AUTHORITIES
12   THAT WE HAVE GIVEN YOU ARE THE BEST WE HAVE, BUT I WOULD
13   WELCOME THE OPPORTUNITY TO GIVE YOU ADDITIONAL AUTHORITIES IF
14   THAT IS SOMETHING THAT THE COURT WOULD WELCOME.
15        THE COURT:  ALL RIGHT.  LET ME HEAR FROM MR. SHERMAN.
16   AND LET'S START THERE, MR. SHERMAN.
17      UNDER THE NINTH CIRCUIT FRAMEWORK, IF THIS IS A JUDICIAL
18   RECORD, THEN THERE IS A STRONG PRESUMPTION IN FAVOR OF ACCESS
19   AND THE COURT WOULD HAVE TO IDENTIFY SPECIFIC FACTS TO DENY
20   THAT RIGHT OF ACCESS.
21      SO, IS THIS A JUDICIAL RECORD OR NOT?
22        MR. SHERMAN:  NO.  NOT UNDER THE NINTH CIRCUIT.
23        THE COURT:  WHAT AUTHORITY DO YOU HAVE FOR THAT
24   EMPHATIC STATEMENT?
25        MR. SHERMAN:  THE -- THE MCDOUGAL CASE, WHICH IS NOT
```

1    A NINTH CIRCUIT CASE, BUT IS BY ANALOGY CLOSE TO *VALLEY*

2    *BROADCASTING*, NUMBER ONE.

3        NUMBER TWO, IF I MAY, YOUR HONOR, THE *CBS* CASE, WHICH IS

4    THE ONLY CASE MR. BURKE HAS CITED AT ALL THAT FINDS TESTIMONY

5    FROM A VIDEO DEPOSITION PLAYED IN COURT IS A JUDICIAL RECORD

6    OR AT LEAST THERE'S A RIGHT OF ACCESS TO IT WAS AN EXHIBIT.

7    IT WAS AN IDENTIFIED MARKED EXHIBIT.

8        NOW, I'M NOT SUGGESTING THAT THAT IS THE LINE THAT THE LAW

9    DRAWS.  WHAT THE LAW DOES IN THIS CIRCUMSTANCE IS IT HAS TWO

10   BODIES OF LAW.  ONE TRACKS JUDICIAL RECORDS AND ONE TRACKS

11   TESTIMONY GIVEN IN COURT.  AND IN OUR AGE, WHICH IS NOT THE

12   AGE OF *CBS*, 1987, WHICH WAS THE DAWN OF THE VIDEO DEPOSITION

13   ERA, BUT IN OUR AGE, WE HAVE A SCHISM BETWEEN A REGULARLY-USED

14   MECHANISM, WHICH MAY OR MAY NOT BE HARMFUL, BUT THAT

15   MECHANISM, VIDEO DEPOSITIONS PLAYED IN COURT AS LIVE TESTIMONY

16   THAT ARE NOT MARKED AS EXHIBITS, NOT ADMITTED AS EVIDENCE,

17   THAT IS -- THAT IS A -- THAT IS TRIAL TESTIMONY.

18       WE CAN SAY IT'S NOT, WE CAN LOOK FOR THE CASE WHICH LIKENS

19   IT TO A JUDICIAL RECORD AND WE WON'T FIND ONE EXCEPT *CBS*,

20   WHICH I JUST DESCRIBED.

21       WE WILL TELL YOU, AS YOU POINTED OUT, BY MENTIONING *VALLEY*

22   *BROADCASTING* AND *MCDOUGAL* THAT THERE ARE CASES THAT FOCUS ON

23   THIS FACT PATTERN, LOOK AT THE SCHISM, AND SAY IT'S NOT A

24   JUDICIAL RECORD.  THIS VERY SCENARIO IS DESCRIBED IN THE

25   *MCDOUGAL* CASE.

1          WHAT WE -- WHAT IS ON THE OTHER SIDE OF THE SCHISM IS A

2     POLICY CHOICE THAT THE JUDICIAL CONFERENCE HAS MADE.  THE

3     SUPREME COURT HAS MADE.  CONGRESS HAS MADE AND MAY CHANGE.

4     THAT THE NINTH CIRCUIT JUDICIAL COUNCIL IN THE *PROP. 8* CASE

5     TRIED TO CHANGE.

6          THE LOCAL RULE, RULE 77-3, SAID FOUR YEARS AGO, FOUR AND A

7     HALF YEARS AGO, FIVE YEARS AGO EXACTLY WHAT IT SAYS TODAY.

8     THE NINTH CIRCUIT TRIED AN EXPERIMENT WHICH WAS DESIGNED TO

9     PUBLICIZE WHAT SHOULD HAVE BEEN A HARMLESS CASE TO PUBLICIZE,

10    THE *PROP. 8* CASE, TO TELEVISE BECAUSE JUDGE WALKER AND JUDGE

11    KOZINSKI AND THE NINTH CIRCUIT JUDICIAL COUNCIL THOUGHT,

12    BECAUSE IT'S THEIR PROVINCE, THAT THE LOCAL RULE COULD BE

13    AMENDED.  THIS LOCAL RULE.  AND IT WAS AMENDED.  OKAY?

14         IN ORDER TO ALLOW MY PARTNER MR. BOIES TO BE SEEN

15    CROSS-EXAMINING, PEOPLE TESTIFYING ABOUT -- EXPERTS TESTIFYING

16    ABOUT ONE OF THE MOST SIGNIFICANT POLICY ISSUES IN AMERICA,

17    MORE SIGNIFICANT THAN STEVE JOBS' PERSONALITY.

18         AND THE SUPREME COURT WENT OUT OF ITS WAY TO SAY NOT ONLY

19    WAS THE PROCESS BY WHICH CHIEF JUDGE KOZINSKI AND THE NINTH

20    CIRCUIT JUDICIAL COUNCIL AMENDED THIS RULE DONE INCORRECTLY,

21    THE RULE-MAKING PROCESS, BUT IN A HIGH PROFILE CASE, YOU NEED

22    TO BE VERY, VERY CAREFUL.

23         THE FACT IS, YOUR HONOR, NO CASE THAT -- NO TESTIMONY IN

24    THE FEDERAL COURTS HAS EVER BEEN TELEVISED ELECTRONICALLY,

25    CRIMINAL OR CIVIL, OUTSIDE THE APPROVAL OF THE JUDICIAL

1    CONFERENCE, WHICH IS NOT -- THIS CASE HAS NOT BEEN SELECTED

2    FOR THE CURRENT PILOT PROGRAM, UNLESS THERE HAS BEEN A

3    PERMISSIVE LOCAL RULE THAT SAYS, AS THE ONE IN THE SOUTHERN

4    DISTRICT OF NEW YORK SAID, EXCEPT UPON WRITTEN PERMISSION OF A

5    JUDGE OF THAT COURT, THE RECORDING OF PROCEEDINGS WITHIN THE

6    COURTHOUSE, WITHIN THE COURTROOM IS PROHIBITED.

7        AND THERE HAVE BEEN CASES, AS I THINK YOU KNOW, WHERE YOUR

8    COLLEAGUES IN THE SOUTHERN DISTRICT, JUDGE RAKOFF DID IT IN

9    2008 A FEW TIMES, JUDGE WEINSTEIN IN THE EASTERN DISTRICT,

10   WHICH IS AN IDENTICAL RULE, JUDGE GERTNER TRIED TO DO IT IN

11   THE DISTRICT OF MASSACHUSETTS, TO TAKE A LOCAL RULE WHICH

12   LOOKED PERMISSIVE, AND THE FIRST CIRCUIT MANDAMUSED HER

13   BECAUSE IT SAID WE DON'T CARE HOW PERMISSIVE IT LOOKS TO YOU,

14   THE FIRST CIRCUIT JUDICIAL COUNCIL IS IN ACCORD WITH THE

15   JUDICIAL CONFERENCE POLICY.

16       THAT'S WHAT HAPPENED TO IN *HOLLINGSWORTH*.  JUDGE KOZINSKI

17   TRIED TO MAKE A LEGITIMATE CHANGE ACCORDING TO DUE PROCESS.

18   AND THE SUPREME COURT MADE A DETERMINATION THAT IT WAS AN

19   INAPPROPRIATE CHANGE.

20       SO WITH REGARD TO LIVE TESTIMONY, THERE IS NO INQUIRY --

21   BY THAT I MEAN, THE RECORDING OF TESTIMONY OF THESE

22   PROCEEDINGS, THERE IS NO AUTHORITY EVER WHERE THERE IS A

23   MANDATORY RULE, LIKE RULE 77.3 -- -3, WHERE A JUDGE HAS EVER

24   BEEN PERMITTED, INCLUDING JUDGE KOZINSKI TO LET THAT HAPPEN

25   REGARDLESS OF PREJUDICE, REGARDLESS OF THE FACT SPECIFIC

```
1    CONSIDERATIONS THAT MR. BURKE POINTED OUT.

2         YOUR HONOR, I'M LIKE NIXON GOING TO CHINA.  I'VE ARGUED

3    ABOUT 200 OF THESE MOTIONS ON HIS SIDE.  I AM AS FRUSTRATED IN

4    MY OTHER LIFE, AS MOST MEDIA LAWYERS ARE, ABOUT THIS POLICY.

5    BUT THAT'S NOT FOR ME TO DECIDE.  AND WITH ALL DUE RESPECT, IN

6    THIS CIRCUMSTANCE, THE REASON CONGRESS IS TRYING TO ENACT

7    LEGISLATION IS TO GIVE YOU YOUR OWN RIGHT OR YOUR OWN POWER TO

8    DECIDE BECAUSE YOU DON'T HAVE IT NOW.  IT'S A QUESTION FOR THE

9    JUDICIAL COUNCIL, WHICH, IN TURN, BECOMES A QUESTION FOR THE

10   SUPREME COURT IF IT INFRINGES IN THE SUPREME COURT'S JUDGMENT

11   UPON THE ADMINISTRATIVE JUSTICE -- UPON THE QUESTION OF

12   JUSTICE.

13        SO, TAKING THAT, OKAY, THAT FRAMEWORK, WE CAN'T DO

14   ANYTHING HERE AS MUCH AS WE ALL MIGHT LIKE TO ABOUT

15   MR. BURKE'S CONCERN ABOUT THE IMPORTANCE OF THE INFORMATION

16   ASSERTED BY HIM, ABOUT HIS CLAIM, WHICH -- WHICH HE SAYS MEANS

17   THAT WHEN CNN REPORTS ON THE 20 MINUTES OR SO, 30 MINUTES OR

18   SO OF MR. JOBS' TESTIMONY, IT WILL BE AS THE JURY SAW IT.

19        JUSTICE SCALIA WOULD DISAGREE WITH THAT.  HE DOESN'T LIKE

20   SUPREME COURT ARGUMENTS TELEVISED BECAUSE HE THINKS PLACES

21   LIKE CNN TAKES 15-SECOND SNIPPETS AND TELEVISE THE SNIPPET.  I

22   DON'T THINK WE'RE GOING TO GET A 30-MINUTE SHOW DEVOTED TO THE

23   TESTIMONY HERE, SO I DON'T THINK IT'S GOING TO BE AS THE JURY

24   SAW IT.

25        THAT IS A GIGANTIC POLICY QUESTION WHICH HAS AGGRAVATED
```

```
1    THIS NATION SINCE THE SIMPSON TRIAL IN 1994.  AND, FRANKLY,

2    YOUR HONOR, WHICH I HAVE PERSONAL, PROFESSIONAL INTEREST IN

3    AND HAVE FOR YEARS.

4         THE ONLY OTHER BASIS ONE COULD HAVE FOR HAVING ACCESS FOR

5    THE MEDIA OR THE PUBLIC, RIGHT, ANY PUBLIC -- SINCE THE MEDIA

6    AND THE PUBLIC ARE INDISTINGUISHABLE UNDER SUPREME COURT LAW

7    AND HAVE BEEN SINCE NIXON VERSUS WARNER COMMUNICATIONS, AND

8    BEFORE, IF YOU RULE IN FAVOR OF CNN HERE, YOU ARE RULING IN

9    FAVOR OF ANY PERSON WHO WANTS A PIECE OF A VIDEO DEPOSITION

10   THAT IS PLAYED IN COURT IN ANY CASE, CIVIL CASE THAT YOU HAVE

11   IN FRONT OF YOU OR, FOR THAT MATTER, ANY JUDGE IN THIS

12   COURTHOUSE OR ACROSS THE BAY HAS.

13        THERE IS NO STOPPING.  THERE'S NO COMPELLING INTEREST

14   TEST.  THERE'S NO IT'S SORT OF INTERESTING.  THERE'S NO IT'S

15   SUPER INTERESTING.  THERE'S NO THERE COULD BE NO BETTER CASE

16   THAN.

17        WE DIDN'T GET TO SEE MCCAIN FEINGOLD -- MR. MCCAIN --

18   SORRY, SENATOR MCCAIN AND CONGRESSMAN FEINGOLD TESTIFY.  AND

19   SENATOR MCCONNELL.  WE DIDN'T GET TO SEE PROP. 8.  THERE ARE

20   DOZENS OF TRIALS OF GREAT IMPORTANCE THAT THE AMERICAN PEOPLE

21   HAVE NOT BEEN ABLE TO SEE BECAUSE THIS IS A POLICY DECISION

22   THAT THE FEDERAL JUDICIARY HAS MADE AND IS VERY ENTRENCHED

23   ABOUT AND VERY VOCAL ABOUT.

24        SO THE ONLY WAY YOU CAN GET ACCESS WITH RESPECT TO YOU AND

25   TO MR. BURKE, IS THROUGH THE JUDICIAL RECORDS COMMON LAW RIGHT
```

1    OF ACCESS.  AND THE ONLY CASE BEFORE YOU WHERE THAT HAS EVER

2    HAPPENED IS THE *CBS* CASE.

3         AND IN THE *CBS* CASE, WHICH WAS IN THE SECOND CIRCUIT, AS

4    YOU POINT OUT, IT WAS AN EXHIBIT.  IT WAS NOT DETERMINED TO BE

5    A JUDICIAL RECORD.  IT'S DONE IN KIND OF A FUSED VERSION OF

6    THE COMMON LAW RIGHT OF ACCESS AND THE FIRST AMENDMENT RIGHT

7    OF ACCESS BECAUSE JUDGE WINTER CITES *RICHMOND NEWSPAPERS*,

8    CITES THESE FIRST AMENDMENT CASES IN ORDER TO SAY THERE'S

9    REALLY NO DIFFERENCE.  BUT IT WAS AN EXHIBIT.  IT WAS AN

10   EXHIBIT, WHICH THIS WAS NOT.

11        THIS IS JUST A DEAD GUY INSTEAD OF A LIVE GUY WHO, UNDER

12   RULE 32, HAPPENS TO BE TESTIFYING ON A SCREEN AND THE -- THERE

13   IS NO DIFFERENCE AS A MATTER OF LAW OR, FRANKLY, LOGIC BETWEEN

14   BRINGING THAT -- TELEVISING THAT OR RECORDING THAT IN THIS

15   COURT AND MY PICKING UP A CAMERA AND RECORDING YOU, HIM, AND

16   ME RIGHT NOW.

17        ONE LAST THING.

18        THE CASES THAT MR. BURKE HAS CITED, INCLUDING *CBS*, ALL

19   INVOLVE WHAT THE *MCDOUGAL* COURT IN THE EIGHTH CIRCUIT REFERRED

20   TO AS THE UNDER -- I BELIEVE IT WAS SOMETHING LIKE THE

21   UNDERLYING EVENTS.  RIGHT?

22        CLASSIC EXAMPLE IS THE WATERGATE TAPES.  THAT IS WHAT WAS

23   AT ISSUE IN *NIXON VERSUS WARNER COMMUNICATIONS*.  SAME THING

24   WITH ANY OTHER PIECE OF EVIDENCE.  UNDERLYING POLICE

25   RECORDINGS, UNDERLYING RECORDING OF BRIBES, LIKE IN THE ABSCAM

1    CASES.  THOSE ARE THE THINGS, THOSE ARE THE TAPES THAT, AS WE

2    POINTED OUT IN OUR BRIEF, THOSE ARE THE RECORDINGS THAT FALL

3    INTO, AS A PRESUMPTIVE MATTER BEFORE YOU DO THE BALANCING, THE

4    JUDICIAL RECORDS CATEGORY; NOT THE HAPPENSTANCE THAT STEVE

5    JOBS DIED OF PANCREATIC CANCER BEFORE THIS TRIAL STARTED

6    INSTEAD OF TESTIFYING HERE IN PERSON IN A JURISDICTION, WHICH,

7    I BELIEVE, IS WITHIN 100 MILES OF HIS RESIDENCE OR FORMER

8    RESIDENCE.

9        SO, YOUR HONOR, THERE IS NO AUTHORITY FOR IT.  IT

10   CONTRAVENES EVERYTHING THE JUDICIAL CONFERENCE STANDS FOR AND

11   I WILL TELL YOU IN FRONT OF MY CLIENT, IT MAKES ME UNHAPPY AS

12   A LAWYER BECAUSE I PERSONALLY AGREE WITH MR. BURKE.

13       BUT THERE IS -- THIS IS NOT A CLOSE CALL.  THERE IS NO

14   CASE THAT ALLOWS HIM TO DO WHAT HE WANTS TO DO.  THAT MAY BE A

15   SHAME, THAT MAY NOT BE A SHAME, BUT THE PROCESS WORKED BECAUSE

16   WE FOLLOW THESE RULES.  AND YOUR SYSTEM, YOUR INSTITUTIONAL

17   FEDERAL JUDICIARY HAS THEM MARKED, AND JUDGE WINTER IN THE *CBS*

18   CASE WHO ALSO HAPPENED TO BE THE JUDGE WHO DISSENTED IN THE

19   *WESTMORELAND* CASE SAYING THERE WAS A FIRST AMENDMENT RIGHT

20   UNDER *RICHMOND NEWSPAPERS*, HE IS NOT THE FEDERAL JUDICIARY.

21   THE FEDERAL JUDICIARY IS THE FEDERAL JUDICIARY.

22           **THE COURT:**  WHAT IS YOUR DEFINITION OF A JUDICIAL

23   RECORD?  AND WHAT AUTHORITY DO YOU HAVE FOR THAT?

24           **MR. SHERMAN:**  MY UNDERSTANDING OF A JUDICIAL RECORD

25   IS A GENERAL ONE, WHICH IS AN EXHIBIT OR A DOCUMENT THAT IS

23

```
1    PART OF THE PROCEEDINGS THAT ARE DEEMED BY YOU THROUGH THE

2    PROCESSES OF A PROFFER AND IN LIMINE MOTIONS, YOUR FAMILIARITY

3    WITH THE RECORD, YOU, BEING THE JUDGE, TO BE SUFFICIENTLY PART

4    OF THE PROCESS OF TRUTH-GATHERING IN ANY TRIAL THAT EVEN IF

5    IT'S NOT AN ADMITTED EXHIBIT, IT MAY BE OBTAINABLE.

6        FOR EXAMPLE, A COPY OF THE TRIAL TRANSCRIPT, THE CLOSINGS,

7    SUMMATION.  THOSE AREN'T EXHIBITS EITHER, BUT -- OR TESTIMONY

8    EITHER, BUT I THINK -- I THINK, MY SENSE IS THEY FALL UNDER

9    THE JUDICIAL RECORD CATEGORY.

10       THAT'S NOT WHAT'S GOING ON HERE IN THIS CASE.  I REALIZE

11   YOU DIDN'T ASK FOR THAT ADDITIONAL POINT.

12       MY DEFINITION OF A JUDICIAL RECORD IS SOMETHING THAT'S

13   SORT OF INSIDE THE PROCESS.  PART OF THE PROCESS OF

14   TRUTH-GATHERING IS DETERMINED BY YOU THROUGH THIS

15   THOUSAND-YEAR-OLD JURY AND FACT-FINDING PROCESS TO BE

16   PERSUASIVE IN DETERMINING LIABILITY OR GUILT OR INNOCENCE.

17       THE IMPORTANT THING, IT SEEMS TO ME, TO REMEMBER ABOUT

18   THAT IS THAT BECAUSE THE COMMON LAW RIGHT OF ACCESS GOVERNS

19   JUDICIAL RECORDS, YOU WOULD HAVE TO OVERTURN MARBURY V.

20   MADISON TO TAKE THE CONSTITUTIONAL RIGHT THAT HAS BEEN

21   CIRCUMSCRIBED IN NIXON WHICH COVERS THE ACCESS TO LIVE

22   TESTIMONY, THE RECORDING OF LIVE TESTIMONY, EVEN IF IT'S DONE

23   OUTSIDE OF THE COURTROOM AND BROUGHT IN AND THEN RE-RECORDED,

24   YOU WOULD BE TAKING THAT FIRST AMENDMENT LAW, WHICH IS CABINED

25   AND NOT AS BROAD AS MR. BURKE'S CLIENTS WISH, AND SWALLOWING
```

```
1    IT WHOLE THROUGH THE COMMON RIGHT OF ACCESS.

2        AND IF YOU TAKE A LOOK AT MARBURY V. MADISON, I HAPPEN TO

3    BE DOING THIS ON A RELATED SUBJECT, RIGHT AFTER THE FAMOUS

4    LINE WE ALL LEARNED IN LAW SCHOOL, IT IS EMPHATICALLY THE DUTY

5    AND PROVINCE OF THE JUDICIARY TO SAY WHAT THE LAW IS, THERE'S

6    A PARAGRAPH ABOUT -- WHERE JUSTICE MARSHALL GOES ON ABOUT HOW

7    WE HAVE A CHOICE.  WE CONSTRUE A CONSTITUTION OR WE CONSTRUE,

8    HE SAYS, INFERIOR LAW, STATUTES, ACTS OF CONGRESS.

9        THE JUDICIARY MUST MAKE THE DETERMINATION, AND WE DO NOT

10   LIVE IN A CONSTITUTIONAL SOCIETY, HE SAYS, IN A CONSTITUTIONAL

11   DEMOCRACY IF THE JUDICIARY IS NOT PERMITTED TO DECIDE IF THE

12   CONSTITUTION GOVERNS OVER THE INFERIOR LAW.

13       THAT IS WHAT YOU ARE BEING ASKED TO DECIDE TODAY.  NEVER

14   MIND THE LANGUAGE OF THE LOCAL RULE GOVERNING RECORDING, NEVER

15   MIND THE JUDICIAL CONFERENCE POLICY, THE POLICY ARGUMENT THAT

16   YOU RAISED, THAT WE RAISED IN OUR BRIEF, WHICH SUGGESTS --

17   WHICH IS THAT IF YOU GRANT ACCESS TO THIS APPLICATION, YOU ARE

18   GIVING CNN AND THE PRESS AND EVERY MEMBER OF THE PUBLIC THE

19   RIGHT TO SAY TO EVERY WITNESS ALL OVER THE COUNTRY, IF YOU

20   WANT TO VOLUNTARILY SUBMIT FOR A DEPOSITION IN A CIVIL CASE,

21   THAT'S GREAT.  WE ARE HAPPY.  BUT IF IT'S OF SUFFICIENT

22   INTEREST DOWN THE ROAD, IF YOU GET FAMOUS, IF YOU DIE, IF

23   SOMETHING HAPPENS, YOU MAY BE ON TELEVISION.  YOU WILL BE

24   TAKEN OUT OF THE COURTROOM WHERE EVERYBODY HAD A CHANCE TO

25   COME LAST WEEK, AND SEE EXACTLY WHAT THE JURY SAW, AND YOU
```

25

1   LIVE FOREVER IN A WAY THAT THE JUDICIARY -- FEDERAL JUDICIARY

2   HAS SAID YOU CAN'T DO.

3        AND THAT MAY -- IT MAY BE THAT MR. JOBS WANTED TO LIVE

4   FOREVER.  IT MAY BE THAT HE WILL LIVE FOREVER, I HOPE HE DOES,

5   BUT NOT THROUGH THIS TESTIMONY.  BECAUSE THIS TESTIMONY IS NOT

6   HIS APPEARANCE IN FRONT OF THE CITY COUNCIL IN THE SOUTH BAY,

7   IT IS NOT ONE OF HIS PRODUCT ROLL-OUTS IN CUPERTINO.  IT IS A

8   DEPOSITION SUBJECT TO THE RULES OF THIS COURT AND THE

9   CONSTITUTION.  AND THE RIGHT OF ACCESS ONLY GOES SO FAR.

10             **THE COURT:**  MR. BURKE.

11        **MR. BURKE:**  YOU ASKED HIM FOR A DEFINITION, AND I WAS

12   DOING THE BEST I COULD TO TAKE NOTES, BUT IT SOUNDED PRETTY

13   GOOD TO ME.

14        COUNSEL ARGUED THAT IF THE DOCUMENT'S PART OF A PROCEEDING

15   THAT ARE DEEMED BY THE COURT TO BE IMPORTANT TO THE ACTIVE

16   TRUTH-GATHERING, EVEN IF IT'S NOT AN ADMITTED EXHIBIT, IS WHAT

17   COUNSEL SAID.  AND MAYBE IT WAS A MISTAKE.  I AM NOT TRYING TO

18   DO A TRICK HERE, BUT I THINK THAT WE ARE THERE.

19        MOST IMPORTANTLY, I DON'T THINK THIS IS -- THIS IS

20   COMPLICATED.  AND THERE'S NOT A LOT OF GUIDANCE, BUT IT IS NOT

21   THAT COMPLICATED.  IT'S NOT *MARBURY VERSUS MADISON*.  IT IS

22   REALLY NOT YOUR JUDICIAL CONFERENCE MATERIALS.

23        I WOULD LOVE TO TALK TO THE COURT AND CLEARLY WITH COUNSEL

24   ABOUT *PROP. 8*.  I REPRESENTED THE NATIONAL MEDIA IN THAT

25   LITIGATION IN THIS COURT, IN THE NINTH CIRCUIT, IN THE SUPREME

26

1    COURT.  FASCINATING SITUATION, BUT IT REALLY DOESN'T APPLY

2    HERE.  IT DOESN'T HAVE ANY BEARING HERE.

3        WHAT HAS BEARING -- AND, BY THE WAY, THE DISTRICT DID

4    CHANGE THE RULE AFTER THE *HOLLINGSWORTH* DECISION CAME OUT

5    PROPERLY, MINDFUL OF THE SUPREME COURT'S DECISION --

6                **THE COURT:**  BUT THE RULE --

7            **MR. BURKE:**  IF YOU LOOK AT THAT LANGUAGE --

8                **THE COURT:**  THE RULE REQUIRES THAT ALL THE PARTIES

9    AGREE.  WE HAVE NEVER DONE THIS IN A CONTEXT WHERE THE PARTIES

10   THEMSELVES DIDN'T AGREE.

11       SO IT IS A -- IT'S A RULE CHANGE, BUT IT REQUIRES THAT ALL

12   PARTIES WANT TO PROVIDE ACCESS.  I DON'T HAVE THAT SITUATION.

13   I HAVE AN OBJECTION.

14            **MR. BURKE:**  I UNDERSTAND THAT, YOUR HONOR, BUT WHAT

15   I'M GETTING AT IS OUTSIDE THAT ISSUE IN A SENSE THAT I DON'T

16   THINK THAT RULE IS TRIGGERED HERE.  AS MUCH AS IT HAS BEEN

17   ARGUED BY COUNSEL, IT'S -- IT'S NOT TRIGGERED BY THIS

18   SITUATION.

19       THIS IS TESTIMONY THAT WAS GIVEN -- WE ARE ONLY ASKING FOR

20   IT IN THE SAME FORM THAT THE JURY HEARD IT.  WE DON'T HAVE

21   CONCERNS AS, AGAIN, RAISED BY COUNSEL ABOUT, WELL, YOU KNOW,

22   SOMEBODY COULD OBJECT TO THIS AND THE LIKE.  WELL, IT'S --

23   IT'S HIS PERSONAL TESTIMONY.  HE HAS NO PRIVACY RIGHT.  HE HAS

24   NO ABILITY TO OBJECT TO IT.  BUT IT IS STILL ESSENTIAL FOR THE

25   PUBLIC'S UNDERSTANDING OF WHAT THIS VERY IMPORTANT CASE IS

```
1    ABOUT.  AND YOU DON'T, AGAIN, HAVE TO TAKE OUR WORD FOR IT.

2    THEY CHOSE TO USE THAT VIDEO RATHER THAN TO READ IT INTO THE

3    RECORD.

4              THE COURT:  YOU'VE TRIED CASES, HAVEN'T YOU?

5              MR. BURKE:  I'VE NOT TRIED THAT MANY CASES, YOUR

6    HONOR, BUT I CAN SAY "YES" TO THAT STATEMENT.

7              THE COURT:  LET ME TELL YOU, HAVING TRIED A LOT OF

8    CASES, THIS ISN'T -- THE DECISION TO PLAY A VIDEO DEPOSITION

9    TESTIMONY IN TRIAL IS NOT UNIQUE TO MR. JOBS.

10             MR. BURKE:  I UNDERSTAND THAT.

11             THE COURT:  IT CAN BE INCREDIBLY BORING TO READ

12   QUESTION AND ANSWER, AND HAVING SAT THROUGH TRIALS WHERE

13   THAT'S WHAT THE PARTIES ARE DOING AND I HAVE GOT JURORS DYING

14   IN THE JURY BOX BECAUSE THEY ARE READING THESE QUESTIONS AND

15   ANSWERS --

16             MR. BURKE:  I UNDERSTAND THAT.

17             THE COURT:  -- THIS ISN'T -- I MEAN, DON'T -- THE

18   NOTION THAT THERE'S SOME IMPORTANT STRATEGIC CHOICE BEING

19   MADE -- ANYBODY WHO HAS VIDEO DEPOSITION TESTIMONY WOULD MUCH

20   RATHER DO THAT IN A TRIAL THAN NOT.

21             MR. BURKE:  I UNDERSTAND THAT, BUT I DON'T THINK

22   THERE COULD BE ANY DISPUTE THAT IN THIS PARTICULAR INSTANCE,

23   THE DECISION TO USE THE VIDEOTAPE OF MR. JOBS WAS PURPOSEFUL.

24             THE COURT:  BY THE PLAINTIFFS.

25             MR. BURKE:  BY THE PLAINTIFFS.
```

28

```
 1          THE COURT:  IT WASN'T PROFFERED BY THE DEFENSE.  IT

 2   WAS PROFFERED FIRST BY THE PLAINTIFFS.

 3          MR. BURKE:  BUT THAT SHOULD NOT MATTER WHEN IT IS

 4   USED IN A COURTROOM.  AND IT WAS WITHIN THEIR RIGHT TO CALL

 5   HIM AS AN ADVERSE WITNESS IN THIS FORUM.  THERE IS NOTHING

 6   THAT REQUIRES JUDICIAL COUNCIL BLESSING OR ANYTHING ELSE TO DO

 7   THAT.  IT DID NOT NEED TO HAVE HIS CONSENT AND IT CERTAINLY

 8   DIDN'T NEED TO HAVE APPLE'S CONSENT.

 9          THE COURT:  WELL, NO, THERE'S A RULE THAT SAYS YOU

10   CAN USE IT.

11          MR. BURKE:  CORRECT.

12          THE COURT:  THE RULE SAYS THEY HAVE TO BE

13   UNAVAILABLE.  I MEAN --

14          MR. BURKE:  CORRECT.

15          THE COURT:  -- THERE ARE PROCEDURES.

16          MR. BURKE:  CORRECT.

17          THE COURT:  THE PROCEDURES EXISTED OR THE CONTEXT

18   EXISTED.

19          MR. BURKE:  AND I THINK IT'S ADMITTED BY EVERYBODY

20   THAT THEY WERE FOLLOWED.

21          THE COURT:  I DON'T THINK THAT'S AN ISSUE.

22          MR. BURKE:  I'M HAPPY TO, AGAIN, IF THE COURT WOULD

23   WELCOME IT, PROVIDE THE COURT WITH ANY OTHER CITATIONS THAT WE

24   THINK WOULD BE HELPFUL FOR THE COURT'S DECISION WITH RESPECT

25   TO WHETHER OR NOT THIS IS A JUDICIAL RECORD.  I'M SURE COUNSEL
```

```
1    WOULD AS WELL.

2              THE COURT:  LET ME ASK YOU THIS, MR. SHERMAN.

3         YOUR ARGUMENT'S PREMISED ON THE FACT THAT IT IS NOT A

4    JUDICIAL RECORD.  WHAT IF I FOUND THAT IT WAS A JUDICIAL

5    RECORD, AND I WENT BACK TO THIS NINTH CIRCUIT FORMULA WHICH

6    REQUIRES THAT I IDENTIFY THE SPECIFIC FACTS WHICH WOULD DENY

7    THE RIGHT OF ACCESS?  BECAUSE MOST OF YOUR ARGUMENT WAS -- YOU

8    STARTED OFF BY SAYING IT WASN'T.

9         SO ASSUME FOR PURPOSES OF THE ARGUMENT THAT YOU ARE WRONG

10   AND IT IS.

11             MR. SHERMAN:  UH-HUH.

12             THE COURT:  THEN WHAT?

13             MR. SHERMAN:  I THINK THAT IF YOU SAY -- IF YOU FIND,

14   NOTWITHSTANDING THE CASE LAW, THAT IT IS --

15             THE COURT:  THERE'S NO CASE LAW.  NO ONE HAS GIVEN ME

16   ANY AUTHORITY FOR THE PROPOSITION OF, ONE, A DEFINITION OF

17   WHAT A JUDICIAL RECORD IS AND, TWO, WHETHER OR NOT THIS IS A

18   JUDICIAL RECORD.  SO I HAVE NO AUTHORITY FROM EITHER SIDE ON

19   THAT QUESTION.

20             MR. SHERMAN:  I ACTUALLY THINK, IF I'M RIGHT, YOUR

21   HONOR, THE MCDOUGAL CASE DOES SAY THAT THIS VERY THING IS A

22   JUDICIAL RECORD.  AND IT SAYS THAT -- AND SAYS THAT -- I'M

23   SORRY, THAT IT IS NOT A JUDICIAL RECORD AND THAT THE COMMON

24   LAW RIGHT OF ACCESS --

25             MR. BURKE:  I TRIED.
```

1          **MR. SHERMAN:** COMMON RIGHT OF ACCESS DOES NOT ATTEND

2     FOR THAT REASON. THAT'S WHY IT CITES *NIXON*. WE QUOTED IT IN

3     OUR BRIEF, OR WE CITED IT. I'M HAPPY TO PULL IT OUT AND READ

4     IT, BUT I'M SURE YOU'VE READ IT.

5          AND I AM PERFECTLY WILLING TO INTELLECTUALLY, HONESTLY SAY

6     THIS IS A HARDER CASE THAN IF CNN WERE TRYING TO BRING A

7     CAMERA INTO THE COURTROOM. BUT ONLY BECAUSE OF THE FORTUITY

8     THAT MR. JOBS' TESTIMONY IS VIDEOTAPED. THAT DOESN'T CHANGE

9     THE FACT THAT IT'S STILL RECORDED. THAT DOESN'T CHANGE THE

10    FACT THAT THE RECORDATION IS STILL GOING TO BE TAKEN OUTSIDE

11    OF THIS COURTROOM AND ITS ENVIRONS AND PLAYED FOR TIME IN

12    MEMORIAL WHEREAS NOTHING ELSE WILL BE EXCEPT THE WRITTEN

13    RECORD OF REPORTERS WHO DO THIS AND HAVE DONE THIS FOR A LONG

14    TIME. BUT YOUR QUESTION TO ME WAS, WHAT IF I FIND THAT IT'S A

15    JUDICIAL RECORD. AND ALL I SAID WAS, TAKE A LOOK AT *MCDOUGAL*

16    IF YOU WANT AN ON-POINT CASE WHERE THE TEST FOR AT LEAST THE

17    RIGHT OF ACCESS AND ITS RELATIONSHIP TO THE FIRST AMENDMENT

18    RIGHT, THE COMMON LAW RIGHT OF ACCESS --

19          **THE COURT:** I UNDERSTAND.

20          **MR. SHERMAN:** -- IT'S THE SAME AS THE NINTH

21    CIRCUIT'S.

22          MY ANSWER WOULD BE THE FOLLOWING --

23          **THE COURT:** IT'S A EIGHTH CIRCUIT CASE, THAT'S WHY

24    I'M ASKING THE QUESTION, AND IT DOES SAY THAT THE VIDEOTAPE

25    ITSELF IS NOT A JUDICIAL RECORD. SO I UNDERSTAND THAT'S WHAT

1    IT SAYS.

2            **MR. SHERMAN:**  RIGHT.  I'M JUST SAYING YOU ASKED FIRST

3    FOR THAT AUTHORITY.  I WANTED TO MAKE THAT POINT.

4        I DO WANT TO ADDRESS THE QUESTION THAT YOU DID ASK, WHICH

5    WAS, OKAY, SO, I'M GOING TO DISREGARD *MCDOUGAL* AND I'M GOING

6    TO FIND THAT IT IS A JUDICIAL RECORD.  AND I'M TELLING YOU --

7    OR I'M, RATHER, SUGGESTING TO YOU RESPECTFULLY --

8            **THE COURT:**  YOU'RE ARGUING.

9            **MR. SHERMAN:**  I'M ARGUING TO YOU THAT THE -- THAT

10   APPLE OBJECTS, AND THAT APPLE OBJECTS FOR A VARIETY OF

11   PROCEDURAL REASONS.  AND THEY ARE INCLUDED IN OUR BRIEF AND

12   POLICY ARGUMENT.

13       WE WERE NOT TOLD ABOUT THIS, THIS TAPING UNTIL IT HAPPENED

14   IN COURT -- I SHOULD SAY ABOUT THIS ACCESS REQUEST UNTIL IT

15   HAPPENED IN COURT.  YES, YOU DID SAY THAT YOU HAD RECEIVED

16   SOME INQUIRIES, BUT THIS VIDEOTAPED DEPOSITION TOOK PLACE

17   YEARS AGO.  AND IN, I DON'T KNOW, IN OCTOBER WE FILED THE

18   EXHIBITS, YOU KNOW, WE FILED THE DESIGNATIONS.  AND THE

19   TRANSCRIPT, YOU KNOW, WAS PART OF THAT BY BOTH SIDES.

20       THERE IS -- THERE HAS BEEN -- IT IS UNFAIR TO, AFTER IT'S

21   ALL HAPPENED, AFTER THEY HAVE BEEN IN HERE AND SEEN IT, TO SAY

22   WE LIKE THAT SO MUCH WE WANT TO TAKE IT AND PUT IT ON THE NEWS

23   BECAUSE WE DON'T HAVE ENOUGH IMAGES OF MR. JOBS TO SHOW OUR

24   VIEWERS.

25       THERE'S NOTHING ABOUT MR. JOBS' TESTIMONY THAT THEY HAVE

1    SAID THAT'S RELEVANT THAT THEY WANT TO -- THEY TALK ABOUT HIS

2    BLACK TURTLENECK.  WE KNOW THAT.  THEY TALK ABOUT HIS JEANS.

3    BUT IN MOST CASES WHERE THE COMMON LAW RIGHT OF ACCESS IS

4    SOUGHT, AT LEAST IS INVOKED, THE CLAIM THAT IT IS -- THE CLAIM

5    IS BASED ON SOME LEVEL OF ACTUAL SPECIFIC RELEVANCE.

6         YES, THEY WANT TO REPORT ABOUT THE CASE.  YES, THEY WANT

7    TO SHOW MR. JOBS BECAUSE HE IS FAMOUS.  WE UNDERSTAND THAT.

8    THE MARGINAL INFORMATIONAL VALUE OF SEEING HIM AGAIN IN HIS

9    BLACK TURTLENECK, THIS TIME VERY SICK, IS -- IS -- IS SMALL.

10   THEY HAVE NOT IDENTIFIED AN ISSUE IN THE TESTIMONY THAT THEY

11   WANT TO RAISE.

12        THEY HAVE NOT PLEDGED, EVEN THOUGH MR. BURKE SAID SO,

13   THAT -- THAT IT WOULD BE THIS WAY.  THEY HAVEN'T PLEDGED THAT

14   THEY WOULD DO A 25-MINUTE ANDERSON COOPER SPECIAL THAT JUST

15   RUNS THE TESTIMONY AS IT WERE GAVEL TO GAVEL.  WHAT THEY HAVE

16   SAID IS THEY WANT STEVE JOBS AND THEY WANT A DEAD MAN AND THEY

17   WANT TO SHOW HIM TO THE REST OF THE WORLD BECAUSE THEY SAY

18   IT'S A JUDICIAL RECORD.

19        THEY DON'T HAVE A CITE SAYING THAT IT IS A JUDICIAL

20   RECORD.  THEY HAVE ONE CASE IN NEW YORK WHICH FUSES

21   CONSTITUTIONAL AND COMMON LAW CONCEPTS.

22        I COME TO YOU AND I SAY, IT IS NOT A JUDICIAL RECORD, AND

23   I HAVE GOT AT LEAST A CITE.  I HAVE EXPLAINED TO YOU WHY IT

24   HAS A LOT OF POLICY CONSIDERATIONS.  AND I HAVE SAID APPLE

25   OBJECTS BECAUSE IT DIDN'T GET SUFFICIENT NOTICE, BECAUSE IT

```
 1    WILL NOT -- DO YOU THINK TIM COOK, IN THE NEXT CASE, NEXT

 2    ANTITRUST CASE THAT'S FILED, DO YOU THINK HE'S GOING TO THINK

 3    TWICE ABOUT SITTING FOR A VIDEOTAPE DEPOSITION IF HE DOESN'T

 4    HAVE TO IN A SITUATION WHERE IT HAS BEEN DETERMINED THAT IT IS

 5    IN THE INTEREST TODAY, AFTER IT'S BEEN SHOWN PUBLICLY, AFTER

 6    THE FIRST AMENDMENT RIGHT HAS BEEN EXERCISED AND EVERYBODY

 7    LIKED THE RATINGS, SO NOW WE ARE HERE FIVE DAYS LATER TRYING

 8    TO GET MORE OF THAT, SEEMS TO ME THAT THOSE ARE BOTH POLICY

 9    ARGUMENTS AND OBJECTIONS FROM APPLE.

10        IT IS UNFAIR TO APPLE.  IT IS UNFAIR TO MR. JOBS' FAMILY.

11    IT -- I UNDERSTAND THAT IT DOESN'T -- THAT IT ISN'T -- THERE

12    ISN'T A TECHNICAL PRIVACY RIGHT THAT'S PART OF THE INQUIRY,

13    BUT WHEN YOU GET INTO THIS BALANCING TEST THAT YOU'VE ASKED ME

14    TO DO HYPOTHETICALLY, OR RATHER YOU'VE ASKED ME TO ASSUME THAT

15    IT'S A JUDICIAL RECORD, WHEN YOU GET INTO THIS BALANCING TEST,

16    YOU ARE TALKING ABOUT A VERY SKEWED PROCESS.

17        YOU ARE TALKING ABOUT A DETERMINATION EX ANTE THAT IT'S

18    VERY INTERESTING TO THE PRESS BECAUSE THEY SAW IT IN PUBLIC.

19    THEY GIVE NO NOTICE OF THEIR INTENT TO SEE IT.  THEY HAVE

20    KNOWN ABOUT ITS EXISTENCE SINCE -- THIS CASE HAS BEEN GOING ON

21    TEN YEARS.  IT TOOK PLACE SIX MONTHS BEFORE HE DIED.  THERE

22    ARE OTHER PICTURES OF HIM LOOKING ILL IN A BLACK TURTLENECK

23    AND JEANS THAT ARE BEFORE AND AFTER WHEN THIS WAS TAKEN.  THEY

24    DO NOT IDENTIFY ANYTHING ABOUT IT THAT THEY WANT TO TELL THE

25    WORLD ABOUT THAT IS RELEVANT TO ANY CLAIM IN THIS CASE.
```

34

```
1        USUALLY IN THESE ACCESS APPLICATIONS, AT LEAST WHEN I'VE
2   OFTEN MADE THEM, I HAVE AT LEAST SAID, HERE IS PARAGRAPH
3   BLANK.  THIS PARTICULAR TESTIMONY IS RELEVANT TO BLANK.
4   IT'S -- I HAVE NOT COME IN AND SAID, IT'S INTERESTING, WE
5   LIKED IT WHEN -- WHEN IT WAS REPORTED ON LAST WEEK, WE REALLY
6   WOULD LIKE TO GET IT TO BROADCAST IT AGAIN JUST AS THE JURY
7   SAW IT.
8        I UNDERSTAND WHAT MR. BURKE HAS TO DO, BUT THOSE ARE --
9   THOSE ARE CONSIDERATIONS, YOUR HONOR.  PRIVACY CONSIDERATIONS,
10  PRUDENTIAL CONSIDERATIONS, IT SEEMS TO ME OVERCOME THE
11  PRESUMPTION THAT IT IS A JUDICIAL RECORD CONCEDING FOR
12  PURPOSES OF ARGUMENT AND ONLY ARGUMENT, THAT IT IS ONE, AND
13  THAT IS WITHOUT THE EFFECT THAT THIS RULING WILL HAVE, MUST
14  HAVE IF THAT'S THE ANALYSIS YOU END UP -- THE APPROACH YOU END
15  UP TAKING ON THE TIM COOKS OF THE WORLD, THE SERGEY BRINS OF
16  THE WORLD, THE JONATHAN SHERMANS OF THE WORLD WHO GET SUED FOR
17  MALPRACTICE.
18       YOU KNOW, ANYBODY WHO FINDS HIMSELF OUTSIDE THE SCOPE OF
19  THE SUBPOENA -- TRIAL SUBPOENA POWER OF THIS COURT WILL BE
20  FACED WITH A QUESTION EVERY LAWYER, MY COLLEAGUE,
21  MR. ISAACSON, WHO YOU HAVE GOTTEN TO KNOW WILL HAVE TO TELL
22  EVERY WITNESS, AS HE GETS READY FOR A TRIAL, AS WILL I FOR MY
23  CLIENTS, I MUST TELL YOU THIS TESTIMONY, BECAUSE THEY HAVE A
24  RIGHT TO VIDEOTAPE IT, THIS TESTIMONY COULD BE IN THE HANDS OF
25  THE MEDIA IN FOUR YEARS.  IT COULD HAPPEN.
```

1      OR IF THEY -- OR AS IT HAPPENS OFTEN WITH MY CLIENTS, IF

2   IT'S A PERSON OF SOME NOTORIETY, I HAVE TO SAY TO THAT PERSON,

3   WOULD YOU LIKE TO COME IN AND HELP?  WOULD YOU LIKE TO AS A

4   THIRD-PARTY WITNESS, ASSIST HERE.

5      YOU SAID IT YOURSELF IN TALKING ABOUT THE USE OF VIDEO

6   DEPOSITIONS, EVERYBODY WANTS TO USE THEM, AND THERE IS A

7   SERIOUS QUESTION POSED THAT THERE IS NO EVIDENCE ON, THERE'S

8   NO ATTEMPT OTHER THAN THE ASSERTION OF A BLACK TURTLENECK AND

9   JEANS AS TO WHY THIS UNPRECEDENTED RULING SHOULD BE GIVEN.

10      SO, APPLE OBJECTS FOR NUMEROUS REASONS, WHICH I HOPE I

11   HAVE NOW GOTTEN ON THE RECORD.

12          **THE COURT:**  MR. BURKE, LAST COMMENT.  IT'S YOUR

13   MOTION.

14          **MR. BURKE:**  I GUESS WE ARE NOW TALKING ABOUT PRIVACY,

15   BUT THE COURT HASN'T HEARD OR SEEN ANY ARGUMENTS THAT WOULD

16   JUSTIFY A PRIVACY ARGUMENT THAT'S COMING IN AS A FORM OF A

17   HAIL MARY.

18      I GUESS I WOULD WANT TO END TO MAKE SURE THAT THE COURT

19   UNDERSTANDS THAT THIS IS NOT A FRIVOLOUS REQUEST.  PERHAPS

20   COUNSEL JUST OVERLOOKED IT, PAGE 4, LINES 16 THROUGH 18, WE

21   SPECIFICALLY TALK ABOUT WHAT HIS TESTIMONY WAS ABOUT.

22      IF IT WAS IMPORTANT ENOUGH AND SPECIFIC TESTIMONY ABOUT

23   POTENTIAL RETALIATORY MEASURES THAT COULD BE TAKEN BY RECORD

24   COMPANIES IF SONGS PURCHASED IN ITUNES AND DOWNLOADED TO AN

25   IPOD WERE THEN COPIED ONTO SOMEBODY ELSE'S COMPUTER, THAT'S

```
1    INVALUABLE.  THAT'S ONE OF THE REASONS WE OFFERED FOR IT.

2        BY ITS NATURE, THIS IS AN ADMINISTRATIVE MOTION.  WE

3    DIDN'T HAVE A WHOLE LOT OF SPACE, LET ALONE TIME.  I WOULD

4    WELCOME ANY OPPORTUNITY IF THE COURT NEEDS SOME ADDITIONAL

5    BRIEFING WITH RESPECT TO ANY ISSUES, ALTHOUGH I THINK,

6    FRANKLY, WE FIT WITHIN THE DEFINITION OFFERED BY COUNSEL.

7            THE COURT:  WELL, IF YOU WANT TO DO SOME RESEARCH, IF

8    YOU HAVE A CASE THAT SAYS CONTRARY TO THE EIGHTH CIRCUIT THAT

9    THIS IS A JUDICIAL RECORD, I'LL CONSIDER THAT.

10        BUT RIGHT NOW, I HAVE THIS EIGHTH CIRCUIT CASE WHICH SAYS

11   SPECIFICALLY THAT IT'S NOT.  SO, I WILL WAIT TO ISSUE ANY

12   RULING TO SEE IF YOU CAN FIND ANYTHING THAT ADDRESSES THAT

13   ISSUE SPECIFICALLY.

14            MR. BURKE:  ALL RIGHT, YOUR HONOR.

15            THE COURT:  ALL RIGHT.  SO, HOW MUCH TIME DO YOU WANT

16   TO RESEARCH?

17            MR. BURKE:  CAN I HAVE SOMETHING TO YOU BY THE END OF

18   THE WEEK?

19            THE COURT:  SURE.

20            MR. BURKE:  WE WILL HAVE SOMETHING TO YOU BY CLOSE OF

21   BUSINESS ON FRIDAY, IF NOT SOONER.

22            MR. SHERMAN:  YOUR HONOR, CAN WE RESERVE THE RIGHT TO

23   RESPOND WITH MORE THAN TEN HOURS' NOTICE, WHICH IS WHAT WE

24   HAD.  I UNDERSTAND YOU MENTIONED THIS OVER --

25            MR. BURKE:  I WANTED TO GIVE YOU LESS.
```

```
1          MR. SHERMAN:  MIGHT I HAVE SOME REPLY TIME IF HE DOES

2     COME UP WITH CASE LAW?

3          MR. BURKE:  YOUR HONOR, IF WE SUBMIT ANYTHING, WE

4     WILL SUBMIT THE CITATION TO YOU.  I WILL NOT BE GIVING YOU ANY

5     ARGUMENT WITH IT.  I WILL SIMPLY WRITE THE COURT A LETTER IN

6     RESPONSE TO THE COURT'S REQUEST, HERE IS A CITATION OR

7     CITATIONS.

8          THE COURT:  OKAY.

9          MR. SHERMAN:  MAY I HAVE A CHANCE TO RESPOND TO IT

10    WHEN HE CITES IT?

11         THE COURT:  BY MONDAY.

12         MR. SHERMAN:  OKAY.  THANK YOU.

13         THE COURT:  I KNOW IT WAS SHORT NOTICE, BUT I THOUGH

14    IT WAS URGENT --

15         MR. BURKE:  WE APPRECIATE THE TIME.

16         THE COURT:  -- AND THOUGHT IT WAS BEST TO TRY AND GET

17    SOMETHING ON THE CALENDAR SOONER RATHER THAN LATER GIVEN THE

18    INTEREST AND THE TIMELINESS OF IT.

19         MR. SHERMAN:  I DIDN'T MEAN TO SUGGEST THAT THAT WAS

20    A PROBLEM.  I APOLOGIZE.

21         THE COURT:  THAT'S ALL RIGHT.  YOU KNOW, YOU'RE IN

22    CALIFORNIA.  YOU MIGHT AS WELL ENJOY SOME OF OUR GREAT

23    RESTAURANTS.  BUT YOU ALSO MAY WANT TO LEAVE BEFORE THE STORM

24    HITS TOMORROW, WHICH I UNDERSTAND IT'S GOING TO BE FLOOD-LIKE

25    TOMORROW.  SO BEWARE, OR HANG OUT FOR A COUPLE OF DAYS.
```

1          OKAY.  COUNSEL, THANK YOU VERY MUCH.

2               **MR. BURKE:**  THANK YOU.

3               **MR. SHERMAN:**  THANK YOU.

4               **THE COURT:**  WE ARE ADJOURNED.

5

6               (PROCEEDINGS ADJOURNED AT 4:55 P.M.)

7

8

9                    **CERTIFICATE OF REPORTER**

10          I, DIANE E. SKILLMAN, OFFICIAL REPORTER FOR THE

11   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

12   CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

13   RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

14

15          _Diane E. Skillman_

16          DIANE E. SKILLMAN, CSR 4909, RPR, FCRR

17          WEDNESDAY, DECEMBER 10, 2014

18

19

20

21

22

23

24

25